1  LEONARD TACHNER, A PROFESSIONAL LAW CORPORATION
   Leonard Tachner, Esq. (State Bar No. 058436)
2  17961 Sky Park Circle, Suite 38-E
   Irvine, California 92614-6364
3  (949) 752-8525 Telephone
   (949) 955-2415 Telefax
4
   Attorney for Plaintiff
5

6

7          UNITED STATES DISTRICT COURT
           CENTRAL DISTRICT OF CALIFORNIA
8

9                                    )  Case No.    SACV11-01309-DOC(ANx)
10 JAMES R. GLIDEWELL DENTAL          )
   CERAMICS, INC. DBA                 )
11 GLIDEWELL LABORATORIES, a          )  COMPLAINT FOR
   California corporation,            )  (1) INFRINGEMENT OF
12                                    )  FEDERALLY REGISTERED
           Plaintiff                  )  TRADEMARK,
13                                    )  (2) FALSE DESIGNATION OF
       vs.                            )  ORIGIN UNDER LANHAM ACT
14                                    )  SECTION 43(a), AND
   KEATING DENTAL ARTS, INC., a       )  (3) UNFAIR COMPETITION
15 California corporation,            )  UNDER CALIFORNIA BUSINESS
                                      )  AND PROFESSIONS CODE,
16         Defendant.                 )  WITH EXHIBITS A-C
                                      )
17                                    )
                                      )  DEMAND FOR JURY TRIAL
18                                    )

19 _____

20

21

22     For its Complaint, Plaintiff alleges as follows:

23

24                      **PARTIES**

25     1.     Plaintiff James R. Glidewell, Inc. dba Glidewell Laboratories

26 (Plaintiff Glidewell) is a California corporation having its principal place of

27 business at 4141 MacArthur Boulevard, Newport Beach, California 92660.

28 Plaintiff Glidewell provides dental restorative products primarily to dentists.

                              - 1 -

                                          Complaint with Exhibits A-C

Such products include bridges, caps, crowns, inlays, onlays and prostheses. Plaintiff Glidewell has been providing such dental products for about forty (40) years and has become one of the most successful and well-known restorative dental product providers in the United States.  Plaintiff Glidewell is seeking monetary damages and injunctive relief with respect to the claims presented in this Complaint.

2.      Defendant Keating Dental Arts, Inc. (Defendant Keating) is a California corporation having its principal place of business at 16881 Hale Avenue, Irvine, California 92606.  Defendant Keating also provides dental restorative products primarily to dentists and is a direct competitor of Plaintiff Glidewell by offering essentially the same products to essentially the same purchasers in the same market place.  In addition, both Plaintiff Glidewell and Defendant Keating advertise in dental industry publications and present their respective products at dental industry trade shows.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. §1331 and 1338(a) as it arises under Acts of Congress related to trademarks.  Additionally, the Court has subject matter jurisdiction over the federal trademark infringement claim pursuant to 15 U.S.C. §1121.

4.      This Court has personal jurisdiction over Defendant Keating as it is a resident of this judicial district and does business in this district including the acts of trademark infringement alleged herein.

5.      Venue is proper in this District under 28 U.S.C. §1391(b) in that Defendant Keating has its principal offices and has committed acts of infringement in this District.

Complaint with Exhibits A-C

## FACTUAL ALLEGATIONS

6.     Plaintiff Glidewell has been selling dental bridges, dental caps, dental crowns, dental inlays, dental onlays and dental prostheses under the trademark BRUXZIR® in interstate commerce since at least June 2009. Plaintiff Glidewell obtained U.S. Federal Trademark Registration of its mark BRUXZIR® under Registration No. 3,739,663 on the Principal Register on January 19, 2010 based on its application filed on June 12, 2009.  A true and correct copy of its Registration No. 3,739,663 is attached to this Complaint as Exhibit A.

7.     Since June 2009 Plaintiff Glidewell's use of its trademark BRUXZIR® has been continuous and without any periods of non-use. Plaintiff Glidewell has since June, 2009 amassed sales of BRUXZIR® dental restorative products in amounts of tens of millions of dollars throughout the United States and in numerous foreign countries.

8.     In November 2009 Plaintiff Glidewell began selling dental ceramics in block form under the BRUXZIR® trademark.  Such products are sold in pre-sintered condition, that is, they are sufficiently soft to be machinable by the customer and then hardened by final sintering after being milled or otherwise shaped into a dental restoration that is especially adapted to a particular patient's dental requirements.  Since November 2009 Plaintiff Glidewell has been continuously selling such dental ceramics under the BRUXZIR® trademark in addition to the dental restorative products sold under the BRUXZIR® trademark since June 2009.  Additional millions of dollars in sales of dental ceramics have contributed further to the extremely positive reputation of Plaintiff Glidewell's BRUXZIR® products in the dental industry.

9.     Defendant Keating has begun offering for sale dental restorative products under the trademark KDZ BRUXER.  An advertisement that has already been published in ADA News (American Dental Association News) announcing Defendant Keating's introduction of dental prosthetic products under the KDZ BRUXER trademark is attached hereto as Exhibit B.  Upon information and belief, Defendant Keating has made sales of such dental prosthetic products being advertised under their trademark.  The extent of such sales by Defendant Keating is not currently known to Plaintiff Glidewell and will be ascertained during this Action.

10.     Upon information and belief, Defendant Keating has intentionally begun using the trademark "KDZ BRUXER" on virtually the same products being offered and sold to virtually the same market for the express purpose of creating a likelihood of public confusion and/or an initial interest confusion between Plaintiff Glidewell's BRUXZIR® dental products and Defendant Keating's KDZ BRUXER dental products.  Moreover, upon information and belief, Defendant Keating's actions in regard to its trademark KDZ BRUXER are intended to dilute and diminish the value of Plaintiff's Glidewell's successful trademark BRUXZIR®, to the unfair benefit of Defendant Keating's directly competing products.

11.     In May 2011 Plaintiff Glidewell learned that Defendant Keating had filed an "intent-to-use" application with the U.S. Trademark Office to register the trademark KDZ BRUXER and design alleging that it intended to use that trademark on dental prosthetic products.  Responsive thereto, Plaintiff Glidewell had its attorney send a letter dated May 31, 2011 to Defendant Keating's attorney of record.  A copy of that letter is attached to this Complaint as Exhibit C.  The letter expressly warns Defendant Keating through its attorney, that any actual use of that trademark on dental prostheses

would be regarded as creating a likelihood of public confusion for which Plaintiff Glidewell would file this Action.

## FIRST CAUSE OF ACTION – INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK

12.     By this reference, Plaintiff Glidewell repeats and incorporates the allegations set forth in paragraphs 1 through 11 above.

13.     Defendant Keating has used in commerce the term KDZ BRUXER as a trademark in connection with advertising of, sale of, or offer to sell competing dental prostheses.  Such use in relation to Plaintiff Glidewell's use of the BRUXZIR® trademark will likely cause confusion or mistake, or will likely deceive the relative purchasing public as to Defendant Keating's products being associating or identified with or being the same as those of Plaintiff Glidewell.  Defendant Keating's advertising of its KDZ BRUXER trademark is intentionally designed to cause an initial confusion to attract the attention of dentist buyers who are previously aware of Plaintiff Glidewell's well-known trademark.

14.     Plaintiff Glidewell did not consent to or authorize Defendant Keating's adoption or commercial use of the KDZ BRUXER trademark for dental prostheses or any other goods or services.

15.     Defendant Keating therefore infringed Plaintiff Glidewell's BRUXZIR® trademark in violation of Plaintiff Glidewell's federal trademark rights under the Lanham Act, 15 U.S.C. §1051 et seq., particularly 15 U.S.C. §1114(1).

16.     Plaintiff Glidewell's BRUXZIR® trademark is strong in light of its substantial marketing and promotion of that trademark for its dental restorative and prosthetic products, its substantial sales volume of products

sold by Plaintiff Glidewell under that trademark, its acclaim and public recognition.

17.     Upon information and belief, Defendant Keating knew at all times relevant to this Action, of Plaintiff Glidewell's prior adoption and prior widespread commercial use of the BRUXZIR® trademark in connection with Plaintiff Glidewell's dental products including those specified in the federal registration of Plaintiff Glidewell stated above.  Defendant Keating's infringement of the BRUXZIR® trademark is therefore willful, knowing and deliberate.

18.     Plaintiff Glidewell has no control over the composition or quality of the goods sold under the confusingly similar trademark by Defendant Keating.  As a result, to the extent Defendant's products are inferior to Plaintiff Glidewell's products, Plaintiff Glidewell's valuable goodwill, developed at great expense and effort by Plaintiff Glidewell, is being harmed by Defendant Keating's unauthorized use of the confusingly similar trademark, and is at risk of further damage.

19.     The goodwill of Plaintiff Glidewell's dental products business under the BRUXZIR® trademark is of enormous value and Plaintiff Glidewell will suffer irreparable harm, diminution of reputation and pecuniary damages should Defendant Keating's infringement be allowed to continue.

20.     Defendant Keating's infringement will continue unless enjoined.

**SECOND CAUSE OF ACTION - FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT**

21.     Plaintiff Glidewell realleges and incorporates by reference paragraphs 1 through 20, as if set forth fully herein.

Complaint with Exhibits A-C

22.     Defendant Keating has used and is using the infringing trademark KDZ BRUXER in commerce in connection with the advertising, sale, and provision of dental prostheses in such a manner as to create a likelihood of confusion among prospective purchasers and to unfairly compete with Plaintiff Glidewell.  Defendant Keating's use of the infringing trademark induces purchasers and others to believe, contrary to the fact, that the products sold by Defendant Keating are rendered, sponsored or otherwise approved by, or connected with Plaintiff Glidewell.  Defendant Keating's acts have damaged, impaired and diluted that part of Plaintiff Glidewell's goodwill symbolized by its trademark BRUXZIR® to Plaintiff Glidewell's immediate and irreparable damage.

23.     Defendant Keating's unauthorized use of the infringing trademark in connection with the advertising, sale and provision of Defendant Keating's dental products constitutes use of a false designation of origin and a false description within the meaning of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. §1125(a).

24.     Defendant Keating's acts of false designation of origin and false description have caused Plaintiff Glidewell irreparable injury, damage to its reputation and pecuniary damages.  Unless enjoined by this Court, Defendant Keating will continue the acts of false designation of origin and false description complained of herein to Plaintiff Glidewell's immediate and irreparable damage.

**THIRD CAUSE OF ACTION – UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 et seq.**

25.     Plaintiff Glidewell realleges and incorporates by reference paragraphs 1 through 24, as if set forth fully herein.

Complaint with Exhibits A-C

26.     Defendant Keating's activities, as described above, constitute unfair competition in violation of California Business & Professions Code §17200, et seq.  As alleged above, Defendant Keating has infringed and intends to continue infringing Plaintiff Glidewell's trademark.

27.     Defendant Keating's activities are likely to confuse or mislead the public as to the origin of sponsorship of Defendant Keating's goods.

28.     Defendant Keating has attempted and is attempting to trade on the goodwill associated with Plaintiff Glidewell's trademark.

29.     Defendant Keating's wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including loss of profits, confusion of potential customers, damage to Plaintiff Glidewell's goodwill and reputation, and diminution in the value of Plaintiff Glidewell's trademark.

30.     In doing the acts alleged, Defendant Keating acted with a malicious intent, and as such, Plaintiff Glidewell is entitled to exemplary and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Glidewell demands judgment against Defendant Keating as follows:

A.     For an order permanently enjoining Defendant Keating and its owners, officers, directors, agents, servants, attorneys and employees and all other persons acting in concert with them, from:

(1)     committing any further acts of trademark infringement, including using the KDZ BRUXER name in connection with any dental products;

(2)     using any term that is likely to be confused with the BRUXZIR® trademark asserted in this Complaint;

(3)     representing directly or indirectly in any form or manner whatsoever that any product it offers for sale is associated with or approved by Plaintiff Glidewell when, in fact, it is not; and/or

(4)     passing off or inducing or enabling others to sell or pass off any Keating product as a Glidewell product or as a product endorsed or approved by Plaintiff Glidewell.

B.     For an order directing Defendant Keating to file with this Court and to serve on Plaintiff Glidewell within thirty (30) days after service on Defendant Keating of each injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendant Keating has complied with the injunction and order of the Court;

C.     For a judgment that Defendant Keating shall pay to Plaintiff Glidewell damages in an amount equal to all of the profits derived from the infringement of Plaintiff Glidewell's trademark together with an amount that Plaintiff Glidewell has been damaged as a result of such infringement;

D.     For a judgment that Defendant Keating willfully and deliberately infringed Plaintiff Glidewell's rights and that this is an exceptional case entitling Plaintiff Glidewell to enhanced damages under the Trademark Laws of the United States;

E.     For an award of costs, including attorney's fees, incurred in bringing this action;

F.     For a judgment awarding to Plaintiff Glidewell prejudgment and postjudgment interest until the award is fully paid;

G.     For such other and further relief as this Court may deem just and equitable under the circumstances.

1    Dated:  _8/30/11_               Respectfully submitted,

2

3                          By:   _____

4                                Leonard Tachner

5                                Attorney for Plaintiff
                                 James R. Glidewell Dental Ceramics, Inc.
6                                Dba Glidewell Laboratories

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                 - 10 -

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues raised by the Complaint that are triable by jury.

Dated: _8/30/11_

Respectfully submitted:

By: _Leonard Tachner_

Leonard Tachner
Attorney for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
Dba Glidewell Laboratories

- 11 -

Complaint with Exhibits A-C

# United States of America

## United States Patent and Trademark Office

# BRUXZIR

**Reg. No. 3,739,663**
Registered Jan. 19, 2010

**Int. Cl.: 10**

**TRADEMARK**
**PRINCIPAL REGISTER**

JAMES R. GLIDEWELL, DENTAL CERAMIC, INC. (CALIFORNIA CORPORATION), DBA
GLIDEWELL LABORATORIES
PROFESSIONAL SERVICES
4141 MACARTHUR BLVD.
NEWPORT BEACH, CA 92660

FOR: DENTAL BRIDGES; DENTAL CAPS; DENTAL CROWNS; DENTAL INLAYS; DENTAL
ONLAYS; DENTAL PROSTHESES , IN CLASS 10 (U.S. CLS. 26, 39 AND 44).

FIRST USE 6-6-2009, IN COMMERCE 6-6-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-761,757, FILED 6-17-2009.

KEVIN CORWIN, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office





# Zirconia evolved.

## UNCOMPROMISING ESTHETICS. OUTSTANDING STRENGTH. FLAWLESS FIT.

### INTRODUCING THE ALL-NEW KDZ BRUXER.
### THE BEST FULL-CONTOUR ZIRCONIA SOLUTION AVAILABLE.
### EXCLUSIVELY FROM KEATING DENTAL ARTS.

The all-new KDZ Bruxer is so precise and predictable you can prep and rest assured that the job is done the first time, every time. Precision-milled and finished by hand, it fits and functions flawlessly.

"BEST LOOKING solid zirconia crown out there. The KDZ Bruxer is not just better than gold, these are better looking than some crowns I've received from other labs."

Dr. Roy Davis, Nantucket, MA

THE KDZ BRUXER:
• Replaces full-cast gold
• Is perfect for posterior bridges
• Is the esthetic choice



FREE ADJUSTMENT & POLISHING KIT
A $60 value with your first KDZ Bruxer case

CALL OR CLICK TODAY
855-532-9015
keatingdentalarts.com





Come See Us At ADA Las Vegas!  •  October 10-12, 2011  •  Booth #1929

**LEONARD TACHNER**
**A PROFESSIONAL LAW CORPORATION**
**REGISTERED PATENT ATTORNEY**
**17961 SKY PARK CIRCLE**
**SUITE 38-E**
**IRVINE, CALIFORNIA 92614-6364**

**May 31, 2011**

PATENTS
TRADEMARKS
COPYRIGHTS

TEL: (949) 752-8525
FAX: (949) 955-2415

Thomas L. Gourde, Esq.
Ray & Gourde, LLP
111 Pacifica
Suite 120
Irvine, CA  92618

Re:   Keating Dental Arts, Inc.
      Our Docket No. **GLIDEWELL-190**.

Dear Mr. Gourde:

    I represent James R. Glidewell Dental Ceramic, Inc. dba Glidewell Laboratories of
Newport Beach, California in regard to trademark matters.  My client owns Federal Registration
No. 3,739,663 for the mark BRUXZIR® (see enclosed) for dental bridges, dental caps, dental
crowns, dental inlays, dental onlays and dental prostheses.  My client has learned that Keating
Dental Arts has filed an intent to use application for the mark KDZ BRUXER and design for use
on dental prostheses and that you are the attorney of record in that application (see enclosed).

    Glidewell management believes that KDZ BRUXER, when used in conjunction with
dental prostheses or any type of dental restoration product, is likely to cause public confusion
with Glidewell's registered mark.  They have therefore authorized me to inform you of their
intention to oppose the registration of the Keating mark if and when it is published and to assert
their rights in the federal district court in the event that Keating is found to have actually used
the KDZ BRUXER mark on dental prostheses.

                              Very truly yours,

                              Leonard Tachner
                              Attorney at Law

LT/jf
Encl:
cc:   Glidewell Laboratories

EXHIBIT C   (page 1 of 1)
-14-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV11-1309 DOC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

Name & Address:
LEONARD TACHNER
LEONARD TACHNER, a professional law corp.
17961 Sky Park Circle, Suite 38-E
Irvine, CA 92614-6364
(949) 752-8525

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. DBA GLIDEWELL LABORATORIES, a California corporation<br><br>PLAINTIFF(S)<br>v.<br>KEATING DENTAL ARTS, INC., a California corporation<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV11-01309-DOC(ANx)**<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):  KEATING DENTAL ARTS, INC.

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Leonard Tachner_____, whose address is _17961 Sky Park Circle, Suite 38-E, Irvine, CA 92614-6364_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: _August 30, 2011_

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

1144

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. DBA GLIDEWELL LABORATORIES, a California corporation | KEATING DENTAL ARTS, INC., a California corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Leonard Tachner, a professional law corp. 17961 Sky Park Circle, Suite 38-E Irvine, CA 92614  (949) 752-8525 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C.Section 1121 Infringement of a federally registered trademark

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**SACV11-01309-DOC(ANx)**

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                           CIVIL COVER SHEET                           Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
         ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
         ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
         ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _Leonard Jochner_  Date _8/30/11_

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |