J. MARK HOLLAND (140453)
**J. MARK HOLLAND & ASSOCIATES**
 a Professional Law Corporation
3 San Joaquin Plaza, Suite 210
Newport Beach, CA  92660
Telephone:  (949) 718-6750
Facsimile:  (949) 718-6756
Email: office@jmhlaw.com

Attorneys for Defendant and Counterclaim Plaintiff
KEATING  DENTAL ARTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>KEATING  DENTAL ARTS, INC., a California corporation,<br><br>                    Defendants.<br><br>───────────────────────<br>KEATING  DENTAL ARTS, INC. a California corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, and DOES 1 THROUGH 5, inclusive,<br><br>                    Defendants. | Civil Action No. SA-CV-ll-01309-DOC(ANx)<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS FOR (1) FEDERAL UNFAIR COMPETITION; AND (2) CALIFORNIA UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

     Defendant Keating Dental Arts, Inc. ("Keating") hereby responds to the

Complaint in the above-identified matter, in paragraphs numbered to correspond

to those of the Complaint:

1. Defendant admits that Plaintiff is seeking monetary damages and injunctive relief with respect to the claims presented in this Complaint, but denies that Plaintiff is entitled to any such relief. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

2. Defendant admits the allegations of paragraph 2, except as to Plaintiff's allegation that the parties offer "essentially the same products to essentially the same purchasers in the same market place," an allegation that Defendant denies. Among other things, Defendant believes that Defendant's products are superior to those of Plaintiff.

**JURISDICTION AND VENUE**

3. Without admitting the substantive truth of Plaintiff's pleadings, Defendant admits the allegations of paragraph 3.

4. Defendant admits the allegations of paragraph 4.

5. Defendant denies that it has committed any acts of infringement, in this District or elsewhere. Otherwise, and without admitting the substantive truth of Plaintiff's pleadings, Defendant admits the allegations of paragraph 5.

**FACTUAL ALLEGATIONS**

6. Defendant admits that the publicly available record regarding U.S. Trademark Reg. No. 3,739,663, including the information reflected on that registration, is as stated. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8, except that Defendant denies that the reputation of Plaintiff's relevant products is extremely positive.

9. Defendant admits the allegations of paragraph 9, except as to the last

sentence, as to which Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

10. Defendant denies the allegations of paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of an allegation admits the allegations of paragraph 11, except as to the fact and substance of the letter from Plaintiff's attorney. Defendant denies that any of the substance of that letter is true.

**FIRST CAUSE OF ACTION – INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK**

12. Defendant repeats and incorporates by reference the allegations set forth in paragraphs 1 through 11 above, as if set forth fully herein.

13. Defendant admits that it has used in commerce the term KDZ BRUXER as a trademark in connection with advertising of, sale of, or offer to sell dental prostheses. Otherwise, Defendant denies the allegations of paragraph 13.

14. Defendant admits the allegations of paragraph 14, and Defendant further alleges that Plaintiff's consent or authorization was not required or needed for Defendant's actions.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies that Plaintiff's alleged trademark is or has been infringed by any activity of Defendant; otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16.

17. Defendant admits learning at some time of Plaintiff's adoption and use of Plaintiff's alleged trademark, subsequent to Plaintiff's adoption and use of that alleged trademark. Otherwise, Defendant denies the allegations of paragraph 17.

18. Defendant denies that Defendant uses any trademark that is confusingly similar to any valid trademark rights that Plaintiff may have. Defendant admits that Plaintiff has no control over the composition or quality of Defendant's

products. Defendant denies that Defendant's products are inferior to those of Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the alleged valuable goodwill and related expense and effort alleged by Plaintiff. Otherwise, Defendant denies the allegations of paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief about the value of any alleged goodwill of Plaintiff's business under Plaintiff's alleged trademark; otherwise, Defendant denies the allegations of paragraph 19.

20. Defendant denies that it has committed any infringement, and otherwise denies the allegations of paragraph 20.

**SECOND CAUSE OF ACTION - FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT**

21. Defendant repeats and incorporates by reference the allegations set forth in paragraphs 1 through 20 above, as if set forth fully herein.

22. Defendant admits that Defendant has used and is using Defendant's trademark KDZ BRUXER in commerce in connection with the advertising, sale, and provision of dental prostheses. Defendant denies that its trademark KDZ BRUXER infringes any valid rights of Plaintiff. Otherwise, Defendant denies the allegations of paragraph 22.

23. Defendant denies that it needed authorization to use Defendant's trademark, denies that Defendant's trademark infringes any valid rights of Plaintiff, and otherwise denies the allegations of paragraph 23.

24. Defendant denies that it has committed any acts of false designation of origin and false description, and otherwise denies the allegations of paragraph 24.

**THIRD CAUSE OF ACTION – UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE '17200 et seq.**

25. Defendant repeats and incorporates by reference the allegations set forth in paragraphs 1 through 24 above, as if set forth fully herein.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies that Defendant has committed any wrongful acts, and denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

## First Affirmative Defense

31. The word BRUXER within Defendant's trademark KDZ BRUXER (AND DESIGN) (Defendant's Trademark) is a generic term, used and recognized by dental professionals (and at least some of their patients who are affected with the condition) to refer to persons suffering from, and/or treatments for, the condition of bruxism.  Bruxism is variously defined as "the involuntary or habitual grinding of the teeth, typically during sleep," "gnashing of teeth," "involuntary clenching of the teeth," and "a condition in which you grind, gnash or clench your teeth."  Because BRUXER is "generic" within the dental industry, no party (including Plaintiff and Defendant) can claim exclusive rights to use that word for products or services related to the condition or treatment of bruxism.  Thus, Plaintiff has no basis in law or fact upon which to assert any exclusive rights in the word BRUXER, or to bring its Complaint against Defendant.

## Second Affirmative Defense

32. Defendant's trademark is not confusingly similar to Plaintiff's alleged BRUXZIR trademark.  Defendant's trademark is NOT the word "BRUXER" alone, but instead is Defendant's "main" trademark ( [KDZ logo] , as further discussed below) to which Defendant has added in smaller letters the generic word BRUXER.  Accordingly, there is no likelihood of confusion between the parties' respective products.

33. In that regard, Defendant recently filed three applications in the U.S. Patent and Trademark Office, to register its related product line trademarks, as

shown in the table below:

| *Keating Product Line* | *Serial No.* | *Trademark* |
|---|---|---|
| Bruxer | 85287029 | KDZ BRUXER |
| Max | 85287084 | KDZ MAX |
| Ultra | 85287720 | KDZ ULTRA |

34. As shown in that table, all three of Defendant's applications include the same "main" part of the mark: "KDZ (plus design)." KDZ To distinguish between "grades" of those KDZ products, Defendant uses the appended word Bruxer, Max, or Ultra.

35. As Defendant uses those appended words (one of which is the generic BRUXER term about which Plaintiff is complaining), they are NOT the "dominant" part of Defendant's trademarks. Instead, the large KDZ letters and the ovals surrounding those letters are much more dominant.

36. In each of those trademark application, Defendant has disclaimed the relevant appended word (thus, in Defendant's first-listed application in the table above, Defendant included the following disclaimer language: "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BRUXER" APART FROM THE MARK AS SHOWN." Among other things, by including that disclaimer, Defendant acknowledges that those appended words are "generic" and that no party (including Plaintiff and Defendant) can claim exclusive rights to those

words.

### Third Affirmative Defense

37. To be valid, Plaintiff's alleged trademark rights must be directed to something OTHER than the generic term BRUXER. On information and belief, Defendant coined its BRUXZIR mark as a corruption of the generic term BRUXER and the material that is now commonly used to fabricate such bruxer devices, zirconia. Because of the phonetic similarity of the last syllable of BRUXER and the first syllable of ZIRCONIA, Plaintiff collapsed the two (by replacing BRUXER's second syllable with ZIRCONIA's first syllable) to form a single word BRUXZIR. By so doing, Plaintiff cannot NOW claim that its corrupted spelling is infringed by persons (like Defendant) who continue to use the generic term BRUXER. In other words, Plaintiff cannot remove BRUXER from its general use within the industry, especially by filing a corrupted spelling of that word. Plaintiff knew it could not obtain exclusive rights to the generic word BRUXER, so it did not bother to apply to register same.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

Respectfully submitted,

Dated: 2011-10-14  /J. Mark Holland/
J. Mark Holland
**J. MARK HOLLAND & ASSOCIATES**
Attorney for Defendant and Counterclaim
KEATING DENTAL ARTS, INC., a
California corporation

Z:\Winword\KEATI\L3844\Answer\Answer_Counterclaims_Glidewell_v_Keating_Dental.doc