UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - ORDER

Case No.:     SACV 11-01309 DOC (ANx)                              Dated: January 13, 2012

Title:        James R. Glidewell Dental Ceramics, Inc. v. Keating Dental Arts, Inc.
================================================================
              Present: **Hon. Arthur Nakazato,  United States Magistrate Judge**
              (In Chambers - No Appearances)

  Stephen Ybarra                                                  None
  Deputy Clerk                                                    Court Smart Ref. No.


**Proceedings:**   Joint Stipulation for Protective Order ("Stipulation") and Proposed Order (dkt. 16)

**Rulings:**       For the reasons discussed below, the Court declines to issue the Proposed Order as drafted.

**Discussion:**

Having read and considered the parties' Stipulation and Proposed Order, the Court declines to issue the Proposed Order as drafted for the following reasons:

1.  The Stipulation and Proposed Order do not set forth good cause for issuing a protective order pursuant to Rule 26(c) because neither the Stipulation nor Proposed Order identify specific relevant information that has actually been requested for production and shown to qualify for protection. Applicants for protective orders have the burden of making a clear showing of a particular and specific need to protect certain requested information from public disclosure. *See San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir. 1999); *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Good cause must be shown even if the applicants stipulate to the issuance of the protective order. *Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir. 1994). The Stipulation and Proposed Order disclose what the parties really seek is an order governing the designation and handling of broad categories of confidential materials that have not yet been actually requested or produced and found by the Court to be subject to protection. However, in order to distinguish the Proposed Order from a true protective order, the Court is willing to grant the parties leave to submit a revised stipulation and proposed order that is entitled "Order Governing the Designation and Handling of Confidential Materials" or simply "Confidentiality Order" that removes any references to the Proposed Order as a "protective order" in the body of the Stipulation and Proposed Order.

2. Paragraph 4: The last disjunctive part of this provision ("... or by written stipulation of the parties filed with the Court.") tends to suggest the Order may be modified by written stipulation of the parties without the Court's approval so long as it is filed. Only the Court can modify its orders. Accordingly, this part must be stricken or modified to reflect a modification of the Order can be made by written stipulation that is subject to the Court's approval.

3. Paragraph 16: This paragraph is unacceptable to the extent it suggests or implies a party may seek injunctive relief from the magistrate judge for violating or threatening to violate the confidentiality order. A violation of the terms of a confidentiality order would constitute a discovery matter referred to the magistrate judge. However, magistrate judges are not empowered to issue injunctive relief. To the extent a party feels compelled to seek injunctive relief for an actual or threatened violation of the terms of any confidentiality order, the Proposed Order must make it clear the aggrieved party must seek such relief from the District Judge.

cc: JUDGE CARTER
All Parties                                              Initials of Deputy Clerk shy