LEONARD TACHNER, A PROFESSIONAL LAW CORPORATION
Leonard Tachner, Esq. (State Bar No. 058436)
17961 Sky Park Circle, Suite 38-E
Irvine, California 92614-6364
(949) 752-8525 Telephone
(949) 955-2415 Telefax

Attorney for Plaintiff

J. Mark Holland & Associates
J. Mark Holland (State Bar No. 140453)
3 San Joaquin Plaza, Suite 210
Newport Beach, CA 92660
949-825-6520 Telephone
949-825-6544

Attorney for Defendant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. DBA GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>Defendant. | Case No. SACV11-01309-DOC(ANx)<br><br>**JOINT STIPULATION FOR CONFIDENTIALITY ORDER AND [PROPOSED] ORDER** |

IT IS HEREBY ORDERED that the terms and conditions of this Confidentiality Order shall govern the handling of all documents and information exchanged by the parties in this action.

**1. PURPOSE AND LIMITATIONS.** The parties acknowledge that each possesses, controls, or has in its custody certain non-public

information that constitutes confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation is warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection this Order affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Order creates no entitlement to file confidential information under seal and that Local Civil Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. The parties agree to cooperate for the purpose of limiting – to the extent possible – the need to file materials under seal.

**2. DEFINITIONS.**

**2.1.** The term "Action" means this case no. SACV11-01309-DOC(ANx) and any subsequent adjudication of the claims asserted herein by and among any of the parties to this case, including but not limited to requests to enforce or challenge any award entered or any appeals or retrials.

**2.2.** The term "Designating Party" means a party or non-party that designates any Disclosure in this Action as "Confidential" or "Attorneys' Eyes Only."

**2.3.** The term "Disclosure" means any item, document, or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that is produced, made available for inspection, or generated in response to discovery or through any other means of disclosure in this Action other than at court proceedings.

**2.4.** The term "In-House Counsel" means any attorney who is an employee of a party, or of an entity under common control of a party, who is responsible for managing litigation for that party.

**2.5.** The term "Outside Counsel" means any attorney who is not an employee of a party, or of an entity under common control of a party, but who is retained to represent or advise a party in this Action.

**2.6.** The term "Producing Party" means a party or non-party that produces a Disclosure in this Action.

**2.7.** The term "Professional Vendor" means a person or entity that provides litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form; trial or jury consulting; etc.) and employees and subcontractors thereof.

**2.8.** The term "Protected Information" means any Disclosure that is designated as "Confidential" or "Attorneys' Eyes Only."

**2.9.** The term "Receiving Party" means a party that receives Disclosure from a Producing Party.

**3.     SCOPE.** The protections conferred by this Order cover all Protected Information; any information copied or extracted therefrom; all copies, excerpts, summaries, and compilations thereof; and all testimony, conversations, and presentations by the parties or their counsel that might reveal Protected Information other than at court proceedings.

**4.     DURATION.** This Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or other court of competent jurisdiction or by the written stipulation of the parties filed with this Court subject to the Court's approval.

## 5. DESIGNATING PROTECTED INFORMATION.

**5.1. "Confidential" Designation.** Any party (including any third party who is producing documents or information in the Action) may designate as "Confidential" and subject to this Confidentiality Order any Disclosure or portion thereof that the party believes in good faith to contain trade secrets; competitively sensitive technical, marketing, financial, sales, or other proprietary or confidential business information; private or confidential personal information; or information received in confidence from a third party.

**5.2. "Attorneys' Eyes Only" Designation.** A party (including any third party who is producing documents or information in the Action) may designate as "Attorneys' Eyes Only" and subject to this Confidentiality Order any Disclosure or portion thereof that the party believes in good faith to contain highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the party.

**5.3. Exercise of Restraint and Care in Designating Protected Information.** A Designating Party must take care to designate as Protected Information only those parts of Disclosures that qualify so that other portions of the Disclosures for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions if such improper designations are not reasonably withdrawn or corrected upon request by the Receiving Party. If after designating a Disclosure as Protected Information the Designating Party believes that such Disclosure does not qualify for the level of protection

asserted, the Designating Party shall promptly notify all other parties and correct the mistaken designation.

**5.4. Timing of Designations.** Except as otherwise provided in this paragraph, a Producing Party shall designate any Disclosure that qualifies for protection under this Order at or before such time that the Disclosure is produced or disclosed to a Receiving Party. A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated as having "Attorneys' Eyes Only" designation. After the Receiving Party has identified the Disclosure it wants copied and produced, the Producing Party must determine which Disclosure or portions thereof qualify for protection under this Order, and, before producing the specified Disclosure, the Producing Party shall affix the appropriate legend of "Confidential" or "Attorneys' Eyes Only" in the manner provided in this section.

**5.5. Manner of Designations.** Disclosing Parties shall designate Protected Information as "Confidential" or "Attorneys' Eyes Only" as follows:

**5.5.1. Documents.** In the case of documents produced in response to requests for production, interrogatories, requests for admission, or otherwise disclosed during discovery or the course of this Action, designation shall be made by placing on every page containing Protected Information the legend "Confidential" or "Attorneys' Eyes Only" as applicable. The foregoing shall not preclude the inclusion of additional text in the legend, such as "Subject to Confidentiality Order" or other similar designation. The "Confidential" and "Attorneys' Eyes Only" designations shall be deemed to

apply to the documents themselves and to information contained therein. If only a portion of the material on a page qualifies for protection, the Designating Party shall clearly identify the protected portion (e.g., by making appropriate markings in the margins) and shall specify, for each such portion, the level of protection being asserted (i.e., "Confidential" or "Attorneys' Eyes Only").

    **5.5.2. Depositions.** Testimony taken at a deposition, may be designated as "Confidential" or "Attorneys' Eyes Only" by the Designating Party identifying on the record, before the close of the deposition, all protected Disclosure and further specifying any portions of the testimony that qualify as "Confidential" or "Attorneys' Eyes Only." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record, before the conclusion of the deposition, a right to have up to fourteen days to review the transcript and identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted (i.e., "Confidential" or "Attorneys' Eyes Only"). Arrangements shall be made with the court reporter taking and transcribing such deposition, to separately bind such portions of the transcript containing Protected Information and to label such portions with the appropriate legend of "Confidential" or "Attorneys' Eyes Only" as instructed by the Designating Party.

    **5.5.3. Non-Paper Media.** For Disclosure produced in some form other than documentary, and for any other tangible items, the Designating Party shall affix in a prominent place on the exterior of such non-paper media the legend "Confidential" or "Attorneys' Eyes Only" as applicable. If only portions of such non-paper Disclosure warrant protection, the Designating Party shall, to the extent practicable, identify the protected

portions, specifying whether they qualify as "Confidential" or "Attorneys' Eyes Only." In the event a Receiving Party generates any hard copy reproduction of such non-paper media Disclosure, such Receiving Party shall mark and treat such hard copy with the appropriate legend(s) as set forth for documents in section 5.5.1 above.

**5.6. Failures to Designate; No Waiver.** The parties shall take reasonable precautions and use best efforts to protect against the improper or unauthorized disclosure of Protected Information. Disclosure of Protected Information that should have been designated as such (or designated at a higher level of protection) shall not be deemed a waiver of a party's claim of confidentiality, either as to the specific Disclosure or as to any other information concerning the same or related subject matter. Such disclosure may be rectified by written notice to all Receiving Parties promptly after the disclosing party learns of such disclosure of Protected Information. Such written notice shall constitute a designation of the Disclosure as "Confidential" or "Attorneys' Eyes Only" Protected Information as the case may be, and the Receiving Party shall make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

**6. ACCESS TO PROTECTED INFORMATION.**

**6.1. Access to "Attorneys' Eyes Only" Information.** Absent written permission from the Designating Party or an Order from this Court and unless otherwise provided in this Order, Disclosure designated "Attorneys' Eyes Only" shall be used solely for the purpose of this Action and may be disclosed only to the following persons:

**6.1.1.** Outside Counsel in this Action and all attorneys, paralegals, and administrative and clerical employees of the law firm of such Outside Counsel;

**6.1.2.** experts and consultants who are assisting Outside Counsel in the preparation for any deposition, hearing, trial, or other proceeding in this Action and who agree to be bound by the terms of this Order by executing the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

**6.1.3.** the Court and its personnel;

**6.1.4.** any court reporter, videographer, or interpreter transcribing, recording, or interpreting testimony that includes Protected Information;

**6.1.5.** any person identified by the Designating Party or on the face of a protected Disclosure as an author, recipient, or authorized custodian of the Disclosure or the Protected Information contained therein;

**6.1.6.** Professional Vendors hired by and under the control and supervision of Outside Counsel and necessary to assist Outside Counsel in preparation for trial or in fulfilling a party's discovery obligations, provided that each such service contractor agrees to be bound by the terms of this Order by executing the "Agreement to Be Bound by Confidentiality Order" (Exhibit A); and

**6.1.7.** any other person agreed upon by the parties in writing or as Ordered by the Court, provided that each such person agrees to be bound by the terms of this Order by executing the "Agreement to Be Bound by Confidentiality Order" (Exhibit A).

**6.2. Access to "Confidential" Information.** Absent written permission from the Designating Party or an Order from this Court and unless otherwise provided in this Order, Disclosure designated "Confidential" shall be used solely for the purpose of this Action and may be disclosed only to the following persons:

      **6.2.1.** any person having access to "Attorneys' Eyes Only" information as provided in section 6.1 above;

      **6.2.2.** current employees (including independent contractors whose primary job is to work at the Receiving Party's office or facility), In-House Counsel, officers, and directors of a party to this Action to whom Outside Counsel believes disclosure to be reasonably necessary for this Action and who agree to be bound by the terms of this Order by executing the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

      **6.2.3.** former employees (including independent contractors whose primary job is to work at the Receiving Party's office or facility), In-House Counsel, officers, and directors of a party to this Action to whom Outside Counsel believes disclosure to be reasonably necessary for this Action and who agree to be bound by the terms of this Order by executing the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

      **6.2.4.** during their depositions, witnesses in the Action to whom Outside Counsel believes disclosure to be reasonably necessary and who agree to be bound by the terms of this Order by executing the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

      **6.2.5.** any person who is a superior to any person identified by the Designating Party or on the face of a protected Disclosure as an author, recipient, or authorized custodian of the Disclosure or the Protected Information contained therein and who agree to be bound by the terms of this Order by executing the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

      **6.2.6.** representatives of any insurer that may provide coverage to any party for any of the claims asserted in this Action and who agree to be bound by the terms of this Order by executing the "Agreement to Be Bound by Confidentiality Order" (Exhibit A); and

**6.2.7.** any other person agreed upon by the parties in writing or as Ordered by the Court, provided that each such person agrees to be bound by the terms of this Order by executing the "Agreement to Be Bound by Confidentiality Order" (Exhibit A).

**6.3. Storage and Copies of Protected Information.** The recipient of any Protected Information shall maintain such Protected Information in a secure and safe area and shall exercise the same standard of due care with respect to the storage, custody, use, or dissemination of such Protected Information as is exercised by the recipient with respect to its own proprietary information. Protected Information shall not be copied, reproduced, summarized, or abstracted except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for the conduct of this Action. Any such copies, reproductions, summaries, and abstracts shall be subject to the terms of this Order and labeled in the same manner as the Protected Information upon which they are based. This provision shall not apply to the Court or court personnel.

**7.  CHALLENGING CONFIDENTIALITY DESIGNATIONS.** A party shall not be obligated to challenge the propriety of a "Confidential" or "Attorneys' Eyes Only" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this Action. In the event that any party to this Action disagrees with such designation, such party may provide to the Designating Party written notice of its disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court in accordance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement). The Designating Party carries the burden of proving that it properly designated the subject Disclosure as "Confidential" or

"Attorneys' Eyes Only." Any challenged designation remains in force until the propriety of such designation has been determined, either by agreement of the parties or by Order of the Court, as provided herein.

**8. FILING UNDER SEAL.** In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) and if appropriate, the application itself under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

**9. NO APPLICATION TO PUBLIC OR OTHERWISE AVAILABLE INFORMATION.** Notwithstanding the designation of any Disclosure as "Confidential" or "Attorneys' Eyes Only," the same shall not be deemed Protected Information and shall not be subject to this Order if the substance thereof:

    **9.1.** is, at the time of disclosure by the Disclosing Party, public knowledge by publication or otherwise;

    **9.2.** becomes, at any time and through no act or failure to act on the part of the Receiving Party and without breach of any obligation of confidence, public knowledge;

    **9.3.** has previously been disclosed in public by the Disclosing Party to the Receiving Party or any third party without any obligation of confidence to the Disclosing Party;

    **9.4.** has been made available to the Receiving Party by a third person who obtained it by legal means and without any obligation of confidence to the Disclosing Party;

**9.5.** was previously known to the Receiving Party and can be demonstrated by written documents to have been in the Receiving Party's possession prior to the disclosure by the Producing Party; or

**9.6.** is independently developed or discoverable by employees or consultants of the Receiving Party who did not have access to such Protected Information.

**10. USE OF PROTECTED INFORMATION LIMITED TO THIS ACTION.** The Receiving Party may use Protected Information only for the purpose of conducting this Action and not for any business or other purpose whatsoever, unless agreed to in writing by the Producing Party. No Protected Information or the contents thereof may be disclosed to or used with any representatives, agent, attorney, or employee of the Receiving Party, except as provided herein. Nothing contained in this Order shall preclude a Disclosing Party from using or disseminating its own Protected Information.

**11. THIRD PARTY PROTECTED INFORMATION.** Any party disclosing documents or information in this litigation within thirty (30) days after receipt of a Disclosure from any third party in this Action, any party to this Action may designate any portion of such Disclosure as "Confidential" or "Attorneys' Eyes Only" under this Order if such Disclosure has not otherwise been so designated by the third party.

**12. INADVERTENT DISCLOSURE.** If a Receiving Party discloses Protected Information through inadvertence or otherwise to any person or party not authorized under this Confidentiality Order, the Receiving Party shall immediately notify the Disclosing Party of the disclosure, and the Receiving Party shall use its best efforts to promptly retrieve all copies of any Disclosure containing such Protected Information and to bind such person to the terms of this Confidentiality Order, including cooperating in obtaining an order of the Court to remedy the inadvertent disclosure, if necessary. The

Receiving Party also shall: (a) promptly inform such unauthorized person of all the provisions of this Confidentiality Order, including providing such person with a copy of this Order; (b) identify such person immediately to the Disclosing Party and inform the Disclosing Party of all pertinent facts relating to the inadvertent disclosure; and (c) request that such unauthorized person sign the "Agreement to Be Bound by Confidentiality Order" (Exhibit A).

13. **USE OF OWN INFORMATION ALLOWED.** Nothing in this Order shall prevent any Designating Party to the Action from disclosing or using, in any manner or for any purpose, information or documents from that Designating Party's own files that the party itself has designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

14. **EXCLUSION OF INDIVIDUALS FROM DEPOSITIONS.** Counsel for a Designating Party shall have the right to exclude from oral depositions any person not authorized to access Protected Information as set forth in section 6 above. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising Protected Information of the Designating Party.

15. **CONCLUSION OF LITIGATION.** Within sixty (60) days of the termination of all of this Action, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party shall, at the option of the Disclosing Party, either return to the Designating Party or destroy all Protected Information produced by the Designating Party. The parties shall be permitted to retain copies of work product that incorporates, describes, or refers to Protected Information subject to the terms and conditions of this Order. Outside Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, work product, trial transcripts, and trial exhibits. This provision shall not apply to the Court or court personnel.

**16. VIOLATIONS OF CONFIDENTIALITY ORDER.** In the event that any person or party violates or threatens to violate the terms of this Order, the aggrieved Disclosing Party may immediately apply to obtain injunctive relief from the District Judge against such person or party violating or threatening to violate this Order. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

**17. REQUIRED DISCLOSURES.** If Protected Information is requested from any Receiving Party by a court, government entity, or third party pursuant to a valid subpoena or other court order, the party receiving such request shall immediately notify the other parties to this Action in writing and provide them a reasonable time in which to object or take steps to protect their interests before any Protected Information is produced. Nothing contained in this Confidentiality Order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**18. ALL RIGHTS RESERVED.** Any party to this Action may apply to the Court at any time for a modification of or an exception to this Order. Such application may be made only after reasonable attempts have been made to meet and confer with counsel for all other parties to this Action, and all parties shall have a full and fair opportunity to be heard by the Court before modification of or exception to this Order.

**19. NO WAIVER OF ATTORNEY-CLIENT PRIVILEGE OR WORK-PRODUCT PROTECTION.** If information is produced in discovery that is subject to a claim of privilege or protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim

is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.  Any disclosure or production in discovery in this Action of documents that are protected by the attorney-client privilege or subject to work-product protection will not constitute a waiver of either any available privilege or protection by the disclosing party as a consequence of such disclosure or production.  This provision does not, however, prevent a party from raising some other basis as establishing that the Producing Party has otherwise waived the attorney-client privilege or work product protection as to the materials produced, or that such privilege or protection does not apply to the materials produced.

20. **TREATMENT OF DRAFT EXPERT REPORTS.** The parties agree that work-product protection applies to protect drafts of any report or disclosure required under Rule 26(a), regardless of the form in which the draft is recorded.  The following three categories of information, however, remain discoverable: (a) compensation paid to an expert; (b) the facts and data an expert considered in forming his or her opinions, including facts and data provided by an attorney to an expert; and (c) assumptions relied upon by an expert in forming his or her opinions, including assumptions provided to an expert by an attorney.

21. **NO WAIVER OF OBJECTIONS, PRIVILEGES.**  Nothing contained in this Order shall affect or waive any party's right to object to the admissibility, discoverability, or privileged or exempted nature of any Disclosure, all such objections and exemptions being specifically preserved.

22. **MODIFICATION OR EXCEPTION UPON WRITTEN AGREEMENT.**   The parties may agree in writing to reasonable modifications of or exceptions to this Order; however, no modification or

exception by the parties shall have the force or effect of a Court Order unless the Court endorses such modification or exception.

**23. HEADINGS.** The headings herein are provided only for the convenience of the parties and are not intended to define or limit the scope of the express terms of this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 11, 2012     By:    /s/ Leonard Tachner
Leonard Tachner
Attorney for Plaintiff

DATED: January 11, 2012     By:    /s/ J. Mark Holland
J. Mark Holland & Associates
Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: January 30, 2012

HON. ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I, _____, hereby acknowledge that I have received a copy of the Confidentiality Order entered in this action (Case No. SACV 11-01309-DOC(ANx) by the United States District Court for the Central District of California (hereinafter the "Confidentiality Order") and further state and agree to the following:

1. I have either read and understood the Confidentiality Order or have had the terms of the Confidentiality Order explained to me by my attorney.

2. I understand the terms of the Confidentiality Order and agree to comply with and to be bound by such terms.

3. If I receive documents or information designated as "Confidential" or "Attorneys' Eyes Only" (as those terms are defined in the Confidentiality Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Confidentiality Order.

4. I agree to hold in confidence and not further disclose or use for any purpose other than as expressly permitted by the Confidentiality Order any documents or information disclosed to me pursuant to the terms of the Confidentiality Order.

5. I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matter or dispute pertaining to the Confidentiality Order and my receipt of information or documents pursuant to the Confidentiality Order.

Date: _____  Signature: _____

Name: _____

Address: _____

_____