1  J. MARK HOLLAND (140453)
2  **J. MARK HOLLAND & ASSOCIATES**
    a Professional Law Corporation
3  3 San Joaquin Plaza, Suite 210
    Newport Beach, CA  92660
4  Telephone:  (949) 718-6750
    Facsimile:  (949) 718-6756
5  Email: office@jmhlaw.com

6  Attorneys for Defendant and Counterclaim-Plaintiff
    KEATING DENTAL ARTS, INC.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

| | |
|---|---|
| 11  JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, | |
| 13 | |
| 14            Plaintiff, | Civil Action No. |
| 15  vs. | SA-CV-ll-01309-DOC(ANx) |
| 16  KEATING DENTAL ARTS, INC., a California corporation, | **[PROPOSED] FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| 17            Defendants. | |
| 18 | |
| 19  KEATING DENTAL ARTS, INC. a California corporation, | **DEMAND FOR JURY TRIAL** |
| 20            Counterclaim-Plaintiff, | |
| 21  vs. | |
| 22  JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, and DOES 1 THROUGH 5, inclusive, | |
| 25            Counterclaim-Defendants. | |

26

27        Pursuant to Rule 15 (Fed.R.Civ.P.) and L.R. 15-1 through 15-4, Defendant

28  Keating Dental Arts, Inc. ("KDA") hereby files its First Amended Answer,
    **[PROPOSED] FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
    COUNTERCLAIMS**
    Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                    1

Affirmative Defenses, and Counterclaims to Plaintiff's Complaint.

1.   Defendant admits that Plaintiff is seeking monetary damages and injunctive relief with respect to the claims presented in this Complaint, but denies that Plaintiff is entitled to any such relief.  Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

2.   Defendant admits the allegations of paragraph 2, except as to Plaintiff's allegation that the parties offer "essentially the same products to essentially the same purchasers in the same market place," an allegation that Defendant denies. Among other things, Defendant believes that Defendant's products are superior to those of Plaintiff.

**JURISDICTION AND VENUE**

3.   Without admitting that Defendant has any liability to Plaintiff for the matter set forth in Plaintiff's pleadings, Defendant admits the allegations of paragraph 3.

4.   Defendant admits the allegations of paragraph 4.

5.   Defendant denies that it has committed any acts of infringement, in this District or elsewhere.  Otherwise, and without admitting that Defendant has any liability to Plaintiff for the matter set forth in Plaintiff's pleadings, Defendant admits the allegations of paragraph 5.

**FACTUAL ALLEGATIONS**

6.   Defendant admits that the publicly available record regarding U.S. Trademark Reg. No. 3,739,663, including the information reflected on that registration, is as stated.  Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6.

7.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7.

8.   Defendant lacks knowledge or information sufficient to form a belief

**[PROPOSED] FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                                    2

about the truth of the allegations of paragraph 8, except that Defendant denies that the reputation of Plaintiff's relevant products is extremely positive.

9.   Defendant admits the allegations of paragraph 9, except as to the last sentence, as to which Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation.

10. Defendant denies the allegations of paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11, except as to the fact and substance of the letter from Plaintiff's attorney.  Defendant denies that any of the substance of that letter is true.

**FIRST CAUSE OF ACTION – INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK**

12. Defendant repeats and incorporates by reference the responses set forth in paragraphs 1 through 11 above, as if set forth fully herein.

13. Defendant admits that it has used in commerce the term KDZ BRUXER as a trademark in connection with advertising of, sale of, or offer to sell dental prostheses.  Otherwise, Defendant denies the allegations of paragraph 13.

14. Defendant admits the allegations of paragraph 14, and Defendant further alleges that Plaintiff's consent and/or authorization was neither required nor needed for Defendant's actions.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies that Plaintiff's alleged trademark is or has been infringed by any activity of Defendant; otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16.

17. Defendant admits learning at some time of Plaintiff's adoption and use of Plaintiff's alleged trademark, subsequent to Plaintiff's adoption and use of that

alleged trademark.  Otherwise, Defendant denies the allegations of paragraph 17.

18. Defendant denies that Defendant uses any trademark that is confusingly similar to any valid trademark rights that Plaintiff may have.  Defendant admits that Plaintiff has no control over the composition or quality of Defendant's products.  Defendant denies that Defendant's products are inferior to those of Plaintiff.  Defendant lacks knowledge or information sufficient to form a belief about the alleged valuable goodwill and related expense and effort alleged by Plaintiff.  Otherwise, Defendant denies the allegations of paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief about the value of any alleged goodwill of Plaintiff's business under Plaintiff's alleged trademark; otherwise, Defendant denies the allegations of paragraph 19.

20. Defendant denies that it has committed any infringement, and otherwise denies the allegations of paragraph 20.

**SECOND CAUSE OF ACTION - FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT**

21. Defendant repeats and incorporates by reference the responses set forth in paragraphs 1 through 20 above, as if set forth fully herein.

22. Defendant admits that Defendant has used and is using Defendant's trademark KDZ BRUXER in commerce in connection with the advertising, sale, and provision of dental prostheses.  Defendant denies that its trademark KDZ BRUXER infringes any valid rights of Plaintiff.  Otherwise, Defendant denies the allegations of paragraph 22.

23. Defendant denies that it needed authorization to use Defendant's trademark, denies that Defendant's trademark infringes any valid rights of Plaintiff, and otherwise denies the allegations of paragraph 23.

24. Defendant denies that it has committed any acts of false designation of origin and false description, and otherwise denies the allegations of paragraph 24.

**THIRD CAUSE OF ACTION – UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE '17200 et seq.**

25. Defendant repeats and incorporates by reference the responses set forth in paragraphs 1 through 24 above, as if set forth fully herein.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies that Defendant has committed any wrongful acts, and denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

<u>First Affirmative Defense</u>

(BRUXER is a Generic and/or Descriptive Term, and Glidewell Therefore Cannot Preclude Competitors from Using BRUXER Within Those Competitors' Own Trademarks)

31. The word BRUXER within Defendant's trademark KDZ BRUXER (AND DESIGN) (Defendant's Trademark) is a generic and/or descriptive term within the dental industry. Accordingly, GLIDEWELL cannot preclude competitors such as Defendant KDA from using that generic/descriptive term within those competitors' own trademarks.

<u>Second Affirmative Defense</u>

(No Likelihood of Confusion)

32. Defendant's trademarks "KDZ BRUXER" and **KDZ** are not confusingly similar to Plaintiff's alleged BRUXZIR trademark. Defendant's

1   trademark is NOT the word "BRUXER" alone, but instead is Defendant's "main"
2   trademark (  , as further discussed below) to which Defendant has added in
3   smaller letters the generic/descriptive word BRUXER.  In addition to being a
4   generic/descriptive word that is only PART of KDA's trademark, even that "part"
5   of KDA's trademark differs importantly from Glidewell's BRUXZIR trademark.
6   Glidewell's one-word mark includes "ZIR", which clearly signals the
7   dentists/customers that this is a product made from ZIRCONIA; KDA's trademark
8   does NOT include "ZIR" or any other corruption of the generic/descriptive word
9   BRUXER.  Instead, KDA's trademark uses three distinctive letters KDZ in front
10   of the generic/descriptive word BRUXER.  This clear visual distinction is present
11   in all written forms of advertising and/or ordering for either parties' products.  In
12   addition to this clear visual distinction between the trademarks (which is
13   emphasized even more in the logo form of KDA's trademark), these three leading
14   letters also adds three syllables to KDA's trademark (thus, the KDA trademark is
15   five syllables, unlike Glidewell's two syllables).  Accordingly, this distinction is
16   even more apparent in any oral form of discussion of either parties' products.  The
17   marketing channels for the products [direct ordering by dentists from the parties or
18   third party labs], the sophistication of the consumers (dentists and their offices),
19   the price of the products [relatively high], and the importance of the products to
20   the consumers [the dentist/customer's reputation is at stake with each crown
21   ordered and implanted in a patient's mouth] all indicate that there is no likelihood
22   of confusion among consumers.  Individually, and certainly collectively, analysis
23   of the factors listed in this paragraph (among others) show that there is no
24   likelihood of confusion.

26                                   Third Affirmative Defense

27                                          (Estoppel)

28   **[PROPOSED] FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
     COUNTERCLAIMS**
     Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                          6

33. Plaintiff is estopped from asserting that any rights that it may have in the trademark BRUXZIR are so broad as to cover or include competitors' use of the words BRUX or BRUXER within those competitors' trademarks.  Plaintiff intentionally chose to adopt, use, and register the trademark BRUXZIR, and NOT the words BRUX or BRUXER.  By doing so, Plaintiff implicitly admitted that those words BRUX and BRUXER are generic and/or descriptive within the dental industry.  This is especially true for products and/or services related to bruxism.  Having intentionally selected and used a trademark that adds three distinct letters "ZIR" (an abbreviation for "zirconia", the material from which Glidewell makes those products) to the end of the generic/descriptive word BRUX (thus BRUX+ZIR = BRUXZIR), Glidewell cannot now ask the Court to treat Glidewell's trademark as if it consisted ONLY of that generic/descriptive word BRUX (and ignore the three letters ZIR that Glidewell added to create its trademark).

Fourth Affirmative Defense

(Misuse of Trademark/Unclean Hands/Unfair Competition)

34.   Glidewell is the largest dental laboratory in the world.  Glidewell is substantially larger than most, if not all, of its competitors.  For at least the last several months, Glidewell has been misusing its relative economic size and muscle by attempting to exclude its competitors from using the generic term BRUX (and related terms such as BRUXER) in connection with zirconia dental crowns.  TO that end, Glidewell has threatened those competitors with litigation that has no lawful basis (as discussed herein), and because Glidewell is so large in comparison to most/all of its competitors, Glidewell has succeeded in all or virtually all such

efforts (the present lawsuit being the one exception). In addition to forcing its smaller competitors to change their marketing and/or trademarks to NOT include any use of "BRUX," Glidewell has at least sometimes demanded that Glidewell would proceed with such litigation UNLESS those competitors agreed to buy and use Glidewell's unpatented zirconia dental crown products, supplies, and/or other technology. Such actions constitute unfair competition, restraint of trade, and/or misuse of a trademark, and in any case result in Glidewell coming to this Court with unclean hands and not being deserving of any assistance from this Court.

## Defendant's Counterclaims

For its Counterclaims, Counterclaim-Defendant Keating Dental Arts, Inc. ("KDA") alleges as follows:

## THE PARTIES

35. Counterclaim-Plaintiff Keating Dental Arts, Inc. (KDA) is a California corporation having its principal place of business at 16881 Hale Avenue, Irvine, California 92606.

36. Counterclaim-Defendant James R. Glidewell, Inc. dba Glidewell Laboratories (Glidewell) is a California corporation having its principal place of business at 4141 MacArthur Boulevard, Newport Beach, California 92660.

## VENUE AND JURISDICTION

37. Jurisdiction is proper in this court because this litigation arises under federal law, including 17 U.S.C. § 1051 et seq. (Lanham Act). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

38. This Court has personal jurisdiction over Glidewell because Glidewell conducts business in the State of California and within this district.

39. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and

1391(c).

40.    An actual case or controversy has arisen between the parties. Glidewell has (a) filed with the U.S. Patent and Trademark Office an Opposition to KDA's application to register its trademark ![KDZ logo] , and (b) sued KDA in the instant lawsuit, alleging that KDA's trademarks "KDZ BRUXER" and ![KDZ logo] infringe Glidewell's rights.

## GENERAL ALLEGATIONS

41. KDA provides to dentists dental restorative products, including dental crowns.  Within the last year or so, the increased price of gold (which historically had been used for crowns) and other factors led dentists to request crowns made from other materials, such as zirconia.  For KDA's zirconia crowns, KDA has adopted and is using the trademark "KDZ BRUXER" and a related stylized logo ![KDZ logo] .  KDA uses those trademarks in advertising directed exclusively to KDA's customers, who are dentists or other dental professionals and their offices.  Upon a dentist's order for a KDZ BRUXER, KDA will prepare a crown made from zirconia.

42. Glidewell also provides dental restorative products exclusively to dentists or other dental professionals and their offices.  Glidewell is the largest dental laboratory in the world, and has more than 2,900 employees that provide services and products to more than 42,000 dentists internationally.

43. For its zirconia crowns, Glidewell adopted the trademark BruxZir.  That mark is a combination of the generic dental term "BRUX" (see above and further below) with the first three letters of "zirconia."  Glidewell has never used the word BRUX by itself as a trademark for zirconia crowns, but only uses BruxZir. Glidewell has never applied to register the word BRUX by itself as a trademark for zirconia crowns, but only has applied to register BruxZir.

44. Notwithstanding those facts, Glidewell has asserted against KDA and

other competitors that Glidewell has the exclusive right to the use the word BRUX in any trademark for zirconia crowns.   Just as Glidewell threatened KDA, Glidewell has threatened other competitors with litigation if those competitors did not stop using the word BRUX in any trademark for zirconia crowns.   Those competitors elected to stop using BRUX.   Glidewell has sued KDA because KDA instead elected to continue using BRUX, on the basis that BRUX is a generic term in the dental industry and that it therefore cannot be exclusively appropriated by any competitor in the dental industry.

45. The word at issue in this lawsuit, BRUX, is related to a dental condition called BRUXISM.   BRUXISM definitions include "the involuntary or habitual grinding of the teeth, typically during sleep," "gnashing of teeth," "involuntary clenching of the teeth," and "a condition in which you grind, gnash or clench your teeth."

46. BRUXISM (and related terms such as BRUX, BRUXER, BRUXING, etc.; see below) have a long history in dentistry.   On Amazon, you can buy "BRUXISM - Webster's Timeline History – 1955-2007", which lists an article on bruxism that was published in 1955.   Beginning as early as 1959, the Journal of Prosthetic Dentistry wrote that "most patients exhibit signs of bruxism" (Abstract, Vol. 9, Iss.5, Sept. 1959).   For decades, dental schools have commonly taught about bruxism in the first few weeks of dental school.

47. As a consequence of those and other common uses of such "bruxism" terms for decades within the dental profession, "bruxism" (and related words such as BRUXER, BRUX, BRUXING, etc.) is generically used and recognized by dental professionals and others to refer to dental damage caused by such tooth-grinding, as well as the patients suffering from the condition and treatments for the condition.   For example, within the dental profession:

- BRUXER is used to describe and/or refer to persons suffering from,

and/or treatments for, bruxism;

- BRUXING is the grinding or gnashing of teeth by a patient suffering from bruxism; and

- to BRUX is to grind or gnash your teeth (if you suffer from bruxism).

48. BRUXERS sometimes grind their teeth so hard that they crack one or more of their teeth.  Commonly, dentists repair such damage with dental crowns.  Thus, there is a direct and descriptive connection between (a) the words BRUXER, BRUX, BRUXING, and similar "bruxism"-based words and (b) dental crowns and other restorations.  Based on that connection, companies have used "BRUX" in trademarks for various products and services for BRUXERS and the dentists who treat them.  Some have even registered their trademarks with the U.S. Patent and Trademark Office, and a number of them greatly predate any rights that Glidewell may have in BRUXZIR.  Examples include:

| Trademark | Earliest Filing Or Use Date | U.S. Trademark Reg. No. | Status of Registration | Owner | Goods/Services |
|---|---|---|---|---|---|
| **BRUX-EZE** | 12/1/1985 | 2473238 | Live | Sentage Corporation Minneapolis MN | Dental appliances, namely removable occlusal overlays, fixation devices and the like, used for the treatment of **bruxism** and temporomandibular joint dysfunctions. |
| **BRUX-EZE** | 6/16/1986 | 1608966 | Dead | Allen, Larry Escondido CA | Dental appliances, namely, removable occlusal overlays, fixation devices, and the like, used for treatment of **bruxism** and temporomandibular joint dysfunctions. |
| **BRUXCARE** | 1/15/1997 | 2399235 | Dead | BruxCare L.L.C. Austin TX | Medical and Dental instruments, namely electronic instruments used to measure and log muscle activity or to provide feedback on muscle activity |
| **BRUXGUARD** | 5/1/1997 | 2251807 | Live | Medtech Products, Inc. Irvington, NY | dental mouth guards for medical purposes |
| **BRUXGUARD** | 3/12/2003 | | Dead | Dental Concepts,LLC Paramus NJ | interocclusal appliances |

| Trademark | Earliest Filing Or Use Date | U.S. Trademark Reg. No. | Status of Registration | Owner | Goods/Services |
|---|---|---|---|---|---|
| DR. BRUX | 10/1/2006 | 3775126 | Live | Quattroti Dentech S.R.L. Cislago (Varese) Italy | Surgical, medical, dental and veterinary apparatus and instruments |
| BRUX-INDICATOR | 11/20/2006 | | Dead | Empire Concepts Inc. Red Deer CANADA | Dentistry |
| BRUXZIR | 6/6/2009 | 3739663 | Live | Glidewell Laboratories (party to this lawsuit) | Dental bridges; Dental caps; Dental crowns; Dental inlays; Dental onlays; Dental prostheses |
| BRUX-CHECKER | 8/24/2009 | 3956476 | Live | Scheu-Dental GmbH LLC Iserlohn GERMANY | Plastic material for producing dental diagnostic tools, namely, plastic foils for use in dental deep-drawing processes |
| BRUXZIR | 11/10/2009 | | Live | Glidewell Laboratories (party to this lawsuit) | Dental ceramics |
| BRUX XXX | 12/17/2009 | | Live | Quattroti Dentech S.R.L. LLC Cislago (Varese) Italy | Apparatus & instruments for diagnosis or for treatment of **bruxism** |
| BRUXQuickSplint | 8/24/2010 | | Live | Bradley A. Eli Dental Corporation Corp. Encinitas CA | Bite trays; Dental bite trays |
| BRUXOMETER | 12/1/2010 | | Dead | Mullen Jr, Perry Wesley Ind. Richmond VA | Device that measures time, duration, frequency or intensity or any other measurement of the **bruxing**, gnashing or grinding of teeth or jaw |
| KDZ BRUXER | 4/5/2011 | | Live | Keating Dental Arts, Inc. (party to this lawsuit) | Dental prostheses |
| BRUX BUSTER CUSTOM NIGHT GUARD | 6/8/2011 | | Live | Forcefield Mouthguards LLC Rochester NY | Mouth guards for medical purposes |

49. Thus, as shown in the table above, Glidewell is only one of a long line

**[PROPOSED] FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                                    12

of companies who have used BRUX in such trademarks. If "BRUX" did not have the well-known meaning described above, Glidewell would not have used it as part of Glidewell's trademark BruxZir.

50. Thus, as shown in the table above, Glidewell is only a recent entrant in a long line of companies who have used BRUX in such trademarks. Glidewell only began marketing under the trademark BRUXZIR in June 2009.

51. If "BRUX" did not have the well-known meaning described above, Glidewell would not have joined that long line of companies and would not have used BRUX as part of Glidewell's trademark BruxZir. BRUX is a generic term within the dental industry, and consequently cannot be appropriated by Glidewell or any party to the exclusion of other competitors. Glidewell's BruxZir mark (again, NOT the mark BRUX) cannot be afforded a scope so broad as to encompass competitor's use of that generic term BRUX.

52. In approximately April 2011, KDA adopted and began using its KDZ series of related trademarks for its own zirconia dental crowns, shown here:

| *Keating Product Line* | *Serial No.* | *Trademark Sought to be Registered by KDA* |
|---|---|---|
| KDZ BRUXER | 85287029 |  |
| KDZ MAX | 85287084 |  |
| KDZ ULTRA | 85287720 |  |

53. As shown above, KDA's marks all include a "main trademark"

"KDZ" in stylized lettering, and a generally oval logo around those letters. The marks also each include a separate word to designate different grades of the KDZ products. As mentioned above, one of those added words is BRUXER, and KDA's use of that combination mark "KDZ BRUXER" and a related stylized logo .

54. Even if there were any basis upon which Glidewell could assert rights to the generic term BRUX, the differences in the marks preclude any likelihood of confusion (BRUXZIR vs. KDZ BRUXER). The channels of trade and other factors also preclude any likelihood of confusion. Both Glidewell and KDA receive orders directly from dentists or their offices (commonly via facsimile order), and thus the dentist knows exactly the source of the crown being ordered. In addition, the costs of the crown, and the importance of the quality of the crown to the dentist's reputation, are such that the customer dentists can be expected to exercise substantial care in placing their orders for those crowns, further precluding any likelihood of confusion.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF GLIDEWELL'S RIGHTS, INCLUDING UNDER  15 U.S.C. § 1051 ET SEQ.)

55. KDA incorporates by reference the allegations contained in paragraphs 1-55, inclusive.

56. Glidewell has asserted claims against KDA, both in this lawsuit and in the U.S. Patent and Trademark Office (in oppositions filed against KDA's pending KDZ BRUXER LOGO application), contending that Glidewell's rights are infringed by KDA's use of that trademark.

57. An actual, present and justiciable controversy has arisen between KDA and Glidewell concerning KDA's right to use the trademark KDZ BRUXER

(both in plain text and in its stylized logo).

58.     KDA seeks declaratory judgment from this Court that its trademark KDZ BRUXER (both in plain text and in its stylized logo) do not infringe any protectable rights of Glidewell.

## SECOND COUNTERCLAIM

## (UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE 17200 ET SEQ.)

59.     KDA incorporates by reference the allegations contained in paragraphs 1-58, inclusive.

60.     Glidewell's activities, as described above, constitute unfair competition in violation of California Business & Professions Code 17200, et seq. Among other things, Glidewell has attempted and is attempting to preclude KDA and other competitors from using BRUX or any BRUX-based term as part of a trademark for zirconia dental crowns and other dental restorations.

61.     Glidewell did not attempt to register BRUX as a trademark, but instead adopted and used a different mark BRUXZIR, and then used that issued registration as unlawful "cover" for asserting that Glidewell's competitors could NOT use the generic term BRUX.

62.     Glidewell's wrongful acts have proximately caused and will continue to cause KDA substantial injury, including loss of profits, confusion of potential customers, damage to KDA's goodwill and reputation, and diminution in the value of KDA's trademark. In doing the acts alleged, Glidewell acted with a malicious intent, and as such, KDA is entitled to exemplary and punitive damages.

## THIRD COUNTERCLAIM

## (MISUSE OF TRADEMARK/MALICIOUS PROSECUTION/ANTITRUST VIOLATIONS UNDER SHERMAN ANTITRUST ACT 15 USCA §2 AND CLAYTON ANTITRUST ACT 15 USCA §12 ET SEQ.)

63.   KDA incorporates by reference the allegations contained in paragraphs 1-62, inclusive.

64.   Glidewell's foregoing actions constitute misuse of a trademark (BRUXZIR).

65.   Glidewell's present litigation against KDA based on Glidewell's trademark BRUXZIR constitutes malicious prosecution, especially in view of the fact that BRUX is a generic term relating to dental patients and treatments for bruxism.  Glidewell has filed this baseless lawsuit to harass and/or intimidate KDA.  Glidewell's claims are objectively unreasonable, and Glidewell is pursuing them only to impose disproportionate costs on KDA.

66.   Glidewell has used and is using its BRUXZIR registration in an unlawful attempt to prevent KDA and others from using the generic term BRUX in the marketplace.  By its actions, Glidewell has been and is attempting to unlawfully monopolize the market for zirconia dental crowns.  See *Kellogg Co. v. National Biscuit Co.*, 71 F.2d 662 (2d Cir. 1934).

67.   Glidewell did not have reasonable grounds to bring this lawsuit, nor to pursue KDA and others for use of BRUX-based trademarks.  KDA has never used BRUXZIR as a trademark, and has only used KDZ BRUXER.

68.   Through its actions, Glidewell has unlawfully harassed KDA and other competitors who are entitled to use BRUX within their trademarks.  Among other things, using BRUX in a trademark helps Glidewell, KDA, and other competitors communicate to their customers (dentists) that the product or service is directed or related to bruxism.  Glidewell's actions are intended to wrongfully appropriate for Glidewell's exclusive use that communication tool (using BRUX as a trademark for BRUXISM products such as zirconia dental crowns).

69.   Glidewell's actions have proximately caused and will continue to cause KDA substantial injury, including loss of profits, loss of sales and market

share, confusion of potential customers, damage to KDA's goodwill and reputation, and diminution in the value of KDA's business. Glidewell acted with an intent to unlawfully monopolize the market for zirconia dental restorations, and as such, KDA is entitled to treble damages, attorney fees, and other relief under the Sherman Act and Clayton Act.

## PRAYER FOR RELIEF

WHEREFORE, KDA respectfully requests that the Court:

70.   Enter judgment according to the declaratory relief sought, including that KDA's use of its KDZ BRUXER trademark does not infringe any enforceable rights of Glidewell's, and that the terms BRUX, BRUXER, and BRUXING are generic terms within the dental industry and cannot be appropriated by one entity to the exclusion of others for products and/or services related to BRUXISM;

71.   Award KDA its damages as may be proved in the trial of this action;

72.   Award KDA treble those damages, pursuant to the Sherman Act and/or the Clayton Act and/or other authority;

73.   Award KDA its costs and attorney fees in this action;

74.   Enjoin Glidewell from continuing misuse of its trademark BRUXZIR against KDA and/or other competitors;

75.   Enter such other further relief to which KDA may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

Respectfully submitted,

Dated:  1/31/2012                  _/J. Mark Holland/_____
                                   J. Mark Holland
                                   **J. MARK HOLLAND & ASSOCIATES**
                                   Attorney for Defendant and Counterclaim-
                                   Plaintiff KEATING DENTAL ARTS, INC.,
                                   a California corporation

\\Big12\z\Winword\KEATI\L3844\Pleadings\Answer-Related\Amended-Supplemental_Answer_Counterclaims\First_Amended_Answer_Counterclaims_Glidewell_v_Keating_Dental.doc

**[PROPOSED] FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                    18