J. MARK HOLLAND (140453)
**J. MARK HOLLAND & ASSOCIATES**
a Professional Law Corporation
3 San Joaquin Plaza, Suite 210
Newport Beach, CA 92660
Telephone: (949) 718-6750
Facsimile: (949) 718-6756
Email: office@jmhlaw.com

Attorneys for Defendant and Counterclaim Plaintiff
KEATING DENTAL ARTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>Defendants.<br><br>―――――――――――――<br><br>KEATING DENTAL ARTS, INC. a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, and DOES 1 THROUGH 5, inclusive,<br><br>Defendants. | Civil Action No. SA-CV-ll-01309-DOC(ANx)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**<br><br>**HEARING DATE:**<br>Monday, March 5, 2012<br><br>**HEARING TIME:**<br>10:00 a.m. |

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                                                                          1

This matter is before the Court on a motion by Defendant Keating Dental Arts, Inc. ("KDA") for partial summary judgment of non-infringement of Plaintiff's trademark BruxZir.

Having considered the parties' evidence, pleadings, and arguments, and pursuant to Rule 56 (Fed.R.Civ.P.) and L.R. 56, the Court HEREBY ORDERS THAT partial summary judgment is granted to KDA in this matter on the issue of trademark infringement and the related causes of action in Glidewell's Complaint. More specifically, the Court orders that Defendant KDA's use of KDA's trademarks shown below for KDA's zirconia crown products has not violated and does not violate any of the trademark and related rights alleged in Plaintiff's three causes of action in Plaintiff's Complaint:

| *Trademark* | *Comments* |
|---|---|
| ![KDZ BRUXER logo] | This also may be referred to as "KDZ BRUXER PLUS DESIGN" |
| KDZ BRUXER | Among other things, KDA uses this form of its trademark in certain of its order forms provided to KDA's dentist-customers. |

Legal Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, e.g., *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. 9 Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). KDA's Statement of Uncontroverted Facts and Conclusions of Law sets forth the material facts as to which KDA contends there is no genuine dispute.

However, a factual dispute which is neither "genuine" nor "material" will

not survive a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To decide whether a factual dispute is "genuine," the Court must determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

Even accepting all reasonable inferences in favor of the nonmovant Glidewell (as the Court is required to do in ruling upon this motion), KDA is entitled to judgment as a matter of law.

Findings of Fact and Conclusions of Law

Plaintiff's Complaint includes three causes of action, all of which are based on Plaintiff's alleged rights in its trademark BRUXZIR. For the convenience of the Court and the parties, Plaintiff's causes of action to which this ruling applies are summarized here:

1. Infringement of a Federally Registered Trademark: Plaintiff Glidewell bases this claim upon its U.S. Federal Trademark Registration No. 3,739,663 for BRUXZIR® and on Defendant Keating's use of the foregoing trademarks, under the Lanham Act Trademark Act of 1946, 15 U.S.C. 1051 et seq., particularly 15 U.S.C. 1114(1);

2. False Designation of Origin Under Section 43(a) of the Lanham Act: Plaintiff Glidewell bases this claim upon Plaintiff's same BRUXZIR trademark and Defendant Keating's use of the same trademarks, under the Lanham Act, 15 U.S.C. 1051 et seq., particularly Lanham Act Sec. 43(a) (15 U.S.C. 1125(a)) which is the "likelihood of confusion" standard for infringement of an unregistered trademark or trade dress;

3. Unfair Competition Under California Business & Professions Code 17200 et seq.: Again, Plaintiff has based this cause of action on Plaintiff's same BRUXZIR trademark and on Defendant Keating's use of the same trademark KDZ BRUXER PLUS DESIGN).

Fed. R. Civ. P. 56 permits a "party against whom relief is sought" to seek "summary judgment on all or part of the claim." In a summary judgment motion, a court must decide whether there is a "genuine issue as to any material fact." Fed. R. Civ. P. 56(c); see also, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A party seeking summary judgment/adjudication bears the initial burden of establishing the absence of a genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317,323 (1986). The moving party may satisfy this burden by: (1) presenting evidence that negates an essential element of the nonmoving party's case; or (2) demonstrating that the nonmoving party failed to make a showing of sufficient evidence to establish an essential element of the nonmoving party's claim, and on which the non-moving party bears the burden of proof at trial. *Id.* at 322. "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

"If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the material on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production shifts and the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *T.W. Elec.Serv., Inc. v. Pac. Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P.56(e)). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor, but "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.574, 587 (1986). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to

resolve the parties' differing versions of the truth at trial." *First Nat. Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968); *T.W. Elec. Serv.*, 809 F.2d at 631.

The nonmoving party must "go beyond the pleadings and by her own affidavits, or by depositions, answer to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Fed. R. Civ. P. 56(e) requires a party opposing summary judgment to "set out specific facts showing that there is a genuine issue for trial." "In the absence of specific facts, as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988).

Relevant to the present motion, the Court also adopts as its own, and incorporates herein as part of this Order, the movant's Statement of Uncontroverted Facts and Conclusions of Law filed in support of this motion.

Among other things, those facts and legal conclusions demonstrate that, within the dental profession that is relevant to this dispute (the market in which the parties sell their respective products), the terms BRUX, BRUXER, BRUXING, and the like are generic and/or descriptive for products and/or services that relate to and/or address the teeth-grinding condition known as bruxism. Accordingly, no person or company within that industry can claim or develop exclusive rights to those terms as, or as part of, trademarks for such products and/or services.

Plaintiff Glidewell has adopted and used a trademark BRUXZIR that includes one of those generic/descriptive terms, and has marketed that trademark extensively. However, even Plaintiff's own marketing admits that its "BRUXZIR" products are "for bruxers [dental patients who suffer from bruxism]." Likewise, many third parties have adopted and used trademarks that include BRUX or

1 another brux-related term. No amount of marketing efforts or expenditures can transform those generic terms (BRUX, etc.) into the exclusive property of Plaintiff or any competitor in or serving the dental industry/profession.

Among other things, the Court notes that any similarity in the "sound" of Glidewell's mark BRUXZIR and the generic term BRUXER is a consequence of Glidewell's choice of trademark. Just as with extensive marketing, any such audible similarity cannot provide Glidewell the right to exclude its competitors from using that generic mark BRUXER. In other words, Glidewell's having selected a trademark (BRUXZIR) that may be pronounced and/or heard as being similar to the generic term BRUXER does not somehow cut off all other competitors' rights to use that generic term. For whatever benefits Glidewell perceived it might gain from adopting that trademark, it must also live with any such perceived negative aspects as well.

Defendant KDA's challenged trademarks ("KDZ BRUXER" and ![KDZ BRUXER logo]) both include the generic term BRUXER. Thus, Defendant's trademark is NOT the word "BRUXER" alone, but instead is Defendant's "main" trademark (![KDZ logo], to which Defendant has added in smaller letters the generic/descriptive word BRUXER. In addition, even just comparing the BRUXER portion of KDA's mark to Glidewell's BRUXZIR mark, the KDA mark has less letters (six versus Glidewell's seven). Glidewell's mark also includes a distinctive letter "Z" and last syllable "ZIR" (that Glidewell presumably desires will suggest to customers the "ZIRCONIA" material from which the products are made) that are not present in KDA's mark. Given those and other obvious differences between the parties' trademarks, and especially in view of the generic/descriptive nature of the word BRUXER, the Court finds and holds that KDA's trademarks "KDZ BRUXER" and ![KDZ BRUXER logo] are not confusingly similar to Plaintiff's alleged BRUXZIR trademark, when used for goods and/or services within the dental profession and/or its

1 servicing industry.

2 The foregoing facts and conclusions hold regardless of whether KDA's trademark is analyzed in its entirety or simply as that part BRUXER. As indicated above, KDA's use of the generic term BRUXER as part of its trademark KDA BRUXER, and/or KDA's entire mark KDA BRUXER, simply cannot be challenged by Plaintiff—like Plaintiff and all other competitors in their industry, KDA has the right to include in its trademarks the generic/descriptive term BRUXER.

It appears that Plaintiff has no other basis upon which to assert its claims, including specifically its three causes of action in the Complaint. Accordingly, this Order granting partial summary judgment in favor of KDA is effective as to all three of those causes of action. Upon entry of this Order, the only claims remaining in this lawsuit are those within KDA's counterclaims.

IT IS SO ORDERED.

Dated: _____        _____
                                Hon. David O. Carter
                                Judge of the United States District Court

Z:\Winword\KEATI\L3844\Pleadings\Motions-Related\KDA_Motion_for_PSJ\Motion_PSJ_Proposed_Order_Glidewell_v_Keating_Dental_Final.doc