J. MARK HOLLAND (140453)
**J. MARK HOLLAND & ASSOCIATES**
 a Professional Law Corporation
3 San Joaquin Plaza, Suite 210
Newport Beach, CA  92660
Telephone:  (949) 718-6750
Facsimile:  (949) 718-6756
Email: office@jmhlaw.com

Attorneys for Defendant and Counterclaim Plaintiff
KEATING DENTAL ARTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>Defendants. | Civil Action No. SA-CV-ll-01309-DOC(ANx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**<br><br>**HEARING DATE:**<br>Monday, March 5, 2012<br><br>**HEARING TIME:**<br>10:00 a.m. |
| KEATING DENTAL ARTS, INC. a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, and DOES 1 THROUGH 5, inclusive,<br><br>Defendants. | |

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                                                                                                  1

Pursuant to Rule 56 (Fed.R.Civ.P.) and L.R. 56-1, Defendant Keating Dental Arts, Inc. ("KDA") hereby sets forth its Statement of Uncontroverted Facts and Conclusions of Law. These reflect the material facts as to which KDA contends there is no genuine dispute.

To the extent that it is determined that any or all of the Statements of Uncontroverted Facts herein should be more accurately labeled and considered as Conclusions of Law, KDA hereby designates those Statements to be Conclusions of Law. Likewise, to the extent that it is determined that any or all of the Conclusions of Law herein should be more accurately labeled and considered as Statements of Uncontroverted Facts, KDA hereby designates those Conclusions to be Statements of Uncontroverted Facts.

Uncontroverted Facts:

1. Plaintiff Glidewell and Defendant KDA are competitors in the dental laboratory business.
2. Glidewell and KDA sell dental restorations such as crowns and bridges,
3. Glidewell and KDA sell those dental restorations to dentists and other dental professionals.
4. Glidewell has asserted that its trademark rights in its BruxZir trademark include the exclusive right to use the words BRUX and/or BRUXER in any form as part of a trademark for solid zirconia dental restorations.
5. Glidewell has contacted third parties and demanded that those third parties stop using the term "BRUX" within those parties' trademarks for dental restorations.
6. Glidewell has represented to those same third parties that the basis for Glidewell's demand is Glidewell's rights in its trademark BruxZir.
7. Glidewell has contacted AUTHENTIC Dental Labs and demanded that it stop using the phrase "BRUX Crowns" for promoting its dental

restorations.

8. AUTHENTIC Dental Labs responded to Glidewell's demand by stopping its use of the phrase "BRUX Crowns."

9. Glidewell has contacted RDENT Dental Labs and demanded that it stop using the term "RBrux" as a trademark for dental restorations.

10. RDENT Dental Labs responded to Glidewell's demand by stopping its use of the term "RBrux."

11. Also following Glidewell's demand, RDENT Dental Labs signed on as an Authorized BruxZir Lab.

12. Glidewell has contacted ASSURED Dental Labs and demanded that ASSURED Dental Labs stop using the term "Z-Brux" as a trademark for dental restorations.

13. ASSURED Dental Labs responded to Glidewell's demand by stopping its use of the term "Z-Brux."

14. Glidewell has not registered as a trademark either of the terms BRUX or BRUXER.

15. Glidewell has not applied to register as a trademark either of the terms BRUX or BRUXER.

16. Glidewell has not used the terms BRUX or BRUXER by themselves as trademarks.

17. Glidewell has not invested any money or efforts in promoting the terms BRUX or BRUXER by themselves as trademarks.

18. For decades prior to Glidewell adopting its BruxZir trademark, other companies in the dental industry have been using the generic term BRUX within their own trademarks for their own products "for bruxers."

19. The relevant market into which the parties sell the products at issue in this lawsuit is the dental profession or industry (dentists and their offices,

dental surgeons, and the like.)

20. Within that industry, the terms BRUX and BRUXER have been used since as early as the 1950's.

21. Within that industry, the terms BRUX and BRUXER are understood to relate to the dental condition called bruxism.

22. Within that industry, the terms BRUX and BRUXER and other brux-based words have been used in patents related to bruxism, for decades prior to Glidewell's adoption of its BruxZir trademark.

23. Bruxism can be generally described as a condition in which the dental patient grinds or gnashes their teeth, sometimes unconsciously and/or at night.

24. In the dental industry, patients suffering from or experiencing bruxism are referred to as "bruxers."

25. In the dental industry, "to brux" means to grind one's teeth.

26. In certain cases, bruxers brux their teeth so severely that they wear or grind them down, or even crack them.

27. Dental schools commonly teach their students about bruxism.

28. Many dental schools begin teaching their students about bruxism as early as the first week or two of the first year of dental school.

29. For bruxers with a tooth that is ground down and/or cracked, dentists sometimes prepare and install a dental crown or similar dental restoration (such as a bridge, etc.).

30. A common process used by dentists in connection with such crowns and restorations includes ordering the crown/restoration to be made by a dental laboratory.

31. Both of the parties in this lawsuit are dental laboratories who, among other things, receive and fill those crown/restoration orders from

dentists.

32. Neither of the parties markets its crowns or restorations to any appreciable degree to persons outside of the dental profession or industry.

33. Neither of the parties sells its crowns in any appreciable amount to persons outside of the dental profession or industry.

34. One material that is used in fabricating such crowns is zirconia.

35. Zirconia has been used in dental restorations for many years.

36. Glidewell does not claim any patented or patent pending rights to the use of zirconia in dental crowns or other restorations.

37. Beginning in approximately 2009, Plaintiff Glidewell adopted and began marketing a zirconia crown under the trademark BRUXZIR.

38. Since that time, Glidewell has expended substantial amounts of money to advertise and promote its BRUXZIR products.

39. During the first half of 2011, Defendant KDA adopted and began using the trademark KDZ and an associated logo for KDA's zirconia crown products.

40. KDA adopted three grades of its KDZ products: KDZ BRUXER, KDZ MAX, and KDZ ULTRA.

41. Glidewell contacted KDA and demanded that KDA stop using the word BRUXER in KDA's trademark.

42. When KDA refused to stop, Glidewell brought the present lawsuit.

43. Glidewell adopted and used a trademark BRUXZIR that includes the term BRUX.

44. By having BRUX within its BruxZir trademark, Glidewell intends for customers to recognize that it is a product "for bruxers."

45. By adding "ZIR" to the end of BRUX to form its BruxZir trademark,

1  Glidewell intended for customers to recognize that it is a product made
2  from zirconia.
3  46. Other than its BRUXZIR trademark, Glidewell has never marketed a
4  product under a trademark that includes the terms BRUX and/or
5  BRUXER.
6  47. Glidewell's own marketing materials repeatedly state that its
7  "BRUXZIR" products are "for bruxers."
8  48. By that statement, Glidewell means that its "BRUXZIR" products are
9  for persons who suffer from bruxism.
10 49. Defendant KDA has never used the word "BRUXER" alone as a
11 trademark.
12 50. Defendant KDA has only used the word "BRUXER" within KDA's
13 "main" trademark (KDZ and/or [KDZ logo] ).
14 51. There parties relevant trademarks differ in at least the following ways:

- KDA adds the three letters "KDZ" as a separate word at the beginning of KDA's trademark KDZ BRUXER, whereas Glidewell's is a single word trademark BruxZir.
- KDA's trademark has five syllables (K – D – Z – Brux - er), whereas Glidewell's has only two.
- Glidewell's trademark is seven letters long, whereas KDA's total mark is nine letters, and the individual words within KDA's trademark are three letters and six letters long.
- Glidewell's trademark uses a pair of letters in its trademark that is not found in KDA's trademark: "ZI".

Conclusions of Law:

1. Fed. R. Civ. P. 56 permits a "party against whom relief is sought" to seek "summary judgment on all or part of the claim."

2. In a summary judgment motion, a court must decide whether there is a "genuine issue as to any material fact." Fed. R. Civ. P. 56(c); see also, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

3. A party seeking summary judgment/adjudication bears the initial burden of establishing the absence of a genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

4. The moving party may satisfy this burden by: (1) presenting evidence that negates an essential element of the nonmoving party's case; or (2) demonstrating that the nonmoving party failed to make a showing of sufficient evidence to establish an essential element of the nonmoving party's claim, and on which the non-moving party bears the burden of proof at trial. *Id.* at 322.

5. "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

6. "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the material on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production shifts and the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *T.W. Elec.Serv., Inc. v. Pac. Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P.56(e)).

7. To establish the existence of a factual dispute, the opposing party need

not establish a material issue of fact conclusively in its favor, but "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.574, 587 (1986).

8. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat. Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968); *T.W. Elec. Serv.*, 809 F.2d at 631.

9. The nonmoving party must "go beyond the pleadings and by her own affidavits, or by depositions, answer to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

10. Fed. R. Civ. P. 56(e) requires a party opposing summary judgment to "set out specific facts showing that there is a genuine issue for trial."

11. "In the absence of specific facts, as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988).

12. If a term lacks sufficient distinctiveness so that it is generic, the term "cannot be the subject of trademark protection under any circumstances." *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns*, 198 F.3d 1143, 1146 (9th Cir. 1999).

13. Competitors have the right to use generic terms within their trademarks.

14. Companies prior to Glidewell used the term BRUX within their respective trademarks for bruxism-related products.

15. Since at least 1986, a third party has owned a U.S. Trademark

Registration for BRUX-EZE.

16. That BRUX-EZE registration covers products that are related to bruxism, including specifically "Dental appliances, namely removable occlusal overlays, fixation devices and the like, used for the treatment of bruxism and temporomandibular joint dysfunctions."

17. Glidewell had and has the right to use the term BRUX within its trademark BRUXZIR for bruxism-related products.

18. KDA had and has the right to use the term BRUXER as part of its trademark for bruxism-related products. This includes the right to use both of the trademarks in the following table:

| *KDA Trademarks* |
|---|
|  |
| KDZ BRUXER |

19. Any rights that Glidewell may have in the trademark BRUXZIR are not so broad as to include the right to exclude KDA and/or other competitors from using those generic terms BRUX and/or BRUXER.

20. Defendant KDA's use of KDA's trademarks shown above for KDA's zirconia crown and other dental restoration products has not violated and does not violate any of the trademark and related rights alleged in Plaintiff's three causes of action in Plaintiff's Complaint.

21. Those three causes of action in Plaintiff's Complaint to which this ruling applies are summarized here:

- <u>Infringement of a Federally Registered Trademark</u>: Plaintiff Glidewell bases this claim upon its U.S. Federal Trademark Registration No.

    3,739,663 for BRUXZIR® and on Defendant Keating's use of the foregoing trademarks, under the Lanham Act Trademark Act of 1946, 15 U.S.C. 1051 <u>et seq</u>., particularly 15 U.S.C. 1114(1);

- <u>False Designation of Origin Under Section 43(a) of the Lanham Act</u>: Plaintiff Glidewell bases this claim upon Plaintiff's same BRUXZIR trademark and Defendant Keating's use of the same trademarks, under the Lanham Act, 15 U.S.C. 1051 <u>et seq</u>., particularly Lanham Act Sec. 43(a) (15 U.S.C. 1125(a)) which is the "likelihood of confusion" standard for infringement of an unregistered trademark or trade dress;

- <u>Unfair Competition Under California Business & Professions Code 17200 et seq.</u>: Again, Plaintiff has based this cause of action on Plaintiff's same BRUXZIR trademark and on Defendant Keating's use of the same trademark KDZ BRUXER PLUS DESIGN).

22. No amount of marketing efforts or expenditures can transform those generic terms (BRUX, etc.) into the exclusive property of Plaintiff or any competitor in or serving the dental industry/profession.

23. Any similarity in the "sound" of Glidewell's mark BRUXZIR and the generic term BRUXER is a consequence of Glidewell's choice of trademark.

24. Any such audible similarity cannot provide Glidewell the right to exclude its competitors from using the generic mark BRUXER for the products and services directed to bruxism.

25. Glidewell's having selected a trademark (BRUXZIR) that may be pronounced and/or heard as being similar to the generic term BRUXER does not somehow cut off all other competitors' rights to use that generic term.

26. For whatever benefits Glidewell perceived it might gain from adopting

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)     10

that trademark BRUXZIR, Glidewell must also live with any such perceived negative aspects as well.

27. Especially in view of the generic/descriptive nature of the word BRUXER, the Court finds and holds that KDA's trademarks "KDZ BRUXER" and  are not confusingly similar to Plaintiff's alleged BRUXZIR trademark, when used for goods and/or services within the dental profession and/or its servicing industry.

28. The foregoing facts and conclusions hold regardless whether KDA's trademark is analyzed in its entirety or simply as that generic/descriptive part BRUXER.

29. Upon entry of this Order, the only claims remaining in this lawsuit are those within KDA's counterclaims.

Respectfully submitted,

Dated:  2012-02-07

/J. Mark Holland/
J. Mark Holland
**J. MARK HOLLAND & ASSOCIATES**
Attorney for Defendant and Counterclaim
KEATING DENTAL ARTS, INC., a California corporation

Z:\Winword\KEATI\L3844\Pleadings\Motions-Related\KDA_Motion_for_PSJ\Motion_PSJ_Statement_of_Uncontroverted_Facts_Glidewell_v_Keating_Dental_Final.doc