**Exhibit D**

Below is a copy of paragraphs 1, 2, and 13 of Plaintiff Glidewell's Complaint, with certain portions emphasized, showing that ALL of the articles that Plaintiff Glidewell forwarded to Defendant Keating were for DENTAL publications and further confirming that the relevant "customers" who see the trademarks are DENTISTS and/or are in the dental industry.

Paragraph 1 from Plaintiff Glidewell's Complaint:

"Plaintiff Glidewell provides dental restorative products primarily to dentists." (*emphasis added*).

Paragraph 2 from Plaintiff Glidewell's Complaint:

"Defendant Keating Dental Arts, Inc. (Defendant Keating) is a California corporation having its principal place of business at 16881 Hale Avenue, Irvine, California 92606. Defendant Keating also provides dental restorative products primarily to dentists and is a direct competitor of Plaintiff Glidewell by offering essentially the same products to essentially the same purchasers in the same market place. In addition, both Plaintiff Glidewell and Defendant Keating advertise in dental industry publications and present their respective products at dental industry trade shows." (*emphasis added*).

Paragraph 13 from Plaintiff Glidewell's Complaint:

"Defendant Keating has used in commerce the term KDZ BRUXER as a trademark in connection with advertising of sale of, or offer to sell competing dental prostheses. Such use in relation to Plaintiff Glidewell's use of the BRUXZIR trademark will likely cause confusion or mistake, or will likely deceive the relative purchasing public as to Defendant Keating's products being associating or identified with or being the same as those of Plaintiff Glidewell. Defendant Keating's advertising of its KDZ BRUXER trademark is intentionally designed to cause an initial confusion to attract the attention of dentist buyers who are previously aware of Plaintiff Glidewell's well-known trademark." (*emphasis added*).