# Exhibit H
## Materials regarding Glidewell efforts against third-party "BRUX" marks

### Exhibit H-1

The table below lists third-party "BRUX" trademarks in which Glidewell has attempted to stop those third-parties from using the marks

| Trademark | Exhibit No. |
|-----------|-------------|
| R BRUX | H-2 |
| BRUX crowns | H-3 |
| Z-BRUX | H-4 |

Exhibit H-5 is copies of settlement communications between KDA's attorney and Glidewell's attorney regarding the above three trademarks, and related matters

# Exhibit H
## Materials regarding Glidewell efforts against third-party "BRUX" marks

### Exhibit H-2

| Trademark | R BRUX | |
|---|---|---|
| *Excerpts regarding this Mark, from KDA's Initial Disclosures to Glidewell, December 5, 2011* | *Witness/expected testimony Information* | *Description of that Sample advertisement/use {See ACTUAL SAMPLE below this table]* |
| | <table><tr><td>Witness/ Email Address</td><td>Address/ Website/ Telephone</td><td>Subjects of the Likely Discoverable Information</td></tr><tr><td>Daxton Grubb<br>daxton@rdentlab.com</td><td>R-Dent Dental Labratories 6590 Summer Knoll Cove Bartlett, TN 38134<br>www.rdentlab.com<br>(901) 372-8020</td><td>Glidewell demands to stop using R BRUX Trademark, and related facts</td></tr></table> | Advertisement/flyer for R BRUX Full Contour, Solid Zirconia Restorations by R-Dent Dental Laboratories |

*Sample advertisement/use of this mark as used by the third party:*



# Exhibit H
## Materials regarding Glidewell efforts against third-party "BRUX" marks

### Exhibit H-3

| **Trademark** | **BRUX crowns** | |
|---|---|---|
| *Excerpts regarding this Mark, from KDA's Initial Disclosures to Glidewell, December 5, 2011* | *Witness/expected testimony Information* | *Description of that Communication* |
| | | Copy of an email from Glidewell's attorney to Authentic Dental Lab alleging that Authentic was infringing Glidewell's trademark BRUXZIR in their use of brux crowns, sent on April 18, 2011 |

| Witness/ Email Address | Address/ Website/ Telephone | Subjects of the Likely Discoverable Information |
|---|---|---|
| Robert P. Marbach services@authenticlab. com | Authentic Dental Lab 1950 Bandera Rd. San Antonio, TX 78228 www.authenticlab.com (201) 735-1433 | Glidewell demands to stop using "BRUX" crowns on Authentic's website, and related facts |

*Communication to the third party regarding alleged trademark infringement:*

From: Keith Allred [mailto:kallred@glidewelldental.com]
Sent: Monday, April 18, 2011 6:51 PM
To: services@authenticlab.com
Cc: Robin Bartolo
Subject: BRUXZIR - Authentic DL.doc

NOTICE OF TRADEMARK INFRINGEMENT

April 18, 2011

TRANSMITTED VIA EMAIL, FAX
AND DELIVERED BY U.S. MAIL

Authentic Dental Lab
1950 Bandera Rd.
San Antonio, Texas 78228

LOCAL PHONE: (210) 735-1433
PHONE: (800) 683-1025
FAX:  (210) 735-2127
EMAIL: services@authenticlab.com

Attn: President

Re:   Infringement of Glidewell Laboratories' BruxZir® Trademarks,
Misbranding, Violation of Federal Acts and State Statutes and Unfair Business
Practices

# Exhibit H
## Materials regarding Glidewell efforts against third-party "BRUX" marks

The serious matter of your infringement of my client's proprietary property rights in connection with the unauthorized use Glidewell Laboratories' registered trademarks on your work order has come to our attention.

Glidewell Laboratories has for years used the mark BRUXZIR both nationally and internationally to identify its dental laboratory goods and services in the US and its CE certified BruxZir® zirconia milling blanks in Europe. The company enjoys considerable good will associated with its use of the aforesaid mark.

The promotion of dental laboratory services by your lab of Brux crowns is using a similar mark where there is an appreciable likelihood of confusion and a palming off goods by an unauthorized substitution of one brand for the brand ordered, which in this instance is a deliberate misappropriation of intellectual capital for commercial purposes that is actionable unfair competition under California law (California Business and Professions Code §17200)

Under federal law, Trademark infringement is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the mark. Infringement is a 'tarnishment' of the owner's mark and results in "brand confusion' and the likelihood of 'initial interest' confusion as to the actual identity of the source of the goods and services.

For the above reasons, we must insist that you immediately cease use of the infringing marks in your promotions and elsewhere. Should you not terminate use of the mark, Glidewell Laboratories reserves its rights to take legal action to stop you from using the mark by seeking an injunction, monetary relief, and attorney fees.

Please contact me, or have your attorney contact me, within ten days of receipt of this communication if you are unsure about the appropriate steps that you must take to avoid liability for your refusal to discontinue your use of the infringing marks. Additionally, if you wish to be on the list of BruxZir® authorized dental laboratories, call Glidewell Direct.

Your prompt attention is appreciated.

Sincerely,
KEITH D. ALLRED
Attorney for Glidewell Laboratories
4141 MacArthur Blvd.
Newport Beach, CA 92660
Tel 949-440-2683
Fax 949-440-2787
Email kallred@glidewelldental.com

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

## Exhibit H
## Materials regarding Glidewell efforts against third-party "BRUX" marks



# Exhibit H
## Materials regarding Glidewell efforts against third-party "BRUX" marks

### Exhibit H-4

| **Trademark** | **Z-BRUX** | |
|---|---|---|
| *Telephone conference between KDA's attorney and Steve Leonetti of Assured Dental Lab on December 6, 2011* | *Witness/expected testimony Information* | *Description of that Sample advertisement/use* |
| | In a telephone conference between defendant's attorney and Steve Leonetti of Assured Dental Lab on December 6, 2011, Mr. Leonetti stated that Assured searched and adopted Z-BRUX, but Glidewell demanded that they stop (and in the same email, suggested that Assured order product from Glidewell).  Assured declined and instead renamed its product FMZ. | Information regarding Assured's Z-BRUX product, prior to being renamed FMZ (from: http://www.dentistrytoday.com/new-products/3499-zirconia-restoration-assured-dental-lab) |

*Sample advertisement/use of this mark by the third party:*



ZIRCONIA RESTORATION - Assured Dental Lab

Written by Dentistry Today

Z-Brux is a 100%, full-milled pure zirconia restoration; there is no porcelain overlay to create porcelain fractures. Due to the aesthetic qualities of Z-Brux's zirconia and its 1,000 MPa flexural strength, it is a great alternative to a PFM with a metal occlusal or a full-cast gold crown. Half the price of a gold crown, Z-brux offers adjustability, stainability, and excellent marginal fit. For more information, call (877) 283-5351 or visit assureddentallab.com.

# Exhibit H
## Materials regarding Glidewell efforts against third-party "BRUX" marks

### Exhibit H-5

| Trademark | BRUX |
|---|---|
| Settlement Communications | Report referenced in those settlement communications listing several BRUX trademarks for dental appliances |

KEATI-L3844 BRUX Trademarks
J. Mark Holland & Associates

| First Use In Commerce | Filing Date | Mark | Status | Goods/Services | Reg. No. | Reg. Date | Ser. No. |
|---|---|---|---|---|---|---|---|
| 12/1/1985 | 2/26/2000 | BRUX-EZE | Live | Dental appliances, namely removable occlusal overlays, fixation devices and the like, used for the treatment of bruxism and temporomandibular joint dysfunctions | 2473238 | 7/31/2001 | 75/931489 |
| 6/16/1986 | 4/6/1989 | BRUX-EZE | Dead | Dental appliances, namely, removable occlusal overlays, fixation devices, and the like, used for treatment of bruxism and temporomandibular joint dysfunctions | 1608966 | 8/7/1990 | 73791491 |
| 1/15/1997 | 2/24/1999 | BRUXCARE | Dead | Medical and Dental instruments, namely electronic instruments used to measure and log muscle activity or to provide feedback on muscle activity | 2399235 | 10/31/2000 | 75/645104 |
| 3/1/1999 | 5/1/1997 | BRUXGUARD | Live | dental mouth guards for medical purposes | 2251807 | 6/8/1999 | 75/284579 |
| 7/28/2003 | 3/12/2003 | BRUXGUARD | Dead | interocclusal appliances | | | 78/224,819 |
| 10/1/2006 | 5/25/2007 | DR. BRUX | Live | Surgical, medical, dental and veterinary apparatus and instruments | 3775126 | 4/13/2010 | 77/190356 |
| | 11/20/2006 | BRUX-INDICATOR | Dead | Dentistry | | | 77/047,447 |
| 6/6/2009 | 6/17/2009 | BRUXZIR | Live | Dental bridges; Dental caps; Dental crowns; Dental inlays; Dental onlays; Dental prostheses | 3739663 | 1/19/2010 | 77/761757 |
| | 8/24/2009 | BRUX-CHECKER | Live | Plastic material for producing dental diagnostic tools, namely, plastic foils for use in dental deep-drawing processes | 3956476 | 5/10/2011 | 77/810993 |
| 11/10/2009 | 5/27/2011 | BRUXZIR | Live | Dental ceramics | | | 85/332886 |

Wednesday, November 16, 2011

KEATI-L3844 BRUX Trademarks
J. Mark Holland & Associates

| First Use In Commerce | Filing Date | Mark | Status | Goods/Services | Reg. No. | Reg. Date | Ser. No. |
|---|---|---|---|---|---|---|---|
| 12/17/2009 | 6/16/2010 | BRUX XXX | Live | Apparatus & instruments for diagnosis or for treatment of bruxism | | | 85/064,148 |
| | 8/24/2010 | BRUXQuickSplint | Live | Bite trays; Dental bite trays | | | 85/114,142 |
| | 12/1/2010 | BRUXOMETER | Dead | Device that measures time, duration, frequency or intensity or any other measurement of the bruxing, gnashing or grinding of teeth or jaw | | | 85/188,653 |
| | 4/5/2011 | KDZ BRUXER | Live | Dental prostheses | | | 85287029 |
| | 6/8/2011 | BRUX BUSTER CUSTOM NIGHT GUARD | Live | Mouth guards for medical | | | 85/341,369 |

# Exhibit H
## Materials regarding Glidewell efforts against third-party "BRUX" marks

*Settlement email communications between KDA's attorney and Glidewell's attorney:*

---------- Forwarded message ----------
From: **J. Mark Holland** <mholland@jmhlaw.com>
Date: Thu, Nov 17, 2011 at 12:07 PM
Subject: Settlement Communication RE: Glidewell v. Keating; Our Files: KEATI-L3843, L3844
To: Janis Foreman <jforemantachlaw@aol.com>, "Leonard Tachner Esq." <tachlaw@aol.com>, "Leonard Tachner Esq." <ltachnere@aol.com>, Ltachner@aol.com
Cc: Bob Brandon <bob@keatingdentalarts.com>, Diane Mallos <Diane@keatingdentalarts.com>, "J. Mark Holland & Associates" <office@jmhlaw.com>, Shaun Keating <shaun@keatingdentalarts.com>, "Thomas L. Gourde" <tgourdelaw@cox.net>

SETTLEMENT COMMUNICATION

ALL EVIDENTIARY PRIVILEGES APPLY

Mr. Tachner,

This is the summary I mentioned in our conference and my subsequent email on November 8.

We hope and intend that it can lead the parties to resolve this dispute in a prompt and cost-effective manner. It is not intended to be comprehensive of, nor binding with respect to, my client's defenses, claims, arguments, or positions. My client reserves its rights to present additional, different, and/or other positions, etc. if the dispute is not promptly settled.

With that said, however, we do hope that your client's review and consideration of this information will lead them to agree that any trademark rights that they have in the mark BRUXZIR are not so broad as to cover competitors' use of BRUXER as part of an overall logo and trademark (such as my client's mark KDZ BRUXER AND DESIGN).

In that regard, attached is a report listing several BRUX trademarks for dental appliances, many of which predate your client's BRUXZIR mark. Among other things, your indication that you were not aware of any other "BRUX" registrations that predate your client's alleged rights leads me to hope that perhaps your client is likewise unaware of these other registrations (and possibly other trademarks uses of "BRUX" in connection with the dental industry and related goods and services). I also hope that by bringing these to your client's attention, your client will modify its current position regarding the scope of your client's trademark rights with respect to my client's trademark.

In passing, and in case you are not aware of this, we understand that your client is trying to stop competitors from using even the term BRUX. Obviously, your client can confirm to you this and any other efforts it may have made against competitors using any form of BRUX; we certainly expect to take discovery from your client in that regard, if there is no settlement of this dispute.

**Exhibit H**
Materials regarding Glidewell efforts against third-party "BRUX" marks

In addition to the marks in the attached report, we presume that your client is at least aware of the generic nature of BRUXISM and related words such as BRUXER, BRUXING, etc. Among other things, every dentist whom I have asked, "What do you think of when I say the word BRUXER?" has said something to the effect of, "A bruxer is a patient who suffers from bruxism. We learned that in the first week of dental school." Several of those dentists indicated that they were also familiar with your client's extensive advertising of its new BRUXZIR product, but none of those dentists thought that your client should be able to exclude competitors from using the generic term BRUXER.

Also, in case your client has a different position on this issue, my client is not aware of any confusion among customers because of the KDZ BRUXER and your client's BRUXZIR marks. As you may be aware, at least the following factors indicate that any such confusion is NOT likely:

1. the dentists who are the "customers" for these products commonly buy from a single lab, and therefore when placing an order, the dentist KNOWS that he/she is receiving a product from THAT lab (e.g., many of my client's customers only buy these products from my client, and therefore they KNOW that they are not buying your client's products).

2. Those "customers" are persons who have graduated from dental school, and many have been practicing for years, including treating their patients' bruxism on a regular basis. They are well-educated and discerning customers, and not likely to be easily confused about the products of this nature that they purchase.

3. The cost of these zirconia crowns is another HUGE factor indicating that there is no likelihood of confusion. As you may be aware, the popularity and use of zirconia crowns is related to the fact that the traditional crowns were made with gold, and the price of gold has made "gold crowns" substantially more expensive than they used to be. Although more cost-effective than gold, these zirconia crowns are themselves not inexpensive, as your client is aware.

# Exhibit H
## Materials regarding Glidewell efforts against third-party "BRUX" marks

Accordingly, the dentists who buy them (for the dentists' patients) are more likely to be focused on and aware of the product that they are buying (and the SOURCE of that product) than for a product that was relatively inexpensive.

4.The quality of the crown is critical to the customer's (the dentist's) success. If the dentist receives and uses an inferior crown, their patient will NOT be pleased (and likely will have to come back repeatedly for corrective actions), and will not be likely to refer others to that dentist. Thus, the dentist's reputation is directly connected to the quality of the crown. This is another reason that the dentists pay great attention to the source of those crowns, and are not likely to be confused as to that source.

In case it is helpful for your review of this issue, here are some links to a few articles on bruxism and bruxers:

- http://www.phillyimc.org/en/are-you-bruxer. Among other things, the article states that "According to obtained information from research papers, bruxism is one of the most common sleeping disorders. Bruxers or those who suffer from bruxism however, are unaware of it until the negative effects of the disorder are already apparent."

- http://www.aapd.org/upload/articles/Weideman-18-07.pdf. This is a research article that dates back to 1996 and is related to child bruxers and bruxism.

- http://www.yourdentistryguide.com/bruxing/. This is another article on bruxers, from a consumer guide to bruxism

- http://www.austindental.com/more/bruxism.shtml

- http://www.head-face-med.com/content/5/1/7

- http://cde.dentalaegis.com/courses/4469

To the extent that your client does NOT conclude that there is no likelihood of confusion (and withdraw both its lawsuit and opposition), my client is prepared to oppose your client's pending application to register BRUXZIR for additional goods. As you are aware, your client's application was published 11/1/11, so the deadline for any opposition by my client will be 12/1/11. My client would expect to allege harm if your client obtains yet another registration and presumably continues to assert that it (like its existing registration) gives your client the right to stop competitors from legitimate use of the word BRUXER. To avoid further complicating the situation by my client filing such an opposition, we are hopeful that your client could respond with all deliberate speed, and in advance of that deadline.

Also, if your client does not change its position, my client expects to bring the foregoing information to the attention of the Court at the earliest opportunity, perhaps in a motion for summary judgment. If that becomes necessary, my client also expects to request sanctions against your client for bad faith prosecution of these claims, in light of the foregoing and other facts and evidence. As I have repeatedly indicated, it appears that your client is unlawfully overreaching when it tries to preclude competitors from using BRUX and/or BRUXER as part of those competitors' marks.

Again, I appreciate your indication that you would present this information to your client and to get back

# Exhibit H
## Materials regarding Glidewell efforts against third-party "BRUX" marks

to us promptly as to whether your client has changed its position.  Among other things, my client needs to know whether to continue expending time, money, and effort in defending against your client's claims.  With all due respect, under the facts and circumstances (including those described above), it appears that my client has a good chance of being awarded its costs, fees, and treble damages against your client, and any further continuation of this dispute will simply increase that risk and exposure to your client.

Very truly yours,

Mark Holland

*****************************************

J. Mark Holland

J. Mark Holland & Associates

e: mholland@jmhlaw.com

p: 949-718-6750

*****************************************

---------- Forwarded message ----------
From: <Ltachner@aol.com>
Date: Tue, Nov 22, 2011 at 2:33 PM
Subject: Re: Glidewell v. KDA - Joint Report; Our File: KEATI-L3844
To: mholland@jmhlaw.com

Mr. Holland: After consideration of your email letter of 11/17, it's been decided to proceed with the litigation. Leonard

In a message dated 11/22/2011 1:16:41 P.M. Pacific Standard Time, mholland@jmhlaw.com writes:

Mr. Tachner,

Thank you.  We expect to forward it to you on Monday.

In the meantime, please advise as to the status of your client's review of the materials we forwarded regarding the term BRUX, etc.

Have a great Thanksgiving,

Mark Holland

**Exhibit H**

Materials regarding Glidewell efforts against third-party "BRUX" marks

**From:** jmhlaw.confl.em.overflow2@gmail.com [mailto:jmhlaw.confl.em.overflow2@gmail.com] **On Behalf Of** J. Mark Holland
**Sent:** Tuesday, November 08, 2011 10:43 AM
**To:** Ltachner@aol.com
**Cc:** office@jmhlaw.com; Bob Brandon; Diane Mallos; Janis Foreman; Leonard Tachner Esq.; Shaun Keating; Thomas L. Gourde
**Subject:** Re: Conferences re: Glidewell v. Keating; Our Files: KEATI-L3843, L3844

Mr. Tachner,

Pursuant to our conference few minutes ago and your email below, I understand that:

1. you will call on Friday, Nov. 18, at 2 p.m. for the Rule 26(f) conference in the lawsuit.

2. we will postpone the settlement conference in the opposition, for at least a few days.

3. perhaps most importantly, you indicated that you are NOT aware of the several BRUX trademarks for dental appliances that far predate your client's BRUXZIR mark (and therefore presumably limit the scope of your client's trademark rights). Among other things, you indicated that you did not prosecute the application that led to your client's registration.

Rather than immediately proceed to some formal filing in this regard, I suggested that I forward to you an informal summary of this information as presently known to me, and ask your client and you to review your client's positions regarding the scope of the BRUXZIR mark. As I also indicated to you, it appears that your client is unlawfully overreaching when it tries to preclude competitors from using BRUX and/or BRUXER as part of those competitors' marks.

I hope to forward that summary to you later today, and I appreciate your indication that you would timely present it to your client and get back to us one way or the other, so that we can know whether to continue expending time, money, and effort in defending against your client's claims. In the circumstances, it appears that my client has a

**Exhibit H**
## Materials regarding Glidewell efforts against third-party "BRUX" marks

good chance of being awarded its costs, fees, and treble damages against your client, and any further continuation of this dispute will simply increase that risk to your client.

Very truly yours,

Mark Holland

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

J. Mark Holland

J. Mark Holland & Associates

e: mholland@jmhlaw.com

p: 949-718-6750

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*