```
1  J. MARK HOLLAND (140453)
2  J. MARK HOLLAND & ASSOCIATES
    a Professional Law Corporation
3  3 San Joaquin Plaza, Suite 210
   Newport Beach, CA 92660
4  Telephone: (949) 718-6750
   Facsimile: (949) 718-6756
5  Email: office@jmhlaw.com

6  Attorneys for Defendant and Counterclaim Plaintiff
   KEATING DENTAL ARTS, INC.
7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                   SOUTHERN DIVISION
```

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, | |
| Plaintiff, | Civil Action No. SA-CV-ll-01309-DOC(ANx) |
| vs. | **MEMORANDUM IN SUPPORT OF DEFENDANT KDA'S EX PARTE APPLICATION TO RESCHEDULE HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| KEATING DENTAL ARTS, INC., a California corporation, | |
| Defendants. | |
| KEATING DENTAL ARTS, INC. a California corporation, | |
| Plaintiff, | **CURRENTLY SCHEDULED HEARING DATE:** Monday, March 5, 2012 |
| vs. | **PROPOSED HEARING DATE:** Monday, March 26, 2012 |
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, and DOES 1 THROUGH 5, inclusive, | **HEARING TIME:** 8:30 a.m. |
| Defendants. | |

**NOTICE OF MOTION AND MOTION TO RESCHEDULE HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                    1

Pursuant to Rule 7 (Fed.R.Civ.P.) and L.R. 7-19 and 7-19.1, Defendant Keating Dental Arts, Inc. ("KDA") is applying ex parte for the Court to postpone the hearing date (and the related briefing schedule) for KDA's pending Motion for Partial Summary Judgment.

The postponement being sought is for the benefit of opposing counsel and his client, to permit them additional time to prepare and file Glidewell's opposition to KDA's pending Motion for Partial Summary Judgment. If the Court and/or opposing counsel instead want to proceed with the hearing on the currently-scheduled date of March 5, KDA and its undersigned counsel are prepared to do that.

The name, address, telephone number, and e-mail address of opposing counsel is as follows:

Leonard Tachner, Esq.

3990 Westerly Pl.

Newport Beach, California 92660

Telephone: 949-752-8525

E-mail: tachlaw@aol.com and Ltachner@aol.com and jforemantachlaw@aol.com

The undersigned KDA attorney called opposing counsel yesterday and discussed the matters below, and the remarks below reflect some the substance of that discussion.

A proposed revised hearing date and briefing schedule is set forth in the [Proposed] Order filed herewith, and proposes postponing the hearing and all related dates by 21 days, as also set forth here:

| Event Re KDA's Motion for Partial Summary Judgment | Currently Scheduled For: | Proposed New Date: |
|---|---|---|
| Glidewell Opposition Brief | February 13, 2012 | March 5, 2012 |
| KDA Reply Brief, if Any | February 20, 2012 | March 12, 2012 |

Although this motion is filed on behalf of KDA, it is made necessary because of certain personal matters involving the undersigned <u>attorney</u> for KDA. The need for this postponement is NOT the fault of KDA in any way.

Moreover, KDA's undersigned attorney hopes and believes that some reasonable accommodation for rescheduling can be reached that will not unduly prejudice or inconvenience the Court or either of the parties. The undersigned notes that, to date, opposing counsel Mr. Tachner has been very reasonable in connection with the matters discussed herein, and the undersigned is grateful and looks forward to reciprocating, including as set forth herein.

The postponement is intended for the reasonable benefit of opposing counsel and his client Glidewell, to help ensure that they have a full and fair opportunity to review and file any opposition brief regarding KDA's Motion for Partial Summary Judgment.

When the undersigned discussed this matter yesterday with opposing counsel Mr. Tachner, he initially suggested that three-four weeks postponement might be sufficient for him to prepare his filings. As noted in the Ex Parte Application itself, however, Mr. Tachner also made clear that his client would not stipulate to any extension, and thus the undersigned has brought this matter to the Court ex parte. Mr. Tachner did not indicate whether his client would file any opposition to this application for postponement.

The undersigned is requesting this postponement due to his not insubstantial delays in preparing and filing KDA's Motion for Partial Summary Judgment. Rather than providing those documents to opposing counsel on the originally-intended "advance" filing/service date of January 4, 2012 (which would have given Glidewell far more than a normal amount of time to review the materials before filing its opposition), the undersigned did not complete that filing until

**NOTICE OF MOTION AND MOTION TO RESCHEDULE HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                                                 3

yesterday.

As the originally-planned service date of January 4 arrived and passed, and subsequent revised target dates did as well, the undersigned communicated several times with opposing counsel Mr. Tachner and indicated that the undersigned would need more time to complete the filing.  As the delay turned into several weeks, the undersigned emailed to opposing counsel one of the main cases upon which he intended to base KDA's motion (the 2002 Microsoft v. Lindows.com decision regarding Microsoft's alleged rights in the trademark WINDOWS), and then even sent drafts of the various documents to opposing counsel, in hopes that opposing counsel would be able to review those materials and begin preparing any response/opposition or other action on behalf of his client.

In case it matters to the Court or to opposing counsel as they consider this issue, the reasons for the delay include the following:  a prolonged visit from the undersigned's entire out-of-state family (from Louisiana, Kansas, Oklahoma, Texas, and San Francisco; the December/January holidays generally, and other personal matters, including a severe and prolonged bout of the recent flu epidemic that has been going around (that flu is continuing to linger for weeks after the undersigned and his office staff and family initially came down with it in January).

The Court may recall that, during the Scheduling Conference just before Christmas, the Court accepted the undersigned's request for a hearing date on the Motion for Partial Summary Judgment, and set it for March 5, 2012.  In suggesting that date, the undersigned expected and intended to be able to file and serve KDA's Motion for Partial Summary Judgment by around January 4.  That date would afford opposing counsel and his client more than a month to review the motion and its supporting papers prior to filing any opposition to the motion.

Yesterday, the undersigned finally completed the documents and filed and served them on opposing counsel.  The undersigned confirms to the Court and to

**NOTICE OF MOTION AND MOTION TO RESCHEDULE HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                                                     4

opposing counsel that this delay was not intentional and definitely was not intended to try to obtain any unfair advantage over opposing counsel or his client. The undersigned understands that considerations of fairness and due process require that opposing counsel and his client be afforded a reasonable opportunity to review and respond to KDA's Motion for Partial Summary Judgment. The undersigned would expect nothing less if the situation were reversed.

Accordingly, subject to the Court's approval, KDA hereby requests that the hearing date for KDA's Motion for Partial Summary Judgment be moved from March 5 to March 26. Under the Court's normal briefing schedule, this means that Glidewell's opposition will be due on March 5, and any reply by KDA on March 12.

There are two other related considerations that are not discussed above, but which were discussed with opposing counsel yesterday.

The first is discovery during the interim (between now and the hearing, whenever it may be rescheduled). To date, the parties have foregone formal discovery, based on the expected March 5 hearing date and the impact that the Court's ruling may have on the dispute. However, opposing counsel expressed concern that the rescheduling discussed herein may affect his client's ability to complete discovery in a timely manner. In view of the relatively short proposed extension for the hearing date (three weeks), the undersigned remains hopeful that the parties and their counsel can work out a reasonable accommodation of Glidewell's concerns. Among other things, KDA might agree to shortened response times, or Glidewell might limit any immediate discovery requests to those needed for responding to KDA's Motion for Partial Summary Judgment or any other relatively "immediate" issues.

The second is the Settlement Conference with Magistrate Judge Nakazato, currently scheduled for March 22, 2012. The parties selected that date in part

because they hoped to have the Court's ruling on KDA's Motion for Partial Summary Judgment prior to that date, so that they could consider that ruling in connection with that settlement conference. In view of the foregoing, the undersigned expects to request a similar postponement of the date for that Settlement Conference (subject to the approval of Magistrate Judge Nakazato).

Respectfully submitted,

Dated: 2012-02-14

/J. Mark Holland/
J. Mark Holland
**J. MARK HOLLAND & ASSOCIATES**
Attorney for Defendant and Counterclaim-Plaintiff KEATING DENTAL ARTS, INC., a California corporation

Z:\Winword\KEATI\L3844\Pleadings\Motions-Related\KDA_Motion_for_PSJ\Motion_PSJ_Glidewell_v_Keating_Dental_02.doc

**NOTICE OF MOTION AND MOTION TO RESCHEDULE HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                   6