J. MARK HOLLAND (140453)
**J. MARK HOLLAND & ASSOCIATES**
a Professional Law Corporation
3 San Joaquin Plaza, Suite 210
Newport Beach, CA 92660
Telephone: (949) 718-6750
Facsimile: (949) 718-6756
Email: office@jmhlaw.com

Attorneys for Defendant and Counterclaim Plaintiff
KEATING DENTAL ARTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> KEATING DENTAL ARTS, INC., a California corporation, <br><br> Defendants. <br><br> ——————————————— <br> KEATING DENTAL ARTS, INC. a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, and DOES 1 THROUGH 5, inclusive, <br><br> Defendants. | Civil Action No. SA-CV-ll-01309-DOC(ANx) <br><br> **REPLY IN SUPPORT OF DEFENDANT KDA'S EX PARTE APPLICATION TO RESCHEDULE HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> **CURRENTLY SCHEDULED HEARING DATE:** <br> Monday, March 5, 2012 <br><br> **PROPOSED HEARING DATE:** <br> Monday, March 26, 2012 <br><br> **HEARING TIME:** <br> 8:30 a.m. |

**REPLY IN SUPPORT OF KDA'S EX PARTE APPLICATION TO RESCHEDULE HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                                                                                   1

Defendant Keating Dental Arts, Inc. ("KDA") has applied ex parte for the Court to postpone the hearing date (and the related briefing schedule) for KDA's pending Motion for Partial Summary Judgment (PSJ).

## SUMMARY:

Although the undersigned provides further "substance" below regarding issues raise in the opposition that Glidewell filed last night, the undersigned respectfully submits that the controlling considerations should be the following, to which Glidewell offered NO challenge:

1. Apparently Glidewell will suffer <u>no</u> prejudice by this 21-day delay (at least Glidewell's opposition mentions no such prejudice). In fact, Glidewell will have the benefit of yet <u>additional</u> time in which to prepare its Opposition Brief regarding KDA's Motion for PSJ.

2. The reason that Glidewell cannot argue that it suffered any prejudice is likely because, on **January 10** (<u>less than one week after the January 4 date</u> on which the undersigned had "intended" to file and serve KDA's Motion for PSJ), the undersigned sent to Glidewell's counsel an email. In it, the undersigned acknowledged that he was late in filing that motion and, in an effort to mitigate any "damage" caused by that delay, the undersigned not only <u>forwarded a copy of the central caselaw</u> upon which KDA's Motion for PSJ would be based, but <u>also provided a written summary of the substance of that motion</u>. A copy of that email is included below, in the DETAILS section of this Reply Memorandum.

3. Glidewell's requested action (of the Court dismissing KDA's pending Motion for PSJ) clearly <u>would</u> be detrimental to KDA, when in fact KDA is not at fault for the delayed filing of that motion. If some "punishment" is to be administered by the Court, it should be against the undersigned, <u>not</u> against KDA.

4. Glidewell does not assert that the 21-day postponement will be an insufficient amount of time for Glidewell to prepare its Opposition. Indeed, Glidewell has been on notice of the need to prepare its Opposition since at least the Court's Scheduling Conference in mid-December.

These and additional details that respond to some of the points that Glidewell <u>did</u> raise are included below, but with all due respect, it appears that the foregoing factors should be the ones of most concern and importance to the Court's decision and its efforts to administer justice fairly.

**DETAILS:**

In Plaintiff Glidewell's opposition to the proposed 21-day postponement, Glidewell does not present any "substantive" points. Instead, Glidewell's opposition merely casts aspersions on the undersigned (while giving lip service to <u>not</u> doing so).

Most importantly, Glidewell's opposition does not provide any rationale for its request that the Court dismiss KDA's pending Motion for PSJ. That dismissal clearly would be detrimental to KDA, when in fact KDA is not at fault. If some "punishment" is to be administered by the Court, it should be against the undersigned, <u>not</u> against KDA.

In addition, Glidewell does not provide <u>any</u> indication as to why a 21-day postponement would prejudice Glidewell or its attorney in any manner – they apparently have no scheduling conflicts, and apparently they concede that this delay at this early stage of the litigation will have no negative impact on Glidewell's ability to litigate the matter.

Perhaps most notably absent is any assertion that a 21-day postponement will not be sufficient for Glidewell to prepare and file its opposition to KDA's Motion for PSJ.

**As indicated above, the following email presumably explains why Glidewell is effectively conceding that Glidewell is not prejudiced by the proposed 21-day postponement.** On **January 10** (less than one week after the date on which the undersigned had "intended" to file and serve KDA's Motion for PSJ), the undersigned sent to Glidewell's counsel the following email. In it, the undersigned acknowledged that he was late in filing that motion and, in an effort to mitigate any "damage" caused by that delay, the undersigned not only forwarded a copy of the central caselaw upon which KDA's Motion for PSJ would be based, but also provided a written summary of the substance of that motion:

> …I apologize for the slight further delay. In the interim, and especially in case it may modify your client's position (e.g., in view of our discussion outside of the courthouse about "iPhone" and hypothetical attempts by Apple to stop competitors from using the term "Phone" as part of their trademarks), attached is a copy of a 2002 decision in Microsoft v. Lindows.com (an order dated March 15, 2002). Among other things, the decision confirms some of the points I was trying to make in our discussion, which will be relevant to the motion for partial summary judgment.
>
> One example seems especially relevant, and seems to parallel your client's efforts to establish exclusive rights to the term BRUX. Despite Microsoft having by that time sold 677 million licenses of its WINDOWS products (generating $36.5 billion in revenues for Microsoft), Microsoft was held to NOT be likely to succeed on the merits, because the term WINDOWS was generic. In other words, even with its MASSIVE marketing efforts and despite its great success (with WINDOWS being used in more than 90% of the PC market) AND Microsoft's registration of the term, the Court held that the term (WINDOWS) was likely generic and therefore available for ALL competitors to use in their trademarks.
>
> Similarly, your client is attempting to exert exclusive rights over BRUX, at least in part based on your client's extensive advertising of its BRUXZIR mark. In some ways, your client's position is arguably much worse than Microsoft's; at least Microsoft had registered the actual generic mark on which it was basing its claim (WINDOWS), whereas your client has only adopted and used and registered BRUXZIR but insists that its rights include the generic portion of that mark (BRUX). Even if your client had registered and was using ONLY the term "BRUX", its asserted rights would be subject to the same problems encountered by Microsoft. Having instead chosen and used the more complicated mark and substantially different mark BRUXZIR, it makes it even more difficult to

> understand why your client should therefore be entitled to stop competitors from using BRUX (or BRUX derivatives such as BRUXER) in their trademarks.
>
> I will be pleasantly surprised if your review of the Microsoft/Lindows decision leads your client to reconsider its position, and absent hearing from you to that effect, I will endeavor to complete and forward to you immediately the First Amended Answer and the Motion for Partial Summary Judgment.

Thus, had Glidewell's attorney chosen to do so, he could have easily begun preparing Glidewell's opposition far in advance of receiving the actual documents as were eventually filed by the undersigned. It certainly is possible that Glidewell's attorney did begin preparing Glidewell's opposition on January 10, or even earlier.

As for the points that Glidewell did raise in its current opposition to rescheduling, the undersigned KDA attorney provides the following for the Court's consideration:

1. In order for KDA's Motion for PSJ to be for partial (rather than complete) summary judgment, the undersigned first needed to prepare and file KDA's First Amended Answer and Counterclaims. Otherwise, were the Court to rule in KDA's favor on KDA's Motion for PSJ, that judgment would effectively resolve the entire case (without KDA being in a position to press KDA's claims against Glidewell for damages, unfair competition, etc.). Thus, it was substantively necessary to first file KDA's First Amended Answer and Counterclaims, before filing KDA's Motion for PSJ.

2. Rather than adding to the "suspicion" as to reasons for the delayed filing by the undersigned, preparing and filing KDA's First Amended Answer and Counterclaims was part of the reason FOR the delay.

3. Other activity during that "delay" period including negotiating a Stipulated Protective Order, that had to be revised and refiled by Mr. Tachner after further communications with the undersigned. Again, this

effort was one of the many factors in the undersigned's "delay."

4. Glidewell does NOT even acknowledge the substantial "advance" notice that Glidewell already had regarding KDA's Motion for PSJ. Among other things, the amount of that notice and the information that WAS provided to Glidewell during the delay was so substantial that it probably explains why Glidewell is not now in a position to assert that Glidewell is suffering any prejudice. Among other things:

- During the Court's Scheduling Conference in mid-December, Glidewell's counsel was put on notice of not just the fact of KDA's Motion for PSJ, but the <u>substance</u> of that motion. In requesting that the Court place that Motion for PSJ on the Court's calendar, the undersigned explained in open court, to both the Court and Glidewell's counsel: BRUX and BRUXER are generic terms within the dental profession, and it is unfair for Glidewell to try to stop KDA and other competitors from using those terms as part of their trademarks (the undersigned also mentioned that, based on the volume and strength of the evidence of that genericity, it would be extremely unfair to make KDA litigate the entire matter via the Court's normal litigation schedule).

- On that same afternoon, as the attorneys walked out of the courthouse after the Scheduling Conference, Glidewell's counsel received even further "advance" details about KDA's Motion for PSJ. As mentioned in KDA's Memo in Support of KDA's Motion for PSJ (beginning at approximately p. 22, l. 17 of that Memo, for example), the attorneys discussed the "genericity" issue. Glidewell's counsel even suggested that Apple's iPhone trademark would be analogous to Glidewell's BruxZir trademark (prompting the undersigned to include

the iPhone concept within KDA's Memo in Support, as it IS analogous, but in favor of KDA instead of Glidewell).

- Subsequently, being mindful of the delay as it was unfolding, the undersigned gave further advance "notice" and details to Glidewell's counsel, including at least the following two examples.
    - A January 30 email (that the undersigned sent to Glidewell's counsel in between the two water main breaks), stating:

Leonard, On top of Friday's broken water main (which we finally got repaired with a temporary patch), I have been fighting the flu. Regardless, I wanted to get to you at least something, so attached is a DRAFT First Amended Answer, etc. Flu permitting, I expect to finish and file this tomorrow morning, and hopefully there will not be too many (or any) changes from the attached.

I hope this helps demonstrate my continuing good faith efforts to get this and the Motion for Partial Summary Judgment to you, and that I can complete and forward to you that motion later tomorrow.

    - In a February 7 email, nearly a week <u>before</u> finally filing KDA's Motion for PSJ, the undersigned again acknowledged the unintended delay in filing, <u>and</u> forwarded to Glidewell's counsel drafts of <u>all</u> but one of the documents for KDA's Motion for PSJ:

Leonard, Attached are all but ONE of the docs we will be filing tomorrow as KDA's Motion for Partial Summary Judgment. I expect to complete and serve on you the final one (the Memo in Support) by around mid-day tomorrow.

One problem we have been trying to resolve is the substantial size of some of the exhibits. In total, there are Exhibits A-G to the Adnan Declaration. I will try to transmit them in chunks of less than 20 MB. If that does not work or if you have some other approach you prefer (e.g., I can post them to a "large file sharing site" from which you can download them), please advise.

I apologize for the delay in getting these materials to you, but I continue to hope and believe that the case law and summaries I did email to you were consistent with the attached and were sufficient to provide you some opportunity to put together your client's response filing.

Please advise if you want or need to take some other approach. Absent hearing from you, I will proceed as indicated above.

Further regarding the "credibility" of the undersigned, the undersigned will be glad to provide to the Court and opposing counsel the plumber's bill for the work performed replacing the water main, and even a statement from the plumbers confirming that they repaired it <u>twice</u>, on consecutive Saturdays.

Finally, the undersigned hopes and presumes that the Court (if not opposing counsel) can understand the undersigned's hesitancy about including this in the undersigned's original ex parte application: the undersigned's wife has filed for divorce, and the Christmas and New Year's holidays and the weeks following were complicated by issues related to that unpleasant reality.

In any case, if KDA's Motion for PSJ is NOT heard "soon", KDA will be looking to recover from Glidewell <u>all</u> of its attorney fees and costs occasioned by that delay, on the basis that Glidewell is litigating this matter without a good faith basis in law or fact.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Signed at Newport Beach, California on February 16, 2012.

Dated: 2012-02-16            /J. Mark Holland/
                             J. Mark Holland
                             **J. MARK HOLLAND & ASSOCIATES**
                             Attorney for Defendant and Counterclaim-Plaintiff KEATING DENTAL ARTS, INC., a California corporation

Z:\Winword\KEATI\L3844\Pleadings\Motions-Related\KDA_Ex_Parte_Appl_to_Reschedule_Hearing_on_Motion_for_PSJ\Motion_REPLY_MEMO_to_Resch_Mot_on_PSJ_Glidewell_v_Keating_Dental.doc