J. MARK HOLLAND (140453)
**J. MARK HOLLAND & ASSOCIATES**
  a Professional Law Corporation
3 San Joaquin Plaza, Suite 210
Newport Beach, CA  92660
Telephone:  (949) 718-6750
Facsimile:  (949) 718-6756
Email: office@jmhlaw.com

Attorneys for Defendant and Counterclaim-Plaintiff
KEATING DENTAL ARTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>Defendants.<br><br>———————————————<br>KEATING DENTAL ARTS, INC. a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, and DOES 1 THROUGH 5, inclusive,<br><br>Defendants. | Civil Action No.<br>SA-CV-ll-01309-DOC(ANx)<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR®, AND ON ALL THREE CAUSES OF ACTION IN THE COMPLAINT**<br><br>**HEARING DATE:**<br>**Monday, March 26, 2012**<br><br>**HEARING TIME:**<br>**8:30 a.m.** |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR®**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)

# TABLE OF CONTENTS

I.   TABLE OF AUTHORITIES ................................................................... ii

II.  OVERVIEW ............................................................................................ 1

   A.   GW is NOT the First Company to Use BRUX in a Trademark for Dental Crowns ................................................................................. 2

   B.   KDA's Trademark is TWO Separate Words: KDZ BRUXER .......... 3

   C.   BRUX and BRUXER Are Generic ..................................................... 5

   D.   Other Generic Trademarks Shed Light on This Situation ................. 7

   E.   GW's Other Arguments are Red Herrings, Unsupported, and/or Irrelevant ............................................................................................ 9

III. CONCLUSION ....................................................................................... 10

# I. TABLE OF AUTHORITIES

**CASES**

*Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns*, 198 F.3d 1143, 1146 (9th Cir. 1999).............................................................................. 2

*Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111 (1938)............... 7, 8, 9

**OTHER AUTHORITIES**

G. Dinwoodie, *The Story of Kellogg Co. v. National Biscuit Co: Breakfast with Brandeis, in Intellectual Property Stories (R. Dreyfuss & J. Ginsburg eds., 2005)*....................................................... 8

## II. OVERVIEW

Perhaps intentionally, and as further explained below, Glidewell's (GW's) Opposition largely misses the point of the instant motion.

The motion is not challenging the validity of GW's mark BRUXZIR. It is not asserting that BRUXZIR is generic. It is not contending that GW's mark BRUXZIR is not extremely strong. It is not arguing that KDA's mark KDZ BRUXER is invalid or generic. It is not suggesting that two generic words cannot be combined to form a trademark. It is not debating whether GW has spent lots of money promoting its BRUXZIR product. It is not suggesting that GW has not sold lots of its BRUXZIR product.

Instead, the instant motion focuses on two words, each of which forms a part of the parties' marks, respectively: BRUX and BRUXER. KDA is asking the Court to hold that (for products related to bruxism that are sold to dental professionals) those two words BRUX and BRUXER are generic and not capable of being "owned" or controlled by any single party as a trademark.

Below, KDA attempts below to address at least most of the misdirected material in GW's Opposition. However, perhaps a simpler way to understand the present motion and the irrelevance of most of GW's Opposition is by considering a hypothetical fact pattern. In this hypothetical, rather than adopting BRUXZIR as the name of its product, GW adopted one of the words on which this motion focuses: BRUX or BRUXER. Thus, GW would have spent its millions of advertising and promotion dollars to develop that BRUX or BRUXER product name, and would have achieved millions of dollars and units of sales under that BRUX or BRUXER product name. If the Court then held (as KDA is requesting) that BRUX and BRUXER are generic terms with respect to these products

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                                                1

and markets, GW would have no trademark rights in BRUX or BRUXER (as noted in KDA's main brief, if a term lacks sufficient distinctiveness so that it is generic, the term "cannot be the subject of trademark protection under any circumstances." *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns*, 198 F.3d 1143, 1146 (9th Cir. 1999). Consequently, GW would not be able to stop KDA from using that generic term BRUXER in KDA's trademark for a competing product.

Given the actual facts, in which GW instead adopted and developed a <u>different</u> trademark (BRUXZIR) instead of BRUX or BRUXER, how can GW have the right to stop competitors from using BRUX or BRUXER (within or even AS the competitors' product names) that GW could <u>not</u> have gotten by <u>adopting those words themselves</u>?

The answer is that GW cannot have that right, and that the Court should so hold.

### A. <u>GW is NOT the First Company to Use BRUX in a Trademark for Dental Crowns</u>

In perhaps its most relevant comment on the actual issue in the current motion, GW asserts that:

> "Until PLAINTIFF adopted and began using its trademark BRUXZIR®, no one had used the term BRUX or BRUXER in a trademark for a dental restoration product. The various examples referred to in DEFENDANT'S Motion documents relate to products designed to inhibit or prevent nocturnal grinding of the teeth, not to crowns, bridges, etc." Opp. p. 14, l. 25 through p. 15, l. 2.

**GW's assertion is false**. As shown in KDA's motion, BRUX was used in a trademark for dental crowns, beginning nearly three years BEFORE GW adopted its own BRUX-based trademark. Specifically, U.S. Trademark Reg. No. 3,775,126 was filed in May 2007, and alleges first use

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)     2

in October 2006, on (among many other goods) **dental crowns**. KDA's Memo in Supp., p. 5, l. 24; Adnan Decl., p. 9-10. The mark covered by that registration is "DR. BRUX."

Indisputably, this shows that someone prior to GW "used the term BRUX or BRUXER in a trademark for a dental restoration product … [such as] crowns." Among other things, this means that the only sliver of an argument that GW had made is based on a false statement. GW was not the first to use BRUX or BRUXER in a trademark for a dental crown. Most importantly for the present motion, it shows that GW has no basis for trying to preclude competitors from also doing so.

### B. KDA's Trademark is TWO Separate Words: KDZ BRUXER

Preliminarily, and regardless of GW's motive for doing so, GW's Opposition is at least potentially misleading on one of the main facts in this lawsuit. KDA's trademark is KDZ BRUXER. It is two separate words, with five separate syllables. No matter how many times GW misstates it as a single word "KDZBRUXER" in its Opposition, KDA's trademark is not "KDZBRUXER."

For example, GW asserts that KDA's "mark consists of the plain letters KDZBRUXER as seen in an ad of Keating attached as an exhibit to the Complaint." GW Opp., p. 6, l. 26-27. Given the context of the present motion, it is important to note that GW's attempts to mislead on this point do not create a "genuine issue of material fact" and therefore are not sufficient to defeat KDA's requested summary judgment.

Instead, the undisputed evidence shows that there is not any "genuine issue of material fact" on this point. The Exhibit to which GW refers does not show the single word KDZBRUXER. Instead, as shown and set forth in the Brandon Declaration filed herewith, that exhibit shows "five separate

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                                            3

uses of our trademark in plain text (highlighted by the red ovals), all of which show the mark as two separate words: "KDZ" and "BRUXER". The one on the bottom left even separates those words onto two separate lines (par. 4)."

According to KDA's General Manager Mr. Brandon, KDA has always used those as two separate words (KDZ BRUXER) (Brandon Decl., par. 5), and it appears that only place in the world where they appear as a single word is in GW's current Opposition (Brandon Decl., par. 6).

Moreover, all available evidence shows that GW is aware that it is misrepresenting this to the Court. At <u>no</u> time prior to its Opposition has GW asserted that KDA's trademark is a single word KDZBRUXER. For example, through its entire Complaint and the exhibits attached thereto, GW <u>always</u> identifies the mark as two words:

- Ex. C to GW's Complaint is a May 31, 2011 cease-and-desist letter to KDA's counsel, from GW's attorney Mr. Tachner. In that one page letter, in the space of its only two substantive paragraphs, Mr. Tachner <u>correctly</u> wrote KDA's trademark as two separate words, and did so not less than THREE times.

- Ex. B to GW's Complaint is a KDA advertisement that likewise shows KDA's mark as KDZ BRUXER repeatedly (<u>with</u> a space, making it TWO words), and includes KDA's stylized logo of the same trademark (see Brandon Decl., above).

- In GW's Complaint, GW's attorney Mr. Tachner <u>always</u> identified the mark as KDZ BRUXER and <u>never</u> identified it as KDZBRUXER (<u>without</u> the space). He wrote it as two words at least 11 times within a 9-page Complaint. Nine of those

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                                                 4

were on the two main pages of "facts" (Complaint, p. 4 and 5).

GW itself has never previously described KDA's trademark as a single word. For example, in his August 9, 2011 demand letter to KDA, GW's Sales Manager (Robin Bartolo) wrote to KDA: "If you cancel your trademark application for **KDZ Bruxer** and use Bruxzir materials and the BruxZir trademark instead, we will not pursue legal action." (emphasis added re the two **separate** words; Ex. L to Adnan Decl. filed with KDA's Motion).

Despite the foregoing, GW's opposition misrepresents KDA's mark as KDZBRUXER (<u>without</u> the space) no less than eight times. Not once does GW state the mark correctly as <u>two</u> separate words (KDZ BRUXER, <u>with</u> the space). Apparently, GW is trying to confuse or mislead the Court into thinking that KDA's trademark is more like GW's <u>single</u>-word mark BruxZir. Rather than deal with the facts (the marks at issue are "BruxZir" and "KDZ Bruxer"), GW apparently wants the Court to think that the marks are "BRUXZIR" and "KDZBRUXER." That is simply false, and is a potentially critical point for the Court's consideration in this lawsuit: at bottom, in this trademark lawsuit, the Court must focus on the parties' trademarks – their <u>actual</u> trademarks.

*C. BRUX and BRUXER Are Generic*

Virtually nothing in GW's opposition appears to even challenge whether BRUX and BRUXER are generic, let alone raise any genuine issues of material fact regarding same. Indeed, at several points, GW even seems expressly to admit that they are generic:

> "<u>BRUX</u> is taken from the word BRUXISM which is a condition of nocturnal grinding of teeth known to cause extreme wear of posterior teeth. Use of the word portion BRUX is suggestive of hardness, durability and toughness that

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)  5

is capable of resisting even such extreme wear." GW Opp., p. 6, l. 6-9.

"…as used in PLAINTIFF'S trademark BRUXZIR®, the term <u>BRUX</u> merely suggests that its restoration products are hard, tough and durable." GW Opp., p. 15, l. 4-6.

"<u>BRUXER</u> is a term used to describe a person who suffers from the condition of Bruxism which is defined in the Background section above." GW Opp., p. 14, l. 7-8.

"PLAINTIFF has itself used [<u>BRUXER</u>] generically to refer to one type of dental patient who might benefit from the fracture resistance of the material." GW Opp., p. 16, l. 20-21.

(Emphasis added).

Although GW makes two <u>unsupported</u> contrary assertions that BRUX and BRUXER are <u>not</u> generic (see Opp. p. 14, l. 9-10., p. 16, l. 6-7), its only attempt to provide <u>evidence</u> on that point consists of the false statement noted above (that GW was the first to use the term BRUX or BRUXER in a trademark for a dental restoration product).

Besides being deficient to defeat KDA's instant motion, some related parts of GW's argument show the inherent inconsistency in even its attempted (falsely supported) posture:

"As previously stated, as used in PLAINTIFF'S trademark BRUXZIR®, the term <u>BRUX merely suggests that its restoration products are hard, tough and durable *[and therefore suitable to treat nocturnal grinding of the teeth, or "BRUXISM".]*</u>" Opp. p. 15, l. 4-6. (emphasis added) *[NOTE: KDA insertions are shown in **bold italics** in the preceding quote, and are discussed below.]*

GW cannot have it both ways. On the one hand, GW wants to enjoy the benefit of using "BRUX" in its own trademark BRUXZIR, to suggest to dental customers that its BRUXZIR products are "hard, tough and durable" – or as GW says in its actual marketing materials, that its BRUXZIR

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)      6

products are "for bruxers." As noted elsewhere, this is exactly what other companies have been doing for decades <u>prior</u> to GW – using BRUX as part of their trademarks, to signal to dental customers that their products are "hard, tough and durable" – in other words, "for bruxers."

On the other hand, GW wants to STOP its competitors from doing the same thing – using BRUX or BRUXER to signal to dental customers that their products are "hard, tough and durable" – in other words, that their products are "for bruxers." On what legal principle does GW's adoption of BRUXZIR give GW that right?

Separate from and independent of the aforementioned "Dr. Brux" trademark that predates GW's use of BRUX in a trademark for dental crowns, GW falls short in its attempts to distinguish all of those earlier BRUX trademarks. <u>All</u> of those various products are designed to help dentists treat bruxism (nocturnal grinding of the teeth). Some of those products treat bruxism by trying to stop further "extreme wear." Zirconia crowns and bridges treat bruxism by replacing teeth that have suffered "extreme wear" such as caused by bruxism. Thus, those trademarks <u>all</u> use BRUX to signal that the product is "for bruxers."

### <u>D. Other Generic Trademarks Shed Light on This Situation</u>

KDA could present to the Court a long list of decisions holding that certain words <u>were</u> generic (to counter the long list of contrary holdings that GW included in its Opposition), and will be glad to do so if the Court desires to review such a list. Instead, however, KDA directs the Court's attention to a seminal case on this trademark genericity, *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111 (1938). *Kellogg* had a direct impact on the structure of the Lanham Act (the main U.S. Trademark Law), is a common starting point for analysis in trademark opinions in lower courts,

and has been called possibly "the Supreme Court's most versatile and influential trademark decision". G. Dinwoodie, *The Story of Kellogg Co. v. National Biscuit Co: Breakfast with Brandeis*, in <u>Intellectual Property Stories</u> (R. Dreyfuss & J. Ginsburg eds., 2005).

In *Kellogg*, the Supreme Court ruled that the Kellogg was not violating any trademark or unfair competition laws when it manufactured its own Shredded Wheat breakfast cereal, which had originally been invented by the National Biscuit Company (later called Nabisco). Kellogg's version of the product was of an essentially identical shape, and was also marketed as "Shredded Wheat"; but Nabisco's patents had expired, and its trademark application for the term "Shredded Wheat" had been turned down as a descriptive, non-trademarkable term. Among other things, the Court held that:

> The plaintiff has no exclusive right to the use of the term 'Shredded Wheat' as a trade name [a trademark]. For that is the generic term of the article, which describes it with a fair degree of accuracy; and is the term by which the biscuit in pillow-shaped form is generally known by the public. Since the term is generic, the original maker of the product acquired no exclusive right to use it. As Kellogg Company had the right to make the article, it had, also, the right to use the term by which the public knows it. *Kellogg*, 305 U.S. 111, 116-7.

The Court dismissed a claim by Nabisco that is similar to some of GW's assertions (that GW has spent millions of dollars advertising and has made millions of dollars of sales under its BRUXZIR trademark) (GW Opp., p. 6, l. 19-21; p. 15, l. 8-23). In so doing, the Court noted Nabisco's argument that Kellogg had waited many years to use the words "Shredded Wheat," during which time Nabisco had been spending:

> "…more than $17,000,000 [in 1930's money] in making the name [Shredded Wheat] a household word and identifying the

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)   8

product with [Nabisco]. <u>Those facts are without legal significance</u>. Kellogg Company's right was not one dependent upon diligent exercise. Like every other member of the public, [Kellogg] was, and remained, free to make shredded wheat when it chose to do so; and to call the product by its generic name. The only obligation resting upon Kellogg Company was to identify its own product lest it be mistaken for that of the plaintiff." *Kellogg*, 305 U.S. 111, 119 (emphasis added).

To help the Court more fully appreciate the facts relating to *Kellogg*, KDA has attached Ex. A hereto, showing examples of Nabisco's <u>early</u> use of SHREDDED WHEAT as a trademark (presumably before the Supreme Court's 1938 decision above), and also showing some of the many different trademarks that now include those generic terms "Shredded Wheat". Similarly, the attached Ex. B shows many of the different trademarks that include the generic terms "Raisin Bran".

Just as with the generic words SHREDDED WHEAT, competitors in the dental industry for decades have adopted the generic words BRUX or BRUXER within their own trademarks. In the current lawsuit, GW adopted BRUX within its mark BRUXZIR, and KDA adopted BRUXER within its mark KDZ BRUXER. As the Supreme Court stated in *Kellogg*, the amount of GW's advertising and sales are irrelevant to the legal question of whether BRUX and BRUXER are generic.

Moreover, as noted in KDA's main brief, even if GW's <u>BruxZir</u> mark had acquired secondary meaning, that does <u>not</u> mean that the <u>BRUX</u> and <u>BRUXER</u> terms (to which GW wants ownership) have developed any such "secondary meaning".

### E. *GW's Other Arguments are Red Herrings, Unsupported, and/or Irrelevant*

GW's opposition makes numerous "factual" assertions that have no supporting evidence. For example, GW asserts that:

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)     9

1
2
- GW's product is "the gold standard by which other dental restoration products are judged".

3
4
5
- GW's BruxZir products have "become over the past two and half years" GW's most successful restoration product in the company's 42-year history.

6
7
8
9
10
11
12
13
Although irrelevant, GW tries to argue that KDA "admits" that BRUXER is not generic because KDA included BRUXER as part of its pending trademark application. In its application, KDA affirmatively "disclaimed" the exclusive right to use the word BRUXER. This is a commonplace trademark practice, and is called a "disclaimer." (the public record is available on the U.S. Patent and Trademark Office website at http://tess2.uspto.gov/bin/showfield?f=doc&state=4006:agaddh.2.3, with the disclaimer language five lines up from the bottom of the page).

### III.   CONCLUSION

15
16
17
18
19
20
21
22
Competitors in the dental industry have long used the generic/descriptive terms BRUX and/or BRUXER in their trademarks on products "for bruxers." GW did likewise (generic "BRUX" in its BRUXZIR mark), and KDA should have the same right to do so (generic "BRUXER" within its KDZ BRUXER mark). This permits all of the competitors in this industry to draw a desirable and lawful connection between their products and the intended users and uses of those products: "<u>bruxers</u>."

23
24
Dated: 2012-03-12              /J. Mark Holland/
                               J. Mark Holland
                               **J. MARK HOLLAND & ASSOCIATES**

25
Z:\Winword\KEATI\L3844\Pleadings\Motions-Related\KDA_Motion_for_PSJ\Motion_PSJ_Memo_in_Support_Glidewell_v_Keating_Dental_06.doc

28
**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                    10