1  LEONARD TACHNER, A PROFESSIONAL LAW CORPORATION
   Leonard Tachner, Esq. (State Bar No. 058436)
2  17961 Sky Park Circle, Suite 38-E
   Irvine, California 92614-6364
3  (949) 752-8525 Telephone
   (949) 955-2415 Telefax
4
   Attorney for Plaintiff
5

6
                  UNITED STATES DISTRICT COURT
7                 CENTRAL DISTRICT OF CALIFORNIA

8

9  _____
                                )  Case No. SACV11-01309-DOC(ANx)
10 JAMES R. GLIDEWELL DENTAL     )
   CERAMICS, INC. DBA            )
11 GLIDEWELL LABORATORIES, a     )  PLAINTIFF'S/COUNTER-
   California corporation,       )  DEFENDANT GLIDEWELL
12                               )  LABORATORIES ANSWER TO
              Plaintiff          )  COUNTERCLAIMS OF
13                               )  DEFENDANT/COUNTER-
           vs.                   )  PLAINTIFF KEATING
14                               )
   KEATING DENTAL ARTS, INC., a  )
15 California corporation,       )
                                 )
16            Defendant.         )
17 _____   )
                                 )
18 KEATING DENTAL ARTS, INC., a  )
   California corporation,       )
19                               )
           Counter-Plaintiff,   )
20                               )
           vs.                   )
21                               )
   JAMES R. GLIDEWELL DENTAL     )
22 CERAMICS, INC., DBA           )
   GLIDEWELL LABORATORIES, a     )
23 California corporation, and   )
   DOES 1 THROUGH 5, inclusive,  )
24                               )
           Counter-Defendants.   )
25 _____   )

26

27     Plaintiff/Counter-Defendant Glidewell Laboratories hereby answers the

28 counterclaims as follows:

                              - 1 -

GENERAL ALLEGATIONS

1.     Plaintiff admits the allegations of paragraph 35 of Defendant's counterclaims.

2.     Plaintiff admits the allegations of paragraph 36 of Defendant's counterclaims.

3.     Plaintiff admits the allegations of paragraph 37 of Defendant's counterclaims.

4.     Plaintiff admits the allegations of paragraph 38 of Defendant's counterclaims.

5.     Plaintiff admits the allegations of paragraph 39 of Defendant's counterclaims.

6.     Plaintiff admits the allegations of paragraph 40 of Defendant's counterclaims.

7.     Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41 in regard to KDA's business methods, advertising, customers and motivations and therefore denies such allegations.

8.     Plaintiff admits the allegations of paragraph 42 of Defendant's counterclaims.

9.      Plaintiff denies the allegation that "BRUX" is a generic dental term for zirconia crowns.  Otherwise Plaintiff admits the allegations of paragraph 43 of Defendant's counterclaims.

10.     Plaintiff denies the allegation in paragraph 44 that it sued Keating because Keating instead elected to continue using BRUX on the basis that BRUX is a generic term and cannot be exclusively appropriated by any competitor in the dental industry.  Otherwise, Plaintiff admits the allegations of paragraph 44 of Defendant's counterclaims.

11.     Plaintiff admits the allegations of paragraph 45 of Defendant's counterclaims.

12.     Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 46 of Defendant's counterclaims and therefore denies same.

13.     Plaintiff denies that BRUXER is used to described and/or refer to treatments for bruxism.  Otherwise, Plaintiff admits the allegations of paragraph 47 of Defendant's counterclaims.

14.     Plaintiff denies that there is a direct and descriptive connection between the words BRUXER, BRUX and BRUXING and similar "bruxism" – based words and dental crowns and other restorations.  Plaintiff admits that others have registered trademarks using the word BRUX but denies that except for Plaintiff and Defendant, any have registered trademarks using the word BRUX for dental crowns or other restorations.  Otherwise Plaintiff

- 3 -

admits the allegations of paragraph 48 of Defendant's counterclaims.

15.     Plaintiff denies the allegations of paragraph 49 of Defendant's counterclaims.

16.     Plaintiff denies that the table presented in Defendant's counterclaims shows that any other companies have used BRUX in any trademark for crowns or other restorations as alleged in paragraph 50 of Defendant's counterclaims.  Plaintiff admits that it began marketing under the trademark BRUXZIR in June 2009.

17.     Plaintiff denies the allegations of paragraph 51 of Defendant's counterclaims.  Plaintiff specifically denies that it is attempting to appropriate the term BRUX to the exclusion of other competitors or to encompass all use of a generic term.

18.     Plaintiff is currently without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 52 of Defendant's counterclaims.

19.     Plaintiff denies the allegations of paragraph 53 that Defendant's trademark has a "main trademark".  Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 53 of Defendant's counterclaims.

20.     Plaintiff admits that Plaintiff and Defendant receive orders directly from dentists as alleged in paragraph 54.  In all other respects, Plaintiff denies the allegations of paragraph 54 of Defendant's counterclaims.

<u>FIRST COUNTERCLAIM</u>

21.     Plaintiff incorporates by reference its answers to the general allegations of Defendant's counterclaims.

22.     Plaintiff admits the allegations of paragraph 56 of Defendant's counterclaims.

23.     Plaintiff admits the allegations of paragraph 57 of Defendant's counterclaims.

24.     Plaintiff admits the allegations of paragraph 58 of Defendant's counterclaims.

<u>SECOND COUNTERCLAIM</u>

25.     Plaintiff incorporates by reference its answers to the general allegations and first counterclaim allegations Defendant's counterclaims.

26.     Plaintiff denies the allegations of paragraph 60 of Defendant's counterclaims.

27.    Plaintiff denies the allegations of paragraph 61 of Defendant's counterclaims.

28.    Plaintiff denies the allegations of paragraph 62 of Defendant's counterclaims.

THIRD COUNTERCLAIM

29.    Plaintiff incorporates by reference its answers to the general allegations and first and second counterclaim allegations of Defendant's counterclaims.

30.    Plaintiff denies the allegations of paragraph 64 of Defendant's counterclaims.

31.    Plaintiff denies the allegations of paragraph 65 of Defendant's counterclaims.

32.    Plaintiff denies the allegations of paragraph 66 of Defendant's counterclaims.

33.    Plaintiff denies the allegations of paragraph 67 of Defendant's counterclaims.

34.    Plaintiff denies the allegations of paragraph 68 of Defendant's counterclaims.

35.     Plaintiff denies the allegations of paragraph 69 of Defendant's counterclaims.

## AFFIRMATIVE DEFENSES

36.     Plaintiff's BRUXZIR® trademark is a very strong mark widely recognized in the dental industry.  Plaintiff has sold over $70 million dollars in BRUXZIR® dental restoration products over the past three (3) years. Therefore, the scope of Plaintiff's mark should be broadly construed.

37.     The allegation that Plaintiff is, by enforcement of its trademark, attempting to monopolize the zirconia crown industry is manifestly nonsensical.  There are virtually unlimited words and word combinations that could be selected by Plaintiff's competitors as non-infringing trademarks for such products and many have.  Plaintiff is entitled to enforce its trademark rights against those competitors who attempt to blatantly encroach on the goodwill in the BRUXZIR® mark and ride on the coattails of Plaintiff's success.

38.     As used in Plaintiff's trademark BRUXZIR®, the term BRUX is merely suggestive of durability, hardness and toughness, it is neither generic nor descriptive.  As used in Defendant's trademark KDZ BRUXER, the term BRUXER, even when improperly considered separately from the mark taken as a whole, is not generic for dental restorations.  It is a term used by Defendant in its mark specifically to engender public confusion with Plaintiff's mark in regard to zirconia dental restorations.

PLF'S/COUNTER-DEF GLIDEWELL LABS' ANSWER TO
COUNERCLAIMS OF DEF/COUNTER-PLF KEATING
CASE NO. SACV11—01309—DOC(ANx)

39.     Defendant's trademark infringement is motivated by more than a mere attempt to intentionally trespass on Plaintiff's goodwill in its strong BRUXZIR® mark.  Defendant's founder is a disgruntled ex-employee of Plaintiff and holds a grudge against Plaintiff for his prior termination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

1.     Deny that Defendant's counterclaims have any merit and rule in favor of Plaintiff as to each of such counterclaims.

2.     Deny Defendant any form of damages, costs, attorney's fees, or injunctive remedies in regard to its counterclaims.

3.     Award Plaintiff its costs and attorney's fees for defending against Defendant's counterclaims.

4.     Award Plaintiff such further relief as the Court may determine is just and proper.

DATED:     March 15, 2012          By:     /s/ Leonard Tachner
                                    Leonard Tachner
                                    Attorney for Plaintiff/Counter-
                                    Defendant Glidewell Laboratories

(949) 752-8525 Telephone
(949) 955-2415 Telefax

PLF'S/COUNTER-DEF GLIDEWELL LABS' ANSWER TO
COUNERCLAIMS OF DEF/COUNTER-PLF KEATING
CASE NO. SACV11—01309—DOC(ANx)

PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit.  My business address is 17961 Sky Park Circle, Suite 38-E, Irvine, California 92614.  On March 15, 2012, I served the following document(s) in the manner indicated:

1.      PLAINTIFF'S/COUNTER- DEFENDANT GLIDEWELL LABORATORIES ANSWER TO COUNTERCLAIMS OF DEFENDANT/COUNTER- PLAINTIFF KEATING

◙      via electronic means by the Court's electronic filing system CM/ECF.

☐      by placing the document(s) listed above in a sealed envelope to the person at the address set forth below by postage prepaid United States First Class United States mail on the same date set out below.

J. Mark Holland
J. Mark Holland & Associates
3 San Joaquin Plaza, Suite 210
Newport Beach, CA 92660

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed March 15, 2012 at Irvine, California.

By:    /s/ Jodie Miller
       _____
              Jodie Miller

Case No.: SACV11-01309-DOC(ANx)
CERTIFICATE OF SERVICE