J. MARK HOLLAND (140453)
**J. MARK HOLLAND & ASSOCIATES**
 a Professional Law Corporation
3 San Joaquin Plaza, Suite 210
Newport Beach, CA  92660
Telephone:  (949) 718-6750
Facsimile:  (949) 718-6756
Email: office@jmhlaw.com

Attorneys for Defendant and Counterclaim Plaintiff
KEATING DENTAL ARTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>       Defendants.<br>———————————————<br>KEATING DENTAL ARTS, INC. a California corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, and DOES 1 THROUGH 5, inclusive,<br><br>       Defendants. | Civil Action No. SA-CV-ll-01309-DOC(ANx)<br><br>**EX PARTE APPLICATION TO REINSTATE TO COURT'S CALENDAR THE HEARING ON KDA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**SCHEDULED HEARING DATE WAS:**<br>**Monday, March 26, 2012**<br><br>**HEARING TIME:**<br>**8:30 a.m.** |

**EX PARTE APPLICATION TO REINSTATE TO COURT'S CALENDAR THE HEARING ON KDA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                                                          1

Pursuant to Rule 7 (Fed.R.Civ.P.) and L.R. 7-19 and 7-19.1, Defendant Keating Dental Arts, Inc. ("KDA") is applying ex parte for the Court to reinstate onto the Court's calendar the hearing on KDA's Motion for Partial Summary Judgment (PSJ).

This afternoon, KDA's undersigned counsel received the Court's minute order denying KDA's Motion for PSJ as "moot." With all due respect, and as explained below, it appears that a mistake has been made, and KDA's Motion for PSJ should be returned to the Court's calendar, hopefully at the same date and time it had been scheduled.

The name, address, telephone number, and e-mail address of opposing counsel is as follows:

Leonard Tachner, Esq.

3990 Westerly Pl.

Newport Beach, California  92660

Telephone: 949-752-8525

E-mail: tachlaw@aol.com and Ltachner@aol.com and jforemantachlaw@aol.com

The undersigned KDA attorney called opposing counsel today and discussed the matters herein, and opposing counsel indicated that he would not take a position on the issue.

FACTUAL BACKGROUND:

The Court's records should reflect the following:

1.     On or about January 31, 2012, Defendant KDA filed a motion for leave to file its First Amended Answer and Counterclaims. KDA indicated in that filing that Plaintiff had said that Plaintiff would not oppose the motion. As the hearing date approached and no order had been received from the Court, Plaintiff filed an express statement of non-

opposition to that motion.  The Court thereafter granted that motion, and today Plaintiff has filed and served its Answer to those Counterclaims.

2.      On or about February 13, 2012, and independently of the foregoing motion to file its First Amended Answer, Defendant KDA filed its Motion for PSJ.  In that motion for PSJ, KDA is seeking PSJ of non-infringement of Plaintiff's trademark.   That motion has been fully briefed, and is ready to be argued at the hearing that had been scheduled for eleven days from now.

3.      KDA's Motion for PSJ is NOT affected in any way by the Court's granting (or had the Court done so, by the Court's denial) of the earlier motion for leave to file a First Amended Answer/Counterclaims.  Even without any change to KDA's answer/counterclaims, the claims asserted by PLAINTIFF remain unchanged.  It is those claims (the ones that PLAINTIFF filed - NOT the ones that Defendant KDA recently filed) that have been on file with the Court since the day the Complaint was filed by PLAINTIFF.  It is THOSE claims (not KDA's counterclaims) for which PSJ is being sought.

Accordingly, KDA respectfully submits that there is no basis for declaring KDA's Motion for PSJ as "moot;" it remains fully ready for resolution, and if granted, will be determinative of Plaintiff's claims.  As for KDA's counterclaims, those will persist regardless of the Court's ruling on the Motion for PSJ.

If there is any question remaining as to the "mootness/ripeness" of the Motion for PSJ, KDA's undersigned counsel respectfully requests a very brief telephonic or in-person hearing on the matter (including opposing counsel, of course), if the Court would consider same.

Respectfully submitted,

Dated:  2012-03-15

/J. Mark Holland/
J. Mark Holland
**J. MARK HOLLAND & ASSOCIATES**
Attorney for Defendant and Counterclaim-Plaintiff KEATING DENTAL ARTS, INC.,
a California corporation

Z:\Winword\KEATI\L3844\Pleadings\Motions-Related\KDA_Ex_Parte_Appl_to_Reinstate_Mot_for_PSJ_to_Court_Calendar_2012-03-15\Ex_Parte-Application-Return-Motion-PSJ-to-Court_Calendar_Glidewell_v_Keating.doc

**EX PARTE APPLICATION TO REINSTATE TO COURT'S CALENDAR THE HEARING ON KDA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                    4