# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. SACV 11-1309-DOC(ANx) | | Date March 26, 2012 |
| Title JAMES R. GLIDEWELL DENTAL CERAMICS, INC. -V- KEATING DENTAL ARTS, INC. | | |

Present: The Honorable    DAVID O. CARTER, U.S. District Judge

| Julie Barrera | Debbie Gale | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Leonard Tachner | J. Mark Holland |

Proceedings:   DEFENDANT KEATING DENTAL ARTS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR, AND IN DEFENDANT'S FAVOR ON ALL CAUSES OF ACTION IN THE COMPLAINT [26]

Tentative Order issued, of which a copy is attached hereto.

The case is called and counsel make their appearances. Arguments are heard and the matter is taken under submission.

: 33

Initials of Preparer   jcb

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC.,<br><br>       Plaintiff,<br><br>  vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>       Defendant. | Case No.: SACV 11-1309 DOC(ANx)<br><br>**[TENTATIVE] ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is a Motion for Partial Summary Judgment as to Non-Infringement of Trademark BRUXZIR filed by Defendant Keating Dental Arts Inc. ("Defendant"). (Dkt. 26). After considering the moving papers and oral argument, the Court DENIES the Motion.

**I.     Background**

Given that this motion comes at a very early stage of litigation, there are few relevant facts at issue and none of them are disputed.[1]

### a. Plaintiff's Three Causes of Action in Its Complaint

Plaintiff James R. Glidewell Dental Ceramics ("Plaintiff") brings three causes of action based on the same acts by Defendant. First, Plaintiff alleges that Defendant's trademark, KDZ BRUXER, infringes Plaintiff's federally-registered trademark, BRUXZIR, under the Lanham Act. Compl. at 5-6. Second, Plaintiff alleges that Defendant's acts giving rise to the infringement claim also constitute false designation of origin under the Lanham Act. Finally, Plaintiff alleges that these acts constitute unfair competition under California Business & Professions Code 17200.

### b. Definitions of Bruxism, Bruxers, and the Phrase "To Brux"

In addition to the two marks – Plaintiff's BRUXZIR and Defendant's KDZ BRUXER – Defendant has introduced a plethora of evidence to show that, since the 1950s, dental professionals, dictionaries, and other literature define the following terms as follows: (1) "bruxism" is a "condition in which the dental patient grinds or gnashes [her] teeth, sometimes unconsciously and/or at night"; (2) "bruxers" are people "suffering from or experiencing bruxism"; and (3) "to brux" means "to grind ones teeth." Statement of Uncontroverted Facts and Conclusions of Law at ¶ 20, ¶¶ 23-25.

### c. Plaintiff's and Defendants Respective Industries and Products

If a bruxer has a tooth that is ground down and/or cracked, dentists sometimes prepare and install a "dental crown" or "dental restoration (such as a bridge, etc.)." *Id.* at ¶ 29. The

---

[1] Plaintiff does not appear to contest any of Defendant's facts because Plaintiff has filed no Statement of Genuine Disputes of Material Fact by Opposing Party, as required by Local Rule 65-2. *See* L.R. 56-2.2 (Any party who opposes the motion shall serve and file with the opposing papers a separate document containing a concise "Statement of Genuine Disputes" setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated.").

-2-

parties in this lawsuit are dental laboratories who, among other things, receive and fill those crown/restoration orders from dentists. *Id.* at ¶ 31. Zirconia is a material used to make dental crowns. *Id.* at ¶ 35.

In 2009, Plaintiff began marketing a zirconia crown under the BRUXZIR trademark. *Id.* at ¶ 37. In 2011, Defendant began marketing a zirconia crown. *Id.* at ¶ 39. At some point in time, Defendant began using the mark KDZ BRUXER, although the record is silent regarding whether this trademark appeared on Defendant's zirconia crown. *Id.* at ¶ 40. Since 2011, Defendant has been "using the trademark KDZ and an associated logo for [Defendant's] zirconia crown products." *Id.* at ¶ 39.

## II.    Legal Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the opposing party must set out specific facts showing a genuine issue for trial; merely relying on allegations or denials in its own pleading is insufficient. *See Anderson,* 477 U.S. at 248-49. A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *Id.* The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there

must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252.

**III. Discussion**

As an initial matter, the Court, like the Plaintiff, had "some difficulty understanding the grounds" for Defendant's Motion. *See* Opp'n at 12. However, Plaintiff's briefing was also hardly a model of clarity because it failed to even mention the elements of Plaintiff's causes of action and failed to cite Ninth Circuit authority for basic principles of trademark law.

Because the parties offered very little relevant case law to guide this Court in this Motion, the Court remedies this oversight by first providing an overview of the relevant trademark law. Next, the Court explains why Defendant has not shown that Plaintiff has failed to establish at least one element of trademark infringement, namely, that: (1) plaintiff's mark is protected; or (2) there is a likelihood of confusion between the parties' marks. Finally, the Court explains why Defendant has not shown that its use of a portion of Plaintiff's mark satisfies the three elements of the classic fair use doctrine.

### a. Law Regarding Infringement of A Composite Mark by Another Composite Mark Where the Marks Share Only A Portion of Text

A claim for trademark infringement exists if there is: (1) ownership of a protected mark; and (2) likelihood of confusion arising from defendant's use of the mark.[2] *Applied Info. Scis. Corp. v. eBay, Inc.,* 511 F.3d 966, 969 (9th Cir. 2007); *see also* 15 U.S.C. § 1125(a).

---

[2] Of course, trademark law "also protects against other types of harm . . . when there is no likelihood of confusion." *Protectmarriage.com v. Courage Campaign*, 680 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010). Although the parties' briefs fail to inform the Court as to *what*, exactly, Plaintiff's legal theories are, the Complaint appears to at least allege infringement based on likelihood of confusion. Furthermore, to the extent Plaintiff is also alleging unfair competition, the "test" for harm under the "unfair competition is exactly the same as for trademark infringement," namely, likelihood of confusion. *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988).

### i. The first element of a trademark infringement claim requires that plaintiff's mark be a protected trademark

#### 1. Five categories of trademark

There are five categories of trademarks: (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; and (5) fanciful. *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005). The latter three categories are "automatically entitled to protection" because they are "inherently distinctive," meaning that they "serve to identify a particular source of a product." *Id.* A descriptive mark is protected if it has acquired distinctiveness by establishing "secondary meaning" in the marketplace; a descriptive mark defines "a particular *characteristic* of the product in a way that does not require any exercise of the imagination." *Id.* (emphasis added). Generic marks are not protected because they "identify the product, rather than the product's source." *Id.*

#### 2. Ninth Circuit test to determine whether a mark is at least descriptive or merely generic

To determine whether a mark is generic or at least descriptive, the Ninth Circuit applies the "who-are-you/what-are-you" test. *Id.* A mark is at least descriptive, and thus potentially protected, if it "answers the buyer's questions 'Who are you?' 'Where do you come from?' 'Who vouches for you?'" *Id.* In contrast, a mark is generic "if it only answers the question 'What are you?'" *Id.*

#### 3. Plaintiff's mark is evaluated as a whole when determining whether it is protected

The "validity of a trademark is to be determined by viewing the trademark as a whole." *California Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1455 (9th Cir. 1985). Thus, even where a mark is a "composite" of generic terms, the mark's "validity is not judged by an examination of its parts." *Id.* (upholding preliminary injunction on plaintiff's claim that its mark, "California Cooler," was infringed by defendant's mark, "California Special Cooler," because plaintiff's mark was at least descriptive given that generic term for parties' products was "wine cooler" and "[w]ords which could not individually become a trademark may become

one when taken together"); see also 2 McCarthy on Trademarks and Unfair Competition § 12:39 (4th ed.) ("[G]enericness of a composite is determined by examining the composite as a whole rather than examining its constituent parts individually.").

### 4. There is a presumption of validity if plaintiff's mark is federally-registered

The plaintiff "bears the ultimate burden of proof in a trademark infringement action," and this includes the burden to show that the plaintiff's mark is valid. *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005). Where, as here, the plaintiff shows that the mark is federally-registered, the plaintiff meets its burden because a federally-registered mark is presumed to be protected, meaning that it presumed to be at least descriptive and with secondary meaning. *See* 15 U.S.C. § 1057(b) ("A certificate of registration of a mark . . . shall be prima facie evidence of the validity of the registered mark"); *Yellow Cab*, 419 F.3d at 928 ("Federal registration of a mark constitutes *prima facie* evidence of the validity of the mark."). The defendant may overcome the presumption if it shows by "a preponderance of the evidence" that the plaintiff's mark is not protected. *See Yellow Cab*, 419 F.3d at 928.

### ii. The second element of a trademark infringement claim requires the likelihood of confusion of the parties' marks

#### 1. The Ninth Circuit applies an eight-factor test

The Ninth Circuit considers eight factors to determine the likelihood of confusion between the parties' marks: "[1] strength of the [plaintiff's] mark; [2] proximity of the goods; [3] similarity of the marks; [4] evidence of actual confusion; [5] marketing channels used; [6] type of goods and the degree of care likely to be exercised by the purchaser; [7] defendant's intent in selecting the mark; and [8] likelihood of expansion of the product lines." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1145 (9th Cir. 2011). However, "the list is not exhaustive," and "[o]ther variables may come into play depending on the particular facts presented." *Id.*; *see also* 4 McCarthy on Trademarks and Unfair Competition

§ 24:39 (4th ed.) (noting that factors are referred to as "*Sleekcraft* factors" because they were announced in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979)).

### 2. The likelihood of confusion between the parties' marks is evaluated by comparing both marks as a whole

Under the "anti-dissection rule," the likelihood of confusion between two marks "is determined by viewing the trademark as a whole, as it appears in the marketplace." *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1389, 1392 (9th Cir. 1993) (holding that district court committed "error" when it "analyzed the strength of [plaintiff's] mark by examining . . . the term 'Travel Planner,' standing alone" where plaintiff alleged that its mark "OAG TRAVEL PLANNER" was infringed by defendants' marks "THE TRAVEL PLANNER USA" and "USA TRAVEL PLANNER"); *see also China Healthways Institute, Inc. v. Wang*, 491 F.3d 1337, 83 U.S.P.Q.2d 1123 (Fed. Cir. 2007) ("It is incorrect to compare marks by eliminating portions thereof and then simply comparing the residue."); 4 McCarthy on Trademarks and Unfair Competition § 23:41 (4th ed.) ("Conflicting composite marks are to be compared by looking at them as a whole, rather than breaking the marks up into their component parts for comparison."); 15 U.S.C. § 1052(d) (referring to a whole "mark" and not portions of a mark when stating that no protection exists where "a mark . . . so resembles [another] a mark . . . as to be likely . . . to cause confusion").

The rationale behind the anti-dissection rule is that the "commercial impression of a trade-mark is derived from it as a whole, not from its elements separated and considered in detail." *Estate of P.D. Beckwith, Inc., v. Comm'r of Patents*, 252 U.S. 538, 545-46 (1920).

### 3. Plaintiff bears the burden to show likelihood of confusion

"[T]he burden of proving likelihood of confusion rests with the plaintiff." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 122, 125 S. Ct. 542, 160 L. Ed. 2d 440, 72 U.S.P.Q.2d 1833 (2004).

### b. Defendant Has Not Met Its Summary Judgment Burden Regarding Plaintiff's Claim for Trademark Infringement

As noted previously, a claim for trademark infringement contains two elements: (1) ownership of a protected mark; and (2) likelihood of confusion arising from defendant's use of the mark. *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). Thus, to obtain summary judgment, Defendant must show that Plaintiff has not satisfied at least one of these two elements. Because Defendant fails to even mention these elements, much less explain how its arguments relate to these elements, the Court DENIES Defendant's motion.

### i. Defendant has not shown that Plaintiff's mark is not protected

As noted previously, a mark is not protected if it is either: (1) generic; or (2) descriptive and does not contain secondary meaning. *See Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005). However, Defendant does not advance an argument based on this rule . First, Defendant has expressly disavowed the argument that Plaintiff's mark is generic. *See* Reply at 1 (stating that Defendant is "not asserting that BRUXZIR is generic"). Second, Defendant does not present any evidence that Plaintiff's mark lacks secondary meaning, most likely because, even if such evidence existed, Defendant would not *have* such evidence at this early stage in litigation.[3] Because Defendant advances neither of these arguments, Defendant has not shown that Plaintiff's mark is unprotected.

---

[3] Curiously, Defendant's motion includes details about Plaintiff's extensive advertising campaign using this mark, evidence which, in some circuits, *supports* a finding of secondary meaning. *See E.T. Browne Drug Co. v. Cococare Products, Inc.*, 538 F.3d 185, 200, 87 U.S.P.Q.2d 1655 (3d Cir. 2008) (noting that plaintiff could establish "secondary meaning by showing that [the mark] had appeared for a long period of time in a prevalent advertising campaign," but holding that advertising in the case at issue did not focus on that part of the composite mark that plaintiff claimed had acquired secondary meaning); *see also* 2 McCarthy on Trademarks and Unfair Competition § 15:51 (4th ed.) ("Evidence of the amount of money spent in promotion and advertising of the mark in issue is relevant to the issue of secondary meaning.").

While Defendant's argument is unclear, Defendant appears to seek a judicial declaration that "the terms BRUX, BRUXER, and BRUXING . . . are generic and/or descriptive for products and/or services that relate to and/or address the teeth-grinding condition known as bruxism." *See* Proposed Order at 5:18-20.[4]  Defendant appears to believe that such a judicial declaration will entitle Defendant to summary judgment on *all* of Plaintiff's causes of action.[5] *See* Def.'s Proposed Order (Dkt. ) at 3.

The Court is rather baffled by Defendant's argument.  First, as noted previously, the "validity of a trademark is to be determined by viewing the trademark as a whole." *California Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1455 (9th Cir. 1985).  Defendant has expressly disavowed any argument that it is attacking the validity of Plaintiff's trademark *as a whole*, and Defendant instead concedes that its Motion focuses only on the four letters that Defendant and Plaintiff's mark share: BRUX.  Thus, Defendant appears to be asking this court to rule, in the abstract, on whether BRUX could, hypothetically, be considered generic when applied to hypothetical products.  This kind of advisory opinion is exactly the sort of speculation in which a Court can not engage.

Second, even if Defendant is seeking a more specific holding that the word BRUX is generic as applied to the parties' zirconia crowns, such a holding would not entitle Defendant to summary judgment on Plaintiff's claims.  A holding that *part* of a composite mark is generic does not establish that the mark *as a whole* is not protected because the "validity of a trademark is to be determined by viewing the trademark as a whole." *California Cooler*, 774 F.2d at 1455.  Thus, the very holding that Defendant desires does not entitle it to the relief it seeks. *See Facebook, Inc. v. Teachbook.com LLC*, -- F. Supp. --, 11-CV-3052, 2011 WL 4449686 at *11

---

[4] The Court gleans Defendant's intentions from its proposed order because Defendant's other filings fail to state the relief Defendant desires.

[5] The Court is mystified as why Defendant's Motion is titled as one for "partial" summary judgment given that Defendant appears to believe that granting its motion will end Plaintiff's case.

(N.D. Ill. Sept. 26, 2011) (denying motion to dismiss where plaintiff contended that its *entire* federally-registered mark, FACEBOOK, was infringed by defendant's mark, TEACHBOOK, and rejecting defendant's argument that the "infringement claim is based on the word BOOK, which . . . is a generic component of [plaintiff's] mark that is entitled to trademark protection").

Finally, none of the cases cited by Defendant hold that a court can or should grant summary judgment to a defendant simply because the shared portion of both parties' composite marks is generic as applied to their products. *See e.g., Microsoft Corp. v. Lindows.com, Inc.*, C01-2115C, 2002 WL 31499324 at *16, *18 (W.D. Wash. Mar. 15, 2002) (finding that plaintiff "raised serious questions about the validity of its trademark" and denying preliminary injunction only because the "balance of hardships does not tip sharply in favor of Microsoft").

In sum, because Defendant does not analyze Plaintiff's mark as a whole, Defendant has not shown that Plaintiff's mark is not protected.

### ii. Defendant has not shown an absence of evidence that there is likelihood of confusion between the parties' marks

As noted previously, a court evaluates whether there is a likelihood of confusion between the parties' marks by applying eight factors, including the strength of the plaintiff's mark. *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1145 (9th Cir. 2011). Defendant does not mention any of these factors, and summary judgment should be denied on this basis alone given that it is Defendant's burden to show that it is entitled to judgment as a matter of law.

However, even charitably construing Defendant's argument to be that the term BRUX is generic as applied to Plaintiff's product and thus Plaintiff's mark is weak, such a conclusion is insufficient without a discussion of the other seven factors. These other factors can significantly influence the outcome of this case. *See e.g., Dranoff-Perlstein Associates v. Sklar*, 967 F.2d 852, 862 (3d Cir. 1992) (noting that the word "COLA" is generic as applied to certain beverages, but that the marks "TAKA COLA," "CLEO COLA," and "CUP–O–COLA" have been held to be confusingly similar to "COCA–COLA" and thus infringing, whereas the marks

"DIXI–COLA," "RONRICOLA," and "POLAR COLA" have been held not to be confusingly similar to "COCA–COLA").

Thus, Defendant has not met its burden on summary judgment to show an absence of evidence that there is likelihood of confusion between the parties' marks.

### c. Alternatively, Defendant has not established a classic fair use defense

Under the "classic fair use" doctrine, a defendant is not liable for trademark infringement where the defendant "use[s] a descriptive term in good faith in its primary, descriptive sense other than as a trademark." *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150-51 (9th Cir. 2002); 2 McCarthy on Trademark and Unfair Competition § 11:45 (4th ed.). To establish a classic fair use defense, a defendant must prove that its use of the term present in the plaintiff's mark was: (1) not a use "as a trademark or service mark"; (2) done "fairly and in good faith"; and (3) "[o]nly to describe its goods or services." *Cairns*, 292 F.3d at 1150-51.

Although Defendant argues that bruxer is a generic term as applied to certain products, Defendant also clarifies that it is "not arguing that [Defendant's] mark KDZ BRUXER is . . . generic." Reply at 1. Thus, while it is unclear what Defendant's argument *is*, the argument apparently is not the classic fair use defense.

### d. Conclusion

In sum, Defendant has not met its burden on summary judgment. First, Defendant has not shown that Plaintiff has failed to establish at least one element of trademark infringement, namely, that: (1) Plaintiff's mark is protected; or (2) there is a likelihood of confusion between the parties' marks. Second, Defendant has not shown that its use of a portion of Plaintiff's mark satisfies the three elements of the classic fair use doctrine.

To be clear, the Court is *not* holding that the *facts* of this case preclude summary judgment for Defendant. The Court is merely holding that Defendant's failure to cite to relevant *law* – that is, cases analyzing an infringement claim where plaintiff alleges that its composite mark is infringed by defendant's composite mark and the marks share only a portion of letters – prevents this Court from granting summary judgment.

1  Given that the Court anticipates future filings by the parties, the Court provides the
2  following advice.  Future motions brought by either party should cite Ninth Circuit cases for
3  basic propositions of law, such as the elements of a trademark infringement claim.  Out-of-
4  circuit cases are useful for factual analogies, especially where there are no factually-analogous
5  cases *within* the relevant circuit, but a citation to an out-of-circuit case for a well-settled
6  proposition of law suggests either laziness by the attorney or that the relevant circuit's law is
7  *inconsistent* with the cited authority.  *See* Opp'n at 12 (citing First Circuit case stating the
8  factors considered to determine likelihood of confusion); 4 McCarthy on Trademarks and Unfair
9  Competition § 24:30 (4th ed.) ("[E]ach of the 13 federal circuit courts of appeal has developed
10  its own version of the list [of factors showing likelihood of confusion]. . . . The litigating
11  attorney is well advised to focus upon the list used in a particular circuit and not rely upon a list
12  from a 'foreign' circuit.").

13  In addition, the Court is not inclined to entertain future motions brought by either party
14  that simply attach, as an exhibit, a list of cases finding various marks generic or descriptive.  The
15  Court doubts that the parties would appreciate an order that simply states "Motion DENIED"
16  and attaches a list of cases, without analysis.  *Compare* Opp'n at 10:1-6 (helpfully including a
17  parenthetical to explain the holding of a case) *with* Opp'n at Ex. A (listing cases).  The Court
18  asks that the parties show it the same courtesy that the Court has shown them in this Order by
19  citing relevant Ninth Circuit case law and, if a factual analogy or distinction is helpful, including
20  a parenthetical to explain why the cited case is factually analogous to or distinguishable from the
21  parties' position.

22  In short, this is trademark law, not rocket science.  In their future motions, the parties are
23  highly encouraged to cite relevant case law and to analogize or distinguish factually-similar
24  cases.

25  **IV.    Disposition**
26  Accordingly, the Court DENIES Defendant's Motion for Partial Summary Judgment.
27  DATED:
28  _____

1  
2  

         DAVID O. CARTER

     UNITED STATES DISTRICT JUDGE

3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28