J. MARK HOLLAND (140453)
**J. MARK HOLLAND & ASSOCIATES**
 a Professional Law Corporation
3 San Joaquin Plaza, Suite 210
Newport Beach, CA  92660
Telephone:  (949) 718-6750
Facsimile:  (949) 718-6756
Email: office@jmhlaw.com

Attorneys for Defendant and Counterclaim-Plaintiff
KEATING DENTAL ARTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>        Defendants.<br><hr>KEATING DENTAL ARTS, INC. a California corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, and DOES 1 THROUGH 5, inclusive,<br><br>        Defendants. | Civil Action No.<br>SA-CV-ll-01309-DOC(ANx)<br><br>**REQUEST FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR®, AND ON ALL THREE CAUSES OF ACTION IN THE COMPLAINT**<br><br>**HEARING DATE:**<br>**WAS:  Monday, March 26, 2012**<br><br>**HEARING TIME:**<br>**8:30 a.m.** |

**REQUEST FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR®**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)

# TABLE OF CONTENTS

I.    OVERVIEW ..........................................................................................1

      1.    "**The most important rule of all**" ......................................1

      2.    Defendant's Motion IS Requesting a Ruling that BRUX and BRUXER are Generic When Applied to Zirconia Dental Crowns, Based on UNCONTROVERTED Facts, NOT on Hypothetical Products ........................................................2

      3.    Material Facts That the Court Apparently Failed to Properly Consider Regarding Defendant's "Fair Use" Defense ...........................................................................................4

      4.    The Court Apparently Used the Ninth Circuit's "Eight Factors" Improperly as a Rigid Test, and in Any Case Apparently Did Not Consider Material and Uncontroverted Evidence Related to at Least Some of Those "Eight Factors" .........6

      5.    The Parties May Never Have Their Required Settlement/ADR Process ...........................................................7

      6.    The Court made clear (at the Scheduling Conference in December 2011) that the referenced Motion for PSJ will be Defendant's only opportunity to request summary judgment in this action..........................................................8

      7.    The Court expressly stated that the underlying facts may actually support summary judgment. ........................................8

      8.    The Court Anticipated Future Filings by the Parties ..........8

II.    CONCLUSION ..................................................................................9

# I.   OVERVIEW

Pursuant to the Local Rule 7-18,[1] Defendant requests the Court's reconsideration of its Order denying Defendant's motion for partial summary judgment (PSJ).    Below, Defendant provides the required "manifest showing of a failure to consider material facts presented to the Court before such decision."

As part of this Request, Defendant is contemporaneously filing a revised Proposed Order that largely tracks the Court's original Order, but includes some obvious revisions (modifying the original denial into the requested granting of the motion) and some insertions of further material and citations to both case law and the record that was before the Court.  For the mutual convenience of the parties and the Court, Defendant also has attached as Exhibit A to this Request a redlined document reflecting the differences between the Court's original Order and Defendant's revised Proposed Order.

Intermixed with the following discussion supporting the "formal" basis for the present Request (primarily Points 2-4 below), Defendant has included and respectfully brings to the Court's attention the following Points 1 and 5-8.  The combination of all of these points at the very least arguably indicates that Defendant's undersigned counsel has a duty, as an officer of the court, to present this Request to the Court:

1.    "**The most important rule of all**"

Perhaps most importantly, this Court itself has stated:

---

[1] L.R. 7-18 Motion for Reconsideration. A motion for reconsideration of the decision on any motion may be made only on the grounds of … (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

**REQUEST FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR®**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                              1

The **most important rule of all** is the last sentence of F.R.Civ.P. 1, which provides that the Federal Rules of Civil Procedure 'shall be construed to secure the **just, speedy, and inexpensive determination of every action**.'  It is this command that gives all the other rules life and meaning and timbre in the realist world of the trial court.

*In re Paris Air Crash*, 69 F.R.D. 310, 318 (C.D. Cal. 1975) (quoting FED. R. CIV. P. 1) (emphasis added).

In view of the other points listed here, it appears that this Request for Reconsideration may be Defendant's best (and perhaps only significant) further opportunity to try to achieve that aforementioned "most important" goal.

2.    Defendant's Motion IS Requesting a Ruling that BRUX and BRUXER are Generic When Applied to Zirconia Dental Crowns, But Based on UNCONTROVERTED Facts, NOT on Hypothetical Products

The Court's order expressly stated that "Defendant appears to be asking this court to rule, in the abstract, on whether BRUX could, hypothetically, be considered generic when applied to hypothetical products.  This kind of advisory opinion is exactly the sort of speculation in which a Court can not engage." Order, p. 9, l. 8-11.

The uncontroverted facts show the Court's apparent "failure to consider material facts presented to the Court before such decision." Among other things, these facts (uncontroverted by Plaintiff, and indeed, uncontrovertible admissions by Plaintiff because they are set forth in part in Plaintiff's own correspondence to those third parties) show that the issue posed is NOT "hypothetical."  Instead, Plaintiff admits that it already has used its purported rights in BRUXZIR to stop a third party competitor from

using the trademark BRUX for that competitor's zirconia dental crowns.[2] Plaintiff similarly admits that it stopped other third parties from using RBrux and Z-Brux as trademarks for those same (NOT hypothetical), products – zirconia dental crowns (see Uncontroverted Fact Nos. 9-12).[3]

The uncontroverted facts further show that the terms BRUX and BRUXER are in fact generic (or at least descriptive) within the relevant marketplace for products such as those under discussion in this lawsuit. The Court itself mentioned the "plethora" of uncontroverted evidence (see, e.g., Order, p. 2, l. 13-18) that Defendant introduced to show that the terms BRUX and BRUXER are generic and/or descriptive for these goods.

Perhaps most relevant to the Court's finding that BRUX and BRUXER are "generic/descriptive" for these types of products in this marketplace are the many third party "BRUX" trademarks that long predate any rights that the current parties may have in their trademarks. [4] One of

---

[2] For example, see:

Uncontroverted Fact 5.      Glidewell has contacted third parties and demanded that those third parties stop using the term "BRUX" within those parties' trademarks for dental restorations.

Uncontroverted Fact 6.      Glidewell has represented to those same third parties that the basis for Glidewell's demand is Glidewell's rights in its trademark BruxZir.

Uncontroverted Fact 7.      Glidewell has contacted AUTHENTIC Dental Labs and demanded that it stop using the phrase "BRUX Crowns" for promoting its dental restorations.

Uncontroverted Fact 8.      AUTHENTIC Dental Labs responded to Glidewell's demand by stopping its use of the phrase "BRUX Crowns."

[3] See also Plaintiff's August 9, 2011 demand letter to KDA, in which GW's Sales Manager (Robin Bartolo) wrote to KDA:  "If you cancel your trademark application for KDZ Bruxer and use Bruxzir materials and the BruxZir trademark instead, we will not pursue legal action." (Ex. L to Adnan Decl. filed with KDA's Motion for PSJ).

[4] For example, Adnan Decl., Ex. F included the following registered "BRUX" trademarks:

| Trademark | PRIORITY DATE (Earliest Filing Or Use Date) |
|---|---|
| BRUX-EZE | 1985 |
| BRUX-EZE | 1986 |
| BRUXCARE | 1997 |
| BRUXGUARD | 1997 |

**REQUEST FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR®**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                              3

1  those, DR. BRUX, is even registered to a third party for "dental crowns." [5]

2       Thus, it is uncontroverted that Plaintiff has asserted that its
3  BRUXZIR trademark rights include the right to stop third parties from using
4  the generic terms BRUX and BRUXER.  Defendant requests, among other
5  things, the Court's ruling that Plaintiff's trademark rights are not so broad as
6  to give Plaintiff that right.

7       3.    Material Facts That the Court Apparently Failed to Properly
8            Consider Regarding Defendant's "Fair Use" Defense

9       The preceding point regarding the Court ruling that BRUX and
10  BRUXER are generic as applied to the relevant marketplace and goods also
11  relates to at least one other point supporting this Request for
12  Reconsideration.  Defendant appreciates the Court's efforts to analyze the
13  "classic fair use" defense inherent in Defendant's original filings.   In
14  connection with the Court's analysis, however, Defendant respectfully
15  suggests that (perhaps because Defendant's initial filings may not have been
16  sufficiently clear as to a material fact that is important to this point) the
17  Court apparently failed to properly consider another material fact.  In its
18  original Order, the Court indicated its understanding that Defendant was
19  "not arguing that [Defendant's] mark KDZ BRUXER is . . . generic" (Order,
20  p. 11, l. 9-12), and that <u>as a consequence there was no basis for the fair use</u>
21  <u>defense</u>.

22       In respectful correction, the "fact" is that Defendant IS arguing that

| BRUXGUARD | 2003 |
|---|---|
| DR. BRUX | 2006 |
| BRUX-INDICATOR | 2006 |

[5] U.S. Trademark Reg. No. 3,775,126 for the trademark "DR. BRUX" was filed in May 2007, and alleges first use in October 2006, on (among many other goods) dental crowns. KDA's Memo in Supp., p. 5, l. 24; Adnan Decl., p. 9-10.

REQUEST FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR®
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                    4

the <u>BRUXER portion</u> of Defendant's own KDZ BRUXER mark is generic. Defendant's mark KDZ BRUXER as a <u>whole</u> is NOT generic; indeed, Defendant has pending with the U.S. Patent and Trademark Office (USPTO) an application to register it (KDZ BRUXER) as a trademark.

As discussed at oral argument, because the term BRUXER is generic/descriptive, Defendant's application to register its KDZ BRUXER mark included a <u>disclaimer</u> of any exclusive right to use BRUXER apart from the mark KDZ BRUXER.  As the Court may recall, Defendant's counsel provided to the Court and opposing counsel a copy of Defendant's pending application to register KDZ BRUXER and Defendant's two recently-issued registrations for its two other "KDZ" trademarks, and pointed out and discussed the disclaimer language[6] that was included in each of those and the impact of same.[7]

---

[6] "Disclaimer        NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'BRUXER' APART FROM THE MARK AS SHOWN"

[7] The general concepts of "disclaimer practice" is codified at 15 U.S.C. §1056:

15 U.S.C. §1056. Disclaimers.

(a) The Director may require the applicant to disclaim an unregistrable component of a mark otherwise registrable. An applicant may voluntarily disclaim a component of a mark sought to be registered.

(b) No disclaimer, including those made under subsection (e) of section 1057 of this title, shall prejudice or affect the applicant's or registrant's rights then existing or thereafter arising in the disclaimed matter, or his right of registration on another application if the disclaimed matter be or shall have become distinctive of his goods or services.

The USPTO's Manual of Trademark Examining Procedure (online at http://tess2.uspto.gov/tmdb/tmep/) quotes the foregoing U.S. Code, and goes on to state:

1213 Disclaimer of Elements in Marks

A disclaimer is a statement that the applicant or registrant does not claim the exclusive right to use a specified element or elements of the mark in a trademark application or registration. A disclaimer may be included in an application as filed or may be added by amendment, e.g., to comply with a requirement by the examining attorney.

**The purpose of a disclaimer is to permit the registration of a mark that is registrable as a whole but contains matter that would not be registrable standing alone, without creating a false impression of the extent of the registrant's right with respect to certain elements in the mark**. As stated in Horlick's Malted Milk Co. v. Borden Co., 295 F. 232, 234 (D.C. Cir. 1924) (citing Estate of P. D. Beckwith, Inc. v. Comm'r of Pats., 252 U.S. 538, 544 (1920)):

**REQUEST FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR®**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                                    5

As a consequence, Defendant's use of that generic term within Defendant's trademark IS "fair use" under the relevant case law (rather than being a basis for the Court to terminate the "classic fair use" analysis). More specifically, Defendant adopted the generic term BRUXER within its KDZ BRUXER mark in the same "fair use" manner that Plaintiff and the many previous third party BRUX registrants (see above) had done with their respective marks.  Plaintiff presented no evidence that Defendant's adoption of the BRUXER portion of its mark was done in any manner other than "fairly and in good faith", and that the BRUXER portion of Defendant's mark is NOT itself used as a trademark or service mark, but instead "[o]nly to describe its goods or services."   Accordingly, the uncontroverted facts and relevant law do support this Court's finding that Defendant's use of BRUXER within its mark IS fair use, and therefore does not infringe any rights of Plaintiff.

4.     The Court Apparently Used the Ninth Circuit's "Eight Factors" Improperly as a Rigid Test, and in Any Case Apparently Did Not Consider Material and Uncontroverted Evidence Related to at Least Some of Those "Eight Factors"[8]

The Court's Order focused heavily on the need for an analysis of the "eight factors" that are conventionally addressed in trademark infringement

---

[T]he fact that a mark contains descriptive words is not enough to warrant a refusal to register it. Unless it consists only of such words, it may not be refused a place on the registry of the Patent Office.

**The significance of a disclaimer is conveyed in the following statement:**

**As used in trade mark registrations, a disclaimer of a component of a composite mark amounts merely to a statement that, in so far as that particular registration is concerned, no rights are being asserted in the disclaimed component standing alone, but rights are asserted in the composite; and the particular registration represents only such rights as flow from the use of the composite mark.**

*Sprague Electric Co. v. Erie Resistor Corp.*, 101 USPQ 486, 486-87 (Comm'r Pats. 1954).

[8] *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir.1998) ("The factors **should not be rigidly weighed**; we do not count beans."); *Eclipse Assoc. Ltd. v. Data Gen. Corp.*, 894 F.2d 1114, 1118 (9th Cir. 1990) ("**These tests were not meant to be requirements or hoops that a district court need jump through** to make the determination.") (emphasis added).

**REQUEST FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR®**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                                   6

analysis. Defendant respectfully notes, however, that within the same decision to which the Court cited, the Ninth Circuit expressly qualified the use of those "eight factors" in a way that at the very least lessens the need for express analysis of all eight. [9]  Indeed, Defendant expressly requests the Court's reconsideration of its Order on this point, based especially on the instant uncontroverted facts.[10]  Regardless, Defendant has included in this Request and the contemporaneously-filed revised Proposed Order an analysis of all "eight" factors, including reference to many of the uncontroverted facts that were already before the Court but which the Court apparently did not consider.[11]

5. The Parties May Never Have Their Required Settlement/ADR Process

As the Court may recall, last week Magistrate Judge Nakazato

---

[9] In the same *Network Automation* decision to which the Court cited extensively, the Ninth Circuit expressly stated that:

"… the 'eight factors' are intended as an adaptable proxy for consumer confusion, **not a rote checklist**. See, e.g., *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1030 (9th Cir.2010) ("This eight-factor analysis is `pliant,' illustrative rather than exhaustive, and best understood as simply providing helpful guideposts."); *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir.1998) ("The factors should not be rigidly weighed; we do not count beans."); *Eclipse Assoc. Ltd. v. Data Gen. Corp.*, 894 F.2d 1114, 1118 (9th Cir. 1990) ("**These tests were not meant to be requirements or hoops that a district court need jump through to make the determination**.") (emphasis added).

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1145 (9th Cir. 2011).

[10] Defendant respectfully submits that this point independently provides the required "manifest showing of a failure to consider material facts presented to the Court before such decision."

[11] See, for example, Uncontroverted Fact No. 51, which supports the third of the eight factors – the similarity of the marks:

51. There [sic] parties relevant trademarks differ in at least the following ways:

• KDA adds the three letters "KDZ" as a separate word at the beginning of KDA's trademark KDZ BRUXER, whereas Glidewell's is a single word trademark BruxZir.

• KDA's trademark has five syllables (K – D – Z – Brux - er), whereas Glidewell's has only two.

• Glidewell's trademark is seven letters long, whereas KDA's total mark is nine letters, and the individual words within KDA's trademark are three letters and six letters long.

• Glidewell's trademark uses a pair of letters in its trademark that is not found in KDA's trademark: "ZI".

cancelled the parties' scheduled Settlement Conference (the conference had been set for last Friday), and it may not ever be rescheduled (see Pleading #49 in this case; filed 4/3/2012).   Among other things, Judge Nakazato's order states that one reason for cancelling the conference is Plaintiff's skepticism "about the prospect of a settlement."   In any case, cancellation of that settlement proceeding removes one of the few other potential opportunities to avoid the expense and effort required to litigate these issues.

6.    The Court made clear (at the Scheduling Conference in December 2011) that the referenced Motion for PSJ will be Defendant's <u>only</u> opportunity to request summary judgment in this action.

Thus, unless the Court grants this Request, Defendant's only opportunity to receive the rulings hereby requested will be through a complete trial, including all of the expensive and time-consuming discovery and motion practice leading up to same.

7.    The Court expressly stated that the underlying facts may actually support summary judgment.[12]

As noted above, in connection with this Request, Defendant is filing a revised Proposed Order, including Defendant's attempt to present those underlying facts in a form that hopefully will better facilitate the Court's consideration of same and thereby lead to the Court's granting of Defendant's original motion.

8.    The Court Anticipated Future Filings by the Parties

Finally, the Court also expressly stated "that the Court anticipates

---

[12] "To be clear, the Court is not holding that the facts of this case preclude summary judgment for Defendant. The Court is merely holding that Defendant's failure to cite to relevant law – that is, cases analyzing an infringement claim where plaintiff alleges that its composite mark is infringed by defendant's composite mark and the marks share only a portion of letters – prevents this Court from granting summary judgment." Order, at p. 11, l. 19-23.

**REQUEST FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR®**
Civ. Action No. SA-CV-ll-01309-DOC(ANx)                                          8

future filings by the parties…" Order, at p. 11, l. 24.  Although the Court had stated near the end of oral argument on the motion that the Court would let the parties know if the Court wanted further briefing (so the "future filings" to which the Court referred in its subsequent Order certainly <u>could</u> have been filings OTHER than this Request), especially in view of the other points noted in this list Defendant's counsel is hoping that the Court at the very least is not inclined to preemptively preclude consideration of the present Request.  In any case, as noted initially above, this Request meets the Local Rule requirements for such filings, and hopefully will enable the Court to implement the aforementioned "most important rule" of all - the last sentence of Fed.R.Civ.P. 1, which provides that the Federal Rules of Civil Procedure 'shall be construed to secure the **just, speedy, and inexpensive determination of every action**.'

Thus, in addition to meeting the requirements of the Local Rules, the present Request provides the Court the opportunity to apply and follow that "most important rule of all" in order "to secure the just, speedy, and inexpensive determination" of the issues raised in Defendant's Motion for Partial Summary Judgment.  Reconsidering its original Order and instead granting Defendant's motion will result in a determination that is just, speedy, and <u>substantially</u> less expensive than if the Court and the parties are required to further litigate the issues that are the subject of the Motion for Partial Summary Judgment.  This inures to the benefit not only of the parties, but perhaps more importantly to the Court itself, allowing the Court to avoid unnecessary use of its scarce and valuable time and resources on issues that instead can and should be resolved summarily.

## II.   <u>CONCLUSION</u>

As set forth in this Request and the accompanying revised Proposed

**REQUEST FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK BRUXZIR®**
Civ. Action No. SA-CV-ll-1309-DOC(ANx)                                                                    9

1   Order, Defendant has met its burdens, both for the Court to reconsider its

2   recent Order and to instead issue an Order granting Defendant's Motion for

3   Partial Summary Judgment.  Defendant respectfully repeats its request that

4   the Court do so.

5                                                  Respectfully submitted,

6   Dated:  2012-04-13                        /J. Mark Holland/
                                                   J. Mark Holland
7                                                  **J. MARK HOLLAND & ASSOCIATES**

8   Z:\Winword\KEATI\L3844\Pleadings\Motions-Related\KDA_Motion_for_PSJ\D's_Request_for_Reconsideration\Motion_PSJ_Request_For_Reconsideration_03.doc