LEONARD TACHNER, A PROFESSIONAL LAW CORPORATION
Leonard Tachner, Esq. (State Bar No. 058436)
17961 Sky Park Circle, Suite 38-E
Irvine, California 92614-6364
(949) 752-8525 Telephone
(949) 955-2415 Telefax

Attorney for Plaintiff/Counter-defendant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. DBA GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>Defendant.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, and DOES 1 THROUGH 5, inclusive,<br><br>Counter-Defendants. | Case No. SACV11-01309-DOC(ANx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGEMENT**<br><br>**Hearing Date: None Requested** |

**INTRODUCTION**

PLAINTIFF hereby opposes the above-captioned request by Defendant. Defendant's Motion For Reconsideration is purportedly made under Local Rule 7-18(c) (see Footnote 1 of Defendant's Motion). Under the Local Rules, such a motion must be based on "a failure to consider material facts presented to the Court before such decision" which decision in this instance is the Court's ruling on Defendant's Motion For Partial Summary Judgment, (heard on March 26, 2012). Plaintiff believes that Defendant's request for reconsideration is not proper under any provision of Local Rule 7-18 principally because:

1) Defendant has attempted to belatedly introduce additional facts;

2) Defendant has attempted to introduce a theory of law (Fair Use) not previously presented in its original motion and under the laws of this circuit, in any event summary judgment on the defense of fair use would be improper;

3) Defendant has not made any showing that such additional facts and law could not have been presented before the Court's ruling or that they arose as a result of a discovery or change that occurred after the decision.

(1)    Defendant has Attempted to Belatedly Introduce Additional Facts

Rather than unnecessarily burden the Court with a detailed regurgitation of such "additional facts" referred to in Defendant's Motion for Reconsideration, Plaintiff need only refer the Court to the following portion of footnote 3 of Exhibit A (page 15) of Defendant's "Comparison of Original and Proposed Court Orders":

> "Defendant's Request For Reconsideration included a substantial effort to address that shortcoming including incorporating certain <u>additional facts</u> into the overall analysis

2

PLF'S OPPOSITION TO DEF'S REQUEST FOR
RECONSIDERATION OF DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
CASE NO. SACV11-01309-DOC(ANx)

to better explain why Defendant's trademark does not infringe any rights of Plaintiff."

(underlining added).

Obviously, by the term "additional facts", Defendant means material facts presented to the Court after the decision, not before the decision as required by Local Rule 7-18(c).

(2) Defendant has Attempted to Introduce a Theory Of Law (Fair Use) Not Previously Presented in its Original Motion

Defendant for the first time suggests in its Motion For Reconsideration that the Court should reverse its prior ruling because the use of the accused trademark constitutes fair use. Nowhere in its original motion for partial summary judgment did Defendant assert such a defense. Moreover, even if the Court were to consider such a defense only now, the law of Fair Use in the ninth circuit under KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 408 F.3d 596, 609 (9th Cir. 2005) on remand from the U.S. Supreme Court, would find fair use to be an improper basis for summary judgment.

> "The fair use defense only comes into play once the party alleging infringement has shown by a preponderance of the evidence that confusion is likely. See KP II, 125 S. Ct. at 549. We hold in accordance with Shakespeare Co., 110 F.3d at 243, that the degree of customer confusion remains a factor in evaluating fair use."

3

PLF'S OPPOSITION TO DEF'S REQUEST FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. SACV11-01309-DOC(ANx)

> "Summary judgment on the defense of fair use is also improper.  There are genuine issues of fact that are appropriate for the fact finder to determine in order to find that the defense of fair use has been established.  Among the relevant factors for consideration by the jury in determining the fairness of the use are the degree of likely confusion…."
> Id at 609.

In effect, Defendant has painted itself into a corner.  If it wishes the Court to consider Fair Use as a basis for reconsideration of its Motion For Partial Summary Judgment, the Court must decide against Summary Judgment under the law of this circuit.

(3)     <u>Defendant has Made No Attempt to Justify its Submission of Additional Facts or its Reliance on a Fair Use Defense in its request for reconsideration</u>

Defendant has indicated that its reconsideration motion is submitted under Local Rule 7-18(c).  However, under this provision of the local rules, Defendant must rely on a failure of the Court to consider previously submitted facts, not on additionally submitted facts or legal argument not previously presented.  If the Defendant relies alternatively on Local Rule 7-18(a) or (b), it must show that either there's been a material difference in fact or law that could not have been previously known with reasonable diligence or that there are new material facts or a change in the law that occurred after the original decision.  Nothing in this regard has been submitted by Defendant and therefore its request for reconsideration is not well-founded and appears to be improper on its face.

For all these reasons the Court should deny Defendant's Request For Reconsideration.

DATED: April 16, 2012     By:   /s/ Leonard Tachner
                                Leonard Tachner
                                Attorney for Plaintiff/Counter-Defendant

(949) 752-8525 Telephone
(949) 955-2415 Telefax

PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is 17961 Sky Park Circle, Suite 38-E, Irvine, California 92614. On April 16, 2012, I served the following document(s) in the manner indicated:

1. PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

▣ via electronic means by the Court's electronic filing system CM/ECF.

☐ by placing the document(s) listed above in a sealed envelope to the person at the address set forth below by postage prepaid United States First Class United States mail on the same date set out below.

J. Mark Holland
J. Mark Holland & Associates
3 San Joaquin Plaza, Suite 210
Newport Beach, CA 92660

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed April 16, 2012 at Irvine, California.

By:   /s/ Jodie Miller
      _____
      Jodie Miller

Case No.: SACV11-01309-DOC(ANx)
CERTIFICATE OF SERVICE