UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 11-1309 DOC (ANx)                                                    Date: May 1, 2012

Title: JAMES R. GLIDEWELL DENTAL CERAMICS, INC.  V. KEATING DENTAL ARTS, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                                       NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING MOTION TO RECONSIDER BUT PROVIDING DEFENDANT WITH FUTURE OPPORTUNITY TO MOVE FOR SUMMARY JUDGMENT

  Before the Court is a Request for Reconsideration of Motion for Partial Summary Judgment as to Non-Infringement of Trademark filed by Defendant Keating Dental Arts Inc. ("Defendant") on April 13, 2012.  (Dkt. 50).

  On March 26, 2012, the Court denied Defendant's Motion for Partial Summary Judgment as to Non-Infringement of Trademark.  *See* Order (Dkt. 48) at 11.  The Court explained that it was "*not* holding that the *facts* of this case preclude summary judgment for Defendant," but rather that Defendant had failed to address the law necessary to grant the Defendant summary judgment, such as the Ninth Circuit's eight-factor test for likelihood of confusion.  *See id.*

  Defendant's Request for Reconsideration is DENIED because it does not, as required by Local Rule 7-18, demonstrates that there are facts or law that "could not have been known" to the movant at the time of the decision given the "exercise of reasonable diligence," nor was there a "manifest showing of a failure to consider material facts presented."  L.R. 7-18.

  However, the Court will provide Defendant with another opportunity to move for summary judgment in the future.  The Court provides Defendant with a second opportunity because this

MINUTES FORM 11 DOC                      Initials of Deputy Clerk: jcb
CIVIL - GEN                              Page 1 of 2

is a straight-forward trademark infringement case.  As such, it is highly unlikely that there will be any genuine issues of material fact and it is entirely possible that Defendant could show in its second motion that it wins as a matter of law – if Defendant would just cite analogous cases finding no infringement of a plaintiff's composite mark by a defendant's composite mark where the marks share only a portion of letters.  Given that this Court has broad powers to control the course of litigation and the power to grant summary judgment *sua sponte*, it would be an absurd waste of the parties' and the Court's resources to blindly proceed to trial on an issue of law that could be resolved on a summary judgment motion.  *See* Fed. R. Civ. P. 56(f) (providing that a court may grant summary judgment for a nonmovant or on grounds not raised by a party); *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (upholding *sua sponte* grant of summary judgment in favor of non-movant where the movant's filing of its own summary judgment motion addressing the salient issues upon which summary judgment was granted established that the movant had a full and fair opportunity to address the issues); *cf. Quercia v. United States*, 289 U.S. 466, 469, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933) ("A judge acts not as a mere moderator, but as the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law.").

      Accordingly, Defendant shall file a summary judgment motion at least 28 days prior to the December 17, 2012, motion cut-off date identified in the original scheduling order.  *See* Minutes (Dkt. 14).  Defendant should cite this Order when doing so.

      The Clerk shall serve this minute order on all parties to the action.