Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear(SBN : 147,751)
Jeffrey.VanHoosear@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
Keating Dental Arts, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,

Plaintiff/Counter-defendant,

v.

KEATING DENTAL ARTS, INC.

Defendant/Counter-Plaintiff.

Civil Action No. SACV11-01309-DOC(ANx)

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Hearing Date: October 15, 2012
Hearing Time: 8:30 am
Hearing Place: Courtroom 9D

Honorable David O. Carter, USDJ
Honorable Arthur Nakazato, USMJ

# TABLE OF CONTENTS

Page No.


I. INTRODUCTION ........ 1

II. STATEMENT OF FACTS ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 4

- A. Good Cause Exists For Keating's Motion ........ 4
- B. Keating's Motion Is Proper Under Fed. R. Civ. P. Rule 15 ........ 6
  - 1. Keating Has Not Acted In Bad Faith ........ 6
  - 2. This Motion Is Brought Without Undue Delay ........ 6
  - 3. The Amended Answer Will Not Prejudice Glidewell ........ 7
- C. Judicial Efficiency Also Urges Granting Leave to File the Proposed Amended Counterclaim ........ 8
- D. Granting Leave to File Keating's Amended Counterclaims Is In Line With Trademark Public Policy ........ 9

V. CONCLUSION ........ 10

TABLE OF AUTHORITIES

Page No.

*Am. Aloe Corp. v. Aloe Creme Labs., Inc.*,
420 F.2d 1248 (7th Cir. 1970) ........ 7

*Anti-Monopoly, Inc. v. General Mills Fun Group*,
611 F.2d 296 (9th Cir. 1979) ........ 5

*Bone v. City of Los Angeles*,
471 F. App'x 620 (9th Cir. 2012) ........ 8

*CES Publ'g Corp. v. St. Regis Publ'ns*,
531 F.2d 11 (2d Cir. 1975) ........ 9

*DCD Programs, Ltd. v. Leighton*,
833 F.2d 183 (9th Cir. 1987) ........ 3, 4, 6, 7

*Dupont Cellophane Co. v. Waxed Products Co.*,
85 F.2d 75 (2d Cir. 1936) ........ 5

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ........ 3, 6

*Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*,
198 F.3d 1143 (9th Cir. 1999) ........ 4, 5, 9

*Foman v. Davis*,
371 U.S. 178, 83 S. Ct. 227 (1962) ........ 3, 4, 6

*Gordon v. City of Oakland*,
627 F.3d 1092 (9th Cir. 2010) ........ 8

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ........ 4, 6

*Kellogg Co. v. National Biscuits Co.*,
305 U.S. 111, 59 S.Ct. 109 (1938) ........ 9

*KP Permanent Make-up, Inc. v. Lasting Impression I, Inc.*,
408 F.3d 596 (9th Cir. 2005) ........ 4

*Miller Brewing Co. v. G. Heileman Brewing Co.*,
561 F.2d 75 (7th Cir. 1977) ........ 7

## TABLE OF AUTHORITIES
(continued)

Page No.

*Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178 (5th Cir. 1980) ........ 7

*Surgicenters of America, Inc. v. Medical Dental Surgeries Co.*, 601 F.2d 1011 (9th Cir. 1979) ........ 4, 9

*United States v. Webb*, 655 F.2d 977 (9th Cir. 1981) ........ 3

*Van Well Nursery, Inc. v. Mony Life Ins. Co.*, 421 F. Supp. 2d 1321 (E.D. Wash. 2006) ........ 5

*Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925 (9th Cir. 2005) ........ 4, 5

## OTHER AUTHORITIES

15 USCA § 2 ........ 1

15 USCA § 12 et seq. ........ 1

3-15 Moore's Federal Practice § 15.14 ........ 3

Fed. R. Civ. P. Rule 16(b)(3)(A) ........ 4

California Business & Professions Code § 17200 et seq. ........ 1

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(d), Defendant Keating Dental Arts ("Keating") respectfully requests the Court to render an order granting Keating leave to file its attached Amended Counterclaims (attached as Appendix 1) which add a claim for cancellation of Plaintiff's U.S. Trademark Registration No. 3,739,663 for the mark BRUXZIR used in connection with dental devices related to correction of bruxism (teeth grinding) in bruxers (people who suffer from bruxism). As a generic term and/or a phonetic equivalent of a generic term, Plaintiff's alleged mark is invalid and not entitled to registration.

Prior to filing this motion, counsel for Keating conferred with counsel for Plaintiff James R. Glidewell Dental Ceramics, Inc., d/b/a Glidewell Laboratories ("Glidewell") regarding the relief requested in this motion. While Plaintiffs consented to Keating's withdrawal of its anti-trust counterclaim, Plaintiffs refused to consent to the addition of Keating's counterclaim for cancellation of Glidewell's trademark registration.[1]

Keating's motion is justified because the facts revealed during discovery indicate that the term "bruxer" (a) is a generic term used by dentists to designate a person who suffers from "bruxism" (teeth grinding); (b) the term "bruxzir" is phonetically equivalent to "bruxer"[2] (c) the terms "bruxer" and "bruxzir" are used by dentists to generically refer to bruxer crowns, i.e. dental devices used by bruxers to protect against the effects of bruxism, and (d) the terms bruxer and

[1] Keating's proposed Second Amended Answer, Affirmative Defenses and Counterclaims removes the Third Counterclaim for Antitrust Violations under Sherman Antitrust Act 15 USCA § 2 and Clayton Antitrust Act 15 USCA § 12 *et seq*. as well as making a few edits for clarification. It clarifies that the unfair competition claims are brought under California Business & Professions Code § 17200 *et seq*. as well as California common law, and it provides clarification to the affirmative defenses.

[2] Both "bruxzir" and "bruxer" are pronounced "brux-zer."

bruxzir do not designate any particular source and are therefore incapable of functioning as trademarks.

Keating has not unduly delayed in bringing this motion, has not acted in bad faith and there is no prejudice to Glidewell in allowing the amendment. Keating's affirmative defenses have always asserted a defense of genericness. Thus, the issue of genericness has been in the case since the outset, does not require any additional discovery and is no surprise to Plaintiff. Discovery in the case is still ongoing, with a discovery cutoff of October 29, 2012.

Accordingly, Keating respectfully requests that the Court grant its Motion for Leave to File Amended Counterclaims.

## II. STATEMENT OF FACTS

Glidewell's Trademark Registration No. 3,739,663 issued on January 19, 2010 for the term BRUXZIR for use in connection with dental bridges, dental caps, dental crowns, dental inlays, dental onlays, and dental prostheses. (Complaint [Doc. 1] ¶ 6.) On August 8, 2011 Glidewell filed the present lawsuit alleging, *inter alia*, that Keating's use of the mark KDZ BRUXER in connection with bruxer crowns infringed Glidewell's BRUXZIR mark. (*Id.* ¶ 12-20.) Keating filed its Answer, Affirmative Defenses, and Counterclaims on October 14, 2011. [Doc. 9]. On January 31, 2012, Keating filed an Unopposed Motion for Leave to File First Amended Answer, Affirmative Defenses, and Counterclaims which the Court granted on March 1, 2012. [Doc. 40].

On July 30, 2012, the Court granted Keating's Request for Approval of Substitution of Attorney, and Knobbe Martens Olson & Bear LLP took over representation of Keating in this matter. [Doc. 55]. During the course of discovery in early August 2012, Keating's counsel discovered and produced to Glidewell documents evidencing dentists' widespread used of the term "bruxer" as a generic term identifying people who suffer from bruxism, i.e. teeth grinding. In addition, Keating's counsel identified to Glidewell in supplemental

initial disclosures numerous dentists who had used the term "bruxzir" as a generic equivalent of "bruxer" to identify a bruxer crown made from zirconia, and not to identify any particular source. (Mangum Decl., ¶ 9 & Ex. C.)

In view of the genericness of the term "bruxzir," for which Plaintiff had obtained a trademark registration in January 2010, Keating filed a Petition for Cancellation with the US Patent and Trademark Office Trademark Trials and Appeals Board ("TTAB") on August 17, 2012. (*Id.* at ¶ 7 & Ex. A.) The same day, Keating sent a letter to Glidewell's counsel advising of Keating's intention in this lawsuit to move for leave to file Amended Counterclaims in order to add a claim for Cancellation of Trademark. (*Id.* at ¶ 8 & Ex. B.) This Motion is being filed ten days after the parties' counsel met and conferred on August 22, 2012.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Courts have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (finding that courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *see also* 3-15 Moore's Federal Practice § 15.14 (Matthew Bender 3d Ed.) ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)(2)."). When prejudice is absent, the Ninth Circuit has stated there is a presumption in favor of granting leave to amend when there is not a strong showing of the remaining *Foman* factors. *Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining

*Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." (emphasis in original)). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186.

## IV. ARGUMENT

### A. Good Cause Exists For Keating's Motion

Rule 16(b) of the Federal Rules of Civil Procedure requires that "[t]he scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. Rule 16(b)(3)(A). The rule also provides that "[a] schedule may be modified only for good cause and with the judge's consent." *Id.* at 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Once diligence, or "good cause," has been shown, the party seeking amendment must then show it is proper under Rule 15. *Id.* at 608.

Keating has been diligent in seeking the requested amendment. The determination of whether a mark is generic depends on how the consuming public understands the meaning of the term. *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 929 (9th Cir. 2005) ("To determine whether a term has become generic, we look to whether consumers understand the word to refer only to a particular producer's goods or whether the consumer understands the word to refer to the goods themselves." (quoting *KP Permanent Make-up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 604 (9th Cir. 2005)); *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1148 (9th Cir. 1999) ("[T]he 'ultimate test' of genericnessness [sic] is 'how a term is understood by the consuming public.'" (quoting *Surgicenters of America, Inc. v. Medical Dental Surgeries Co.*, 601 F.2d 1011, 1015 n.11

(9th Cir. 1979)); *see also Dupont Cellophane Co. v. Waxed Products Co.*, 85 F.2d 75, 77 (2d Cir. 1936) ("The real problem is what it meant to the buying public during the period covered by the present suit."); *Van Well Nursery, Inc. v. Mony Life Ins. Co.*, 421 F. Supp. 2d 1321, 1327-28 (E.D. Wash. 2006) ("Even the most distinctive symbols – coined words having no descriptive or suggestive quality – may become generic if they are adopted by the public as the name of the product rather than as the mark of the producer.").

Recent discovery of the use of the terms "bruxer" and "bruxzir" in the industry evidence widespread generic use of those terms to denote bruxer crowns and/or bruxer crowns made of zirconia. In early August 2012, Defendants' produced numerous documents to Plaintiff evidencing such generic usage, and also listed numerous dentist witnesses who will testify as to such generic usage. (Mangum Decl., ¶¶ 4-7, 10 & Ex. C.)

Because the evidence indicates that dentists (the relevant consumers) use the term "bruxzir" as a phonetic equivalent of the generic term "bruxer" and as a generic term to identify a bruxer crown used by bruxers, it is not entitled to registration as a trademark because it primarily denotes the product, not the producer. *See, e.g.*, *Yellow Cab Co. of Sacramento*, 419 F.3d at 929 (9th Cir. 2005); *Filipino Yellow Pages*, 198 F.3d at 1148 (9th Cir. 1999); *Anti-Monopoly, Inc. v. General Mills Fun Group*, 611 F.2d 296 (9th Cir. 1979) ("At its simplest, the [genericness] doctrine states that when a trademark primarily denotes a product, not the product's producer, the trademark is lost.").

On August 17, 2012, Keating's counsel wrote to Glidewell's counsel advising of Keating's intent to file a motion for leave to file Amended Counterclaims. Keating therefore acted diligently and promptly within a week of discovering the evidence and facts pertinent to its Amended Counterclaim. Keating respectfully submits that good cause exists for the requested amendment.

**B. Keating's Motion Is Proper Under Fed. R. Civ. P. Rule 15**

Once a party has shown good cause for amending the pleadings, it must also show it is proper under Rule 15. *Johnson*, 975 F.2d at 608. Under Ninth Circuit jurisprudence, Rule 15 provides a presumption that leave should be granted when prejudice is absent as well as any strong showing of the remaining *Foman* factors. *Eminence Capital*, 316 F.3d at 1052. To that end, the Ninth Circuit has identified four factors that "are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186; *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Consideration of the *Foman* factors favors Keating's Motion for Leave to Amend.

**1. Keating Has Not Acted In Bad Faith**

Keating is not acting in bad faith in seeking the requested amendment. During discovery, Keating discovered numerous articles evidencing the generic use of the term "bruxer" and promptly produced them to Glidewell. (Mangum Decl., ¶ 7.) Keating also identified to Plaintiff numerous dentists who use the terms "bruxzir" and "bruxer" generically to refer to a bruxer crown used by bruxers. Keating identified these dentist witnesses to Glidewell in its supplementary initial disclosures. (*Id.* at ¶ 10 & Ex. C.) Shortly after appointing its current defense counsel, Keating immediately filed a Petition to Cancel Glidewell's trademark Registration with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office, and also notified Glidewell's counsel of its intent to file this Motion. (*Id.* at ¶¶ 8, 9 & Exs. A, B.)

**2. This Motion Is Brought Without Undue Delay**

Keating acted promptly in bringing this motion seeking leave to amend its Counterclaims. Keating's current counsel took over representation of Keating on July 20 and immediately obtained discovery of the evidence supporting its

claim for cancellation of Glidewell's trademark Registration. (*Id.* at ¶ 3-7.) Keating promptly notified Glidewell of its intent to request leave to file the Amended Counterclaim on August 17, 2012. (Id. at ¶ 9 & Ex. B.) There has been no undue delay. This factor weighs in favor of granting Keating leave to amend.

**3. The Amended Answer Will Not Prejudice Glidewell**

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. Here, there is no prejudice to Glidewell because the added counterclaim for cancellation of Keating's trademark Registration is based on genericness, which Keating raised as a defense in this case in its affirmative defenses. (First Amended Answer, Affirmative Def. and Counterclaims [Doc. 20-2].)

Since "bruxzir" is a corrupted spelling or phonetic equivalent of "bruxer", Glidewell has been on notice that the validity of the BRUXZIR trademark registration is at issue. Courts have long held that the corrupted spelling or phonetic equivalent of a generic term is also generic. *See, e.g.*, *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1186 n.24 (5th Cir. 1980) ("Plaintiff's using the phonetic equivalent of the generic term 'larvicide' in its mark 'Larvacide,' i.e., misspelling it, does not render the mark protectable." (citing *Miller Brewing*, 561 F.2d at 79)); *Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75, 79 (7th Cir. 1977) ("Using the phonetic equivalent of a common descriptive word, *i.e.*, misspelling it, is of no avail."); *Am. Aloe Corp. v. Aloe Creme Labs., Inc.*, 420 F.2d 1248, 1253 (7th Cir. 1970) ("By using the phonetic equivalent of the generic name as the sole common and distinguishing mark of its products, defendant invited confusion.").

In its First Amended Answer, Keating put Glidewell on notice that genericness of Glidewell's trademark was an issue in this case because it was a

/ / /

"corruption of the generic/descriptive word BRUXER." (First Amended Answer [Doc. 20-2, ¶ 31-33]; *see also* original Answer [Doc. 9, ¶ 37.])[3]

Accordingly, adding a Claim for Cancellation of Registration will not prejudice Glidewell. Glidewell has been on notice from the beginning of this case that genericness of the term "bruxer" was at issue and, due to its phonetic equivalence and corrupted spelling, so was BRUXZIR. The same factual evidence will be relevant on the issue of genericness of "bruxer" and "bruxzir". For these reasons, this factor favors granting Keating's motion to amend.

4. **The Requested Amendment Is Not Futile**

"Although Rule 15(a) requires that leave be freely given when justice so requires, leave to amend may be denied if amendment of the complaint would be futile." *Bone v. City of Los Angeles*, 471 F. App'x 620, 622 (9th Cir. 2012) (citing *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010)). The Proposed Amended Counterclaims in the present Motion add a claim for Cancellation of Registration which is warranted by the evidence as discussed above. The relevant case law and factual allegations support the proposed additional Counterclaim. Accordingly, the amendment Counterclaim would not be subject to dismissal and therefore is not futile. This factor weighs in favor of granting Keating leave to amend.

**C. Judicial Efficiency Also Urges Granting Leave to File the Proposed Amended Counterclaim**

The requested amendment will promote judicial efficiency and avoid the parties having to litigate the same issues to two separate entities. On August 17, 2012, Keating filed a Petition for Cancellation with the Trademark Trial and

[3] While Keating stated in its Reply Memorandum in Support of Motion for Partial Summary Judgment that "The motion is not challenging the validity of GW's mark BRUXZIR." ([Doc. 42] at 1.), that statement was solely for the purpose of "the motion" and not a withdrawal of Keating's genericness allegations asserted in its affirmative defenses, which remained as pled.

Appeal Board ("TTAB") of the U.S. Patent and Trademark Office seeking cancellation of Glidewell's BRUXZIR Trademark Registration. (Mangum Decl., ¶ 8 & Ex. A.) If the Court grants Keating's Motion, the TTAB will stay its proceedings to await resolution by this Court. This will save both parties time and money by preventing the need to present duplicative arguments to multiple entities. It will also enable this Court to decide all relevant issues in this case.

**D. <u>Granting Leave to File Keating's Amended Counterclaims Is In Line With Trademark Public Policy</u>**

When a generic term is enforced as a mark, the public is harmed and the purposes of trademarks are subverted. Speaking of the use of generic terms, the Supreme Court has stated, "Sharing in the goodwill of an article unprotected by patent or trade-mark is the exercise of a right possessed by all – and in the free exercise of which the consuming public is deeply interested." *Kellogg Co. v. National Biscuits Co.*, 305 U.S. 111, 122, 59 S.Ct. 109 (1938). Allowing a party to assert trademark rights in a generic term "grant[s] the owner of the mark a monopoly, since a competitor could not describe his goods as what they are." *CES Publ'g Corp. v. St. Regis Publ'ns*, 531 F.2d 11, 13 (2d Cir. 1975). *See also Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999) ("Giving FYP exclusive rights to the term 'Filipino Yellow Pages' might be inappropriate because it would effectively 'grant [FYP as] owner of the mark a monopoly, since a competitor could not describe his goods as what they are.'" (quoting *Surgicenters of Am., Inc. v. Medical Dental Surgeries Co.*, 601 F.2d 1011, 1017 (9th Cir. 1979)). Therefore, when a generic term is used as a mark, it is the consuming public that is most harmed as competitors are not able to adequately name their product thus eliminating competition. In this case, dentists (who are the relevant purchasing public) generically use the terms "bruxer" or "bruxzir" to denote a bruxer crown used

by bruxers. By asserting trademark rights to these terms, Glidewell is attempting to unlawfully eliminate competition and increase its market share. This is counter to the purposes of enforcing trademarks and harms the public. Accordingly, Keating's requested Motion for Leave to File Amended Counterclaims complies with public policy.

## V. CONCLUSION

For the reasons discussed above, Keating respectfully requests that the Court grant Keating's Motion for Leave to Amended Counterclaims.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 4, 2012

By: /s/ Lynda J. Zadra-Symes
Lynda J. Zadra-Symes
Jeffrey L. Van Hoosear

Attorneys for Plaintiff,
Keating Dental Arts, Inc.

13905624