1  Lynda J. Zadra-Symes (SBN 156,511)
   Lynda.Zadra-Symes@kmob.com
2  Jeffrey L. Van Hoosear (SBN : 147,751)
   Jeffrey.VanHoosear@kmob.com
3  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
4  Irvine, CA 92614
   Phone: (949) 760-0404
5  Facsimile: (949) 760-9502

6  Attorneys for Defendant/Counter-Plaintiff,
   Keating Dental Arts, Inc.

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11

| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, | Civil Action No. SACV11-01309-DOC(ANx) |
|---|---|
| Plaintiff/Counter-defendant, | **DECLARATION OF RUSTIN MANGUM IN SUPPORT OF MOTION AND MOTION FOR AN ORDER TO FILE ANSWER, AFIRMATIVE DEFENSES AND SECOND AMENDED COUNTERCLAIMS** |
| v. | |
| KEATING DENTAL ARTS, INC. | |
| Defendant/Counter-Plaintiff. | Hearing Date: October 15, 2012<br>Hearing Time: 8:30 am<br>Hearing Place: Courtroom 9D |
| | Honorable David O. Carter, USDJ<br>Honorable Arthur Nakazato, USMJ |

I Rustin Mangum do hereby declare as follows:

1. I am an associate at the law firm Knobbe, Martens, Olson & Bear LLC which represents Keating Dental Arts ("Keating") in this matter.

2. I have been involved in research and investigation relating to the facts at issue in this case.

3. In the course of fact discovery, documents were produced which showed that some dentists had used the terms "BruxZir," "Bruxzer," "Bruxir" or similar terms on Keating's prescription order forms when ordering the KDZ BRUXER.

4. From approximately August 1, 2012 to approximately August 10, 2012, I made phone calls to dentists that had used the term "BruxZir," "Bruxzer," "Bruxir" or similar terms on Keating Dental prescription order forms.

5. The intent of the phone calls to these dentists was to ascertain whether the use of the terms in question was evidence of confusion between Glidewell's BRUXZIR mark and Keating's KDZ BRUXER mark.

6. During this investigation, I spoke with eighteen different dentists and asked them about their intent and understanding when they used the applicable term indicated above. In every call, the dentist indicated that they knew they were ordering from Keating Dental Arts and not Glidewell. Also, nearly every dentist indicated that they used the term in question because they thought it was the generic term for a crown made entirely out of zirconia. The dentists indicated that they did not understand these terms to indicate a brand name for a product.

7. During our research and investigation, we identified numerous articles and patents showing the generic use of the terms "bruxer," "brux," "bruxism" and similar terms. These articles were served on Plaintiff as part of discovery on August 13, 2012.

8. Attached as Exhibit A is a true and correct copy of the Petition for Cancellation filed with the Trademark Trials and Appeals Board on August 17, 2012.

9. Attached as Exhibit B is a true and correct copy of a letter sent to counsel for Glidewell on August 17, 2012.

10. Attached as Exhibit C is a true and correct copy of the Amended Intitial Disclosures which was served on Plaintiff on August 23, 2012. The Amended Initial Disclosures lists a number of dentists willing to testify that they have used the term "bruxzir" as a generic term for a full contour zirconia crown.

11. Jeff VanHoosear and myself held a telephone conference on August 22, 2012 with opposing counsel to discuss Keating's decision to ask for leave to file a Second Amended Answer. During this meet and confer, opposing counsel agreed to the withdrawal of the anti-trust claims, but opposed the addition of a new Claim for Cancellation of Registration.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of September, 2012, at Irvine, CA.

_____
Rustin Mangum

13866591

- 2 -