

INTELLECTUAL PROPERTY LAW

KNOBBE MARTENS OLSON & BEAR LLP

2040 Main St., 14th Fl. Irvine, CA 92614
T (949) 760-0404

Jeffrey L. Van Hoosear
Jeff.VanHoosear@knobbe.com

August 17, 2012

Leonard Tachner, Esq.
17961 Sky Park Circle, Suite 38-E
Irvine, CA 92614

Re: *James R. Glidewell Dental Ceramics, Inc. v. Keating Dental Arts, Inc.*
Case No.:       SACV11-01309 DOC(ANx)

Dear Leonard,

  We are planning on asking for leave to file a Second Amended Answer in the above case to add an additional counter-claim for cancellation of Glidewell's Trademark Registration No. 3,739,663 due to the term BRUXZIR being the phonetic equivalent of the generic or merely descriptive term "bruxer." We filed a petition to cancel the registration for BRUXZIR today with the USPTO on this basis. As courts are urged to "freely give leave when justice so requires," Fed. R. Civ. P. 15(a), we feel strongly that the motion will be granted. Pursuant to Local Rule 7-3, we are requesting a meet and confer on either Monday or Tuesday to discuss our motion.

  As facts have developed in this case, it has become clear that dentists have come to know that a "bruxer," or alternatively a "bruxzir," is a genus of products in the dental community. It appears that the consumers do not identify the term as a brand of a particular company, but as the name of a type of product. Accordingly, "bruxer" and its phonetic equivalent "bruxzir" are generic or merely descriptive and cannot be a trademark. See *Filipino Yellow Pages v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143 (9th Cir. 1999); *Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75 (7th Cir. 1977).

  Given the fact that genericness is already at issue in this case, any prejudice that may come by amending the Answer is minimal. Additionally, the need to add this cause of action has only recently come to light as we have developed the facts during discovery. The Supreme Court has held that "[i]n the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Additionally, courts "must be very liberal in granting leave to amend a complaint," noting that "[t]his rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F.Supp. 1237, 1241 (N.D. Cal. 1997). In order for this case to be decided on the merits, Defendant must be allowed leave to amend its Answer to add a claim for Cancellation of Trademark.

  We will forward you a copy of the Draft Second Amended Answer on Monday. Please let me know at your earliest convenience when, either Monday or Tuesday, you would be available to meet and confer on this issue. We would prefer to meet in person, as the rules state, but if that is not possible, we can also schedule a meeting via telephone.

Orange County   San Diego   San Francisco   Silicon Valley   Los Angeles   Riverside   Seattle   Washington DC   knobbe.com

EXHIBIT B

# Knobbe Martens

Sincerely,

*Jeffrey L. VanHoosear* (signature)

Jeffrey L. VanHoosear

13815429
081712

knobbe.com