LEONARD TACHNER, A PROFESSIONAL LAW CORPORATION
Leonard Tachner, Esq. (State Bar No. 058436)
17961 Sky Park Circle, Suite 38-E
Irvine, California 92614-6364
(949) 752-8525 Telephone
(949) 955-2415 Telefax

Attorney for Plaintiff/Counter-Defendant
James R. Glidewell Dental Ceramics, Inc. dba
Glidewell Laboratories

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. DBA GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff/Counter-Defendant<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>Defendant/Counter-Plaintiff. | Case No. SACV11-01309-DOC(ANx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER A SECOND TIME** |

### THE PROPOSED AMENDMENT IS PREJUDICIAL TO PLAINTIFF

Defendant has asserted in its Motion that granting the proposed amendment to its Answer would not be prejudicial to Glidewell. This assertion is manifestly untrue!

Discovery cutoff in this Action is October 29, 2012. By the time the Court rules on Defendant's Motion For Leave To Amend, there will be less than two weeks remaining before discovery cutoff. Less than two weeks of discovery would remain in regard to an entirely new issue not previously asserted by Defendant in this Action, the alleged genericness of Plaintiff's registered mark BRUXZIR®. It will be highly prejudicial to Plaintiff to have to be presented with an increased burden of discovery with virtually no opportunity for discovery on this newly asserted defense. It is better left for the United States Patent and Trademark Office where Defendant has filed a petition to cancel Plaintiff's registration. Both parties will have ample time in the United States Patent and Trademark Office to take discovery. The parties therein will have six months for discovery on the issue of alleged genericness.

**THERE IS NO PHONETIC EQUIVALENCE**

This is the first time in this Action that Defendant has asserted that Plaintiff's registered mark BRUXZIR® is invalid for being allegedly generic. Defendant in its first amended Answer alleged only that the word "bruxer" is generic. Plaintiff has not argued otherwise. Clearly the word "bruxer", when used to refer to one who suffers the condition of bruxism, is generic. But that is not equivalent to alleging that Plaintiff's registered trademark BRUXZIR® is generic. Defendant tries to support this latter assertion based upon an alleged "phonetic" equivalency between the generic term bruxer and the fanciful term "BRUXZIR®". However, there is no such equivalency. As commonly defined[1] "phonetic" means "constituting an alteration of ordinary spelling that better represents the spoken language, that employs only characters of regular alphabet, and that is used in a context of conventional spelling". But the spoken language of the word bruxer has no "Z" sound in it.

The second syllable of bruxer is pronounced as "ksa"[2]. Therefore clearly, bruxer and BRUXZIR® where the latter has a distinct "Z" sound in its second syllable "ZIR", are <u>not</u> phonetically equivalent.

_____

[1.] See Free Merriam-Webster Dictionary online at http://qqq.merriam-webster.com/dictionary/phonetic

[2.] See Word Wide Words: BRUXER online at http://www.worldwidewords.org

## DEFENDANT HAS PREVIOUSLY RENOUNCED GENERICNESS

In fact, if the Court will review Defendant's first amended Answer, it will not find anywhere in its responses, in its affirmative defenses, or in its Counterclaims, any mention, implied or express, of Plaintiff's trademark being allegedly invalid for genericness.  On the contrary, in its motion for partial summary judgment, which followed shortly after Defendant was given leave to file its first amended Answer, Defendant expressly renounced any challenge to the validity of Plaintiff's mark and assertions of genericness of BRUXZIR®.  "The motion is not challenging the validity of Plaintiff's mark BRUXZIR®.  It is not asserting that BRUXZIR® is generic."  The Court recognized this omission in its order denying Defendant's Motion for Partial Summary Judgment as follows: "First, Defendant has expressly disavowed the argument that Plaintiff's mark is generic.  See Reply at 1 (stating that Defendant is "not asserting that BRUXZIR® is generic")."

## NO EXCUSE FOR DEFENDANT'S DELAY

The assertion of this new defense has been inexcusably delayed by Defendant.  The principal evidence for this remarkably late assertion of genericness of Plaintiff's trademark consists of written orders from Defendant's customer dentists confusingly using Plaintiff's BRUXZIR® trademark to order a full contour zirconia crown from Defendant; clear examples of actual public confusion.  These confused orders are dated from May 2011 through May 2012.  Plaintiff first asked Defendant for these documents in its First Set of Production Requests served on March 20, 2012.  After Defendant's multiple excuses, Plaintiff's threats of Discovery Motions and finally a substitution of new counsel for Defendant, (See Declaration of

Leonard Tachner), the requested documents were finally served on August 13, 2012. However, based on their dates, all of these documents were available at least as early as May 2012 and many were available in 2011 even before Defendant's original Answer herein and certainly before Defendant's first Amended Answer. So why only in late August 2012 does Defendant seek to assert these documents as evidence of alleged genericness of Plaintiff's trademark? The implication of Defendant's Motion is that the substitution of new counsel is the reason. Perhaps that is the reason, but it is not a valid excuse for a very late Motion for Leave to Amend their Answer for a second time based on evidence most of which was available to Defendant well before the first set of Plaintiff's Production Requests was served and much of which was available before the first Amended Answer was filed. A new theory of defense attributed only to cleverness of new counsel, does not excuse the delayed presentation of evidence available to Defendant and its prior counsel at least four months ago and as early as its filing of the original Answer.

**DEFENDANT'S MOTION FAILS TO MEET THE FOMAN FACTORS**

As noted by the Ninth Circuit in <u>Eminence Capital, 316 F.3d at 1052</u>, absent prejudice, or a strong showing of any of the remaining Foman factors, leave to amend should be granted. Here Defendant's Motion fails at least three of the Foman factors. First and foremost, it is prejudicial to Plaintiff. Secondly, there is undue delay. Thirdly, there is the appearance of bad faith in Defendant's assertion that genericness is already an issue in this Action, when genericness of Plaintiff's mark BRUXZIR® has never before been an issue in this Action.

## CONCLUSION

Based on the foregoing, it is clear that Defendant's Motion should be denied because such amendment to Defendant's Answer would be highly prejudicial to Plaintiff. Moreover, the Motion is inexcusably late, it affords virtually no time for relevant discovery by Plaintiff and it is based primarily on evidence available to Defendant long ago and even earlier than its first amended complaint was filed. Defendant merely seeks to assert a new theory of defense that had been expressly renounced by its prior counsel.

Finally, Defendant has already had ample opportunity to assert genericness of Plaintiff's mark in this Action. First in its original Answer. Then again in its First Amended Answer. Still again in its Motion For Partial Summary Judgment and in the several months following the Court's denial of that Motion for Summary Judgment.

For all of these reasons, the Court should deny Defendant's Motion.

DATED: September 19, 2012    Respectfully submitted,

/s/ Leonard Tachner/
Leonard Tachner
Attorney for Plaintiff
Glidewell Labs

PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit.  My business address is 17961 Sky Park Circle, Suite 38-E, Irvine, California 92614.  On September 19, 2012, I served the following document(s) in the manner indicated:

1. PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER A SECOND TIME

☒ via electronic means by the Court's electronic filing system CM/ECF.

☐ by placing the document(s) listed above in a sealed envelope to the person at the address set forth below by postage prepaid United States First Class United States mail on the same date set out below.

Lynda J. Zadra-Symes
Jeffrey L. Van Hoosear
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed September 19, 2012 at Irvine, California.

By: /s/ Jodie Miller
_____
Jodie Miller

Case No.: SACV11-01309-DOC(ANx)
CERTIFICATE OF SERVICE