Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN : 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.iankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CEAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>   Plaintiff,<br><br>   v.<br><br>KEATING DENTAL ARTS, INC.<br><br>   Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx)<br><br>**REPLY IN SUPPORT OF DEFENDANT KEATING DENTAL ARTS, INC.'S MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>HEARING:<br>Date: October 15, 2012<br>Time: 8:30 am<br>Place: Courtroom 9D<br><br>Honorable David O. Carter |

## REPLY

Keating's proposed Second Amended Answer includes three categories of amendments: (i) it removes a claim of antitrust violations from the Third Counterclaim; (ii) it clarifies Keating's affirmative defenses and the legal bases for Keating's unfair competition claim in its Second Counterclaim; and (iii) it adds a Fourth Counterclaim that seeks a new remedy: cancellation of Trademark Registration No. 3,739,663. Glidewell opposes only those amendments that pertain to the genericness and invalidity of the mark BRUXZIR.

Glidewell's arguments are addressed below in the order raised in its brief. This Reply is supported by the Declaration of Jeffrey L. Van Hoosear, filed concurrently herewith.

### A.   The Genericness And Invalidity Issues Are Not New

Glidewell mischaracterizes genericness and trademark invalidity as new issues in this case. (Opp'n at 2.) In a trademark infringement action, the "validity of a trademark is 'a threshold issue' on which the plaintiff bears the burden of proof." *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005 (quoting *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002)). "[T]he plaintiff retains the ultimate burden of persuasion in a trademark infringement action, namely proof of infringement. A necessary concomitant to proving infringement is, of course, having a valid trademark; there can be no infringement of an invalid mark." *Tie Tech.*, 296 F.3d at 783. Thus, the validity of the asserted mark is always an issue in a trademark infringement case.

An accused infringer may prove that a Federally registered mark is invalid by demonstrating that the term is generic. *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1114 (9th Cir. 2010). A registered mark may also be invalidated if the term is shown to be descriptive without secondary meaning. *Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 760 (9th Cir. 2006).

Keating intends to defend itself, in part, by proving that Glidewell's registered mark is invalid for genericness and for being descriptive without secondary meaning. The term "bruxer" is a generic term used by dental professionals to refer to a patient who "bruxes" or suffers from "bruxism," the habitual grinding of teeth. This genericness issue has been in Keating's pleadings since the beginning of the case. (Keating's Answer [Docket No. 9] ¶¶ 31, 37; First Amended Answer [Docket No. 20-2] ¶¶ 31, 43). Both Glidewell's BRUXZIR product and Keating's KDZ BRUXER product are hardened dental devices made with zirconia designed to survive the teeth grinding of bruxers, just as the names suggest. Genericness and the invalidity of Glidewell's registered mark are not new issues, and Glidewell should have been expecting all along to be litigating them on the merits.

**B.    The New Proposed Amendments Are Not Prejudicial To Glidewell**

Glidewell argues that it will be prejudiced by Keating's proposed amendments because they would be added to the case near the end of fact discovery, affording Glidewell no time to take discovery on them. (*See* Opp'n at at 2.) In fact, Glidewell has not only had the opportunity to take discovery on all issues in this case, including the genericness and invalidity of the BRUXZIR mark, but it already has served discovery on those issues.

Glidewell has served Keating with written discovery seeking Keating's factual support for its position that the BRUXZIR mark is invalid. (Van Hoosear Decl., Exs. D & E.) Glidewell has yet to take a single deposition in this case, but it has noticed depositions of three Keating employees to take place during the third week of October. (*Id*., Exs. F–H.) Keating has agreed to make its witnesses available on the dates proposed by Glidewell. (*Id*. ¶ 7.)

On September 15, 2012, Keating timely served Glidewell with an expert opinion from its expert Dr. David W. Eggleston, a dental professional with 42 years of experience. (*Id*. ¶ 8, Ex. I.) Dr. Eggleston's report provides, among

other things, his expert opinion on factual issues that demonstrate that the mark BRUXZIR is generic and descriptive without secondary meaning to the relevant population of consumers in this case (i.e., dental professionals). (*Id*., Ex. I at 16–18.) Glidewell has noticed a deposition of Dr. Eggleston, which is scheduled for October 22, 2012. (*Id*. ¶ 10.) At that time, Glidewell will have the opportunity to investigate Dr. Eggleston's opinions as they relate to the genericness and invalidity of the BRUXZIR mark used with dental devices.

Thus, not only has Glidewell had the opportunity throughout the case to take discovery on Keating's assertions of genericness and invalidity of the BRUXZIR mark, but it has in fact done so. Accordingly, Glidewell is not being unduly burdened or prejudiced by Keating's motion.

## C. This Court Is The Best Forum For Adjudicating The Validity Of The Mark BRUXZIR

Glidewell next argues that the validity of the BRUXZIR mark is "better left for the United States Patent and Trademark Office where Defendant has filed a petition to cancel Plaintiff's registration." (Opp'n at 2.) Here, Glidewell is not only wrong, it is also misleading in its failure to apprise this Court that the USPTO has already considered this issue and decided that this Court is the best forum to adjudicate the validity of the BRUXZIR mark.

The Trademark Trial and Appeal Board ("TTAB") of the USPTO is a forum with limited fact-finding abilities that focuses its attention on a single issue: the registrability of a proposed mark. It has a limited ability to receive documents, testimony from fact witnesses, and expert opinions on the mark in question. It has no ability to empanel a jury as a trier-of-fact. The TTAB recognizes its own limitations and defers to district courts on questions of trademark validity in parallel proceedings. For this reason, the TTAB has already suspended its examination of two pending trademark applications waiting for the outcome of the present case.

On November 18, 2011, the TTAB suspended Keating's application to register the mark KDZ BRUXER. (Van Hoosear Decl. ¶ 11, Ex. J.) Glidewell is opposing that registration, and it argued that the TTAB should maintain the application as a separate, parallel proceeding to this civil action. (*Id.*, Ex. J at 2.) The TTAB refused to do so, stating:

> Whenever it comes to the attention of the Board that a party (or parties) to a case pending before it is involved in a civil action which may have a bearing on the Board case, proceedings before the Board may be suspended until final determination of the civil action. <u>To the extent that a case in Federal district court involves issues in common with those in the proceeding before the Board, the decision of the court is often binding on the Board, while the decision of the Board is not binding upon the court</u>. *See* TBMP § 510.02 (3d ed. 2011). It is not necessary that the claims or issues be identical, only that the determination of issues presented to the court may have a bearing on the issues presented to the Board. Moreover, <u>judicial economy lies in the suspension of the Board proceeding because the Board has limited jurisdiction, involving the issue of registrability only</u>, and any decision of the Board is appealable to U.S. District Court, including the court in which the parties are involved in a civil suit. *See* Trademark Act Section 21.

(*Id.*, Ex. J at 2–3 (emphasis added).)

Similarly, on February 3, 2012, the TTAB suspended Glidewell's application to register the mark BRUXZIR for use with dental ceramics (hardened ceramics made with zirconia for use in dental products). (Van Hoosear Decl., Ex. L.) Keating is opposing the registration, and requested that Glidewell agree to suspend the application pending the outcome of this civil action. Glidewell refused to agree to a suspension of the application, so Keating filed a motion with the TTAB requesting a suspension. (*Id.*, Ex. K) Glidewell refused to consent to the suspension, again desiring that the proceedings should run in parallel. (*Id.*, Ex. L at 2.) Again, the TTAB refused to allow the proceedings to run concurrently, granting Keating's motion. (*Id.*) In view of its earlier suspension of Keating's pending application, the TTAB expressed

disappointment at Glidewell for making Keating file a motion:

> The Board takes a dim view of applicant's [Glidewell's] alleged conduct in view of the Board's November 18, 2011 order in Opposition 91201389 which discusses the same civil action and the Board's policy of suspension. This issue should have easily been resolved between the parties.
>
> Proceedings are suspended pending final disposition of the civil action between the parties.

(*Id.*, Ex. L at 2.)

Thus, the TTAB agrees that this Court is the best forum to adjudicate the validity of the mark BRUXZIR. To this point, Keating's proposed Fourth Counterclaim does not present a new issue for Glidewell, it presents a new remedy for this Court to apply. If Keating is successful in presenting the facts necessary to establish that the mark BRUXZIR is invalid—and thus never should have been registered by the USPTO—Keating's Fourth Counterclaim requests that this Court order the cancellation of the registration of the invalid mark. That, of course, is the just result under those circumstances. The Fourth Counterclaim thus preserves judicial resources by allowing this Court to cancel the Federal registration without the need for the TTAB to conduct further proceedings (e.g. to cancel the mark) following the resolution of this case.

### D. **Glidewell's Dispute Over The Pronunciation of "BRUXZIR" Is Not A Proper Basis For Denying Keating's Motion**

Glidewell next argues that there is no phonetic equivalence between the pronunciation of the term "bruxer" and the pronunciation of its mark, "BRUXZIR." (Opp'n at 2–3.) Glidewell's support is a single citation to a British website that suggests that the word "bruxer" is pronounced with a "ksa" sound in Great Britain. (Van Hoosear Decl. ¶ 14, Ex. M.)

The question of pronunciation arises in this case because U.S. trademark law recognizes that a phonetic equivalent to a generic term may not be eligible

as a trademark. *See*, *e.g.*, *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999). When applying this principle, the relevant pronunciation is American English, not British English. To this point, the speakers in Glidewell's own marketing materials for its BRUXZIR product—speaking American English—pronounce the two words identically.

Regardless, the Court need not address this issue in deciding Keating's motion for leave to amend. At most, Glidewell's argument creates a disputed issue that needs to be litigated on the merits.

### E. Keating Never Renounced Genericness Of The BRUXZIR Mark

Glidewell next argues that Keating expressly renounced any challenge to validity of the BRUXZIR mark based on a single statement in a reply brief in support of a motion for partial summary judgment of non-infringement. (Opp'n at 4.) Glidewell is wrong.

Summary judgment motions are, by nature, narrowly tailored to address specific issues upon which there are no genuine issues of material fact. It is improper to interpret statements of limitation made in a motion for summary judgment as renunciations of case issues outside of the motion, where genuine issues of material fact may be properly resolved by a trier of fact.

Indeed, it is apparent from the language used that Keating's statement was a reference to the *limited scope of the motion* before the Court:

> The motion is not challenging the validity of GW's mark BRUXZIR. It [the motion] is not asserting that BRUXZIR is generic. It is not contending that GW's mark BRUXZIR is not extremely strong. It is not arguing that KDA's mark KDZ BRUXER is invalid or generic. It is not suggesting that two generic words cannot be combined to form a trademark. It is not debating whether GW has spent lots of money promoting its BRUXZIR product. It is not suggesting that GW has not sold lots of its BRUXZIR product.

(Keating Reply in Support of Partial Summary Judgment [Docket No. 42] at 1 (emphasis added).) The entire paragraph above was devoted to informing the

-6-

Court of issues *not* being pursued in the motion. None of these statements were party admissions or renouncements by Keating.

In effect, Glidewell is trying to use a procedural loophole to avoid litigating the genericness issue on the merits. This is not only factual wrong—because the loophole does not exist under these circumstances—but it also undermines the public policy in favor of deciding cases on the merits rather than on technicalities. *See Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (leave to amend pleadings should be granted with "extreme liberality"); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (public policy favors decisions on the merits); *see also* 3-15 Moore's Federal Practice § 15.14 (Matthew Bender 3d Ed.).

### F. <u>Keating Did Not Delay Alleging Genericness</u>

Glidewell next argues that Keating inexcusably delayed raising the genericness issue. Yet, as discussed above, Keating has alleged genericness of the term "bruxer" since the beginning of the case. Furthermore, as explained in Keating's opening brief, additional evidence of genericness, including the phonetic equivalence of "bruxer" and "BruxZir," has been developed through discovery of the understandings of dental professionals throughout the industry. Keating acquired this evidence in August and promptly brought this motion. (*See* Keating.Br. at 6-7.) There has been no delay on Keating's part.

Glidewell perceives delay in the availability of certain isolated documents that it characterizes as the "principal evidence" for Keating's assertion of genericness. (Opp'n at 4.) In fact, Keating's assertion does not rely principally on those documents, and its recent discovery of the understanding of dental professionals in the industry is an important contribution to its assertion of invalidity based on genericness.

## **CONCLUSION**

For the reasons set forth above and in Keating's moving papers, Keating respectfully requests that the Court grant its Motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: October 1, 2012 | By: *David G. Jankowski* |
|  | Lynda J. Zadra-Symes |
|  | Jeffrey L. Van Hoosear |
|  | David G. Jankowski |
|  | Attorneys for Plaintiff, |
|  | KEATING DENTAL ARTS, INC. |

14023512