UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451

Mailed:  November 18, 2011

Opposition No. 91201389

**JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES**

v.

**KEATING DENTAL ARTS, INC.**

**Cheryl Butler, Attorney, Trademark Trial and Appeal Board:**

Applicant seeks to register the following mark



for "dental prostheses."[1]  As grounds for the opposition, opposer alleges that applicant's mark, when used on the identified goods, is likely to cause confusion, mistake or to deceive with opposer's previously used and registered mark BRUXZIR for "dental bridges; dental caps; dental crowns; dental inlays; dental onlays; dental prostheses."[2]  The Board notes in passing that opposer also checked, on the ESTTA cover page, the claims of

---

[1] Application Serial No. 85287029, filed on April 5, 2011, claiming a *bona fide* intent to use the mark in commerce.  A disclaimer of the term BRUXER is of record.

[2] Registration No. 3739663.

Opposition No. 91201389

deceptiveness and false suggestion of a connection pursuant to Trademark Act § 2(a) but did not allege any facts, or set forth separate counts, for such claims. In its answer, applicant denies the essential allegations of the complaint.

This case now comes up on applicant's motion, filed October 13, 2011, to suspend proceedings because the parties are involved in civil litigation. Opposer filed a response thereto.

In support of its motion, applicant notes that opposer, on the same day it filed the notice of opposition, filed a lawsuit in federal district court.[3] Applicant argues that the bases of both proceedings concern the same alleged trademark rights; that a decision in the court case will have bearing on the Board case; and that efficiencies will be realized by suspending the Board case.

In response, opposer argues that there are inherent differences between the cases; that there is no assurance that a determination in the district court case will result in termination of the Board proceeding; that efficiencies will be realized if both proceedings go forward because there is an overlap in discovery; and that the Board's special knowledge and expertise in trademark issues may assist the court.

Whenever it comes to the attention of the Board that a party (or parties) to a case pending before it is involved in a civil

---

[3] *James R. Glidewell Dental Ceramics, Inc. dba Glidewell Laboratories v. Keating Dental Arts, Inc.*, Case No. SACV11-10309-DOC(ANx) in the United States District Court for the Central District of California.

2

Opposition No. 91201389

action which may have a bearing on the Board case, proceedings before the Board may be suspended until final determination of the civil action. To the extent that a case in Federal district court involves issues in common with those in the proceeding before the Board, the decision of the court is often binding on the Board, while the decision of the Board is not binding upon the court. *See* TBMP § 510.02 (3d ed. 2011). It is not necessary that the claims or issues be identical, only that the determination of issues presented to the court may have a bearing on the issues presented to the Board. Moreover, judicial economy lies in the suspension of the Board proceeding because the Board has limited jurisdiction, involving the issue of registrability only, and any decision of the Board is appealable to U.S. District Court, including the court in which the parties are involved in a civil suit. *See* Trademark Act Section 21.

    The Board has reviewed the complaint submitted from the district court action and determined that adjudication therein may have a bearing on at least some of the issues presented herein.

    Accordingly, applicant's motion to suspend pending final disposition of the district court case is granted, and proceedings are suspended pending final disposition of the civil action between the parties. Trademark Rule 2.117(c).

    As opposer points out, at least some of the discovery in the court case will coincide or overlap with anticipated discovery on

3

Opposition No. 91201389

the claims and issues that are present in this opposition. Should proceedings herein resume, the parties should be prepared to discuss this topic in their discovery conference to narrow the scope of discovery in this case.

Within twenty days after the final determination of the civil action, the interested party should notify the Board so that this case may be called up for appropriate action. During the suspension period the Board should be notified of any address changes for the parties or their attorneys.

☼☼☼

4