*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

ESTTA Tracking number: **ESTTA445387**

Filing date: **12/08/2011**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Proceeding | 91202891 |
| Party | Plaintiff<br>Keating Dental Arts, Inc. |
| Correspondence Address | J. Mark Holland<br>J. Mark Holland & Associates<br>3 San Joaquin PlazaSuite 210<br>Newport Beach, CA 92660<br>UNITED STATES<br>office@jmhlaw.com, mholland@jmhlaw.com, tgourdelaw@cox.net |
| Submission | Motion to Suspend for Civil Action |
| Filer's Name | J. Mark Holland |
| Filer's e-mail | office@jmhlaw.com, mholland@jmhlaw.com, tgourdelaw@cox.net |
| Signature | /J. Mark Holland/ |
| Date | 12/08/2011 |
| Attachments | KDA_Motion_to_Stay_Opposition_FINAL.pdf ( 5 pages )(132857 bytes ) |

<u>*KEATI-T3852*</u>

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| In the Matter of<br>Serial No.    85/332,886<br><br>For the mark:  BRUXZIR<br><br>Filing Date:    May 27, 2011<br><br>International Class: 5<br><br>KEATING DENTAL ARTS, INC.<br><br>        Opposer,<br><br>vs.<br><br>JAMES R. GLIDEWELL DENTAL CERAMICS, INC.<br>DBA GLIDEWELL LABORATORIES<br><br>        Applicant. | Opposition No. 91202891<br><br>APPLICANT'S NOTICE OF MOTION<br>AND MOTION TO SUSPEND<br>PROCEEDINGS |

Box Trademark Trial and Appeal Board
Assistant Commissioner for Trademarks
U.S. Patent & Trademark Office
P.O. Box 1451
Arlington, Virginia 22313-1451

Opposer Keating Dental Arts, Inc. ("Opposer") hereby moves the Board to suspend the above-identified Opposition, in favor of a pending civil action between the parties which may have a bearing on the Opposition.

As further explained below, the TTAB recently suspended another related Opposition (in which the parties are in the reverse positions; Applicant Glidewell's Opposition No. 91201389 against Opposer Keating's U.S. Trademark Application Serial No. 85/287,029 for the mark KDZ BRUXER). The present application by Glidewell is to FURTHER register that same trademark BruxZir (the mark that Glidewell already is asserting against Keating).

Such a further registration will damage Opposer Keating by providing an additional round of the same "ammunition" for Glidewell to use against Opposer Keating, in the pending lawsuit and otherwise. Perhaps as importantly, in view of

1

Glidewell's misuse of both Glidewell's immediate application and existing registration for BruxZir (by asserting it against any competitor using any form of the generic word BRUX (relating to bruxism and its treatment within the dental industry), both Glidewell's immediate application and existing registration should be amended to require Glidewell to DISCLAIM the word BRUX and its related terms such as BRUXER, BRUXISM, BRUXING, etc.  To NOT require such a disclaimer will embolden Glidewell to continue its misuse of its registration(s) as against its competitors in the dental industry.

Accordingly, Opposer Keating respectfully submits that the same fact pattern and rationale applies to THIS opposition, and that the TTAB should similarly stay this opposition in favor of the pending civil action between the parties.

As support for its current motion, Opposer Keating submits the following:

1. Applicant James R. Glidewell Dental Ceramics, Inc. dba Glidewell Laboratories ("Applicant") recently filed an Opposition and a lawsuit against Opposer Keating, based on the same alleged trademark rights (in Applicant's alleged trademark BruxZir).
2. That previous Opposition is No. 91201389 against Opposer's U.S. Trademark Application Serial No. 85/287,029 for the mark KDZ BRUXER AND DESIGN.
3. <u>On the SAME day</u> that Applicant Glidewell filed that previous opposition (August 30, 2011), Applicant Glidewell filed the aforementioned lawsuit against Opposer, in the U.S. District Court, Central District of California (Case No. SACV11-01309-DOC(ANx)).
4. In the current application, Applicant Glidewell is attempting to obtain further registration of that same alleged trademark, BruxZir.
5. As indicated in Opposer's Motion to Stay that previous opposition, Applicant's simultaneously-filed Complaint in District Court not only <u>may</u> have a bearing on the present Opposition proceedings before the Board, it almost certainly <u>will</u> have such a bearing.  Among other things:
    5.1. Applicant based both that previous Opposition No. 91201389 and Applicant's Federal Court lawsuit upon the same alleged trademark rights (in Applicant's alleged trademark BruxZir);
    5.2. In the current application, Applicant Glidewell is attempting to obtain further registration of that same alleged trademark, BruxZir.

2

5.3. In both its Opposition No. 91201389 and its Federal Lawsuit, Applicant claims a violation under the Lanham Act:

**<u>Opposition No. 91201389</u>**:

"COUNT 1 – OPPOSITION UNDER SECTION 2(d) OF THE <u>LANHAM ACT</u>"

(emphasis added; Opposition No. 91201389, at the line prior to Par. 5).

**<u>Federal Lawsuit</u>**:

"COMPLAINT FOR (1) INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK; (2) FALSE DESIGNATION OF ORIGIN UNDER <u>LANHAM ACT</u> SECTION 43(a), AND (3) UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE;"

(emphasis added; Complaint, at p. 1).

5.4. In both Opposition No. 91201389 and that Federal Lawsuit, Applicant uses virtually identical language in describing its claims:

**<u>Opposition No. 91201389</u>**: "5. Applicant asserts that Opposer's Mark so resembles Applicant's Mark as to be likely, when used on or in connection with Opposer's Goods, to **<u>cause confusion, or to cause mistake, or to deceive</u>** as to the source or origin of Opposer's Goods, or to cause the public to assume erroneously that Opposer's Goods are in some way connected with and/or sponsored by or affiliated with Applicant, within the meaning of Section 2(d) of the Lanham Act, which would injure and **<u>damage the Applicant and the goodwill and reputation it has established in the Applicant's Mark</u>**."

(emphasis added; Opposition No. 91201389, Par. 5).

**<u>Federal Lawsuit</u>**:

"13. Defendant Keating has used in commerce the term KDZ BRUXER as a trademark in connection with advertising of, sale of, or offer to sell competing dental prostheses. Such use in relation to Plaintiff Glidewell's use of the BRUXZIR® trademark will likely **<u>cause confusion or mistake, or will likely deceive</u>** the relative purchasing public as to Defendant Keating's products being associating or identified with or being the same as those of

3

> Plaintiff Glidewell..."
>
> 22. Defendant Keating has used and is using the infringing trademark KDZ BRUXER in commerce in connection with the advertising, sale, and provision of dental prostheses in such a manner as to create a likelihood of **confusion** among prospective purchasers and to unfairly compete with Plaintiff Glidewell. Defendant Keating's use of the infringing trademark induces purchasers and others to believe, contrary to the fact, that the products sold by Defendant Keating are rendered, sponsored or otherwise approved by, or connected with Plaintiff Glidewell. Defendant Keating's acts have **damaged, impaired and diluted that part of Plaintiff Glidewell's goodwill symbolized by its trademark BRUXZIR®** to Plaintiff Glidewell's immediate and irreparable damage.
>
> (emphasis added; Complaint, at p. 1).
>
> WHEREFORE, Plaintiff Glidewell demands judgment against Defendant Keating as follows:
>
> A.  For an order permanently enjoining Defendant Keating and its owners, officers, directors, agents, servants, attorneys and employees and all other persons acting in concert with them, from:
>
>     …
>
>     (2) using any term that is likely to be **confused with the BRUXZIR® trademark asserted in this Complaint**;

6. The Board's own Rules of Practice expressly authorize suspension under these circumstances. In that regard, below is the language of 37 C.F.R. 2.117(a):

   37 C.F.R. § 2.117  Suspension of proceedings.
   (a) Whenever it shall come to the attention of the Trademark Trial and Appeal Board that a party or parties to a pending case are engaged in a civil action or another Board proceeding which may have a bearing on the case, proceedings before the Board may be suspended until termination of the civil action or the other Board proceeding.

7. Finally, to proceed with the present Opposition simultaneously with Applicant's lawsuit will waste the scarce time and resources of this Board and the parties, will unnecessarily duplicate efforts within the Federal government (the TTAB and the District Court), and

4

*KEATI-T3852*

risks the possibility of inconsistent outcomes. Moreover, because the District Court's authority supercedes that of the Board, it would not provide any benefit to Applicant to proceed simultaneously; either the District Court's decision will be the same and/or consistent with the decision that Applicant seeks from the Board, or will effectively overrule any inconsistent aspect of any Board action.

WHEREFORE, Opposer respectfully prays that this Opposition be suspended.

Respectfully submitted,

Dated: December 8, 2011                /J. Mark Holland/

  J. Mark Holland
  J. MARK HOLLAND & ASSOCIATES
  Attorneys for Opposer KEATING DENTAL
  ARTS, INC.

CERTIFICATE OF CONFERENCE

This certifies that Opposer's undersigned counsel has contacted counsel for Applicant regarding this motion, and counsel for Applicanrt advised that his client would not stipulate to the requested action.

Dated: December 8, 2011                /J. Mark Holland/

  J. Mark Holland

\\BIG12\z\Winword\KEATI\T3852\Working_Drafts\KDA_Motion_to_Stay_Opposition_FINAL.doc

5

**EXHIBIT K**
**-60-**