**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Mailed:  February 3, 2012

Opposition No. 91202891

Keating Dental Arts, Inc.

v.

James R. Glidewell Dental
Ceramics Inc.

**Robert H. Coggins,**
**Interlocutory Attorney:**

Opposer's motion[1] (filed December 8, 2011) to suspend this Board proceeding pending final determination of a civil action between the parties is granted as well-taken.[2] *See* Trademark Rule 2.117(a).

---

[1] The filing fails to indicate proof of service on applicant as required by Trademark Rule 2.119.  In order to expedite this matter, applicant is directed to the following URL where it may view a copy of the filing:
http://ttabvueint.uspto.gov/ttabvue/v?pno=91202891&pty=OPP&eno=4

Strict compliance with Trademark Rule 2.119 is required by opposer in all future papers filed with the Board.

[2] Although opposer did not submit with the motion a copy of the relevant pleadings from the civil action as required by TBMP § 510.02(a)(3d ed. 2011), the Board has reviewed the civil complaint which has been filed in related Opposition No. 91201389, and reviewed those portions thereof which were embedded in opposer's motion.

**EXHIBIT L**
**-61-**

Opposition No. 91202891

By way of the motion, opposer states that applicant would not consent to the requested suspension.  The Board takes a dim view of applicant's alleged conduct in view of the Board's November 18, 2011 order in Opposition 91201389 which discusses the same civil action and the Board's policy of suspension.  This issue should have easily been resolved between the parties.

Proceedings are suspended pending final disposition of the civil action between the parties.  Within twenty days after such final determination, the parties shall so notify the Board so this case may be called up for appropriate action (including, if appropriate consolidation with Opposition No. 91201389).  During the suspension period, the parties shall notify the Board of any address changes for the parties or their attorneys.

Applicant's answer (filed December 21, 2011) is noted and entered.  It is further noted that the certificate of service therewith indicates service by email upon opposer but fails to allege that opposer consented to service by electronic means.  Service may be made by electronic means only when mutually agreed upon by the parties.  Trademark Rule 2.119(b)(6).

2

**EXHIBIT L**

**-62-**