Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear(SBN : 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.iankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CEAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>            Plaintiff,<br><br>    v.<br><br>KEATING DENTAL ARTS, INC.<br><br>            Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx)<br><br>***NOTICE OF ERRATA* TO KEATING DENTAL ARTS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSE AND COUNTERCLAIMS**<br><br><u>HEARING:</u><br>Date: October 15, 2012<br>Time: 8:30 am<br>Place: Courtroom 9D<br><br>Honorable David O. Carter |

Defendant Keating Dental Arts, Inc. respectfully submits this *Notice of Errata* to address a mis-citation in its Reply brief in support of its Motion for Leave to File a Second Amended Answer (Docket No. 61). Specifically, Keating's Reply cites to the Ninth Circuit case *Filipino Yellow Pages, Inc.* for the proposition that U.S. trademark law recognizes that a mark may be ineligible for protection if it is a phonetic equivalent to a generic term. (*See* Reply at 5–6.) While *Filipino Yellow Pages, Inc.* is sound law on assessing genericness, it is not the proper cite regarding phonetic equivalence.

On the phonetic equivalence issue, *see* MCCARTHY ON TRADEMARKS, 4TH EDITION, § 12:38, "Misspelling of generic terms" (attached as **Ex. A**); *Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75, 81 (7th Cir. 1977) ("Lite Beer" phonetic equivalent to generic "light beer" (cited in Keating's opening brief at 7)); *Nupla Corp. v. IXL Mfg. Co.*, 114 F.3d 191, 196 (Fed. Cir. 1997) (affirming Central District of California conclusion as a matter of law that plaintiff's registered mark CUSH-N-GRIP is invalid as a generic misspelling of "cushion grip" for cushioned tool handles); *Rudolph Int'l v. Realys Inc.*, 482 F.3d 1195, 1198 (9th Cir. 2007) (citing to *Nupla Corp.* ("'cush-n-grip' is generic adjective for cushion-gripped tools"); *Brookfield Communications v. West Coast Entertainment*, 174 F.3d 1036, 1058 fn. 19 (9th Cir. 1999) (citing to *Miller Brewing Co.* ("'Light Beer' or 'Lite Beer'")).

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 9, 2012      By: David G. Jankowski
                                 Lynda J. Zadra-Symes
                                 Jeffrey L. Van Hoosear
                                 David G. Jankowski

                            Attorneys for Plaintiff,
                            KEATING DENTAL ARTS, INC.

14123504

-1-