*Intellectual Property Library*

# McCarthy on Trademarks and Unfair Competition

J. Thomas McCarthy
**Fourth Edition**

**Volume 2**

## WEST®

A Thomson Reuters business

*For Customer Assistance Call 1-800-328-4880*
© 2012 Thomson Reuters/West, Rel. 62, 6/2012
Mat #41150958

**Exhibit A**
**-2-**

© 2012 Thomson Reuters

Copyright is not claimed as to any part of the original work prepared by a United States Government officer or employee as part of the person's official duties.

For authorization to photocopy, please contact the **Copyright Clearance Center** at 222 Rosewood Drive, Danvers, MA 01923, USA (978) 750-8400; fax (978) 646-8600 or **West's Copyright Services** at 610 Opperman Drive, Eagan, MN 55123, fax (651) 687-7551. Please outline the specific material involved, the number of copies you wish to distribute and the purpose or format of the use.

This publication was created to provide you with accurate and authoritative information concerning the subject matter covered; however, this publication was not necessarily prepared by persons licensed to practice law in a particular jurisdiction. The publisher is not engaged in rendering legal or other professional advice and this publication is not a substitute for the advice of an attorney. If you require legal or other expert advice, you should seek the services of a competent attorney or other professional.

**Exhibit A**

neric name will be classified as descriptive, not generic.[21]

## § 12:38   Misspellings of generic terms

As with misspellings of descriptive terms,[1] a misspelling of a generic name which does not change the generic significance to the buyer, is still generic and cannot be a trademark.[2] Examples include:

- AL-KOL for rubbing alcohol was a mis-spelling which did not change the unregisterable nature of the term[3]

- BOND-OST was held the equivalent of the generic name "bondost" for a type of cheese[4]

- CUSH-N-GRIP was held to be a generic misspelling of

---

entry). *See* Racine Industries, Inc. v. Bane-Clene Corp., 35 U.S.P.Q.2d 1832, 1994 WL 847348 (T.T.A.B. 1994) (PCA held to be neither a generic nor descriptive abbreviation for "professional cleaners association").

[21]In re The Council on Certification of Nurse Anesthetists, 85 U.S.P. Q.2d 1403, 2007 WL 894418 (T.T.A.B. 2007) ("Certified Registered Nurse Anesthetist" was found to be a generic name but the abbreviation CRNA was held to be descriptive but not registerable because it was lacking sufficient proof of secondary meaning.).

**[Section 12:38]**

[1]*See* § 11:31.

[2]Midwest Fur Producers Ass'n v. Mutation Mink Breeders Ass'n, 127 F. Supp. 217, 103 U.S.P.Q. 389 (W.D. Wis. 1954), opinion supplemented, 104 U.S.P.Q. 144, 1955 WL 72298 (W.D. Wis. 1955) (SILVERBLU mink pelts held the equivalent of "Silver Blue," a generic term in the trade). *Compare*: American Aloe Corp. v. Aloe Creme Laboratories, Inc., 420 F.2d 1248, 164 U.S.P.Q. 266, 1970 Trade Cas. (CCH) ¶ 73027 (7th Cir. 1970) (ALO held the phonetic equivalent of ALOE, a generic term) *with* Aloe Creme Laboratories, Inc. v. Milsan, Inc., 423 F.2d 845, 165 U.S.P.Q. 37 (5th Cir. 1970) (ALO was descriptive and without a secondary meaning. "While we reach a result similar to our brethren of the Seventh Circuit, we do so for somewhat different reasons.").

[3]American Druggists' Syndicate v. United States Industrial Alcohol Co., 2 F.2d 942 (D.C. Cir. 1924) (Registration refused under the 1905 Act. "We agree with the Commissioner that the word 'Al-Kol' is merely a phonetic or misspelling of the word 'alcohol,' and is descriptive of the goods on which it is used, since they possess a large percentage of alcohol.").

[4]In re Noon Hour Food Products Inc., 88 U.S.P.Q. 2d 1172, n.2, 2008 WL 1897550 (T.T.A.B. 2008) ("Certainly an upper-case letter or the addition of a hyphen (or a space) cannot obviate the statutory bar to registration of a generic designation any more than can a slight misspelling of such a term.").

**Exhibit A**

**-4-**

§ 12:38                              MᴄCᴀʀᴛʜʏ ᴏɴ Tʀᴀᴅᴇᴍᴀʀᴋs

the generic name "cushion grip" for cushioned tool handles[5]
   ● GASKETAPE was held the equivalent of the generic term "gasket tape"[6]
   ● GLUE STIK was held to be a generic misspelling of "glue stick" for adhesive in stick form[7]
   ● ICE PAK was found to be a generic name for a reusable ice substitute for use in cooling in food and beverage containers[8]
   ● JYMBAR on chinning exercise bars was held to be merely an insignificant misspelling of the generic term "Gym bar"[9]
   ● LITE was held to be the phonetic equivalent of the generic "light" for beer[10]
   ● MASSFLO was a generic name for meters that measure mass flow of fluid[11]
   ● SAFE T PLUG was held the equivalent of the generic

---

[5]Nupla Corp. v. IXL Mfg. Co., 114 F.3d 191, 196, 42 U.S.P.Q.2d 1711 (Fed. Cir. 1997) (The designation "is merely a misspelling of CUSHION-GRIP, is also generic as a matter of law, and the registrations are therefore invalid.").

[6]In re Sealol, Inc., 168 U.S.P.Q. 320, 1970 WL 9975 (T.T.A.B. 1970).

[7]In re Dennison Mfg. Co., 229 U.S.P.Q. 141, 1986 WL 83656 (T.T.A.B. 1986).

[8]In re Stanbel, Inc., 16 U.S.P.Q.2d 1469, 1990 WL 354543 (T.T.A.B. 1990), aff'd, 20 U.S.P.Q.2d 1319, (Fed. Cir. 1991) ("Pak" is a recognizable phonetic equivalent of "pack").

[9]AMF, Inc. v. Battle Creek Equipment Co., 167 U.S.P.Q. 375, 1970 WL 9601 (T.T.A.B. 1970) ("[T]he mere misspelling of a common descriptive name of a product cannot confer thereon the status of a trademark.")

[10]Miller Brewing Co. v. G. Heileman Brewing Co., 561 F.2d 75, 81, 195 U.S.P.Q. 281 (7th Cir. 1977), cert. denied, 434 U.S. 1025, 54 L. Ed. 2d 772, 98 S. Ct. 751, 196 U.S.P.Q. 592 (1978) ("The word "light," including its phonetic equivalent "lite," being a generic or common descriptive term as applied to beer, could not be exclusively appropriated by Miller as a trademark, . . ."); Miller Brewing Co. v. Falstaff Brewing Corp., 655 F.2d 5, 211 U.S.P.Q. 665 (1st Cir. 1981). See Leon Finker, Inc. v. Schlussel, 469 F. Supp. 674, 202 U.S.P.Q. 452 (S.D.N.Y. 1979), aff'd, 614 F.2d 1288, 204 U.S.P.Q. 433 (2d Cir. 1979) ("Trilliant" and its phonetic and misspelled equivalents such as "trillion" are generic names for brilliant cut, triangular diamonds).

[11]Micro Motion Inc. v. Danfoss A/S, 49 U.S.P.Q.2d 1628, 1998 WL 988200 (T.T.A.B. 1998) (" 'Mass flow' is the name of a meter in the same way as 'gas' and 'water' name types of meters. . .. [T]he misspelling here still results in the phonetic equivalent of the generic term. The terms 'mass flow' and 'massflo' are pronounced the same and. . . we have no

Exhibit A
-5-

"safety plug"[12]
   ● TOGGS was held the equivalent of the generic name "togs" for wearing apparel[12.50]
   ● URGICARE was held the equivalent of the generic "urgent care"[13]

However, if the misspelling is not an obvious misspelling of the generic word and presents a different commercial impression, it may serve as a trademark. For example, a distinctive printing format of the word MUFFUNS for muffins was held registerable on the Principal Register.[14]

## § 12:39   Composite marks as generic

*Analyze the Composite as a Whole.* The general rule is that the genericness of a composite is determined by examining the composite as a whole rather than examining its constituent parts individually.[1] In holding the term LIQUID CONTROLS to be a generic composite the Seventh Circuit

---

doubt that the two terms would be viewed as having the same meaning.").

[12]Harvey Hubbell, Incorporated v. Dynamic Instrument Corporation, 165 U.S.P.Q. 412, 1970 WL 9908 (T.T.A.B. 1970) (cancellation of Supplemental Registration. "The great majority of the decision law on the subject stands for the proposition that the mere misspelling of a common descriptive name does not add registerability thereto.").

[12.50]In Re Ginc UK Limited, 90 U.S.P.Q.2d 1472, 2007 WL 2698304 (T.T.A.B. 2007) ("Toggs" is a misspelling of a generic name of clothing ("togs") and must be disclaimed from the composite ZOGGS TOGGS for wearing apparel.).

[13]Urgent Care Inc. v. South Mississippi Urgent Care Inc., 289 Fed. Appx. 741, 89 U.S.P.Q.2d 1475 (5th Cir. 2008) (unpublished opinion: mark used on nonemergency medical care).

[14]In re Grand Metro. Foodservice, 30 U.S.P.Q.2d 1974, 1994 WL 270710 (T.T.A.B. 1994) ("We believe that this case involves more than simply a misspelling of a descriptive or generic word. . . . [The] mark does project a dual meaning of suggestiveness—that of muffins and of the 'fun' aspect of applicant's food product.").

**[Section 12:39]**

[1]Committee for Idaho's High Desert, Inc. v. Yost, 92 F.3d 814, 39 U.S.P.Q.2d 1705, 35 Fed. R. Serv. 3d 897 (9th Cir. 1996) (while the individual words in the name of an environmental group—COMMITTEE FOR IDAHO'S HIGH DESERT—are generic terms, the composite is not a generic name); Madison Reprographics, Inc. v. Cook's Reprographics, Inc., 203 Wis. 2d 226, 552 N.W.2d 440, 41 U.S.P.Q.2d 1905 (Ct. App. 1996) (while each word of MADISON REPROGRAPHICS for a reproduction business in Madison, Wisconsin is generic or geographically descriptive,