Philip J. Graves (#153441)
pgraves@swlaw.com
Greer Shaw (#197960)
gshaw@swlaw.com
Christopher B. Pinzon (#254110)
cpinzon@swlaw.com
Colin R. Higgins, (#268364)
chiggins@swlaw.com
SNELL & WILMER L.L.P
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

LEONARD TACHNER, A Professional Corporation
Leonard Tachner (#058436)
17961 Sky Park Circle, Suite 38-E
Irvine, CA 92614-6364
Telephone: 949.725-8525
Facsimile: 949.955.2415

Attorneys for Defendant
JAMES R. GLIDEWELL DENTAL CERAMICS,
INC. DBA GLIDEWELL LABORATORIES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. DBA GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>Defendant. | Case No. SACV11-01309-DOC(ANx)<br><br>Hon. David O. Carter<br><br>**Ex Parte Application to Amend the Scheduling Order; Memorandum of Point and Authorities in Support Thereof;**<br><br>Complaint Filed: August 30, 2011 |
| KEATING DENTAL ARTS, INC., a California corporation,<br><br>Counter-Plaintiff,<br><br>v.<br><br>JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, and DOES 1 THROUGH 5, inclusive,<br><br>Defendant. | |

TO THE DISTRICT COURT AND PARTIES IN INTEREST:

PLEASE TAKE NOTICE that, by submission to the Honorable David O. Carter of the United States District Court for the Central District of California, Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") hereby applies *ex parte* to continue the Scheduling Order deadlines and dates for approximately two months.

Glidewell is cognizant of the seriousness with which this Court takes its Scheduling Orders, and does not request this continuance lightly. However, Glidewell believes that there are sufficient grounds on which to request that the Court provide it a reasonable continuance here. Those reasons are:

1. Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating") recently amended its initial disclosures twice – once on September 27, 2012, and a second time on October 19, 2012 – adding 13 additional witnesses on a variety of topics; an additional topic of testimony for 13 different previously-identified witnesses; and two new, broadly phrased categories of documents. Glidewell should be given an opportunity to take discovery on these disclosures.

2. On October 10, 2012, Keating was granted leave by the Court to amend its answer to assert a new counterclaim (fourth counterclaim) for cancellation of Glidewell's Trademark Registration No. 3,739,663. Glidewell respectfully asks that the Court consider the fact that it permitted Keating to file this amended pleading long after the deadline for filing amended pleadings had passed. Just as Keating was permitted to assert its new counterclaim after the pertinent deadline had passed, Glidewell should be given a reasonable opportunity to conduct discovery regarding the new counterclaim.

3. On October 29, 2012, Glidewell substituted Snell & Wilmer LLP in as counsel of record in this case, replacing its prior counsel, Leonard Tachner. Snell & Wilmer was first engaged late in the afternoon on October 25, i.e., Thursday of last week, and has been diligently working to review the case file and materials.

Unfortunately, it appears that Glidewell's prior counsel was less than diligent in prosecuting this action, and failed to even raise the topic of obtaining a survey regarding Keating's allegation that the BRUXZIR mark is generic, or of obtaining a report from an industry-focused expert regarding the issue of whether BRUXZIR mark is generic, or of deposing any of the more than 20 dentists that Keating identified as persons with knowledge regarding the issue of whether BRUXZIR mark is generic. Accordingly, Glidewell respectfully requests that this Court provide it a modest continuance in order to enable Glidewell to cure its prior counsel's lack of diligence so this case may be litigated on the merits rather than on the basis of its prior counsel's deficient performance.

4. The short continuance requested will not prejudice Keating. It is highly unlikely that any witnesses will become unavailable, or that any documentary evidence will be lost, as a result of the requested continuance.

As a result, Glidewell seeks the following deadlines set by the Court's Scheduling Order be extended as follows:

| | |
|---|---|
| Discovery Cut-off | 12-23-12 |
| (Dispositive) Motion Cut-Off | 02-15-13 |
| Setting Final Pre-Trial Conference (8:30 a.m.) | 03-28-13 |
| Jury Trial (8:30 a.m.) | 04-23-13 |

Glidewell makes this application on an *ex parte* basis because the current discovery cut-off date is October 29, 2012, and thus a noticed motion could not be heard prior to that date. The need for this application came to light as a result of the involvement of Glidewell's new counsel; accordingly, Glidewell has made this request as expeditiously as possible.

In accordance with L.R. 7-19 and 17-19.1, the name, address, telephone number and e-mail address of Keating's counsel is as follows:

Lynda J. Zadra-Symes (lynda.Zadra-Symes@kmob.com)

Jeffrey L. Van Hoosear (jeffrey.vanhoosear@kmob.com)

1  Knobbe, Martens, Olson & Bear, LLP,
2  2040 Main Street, Fourteenth Floor,
3  Irvine, CA 92614,
4  Phone: (949) 760-0404

5  As set forth in the attached declaration of Phillip J. Graves, Glidewell's counsel informed Keating's counsel of intention to file this Application on October 29, 2012. Keating's counsel intends to oppose this application.

This Application is made pursuant to L.R. 7-19, and is based on and supported by this Notice of *Ex Parte* Application and *Ex Parte* Application, the attached Memorandum of Points and Authorities, and the concurrently filed declarations of Philip J. Graves, Leonard Tachner, and Keith D. Allred.

Dated: October 29, 2012                SNELL & WILMER L.L.P.

By: *s/Philip Graves*
    Philip Graves
    Greer Shaw
    Christopher B. Pinzon
    Colin R. Higgins
    Attorneys for Plaintiff
    JAMES R. GLIDEWELL DENTAL
    CERAMICS, INC. DBA
    GLIDEWELL LABORATORIES

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") brings this motion to amend the Scheduling Order for the purpose of conducting additional discovery. Three recent developments warrant extending the discovery cutoff by two months.

First, Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating") recently amended its initial disclosures twice – once on September 27, 2012, and a second time on October 19th – adding 13 additional witnesses on a variety of topics; an additional topic of testimony for 13 different previously-identified witnesses; and two new, broadly phrased categories of documents. Glidewell should be given an opportunity to take discovery on these disclosures.

Second, on October 10, 2012, Keating amended its counterclaims to include a new counterclaim for cancellation of Glidewell's U.S. Trademark Registration No. 3,739,663 for the mark BRUXZIR. That amendment occurred too close to the discovery cutoff to conduct adequate discovery on the new counterclaim. Glidewell should be given an opportunity to do so.

Third, on October 29, 2012, Glidewell substituted Snell & Wilmer LLP in as counsel of record in this case, replacing its prior counsel, Leonard Tachner. Snell & Wilmer was first engaged late in the afternoon on October 25, i.e., Thursday of last week, and has been diligently working to review the case file and materials. Unfortunately, it appears that Glidewell's prior counsel was less than diligent in prosecuting this action, and failed to even raise the topic of obtaining a survey regarding Keating's allegation that the BRUXZIR mark is generic, or of obtaining a report from an industry-focused expert regarding the issue of whether BRUXZIR mark is generic, or of deposing any of the more than 20 dentists that Keating identified as persons with knowledge regarding the issue of whether BRUXZIR mark is generic. Accordingly, Glidewell respectfully requests that this Court provide it a modest continuance in order to enable Glidewell to cure its prior

counsel's lack of diligence so this case may be litigated on the merits rather than on the basis of its prior counsel's deficient performance.

Finally, the short continuance requested will not prejudice Keating. It is highly unlikely that any witnesses will become unavailable, or that any documentary evidence will be lost, as a result of the requested continuance. Glidewell, therefore, respectfully requests that the Court grant this motion.

## I. Good Cause Exists to Amend the Scheduling Order

Rule 16(b) provides that the "scheduling order shall not be modified except by leave of court and upon a showing of good cause." Fed.R.Civ.Proc. 16(b). "This 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted).

### A. Glidewell Should be Granted an Opportunity to take Discovery on Keating's Recent and Material Amendments to its Initial Disclosures

On September 27, 2012, scarcely more than a month before the current discovery cutoff, Keating materially amended its initial disclosures. [Declaration of Phillip Graves ("Graves Decl.") ¶4, Ex. B.] Keating added eleven new witnesses, including Dr. Gary P. Tobin, Dr. Jenny Harris, Dr. Joseph Ting, Dr. Raymond Brady, Dr. Michael Colleran, Dr. Richard Scott, Dr. Daniel Sweet, Dr. George Tashiro, Dr. Thomas Nussear, Dr. Carol Frattura, and Dr. David Eggleston (an expert). [Compare *Id.* Ex. A with Ex. B.] The topics of the testimony range from the absence of confusion between the parties' marks, the alleged generic nature of the marks, Glidewell's demands to cease using its mark, and expert testimony on the use of "bruxer" and related terms in the dental industry. [*Ibid.*] Keating also added an additional topic of testimony, "use of bruxer crown," to 13 previously identified witnesses. [*Ibid.*]

Then, on October 19, 2012 – just 10 days before the discovery cutoff –

- 2 -
*Ex Parte* Application to Amend the Scheduling Order SACV11-01309-DOC(ANx)

Keating added two new witnesses, Lori Boatright (an expert witness) and Scott Hudson. [Compare *Id.* Ex. B with Ex. C.] Boatright is to offer expert testimony regarding USPTO rules and procedures, the USPTO's examination of Glidewell's Bruxzir mark, and the validity of Glidewell's Bruxzir mark. [*Ibid.*] Scott Hudson is to testify regarding Glidewell's enforcement efforts associated with the Bruxzir mark, and language used by the dental industry. [*Ibid.*] At the same time, Keating added two broad new categories of documents it intends to rely on at trial: documents regarding "advertisements by third parties showing the offering for sale, and sale, of commercially available products for the dental industry using brand names that include 'Brux,' 'Zir' or variations thereon"; and documents regarding "advertisements by dental laboratories, including dental laboratories that do business with Glidewell Laboratories, showing the offering for sale, and sale, of full contour zirconia crowns that do not originate from Glidewell." [*Ibid.*] Keating then served the belatedly-disclosed Boatright expert report on October 15th—two weeks before the discovery cutoff, and during a period during which, between Glidewell and Keating, nine depositions were scheduled. [Declaration of Leonard Tachner ¶ 2.]

As one commentator states, "When the modification [of the scheduling order] is necessitated by acts of the opposing party or by the opponent's failure to act, relief also has been deemed appropriate." Wright, et. al., 6A Federal Practice and Procedure § 1522.2 (3d ed.). That is what occurred here. On the eve of the discovery cutoff, Keating materially added to, and altered, the witnesses and evidence it intends to rely on at trial. While Glidewell does not contend that Keating erred in proffering its late-stage discovery – Glidewell intends to serve additional disclosures today – Glidewell does contend that Keating's decision to serve a raft of additional disclosures late in the day justifies a short continuance to take additional discovery. See *Nelson v. Safeco Ins. Co. of Illinois*, 2011 WL 13848 (D. Nev. Jan. 4, 2011) (discovery cutoff extended where defendant amended

- 3 -

*Ex Parte* Application to Amend the Scheduling Order   SACV11-01309-DOC(ANx)

initial disclosures 10 days before discovery cutoff).

### B. Glidewell Should be Granted an Opportunity to Take Discovery on Keating's New Counterclaim

On October 10, 2012 – about two and a half weeks before the discovery cutoff – Keating added a new counterclaim for cancellation of Glidewell's U.S. Trademark Registration No. 3,739,663. [Docket No. 65.] While of course Keating's motion for leave to file an amended answer and counterclaims was filed well in advance of that date, Glidewell could not be certain that it would be subjected to Keating's new counterclaim until the Court granted Keating's motion. Given the close proximity to the discovery cutoff, Glidewell had no meaningful opportunity to propound discovery concerning the new counterclaim. A continuance of the discovery cut-off date and trial date is appropriate when a defendant files a new counterclaim close to the discovery cut-off date. Glidewell submits that that is particularly the case here, where Keating requested and obtained leave to file an amended pleading long after the deadline to do so had passed. *Spellbound Dev. Group, Inc. v. Pac. Handy Cutter, Inc.*, 2011 WL 1810961 (C.D. Cal. May 12, 2011) (Carter, J.) (new counterclaim added shortly before discovery cutoff warranted amendment of scheduling order); *Wang Hartmann Gibbs & Cauley, PC v. Silver Point Capital, L.P.*, 2009 WL 3517674 (C.D. Cal. Oct. 26, 2009) (Carter, J.) (same). That is what happened here. Accordingly, the Court should grant this motion to modify the scheduling order to permit additional discovery.

### C. A Short Extension of Discovery is Warranted to Permit Glidewell's New Counsel to Correct Deficiencies in Glidewell's Prior Counsel's Representation of the Client

Glidewell retained Snell & Wilmer, L.L.P. just a few days ago, late in the afternoon on October 25, 2012. [Graves Decl. ¶ 2.] Snell & Wilmer moved quickly to obtain the case file from Glidewell's prior counsel and to review its

contents. [*Id.* ¶¶ 3-5.] Unfortunately, what Glidewell's new counsel learned is that the company's prior counsel appears to have failed to exercise reasonable diligence in prosecuting this action. Among other things, Glidewell's prior counsel:

- Failed to commission a survey concerning Keating's allegations that the BRUXZIR mark is generic or lacks secondary meaning, or concerning likelihood of confusion;
- Failed to secure a report from an industry-focused expert, such as a dentist, concerning Keating's allegations that the BRUXZIR mark is generic or lacks secondary meaning, or concerning likelihood of confusion;
- Failed to depose any of the more than 20 dentists that Keating identified – some of them, admittedly, very late in the day – with knowledge regarding Keating's allegation that the BRUXZIR mark is generic.

Glidewell acknowledges that the actions – and inaction – of counsel are generally imputed to the client. However, the circumstances of this case justify leniency in the application of this principle. Glidewell is unsophisticated with respect to intellectual property litigation – this is the company's first trademark infringement case, and the first trademark infringement case that its in-house counsel have supervised. [Declaration of Keith Allred, ¶ 2.] Mr. Tachner billed himself as an experienced trademark litigator, and Glidewell's in-house counsel relied exclusively on Mr. Tachner to guide them through this lawsuit. [*Id.* ¶¶ 3-4.] Yet, not only did Mr. Tachner fail to perform the work that he should have, <u>he failed to even discuss the topics outlined above with Glidewell, his client.</u> [*Id.* ¶ 5.] On these facts, Glidewell submits that it would be inequitable to charge it with the dereliction of its prior counsel, particularly in light of the fact that its prior counsel is a solo practitioner who is unlikely to have sufficient insurance coverage to respond fully to any malpractice award that Glidewell might recover in subsequent

- 5 -

*Ex Parte* Application to Amend the Scheduling Order  SACV11-01309-DOC(ANx)

1  collateral litigation.

2  It is within the Court's discretion to grant Glidewell the continuance that it requests, and there are good reasons for the Court to exercise its discretion to provide additional time for Glidewell to procure the evidence that will enable it to make its best case at trial. This is not a sideshow for Glidewell – the products protected under the registered BRUXZIR mark have generated revenues for the company in excess of $120 million over the past 3 ½ years, and are far and away the most important product line for Glidewell. [Allred Decl. ¶ 6.]

All that Glidewell asks is that the Court provide it a reasonable opportunity to adduce the evidence that its prior counsel should have obtained. There is no unfair prejudice to Keating – it will have the same opportunity to take additional discovery and obtain a survey, should it choose to do so. The requested continuance is reasonable and short, only two months. And, by providing such a continuance, this Court will enable the parties to present evidence that fully addresses the merits of this case, involving the mark branding Glidewell's most important product. If the mark were to be found to be generic – a case that Keating will not, on the evidence, be able to make – it should only be after the parties have made a full presentation on the merits, rather than a presentation hobbled by the deficient preparation of Glidewell's former counsel.

## CONCLUSION

For the foregoing reasons, Glidewell respectfully requests that this motion be granted.

| | |
|---|---|
| Dated: October 29, 2012 | SNELL & WILMER L.L.P. |
| | By: *s/Philip Graves* |
| | Philip Graves |
| | Greer Shaw |
| | Christopher B. Pinzon |
| | Colin R. Higgins |
| | Attorneys for Plaintiff |
| | JAMES R. GLIDEWELL DENTAL CERAMICS, INC. DBA GLIDEWELL LABORATORIES |

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2012, I electronically filed the document described as **Ex Parte Application to Amend the Scheduling Order; Memorandum of Point and Authorities in Support Thereof** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br><br>Tel:  (949) 760-0404<br>Fax: (949) 760-9502<br><br>Email:<br><br>Jeffrey.vanhoosear@kmob.com<br><br>David.jankowski@kmob.com<br><br>Lynda.zadra-symes@kmob.com<br><br>litigation@kmob.com |

Dated: October 29, 2012    SNELL & WILMER L.L.P.


By: *s/Phillip Graves*
Phillip Graves
Greer Shaw
Christopher B. Pinzon
Colin R. Higgins

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba GLIDEWELL LABORATORIES

PROOF OF SERVICE

16060201.1