Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN : 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.iankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx)<br><br>**DECLARATION OF DAVID G. JANKOWSKI IN SUPPORT OF KEATING DENTAL ARTS, INC.'S OPPOSITION TO JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S *EX PARTE* APPLICATION TO EXTEND DISCOVERY CUTOFF**<br><br>Honorable David O. Carter |

I, David G. Jankowski, hereby declare as follows:

I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP and am counsel of record for Defendant Keating Dental Arts, Inc. ("Keating"). I have personal knowledge of the matters set forth herein. If called upon to testify, I could and would testify competently to them.

1. Attached as **Exhibit 1** is a true and correct copy of Keating's Responses to Glidewell's First Set of Interrogatories (Nos. 1-25), dated April 19, 2012.

2. Attached as **Exhibit 2** is a true and correct copy of Keating's Responses to Glidewell Laboratory's ("Glidewell's") First Set of Requests for Production of Documents (Nos. 1-42), dated May 18, 2012. Keating began producing documents to Glidewell later in May 2012. On August 13, 2012, Keating produced to Glidewell more than fifty prescription forms from Keating's dentist customers that included misspellings of the KDZ Bruxer name.

3. Attached as **Exhibit 3** is a true and correct copy of Glidewell's Responses to Keating's First Set of Interrogatories (Nos. 1 – 14), dated August 20, 2012.

4. Attached as **Exhibit 4** is a true and correct copy of the Expert Report of Professor David J. Franklyn, dated September 15, 2012.

5. Attached as **Exhibit 5** is a true and correct copy of Keating's Supplemental Initial Disclosures, dated September 21, 2012.

6. Attached as **Exhibit 6** is a true and correct copy of Glidewell's Notice of Deposition of Dr. David Eggleston dated September 24, 2012.

7. On Thursday, October 4, 2012, I deposed Robin Carden, Vice President of Research and Development for plaintiff James R. Glidewell Dental Ceramics d/b/a Glidewell Laboratories ("Glidewell"). Attached as **Exhibit 7** is

-1-

a true and correct copy of excerpts from the transcript of Mr. Carden's October 4, 2012 deposition. Mr. Carden testified that he began working with Leonard Tachner, Glidewell's litigation counsel in the present case, in the early 1990's in connection with patent applications on which Mr. Carden was an inventor while working for other companies. Mr. Carden further testified that he introduced Mr. Tachner to Glidewell's management during the period he was consulting with Glidewell between 2005 and 2008, and that Glidewell's management subsequently began using Mr. Tachner for Glidewell's patent matters.

8. Attached as **Exhibit 8** is a true and correct copy of Glidewell's Responses to Keating's Second Set of Requests for Production of Documents (Nos. 29-49), dated October 11, 2012.

9. Attached as **Exhibit 9** is a true and correct copy of Glidewell's Responses to Keating's Third Set of Requests for Production of Documents (Nos. 50-54), dated October 15, 2012.

10. Attached as **Exhibit 10** is a true and correct copy of Defendant's Expert Lori Boatright's Rebuttal Report to the Report of David J. Franklyn, dated October 15, 2012. Glidewell did not timely submit any expert reports to rebut the opening report of Dr. Eggleston.

11. Attached as **Exhibit 11** is a true and correct copy of cover letters from September 21 – October 25, 2012 that accompanied Keating's document productions to Glidewell.

12. On Friday, October 25, 2012, I deposed Keith Allred, Director of Professional Services and General Counsel for Glidewell. Attached as **Exhibit 12** is a true and correct copy of a "rough" transcript of that deposition, which I received on Monday, October 29, 2012, from Lisa Moskowitz, the court reporter transcribing Mr. Allred's testimony.

13. Attached as **Exhibit 13** is a true and correct copy of Keating's Response to Glidewell's Second Request for Production of Documents and

Things (Nos. 43-51), dated October 25, 2012.

14. Attached as **Exhibit 14** is a true and correct copy of Keating's Keating's Response to Glidewell's First Request for Admissions (Nos. 1-11), dated October 25, 2012.

15. Attached as **Exhibit 15** is a true and correct copy of Consolidated Financial Statements of James R. Glidewell Dental Ceramics, Inc., which was marked as Exhibit 119 during the deposition of Mr. Allred.

16. Attached as **Exhibit 16** is a true and correct copy of a document produced by Glidewell in this case (communications with Fusion Dental Laboratory Solutions), which was marked as Exhibit 141 at the deposition of Mr. Allred. Glidewell produced this document to Keating on October 11, 2012.

17. Attached as **Exhibit 17** is a true and correct copy of a document produced by Glidewell in this case (communications with Showcase Dental Laboratory), which was marked as Exhibit 147 during the deposition of Mr. Allred. Glidewell produced this document to Keating on October 11, 2012.

18. Attached as **Exhibit 18** is a true and correct copy of a document produced by Glidewell in this case (communications with Old Dominion Milling Corporation), which was marked as Exhibit 149 during the deposition of Mr. Allred. Glidewell produced this document to Keating on October 11, 2012.

19. During the month of October, the parties collectively took twelve depositions in this case. Mr. Tachner was the defending attorney in eight of the depositions and he was the examining attorney in four of the depositions. On October 22, 2012 Mr. Tachner deposed Dr. Eggleston. During that deposition, Mr. Tachner examined Dr. Eggleston on the bases for his opinion that the terms "bruxer crown" and "BruxZir crown" are used by those in the dental industry to refer to a full contour zirconia crown.

20. During the afternoon of October 29, 2012, attorneys from Snell & Wilmer contacted my partner Lynda Zadra Symes and informed her that they

were retained by Glidewell as new counsel for this lawsuit.

21. Late in the evening of October 29, 2012 (less than a half hour before Midnight), I received a series of emails from Chris Pinzon at Snell & Wilmer. The emails included as pdf attachments:

- Glidewell's First Amended Initial Disclosures, identifying twenty new fact witnesses; eight additional categories of documents; and ten areas for computation of damages;
- An (untimely) Rebuttal Report of Professor Franklyn to the opening expert report of Dr. Eggleston;
- An (untimely) Rebuttal Report of Professor Franklyn to the rebuttal expert report of Ms. Boatright;
- An (untimely) Opening Report of Goldstein; and
- An (untimely) Expert Disclosure of Dr. Michael DiTolla (a Glidewell employee).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 30, 2012, in Irvine, California.

*/s/ David G. Jankowski*
David G. Jankowski

14237341