1    J. MARK HOLLAND (140453)

2    **J. MARK HOLLAND & ASSOCIATES**
    a Professional Law Corporation

3    3 San Joaquin Plaza, Suite 210
    Newport Beach, CA  92660

4    Telephone:  (949) 718-6750
    Facsimile:  (949) 718-6756

5    Email: office@jmhlaw.com

6    Attorneys for Defendant and Counterclaim Plaintiff
    KEATING DENTAL ARTS, INC.

7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

|  |  |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| KEATING DENTAL ARTS, INC., a California corporation, | ) ) ) |
| Defendants. | ) ) |
| KEATING DENTAL ARTS, INC. a California corporation, | ) ) ) |
| Counterclaim-Plaintiff, | ) ) |
| vs. | ) ) |
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, and DOES 1 THROUGH 5, inclusive, | ) ) ) ) ) ) |
| Counterclaim-Defendants. | ) ) |

Civil Action No.
SA-CV-ll-01309-DOC(ANx)

**DEFENDANT/
COUNTERCLAIM PLAINTIFF'S
RESPONSE TO PLAINTIFF/
COUNTERCLAIM
DEFENDANT'S FIRST SET OF
INTERROGATORIES NOS. 1-25**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**
**-5-**

PROPOUNDING PARTY:      GLIDEWELL DENTAL CERAMICS, INC

RESPONDING PARTY:      KEATING DENTAL ARTS, INC

SET NUMBER:      ONE

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rules of Civil Procedure, Rule 33, Defendant, KEATING DENTAL ARTS, INC. (Defendant) hereby responds to the above referenced Interrogatories as follows:

### GENERAL OBJECTIONS AND REMARKS

The following apply to these responses, and **all responses below are subject to these objections and remarks**:

1.      Discovery and investigation are continuing, and Defendant reserves the right to supplement this response at a later time.

2.      Defendant and its attorneys have not completed their discovery or preparation for trial, nor have they concluded their analysis of information gathered to date.  Consequently, Defendant's responses and objections to this discovery request are based upon information which is presently available to it and its attorneys.  Defendant makes these responses and objections to this discovery request without prejudice to its rights to (a) identify and produce evidence of any and all subsequently discovered facts, (b) to modify these responses at a later date that is consistent with the Federal Rules of Civil Procedure, the local rules of this district, and any Scheduling Order entered by this Court, and (c) raise additional objections as Defendant may become aware of same and as may be permitted by relevant law and rules.

3.      Defendant objects to these interrogatories, and to each and every interrogatory, to the extent that it calls for the production/disclosure of

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                2

**EXHIBIT 1**
**-6-**

1  confidential documents/information involving trade secrets or other proprietary or

2  confidential information.

3         4.     Defendant objects to these interrogatories, and to each and every

4  interrogatory, to the extent that it is not reasonably limited in scope or in time.

5         5.     Defendant objects to these interrogatories, and to each and every

6  interrogatory, to the extent that it is not reasonably particular from the standpoint

7  of the responding party, and/or not bearing a sufficient relationship to the manner

8  in which records are kept, thereby requiring responding party to determine, at the

9  risk of sanctions, which of its records fit a demand that requests everything fitting

10  a specific topic or broad description.

11         6.     Defendant objects to these interrogatories, and to each and every

12  interrogatory, to the extent that the request is oppressive and burdensome because

13  it is vague, ambiguous, and/or unintelligible so as to make a response impossible

14  without speculation as to the meaning of the interrogatory.

15         7.     Defendant objects to these interrogatories, and to each and every

16  interrogatory, to the extent that it is unduly broad, unduly burdensome, and

17  oppressive insofar as it calls for "all" and/or "each" and/or "every" possible matter

18  and/or related piece of evidence or information, when a more limited request is all

19  that might be relevant to the subject matter of the within litigation.

20         8.     Defendant objects to these interrogatories, and to each and every

21  interrogatory, to the extent that they are unduly burdensome in view of (a) their

22  likely benefit, (b) the needs of the case, (c) the amount in controversy, (d) the

23  parties' resources, and/or (e) the importance of the issues at stake.

24         9.     Defendant objects to these interrogatories, and to each and every

25  interrogatory, to the extent that it violates the attorney-client and attorney work

26  product privileges (and/or any other relevant privilege) and therefore is protected

27  from disclosure.

28

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25       3

**EXHIBIT 1**
**-7-**

1        10.    Defendant objects to these interrogatories, and to each and every

2   interrogatory, to the extent that collectively they exceed the discovery limits that

3   may be applicable under relevant law and/or rule.

4        11.    Defendant objects to these interrogatories, and to each and every

5   interrogatory, to the extent that they request information that is irrelevant and/or is

6   not reasonably calculated to lead to the discovery of admissible evidence.

7        12.    Defendant objects to these interrogatories, and to each and every

8   interrogatory, to the extent that they seek information that is unreasonably

9   cumulative or duplicative or obtainable from some other source that is more

10   convenient, less burdensome, or less expensive.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25           4

**EXHIBIT 1**
**-8-**

## RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE

INTERROGATORY NO. 1

Please provide contact information including name, title, last known address and telephone number ("CONTACT INFORMATION") for all persons, who the DEFENDANT believes to be knowledgeable of any fact(s) relevant to this Action, including, without limitation, all former employees, current employees, officers, directors, agents, attorneys, licensees, licensors, shareholders, customers, consultants ("PERSONS") of the DEFENDANT, including its predecessors, successors, or entities which are or have been under common ownership or control in any manner with the DEFENDANT, entities that have granted or assigned rights to the DEFENDANT for the designation KDZ BRUXER, and third parties.

RESPONSE:

The contact information relevant to the persons listed below, and applicable to this response and all following responses in which one or more of these persons is listed, is as follows:

| Address | KEATING DENTAL ARTS, INC. |
| --- | --- |
|  | 16881 Hale Ave. |
|  | Irvine, CA, 92606 |
| Phone | (949) 955-2100 |

Shaun Keating, President and CEO

Diane Mallos, CFO

Patrick Ramsey, Director of Operations

Jim McEachern, Laboratory Manager

Bob Brandon, General Manager

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                                    5

EXHIBIT 1
-9-

1    INTERROGATORY NO. 2

2         Please provide CONTACT INFORMATION for the PERSONS most

3    knowledgeable about the goods of the DEFENDANT recited in U.S. Application

4    Serial No. 85/287,029.

5    RESPONSE:

6         Shaun Keating

7

8    INTERROGATORY NO. 3

9         Please provide CONTACT INFORMATION for the PERSONS most

10   knowledgeable about the controls, if any, which are placed over the quality of

11   goods that have been offered for sale by the DEFENDANT under the designation

12   KDZ BRUXER.

13   RESPONSE:

14        Bob Brandon, Jim McEachern, Linda Morgan

15

16   INTERROGATORY NO. 4

17        Please provide CONTACT INFORMATION for the PERSONS most

18   knowledgeable about the DEFENDANT'S advertising and promotional activities

19   under the designation KDZ BRUXER.

20   RESPONSE:

21        Shaun Keating, Pete Murphy

22

23   INTERROGATORY NO. 5

24        Please provide CONTACT INFORMATION for the PERSONS most

25   knowledgeable about the intentions of the DEFENDANT for use of the

26   designation KDZ BRUXER.

27   RESPONSE:

28        Shaun Keating

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                              6

EXHIBIT 1
-10-

INTERROGATORY NO. 6

Please identify all products and services that have ever been offered for sale by the DEFENDANT under the designation KDZ BRUXER.

RESPONSE:

Full contour zirconia-based restorations.

INTERROGATORY NO. 7

Please describe in detail the first instance when the DEFENDANT became aware of the use of the designation BRUXZIR by PLAINTIFF.

RESPONSE:

After a reasonable effort and review of information reasonably available to Defendant, Defendant is not certain as to as to when the "first instance" occurred, nor the requested "detail" regarding the exact instance or date.

INTERROGATORY NO. 8

Please identify all uses ever made by any party of the designation BRUXER known to the DEFENDANT.

RESPONSE:

a)  all of the examples of uses that are listed in the materials Defendant filed in connection with its recent Motion for Partial Summary Judgment, including uses by Plaintiff

b)  doctors use "bruxer" in telephone conversations

c)  doctors write the word "bruxer" on prescriptions

d)  dental marketing materials and dental office pamphlets (particularly pamphlets on TMJ and occlusal wear) use the term "bruxer"

e)  dental textbooks use "bruxer"

f)  dental journals use "bruxer"

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                                    7

EXHIBIT 1
-11-

g) use in the public domain (written and spoken language)

h) companies and products and businesses that use "bruxer" can be located on the Internet, for example, by searching "bruxer" in a search engine.  That search on Google returned about 36,000 results, including those shown here:

---

About 36,000 results (0.11 seconds)

Search Results

**World Wide Words: Bruxer**
www.worldwidewords.org/weirdwords/ww-bru1.htm
Jun 26, 1999 – A bruxer habitually and involuntarily grinds their teeth. You may be one of these, since it's been estimated that about one in four people do so.

**Bruxism - Wikipedia, the free encyclopedia**
en.wikipedia.org/wiki/Bruxism
Most (but not all) bruxism includes clenching force provided by masseter and temporalis muscle groups, but some bruxers clench and grind front teeth only, ...
Causes - Signs - Symptoms - Sequelae

**Are you a Bruxer? | Philadelphia Independent Media Center**
www.phillyimc.org/en/are-you-bruxer
Sep 21, 2009 – Research papers from recent studies on Bruxism have shown that the number of people who are unaware that they are bruxers are steadily ...

**Transparent Zirconia-Bruxer Esthetic**
dentallabnetwork.com/.../transparent-zirconia-bruxer-esthetic-6958/
Feb 15, 2011 – Transparent Zirconia-Bruxer Esthetic. I know, I know...you guys will mix up your own formula using a Crystal zirconia block and some old emax ...
Emax press for Patient who is a Bruxer - Oct 7, 2011
Finishing Zir. Bruxer crs - Sep 1, 2011
More results from dentallabnetwork.com »

---

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                    8

EXHIBIT 1
-12-

INTERROGATORY NO. 9

Please provide CONTACT INFORMATION for the providers, including agents, of all goods ever offered for sale by the DEFENDANT under the designation KDZ BRUXER.

RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this interrogatory to the extent that it is vague and ambiguous as to the meaning of "providers, including agents." Without waiving that or any other objection, Defendant responds as follows:

Keating Dental Arts is the sole provider.


INTERROGATORY NO.10

Please provide CONTACT INFORMATION for all third parties with whom the DEFENDANT has entered into an arrangement to advertise and promote products and services under the designation KDZ BRUXER.

RESPONSE:

Please see Exhibit 10 served herewith in a separate document, which Defendant has designated as "Attorney's Eyes Only" pursuant to the Confidentiality Order entered in this lawsuit.


INTERROGATORY NO. 11

Please provide CONTACT INFORMATION for all third party uses known to the DEFENDANT of any name believed by the DEFENDANT to be confusingly similar to KDZ BRUXER.

RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this interrogatory to the extent that it calls for a legal conclusion (as to

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                               9

EXHIBIT 1
-13-

1  "confusingly similar").  Without waiving that or any other objection, Defendant

2  responds as follows:

3      As presently advised, Defendant is not aware of any such third party uses.

4

5  INTERROGATORY NO. 12

6      Please describe in detail the circumstances of any instance known by the

7  DEFENDANT of actual confusion arising in connection with the use of the

8  designation KDZ BRUXER.

9  RESPONSE:

10      As presently advised, Defendant is not aware of any such instances.

11

12  INTERROGATORY NO. 13

13      Please describe all proposed future uses of the designation KDZ BRUXER

14  by the DEFENDANT.

15  RESPONSE:

16      KDZ Bruxer is a single product within Defendant's KDZ family of

17  products.  Defendant uses that trademark for full contour zirconia indicated for

18  bruxer patients.  Presently, Defendant has no future uses planned, beyond

19  continuing that present use.

20

21  INTERROGATORY NO. 14

22      On an annual basis, since the date of the alleged first use of the designation

23  KDZ BRUXER by the DEFENDANT, please state the dollar volume of all sales

24  by the DEFENDANT under the designation KDZ BRUXER.

25  RESPONSE:

26      Please see Exhibit 14 served herewith in a separate document, which

27  Defendant has designated as "Attorney's Eyes Only" pursuant to the

28  Confidentiality Order entered in this lawsuit.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                          10

**EXHIBIT 1**
**-14-**

1

2  INTERROGATORY NO. 15

3      On an annual basis, since the date of the alleged first use of the designation

4  KDZ BRUXER by the DEFENDANT, please state the dollar volume of all

5  expenditures by the DEFENDANT to advertise and promote its goods under the

6  designation KDZ BRUXER.

7  RESPONSE:

8      Please see Exhibit 15 served herewith in a separate document, which

9  Defendant has designated as "Attorney's Eyes Only" pursuant to the

10  Confidentiality Order entered in this lawsuit.

11

12  INTERROGATORY NO. 16

13      Please provide CONTACT INFORMATION for the PERSONS most

14  knowledgeable about the DEFENDANT'S selection and adoption of the

15  designation KDZ BRUXER.

16  RESPONSE:

17      In addition to the General Objections set forth above, Defendant objects to

18  this interrogatory to the extent that it calls for information that is attorney-client

19  and/or work product privileged.  Without waiving that or any other objection,

20  Defendant responds as follows:

21      Shaun Keating, in consultation with Defendant's attorney Thomas Gourde.

22

23  INTERROGATORY NO. 17

24      Please provide CONTACT INFORMATION for the PERSONS most

25  knowledgeable about the information contained in the records of the

26  DEFENDANT of sales under the designation KDZ BRUXER.

27  RESPONSE:

28      Shaun Keating, Diane Mallos

DEFENDANT/ COUNTERCLAIM PLAINTIFF`S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT`S FIRST SET OF INTERROGATORIES NOS. 1-25                                    11

**EXHIBIT 1**
**-15-**

INTERROGATORY NO. 18

Please provide CONTACT INFORMATION for the PERSONS most knowledgeable about the records of the DEFENDANT of expenditures to advertise and promote under the designation KDZ BRUXER.

RESPONSE:

Shaun Keating, Diane Mallos


INTERROGATORY NO. 19

Please identify all investigations that have been conducted, including without limitations, marketing studies, focus group studies, polls, surveys, etc., which relate to any and all facts involved in DEFENDANT'S adoption of the designation KDZ BRUXER

RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this interrogatory to the extent that it calls for information that is attorney-client and/or work product privileged.  Without waiving that or any other objection, Defendant responds as follows:

(a) informal trademark search for "KDZ" and "bruxer"

(b) opinion of other attorneys, including other trademark attorneys

(c) informal survey of current Keating clients in March/April 2011 (mainly those asking for "bruxer crowns" from us at that time)

(d) extensive review of dental journals advertisements by other dental labs


INTERROGATORY NO. 20

Please describe any and all trademark searches performed by the DEFENDANT prior to its adoption and use of the designation KDZ BRUXER.

EXHIBIT 1
-16-

RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this interrogatory to the extent that it calls for information that is attorney-client and/or work product privileged.  Without waiving that or any other objection, Defendant responds as follows:

(a) Bruxer

(b) KDZ

INTERROGATORY NO. 21

Please describe the manner in which the designation KDZ BRUXER is used on or in connection with the GOODS sold by the DEFENDANT.

RESPONSE:

Defendant uses the designation KDZ Bruxer on or in connection with the GOODS in the following manners:  on Defendant's website, on promotional materials relating to the GOODS, on order forms provided to Defendant's customers, and on invoices shipped with the KDZ Bruxer products.

INTERROGATORY NO. 22

Please describe any and all prior relationships that existed between any officers of DEFENDANT Keating and PLAINTIFF Glidewell.

RESPONSE:

Shaun Keating was employed by Glidewell Dental Ceramics from 1984 to 2002.

INTERROGATORY NO. 23

Please describe any and all relationships that have existed between any employees of DEFENDANT Keating and PLAINTIFF Glidewell.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                    13

EXHIBIT 1
-17-

1   RESPONSE:

2          In addition to the general objections set forth above, Defendant specifically

3   objects to this Interrogatory:

4     • as not being reasonably calculated to lead to the discovery of admissible

5        evidence

6     • as being vague and ambiguous

7     • as calling for information that may violate rights of privacy of the relevant

8        employees

9     • as requiring Defendant to violate any corresponding duty that Defendant

10       may have to such employees

11    • to the extent that it is unduly burdensome in view of (a) the likely benefit of

12       the information, (b) the needs of the case, (c) the amount in controversy, (d)

13       the parties' resources, and/or (e) the importance of the issues at stake.

14

15  INTERROGATORY NO. 24

16         Please identify all current employees of DEFENDANT Keating who were

17  previously an employee of PLAINTIFF Glidewell.

18  RESPONSE:

19         In addition to the general objections set forth above, Defendant specifically

20  objects to this Interrogatory:

21    • as not being reasonably calculated to lead to the discovery of admissible

22       evidence

23    • as calling for information that may violate rights of privacy of the relevant

24       employees

25    • as requiring Defendant to violate any corresponding duty that Defendant

26       may have to such employees

27

28

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                               14

EXHIBIT 1
-18-

1    • to the extent that it is unduly burdensome in view of (a) the likely benefit of

2    the information, (b) the needs of the case, (c) the amount in controversy, (d)

3    the parties' resources, and/or (e) the importance of the issues at stake.

4

5    INTERROGATORY NO. 25

6    Please identify all current distributors of the GOODS of DEFENDANT

7    Keating.

8    RESPONSE:

9    In addition to the General Objections set forth above, Defendant objects to

10   this interrogatory to the extent that it is vague and ambiguous as to the meaning of

11   "distributors."  Without waiving that or any other objection, Defendant responds

12   as follows:

13   Keating Dental Arts is the sole distributor.

14

15

16

17

18   Dated:  2012-04-19                    /J. Mark Holland/

19                                          J. Mark Holland
                                            **J. MARK HOLLAND & ASSOCIATES**
20                                          Attorney for Defendant and Counterclaim
                                            KEATING DENTAL ARTS, INC., a
21                                          California corporation

22

23

24

25

26

27

28

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                              15

**EXHIBIT 1**
-19-

1

2                              **VERIFICATION**

3          I, the undersigned, say:

4          I have read the foregoing document described as DEFENDANT/
5    COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/
     COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES
6    NOS. 1-25 and know its contents.

7

8    *[CHECK APPLICABLE PARAGRAPH:]*

9    [ ] I am a party to this action. The matters stated in the foregoing document are
     true of my own knowledge except as to those matters which are stated on
10   information and belief, and as to those matters I believe them to be true.

11   [X] I am an agent/officer/partner of the responding party herein, and am
12   authorized to make this verification for and on its behalf, and I make this
     verification for that reason.  I am informed and believe and on that ground allege
13   that the matters stated in the foregoing document are true.

14   [ ] I am one of the attorneys for the responding party herein.  Such party is absent
15   from the aforesaid county where such attorneys have their offices, and I make this
     verification for and on behalf of that party for that reason.  I am informed and
16   believe and on that ground allege that the matters stated in the foregoing
17   documents are true.

18         I declare under penalty of perjury under the laws of the United States and
     the State of California that the foregoing is true and correct.
19
           Executed on April 19, 2012, at Irvine, California.
20
           / Bob Brandon /
21
           Bob Brandon - Declarant
22

23

24   Z:\Winword\KEAT1\L3844\Discovery\KEAT1_Response_to_First_Interrogs_FINAL_01.doc

25

26

27

28

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                          16

**EXHIBIT 1**
**-20-**

1

2

**PROOF OF SERVICE**

3
    I am employed in the County of Orange, State of California. I am over the age of 18 and
not a party to the within action. My business address is 3 San Joaquin Plaza, Suite 210, Newport

4
Beach, California 92660.
    On the date indicated below, I served the following documents (described as

5
DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/

6
COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25) on all
other parties and/or their attorney(s) of record to this action, as listed here:

7

8
    Attorneys for Plaintiff JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA
GLIDEWELL LABORATORIES:

9
    Leonard Tachner, Esq.                 Email: tachlaw@aol.com
    17961 Sky Park Circle, Suite 38-E    Telephone: 949-752-8525

10
    Irvine, California  92614             Facsimile: 949-955-2415

11
    I accomplished this service as indicated below:

12
    [ ] (BY MAIL)       I am readily familiar with the business practice for collection and

13
processing of correspondence for mailing with the United States Postal Service. By placing a true
copy thereof in a sealed envelope, addressed to the person at the address set forth above by

14
postage prepaid United States First Class mail, which envelope shall be deposited with the
United States Postal Service this same day in the ordinary course of business at our Firm's office

15
address in Newport Beach, California.
    [ ] (BY OVERNIGHT DELIVERY SERVICE)       I served the foregoing document by

16
Federal Express, an express service carrier which provides overnight delivery, as follows. I

17
placed true copies of the foregoing document in sealed envelopes or packages designated by the
express service carrier, addressed to each interested party as set forth above, and I paid or

18
provided for payment of the fees for overnight delivery.
    [ ] (BY FACSIMILE)       I caused such documents to be delivered via facsimile to the

19
offices of the addressee(s) at the indicated fax numbers.

20
    [ X ] (BY EMAIL) I caused such documents to be delivered via email to the offices of
the addressee(s) at the indicated email addresses.

21
    [ ] (BY PERSONAL SERVICE) I caused such document(s) to be delivered by hand to
the addressee(s).

22

23
    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

24
    Executed on April 19, 2012, at Newport Beach, California.

25
                              / Kristin Brown /

26
                              Kristin Brown

27

28

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                                    17

**EXHIBIT 1**
**-21-**