J. MARK HOLLAND (140453)
**J. MARK HOLLAND & ASSOCIATES**
 a Professional Law Corporation
3 San Joaquin Plaza, Suite 210
Newport Beach, CA  92660
Telephone:  (949) 718-6750
Facsimile:  (949) 718-6756
Email: office@jmhlaw.com

Attorneys for Defendant and Counterclaim Plaintiff
KEATING DENTAL ARTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>Defendants.<br><hr>KEATING DENTAL ARTS, INC. a California corporation,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES, a California corporation, and DOES 1 THROUGH 5, inclusive,<br><br>Counterclaim-Defendants. | Civil Action No.<br>SA-CV-ll-01309-DOC(ANx)<br><br>**DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42** |

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                                          1

**EXHIBIT 2**
**-22-**

PROPOUNDING PARTY:     GLIDEWELL DENTAL CERAMICS, INC

RESPONDING PARTY:      KEATING DENTAL ARTS, INC

SET NUMBER:            ONE

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF
RECORD:

     Pursuant to Federal Rules of Civil Procedure, Rule 33, Defendant,
KEATING DENTAL ARTS, INC. (Defendant) hereby responds to the above-
referenced inspection demand as follows:

## GENERAL OBJECTIONS AND REMARKS

The following apply to these responses, and **all responses below are subject to
these objections and remarks**:

     1.    Many of the requests appear to request documents and things that, if
not identical, are similar and/or overlap (for example, see Requests 11-14).  For
such situations, although Defendant intends to make a good faith effort to identify
the two or more Requests to which the documents and things may be responsive,
Defendant does not intend to produce the SAME documents and things more than
once.  Among other things, this is intended to avoid duplication of documents and
things, and to reduce the discovery burden for all parties.

     2.    Examples of such things as described in the preceding paragraph are
summaries of sales of various of Defendant's products, materials related to
trademark searches and opinions, and promotional materials.  To the extent that
any such materials are produced and inadvertently not identified as relating to any
particular Request, Defendant reserves the right to correct that identification as
such time as Defendant becomes aware of same and/or such correction becomes
necessary, desirable, or otherwise appropriate.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                              2

EXHIBIT 2
-23-

3.      Discovery and investigation are continuing, and Defendant reserves the right to supplement this response at a later time.

4.      Defendant and its attorneys have not completed their discovery or preparation for trial, nor have they concluded their analysis of information gathered to date.  Consequently, Defendant's responses and objections to this discovery request are based upon information which is presently available to it and its attorneys.  Defendant makes these responses and objections to this discovery request without prejudice to its rights to (a) identify and produce evidence of any and all subsequently discovered facts, (b) to modify these responses at a later date that is consistent with the Federal Rules of Civil Procedure, the local rules of this district, and any Scheduling Order entered by this Court, and (c) raise additional objections as Defendant may become aware of same and as may be permitted by relevant law and rules.

5.      Defendant objects to these requests, and to each and every request, to the extent that it calls for the production/disclosure of confidential documents/information involving trade secrets or other proprietary or confidential information.  Defendant has previously advised Plaintiff that Defendant intends to utilize the Confidentiality Order entered in this lawsuit to designate such materials, and to otherwise avail itself of the protections afforded thereby.

6.      Defendant objects to these requests, and to each and every request, to the extent that it is not reasonably limited in scope or in time.

7.      Defendant objects to these requests, and to each and every request, to the extent that it is not reasonably particular from the standpoint of the responding party, and/or not bearing a sufficient relationship to the manner in which records are kept, thereby requiring responding party to determine, at the risk of sanctions, which of its records fit a demand that requests everything fitting a specific topic or broad description.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                                      3

EXHIBIT 2
-24-

8.      Defendant objects to these requests, and to each and every request, to the extent that the request is oppressive and burdensome because it is vague, ambiguous, and/or unintelligible so as to make a response impossible without speculation as to the meaning of the request.

9.      Defendant objects to these requests, and to each and every request, to the extent that it is unduly broad, unduly burdensome, and oppressive insofar as it calls for "all" and/or "each" and/or "every" possible matter and/or related piece of evidence or information, when a more limited request is all that might be relevant to the subject matter of the within litigation.

10.     Defendant objects to these requests, and to each and every request, to the extent that they are unduly burdensome in view of (a) their likely benefit, (b) the needs of the case, (c) the amount in controversy, (d) the parties' resources, and/or (e) the importance of the issues at stake.

11.     Defendant objects to these requests, and to each and every request, to the extent that it violates the attorney-client and attorney work product privileges (and/or any other relevant privilege) and therefore is protected from disclosure.

12.     Defendant objects to these requests, and to each and every request, to the extent that collectively they exceed the discovery limits that may be applicable under relevant law and/or rule.

13.     Defendant objects to these requests, and to each and every request, to the extent that they request information that is irrelevant and/or is not reasonably calculated to lead to the discovery of admissible evidence.

14.     Defendant objects to these requests, and to each and every request, to the extent that they seek information that is unreasonably cumulative or duplicative or obtainable from Plaintiff's own files and/or from some other source that is more convenient, less burdensome, or less expensive.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                                    4

EXHIBIT 2
-25-

15.    Defendant objects to these requests, and to each and every request, to the extent that they seek documents that already have been made of record in this lawsuit (in the previous filings by the parties and/or via Defendant's previous discovery responses) and/or are as readily discoverable by Plaintiff from reviewing its own documents and things

DEFENDANT/ COUNTERCLAIM PLAINTIFF`S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT`S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                                              5

**EXHIBIT 2**
**-26-**

## RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS DOCUMENTS AND THINGS, SET ONE

REQUEST NO. 1:

All DOCUMENTS and THINGS RELATING TO the selection of the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

ALSO, please see responses to Request Nos. 7, 26, and others below.

REQUEST NO. 2:

All DOCUMENTS and THINGS RELATING TO the adoption of the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

ALSO, please see responses to Request Nos. 7, 26, and others below.

REQUEST NO. 3:

All DOCUMENTS and THINGS RELATING TO all uses of the designation KDZ BRUXER by the DEFENDANT.

EXHIBIT 2
-27-

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

ALSO, please see response to Request No. 6 below.

REQUEST NO. 4:

All DOCUMENTS and THINGS RELATING TO all proposed uses of the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

ALSO, please see response to Request No. 6 below.

REQUEST NO. 5:

All DOCUMENTS and THINGS RELATING TO all GOODS OFFERED FOR SALE under the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

ALSO, please see response to Request No. 6 below.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                                        7

**EXHIBIT 2**
-28-

REQUEST NO. 6:

All DOCUMENTS and THINGS RELATING TO all proposed GOODS OFFERED FOR SALE under the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

In addition to the general objections and remarks set forth above, Defendant specifically objects to this request as being vague, oxymoronic, and incomprehensible, as to "proposed GOODS OFFERED FOR SALE" (if GOODS have been OFFERED FOR SALE, how can they be only PROPOSED?). In a show of good faith, Defendant's response will be based on the goods that Defendant HAS offered for sale.

REQUEST NO. 7:

All DOCUMENTS and THINGS RELATING TO U.S. Patent and Trademark Filings for KDZ BRUXER filed by DEFENDANT with the U.S. Patent & Trademark Office on April 5, 2011, including but not limited to, all DOCUMENTS and THINGS (a) relied upon by the DEFENDANT to prepare the trademark filing, (b) formed the basis for the statements made by the DEFENDANT in the trademark filing, and (c) RELATING TO communications that lead [sic] to the filing of the KDZ BRUXER Application by DEFENDANT.

RESPONSE:

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42

8

**EXHIBIT 2**

**-29-**

1  Subject to the objections and remarks set forth above, and to the extent that any

2  such non-privileged documents and/or things exist and can be located through

3  reasonable efforts, responsive documents and/or things will be produced.

4

5  In addition to the general objections and remarks set forth above, Defendant

6  specifically objects to this request to the extent that it calls for documents and/or

7  things that are protected by the attorney/client privilege.

8

9  REQUEST NO. 8

10      All DOCUMENTS and THINGS RELATING TO all communications

11   concerning the use of the designation KDZ BRUXER, including variations

12   thereof, between the DEFENDANT and any third party.

13  RESPONSE:

14  Subject to the objections and remarks set forth above, and to the extent that any

15  such non-privileged documents and/or things exist and can be located through

16  reasonable efforts, responsive documents and/or things will be produced.

17

18  In addition to the general objections and remarks set forth above, Defendant

19  specifically objects to this request as being vague, overbroad, and unduly

20  burdensome. Among other things, "variations thereof" is unclear as to its scope,

21  and "all communications" with "any third party" are so broad as to be unduly

22  burdensome and to encompass attorney/client privileged communications.

23

24  REQUEST NO. 9

25      All DOCUMENTS and THINGS RELATING TO all AGREEMENTS

26   concerning any use of KDZ BRUXER, including variations thereof, between the

27   DEFENDANT and any third party.

28

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                    9

**EXHIBIT 2**
**-30-**

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts (other than Defendant's placement of advertising with third parties, which is the subject of other pending requests to which Defendant is responding as indicated elsewhere herein, such as in responses to Request Nos. 10 and 14 herein).

REQUEST NO. 10

All DOCUMENTS and THINGS RELATING TO all AGREEMENTS concerning any GOODS OFFERED FOR SALE under the designation KDZ BRUXER between the DEFENDANT and any third party.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 11

All DOCUMENTS and THINGS RELATING TO all OFFERS OF SALE by any entity other than DEFENDANT for GOODS under the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts.

REQUEST NO. 12

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42

10

EXHIBIT 2
-31-

1    Representative specimens of all PROMOTIONAL MATERIALS

2    RELATING TO any GOODS OFFERED FOR SALE under the designation KDZ

3    BRUXER.

4    RESPONSE:

5    Subject to the objections and remarks set forth above, and to the extent that any

6    such non-privileged documents and/or things exist and can be located through

7    reasonable efforts, responsive documents and/or things will be produced.

8

9    REQUEST NO. 13

10   All DOCUMENTS and THINGS RELATING TO PROMOTIONAL

11   MATERIALS used in connection with any GOODS OFFERED FOR SALE

12   under the designation KDZ BRUXER by the DEFENDANT.

13   RESPONSE:

14   Subject to the objections and remarks set forth above, and to the extent that any

15   such non-privileged documents and/or things exist and can be located through

16   reasonable efforts, responsive documents and/or things will be produced.

17

18   REQUEST NO. 14

19   All DOCUMENTS and THINGS RELATING TO PROMOTIONAL

20   MATERIALS that have been proposed to be used in connection with any

21   SERVICE OFFERED FOR SALE under the designation KDZ BRUXER by the

22   DEFENDANT.

23   RESPONSE:

24   Subject to the objections and remarks set forth above, and as the request is

25   presently understood, no such relevant documents and/or things could be located

26   through Defendant's reasonable efforts.

27

28

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                    11

**EXHIBIT 2**

**-32-**

REQUEST NO. 15

A representative specimen of each and every use made of the designation KDZ BRUXER by the DEFENDANT, including, but not limited to, a representative specimen of each GOOD provided, including its brochure, PROMOTIONAL MATERIALS, advertising, or accompanying material, sold under the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 16

A representative specimen of each and every proposed use of the designation KDZ BRUXER by the DEFENDANT, including, but not limited to, a representative specimen of each GOOD provided, including its packaging or accompanying material, sold under the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

In addition to the general objections and remarks set forth above, Defendant specifically objects to this request as being vague, oxymoronic, and incomprehensible, as to "proposed use" (if the use is PROPOSED instead of ACTUAL, how can there be any "representative specimen of each GOOD provided, including its packaging or accompanying material, sold under the

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42

12

**EXHIBIT 2**

**-33-**

designation KDZ BRUXER"?).  In a show of good faith, Defendant's response
will be based on the goods that Defendant HAS offered for sale.

REQUEST NO. 17

All DOCUMENTS and THINGS RELATING TO all controls (e.g. type, quality, etc.) over the SERVICES OFFERED FOR SALE under the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts.

REQUEST NO. 18

All DOCUMENTS and THINGS RELATING TO all controls (e.g., type, quality, etc.) over the GOODS proposed to be OFFERED FOR SALE under the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 19

All DOCUMENTS and THINGS RELATING TO any likelihood of confusion between KDZ BRUXER and any other designation.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                                          13

EXHIBIT 2
-34-

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

In addition, Defendant objects to the phrase "any other designation" as being vague and ambiguous, especially when combined (as Plaintiff has done in this Request) with the legal concept/conclusion of "likelihood of confusion". As previously noted, Defendant does not believe that there IS any "likelihood of confusion" as between the parties' trademarks that are at issue in this lawsuit. In a show of good faith, Defendant intends to produce records of any and all communications received by Defendant that include the term BRUXIR, BRUXZER, and/or BRUXZIR, along with documents and things that confirm that the inclusion of those terms are not evidence of any "confusion" by the customers (dentists) ordering Defendant's products. Among other things, these additional documents and things confirm facts such as:

a) The source of those communications were virtually all existing customers of Defendant,

b) Virtually all of those communications were made on Defendant's Rx form,

c) All or virtually all of those communications were sent to Defendant using Defendant's UPS shipping label/number,

d) All or virtually all of those communications were sent to Defendant after having called Defendant to arrange a pickup of the order by UPS,

e) Many clearly used the term BRUXZIR generically, such as by writing the phrase "BRUXZIR or equivalent" or "BRUXZIR or similar", and

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                                    14

EXHIBIT 2
-35-

f) 100% of those customers both (1) knew that they were contacting Defendant and (2) intended to order a full contour zirconia product from Defendant,

Please see also Defendant's response to Request No. 30 below.

REQUEST NO. 20

All DOCUMENTS and THINGS having any opinions RELATING TO the availability of use of the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 21

All DOCUMENTS and THINGS RELATING TO the value of the designation KDZ BRUXER to the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts.

REQUEST NO. 22

All DOCUMENTS and THINGS RELATING TO the value of any goodwill for the DEFENDANT alleged to be associated with the designation KDZ BRUXER.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42

15

EXHIBIT 2
-36-

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts.

REQUEST NO. 23

All DOCUMENTS and THINGS RELATING TO the expenditures made by the DEFENDANT to promote GOODS under the designation KDZ BRUXER including, but not limited to, all summaries of such expenditures.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, relevant responsive information already has been produced as part of Defendant's earlier response to Plaintiff's First Interrogatories.  If Plaintiff desires additional materials, Defendant will consider such a request, but absent same, Defendant respectfully submits that the previous responses were sufficient.

REQUEST NO. 24

All summaries of expenditures made by the DEFENDANT to promote GOODS sold by the DEFENDANT under the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, relevant responsive information already has been produced as part of Defendant's earlier response to Plaintiff's First Interrogatories.  If Plaintiff desires additional materials, Defendant will consider such a request, but absent same, Defendant respectfully submits that the previous responses were sufficient.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                                      16

**EXHIBIT 2**
**-37-**

REQUEST NO. 25

All DOCUMENTS and THINGS summarizing the dollar volume of sales by the DEFENDANT of all GOODS sold by the DEFENDANT under the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, relevant responsive information already has been produced as part of Defendant's earlier response to Plaintiff's First Interrogatories.  If Plaintiff desires additional materials, Defendant will consider such a request, but absent same, Defendant respectfully submits that the previous responses were sufficient.

REQUEST NO. 26:

All DOCUMENTS and THINGS RELATING TO the first use, including its creation, adoption, and alleged first use in commerce of the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 27:

All DOCUMENTS and THINGS RELATING TO any plan by the DEFENDANT to expand (e.g., geographically, lines of PRODUCTS, etc.) its OFFER OF GOODS FOR SALE under the designation KDZ BRUXER.

RESPONSE:

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                                        17

EXHIBIT 2
-38-

Subject to the objections and remarks set forth above, and as the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts.

REQUEST NO. 28:

All DOCUMENTS and THINGS RELATING TO any trademark search conducted by the DEFENDANT RELATING TO the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 29:

All DOCUMENTS and THINGS RELATING TO any study concerning the designation KDZ BRUXER including, but not limited to marketing study, focus group study, poll, survey, etc.

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts.

REQUEST NO. 30:

All DOCUMENTS and THINGS RELATING TO any instance of actual confusion in connection with the use of the designation KDZ BRUXER.

RESPONSE:

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42
18

EXHIBIT 2
-39-

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

As indicated in Response to Request No. 19 above, Defendant does not believe that there IS any "likelihood of confusion" as between the parties' trademarks that are at issue in this lawsuit, and Defendant also is not aware of any "actual confusion." In a show of good faith, Defendant intends to produce records of any and all communications received by Defendant that include the term BRUXIR, BRUXZER, and/or BRUXZIR, along with documents and things that confirm that the inclusion of those terms are not evidence of any "confusion" by the customers (dentists) ordering Defendant's products. Among other things, these additional documents and things confirm facts such as:

    a) The source of those communications were virtually all existing customers of Defendant,

    b) Virtually all of those communications were made on Defendant's Rx form,

    c) All or virtually all of those communications were sent to Defendant using Defendant's UPS shipping label/number,

    d) All or virtually all of those communications were sent to Defendant after having called Defendant to arrange a pickup of the order by UPS,

    e) Many clearly used the term BRUXZIR generically, such as by writing the phrase "BRUXZIR or equivalent" or "BRUXZIR or similar", and

    f) 100% of those customers both (1) knew that they were contacting Defendant and (2) intended to order a full contour zirconia product from Defendant,

EXHIBIT 2

-40-

Please see also Defendant's response to Request No. 19 above.

REQUEST NO. 31:

All DOCUMENTS and THINGS RELATING TO the DEFENDANT 'S first knowledge of the PLAINTIFF.

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts.

In addition, Defendant objects to the phrase "knowledge of the Plaintiff" as being ambiguous and/or irrelevant. In a show of good faith, Defendant acknowledges that, at the time of Defendant's founding circa 2002, at least certain of Defendant's corporate officers "knew" of the existence of Plaintiff.

REQUEST NO. 32:

All DOCUMENTS and THINGS RELATING TO all customers' feedback (e.g., complaints, comments, or claims for relief) concerning GOODS that have been sold by the DEFENDANT under the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 33:

All DOCUMENTS and THINGS that identify the purchases of the DEFENDANT'S  GOODS OFFERED FOR SALE under the designation KDZ

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42

20

EXHIBIT 2
-41-

1  BRUXER, including, but not limited to, information relating to the location of

2  each branch, store, etc. where the GOODS are OFFERED FOR SALE.

3  RESPONSE:

4  Subject to the objections and remarks set forth above, Defendant notes that the

5  request is so broad as to potentially include information whose disclosure is

6  prohibited by HIPPA restrictions and guidelines and/or other laws and regulations.

7  For example, as currently understood, the request may encompass documents and

8  things that could disclose the name of the dentist and/or the dentist's patient, the

9  particular tooth and treatment being undertaken, etc.  In a show of good faith,

10  Defendant notes that Defendant's KDZ BRUXER product is only offered for sale

11  by Defendant, and that there are no "branches, stores, etc." besides Defendant's

12  home office in Irvine, California.

13

14  REQUEST NO. 34:

15  All DOCUMENTS and THINGS that support any of the allegations made

16  by the DEFENDANT in its Answer to the Complaint filed in this Action by

17  PLAINTIFF.

18  RESPONSE:

19  Subject to the objections and remarks set forth above, Defendant notes that

20  extensive quantities and types of materials already have been made of record in

21  Defendant's filings with the Court (served on Plaintiff), and Defendant does not

22  intend to repeat production of those materials.  In addition, Defendant objects to

23  the request as being overbroad and premature; discovery and review and analysis

24  of the issues and supporting "documents and things" is ongoing, and Defendant

25  expressly reserves the right to produce further responsive documents and things as

26  they may become available and/or as Defendant becomes aware of their relevance

27  to the present lawsuit.

28  DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                                                 21

EXHIBIT 2
-42-

1

2      REQUEST NO. 35:

3          All DOCUMENTS and THINGS that have been relied upon to provide any

4      of the DEFENDANT'S answers to PLAINTIFF'S First Set of Interrogatories to the

5      DEFENDANT.

6      RESPONSE:

7      Subject to the objections and remarks set forth above, and to the extent that any

8      such non-privileged documents and/or things exist and can be located through

9      reasonable efforts, responsive documents and/or things will be produced.

10

11     REQUEST NO. 36:

12         All DOCUMENTS and THINGS relating to communications between

13     DEFENDANT Keating and PLAINTIFF Glidewell.

14     RESPONSE:

15     Subject to the objections and remarks set forth above, and as the request is

16     presently understood, no such non-privileged relevant documents and/or things

17     could be located through Defendant's reasonable efforts.  Among other things,

18     Defendant notes that the only responsive documents of which Defendant is aware

19     already have been made of record in this lawsuit (in the previous filings by the

20     parties) and/or are as readily discoverable by Plaintiff from reviewing its own

21     documents and things.

22

23     REQUEST NO. 37:

24         All DOCUMENTS and THINGS relating to communications between

25     DEFENDANT Keating and current or past employees of PLAINTIFF Glidewell.

26

27

28

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42                                                22

EXHIBIT 2
-43-

RESPONSE

Defendant is not aware of the identity of all of Plaintiff's current or past employees, and therefore cannot respond to this request.  If Plaintiff will produce a list of such employees, Defendant will undertake reasonable efforts to further respond to this request.  Defendant further specifically objects to this Request as calling for information that is neither relevant to the matters at issue nor likely to lead to the discovery of relevant information.

REQUEST NO. 38:

All DOCUMENTS and THINGS relating to communications between DEFENDANT Keating and current or past customers of PLAINTIFF Glidewell.

RESPONSE:

Defendant is not aware of the identity of Plaintiff's current or past customers, and therefore cannot respond to this request.  If Plaintiff will produce a list of such customers, Defendant will undertake reasonable efforts to further respond to this request.

REQUEST NO. 39:

All DOCUMENTS and THINGS relating to communications between DEFENDANT Keating and current or past distributors of PLAJNTIFF Glidewell's products or services.

RESPONSE:

Defendant is not aware of the identity of Plaintiff's current or past distributors, and therefore cannot respond to this request.  If Plaintiff will produce a list of such distributors, Defendant will undertake reasonable efforts to further respond to this request.

REQUEST NO. 40:

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42

23

EXHIBIT 2

-44-

All DOCUMENTS and THINGS relating to communications between DEFENDANT Keating and all third parties on the subjects of PLAINTIFF Glidewell, Glidewell's  trademarks or Glidewell 's products or services.

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is presently understood, no such non-privileged relevant documents and/or things could be located through Defendant's reasonable efforts.

In addition, Defendant objects to the scope of the Request, as being overbroad, unduly burdensome, and calling for information that is neither relevant to the matters at issue nor likely to lead to the discovery of relevant information.

REQUEST NO. 41:

All DOCUMENTS relating to any form of insurance upon which DEFENDANT Keating has made a claim relating to this Action.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 42:

ALL DOCUMENTS and things pertaining to DEFENDANT Keating's purchase of materials from third parties that are used in the production of any products sold under the KDZ BRUXER trademark.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42                                                      24

EXHIBIT 2
-45-

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

Dated:  2012-05-18                          /J. Mark Holland/
                                            J. Mark Holland
                                            **J. MARK HOLLAND & ASSOCIATES**
                                            Attorney for Defendant and Counterclaim
                                            KEATING DENTAL ARTS, INC., a
                                            California corporation

\\Big12\z\Winword\KEAT1\L3844\Discovery\KEAT1_Response_to_First_RFP_01.doc

**EXHIBIT 2**
**-46-**

1

2                                    **PROOF OF SERVICE**

3          I am employed in the County of Orange, State of California. I am over the age of 18 and
   not a party to the within action. My business address is 3 San Joaquin Plaza, Suite 210, Newport
4  Beach, California 92660.

5          On the date indicated below, I served the following documents (described as
   DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/
6  COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
   DOCUMENTS AND THINGS NOS. 1-42) on all other parties and/or their attorney(s) of record
7  to this action, as listed here:

8          <u>Attorneys for Plaintiff JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA
   GLIDEWELL LABORATORIES:</u>
9                     Leonard Tachner, Esq.          Email: tachlaw@aol.com
10                    17961 Sky Park Circle, Suite 38-E  Telephone: 949-752-8525
                      Irvine, California  92614       Facsimile: 949-955-2415
11
           I accomplished this service as indicated below:
12

13         [ ]  (BY MAIL)      I am readily familiar with the business practice for collection and
   processing of correspondence for mailing with the United States Postal Service. By placing a true
14 copy thereof in a sealed envelope, addressed to the person at the address set forth above by
   postage prepaid United States First Class mail, which envelope shall be deposited with the
15 United States Postal Service this same day in the ordinary course of business at our Firm's office
   address in Newport Beach, California.
16         [ ]  (BY OVERNIGHT DELIVERY SERVICE)      I served the foregoing document by
17 Federal Express, an express service carrier which provides overnight delivery, as follows. I
   placed true copies of the foregoing document in sealed envelopes or packages designated by the
18 express service carrier, addressed to each interested party as set forth above, and I paid or
   provided for payment of the fees for overnight delivery.
19         [ ]  (BY FACSIMILE)      I caused such documents to be delivered via facsimile to the
20 offices of the addressee(s) at the indicated fax numbers.
           [ X ]  (BY EMAIL) I caused such documents to be delivered via email to the offices of
21 the addressee(s) at the indicated email addresses.
           [ ]  (BY PERSONAL SERVICE) I caused such document(s) to be delivered by hand to
22 the addressee(s).

23
           I declare under penalty of perjury under the laws of the State of California that the
24 foregoing is true and correct.
           Executed on May 18, 2012, at Newport Beach, California.
25
                                              /J. Mark Holland/
26
                                              J. Mark Holland
27

28
   DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
   DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
   DOCUMENTS AND THINGS NOS. 1-42                                              26

                                                                    **EXHIBIT 2**
                                                                    **-47-**