1  LEONARD TACHNER, A PROFESSIONAL LAW CORPORATION
   Leonard Tachner, Esq. (State Bar No. 058436)
2  17961 Sky Park Circle, Suite 38-E
   Irvine, California 92614-6364
3  (949) 752-8525 Telephone
   (949) 955-2415 Telefax
4
   Attorney for Plaintiff/Counterclaim-Defendant
5

6
                   UNITED STATES DISTRICT COURT
7                  CENTRAL DISTRICT OF CALIFORNIA

8

9  _____
                                       )  Case No. SACV11-01309-DOC(ANx)
10 JAMES R. GLIDEWELL DENTAL           )
   CERAMICS, INC. DBA                  )
11 GLIDEWELL LABORATORIES, a           )  **PLAINTIFF'S/COUNTERCLAIM-**
   California corporation,             )  **DEFENDANT RESPONSES TO**
12                                     )  **DEFENDANT'S SECOND SET OF**
                Plaintiff              )  **REQUESTS FOR PRODUCTION OF**
13                                     )  **DOCUMENTS( NOS. 29 - 49)**
           vs.                         )
14                                     )
   KEATING DENTAL ARTS, INC., a        )
15 California corporation,             )
                                       )
16                                     )
                Defendant.             )
17 _____)
                                       )
18 KEATING DENTAL ARTS, INC., a        )
   California corporation,             )
19                                     )
                Counterclaim-Plaintiff,)
20                                     )
           vs.                         )
21                                     )
   JAMES R. GLIDEWELL DENTAL           )
22 CERAMICS, INC., DBA                 )
   GLIDEWELL LABORATORIES, a           )
23 California corporation, and         )
   DOES 1 THROUGH 5, inclusive,        )
24                                     )
             Counterclaim-Defendants.  )
25 _____)

26

27     Plaintiff Glidewell Laboratories hereby responds to Defendant Keating

28 Dental Arts, Inc. Second Set of Requests for Production as follows:

                                    - 1 -    Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second
                                              Set Of Requests For Production Of Documents (Nos. 29 – 49)
                                                          CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 8**
-109-

## GLIDEWELL LABORATORIES PRELIMINARY STATEMENT

Glidewell Laboratories has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. As discovery proceeds, facts, information, evidence, documents and things may be discovered that are not set forth in these Responses, but which might have been responsive to Keating Dental Arts, Inc.'s Requests. The following Responses are based on Glidewell Laboratories knowledge, information, and belief at this time, and are complete as to Glidewell Laboratories best knowledge at this time. These responses were prepared based on Glidewell Laboratories good faith interpretation and understanding of the individual Requests and are subject to correction of inadvertent errors or omissions, if any. These Responses are provided without prejudice to subsequent revision or supplementation based upon any information, evidence, and/or documentation that hereinafter may be discovered. Glidewell Laboratories reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these Responses.

To the extent that any Request seeks documents and communications that are also sought by or identified pursuant to any other Request, Glidewell Laboratories declines to produce or identify multiple copies of such documents and communications, and states that each document and communication produced or identified pursuant to any Request is also produced and identified pursuant to every other Request to which it is or may be responsive.

- 2 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second
Set Of Requests For Production of Documents (Nos. 29-49)
CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 8**
**-110-**

To the extent that any Request seeks documents and communications that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity, Glidewell Laboratories declines to produce such documents and communications, which would include, without limitation:

1. All documents and communications that constitute or record correspondence or other communications between counsel for Glidewell Laboratories, or its agents and employees, and Glidewell Laboratories, or its agents and employees, regarding this action;
2. All documents and communications prepared for use in this litigation, including, but not limited to, notes, memoranda, draft pleadings, and correspondence prepared by, at the direction of, or for review by counsel for Glidewell Laboratories; and
3. All documents and communications that constitute or record correspondence or other communications between Glidewell Laboratories and counsel for Glidewell Laboratories.

## GLIDEWELL LABORATORIES GENERAL OBJECTIONS TO KEATING DENTAL ARTS, INC.'S REQUESTS FOR PRODUCTION

Glidewell Laboratories objects to Keating Dental Arts Inc.'s Requests in their entirety to the extent that they seek documents and communications that are not relevant to the subject matter of this litigation and are not reasonably calculate to lead to the discovery of admissible evidence. Glidewell Laboratories further objects to this Request as calling for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for

- 3 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Requests For Production of Documents (Nos. 29-49)
CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 8
-111-

or produce responsive information, or by producing responsive information, Glidewell Laboratories does not admit competence, relevance, materiality, or admissibility of such information or the information contained therein. Glidewell Laboratories specifically reserves its rights to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Glidewell Laboratories' responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility.

Glidewell Laboratories objects to Keating Dental Arts Inc.'s Request in its entirety to the extent that it calls for the production of documents that are protected from disclosure by attorney-client privilege and/or attorney work product doctrine, and/or any other applicable privilege or immunity.

Glidewell Laboratories objects to Keating Dental Arts Inc.'s Request in its entirety to the extent that it is overly broad and unduly burdensome.

Glidewell Laboratories reserves the right to amend or supplement its responses to Keating Dental Arts Inc.'s Request with additional information pursuant to continuing discovery.

Glidewell Laboratories objects to Keating Dental Arts Inc.'s Requests in their entirety to the extent that they seek private, privileged, and/or confidential commercial, financial, and/or proprietary business information.

Glidewell Laboratories objects to Keating Dental Arts Inc.'s Requests in their entirety to the extent that they seek documents and communications, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

Glidewell Laboratories objects to Keating Dental Arts Inc.'s Request in its entirety, as well as each Request and concomitant definition and instruction, as unduly burdensome and oppressive, to the extent each Request

- 4 - Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Requests For Production of Documents (Nos. 29-49) CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 8
-112-

and concomitant definition and instruction purports to required Glidewell Laboratories to identify all documents and communications related to a particular topic or issue.

Glidewell Laboratories objects to the definition of "YOU", "YOUR", "PLAINTIFF" as overly broad, unduly burdensome, vague and ambiguous, and oppressive, and because it imposes burdens on Glidewell Laboratories beyond those required by the Federal Rules to the extent it would require Glidewell Laboratories to search for and produce documents that are not within its possession, custody, or control.

Glidewell Laboratories objects to Keating Dental Arts Inc.'s Request in its entirety, as well as each Request, to the extent it calls for information that "refer[s]" or "relate[s]" or "constitute[s]" or "concern[s]" or "support[s]" or "dispute[s]" or reflect[s]" or is "relevant to" or is "related to" a particular topic on the ground that gathering all documents containing any reference of relationship to a particular topic is unduly burdensome and out of proportion to the documents' potential relevance.

All General Objections are incorporated by reference into each Response as though set forth fully therein.

## PLAINTIFF'S COUNTERCLAIM-DEFENDANT RESPONSES TO DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 29-49)

**REQUEST FOR PRODUCTION NO. 29:**

A copy of each advertisement Plaintiff has used to advertise its BRUXZIR product to include, but not limited to, advertisements published in: ADA News, Chairside Magazine, Dental Economics, Dental Lab Reports,

- 5 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Requests For Production of Documents (Nos. 29-49) CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 8**
-113-

1  Dental Town, Dental Tribune, Dentistry Today, Inclusive Magazine, JDT, and
2  LMT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Served previously on October 9, 2012.

**REQUEST FOR PRODUCTION NO. 30:**

A representative copy of each piece of marketing material Plaintiff has used to market its BRUXZIR product to include, but not limited to patient education brochures, doctor brochures, statement stuffers, custom brochures, and authorized stickers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Served previously.

**REQUEST FOR PRODUCTION NO. 31:**

All articles written, endorsed, or sponsored by GLIDEWELL or any employee, agent, or person otherwise affiliated with GLIDEWELL, which mentions or refers to BRUXZIR or bruxer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

DiTolla Disk.

**REQUEST FOR PRODUCTION NO. 32:**

Any third party advertisements for products using the term "brux," "bruxer," "bruxing," or any other form of the root word "brux" which GLIDEWELL has in its possession.

- 6 -  Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Requests For Production of Documents (Nos. 29-49) CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 8
-114-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Ads referred to in Keith Allred letters served herewith in response to Request No. 38.

**REQUEST FOR PRODUCTION NO. 33:**

All internal communications from the inception of the BruxZir product to the filing of this lawsuit between officers of Plaintiff, other than in-house counsel, in which the BRUXZIR trademark is discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Served herewith.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and things relevant to GLIDEWELL's relationship with Serona with regard to licensing the BRUXZIR product or material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

None.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and things relevant to GLIDEWELL's relationship with Cerec with regard to licensing the BRUXZIR product or material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

None.

- 7 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Requests For Production of Documents (Nos. 29-49)
CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 8
-115-

**REQUEST FOR PRODUCTION NO. 36:**

All documents and things referring or relating to the rights of customers of Serona to use the BRUXZIR mark or related marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

None.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and things referring or relating to the rights of customers of Cerec to use the BRUXZIR mark or related marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

None.

**REQUEST FOR PRODUCTION NO. 38:**

All communications between GLIDEWELL and any third party in which GLIDEWELL asserts rights in the BRUXZIR trademark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Enclosed herein.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and things relating to GLIDEWELL's claim that the term BRUX, as used in BRUXZIR, is suggestive of durability, hardness and toughness.

- 8 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Requests For Production of Documents (Nos. 29-49)
CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 8
-116-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

See "Bullet Proof" "More Braun Than Beauty" (See 29).

**REQUEST FOR PRODUCTION NO. 40:**

All documents and things relating to GLIDEWELL's claim that Defendant's use of the term "BRUXER" is a term used specifically to engender public confusion with Plaintiff's mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendant is already in possession of Keating Order Forms on which dentists used "BRUXZIR" to order a full contour all zirconia crown from Defendant who then felt compelled to call the dentist to clarify.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and things relating to GLIDEWELL's claim that Defendant's founder is a disgruntled ex-employee of Plaintiff who holds a grudge against Plaintiff for his prior termination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Enclosed herewith.

**REQUEST FOR PRODUCTION NO. 42:**

A representative, readable copy of each email blast sent to American Dental Association member dentists.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Served previously.

- 9 -  Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Requests For Production of Documents (Nos. 29-49) CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 8
-117-

**REQUEST FOR PRODUCTION NO. 43:**

All documents and things evidencing a license agreement or other authorization between Glidewell and Axis Dental regarding use of the BRUXZIR trademark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

None.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and things which establish the generic term that Glidewell uses when referring to its BRUXZIR trademark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

See Request 29.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and things referring or relating to the "order for 'BRUXZIR Crown'" by Dr. Thomas Nussear as mentioned in Glidewell's answer to Interrogatory No. 7.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Dr. Nussear Rx Order served previously.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and things referring or relating to Dr. Jade Le's Dental Offices in Bonita Springs, Florida regarding an order or purchase of a BURXZIR or a KDZ BRUXER.

- 10 - Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Requests For Production of Documents (Nos. 29-49) CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 8
-118-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

    None.

**REQUEST FOR PRODUCTION NO. 47:**

    All documents and things relating to searches, investigations, studies, analyses, surveys, and/or opinions regarding Glidewell's BRUXZIR mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

    None.

**REQUEST FOR PRODUCTION NO. 48:**

    All documents and things relating to searches, investigations, studies, analyses, surveys, and/or opinions regarding the terms brux, bruxer, bruxzir, bruxzer, or bruxism.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

    None.

**REQUEST FOR PRODUCTION NO. 49:**

    All documents and things relating to, or in any way evidencing, the way that BURXZIR is or can be pronounced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

    None.

- 11 - Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Requests For Production of Documents (Nos. 29-49)
CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 8
-119-

1
2
3   Respectfully submitted,
4
5   *[signature]*
    Leonard Tachner
6   Attorney for the Plaintiff/Counterclaim-Defendant
    17961 Sky Park Circle
7   Suite 38-E
    Irvine, California 92614
8
    Dated: October 10, 2012
9   (949) 752-8525 Telephone
    (949) 955-2415 Telefax
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 12 -  Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second
Set Of Requests For Production of Documents (Nos. 29-49)
CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 8
-120-

PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is 17961 Sky Park Circle, Suite 38-E, Irvine, California 92614. On October 10, 2012, I served the following document(s) in the manner indicated:

1. PLAINTIFF'S/COUNTERCLAIM-DEFENDANT RESPONSES TO DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 29-49)

☐ via electronic means by the Court's electronic filing system CM/ECF.

☒ by placing the document(s) listed above in a sealed envelope to the person at the address set forth below by postage prepaid United States First Class United States mail on the same date set out below.

Lynda J. Zadra-Symes
Jeffrey L. Van Hoosear
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed October 10, 2012 at Irvine, California.

By: /s/ Jodie Miller
Jodie Miller

Case No.: SACV11-01309-DOC(ANx)
CERTIFICATE OF SERVICE

EXHIBIT 8
-121-