1  LEONARD TACHNER, A PROFESSIONAL LAW CORPORATION
   Leonard Tachner, Esq. (State Bar No. 058436)
2  17961 Sky Park Circle, Suite 38-E
   Irvine, California 92614-6364
3  (949) 752-8525 Telephone
   (949) 955-2415 Telefax
4
   Attorney for Plaintiff/Counterclaim-Defendant
5

6
                    UNITED STATES DISTRICT COURT
7                  CENTRAL DISTRICT OF CALIFORNIA

8

9  _____
                                  )  Case No. SACV11-01309-DOC(ANx)
10 JAMES R. GLIDEWELL DENTAL      )
   CERAMICS, INC. DBA             )
11 GLIDEWELL LABORATORIES, a      )  **PLAINTIFF'S/COUNTERCLAIM-**
   California corporation,        )  **DEFENDANT RESPONSES TO**
12                                )  **DEFENDANT'S THIRD SET OF**
           Plaintiff              )  **REQUESTS FOR PRODUCTION OF**
13                                )  **DOCUMENTS( NOS. 50 - 54)**
      vs.                         )
14                                )
   KEATING DENTAL ARTS, INC., a   )
15 California corporation,        )
                                  )
16        Defendant.              )
                                  )
17 _____)
                                  )
18 KEATING DENTAL ARTS, INC., a   )
   California corporation,        )
19                                )
           Counterclaim-Plaintiff,)
20                                )
      vs.                         )
21                                )
   JAMES R. GLIDEWELL DENTAL      )
22 CERAMICS, INC., DBA            )
   GLIDEWELL LABORATORIES, a      )
23 California corporation, and    )
   DOES 1 THROUGH 5, inclusive,   )
24                                )
           Counterclaim-Defendants.)
25 _____)

26

27     Plaintiff Glidewell Laboratories hereby responds to Defendant Keating

28 Dental Arts, Inc. Third Set of Requests for Production as follows:

                              - 1 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Third Set
                                             Of Requests For Production Of Documents (Nos. 50 – 54)
                                                          CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 9
-122-

## GLIDEWELL LABORATORIES PRELIMINARY STATEMENT

Glidewell Laboratories has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. As discovery proceeds, facts, information, evidence, documents and things may be discovered that are not set forth in these Responses, but which might have been responsive to Keating Dental Arts, Inc.'s Requests. The following Responses are based on Glidewell Laboratories knowledge, information, and belief at this time, and are complete as to Glidewell Laboratories best knowledge at this time. These responses were prepared based on Glidewell Laboratories good faith interpretation and understanding of the individual Requests and are subject to correction of inadvertent errors or omissions, if any. These Responses are provided without prejudice to subsequent revision or supplementation based upon any information, evidence, and/or documentation that hereinafter may be discovered. Glidewell Laboratories reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these Responses.

To the extent that any Request seeks documents and communications that are also sought by or identified pursuant to any other Request, Glidewell Laboratories declines to produce or identify multiple copies of such documents and communications, and states that each document and communication produced or identified pursuant to any Request is also produced and identified pursuant to every other Request to which it is or may be responsive.

- 2 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Third Set Of Requests For Production of Documents (Nos. 50-54) CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 9
-123-

To the extent that any Request seeks documents and communications that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity, Glidewell Laboratories declines to produce such documents and communications, which would include, without limitation:

1. All documents and communications that constitute or record correspondence or other communications between counsel for Glidewell Laboratories, or its agents and employees, and Glidewell Laboratories, or its agents and employees, regarding this action;
2. All documents and communications prepared for use in this litigation, including, but not limited to, notes, memoranda, draft pleadings, and correspondence prepared by, at the direction of, or for review by counsel for Glidewell Laboratories; and
3. All documents and communications that constitute or record correspondence or other communications between Glidewell Laboratories and counsel for Glidewell Laboratories.

## GLIDEWELL LABORATORIES GENERAL OBJECTIONS TO KEATING DENTAL ARTS, INC.'S REQUESTS FOR PRODUCTION

Glidewell Laboratories objects to Keating Dental Arts Inc.'s Requests in their entirety to the extent that they seek documents and communications that are not relevant to the subject matter of this litigation and are not reasonably calculate to lead to the discovery of admissible evidence. Glidewell Laboratories further objects to this Request as calling for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for

- 3 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Third Set Of Requests For Production of Documents (Nos. 50-54)
CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 9
-124-

or produce responsive information, or by producing responsive information, Glidewell Laboratories does not admit competence, relevance, materiality, or admissibility of such information or the information contained therein. Glidewell Laboratories specifically reserves its rights to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Glidewell Laboratories' responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility.

    Glidewell Laboratories objects to Keating Dental Arts Inc.'s Request in its entirety to the extent that it calls for the production of documents that are protected from disclosure by attorney-client privilege and/or attorney work product doctrine, and/or any other applicable privilege or immunity.

    Glidewell Laboratories objects to Keating Dental Arts Inc.'s Request in its entirety to the extent that it is overly broad and unduly burdensome.

    Glidewell Laboratories reserves the right to amend or supplement its responses to Keating Dental Arts Inc.'s Request with additional information pursuant to continuing discovery.

    Glidewell Laboratories objects to Keating Dental Arts Inc.'s Requests in their entirety to the extent that they seek private, privileged, and/or confidential commercial, financial, and/or proprietary business information.

    Glidewell Laboratories objects to Keating Dental Arts Inc.'s Requests in their entirety to the extent that they seek documents and communications, the disclosure of which would constitute an unwarranted invasion of the affected persons' constitutional, statutory, and/or common law rights of privacy and confidentiality.

    Glidewell Laboratories objects to Keating Dental Arts Inc.'s Request in its entirety, as well as each Request and concomitant definition and instruction, as unduly burdensome and oppressive, to the extent each Request

- 4 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Third Set Of Requests For Production of Documents (Nos. 50-54)
CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 9
-125-

and concomitant definition and instruction purports to required Glidewell Laboratories to identify all documents and communications related to a particular topic or issue.

Glidewell Laboratories objects to the definition of "YOU", "YOUR", "PLAINTIFF" as overly broad, unduly burdensome, vague and ambiguous, and oppressive, and because it imposes burdens on Glidewell Laboratories beyond those required by the Federal Rules to the extent it would require Glidewell Laboratories to search for and produce documents that are not within its possession, custody, or control.

Glidewell Laboratories objects to Keating Dental Arts Inc.'s Request in its entirety, as well as each Request, to the extent it calls for information that "refer[s]" or "relate[s]" or "constitute[s]" or "concern[s]" or "support[s]" or "dispute[s]" or reflect[s]" or is "relevant to" or is "related to" a particular topic on the ground that gathering all documents containing any reference of relationship to a particular topic is unduly burdensome and out of proportion to the documents' potential relevance.

All General Objections are incorporated by reference into each Response as though set forth fully therein.

## PLAINTIFF'S COUNTERCLAIM-DEFENDANT RESPONSES TO DEFENDANT'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 50-54)

**REQUEST FOR PRODUCTION NO. 50:**

A representative copy of all variations or versions of the forms of which Glidewell uses or provides to dentists or labs for ordering Glidewell products

- 5 -     Plaintiff's/Counterclaim-Defendant Responses To Defendant's Third Set
Of Requests For Production of Documents (Nos. 50-54)
CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 9
-126-

including, but not limited to, any prescription or order forms for ordering a BRUXZIR product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

    Served previously.

**REQUEST FOR PRODUCTION NO. 51:**

    All documents showing orders placed for a BRUXZIR product in which BRUXZIR is spelled in any way other than BRUXZIR including, but not limited to, bruxer, brux, bruxir, and/or bruxer without regard to typos or lower case letters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

    Objection – Overly burdensome – there are at least a million orders for BRUXZIR products and it would be impractical to manually examine each one for misspellings.

**REQUEST FOR PRODUCTION NO. 52:**

    All documents referring or relating to Glidewell's sales of BRUXZIR products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

    Objection – Overly broad and unduly burdensome as noted in response to Request No. 51. Summary documents showing extent of sales have previously been served.

- 6 - Plaintiff's/Counterclaim-Defendant Responses To Defendant's Third Set
Of Requests For Production of Documents (Nos. 50-54)
CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 9
-127-

**REQUEST FOR PRODUCTION NO. 53:**

All documents referring or relating to Glidewell's damages claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

None other than Keating orders from dentists seeking BRUXZIR Crowns from Defendant. These documents are in Defendant's possession.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and things referring to all third party use of the marks BRUX or BRUXER and Glidewell's knowledge of such use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Previously served.

Respectfully submitted,

Leonard Tachner
Attorney for the Plaintiff/Counterclaim-Defendant
17961 Sky Park Circle
Suite 38-E
Irvine, California 92614

Dated: October 15, 2012

(949) 752-8525 Telephone
(949) 955-2415 Telefax

- 7 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Third Set Of Requests For Production of Documents (Nos. 50-54)
CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 9
-128-

PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is 17961 Sky Park Circle, Suite 38-E, Irvine, California 92614. On October 15, 2012, I served the following document(s) in the manner indicated:

1. PLAINTIFF'S/COUNTERCLAIM-DEFENDANT RESPONSES TO DEFENDANT'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 50-54)

☐ via electronic means by the Court's electronic filing system CM/ECF.

☒ by placing the document(s) listed above in a sealed envelope to the person at the address set forth below by postage prepaid United States First Class United States mail on the same date set out below.

Lynda J. Zadra-Symes
Jeffrey L. Van Hoosear
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed October 15, 2012 at Irvine, California.

By: /s/ Jodie Miller
Jodie Miller

Case No.: SACV11-01309-DOC(ANx)
CERTIFICATE OF SERVICE

EXHIBIT 9
-129-