1  Lynda J. Zadra-Symes (SBN 156,511)
   Lynda.Zadra-Symes@kmob.com
2  Jeffrey L. Van Hoosear(SBN : 147,751)
   Jeffrey.VanHoosear@kmob.com
3  David G. Jankowski (SBN 205,634)
   David.iankowski@kmob.com
4  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street
5  Fourteenth Floor
   Irvine, CA 92614
6  Phone: (949) 760-0404
   Facsimile: (949) 760-9502
7
   Attorneys for Defendant/Counter-Plaintiff,
8  KEATING DENTAL ARTS, INC.

9
                IN THE UNITED STATES DISTRICT COURT
10
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
                         SOUTHERN DIVISION
12

13 | JAMES R. GLIDEWELL DENTAL            ) Civil Action No.
   | CERAMICS, INC. dba GLIDEWELL         ) SACV11-01309-DOC(ANx)
14 | LABORATORIES,                        )
   |                                      ) **KEATING DENTAL ARTS,**
15 |           Plaintiff,                 ) **INC.'S RESPONSES TO**
   |                                      ) **PLAINTIFF'S SECOND SET**
16 |      v.                              ) **OF REQUESTS FOR**
   |                                      ) **PRODUCTION OF**
17 | KEATING DENTAL ARTS, INC.            ) **DOCUMENTS (NOS. 43-51)**
   |                                      )
18 |           Defendant.                 ) Honorable David O. Carter
   |                                      )
19 |                                      )
   | AND RELATED COUNTERCLAIMS.           )
20 |                                      )

21

22

23

24

25

26

27

28

**EXHIBIT 13**
**-246-**

Defendant Keating Dental Arts, Inc. ("Keating"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby responds and objects as follows to Plaintiff James R. Glidewell Dental Ceramics, Inc. d/b/a Glidewell Laboratories' ("Glidewell") Second Set of Requests for Production (Nos. 43-51) served on September 21, 2012.

## I. PRELIMINARY STATEMENT

1. These responses are based upon information currently available to Keating and its counsel and reflect the current state of Keating's knowledge, understanding and belief respecting the matters about which inquiry was made. However, discovery and fact investigation are in its early stages, and Keating has not completed its own discovery or investigation of the facts relating to this action and anticipates that, as this action proceeds, further facts may be discovered. Therefore, Keating reserves the right to supplement its responses to these Requests in any manner it deems appropriate. Moreover, these responses are made without prejudice to Keating's right to present at trial additional evidence as may later be discovered or evaluated.

2. In agreeing to produce documents responsive to a particular Request, Keating does not represent that such documents and things necessarily exist or are relevant or material in this litigation. Furthermore, Keating does not represent that its initial production of documents and things in response to these Requests will consist of every responsive, relevant, and non-privileged document and thing that is in the custody and control of Keating. Keating's fact investigation is continuing, and additional responsive documents and things may be identified and produced.

3. Notwithstanding Keating's responses contained herein, Keating reserves its right to later object to Glidewell's use of the information, documents, or things produced in response to these Requests. Such objections,

which are not waived by Keating's responses, include but are in no way limited to the following:

    a. objections concerning the competence, authenticity, relevance, materiality, privilege, and admissibility with regard to the information and/or documents identified or produced in response to these Requests, which may arise in any subsequent proceeding in, or the trial of, this or any other action;

    b. objections to the use of the information or documents for any purpose, including, without limitation, their use in any subsequent proceeding in, or the trial of, this or any other action;

    c. the right to assert or raise, in this action or in any other context, attorney-client privilege, the work product immunity, the protections afforded by Rule 26(b)(3), Rule 26(b)(4)(B) or Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure, the right of privacy, or any other applicable privilege or protective doctrine; and

    d. objections on any ground at any time to other interrogatories, document requests, or other discovery relating to information or documents produced or the subject matter thereof.

4. Without waiving, modifying, or limiting any of the following General Objections, each of which is expressly incorporated into the specific responses below as if fully stated therein, Keating further reserves the right to revise, correct, add to, or clarify any of its objections hereto, as discovery is still ongoing.

5. Keating's response to any Request herein is in no way intended to constitute an admission or acknowledgment that the Request is proper; that the documents or things it seeks are within the proper bounds of discovery; that any responsive documents or things exist or are within Keating's possession,

-2-

EXHIBIT 13
-248-

custody, or control; or that Requests for similar documents or things will be treated in a like manner. Further, any response herein shall not be construed as a waiver of Keating's right to contend that any documents or things produced are inadmissible, irrelevant, immaterial, or otherwise objectionable if used by Glidewell.

6. To the extent that the Requests may be construed as requesting an admission of fact, Keating's responses are not nor should they be construed as either admitting or denying any fact in connection with the Requests.

## II. GENERAL OBJECTIONS

1. Keating objects to the Definitions and Instructions in Glidewell's Document Requests to the extent they fail to comply with, or impose obligations in excess of, the Federal Rules of Civil Procedure or the Local Rules of this Court.

2. Keating objects to these Requests to the extent that they are untimely as they were served on Keating after the Court's cutoff for written discovery as stated in its Scheduling Order entered on December 16, 2011. In the Court's Order, the discovery cut-off date was set for October 29, 2012 with all written discovery to be served at least forty-five (45) days before the discovery cut-off date. These Requests were served by mail on September 21, 2012.

3. Keating objects to these Requests to the extent that they seek the production or disclosure of information or documents not relevant to any party's claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. No production of documents shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and production is made without waiving or intending to waive any objections as to relevancy, privilege or admissibility of any

1  information provided in response to these Requests in any subsequent
2  proceeding or at trial of this action on any ground.

3       4.     Keating objects to these Requests to the extent that they seek to
4  compel production or disclosure of confidential or privileged documents under
5  the attorney-client privilege or the common interest privilege, or of documents
6  that are non-discoverable under the attorney work product doctrine or other
7  applicable privileges, laws, or doctrines that prohibit or otherwise limit
8  discovery. Keating has stated its privilege objections expressly to each Request
9  which would, in its view, reasonably be interpreted to encompass privileged
10 documents or information. To the extent that any other Requests encompass
11 privileged documents or information, however, Keating hereby incorporates its
12 general objection.

13       5.     Keating objects to these Requests to the extent they seek
14 documents and things that are subject to one or more confidentiality agreements
15 with non-parties to this action, which agreements restrict Keating's ability to
16 disclose such documents and things.

17       6.     Keating objects to these Requests to the extent that they are vague,
18 ambiguous, duplicative, and not reasonably calculated to lead to the discovery
19 of admissible evidence.

20       7.     Keating objects to these Requests to the extent they are overly
21 broad and unduly burdensome, particularly to the extent that they do not
22 identify specific documents and to the extent that representative samples would
23 be sufficient, and thus the Request would require an unreasonably detailed and
24 extensive search of all, or a substantial portion, of Keating's documents and
25 files.

26       8.     Keating objects to these Requests to the extent they seek "all
27 documents" or "all documents and things" concerning a particular subject on the
28 grounds that Keating could not possibly represent that its responses reflect or

EXHIBIT 13
-250-

include "all" potentially responsive documents located anywhere within the possession, custody, or control of Keating, as that would require Keating to request and search for documents from every person in the company. Keating objects to performing searches of such breadth on the grounds of undue burden and expense. In its search for relevant documents, Keating has made, and will make, a reasonable search as required by the Federal Rules of Civil Procedure.

9. Keating objects to these Requests to the extent they seek to require Keating to provide information and/or documents and things beyond what is in Keating's possession, custody, or control and can be located after a reasonable search of its own files at its principal offices and facilities and from reasonable inquiry of its present employees, on the grounds that such discovery would be unreasonably cumulative and unduly burdensome. The responses provided herein are based on information reasonably available to Keating at this time.

10. Keating objects to the Requests to the extent that they purport to require Keating to search for, investigate, obtain, review, and produce information or documents within the possession, custody, or control of entities other than Keating. Keating has responded to the Requests based on the information available to it at this time.

11. Keating objects to the Request to the extent they call upon Keating to provide documents and things that are publicly available and of no greater burden for Glidewell to obtain than for Keating to obtain.

12. Keating objects to these Requests to the extent that they call for a legal conclusion in interpreting and/or responding to any particular request.

13. Keating objects to Glidewell's definition of the term "DEFENDANT" to the extent that it purports to include persons and entities that are not parties to this lawsuit and over whom Keating has no control and/or who are not properly subject to Rule 34. These responses are made solely on behalf of Keating Dental Arts, Inc.

EXHIBIT 13
-251-

14. Keating objects to Glidewell's definitions of the term "relating to" to the extent it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and purports to impose discovery obligations greater than those imposed by Rule 34 Fed. R. Civ. P.

15. Keating objects to Glidewell's definition of the term "document" to the extent it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and purport to impose discovery obligations greater than those imposed by Rule 34 Fed. R. Civ. P.

16. Keating objects to Glidewell's definition of the term "person" to the extent it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and purports to impose discovery obligations greater than those imposed by Rule 34 Fed. R. Civ. P.

Subject to and without waiving any of the foregoing, Keating responds to Glidewell's Document Requests as set forth below.

### III. SPECIFIC OBJECTIONS AND RESPONSES

**DOCUMENT REQUEST NO. 43:**

All DOCUMENTS and THINGS RELATING TO whether dentists who purchase KDZ BRUXER crowns use them to repair teeth damaged by bruxism.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Keating objects to this request on the grounds that it is vague, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Keating further objects to the extent that the request seeks documents protected by the attorney client privilege and/or work product doctrine.

Without waiving these objections, Keating will produce responsive documents to the extent not already produced.

**DOCUMENT REQUEST NO. 44:**

All DOCUMENTS and THINGS RELATING TO the percentage of KDZ

BRUXER crowns used to repair teeth damaged by bruxism as compared to other uses of such crowns.

**RESPONSE TO DOCUMENT REQUEST NO.44:**

Keating objects to this request on the grounds that it is vague, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Keating further objects to the extent that the request seeks documents protected by the attorney client privilege and/or work product doctrine.

Without waiving these objections, Keating will produce responsive documents to the extent not already produced.

**DOCUMENT REQUEST NO. 45:**

All DOCUMENTS and THINGS RELATING TO any third party selling or offering to sell a ceramic restoration under a trademark having the term BRUX as a part or portion thereof.

**RESPONSE TO DOCUMENT REQUEST NO.45:**

Keating objects to this request on the grounds that it is vague, overly broad, and unduly burdensome. Keating further objects to the extent that the request seeks documents protected by the attorney client privilege and/or work product doctrine.

Without waiving these objections, Keating will produce responsive documents to the extent not already produced.

**DOCUMENT REQUEST NO. 46:**

All DOCUMENTS and THINGS RELATING TO surveys, studies, or research papers conducted by Defendant or on behalf of Defendant in regard to alleged genericness of the BRUXZIR mark.

**RESPONSE TO DOCUMENT REQUEST NO.46:**

Keating objects to this request on the grounds that it is vague, overly broad, and unduly burdensome. Keating further objects to the extent that the

-7-

EXHIBIT 13
-253-

request seeks documents protected by the attorney client privilege and/or work product doctrine.

Without waiving these objections, Keating will produce responsive documents to the extent not already produced.

**DOCUMENT REQUEST NO. 47:**

All DOCUMENTS and THINGS RELATING TO communications received by Defendant from dentists or dental offices that relate to alleged genericness of the BRUXZIR mark.

**RESPONSE TO DOCUMENT REQUEST NO.47:**

Keating objects to this request on the grounds that it is vague, overly broad and unduly burdensome. Keating further objects to the extent that the request seeks documents protected by the attorney client privilege and/or work product doctrine.

Without waiving these objections, Keating will produce responsive documents to the extent not already produced.

**DOCUMENT REQUEST NO. 48:**

All DOCUMENTS and THINGS RELATING TO complaints, returns, grievances, or criticisms of Defendant's products sold under the KDZ BRUXER mark.

**RESPONSE TO DOCUMENT REQUEST NO.48:**

Keating objects to this request on the grounds that it is vague, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Keating further objects to the extent that the request seeks documents protected by the attorney client privilege and/or work product doctrine.

Without waiving these objections, Keating will produce responsive documents to the extent not already produced.

**DOCUMENT REQUEST NO. 49:**

All DOCUMENTS and THINGS RELATING TO communications between Keating Dental Arts and third parties in regard to the BRUXZIR mark being allegedly generic or descriptive.

**RESPONSE TO DOCUMENT REQUEST NO.49:**

Keating objects to this request on the grounds that it is vague, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Keating further objects to the extent that the request seeks documents protected by the attorney client privilege and/or work product doctrine.

Without waiving these objections, Keating will produce responsive documents to the extent not already produced.

**DOCUMENT REQUEST NO. 50:**

All DOCUMENTS and THINGS in which the term BRUXZIR is used generically or descriptively.

**RESPONSE TO DOCUMENT REQUEST NO.50:**

Keating objects to this request on the grounds that it is overly broad, unduly burdensome and seeks documents and things already in the custody and control of Glidewell. Keating further objects to the extent that the request seeks documents protected by the attorney client privilege and/or work product doctrine.

Without waiving these objections, Keating will produce responsive documents to the extent not already produced.

**DOCUMENT REQUEST NO. 51:**

All DOCUMENTS and THINGS received by Defendant from its dentist customers which refer to either of the terms BRUXZIR or bruxer and are dated prior to May, 2011.

///

-9-

EXHIBIT 13
-255-

**RESPONSE TO DOCUMENT REQUEST NO.51:**

Keating objects to this request on the grounds that it is vague, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Keating further objects to the extent that the request seeks documents protected by the attorney client privilege and/or work product doctrine.

Without waiving these objections, Keating will produce responsive documents to the extent not already produced.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 25, 2012 By: /s/ Lynda J. Zadra-Symes
Lynda J. Zadra-Symes
Jeffrey L. Van Hoosear
David G. Jankowski

Attorneys for Plaintiff,
KEATING DENTAL ARTS, INC.

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California. I am readily familiar with the firm's business practices for the collection and processing of correspondence for mailing, and that mail so processed will be deposited the same day during the ordinary course of business.

On October 25, 2012, I caused the within KEATING DENTAL ARTS, INC.'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 43-51) to be served on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows:

***Via Electronic and First Class Mail:***

Leonard Tachner, Esq.
LEONARD TACHNER, A Professional Law Corp.
17961 Sky Park Circle, Suite 38-E
Irvine, CA 92614-6364
Email: ltachner@aol.com

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 25, 2012 at Irvine, California.

_____
Claire A. Stoneman