SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Christopher B. Pinzon (SBN 254110)
cpinzon@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, California 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KEATING DENTAL ARTS, INC., <br><br> Defendant. <br><br><br> AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx) <br><br> **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT RE TRADEMARK MISUSE, UNFAIR COMPETITION, UNCLEAN HANDS, FAIR USE, AND ESTOPPEL** <br><br> Hearing <br><br> Date: December 17, 2012 <br> Time: 8:30 a.m. <br> Ctrm: 9D, Hon. David O. Carter <br><br> Pre-Trial Conf.: January 28, 2013 <br> Jury Trial: February 26, 2013 |

PLEASE TAKE NOTICE that on December 17, 2012, at 8:30 a.m., or as soon thereafter as counsel may be heard in Courtroom 9D of the above-entitled court, plaintiff and counter defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") will, and hereby does, move the Court for an order under Rule 56 of the Federal Rules of Civil Procedure as follows:

**1. For partial summary judgment on defendant and counterclaimant Keating Dental Arts, Inc.'s ("Keating") Second Counterclaim for Unfair Competition.**

There are three grounds for partial summary judgment on this claim. First, Keating does not have standing to bring a statutory unfair competition claim under California Business & Professions Code § 17200 et. seq. (the "UCL") because Keating does not have evidence that it suffered "injury in fact" and "lost money or property" as a result of the alleged unfair competition.

Second, none of the conduct identified by Keating in its counterclaim, nor any of the conduct identified in Keating's evidence and discovery responses, constitutes "unfair," "unlawful," or "fraudulent" conduct, as those terms are defined in the UCL. The trademark policing activities of which Keating complains, and the accompanying negotiating techniques, were all lawful and had no anti-competitive impact. Further, Keating has no evidence that Glidewell's few alleged instances of misuse of the ® symbol were intended to deceive, and thus those instances do not give rise to a claim. Keating, therefore, has insufficient evidence to maintain a UCL claim.

Third, Keating's common law unfair competition claim fails because Keating neither pleads, nor has evidence of, palming off or fraud akin to palming off, and thus has no evidence to support a common law unfair competition claim.

**2. For partial summary judgment on Keating's Third Counterclaim for Misuse of Trademark.**

The ground for partial summary judgment is that trademark misuse is not an

- 1 -

Glidewell's Motion for Partial Summary Judgment re Trademark Misuse, Unfair Competition, Etc.
CASE NO. SACV11-01309 DOC (ANx)

affirmative claim, but instead is solely an affirmative defense.

**3. For partial summary judgment on Keating's Third Affirmative Defense of Estoppel.**

The ground for partial summary judgment is that none of the facts alleged by Keating, nor any of the evidence produced, furnish a basis for estoppel.

**4. For partial summary judgment on Keating's Fourth Affirmative Defense of Misuse of Trademark/Unclean Hands/Unfair Competition.**

The ground for partial summary judgment is that there is no affirmative defense of unfair competition; it is solely an affirmative claim. Misuse of trademark, moreover, is redundant with a claim for unclean hands.

Properly analyzed as an unclean hands defense, none of the conduct Keating complains of or identifies in its evidence and discovery amounts to unclean hands. Keating's complaints about Glidewell's enforcement of its BruxZir mark, at most, amount to aggressive policing and negotiating tactics, which, under established precedent, do not give rise to an unclean hands defense. Further, Keating has no evidence that Glidewell's few instances of alleged misuse of the ® symbol were intended to deceive, and thus those instances do not give rise to an unclean hands defense.

**5. For partial summary judgment on Keating's Fifth Affirmative Defense of Fair Use.**

The ground for partial summary judgment is that Keating's use of the KDZ Bruxer mark does not constitute fair use. Its use of the mark is not nominal fair use because Keating does not use its mark to refer to Glidewell's goods. And it is not classic fair use because Keating uses "bruxer" as a trademark and not to describe its own goods.

This motion is based on this notice of motion and motion; the concurrently-filed Memorandum of Points and Authorities, Statement of Uncontroverted Facts and Conclusions of Law, Appendix of Evidence, the pleadings and papers on file in

1  this action, and any argument received by the Court at the time of any hearing on
2  this motion.

3  Dated: November 19, 2012              SNELL & WILMER L.L.P.

                                          By: /s/ signature
                                          Philip J. Graves
                                          Greer N. Shaw
                                          Christopher B. Pinzon

                                          Attorneys for Plaintiff
                                          James R. Glidewell Dental Ceramics, Inc. dba
                                          GLIDEWELL LABORATORIES

16155021.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2012, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT RE TRADEMARK MISUSE, UNFAIR COMPETITION, UNCLEAN HANDS, FAIR USE, AND ESTOPPEL** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA 92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel: (949) 760-0404
Fax: (949) 760-9502

Jeffrey.vanhoosear@kmob.com
David.jankowski@kmob.com
Lynda.zadra-symes@kmob.com
litigation@kmob.com

Dated: November 19, 2012

SNELL & WILMER L.L.P.

By: *s/Philip J. Graves*
Philip J. Graves
Greer N. Shaw

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba GLIDEWELL LABORATORIES