SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Christopher B. Pinzon (SBN (254110)
cpinzon@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. SACV11-01309-DOC(ANx)<br><br>**[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF GLIDEWELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE TRADEMARK MISUSE, UNFAIR COMPETITION, AND UNCLEAN HANDS**<br><br>Hearing<br><br>Date: December 17, 2012<br>Time: 8:30 a.m.<br>Ctrm: 9D, Hon. David O. Carter<br><br>Pre-Trial Conf.: January 28, 2013<br>Jury Trial: February 26, 2013 |

[PROPOSED] STATEMENT OF
UNCONTROVERTED FACTS ISO
GLIDEWELL'S MSJ RE MISUSE, ETC.

16165135

Plaintiff and Cross-Counterclaimant James R. Glidewell Dental Ceramics, Inc., ("Glidewell") having moved for partial summary judgment as against Keating Dental Arts, Inc.'s ("Keating") on Keating's second counterclaim for unfair competition, Keating's third counterclaim for misuse of trademark, and Keating's fourth affirmative defense for misuse of trademark/unclean hands/unfair competition, the Court finds that the following facts are uncontroverted and makes the conclusions of law set forth below.

## I. UNCONTROVERTED FACTS

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 1. Total sales of BruxZir brand finished crowns and bridges from July 2009 through September 2012 equaled approximately $119,507,608.13. | Declaration of Jim Shuck, Exhibit G to the Appendix of Evidence ("Shuck Decl.") ¶ 41 |
| 2. Glidewell applied to register the BruxZir mark in June of 2009 in connection with "Dental Bridges; Dental Caps; Dental Crowns; Dental Inlays; Dental Onlays; [and] Dental Prostheses." | Declaration of Keith Allred, Exhibit L to the Appendix of Evidence ("Allred Decl.") ¶ 3, Ex. 60.[1] |
| 3. The registration of the BruxZir mark was granted in January of 2010. | Allred Decl. ¶ 4, Exs. 59, 60. |
| 4. Keating sells zirconia dental crowns and bridges to dentists. | Keating's Second Amended Answer ("SAA") ¶¶ 42-43. |
| 5. Glidewell has identified several marks using the terms "Brux" or "Bruxer" in connection with solid- | Allred Decl. ¶ 12, 14-26, Exs. 48-51, 62-66, 68, 69. |

---

[1] All "Ex." references are to the concurrently-filed Appendix of Exhibits.

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS ISO GLIDEWELL'S MSJ RE MISUSE, ETC.

16165135

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5 | zirconia dental restoration products as confusingly similar to the BruxZir mark, and sent several cease and desist letters to the companies offering products or services under those marks. | |
| 6<br>7<br>8<br>9<br>10<br>11<br>12<br>13 | 6. Glidewell's general policy is to request that the infringer change its mark to something not confusing with the BruxZir mark. Alternatively, the infringer can become an Authorized Lab and begin using the BruxZir mark instead of the potentially confusing mark. | |
| 14<br>15<br>16<br>17<br>18<br>19<br>20 | 7. To become an authorized BruxZir lab, the offending party must use the BruxZir mark, as opposed to the confusingly similar mark, and it must purchase BruxZir milling blanks to use in fabricating BruxZir dental crowns and bridges. | Declaration of Robin Bartolo, Exhibit K to the Appendix of Evidence ("Bartolo Decl.") ¶ 11 |
| 21<br>22<br>23<br>24<br>25 | 8. Glidewell has only enforced its BruxZir mark against companies offering solid zirconia dental restoration products—i.e. direct competitors of Glidewell. | Allred Decl. ¶ 14, Exs. 48-51, 62-66, 68, 69. |
| 26<br>27 | 9. Examples of marks that Glidewell has deemed infringing when used in | Allred Decl. ¶¶ 14-25, Exs. 48-51, 62-66, 68, 69. |

- 1 -

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS ISO GLIDEWELL'S MSJ RE MISUSE, ETC.

16165135

| | | |
|---|---|---|
| | connection with zirconia dental restoration products, and for which Glidewell sent cease and desist letters, are: BRUXZIR, FULL ZIRCONIA (BRUXZIR), ZIR-BRUXER CROWN, Z-BRUX , R-BRUX, BRUXER ALL ZIRCONIA, BRUXER ALL-ZIRCONIA CROWN, BRUX CROWN, FULL SOLID BRUXER ZIRCONIA, and BRUXER. | |
| 10. | In each of the above examples, Glidewell resolved the infringement claim short of litigation. | Allred Decl. ¶ 11. |
| 11. | Glidewell owns the BruxZir mark. | Allred Decl. ¶ 6, Ex. 59-60. |
| 12. | Glidewell uses the BruxZir mark in connection with other products as well, including milling blanks and various pieces of lab equipment used in the manufacture of dental restoration products. The BruxZir mark is not registered in connection with these products. At the deposition of Keith Allred, Glidewell's in-house counsel, Keating's attorney confronted Allred with two instances on Glidewell's website where Glidewell used the ® symbol in connection with milling | Allred Decl. ¶¶ 7, 27, Exs. 70-71. |

- 2 -

[PROPOSED] STATEMENT OF
UNCONTROVERTED FACTS ISO
GLIDEWELL'S MSJ RE MISUSE, ETC.

16165135

| | | |
|---|---|---|
| | blanks and lab equipment. | |
| | 13. Glidewell has also located and produced to Keating a copy of an e-mail blast that was sent to Glidewell customers that used the ® symbol in connection with a BruxZir brand milling system. | Allred Decl. ¶ 28, Ex. 72. |
| | 14. The usages of the ® symbol in Exhibits 70 - 72 were inadvertent, and not consistent with Glidewell's policy, which is to only use the ® in connection with BruxZir brand dental restoration products within the class for which the BruxZir mark is registered; i.e., Dental Bridges; Dental Caps; Dental Crowns; Dental Inlays; Dental Onlays; Dental prostheses (International Class 10). Glidewell's policy is to use either the ™ symbol or no symbol when using the BruxZir mark in connection with goods for which it is not registered. | Allred ¶ 29. |
| | 15. The two instances identified on Glidewell's website were corrected within one day of my becoming aware of them. | Allred ¶ 29. |
| | 16. The email blasts could not of course | Allred ¶ 29. |

- 3 -

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS ISO GLIDEWELL'S MSJ RE MISUSE, ETC.

16165135

| | | |
|---|---|---|
| | be recalled, but the company intends to reiterate its instructions to marketing personnel regarding the proper usage of the ® symbol on its marketing materials. | |
| 17. | Glidewell has spent approximately three million of dollars to advertise and promote the BruxZir brand, in a wide variety of diverse channels, including print media, internet-based advertising, direct mailers, and videos. | Allred Decl. ¶ 30; Shuck Decl. ¶¶ 38-39. |
| 18. | Due to the amount and diversity of Glidewell's advertising (including for products other than BruxZir brand products), Glidewell's general counsel cannot personally review all of the advertising that goes out to ensure legal compliance. Instead, Glidewell's general counsel has personally trained various members of the marketing department, including the Vice President of the marketing group, Jim Shuck, on the proper usage of the ® symbol. In turn, Mr. Shuck, or those employees that work directly under him, review the advertising for the proper usage of the ® symbol. | Allred Decl. ¶ 30. |

- 4 - [PROPOSED] STATEMENT OF UNCONTROVERTED FACTS ISO GLIDEWELL'S MSJ RE MISUSE, ETC.

16165135

| | |
|---|---|
| 19. Despite Glidewell generating voluminous amounts of advertising each year, only a small handful of improper (and inadvertent) uses of the ® symbol have been brought to Glidewell's attention. | Allred Decl. ¶ 31. |
| 20. No court has adjudicated the BruxZir mark to be generic. | Allred Decl. ¶ 33. |
| 21. Glidewell has never given Keating Dental Arts, Inc. ("Keating") permission to use Glidewell's BruxZir trademark. Further, Glidewell has never given Keating permission to use the KDZ Bruxer mark, nor any other confusingly similar mark. | Supplemental Declaration of Keith Allred in Support of James R. Glidewell Dental Ceramics, Inc.'s Motions for Summary Judgment ¶ 2. |

## II. CONCLUSIONS OF LAW

1. Keating's Third Counterclaim for Misuse of Trademark fails to state a legally cognizable claim because no such affirmative claim exists. *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F. Supp.2d 823, 830 (E.D. Va. 2001) ("Trademark misuse is not an independent cause of action, but is, instead, only an affirmative defense to a trademark infringement claim."); *Loblaw Companies Ltd. v. Azimi*, 2001 WL 36028016 (N.D. Cal. 2001) ("trademark misuse . . . could not be asserted as an independent claim, and . . . even its use as an affirmative defense was questionable.")

2. Keating lacks standing to assert its Second Counterclaim for Unfair Competition under Business & Professions Code § 17200 et seq. (the "UCL") because Keating has no evidence of economic injury caused by the alleged unfair

- 5 - [PROPOSED] STATEMENT OF UNCONTROVERTED FACTS ISO GLIDEWELL'S MSJ RE MISUSE, ETC.

16165135

competition.

3. There is no genuine issue of material fact as to Keating's Second Counterclaim for common law unfair competition, and Glidewell is entitled to partial summary judgment on that claim.

4. There is no genuine issue of material fact as to Keating's Second Counterclaim under the UCL, and Glidewell is entitled to partial summary judgment on that claim.

5. There is no genuine issue of material fact as to Keating's Fourth Affirmative Defense for Misuse of Trademark/Unclean Hands/Unfair Competition, and Glidewell is entitled to partial summary judgment on that claim.

Dated: _____

By: _____
Hon. David O. Carter
United States District Judge

- 6 -

[PROPOSED] STATEMENT OF
UNCONTROVERTED FACTS ISO
GLIDEWELL'S MSJ RE MISUSE, ETC.

16165135

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2012, I electronically filed the document described as **[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF GLIDEWELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE TRADEMARK MISUSE, UNFAIR COMPETITION, AND UNCLEAN HANDS** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.vanhoosear@kmob.com<br>David.jankowski@kmob.com<br>Lynda.zadra-symes@kmob.com<br>litigation@kmob.com |

Dated: November 19, 2012        SNELL & WILMER L.L.P.


By: *s/Philip J. Graves*
    Philip J. Graves
    Greer N. Shaw

    Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
    dba GLIDEWELL LABORATORIES

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS ISO GLIDEWELL'S MSJ RE MISUSE, ETC.

16165135