1   SNELL & WILMER L.L.P.
    Philip J. Graves (SBN 153441)
2   pgraves@swlaw.com
    Greer N. Shaw (SBN 197960)
3   gshaw@swlaw.com
    350 South Grand Avenue, Suite 2600
4   Two California Plaza
    Los Angeles, CA  90071
5   Telephone: (213) 929-2500
    Facsimile:  (213) 929-2525
6
7   Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
8   d/b/a Glidewell Laboratories

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    SOUTHERN DIVISION

12

13  JAMES R. GLIDEWELL DENTAL          CASE NO. SACV11-01309-DOC(ANx)
    CERAMICS, INC.,
14                                     **[PROPOSED] STATEMENT OF
               Plaintiff,              UNCONTROVERTED FACTS AND
15                                     CONCLUSIONS OF LAW IN SUPPORT
    vs.                                OF JAMES R. GLIDEWELL DENTAL
16                                     CERAMICS, INC.'S MEMORANDUM
    KEATING DENTAL ARTS, INC.,         OF POINTS AND AUTHORITIES IN
17                                     SUPPORT OF ITS MOTION FOR
               Defendant.              PARTIAL SUMMARY JUDGMENT AS
18                                     TO KEATING DENTAL ARTS, INC.'S
                                       INVALIDITY DEFENSE AND
19                                     COUNTERCLAIM**

20  AND RELATED                        Hearing
    COUNTERCLAIMS.
21                                     Date:   December 17, 2012
                                       Time:   8:30 a.m.
22                                     Ctrm:   9D, Hon. David O. Carter

23                                     Pre-Trial Conf.:   January 28, 2013
                                       Jury Trial:        February 26, 2013
24

25

26       **HIGHLY CONFIDENTIAL - FILED UNDER SEAL**

27    **(PURSUANT TO PROTECTIVE ORDER DATED JANUARY 30, 2012)**

28

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT
OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KEATING
DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM

16165128

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Having considered Plaintiff and Cross-Counterclaimant James R. Glidewell Dental Ceramics, Inc.'s ("Glidewell") motion for partial summary judgment in Glidewell's favor as to Keating Dental Arts, Inc.'s ("Keating") First Affirmative Defense of invalidity of Glidewell's BruxZir trademark, Registration No. 3,739,663, and as to Keating's Fourth Counterclaim for Cancellation of Trademark Registration No. 3,739,663, the supporting evidence and other materials submitted therewith, and Keating's opposition thereto, the Court finds that there is no genuine disputes as to the facts set forth below, and the Court further makes the following conclusions of law.

## I.   UNCONTROVERTED FACTS

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 1.    The BruxZir mark is a registered mark. | Declaration of Keith Allred In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Allred Decl.") ¶¶ 3-5; Exhibit 59 to the Appendix of Evidence in Support of James R. Glidewell Dental Ceramics, Inc.'s Motions for Summary Judgment (hereinafter, "Appendix of Evidence"). |
| 2.    The BruxZir mark was registered on the Principal Register on January 19, 2010, as Reg. No. 3,739,663. | Allred Decl., ¶¶ 3-5; Exhibit 59 to Appendix of Evidence. |
| 3.    The United States Patent and Trademark Office ("PTO") issued the mark without requiring any showing of secondary meaning. | Allred Decl., ¶¶ 3-5; Exhibit 60 to Appendix of Evidence. |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KEATING DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM

16165128

Snell & Wilmer
L.L.P.
LAW OFFICES
150 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| 4.    In Keating's Petition for Cancellation, Keating admitted that the BruxZir mark is at least "merely descriptive of the goods set forth in [Glidewell's] Registration." | Petition for Cancellation, Dkt#58-1, at ¶ 5. |
| 5.    Robert Brandon, Keating's General Manager, admitted at deposition that, REDACTED REDACTED | October 16, 2012 Deposition of Robert D. Brandon ("Brandon Depo."); 45:5-49:2, attached Exhibit 84 to Appendix of Evidence. |
| 6.    Brandon, who has been with Keating since February of 2003, was the person authorized to verify Keating's interrogatory responses. | Brandon Depo at 13:10-14, attached Exhibit 84 to Appendix of Evidence; Defendant's Responses to Plaintiff's First Set of Interrogatories Nos. 1-25, attached as Exhibits 81-82 to Appendix of Evidence. |
| 7.    Brandon admitted that REDACTED REDACTED | Brandon Depo at 47:17-22, attached Exhibit 84 to Appendix of Evidence. |
| 8.    Shaun Keating, Keating's | October 18, 2012 Deposition of Shaun |

- 2 -

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KEATING DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM

16165128

| | |
|---|---|
| founder and CEO, admitted that REDACTED | Keating ("Keating Depo."), at: 114:18-115:5, attached Exhibit 85 to Appendix of Evidence. |
| REDACTED<br>9. REDACTED | Exhibit 15, KDA3355, 3358, to Appendix of Evidence. |
| 10. REDACTED REDACTED | Exhibit 15, at KDA3446, to Appendix of Evidence. |
| 11. REDACTED REDACTED | Exhibit 15, at KDA3444, to Appendix of Evidence |
| 12. Practicing dentists located throughout the country have testified that the BruxZir mark is not generic. | Declaration of Gregory Doneff, D.D.S, In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Doneff Decl."); Declaration of Thomas E. Bell, D.M.D., In Support Of James R. Glidewell Dental Ceramics, Inc.'s |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KEATING DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM

16165128

| | |
|---|---|
| | Motion For Summary Judgment ("Bell Decl."); Declaration of Stuart R. Newman, D.D.S., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Newman Decl."); Declaration of Spencer D. Luke, D.M.D., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Luke Decl."); Declaration of Howard S. Cohen, D.D.S., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Cohen Decl."); Declaration of Terence J. Michiels, D.D.S., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Michiels Decl."); Declaration of Kent J, Toca, D.D.S., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Toca Decl."). |
| 13.    Dr. Doneff testifies: "[s]ince learning about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009 and through the date of this declaration, I have known, and | Doneff Decl., ¶ 4; Bell Decl., ¶ 4; Newman Decl., ¶ 4; Luke Decl., ¶ 4; Cohen Decl., ¶ 4; Michiels Decl., ¶4; Toca Decl., ¶ 4. |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16165128

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| through various communications with other dentists, I am aware that other dentists have known, that the BRUXZIR mark is a brand or trademark that signifies a single source of zirconia crowns and bridges and the zirconia material from which those products are made.  Since learning about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009 and through the date of this declaration, I have known, and through my various communications with other dentists, I am aware that other dentists have known, that the BRUXZIR mark is a brand or trademark associated with Glidewell Labs."  This testimony of Dr. Doneff's is representative of the testimonies of Dr. Bell, Dr. Newman, Dr. Luke, Dr. Cohen, Dr. Michiels, and Dr. Toca. | |
| 14.     Dr. Doneff also testifies that: "Both before and after September 2010, I, and other dentists with whom I regularly communicate, use the term "bruxer" exclusively to refer to a person who suffers from bruxism; i.e., | Doneff Decl, ¶¶ 7-8; Bell Decl., ¶¶ 7-8; Newman Decl., ¶¶ 7-8; Luke Decl., ¶¶ 7-8; Cohen Decl., ¶¶ 7-8; Michiels Decl., ¶¶ 7-8; Toca Decl., ¶¶ 7-8. |

16165128

Snell & Wilmer

L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

habitual and destructive grinding of the teeth and clenching of the jaw.  Both before and after September 2010, the terms "bruxer," "bruxer crown," "bruxzir," and "bruxzir crown" are not terms that I, nor the dentists I communicate with, use to refer to zirconia crowns and bridges as a type or category of product.  I have never used any of these terms to refer to zirconia crowns or bridges as a type or category of product, and I have never heard any other dentist use any of those terms for that purpose.  Rather, both before and after I learned about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009, when referring to zirconia crowns and bridges as a type or category of product generally, I, and the dentists that I communicate with, use the terms "zirconia crowns," "all zirconia crowns," "monolithic zirconia crowns," "full zirconia crowns," or "solid zirconia crowns."  This testimony of Dr. Doneff is representative of the testimonies of Dr. Bell, Dr. Newman,

- 6 -

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KEATING DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM

16165128

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| Dr. Luke, Dr. Cohen, Dr. Michiels, and Dr. Toca. | |
| 15.    Jim Shuck, Glidewell's Vice President of Sales and Marketing, and a thirty-six year veteran of the dental industry, testifies that "[t]he generic terms for a BruxZir brand crown are 'crown,' 'crown for bruxers,' or 'all zirconia crown.'  I have also heard a 'solid zirconia crown,' and a 'full contour zirconia crown.'  The term 'bruxzir' is not used by Glidewell – or, to my knowledge, widely or generally used by anyone else – to refer to solid zirconia crowns." | Declaration of James Shuck In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Shuck Decl.") ¶ 14. |
| 16.    Dr. Michel DiTolla, Glidewell's Director of Clinical Education & Research, and a practicing dentist since 1988, testifies that he directly interacts with two to three thousand dentists per year, the vast majority of which "have made statements … indicating that they understand that BruxZir identifies Glidewell as the source of the crown products." | Declaration of Dr. Michel C. DiTolla In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("DiTolla Decl.") ¶ 11. |
| 17.    Dr. DiTolla testifies, "when referring generally to a zirconia crown, | DiTolla Decl. ¶ 11. |

16165128

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| dentists refer to the crown as a zirconia crown." | |
| 18.   Dr. DiTolla further testifies that, in his 24 years as a dentist, he has never used the term "bruxer" to commonly refer to crowns, and that he has never heard any of the thousands of dentists he interacts with each year use the term "bruxer" to commonly refer to crowns. | DiTolla Decl. ¶ 12. |
| 19.   Dr. DiTolla opines that "'bruxer' is not a commonly used term in the dental field for crowns.  Instead, the term 'bruxer' refers to an individual who suffers from bruxism (i.e. grinds his or her teeth)." | DiTolla Decl. ¶ 12. |
| 20.   Rudy Ramirez, Glidewell's General Manager of the Fixed Prosthodontics, testifies that each of the more than 100 dentists that he has personally guided on tours of Glidewell's production facility have "expressed … their awareness that Glidewell is the source for zirconia crowns and bridges produced and marketed under the BruxZir mark." | Declaration of Rudy Ramirez In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Ramirez Decl.") ¶ 6. |
| 21.   Robin Bartolo, Sales Manager for Glidewell Direct, who has actively | Declaration of Robin Bartolo In Support Of James R. Glidewell Dental |

16165128

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| participated in seventeen trade shows – attended by many thousands of dentists in total – since January of 2009, testifies that: "through [his] various communications with dentists and dental lab representatives at trade shows, [he is] aware that dentists and dental lab representatives generally are aware that the BruxZir mark is a brand or trademark that signifies a single source of zirconia crowns and bridges and the zirconia material from which those products are made." | Ceramics, Inc.'s Motion For Summary Judgment ("Bartolo Decl.") ¶ 5. |
| 22.    Dr. Ronald Goldstein opines that "dentists do not refer to solid zirconia crowns as 'bruxers' or 'bruxer crowns,'" and that "dentists do not understand the mark BruxZir to refer to solid zirconia crowns from any source, but rather … dentists understand the mark BruxZir to identify the source of solid zirconia crowns and material to make solid zirconia crowns – the solid zirconia crowns supplied by Glidewell." | Declaration of Dr. Ronald Goldstein In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Goldstein Decl.") ¶ 9. |
| 23.    Professor David Franklyn opines that "Glidewell's BruxZir mark is not generic but rather is a suggestive mark, | Declaration of David Franklyn In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary |

- 9 -

16165128

Snell & Wilmer

L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| and that, in any event, the BruxZir trade mark has strong brand recognition amongst United States dentists as a unique source identifier for full zirconia dental crowns made by Glidewell." | Judgment ("Franklyn Decl.") ¶ 71. |
| 24.    The BruxZir mark is a combination of "brux" and "zir." "Brux" suggests to relevant consumers (dentists) that BruxZir brand products are strong and durable, and are suitable for use in applications requiring superior strength and durability, such as for treating patients with bruxism. | Shuck Decl., ¶ 9; DiTolla Decl., ¶ 14; Ramirez Decl., ¶ 4; Goldstein Decl., ¶ 17; Franklyn Decl. ¶ 42. |
| 25.    "Zir" suggests that the products comprise zirconia, a hard and durable material successfully used in dental products. | Shuck Decl., ¶ 9; DiTolla Decl., ¶ 14; Ramirez Decl., ¶ 4; Goldstein Decl., ¶ 17; Franklyn Decl. ¶ 42. |
| 26.    Multiple medical and dental dictionaries provide no definition for "bruxzir" (or for "bruxer"). | DiTolla Decl., ¶ 12; Exhibit 75 to Appendix of Evidence. |
| 27.    Keating's advertisement introducing the KDZ Bruxer brand product states, under a large color photograph of several zirconia crowns and bridges, "Introducing the All-New KDZ Bruxer.  The Best Full-Contour | Exhibit 20, (KDA000854) to Appendix of Evidence. |

- 10 -

16165128

| | |
|---|---|
| Zirconia Restorations Available." | |
| 28.   The advertisement goes on to say that "KDZ Bruxer is the ideal combination of strength and esthetics for your posterior crowns and bridges." | Exhibit 20 (KDA000854) to Appendix of Evidence. |
| 29.   Drake Precision Laboratory advertises its zirconia crown using the mark ZIR-CAST. | Exhibit 23 (KDA-002448) to Appendix of Evidence. |
| 30.   Drake describes its product with such terms as "all-ceramic," "solid zirconia," "high translucency zirconia," "monolithic," "nonmetallic," etc. | Exhibit 23 (KDA-002448) to Appendix of Evidence. |
| 31.   Keating's advertising materials demonstrate that Keating can, and does, describe its products using a variety of alternative words and phrases such as "dental zirconia," "medical grade zirconia … for posterior single units and bridges," "full contour zirconia," "alternative to full-cast gold," "full-contour zirconia restoration," "for patients who grind or lack preparation space or porcelain," etc. | Exhibit 16 (KDA 00843, 00851-00854) to Appendix of Evidence. |
| 32.   Prior to Glidewell's introduction of its BruxZir brand products, neither "bruxzir" nor "bruxer" had previously been used for the same or similar | DiTolla Decl., ¶ 17; Goldstein Decl., ¶¶ 12-14; Doneff Decl, ¶ 8; Bell Decl., ¶ 8; Newman Decl., ¶ 8; Luke Decl., ¶ 8; Cohen Decl., ¶ 8; Michiels Decl., |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
KEATING DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM

16165128

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| products. | ¶ 8; Toca Decl., ¶ 8. |
| 33.    Actual purchasers associate the BurxZir mark with Glidewell.  These include Doctors Doneff, Bell, Newman, Luke, Cohen, Michiels, and Toca. | Doneff Decl, ¶¶ 3-6, 9-10; Bell Decl., ¶¶ 3-6, 9-10; Newman Decl., ¶¶ 3-6, 9-10; Luke Decl., ¶¶ 3-6, 9-10; Cohen Decl., ¶¶ 3-6, 9-10; Michiels Decl., ¶¶3-6, 9-10; Toca Decl., ¶¶ 3-6, 9-10. |
| 34.    Dr. Doneff states: "Since learning about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009 and through the date of this declaration, I have known, and through various communications with other dentists, I am aware that other dentists have known, that the BRUXZIR mark is a brand or trademark that signifies that Glidewell Labs is the source of zirconia crowns and bridges marketed under that trademark."  This testimony of Dr. Doneff is representative of the testimonies of Dr. Bell, Dr. Newman, Dr. Luke, Dr. Cohen, Dr. Michiels, and Dr. Toca. | Doneff Decl., ¶ 5; Bell Decl., ¶ 5; Newman Decl., ¶ 5; Luke Decl., ¶ 5; Cohen Decl., ¶ 5; Michiels Decl., ¶ 5; Toca Decl., ¶ 5. |
| 35.    Dr. Doneff also states: "Since learning about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009 and through the date of | Doneff Decl., ¶ 9; Bell Decl., ¶ 9; Newman Decl., ¶ 9; Luke Decl., ¶ 9; Cohen Decl., ¶ 9; Michiels Decl., ¶ 9; Toca Decl., ¶ 9. |

16165128

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
KEATING DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| this declaration, I have often used the term BRUXZIR to identify zirconia crowns and bridges manufactured by Glidewell Labs, because I understand that the BRUXZIR mark is a brand or trademark that signifies that Glidewell Labs is the source of zirconia crowns and bridges marketed under that trademark." This testimony of Dr. Doneff is representative of the testimonies of Dr. Bell, Dr. Newman, Dr. Luke, Dr. Cohen, Dr. Michiels, and Dr. Toca. | |
| 36.    Dr. DiTolla testifies that he directly interacts with two to three thousand dentists per year, the vast majority of which "have made statements ... indicating that they understand that BruxZir identifies Glidewell as the source of the crown products." | DiTolla Decl., ¶ 11. |
| 37.    Rudy Ramirez testifies that each of the more than 100 dentists that he has personally guided on tours of Glidewell's production facility have "expressed ... their awareness that Glidewell is the source for zirconia | Ramirez Decl., ¶ 7. |

16165128

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KEATING DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM

| | |
|---|---|
| crowns and bridges produced and marketed under the BruxZir mark." | |
| 38.    Robin Bartolo, who has actively participated in seventeen trade shows – attended by many thousands of dentists in total – since January of 2009, testifies that: "through [his] various communications with dentists and dental lab representatives at trade shows, [he is] aware that dentists and dental lab representatives generally are aware that the BruxZir mark is a brand or trademark that signifies a single source of zirconia crowns and bridges and the zirconia material from which those products are made." | Bartolo Decl., ¶ 5. |
| 39.    As part of the initial launch, Glidewell sent direct mail pieces for dentists, mailed samples of BruxZir brand products to current customers, sent email blasts to 125,000 dentists through the American Dental Association's dentist listing, produced and posted educational videos online, and announced continuing education programs for the product. | Shuck Decl., ¶ 7. |
| 40.    Since the introduction of BruxZir | Shuck Decl., ¶ 20; Exhibits 9-14, 17- |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16165128

Snell & Wilmer
L.L.P.
LAW OFFICES
150 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| brand products, Glidewell has consistently and regularly advertised the brand, in association with the Glidewell Labs name, in a wide variety of ways, including via the company's website (www.bruxzir.com) and blog, press releases, patient and doctor education brochures, videos, advertisements in dental publications, direct mailers, email blasts, and trade shows. | 19, 21-22, and 24-25 to the Appendix of Evidence. |
| 41.  BruxZir.com received approximately 289,210 unique pageviews between October 2009 and November 2012, with 78% of this volume from U.S. traffic. | Shuck Decl., ¶ 21. |
| 42.   Glidewell regularly and consistently advertises the BruxZir brand product line in dental industry publications, including *ADA News*, *Chairside Magazine*, *Dental Economics*, *Dental Lab Reports*, *Dentaltown*, *Dental Tribune*, *Dentistry Today*, *Inclusive Magazine*, the *Journal of Dental Technology*, and *Lab Management Today*. | Shuck Decl., ¶ 22; DiTolla Decl., ¶¶ 6-7; Exhibits 21-22 to the Appendix of Evidence. |
| 43.   Glidewell consistently sends out | Shuck Decl., ¶ 23. |

- 15 -

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| e-mail blasts approximately quarterly to U.S. dentists and dental laboratories, advertising Glidewell's BruxZir branded product line. | |
| 44.    These e-mail blasts are sent to Glidewell's internal e-mail list, which contains approximately 24,000 dentists, and to the American Dental Association's e-mail list, which has about 89,000 dentists. | Shuck Decl., ¶ 23. |
| 45.    Glidewell consistently conducts quarterly direct mail advertising for BruxZir branded crowns.  For this direct mail advertising, Glidewell uses a list, purchased from the American Dental Association, of approximately 125,000 dentists. | Shuck Decl., ¶ 24. |
| 46.    Glidewell personnel regularly and consistently attend dozens of trade shows and conventions per year around the country. | Shuck Decl., ¶ 26. |
| 47.    At these conventions and trade shows, which are attended by, in the aggregate, thousands of dentists, Glidewell consistently and prominently displays the BruxZir brand, in association with the Glidewell Labs | Shuck Decl., ¶ 26. |

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KEATING DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM

| | |
|---|---|
| name, in a wide variety of contexts, including on the booth, the signage, in brochures, takeaways, and product displays and demonstrations. | |
| 48.    As part of Glidewell's marketing efforts for the BruxZir brand, Glidewell's Director of Clinical Education and Research, Dr. DiTolla, made a series of educational videos in 2009 and 2010, and he made a compendium of all videos with a new introduction in 2011. | Shuck Decl., ¶ 27; DiTolla Decl., ¶¶ 4-5; Exhibit 73 to the Evidence of Appendix. |
| 49.    The videos explain and illustrate various features and benefits of BruxZir brand products, and prominently feature the BruxZir brand in association with the Glidewell Labs name. | Shuck Decl., ¶ 27. |
| 50.    The videos are publicly available on Glidewell's website and YouTube channel, and the video pages have had approximately 30,000 unique pageviews between October 2009 and November 2012. | Shuck Decl., ¶ 27. |
| 51.    Glidewell personnel, including Dr. DiTolla and Robin Carden (Vice President of Research and | Shuck Decl., ¶¶ 28-29; DiTolla Decl., ¶¶ 4-10; Carden Decl., ¶¶ 3-6, 11-15; Exhibits 21-22, 24-25, 53-57, 67, and |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16165128

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| Development) regularly publish articles and give presentations that prominently feature the BurxZir brand in association with the Glidewell Labs name. | 73 to the Appendix of Evidence. |
| 52.    The BruxZir brand and BruxZir brand products have garnered substantial third party recognition in the form of, for example, awards and laudatory press coverage. | Shuck Decl., ¶¶ 30-36; Carden Decl., ¶ 15; Exhibits 26-38, and 41-45 to the Appendix of Evidence. |
| 53.    Glidewell's total marketing expenses for the BruxZir brand product line from June 2009 through June 2012 are approximately        REDACTED        , which represents approximately        REDACTED        of Glidewell's overall marketing budget. | Shuck Decl., ¶¶ 38-41; Exhibit 46 to the Appendix of Evidence. |
| 54.    Of this figure, approximately        REDACTED        was directed to advertising and marketing BruxZir brand finished crowns and bridges. | Shuck Decl., ¶¶ 38-41; Exhibit 46 to the Appendix of Evidence. |
| 55.    Glidewell's extensive promotion of the BruxZir mark has been successful in cementing in the minds of dentists a strong association between the mark and Glidewell as the source of BruxZir brand dental restoration products. | Doneff Decl., ¶¶ 3-4, 10; Bell Decl., ¶¶ 3-4, 10; Newman Decl., ¶¶ 3-4, 10; Luke Decl., ¶¶ 3-4, 10; Cohen Decl., ¶¶ 3-4, 10; Michiels Decl., ¶¶ 3-4, 10; Toca Decl., ¶¶ 3-4, 10. |
| 56.    Glidewell has consistently used | Shuck Decl., ¶¶ 19-29; Exhibits 8-14, |

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KEATING DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM

16165128

| | |
|---|---|
| the BruxZir mark for crowns and bridges for over three years, since the launch of the product line in 2009. | 17-19, 21-22, and 24-25 to the Evidence of Appendix. |
| 57.    Glidewell has extensively promoted the mark in a wide variety of communication channels. | Shuck Decl., ¶¶ 19-29; Exhibits 8-14, 17-19, 21-22, and 24-25 to the Evidence of Appendix. |
| 58.    Glidewell has ensured that the BruxZir mark is widely promoted in association with the Glidewell Labs name. | Shuck Decl., ¶¶ 13, 19-29; DiTolla, ¶¶ 4-10; Exhibits 7-14, 17-19, 21-22, 24-25, and 73 to the Evidence of Appendix. |
| 59.    This sustained activity has effectively reached the relevant consumers (dentists) and caused them to associate the BruxZir mark with the source of BruxZir products, Glidewell. | Doneff Decl., ¶¶ 3-4, 10; Bell Decl., ¶¶ 3-4, 10; Newman Decl., ¶¶ 3-4, 10; Luke Decl., ¶¶ 3-4, 10; Cohen Decl., ¶¶ 3-4, 10; Michiels Decl., ¶¶ 3-4, 10; Toca Decl., ¶¶ 3-4, 10. |
| 60.    As discussed in Professor Franklyn's declaration, the BruxZir mark does not exist in a crowded field of similar marks. | Franklyn Decl., ¶ 46. |
| 61.    It is Glidewell's policy and practice to actively protect its mark by, for example, sending cease and desist letters to competitors using confusingly similar marks. | Allred Decl., ¶¶ 11-26; Exhibits 62-69 to the Appendix of Evidence. |
| 62.    Glidewell is a leading provider of dental restoration products to dentists. | Shuck Decl., ¶ 4. |

| | |
|---|---|
| 63.  Among the products that Glidewell sells are dental crowns and bridges. | Shuck Decl., ¶ 4. |
| 64.  A crown is a type of dental restoration product that completely caps a tooth. | Shuck Decl., ¶ 4. |
| 65.  It is typically bonded to the tooth using dental cement or resin. | Shuck Decl., ¶ 4. |
| 66.  In the past, crowns were principally fashioned either from gold (which has favorable tensile characteristics but is considered aesthetically unappealing by many people) or from porcelain veneers fused to a metal casting (which is aesthetically appealing but tends to crack when subjected to heavy pressure or grinding). | Shuck Decl., ¶ 5. |
| 67.  More recently, dental laboratories began to fashion crowns made of a veneer fused or adhered to a hard ceramic such as zirconia. | Shuck Decl., ¶ 5. |
| 68.  However, these crowns too tended to crack when subjected to heavy grinding. | Shuck Decl., ¶ 5. |
| 69.  Beginning in 2005, Glidewell began developing a new type of crown, | Carden Decl., ¶ 2. |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

- 20 -

16165128

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| a solid zirconia crown. | |
| 70.     The advantages of this new monolithic zirconia (or "full contour zirconia") crown were that it would be extremely hard – sufficiently hard to be used in applications requiring a material with high tensile and compressive strength, including treating patients with "bruxism," a parafunctional activity in which a person repeatedly and habitually grinds his teeth -- and that it could be milled from a block of zirconia based on a digital representation of the patient's mouth. | Shuck Decl., ¶ 9. |
| 71.     The disadvantage was that zirconia is an unattractive material, due to its extreme whiteness and lack of translucency. | Shuck Decl., ¶ 10. |
| 72.     Ultimately, Glidewell partially overcame the aesthetic challenges of the material, devising a process for fabricating a full contour zirconia crown that was sufficiently appealing that it could be used in a variety of applications. | Shuck Decl., ¶ 10. |
| 73.     In early 2009, Glidewell | Shuck Decl., ¶ 3; September 25, 2012 |

16165128

| | |
|---|---|
| conceived the name for its new line of monolithic zirconia dental restoration products: BruxZir. | Deposition of Jim Shuck ("Shuck Depo."); 15:21-16:8, attached Exhibit 83 to Appendix of Evidence. |
| 74.    The name was chosen in large part because it suggested the primary characteristics of the product: that it was sufficiently strong and durable to be used in a variety of applications, including treating patients with bruxism ("Brux"), and that the material from which the crown was fashioned is zirconia ("Zir"). | Shuck Decl., ¶ 9. |
| 75.    The product line was launched under the BruxZir mark in June 2009. | Shuck Decl., ¶ 7; Shuck Depo. at 15:21-16:8, attached Exhibit 83 to Appendix of Evidence. |
| 76.    Since its introduction in 2009, the BruxZir line of restoration products (primarily dental crowns and bridges) has been phenomenally popular, generating nearly REDACTED in REDACTED | Shuck Decl., ¶¶ 40-41; Exhibit 46 to the Appendix of Evidence. |
| 77.    Glidewell has promoted the product line heavily, investing nearly REDACTED in advertising its products under the BruxZir mark from June 2009 to June 2012. | Shuck Decl., ¶ 39. |

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KEATING DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM

16165128

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer

L.L.P.

LAW OFFICES

350 South Grand Avenue, Suite 2600, Two California Plaza

Los Angeles, California 90071

(213) 929-2500

| | |
|---|---|
| 78.     Glidewell applied to register the BruxZir mark on June 7, 2009 for use in connection with dental bridges, dental caps, dental crowns, dental inlays, dental onlays, and dental prostheses. | Allred Decl., ¶ 3; Exhibits 59-60 to the Appendix of Evidence. |
| 79.     The BruxZir mark was registered on the Principal Register on January 19, 2010, as Reg. No. 3,739,663. | Allred Decl., ¶¶ 4-5; Exhibits 59-60 to the Appendix of Evidence. |
| 80.     As noted on the registration for the BruxZir mark, the class of goods and services is "Dental bridges; Dental caps; Dental crowns; Dental inlays; Dental onlays; Dental prostheses." | Allred Decl., ¶¶ 3-5; Exhibit 59 to the Appendix of Evidence. |
| 81.     Glidewell also applied to register the BruxZir mark in connection with another class of goods – dental ceramics – on May 27, 2011; Keating filed an opposition to that application on December 7, 2011, and the case is currently suspended in the Trademark Trial and Appeal Board pending the outcome of this action. | Allred Decl., ¶¶ 7-8; Exhibit 61 to the Appendix of Evidence. |
| 82.     In May 2011, after nearly two years of massive advertising and promotional activity by Glidewell under its BruxZir mark, Keating began | Shuck Decl., ¶ 15. |

16165128

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| to offer competing full contour zirconia dental crowns and bridges under the brand "KDZ Bruxer." | |
| 83.   Keating's product competes directly with Glidewell's BruxZir product – the products are offered to the same universe of consumers (dentists) through the same marketing channels (e.g., Internet, direct mail, ads in dental industry journals) and at similar price points ($99 v. $139). | Shuck Decl., ¶¶ 16, 19-29; Exhibits 8-14, 17-19, 21-22, and 24-25 to the Evidence of Appendix. |
| 84.   In a sampling of 22 dentists identified by Keating as KDZ Bruxer customers, nine – i.e., 41% – were former Glidewell BruxZir customers. | Ramirez Decl.¶ 9; Defendant's Third Amended Initial Disclosures, attached as Exhibit 88 to the Appendix of Evidence. |

## II.   CONCLUSIONS OF LAW

1.   To be valid and protectable, a mark must be "distinctive." *Zobmondo Enter., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010).

2.   "Distinctiveness measures 'the primary significance of the mark to the purchasing public.'" *Id.* There are five categories of trademarks: (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; and (5) fanciful. *E.g., Yellow Cab Co. of Sacramento v. Yellow Cab Co. of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005).

3.   "The latter three categories are deemed inherently distinctive and are automatically entitled to protection because they naturally 'serve[] to identify a particular source of a product ....'" *Yellow Cab*, 419 F.3d at 927 (quoting *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596,

16165128

1    602 (9th Cir. 2005)).

2   4.   A generic mark carries no protection, while a descriptive mark, although not

3    inherently distinctive, can receive protection if it has acquired distinctiveness

4    by establishing "secondary meaning" in the marketplace. *See id.* Which

5    category a mark belongs in is a question of fact. *Zobmondo Enter.*, 602 F.3d

6    at 1113.

7   5.   In determining distinctiveness, the Court is "'required to consider standards

8    of meaning not [its] own, but prevalent among prospective purchasers of the

9    article.'" *Zobmondo Enter.*, 602 F.3d at 1113 (quoting *Bada Co. v.*

10    *Montgomery Ward & Co.*, 426 F.2d 8, 11 (9th Cir. 1970)).

11   6.   "'The fact-finder is not the designated representative of the purchasing public,

12    and the fact-finder's own perception of the mark is not the object of the

13    inquiry. Rather, the fact-finder's function is to determine, based on the

14    evidence before it, what the perception of the purchasing public is.'"

15    *Zobmondo Enter.*, 602 F.3d at 1113 (quoting *Lane Capital Mgmt., Inc. v.*

16    *Lane Capital Mgmt., Inc.*, 192 F.3d 337, 344 (2d Cir. 1999)).

17   7.   "'[T]he fact that a mark is registered is *strong evidence* that the mark satisfies

18    the statutory requirements for distinctiveness necessary for trademark

19    protection.'" *Zobmondo Enter.*, 602 F.3d at 1121 (quoting *Retail Servs., Inc.*

20    *v. Freebies Publ'g*, 364 F.3d 535, 542 (4th Cir. 2004) (emphasis added)).

21   8.   A "federal registration … entitles the plaintiff to a 'strong presumption' that

22    the mark is a protectable mark." *Zobmondo Enter., LLC v. Falls Media,*

23    *LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010); *see also, e.g., Reno Air Racing*

24    *Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1135 (9th Cir. 2006) ("[R]egistered

25    marks are endowed with a strong presumption of validity …").

26   9.   "[T]he burden on the defendant necessary to overcome that presumption at

27    summary judgment is heavy.'" *Zobmondo Enter.*, 602 F.3d at 1115.

28   10.   "Where the PTO issues a registration without requiring proof of secondary

- 25 -

meaning, the presumption is that the mark is inherently distinctive." *Zobmondo Enter.*, 602 F.3d at 1113-14; *see also, e.g., Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 760 (9th Cir. 2006) ("Where, as here, the PTO issues a mark registration without requiring proof of secondary meaning, the registrant ... enjoys a 'presumption that the purchasing public perceives the ... mark to be inherently distinctive.").

11. As the Ninth Circuit has explained, "'[d]eference to the PTO's classification decision is sensible because the PTO has special expertise that we lack on this fact-intensive issue.'" *Zobmondo Enter.*, 602 F.3d at 1121 (quoting *Lahoti v. Vericheck, Inc.*, 586 F.3d 1190, 1199 (9th Cir. 2009)).

12. "Marks that constitute a common descriptive name are referred to as generic. A generic term is one that refers to the genus of which the particular product is a species." *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985).

13. "'To determine whether a term has become generic, we look to whether consumers understand the word to refer only to a particular producer's goods or whether the consumer understands the word to refer to the goods themselves.'" *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 929 (9th Cir. 2004) (quoting *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 604 (9th Cir. 2005)).

14. If a buyer understands the terms as being identified with a particular producer's goods or services, it is not generic. *Id.*

15. The Ninth Circuit has held that "[t]he crucial date for the determination of genericness is the date on which the alleged infringer entered the market with the disputed mark or term." *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2004); *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 744 (2d Cir. 1998) (holding that the relevant date for judging genericness is the date upon which Perrier, the

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KEATING DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM

16165128

competitor, introduced its competing product into the market); *see also* 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 12:17.50, p. 12-61 (2012) ("The Second and Ninth Circuits have held that the crucial date for the determination of genericness is the date on which the alleged infringer entered the market with the disputed mark or term.").

16.    Although the import of this evidence is not precisely clear, it is clear the Court must focus the validity inquiry on the trademark as a whole. *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1135 (9th Cir. 2006).

17.    It is also clear under Ninth Circuit law that a composite mark may be distinctive even though its components individually are not. *Id.* (citing *California Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1455 (9th Cir. 1985)). Put another way, "the combination of generic terms may, in some instances, result in a distinctive mark." *Advertise.com, Inc. v. AOL Advertising, Inc.*, 616 F.3d 974, 978 (9th Cir. 2010).

18.    A suggestive mark is one for which "'a consumer must use imagination or any type of multistage reasoning to understand the mark's significance … the mark does not *describe* the product's features, but *suggests* them.'" *Zobmondo Enter.*, 602 F.3d at 1114 (quoting *Kendall-Jackson Winery, Ltd. v. E.&J. Gallo Winery*, 150 F.3d 1042, 1047 n.8 (9th Cir. 1998)).

19.    "[A] mark can be suggestive and still convey information about a product." *Zobmondo Enter.*, 602 F.3d at 1119; *see, e.g.*, 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 11:72 (4th ed. 2010) (listing marks that have been found "suggestive," including "CITIBANK" for an urban bank, "CLASSIC COLA" for a soft drink, "DIAL-A-MATTRESS" for mattress sales, and "FLORIDA TAN" for suntan lotion).

20.    The most common test for assessing suggestiveness is the "imagination test," which asks whether "'imagination or a mental leap is required in order to reach a conclusion as to the nature of the product being referenced.'"

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16165128

1    *Zobmondo Enter.*, 602 F.3d at 1115 (quoting *Rudolph Int'l v. Realys, Inc.*,

2    482 F.3d 1195, 1198 (9th Cir. 2007)).

3    21.   The imagination test "does not ask what information about the product *could*

4          be derived from a mark, but rather whether 'a mental leap is *required*' to

5          understand the mark's relationship to the product." *Id.* at 1116 (quoting

6          *Rudolph Int'l*, 482 F.3d at 1198).

7    22.   "[I]f the mental leap between the word and the product's attribute is not

8          almost instantaneous, this strongly indicates suggestiveness, not direct

9          descriptiveness." *Self-Realization Fellowship Church v. Ananda Church of*

10         *Self-Realization*, 59 F.3d 902, 911 (9th Cir. 1995).

11   23.   The Ninth Circuit has noted that the facts that a mark cannot be found in

12         dictionaries, and is without literal meaning, support suggestiveness. *See*

13         *Zobmondo Enter.*, 602 F.3d at 1116.

14   24.   The Ninth Circuit has also noted that evidence that the accused infringer

15         includes explanatory language with its allegedly infringing mark supports

16         finding the mark to be suggestive rather than descriptive or generic. *See*

17         *Zobmondo Enter.*, 602 F.3d at 1120 n.12 (noting that accused infringer's use

18         of explanatory language with its mark "cuts against the [accused infringer's]

19         argument that [the mark] is a well-established, culturally-pervasive

20         concept").

21   25.   The second test for assessing suggestiveness, known as the "competitors'

22         needs" test, "focusses on the extent to which a mark is actually needed by

23         competitors to identify their goods or services." *Zobmondo Enter.*, 602 F.3d

24         at 1117 (quoting *Rodeo Collection, Ltd. v. W. Seventh*, 812 F.2d 1215, 1218

25         (9th Cir. 1987)); *see also Miss World (UK), Ltd. V. Mrs. America Pageants,*

26         *Inc.*, 856 F.2d 1445, 1449 (9th Cir. 1987).

27   26.   "If competitors have a great need to use a mark, the mark is probably

28         descriptive; on the other hand, if 'the suggestion made by the mark is so

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

- 28 -

16165128

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

remote and subtle that it is really not likely to be needed by competitive sellers to describe their goods or services[,] this tends to indicate that the mark is merely suggestive.'" *Zobmondo Enter.*, 602 F.3d at 1117 (quoting *Rodeo Collection*, 812 F.2d at 1218).

27. Evidence that competitors do not need to use the mark supports finding the mark suggestive. *See Zobmondo Enter.*, 602 F.3d at 1117 (noting that competitors' needs test "strongly favored" suggestiveness in view of, among other things, "significance evidence suggesting that [the mark holder's] competitors do not need to use [the mark] to fairly describe their products"); *see also Aluminum Fabricating Co. v. Season-All Window Corp.*, 259 F.2d 314, 317 (2d Cir. 1958) (holding that "Season-all" did not render it difficult for competitors selling other storm doors and storm windows to adequately describe their products because there were a "wealth of synonyms and related words with which to describe" their own products).

28. Evidence that the mark had never previously been used for the same or similar products before "suggests that competitors do not find the mark useful in describing their products." *Zobmondo Enter.*, 602 F.3d at 1120 (noting that expert's testimony on "lack of [prior] third party use tends to negate the inference … that the mark is widely understood by consumers to refer to [the product at issue]").

29. A "merely descriptive" mark "describes the qualities or characteristics of a good or service." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985). It "'define[s] qualities or characteristics of a product in a straightforward way that requires *no exercise of the imagination to be understood.*'" *Zobmondo Enter.*, 602 F.3d at 1114 (quoting *Entreprenuer Media, Inc. v. Smith*, 279 F.3d 1135, 1141-42 (9th Cir. 2002) (emphasis added)).

30. When the challenged mark is a registered mark, the "putative infringer's

[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN
SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
KEATING DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM

16165128

1  burden is not simply to show that the mark describes a feature of the

2  trademark holder's product; rather, it must show that consumers regard the

3  mark as *merely* descriptive of that product.'" *Zobmondo Enter.*, 602 F.3d at

4  1117 (quoting *Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112,

5  119 (1st Cir. 2006)).

6  31.  Although descriptive marks are not inherently distinctive and are therefore

7      not entitled to automatic trademark protection, "a merely descriptive mark

8      can become protectable if it has acquired disctinctiveness 'as used on or in

9      connection with the applicant's goods in commerce.'" *Zobmondo Enter.*,

10     602 F.3d at 1113 (quoting 15 U.S.C. § 1052(f)). This acquired

11     distinctiveness is referred to as "secondary meaning." *Id.*

12  32.  "Secondary meaning is used generally to indicate that a mark ... 'has come

13     through use to be uniquely associated with a specific source.'" *Quicksilver,*

14     *Inc. v. Kymsta Corp.*, 466 F.3d 749, 760 (9th Cir. 2006) (quoting *Two Pesos,*

15     *Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 766 n.4 (1992)).

16  33.  Determining whether a descriptive mark has secondary meaning requires

17     consideration of (1) whether actual purchasers of the product bearing the

18     claimed trademark associate the trademark with the producer; (2) the degree

19     and manner of advertising under the claimed trademark; (3) the length and

20     manner of use of the claimed trademark; and (4) whether the use of the

21     claimed trademark has been exclusive. *E.g.*, *Yellow Cab Co. of Sacramento*

22     *v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 930 (9th Cir. 2005).

23

24  Dated:

25                          By: _____

26                          Hon. David O. Carter
                            United States District Judge

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
150 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16165128

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 19, 2012, I electronically filed the document described as **[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO KEATING DENTAL ARTS, INC.'S INVALIDITY DEFENSE AND COUNTERCLAIM** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA 92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel: (949) 760-0404
Fax: (949) 760-9502

Jeffrey.vanhoosear@kmob.com
David.jankowski@kmob.com
Lynda.zadra-symes@kmob.com
litigation@kmob.com

Dated: November 19, 2012          SNELL & WILMER L.L.P.

By: *s/Philip J. Graves*
_____
Philip J. Graves
Greer N. Shaw

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba GLIDEWELL LABORATORIES

16139994.1

Certificate of Service
SACV11-01309-DOC (ANx)