# Exhibit 38

Exhibit 38
-486-

**Free Dental Implants** Cosmetic Dentistry Grants. No Fee. Must Be Employed. Apply Now www.cosmeticdentistrygrants.org
**Top Dentist Orange County** Skilled, Experienced & Caring Team Call 714-838-6100 - PPO Accepted www.drmosslehi.com
**Dental Implant $599** Dental Implant Special Call Now 800 331-0724 Free Consult www.SmileImplantCenter.com

AdChoices ▷

Dentists  |  Articles  |  Learn Endo  |  Learn Ortho  |  Courses  |  Free Journals



Patients
General Health
Women & Children
Teeth & Gums
Alt. Therapy
Reiki
Ayurveda
Raw Food
Peace
Links
  Dentists
General
Articles
Materials
Aspiring Dentists
Links
  Doctors
Health Research
Cardiology & Heart
Diseases
Surgery
Links
  General
Internet for Beginners
Free On the Internet
Go to the USA
  Lifestyle
Articles
Poetry
Become a Writer
Quotes
Amazing Facts
Astrology
Links
  Whats New
Contact Us

○ Web  ● This Site
[Google Search]

# CROWNS AND FIXED PROSTHESES: STATE OF THE ART

**Porcelain-fused-to-metal restorations (PFM).** After more than 50 years of successful clinical service and innumerable positive research findings regarding the clinical expectations for these restorations, dentists know and trust PFM restorations for single crowns and fixed prostheses. Research investigations show only a low percentage of failures after years of service in the mouth. PFM restorations have some well-known limitations:

- display of a chalky or metallic appearance at the gingival margins of the restoration when the gingiva recedes (this undesirable characteristic can be reduced by using ceramic margins);
- loss of superficial characterizing stains caused by acidic foods and beverages and the resultant change of the restoration to a lighter color than desirable;
- aggressive wear of opposing dentition or restorations (some ceramics are less aggressive than others);
- occasional chipping or fracture of ceramic from the metal substructure.

Many dentists consider PFM to be the standard of care for tooth-colored crowns and fixed prostheses. See table

**TABLE**

| Types of crowns and fixed prostheses manufactured by Glidewell Laboratories, 1997, 2008 and 2009.* | | | |
|---|---|---|---|
| **TYPE OF CROWN OR FIXED PROSTHESIS** | **PERCENTAGE OF RESTORATIONS MANUFACTURED, ACCORDING TO YEAR (N = 806,000)** | | |
| | **2009** | **2008** | **1997** |
| **Porcelain Fused to Metal** | 58.7 | 64 | 72 |
| **All Ceramic** | 32.5 | 27 | 15 |
| Zirconia-based† | 17.9 | NA‡ | NA |
| Lithium Disilicate§ | 8.9 | NA | NA |
| All Zirconia¶ | 2.9 | NA | NA |
| Leucite-reinforced Ceramic# | 2.6 | NA | NA |
| Aluminous** | 0.2 | NA | NA |
| **All Metal** | 7.0 | 8.0 | 12 |
| **Resin-based Composite** | 1.8 | 1.0 | 1.0 |
| **TOTAL** | 100 | 100 | 100 |

\* Sources: 1997 data: J. Shuck, vice president, Sales and Marketing, Glidewell Laboratories, Newport Beach, Calif., oral communication, May 1998. 2008 data: J. Shuck, vice president, Sales and Marketing, Glidewell Laboratories, oral communication, June 2009. 2009 data: J. Shuck, vice president, Sales and Marketing, Glidewell Laboratories, oral communication, and Darryl Withrow, vice president, Operations, Glidewell Laboratories, oral communication, June 2010.
† Examples are Cercon (Dentsply Ceramco, York, Pa.) and Lava (3M ESPE, St. Paul, Minn.).
‡ NA: Not applicable.
§ The sole such product is IPS e.max (Ivoclar Vivadent, Amherst, N.Y.).
¶ One example is BruxZir (Glidewell Laboratories).
# One example is IPS Empress (Ivoclar Vivadent).
** One example is Vita In-Ceram (Vita Zahnfabrik, Bad Säckingen, Germany).

**Ceramic restorations.** PFM still leads in use, but all-ceramic restorations are growing in popularity. Below is the list and advantages and

GL 216
(page 1 of 3)

GDC00000194

**More Articles**

Dry Socket
Oral Prophylaxis made Easy
Tooth whitening
Teeth Whitening Facts and Myths
Fiber reinforced composites in dentistry
Changing concepts in Class I and II cavity preparation
Latest Research On Dental Pain
Caries Vaccine
Curing lights for composite resins
Fluorosis, epidemiology, indices and treatment
Lasers in Root canal treatment and Endodontics
Abfractions? How they are important in Restorative Dentistry
Preventing dental diseases
Caries Prevention in Children - The Indian Challenge
Mouth Rinsing before dental procedures.
Infection Control Routine for the Dental Clinic
Aids and Dentistry
Dental Journals by Subject
Rational Use of Medicine
Evidence Based Dentistry
Shade selection and Management
Obstructive Sleep Apnea- Do you know about it?
Genetically modified bacteria may prevent cavities - Put you out of Business?
Fiber Reinforced composites
A primer on all composite class materials
Options for esthetic



28 Nov 11, 18:23
jozef: where can i buy a chep light cure?

arvi: hi                    25 Nov 11, 16:06

kishore: http/        23 Nov 11, 10:10
sifaevents.com

kishore: rtgfrt       23 Nov 11, 10:09

kishore: thought and  23 Nov 11, 10:09
qoutes

GigiKent: - I suggest  23 Oct 11, 18:10
you to use
[Switchnode]    refresh
name          e-mail / url
message                    Go

disadvantages

**Zirconia-based all-ceramic restorations.** Most common uses. These restorations are being used for crowns and short fixed prostheses. Eg Cercon, Lava

**Advantages.** This material offers good esthetics, moderate strength and a history of nearly 10 years of clinical use with moderate success (ranging from excellent to poor).22

**Disadvantages.** The process of layering or pressing ceramic over zirconia still is being refined and improved; these restorations have a high cost. Predictions for future use. Zirconia-based restorations and all-zirconia restorations are the only all-ceramic restorations with suitable strength for fixed pros-theses. Refinements in zirconia-based restorations are producing more predictability and clinical success than when they were introduced. Until and if all-zirconia restorations are proven in long-term service to compete with them, zirconia-based restorations will continue to grow in use instead of PFM restorations.

**Lithium disilicate.** Most common uses. Restorations of this material (IPS e-max, Ivoclar Vivadent, Amherst, N.Y.) are being used for single crowns, inlays and onlays made by laboratories or milled in the dental office.

**Advantages.** This material offers excellent esthetics, requires a relatively simple procedure to place, has moderate strength and can be used with conventional cements.

**Disadvantages.** This material can be used only for single-unit restorations; the concept still needs more clinical observation and research Predictions for future use. The beauty of these restorations, as well as the widespread observation among clinicians that this material does not demonstrate significant breakage in single crowns, onlays and inlays, indicate the possibility for continued and expanded use.

**Leucite-reinforced ceramic.** Most common uses. This material (among the many brands of which is IPS Empress [Ivoclar Vivadent]) is being used for single crowns, inlays and onlays made in the laboratory or milled in the dental office.

**Advantages.** This material offers excellent esthetics and is chameleonlike in tooth matching.

**Disadvantages.** It has less strength than current all-ceramic crown materials; restorations must be bonded. Predictions for future use. These beautiful restorations have been used for many years with relative success. However, I find that among the dentists in my continuing education courses, almost all of those who use leucite-reinforced restorations have experienced some failures. If lithium disilicate restorations prove themselves over the next few years for single-unit restorations, they undoubtedly will reduce the use of leucite-reinforced restorations.

**All-ceramic.** Most common uses. Although new and relatively unproven, these restorations are being used for single crowns and short-span fixed prostheses. (Among the many brands of this material is BruxZir, Glidewell Laboratories, Newport Beach, Calif.)

**Advantages.** This material offers strength, is monolithic (has no or minimal external layered ceramic) and leads to only minimal wear of opposing dentition.

**Disadvantages.** This material needs more clinical observation and scientific research to validate its long-term acceptability; it can be monotone and opaque, but improvements are being introduced; numerous clinical studies are in progress, but no published ones are yet available. Predictions for future use. This material needs further research and long-term clinical observation. Until that time, I suggest that clinicians use it

restorations

Immediate and Early loading of Implants

Treatment of Fluorosis Stains

Dental Abfraction

Emergency in a Dental Clinic

Preparation of Root Canal

Placement of gingival restorative margins

Bonding for the New Millennium

Nanodentistry- the Future

Access Cavity Preparation

Access Cavity Preparation - Molars

Mouthwashes

Selection of Analgesics

Fifth generation bonding

Restoration of endodontic teeth

About whitening agents

Caries disclosing agents

Composite polishers

LED curing lights

Recurrent Aphthous Stomatitis

New cavity-fighting agent shows promise

Tooth Loss Linked to Pancreatic Cancer in Smokers

2-min brush helps achieve cleaner teeth: Study

Snoring can kill

Gum disease raises death risk in diabetics: study

Brushing Right After Drinking Soda may Harm Teeth

What are Giomers

Benefits of Pre-procedural mouth rinsing?

To Bond Or not to Bond Amalgam

Flowable Composites

GL 216
(page 2 of 3)

Exhibit 38
-488-

GDC00000195

cautiously, but it appears to be a promising challenger.

Sitemap

**Metal (gold alloy) restorations**. Most common uses. I have polled large groups of dentists concerning their feelings about use of cast gold alloy restorations, and as a group they are positive about the continuing long-term success and continued use of these restorations. The most accepted and promoted uses for all-metal full crowns are on first and second maxillary molars and mandibular first molars, as well as inlays and onlays on all posterior teeth.

**Advantages.** This material offers strength; low wear of opposing teeth; long-term service.

**Disadvantages.** This material has a high cost and a nonesthetic color.



PAGE PROTECTED BY COPYSCAPE  DO NOT COPY

©2008-2013, Healthmantra.com. All Rights Reserved.

GL 216
(page 3 of 3)

GDC00000196

# Exhibit 39

Exhibit 39
-490-

1  J. MARK HOLLAND (140453)
2  **J. MARK HOLLAND & ASSOCIATES**
   a Professional Law Corporation
3  3 San Joaquin Plaza, Suite 210
   Newport Beach, CA  92660
4  Telephone:  (949) 718-6750
   Facsimile:  (949) 718-6756
5  Email: office@jmhlaw.com

6  Attorneys for Defendant and Counterclaim Plaintiff
   KEATING DENTAL ARTS, INC.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   SOUTHERN DIVISION

11
   JAMES R. GLIDEWELL DENTAL         )
12 CERAMICS, INC., DBA               )
   GLIDEWELL LABORATORIES,           )
13 a California corporation,         )
                                     )
14      Plaintiff,                   )   Civil Action No.
                                     )   SA-CV-ll-01309-DOC(ANx)
15      vs.                          )
                                     )
16 KEATING DENTAL ARTS, INC.,        )   **DEFENDANT/**
   a California corporation,         )   **COUNTERCLAIM PLAINTIFF'S**
17                                   )   **RESPONSE TO PLAINTIFF/**
        Defendants.                  )   **COUNTERCLAIM**
18 _____  )   **DEFENDANT'S FIRST**
                                     )   **REQUEST FOR PRODUCTION**
19 KEATING DENTAL ARTS, INC.         )   **OF DOCUMENTS AND THINGS**
   a California corporation,         )   **NOS. 1-42**
20                                   )
        Counterclaim-Plaintiff,      )
21                                   )
        vs.                          )
22                                   )
   JAMES R. GLIDEWELL DENTAL         )
23 CERAMICS, INC., DBA               )
   GLIDEWELL LABORATORIES,           )
24 a California corporation, and     )
   DOES 1 THROUGH 5, inclusive,      )
25                                   )
        Counterclaim-Defendants.     )
26                                   )

27

28

PROPOUNDING PARTY:        GLIDEWELL DENTAL CERAMICS, INC

RESPONDING PARTY:         KEATING DENTAL ARTS, INC

SET NUMBER:               ONE

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rules of Civil Procedure, Rule 33, Defendant, KEATING DENTAL ARTS, INC. (Defendant) hereby responds to the above-referenced inspection demand as follows:

## GENERAL OBJECTIONS AND REMARKS

The following apply to these responses, and **all responses below are subject to these objections and remarks**:

1.      Many of the requests appear to request documents and things that, if not identical, are similar and/or overlap (for example, see Requests 11-14).  For such situations, although Defendant intends to make a good faith effort to identify the two or more Requests to which the documents and things may be responsive, Defendant does not intend to produce the SAME documents and things more than once.  Among other things, this is intended to avoid duplication of documents and things, and to reduce the discovery burden for all parties.

2.      Examples of such things as described in the preceding paragraph are summaries of sales of various of Defendant's products, materials related to trademark searches and opinions, and promotional materials.  To the extent that any such materials are produced and inadvertently not identified as relating to any particular Request, Defendant reserves the right to correct that identification as such time as Defendant becomes aware of same and/or such correction becomes necessary, desirable, or otherwise appropriate.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                          2

-492-

3.     Discovery and investigation are continuing, and Defendant reserves the right to supplement this response at a later time.

4.     Defendant and its attorneys have not completed their discovery or preparation for trial, nor have they concluded their analysis of information gathered to date.  Consequently, Defendant's responses and objections to this discovery request are based upon information which is presently available to it and its attorneys.  Defendant makes these responses and objections to this discovery request without prejudice to its rights to (a) identify and produce evidence of any and all subsequently discovered facts, (b) to modify these responses at a later date that is consistent with the Federal Rules of Civil Procedure, the local rules of this district, and any Scheduling Order entered by this Court, and (c) raise additional objections as Defendant may become aware of same and as may be permitted by relevant law and rules.

5.     Defendant objects to these requests, and to each and every request, to the extent that it calls for the production/disclosure of confidential documents/information involving trade secrets or other proprietary or confidential information.  Defendant has previously advised Plaintiff that Defendant intends to utilize the Confidentiality Order entered in this lawsuit to designate such materials, and to otherwise avail itself of the protections afforded thereby.

6.     Defendant objects to these requests, and to each and every request, to the extent that it is not reasonably limited in scope or in time.

7.     Defendant objects to these requests, and to each and every request, to the extent that it is not reasonably particular from the standpoint of the responding party, and/or not bearing a sufficient relationship to the manner in which records are kept, thereby requiring responding party to determine, at the risk of sanctions, which of its records fit a demand that requests everything fitting a specific topic or broad description.

8.     Defendant objects to these requests, and to each and every request, to the extent that the request is oppressive and burdensome because it is vague, ambiguous, and/or unintelligible so as to make a response impossible without speculation as to the meaning of the request.

9.     Defendant objects to these requests, and to each and every request, to the extent that it is unduly broad, unduly burdensome, and oppressive insofar as it calls for "all" and/or "each" and/or "every" possible matter and/or related piece of evidence or information, when a more limited request is all that might be relevant to the subject matter of the within litigation.

10.     Defendant objects to these requests, and to each and every request, to the extent that they are unduly burdensome in view of (a) their likely benefit, (b) the needs of the case, (c) the amount in controversy, (d) the parties' resources, and/or (e) the importance of the issues at stake.

11.     Defendant objects to these requests, and to each and every request, to the extent that it violates the attorney-client and attorney work product privileges (and/or any other relevant privilege) and therefore is protected from disclosure.

12.     Defendant objects to these requests, and to each and every request, to the extent that collectively they exceed the discovery limits that may be applicable under relevant law and/or rule.

13.     Defendant objects to these requests, and to each and every request, to the extent that they request information that is irrelevant and/or is not reasonably calculated to lead to the discovery of admissible evidence.

14.     Defendant objects to these requests, and to each and every request, to the extent that they seek information that is unreasonably cumulative or duplicative or obtainable from Plaintiff's own files and/or from some other source that is more convenient, less burdensome, or less expensive.

1    15.    Defendant objects to these requests, and to each and every request, to

2  the extent that they seek documents that already have been made of record in this

3  lawsuit (in the previous filings by the parties and/or via Defendant's previous

4  discovery responses) and/or are as readily discoverable by Plaintiff from

5  reviewing its own documents and things

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS DOCUMENTS AND THINGS, SET ONE

REQUEST NO. 1:

All DOCUMENTS and THINGS RELATING TO the selection of the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

ALSO, please see responses to Request Nos. 7, 26, and others below.

REQUEST NO. 2:

All DOCUMENTS and THINGS RELATING TO the adoption of the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

ALSO, please see responses to Request Nos. 7, 26, and others below.

REQUEST NO. 3:

All DOCUMENTS and THINGS RELATING TO all uses of the designation KDZ BRUXER by the DEFENDANT.

1  RESPONSE:

2  Subject to the objections and remarks set forth above, and to the extent that any

3  such non-privileged documents and/or things exist and can be located through

4  reasonable efforts, responsive documents and/or things will be produced.

5

6  ALSO, please see response to Request No. 6 below.

7

8  REQUEST NO. 4:

9      All DOCUMENTS and THINGS RELATING TO all proposed uses of the

10  designation KDZ BRUXER by the DEFENDANT.

11 RESPONSE:

12 Subject to the objections and remarks set forth above, and to the extent that any

13 such non-privileged documents and/or things exist and can be located through

14 reasonable efforts, responsive documents and/or things will be produced.

15

16 ALSO, please see response to Request No. 6 below.

17

18 REQUEST NO. 5:

19     All DOCUMENTS and THINGS RELATING TO all GOODS OFFERED

20 FOR SALE under the designation KDZ BRUXER by the DEFENDANT.

21 RESPONSE:

22 Subject to the objections and remarks set forth above, and to the extent that any

23 such non-privileged documents and/or things exist and can be located through

24 reasonable efforts, responsive documents and/or things will be produced.

25

26 ALSO, please see response to Request No. 6 below.

27

28

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                                    7

REQUEST NO. 6:

All DOCUMENTS and THINGS RELATING TO all proposed GOODS OFFERED FOR SALE under the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

In addition to the general objections and remarks set forth above, Defendant specifically objects to this request as being vague, oxymoronic, and incomprehensible, as to "proposed GOODS OFFERED FOR SALE" (if GOODS have been OFFERED FOR SALE, how can they be only PROPOSED?).  In a show of good faith, Defendant's response will be based on the goods that Defendant HAS offered for sale.

REQUEST NO. 7:

All DOCUMENTS and THINGS RELATING TO U.S. Patent and Trademark Filings for KDZ BRUXER filed by DEFENDANT with the U.S. Patent & Trademark Office on April 5, 2011, including but not limited to, all DOCUMENTS and THINGS (a) relied upon by the DEFENDANT to prepare the trademark filing, (b) formed the basis for the statements made by the DEFENDANT in the trademark filing, and (c) RELATING TO communications that lead [sic] to the filing of the KDZ BRUXER Application by DEFENDANT.

RESPONSE:

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                8

-498-

1   Subject to the objections and remarks set forth above, and to the extent that any

2   such non-privileged documents and/or things exist and can be located through

3   reasonable efforts, responsive documents and/or things will be produced.

4

5   In addition to the general objections and remarks set forth above, Defendant

6   specifically objects to this request to the extent that it calls for documents and/or

7   things that are protected by the attorney/client privilege.

8

9   REQUEST NO. 8

10      All DOCUMENTS and THINGS RELATING TO all communications

11   concerning the use of the designation KDZ BRUXER, including variations

12   thereof, between the DEFENDANT and any third party.

13   RESPONSE:

14   Subject to the objections and remarks set forth above, and to the extent that any

15   such non-privileged documents and/or things exist and can be located through

16   reasonable efforts, responsive documents and/or things will be produced.

17

18   In addition to the general objections and remarks set forth above, Defendant

19   specifically objects to this request as being vague, overbroad, and unduly

20   burdensome.  Among other things, "variations thereof" is unclear as to its scope,

21   and "all communications" with "any third party" are so broad as to be unduly

22   burdensome and to encompass attorney/client privileged communications.

23

24   REQUEST NO. 9

25      All DOCUMENTS and THINGS RELATING TO all AGREEMENTS

26   concerning any use of KDZ BRUXER, including variations thereof, between the

27   DEFENDANT and any third party.

28

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42   Exhibit 39                          9

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts (other than Defendant's placement of advertising with third parties, which is the subject of other pending requests to which Defendant is responding as indicated elsewhere herein, such as in responses to Request Nos. 10 and 14 herein).

REQUEST NO. 10

All DOCUMENTS and THINGS RELATING TO all AGREEMENTS concerning any GOODS OFFERED FOR SALE under the designation KDZ BRUXER between the DEFENDANT and any third party.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 11

All DOCUMENTS and THINGS RELATING TO all OFFERS OF SALE by any entity other than DEFENDANT for GOODS under the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts.

REQUEST NO. 12

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39      10

Representative specimens of all PROMOTIONAL MATERIALS RELATING TO any GOODS OFFERED FOR SALE under the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 13

All DOCUMENTS and THINGS RELATING TO PROMOTIONAL MATERIALS used in connection with any GOODS OFFERED FOR SALE under the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 14

All DOCUMENTS and THINGS RELATING TO PROMOTIONAL MATERIALS that have been proposed to be used in connection with any SERVICE OFFERED FOR SALE under the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                                    11

-501-

1   REQUEST NO. 15

2        A representative specimen of each and every use made of the designation

3   KDZ BRUXER by the DEFENDANT, including, but not limited to, a

4   representative specimen of each GOOD provided, including its brochure,

5   PROMOTIONAL MATERIALS, advertising, or accompanying material, sold

6   under the designation KDZ BRUXER.

7   RESPONSE:

8   Subject to the objections and remarks set forth above, and to the extent that any

9   such non-privileged documents and/or things exist and can be located through

10  reasonable efforts, responsive documents and/or things will be produced.

11

12  REQUEST NO. 16

13       A representative specimen of each and every proposed use of the

14  designation KDZ BRUXER by the DEFENDANT, including, but not limited to, a

15  representative specimen of each GOOD provided, including its packaging or

16  accompanying material, sold under the designation KDZ BRUXER.

17  RESPONSE:

18  Subject to the objections and remarks set forth above, and to the extent that any

19  such non-privileged documents and/or things exist and can be located through

20  reasonable efforts, responsive documents and/or things will be produced.

21

22  In addition to the general objections and remarks set forth above, Defendant

23  specifically objects to this request as being vague, oxymoronic, and

24  incomprehensible, as to "proposed use" (if the use is PROPOSED instead of

25  ACTUAL, how can there be any "representative specimen of each GOOD

26  provided, including its packaging or accompanying material, sold under the

27

28  DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
    DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
    DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                    12

1  designation KDZ BRUXER"?).  In a show of good faith, Defendant's response

2  will be based on the goods that Defendant HAS offered for sale.

3

4  REQUEST NO. 17

5          All DOCUMENTS and THINGS RELATING TO all controls (e.g. type,

6  quality, etc.) over the SERVICES OFFERED FOR SALE under the designation

7  KDZ BRUXER by the DEFENDANT.

8  RESPONSE:

9  Subject to the objections and remarks set forth above, and as the request is

10  presently understood, no such relevant documents and/or things could be located

11  through Defendant's reasonable efforts.

12

13  REQUEST NO. 18

14          All DOCUMENTS and THINGS RELATING TO all controls (e.g., type,

15  quality, etc.) over the GOODS proposed to be OFFERED FOR SALE under the

16  designation KDZ BRUXER by the DEFENDANT.

17  RESPONSE:

18  Subject to the objections and remarks set forth above, and to the extent that any

19  such non-privileged documents and/or things exist and can be located through

20  reasonable efforts, responsive documents and/or things will be produced.

21

22  REQUEST NO. 19

23          All DOCUMENTS and THINGS RELATING TO any likelihood of

24  confusion between KDZ BRUXER and any other designation.

25

26

27

28  DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                13

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

In addition, Defendant objects to the phrase "any other designation" as being vague and ambiguous, especially when combined (as Plaintiff has done in this Request) with the legal concept/conclusion of "likelihood of confusion".  As previously noted, Defendant does not believe that there IS any "likelihood of confusion" as between the parties' trademarks that are at issue in this lawsuit.  In a show of good faith, Defendant intends to produce records of any and all communications received by Defendant that include the term BRUXIR, BRUXZER, and/or BRUXZIR, along with documents and things that confirm that the inclusion of those terms are not evidence of any "confusion" by the customers (dentists) ordering Defendant's products.  Among other things, these additional documents and things confirm facts such as:

    a) The source of those communications were virtually all existing customers of Defendant,

    b) Virtually all of those communications were made on Defendant's Rx form,

    c) All or virtually all of those communications were sent to Defendant using Defendant's UPS shipping label/number,

    d) All or virtually all of those communications were sent to Defendant after having called Defendant to arrange a pickup of the order by UPS,

    e) Many clearly used the term BRUXZIR generically, such as by writing the phrase "BRUXZIR or equivalent" or "BRUXZIR or similar", and

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                                                    14

f) 100% of those customers both (1) knew that they were contacting Defendant and (2) intended to order a full contour zirconia product from Defendant,

Please see also Defendant's response to Request No. 30 below.

REQUEST NO. 20

All DOCUMENTS and THINGS having any opinions RELATING TO the availability of use of the designation KDZ BRUXER by the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 21

All DOCUMENTS and THINGS RELATING TO the value of the designation KDZ BRUXER to the DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts.

REQUEST NO. 22

All DOCUMENTS and THINGS RELATING TO the value of any goodwill for the DEFENDANT alleged to be associated with the designation KDZ BRUXER.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                                      15

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts.

REQUEST NO. 23

All DOCUMENTS and THINGS RELATING TO the expenditures made by the DEFENDANT to promote GOODS under the designation KDZ BRUXER including, but not limited to, all summaries of such expenditures.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, relevant responsive information already has been produced as part of Defendant's earlier response to Plaintiff's First Interrogatories.  If Plaintiff desires additional materials, Defendant will consider such a request, but absent same, Defendant respectfully submits that the previous responses were sufficient.

REQUEST NO. 24

All summaries of expenditures made by the DEFENDANT to promote GOODS sold by the DEFENDANT under the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, relevant responsive information already has been produced as part of Defendant's earlier response to Plaintiff's First Interrogatories.  If Plaintiff desires additional materials, Defendant will consider such a request, but absent same, Defendant respectfully submits that the previous responses were sufficient.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                          16

-506-

REQUEST NO. 25

All DOCUMENTS and THINGS summarizing the dollar volume of sales by the DEFENDANT of all GOODS sold by the DEFENDANT under the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, relevant responsive information already has been produced as part of Defendant's earlier response to Plaintiff's First Interrogatories.  If Plaintiff desires additional materials, Defendant will consider such a request, but absent same, Defendant respectfully submits that the previous responses were sufficient.

REQUEST NO. 26:

All DOCUMENTS and THINGS RELATING TO the first use, including its creation, adoption, and alleged first use in commerce of the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 27:

All DOCUMENTS and THINGS RELATING TO any plan by the DEFENDANT to expand (e.g., geographically, lines of PRODUCTS, etc.) its OFFER OF GOODS FOR SALE under the designation KDZ BRUXER.

RESPONSE:

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                                                17

Subject to the objections and remarks set forth above, and as the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts.

REQUEST NO. 28:

All DOCUMENTS and THINGS RELATING TO any trademark search conducted by the DEFENDANT RELATING TO the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 29:

All DOCUMENTS and THINGS RELATING TO any study concerning the designation KDZ BRUXER including, but not limited to marketing study, focus group study, poll, survey, etc.

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is presently understood, no such relevant documents and/or things could be located through Defendant's reasonable efforts.

REQUEST NO. 30:

All DOCUMENTS and THINGS RELATING TO any instance of actual confusion in connection with the use of the designation KDZ BRUXER.

RESPONSE:

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42    Exhibit 39                                    18

1   Subject to the objections and remarks set forth above, and to the extent that any

2   such non-privileged documents and/or things exist and can be located through

3   reasonable efforts, responsive documents and/or things will be produced.

4

5   As indicated in Response to Request No. 19 above, Defendant does not believe

6   that there IS any "likelihood of confusion" as between the parties' trademarks that

7   are at issue in this lawsuit, and Defendant also is not aware of any "actual

8   confusion."  In a show of good faith, Defendant intends to produce records of any

9   and all communications received by Defendant that include the term BRUXIR,

10   BRUXZER, and/or BRUXZIR, along with documents and things that confirm that

11   the inclusion of those terms are not evidence of any "confusion" by the customers

12   (dentists) ordering Defendant's products.  Among other things, these additional

13   documents and things confirm facts such as:

14

15   a) The source of those communications were virtually all existing customers of

16      Defendant,

17   b) Virtually all of those communications were made on Defendant's Rx form,

18   c) All or virtually all of those communications were sent to Defendant using

19      Defendant's UPS shipping label/number,

20   d) All or virtually all of those communications were sent to Defendant after

21      having called Defendant to arrange a pickup of the order by UPS,

22   e) Many clearly used the term BRUXZIR generically, such as by writing the

23      phrase "BRUXZIR or equivalent" or "BRUXZIR or similar", and

24   f) 100% of those customers both (1) knew that they were contacting

25      Defendant and (2) intended to order a full contour zirconia product from

26      Defendant,

27

28   DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
    DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
    DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                                    19

Please see also Defendant's response to Request No. 19 above.

REQUEST NO. 31:

All DOCUMENTS and THINGS RELATING TO the DEFENDANT 'S first
knowledge of the PLAINTIFF.

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is
presently understood, no such relevant documents and/or things could be located
through Defendant's reasonable efforts.

In addition, Defendant objects to the phrase "knowledge of the Plaintiff" as being
ambiguous and/or irrelevant.  In a show of good faith, Defendant acknowledges
that, at the time of Defendant's founding circa 2002, at least certain of
Defendant's corporate officers "knew" of the existence of Plaintiff.

REQUEST NO. 32:

All DOCUMENTS and THINGS RELATING TO all customers' feedback
(e.g., complaints, comments, or claims for relief) concerning GOODS that have
been sold by the DEFENDANT under the designation KDZ BRUXER.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any
such non-privileged documents and/or things exist and can be located through
reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 33:

All DOCUMENTS and THINGS that identify the purchases of the
DEFENDANT'S  GOODS OFFERED FOR SALE under the designation KDZ

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                                        20

BRUXER, including, but not limited to, information relating to the location of
each branch, store, etc. where the GOODS are OFFERED FOR SALE.

RESPONSE:

Subject to the objections and remarks set forth above, Defendant notes that the
request is so broad as to potentially include information whose disclosure is
prohibited by HIPPA restrictions and guidelines and/or other laws and regulations.
For example, as currently understood, the request may encompass documents and
things that could disclose the name of the dentist and/or the dentist's patient, the
particular tooth and treatment being undertaken, etc.  In a show of good faith,
Defendant notes that Defendant's KDZ BRUXER product is only offered for sale
by Defendant, and that there are no "branches, stores, etc." besides Defendant's
home office in Irvine, California.


REQUEST NO. 34:

All DOCUMENTS and THINGS that support any of the allegations made
by the DEFENDANT in its Answer to the Complaint filed in this Action by
PLAINTIFF.

RESPONSE:

Subject to the objections and remarks set forth above, Defendant notes that
extensive quantities and types of materials already have been made of record in
Defendant's filings with the Court (served on Plaintiff), and Defendant does not
intend to repeat production of those materials.  In addition, Defendant objects to
the request as being overbroad and premature; discovery and review and analysis
of the issues and supporting "documents and things" is ongoing, and Defendant
expressly reserves the right to produce further responsive documents and things as
they may become available and/or as Defendant becomes aware of their relevance
to the present lawsuit.

REQUEST NO. 35:

All DOCUMENTS and THINGS that have been relied upon to provide any
of the DEFENDANT'S answers to PLAINTIFF'S First Set of Interrogatories to the
DEFENDANT.

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any
such non-privileged documents and/or things exist and can be located through
reasonable efforts, responsive documents and/or things will be produced.

REQUEST NO. 36:

All DOCUMENTS and THINGS relating to communications between
DEFENDANT Keating and PLAINTIFF Glidewell.

RESPONSE:

Subject to the objections and remarks set forth above, and as the request is
presently understood, no such non-privileged relevant documents and/or things
could be located through Defendant's reasonable efforts.  Among other things,
Defendant notes that the only responsive documents of which Defendant is aware
already have been made of record in this lawsuit (in the previous filings by the
parties) and/or are as readily discoverable by Plaintiff from reviewing its own
documents and things.

REQUEST NO. 37:

All DOCUMENTS and THINGS relating to communications between
DEFENDANT Keating and current or past employees of PLAINTIFF Glidewell.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS AND THINGS NOS. 1-42  Exhibit 39                                              22

RESPONSE

Defendant is not aware of the identity of all of Plaintiff's current or past employees, and therefore cannot respond to this request. If Plaintiff will produce a list of such employees, Defendant will undertake reasonable efforts to further respond to this request. Defendant further specifically objects to this Request as calling for information that is neither relevant to the matters at issue nor likely to lead to the discovery of relevant information.

REQUEST NO. 38:

All DOCUMENTS and THINGS relating to communications between DEFENDANT Keating and current or past customers of PLAINTIFF Glidewell.

RESPONSE:

Defendant is not aware of the identity of Plaintiff's current or past customers, and therefore cannot respond to this request. If Plaintiff will produce a list of such customers, Defendant will undertake reasonable efforts to further respond to this request.

REQUEST NO. 39:

All DOCUMENTS and THINGS relating to communications between DEFENDANT Keating and current or past distributors of PLAJNTIFF Glidewell's products or services.

RESPONSE:

Defendant is not aware of the identity of Plaintiff's current or past distributors, and therefore cannot respond to this request. If Plaintiff will produce a list of such distributors, Defendant will undertake reasonable efforts to further respond to this request.

REQUEST NO. 40:

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                      23

1
2
3

All DOCUMENTS and THINGS relating to communications between DEFENDANT Keating and all third parties on the subjects of PLAINTIFF Glidewell, Glidewell's  trademarks or Glidewell 's products or services.

4

RESPONSE:

5
6
7

Subject to the objections and remarks set forth above, and as the request is presently understood, no such non-privileged relevant documents and/or things could be located through Defendant's reasonable efforts.

8
9
10
11

In addition, Defendant objects to the scope of the Request, as being overbroad, unduly burdensome, and calling for information that is neither relevant to the matters at issue nor likely to lead to the discovery of relevant information.

12
13

REQUEST NO. 41:

14
15

All DOCUMENTS relating to any form of insurance upon which DEFENDANT Keating has made a claim relating to this Action.

16

RESPONSE:

17
18
19
20

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

21

REQUEST NO. 42:

22
23
24
25

ALL DOCUMENTS and things pertaining to DEFENDANT Keating's purchase of materials from third parties that are used in the production of any products sold under the KDZ BRUXER trademark.

26
27
28

RESPONSE:

Subject to the objections and remarks set forth above, and to the extent that any such non-privileged documents and/or things exist and can be located through reasonable efforts, responsive documents and/or things will be produced.

Dated:  2012-05-18                    /J. Mark Holland/
                                      J. Mark Holland
                                      **J. MARK HOLLAND & ASSOCIATES**
                                      Attorney for Defendant and Counterclaim
                                      KEATING DENTAL ARTS, INC., a
                                      California corporation

\\Big12\z\Winword\KEATI\L3844\Discovery\KEATI_Response_to_First_RFP_01.doc

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                    25

1

2
## PROOF OF SERVICE

3
   I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 3 San Joaquin Plaza, Suite 210, Newport Beach, California 92660.

4

5
   On the date indicated below, I served the following documents (described as DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42) on all other parties and/or their attorney(s) of record to this action, as listed here:

6

7

8
   Attorneys for Plaintiff JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES:

9

10
Leonard Tachner, Esq.          Email: tachlaw@aol.com
17961 Sky Park Circle, Suite 38-E   Telephone: 949-752-8525
Irvine, California  92614          Facsimile: 949-955-2415

11

12
   I accomplished this service as indicated below:

13
   [ ] (BY MAIL)      I am readily familiar with the business practice for collection and

14
processing of correspondence for mailing with the United States Postal Service. By placing a true copy thereof in a sealed envelope, addressed to the person at the address set forth above by postage prepaid United States First Class mail, which envelope shall be deposited with the

15
United States Postal Service this same day in the ordinary course of business at our Firm's office address in Newport Beach, California.

16
   [ ] (BY OVERNIGHT DELIVERY SERVICE)    I served the foregoing document by

17
Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the

18
express service carrier, addressed to each interested party as set forth above, and I paid or provided for payment of the fees for overnight delivery.

19
   [ ] (BY FACSIMILE)      I caused such documents to be delivered via facsimile to the

20
offices of the addressee(s) at the indicated fax numbers.
   [ X ] (BY EMAIL) I caused such documents to be delivered via email to the offices of

21
the addressee(s) at the indicated email addresses.
   [ ] (BY PERSONAL SERVICE) I caused such document(s) to be delivered by hand to

22
the addressee(s).

23
   I declare under penalty of perjury under the laws of the State of California that the

24
foregoing is true and correct.
   Executed on May 18, 2012, at Newport Beach, California.

25
/J. Mark Holland/

26
J. Mark Holland

27

28

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS NOS. 1-42 Exhibit 39                               26