# Exhibit 81

Exhibit 81
-1598-

1  J. MARK HOLLAND (140453)
2  **J. MARK HOLLAND & ASSOCIATES**
   a Professional Law Corporation
3  3 San Joaquin Plaza, Suite 210
   Newport Beach, CA  92660
4  Telephone:  (949) 718-6750
   Facsimile:  (949) 718-6756
5  Email: office@jmhlaw.com

6  Attorneys for Defendant and Counterclaim Plaintiff
   KEATING DENTAL ARTS, INC.

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    SOUTHERN DIVISION

11  JAMES R. GLIDEWELL DENTAL          )
    CERAMICS, INC., DBA                )
12  GLIDEWELL LABORATORIES,            )
    a California corporation,          )
13                                     )
14          Plaintiff,                 )
                                       )        Civil Action No.
15          vs.                        )        SA-CV-ll-01309-DOC(ANx)
                                       )
16  KEATING DENTAL ARTS, INC.,         )        **DEFENDANT/**
    a California corporation,          )        **COUNTERCLAIM PLAINTIFF'S**
17                                     )        **RESPONSE TO PLAINTIFF/**
            Defendants.                )        **COUNTERCLAIM**
18  _____)        **DEFENDANT'S FIRST SET OF**
19  KEATING DENTAL ARTS, INC.          )        **INTERROGATORIES NOS. 1-25**
    a California corporation,          )
20                                     )
            Counterclaim-Plaintiff,    )
21                                     )
            vs.                        )
22                                     )
    JAMES R. GLIDEWELL DENTAL          )
23  CERAMICS, INC., DBA                )
    GLIDEWELL LABORATORIES,            )
24  a California corporation, and      )
    DOES 1 THROUGH 5, inclusive,       )
25                                     )
            Counterclaim-Defendants.   )
26

27

28

PROPOUNDING PARTY:        GLIDEWELL DENTAL CERAMICS, INC

RESPONDING PARTY:          KEATING DENTAL ARTS, INC

SET NUMBER:                        ONE

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF

RECORD:

Pursuant to Federal Rules of Civil Procedure, Rule 33, Defendant,

KEATING DENTAL ARTS, INC. (Defendant) hereby responds to the above

referenced Interrogatories as follows:

## GENERAL OBJECTIONS AND REMARKS

The following apply to these responses, and **all responses below are subject to**

**these objections and remarks**:

1.      Discovery and investigation are continuing, and Defendant reserves

the right to supplement this response at a later time.

2.      Defendant and its attorneys have not completed their discovery or

preparation for trial, nor have they concluded their analysis of information

gathered to date.  Consequently, Defendant's responses and objections to this

discovery request are based upon information which is presently available to it and

its attorneys.  Defendant makes these responses and objections to this discovery

request without prejudice to its rights to (a) identify and produce evidence of any

and all subsequently discovered facts, (b) to modify these responses at a later date

that is consistent with the Federal Rules of Civil Procedure, the local rules of this

district, and any Scheduling Order entered by this Court, and (c) raise additional

objections as Defendant may become aware of same and as may be permitted by

relevant law and rules.

3.      Defendant objects to these interrogatories, and to each and every

interrogatory, to the extent that it calls for the production/disclosure of

confidential documents/information involving trade secrets or other proprietary or confidential information.

4.     Defendant objects to these interrogatories, and to each and every interrogatory, to the extent that it is not reasonably limited in scope or in time.

5.     Defendant objects to these interrogatories, and to each and every interrogatory, to the extent that it is not reasonably particular from the standpoint of the responding party, and/or not bearing a sufficient relationship to the manner in which records are kept, thereby requiring responding party to determine, at the risk of sanctions, which of its records fit a demand that requests everything fitting a specific topic or broad description.

6.     Defendant objects to these interrogatories, and to each and every interrogatory, to the extent that the request is oppressive and burdensome because it is vague, ambiguous, and/or unintelligible so as to make a response impossible without speculation as to the meaning of the interrogatory.

7.     Defendant objects to these interrogatories, and to each and every interrogatory, to the extent that it is unduly broad, unduly burdensome, and oppressive insofar as it calls for "all" and/or "each" and/or "every" possible matter and/or related piece of evidence or information, when a more limited request is all that might be relevant to the subject matter of the within litigation.

8.     Defendant objects to these interrogatories, and to each and every interrogatory, to the extent that they are unduly burdensome in view of (a) their likely benefit, (b) the needs of the case, (c) the amount in controversy, (d) the parties' resources, and/or (e) the importance of the issues at stake.

9.     Defendant objects to these interrogatories, and to each and every interrogatory, to the extent that it violates the attorney-client and attorney work product privileges (and/or any other relevant privilege) and therefore is protected from disclosure.

10.   Defendant objects to these interrogatories, and to each and every interrogatory, to the extent that collectively they exceed the discovery limits that may be applicable under relevant law and/or rule.

11.   Defendant objects to these interrogatories, and to each and every interrogatory, to the extent that they request information that is irrelevant and/or is not reasonably calculated to lead to the discovery of admissible evidence.

12.   Defendant objects to these interrogatories, and to each and every interrogatory, to the extent that they seek information that is unreasonably cumulative or duplicative or obtainable from some other source that is more convenient, less burdensome, or less expensive.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                                   4

Exhibit 81
-1602-

**RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE**

INTERROGATORY NO. 1

Please provide contact information including name, title, last known address and telephone number ("CONTACT INFORMATION") for all persons, who the DEFENDANT believes to be knowledgeable of any fact(s) relevant to this Action, including, without limitation, all former employees, current employees, officers, directors, agents, attorneys, licensees, licensors, shareholders, customers, consultants ("PERSONS") of the DEFENDANT, including its predecessors, successors, or entities which are or have been under common ownership or control in any manner with the DEFENDANT, entities that have granted or assigned rights to the DEFENDANT for the designation KDZ BRUXER, and third parties.

RESPONSE:

The contact information relevant to the persons listed below, and applicable to this response and all following responses in which one or more of these persons is listed, is as follows:

| Address | KEATING DENTAL ARTS, INC. |
| | 16881 Hale Ave. |
| | Irvine, CA, 92606 |
| Phone | (949) 955-2100 |

Shaun Keating, President and CEO

Diane Mallos, CFO

Patrick Ramsey, Director of Operations

Jim McEachern, Laboratory Manager

Bob Brandon, General Manager

INTERROGATORY NO. 2

Please provide CONTACT INFORMATION for the PERSONS most knowledgeable about the goods of the DEFENDANT recited in U.S. Application Serial No. 85/287,029.

RESPONSE:

Shaun Keating

INTERROGATORY NO. 3

Please provide CONTACT INFORMATION for the PERSONS most knowledgeable about the controls, if any, which are placed over the quality of goods that have been offered for sale by the DEFENDANT under the designation KDZ BRUXER.

RESPONSE:

Bob Brandon, Jim McEachern, Linda Morgan

INTERROGATORY NO. 4

Please provide CONTACT INFORMATION for the PERSONS most knowledgeable about the DEFENDANT'S advertising and promotional activities under the designation KDZ BRUXER.

RESPONSE:

Shaun Keating, Pete Murphy

INTERROGATORY NO. 5

Please provide CONTACT INFORMATION for the PERSONS most knowledgeable about the intentions of the DEFENDANT for use of the designation KDZ BRUXER.

RESPONSE:

Shaun Keating

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                6

Exhibit 81
-1604-

INTERROGATORY NO. 6

Please identify all products and services that have ever been offered for sale by the DEFENDANT under the designation KDZ BRUXER.

RESPONSE:

Full contour zirconia-based restorations.


INTERROGATORY NO. 7

Please describe in detail the first instance when the DEFENDANT became aware of the use of the designation BRUXZIR by PLAINTIFF.

RESPONSE:

After a reasonable effort and review of information reasonably available to Defendant, Defendant is not certain as to as to when the "first instance" occurred, nor the requested "detail" regarding the exact instance or date.


INTERROGATORY NO. 8

Please identify all uses ever made by any party of the designation BRUXER known to the DEFENDANT.

RESPONSE:

a) all of the examples of uses that are listed in the materials Defendant filed in connection with its recent Motion for Partial Summary Judgment, including uses by Plaintiff

b) doctors use "bruxer" in telephone conversations

c) doctors write the word "bruxer" on prescriptions

d) dental marketing materials and dental office pamphlets (particularly pamphlets on TMJ and occlusal wear) use the term "bruxer"

e) dental textbooks use "bruxer"

f) dental journals use "bruxer"

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25      7

EXHIBIT 1
-1605-

g) use in the public domain (written and spoken language)

h) companies and products and businesses that use "bruxer" can be located on the Internet, for example, by searching "bruxer" in a search engine. That search on Google returned about 36,000 results, including those shown here:

About 36,000 results (0.11 seconds)

Search Results

**World Wide Words: Bruxer**
www.worldwidewords.org/weirdwords/ww-bru1.htm
Jun 26, 1999 – A bruxer habitually and involuntarily grinds their teeth. You may be one of these, since it's been estimated that about one in four people do so.

**Bruxism - Wikipedia, the free encyclopedia**
en.wikipedia.org/wiki/Bruxism
Most (but not all) bruxism includes clenching force provided by masseter and temporalis muscle groups, but some bruxers clench and grind front teeth only, ...
Causes - Signs - Symptoms - Sequelae

**Are you a Bruxer? | Philadelphia Independent Media Center**
www.phillyimc.org/en/are-you-bruxer
Sep 21, 2009 – Research papers from recent studies on Bruxism have shown that the number of people who are unaware that they are bruxers are steadily ...

**Transparent Zirconia-Bruxer Esthetic**
dentallabnetwork.com/.../transparent-zirconia-bruxer-esthetic-6958/
Feb 15, 2011 – Transparent Zirconia-Bruxer Esthetic. I know, I know...you guys will mix up your own formula using a Crystal zirconia block and some old emax ...
Emax press for Patient who is a  ru  xer - Oct 7, 2011
Finishing   ir.  ru  xer crs - Sep 1, 2011
More results from dentallabnetwork.com »

INTERROGATORY NO. 9

Please provide CONTACT INFORMATION for the providers, including agents, of all goods ever offered for sale by the DEFENDANT under the designation KDZ BRUXER.

RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this interrogatory to the extent that it is vague and ambiguous as to the meaning of "providers, including agents." Without waiving that or any other objection, Defendant responds as follows:

Keating Dental Arts is the sole provider.


INTERROGATORY NO.10

Please provide CONTACT INFORMATION for all third parties with whom the DEFENDANT has entered into an arrangement to advertise and promote products and services under the designation KDZ BRUXER.

RESPONSE:

Please see Exhibit 10 served herewith in a separate document, which Defendant has designated as "Attorney's Eyes Only" pursuant to the Confidentiality Order entered in this lawsuit.


INTERROGATORY NO. 11

Please provide CONTACT INFORMATION for all third party uses known to the DEFENDANT of any name believed by the DEFENDANT to be confusingly similar to KDZ BRUXER.

RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this interrogatory to the extent that it calls for a legal conclusion (as to

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                9

Exhibit 8
-1607-

1   "confusingly similar").  Without waiving that or any other objection, Defendant
2   responds as follows:
3        As presently advised, Defendant is not aware of any such third party uses.
4
5   INTERROGATORY NO. 12
6        Please describe in detail the circumstances of any instance known by the
7   DEFENDANT of actual confusion arising in connection with the use of the
8   designation KDZ BRUXER.
9   RESPONSE:
10       As presently advised, Defendant is not aware of any such instances.
11
12  INTERROGATORY NO. 13
13       Please describe all proposed future uses of the designation KDZ BRUXER
14  by the DEFENDANT.
15  RESPONSE:
16       KD   rux er is a single product within Defendant's KD   family of
17  products.  Defendant uses that trademark for full contour zirconia indicated for
18  bruxer patients.  Presently, Defendant has no future uses planned, beyond
19  continuing that present use.
20
21  INTERROGATORY NO. 14
22       On an annual basis, since the date of the alleged first use of the designation
23  KDZ BRUXER by the DEFENDANT, please state the dollar volume of all sales
24  by the DEFENDANT under the designation KDZ BRUXER.
25  RESPONSE:
26       Please see Exhibit 14 served herewith in a separate document, which
27  Defendant has designated as "Attorney's Eyes Only" pursuant to the
28  Confidentiality Order entered in this lawsuit.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                                    10

INTERROGATORY NO. 15

On an annual basis, since the date of the alleged first use of the designation KDZ BRUXER by the DEFENDANT, please state the dollar volume of all expenditures by the DEFENDANT to advertise and promote its goods under the designation KDZ BRUXER.

RESPONSE:

Please see Exhibit 15 served herewith in a separate document, which Defendant has designated as "Attorney's Eyes Only" pursuant to the Confidentiality Order entered in this lawsuit.

INTERROGATORY NO. 16

Please provide CONTACT INFORMATION for the PERSONS most knowledgeable about the DEFENDANT'S selection and adoption of the designation KDZ BRUXER.

RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this interrogatory to the extent that it calls for information that is attorney-client and/or work product privileged. Without waiving that or any other objection, Defendant responds as follows:

Shaun Keating, in consultation with Defendant's attorney Thomas Gourde.

INTERROGATORY NO. 17

Please provide CONTACT INFORMATION for the PERSONS most knowledgeable about the information contained in the records of the DEFENDANT of sales under the designation KDZ BRUXER.

RESPONSE:

Shaun Keating, Diane Mallos

INTERROGATORY NO. 18

Please provide CONTACT INFORMATION for the PERSONS most knowledgeable about the records of the DEFENDANT of expenditures to advertise and promote under the designation KDZ BRUXER.

RESPONSE:

Shaun Keating, Diane Mallos

INTERROGATORY NO. 19

Please identify all investigations that have been conducted, including without limitations, marketing studies, focus group studies, polls, surveys, etc., which relate to any and all facts involved in DEFENDANT'S adoption of the designation KDZ BRUXER

RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this interrogatory to the extent that it calls for information that is attorney-client and/or work product privileged.  Without waiving that or any other objection, Defendant responds as follows:

(a) informal trademark search for "KD   " and "bruxer"

(b) opinion of other attorneys, including other trademark attorneys

(c) informal survey of current Keating clients in March/April 2011 (mainly those asking for "bruxer crowns" from us at that time)

(d) extensive review of dental journals advertisements by other dental labs

INTERROGATORY NO. 20

Please describe any and all trademark searches performed by the DEFENDANT prior to its adoption and use of the designation KDZ BRUXER.

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                                            12

Exhibit 8
-1610-

RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this interrogatory to the extent that it calls for information that is attorney-client and/or work product privileged.  Without waiving that or any other objection, Defendant responds as follows:

(a) Bruxer

(b) KDZ


INTERROGATORY NO. 21

Please describe the manner in which the designation KDZ BRUXER is used on or in connection with the GOODS sold by the DEFENDANT.

RESPONSE:

Defendant uses the designation KDZ Bruxer on or in connection with the GOODS in the following manners:  on Defendant's website, on promotional materials relating to the GOODS, on order forms provided to Defendant's customers, and on invoices shipped with the KDZ Bruxer products.


INTERROGATORY NO. 22

Please describe any and all prior relationships that existed between any officers of DEFENDANT Keating and PLAINTIFF Glidewell.

RESPONSE:

Shaun Keating was employed by Glidewell Dental Ceramics from 1984 to 2002.


INTERROGATORY NO. 23

Please describe any and all relationships that have existed between any employees of DEFENDANT Keating and PLAINTIFF Glidewell.


DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                                                13

EXHIBIT 8
-1611-

RESPONSE:

In addition to the general objections set forth above, Defendant specifically objects to this Interrogatory:

- as not being reasonably calculated to lead to the discovery of admissible evidence
- as being vague and ambiguous
- as calling for information that may violate rights of privacy of the relevant employees
- as requiring Defendant to violate any corresponding duty that Defendant may have to such employees
- to the extent that it is unduly burdensome in view of (a) the likely benefit of the information, (b) the needs of the case, (c) the amount in controversy, (d) the parties' resources, and/or (e) the importance of the issues at stake.

INTERROGATORY NO. 24

Please identify all current employees of DEFENDANT Keating who were previously an employee of PLAINTIFF Glidewell.

RESPONSE:

In addition to the general objections set forth above, Defendant specifically objects to this Interrogatory:

- as not being reasonably calculated to lead to the discovery of admissible evidence
- as calling for information that may violate rights of privacy of the relevant employees
- as requiring Defendant to violate any corresponding duty that Defendant may have to such employees

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25      14

Exhibit 8
-1612-

- to the extent that it is unduly burdensome in view of (a) the likely benefit of the information, (b) the needs of the case, (c) the amount in controversy, (d) the parties' resources, and/or (e) the importance of the issues at stake.

INTERROGATORY NO. 25

Please identify all current distributors of the GOODS of DEFENDANT Keating.

RESPONSE:

In addition to the General Objections set forth above, Defendant objects to this interrogatory to the extent that it is vague and ambiguous as to the meaning of "distributors." Without waiving that or any other objection, Defendant responds as follows:

Keating Dental Arts is the sole distributor.

Dated: 2012-04-19

/J. Mark Holland/
J. Mark Holland
**J. MARK HOLLAND & ASSOCIATES**
Attorney for Defendant and Counterclaim
KEATING DENTAL ARTS, INC., a
California corporation

1

2                              **VERIFICATION**

3          I, the undersigned, say:

4          I have read the foregoing document described as DEFENDANT/
   COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/
5  COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES
6  NOS. 1-25 and know its contents.

7

8  *[CHECK APPLICABLE PARAGRAPH:]*

9  [ ] I am a party to this action. The matters stated in the foregoing document are
   true of my own knowledge except as to those matters which are stated on
10 information and belief, and as to those matters I believe them to be true.

11 [X] I am an agent/officer/partner of the responding party herein, and am
   authorized to make this verification for and on its behalf, and I make this
12 verification for that reason. I am informed and believe and on that ground allege
13 that the matters stated in the foregoing document are true.

14 [ ] I am one of the attorneys for the responding party herein. Such party is absent
   from the aforesaid county where such attorneys have their offices, and I make this
15 verification for and on behalf of that party for that reason. I am informed and
16 believe and on that ground allege that the matters stated in the foregoing
17 documents are true.

18         I declare under penalty of perjury under the laws of the United States and
   the State of California that the foregoing is true and correct.

19         Executed on April 19, 2012, at Irvine, California.

20         / Bob Brandon /

21         Bob Brandon - Declarant

22

23

24  Z:\Winword\KEATI\L3844\Discovery\KEATI_Response_to_First_Interrogs_FINAL_01.doc

25

26

27

28

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM
DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                          16
Exhibit 8
-1614-

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 3 San Joaquin Plaza, Suite 210, Newport Beach, California 92660.

On the date indicated below, I served the following documents (described as DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25) on all other parties and/or their attorney(s) of record to this action, as listed here:

Attorneys for Plaintiff JAMES R. GLIDEWELL DENTAL CERAMICS, INC., DBA GLIDEWELL LABORATORIES:

Leonard Tachner, Esq.        Email: tachlaw@aol.com
17961 Sky Park Circle, Suite 38-E   Telephone: 949-752-8525
Irvine, California  92614       Facsimile: 949-955-2415

I accomplished this service as indicated below:

[ ]  (BY MAIL)        I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. By placing a true copy thereof in a sealed envelope, addressed to the person at the address set forth above by postage prepaid United States First Class mail, which envelope shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Newport Beach, California.

[ ] (BY OVERNIGHT DELIVERY SERVICE)     I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, and I paid or provided for payment of the fees for overnight delivery.

[ ] (BY FACSIMILE)        I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the indicated fax numbers.

[ X ] (BY EMAIL) I caused such documents to be delivered via email to the offices of the addressee(s) at the indicated email addresses.

[ ] (BY PERSONAL SERVICE) I caused such document(s) to be delivered by hand to the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 19, 2012, at Newport Beach, California.

/ Kristin Brown /

Kristin Brown

DEFENDANT/ COUNTERCLAIM PLAINTIFF'S RESPONSE TO PLAINTIFF/ COUNTERCLAIM DEFENDANT'S FIRST SET OF INTERROGATORIES NOS. 1-25                    17

Exhibit 8
-1615-

# EXHIBIT 82

# [FILED UNDER SEAL]

Exhibit 82
-1616-

# EXHIBIT 83

# [FILED UNDER SEAL]

Exhibit 83
-1624-

# EXHIBIT 84

# [FILED UNDER SEAL]

Exhibit 84
-1632-

# EXHIBIT 85

# [FILED UNDER SEAL]

Exhibit 85
-1662-

# EXHIBIT 86

# [FILED UNDER SEAL]

Exhibit 86
-1678-

# EXHIBIT 87

# [FILED UNDER SEAL]

Exhibit 87
-1685-

# EXHIBIT 88

Exhibit 88
-1694-

Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear(SBN : 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.iankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
Keating Dental Arts, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, | Civil Action No. SACV11-01309-DOC(ANx) |
| Plaintiff/Counter-defendant, | **KEATING DENTAL ARTS, INC.'S THIRD AMENDED INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)** |
| v. | |
| KEATING DENTAL ARTS, INC. | |
| Defendant/Counter-Plaintiff. | Honorable David O. Carter |

Exhibit 88
-1695-

Pursuant to Federal Rule of Civil Procedure 26(a)(1), without waiving any claim of privilege, work produced or other basis for non-disclosure, Defendant Keating Dental Arts, Inc. ("Keating"), hereby provides its Third Amended Initial Disclosures.

(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; information:

| Witness Email Address | Address/Website/Telephone | Subject of the Likely Discoverable Information |
|---|---|---|
| Shaun Keating | 16881 Hale Ave. Irvine, CA 92606 (800) 433-9833 | Use of generic term "bruxer," lack of confusion, and related facts |
| Bob Brandon | 16881 Hale Ave. Irvine, CA 92606 (800) 433-9833 | Use of generic term "bruxer," lack of confusion, and related facts |
| Daxton Grubb daxton@rdentlab.com | R-Dent Dental Laboratories 6590 Summer Knoll Cove Bartlett, TN 38134 www.rdentlab.com 372-8020 | Glidewell demands to stop using R BRUX Trademark, and related facts |
| Robert P. Marbach sevices@authenticlab. com | Authentic Dental Lab 1950 Bandera Rd. San Antonio, TX 78228 www.authenticlab.com 735-1433 | Glidewell demands to stop using "BRUX" crowns on Authentic's website, and related facts |
| Rick Everson reverson@dentalservices .net | Sentage Corporation 5775 Wayzata Blvd. Suite 890 Minneapolis, MN 55416 www.dentalservices.net 345-6300 | BRUX-EZE Trademark and related facts |
| Robin A. Carden | Glidewell Laboratories 4141 MacArthur Blvd Newport Beach, CA 92660 (800) 854-7256 | Use of "bruxer" and "zirconia" as generic terms. |

- 1 -

Exhibit 88
-1696-

| Witness Email Address | Address/Website/Telephone | Subject of the Likely Discoverable Information |
|---|---|---|
| Dr. William Belton | 403 Vonderburg Dr. Suite 201 Brandon, FL 33511 (813) 689-5098 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. David Bonner | 101 Binkley PO Box 592 Dumas, TX 79029 (806) 935-6811 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Jonathan Campbell | Legacy Dental 1345 E. 3900 South Suite 116 Salt Lake City, UT 84124 (801) 278-4223 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Joseph Jacquinot | Platteville Dental 1270 N. Water St. Platteville, WI 53818 (608) 348-2393 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Dennis Murphy | 310 Terrace Ave. Suite #102 Cincinnati, OH 45220 (513) 221-1550 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Terry L. Myers | 109 Apple Valley Parkway Belton, MO 64012 (816) 331-4200 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |

- 2 -

Exhibit 88
-1697-

| Witness Email Address | Address/Website/Telephone | Subject of the Likely Discoverable Information |
|---|---|---|
| Dr. Samir Rana | 60 Beaverbrook Rd. Lincoln Park, NJ 07035 (973) 633-5666 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Michael Razzano | 12910 Hwy 92 #107 Woodstock, GA 30188 (770) 592-2600 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Stan Richardson | 780 Nissan Dr. Smyrna, TN 37167 (615) 355-1062 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Trevor Scheff | 6300 Limestone Rd. Suite D Hockessin, DE 19707 (302) 239-7277 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Scott Stephens | 2538 E Joyce Blvd. Fayetteville, AR 72703 (479) 442-3915 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Robert T. Wooton | 3000 N Interstate 35 Austin, TX 78705 (512) 472-2246 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |

- 3 -

Exhibit 88
-1698-

| Witness Email Address | Address/Website/Telephone | Subject of the Likely Discoverable Information |
|---|---|---|
| Dr. Tony D. Wu | 155 E. 38th<br>Suite 2D<br>New York, NY 10016<br>(212) 682-0888 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Gary P. Tobin | 16055 Ventura Blvd<br>Suite 1035<br>Encino, CA 91436<br>(818) 990-5240 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Jenny Harris | 2504 Lake Austin Blvd<br>Austin, TX 78703<br>(512) 474-5233 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Joseph Ting | 3461 US Highway 22 East<br>Branchburg, NJ 08876<br>(908) 203-1998 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Raymond Brady | 2700 Bellflower Blvd.<br>Suite 306<br>Long Beach, CA 90815<br>(562) 420-1301 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Michael Colleran | 1250 Peach Street<br>San Luis Obispo, CA 93401<br>(805) 543-0814 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |

- 4 -

Exhibit 88<br>-1699-

| Witness Email Address | Address/Website/Telephone | Subject of the Likely Discoverable Information |
|---|---|---|
| Dr. Richard Scott | 215 N. State College Blvd. Suite E Anaheim, CA 92806 (714) 635-0892 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Daniel Sweet | 1990 Shaw Avenue Suite C Clovis, CA 93611 (559) 298-2575 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. George Tashiro | 558 E. Wardlow Rd. Long Beach, CA 90807 (562) 427-1221 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Dr. Thomas Nussear | 40 S. Main St. Smithburg, MD 21783 (301) 824-2080 | Absence of confusion between marks Bruxzir and KDZ Bruxer. "Bruxzir" on Rx form meant to communicate generic term for a bruxer crown. Use of bruxer crown. |
| Carol Frattura | 22286 Vick Street Port Charlotte, FL 33980 (888) 625-5757 | Glidewell demands to stop using Zir-Bruxer Crown mark and related facts. Use of "bruxer" and similar words by dentists when ordering all zirconia crowns. |
| Dr. David Eggleston | 1441 Avocado Ave Suite 508 Newport Beach, CA 92660 (949) 640-5680 | Expert testimony regarding use of term "bruxer" and related terms in the dental industry. |

- 5 -

Exhibit 88
-1700-

| Witness Email Address | Address/Website/Telephone | Subject of the Likely Discoverable Information |
|---|---|---|
| Lori Boatright | Blakely Sokoloff Taylor Zafman LLP 12400 Wilshire Blvd. Seventh Floor Los Angeles, CA 90025 (310) 207-3800 | Expert testimony regarding USPTO rules and procedures; the USPTO's examination of the mark BRUXZIR; the validity of the mark BRUXZIR; other rebuttals to the opinions of Prof. Franklyn. |
| Scott Hudson | Old Dominion Milling Corp. 5700 Old Richmond Ave. Suite G-20 Richmond, VA 23226 (804) 285-0777 | Glidewell's enforcement efforts associated with the mark BRUXZIR; language used by the dental industry. |

(ii) A copy - or a description by category and location - of all documents, electronically stored information ("ESI"), and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

**_Disclosure:_** Pursuant to appropriate terms of the Confidentiality Order, Keating will make available for inspection and copying responsive documents, ESI, and tangible things as indicated below. Defendant notes that Defendant already has identified to Plaintiff at least certain of the items listed. Also subject to an appropriate Protective Order and further review, Defendants may produce or make available under Federal Rule of Civil Procedure 34 additional documents/evidence, as those may come to the attention of Defendant.

| Description, etc. |
|---|
| The trademarks and related information disclosed in the attachment to an email dated November 16, 2011 to Plaintiff's counsel Mr. Tachner, from Defendant's counsel. |
| Correspondence from Glidewell to third parties regarding the use by those third parties of the term BRUX or BRUX-related words. |
| Defendant's order forms and related records, as provided to and as received from dentists. |

- 6 -

Exhibit 88
-1701-

| Description, etc. |
|---|
| Defendant's sales records relating the products sold under Defendant's trademark KDZ BRUXER AND DESIGN. |
| Scholarly articles using the terms "zirconia" or "bruxer", "brux", "bruxism", or other related terms with a root of "brux." |
| Patents and patent applications using the terms "zirconia" or "bruxer", "brux", "bruxism", or other terms with a root of "brux." |
| Advertisements from Glidewell Laboratories showing use of "bruxzir" to indicate the product itself and not as a brand name.  Copies of material from Glidewell's websites www.glidewelldental.com, www.bruxzir.com as well as other advertisements by Glidewell. |
| Advertisements by third parties showing the offering for sale, and sale, of commercially available products for the dental industry using brand names that include "Brux," "Zir," or variations thereon. |
| Advertisements by dental laboratories, including dental laboratories that do business with Glidewell Laboratories, showing the offering for sale, and sale, of full contour zirconia crowns that do not originate from Glidewell. |
| Defendant's and third party advertisements that show use of the term "bruxer," "brux," or other related words to refer generically to a bruxer crown product. |

(iii) A computation of each category of damages claimed by the disclosing party ~ who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**_Disclosure_:**  Defendant and Counterclaim-Plaintiff has not calculated its damages at this time, and is not in possession of the information necessary to do so. Among other things, Defendant and Counter-Defendant anticipates (1) possibly hiring an expert to do so, and (2) forwarding that expert's report in compliance with all applicable Rules and Orders.

In any case, such damages are likely to be based at least in part on obtaining an award from the Court of misuse of trademark and/or other

- 7 -

Exhibit 88
-1702-

bad faith violations by Plaintiff, the amount and nature of Plaintiff's unlawful activities in improperly restricting lawful competition, the extent to which remedial communications and advertising may be necessary to attempt to redress same, and other factors. Those issues and activities appear to be continuing and therefore the subject of ongoing discovery.

Among other things, the damages are likely to include calculations of Plaintiff's profits and/or Defendant's lost profits. In addition, Defendant reserves the right to appropriately designate with appropriate terms of confidentiality under the Confidentiality Order any and/or all such disclosures. Notwithstanding the foregoing, for the convenience of the parties and the Court, Defendant identifies at least the following categories of damages it expects will be included in the foregoing disclosures.

| Category of Damages |
| --- |
| Attorney fees and costs |
| Punitive damages |
| Lost sales |
| Interference with existing/prospective business relationships |
| Damages to business reputation |
| Employee time |
| Out-of-pocket expenses |
| Other |

(iv)  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

*Disclosure*: Pursuant to appropriate terms of confidentiality under the Confidentiality Order, Keating will make available for inspection and copying the following insurance policy:

- 8 -

Exhibit 88
-1703-

1        The Hartford Business Liability Policy 72 SBA AB1425, with effective dates of *09/04/20 1 0* to *09/04/2011* and *09/04/2011* to

2    *0910412012*.

3

4        Defendant expressly reserves the right to further supplement these Initial

5    Disclosures under Federal Rule of Civil Procedure 26(e), without prejudice to

6    its right to use such subsequently discovered information and documents at trial

7    or at any proceeding in this action.

8

9        The undersigned counsel certifies under Federal Rule of Civil Procedure

10   26(g) that, after reasonable inquiry and to the best of his/her knowledge, the

11   Disclosures contained above are accurate and complete as of the present time.

12

13                       KNOBBE, MARTENS, OLSON & BEAR, LLP

14

15   Dated: October 19, 2012       By: */s/ David G. Jankowski*

16                           Lynda J. Zadra-Symes
                             Jeffrey L. Van Hoosear

17                           David G. Jankowski

18                           Attorneys for Plaintiff,
                             Keating Dental Arts, Inc.

19

20

21

22

23

24

25

26

27

28

- 9 -

Exhibit 88
-1704-

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California.  I am readily familiar with the firm's business practices for the collection and processing of correspondence for mailing, and that mail so processed will be deposited the same day during the ordinary course of business.

On October 19, 2012, I caused the within THIRD AMENDED DISCLOSURES OF KEATING DENTAL ARTS, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1) to be served on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows:

***Via Electronic and First Class Mail:***

Leonard Tachner, Esq.
LEONARD TACHNER, A Professional Law Corp.
17961 Sky Park Circle, Suite 38-E
Irvine, CA 92614-6364
Email: ltachner@aol.com

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2012 at Irvine, California.

Consuelo Gutierrez

- 10 -

Exhibit 88
-1705-

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No: SACV11-01309-DOC (ANx)**

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2012, I electronically filed the document described as **APPENDIX OF EVIDENCE IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MOTIONS FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA  92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel:  (949) 760-0404
Fax: (949) 760-9502

Jeffrey.vanhoosear@kmob.com
David.jankowski@kmob.com
Lynda.zadra-symes@kmob.com
litigation@kmob.com

Dated: November 19, 2012          SNELL & WILMER L.L.P.


By: *s/Philip J. Graves*
    Philip J. Graves
    Greer N. Shaw

    Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
    dba GLIDEWELL LABORATORIES

16139994.1

SNELL & WILMER
L.L.P.
150 SOUTH 7TH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Certificate of Service
SACV11-01309-DOC (ANx)