1   Lynda J. Zadra-Symes (SBN 156,511)
    Lynda.Zadra-Symes@kmob.com
2   Jeffrey L. Van Hoosear (SBN 147,751)
    Jeffrey.VanHoosear@kmob.com
3   David G. Jankowski (SBN 205,634)
    David.iankowski@kmob.com
4   KNOBBE, MARTENS, OLSON & BEAR, LLP
    2040 Main Street
5   Fourteenth Floor
    Irvine, CA 92614
6   Phone: (949) 760-0404
    Facsimile: (949) 760-9502
7
    Attorneys for Defendant/Counter-Plaintiff,
8   KEATING DENTAL ARTS, INC.

9
                    IN THE UNITED STATES DISTRICT COURT
10
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
                          SOUTHERN DIVISION
12

13  | JAMES R. GLIDEWELL DENTAL | ) | Civil Action No. |
    | CERAMICS, INC. dba GLIDEWELL | ) | SACV11-01309-DOC(ANx) |
14  | LABORATORIES, | ) | |
    | | ) | **DECLARATION OF DAVID G.** |
15  | Plaintiff, | ) | **JANKOWSKI IN SUPPORT OF** |
    | | ) | **KEATING DENTAL ARTS,** |
16  | v. | ) | **INC.'S MOTIONS FOR** |
    | | ) | **SUMMARY JUDGMENT** |
17  | KEATING DENTAL ARTS, INC. | ) | |
    | | ) | Honorable David O. Carter |
18  | Defendant. | ) | |
    | | ) | |
19  | | ) | |
    | AND RELATED COUNTERCLAIMS. | ) | |
20  | | ) | |

21

22

23

24

25

26

27

28

I, David G. Jankowski, hereby declare as follows:

I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP and am counsel of record for Defendant Keating Dental Arts, Inc. ("Keating"). I have personal knowledge of the matters set forth herein.  If called upon to testify, I could and would testify competently to them.

**A.    Glidewell Laboratories Discovery Responses**

1.    Attached as **Exhibit 1** is a true and correct copy of Glidewell Laboratories ("Glidewell") Responses to Rogs (Set 1 (Nos. 1-14)).

2.    Attached as **Exhibit 2** is a true and correct copy of Glidewell's Responses to Rogs (Set 2 (Nos. 15-24)).

3.    Attached as **Exhibit 3** is a true and correct copy of Glidewell's Responses to RFAs (Nos. 1-26).

**B.    Glidewell's Public Deposition Transcripts**

4.    Attached as **Exhibit 4** is a true and correct copy of the deposition transcript of Dr. Michael DiTolla, in-house dentist within the Advertising and Marketing Department at Glidewell, providing testimony as a fact witness ("DiTolla Deposition").

5.    Attached as **Exhibit 5** is a true and correct copy of the deposition transcript of Robin Bartolo, Sales Manager for Glidewell Direct (a department within Glidewell), providing testimony as a fact witness ("Bartolo Deposition").

6.    Attached as **Exhibit 6** is a true and correct copy of the deposition transcript of Keith Allred, General Counsel at Glidewell, providing testimony on behalf of Glidewell as a designated Fed. R. Civ. P. 30(b)(6) witness ("Allred Deposition").

**C.    Glidewell's Public Business Documents**

7.    Attached as **Exhibit 7** is a true and correct copy of Deposition Exhibit 8 marked during the deposition of Mr. James Shuck, Vice-President of Sales and Marketing at Glidewell, providing testimony on behalf of Glidewell

1  as a designated Fed. R. Civ. P. 30(b)(6) witness ("Shuck Deposition").

2        8.     Attached as **Exhibit 8** is a true and correct copy of Deposition
3  Exhibit 11 marked during the Shuck Deposition.

4        9.     Attached as **Exhibit 9** is a true and correct copy of Deposition
5  Exhibit 13 marked during the Shuck Deposition.

6        10.    Attached as **Exhibit 10** is a true and correct copy of Deposition
7  Exhibit 14 marked during the Shuck Deposition.

8        11.    Attached as **Exhibit 11** is a true and correct copy of Deposition
9  Exhibit 15 marked during the Shuck Deposition.

10       12.    Attached as **Exhibit 12** is a true and correct copy of Deposition
11 Exhibit 17 marked during the Shuck Deposition.

12       13.    Attached as **Exhibit 13** is a true and correct copy of Deposition
13 Exhibit 18 marked during the Shuck Deposition.

14       14.    Attached as **Exhibit 14** is a true and correct copy of Deposition
15 Exhibit 19 marked during the Shuck Deposition.

16       15.    Attached as **Exhibit 15** is a true and correct copy of Deposition
17 Exhibit 67 marked during the deposition of Robin Carden, Vice President of
18 Research & Development at Glidewell, providing testimony as a fact witness
19 ("Carden Deposition").

20       16.    Attached as **Exhibit 16** is a true and correct copy of Deposition
21 Exhibit 68 marked during the Carden Deposition.

22       17.    Attached as **Exhibit 17** is a true and correct copy of Deposition
23 Exhibit 69 marked during the Carden Deposition.

24       18.    Attached as **Exhibit 18** is a true and correct copy of Deposition
25 Exhibit 116 marked during the deposition of Wolfgang Friebauer, Director of
26 Research & Development at Glidewell, providing testimony as a fact witness
27 ("Friebauer Deposition")

28

**D.** **Glidewell's Trademark Enforcement Communications**

19.    Attached as **Exhibit 19** is a true and correct copy of Deposition Exhibit 29 marked during the Shuck Deposition.

20.    Attached as **Exhibit 20** is a true and correct copy of Deposition Exhibit 107 marked during the Bartolo Deposition.

21.    Attached as **Exhibit 21** is a true and correct copy of Deposition Exhibit 108 marked during the Bartolo Deposition.

22.    Attached as **Exhibit 22** is a true and correct copy of Deposition Exhibit 109 marked during the Bartolo Deposition.

23.    Attached as **Exhibit 23** is a true and correct copy of Deposition Exhibit 140 marked during the Allred Deposition.

24.    Attached as **Exhibit 24** is a true and correct copy of a series of Deposition Exhibit 141 marked during the Allred Deposition.

25.    Attached as **Exhibit 25** is a true and correct copy of a series of Deposition Exhibit 142 marked during the Allred Deposition.

26.    Attached as **Exhibit 26** is a true and correct copy of Deposition Exhibit 143 marked during the Allred Deposition.

27.    Attached as **Exhibit 27** is a true and correct copy of a series of Deposition Exhibit 144 marked during the Allred Deposition.

28.    Attached as **Exhibit 28** is a true and correct copy of a series of Deposition Exhibit 145 marked during the Allred Deposition.

29.    Attached as **Exhibit 29** is a true and correct copy of a series of Deposition Exhibit 146 marked during the Allred Deposition.

30.    Attached as **Exhibit 30** is a true and correct copy of a series of Deposition Exhibit 147 marked during the Allred Deposition.

31.    Attached as **Exhibit 31** is a true and correct copy of a series of Deposition Exhibit 148 marked during the Allred Deposition.

32.    Attached as **Exhibit 32** is a true and correct copy of a series of

Deposition Exhibit 149 marked during the Allred Deposition.

33.     Attached as **Exhibit 33** is a true and correct copy of a series of Deposition Exhibit 150 marked during the Allred Deposition.

34.     Attached as **Exhibit 34** is a true and correct copy of Deposition Exhibit 151 marked during the Allred Deposition.

**E.     Documents From Other Dental Industry Companies**

35.     Attached as **Exhibit 35** is a true and correct copy of Deposition Exhibit 20 marked during the Shuck Deposition.

36.     Attached as **Exhibit 36** is a true and correct copy of Deposition Exhibit 21 marked during the Shuck Deposition.

37.     Attached as **Exhibit 37** is a true and correct copy of Deposition Exhibit 28 marked during the Shuck Deposition.

38.     Attached as **Exhibit 38** is a true and correct copy of Deposition Exhibit 31 marked during the Shuck Deposition.

39.     Attached as **Exhibit 39** is a true and correct copy of Deposition Exhibit 32 marked during the Shuck Deposition.

40.     Attached as **Exhibit 40** is a true and correct copy of Deposition Exhibit 34 marked during the Shuck Deposition.

41.     Attached as **Exhibit 41** is a true and correct copy of Deposition Exhibit 45 marked during the Shuck Deposition.

42.     Attached as **Exhibit 42** is a true and correct copy of Deposition Exhibit 46 marked during the Shuck Deposition.

43.     Attached as **Exhibit 43** is a true and correct copy of Deposition Exhibit 47 marked during the Shuck Deposition.

44.     Attached as **Exhibit 44** is a true and correct copy of documents produced in this case bearing production numbers BOATRIGHT 000056 through BOATRIGHT 000082.

**F.      Keating Dental Arts' Public Business Documents**

45.      Attached as **Exhibit 45** is a true and correct copy of Exhibit B to Glidewell's Complaint in this lawsuit.

46.      Attached as **Exhibit 46** is a true and correct copy of Deposition Exhibit 514 marked during the deposition of Bob Brandon, General Manager of Keating Dental Arts ("Brandon Deposition").

47.      Attached as **Exhibit 47** is a true and correct copy of Deposition Exhibit 517 marked during the Brandon Deposition.

48.      Attached as **Exhibit 48** is a true and correct copy of Deposition Exhibit 518 marked during the Brandon Deposition.

49.      Attached as **Exhibit 49** is a true and correct copy of Deposition Exhibit 520 marked during the Brandon Deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 19, 2012, in Irvine, California.


                                              */s/ David G. Jankowski*
                                              David G. Jankowski

14179303