LEONARD TACHNER, A PROFESSIONAL LAW CORPORATION
Leonard Tachner, Esq. (State Bar No. 058436)
ltachner@aol.com
17961 Sky Park Circle, Suite 38-E
Irvine, California 92614-6364
(949) 752-8525 Telephone
(949) 955-2415 Telefax

Attorney for Plaintiff/Counter-Defendant
James R. Glidewell Dental Ceramics, Inc. dba
Glidewell Laboratories

Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
949-760-0404 Telephone
949-760-9502 Telefax

Attorneys for Defendant/Counter-Plaintiff
Keating Dental Arts, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. DBA GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>Defendant. | Case No. SACV11-01309-DOC(ANx)<br><br>**PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1 – 14)** |

## GENERAL OBJECTIONS APPLICABLE TO ALL INTERROGATORIES

By agreeing to search for or to produce responsive information, or by producing such information, Glidewell Laboratories does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein, and specifically reserves its rights to object to the use of such information on any grounds, including irrelevance and/or inadmissibility . Glidewell Laboratories responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility.

Glidewell Laboratories objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Inadvertent production of any materials or information subject to any privilege, doctrine or rule, or otherwise protected or immune from discovery, shall not constitute a waiver of any privilege or any ground for objecting to discovery of such information, material, its subject matter, or information contained therein, or Glidewell Laboratories' right to object to the use of such material or information in this proceeding or during any later proceeding.

Glidewell Laboratories reserves the right to amend or update its responses to the interrogatories with additional information pursuant to its continuing discovery obligations.

Glidewell Laboratories objects to all interrogatories, definitions, and instructions to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure ("Federal Rules") and/or the

1  Local Rules of the United States District Court for the Central District of
2  California ("Local Rules").
3       Glidewell Laboratories objects to the Interrogatories as premature to the
4  extent that they call for responses that are subject of expert testimony and the
5  Parties have not yet engaged in expert discovery or exchanged expert witness
6  reports.
7       Glidewell Laboratories objects to all interrogatories, definitions, and
8  instructions to the extent that they are unreasonably vague, overly broad,
9  unduly burdensome, cumulative, duplicative, seek information that is not
10 relevant to the claims or defenses of either party and not reasonably calculated
11 to lead to the discovery of admissible evidence, seek information that is not in
12 the custody, possession, or control of Glidewell Laboratories, or seek
13 information that is obtainable from another source that is more convenient,
14 less burdensome, and less expensive.
15      Glidewell Laboratories responses herein are based on facts presently
16 known to it and represent a diligent and good faith effort to comply with the
17 interrogatories.
18      Glidewell Laboratories reserves the right to revise, supplement, correct
19 alter, add to, clarify, or change its responses and objections to the
20 interrogatories and to produce additional responsive information as discovery
21 progresses.
22      Glidewell Laboratories objects to each interrogatory to the extent that
23 the information sought by Defendant is contained in documents that are
24 already in Defendant's possession, custody or control, or are equally available
25 to Defendant, on the grounds that such requests are unreasonably burdensome,
26 cumulative, and duplicative, and that the information or documents are
27
28

obtainable from a source that is more convenient, less burdensome, and less expensive.

The foregoing objections are applicable to each and every one of Defendant's interrogatories and the failure to repeat those objections in any one of following responses shall not be deemed a waiver thereto.

Glidewell Laboratories objects to the definition of "Glidewell Laboratories", "Plaintiff" and "YOU" and "YOUR" as overly broad, unduly burdensome, vague, ambiguous, not related to a claim or defense of either party, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it would impose burdens on Glidewell Laboratories beyond those required by the Federal Rules of Civil Procedure and to the extent it would require Glidewell Laboratories to search for or produce documents that are not within its possession, custody, or control.

Glidewell Laboratories objects to the DEFINITIONS as vague and ambiguous to the extent they do not reflect the commonly understood meaning of a term.

### SPECIFIC OBJECTIONS AND RESPONSES

Plaintiff Glidewell Laboratories responds to Defendant Keating Dental Arts Inc.'s Interrogatories, Set One as follows:

### INTERROGATORY NO. 1

Identify the people most knowledgeable regarding the conception, creation, design, or development of BRUXZIR®.

**ANSWER TO INTERROGATORY NO. 1**

Michael DiTolla and Jim Shuck.

**INTERROGATORY NO. 2**

Describe the meaning of the terms "brux", "bruxer", "bruxism" and "bruxing" in the relevant market.

**ANSWER TO INTERROGATORY NO. 2**

Bruxism is defined as a condition characterized by involuntary grinding of teeth, usually during sleep.  a) bruxer, b) brux, and c) bruxing are informal terms derived from bruxism as a) one who suffers from the condition; b) the act of grinding due to the condition; and c) the act of grinding due to the condition.

**INTERROGATORY NO. 3**

Describe the concept of meaning of BRUXZIR®, including the concept or meaning of its individual parts: BRUX and ZIR.

**ANSWER TO INTERROGATORY NO. 3**

BRUXZIR® is a coined term that has no meaning.  The concept was based on combining a term "BRUX" to suggest durability and toughness and "zir" to suggest a zirconia material.

**INTERROGATORY NO. 4**

Identify the people most knowledgeable regarding adoption, use and registration of BRUXZIR®, including the manufacturing, promotion, and importation of products sold, offered, or marketed in connection with BRUXZIR®.

**ANSWER TO INTERROGATORY NO. 4**

Michael DiTolla, Jim Shuck, Robin Carden and Keith Allred.

**INTERROGATORY NO. 5**

For each of Plaintiff's products that have been sold, offered for sale, or marketed under the designation BRUXZIR®, provide a description of the product, including the model and serial numbers, and state the date on which the product was first sold, the date the product was first offered for sale or marketed, and the date that Plaintiff stopped selling the product, and identify the three people at GLIDEWELL most knowledgeable regarding Your response to this interrogatory.

| ANSWER TO INTERROGATORY NO. 5 | DATE OF FIRST SALE |
|---|---|
| a) Full Contour Restorations made of monolithic zirconia | June 2009 |
| b) Zirconia blanks ready for milling | November 2009 |
| c) Milling machines to form individualized restorations | |
| d) Sintering Ovens to harden ceramic | |
| e) Sintering accessories to use in sintering | |
| f) Coloring Liquids | |

Michael DiTolla, Jim Shuck and Robin Carden.

**INTERROGATORY NO. 6**

Identify and describe in detail how BRUXZIR® is being used or less has been used on or in connection with each of the products identified in response to Interrogatory No. 5, such as on labels or tags attached to the goods,

packaging or containers for the goods, embossing, printing or painting the mark on the goods, printed advertisements or promotional materials for the goods, signs or displays associated with the goods, or radio, television, or internet advertising for the goods.

**ANSWER TO INTERROGATORY NO. 6**

    a) Direct Mail letters, catalogs, coupons & samples
    b) Internet Ads, emails, web sites
    c) Trade Shows
    d) Trade Magazine Ads

BRUXZIR®
    e) On packaging of goods
    f) On Products
    g) On Signs and Exhibits

**INTERROGATORY NO. 7**

Identify any inquiries or comments from third parties relating to Defendant KDZ BRUXER including inquiries into any association or relationship between You or Your products and Defendant or Defendant's products, by identifying the person(s) who made the inquiry or comment, identifying the date on which the inquiry or comment was made, identifying all persons with knowledge of the inquiry or comment, and describing the nature and content of that inquiry or comment.

**ANSWER TO INTERROGATORY NO. 7**

On one occasion this April a Glidewell Laboratories employee (Nicole Fallon) was offering a $20.00 coupon to try BRUXZIR® restoration to

Michelle Carlisle of Dr. Jade Le's dental Offices in Bonita Springs, Florida. Michelle asked if they could apply the $20.00 coupon to purchases they had previously made and sent a copy of an invoice to show the alleged earlier purchase. It was a Keating Dental Arts Inc.'s invoice for a KDZ Bruxer crown dated February 9, 2012.

In May 2011, Dr. Thomas Nussear's dental office in Maryland, placed an order for "BRUXZIR® Crown" for one of his patients based on an impression he sent. Unfortunately, he placed his order with Keating Dental Arts Inc. on a Keating order form.

There have been additional occasions in which orders were submitted to Keating Dental Arts, Inc. by dental offices seeking BRUXZIR® restorations.

**INTERROGATORY NO. 8**

Identify any inquiries or comments from third parties relating to the source of any product bearing the KDZ BRUXER mark, including inquiries into any association or relationship between You or Your products and Defendant or Defendant's products by identifying the person(s) who made the inquiry or comment identifying the date on which the inquiry or comment was made identifying all persons with knowledge of the inquiry or comment and describing the nature and content of that inquiry or comment.

**ANSWER TO INTERROGATORY NO. 8**

See Answer to Interrogatory No. 7.

**INTERROGATORY NO. 9**

Separately for each of the goods offered, sold, distributed, and/or marketed by You and/or Your licensees, or affiliates under the BRUXZIR® mark, identify each geographical area of the United States, by region or state, within which those goods or services have been sold, distributed, or advertised in each geographic area and identify the people most knowledgeable regarding the response to this interrogatory.

**ANSWER TO INTERROGATORY NO. 9**

All U.S. states. Jim Shuck and Robin Carden.

**INTERROGATORY NO. 10**

For each of the goods and services offered, sold, marketed, and/or distributed by You, Your licensees and/or affiliates under the BRUXZIR® mark, describe the trade channels through which goods under the BRUXZIR® mark have been sold, are currently being sold, or will be sold, and identify the people most knowledgeable regarding the response to this interrogatory.

**ANSWER TO INTERROGATORY NO. 10**

Direct Marketing.
Ads in Dentist/Lab Trade Publications
Through other dental labs authorized to use BRUXZIR®

Robin Carden, Jim Shuck and Michael DiTolla.

**INTERROGATORY NO. 11**

Identify the amounts spent by You, on a monthly and annual basis, on advertising and/or promoting the BRUXZIR® mark, or products sold in

connection with the BRUXZIR® mark, describe the specific types or categories of expenditures made by You that are included in such amounts, and identify the people most knowledgeable regarding Your advertising and/or promoting the BRUXZIR® mark.

**ANSWER TO INTERROGATORY NO. 11**

Approximately $3 Million plus Approved Labs' investment

Jim Shuck and Robin Carden

**INTERROGATORY NO. 12**

Identify and describe the complete factual bases for Your contention that Defendant's use of KDZ BRUXER has caused confusion with Plaintiff and/or Plaintiff's products offered or sold in connection with BRUXZIR®, including describing any instances of actual confusion and identifying all persons with knowledge of these bases and all documents relating thereto.

**ANSWER TO INTERROGATORY NO. 12**

See Answer to Interrogatory No. 7.

**INTERROGATORY NO. 13**

For each of Your products offered or sold in connection with BRUXZIR®, identify the net and gross sales (both in units and dollars) and net and gross profits, on a monthly and annual basis, since inception or launch, and the documents that You used to answer this interrogatory.

**ANSWER TO INTERROGATORY NO. 13**

Sales/Profits. See Plaintiff's Responses to Defendant's First Set Of Requests For Production Of Documents served therewith.

**INTERROGATORY NO. 14**

Identify Your customers and distributors for Your products offered or sold in connection with BRUXZIR®, Your monthly sales to each of those customers and distributors, the documents You are relying upon in support of Your response to this Interrogatory, and the people most knowledgeable regarding Your response to this interrogatory.

**ANSWER TO INTERROGATORY NO. 14**

Plaintiff specifically objects to this Interrogatory as being unduly burdensome and unlikely to lead to discoverable evidence. Plaintiff has over the past three years sold its BRUXZIR® products to over 30,000 dental offices and to hundreds of dental laboratories. A published list of dental laboratories authorized to use the BRUXZIR® trademark in association with Plaintiff's BRUXZIR® material, is included in Plaintiff's Responses to Defendant's First Set of Requests For Production of Documents.

DATED: August 20, 2012

Respectfully submitted,

Leonard Tachner
Attorney for Plaintiff
Glidewell Labs

## PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is 17961 Sky Park Circle, Suite 38-E, Irvine, California 92614. On August 20, 2012, I served the following document(s) in the manner indicated:

1. Plaintiff's Answers To Defendant's First Set Of Interrogatories Nos. 1-14

☐ via electronic means by the Court's electronic filing system CM/ECF.

☒ by placing the document(s) listed above in a sealed envelope to the person at the address set forth below and delivered by messenger on the same date set out below.

Lynda J. Zadra-Symes Esq.
Jeffrey L. Van Hoosear, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed August 20, 2012 at Irvine, California.

*Janis Foreman*
Janis Foreman

Case No.: SACV11-01309-DOC(ANx)
CERTIFICATE OF SERVICE

**EXHIBIT 1**