1  LEONARD TACHNER, A PROFESSIONAL LAW CORPORATION
   Leonard Tachner, Esq. (State Bar No. 058436)
2  17961 Sky Park Circle, Suite 38-E
   Irvine, California 92614-6364
3  (949) 752-8525 Telephone
   (949) 955-2415 Telefax
4
5  Attorney for Plaintiff/Counterclaim-Defendant

6
7              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
8

9  ─────────────────────────────
10 JAMES R. GLIDEWELL DENTAL )   Case No. SACV11-01309-DOC(ANx)
   CERAMICS, INC. DBA         )
11 GLIDEWELL LABORATORIES, a  )   PLAINTIFF'S/COUNTERCLAIM-
   California corporation,    )   DEFENDANT RESPONSES TO
12                            )   DEFENDANT'S SECOND SET OF
          Plaintiff           )   INTERROGATORIES (NOS. 15-24)
13                            )
       vs.                    )
14                            )
   KEATING DENTAL ARTS, INC., a )
15 California corporation,    )
                              )
16                            )
          Defendant.          )
17 ─────────────────────────────
18 KEATING DENTAL ARTS, INC., a )
   California corporation,    )
19                            )
          Counterclaim-Plaintiff, )
20                            )
       vs.                    )
21                            )
   JAMES R. GLIDEWELL DENTAL  )
22 CERAMICS, INC., DBA        )
   GLIDEWELL LABORATORIES, a  )
23 California corporation, and )
   DOES 1 THROUGH 5, inclusive, )
24                            )
          Counterclaim-Defendants. )
25 ─────────────────────────────
26
27
28

- 1 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second
Set Of Interrogatories (Nos. 15-24)
CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 2
-18-

# GENERAL OBJECTIONS APPLICABLE TO ALL INTERROGATORIES

By agreeing to search for or to produce responsive information, or by producing such information, Glidewell Laboratories does not admit the competence, relevance, materiality, or admissibility of such information or the information contained therein, and specifically reserves its rights to object to the use of such information on any grounds, including irrelevance and/or inadmissibility. Glidewell Laboratories responses are made subject to and without waiving any objections as to competence, relevance, materiality, or admissibility.

Glidewell Laboratories objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. Inadvertent production of any materials or information subject to any privilege, doctrine or rule, or otherwise protected or immune from discovery, shall not constitute a waiver of any privilege or any ground for objecting to discovery of such information, material, its subject matter, or information contained therein, or Glidewell Laboratories' right to object to the use of such material or information in this proceeding or during any later proceeding.

Glidewell Laboratories reserves the right to amend or update its responses to the interrogatories with additional information pursuant to its continuing discovery obligations.

Glidewell Laboratories objects to all interrogatories, definitions, and instructions to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure ("Federal Rules") and/or the

- 2 - Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Interrogatories (Nos. 15-24) CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 2
-19-

1  Local Rules of the United States District Court for the Central District of
2  California ("Local Rules").
3      Glidewell Laboratories objects to the Interrogatories as premature to the
4  extent that they call for responses that are subject of expert testimony and the
5  Parties have not yet engaged in expert discovery or exchanged expert witness
6  reports.
7      Glidewell Laboratories objects to all interrogatories, definitions, and
8  instructions to the extent that they are unreasonably vague, overly broad,
9  unduly burdensome, cumulative, duplicative, seek information that is not
10 relevant to the claims or defenses of either party and not reasonably calculated
11 to lead to the discovery of admissible evidence, seek information that is not in
12 the custody, possession, or control of Glidewell Laboratories, or seek
13 information that is obtainable from another source that is more convenient,
14 less burdensome, and less expensive.
15     Glidewell Laboratories responses herein are based on facts presently
16 known to it and represent a diligent and good faith effort to comply with the
17 interrogatories.
18     Glidewell Laboratories reserves the right to revise, supplement, correct,
19 alter, add to, clarify, or change its responses and objections to the
20 interrogatories and to produce additional responsive information as discovery
21 progresses.
22     Glidewell Laboratories objects to each interrogatory to the extent that
23 the information sought by Defendant is contained in documents that are
24 already in Defendant's possession, custody or control, or are equally available
25 to Defendant, on the grounds that such requests are unreasonably burdensome,
26 cumulative, and duplicative, and that the information or documents are

- 3 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second
Set Of Interrogatories (Nos. 15-24)
CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 2
-20-

obtainable from a source that is more convenient, less burdensome, and less expensive.

The foregoing objections are applicable to each and every one of Defendant's interrogatories and the failure to repeat those objections in any one of following responses shall not be deemed a waiver thereto.

Glidewell Laboratories objects to the definition of "Glidewell Laboratories", "Plaintiff" and "YOU" and "YOUR" as overly broad, unduly burdensome, vague, ambiguous, not related to a claim or defense of either party, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it would impose burdens on Glidewell Laboratories beyond those required by the Federal Rules of Civil Procedure and to the extent it would require Glidewell Laboratories to search for or produce documents that are not within its possession, custody, or control.

Glidewell Laboratories objects to the DEFINITIONS as vague and ambiguous to the extent they do not reflect the commonly understood meaning of a term.

## SPECIFIC OBJECTIONS AND RESPONSES

Plaintiff Glidewell Laboratories responds to Defendant Keating Dental Arts Inc.'s Second Set of Interrogatories, as follows:

### INTERROGATORY NO. 15

Identify all persons or entities Glidewell has contacted in order to assert or claim trademark rights in the term BRUXZIR and identify the mark that Glidewell found objectionable.

- 4 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Interrogatories (Nos. 15-24) CASE NO. SACV11-01309-DOC(ANx)

EXHIBIT 2
-21-

**ANSWER TO INTERROGATORY NO. 15**

See documents provided by Plaintiff in Response To Production Request No. 38 of even date herewith.

**INTERROGATORY NO. 16**

Identify all entities with which Glidewell has entered into a licensing agreement, or otherwise provided authorization, for the use of the mark BRUXZIR other than the authorized labs listed on the webpage bruxzir.com.

**ANSWER TO INTERROGATORY NO. 16**

Medit of South Korea.

**INTERROGATORY NO. 17**

Describe in detail the requirements and process that is used to certify a lab as an authorized BRUXZIR lab and identify the persons most familiar with this process.

**ANSWER TO INTERROGATORY NO. 17**

a) Buy zirconia BRUXZIR blanks from Glidewell Laboratories;
b) Follow Glidewell Laboratories instructions for use of blanks;
c) Use authorized BRUXZIR brand stickers.

**INTERROGATORY NO. 18**

Identify any and all labs that offer or sell BRUXZIR products which do not have status as an authorized BRUXZIR lab.

**ANSWER TO INTERROGATORY NO. 18**

None.

- 5 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Interrogatories (Nos. 15-24) CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 2**
-22-

**INTERROGATORY NO. 19**

Identify the people responsible for selecting the name BRUXZIR including the person who originated the name as well as any who were involved in the selection and/or approval process.

**ANSWER TO INTERROGATORY NO. 19**

Jim Shuck

Dr. Michael DiTolla

**INTERROGATORY NO. 20**

Identify any and all trademarks or service marks which use the term prefix, suffix, or root "brux" that Glidewell is aware of.

**ANSWER TO INTERROGATORY NO. 20**

BRUXGUARD

DR. BRUX

BRUX-INDICATOR

BRUX-EZE

BRUXCARE

BRUX

BRUXZIR

KDZ BRUXER

**INTERROGATORY NO. 21**

Identify all communications between Glidewell and any dental laboratory in which Glidewell asserted trademark rights associated with the BRUXZIR mark.

- 6 -    Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Interrogatories (Nos. 15-24) CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 2**
-23-

**ANSWER TO INTERROGATORY NO. 21**

See Response to Interrogatory No. 15.

**INTERROGATORY NO. 22**

Identify and explain all factual information relating to the "order for 'BRUXZIR Crown'" from Dr. Thomas Nussear which was mentioned in Glidewell's answer to Interrogatory No. 7 including how and when Glidewell received the information and the source of the information.

**ANSWER TO INTERROGATORY NO. 22**

Plaintiff's attorney was served by Mr. Holland with a copy of Dr. Nussear's Rx Order Form to Defendant. This occurred in about May, 2012.

**INTERROGATORY NO. 23**

Identify and explain all factual information relating to the alleged instance of confusion involving Dr. Jade Le's Dental Offices mentioned in Glidewell's answer to Interrogatory No. 7 including but not limited to how and why contact was initiated and any resolution that resulted.

**ANSWER TO INTERROGATORY NO. 23**

An employee of Plaintiff randomly called Dr. Le's office to offer a discount on BRUXZIR Crowns and was asked whether the discount could apply to a previous order that had actually been submitted to Defendant for a KDZ Bruxer Crown.

**EXHIBIT 2**

-24-

**INTERROGATORY NO. 24**

Identify and explain the proper way to pronounce the mark BRUXZIR and identify all evidence that supports this pronunciation.

**ANSWER TO INTERROGATORY NO. 24**

BRUXZIR is a coined term that combines the prefix of Bruxism and the prefix of zirconia. Each part of that combination should be pronounced as each prefix is pronounced in the words Bruxism and zirconia.

Respectfully submitted,

Leonard Tachner
Attorney for the Plaintiff/Counterclaim-Defendant
17961 Sky Park Circle
Suite 38-E
Irvine, California 92614

Dated: October 10, 2012

(949) 752-8525 Telephone
(949) 955-2415 Telefax

- 8 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's Second Set Of Interrogatories (Nos. 15-24)
CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 2**
-25-

PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is 17961 Sky Park Circle, Suite 38-E, Irvine, California 92614. On October 10, 2012, I served the following document(s) in the manner indicated:

1. PLAINTIFF'S/COUNTERCLAIM-DEFENDANT RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES (NOS. 15-24)

☐ via electronic means by the Court's electronic filing system CM/ECF.

☒ by placing the document(s) listed above in a sealed envelope to the person at the address set forth below by postage prepaid United States First Class United States mail on the same date set out below.

Lynda J. Zadra-Symes
Jeffrey L. Van Hoosear
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed October 10, 2012 at Irvine, California.

By: /s/ Jodie Miller
Jodie Miller

Case No.: SACV11-01309-DOC(ANx)
CERTIFICATE OF SERVICE

**EXHIBIT 2**
-26-