1  LEONARD TACHNER, A PROFESSIONAL LAW CORPORATION
   Leonard Tachner, Esq. (State Bar No. 058436)
2  17961 Sky Park Circle, Suite 38-E
   Irvine, California 92614-6364
3  (949) 752-8525 Telephone
   (949) 955-2415 Telefax
4
   Attorney for Plaintiff/Counterclaim-Defendant
5

6              UNITED STATES DISTRICT COURT
7              CENTRAL DISTRICT OF CALIFORNIA

8

9                                          )  Case No. SACV11-01309-DOC(ANx)
10 JAMES R. GLIDEWELL DENTAL              )
   CERAMICS, INC. DBA                     )
11 GLIDEWELL LABORATORIES, a              )  PLAINTIFF'S/COUNTERCLAIM-
   California corporation,                )  DEFENDANT RESPONSES TO
12                                         )  DEFENDANT'S FIRST SET OF
              Plaintiff                   )  REQUEST FOR ADMISSIONS
13                                         )  (NOS. 1 - 26)
         vs.                              )
14                                         )
   KEATING DENTAL ARTS, INC., a           )
15 California corporation,                )
                                          )
16                                         )
              Defendant.                  )
17                                         )
18 KEATING DENTAL ARTS, INC., a           )
   California corporation,                )
19                                         )
              Counterclaim-Plaintiff,     )
20                                         )
         vs.                              )
21                                         )
   JAMES R. GLIDEWELL DENTAL              )
22 CERAMICS, INC., DBA                    )
   GLIDEWELL LABORATORIES, a              )
23 California corporation, and            )
   DOES 1 THROUGH 5, inclusive,          )
24                                         )
              Counterclaim-Defendants.    )
25

26

27       Plaintiff Glidewell Laboratories hereby responds to Defendant Keating

28 Dental Arts, Inc. First Set of Request for Admissions as follows:

EXHIBIT 3
-27-

## GLIDEWELL LABORATORIES PRELIMINARY STATEMENT

Glidewell Laboratories has not completed its investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial.  As discovery proceeds, facts, information, evidence, documents and things may be discovered that are not set forth in these Responses, but which might have been responsive to Keating Dental Arts, Inc.'s Requests.  The following Responses are based on Glidewell Laboratories knowledge, information, and belief at this time, and are complete as to Glidewell Laboratories best knowledge at this time.  These responses were prepared based on Glidewell Laboratories good faith interpretation and understanding of the individual Requests and are subject to correction of inadvertent errors or omissions, if any.  These Responses are provided without prejudice to subsequent revision or supplementation based upon any information, evidence, and/or documentation that hereinafter may be discovered.  Glidewell Laboratories reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these Responses.

To the extent that any Request seeks documents and communications that are also sought by or identified pursuant to any other Request, Glidewell Laboratories declines to produce or identify multiple copies of such documents and communications, and states that each document and communication produced or identified pursuant to any Request is also produced and identified pursuant to every other Request to which it is or may be responsive.

- 2 -

**EXHIBIT 3**

-28-

To the extent that any Request seeks documents and communications that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity, Glidewell Laboratories declines to produce such documents and communications, which would include, without limitation:

1. All documents and communications that constitute or record correspondence or other communications between counsel for Glidewell Laboratories, or its agents and employees, and Glidewell Laboratories, or its agents and employees, regarding this action;

2. All documents and communications prepared for use in this litigation, including, but not limited to, notes, memoranda, draft pleadings, and correspondence prepared by, at the direction of, or for review by counsel for Glidewell Laboratories; and

3. All documents and communications that constitute or record correspondence or other communications between Glidewell Laboratories and counsel for Glidewell Laboratories.

## GLIDEWELL LABORATORIES GENERAL OBJECTIONS TO KEATING DENTAL ARTS, INC.'S REQUEST FOR ADMISSIONS

Glidewell Laboratories objects to Keating Dental Arts Inc.'s Requests in their entirety to the extent that they seek documents and communications that are not relevant to the subject matter of this litigation and are not reasonably calculate to lead to the discovery of admissible evidence. Glidewell Laboratories further objects to this Request as calling for the production of privileged, work-product protected, or otherwise non-discoverable information. No such information will be produced. By agreeing to search for

Plaintiff's/Counterclaim-Defendant Responses To Defendant's First Set
Of Request For Admissions (Nos. 1-26)
CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 3**

-29-

1   or produce responsive information, or by producing responsive information,

2   Glidewell Laboratories does not admit competence, relevance, materiality, or

3   admissibility of such information or the information contained therein.

4   Glidewell Laboratories specifically reserves its rights to object to the use of

5   such information on any grounds, including irrelevance and/or inadmissibility.

6   Glidewell Laboratories' responses are made subject to and without waiving

7   any objections as to competence, relevance, materiality, or admissibility.

8        Glidewell Laboratories objects to Keating Dental Arts Inc.'s Request in

9   its entirety to the extent that it calls for the production of documents that are

10   protected from disclosure by attorney-client privilege and/or attorney work

11   product doctrine, and/or any other applicable privilege or immunity.

12        Glidewell Laboratories objects to Keating Dental Arts Inc.'s Request in

13   its entirety to the extent that it is overly broad and unduly burdensome.

14        Glidewell Laboratories reserves the right to amend or supplement its

15   responses to Keating Dental Arts Inc.'s Request with additional information

16   pursuant to continuing discovery.

17        Glidewell Laboratories objects to Keating Dental Arts Inc.'s Requests in

18   their entirety to the extent that they seek private, privileged, and/or

19   confidential commercial, financial, and/or proprietary business information.

20        Glidewell Laboratories objects to Keating Dental Arts Inc.'s Requests in

21   their entirety to the extent that they seek documents and communications, the

22   disclosure of which would constitute an unwarranted invasion of the affected

23   persons' constitutional, statutory, and/or common law rights of privacy and

24   confidentiality.

25        Glidewell Laboratories objects to Keating Dental Arts Inc.'s Request in

26   its entirety, as well as each Request and concomitant definition and

27   instruction, as unduly burdensome and oppressive, to the extent each Request

28

**EXHIBIT 3**

-30-

1   and concomitant definition and instruction purports to required Glidewell
2   Laboratories to identify all documents and communications related to a
3   particular topic or issue.

4   Glidewell Laboratories objects to the definition of "YOU", "YOUR",
5   "PLAINTIFF" as overly broad, unduly burdensome, vague and ambiguous,
6   and oppressive, and because it imposes burdens on Glidewell Laboratories
7   beyond those required by the Federal Rules to the extent it would require
8   Glidewell Laboratories to search for and produce documents that are not
9   within its possession, custody, or control.

10   Glidewell Laboratories objects to Keating Dental Arts Inc.'s Request in
11   its entirety, as well as each Request, to the extent it calls for information that
12   "refer[s]" or "relate[s]" or "constitute[s]" or "concern[s]" or "support[s]" or
13   "dispute[s]" or reflect[s]" or is "relevant to" or is "related to" a particular topic
14   on the ground that gathering all documents containing any reference of
15   relationship to a particular topic is unduly burdensome and out of proportion
16   to the documents' potential relevance.

17   All General Objections are incorporated by reference into each
18   Response as though set forth fully therein.

19

20   **PLAINTIFF'S COUNTERCLAIM-DEFENDANT RESPONSES**
21   **TO DEFENDANT'S FIRST SET OF REQUESTS FOR**
22   **ADMISSIONS (NOS. 1-26)**
23

24   **REQUEST FOR ADMISSION NO. 1:**
25   Admit the mark BRUXZIR was, at least in part, adopted to suggest that
26   the product is useful for bruxers or the treatment of bruxism.

27

28

- 5 -     Plaintiff's/Counterclaim-Defendant Responses To Defendant's First Set
Of Request For Admissions (Nos. 1-26)
CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 3**

-31-

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff admits that the mark BRUXZIR was, at least in part, adopted to suggest that the product is useful for bruxers.  Otherwise the request is denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit the mark BRUXZIR was, at least in part, adopted to suggest that the product is composed of zirconia.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admitted.

**REQUEST FOR ADMISSION NO. 3:**

Admit that bruxers are at least one type of end users for the product that Glidewell sells under the BRUXZIR mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admitted.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the product Glidewell sells under the BRUXZIR mark is intended for bruxers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Denied.

Plaintiff's/Counterclaim-Defendant Responses To Defendant's First Set
Of Request For Admissions (Nos. 1-26)
CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 3**

-32-

1  **REQUEST FOR ADMISSION NO. 5:**

2      Admit that the product Glidewell sells under the BRUXZIR mark is

3  suited for bruxers or teeth grinders who need a dental restoration.

4

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

6      Objection – the word "suited" is ambiguous in this context.  Plaintiff

7  admits that the BRUXZIR product is suitable for bruxers or teeth grinders who

8  need a dental restoration.

9

10  **REQUEST FOR ADMISSION NO. 6:**

11      Admit that the product Glidewell sells under the BRUXZIR mark is

12  marketed to dentists for use by bruxers in treating bruxism.

13

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

15      Denied.

16

17  **REQUEST FOR ADMISSION NO. 7:**

18      Admit that Glidewell has communicated with Assured Dental Lab

19  ("Assured") in Portland, Oregon claiming Assured's use of the mark "ZBrux"

20  infringes Glidewell's trademark BRUXZIR.

21

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

23      Admitted.

24

25

26

27

28

                       - 7 -      Plaintiff's/Counterclaim-Defendant Responses To Defendant's First Set
Of Request For Admissions (Nos. 1-26)
CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 3**

1    **REQUEST FOR ADMISSION NO. 8**

2        Admit Glidewell has communicated with Showcase Dental Laboratories

3    ("Showcase") in Port Charlotte, Florida claiming Showcase's use of the mark

4    "Zir-Bruxer Crown" infringes Glidewell's trademark BRUXZIR.

5

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

7        Admitted.

8

9    **REQUEST FOR ADMISSION NO. 9:**

10       Admit that the word "bruxer" is a term used in the dental industry to

11    identify a person with bruxism or who bruxes.

12

13    **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

14       Admitted.

15

16    **REQUEST FOR ADMISSION NO. 10:**

17       Admit that the word "bruxer" is a generic word in the dental industry.

18

19    **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

20       Admitted.

21

22    **REQUEST FOR ADMISSION NO. 11:**

23       Admit that "bruxer" and BruxZir" are pronounced the same.

24

25    **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

26       Denied.

27

28

**EXHIBIT 3**

-34-

1   **REQUEST FOR ADMISSION NO. 12:**

2       Admit that "bruxer" and BruxZir" are phonetically similar.

3

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

5       Objection – the term "phonetically similar" is vague and ambiguous,

6   therefore Denied.

7

8   **REQUEST FOR ADMISSION NO. 13:**

9       Admit that "bruxer" and BruxZir" are phonetically equivalent.

10

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

12      Denied.

13

14  **REQUEST FOR ADMISSION NO. 14:**

15      Admit that the first syllable of BRUXZIR was taken from the same root

16  as "bruxer".

17

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

19      Admitted.

20

21  **REQUEST FR ADMISSION NO. 15:**

22      Admit that the second syllable of BRUXZIR was taken from the first

23  syllable of "zirconia" or "zirconium".

24

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

26      Admitted.

27

28

- 9 -   Plaintiff's/Counterclaim-Defendant Responses To Defendant's First Set
Of Request For Admissions (Nos. 1-26)
CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 3**

-35-

**REQUEST FOR ADMISSION NO. 16:**

Admit that BRUXZIR was intended to sound the same or similar to "bruxer".

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit Glidewell has communicated with Authentic Dental Laboratory, Inc. ("Authentic") in San Antonio, Texas claiming Authentic's use of the mark "Brux Crown" infringes Glidewell's trademark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Admitted.

**REQUEST FOR ADMISSION NO. 18:**

Admit that a registered trademark exists for BRUX-EZE in association with dental appliances.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admitted.

**REQUEST FOR ADMISSION NO. 19:**

Admit that a registered trademark exists for BRUXGUARD in association with dental mouth guards for medical purposes.

Plaintiff's/Counterclaim-Defendant Responses To Defendant's First Set
Of Request For Admissions (Nos. 1-26)
CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 3**

-36-

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

    Admitted.

**REQUEST FOR ADMISSION NO. 20:**

    Admit that a registered trademark exists for Dr. BRUX associated with surgical, medical, dental and veterinary apparatuses and instruments.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

    Admitted.

**REQUEST FOR ADMISSION NO. 21:**

    Admit that a registered trademark exists for BRUX-CHECKER associated with plastic material for producing dental diagnostic tools.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

    Admitted.

**REQUEST FOR ADMISSION NO. 22:**

    Admit that a trademark application exists for BRUX XXX associated with apparatus and instruments for diagnosis or for treatment of bruxism.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

    Admitted.

**REQUEST FOR ADMISSION NO. 23:**

    Admit that a trademark application exists for BRUXQuickSplint associated with dental bite trays.

Plaintiff's/Counterclaim-Defendant Responses To Defendant's First Set
Of Request For Admissions (Nos. 1-26)
CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 3**

-37-

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Admitted.

**REQUEST FOR ADMISSION NO. 24:**

Admit that a trademark application exists for BRUX BUSTER CUSTOM NIGHT GUARD associated with mouth guards for medical purposes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Admitted.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the word "bruxer" is a term of art used in the dental industry to refer to a person who grinds their teeth.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Admitted.

**REQUEST FOR ADMISSION NO. 26:**

Admit that the word "bruxer" is a term of art used in the dental industry to refer to a type of dental product.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Denied.

Plaintiff's/Counterclaim-Defendant Responses To Defendant's First Set
Of Request For Admissions (Nos. 1-26)
CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 3**

-38-

1

2

3            Respectfully submitted,

4

5                    Leonard Tachner
6    Attorney for the Plaintiff/Counterclaim-Defendant
             17961 Sky Park Circle
7                  Suite 38-E
             Irvine, California 92614
8
              Dated: October 11, 2012
9
(949) 752-8525 Telephone
10 (949) 955-2415 Telefax

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                - 13 -    Plaintiff's/Counterclaim-Defendant Responses To Defendant's First Set
                                          Of Request For Admissions (Nos. 1-26)
                                          CASE NO. SACV11-01309-DOC(ANx)

**EXHIBIT 3**
-39-

PROOF OF SERVICE

I am a resident of the state of California, I am over the age of 18 years, and I
am not a party to this lawsuit.  My business address is 17961 Sky Park Circle,
Suite 38-E, Irvine, California 92614.  On October 11, 2012, I served the following
document(s) in the manner indicated:

1.       PLAINTIFF'S/COUNTERCLAIM-DEFENDANT RESPONSES
         TO DEFENDANT'S FIRST SET OF REQUESTS FOR
         ADMISSIONS (NOS. 1-26)

☐     via electronic means by the Court's electronic filing system CM/ECF.

◼     by placing the document(s) listed above in a sealed envelope to the person at
       the address set forth below by postage prepaid United States First Class
       United States mail on the same date set out below.

Lynda J. Zadra-Symes
Jeffrey L. Van Hoosear
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614

I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.

Executed October 11, 2012 at Irvine, California.

By:    /s/ Jodie Miller

_____
Jodie Miller

Case No.: SACV11-01309-DOC(ANx)
CERTIFICATE OF SERVICE

**EXHIBIT 3**

-40-