Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN : 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.iankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CEAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx)<br><br>**DECLARATION OF LORI BOATRIGHT IN SUPPORT OF KEATING DENTAL ARTS, INC.'S MOTIONS FOR SUMMARY JUDGMENT CANCELING GLIDEWELL'S TRADEMARK REGISTRATION AND OF NONINFRINGEMENT OF GLIDEWELL'S BRUXZIR® TRADEMARK**<br><br>Honorable David O. Carter |

1     I, Lori Boatright, hereby declare as follows:

2     I am the Chair of the Trademark Practice Group at the intellectual property law firm Blakely Sokoloff Taylor & Zafman, LLP ("BSTZ"). I have personal knowledge of the matters set forth herein. If called upon to testify, I could and would testify competently to them.

    1. Attached hereto as Exhibit A is a true and correct copy of my Rebuttal Report to the Report of David J. Franklyn, which I signed on October 15, 2012 ("Rebuttal Report").

    2. As stated in my Rebuttal Report (page 1 lines 6-9; page 2 lines 1-3), I joined BSTZ in 1988 and became a partner in 1993. The Trademark Practice Group was founded in 1996 and I have been the Chair since inception of this group. I estimate I have filed/prosecuted roughly 2,500-3,000 trademark applications while at BSTZ.

    3. As stated in my Rebuttal Report (page 2 lines 4-21), prior to joining BSTZ, I was a Trademark Examining Attorney from January 1987 to November 1988. I estimate that I examined over 2,500 trademark applications during that period.

    4. As stated in my Rebuttal Report (page 17 lines 2-4), the U.S. Patent and Trademark Office requires all Trademark Examining Attorneys to follow the Trademark Manual of Examining Procedure ("TMEP") in the examination of trademark applications.

    5. Attached hereto as Exhibit B is a true and correct copy of the 24 page printout from the records of the U.S. Patent and Trademark Office of the file history of Registration No. 3,739,663 (Application Serial No. 77/761,757) for the mark BRUXZIR owned by James R. Glidewell Dental Ceramics, Inc. dba Glidewell Laboratories ("BRUXZIR File History") which I had previously reviewed and relied on for my Rebuttal Report.

    6. As I stated in my Rebuttal Report (page 12 lines 8-11; page 18

lines 4-6), it is clear from the BRUXZIR File History that the Trademark Examining Attorney did not conduct a web search, nor make any inquiry of Glidewell of the meaning or pronunciation or the BRUXZIR mark.

7. As I stated in my Rebuttal Report (page 8 lines 21-23), a review of Glidewell's own website informs the public that the BRUXZIR products are designed for "bruxers."

8. As I stated in my Rebuttal Report (page 16 lines 12-14), a web search similar to "crowns designed for bruxers" should have been performed by the Trademark Examining Attorney for the BRUXZIR mark.

9. As I also stated in my Rebuttal Report (page 7 lines 23-28; page 8 lines 1-20), a web search using the Google search engine of "bruxer" shows 32,800 search "results." This and other Google searches I conducted showed findings relevant to dentists as well as to general consumers.

10. As I stated in my Rebuttal Report (page 14 lines 5-16; page 17 lines 4-17), the Trademark Examining Attorney for the BRUXZIR mark should have asked Glidewell if the mark had any particular meaning in relation to the goods or in the relevant trade or industry.

11. As I stated in my Rebuttal Report (page 17 lines 8-10), the TMEP states that it may be necessary for a Trademark Examining Attorney to request additional information from the applicant to properly examine the application.

12. As I also stated in my Rebuttal Report (page 17 lines 10-17), the TMEP states that a Trademark Examining Attorney may request additional explanation or materials to clarify the meaning of the mark.

13. As I stated in my Rebuttal Report (page 18 lines 4-6), there was no indication that the Trademark Examining Attorney conducted any follow-up activity.

14. As I stated in my Rebuttal Report (page 10 lines 3-16), based on my review of the audio material on the Glidewell website and other Glidewell

material I reviewed on YouTube, Glidewell pronounces the mark BRUXZIR as "bruxer."

15. As I also stated in my Rebuttal Report (page 13 lines 21-28; page 14 lines 1-4), had the Trademark Examining Attorney known that Glidewell pronounced the mark BRUXZIR as "bruxer," the Trademark Examining Attorney would have denied registration of the BRUXZIR mark.

16. Attached hereto as Exhibit C is a true and correct copy of the 33 page printout from the records of the U.S. Patent and Trademark Office of the file history of Application Serial No. 85/287,029 for the KDZ BRUXER (stylized mark) with the term "bruxer" disclaimed owned by Keating Dental Art, Inc. ("KDZ BRUXER File History") which I had previously reviewed and relied on for my Rebuttal Report (page 6 lines 8-15):



17. As I stated in my Rebuttal Report (page 17 lines 19-23), Keating Dental Arts, Inc. the term "bruxer" was disclaimed, and Keating Dental Arts, Inc. made no claim as to trademark rights therein to this term.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 16, 2012, in _San Diego_, California.

_____
Lori Boatright

14279488
110612

3