1  SNELL & WILMER L.L.P.
   Philip J. Graves (SBN 153441)
2  pgraves@swlaw.com
   Greer N. Shaw (SBN 197960)
3  gshaw@swlaw.com
   350 South Grand Avenue, Suite 2600
4  Two California Plaza
   Los Angeles, California 90071
5  Telephone: (213) 929-2500
   Facsimile: (213) 929-2525
6
   Attorneys for Plaintiff
7  James R. Glidewell Dental Ceramics, Inc.
   d/b/a Glidewell Laboratories
8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                   SOUTHERN DIVISION

12  JAMES R. GLIDEWELL DENTAL          Case No. SACV11-01309-DOC(ANx)
    CERAMICS, INC. dba GLIDEWELL
13  LABORATORIES, a California         **JAMES R. GLIDEWELL DENTAL
    corporation,                       CERAMICS, INC.'S STATEMENT
14                                      OF GENUINE DISPUTES OF
                                        MATERIAL FACT, AND
15              Plaintiff,              STATEMENT OF ADDITIONAL
                                        MATERIAL FACTS, IN RESPONSE
16  vs.                                 TO DEFENDANT KEATING
                                        DENTAL ARTS, INC.'S PROPOSED
17  KEATING DENTAL ARTS, INC., a        STATEMENT OF
    California corporation              UNCONTROVERTED FACTS IN
18                                      SUPPORT OF ITS MOTION FOR
                Defendant.              SUMMARY JUDGMENT
19                                      CANCELLING GLIDEWELL'S
                                        TRADEMARK REGISTRATION**
20  ─────────────────────────────      Hearing
21  AND RELATED                        Date:  December 17, 2012
    COUNTERCLAIMS.                     Time:  8:30 a.m.
22                                     Ctrm:  9D, Hon. David O. Carter
23                                     Pre-Trial Conf.:  January 28, 2013
                                       Jury Trial:       February 26, 2013
24

25        **HIGHLY CONFIDENTIAL - FILED UNDER SEAL**

26  **(PURSUANT TO PROTECTIVE ORDER DATED JANUARY 30, 2012)**

27

28
                                       STATEMENT OF GENUINE DISPUTES RE MSJ RE
                                       TRADEMARK REGISTRATION
                                       CASE NO. SACV11-01309 DOC (ANx)

16185398.1

1    Pursuant to Local Rule 56-2, Plaintiff James R. Glidewell Dental Ceramics,

2   Inc. dba Glidewell Laboratories ("Glidewell") submits this Statement Of Genuine

3   Disputes And Statement Of Additional Material Facts, In Response To Defendant

4   Keating Dental Arts, Inc.'s Proposed Statement of Uncontroverted Facts In Support

5   Of Its Motion For Summary Judgment Cancelling Glidewell's Trademark

6   Registration.

7    Glidewell relies herein on the evidence submitted in support of its Motion for

8   Partial Summary Judgment Re Infringement of a Federally Registered Mark (First

9   Cause of Action) and Dismissal of Defendant's Second Affirmative Defense and

10   First Counterclaim [Dkt. # 81-1] and Motion for Partial Summary Judgment as to

11   Keating Dental Arts, Inc.'s Invalidity Defense and Counterclaim [Dkt. #82-1]

12   ("Glidewell's Motions"), with Glidewell's Appendix of Evidence in Support of

13   Motions for Summary Judgment [Dkt.# 90] as well as additional evidence

14   submitted herewith.  Exhibits are numbered sequentially to those submitted with

15   Glidewell's Motions.

16   **I.  GLIDEWELL'S STATEMENT OF GENUINE DISPUTES IN**

17   **RESPONSE TO KEATING'S PROPOSED UNCONTROVERTED**

18   **FACTS AND CONCLUSIONS OF LAW**

19

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| 1.  The consuming public for the commercial products at issue in this case are dentists and dental laboratories. (Jankowski Decl., Ex. 3, at 7 (Request for Admission No. 6; Mangum Decl., | Disputed.  Keating's cited evidence does not support this alleged statement of uncontroverted fact.  The "products at issue" are Glidewell's BruxZir and Keating's KDZ Bruxer.  Keating's cited |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| Ex. 50 (Shuck Dep. Tr.), at 138:9 – 141:19). | evidence, Dkt. #91-3 (Jankowski Decl., Ex. 3, at 7 (Request for Admission No. 6)); Dkt. #92-1 (Mangum Decl., Ex. 50 (Shuck Dep. Tr.), at 138:9 – 141:19), do not identify the "consuming public" for Keating's KDZ Bruxer.  Disputed based on evidentiary objections.  See objections to Ex. 50, contained in Glidewell's Evidentiary Objections. |
| 2.  Dentists and other dental professionals refer to the subconscious grinding of teeth as "bruxing" and the associated medical condition as "bruxism." (Eggleston Decl. ¶ 16; Eggleston Decl., Ex. 65, at 11:20-22, 12:3-4; Mangum Decl., Ex. 50 (Shuck Dep. Tr.), at 33:13-21, 41:19-20, 42:19 – 43:3, 199:21 – 200:2; Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 81:16-17, 184:16 – 185:7). | Disputed based on evidentiary objections.  See objections to Exs. 50 and 4, contained in Glidewell's Evidentiary Objections. |
| 3.  The term "bruxism" is defined in Dorland's Illustrated Medical Dictionary | Not disputed. |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| (32nd Ed. 2012) as "involuntary, nonfunctional, rhythmic, or spasmodic gnashing, grinding, and clenching of teeth. (Eggleston Decl., Ex. 65, at 12:12-14). | |
| 4.  The term "brux" is defined as "to grind the teeth rhythmically or spasmodically." (Eggleston Decl., Ex. 65, at 12:14-15). | |
| 5.  Dentists are taught these terms during dental school, including Glidewell's in-house dentist, Dr. Michael DiTolla, and Keating's expert witness with over forty years of experience as a prosthodontist, Dr. David Eggleston. (Eggleston Decl., Ex. 65, at 12:18-20; Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 184:4 – 185:7). | Disputed.  Keating's cited evidence does not support this alleged statement of uncontroverted fact.  Keating's cited evidence does not show that (a) dentists in general and (b) Dr. David Eggleston were taught the terms "brux" and "bruxism" during dental school.  Dkt. #93-1 (Eggleston Decl., Ex. 65, at 12:18-20); Dkt. #91-4 (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 184:4 – 185:7).  Rather, in Dkt. #93-1 (Eggleston Decl., Ex. 65, at 12:18-20), Dr. Eggleston only states that, "These are words that are used routinely and |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
|  | frequently within the dental profession and have been so throughout my 42 years in dentistry." Dkt. #93-1 (Eggleston Decl., Ex. 65, at 12:18-20). Disputed based on evidentiary objections. See objections to Ex. 4, contained in Glidewell's Evidentiary Objections. |
| 6. Dentists and other dental professionals refer to dental patients who suffer from bruxism as "bruxers." (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 186:20-21; Mangum Decl., Ex. 50 (Shuck Dep. Tr.), at 199:21 – 200:2; Eggleston Decl. ¶ 16; Eggleston Decl., Ex. 65, at 12:3-4, 14:7-8; Jankowski Decl., Ex. 1 at 5 (Interrogatory No. 2); Jankowski Decl., Ex. 3, at 8 (Request for Admission No. 9); Campbell Decl. ¶ 10, 12; Colleran Decl ¶ 7; Jacquinot Decl. ¶ 11; Myers Decl. ¶ 11; Nussear Decl. ¶ 11; Scott Decl. ¶ 11; Stephens Decl. ¶ 10,12; Sweet Decl. ¶ 8). | Disputed based on evidentiary objections. See objections to Exs. 4 and 50, Campbell Decl. ¶¶ 10 and 12, Jacquinot Decl. ¶ 11, Nussear Decl. ¶ 11, Scott Decl. ¶ 11, Stephens Decl. ¶¶ 10 and 12, Sweet Decl. ¶ 8, contained in Glidewell's Evidentiary Objections. |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| 7. By way of example, peer-reviewed journal articles from the dental field have for decades used "bruxer" as a generic term people suffering from bruxism. (Eggleston Decl., Exs. 68-78). | Disputed.  Keating's cited evidence does not support this alleged statement of uncontroverted fact. Dkts. #93-10 (Eggleston Decl., Ex. 74) and Dkt. #93-12 (Eggleston Decl., Ex. 76) are not "peer-reviewed journal articles" because (a) Dkts. #93-10 (Eggleston Decl., Ex. 74) is a Masters thesis submitted to West Virginia University that does not appear to be published in any nationally recognized dental journal, and (b) Dkt. #93-12 (Eggleston Decl., Ex. 76) is a Glidewell website press release obtained from a press release website, entitled "PRWeb" (www.prweb.com). Additionally, the phrase "for decades" is inaccurate because the earliest "peer-reviewed journal article" cited by Keating is Dkt. #93-4 (Eggleston Decl., Ex. 68), which was published in 1994. Furthermore, Keating's cited evidence, Dkt. #93-4-#93-14 (Eggleston Decl., Exs. 68-78), do not state that the term |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | "bruxer" was used as a "generic" term for people suffering from bruxism. Glidewell admits only that Dkt. #93-4-#93-14 (Eggleston Decl., Exs. 68-78) uses the term "bruxer" to describe someone who suffers from bruxism. |
| 8.  United States patents and patent applications dating back to the 1980's use the term "bruxer" to identify people suffering from bruxism.  (Request for Judicial Notice Ex. A-E). | Disputed.  Keating's cited evidence does not support this alleged statement of uncontroverted fact.  In Dkt. #89-1-#89-5 (Request for Judicial Notice Ex. A-E), only Dkt. #89-1 (Request for Judicial Notice Ex. A (U.S. Patent No. 4,728,291 (the "'291 Patent"))) is a patent from the "1980's," as the '291 Patent was issued on March 1, 1988.  However, the '291 Patent does not show that the term "bruxer" was used to identify people suffering from bruxism.  There is no substantive discussion as to the meaning of the term "bruxer" in the '291 Patent. In fact, the term "bruxism" is not even disclosed or suggested in the '291 Patent. |
| 9.  Crowns and bridges are dental | Disputed based on evidentiary |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| restorations used by dentists to treat patients with damaged or missing teeth. (Eggleston Decl., ¶ 9; Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 135:17-21). | objections.  See objections to Ex. 4, contained in Glidewell's Evidentiary Objections. |
| 10.  Dentists order crowns from "dental laboratories" that manufacture the crowns for the dentists based on specifications provided by the dentist. (Eggleston Decl. ¶ 9; Brady Decl. ¶ 2; Campbell Decl. ¶ 2; Colleran Decl. ¶ 2; Jacquinot Decl. ¶ 2; Murphy Decl. ¶ 2; Myers Decl. ¶ 2; Nussear Decl. ¶ 2; Scott Decl. ¶ 2; Stephens Decl. ¶ 2; Sweet Decl. ¶ 2; Tobin Decl. ¶ 2). | Not disputed. |
| 11.  There are over 2,000 dental laboratories in the U.S. servicing the needs of dentists. (Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 17:7 – 18:2). | Disputed based on evidentiary objections.  See objections to Ex. 5, contained in Glidewell's Evidentiary Objections. |
| 12.  Plaintiff Glidewell, founded in 1970, is by far the largest dental laboratory in the U.S., employing about 3,300 employees. (Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 51). | Disputed.  Keating's cited evidence does not support this alleged statement of uncontroverted fact.  In Dkt. #91-6 (Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 51), Allred did not testify that |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
|  | Glidewell is "by far" the largest dental laboratory in the U.S.  Glidewell admits only that it was founded in 1970 and is a dental laboratory employing about 3,300 employees.  Disputed based on evidentiary objections.  See objections to Ex. 6, contained in Glidewell's Evidentiary Objections. |
| 13.  In 2002, Shaun Keating founded Keating Dental Arts. (Mangum Decl., Ex. 54 (Keating Dep. Tr.), at 20:4-11; Keating Decl. ¶ 3). | Disputed based on evidentiary objections.  See objections to Ex. 54, contained in Glidewell's Evidentiary Objections. |
| 14.  Prior to founding his company, from 1984 to 2002, Mr. Keating worked at Glidewell Laboratories. For most of that time, he was the crown and bridge manager and was responsible for approximately 200 employees. (Keating Decl. ¶ 2). | Not disputed. |
| 15.  For decades dental labs primarily manufactured crowns made entirely or partially of porcelain, a material that gives a tooth-like appearance. | Disputed based on evidentiary objections.  See objections to Ex. 4, contained in Glidewell's Evidentiary Objections. |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 34:22 – 42:22; Eggleston Decl. ¶ 14). | |
| 16.  Dental labs have also developed layered combinations of materials, to create stronger crowns that look tooth-like. (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 34:22 – 42:22; Eggleston Decl. ¶ 15). | Disputed based on evidentiary objections.  See objections to Ex. 4, contained in Glidewell's Evidentiary Objections. |
| 17.  An example of a layered crown developed years ago is a porcelain-fused-to-metal ("PFM") crown, which includes a top porcelain layer—visible in the mouth for aesthetics—atop a lower hidden metal layer for strength. (Eggleston Decl. ¶ 15; Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 35:15-22; Mangum Decl., Ex. 50 (Shuck Dep. Tr.), at 235:3-10). | Disputed based on evidentiary objections.  See objections to Exs. 4 and 50, contained in Glidewell's Evidentiary Objections. |
| 18.  Bruxers can be a particularly challenging group of patients for dentists because they are notorious for breaking traditional porcelain crowns due to the | Disputed based on evidentiary objections.  See objections to Exs. 50 and 4, contained in Glidewell's Evidentiary Objections. |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| excessive forces they place on their teeth. (Mangum Decl., Ex. 50 (Shuck Dep. Tr.), at 33:13 – 34:17; Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 80:10 – 81:10; Eggleston Decl. ¶ 17). | |
| 19.  Such patients have traditionally been provided with crowns made entirely out of metal, such as gold. (Mangum Decl., Ex. 50 (Shuck Dep. Tr.), at 33:13 – 34:17; Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 80:10 – 81:10; Eggleston Decl. ¶ 17). | Disputed.  Keating's cited evidence does not support this alleged statement of uncontroverted fact.  In Dkt. #92-1 (Mangum Decl., Ex. 50 (Shuck Dep. Tr.), at 33:13 – 34:17), Shuck testified that besides crowns made entirely of gold, dentists can also offer such patients crowns made partially of metal and ceramic.  In Dkt. #91-4 (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 80:10), Dr. DiTolla testified in the context of the term "brux," not "bruxers."  However, Glidewell admits that bruxers have been provided with crowns made entirely of gold.  Disputed based on evidentiary objections.  See objections to Exs. 50 and 4, contained in Glidewell's Evidentiary Objections. |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| 20. Gold is superior to porcelain for bruxers in that it is more durable and capable of withstanding the stresses associated with chewing and teeth grinding. (Eggleston Decl. ¶ 14; Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 41:11 – 42:9; Mangum Decl., Ex. 52 (Friebauer Dep. Tr.), at 63:21 – 64:20). | Disputed based on evidentiary objections. See objections to Exs. 4 and 50, contained in Glidewell's Evidentiary Objections. |
| 21. To patients gold is far inferior to porcelain in that it is not aesthetically pleasing because it does not look like a tooth. (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 42:5-16, 52:4-8, 53:4-7, 112:14-19, 170:1-13). | Disputed based on evidentiary objections. See objections to Ex. 4, contained in Glidewell's Evidentiary Objections. |
| 22. Because of its poor aesthetics, gold is a "last resort for people with chewing problems." (Mangum Decl., Ex. 52 (Friebauer Dep. Tr.), at 64:3-12). | Disputed based on evidentiary objections. See objections to Ex. 52, contained in Glidewell's Evidentiary Objections. |
| 23. Because many patients are very resistant to receiving gold crowns, dental professionals have sought to develop a crown that is strong like gold but that | Disputed. Keating's cited evidence does not support this alleged statement of uncontroverted fact. Specifically, in Dkt. #91-4 (Jankowski Decl., Ex. 4 |

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| looks like a natural tooth. Glidewell's in-house dentist, Dr. DiTolla, for years asked his R&D department "for a cast gold material that's white like a tooth so patients will accept it." (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.) at 112:14-21.) | (DiTolla Dep. Tr.) at 112:14-21), Dr. DiTolla did not characterize such patients as "very resistant" to receiving gold crowns.  Additionally, the phrase "dental professionals" is vague and ambiguous.  However, Glidewell admits that Glidewell's in-house dentist, Dr. DiTolla, have asked his R&D department "for a cast gold material that's white like a tooth so patients will accept it."  Disputed based on evidentiary objections.  See objections to Ex. 4, contained in Glidewell's Evidentiary Objections. |
| 24.  Glidewell's Director of R&D repeated Dr. DiTolla's desire: "His [Dr. DiTolla's] saying was always, 'Why can't we make a full gold crown that is white? Give me a white full gold crown.'" (Mangum Decl., Ex. 52 (Friebauer Depo. Tr.) at 63:13-19.) | Disputed based on evidentiary objections.  See objections to Ex. 52, contained in Glidewell's Evidentiary Objections. |
| 25.  To address Dr. DiTolla's request, Glidewell spent several years leading up | Disputed based on evidentiary objections.  See objections to Exs. 4 and |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| to 2009 developing an all-zirconia crown. (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.) at 61:7-17; Mangum Decl., Ex. 51 (Carden Dep. Tr.) at 102:14-22.) | 51, contained in Glidewell's Evidentiary Objections. |
| 26.  Zirconia is an extremely strong material that dental labs began using years earlier as a substitute for the metal lower layer in PFM crowns." (Mangum Decl., Ex. 52 (Friebauer Depo. Tr.) at 50:11-52:6.) | Disputed.   Keating's cited evidence does not support this alleged statement of uncontroverted fact.  In Dkt. #92-1 (Mangum Decl., Ex. 52 (Friebauer Depo. Tr.) at 50:11-52:6), Friebauer did not testify that other dental labs began using zirconia "years earlier" as a substitute for the metal lower layer in PFM crowns.  However, Glidewell admits only that zirconia is a strong material that dental labs have used as a substitute for the metal lower layer in PFM crowns.   Disputed based on evidentiary objections.  See objections to Ex. 52, contained in Glidewell's Evidentiary Objections. |
| 27.  Although Zirconia is white, it does not have the appropriate reflective properties to appear tooth-like, so it is | Disputed based on evidentiary objections.  See objections to Ex. 4, contained in Glidewell's Evidentiary |

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| not nearly as aesthetic as porcelain. (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.) at 35:15-36:2; 61:7-13.) | Objections. |
| 28.  A big challenge facing Glidewell in creating an all-zirconia crown was making it sufficiently aesthetic, and Glidewell's Director of R&D recalled that its first attempt was a failure: "I remember our first full crown was so ugly, we all thought that it can't be more ugly than gold, but it was more ugly. Unbelievable." (Mangum Decl., Ex. 52 (Friebauer Depo. Tr.) at 62:2-12.) | Disputed.  Keating's cited evidence does not support this alleged statement of uncontroverted fact.  Specifically, in Dkt. #92-1 (Mangum Decl., Ex. 52 (Friebauer Depo. Tr.) at 62:2-12), Friebauer did not testify that creating a solid zirconia crown was a "big challenge facing Glidewell."  However, Glidewell admits that Friebauer did state that, "I remember our first full crown was so ugly, we all thought that it can't be more ugly than gold, but it was more ugly. Unbelievable."  Disputed based on evidentiary objections.  See objections to Ex. 52, contained in Glidewell's Evidentiary Objections. |
| 29.  Eventually Glidewell's R&D efforts resulted in an all-zirconia crown that it deemed aesthetic enough, and it decided to release the new crown as a new | Disputed based on evidentiary objections.  See objections to Ex. 4, contained in Glidewell's Evidentiary Objections. |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| product. (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.) at 62:5-8.) | |
| 30. Glidewell's Vice President of Advertising, Jim Shuck, proposed "BruxZir" as the name of the new all-zirconia crown. (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.) at 75:7-16; Mangum Decl., Ex. 50 (Shuck Dep. Tr.) at 15:8-15.) | Disputed based on evidentiary objections. See objections to Exs. 4 and 50, contained in Glidewell's Evidentiary Objections. |
| 31. As Mr. Shuck explained, the name was chosen to combine **brux**ism and **zir**conia: "That's why we picked the name, because . . . if you see brux or you identify somebody with brux or bruxism, think of zirconium. So we put brux and zir together." (Mangum Decl., Ex. 50 (Shuck Dep. Tr.) at 41:1-13); *see also* (Mangum Decl., Ex. 52 (Friebauer Dep. Tr.) at 72:1-4.) | Disputed based on evidentiary objections. See objections to Exs. 50 and 52, contained in Glidewell's Evidentiary Objections. |
| 32. REDACTED | Disputed. Keating mischaracterizes Dr. DiTolla's testimony. REDACTED |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| **Keating's Proposed Uncontroverted Facts and Conclusions of Law** | **Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law** |
|---|---|
| REDACTED | REDACTED |
| | Dkt. #91-18 (Jankowski Decl., Ex. 18; Ex. 4 (DiTolla Dep. Tr.) at 85:15-86:1). Disputed based on evidentiary objections. See objections to Ex. 4, contained in Glidewell's Evidentiary Objections. |
| REDACTED 33. | Disputed. Keating omits portions of Dr. DiTolla's testimony regarding same. Dkt. #91-18 (Jankowski Decl., Ex. 18; |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| REDACTED | Ex. 4 (DiTolla Dep. Tr.) at 85:15-86:1. |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| 34. In his deposition, Dr. DiTolla testified "[I]" I thought it was clever because of the "Zir" for zirconia"; that the dentist was going to know what was in there." (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.) at 73:8-10.) | Disputed based on evidentiary objections. See objections to Ex. 4, contained in Glidewell's Evidentiary Objections. |
| 35. Glidewell's Director of R&D, Mr. Friebauer, also provided a favorable response to the name suggestion of BruxZir by replying by email, "And it all makes sense." (Jankowski Decl., Ex. 18.) | Not disputed. |
| 36. Mr. Friebauer further explained that "[t]o me, it stands for bruxism and zirconia. It makes sense to me." (Mangum Decl., Ex. 52 (Friebauer Dep. Tr.) at 72:1-4.) | Disputed based on evidentiary objections. See objections to Ex. 52, contained in Glidewell's Evidentiary Objections. |
| 37. Glidewell's Sales Manager, Robin Bartolo, also liked the name: "So here you had something that looked like a tooth and yet was strong enough to withstand even patients that would brux at night or during the day. So it was a | Disputed based on evidentiary objections. See objections to Ex. 5, contained in Glidewell's Evidentiary Objections. |

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| great name to convey strength." (Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.) at 71:19-72:5.) | |
| 38. Glidewell admits that the mark BRUXZIR was adopted, at least in part, to connote a product that is useful for bruxers and that the product is composed of zirconia. (Jankowski Decl., Ex. 3 at 6.) | Not disputed. |
| 39. In June 2009, Glidewell began offering for sale the new all-zirconia crown under the name "BruxZir." (Mangum Decl., Ex. 50 (Shuck Dep. Tr.) at 15:21-16:3; Ex. 51 (Carden Dep. Tr.) at 97:18-21.) | Disputed based on evidentiary objections. See objections to Exs. 50 and 51, contained in Glidewell's Evidentiary Objections. |
| 40. Glidewell prominently and widely promoted the new all-zirconia crown to its customers as "ideal" for bruxer patients in the marketing materials it sent to dentists. (Mangum Decl., Ex. 50 (Shuck Dep. Tr.) at 87:18-88:7; 176:19-178:22; Jankowski Decl., Ex. 8; Ex. 10 at 3, 12, 23, 26; Ex. 11 at 1, 3, 5-6; Ex. | Disputed. Keating's cited evidence does not support this alleged statement of uncontroverted fact. In Dkt. #92-1 (Mangum Decl., Ex. 50 (Shuck Dep. Tr.) at 87:18-88:7; 176:19-178:22), Shuck did not testify that the "'ideal' for bruxer patients" marketing reference (or a variation thereof) was "prominently |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| 12; Ex. 13; Eggleston Decl., Exs. 79-84.) | and widely promoted." In fact, as shown in Dkt. #91-8 (Jankowski Decl., Ex. 8), #91-10 (Jankowski Decl., Ex. 10 at 3, 12, 23, 26), # 91-11 (Jankowski Decl., Ex. 11 at 1, 3, 5-6), #91-13 (Jankowski Decl., Ex. 13), and #93-15 - #93-20 (Eggleston Decl., Exs. 79-84), the "'ideal' for bruxer patients" marketing reference (or a variation thereof) is in the same font-size and same font style as most other marketing references, and significantly smaller in font than the "more brawn than beauty" marketing reference. Thus, the "'ideal' for bruxer patients" marketing reference (or a variation thereof) is merely one of many other marketing references used by Glidewell to promote BruxZir solid-zirconia crowns. *Id.* Additionally, Dkt. #91-12 (Jankowski Decl., Ex. 12) appears to be a letter sent from a Glidewell employee, Nicole Fallon, to another Glidewell employee, Jim Shuck, |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | and thus, was not marketing material sent to dentists. Disputed based on evidentiary objections. See objections to Exs. 50, 79-84, contained in Glidewell's Evidentiary Objections. |
| 41. Because the aesthetics of its new all-zirconia crown was poor compared to conventional porcelain crowns, Glidewell further marketed the crown as "More Brawn Than Beauty." (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.) at 76:3-17; 122:8-15; 143:21-144:10; Ex. 7 at 1-2, 4, 7-13, 15, 17, 20; Ex. 8 at 1, 4-9; Ex. 9 at 1; Ex. 10 at 1, 12, 23, 26; Ex. 11 at 2, 4; Mangum Decl., Ex. 50 (Shuck Dep. Tr.) at 178:11-22.) | Disputed based on evidentiary objections. See objections to Exs. 4 and 50, contained in Glidewell's Evidentiary Objections. |
| 42. Below is an excerpt from a Glidewell marketing document.<br><br>(Jankowski Decl., Ex. 10 at 1) | Not disputed. |
| 43. Glidewell also promoted the use of | Disputed based on evidentiary |

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| its all-zirconia crown for bruxers in technical articles authored by its Vice President of R&D, Mr. Carden. (Jankowski Decl., Exs. 15, 16, 17). | objections.  See objections to Exs. 15-17, contained in Glidewell's Evidentiary Objections. |
| 44.  By way of example, an article authored by Mr. Carden states that "[p]rimary candidates [for all-zirconia restorations] include bruxers and grinders who do not desire cast gold or metal occlusal PFM restorations." (Jankowski Decl., Ex. 16 at 3). | Disputed based on evidentiary objections.  See objections to Ex. 16, contained in Glidewell's Evidentiary Objections. |
| 45.  Glidewell also promoted the use of its all-zirconia crown as being indicated, or "ideal," for bruxers on its website. (Jankowski Decl., Ex. 9 at 2; Eggleston Decl., Exs. 80, 81, 82, 83, 84.) | Disputed based on evidentiary objections.  See objections to Exs. 80-84, contained in Glidewell's Evidentiary Objections. |
| 46.  The web site further explains that:     When we launched BruxZir Solid Zirconia crowns & bridges in 2009, our intention was to provide a monolithic zirconia restoration *indicated for bruxers and grinders* as an esthetic alternative to posterior metal occlusal | Not disputed. |

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| PFMs and full-cast metal restorations. The result was a material we said was "More Braun than Beauty." (Jankowski Decl., Ex. 9 at 2.) | |
| 47.  Glidewell's in-house dentist, Dr. DiTolla, has published many promotional videos available on the internet (through Glidewell's website or iTunes) that discuss dental techniques relating to the BruxZir product. Glidewell has also produced a DVD of videos relating to the BruxZir product which it mailed to dentists around the country. (Mangum Decl., Ex. 50 (Shuck Dep. Tr.) at 73:16-74:18; 128:9-20.) | Disputed based on evidentiary objections.  See objections to Ex. 50, contained in Glidewell's Evidentiary Objections. |
| 48.  In those videos, Dr. DiTolla pronounces the name BruxZir and the dental term bruxer identically. (Eggleston Decl., Ex. 65 at 16; Van Hoosear Decl., Ex. V-4.) | Disputed.  Keating's evidence does not support this alleged statement of fact. First, in Dkt. #93-1 (Eggleston Decl., Ex. 65 at 16), Dr. Eggleston does not even discuss Dr. DiTolla or his videos. Rather, Dkt. #93-1 (Eggleston Decl., Ex. 65 at 16) primarily focuses on Dr. Eggleston's opinion on the subject |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | matter of "Dentists and other professionals in the dental profession refer to an all zirconia crown as a "bruxer crown" or alternatively a "bruxzir crown."" Second, in Dkt. #110 (Van Hoosear Decl., Ex. V-4), there were no instances of Dr. DiTolla's pronunciation of the term "bruxer." Rather, in Dkt. #110 (Van Hoosear Decl., Ex. V-4), Dr. DiTolla only pronounces the term "BruxZir" throughout this video. Dkt. #110 (Van Hoosear Decl., Ex. V-4. Additionally, Dr. Goldstein refutes Dr. Eggleston's opinion. Ex. X to Supplemental Appendix of Evidence (Goldstein Decl., ¶¶ 4-23). Disputed based on evidentiary objections. See objections to Ex. V-4, contained in Glidewell's Evidentiary Objections. |
| 49. In their videotaped depositions in this case, Glidewell's witnesses' pronounced BruxZir and bruxer | Disputed. Keating's cited evidence does not support this alleged statement of uncontroverted fact. First, in Dkt. #110 |

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| identically. (Van Hoosear Decl., Exs. V-1, V-2, V-3.) | (Van Hoosear Decl., Ex. V1), Mr. Shuck does not pronounce "BruxZir" and "bruxer" "identically."  Specifically, Mr. Shuck, when pronouncing "BruxZir," places an emphasis on the "Z" in "Zir." By contrast, when pronouncing "bruxer," Mr. Shuck does not place any such emphasis as there is no "Z" in "bruxer."  Second, in Dkt. #110 (Van Hoosear Decl., Ex. V2), Dr. DiTolla did not pronounce the term "bruxer." Rather, in Dkt. #110 (Van Hoosear Decl., Ex. V2), Dr. DiTolla only pronounced the term "bruxers."  Thus, Dkt. #110 (Van Hoosear Decl., Ex. V2) does not show that Dr. DiTolla "pronounced BruxZir and bruxer identically."  Third, Dkt. #110 (Van Hoosear Decl., Ex. V3) is comprised of video clip excerpts from the October 4, 2012 deposition of Robin Carden ("Carden Depo.").  However, Keating's counsel clearly stated that the Carden |

Snell & Wilmer

L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
|  | Depo. was not a 30(b)(6) deposition. Dkt. #92-1 (Magnum Decl., Ex. 51, Carden Depo., at 191:8-12) ("And, Leonard, this isn't a 30(b)(6) depo, so I'm not going to ask the witness to even research the answer...")  Therefore, the Carden Depo. was not testimony on behalf of Glidewell. |
| 50.  Starting in early 2011, Glidewell sent a number of cease and desist letters to dental laboratories who uses the word "Bruxer," or variations thereon, in connection with all-zirconia crowns. (Jankowski Decl., Ex. 6 (Allred Dep. Tr.) at 213:19-264:13 & Exs. 19-34.) | Disputed.  Keating's cited evidence does not support this alleged statement of uncontroverted fact.  Specifically, Glidewell does not seek to enforce the "word "Bruxer," or variations thereon." Rather, Glidewell seeks to enforce its trademark "BruxZir," or variations thereon.  Dkt. #91-19-#91-34 (Jankowski Decl., Exs. 19-34). Additionally, Glidewell enforces its trademark "BruxZir," or variations thereof, in connection with zirconia dental restoration products. *Id.* Glidewell admits only that it sent cease and desist letters to dental laboratories |

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
|  | who uses a mark confusingly similar to BruxZir, or variations thereof, in connection with zirconia dental restoration products.  Disputed based on evidentiary objections.  See objections to Ex. 6, contained in Glidewell's Evidentiary Objections. |
| 51.  In those communications, Glidewell's General Counsel, Keith Allred, asserted to the third parties that their names were confusingly similar to Glidewell's mark because BruxZir and bruxer sound the same. (Jankowski Decl., Ex. 6 (Allred Dep. Tr.) at 220:5-12; 229:5-8; Ex. 24 at 5; Ex. 25 at 1; Ex. 30 at 4; Frattura Decl. ¶ 15.) | Disputed.  Keating's cited evidence does not support this alleged statement of uncontroverted fact.  By using the phrases "[i]n those communications" and "the third parties," this alleged statement of fact suggests that it applies to all those communications with the dental laboratories referenced in Keating's alleged statement of fact #50, citing to Dkt. #91-6 (Jankowski Decl., Ex. 6 (Allred Dep. Tr.) at 213:19-264:13) and Dkt. #91-19-#19-34 (Jankowski Decl., Exs. 19-34).  As show in Dkt. #91-22, #91-26-#91-28, #91-31-#91-34 (Jankowski Decl., Exs. 22, 26-28, 31-34), Glidewell sent cease and desist |

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | letters to dental laboratories that used marks such as "BruxZir," "Bruxzer," "Full Zirconia (Bruxzir)," "Z-Brux," "R-Brux," and "brux." Thus, this alleged statement of fact is not accurate, as it attempts to inaccurately generalize Glidewell's communications regarding its cease and desist letters cited in Dkt. #291-19-#291-34 (Jankowski Decl., Exs. 19-34). Disputed based on evidentiary objections. See objections to Ex. 6, contained in Glidewell's Evidentiary Objections. |
| 52. By way of example, on February 14, 2011, Mr. Allred sent the following message to Pittman Dental Lab, who had been advertising a BRUXER All Zirconia Crown: "BruxZir® / BRUXER: *sounds the same doesn't it?* And, that is what gives rise to the matter of trademark infringement." (Jankowski Decl., Ex. 25 at 1 (emphasis added)). | Not disputed. |
| 53. Dentists outside of Glidewell also | Disputed. Keating's cited evidence does |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
| --- | --- |
| pronounce BruxZir and bruxer identically. (Eggleston Decl., Ex. 65 at 14; Stephens Decl. ¶ 12; Scott Decl. ¶ 11; Colleran Decl. ¶ 12; Jacquinot Decl. ¶ 11; Nussear Decl. ¶ 11.) | not support this alleged statement of uncontroverted fact. Specifically, Keating's cited evidence does not show that dentists, in general, pronounce BruxZir and bruxer identically. In Dkt. #93-1(Eggleston Decl., Ex. 65 at 14), Dr. Eggleston does not opine on how "[d]entists outside of Glidewell," including himself, pronounces the terms "BruxZir" and "bruxer," and does not provide evidence supporting same. Dkt. #93-1(Eggleston Decl., Ex. 65 at 14). Additionally, in Dkt. #107 (Stephens Decl. ¶ 12), Dr. Stephens fails to state that he pronounces BruxZir and bruxer identically. Rather, in relevant part of Dkt. #107 (Stephens Decl. ¶ 12), Dr. Stephens simply states that, "When I have heard the term "bruxzir" pronounced, it is pronounced the same as "bruxer," the term used in the dental industry to identify a patient who has bruxism." Thus, Dr. Stephens only |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | heard the term "bruxzir" pronounced the same as "bruxer" but fails to identify who he heard this from.  Similar deficiencies are found in Dkt. #101 (Jacquinot Decl. ¶ 11).  In Dkt. #100 (Colleran Decl. ¶ 12), Dr. Colleran simply stated that "I have seen the term 'bruxzir' with various spellings used to refer to all zirconia crown. The spelling to me is not important as they are all pronounced the same…"  Based on this statement, it's entirely unclear whether "bruxer" is one of the "various spellings" Dr. Colleran has seen.  Thus, Colleran Decl. ¶ 12 does not conclusively show that Dr. Colleran pronounces the terms "BruxZir" and "bruxer" identically.  Finally, Dkt. #106 (Scott Decl. ¶ 11) and Dkt. #104 (Nussear Decl. ¶ 11) fail to state conclusively that Drs. Scott and Nussear pronounce the terms "BruxZir" and "bruxer" identically.  Furthermore, based on Dr. DiTolla's interaction with |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | thousands of dentists over the past two years, of those dentists inquiring about the BruxZir brand crown, approximately 1/3 of them pronounce the BruxZir mark as "bux-zeer."  Ex. S of the Supplemental Appendix of Evidence (DiTolla Suppl. Decl., ¶ 2).  Disputed based on evidentiary objections.  See objections to Stephens Decl. ¶ 12, Scott Decl. ¶ 11, Colleran Decl. ¶ 12, Jacquinot Decl. ¶ 11, Nussear Decl. ¶ 11, contained in Glidewell's Evidentiary Objections. |
| 54.  In its promotional materials, Glidewell reinforces the use of "bruxzir" or "bruxer" crown as nomenclature for an all zirconia crown, not as a trademark indicating the source of the product. (Boatright Decl., Ex. A ¶ 51). | Disputed.   This alleged statement of unconverted fact is a legal assertion, not a statement of fact.  Second, Keating's cited evidence does not support this alleged statement of uncontroverted fact. Dkt. #94-1 (Boatright Decl., Ex. A ¶ 51) fails to specify which "videos," or "promotional materials" are at-issue in this alleged statement of fact. Dkt. #94-1 (Boatright Decl., Ex. A ¶ 51) does not |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | specifically opine as to the use of a "'bruxer' crown" or a "'bruxzir' crown." Further, in its promotional materials, Glidewell uses the term "BruxZir," not the terms "bruxer" or "bruxzir."  Dkt. #90-1, Ex. G (Shuck Decl., ¶¶ 13, 19-29), Dkt. #90-1, Ex. I (DiTolla Decl., ¶¶ 4-10), Exs. 7-14, 17-19, 21-22, 24-25, and 73.  Glidewell's BruxZir promotional materials mainly promote the "BruxZir" solid zirconia crowns and "BruxZir" as a trademark indicating the source of products.  *Id.*  Additionally, in Dr. DiTolla's DVDs and videos where he refers to a BruxZir brand crown, he's referring to Glidewell's BruxZir brand crown, not a "bruxer" crown.  Ex. S of the Supplemental Appendix of Evidence (DiTolla Suppl. Decl., ¶ 3).  Indeed, in Dr. DiTolla's 24 years as a dentist, he has never used the term "bruxer" to commonly refer to a crown.  *Id.*  Similarly, in promotional and marketing |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | materials relating to the BruxZir brand crown, Glidewell uses the term "BruxZir," and not the term "bruxer," to identify its BruxZir brand crown. Ex. R of the Supplemental Appendix of Evidence (Shuck Suppl. Decl., ¶ 9); Dkt. #90-1 (Shuck Decl., Ex. G, ¶¶ 16, 19-29); Dkt. #90-3, #90-4, #90-5, #90-6, #90-7, #90-8, #90-9, #90-10, #90-11 (Exhibits 8-14, 17-19, 21-22, and 24-25 to the Evidence of Appendix). Thus, Glidewell's promotional does <u>not</u> reinforce the use of "bruxzir" or "bruxer" crown as nomenclature for an all zirconia crown.  Disputed based on evidentiary objections.  See objections to Ex. 51, contained in Glidewell's Evidentiary Objections. |
| 55.  For example, in Glidewell's promotional video, Dr. DiTolla compares a "bruxzir" or "bruxer" crown to a metal occlusal PFM [porcelain fused to metal] crown and a gold cast crown. | Disputed.  Keating's cited evidence does not support this alleged statement of uncontroverted fact.  First, the link cited in Dkt. #94-1 (Boatright Decl., Ex. A ¶ 27 (First video link)) does not work. |

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| (Boatright Decl., Ex. A ¶ 27 (First video link); Eggleston Decl., Ex. 65, at 17:3-8). | Second, in Dkt. #94-1 (Boatright Decl., Ex. A ¶ 27), there is no discussion of Dr. DiTolla's promotional video comparing "a "bruxzir" or "bruxer" crown to a metal occlusal PFM [porcelain fused to metal] crown and a gold cast crown." In Dkt. #93-1 (Eggleston Decl., Ex. 65, at 17:3-8), Dr. Eggleston does not opine on Dr. DiTolla's promotional videos comparing a ""bruxer" crown to a metal occlusal PFM [porcelain fused to metal] crown and a gold cast crown." In fact, Dr. DiTolla's promotional videos do <u>not</u> compare a "bruxzir" crown or "bruxer" crown to a metal occlusal PFM [porcelain fused to metal] crown and a gold cast crown. ("Of the DVDs I have appeared in, approximately 3 to 4 were specifically directed at the BruxZir brand crown.  Of the online videos I have appeared in, approximately 3 to 4 were specifically directed at the BruxZir brand crown."); Dkt. #110 (Van Hoosear |

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | Decl., Exs. V-4).  Dr. DiTolla's promotional videos discuss "BruxZir" solid zirconia crowns, not a "bruxzir" crown, or a "bruxer" crown. *Id.* Additionally, in Dr. DiTolla's DVDs and videos where he refers to a BruxZir brand crown, he's referring to Glidewell's BruxZir brand crown, not a "bruxer" crown.  Ex. Q of the Supplemental Appendix of Evidence (DiTolla Suppl. Decl., ¶ 3).  Therefore, Dr. DiTolla's promotional videos do <u>not</u> compare a "bruxzir" crown or "bruxer" crown to a metal occlusal PFM [porcelain fused to metal] crown and a gold cast crown.  *Id.* Additionally, Dr. Goldstein refutes Dr. Eggleston's opinion.  Ex. X to Supplemental Appendix of Evidence (Goldstein Decl., ¶¶ 4-23). Disputed based on evidentiary objections.  See objections to Boatright Decl. Ex. A, contained in Glidewell's |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | Evidentiary Objections. |
| 56.  These are generic names for types of crowns with which dentists are very familiar. (Eggleston Decl., Ex. 65, at 16:10 – 17:12; Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 35:15-22; Mangum Decl., Ex. 50 (Shuck Dep. Tr.), at 235:3-10; Mangum Decl., Ex. 50 (Shuck Dep. Tr.), at 33:13 – 34:17; Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 80:10 – 81:10; Eggleston Decl. ¶ 17). | Disputed.  This alleged statement of unconverted fact is a legal assertion, not a statement of fact.  Second, Keating's cited evidence does not support this alleged statement of uncontroverted fact.  In Dkt. #91-4 (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 35:15-22), and Dkt. #92-1 (Mangum Decl., Ex. 50 (Shuck Dep. Tr.), at 235:3-10), Dr. DiTolla and Shuck, respectively, discuss the history and development of PFM crowns and makes no mention of the terms "bruxzir" or "bruxer."  In Dkt. #92-1 (Mangum Decl., Ex. 50 (Shuck Dep. Tr.), at 33:13 – 34:17), Shuck discusses the meaning of the term "bruxer" and various Glidewell treatments available to "bruxer" patients. Shuck did not testify that the terms "bruxer" or "bruxzir" are "generic" names for a type of dental crown.  In Dkt. #91-4 (Jankowski Decl., Ex. 4 |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| | Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|---|
| 5 | | (DiTolla Dep. Tr.), at 80:10 – 81:10), |
| 6 | | Dr. DiTolla testified as to the term |
| 7 | | "Brux," not "bruxer." Moreover, Dr. |
| 8 | | DiTolla did not testify that the terms |
| 9 | | "bruxer" and "bruxzir" are "generic" |
| 10 | | names for a type of dental crown. |
| 11 | | Additionally, in Dr. DiTolla's 24 years |
| 12 | | as a dentist, he has never used the term |
| 13 | | "bruxer" to commonly refer to a crown. |
| 14 | | Ex. S of the Supplemental Appendix of |
| 15 | | Evidence (DiTolla Suppl. Decl., ¶ 3). |
| 16 | | Glidewell provides the following |
| 17 | | additional controverting evidence: |
| 18 | | Robert Brandon, Keating's General |
| 19 | | Manager, admitted at deposition that, REDACT |
| 20 | | REDACTED |
| 21 | | |
| 22 | | |
| 23 | | Dkt. #90-30, Ex. |
| 24 | | 84 (Brandon Depo. at 45:4-49:2). |
| 25 | | Brandon admitted that REDACTED |
| 26 | | |
| 27 | | |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | REDACTED |
| | Dkt. #90-30, Ex. 84 (Brandon Depo. at 47:17-22).<br>Shaun Keating, Keating's founder and CEO, admitted that REDACTED |
| | Dkt. #90-30, Ex. 85 (Keating Depo. at 114:18-115:5).<br>REDACTED |
| | Dkt. #90-4, Ex. 15 (at KDA3355, 3358).<br>REDACTED |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
- 38 -                    CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | REDACTED Dkt. #90-4, Ex. 15 (at KDA3446). REDACTED |
| | Dkt. #90-4, Ex. 15 (at KDA3444). Practicing dentists located throughout the country have testified that the BruxZir mark is not generic. Dkt. #90-1, Ex. A (Doneff Decl., ¶¶ 4-11), Ex. B (Newman Decl., ¶¶ 4-11), Ex. C (Cohen Decl., ¶¶ 4-11), Ex. D (Luke Decl., ¶¶ 4-11), Ex. E (Bell Decl., ¶¶ 4-11), Ex. F (Toca Decl., ¶¶ 4-11), and Ex. Q (Michiels Decl., ¶¶ 4-11). Dr. DiTolla also testifies that the BruxZir mark is not generic. Dkt. #90-1, Ex. I (DiTolla Decl., ¶¶ 11-12, 17, 19). Additionally, Dr. Goldstein refutes Dr. Eggleston's opinion. Ex. X to Supplemental Appendix of Evidence (Goldstein Decl., ¶¶ 4-23). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | Disputed based on evidentiary objections. See objections to Exs. 4 and 50, contained in Glidewell's Evidentiary Objections. |
| 57. Glidewell also uses the word BRUXZIR as a noun and plural noun, which is further evidence of generic use. (Van Hoosear Decl., Ex. V-4; (Compendium Clips) ("this Bruxzir is 100% zirconia" and "one question I get about Bruxzirs is . . ." and "We do 15,000, say, BruxZirs a week."); Van Hoosear Decl., Ex. V-1 (Shuck Dep. Video Clips); Van Hoosear Decl., Ex. V-2 (DiTolla Dep. Video Clips); Van Hoosear Decl., Ex. V-3 (Carden Dep. Video Clips); Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 195:22 – 196:1). | Disputed. This alleged statement of unconverted fact is a legal assertion, not a statement of fact. Second, Keating's cited evidence does not support this alleged statement of uncontroverted fact. Specifically, in Dkt. #110 (Van Hoosear Decl., Exs. V-1-V-4) and Dkt. #91-6 (Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 195:22 – 196:1)), none of the witnesses testified that Glidewell's use of the word "BruxZir" was evidence of "generic use." Additionally, Dkt. #110 (Van Hoosear Decl., Ex. V3) is comprised of video clip excerpts from the October 4, 2012 deposition of Robin Carden ("Carden Depo."). However, Keating's counsel clearly stated that the Carden Depo. was not a 30(b)(6) deposition. Dkt. #92-1 (Magnum Decl., |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
|  | Ex. 51, Carden Depo., at 191:8-12) ("And, Leonard, this isn't a 30(b)(6) depo, so I'm not going to ask the witness to even research the answer...") Therefore, the Carden Depo. was not testimony on behalf of Glidewell. Disputed based on evidentiary objections.  See objections to Exs. V-4 and 6, contained in Glidewell's Evidentiary Objections. |
| 58.  Dr. DiTolla, states in Glidewell's promotional videos that one could even get "a couple of BruxZirs put in." (Boatright Decl., Ex. A ¶ 51). | Disputed.  Keating's cited evidence does not support this alleged statement of uncontroverted fact. Dkt. #94-1 (Boatright Decl., Ex. A ¶ 51) fails to specify which "videos" are at-issue in this alleged statement of fact.  Disputed based on evidentiary objections.  See objections to Boatright Decl. Ex. A, contained in Glidewell's Evidentiary Objections. |
| 59.  Dr. DiTolla gives continuing education lectures to dentists around the country. His most requested lecture is on | Disputed based on evidentiary objections.  See objections to Ex. 4, contained in Glidewell's Evidentiary |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| monolithic restorations, and during his lecture he uses the terms "BruxZir crown" and "full-contour zirconia" interchangeably for educational purposes. He states, "I want to drive it into them and make sure they walk away knowing that it's a solid zirconia crown." (Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 224:13 – 226:6). | Objections. |
| 60.  In addition to Glidewell and Keating, many other companies have been using "Brux" to refer to dental products for use with bruxers and "Z" or "Zir" to refer to dental products associated with zirconia. Examples include:<br>• Arthtek Bruxing Splint (Eggleston Decl., Ex. 121)<br>• GPS BruxArt (Eggleston Decl., Ex. 114)<br>• BruxChecker (Eggleston Decl., Ex. 122)<br>• Brux-eze (Eggleston Decl., Ex. 124) | Disputed.  Keating has failed to proffer any admissible evidence in support of this purported fact, for at least the following reasons: (1) all of the exhibits submitted in support of the referenced "uses" constitute print-outs of webpages that are not authenticated and are therefore not admissible, *Orr v. Bank of Am.*, 285 F.3d 764, 773-79 (9th Cir. 2002); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004); Fed. R. Evid. 901, (2) all of the webpages constitute inadmissible hearsay, as they are offered |

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| • BruxCare (Eggleston Decl., Ex. 125)<br>• Bruxguard (Eggleston Decl., Ex. 126)<br>• Dr. Brux (Eggleston Decl., Ex. 123)<br>• ZirCAD (zirconia blocks) (Eggleston Decl., Ex. 129)<br>• ZirColor (coloring product for zirconia) (Eggleston Decl., Ex. 135)<br>• ZirPress (for ceramic ingots) (Eggleston Decl., Ex. 130)<br>• ZirLiner (zirconia bonding material) (Eggleston Decl., Ex. 131)<br>• Zir-Cut (zirconia polisher) (Eggleston Decl., Ex. 127)<br>• ZirBlock (dental products) (Eggleston Decl., Ex. 128)<br>• Zirprime (pre-sintered zirconia) (Eggleston Decl., Ex. 132)<br>• Zir.Care (multipurpose stone) (Eggleston Decl., Ex. 133)<br>• ZiReal (Zr dental posts) (Eggleston Decl., Ex. 134) | for the truth of the matter asserted, Fed. R. Evid. 802; and (3) any other reason identified in Glidewell's Objections to Keating's Evidence, all of which are incorporated herein by reference.  In addition, disputed that "many" other companies have been using "Brux" to refer to dental products for use with bruxers and "Z" or "Zir" to refer to dental products associated with zirconia, as Keating's cited web-site printouts in SUF 60 identify only 16 such companies.  There are just as many labs that do not use "Brux" or "Zir" to market their zirconia crowns:<br><br>• LUNA  Translucent  Zirconia Crowns (Mallgrave Decl., Ex. 98)<br>• BIOCAD  Solid  Zirconia (Mallgrave Decl., Ex. 99)<br>• ORIGIN® FC  Zirconia (Mallgrave Decl., Ex. 100)<br>• LAVA™  Zirconia  (Mallgrave Decl., Ex. 101) |

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | • Nautilus Full-Contour (Mallgrave Decl., Ex. 102)
• Full Zirconia Crowns (Mallgrave Decl., Ex. 103)
Still other labs that market zirconia crowns with a Z, but their names are clearly different from BruxZir:
• Z Crown™ Solid (Mallgrave Decl., Ex. 104)
• ADT FZ (Mallgrave Decl., Ex. 105)
• Z-Crown (Mallgrave Decl., Ex. 106)
• NuSmile ZR Zirconia (Mallgrave Decl., Ex. 107)
• 360Zr (Mallgrave Decl., Ex. 108)
• CAP FZ (Mallgrave Decl., Ex. 109)
• TLZ Zirconia (Mallgrave Decl., Ex. 110)
See also Ex. X to Supplemental Appendix of Evidence (Goldstein Decl., ¶¶11, 24). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | Disputed based on evidentiary objections. See objections to Ex. 66 contained in Glidewell's Evidentiary Objections. |
| 61.  In addition to Glidewell and Keating, many other dental laboratories have been offering all-zirconia crowns under a variety of names, including names with "Brux," "Zir," or variations thereon. Examples include:<br>• *Advanced Dental Lab — BruxZir (Jankowski Ex. 31)<br>• *Assured Dental Lab — Z-Brux (Jankowski Ex. 28)<br>• *Authentic Dental Lab — Brux (Jankowski Ex. 27)<br>• *Barth Dental Lab — Z-Brux (Jankowski Exs. 34 & 37)<br>• Burbank Dental — Zir-Max (Eggleston Decl., Ex. 99)<br>• California Dental Arts — ZirFit (Eggleston Decl., Ex. 103)<br>• CDLLab – ZerisBRUX (Eggleston | Disputed.  Keating has failed to proffer any admissible evidence in support of this purported fact, for at least the following reasons: (1) all of the exhibits submitted in support of the referenced "uses" constitute print-outs of webpages and third party prescription forms that are not authenticated and are therefore not admissible, *Orr v. Bank of Am.,* 285 F.3d 764, 773-79 (9th Cir. 2002); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004); Fed. R. Evid. 901, (2) all of the webpages and prescription forms constitute inadmissible hearsay, as they are offered for the truth of the matter asserted, Fed. R. Evid. 802; and (3) any other reason identified in Glidewell's Objections to Keating's Evidence, all of |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.—
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| Decl., Ex. 109)<br>• *China Dental Outsourcing — "Bruxer All Zirconia" (Jankowski Ex. 29)<br>• *China Dental Outsourcing — All Zirconia for Bruxers (Jankowski Ex. 39)<br>• Continental Dental — Full Zirconia for Bruxing Patients (Eggleston Decl., Ex. 112)<br>• Cosmetic Dentistry of SA — Bruxer Crown (Eggleston Decl., Ex. 119)<br>• Dani Dental — Full Zirconia (Bruxer) (Jankowski Ex. 43)<br>• Diadem Precision Technology — Diazir (Eggleston Decl., Ex. 101)<br>• Drake Dental — Zir-Cast (Eggleston Decl., Ex. 96)<br>• Expertec — Full-Z (Eggleston Decl., Ex. 93)<br>• *Fusion Dental Lab — "Full Solid Bruxer Zirconia" (Jankowski Ex. 24)<br>• GPS Dental Lab — GPS BruxArt (Eggleston Decl., Ex. 114)<br>• Infinity Dental Lab — Bruxer Crowns | which are incorporated herein by reference.  Disputed that the 29 examples of dental laboratories purportedly offering all-zirconia crowns under particular brands constitute "many" such examples.<br>Disputed that the following dental laboratories continue to offer products under the brands referenced in SUF 61:<br>• Assured Dental Lab — Z-Brux<br>• Authentic Dental Lab-Brux<br>• China Dental Outsourcing — "Bruxer All Zirconia"<br>• Continental Dental — "Full Zirconia for Bruxing Patients"<br>• Pittman Dental — Bruxer Crown<br>• Somer Dental Labs — "Full Contour Zir"<br>• Trachsel Dental — "All Zirconia Bruxer"<br>• York Dental Lab — "Bruxer" [Supplemental Declaration of David Franklyn, Exhibit T to the |

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| (Eggleston Decl., Ex. 108) <br> • Kastle Mills — ZirCrown (Eggleston Decl., Ex. 100) <br> • Mascola Esthetics — Xtreme Bruxer (Eggleston Decl., Ex. 110) <br> • *Old Dominion Milling Corp. — Bruxzer (Jankowski Ex. 32) <br> • *Pittman Dental — ZirCAM All-Zirconia (Eggleston Decl., Ex. 106) <br> • *Pittman Dental — Bruxer Crown (Eggleston Decl., Ex. 120) <br> • *R-dent Dental Laboratory — R-Brux (Eggleston Decl., Ex. 117) <br> • *Showcase Dental Lab — Zir-Bruxer (Jankowski Exs. 30 & 38) <br> • Somer Dental Labs — Full Contour Zir (Eggleston Decl., Ex. 104) <br> • Summers Dental Lab — BruxThetix (Eggleston Decl., Ex. 113) <br> • Sun Dental Labs — Suntech Full Zirconia (Eggleston Decl., Ex. 94) <br> • Technics Dental Lab — Tech/ZIR FC (Eggleston Decl., Ex. 105) | Appendix of Evidence filed concurrently herewith, ¶¶ 43-54, Exs. 89-96.] <br> Disputed that China Dental Outsourcing ("All Zirconia for Bruxers") and Continental Dental ("Full Zirconia for Bruxing Patients") have been offering product under the referenced names, as these companies do not appear to use these phrases to denote a particular source of goods. <br> Disputed that Cosmetic Dentistry of SA (which appears to be a dental office rather than a dental laboratory), Infinity Dental Lab, and Pittman Dental have been offering product under the referenced names "'Bruxer' crown" or "Bruxer crowns," as it is not clear from Keating's evidence that these terms are used to denote a source of goods. <br><br> Disputed that Dani Dental has been offering product under the referenced |

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| • Trachsel Dental — All Zirconia Bruxer (Jankowski Ex. 42)<br>• York Dental Lab — Bruxer (Eggleston Decl., Ex. 111)<br>• Zahn Dental — Zirlux (Eggleston Decl., Ex. 102) | name, as Keating's evidence consists of a preprinted prescription form that includes a box next to the term "Full Zirconia (Bruxer);" therefore this evidence is deficient for at least the reasons that (i) it is not probative concerning whether or how this company markets or offers any of its goods to dentists, and (ii) it is unclear from this form whether these words are used to denote a source of goods sold under the mark rather than merely descriptively to refer to a full zirconia crown that could be used for a patient with bruxism.<br><br>Disputed that Mascola Esthetics and Trachsel Dental Studio have been offering product under the referenced names.  Keating's evidence consists of preprinted prescription forms that are not probative concerning whether or how these companies market or offer |

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | any of their goods to dentists. |
| | Disputed that Zahn Dental has been offering product under the referenced name. Keating's evidence consists of an advertisement for a Zirlux lecture and demonstration, not for the product itself. |
| | Disputed that Summers Dental Lab has been offering product under the referenced name. Keating's evidence consists of an advertisement for Drake Precision Zir-Cast BruxZir, with no mention of Summers Dental Lab. |
| | Disputed that Somer Dental Labs has been offering product under the referenced name. Keating's evidence consists of what appears to be a post on its website, and it is not clear that the product was offered for sale. |
| | Disputed that GPS Dental Lab has been |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer
———— L.L.P. ————
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | offering product under the referenced name.  Keating's evidence consists of what appears to be a screen shot of a website, but it does not indicate the name of the lab on the page.

"Z-Brux" (Assured Dental Lab), "Brux" (Authentic Dental), "Bruxer All Zirconia" (China Dental Outsourcing), "Full Solid Bruxer Zirconia" (Fusion Dental Lab), "Bruxer Crown" (Pittman Dental), "Full Contour Zir" (Somer Dental Labs)  were discontinued after the dental labs that used those names received cease and desist letters from Glidewell's General Counsel. [Supplemental Declaration of Keith Allred, Exhibit W to the Appendix of Evidence, ¶ 6.]

Full Zirconia for Bruxing Patients" (Continental Dental) and "All Zirconia Bruxer" (Trachsel Dental) were |

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | authorized labs who inadvertently used incorrect language in their marketing materials.  Glidewell notified the labs of the incorrect use and they corrected it.  [Supplemental Declaration of Jim Shuck, Exhibit P to the Appendix of Evidence, ¶ 14.]<br><br>See also Ex. X to Supplemental Appendix of Evidence (Goldstein Decl., ¶¶11, 24).<br><br>Additionally, disputed based on evidentiary objections.  See objections to Exs. 37-39, 42-43, 93-94, 96, 99-106, 108-114, 119, 117, 120, contained in Glidewell's Evidentiary Objections. |
| 62.  These dental laboratories prominently promote their all-zirconia crowns for use by bruxers. Examples include:<br>• Barth Dental Labs — "ideal for bruxers." (Jankowski Ex. 37)<br>• California Dental Arts — "Perfect for bruxers" (Eggleston Decl., Ex. 103) | Disputed.  Keating has failed to proffer any admissible evidence in support of this purported fact, for at least the following reasons: (1) all of the exhibits submitted in support of the referenced "uses" constitute print-outs of webpages and third party prescription forms that are not authenticated and are therefore |

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| • China Dental Outsourcing — "primarily for bruxers and heavy biters" (Jankowski Ex. 39)<br>• Drake Dental — "Recommended for Bruxers and Grinders" (Eggleston Decl., Ex. 96)<br>• Expertec — "ideal for patients who brux" (Eggleston Decl., Ex. 93)<br>• Infinity Dental Lab — "Bruxer Crowns" (Eggleston Decl., Ex. 108)<br>• Sun Dental Labs — for "bruxers and grinders" (Eggleston Decl., Ex. 94)<br>• York Dental Lab — "ideal restoration for bruxers" (Eggleston Decl., Ex. 111) | not admissible, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550-51 (9th Cir.1989) ("It is well established that unauthenticated documents cannot be considered on a motion for summary judgment.  To be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of [Rule] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004); Fed. R. Evid. 901, (2) all of the webpages and prescription forms constitute inadmissible hearsay, as they are offered for the truth of the matter asserted, Fed. R. Evid. 802; and (3) any other reason identified in Glidewell's Objections to Keating's Evidence, all of which are incorporated herein by reference.  Disputed that these dental |

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
|  | laboratories "prominently" promote their all-zirconia crowns for use by bruxers. See also Ex. X to Supplemental Appendix of Evidence (Goldstein Decl., ¶¶11, 24).    Also disputed based on evidentiary objections.  See objections to Exs. 37, 39, 93-94, 96, 103, 108, 111, contained in Glidewell's Evidentiary Objections. |
| 63.  As noted above, Glidewell has sought to stop all other dental labs from using the word "Bruxer," or variations thereof, in the name of their all-zirconia crowns. The dental labs in the list above marked with an asterisk received cease-and-desist letters from Glidewell. (Jankowski Decl., Ex. 6 (Allred Dep. Tr.) at 213:19-264:13 & Exs. 24-34). | Disputed.  Keating's cited evidence does not support this alleged statement of uncontroverted fact.  Specifically, Glidewell does not seek to enforce the "word "Bruxer," or variations thereof." Rather, Glidewell seeks to enforce its trademark "BruxZir," or variations thereof.  Dkt. #91-24-#91-34 (Jankowski Decl., Exs. 24-34).  Additionally, Glidewell enforces its trademark "BruxZir," or variations thereon, in connection with zirconia dental restoration products. *Id.* In light of the foregoing, Glidewell admits only that it |

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | sent cease and desist letters to dental laboratories who uses a mark confusingly similar to BruxZir, or variations thereon, in connection with zirconia dental restoration products. Disputed based on evidentiary objections. See objections to Ex. 6, contained in Glidewell's Evidentiary Objections. |
| 64.  Glidewell makes zirconia "blanks" (the raw material from which zirconia crowns may be made) that it sells to about 180 "authorized" dental laboratories around the U.S. for use by those laboratories in making their own all-zirconia crowns. (Mangum Decl., Ex. 51 (Carden Dep. Tr.), at 141: 17 – 142:5, 201:16 – 202:5, 208:4 – 209:2; Jankowski Decl., Ex. 4 (DiTOlla Dep. Tr.), at 98:3-13, 129:9-14). | Not disputed that Glidewell makes BruxZir zirconia blanks which it sells to 178 authorized dental laboratories in the United States for use by those laboratories in making all-zirconia crowns.  Disputed based on evidentiary objections.  See objections to Exs. 51 and 4, contained in Glidewell's Evidentiary Objections. |
| 65.  The "authorized" laboratories make and sell crowns using the BruxZir name, just like Glidewell does. (Eggleston | Disputed in part.  Not disputed that at least some of Glidewell's authorized laboratories make and sell crowns under |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136). | the BruxZir name, in the same manner as does Glidewell.  Disputed that all authorized laboratories sell crowns using the BruxZir name.  The evidence proffered by Keating does not support this statement: Shuck and Carden's cited deposition transcripts do not refer to authorized labs selling crowns under the BruxZir name, and Dr. Eggleston's referenced report notes that Glidewell's authorized labs commonly identify their zirconia restorations generically as "'Zirconia"(see, e.g., Rx forms for Dentek Dental Laboratory; ROE Dental Laboratory; TLC Dental Laboratory; Womson-Polzin Dental Laboratory), 'Full Zirconia' (see, e.g., Rx form for Ziemek Laboratories), 'Full Contour Zirconia' (see, e.g., Rx forms for Iverson Dental Laboratories and Parkway Dental Lab), 'Full Crown,' 'Ceramics' (see, e.g., Rx form for Great Southwest Dental Laboratory), 'All Ceramic' (see, |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
|  | e.g., Rx forms for Eclipse Dental and Elegant Dental Laboratories), or 'Monolithic Zirconia' (see, e.g., Rx forms for Las Vegas Dental Studio and Lord's Dental Studio). Some of these 'authorized' prescription forms refer to their all zirconia restorations as 'Bruxzir' (with a lower case z) (see, e.g., Rx forms for Midtown Dental Laboratory and R-dent Dental Laboratory), or 'BRUXZIR' (all capital letters) (see, e.g., Rx forms for Artistic Dental Lab; Continental Dental Laboratory; DentalLab.com)." Dkt. #93-2 (Eggleston Decl., Ex. 66, at 4-5). Disputed based on evidentiary objections. See objections to Exs. 67 and 136, contained in Glidewell's Evidentiary Objections. |
| 66. Most of the "authorized" laboratories have web sites promoting their "BruxZir" crowns, often with the same language used in Glidewell's | Disputed. Keating has failed to proffer any admissible evidence in support of this purported fact, for at least the following reasons: (1) all of the exhibits |

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| marketing materials. (Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136). | submitted in support of the referenced "uses" constitute print-outs of webpages and third party prescription forms that are not authenticated and are therefore not admissible, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550-51 (9th Cir.1989) ("It is well established that unauthenticated documents cannot be considered on a motion for summary judgment.  To be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of [Rule] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004); Fed. R. Evid. 901, (2) all of the webpages and prescription forms constitute inadmissible hearsay, as they are offered for the truth of the matter asserted, Fed. R. Evid. 802; and (3) any |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | other reason identified in Glidewell's Objections to Keating's Evidence, all of which are incorporated herein by reference.  Disputed based on evidentiary objections.  See objections to Exs. 67 and 136, contained in Glidewell's Evidentiary Objections. |
| 67.  The many labs that Glidewell has authorized to make and sell crowns made from its BruxZir material (including at least one who previously received cease and desist letters) do not identify Glidewell as the source. (Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 137). | Disputed.  Keating has failed to proffer any admissible evidence in support of this purported fact, for at least the following reasons: (1) all of the exhibits submitted in support of the referenced "uses" constitute print-outs of webpages and third party prescription forms that are not authenticated and are therefore not admissible, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550-51 (9th Cir.1989) ("It is well established that unauthenticated documents cannot be considered on a motion for summary judgment.  To be considered by the court, 'documents must be authenticated by and attached to |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | an affidavit that meets the requirements of [Rule] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004); Fed. R. Evid. 901, (2) all of the webpages and prescription forms constitute inadmissible hearsay, as they are offered for the truth of the matter asserted, Fed. R. Evid. 802; and (3) any other reason identified in Glidewell's Objections to Keating's Evidence, all of which are incorporated herein by reference.  Additionally, this alleged uncontroverted statement of fact is a legal assertion, not a statement of fact. Disputed based on evidentiary objections.  See objections to Exs. 136 and 137, contained in Glidewell's Evidentiary Objections. |
| 68.  Glidewell does not monitor the use of the BruxZir mark by its authorized | Disputed.  Glidewell does monitor the use of the BruxZir name by Glidewell's |

Snell & Wilmer<br>L.L.P.<br>LAW OFFICES<br>350 South Grand Avenue, Suite 2600, Two California Plaza<br>Los Angeles, California 90071<br>(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| labs, and it does not require those labs to identify Glidewell as an affiliated entity. (Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19). | authorized labs.  Dkt. #91-6 (Allred Dep. Tr., Ex. 6, at 142:4-10).  Keating's evidence does not show that Glidewell does not monitor the use of the BruxZir mark by its authorized labs, instead, Mr. Glidewell provides detailed instructions for authorized labs to following, such as sintering cycle guidelines. Dkt. #91-5 (Bartolo Dep. Tr., Ex. 5, at 65:17-22, 66:1-11).  Glidewell also gives technical bulletins to the authorized labs to convey specific guidelines. Dkt. #91-5 (Bartolo Dep. Tr., Ex. 5, at 67:4-16). Furthermore, Glidewell monitors the practices authorized labs are following to create the full-contour restorations. Dkt. #92-1 (Carden Depo., Ex. 51, at 209:19-22).  Glidewell has an extensive validation process labs need to go through to become and authorized lab. Glidewell also asks labs to send samples back to Glidewell to make sure they are sintering correctly. *Id.* 210-212. |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | Glidewell personnel pay visits to the authorized lab facilities. *Id.* 212:8-10. In addition, the cited evidence does not demonstrate that Glidewell does not require those labs to identify Glidewell as an affiliated entity. Disputed based on evidentiary objections. See objections to Exs. 6 and 5, contained in Glidewell's Evidentiary Objections. |
| 69. This practice reinforces the understanding among dentists that "BruxZir" is a product available from multiple sources, not an indicator of a single source or producer. (Eggleston Decl., Ex. 67, at 3:7 – 5:15). | Disputed. This alleged statement of unconverted fact is a legal assertion, not a statement of fact. Second, as articulated in Glidewell's Response to Keating's alleged statement of fact #68, Glidewell does not have such "practice." Dkt. #91-6 (Jankowski Decl., Ex. 6 (Allred Dep. Tr., 142:4-10)); Dkt. #91-5 (Jankowski Decl., Ex. 5 (Bartolo Dep. Tr., 65:17-22, 66:1-11; 67:4-16)). Dkt. #92-1 (Magnum Decl., Ex. 51 (Carden Depo. Tr., 209:19-22; 210-212 )). Moreover, practicing dentists located throughout the country have testified |

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | that the BruxZir mark signifies that Glidewell is the source of zirconia crowns and bridges marketed under that trademark.  Dkt. #90-1, Ex. A (Doneff Decl., ¶¶ 4-11), Ex. B (Newman Decl., ¶¶ 4-11), Ex. C (Cohen Decl., ¶¶ 4-11), Ex. D (Luke Decl., ¶¶ 4-11), Ex. E (Bell Decl., ¶¶ 4-11), Ex. F (Toca Decl., ¶¶ 4-11), and Ex. Q (Michiels Decl., ¶¶ 4-11). Further, Dr. DiTolla has testified that the BruxZir mark signifies that Glidewell is the source of zirconia crowns and bridges marketed under that trademark. Dkt. #90-1, Ex. I (DiTolla Decl., ¶¶ 11-12, 17, 19).  Disputed based on evidentiary objections.  See objections to Ex. 67, contained in Glidewell's Evidentiary Objections. |
| 70.  In May 2011, Keating Dental Arts began offering for sale an all zirconia crown called the "KDZ Bruxer." (Mangum Decl., Ex. 53 (Brandon Dep. Tr.) at 63:8-15; Keating Decl. Ex. F.) | Disputed.  Keating Dental Arts began offering for sale "KDZ Bruxer" in April 2011, not May 2011. Dkt. #57-1 at 13:11-12; Dkt. #95 (Keating Decl., ¶ 9), Dkt. #95-6 (Ex. F to Keating Decl.). |

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
|  | Disputed based on evidentiary objections. See objections to Ex. 53, contained in Glidewell's Evidentiary Objections. |
| 71. Over the following year Keating fulfilled over 5,000 prescription forms by supplying its dentist customers with the KDZ Bruxer product. (Mangum Decl., Ex. 53 (Brandon Dep. Tr.) at 60:13-17; 66:3-7; 68:6-8.) | Disputed based on evidentiary objections. See objections to Ex. 53, contained in Glidewell's Evidentiary Objections. |
| 72. Over that span, dentists (or their assistants) wrote the word "bruxzir," "bruxzer," or variations thereof, on about seventy-five of the prescription forms requesting all-zirconia crowns. (Mangum Decl., Ex. 53 (Brandon Dep. Tr.) at 56:23-57:6.) | Disputed. Keating has produced prescription forms and laboratory notes from Keating's files reflecting at least 86 instances in which dentists wrote "BruxZir" or some close variant thereof on a prescription form. Dkt. #90-1; #90-30 (Wong Decl. ¶ 11, Ex. 84, (56:23-57:6)); Dkt. #90-1; #90-4 (Wong Decl. ¶ 4, Ex. 15). The prescription and contact forms produced by Keating fall within certain specific date ranges: May 2011; October 14, 2011 to November 21, 2011; February 24, 2012 to March 28, |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | 2012; April 20, 2012 to May 15, 2012; July 25, 2012 to August 10, 2012; and October 17, 2012.   No prescription forms were produced from August 2011, September 2011, December 2011, January 2012, June 2012, or September 2012.  Dkt. #90-1; #90-4 (Wong Decl. ¶ 4, Ex. 15).  Given the missing months, there is a reasonable inference that Keating received at least twice the number of prescription forms with the "BruxZir" variants that it produced in this litigation, i.e., approximately 170. Disputed based on evidentiary objections.  See objections to Ex. 53, contained in Glidewell's Evidentiary Objections. |
| 73.  This corresponds to approximately 1.5% of the prescription forms over that time period. (Mangum Decl., Ex. 53 (Brandon Dep. Tr.) at 68:9-11.) | Disputed.  No prescription forms were produced from August 2011, September 2011, December 2011, January 2012, June 2012, or September 2012.  Dkt. #90-1; #90-4 (Wong Decl. ¶ 4, Ex. 15). Given the missing months, there is a |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | reasonable inference that Keating received at least twice the number of prescription forms with the "BruxZir" variants, which totals more than 3% of the total number of prescription form received by Keating for its all-zirconia crown. Disputed based on evidentiary objections. See objections to Ex. 53, contained in Glidewell's Evidentiary Objections. |
| 74. When receiving prescription forms with such misspellings, it was Keating's policy to call the dentist and confirm that they wanted Keating's all zirconia crown, and not the crown from any other laboratory. (Mangum Decl., Ex. 53 (Brandon Dep. Tr.) at 68:12-18.) | Disputed. Keating's cited evidence does not support this alleged statement of uncontroverted fact. Specifically, Glidewell disputes the characterization of these prescription instructions as "misspellings." Brandon did not testify that when the dentists first wrote "BruxZir," or a variation thereof, on Keating prescription forms, such writings were "misspellings." Dkt. #92-1 (Mangum Decl., Ex. 53 (Brandon Dep. Tr.) at 68:12-18.) Rather, Brandon testified REDACTED |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| **Keating's Proposed Uncontroverted Facts and Conclusions of Law** | **Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law** |
|---|---|
| | REDACTED |
| | Dkt. #92-1 (Mangum Decl., Ex. 53 (Brandon Dep. Tr.) at 57:18-58:14; 68:12-16; 78:7-21). Disputed based on evidentiary objections. See objections to Ex. 53, contained in Glidewell's Evidentiary Objections. |
| 75. In these instances, the dentist always confirmed that they wanted Keating's KDZ Bruxer all-zirconia crown. (Mangum Decl., Exs. 59, 61, 62.) | Disputed. Keating did not always call dentists to confirm they wanted Keating's KDZ Bruxer all-zirconia crown. Specifically, ·REDACTED [Dkt. #92-1 (Mangum Decl., Ex. 53 (Brandon Dep. Tr.) at 45:5-49:2.] Disputed based on evidentiary objections. See objections to Exs. 59, 61-62, contained in Glidewell's Evidentiary Objections. |

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| 76.  Many dentists in the industry refer to all-zirconia crowns as a "BruxZir," "bruxzir," or variations thereon. (Eggleston Decl., Ex. 65 at 16-18; Ex. 66 at 3-7.) | Disputed. Keating's cited evidence does not support this alleged statement of uncontroverted fact.  In Dkt. #93-1 (Eggleston Decl., Ex. 65 at 16-18), Dr. Eggleston primarily opined that "a crown made entirely with zirconia is referred to by dentists and other dental professionals as a <u>bruxer</u> crown, or alternatively a <u>bruxzir</u> crown."  Dkt. #93-1 (Eggleston Decl., Ex. 65 at 16:13-15) (emphasis added).  Dr. Eggleston spells the terms "bruxzir" and "BruxZir" differently (i.e. capitalization in the "B" and the "Z"), which shows that Dr. Eggleston makes a distinction between the terms "bruxzir" and "BruxZir."  *See* Dkt. #93-1 (Eggleston Decl., Ex. 65 at 17:23-24) ("Even when the ® symbol is used, <u>BruxZir</u> is still identified...") (emphasis added).  Thus, in Dkt. #93-1 (Eggleston Decl., Ex. 65 at 16-18), Dr. Eggleston only opined as to a "<u>bruxer</u>" crown, and a "<u>bruxzir</u>" crown, not a |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | "BruxZir" crown.  Similarly, in Dkt. #93-2 (Eggleston Decl., Ex. 66 at 3-7), Dr. Eggleston only opined as to a "bruxer" crown, and a "bruxzir" crown, not a "BruxZir" crown.  Dr. Eggleston spells the terms "bruxzir" and "BruxZir" differently (i.e. capitalization in the "B" and the "Z"), which shows that Dr. Eggleston makes a distinction between the terms "bruxzir" and "BruxZir."  *See* Dkt. #93-2 (Eggleston Decl., Ex. 66 at 2:14-15) ("Glidewell' s marketing materials (produced after my first report) state that the primary indication for a BruxZir crown is a patient with bruxism.") (emphasis added). Additionally, Dkt. #93-1 (Eggleston Decl., Ex. 65 at 16-18) and Dkt. #93-2 (Eggleston Decl., Ex. 66 at 3-7) do not show that "many" dentists support this alleged statement of fact.  In fact, practicing dentists located throughout the country have testified that the terms |

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
|  | "bruxer," "bruxer crown," "bruxzir," or "bruxzir crown" are not used to refer to zirconia crowns and bridges as a type or category of product. Dkt. #90-1, Ex. A (Doneff Decl., ¶ 8), Ex. B (Newman Decl., ¶ 8), Ex. C (Cohen Decl., ¶ 8), Ex. D (Luke Decl., ¶ 8), Ex. E (Bell Decl., ¶ 8), Ex. F (Toca Decl., ¶ 8), and Ex. Q (Michiels Decl., ¶ 8). Disputed based on evidentiary objections. See objections to Ex. 66, contained in Glidewell's Evidentiary Objections. |
| 77. Dentists who submitted prescription forms to Keating with such spellings wrote that word as a generic reference to an all-zirconia crown, not to identify Glidewell Laboratories as a source. Keating is submitting thirteen declarations from dentists who submitted prescription forms to Keating with "BruxZir" written on them to explain this point. (Belton Decl., ¶¶ 9-11; Brady Decl., ¶¶ 9-11; Campbell | Disputed.   This alleged statement of fact is inappropriately disguised as a conclusion of law.  Practicing dentists located throughout the country have testified that the BruxZir mark signifies that Glidewell is the source of zirconia crowns and bridges marketed under that trademark.  Dkt. #90-1, Ex. A (Doneff Decl., ¶¶ 4-11), Ex. B (Newman Decl., ¶¶ 4-11), Ex. C (Cohen Decl., ¶¶ 4-11), Ex. D (Luke Decl., ¶¶ 4-11), Ex. E (Bell |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| Decl., ¶¶ 10-12; Colleran Decl. ¶¶ 10-12; Jacquinot Decl., ¶¶ 9-10; Murphy Decl., ¶¶ 9-11; Myers Decl., ¶¶ 9-10; Nussear Decl., ¶¶ 9-11; Richardson Decl., ¶ 10-12; Scott Decl., ¶¶ 9-11; Stephens Decl., ¶¶ 10-12; Sweet Decl., ¶¶ 8-10; Tobin Decl., ¶¶ 9-11.) | Decl., ¶¶ 4-11), Ex. F (Toca Decl., ¶¶ 4-11), and Ex. Q (Michiels Decl., ¶¶ 4-11). Dr. DiTolla has testified that the BruxZir mark signifies that Glidewell is the source of zirconia crowns and bridges marketed under that trademark, and that the terms "BruxZir," "bruxzir," or variations thereon, are not used to refer to zirconia crowns and bridges as a type or category of product.  Dkt. #90-1, Ex. I (DiTolla Decl., ¶¶ 11-12, 17, 19). Keating bears the burden of proof regarding validity of the BruxZir mark, so must proffer evidence to support this statement. *See Sengoku Work Ltd. v. RMC Intern., Ltd.,* 96 F.3d 1217, 1219–20 (9th Cir.1996).  Disputed based on evidentiary objections FRE 401, 402, 403.  See objections to Belton Decl., Brady Decl., Campbell Decl., Colleran Decl., Jacquinot Decl., Murphy Decl., Myers Decl., Nussear Decl., Richardson Decl., Scott Decl., Stephens Decl., |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | Sweet Decl., and Tobin Decl. contained in Glidewell's Evidentiary Objections. Disputed based on evidentiary objections. See objections to Belton Decl. ¶ 9, Brady Decl. ¶¶ 9-10, Campbell Decl. ¶¶ 10-12, Colleran Decl. ¶¶ 10-12, Jacquinot Decl. ¶¶ 9-10, Murphy Decl. ¶¶ 9-11, Myers Decl. ¶¶ 9-10, Nussear Decl. ¶¶ 9-11, Richardson Decl. ¶ 10-12, Scott Decl. ¶¶ 9-11, Stephens Decl. ¶¶ 10-12, Sweet Decl. ¶¶ 8-10, Tobin Decl. ¶¶ 9-11, contained in Glidewell's Evidentiary Objections. |
| 78. Showcase Dental Laboratory, a dental lab unaffiliated with Glidewell or Keating, has also received prescription forms from dentists ordering all-zirconia crowns that generically describe an all-zirconia crown as a "BruxZir," "bruxzir," or variation, thereof. (Frattura Decl., ¶¶ 7-9, 18; Ex. A.) | Disputed. Keating bears the burden of proof regarding validity of the BruxZir mark, so must proffer evidence to support this statement. *See Sengoku Work Ltd. v. RMC Intern., Ltd.,* 96 F.3d 1217, 1219–20 (9th Cir.1996). Keating submits no evidence regarding the state of mind of the dentists submitting these prescription forms. Carole Frattura only speaks to her understanding as to the |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | meaning of bruxer crowns, and does not purport to opine regarding the state of mind of the dentists submitting the prescription forms.  Dkt. #96 (Frattura Decl., ¶ 8).  It is far more likely that the dentists submitting these forms were confused as to whether Showcase offered Glidewell's BruxZir dental crowns or whether there was some affiliation or association between Glidewell and Showcase, in light of the fact that Showcase offered zirconia dental crowns under the confusingly similar "Zir-Bruxer" mark prior to receiving a cease and desist letter from Glidewell's General Counsel in January 2012.  Dkt. #91-30.  Not disputed that Showcase Dental Laboratory received prescription orders for all-zirconia crowns which referenced "bruxzirr," "bruxer," and "bruxir" crowns. Disputed based on evidentiary objections.  See objections to Frattura |

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | Decl. ¶¶ 8, 18, and Ex. A, contained in Glidewell's Evidentiary Objections. |
| 79.  Based on the perceived demand of its dentist customers for all zirconia crowns, Keating decided to formally add an all-zirconia crown to its KDZ line of products (which had been introduced in 2006). (Mangum Decl., Ex. 54 (Keating Dep. Tr.), at. 43:15 – 45:12). | Disputed.  When "KDZ Bruxer" was formally added, Keating did not have a "line of products," entitled a "KDZ line of products."  Rather, Keating characterized the addition of "KDZ Bruxer" as an "expansion of [Keating's] CAD/CAM family of products." (emphasis added).  Dkt. #95-3 (Ex. F to Keating Decl.).  Disputed based on evidentiary objections.  See objections to Ex. 54, contained in Glidewell's Evidentiary Objections. |
| 80.  Because the new all-zirconia crown was specifically designed to replace gold crowns for bruxer patients, Mr. Keating wanted to call the new crown the "KDZ Bruxer." (Mangum Decl., Ex. 54 (Keating Dep. Tr.), at. 43:15 – 45:12). | Disputed.  The evidence proffered by Keating does not support the fact for which it is offered, as it does not indicate why Mr. Keating chose to call Keating's monolithic zirconia crown "KDZ Bruxer."  Further disputed because Keating's adoption and continued use of the KDZ Bruxer brand despite its knowledge of Glidewell's |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | BruxZir mark supports a reasonable inference that Keating intended to confuse customers through its promotion of goods under that brand. *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1293 (9th Cir.1992); *Ugg Holdings, Inc. v. Severn*, 2005 U.S. Dist. LEXIS 45783 at *27 (C.D. Cal. Feb. 23, 2005). Keating selected its KDZ Bruxer mark in the winter or spring of 2011. By that time, Glidewell's BruxZir mark was already well known in the industry; Glidewell had already spent about REDACTED promoting its goods under the BruxZir mark. In connection with its brand selection process, Keating, among other things, (1) commissioned a trademark search report, (2) performed an "extensive review of dental journal advertisements by other dental labs," (3) conducted an "informal trademark search for 'KDZ' and 'bruxer,'" and (4) an "informal |

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | survey current Keating clients in March/April 2011 . . . ."  At least Robert Brandon, Keating's General Manager of the Laboratory, reviewed the search report during the brand selection process.  Given that the BruxZir mark was registered on the Principal Register in January 2010, the trademark search report undoubtedly contained a reference to Glidewell's BruxZir mark; no other inference is reasonable.  Moreover, given the extensive advertising that Glidewell had already conducted under its BruxZir mark, including in numerous dental journals, from 2009 through early 2011, there is overwhelming evidence that Keating was either already aware of Glidewell's BruxZir mark, or became aware of it through the brand selection process, prior to selecting its KDZ Bruxer brand.  Furthermore, Keating was informed of the Glidewell BruxZir mark by no later than August 9, 2011, |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | and despite its knowledge of Glidewell's senior mark continued to promote its competing crowns and bridges under the KDZ Bruxer brand. [Dkt. #90-1 (Wong Decl., Ex. P, ¶ 9), Dkt. #90-30 (Ex 81, (no. 21))]; [Dkt. #90-1 (Wong Decl., Ex. P, ¶ 12), Dkt. #90-30 (Ex. 84, (26:11-20 & 70:23-71:17; Exh. 514; 90:15-25; Exh. 519; 93:19-94:5 and Exh. 520))]; [Dkt. #90-1 (Wong Decl., Ex. P, ¶ 13), Dkt. #90-30 (Ex. 85, (92:14-93:12; 104:24-106:10))]. Disputed based on evidentiary objections. See objections to Ex. 54, contained in Glidewell's Evidentiary Objections. |
| 81. On March 31, 2011 Keating sent a letter to all of its dentist/customers referencing the increase in the cost of gold and offering a KDZ family of products consisting of: <br> • KDZ Bruxer ("Solid Zirconia for bruxer & grinder patients") <br> • KDZ Ultra (a rebranding of the | Disputed in part. When "KDZ Bruxer" was formally added, Keating did not have a "line of products," entitled a "KDZ family of products." Rather, Keating characterized the addition of "KDZ Bruxer" as an "expansion of [Keating's] CAD/CAM family of products." (emphasis added). [Dkt. #95- |

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| existing KDZ Zirconia product) (Keating Decl. ¶ 12) and • KDZ Max (a ceramic pressed onto a zirconia base) (Keating Decl. Ex. F). | 6 (Ex. F to Keating Decl.).] |
| 82. Mr. Keating sought the advice of counsel, Mr. Gourde, who performed a trademark search, to ensure his use of the name would not cause problems. (Mangum Decl., Ex. 54 (Keating Dep. Tr.), at 43:15 – 45:12; Keating Decl. ¶ 10). | Disputed in part. Not disputed that Mr. Keating sought advice of counsel in connection with the selection of the KDZ Bruxer name. The evidence proffered by Keating does not support the statement that he did so "to ensure his use of the "KDZ Bruxer" name would not cause problems." The evidence cited in Glidewell's response to Keating's SUF 37, incorporated herein by reference, supports a reasonable inference that Keating intended to confuse customers through its promotion of goods under the KDZ Bruxer brand. Additionally, not disputed that a trademark search was performed by counsel. Keating, however, has so far failed to produce such a trademark search report despite |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | Glidewell's repeated requests that it do so.  [Dkt. #90-1 (Wong Decl., Ex. P, ¶2); Dkt. #92-1 (Mangum Decl., Ex. 53 (Brandon Dep. Tr.) at 93:4-18).] Disputed based on evidentiary objections.  See objections to Ex. 54, contained in Glidewell's Evidentiary Objections. |
| 83.  In its responses to Keating's interrogatories, Glidewell alleged details for two instances of alleged actual confusion.<br>• In April 2012, a Glidewell employee named Nicole Fallon offered a $20 coupon to Dr. Jade Le's dental office in Florida to try a BruxZir restoration. An employee in Dr. Le's office asked if she could apply the coupon to a previous purchase the office had made of Keating's KDZ Bruxer. (Jankowski Decl., Ex. 1 (Interrogatory Nos. 7 & 8).<br>• In May 2011, Dr. Thomas Nussear's dental office placed an order with | Not disputed. |

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| Keating for a KDZ Bruxer crown and wrote "BruxZir" on the prescription form. (Jankowski Decl., Ex. 1 (Interrogatory Nos. 7 & 8). | |
| 84. In response to Keating's follow up interrogatory, Glidewell explained that Ms. Fallon made a telephone call to Dr. Le's office and offered a discount on BruxZir crowns. (Jankowski Decl., Ex. 2 (Interrogatory No. 23); Jankowski Decl., Ex. 1 (Interrogatory Nos. 7 & 8)). | Not disputed. |
| 85. Glidewell employees, and dental professionals generally, pronounce "BruxZir" and "Bruxer" identically. (Van Hoosear Decl., Exs. V-1, V-2, V-3; Eggleston Decl., Ex. 67 at 1:26 – 2:3; Eggleston Decl., Ex. 66 at 3:10 – 4:5; Eggleston Decl., Ex. 65 at 12:5, 14:9– 22). | Disputed. Keating's cited evidence does not support this alleged statement of uncontroverted fact. In Dkt. #110 (Van Hoosear Decl., Exs. V-1, V-2, V-3), Mr. Shuck, Dr. DiTolla, and Mr. Carden did not testify on behalf of "dental professionals generally." In Dkt. #110 (Van Hoosear Decl., Ex. V1), Mr. Shuck does not pronounce "BruxZir" and "bruxer" "identically." Specifically, Mr. Shuck, when pronouncing "BruxZir," places an |

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | emphasis on the "Z" in "Zir." By contrast, when pronouncing "bruxer," Mr. Shuck does not place any such emphasis as there is no "Z" in "bruxer." In Dkt. #110 (Van Hoosear Decl., Ex. V2), Dr. DiTolla did not pronounce the term "bruxer." Rather, in Dkt. #110 (Van Hoosear Decl., Ex. V2), Dr. DiTolla only pronounced the term "bruxers." Thus, Dkt. #110 (Van Hoosear Decl., Ex. V2) does not show that Dr. DiTolla "pronounced BruxZir and bruxer identically." Dkt. #110 (Van Hoosear Decl., Ex. V-3) is comprised of video clip excerpts from the October 4, 2012 deposition of Robin Carden ("Carden Depo."). However, Keating's counsel clearly stated that the Carden Depo. was not a 30(b)(6) deposition. Magnum Decl., Ex. 51, Carden Depo., at 191:8-12 ("And, Leonard, this isn't a 30(b)(6) depo, so I'm not going to ask the witness to even research the |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | answer…") Therefore, the Carden Depo. was not testimony on behalf of Glidewell. In Dkt. 93-1 (Eggleston Decl., Ex. 65 at 12:5, 14:9-22)), Dr. Eggleston did not opine on how "dental professionals generally" pronounce the terms "BruxZir" and "bruxer," and does not provide evidence supporting same. In Dkt. 93-2 (Eggleston Decl., Ex. 66 at 3:10 – 4:5), Dr. Eggleston only opined on whether "dental professionals" use "the phrase "bruxer crown" as a generic term for an all zirconia crown," not whether "dental professionals generally, pronounce "BruxZir" and "Bruxer" identically." Similarly, in Dkt. 93-3 (Eggleston Decl., Ex. 67 at 1:26 – 2:3), Dr. Eggleston did not opine on the issue of whether "dental professionals generally, pronounce "BruxZir" and "Bruxer" identically." Additionally, with respect to the terms "bruxer" and "BruxZir," Fusion Dental Lab Solutions |

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
| --- | --- |
|  | ("Fusion Dental") stated that these terms are "not pronounced the same" in response to Glidewell's cease and desist letter regarding Fusion Dental's infringement of Glidewell's BruxZir trademark.  Dkt. #91-24 (Jankowski Decl., Ex. 24, at 348).  Furthermore, Dr. DiTolla.   Finally, the phrase "dental professionals" is vague and ambiguous.  Additionally, in Dr. DiTolla's DVDs and videos where he refers to a BruxZir brand crown, he's referring to Glidewell's BruxZir brand crown, not a "bruxer" crown.  Ex. S of the Supplemental Appendix of Evidence (DiTolla Suppl. Decl., ¶ 3).  Indeed, in Dr. DiTolla's 24 years as a dentist, he has never used the term "bruxer" to commonly refer to a crown.  Ex. S of the Supplemental Appendix of Evidence (DiTolla Suppl. Decl., ¶ 3).  Furthermore, based on Dr. DiTolla's interaction with thousands of |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
|  | dentists over the past two years, of those dentists inquiring about the BruxZir brand crown, approximately 1/3 of them pronounce the BruxZir mark as "bux-zeer." Ex. S of the Supplemental Appendix of Evidence (DiTolla Suppl. Decl., ¶ 2). Disputed based on evidentiary objections. See objections to Exs. 66, and 67, contained in Glidewell's Evidentiary Objections. |
| 86. In response to Keating's follow up interrogatory, Glidewell pointed again to Dr. Nussear's "Rx Order Form" (prescription form). (Jankowski Decl., Ex. 2 (Interrogatory No. 22); Jankowski Decl., Ex. 1 (Interrogatory Nos. 7 & 8)) | Not disputed. |
| 87. Dr. Nussear wrote "BruxZir" on his prescription form as a generic reference to an all-zirconia crown. (Nussear Decl. ¶¶ 9 & 11). Furthermore, Dr. Nussear neither intended to order a crown from Glidewell, nor was he confused as to any affiliation between Keating and | Disputed in part. Not disputed that Dr. Nussear wrote "Bruxzir crown" in the instructions section of the Keating prescription form. Dkt. #104 (Nussear Decl., ¶ 9). Disputed that such writing constituted a generic reference, instead Dr. Nussear says REDACTED |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| Glidewell. (Nussear Decl. ¶ 10). | REDACTED<br><br>(*Id.*) Disputed based on evidentiary objections. See objections Nussear Decl., ¶¶ 8-11, contained in Glidewell's Evidentiary Objections |
| 88. Glidewell filed to federally register a trademark in the mark BRUXZIR for use with dental restorations on June 17, 2009. (Boatright Decl., Ex. B). | Not disputed. |
| 89. On January 19, 2010, Glidewell's issued as Trademark Registration No. 3,739,663. (Boatright Decl., Ex. B). | Not disputed. |
| 90. During the examination process, the Trademark Examiner did not conduct an Internet search and made no inquiry as to whether BRUXZIR had any meaning in the dental industry. (Boatright[1] Decl., Ex. B; Boatright Decl., Ex. A ¶¶ 39, 34, 42, 44-47). | Disputed.  Keating's cited evidence does not support this alleged statement of uncontroverted fact.  Specifically, Dkt. #94-1 (Boatright Decl., Ex. A ¶¶ 39, 34, 42, 44-47)) and Dkt. #94-2 (Boatright Decl., Ex. B) do not conclusively show that the Trademark Examiner "did not conduct an Internet search and made no inquiry as to whether BRUXZIR had any meaning in the dental industry."  In Dkt. #94-1 (Boatright Decl., Ex. A ¶¶ |

[1] Plaintiff's expert, Lori Boatright submitted an expert report in rebuttal to the expert report of Glidewell's legal

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| expert, David Franklyn. Boatright Decl., Ex.A. | 39, 34, 42, 44-47)) and Dkt. #94-2 (Boatright Decl., Ex. B), Boatright's <u>only</u> support for this alleged uncontroverted statement of fact is a conclusory statement that "no web search was conducted by the Examining Attorney and no inquiry as to meaning was made" without citing to any supporting evidence.  Dkt. #94-1 (Boatright Decl., Ex. A ¶ 34).  By contrast, Dkt. #94-2 (Boatright Decl., Ex. B, at 13), a true and correct copy of the 24 page printout from the records of the U.S. Patent and Trademark Office of the file history of Registration No. 3,739,663 (Application Serial No. 77/761,757) ("BruxZir File History"), shows that the Trademark Examiner, Mr. Kevin S. Corwin, performed a search and made an inquiry as to the term "BruxZir."  Dkt. #94-2 (Boatright Decl., Ex. B, at 13).  The top-left hand corner of Dkt. #94-2 (Boatright Decl., Ex. B, at 13) states |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
|  | "User:kcorwin," which provides support that this search was conducted by the Trademark Examiner, Mr. Kevin S. Corwin.  *Id.*  Additionally, the Trademark Examiner, Mr. Kevin S. Corwin, appears to have searched the term "BruxZir" in the context of the dental industry because the following search string was included in the various search permutations: "("james" and "glidewell")[on] or ("dental" and "ceramic")[ on]."  *Id.* (emphasis added). Furthermore, Glidewell disclosed to the Trademark Examiner that the BruxZir trademark was to be marketed in the dental industry because Glidewell identified "Dental bridges," "Dental caps," "Dental crowns,"  Dental inlays," "Dental onlays," and "Dental prostheses" as the categories of goods that the BruxZir mark applied to.  Dkt. #92-2 (Boatright Decl., Ex. B, at 17). Therefore, in light of the foregoing, the |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | Trademark Examiner did conduct a search and made an inquiry as to the term "BruxZir" in the context of the dental industry. Disputed based on evidentiary objections. See objections to Boatright Decl., Ex A, contained in Glidewell's Evidentiary Objections. |
| 91. The Examiner should have performed a search of the Internet for "crowns designed for bruxers." (Boatright Decl., Ex. A ¶ 42). | Disputed. This alleged statement of unconverted fact is a legal assertion, not a statement of fact. Additionally, Additionally, Keating's cited evidence does not support this legal assertion. Specifically, in Dkt. #94-1 (Boatright Decl., Ex. A ¶ 42), Boatright does not provide any supporting legal authorities for this legal assertion. Rather, in Dkt. #94-1 (Boatright Decl., Ex. A ¶ 42), Boatright makes an unsubstantiated, conclusory legal assertion that "A search similar to "crowns designed for bruxers" should have been performed by the Examining Attorney handling the BRUXZIR application." Disputed based |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
|  | on evidentiary objections.  See objections to Boatright Decl., Ex A, contained in Glidewell's Evidentiary Objections. |
| 92.  Had the Examiner learned that Glidewell pronounces BRUXZIR the same as "bruxer," and promotes the same pronunciation in its marketing materials for the BruxZir product, the mark would have been denied registration as either generic or merely descriptive. (Boatright Decl., Ex. A ¶ 38). | Disputed.  This alleged statement of unconverted fact is a legal assertion, not a statement of fact.  Additionally, Keating's cited evidence does not support this legal assertion.  Specifically, in Dkt. #94-1 (Boatright Decl., Ex. A ¶ 38), Boatright provides one purported legal authority, "Under U.S. law, misspellings of words do not extend rights to otherwise unregistrable marks," without any citation to supporting caselaw or statute.  Additionally, Glidewell fails to comprehend how this one purported legal authority has any relevance to this legal assertion.  Specifically, Glidewell's BruxZir trademark is not a "misspelling" of "bruxer."  The BruxZir mark is a combination of "brux" and "zir." |

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | "Brux" suggests to relevant consumers (dentists) that BruxZir brand products are strong and durable, and are suitable for use in applications requiring superior strength and durability, such as for treating patients with bruxism.  Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 9); Dkt. #90-1 (DiTolla Decl., Ex. I, ¶ 14); Dkt. #90-1 (Ramirez Decl., Ex. H, ¶ 4); Dkt. #90-1 (Goldstein Decl., Ex. O, ¶ 17); Dkt. #90-1 (Franklyn Decl. Ex. N, ¶ 42). "Zir" suggests that the products comprise zirconia, a hard and durable material successfully used in dental products.  Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 9); Dkt. #90-1 (DiTolla Decl., Ex. I, ¶ 14); Dkt. #90-1 (Ramirez Decl., Ex. H, ¶ 4); Dkt. #90-1 (Goldstein Decl., Ex. O, ¶ 17); Dkt. #90-1 (Franklyn Decl., Ex. N, ¶ 42).  Disputed based on evidentiary objections.  See objections to Boatright Decl., Ex A, contained in Glidewell's Evidentiary Objections. |

Snell & Wilmer
L.L.P.
LAW OFFICES
150 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| 93.  Trademark Examiners are obligated to follow the Trademark Manual of Examining Procedure (TMEP) when examining applications. (Boatright Decl., Ex. A ¶ 44). | Disputed based on evidentiary objections.  See objections to Boatright Decl., Ex A, contained in Glidewell's Evidentiary Objections. |
| 94.  In examining Glidewell's application for BRUXZIR, the Examiner should have asked if the mark had any particular meaning in relation to the goods or in the relevant trade or industry and should have requested additional information about the mark and the goods. (Boatright Decl., Ex. A ¶¶ 44, 34). | Disputed.  This alleged statement of unconverted fact is a legal assertion, not a statement of fact.  As articulated in Glidewell's response to Keating's alleged statement of uncontroverted fact number 90, Keating's cited evidence fails to conclusively show that the Trademark Examiner "did not conduct an Internet search and made no inquiry as to whether BRUXZIR had any meaning in the dental industry."  By contrast, as articulated in Glidewell's response to Keating's alleged statement of uncontroverted fact number 90, Trademark Examiner did conduct a search and made an inquiry as to the term "BruxZir" in the context of the dental industry.   Additionally, Boatright |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | premises this purported legal assertion that the Trademark Examiner "should have requested additional information about the mark and the goods" based solely on "TMEP Section 1209.02 ("The examining attorney must consider the evidence of record to determine whether a mark is merely descriptive or whether it is suggestive or arbitrary. See In re Noble Co., 225 USPQ 749, 750 (TTAB 1985) The examining attorney may request that the applicant submit additional explanation or materials to clarify the meaning of the mark or the nature of the goods or services.")." However, TMEP Section 1209.02 is entitled, "Procedure for Descriptiveness and/or Genericness Refusal."  In TMEP Section 1209.02, the rationale behind requesting such additional information is two-fold: (a) "If the examining attorney refuses registration, he or she should support the refusal with appropriate |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | evidence," (b) "In all cases the examining attorney should try to make the Office action as complete as possible, so that the applicant may respond appropriately."  Here, the Trademark Examiner did not issue a refusal or an office action to Glidewell's BruxZir mark. Dkt. #92-2 (Boatright Decl., Ex. B).  Therefore, the application of TMEP Section 1209.02 to the BruxZir trademark is misplaced. Disputed based on evidentiary objections.  See objections to Boatright Decl., Ex A, contained in Glidewell's Evidentiary Objections. |
| 95.  In this case, the examining attorney did not make any such requests during Glidewell's trademark application. (Boatright Decl., Ex. A ¶ 44-47). | Disputed.  As articulated in Glidewell's response to Keating's alleged statement of uncontroverted fact number 90, Keating's cited evidence fails to conclusively show that the Trademark Examiner "did not conduct an Internet search and made no inquiry as to whether BRUXZIR had any meaning in |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | the dental industry."  By contrast, as articulated in Glidewell's response to Keating's alleged statement of uncontroverted fact number 90, Trademark Examiner did conduct a search and made an inquiry as to the term "BruxZir" in the context of the dental industry.  Disputed based on evidentiary objections.  See objections to Boatright Decl., Ex A, contained in Glidewell's Evidentiary Objections. |
| 96.  Nor did Glidewell offer any such information. (Boatright Decl., Ex. A ¶¶ 38, 39; Boatright Decl., Ex. B; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 111:15 – 113: 12). | Disputed.  Keating's cited evidence does not support this alleged uncontroverted statement of fact.  As articulated in Glidewell's response to Keating's alleged statement of uncontroverted fact number 90, Glidewell disclosed to the Trademark Examiner that the BruxZir trademark was to be marketed in the dental industry because Glidewell identified "Dental bridges," "Dental caps," "Dental crowns,"  Dental inlays," "Dental onlays," and "Dental prostheses" |

16185398.1

| Keating's Proposed Uncontroverted Facts and Conclusions of Law | Glidewell's Statement of Genuine Disputes In Response To Keating's Proposed Uncontroverted Facts and Conclusions of Law |
|---|---|
| | as the categories of goods that the BruxZir mark applied to.  Dkt. #92-2 (Boatright Decl., Ex. B, at 17). Additionally, as shown in the BruxZir File History, Glidewell provided to the Trademark Examiner exemplars of the BruxZir full contour zirconia crowns. Dkt. #92-2 (Boatright Decl., Ex. B, at 58, 67); Dkt. #91-6 (Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 112:1-113:1). Disputed based on evidentiary objections.  See objections to Ex. 6, and Boatright Decl., Ex A, contained in Glidewell's Evidentiary Objections. |

## II.   ADDITIONAL MATERIAL FACTS RELEVANT TO THE ISSUES RAISED IN KEATING'S MOTION FOR SUMMARY JUDGMENT FOR CANCELING GLIDEWELL'S TRADEMARK REGISTRATION

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| 1.     The BruxZir mark is a registered mark. | Dkt. #90-1 (Declaration of Keith Allred In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Allred Decl."), |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| | Ex. L, ¶¶ 3-5); Dkt. #90-19 (Exhibit 59 to the Appendix of Evidence in Support of James R. Glidewell Dental Ceramics, Inc.'s Motions for Summary Judgment (hereinafter, "Appendix of Evidence")). |
| 2.    The BruxZir mark was registered on the Principal Register on January 19, 2010, as Reg. No. 3,739,663. | Dkt. #90-1 (Allred Decl., Ex. L, ¶¶ 3-5); Dkt. #90-19 (Exhibit 59 to Appendix of Evidence). |
| 3.    The United States Patent and Trademark Office ("PTO") issued the mark without requiring any showing of secondary meaning. | Dkt. #90-1 (Allred Decl., Ex. L, ¶¶ 3-5); Dkt. #90-19 (Exhibit 60 to Appendix of Evidence). |
| 4.    The BruxZir mark is at least "merely descriptive of the goods set forth in [Glidewell's] Registration." | Petition for Cancellation, Dkt#58-1, at ¶ 5. |
| 5.    As of May 2011, the BruxZir mark (a) was known to be REDACTED and (b) identified a product REDACTED | Dkt. # 90-30 (October 16, 2012 Deposition of Robert D. Brandon ("Brandon Depo."); 45:5-49:2, attached Exhibit 84 to Appendix of Evidence). |
| 6.    Brandon, who has been with Keating since February of 2003, was the person authorized to verify Keating's interrogatory responses. | Dkt. #90-30 (Brandon Depo at 13:10-14, attached Exhibit 84 to Appendix of Evidence; Defendant's Responses to Plaintiff's First Set of Interrogatories Nos. 1-25, attached as Exhibits 81-82 to Appendix of Evidence). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

- 95 -

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| 7.   Brandon admitted that REDACTED | Dkt. #90-30 (Brandon Depo at 47:17-22, attached Exhibit 84 to Appendix of Evidence). |
| 8.   BruxZir is REDACTED | Dkt. # 90-30 (October 18, 2012 Deposition of Shaun Keating ("Keating Depo."), at: 114:18-115:5, attached Exhibit 85 to Appendix of Evidence). |
| 9.   REDACTED | Dkt. #90-4 (Exhibit 15, KDA3355, 3358, to Appendix of Evidence). |
| 10.   REDACTED | Dkt. #90-4 (Exhibit 15, at KDA3446, to Appendix of Evidence). |
| 11.   REDACTED | Dkt. #90-4 (Exhibit 15, at KDA3444, to Appendix of Evidence, Dkt. #78). |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| 12.    Practicing dentists located throughout the country regard the BruxZir mark as not generic. | Dkt. #90-1 (Declaration of Gregory Doneff, D.D.S, In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Doneff Decl."), Ex. A); Dkt. #90-1 (Declaration of Thomas E. Bell, D.M.D., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Bell Decl."), Ex. E); Dkt. #90-1 (Declaration of Stuart R. Newman, D.D.S., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Newman Decl."), Ex. B); Dkt. # 90-1 (Declaration of Spencer D. Luke, D.M.D., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Luke Decl."), Ex. D); Dkt. #90-1 (Declaration of Howard S. Cohen, D.D.S., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Cohen Decl."), Ex. C); Dkt. #90-1 (Declaration of Terence J. Michiels, D.D.S., In Support Of James R. Glidewell Dental Ceramics, Inc.'s |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| | Motion For Summary Judgment ("Michiels Decl."), Ex. Q); Dkt. #90-1 (Declaration of Kent J, Toca, D.D.S., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Toca Decl."), Ex. F). |
| 13.    Dr. Doneff testifies: "[s]ince learning about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009 and through the date of this declaration, I have known, and through various communications with other dentists, I am aware that other dentists have known, that the BRUXZIR mark is a brand or trademark that signifies a single source of zirconia crowns and bridges and the zirconia material from which those products are made.  Since learning about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009 and through the date of this declaration, I have known, and through my various communications with other dentists, I am aware that other dentists have known, that the BRUXZIR mark is a brand or trademark associated | Dkt. #90-1 (Doneff Decl., Ex. A, ¶ 4); Dkt. #90-1 (Bell Decl., Ex. E, ¶ 4); Dkt. #90-1 (Newman Decl., Ex. B, ¶ 4); Dkt. #90-1 (Luke Decl., Ex. D,¶ 4); Dkt. #90-1 (Cohen Decl., Ex. C, ¶ 4); Dkt. #90-1 (Michiels Decl., Ex. Q, ¶4); Dkt. #90-1 (Toca Decl., Ex. F, ¶ 4). |

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| with Glidewell Labs." This testimony of Dr. Doneff's is representative of the testimonies of Dr. Bell, Dr. Newman, Dr. Luke, Dr. Cohen, Dr. Michiels, and Dr. Toca. | |
| 14.    Dr. Doneff also testifies that: "Both before and after September 2010, I, and other dentists with whom I regularly communicate, use the term "bruxer" exclusively to refer to a person who suffers from bruxism; i.e., habitual and destructive grinding of the teeth and clenching of the jaw.  Both before and after September 2010, the terms "bruxer," "bruxer crown," "bruxzir," and "bruxzir crown" are not terms that I, nor the dentists I communicate with, use to refer to zirconia crowns and bridges as a type or category of product.  I have never used any of these terms to refer to zirconia crowns or bridges as a type or category of product, and I have never heard any other dentist use any of those terms for that purpose.  Rather, both before and after I learned about Glidewell Labs's BRUXZIR brand | Dkt. #90-1 (Doneff Decl, Ex. A, ¶¶ 7-8); Dkt. #90-1 (Bell Decl., Ex. E, ¶¶ 7-8); Dkt. #90-1 (Newman Decl., Ex. B, ¶¶ 7-8); Dkt. #90-1 (Luke Decl., Ex. D, ¶¶ 7-8); Dkt. #90-1 (Cohen Decl., Ex. C, ¶¶ 7-8); Dkt. #90-1 (Michiels Decl., Ex. Q, ¶¶ 7-8); Dkt. #90-1 (Toca Decl., Ex. F, ¶¶ 7-8). |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| zirconia crowns and bridges in 2009, when referring to zirconia crowns and bridges as a type or category of product generally, I, and the dentists that I communicate with, use the terms "zirconia crowns," "all zirconia crowns," "monolithic zirconia crowns," "full zirconia crowns," or "solid zirconia crowns." This testimony of Dr. Doneff is representative of the testimonies of Dr. Bell, Dr. Newman, Dr. Luke, Dr. Cohen, Dr. Michiels, and Dr. Toca. | |
| 15.  Jim Shuck, Glidewell's Vice President of Sales and Marketing, and a thirty-six year veteran of the dental industry, testifies that "[t]he generic terms for a BruxZir brand crown are 'crown,' 'crown for bruxers,' or 'all zirconia crown.' I have also heard a 'solid zirconia crown,' and a 'full contour zirconia crown.' The term 'bruxzir' is not used by Glidewell – or, to my knowledge, widely or generally used by anyone else – to refer to solid zirconia crowns." | Dkt. #90-1 (Declaration of James Shuck In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Shuck Decl."), Ex. G, ¶ 14.) |
| 16.  Dr. Michel DiTolla, Glidewell's | Dkt. #90-1 (Declaration of Dr. Michel |

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION CASE NO. SACV11-01309 DOC (ANx)

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| Director of Clinical Education & Research, and a practicing dentist since 1988, testifies that he directly interacts with two to three thousand dentists per year, the vast majority of which "have made statements … indicating that they understand that BruxZir identifies Glidewell as the source of the crown products." | C. DiTolla In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("DiTolla Dec"), Ex. I, ¶ 11). |
| 17. When referring generally to a zirconia crown, dentists refer to the crown as a zirconia crown. | Dkt. #90-1 (DiTolla Decl., Ex. I, ¶ 11). |
| 18. Dr. DiTolla further testifies that, in his 24 years as a dentist, he has never used the term "bruxer" to commonly refer to crowns, and that he has never heard any of the thousands of dentists he interacts with each year use the term "bruxer" to commonly refer to crowns. | Dkt. #90-1 (DiTolla Decl., Ex. I, ¶ 12). |
| 19. "Bruxer" is not a commonly used term in the dental field for crowns. Instead, the term "bruxer" refers to an individual who suffers from bruxism (i.e. grinds his or her teeth). | Dkt. #90-1 (DiTolla Decl., Ex. I, ¶ 12). |
| 20. Rudy Ramirez, Glidewell's General Manager of the Fixed | Dkt. #90-1 (Declaration of Rudy Ramirez In Support Of James R. |

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| Prosthodontics, testifies that each of the more than 100 dentists that he has personally guided on tours of Glidewell's production facility have "expressed … their awareness that Glidewell is the source for zirconia crowns and bridges produced and marketed under the BruxZir mark." | Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Ramirez Decl."), Ex. H, ¶ 6). |
| 21.    Robin Bartolo, Sales Manager for Glidewell Direct, who has actively participated in seventeen trade shows – attended by many thousands of dentists in total – since January of 2009, testifies that: "through [his] various communications with dentists and dental lab representatives at trade shows, [he is] aware that dentists and dental lab representatives generally are aware that the BruxZir mark is a brand or trademark that signifies a single source of zirconia crowns and bridges and the zirconia material from which those products are made." | Dkt. #90-1 (Declaration of Robin Bartolo In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Bartolo Decl."), Ex. K, ¶ 5). |
| 22.    Dentists do not refer to solid zirconia crowns as "bruxers" or "bruxer crowns," and dentists do not understand | Dkt. #90-1 (Declaration of Dr. Ronald Goldstein In Support Of James R. Glidewell Dental Ceramics, Inc.'s |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| the mark BruxZir to refer to solid zirconia crowns from any source; rather dentists understand the mark BruxZir to identify the source of solid zirconia crowns and material to make solid zirconia crowns – the solid zirconia crowns supplied by Glidewell. | Motion For Summary Judgment ("Goldstein Decl.") , Ex. O ¶ 9). |
| 23.  Glidewell's BruxZir mark is not generic but rather is a suggestive mark, and the BruxZir trade mark has strong brand recognition amongst United States dentists as a unique source identifier for full zirconia dental crowns made by Glidewell. | Dkt. #90-1 (Declaration of David Franklyn In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Franklyn Decl."), Ex. N, ¶ 71). |
| 24.  The BruxZir mark is a combination of "brux" and "zir." "Brux" suggests to relevant consumers (dentists) that BruxZir brand products are strong and durable, and are suitable for use in applications requiring superior strength and durability, such as for treating patients with bruxism. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 9); Dkt. #90-1 (DiTolla Decl., Ex. I, ¶ 14); Dkt. #90-1 (Ramirez Decl., Ex. H, ¶ 4); Dkt. #90-1 (Goldstein Decl., Ex. O, ¶ 17); Dkt. #90-1 (Franklyn Decl. Ex. N, ¶ 42). |
| 25.  "Zir" suggests that the products comprise zirconia, a hard and durable material successfully used in dental products. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 9); Dkt. #90-1 (DiTolla Decl., Ex. I, ¶ 14); Dkt. #90-1 (Ramirez Decl., Ex. H, ¶ 4); Dkt. #90-1 (Goldstein Decl., Ex. O, |

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| | ¶ 17); Dkt. #90-1 (Franklyn Decl., Ex. N, ¶ 42). |
| 26.    Multiple medical and dental dictionaries provide no definition for "bruxzir" (or for "bruxer"). | Dkt. #90-1 (DiTolla Decl., Ex. I, ¶ 12); Dkt. #90-23 (Exhibit 75 to Appendix of Evidence). |
| 27.    Keating's advertisement introducing the KDZ Bruxer brand product states, under a large color photograph of several zirconia crowns and bridges, "Introducing the All-New KDZ Bruxer.  The Best Full-Contour Zirconia Restorations Available." | Dkt. #90-6 (Exhibit 20 (KDA000854) to Appendix of Evidence). |
| 28.    Keating's advertisement introducing the KDZ Bruxer brand product states that "KDZ Bruxer is the ideal combination of strength and esthetics for your posterior crowns and bridges." | Dkt. #90-6 (Exhibit 20 (KDA000854) to Appendix of Evidence). |
| 29.    Drake Precision Laboratory advertises its zirconia crown using the mark ZIR-CAST. | Dkt. #90-2 (Exhibit 5 (KDA-002448) to Appendix of Evidence). |
| 30.    Drake describes its product with such terms as "all-ceramic," "solid zirconia," "high translucency zirconia," "monolithic," "nonmetallic," etc. | Dkt. #90-2 (Exhibit 5(KDA-002448) to Appendix of Evidence). |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| 31.    Keating's advertising materials demonstrate that Keating can, and does, describe its products using a variety of alternative words and phrases such as "dental zirconia," "medical grade zirconia … for posterior single units and bridges," "full contour zirconia," "alternative to full-cast gold," "full-contour zirconia restoration," "for patients who grind or lack preparation space or porcelain," etc. | Dkt. #90-5 (Exhibit 16 (KDA 00843, 00851-00854) to Appendix of Evidence). |
| 32.    Prior to Glidewell's introduction of its BruxZir brand products, neither "bruxzir" nor "bruxer" had previously been used for the same or similar products. | Dkt. #90-1 (DiTolla Decl., Ex. I, ¶ 17); Dkt. #90-1 (Goldstein Decl., Ex. O, ¶¶ 12-14); Dkt. #90-1 (Doneff Decl, Ex. A, ¶ 8); Dkt. #90-1 (Bell Decl., Ex. E, ¶ 8); Dkt. #90-1 (Newman Decl., Ex. B, ¶ 8); Dkt. #90-1 (Luke Decl., Ex. D, ¶ 8); Dkt. #90-1 (Cohen Decl., Ex. C, ¶ 8); Dkt. #90-1 (Michiels Decl., Ex. Q, ¶ 8); Dkt. #90-1 (Toca Decl., Ex. F, ¶ 8). |
| 33.    Consumers, including Doctors Doneff, Bell, Newman, Luke, Cohen, Michiels, and Toca, associate the BruxZir mark with Glidewell. | Dkt. #90-1 (Doneff Decl, Ex. A, ¶¶ 3-6, 9-10); Dkt. #90-1 (Bell Decl., Ex. E, ¶¶ 3-6, 9-10); Dkt. #90-1 (Newman Decl., Ex. B, ¶¶ 3-6, 9-10); Dkt. #90-1 (Luke Decl., Ex. D, ¶¶ 3-6, 9-10); Dkt. #90-1 (Cohen Decl., Ex. C, ¶¶ 3-6, 9- |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| | 10); Dkt. #90-1 (Michiels Decl., Ex. Q, ¶¶3-6, 9-10); Dkt. #90-1 (Toca Decl., Ex. F,  ¶¶ 3-6, 9-10). |
| 34.    Dr. Doneff testifies: "Since learning about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009 and through the date of this declaration, I have known, and through various communications with other dentists, I am aware that other dentists have known, that the BRUXZIR mark is a brand or trademark that signifies that Glidewell Labs is the source of zirconia crowns and bridges marketed under that trademark." This testimony of Dr. Doneff is representative of the testimonies of Dr. Bell, Dr. Newman, Dr. Luke, Dr. Cohen, Dr. Michiels, and Dr. Toca. | Dkt. #90-1 (Doneff Decl., Ex. A, ¶ 5); Dkt. #90-1 (Bell Decl., Ex. E, ¶ 5); Dkt. #90-1 (Newman Decl., Ex. B, ¶ 5); Dkt. #90-1 (Luke Decl., Ex. D, ¶ 5); Dkt. #90-1 (Cohen Decl., Ex. C, ¶ 5); Dkt. #90-1 (Michiels Decl., Ex. Q, ¶ 5); Dkt. #90-1 (Toca Decl., Ex. F, ¶ 5). |
| 35.    Dr. Doneff also testifies: "Since learning about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009 and through the date of this declaration, I have often used the term BRUXZIR to identify zirconia crowns and bridges manufactured by | Dkt. #90-1 (Doneff Decl., Ex. A, ¶ 9); Dkt. #90-1 (Bell Decl., Ex. E, ¶ 9); Dkt. #90-1 (Newman Decl., Ex. B, ¶ 9); Dkt. #90-1 (Luke Decl., Ex. D, ¶ 9); Dkt. #90-1 (Cohen Decl., Ex. C, ¶ 9); Dkt. #90-1 (Michiels Decl., Ex. Q, ¶ 9); Dkt. #90-1 (Toca Decl., Ex. F, ¶ 9). |

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| Glidewell Labs, because I understand that the BRUXZIR mark is a brand or trademark that signifies that Glidewell Labs is the source of zirconia crowns and bridges marketed under that trademark." This testimony of Dr. Doneff is representative of the testimonies of Dr. Bell, Dr. Newman, Dr. Luke, Dr. Cohen, Dr. Michiels, and Dr. Toca. | |
| 36.     Dr. DiTolla testifies that he directly interacts with two to three thousand dentists per year, the vast majority of which "have made statements … indicating that they understand that BruxZir identifies Glidewell as the source of the crown products." | Dkt. #90-1 (DiTolla Decl., Ex. I, ¶ 11). |
| 37.     Rudy Ramirez testifies that each of the more than 100 dentists that he has personally guided on tours of Glidewell's production facility have "expressed … their awareness that Glidewell is the source for zirconia crowns and bridges produced and marketed under the BruxZir mark." | Dkt. #90-1 (Ramirez Decl., Ex. H, ¶ 7). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| 38.     Robin Bartolo, who has actively participated in seventeen trade shows – attended by many thousands of dentists in total – since January of 2009, testifies that: "through [his] various communications with dentists and dental lab representatives at trade shows, [he is] aware that dentists and dental lab representatives generally are aware that the BruxZir mark is a brand or trademark that signifies a single source of zirconia crowns and bridges and the zirconia material from which those products are made." | Dkt. #90-1 (Bartolo Decl., Ex. K, ¶ 5). |
| 39.     As part of the initial launch of BruxZir brand products, Glidewell sent direct mail pieces for dentists, mailed samples of BruxZir brand products to current customers, sent email blasts to 125,000 dentists through the American Dental Association's dentist listing, produced and posted educational videos online, and announced continuing education programs for the product. | Dkt. #90-1 (Shuck Decl., ¶ 7, Ex. G, Dkt. #78). |
| 40.     Since the introduction of BruxZir brand products, Glidewell has | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 20); Dkt. #90-3, #90-4, #90-5, #90-6, #90-7, |

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION CASE NO. SACV11-01309 DOC (ANx)

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| consistently and regularly advertised the brand, in association with the Glidewell Labs name, in a wide variety of ways, including via the company's website (www.bruxzir.com) and blog, press releases, patient and doctor education brochures, videos, advertisements in dental publications, direct mailers, email blasts, and trade shows. | #90-8, #90-9, #90-10, #90-11 (Exhibits 9-14, 17-19, 21-22, and 24-25 to the Appendix of Evidence). |
| 41.    BruxZir.com received approximately 289,210 unique pageviews between October 2009 and November 2012, with 78% of this volume from U.S. traffic. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 21). |
| 42.    Glidewell regularly and consistently advertises the BruxZir brand product line in dental industry publications, including *ADA News*, *Chairside Magazine*, *Dental Economics*, *Dental Lab Reports*, *Dentaltown*, *Dental Tribune*, *Dentistry Today*, *Inclusive Magazine*, the *Journal of Dental Technology*, and *Lab Management Today*. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 22); Dkt. #90-1 (DiTolla Decl., Ex. I, ¶¶ 6-7); Dkt. #90-7 (Exhibits 21-22 to the Appendix of Evidence). |
| 43.    Glidewell consistently sends out e-mail blasts approximately quarterly to | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 23). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| U.S. dentists and dental laboratories, advertising Glidewell's BruxZir branded product line. | |
| 44.    Glidewell's quarterly e-mail blasts are sent to Glidewell's internal e-mail list, which contains approximately 24,000 dentists, and to the American Dental Association's e-mail list, which has about 89,000 dentists. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 23). |
| 45.    Glidewell consistently conducts quarterly direct mail advertising for BruxZir branded crowns.  For this direct mail advertising, Glidewell uses a list, purchased from the American Dental Association, of approximately 125,000 dentists. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 24). |
| 46.    Glidewell personnel regularly and consistently attend dozens of trade shows and conventions per year around the country. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 26). |
| 47.    At these conventions and trade shows, which are attended by, in the aggregate, thousands of dentists, Glidewell consistently and prominently displays the BruxZir brand, in association with the Glidewell Labs | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 26). |

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| name, in a wide variety of contexts, including on the booth, the signage, in brochures, takeaways, and product displays and demonstrations. | |
| 48.    As part of Glidewell's marketing efforts for the BruxZir brand, Glidewell's Director of Clinical Education and Research, Dr. DiTolla, made a series of educational videos in 2009 and 2010, and he made a compendium of all videos with a new introduction in 2011. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 27); Dkt. #90-1 (DiTolla Decl., Ex. I, ¶¶ 4-5); Dkt. #90-23 (Exhibit 73 to the Evidence of Appendix). |
| 49.    Dr. DiTolla's videos explain and illustrate various features and benefits of BruxZir brand products, and prominently feature the BruxZir brand in association with the Glidewell Labs name. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 27). |
| 50.    The videos are publicly available on Glidewell's website and YouTube channel, and the video pages have had approximately 30,000 unique pageviews between October 2009 and November 2012. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 27). |
| 51.    Glidewell personnel, including Dr. DiTolla and Robin Carden (Vice | Dkt. #90-1 (Shuck Decl., Ex. G, ¶¶ 28-29); Dkt. #90-1 (DiTolla Decl., Ex. I, |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| President of Research and Development) regularly publish articles and give presentations that prominently feature the BruxZir brand in association with the Glidewell Labs name. | ¶¶ 4-10); Dkt. #90-1 (Carden Decl., Ex. J, ¶¶ 3-6, 11-15); Dkt. #90-7, #90-8, #90-9, #90-10, 90-11, #90-18, #90-19, #90-22, #90-23 (Exhibits 21-22, 24-25, 53-57, 67, and 73 to the Appendix of Evidence). |
| 52.   The BruxZir brand and BruxZir brand products have garnered substantial third party recognition in the form of, for example, awards and laudatory press coverage. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶¶ 30-36); Dkt. #90-1 (Carden Decl., Ex. J, ¶ 15); Dkt. #90-11, #90-12, #90-13, #90-14, #90-15, #90-16, #90-17, #90-18 (Exhibits 26-38, and 41-45 to the Appendix of Evidence). |
| 53.   Glidewell's total marketing expenses for the BruxZir brand product line from June 2009 through June 2012 were approximately $2,957,009.07, which represented approximately 12% of Glidewell's overall marketing budget. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶¶ 38-41); Dkt. #90-18 (Exhibit 46 to the Appendix of Evidence). |
| 54.   Of the REDACTED figure, approximately two thirds, or REDACTED was directed to advertising and marketing BruxZir brand finished crowns and bridges. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶¶ 38-41); Dkt. #90-18 (Exhibit 46 to the Appendix of Evidence). |
| 55.   Glidewell's extensive promotion of the BruxZir mark has been successful in cementing in the minds of dentists a | Dkt. #90-1 (Doneff Decl., Ex. A, ¶¶ 3-4, 10); Dkt. #90-1 (Bell Decl., Ex. E, ¶¶ 3-4, 10); Dkt. #90-1 (Newman Decl., Ex. |

Snell & Wilmer

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| strong association between the mark and Glidewell as the source of BruxZir brand dental restoration products. | B, ¶¶ 3-4, 10); Dkt. #90-1 (Luke Decl., Ex. D, ¶¶ 3-4, 10); Dkt. #90-1 (Cohen Decl., Ex. C, ¶¶ 3-4, 10); Dkt. #90-1 (Michiels Decl., Ex. Q, ¶¶ 3-4, 10); Dkt. #90-1 (Toca Decl., Ex. F, ¶¶ 3-4, 10). |
| 56.      Glidewell has consistently used the BruxZir mark for crowns and bridges for over three years, since the launch of the product line in 2009. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶¶ 19-29); Dkt. #90-3, #90-4, #90-5, #90-6, #90-7, #90-8, #90-9, #90-10, #90-11 (Exhibits 8-14, 17-19, 21-22, and 24-25 to the Evidence of Appendix). |
| 57.      Glidewell has extensively promoted the BruxZir mark in a wide variety of communication channels. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶¶ 19-29); Dkt. #90-3, #90-4, #90-5, #90-6, #90-7, #90-8, #90-9, #90-10, #90-11 (Exhibits 8-14, 17-19, 21-22, and 24-25 to the Evidence of Appendix). |
| 58.      Glidewell has ensured that the BruxZir mark is widely promoted in association with the Glidewell Labs name. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶¶ 13, 19-29); Dkt. #90-1 (DiTolla, Ex. I, ¶¶ 4-10); Dkt. #90-2, #90-3, #90-4, #90-5, #90-6, #90-7, #90-8, #90-9, #90-10, #90-11 (Exhibits 7-14, 17-19, 21-22, 24-25, and 73 to the Evidence of Appendix). |
| 59.      This sustained activity has effectively reached the relevant consumers (dentists) and caused them to associate the BruxZir mark with the | Dkt. #90-1 (Doneff Decl., Ex. A, ¶¶ 3-4, 10); Dkt. #90-1 (Bell Decl., Ex. E, ¶¶ 3-4, 10); Dkt. #90-1 (Newman Decl., Ex. B, ¶¶ 3-4, 10); Dkt. #90-1 (Luke Decl., |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| source of BruxZir products, Glidewell. | Ex. D, ¶¶ 3-4, 10); Dkt. #90-1 (Cohen Decl., Ex. C, ¶¶ 3-4, 10); Dkt. #90-1 (Michiels Decl., Ex. Q, ¶¶ 3-4, 10); Dkt. #90-1 (Toca Decl., Ex. F, ¶¶ 3-4, 10). |
| 60.    The BruxZir mark does not exist in a crowded field of similar marks. | Dkt. #90-1 (Franklyn Decl., Ex. N, ¶ 46). |
| 61.    It is Glidewell's policy and practice to actively protect its mark by, for example, sending cease and desist letters to competitors using confusingly similar marks. | Dkt. #90-1 (Allred Decl., Ex. L, ¶¶ 11-26); Dkt. #90-21, #90-22, #90-23 (Exhibits 62-69 to the Appendix of Evidence). |
| 62.    Glidewell is a leading provider of dental restoration products to dentists. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 4). |
| 63.    Among the products that Glidewell sells are dental crowns and bridges. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 4). |
| 64.    A crown is a type of dental restoration product that completely caps a tooth. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 4). |
| 65.    It is typically bonded to the tooth using dental cement or resin. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 4). |
| 66.    In the past, crowns were principally fashioned either from gold (which has favorable tensile characteristics but is considered aesthetically unappealing by many | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 5). |

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| people) or from porcelain veneers fused to a metal casting (which is aesthetically appealing but tends to crack when subjected to heavy pressure or grinding). | |
| 67.    More recently, dental laboratories began to fashion crowns made of a veneer fused or adhered to a hard ceramic such as zirconia. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 5). |
| 68.    However, these crowns too tended to crack when subjected to heavy grinding. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 5). |
| 69.    Beginning in 2005, Glidewell began developing a new type of crown, a solid zirconia crown. | Dkt. #90-1 (Carden Decl., Ex. J, ¶ 2). |
| 70.    The advantages of this new monolithic zirconia (or "full contour zirconia") crown were that it would be extremely hard – sufficiently hard to be used in applications requiring a material with high tensile and compressive strength, including treating patients with "bruxism," a parafunctional activity in which a person repeatedly and habitually grinds his teeth – and that it could be milled from a block of zirconia based on a digital representation of the patient's | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 9). |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| mouth. | |
| 71.     The disadvantage was that zirconia is an unattractive material, due to its extreme whiteness and lack of translucency. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 10). |
| 72.     Ultimately, Glidewell partially overcame the aesthetic challenges of the material, devising a process for fabricating a full contour zirconia crown that was sufficiently appealing that it could be used in a variety of applications. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 10). |
| 73.     In early 2009, Glidewell conceived the name for its new line of monolithic zirconia dental restoration products: BruxZir. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 3); Dkt. #90-30 (September 25, 2012 Deposition of Jim Shuck ("Shuck Depo."); 15:21-16:8, attached Exhibit 83 to Appendix of Evidence). |
| 74.     The name was chosen in large part because it suggested the primary characteristics of the product: that it was sufficiently strong and durable to be used in a variety of applications, including treating patients with bruxism ("Brux"), and that the material from which the crown was fashioned is zirconia ("Zir"). | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 9). |

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| 75.    The product line was launched under the BruxZir mark in June 2009. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 7); Dkt. #90-30 (Shuck Depo. at 15:21-16:8, attached Exhibit 83 to Appendix of Evidence). |
| 76.    Since its introduction in 2009, the BruxZir line of restoration products (primarily dental crowns and bridges) has been phenomenally popular, generating nearly REDACTED in revenue from July 2009 through September 2012. | Dkt. #90-1 (Shuck Decl., Ex. L, ¶¶ 40-41); Dkt. #90-18 (Exhibit 46 to the Appendix of Evidence). |
| 77.    Glidewell has promoted the product line heavily, investing nearly REDACTED in advertising its products under the BruxZir mark from June 2009 to June 2012. | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 39). |
| 78.    Glidewell applied to register the BruxZir mark on June 7, 2009 for use in connection with dental bridges, dental caps, dental crowns, dental inlays, dental onlays, and dental prostheses. | Dkt. #90-1 (Allred Decl., Ex. L, ¶ 3); Dkt. #90-19 (Exhibits 59-60 to the Appendix of Evidence). |
| 79.    The BruxZir mark was registered on the Principal Register on January 19, 2010, as Reg. No. 3,739,663. | Dkt. #90-1 (Allred Decl., Ex. L, ¶¶ 4-5); Dkt. #90-19 (Exhibits 59-60 to the Appendix of Evidence). |
| 80.    As noted on the registration for the BruxZir mark, the class of goods and | Dkt. #90-1 (Allred Decl., Ex. L, ¶¶ 3-5); Dkt. #90-19 (Exhibit 59 to the Appendix |

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| services is "Dental bridges; Dental caps; Dental crowns; Dental inlays; Dental onlays; Dental prostheses." | of Evidence). |
| 81.    Glidewell also applied to register the BruxZir mark in connection with another class of goods – dental ceramics – on May 27, 2011; Keating filed an opposition to that application on December 7, 2011, and the case is currently suspended in the Trademark Trial and Appeal Board pending the outcome of this action. | Dkt. #90-1 (Allred Decl., Ex. L, ¶¶ 7-8); Dkt. #90-20 (Exhibit 61 to the Appendix of Evidence). |
| 82.    In May 2011, after nearly two years of massive advertising and promotional activity by Glidewell under its BruxZir mark, Keating began to offer competing full contour zirconia dental crowns and bridges under the brand "KDZ Bruxer." | Dkt. #90-1 (Shuck Decl., Ex. G, ¶ 15). |
| 83.    Keating's product competes directly with Glidewell's BruxZir product – the products are offered to the same universe of consumers (dentists) through the same marketing channels (e.g., Internet, direct mail, ads in dental industry journals) and at similar price | Dkt. #90-1 (Shuck Decl., Ex. G, ¶¶ 16, 19-29); Dkt. #90-3, #90-4, #90-5, #90-6, #90-7, #90-8, #90-9, #90-10, #90-11 (Exhibits 8-14, 17-19, 21-22, and 24-25 to the Evidence of Appendix). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| points ($99 v. $139). | |
| 84.     In a sampling of 22 dentists identified by Keating as KDZ Bruxer customers, nine – i.e., 41% – were former Glidewell BruxZir customers. | Dkt. #90-1 (Ramirez Decl., Ex. H, ¶ 9); Dkt. #90-30 (Defendant's Third Amended Initial Disclosures, attached as Exhibit 88 to the Appendix of Evidence). |
| 85.     The PTO issued BruxZir mark, Reg. No. 3,739,663, without requiring any showing of secondary meaning. | Dkt. #90-19 (Ex. 60 to the Appendix of Evidence). |
| 86.     According to Keating, "it adopted and began using" its KDZ Bruxer mark "[i]n approximately April 2011." | Dkt. #57-1 at 13:11-12. |
| 87.     The testimonies of Doctors Belton, Brady, Campbell, Colleran, Jacquinot, Murphy, Myers, Nussear, Richardson, Scott, Stephens, and Sweet are not probative of genericness because *not a single one* of these thirteen doctors testified that they regarded "bruxzir" (or even "bruxer") as being a generic word for zirconia crowns *as of the relevant time period, April 2011.*  Instead, it is evident from their declarations that, to the extent they regarded "bruxzir" (or "bruxer") as generic terms, they did so as of later – often much later – points in | Dkt. #97 (Belton Decl., at ¶¶ 8-9 (Nov. 2011, March 2012, and May 2012)); Dkt. #98 (Brady Decl., at ¶¶ 8-9 (July 2012); Dkt. #99 (Campbell Decl., at ¶¶ 9-10 (October 2011)); Dkt. #100 (Colleran Decl. at ¶¶ 9-10 (August 2012)); Dkt. #101 (Jacquinot Decl.,at ¶¶ 8-9 (October 2011)); Dkt. #102 (Murphy Decl., at ¶¶ 8-9, 11 (Nov. 2011 and May 2012)); Dkt. #103 (Myers Decl., at ¶¶ 7-8 (November 2011)); Dkt. #104 (Nussear Decl., at ¶¶ 8-9, 11 (May 2011)); Dkt. #105 (Richardson Decl., at ¶¶ 9-10 (Nov. 2011 and May 2012)); |

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| time. | Dkt. #106 (Scott Decl., at ¶¶8-9, 11 (August 2012)); Dkt. #107 (Stephens Decl., at ¶¶ 9-10, 12 (October 2011)); Dkt. #108 (Sweet Decl., at ¶¶ 7-8, 10 (August 2012)); Dkt. 109 (Tobin Decl., at ¶¶ 8-9, 11 (October 2012)). |
| 88. None of Keating's thirteen dentists, Doctors Belton, Brady, Campbell, Colleran, Jacquinot, Murphy, Myers, Nussear, Richardson, Scott, Stephens, and Sweet, use the terms "bruxzir crown" or "bruxer crown" in their declarations to describe zirconia crowns, but they instead use "full contour zirconia crown," "monolithic zirconia crown," and/or "all zirconia crown." | Dkt. #97 (Belton Decl., at ¶¶ 6, 7, 9, 12); Dkt. #98 (Brady Decl., at ¶¶ 6, 7, 9, 11, 12); Dkt. #99 (Campbell Decl., at ¶¶ 7, 8, 10, 13); Dkt. #100 (Colleran Decl. at ¶¶ 7, 10, 12, 13); Dkt. #101 (Jacquinot Decl., at ¶¶ 6, 9, 11, 12); Dkt. #102 (Murphy Decl., at ¶¶ 6, 9, 11, 12); Dkt. #103 (Myers Decl., at ¶¶ 6, 8, 10-12); Dkt. #104 (Nussear Decl., at ¶¶ 6, 7, 9, 11); Dkt. #105 (Richardson Decl., at ¶¶ 7, 10, 12); Dkt. #106 (Scott Decl., at ¶¶ 6, 9, 11, 12); Dkt. #107 (Stephens Decl., at ¶¶ 7, 10, 13); Dkt. #108 (Sweet Decl., at ¶¶ 6, 8, 10, 11); Dkt. 109 (Tobin Decl., at ¶¶ 5-7, 9, 11). |
| 89. The majority of the prescription forms attached as composite Exhibit A to Frattura's declaration post-date April 2011. | Dkt. #96 at KDA-004853-61; KDA-004863; KDA-004868; KDA-004870. |
| 90. In the prescription forms attached | Dkt. #96 at KDA-004869. |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| as composite Exhibit A to Frattura's declaration, one is undated. | |
| 91. The prescription forms attached as composite Exhibit A to Frattura's declaration , which date prior to April 2011, show that dentists used terms other than bruxzir or "bruxer" when ordering zirconia crowns. | Dkt. #96 at KDA-004862 (May 2011; "Brux Zirconia"); KDA-004864 (October 2010; "Full Ceram Crown"); KDA-004865 (March 2011; "zinostar"); KDA-004866 (October 2010; "BRUX zirconia"); KDA-004867 (September 2010; "zirconia crown"). |
| 92. That the BruxZir mark is being used in Glidewell's own promotional materials is effective to indicate that there is a single source (Glidewell) of the BruxZir brand products discussed therein, particularly given that the BruxZir mark is presented in these videos in association with the Glidewell Labs name. | Dkt. #90-1 (Shuck Decl., ¶ 27); Dkt. #90-1 (DiTolla Decl., ¶ 4). |
| 93. The BruxZir mark is used in Dr. DiTolla's continuing education lectures in association with the Glidewell Labs name, reinforcing for attendees that the mark is associated with a particular source. | Dkt. #90-1 (DiTolla Decl., ¶ 10); Dkt. #90-1 (Luke Decl., ¶¶ 3, 10)) |
| 94. The BruxZir mark "is like Coca-Cola to dentists as it is a source | Dkt. #90-1 (Goldstein Decl., ¶ 16); Dkt. #90-1(Franklyn Decl., ¶ 57); REDACTED |

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| identifier for products offered by the predominant supplier of solid zirconia crowns and material used to make solid zirconia crowns." | REDACTED |
| 95. Glidewell permits the authorized labs to use the BruxZir mark, and Glidewell controls the nature and quality of authorized labs's BruxZir brand crowns. | Ex. U of the Supplemental Appendix of Evidence (Carden Suppl. Decl., ¶¶ 3-13); Ex. V of the Supplemental Appendix of Evidence (Bartolo Suppl. Decl., ¶¶ 4-21). |
| 96. All or virtually all of the authorized lab web pages submitted by Keating show that the authorized labs use the BruxZir mark in a manner so as to indicate that it is associated with a single source of goods. | Dkt. #93-72 (Eggleston Decl., Ex. 136). |
| 97. Many of the labs, such as OralDesigns, expressly and clearly identify themselves as an "Authorized BruxZir Laboratory," thereby indicating that they have been "authorized" to sell BruxZir products by a single source. | Dkt. #93-72 (Eggleston Decl., Ex. 136, at KDA-003192). |
| 98. Continental Dental Laboratories of California identify Glidewell as the source such as by expressly stating that "BruxZir® is a registered trademark of Glidewell Laboratories." | Dkt. #93-72 (Eggleston Decl., Ex. 136, at KDA-002914). |

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| 99.    Glidewell actively informs dentists of this association by (a) maintaining a public list of authorized labs on its website; (b) sending, on a quarterly basis, an "Rx booklet" to approximately 120,000 dentists across the country, listing all the authorized labs and encouraging the dentists to use them to obtain BruxZir brand products; and (c) doing periodic "E-blasts" and letter campaigns  to "to bring the awareness of the BruxZir brand and its benefits and what makes it better." | Ex. V of the Supplemental Appendix of Evidence (Bartolo Suppl. Decl., ¶ 6). |
| 100.   As for Fusion Dental Lab, the proffered evidence establishes at most that the lab used "Full Solid Bruxer Zirconia" in January 2011, was asked by Glidewell in January 2011 and again in April 2011 to cease such use, and that Fusion Dental Lab thereafter stopped using "Full Solid Bruxer Zirconia." | Dkt. #91-24; Dkt. #91-6 (Jankowski Decl., Ex. 6, Allred Depo. Tr. At 214:3-225:16). |
| 101.   The Frattura declaration describes Showcase Dental as a "direct competitor" of Keating and Glidewell. | Dkt. #96 at 2:26-26. |
| 102.   The Frattura declaration does not | Dkt. #96, ¶¶ 5, 7, 8, 9, 11, 12, 16, 18. |

STATEMENT OF GENUINE DISPUTES RE MSJ RE TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grant Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| say that Showcase needs to use "bruxer" or "bruxzir," and in fact it establishes the opposite by pervasively using "full contour zirconia crown" and "all-zirconia crown," rather than "bruxer crown" or "bruxzir crown," to describe zirconia crown products. | |
| 103.  REDACTED | Dkt. #96, Ex. B at p. 27 of 34 (emphasis added). |
| 104.  Showcase publicly announced its name change: "We have hereby changed the name of our product to reflect the shape and product make-up: 'Full Contour Zirconia.'" | Dkt. #96, Ex. B at 28 of 34. |
| 105.  The necessary factual premise for this – that "bruxzir" is necessarily phonetically equivalent to "bruxer" – is disputed. | Ex. S of the Supplemental Appendix of Evidence (DiTolla Suppl. Decl. ¶¶ 2-3). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

- 124 -

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| 106. By April 2011, Glidewell had already spent approximately <span>REDACTED</span> <span>REDACTED</span> in direct marketing costs for BruxZir brand crowns. | Ex. R of the Supplemental Appendix of Evidence (Shuck Supp. Decl., ¶ 2). |
| 107. By the end of March 2011, Glidewell had already attended in excess of 30 trade shows and conventions around the country, at which it consistently and prominently displayed the BruxZir brand, in association with the Glidewell Labs name, on the booth and signage, and in brochures, takeaways, product displays, and demonstrations. | Dkt. #90-1 (Shuck Decl., ¶ 26); Dkt. #90-1 (Bartolo Decl., ¶ 4); Dkt. #90-1 (Carden Decl., ¶¶ 3-6); |
| 108. In 2009 and 2010, Glidewell posted on its website a series of videos explaining and illustrating the features and benefits of the BruxZir brand products, and also prominently featuring the BruxZir brand in association with the Glidewell Labs name. | Dkt. #90-1 (Shuck Decl., ¶ 27); Dkt. #90-1 (DiTolla Decl., ¶ 4). |
| 109. Through April 2011, the BruxZir brand products had attracted substantial third party recognition in the form of, for example, laudatory articles. | Dkt. #90-1 (Shuck Decl., ¶ 30); Dkt. #90-11, #90-13, #90-14 (Exs. 26, 32, 34, 36). |
| 110. Glidewell's total sales of BruxZir | Dkt. #90-1 (Shuck Decl., ¶ 41). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| brand crowns and bridges were approximately <sup>REDACTED</sup> for July-December of 2009, and in excess of <sub>ACT</sub><sup>RED</sup> REDACTED for 2010. ED | |
| 111.   Total sales of BruxZir brand finished crowns and bridges through April 2011 totaled more than REDACTED REDACTED | Ex. R of the Supplemental Appendix of Evidence (Shuck Supp. Decl., ¶ 3). |
| 112.   During the period from June 2009 to April 2011, Glidewell sold BruxZir brand crown and bridge products to approximately REDACTED customers in total. | Ex. R of the Supplemental Appendix of Evidence (Shuck Supp. Decl., ¶ 6). |
| 113.   A brand recognition study performed by Dentsply – the second largest dental company in the United States – in 2010 indicated that the BruxZir mark had attained a high degree of recognition among dentists and dental labs in the U.S. | Dkt. #90-1 (Shuck Decl., ¶ 11). |
| 114.   Glidewell has enforced its BruxZir mark against companies offering solid zirconia dental restoration products only where we believe that the trademarks are confusingly similar to the BruxZir mark, taking all relevant considerations into account. | Ex. W of the Supplemental Appendix of Evidence (Allred Supp. Decl., ¶ 2). |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| 115.   Glidewell has not pursued enforcement activity against a variety of trademarks used by dental laboratories that contain the word "Brux" in their marks.  Examples include: Brux XXX, Brux-Checker, Dr. Brux, and Brux-eze, which are trademarks for products for patients who suffer from bruxism. | Ex. W of the Supplemental Appendix of Evidence (Allred Supp. Decl., ¶ 3) |
| 116.   Glidewell sent Barth Dental Labs a cease and desist letter concerning the "Z-Brux" brand on September 26, 2012, because it believed that the use of this mark to promote the particular product sold under the mark – a full contour zirconia crown – is likely to cause confusion among customers of Glidewell's BruxZir-brand dental restoration products. | Ex. W of the Supplemental Appendix of Evidence (Allred Supp. Decl., ¶ 4) |
| 117.   "Z-Brux" (Assured Dental Lab), "Brux" (Authentic Dental), "Full Solid Zirconia" (China Dental Outsourcing), "Full Solid Bruxer Zirconia" (Fusion Dental Lab), and "BRUXER All Zirconia Crown" (Pittman Dental) were discontinued after the dental labs that were using or marketing products under | Ex. W of the Supplemental Appendix of Evidence (Allred Supp. Decl., ¶ 5) |

STATEMENT OF GENUINE DISPUTES RE MSJ RE
TRADEMARK REGISTRATION
CASE NO. SACV11-01309 DOC (ANx)

16185398.1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Additional Material Facts ("SAF") | Supporting Evidence |
|---|---|
| those names received cease and desist letters from me, as General Counsel of Glidewell. | |

Dated: November 26, 2012

SNELL & WILMER L.L.P.


By: _____
Philip J. Graves
Greer N. Shaw

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba
Glidewell Laboratories

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2012, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT, AND STATEMENT OF ADDITIONAL MATERIAL FACTS, IN RESPONSE TO DEFENDANT KEATING DENTAL ARTS, INC.'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT CANCELLING GLIDEWELL'S TRADEMARK REGISTRATION** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA  92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel:  (949) 760-0404
Fax: (949) 760-9502

Jeffrey.vanhoosear@kmob.com
David.jankowski@kmob.com
Lynda.zadra-symes@kmob.com
litigation@kmob.com

DatedNovember 26, 2012                    SNELL & WILMER L.L.P.


By: *s/Philip J. Graves*
Philip J. Graves
Greer N. Shaw

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba GLIDEWELL LABORATORIES

16139994.1

Certificate of Service
SACV11-01309-DOC (ANx)

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071