SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, California 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S STATEMENT OF OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF KEATING'S MOTIONS FOR SUMMARY JUDGMENT**<br><br><u>Hearing</u><br><br>Date:   December 17, 2012<br>Time:  8:30 a.m.<br>Ctrm:  9D, Hon. David O. Carter<br><br>Pre-Trial Conf.:   January 28, 2013<br>Jury Trial:          February 26, 2013 |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

1   Plaintiff and counter-defendant James R. Glidewell Dental Ceramics, Inc.,

2   doing business as Glidewell Laboratories ("Glidewell") hereby objects to the

3   following evidence presented by defendant and counter-claimant Keating Dental

4   Arts, Inc. ("Keating") in support of its motions for summary judgment set for

5   hearing on December 17, 2012 before this Court:

6   ## I.  LEGAL DISCUSSION

7   To avoid repetition, in this section we provide legal authorities regarding two

8   objections that apply broadly to Keating's evidence.  In the next section we offer

9   specific objections to each of Keating's declarations and exhibits with shorthand

10  references back to the arguments in this section.

11  **A.    KEATING'S WEBSITE PRINTOUTS ARE INADMISSIBLE**

12  Keating proffered numerous alleged printouts from various webpages in

13  support of its motions, which are attached to the declarations of Dr. David

14  Eggleston, one of Keating's experts, and David Jankowski, Keating's attorney.

15  (*See* Eggleston Decl. ¶¶ 32-92, Exs. 79-137; Jankowski Decl. ¶¶ 35-40, 44, Exs. 35-

16  40, 44).  Keating points to this "evidence" as supporting, among other things, its

17  "incontrovertible facts" nos. 60-62.  (Dkt. #87-1, ¶¶ 60-62)  These alleged

18  webpages are inadmissible for at least four reasons.  First, Eggleston and Jankowski

19  are not the proper witness to authenticate the web pages.  Second, even if they

20  were, they have not laid a foundation of personal knowledge to authenticate the

21  web pages.  Third, even if they had personal knowledge, their testimony fails to

22  establish the exhibits' authenticity.  Finally, the website printouts are hearsay.

23  **1.     Eggleston And Jankowski Cannot Authenticate Third Party**

24  **Websites**

25  Only properly authenticated exhibits are admissible in support of a summary

26  judgment motion.  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002)

27  ("We have repeatedly held that unauthenticated documents cannot be considered in

28  a motion for summary judgment.").  To properly authenticate a printout from a

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

website, a person with first-hand knowledge of the accuracy of the material on the website must testify. *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004); *Internet Specialties W., Inc. v. ISPWest*, 2006 WL 4568796, *1-*2 (C.D. Cal. 2006) ("To be authenticated, someone with knowledge of the accuracy of the contents of the internet print-outs must testify."). The reason for this is that the internet is inherently unreliable: "Anyone can put anything on the internet. No website is monitored for accuracy and nothing contained therein is under oath or even subject to independent verification absent underlying documentation . . . hackers can adulterate the content on any web-site from any location at any time. For these reasons, any evidence procured off the Internet is adequate for almost nothing . . . ." *Wady v. Provident Life and Accident Ins. Co. of America,* 216 F. Supp. 2d. 1060, 1064. (C.D. Cal.2002).

In *Wady*, for example, plaintiff sued to recover insurance benefits, defendant insurer moved for summary judgment, and in plaintiff's opposition, plaintiff relied on alleged printouts from the insurer's website. Plaintiff attached the alleged copies to the declaration of someone unaffiliated with the company, who testified that he obtained the copies from the insurer's website on a certain date. *Id.* at 1064. The court sustained the insurer's objection on the basis of lack of authentication. *Id.* Citing *United States v. Jackson*, 208 F.3d 633, 638 (7th Cir.2000), the court held that, "evidence taken from the Internet lack[s] authentication where the proponent [is] unable to show that the information had been posted by the organizations to which [the declarant] attributed it." *Id.*

The court in *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769 (C.D. Cal. 2004) similarly sustained objections to alleged printouts of a website in the context of a summary judgment motion. There, plaintiffs brought a securities action against, inter alia, the CEO of Homestore.com, Inc. The CEO moved for summary judgment, and plaintiff opposed, relying on certain press releases printed from Homestore.com's website. The court sustained an objection on the basis of

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

lack of authenticity because plaintiffs' attached the printouts to the declaration of someone without personal knowledge of the contents: "Although the documents bear the URL address and date stamp, they are improperly authenticated by Plaintiffs' declaration.  Printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under Fed.R.Evid. 902.  To be authenticated, some statement or affidavit from someone with knowledge is required; for example, Homestore's web master or someone else with personal knowledge would be sufficient.  The Court finds that these exhibits are not properly authenticated and are inadmissible for purposes of summary judgment." *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004); *see* also *Internet Specialties W., Inc. v. ISPWest*, 2006 WL 4568796, *1-*2 (C.D. Cal. 2006) (excluding at trial printouts of a third-party website, and holding that a person cannot authenticate a website printout by visiting the website and printing a copy, but instead the print-outs must be authenticated by "someone with knowledge of the accuracy of the contents of the internet print-outs . . ."); *Costa v. Keppel Singmarine Dockyard PTE, Ltd.*, 2003 WL 24242419 *7 n.74 (C.D. Cal. 2003) (sustaining an objection to printout from Keppel Corporation's website because "[the proponent] [did] not proffer the testimony of a Keppel Corporation representative attesting that the information on the website was placed there by the corporation . . .").

Here, neither Dr. Eggleston nor Jankowski purport to be affiliated with any of the companies whose websites are proffered into evidence.  (*See* Eggleston Decl. ¶¶ 32-92, Exs. 79-137; Jankowski Decl. ¶¶ 35-40, 44, Exs. 35-40, 44). Accordingly, Keating has failed to authenticate the alleged website printouts and they should be excluded – and not considered for summary judgment purposes – for that reason.

16191380.3

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

2.     **Even If Dr. Eggleston And Jankowski Could Authenticate The Alleged Website Printouts, They Have Not Established A Foundation Of Personal Knowledge As To The Contents Of The Website**

Even if Dr. Eggleston and Jankowski could authenticate the alleged website printouts, they have not established a foundation of personal knowledge to do so. Importantly, Dr. Eggleston and Jankowski *do not even claim that they have visited the websites they purport to authenticate*. They offer zero evidence of personal knowledge of the contents of any of the websites. So while they purport to attach "true and accurate" copies of the websites, they have provided no foundation from which they could make that claim.

3.     **Even If Dr. Eggleston And Jankowski Could Authenticate The Alleged Website Printouts And Establish A Foundation For Doing So, They Have Not Properly Authenticated The Alleged Website Printouts**

Dr. Eggleston and Jankowski have not properly authenticated the website printouts because they have not testified as to *when* the alleged printouts of the websites were made. Websites are, by their nature, shifting targets. For that reason, it is standard practice when citing to a website to list the date last accessed. *See* The Bluebook: A Uniform System of Citation (Columbia Law Review Ass'n et al. eds., 19th ed. 2010), Rule 18.2.2 ("When material is otherwise undated, the date that the website was last visited should be placed in a parenthetical after the URL."). And as discussed in Glidewell's brief in support of its motion for partial summary judgment as to Keating's invalidity defense and counterclaims (Dkt. #82-1), as well as in Glidewell's brief in opposition to Keating's motion for summary judgment of cancellation of Glidewell's trademark (filed concurrently herewith), the date of the evidence is particularly important in this case. Since Dr. Eggleston and Jankowski provided no information about when the alleged website printouts were

1    made, the printouts have not been properly authenticated.

2            **4.**      **The Alleged Website Printouts Are Hearsay**

3        Printouts of internet websites are inadmissible to prove the truth of the matter

4    asserted in the website. *United States v. Jackson*, 208 F.3d 633, 637 (7th Cir.)

5    ("The web postings were not statements made by declarants testifying at trial, and

6    they were being offered to prove the truth of the matter asserted. That means they

7    were hearsay."); *Williamson v. Prince George's County, Md.*, 2011 WL 280961 (D.

8    Md. 2011) (sustaining objection to "five printouts of internet webpages" with the

9    "glaring" deficiency that "the internet articles are unauthenticated hearsay. . . . Such

10    articles are analogous to the newspaper articles that courts in this circuit have

11    frequently recognized as hearsay."). In *Jackson*, for example, the defendant tried to

12    submit website postings in which certain groups took credit for the crime defendant

13    was accused of. The court excluded the website postings as hearsay being offered

14    for the truth of the matter asserted.

15        Here, the website printouts Keating proffers are being offered to show the

16    purported truth of the matters contained therein. For example, Keating relies upon

17    them to prove (a) that the use of "brux" and "zir" are "widespread" in the dental

18    industry (Dkt. #87-1 at ¶ 60); (b) that third party dental labs offer "all-zirconia

19    crowns" under various marks (Dkt. #87-1 at ¶ 61); (c) that third party dental labs

20    "promote their all-zirconia crowns for use by bruxers" (Dkt. #87-1 at ¶ 62); and (d)

21    that "Glidewell [Authorized] Labs do not identify Glidewell as a source (Dkt. #87-1

22    at ¶¶ 66-67; Eggleston Decl. Exs. 136, 137; Keating's SOF re: cancellation 65).

23    For this reason, they should be excluded as hearsay.

24    **B.**      **MUCH OF KEATING'S EVIDENCE OF GENERICNESS IS**

25            **OBJECTIONABLE UNDER FED. R. EVID. 401, 402, AND 403**

26        Keating has submitted declarations (by dentists and a laboratory), website

27    printouts, and prescription forms to support its argument that Glidewell's trademark

28    "BruxZir," and the purported phonetic equivalent, "bruxer," are generic terms for

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16191380.3

1    zirconia crowns.  The submitted statements and documents, however, do not

2    support or even relate to a determination of whether Glidewell's mark is generic.

3     "The crucial date for the determination of genericness is the date on which

4    the alleged infringer entered the market with the disputed mark or term." *Yellow*

5    *Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th

6    Cir. 2004); *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 744

7    (2nd. Cir. 1998) (holding that the relevant date for judging genericness is the date

8    upon which Perrier, the competitor, introduced its competing product into the

9    market); *see also* 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair*

10   *Competition* § 12:17.50, p. 12-61 (2012) ("The Second and Ninth Circuits have

11   held that the crucial date for the determination of genericness is the date on which

12   the alleged infringer entered the market with the disputed mark or term.").  Here,

13   the crucial date for a determination of genericness, is April 2011, the date Keating

14   says it began using its KDZ Bruxer mark.  [Dkt #57-1 at 13:11-12; Keating Decl.,

15   ¶ 9 & Ex. F (March 31, 2011 announcement of "new KDZ product family,"

16   including KDZ Bruxer).]

17    As detailed in Glidewell's concurrently filed Memorandum of Points and

18   Authorities In Opposition To Defendant's Motion For Summary Judgment

19   Cancelling Glidewell's Trademark Registration, the declarations, website printouts,

20   and prescription forms submitted by Keating are irrelevant to the issue of whether

21   the terms "Bruxzir" or "bruxer" were generic as of April 2011.  For example, the

22   dentist declarations do not substantiate that the declarants regarded these terms as

23   generic as of April 2011.  (Dkt #97 at ¶¶ 8-9 (Nov. 2011, Mar. 2012, and May

24   2012); Dkt. #98 at ¶¶ 8-9 (July 2012); Dkt. #99 at ¶¶ 9-10 (Oct. 2011); Dkt. #100 at

25   ¶¶ 9-10 (Aug. 2012); Dkt. #101 at ¶¶ 8-9 (Oct. 2011); Dkt. #102 at ¶¶ 8-9, 11 (Nov.

26   2011 and May 2012); Dkt. #103 at ¶¶ 7-8 (Nov. 2011); DKt. #104 at ¶¶ 8-9, 11

27   (May 2011); Dkt. #105 at ¶¶ 9-10 (Nov. 2011 and May 2012); Dkt. #106 at ¶¶8-9,

28   11 (Aug. 2012); Dkt. #107 at ¶¶ 9-10, 12 (Oct. 2011); Dkt. #108 at ¶¶ 7-8, 10 (Aug.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

2012); Dkt. #109 at ¶¶ 8-9, 11 (Oct. 2012)).  Similarly, many of the prescription forms either post-date April 2011 or are undated, and therefore irrelevant to establishing genericness.  (Dkt. #96 at KDA-004853-61; KDA-004863; KDA-004868; KDA-004870; Dkt. #96 at KDA-004869).  Likewise, many of the third-party webpages either post-date April of 2011 or are undated.  (Dkt. #91-31 (Advanced Dental Lab (BruxZir), March 2012); Dkt. #91-29 (China Dental Outsourcing (Bruxer All Zirconia), May 2011); Dkt. #91-39 (China Dental Outsourcing (All Zirconia for Bruxers), September 2012); Dkt. #93-55 (Cosmetic Dentistry of SA (Bruxer Crown), September 2012); Dkt. #93-44 (Infinity Dental Lab (Bruxer Crowns), September 2012); Dkt. #91-32 (Old Dominion Milling Corp. (Bruxzer), August 2012); Dkt. #91-30 & 91-38 (Showcase Dental Lab (Zir-Bruxer), January 2012); Dkt. #93-47 (York Dental Lab (Bruxer), August 2012); Dkt. #91-43 (Dani Dental (Full Zirconia (Bruxer)), undated ); Dkt. #93-56 (Pittman Dental (Bruxer Crown), undated); Dkt #91-42 (Trachsel Dental (All Zirconia Bruxer), undated).

Federal Rules of Evidence 401 and 402 forbid the introduction of evidence which is not relevant.  Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed.R.Evid. 402.  Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue waste of time, or needless presentation of cumulative evidence.  Fed.R.Evid. 403.

Much of the evidence, as more particularly identified below, submitted by Keating on the issue of genericness does not relate to the relevant time period (pre-April 2011) and is therefore irrelevant.  It should be excluded under Rules 401 and 402.  Admitting the evidence despite its lack of relevance would pose a high danger that the fact finder would be confused and misled into determining genericness as

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16191380.3

of an incorrect time period.  Glidewell, of course, would be highly prejudiced by irrelevant evidence that confuses and misleads the factfinder.  For these additional reasons, the evidence should be excluded under Rule 403.

## II.     OBJECTIONS

### A.     Declaration of David Jankowski

| Exhibit | Objection |
|---|---|
| 4 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on. |
| 5 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on. |
| 6 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on. |
| 15 | FRE 901.  This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. |
| 16 | FRE 901.  This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. |
| 17 | FRE 901.  This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
| 35 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements.<br><br>This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), *supra*).<br><br>This exhibit lacks authenticity because Jankowski does not testify that he has personal knowledge of the contents of the alleged website.  (*See* section I(A), *supra*). |
| 36 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements.<br><br>This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), *supra*).<br><br>This exhibit lacks authenticity because Jankowski does not testify that he has personal knowledge of the contents of the alleged website.  (*See* section I(A), *supra*). |
| 37 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), *supra*). |

16191380.3

| Exhibit | Objection |
|---|---|
|  | This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), *supra*).  This exhibit lacks authenticity because Jankowski does not testify that he has personal knowledge of the contents of the alleged website.  (*See* section I(A), *supra*). |
| 38 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), *supra*).  This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), *supra*).  This exhibit lacks authenticity because Jankowski does not testify that he has personal knowledge of the contents of the alleged website.  (*See* section I(A), *supra*). |
| 39 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), *supra*).  This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), *supra*).  This exhibit lacks authenticity because Jankowski does not testify that he has personal knowledge of the contents of the alleged website.  (*See* section I(A), *supra*). |
| 40 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), |

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16191380.3

| Exhibit | Objection |
|---------|-----------|
|  | *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements. This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), *supra*). This exhibit lacks authenticity because Jankowski does not testify that he has personal knowledge of the contents of the alleged website.  (*See* section I(A), *supra*). |
| 41 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements. This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), *supra*). This exhibit lacks authenticity because Jankowski does not testify that he has personal knowledge of the contents of the alleged website.  (*See* section I(A), *supra*). |
| 42 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), *supra*). This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), *supra*). This exhibit lacks authenticity because Jankowski does not testify that he |

16191380.3

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---------|-----------|
| | has personal knowledge of the contents of the alleged forms.  (*See* section I(A), *supra*). |
| 43 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), *supra*). <br><br>This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), *supra*). <br><br>This exhibit lacks authenticity because Jankowski does not testify that he has personal knowledge of the contents of the alleged forms.  (*See* section I(A), *supra*). |
| 44 | FRE 401, 402, 403, 901.  This document is offered by Keating to show what a trademark attorney at the PTO would have found if the attorney had done a google search (SOF 88-92), but there is no evidence that a search performed at the time of the trademark registration application in 2009 would have yielded the same or similar results to this exhibit, which is dated October 14, 2012. <br><br>This exhibit lacks authenticity because Jankowski does not testify that he has personal knowledge of the contents of the alleged website.  (*See* section I(A), *supra*). |
| 46 | FRE 801, 802, 901.  This exhibit is hearsay as it is an out of court statement by Keating offered for the truth of the matter asserted. <br><br>This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. |
| 47 | FRE 801, 802, 901.  This exhibit is hearsay as it is an out of court statement by Keating offered for the truth of the matter asserted. |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
|  | This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. |
| 48 | FRE 801, 802, 901.  This exhibit is hearsay as it is an out of court statement by Keating offered for the truth of the matter asserted.  This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. |
| 49 | FRE 801, 802, 901.  This exhibit is hearsay as it is an out of court statement by Keating offered for the truth of the matter asserted.  This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. |

**B.     Declaration of Dr. David W. Eggleston**

| Exhibit | Objection |
|---------|-----------|
| 66 | FRE 801, 802.  The attached expert report is not signed under penalty of perjury.  Accordingly, it is inadmissible hearsay.  *Harris v. Extendicare Homes, Inc.*, 829 F. Supp. 2d 1023, 1027 (W.D. Wash. 2011) ("[C]ourts in this circuit have routinely held that . . . unsworn expert reports are not admissible to support or oppose summary judgment."); *King Tuna, Inc. v. Anova Food, Inc.*, 2009 WL 650732 (C.D. Cal. 2009) ("It is well-settled that under Fed.R.Civ.P. 56(e), unsworn expert reports are not admissible to support or oppose summary judgment."). |
| 67 | FRE 801, 802.  The attached expert report is not signed under penalty of perjury.  Accordingly, it is inadmissible hearsay.  *Harris v. Extendicare Homes, Inc.*, 829 F. Supp. 2d 1023, 1027 (W.D. Wash. 2011) ("[C]ourts in this circuit have routinely held that . . . unsworn expert reports are not admissible to support or oppose summary judgment."); *King Tuna, Inc. v.* |

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

| Exhibit | Objection |
|---------|-----------|
| | *Anova Food, Inc.*, 2009 WL 650732 (C.D. Cal. 2009) ("It is well-settled that under Fed.R.Civ.P. 56(e), unsworn expert reports are not admissible to support or oppose summary judgment."). |
| 79 | FRE 901.  Dr. Eggleston does not testify that he has personal knowledge of the contents of Glidewell's advertisements.  (*See* section I(A) (foundation), *supra*). |
| 80 | FRE 901.  Dr. Eggleston does not testify that he has personal knowledge of the contents of Glidewell's website.  (*See* section I(A) (foundation), *supra*). |
| 81 | FRE 901.  Dr. Eggleston does not testify that he has personal knowledge of the contents of Glidewell's website.  (*See* section I(A) (foundation), *supra*). |
| 82 | FRE 901.  Dr. Eggleston does not testify that he has personal knowledge of the contents of Glidewell's website.  (*See* section I(A) (foundation), *supra*). |
| 83 | FRE 901.  Dr. Eggleston does not testify that he has personal knowledge of the contents of Glidewell's website.  (*See* section I(A) (foundation), *supra*). |
| 84 | FRE 901.  Dr. Eggleston does not testify that he has personal knowledge of the contents of Glidewell's website.  (*See* section I(A) (foundation), *supra*). |
| 85 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements. |

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
| | This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 86 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements.<br><br>This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 87 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements.<br><br>This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that |

Snell & Wilmer

——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
|  | he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 88 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements. <br><br> This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 89 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements. <br><br> This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 90 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April |

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
| | 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements. |
| | This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*). |
| | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 91 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements. |
| | This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*). |
| | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 92 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements. |
| | This exhibit is hearsay because, to the extent Keating relies on it, it is an |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---|---|
| | out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 93 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). <br><br> This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 94 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). <br><br> This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 95 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) |

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
|  | (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements. |
|  | This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*). |
|  | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 96 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). |
|  | This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*). |
|  | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 97 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements. |
|  | This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*). |
|  | This exhibit lacks authenticity, because Dr. Eggleston does not testify that |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
| | he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 98 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements.<br>This exhibit is hearsay because, to the extent Keating relies on it, it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*).<br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 99 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).<br>This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*).<br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 100 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). |

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
| | This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*).  This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 101 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*).  This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 102 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*).  This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 103 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
|  | (relevance), *supra*).<br><br>This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 104 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).<br><br>This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 105 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).<br><br>This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 106 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April |

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

| Exhibit | Objection |
|---------|-----------|
| | 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). <br><br> This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 107 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements. <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 108 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 109 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
| | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 110 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 111 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 112 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 113 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April |

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
| | 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 114 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 115 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements.<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 116 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements.<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---|---|
|  | he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 117 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  <br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 118 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  Further, Keating does not cite this exhibit in its motions or separate statements.  <br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 119 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  <br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 120 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April |

| Exhibit | Objection |
|---|---|
| | 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 121 | FRE 401, 402, 403, 901.  This documents has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 122 | FRE 401, 402, 403, 901.  This documents has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 123 | FRE 401, 402, 403, 901.  This documents has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
| 124 | FRE 401, 402, 403, 901.  This documents has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 125 | FRE 401, 402, 403, 901.  This documents has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 126 | FRE 401, 402, 403, 901.  This documents has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 127 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that |

16191380.3

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---------|-----------|
| | he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 128 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).<br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 129 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).<br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 130 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).<br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), *supra*). |
| 131 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
| | (relevance), *supra*). |
| | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website. (*See* section I(A) (foundation), *supra*). |
| 132 | FRE 401, 402, 403, 901. This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), *supra*). |
| | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website. (*See* section I(A) (foundation), *supra*). |
| 133 | FRE 401, 402, 403, 901. This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), *supra*). |
| | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website. (*See* section I(A) (foundation), *supra*). |
| 134 | FRE 401, 402, 403, 901. This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), *supra*). |
| | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website. (*See* section I(A) (foundation), *supra*). |
| 135 | FRE 401, 402, 403, 901. This document has no tendency to show how |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---------|-----------|
|  | the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website. (*See* section I(A) (foundation), *supra*). |
| 136 | FRE 401, 402, 403, 802, 901. This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), *supra*). <br><br> This exhibit is hearsay because it is an out of court statements offered for the truth of the matter asserted. (*See* section I(A) (foundation), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website. (*See* section I(A) (foundation), *supra*). |
| 137 | FRE 401, 402, 403, 802, 901. This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), *supra*). <br><br> This exhibit is hearsay because it is an out of court statements offered for the truth of the matter asserted. (*See* section I(A) (foundation), *supra*). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website. (*See* section I(A) (foundation), *supra*). |

16191380.3

## C.     Declaration of Rustin K. Magnum

| Exhibit | Objection |
|---------|-----------|
| 50 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on. |
| 51 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on. |
| 52 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on. |
| 53 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on. |
| 54 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on. |
| 55 | FRE 901.  This exhibit has not been authenticated by any declaration, nor |

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | Objection |
|---------|-----------|
|  | does the deposition testimony cited by Keating authenticate the exhibit. (*See* SOF 57, Doc No. 88-1). |
| 56 | FRE 901.  This exhibit has not been authenticated by any declaration, nor does the deposition testimony cited by Keating authenticate the exhibit. (*See* SOF 57, Doc No. 88-1). |
| 57 | FRE 901.  This exhibit has not been authenticated by any declaration, nor does the deposition testimony cited by Keating authenticate the exhibit. (*See* SOF 57, Doc No. 88-1). |
| 58 | FRE 901.  This exhibit has not been authenticated by any declaration, nor does the deposition testimony cited by Keating authenticate the exhibit. (*See* SOF 57, Doc No. 88-1). |
| 59 | FRE 401, 402, 403, 802, 901.  This exhibit is irrelevant and unduly prejudicial.  It has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), *supra*).<br><br>This exhibit is hearsay because it is a compilation of out of court statements offered for the truth of the matter asserted.  (*See* section I(A), *supra*).<br><br>This exhibit lacks authenticity because Mangum does not testify that he has personal knowledge of the contents of alleged documents.  (*See* section I(A), *supra*). |
| 60 | FRE 401, 402, 403, 802, 901.  This exhibit is irrelevant and unduly prejudicial.  It has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), *supra*).<br><br>This exhibit is hearsay because it is a compilation of out of court |

16191380.3

| Exhibit | Objection |
|---------|-----------|
|  | statements offered for the truth of the matter asserted.  (*See* section I(A), *supra*). |
|  | This exhibit lacks authenticity because Mangum does not testify that he has personal knowledge of the contents of alleged documents.  (*See* section I(A), *supra*). |
| 61 | FRE 401, 402, 403, 802, 901.  This exhibit is irrelevant and unduly prejudicial.  It has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), *supra*).<br><br>This exhibit is hearsay because it is a compilation of out of court statements offered for the truth of the matter asserted.  (*See* section I(A), *supra*).<br><br>This exhibit lacks authenticity because Mangum does not testify that he has personal knowledge of the contents of alleged documents.  (*See* section I(A), *supra*). |
| 62 | FRE 401, 402, 403, 802, 901.  This exhibit is irrelevant and unduly prejudicial.  It has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), *supra*).<br><br>This exhibit is hearsay because it is a compilation of out of court statements offered for the truth of the matter asserted.  (*See* section I(A), *supra*).<br><br>This exhibit lacks authenticity because Mangum does not testify that he has personal knowledge of the contents of alleged documents.  (*See* section I(A), *supra*). |
| 63 | FRE 901.  This exhibit has not been authenticated by any declaration, nor |

16191380.3

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

| Exhibit | Objection |
|---------|-----------|
|  | does the deposition testimony cited by Keating authenticate the exhibit. (*See* SOF 57, Doc No. 88-1). |
| 64 | FRE 901.  This exhibit has not been authenticated by any declaration, nor does the deposition testimony cited by Keating authenticate the exhibit. (*See* SOF 57, Doc No. 88-1). |

**D.     Declaration of Jeffrey Van Hoosear**

| Exhibit | Objection |
|---------|-----------|
| V-4 | FRE 401, 402.  This document is offered to show that "bruxer" and "BruxZir" are pronounced the same (SOF 48), but in Exhibit V-4 Dr. DiTolla never pronounces the word "bruxer," and thus the video is irrelevant for purposes of comparison. |

**E.     Declaration of Lori Boatright**

| Exhibit | Objection |
|---------|-----------|
| A | FRE 801, 802.  The attached expert report is not signed under penalty of perjury.  Accordingly, it is inadmissible hearsay.  *Harris v. Extendicare Homes, Inc.*, 829 F. Supp. 2d 1023, 1027 (W.D. Wash. 2011) ("[C]ourts in this circuit have routinely held that . . . unsworn expert reports are not admissible to support or oppose summary judgment."); *King Tuna, Inc. v. Anova Food, Inc.*, 2009 WL 650732 (C.D. Cal. 2009) ("It is well-settled that under Fed.R.Civ.P. 56(e), unsworn expert reports are not admissible to support or oppose summary judgment."). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

F.     Objections to Declaration of Carol Frattura

| Paragraph | Objection |
|---|---|
| 8 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when she regarded "bruxzir," "bruxer," or "bruxir" as meaning an "all-zirconia crown," and at most indicates a time reference as of the date of the prescription forms attached to her declaration as Exhibit A, which either post-date April 2011 (KDA-004853-61, KDA 004863, KDA-004868, and KDA-004870), are undated (KDA-004869), or show that dentists use terms other than "bruxzir" or "bruxer" (KDA-004862 (May 2011)("Brux Zirconia"), KDA-004864 (October 2010) ("Full Ceram Crown"), KDA-004865 (March 2011) ("zinostar"), KDA-004866 (October 2010) ("BRUX zirconia"), KDA-004867 (September 2010) ("zirconia crown").  Further, the witness's statement of what dentists could have been referring to when using the term "bruxer" is speculative. |
| 18 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to the time period following January 2012.  (*See* section I(B) (relevance), *supra*).  The witness is also speculating as what others dentists mean when using the terms "bruxzir crown" and "bruxer crown." |
| **Exhibit** | |
| Portions of Ex. A: | FRE 401, 402, 403, 802.  The attached documents do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| KDA-004853-61, KDA 004863, KDA-004868, KDA-004869, and KDA-004870, | the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The prescription forms in Exhibit A either post-date April 2011 (KDA-004853-61, KDA 004863, KDA-004868, and KDA-004870), or are undated (KDA-004869).<br><br>The attached documents are also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

## G.    Declaration of Dr. William Belton

| Paragraph | Objection |
|---|---|
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "BruxZir" as meaning an "all zirconia crown, commonly used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated November 2011, March 2012, and May 2012. |
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in November 2011, March 2012, and May 2012.  (*See* section I(B) (relevance), *supra*). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

| Exhibit | |
|---|---|
| A | FRE 401, 402, 403, 802.  The attached documents do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "BruxZir" as meaning an "all zirconia crown, commonly used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated November 2011, March 2012, and May 2012. <br><br> The attached documents are also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

## H.    Declaration of Dr. Raymond Brady

| Paragraph | Objection |
|---|---|
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "Bruxir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated July 2012. |
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in July 2012.  (*See* section I(B) |

16191380.3

Snell & Wilmer<br>L.L.P.<br>LAW OFFICES<br>350 South Grand Avenue, Suite 2600, Two California Plaza<br>Los Angeles, California 90071<br>(213) 929-2500

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| | (relevance), *supra*). |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "Bruxir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated July 2012. The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

## I.    Declaration of Dr. Jonathan Campbell

| Paragraph | Objection |
|---|---|
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated October 2011. |
| 11 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in October 2011.  (*See* section I(B) |

16191380.3

| | |
|---|---|
| | (relevance), *supra*). |
| 12 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he began using the term "bruxzir" to "specify the type of crown [he] wanted for a patient and to distinguish from other types of crowns such as PFMs and full cast gold crowns." |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated October 2011. |
| | The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

## J.    Declaration of Dr. Michael Colleran

| Paragraph | Objection |
|---|---|
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxzir" as meaning a "full contour |

GLIDEWELL'S EVIDENTIARY OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16191380.3

| | | |
|---|---|---|
| | | zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated August 2012. |
| | 11 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in August 2012.  (*See* section I(B) (relevance), *supra*). |
| | 12 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when "he has seen the term 'bruxzir' with various spellings," how he knows the use of the term "bruxir" was used "to refer to an all zirconia crown," or how he knows "they are all pronounced the same." |
| | **Exhibit** | |
| | A | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated August 2012. The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

**K.     Declaration of Dr. Joseph Jacquinot**

| Paragraph | Objection |
|---|---|
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "brux-zir" as meaning an "all zirconia crown which is often used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated October 2011. |
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in October 2011.  (*See* section I(B) (relevance), *supra*). |
| 11 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he began to use "'brux-zir' to specify [an all zirconia crown]" or when or how he has "heard and pronounced 'bruxzir' the same way as 'bruxer.'" |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached documents do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails |

16191380.3

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| | to specify when he regarded "brux-zir" as meaning an "all zirconia crown which is often used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated October 2011.<br><br>The attached documents are also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

## L.    Declaration of Dr. Dennis Murphy

| Paragraph | Objection |
|---|---|
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxzir" and "bruxir" as meaning an "all zirconia crown which is often used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated November 2011 and May 2012. |
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in November 2011 and May 2012. (*See* section I(B) (relevance), *supra*). |
| 11 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| | to specify when he has seen "advertisements for all zirconia crowns that use the term "bruxzir," or a similar spelling, to identify [an all zirconia] crown."  At most, the witness refers to his understanding as of November 2011 and May 2012 "when [he] submitted the orders attached in Exhibit A." |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached documents do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxzir" and "bruxir" as meaning an "all zirconia crown which is often used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated November 2011 and May 2012.<br><br>The attached documents are also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

**M.    Declaration of Dr. Terry Myers**

| Paragraph | Objection |
|---|---|
| 8 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as |

16191380.3

| | | |
|---|---|---|
| | | Exhibit B, dated November 2011. |
| | 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in November 2011.  (*See* section I(B) (relevance), *supra*). |
| | 10 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he has seen advertisements for a "bruxzir" crown or which dental laboratories were providing these advertisements.  The witness also fails to identify when he understood the term "bruxzir" crown to mean "a full contour zirconia crown." |
| **Exhibit** | | |
| | B | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit B, dated November 2011.<br><br>The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16191380.3

**N.      Declaration of Dr. Thomas Nussear**

| Paragraph | Objection |
|---|---|
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated May 2011. |
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in May 2011.  (*See* section I(B) (relevance), *supra*). |
| 11 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he "came to understand the terms 'bruxzir' and 'bruxer' to by synonymous" or that "each is pronounced the same" or that "both terms are commonly used to refer to all zirconia crowns which are commonly used for bruxers." |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining |

GLIDEWELL'S EVIDENTIARY OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16191380.3

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated May 2011.

The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002).

## O.    Declaration of Dr. Stan Richardson

| Paragraph | Objection |
|-----------|-----------|
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxzir" and "bruxzer" as meaning an "all zirconia crown which is commonly used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated November 2011 and May 2012. |
| 11 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in November 2011 and May 2012.  (*See* section I(B) (relevance), *supra*). |
| 12 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining |

16191380.3

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| | genericness, but again refer to conduct in November 2011 and May 2012.  (*See* section I(B) (relevance), *supra*). |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached documents do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxzir" and "bruxzer" as meaning an "all zirconia crown which is commonly used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated November 2011 and May 2012.<br><br>The attached documents are also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

**P.     Declaration of Dr. Richard Scott**

| Paragraph | Objection |
|---|---|
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated August 2012. |
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by |

16191380.3

| | | |
|---|---|---|
| | | the public as of April 2011, the critical date for determining genericness, but refer to conduct in August 2012.  (*See* section I(B) (relevance), *supra*). |
| | 11 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he came to the understanding that "bruxer" crown, "bruxzir" crown, and "bruxir" crown all carry the same meaning and that they are pronounced the same. |
| **Exhibit** | | |
| | A | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "bruxir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated August 2012. <br><br> The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

## Q.    Declaration of Dr. Scott Stephens

| Paragraph | Objection |
|---|---|
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining |

16191380.3

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| | genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "brux-zir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated October 2011. |
| 11 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in October 2011.  (*See* section I(B) (relevance), *supra*). |
| 12 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he understood "bruxzir" as a reference to a crown used for bruxism patients made of zirconia.  The witness also does not indicate when or how he knows that when he hears the term "bruxzir" pronounced, it is the same as "bruxer." |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "brux-zir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated October 2011. |

16191380.3

| | The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |
|---|---|

### R.    Declaration of Dr. Daniel Sweet

| Paragraph | Objection |
|---|---|
| 8 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "Brux-Zir" as meaning a "full contour zirconia crown which is often used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated August 2012. |
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in August 2012.  (*See* section I(B) (relevance), *supra*). |
| 10 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he has seen advertising using the term "bruxzir" or from which companies he has seen these advertisements," or how he knows these advertisements are referring "generally to a full contour zirconia crown."  The witness also does not specify when he came to the conclusion that "bruxzir" is the name "used to describe a full |

Snell & Wilmer

LLP

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| | contour zirconia crown." |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached documents do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "Brux-Zir" as meaning a "full contour zirconia crown which is often used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated August 2012. The attached documents are also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

**S.    Declaration of Dr. Gary P. Tobin**

| Paragraph | Objection |
|---|---|
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "Bruxzir" as meaning an "all zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated August 2012. |
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in August 2012.  (*See* section I(B) |

16191380.3

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | | |
|---|---|---|
| | | (relevance), *supra*). |
| 11 | | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he has seen the term "bruxzir" being used by dental labs, or which labs are using the term, or how he knows the advertisements are using the term to refer to "all zirconia restorations for bruxers." |
| **Exhibit** | | |
| A | | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), *supra*).  The witness fails to specify when he regarded "Bruxzir" as meaning an "all zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated August 2012.

The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

Dated: November 26, 2012

SNELL & WILMER L.L.P.

By: *s/Philip J. Graves*

Philip J. Graves
Greer N. Shaw

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba
Glidewell Laboratories

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16191380.3

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2012, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S STATEMENT OF OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF KEATING'S MOTIONS FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA 92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel: (949) 760-0404
Fax: (949) 760-9502

Jeffrey.vanhoosear@kmob.com
David.jankowski@kmob.com
Lynda.zadra-symes@kmob.com
litigation@kmob.com

Dated: November 26, 2012

SNELL & WILMER L.L.P.

By: *s/Philip J. Graves*
    Philip J. Graves
    Greer N. Shaw

    Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
    dba GLIDEWELL LABORATORIES

16191380.3

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071