Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.Jankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, | Civil Action No. SACV11-01309-DOC(ANx) |
| Plaintiff, | **KEATING'S OBJECTIONS TO DECLARATION AND EXPERT REPORTS OF DAVID FRANKLYN SUBMITTED IN SUPPORT OF GLIDEWELL'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| KEATING DENTAL ARTS, INC. | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS. | Honorable David O. Carter |

# I. __INTRODUCTION__

Defendant Keating Dental Arts, Inc. ("Keating") hereby objects to the (1) Rebuttal Report from David Franklyn, a professor of law, in Response to Defendant's Rebuttal Expert, Lori Boatright (a Trademark practitioner) ("Franklyn's Rebuttal to Boatright"); and (2) Rebuttal Report of David Franklyn in response to Defendant's Dental Industry Expert Dr. David Eggleston ("Franklyn's Rebuttal to Eggleston") (collectively, the "Franklyn Rebuttal Reports"); and (3) the Declaration of David Franklyn in Support of James R. Glidewell Dental Ceramics, Inc.'s Motions for Summary Judgment ("Franklyn Declaration") (Docket No. 90, Ex. N.)  The Franklyn Rebuttal Reports and the Franklyn Declaration are inadmissible in full and part, and Keating requests that they not be considered as part of the record in deciding Glidewell's motions for partial summary judgment.

On the discovery cut-off date, October 29, 2012, shortly before Midnight, Plaintiff Glidewell Dental Ceramics, Inc. ("Glidewell") served the Franklyn Rebuttal Reports on Keating's counsel.  The date for exchange of expert rebuttal reports, as stated in the Rule 26(f) Joint Report filed with the Court (Docket No. 11), was October 15, 2012-- so the Franklyn Rebuttal Reports were two weeks late. The Franklyn Rebuttal to Boatright was also an improper "rebuttal to a rebuttal report."   In addition, on November 9, 2012, the court denied Glidewell's *Ex Parte* Application to Amend Scheduling Order and did not extend the discovery or expert disclosure deadlines.  (Docket No. 74.)

Nevertheless, in its Summary Judgment motions filed on November 19, 2012, Glidewell improperly relies on the Franklyn Declaration which, in turn, relies on the content of Franklyn's late Rebuttal Reports.[1] The Franklyn Declaration and the Franklyn Rebuttal Reports introduce 10 previously

---

[1] Glidewell did not submit the late rebuttal reports with the Franklyn declaration.

undisclosed dentist witnesses and new evidence. Glidewell did not disclose any of these witnesses or evidence during the discovery period.  Nor did Professor Franklyn disclose any of the witnesses or evidence in his initial expert report served September 15, 2012, or in his deposition on October 12, 2012.

In his Rebuttal Reports and Declaration, Professor Franklyn claims to have interviewed ten dentists regarding their perception of the mark BruxZir. Yet, during his deposition, Professor Franklyn testified repeatedly that he had never spoken to a dentist for this case.  By way of example, he testified:

> A:  We've already established, Ms. Symes[sic], that I have not spoken to any dentists about anything other than my own teeth and my own bruxer crown."

Second Declaration of David Jankowski ("2nd Jankowski"), Ex. 153 (Franklyn Dep. Tr.) at 133:6-8.

Thus, Mr. Franklyn's testimony is entirely improper and should be excluded.  Not only is it introduced as "surprise" evidence, well beyond the deadlines set by the Court, it is directly contrary to Mr. Franklyn's prior testimony.  The evidence and witness testimony included and relied upon in the Franklyn Rebuttal Reports and Franklyn Declaration are inadmissible and should be excluded.

Keating requests that the court (1) exclude the untimely Franklyn Rebuttal Reports from the record in their entirety and (2) exclude from the record the objected portions of the Franklyn Declaration.

## II.  THE FRANKLYN REBUTTAL REPORTS WERE UNTIMELY SUBMITTED AND GLIDEWELL HAS NOT SHOWN THAT THE UNTIMELY SUBMISSION WAS SUBSTANTIALLY JUSTIFIED OR HARMLESS

Admitting evidence past the discovery dates is a disfavored practice, and

the burden rests entirely on Glidewell to establish that it was substantially justified in failing to timely serve the Franklyn Rebuttal Reports or that the failure to timely serve was harmless. See *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (holding that proponent could not establish that the failure to produce expert reports in a timely manner was **not harmless** where deadlines for disclosing experts and conducting expert discovery had passed, and the court would have had to reopen discovery and extend the period for submitting rebuttal reports); see also *Jarritos, Inc. v. Reyes*, 345 Fed. Appx. 215, 217 (9th Cir. 2009) (holding that the district court properly excluded expert witness reports that were produced after the discovery deadline, even though the reports were central to the party's case and its exclusion was highly prejudicial to proponent).

Glidewell has not offered any justification for its failure to timely provide the Franklyn Rebuttal Reports. Glidewell never brought to Keating's attention that it intended to serve such rebuttal reports, nor provided any extenuating circumstances justifying a need to delay the filing of the Franklyn Rebuttal Reports. The only explanation given by Glidewell in its *Ex Parte* Application (which the court denied) was that Glidewell's prior counsel had not been diligent. (Docket No. 69, page 1.) Lack of diligence is not a justifiable excuse for ignoring the court's schedule. *Wong*, 410 F.3d at 1062. Furthermore, given that the Franklyn Rebuttal Reports were submitted so long after the cut-off date and after Professor Franklyn was deposed, the prejudice to Keating increases significantly. In light of this increased prejudice, the burden on Glidewell of showing a "substantial justification" should also be increased. Glidewell's argument that its prior counsel "failed" or was not diligent, will be insufficient to meet this burden. *See Harris v. United States*, 132 Fed. Appx. 183 (9th Cir. 2005).

-3-

In addition, the Franklyn Rebuttal to Boatright was served in response to the Defendant's Expert Lori Boatright's Rebuttal Report to the Report of David J. Franklyn ("Def.'s Rebuttal to Franklyn").  Ms. Boatright's Rebuttal Report was timely submitted on October 15, 2012.  Glidewell's untimely Franklyn's Rebuttal to Boatright, is actually a sur-rebuttal.  This sur-rebuttal is not only untimely, but also procedurally disfavored where Ms. Boatright's Rebuttal does not introduce new evidence for Franklyn to respond to.  *See United States v. McCollum*, 732 F.2d 1419 (9th Cir. 1984) (overruled on another point of law); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1088, 1096 (S.D. Cal. 1990).

It is well established that serving expert reports after the case cut-off dates is considered **not harmless**. In order for Glidewell's untimely reports to be admitted, the court would have to reopen discovery and extend expert disclosure deadlines. The court expressly denied Glidewell's request for such extensions. *See Wong*, 410 F.3d at 1062.

Accordingly, the Franklyn Rebuttal Reports should be excluded from evidence and the Franklyn Declaration, to the extent it is relying on the content of those reports, should also be excluded.

### III.  DAVID J. FRANKLYN'S TESTIMONY IS IMPROPER BECAUSE (1) IT OFFERS IMPROPER LEGAL OPINION; (2) FRANKLYN IS NOT A QUALIFIED TRADEMARK PRACTITIONER OR DENTAL EXPERT; AND (3) HE RELIES ON IMPROPER METHODOLOGIES AND ANALYSIS

A trademark lawyer is admissible as an expert only to discuss questions of fact, such as the practical issues regarding trademark prosecution. Experts may not offer legal opinions or arguments. *United States v. Brodie*, 858 F.2d 492, 497 (9th Cir. 1988).  However, Glidewell's law professor expert, Professor

Franklyn David J. Franklyn, proposes to do just that.

Franklyn is not a trademark practitioner. (Second Jankowski Decl., Ex. 153 (Franklyn Dep. Tr.) 44:3-5.) Franklyn admitted that he doesn't file trademarks, although he "may have filed a trademark application" in one case. (*Id.* at 43:14-17). He has never litigated or prosecuted a trademark. (*Id.* at 43:10-11, 12:18-13:4). When asked whether he routinely conducts trademark searches Franklyn evaded a direct answer, finally stating "I said that they are routinely conducted. I didn't say they are conducted by me." (*Id.* at 55:16, 21-22). He ultimately admits that he does not conduct trademark searches regularly. (*Id.* at 56:1-22; 57:1.)  Professor Franklyn's experience in the trademark field is limited to academia and consulting work. (*Id.* at 13:1-8; 14-23:20; 25:1-5.)

Under Rule 702, only qualified experts may admit testimony to assist the trier of fact. Fed. R. Evid. 702.  Given Franklyn's insufficient experience as a trademark practitioner, he is not a relevant qualified expert, and his testimony should be excluded in its entirety. *See Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 01 C 0905, 2001 U.S. Dist. LEXIS 13919 at *17-20 (N.D. Ill. 2001) (court disqualified trademark "expert" finding that practical experience such as drafting an application, and defending or prosecuting a trademark are relevant experiences- teaching, academia, and being well read in the field are insufficient).

Furthermore, pursuant to Rule 702, qualified experts may not offer legal opinions. "Resolving doubtful questions of law is the distinct and exclusive province of the trial judge." *Brodie*, 858 F.2d at 497 (affirming court's exclusion of expert testimony regarding the law of trusts), overruled on other grounds; *United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997). As a result, legal opinion evidence falls outside the parameters of permissible expert testimony. *See Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d

1037, 1042 (D. Ariz. 2005).  Similarly, experts may not testify as to any legal conclusions drawn from applying law to facts. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).

Relying on these black-letter principles, courts in this Circuit have rejected attempts to offer "experts" in the related field of copyright law. *See Ticketmaster Corp. v. Tickets.com, Inc.*, No. CV 99-07654 HLH (VBKx), 2003 WL 25781901, at *1 (C.D. Cal. Feb. 10, 2003) (granting motion to exclude law professor's expert testimony on whether website content was subject to copyright protection and whether copying of that content constituted "fair use"); *Jonathan Browning, Inc. v. Venetian Casino Resort LLC*, No. C 07-03983 JSW, 2009 U.S. Dist. LEXIS 57665, *3-4 (N.D. Cal. June 18, 2009) (precluding expert from testifying regarding copyrightability of light fixtures alleged to have been infringed); *Religious Tech. Center v. Netcom On-Line Commc'n Servs., Inc.*, No. C-95-20091 RMW, 1997 WL 34605244, at *8 (N.D. Cal. Jan. 6, 1997).

Franklyn's testimony falls within the category of inadmissible and excludable legal opinion testimony.   Much of Franklyn's Expert Report, Rebuttal Reports, and Declaration improperly opines on principles of trademark law and liability. For example, Franklyn inappropriately makes conclusions of law as to what constitutes infringing conduct (2nd Jankowski, Ex. 149 (Franklyn Expert Report) ¶ 14; Docket No. 90, Ex. N (Franklyn Declaration) ¶ 43) and what facts must be shown for a finding of genericness (2nd Jankowski, Ex. 149 (Franklyn Expert Report) ¶ 18; Docket No. 90, Ex. N (Franklyn Declaration) ¶¶ 51, 53, 57, 58, 69).  See *Nationwide Trans. Fin.*, 523 F.3d at 1058 (affirming exclusion of expert opinion that characterized defendant's conduct as "wrongful" or "intentional" under the law).  In addition, Franklyn's Rebuttal Reports merely advance Glidewell's legal arguments, rather than

responding to Keating's expert reports. (2nd Jankowski, Ex. 151 (Franklyn Rebuttal to Boatright) ¶¶ 3-11, 24-26; Ex. 150 (Franklyn Rebuttal to Eggleston) ¶¶ 3-18, 20, 22, 28.)  *Estate of Brutsche v. City of Federal Way*, 300 Fed. Appx. 552 (9th Cir. 2008) (citing *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1509-11 (9th Cir. 1995) (rebuttal evidence may be offered to challenge the evidence or theory of the opponent, but not to establish the case in chief); *Pinal Creek Group*, 352 F. Supp. 2d at 1044 (granting motion to exclude several law professors' testimony, noting that expert reports "read[] more like a legal brief than an expert report"); *In re Rezulin Products Liab. Litig.*, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004) (experts should not be permitted to "supplant the role of counsel in making argument at trial").  Accordingly, Professor Franklyn's legal conclusions are not admissible and should be excluded.

Franklyn also offers opinion statements about dental industry norms and practices. (2nd Jankowski, Ex. 149 (Franklyn Expert Report) ¶ 16; Ex. 151 (Franklyn's Rebuttal to Boatright) ¶ 23; Ex. 150 (Franklyn's Rebuttal to Eggleston) ¶ 43; and Ex. 153 (Franklyn Dep. Tr.) 44:19.)  He opines as to the perspectives of "people in the relevant market."  However, he has admitted that he has no experience whatsoever in the dental field, (2nd Jankowski, Ex. 153 (Franklyn Dep. Tr.) 11:11-12:17) and that he hasn't consulted with dental professionals (*Id.* at 9:15-22, 10:1, 133:6-8.)  His only experience with dental crowns is his "personal experience" as a dental patient and his conversations and internet reading in preparation for this case. (*Id.* at 27:21-28:15).  This is hardly sufficient to qualify as a dental expert. *See* Fed. R. Evid. 702.  Therefore, Professor Franklyn's statements relating to the dental industry lack foundation and should be excluded.

Likewise, Franklyn cannot be admitted as a trademark survey expert. He admitted that he had not spoken with or surveyed any dental professionals and

that he did not have any such survey reports conducted by Glidewell. (*Id.* at 133:6-8, 16-21.)   Furthermore, Glidewell has not laid any foundation establishing Franklyn as a proper survey expert.  Therefore, Glidewell should not be permitted to include any parts of the Franklyn Reports under the auspices of being a "survey expert."

Accordingly, this Court should exclude Franklyn's testimony in its entirety, not only under Rule 702 as improper expert and improper legal opinion testimony, but also under Rule 403, as a waste of the Court's time and judicial resources, and unfair prejudice to Keating.

**A.** **Franklyn's Methodology is Unreliable and Incorrect and Therefore Unreliable to the Trier of Fact**

Even if Professor Franklyn is considered a proper expert, his testimony would run afoul of Fed. R. Evid. 702 for using unreliable principles and methods.  Professor Franklyn is not a professional survey expert.  He offers no such qualifications in his declaration, reports or curriculum vitae.  Professor Franklyn even contradicts the validity of his own methodology. In his deposition, Mr. Franklyn confirmed that, to be considered generic, a term does not need to appear in the lists of goods of third party marks revealed in PTO application and registration searches.  (2nd Jankowski, Ex. 153 (Franklyn Dep. Tr.) 42:9-12). But in his Expert Report, Franklyn relied solely on a PTO search and a brief online search to make a determination that BruxZir is not generic. (2nd Jankowski, Ex. 149 (Franklyn Expert Report) ¶¶ 6-7).  The basis for his determination was that if "'bruxzir' had become generic for zirconia crown or bridge, one would expect for the term 'bruxing' to be observed in the goods and services description…" of a PTO search. (*Id.* at ¶ 6(d)(3)).  This methodology is analytically incorrect.  A finding of genericness has nothing to do with being included in a trademark goods and services description.  The word must be

assessed as it is understood by the relevant consumer—dentists. There is no foundation for Professor Franklyn's statement in trademark law, and Professor Franklyn himself admitted in his deposition that there is no basis for his statement.

Additionally, Professor Franklyn uses severely unreliable methods in conducting the dentist witness interviews he relies upon in the Franklyn Rebuttal Reports and Declaration.  In addition to being untimely disclosed, this survey evidence was not properly obtained.  To be admissible, the survey must be conducted according to accepted principles. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1263, (9th Cir. 2001) (citations omitted).  The questions posed by Professor Franklyn, and the circumstances under which he posed them, were so suggestive as to render the entire survey so severely flawed and unreliable that it should be excluded. Firstly, Franklyn consulted only dentists that were affiliated with Glidewell. (2nd Jankowski, Ex. 151 (Franklyn Rebuttal to Boatright) ¶¶ 12-19 and Ex. 150 (Franklyn Rebuttal to Eggleston) ¶¶ 30-41.)  The questions were also improperly eliciting legal opinions from lay witnesses.  (2nd Jankowski, Ex. 151 (Franklyn Rebuttal to Boatright) ¶¶ 14, 17, 19-21 and Ex. 150 (Franklyn's Rebuttal to Eggleston) ¶¶ 32, 37, 39-41.)  One dentist surveyed stated: "BruxZir is not a generic name." (2nd Jankowski, Ex. 151 (Franklyn Rebuttal to Boatright) ¶ 14 and Ex. 150 (Franklyn's Rebuttal to Eggleston) ¶ 32.)  That is a legal question in issue in the case, and inappropriate as a survey question.  Professor Franklyn does not qualify as a survey expert, the survey was so informally designed and conducted that it fails key tests of professionalism and reliability, and it should be excluded from evidence.  *See* 6 McCarthy § 32:158 at 32-341 (*M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1087 (9th Cir. 2005) ("Both district judges properly rejected the M2 Software's survey because the survey's creator 'did not qualify as an expert on

designing or analyzing consumer surveys."); *Hodgdon Powder Co. v. Alliant Techsystems, Inc.*, 512 F. Supp. 2d 1178 (D. Kan. 2007) (A survey designed without input of a professional survey person was distributed by plaintiff's employees from their booth at a trade show.  Survey held "untrustworthy and inadmissible" and excluded from evidence).

## IV.   EVIDENTIARY OBJECTIONS TO THE FRANKLYN REBUTTAL REPORTS

Keating raises the following evidentiary objections to the Franklyn Rebuttal Reports:

### A.   The Rebuttal Report Relies On New Evidence That Was Not Timely Introduced Into Evidence

As discussed in detail above, the Franklyn Rebuttal Reports rely on new evidence and new witness testimony that were not disclosed within the discovery period. See Fed. R. Civ. P. 26(a). (2nd Jankowski, Ex. 151 (Franklyn's Rebuttal to Boatright) ¶¶ 11-21, Exhibit A.)  Pursuant to Rule 37(c)(1), Glidewell is precluded from relying on the information and witnesses, unless the failure to so provide was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).   As discussed in Section II(a) above, Glidewell has not established that its failure to disclose was substantially justified or harmless.

### B.   Franklyn's Introduction of New Witness Evidence is Inadmissible Because it Serves to Bolster Glidewell's Case in Chief and NOT to Rebut Boatright's Rebuttal Report

An expert's rebuttal may introduce new evidence only if it serves the purpose of rebutting another expert's report. New evidence may not be included if its primary purpose is to bolster the case in chief. *Brutsche*, 300 Fed. Appx. at 552 (citing *Gen. Signal*, 66 F.3d at 1509-11); *see also Peals v. Terre Haute Police Dept.*, 535 F.3d 621, 630 (7th Cir. 2008).

The Franklyn Rebuttal Reports introduce the 10 new dentists' statements solely

to bolster Glidewell's case in chief. It is not being used to rebut Boatright's testimony. In fact, Franklyn makes clear that the evidence is intended to support his own expert report. He expressly states: "My interviews with dentists corroborate my opinions about the strength of the BruxZir mark and the risk of consumer confusion." (2nd Jankowski, Ex. 151 (Franklyn's Rebuttal to Boatright) ¶ 12.)   That Franklyn is making Glidewell's case in chief and supporting his own report, rather than doing what a timely-filed rebuttal should—namely rebut—is clearly demonstrated by the fact that ¶¶ 30-43 of Franklyn's Rebuttal to Eggleston (2nd Jankowski, Ex. 150) almost duplicates ¶¶ 12-23 of his Rebuttal to Boatright (*Id.*, Ex. 151).

**C.**   **Detailed Objections of Franklyn's Rebuttal to Boatright**

| Testimony | Objection |
|---|---|
| As to entire document | Improper surrebuttal<br><br>Untimely served |
| ¶ 6 | Mischaracterization of evidence and legal standard (as to the fact that Boatright did not make a conclusion that BruxZir is generic, because that is the ultimate determination of law for the trier of fact and making such a conclusion is inappropriate expert witness testimony) |
| ¶ 7 | Improper expert legal opinion (as to the legal standard for an infringement action; instructions on the legal standard are for the judge *Nationwide Transport Finance*, 523 F.3d at 1016) |
| ¶ 8 | Improper expert legal opinion (as to the legal protectability of generic and descriptive marks; instructions on the legal standard are for the judge *Nationwide Transport Finance*, 523 F.3d at 1016) |
| ¶ 9 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c)) |
| ¶ 10 | Conclusory statement and lack of foundation (as to whether dentists see Glidewell as the market leader, no evidentiary support for such statement). |
| ¶ 11 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c)) |

| Testimony | Objection |
|---|---|
| | Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)<br><br>Mischaracterization of evidence (Franklyn alleges that Ms. Boatright did not address the potential for actual confusion, however she did address the possibility and even offered an explanation for it: "If there is confusion, it is based on the unusual character of [the BruxZir] mark which is the phonetic equivalent of a common term in dentistry." (See Docket No. 94 (Boatright Decl.), Ex. A at ¶ 82) |
| ¶ 12 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))<br><br>Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)<br><br>Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster his case in chief and is not a response to Boatright's report) (*Brutsche*, 300 Fed. Appx. at 552)<br><br>Improper survey methods (Franklyn's survey of the dentists was not conducted according to accepted principles, because Dr. DiTolla is directly affiliated with Glidewell and the questions were suggestive)<br><br>Hearsay (as to Dr. DiTolla's statements, offered for its truth)(FRE 802) |
| ¶ 13 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))<br><br>Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)<br><br>Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster Glidewell's case in chief and is not a response to Boatright's report) (*Brutsche*, 300 Fed. Appx. at 552) |
| ¶ 14 | Improper lay witness testimony as to (1) whether BruxZir is generic, (2) whether Keating's mark is "an invasion" of |

| Testimony | Objection |
|---|---|
| | Glidewell's mark, and (3) whether there is likelihood of confusion, which are each questions of law inappropriate for lay witness testimony) (FRE 701)<br><br>Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))<br><br>Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)<br><br>Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster his case in chief and is not a response to Boatright's report) (*Brutsche*, 300 Fed. Appx. at 552)<br><br>Improper survey methods (Franklyn asked Dr. Christianson to provide legal conclusions; Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive and Dr. Christianson is directly affiliated with Glidewell)<br><br>Hearsay (as to Dr. Christianson's statements, offered for its truth)(FRE 802) |
| ¶ 15 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))<br><br>Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)<br><br>Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster his case in chief and is not a response to Boatright's report) (*Brutsche*, 300 Fed. Appx. at 552)<br><br>Hearsay (as to Dr. Christianson's statements, offered for its truth)(FRE 802) |
| ¶ 16 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))<br><br>Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists) |

| Testimony | Objection |
|---|---|
| | Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster Glidewell's case in chief and is not a response to Boatright's report) (*Brutsche*, 300 Fed. Appx. at 552)<br><br>Improper survey methods (Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive)<br><br>Hearsay (as to Dr. Goldstein's statements, offered for its truth)(FRE 802) |
| ¶ 17 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))<br><br>Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)<br><br>Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster Glidewell's case in chief and is not a response to Boatright's report) (*Brutsche*, 300 Fed. Appx. at 552)<br><br>Hearsay (as to Dr. Goldstein's statements, offered for its truth)(FRE 802)<br><br>Improper lay witness testimony (as to whether "bruxer crown" is generic, which is a question of law) (FRE 701)<br><br>Improper survey methods (Franklyn asked Dr. Goldstein to provide legal conclusions; Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive) |
| ¶ 18 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))<br><br>Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)<br><br>Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster his case in chief and is not a response to |

| Testimony | Objection |
|---|---|
|  | Boatright's report) (*Brutsche*, 300 Fed. Appx. at 552) |
| ¶ 19 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))<br><br>Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)<br><br>Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster his case in chief and is not a response to <u>Boatright's</u> report) (*Brutsche*, 300 Fed. Appx. at 552)<br><br>Hearsay (as to the dentists' statements, offered for its truth)(FRE 802)<br><br>Improper lay witness testimony (as to whether "bruxer crown" is generic, which is a question of law) (FRE 701)<br><br>Improper survey methods (Franklyn asked the dentists to provide legal conclusions; Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive) |
| ¶ 20 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))<br><br>Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)<br><br>Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster his case in chief and is not a response to Boatright's report) (*Brutsche*, 300 Fed. Appx. at 552)<br><br>Hearsay (as to the dentists' statements, offered for its truth)(FRE 802)<br><br>Improper survey methods (Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive) |
| ¶ 21 | Improper speculation (as to whether dentists would be confused) (FRE 602) |

| Testimony | Objection |
|---|---|
| | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))

Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)

Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster his case in chief and is not a response to Boatright's report) (*Brutsche*, 300 Fed. Appx. at 552)

Hearsay (as to the dentists' statements, offered for its truth)(FRE 802)

Improper survey methods (Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive) |
| ¶ 22 | Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster Glidewell's case in chief and is not a response to Boatright's report) (*Brutsche*, 300 Fed. Appx. at 552) |
| ¶ 23 | Improper expert opinion (as to whether "BruxZir" and "bruxer" are generic in dental industry because Franklyn is not a dental industry expert or a survey expert) (FRE 702).

Improper conclusory opinion (as to Franklyn's opinion on genericness of the marks provided without supporting evidence or analysis) (*Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("nothing. . .requires a district court to admit opinion that is connected to data only by the *ipse dixit* of the expert.") |
| ¶ 24 | Improper expert legal opinion (as to the legal effect of a disclaimer; instructions on the legal standard are for the judge) (*Nationwide Transport Finance*, 523 F.3d at 1016) |
| ¶ 25 | Improper expert legal opinion (as to whether Keating qualifies for the descriptive fair use doctrine and the legal requirements for the doctrine; questions of law and final legal determinations are not proper expert opinions) (*Nationwide Transport Finance*, 523 F.3d at 1016) |
| ¶ 26 | Improper speculation and improper expert opinion (as to |

| Testimony | Objection |
|---|---|
|  | whether Keating is free riding on good will; Franklyn has no personal knowledge and such a determination is not within the scope of his expertise) (*Simonelli v. Univ. of Cal. at Berkeley*, 338 Fed. Appx. 673 (9th Cir. 2009) (expert opinion excluded for going beyond permissible professional opinion). |
| Exhibit A | Improper new evidence (as to Franklyn's introduction of previously undisclosed documentary evidence)(FRCP 37(c)) |

**D.**     **Detailed Objections of Franklyn's Rebuttal to Eggleston**

      Keating raises the following evidentiary objections to Franklyn's Rebuttal to Eggleston.

| Testimony | Objection |
|---|---|
| As to entire document | Untimely served |
| ¶ 10 | Misleading evidence (as to whether the speakers in videos are using "bruxer" generically. Given that "BruxZir" and "bruxer" are phonetic equivalents, it is impossible to distinguish when a speaker is referring to Glidwell's mark or the term "bruxer.") |
| ¶ 11 | Misleading evidence (as to whether speakers in videos are using "bruxer" generically. Given that "BruxZir" and "bruxer" are phonetic equivalents, it is impossible to distinguish when a speaker is referring to Glidwell's mark or the term "bruxer.") |
| ¶ 12 | Improper expert legal opinion (as to whether Mascola uses "Bruxer" generically; experts cannot make determinations of final conclusions of law) (*Nationwide Transport Finance*, 523 F.3d at 1016) |
| ¶ 16 | Improper expert legal opinion (as to whether there is enough information to conclude that "bruxer crown" is used generically; experts cannot make determinations of final conclusions of law) (*Nationwide Transport Finance*, 523 F.3d at 1016) |
| ¶ 18-¶ 19 | Mischaracterization of Evidence: |

| Testimony | Objection |
|---|---|
| | Franklyn asserts that Dr. Eggleston fails to disclose that "it is 'clear' that the participants were well aware that BruxZir *is* a Glidewell product and not a generic term..."<br><br>However, the entire statement, unedited, includes the following statements:<br><br>"I would hope that my colleagues recognize this and when speaking about full contour Zi they would refrain from using the Trade name "Bruxzir" [sic] unless they are specifically referring to that product."<br><br>Rather, forum moderator specifically identified that the forum participants use the term "BruxZir" generically. The forum moderator clearly acknowledged that there is a gravitation "to utilizing those names [i.e, BruxZir] in an open forum when meaning to use the generic term." Dentists as of 11-22-2010 were using the term BruxZir generically, in such a fashion, quantity, and quality that a forum moderator felt it necessary to mention the danger of genericide. |
| ¶ 20 | Improper expert legal opinion (as to the elements Keating must prove to succeed on finding genericness and as to 9th Circuit law; instructions on the legal standard are for the judge) (*Nationwide Transport Finance*, 523 F.3d at 1016) |
| ¶ 21 | Lack of personal knowledge and improper speculation (as to when Keating entered the dental crown market) (FRE 602)<br><br>Insufficient factual foundation (Franklyn does not provide what evidence he relies on in support of his "understanding" of when Keating entered the market) (FRE 602). |
| ¶ 25 | Mischaracterizes evidence (as to whether Keating has shown evidence of generic use. Franklyn fails to recognize that as phonetic equivalents, it would be difficult if not impossible to discern when a speaker is referring to "bruxer" and when the spearker is referring to "BruxZir") |
| ¶ 26 | Improper expert legal opinion and statement of law (as to the standard regarding incidental generic uses of a mark; |

-18-

| Testimony | Objection |
|---|---|
| | instructions on the legal standard are for the judge, and legal arguments meant for a brief are for counsel to provide and not the experts) (*Nationwide Transport Finance*, 523 F.3d at 1016) |
| ¶ 29 | Improper expert legal opinion and statement of law (as to whether a finding of genericide is appropriate; instructions on the legal standard are for the judge) (*Nationwide Transport Finance*, 523 F.3d at 1016) |
| ¶ 30 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))<br><br>Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)<br><br>Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster his case in chief and is not a response to Dr. Eggleston's report) (*Brutsche*, 300 Fed. Appx. at 552)<br><br>Improper survey methods (Franklyn's survey of the dentists was not conducted according to accepted principles, because Dr. DiTolla is directly affiliated with Glidewell and the questions were suggestive)<br><br>Hearsay (as to Dr. DiTolla's statements, offered for its truth)(FRE 802) |
| ¶ 31 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))<br><br>Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)<br><br>Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster Glidewell's case in chief and is not a response to Dr. Eggleston's report) (*Brutsche*, 300 Fed. Appx. at 552) |
| ¶ 32 | Improper lay witness testimony as to whether BruxZir is generic (FRE 701) |

-19-

| Testimony | Objection |
|-----------|-----------|
|  | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c)) |
|  | Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists) |
|  | Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster his case in chief and is not a response to Boatright's report) (*Brutsche*, 300 Fed. Appx. at 552) |
|  | Improper survey methods (Franklyn asked Dr. Christianson to provide legal conclusions; Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive and Dr. Christianson is directly affiliated with Glidewell) |
|  | Hearsay (as to Dr. Christianson's statements, offered for its truth)(FRE 802) |
| ¶ 33 | Improper lay witness testimony as to (1) whether Keating's mark is "an invasion" of Glidewell's mark, and (2) whether there is likelihood of confusion, which are each questions of law inappropriate for lay witness testimony) (FRE 701) |
|  | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c)) |
|  | Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists) |
|  | Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster his case in chief and is not a response to Eggleston's report) (*Brutsche*, 300 Fed. Appx. at 552) |
|  | Improper survey methods (Franklyn asked Dr. |

| Testimony | Objection |
|-----------|-----------|
|  | Christianson to provide legal conclusions; Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive and Dr. Christianson is directly affiliated with Glidewell) <br><br> Hearsay (as to Dr. Christianson's statements, offered for its truth)(FRE 802) |
| ¶ 34 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c)) <br><br> Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists) <br><br> Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster Glidewell's case in chief and is not a response to Eggleston's report) (*Brutsche*, 300 Fed. Appx. at 552) <br><br> Improper survey methods (Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive) <br><br> Hearsay (as to Dr. Goldstein's statements, offered for its truth)(FRE 802) |
| ¶ 35 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c)) <br><br> Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists) <br><br> Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster Glidewell's case in chief and is not a response to Eggleston's report) (*Brutsche*, 300 Fed. Appx. at 552) <br><br> Hearsay (as to Dr. Goldstein's statements, offered for its truth)(FRE 802) |

| Testimony | Objection |
|---|---|
| | Improper survey methods (Franklyn asked Dr. Goldstein to provide legal conclusions; Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive) |
| ¶ 36 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c)) |
| | Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists) |
| | Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster Glidewell's case in chief and is not a response to Eggleston's report) (*Brutsche*, 300 Fed. Appx. at 552) |
| | Hearsay (as to Dr. Goldstein's statements, offered for its truth)(FRE 802) |
| | Improper lay witness testimony (as to whether "bruxer crown" is generic, which is a question of law) (FRE 701) |
| | Improper survey methods (Franklyn asked Dr. Goldstein to provide legal conclusions; Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive) |
| ¶ 37 | Improper Speculation (as to whether Goldstein would have heard the term "bruxer" for the name of a type of crown, if it were occurring) |
| | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c)) |
| | Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists) |
| | Improper Rebuttal Evidence and Arguments (entire |

| Testimony | Objection |
|---|---|
|  | paragraph serves only to bolster Glidewell's case in chief and is not a response to Eggleston's report) (*Brutsche*, 300 Fed. Appx. at 552) |
|  | Hearsay (as to Dr. Goldstein's statements, offered for its truth)(FRE 802) |
|  | Improper lay witness testimony (as to whether "bruxer crown" is generic, which is a question of law) (FRE 701) |
|  | Improper survey methods (Franklyn asked Dr. Goldstein to provide legal conclusions; Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive) |
| ¶ 38 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c)) |
|  | Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists) |
|  | Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster his case in chief and is not a response to Eggleston's report) (*Brutsche*, 300 Fed. Appx. at 552) |
| ¶ 39 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c)) |
|  | Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists) |
|  | Hearsay (as to the dentists' statements, offered for its truth)(FRE 802) |
|  | Improper lay witness testimony (as to whether "bruxer crown" is generic, which is a question of law) (FRE 701) |
|  | Improper survey methods (Franklyn asked the dentists to |

| Testimony | Objection |
|---|---|
| | provide legal conclusions; Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive) |
| ¶ 40 | Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))

Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)

Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster his case in chief and is not a response to Eggleston's report) (*Brutsche*, 300 Fed. Appx. at 552)

Hearsay (as to the dentists' statements, offered for its truth)(FRE 802)

Improper survey methods (Franklyn's survey was not conducted according to accepted principles, because the questions were suggestive) |
| ¶ 41 | Improper speculation (as to whether dentists would be confused) (FRE 602)

Improper new evidence (as to Franklyn's reliance on the undisclosed dentist witnesses)(FRCP 37(c))

Inconsistent with prior testimony (Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists)

Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster his case in chief and is not a response to Eggleston's report) (*Brutsche*, 300 Fed. Appx. at 552)

Hearsay (as to the dentists' statements, offered for its truth)(FRE 802)

Improper survey methods (Franklyn's survey was not |

| Testimony | Objection |
|---|---|
| | conducted according to accepted principles, because the questions were suggestive) |
| ¶ 42 | Improper Rebuttal Evidence and Arguments (entire paragraph serves only to bolster Glidewell's case in chief and is not a response to Eggleston's report) (*Brutsche*, 300 Fed. Appx. at 552) |
| ¶ 43 | Improper expert opinion (as to whether "BruxZir" and "bruxer" are generic in dental industry because Franklyn is not a dental industry expert or a survey expert) (FRE 702).<br><br>Improper conclusory opinion (as to Franklyn's opinion on genericness of the marks provided without supporting evidence or analysis) (*Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("nothing. . .requires a district court to admit opinion that is connected to data only by the *ipse dixit* of the expert.") |
| Exhibit A | Improper new evidence (as to Franklyn's introduction of previously undisclosed documentary evidence)(FRCP 37(c)) |

## V. EVIDENTIARY OBJECTIONS TO THE FRANKLYN DECLARATION

The Franklyn Declaration (Docket No. 90, Exhibit N) was filed on November 19, 2012. The Franklyn Declaration relies in large part on Franklyn's interviews with the 10 new dentist witnesses that were not properly disclosed. The objections to these interviews have been discussed in detail above.

Paragraphs 55 – 70 of the Franklyn Declaration are a word-for-word copy of Franklyn's Rebuttal to Boatright. Since the Franklyn Rebuttal Reports are inadmissible, Glidewell is attempting to include the same information by repeating it in the Franklyn Declaration. Similarly, the Franklyn Declaration references the declarations of Doctors Cohen, Bell, Doneff, Luke, Micheils and Newman. (Docket No. 90, Exhibit N (Franklyn Declaration) ¶ 4.) None of these witnesses were disclosed to Keating during discovery. Keating has offered no excuse for its failure to disclose any of these witness names, nor for its legal

expert's failure to disclose them in his expert report or during his deposition. Applying Rule 37(c), all the witness testimony (*Id.* at ¶¶ 49, 55-66) should be excluded. Fed. R. Civ. P. 37(c).  Also, any analysis made in reliance on these witnesses should be excluded.

Keating additionally raises the following evidentiary objections to the Franklyn Declaration:

| Testimony | Objection |
|---|---|
| ¶ 12-31 | Irrelevant (as to conducting word searches of the goods and services descriptions because absence of a word in the goods and services description cannot be used to determine whether a word is generic) (FRE 402) <br><br> Improper Expert Methods (as to Franklyn's use of the goods and services searches in determining whether "BruxZir" or "bruxer" are generic terms) (FRE 702) |
| ¶ 36 | Improper expert opinion, (as to whether BruxZir is generic in the dentistry field, because Franklyn is not an expert in dentistry) (FRE 702). <br><br> Improper methods for expert analysis (FRE 702) and Insufficient factual foundation (FRE 602) (as to whether BruxZir has become a generic name in the dentistry field because a TESS search of goods and services and an online search for "bruxor/bruxer/bruxzir crowns" are insufficient to reach an opinion that the term is not generic). |
| ¶ 43 | Improper speculation (FRE 602 a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") and <br> Improper Expert Legal Opinion (*Brodie*, 858 F.2d at 497) (as to whether the only individuals who are attempting to refer to an all-zirconia crown or bridge are those that have a vested interest in free riding or are selling BruxZir-made materials) <br><br> Improper speculation and improper expert opinion (as to whether |
| ¶ 47 | Irrelevant (FRE 402) (as to whether Google mark is strong) |

| Testimony | Objection |
|---|---|
| | Insufficient factual foundation (as to whether dentists and dental labs know Glidewell's products through its BruxZir trademarks) (FRE 602). |
| | Lack of personal knowledge (as to amount Glidewell has spent on advertising, as to Glidewell's dominance in relevant markets, as to whether BruxZir is well known by dentists) (FRE 602). |
| ¶ 48 | Information not helpful to jury (as to whether Franklyn believes the goods to be in the same market; jury does not need expert for that) |
| ¶ 49 | Insufficient factual foundation (as to whether dentists know the product as a BruxZir brand crown, because no evidence cited and Franklyn is not an expert within the dental field) (FRE 602). |
| | Improper expert opinion (FRE 702), improper speculation (FRE 602), and irrelevance (FRE 402) (as to whether one would have thought that Keating would call its product KDA Bruxer). |
| | Improper new evidence (as to discussions with dentists, because such witnesses were not disclosed during discovery period) (FRCP 37(c)). |
| | Conclusion supported by inadmissible evidence (as to whether there is a significant risk that Keating will be able to trade on Glidewell's good will and fame, because its support stems from inadmissible witness interviews). |
| | Insufficient factual foundation (as to whether there is a significant risk that Keating will be able to trade on good will and fame of Glidewell) (FRE 602). |
| ¶ 50 | Irrelevant (as to whether major competitors use Bruxer for crowns or for material to make the crowns) (FRE 402). |
| | Improper speculation (FRE 602) and insufficient factual foundation (as to whether there is no need for Keating to use BruxZir to compete because Franklyn is not an expert |

| Testimony | Objection |
|---|---|
| | in dentistry and has not submitted admissible survey evidence from those in the dental field to support this conclusion). |
| ¶ 51 | Improper legal conclusion (as to legal standard of counterclaim) (FRE 702, and *Nationwide Trans. Fin.*, 523 F.3d at 1058 (instructing as to applicable law is the "distinct and exclusive province of the court") (citations omitted). |
| ¶ 52 | Lack of personal knowledge and improper speculation (as to when Keating entered the dental crown market) (FRE 602)<br><br>Insufficient factual foundation (Franklyn does not provide what evidence he relies on in support of his "understanding" of when Keating entered the market) (FRE 602). |
| ¶ 53 | Improper legal conclusion (FRE 702) (as to whether evidence is proper or not) |
| ¶ 55 | Improper new evidence (as to interviews with dentists, the conclusions resulting therefrom, and as to Dr. DiTolla's credentials, because such witnesses and the interview evidence were not disclosed during discovery period) (FRCP 37(c))<br><br>Inadmissible Hearsay (FRE 802) (Franklyn offers DiTolla's statements for its truth)<br><br>Lack of Personal Knowledge (FRE 602) (as to whether "bruxer" is widely used in the dental industry) |
| ¶ 56 | Improper new evidence (as to all information related to Dr. Christianson and any conclusions resulting therefrom because not disclosed during discovery period) (FRCP 37(c)). |
| ¶ 57 | Inadmissible Hearsay (Franklyn improperly Dr. Christianson's statements for its truth) (FRE 802)<br><br>Lack of Personal Knowledge (Franklyn relies on Dr. Christianson's statements as to whether "BruxZir" is well known and widely recognized, as to the past and present generic names for zirconia crowns, and as to the use, |

| Testimony | Objection |
|---|---|
|  | qualities and characteristics of BruxZir zirconium crowns) (FRE 602).<br><br>Improper legal conclusion (as to whether BruxZir is generic) (FRE 702)<br><br>Improper expert testimony (Franklyn is not an expert in the dental field) (FRE 702) |
| ¶ 58 | Inadmissible Hearsay (as to Dr. Christianson's statements) (FRE 802)<br><br>Improper legal conclusion (as to whether there is "an invasion" of Glidewell's mark, as to whether there is a likelihood of confusion)(FRE 702)<br><br>Lack of personal knowledge (FRE 602) and Improper lay witness opinion (FRE 701) (as to whether Glidewell initiated the wide use of full zirconia crowns and as to whether it is well known for its product).<br><br>Improper speculation (FRE 602) (as to whether there is "an invasion" of the Glidewell mark, as to likelihood of confusion, as to whether other companies feel the need to do "this", as to the risk of counterfeit products; as to whether Glidewell initiated the wide use of full zirconia crowns and is well known under the BruxZir name).<br><br>Lacks foundation (FRE 602) (as to the entire paragraph) |
| ¶ 59 | Improper new evidence  (as to Dr. Goldstein) (FRCP 37(c))<br><br>Inadmissible Hearsay (as to Dr. Goldstein's statements) (FRE 802)<br><br>Improper speculation and lacks foundation (as to whether BruxZir is the most popular general crown) (FRE 602).<br><br>Lack of Personal Knowledge (Franklyn relies entirely on Dr. Goldstein's statements)  (FRE 602 |
| ¶ 60 | Improper new evidence  (as to Dr. Goldstein's assertions) (FRCP 37(c)) |

| Testimony | Objection |
|---|---|
|  | Inadmissible Hearsay (as to Dr. Goldstein's statements) (FRE 802)<br><br>Lack of Personal Knowledge (Franklyn relies entirely on Dr. Goldstein's statements) (FRE 602) |
| ¶ 61 | Improper new evidence (as to Dr. Goldstein's statements) (FRCP 37(c))<br><br>Inadmissible Hearsay (as to Dr. Goldstein's statements) (FRE 802)<br><br>Lack of Personal Knowledge (Franklyn relies entirely on Dr. Goldstein's statements) (FRE 602) |
| ¶ 62 | Improper new evidence (as to Dr. Goldstein's statements and credentials) (FRCP 37(1))<br><br>Inadmissible Hearsay (as to Dr. Goldstein's statements) (FRE 802)<br><br>Improper Speculation (as to whether Dr. Goldstein would have heard the term "bruxer") (FRE 602)<br><br>Lack of Personal Knowledge (Franklyn relies entirely on Dr. Goldstein's statements) (FRE 602) |
| ¶ 63 | Improper new evidence (as to the identity of Drs. Fanning, Cianciulli, Michaels, and McNicholas and as to the interviews conducted with the dentists because the witnesses and the interview evidence were not disclosed during discovery period) (FRCP 37(1)) |
| ¶ 64 | Improper new evidence (as to the opinions, assertions of fact and conclusions of these dentists) (FRCP 37(1))<br><br>Inadmissible Hearsay (as to the statements and conclusions made by these dentists) (FRE 802)<br><br>Lack of Personal Knowledge (Franklyn relies entirely on the statements from the dentists) (FRE 602)<br><br>Improper expert testimony (as to the generic terms for full |

| Testimony | Objection |
|---|---|
|  | zirconia crown, because Franklyn is not an expert in dentistry) (FRE 702) |
| ¶ 65 | Improper new evidence (as to the opinions, assertions of fact and conclusions of the dentists) (FRCP 37(1))<br><br>Inadmissible Hearsay (as to the dentists' statements and conclusions) (FRE 802)<br><br>Lack of Personal Knowledge (Franklyn relies entirely on the dentists' statements) (FRE 602) |
| ¶ 66 | Improper new evidence (as to the dentists' opinions, assertions of fact and conclusions) (FRCP 37(1))<br><br>Inadmissible Hearsay (as to the dentists' statements and conclusions) (FRE 802)<br><br>Lack of Personal Knowledge (Franklyn relies entirely on the dentists' statements) (FRE 602)<br><br>Improper speculation (as to whether the dentists would mistakenly believe that a mark with "bruxer" would be affiliated with or sponsored by Glidewell.) (FRE 602) |
| ¶ 67 | Inadmissible lay witness testimony (as to whether BruxZir, Bruxer or "bruxer" has become generic for a type of dental crown) (FRE 701)<br><br>Conclusion supported by inadmissible evidence (as to whether BruxZir, Bruxer or "bruxer" has become generic, because it relies on the corroboration of the dentists' inadmissible evidence) (FRCP 56(c)(2); 37(c)(1)). |
| ¶ 68 | Improper expert testimony (as to whether BruxZir or "bruxer" is predominantly seen as generic, because Franklyn is not a dentistry expert) (FRE 702) |
| ¶ 69 | Improper legal opinion (as to whether Keating is exempt from liability, and as to how Keating should use its mark) (FRE 702)<br><br>Improper factual foundation (FRE 602) (as to how Keating uses its mark on websites and marketing material) |
| ¶ 70 | Improper legal opinion (as to whether BruxZir is |

| Testimony | Objection |
|---|---|
| | distinctive) (FRE 702) |
| ¶ 71 | Improper new evidence (as to the opinions, assertions of fact and conclusions of the dentists) (FRCP 37(c))<br><br>Improper expert testimony (as to Franklyn's opinion that BruxZir crown or bruxer crown is not generic and as to whether BruxZir has strong brand recognition among dentists, because Franklyn is not a dentistry expert) (FRE 702)<br><br>Conclusion supported by inadmissible evidence (Franklyn relies on inadmissible statements by the dentists to conclude that the mark was strong for use on zirconia crowns)(FRCP 56(c)(2); 37(c)) |

## VI.  CONCLUSION

Based upon the objections that Keating has made with respect to the above-identified portions of Franklyn's Rebuttal to Boatright, Franklyn's Rebuttal to Eggleston and the Declaration of David Franklyn, Keating respectfully requests that the Court strike and not consider the Franklyn Reports, Franklyn Declaration and portions thereof in deciding Glidewell's motion for partial summary judgment.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  November 26, 2012     By: /s/ Lynda J. Zadra-Symes
                              Lynda J. Zadra-Symes
                              Jeffrey L. Van Hoosear
                              David G. Jankowski

                              Attorneys for Defendant,
                              KEATING DENTAL ARTS, INC.

14392566
112512