Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.Jankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx)<br><br>**KEATING'S OBJECTIONS TO EVIDENCE SUBMITTED BY GLIDEWELL'S EXPERT DR. RONALD GOLDSTEIN IN SUPPORT OF ITS MOTIONS FOR PARTIAL SUMMARY JUDGMENT**<br><br>Honorable David O. Carter |


## I. INTRODUCTION

Defendant Keating Dental Arts, Inc. ("Keating") hereby objects to the Declaration of Dr. Ronald Goldstein in Support of James R. Glidewell Dental Ceramics, Inc.'s Motions for Summary Judgment (Dkt. No. 90, Ex. O). The declaration objected to is inadmissible in full and part, and Keating requests that it not be considered as part of the record in deciding Glidewell's motions for partial summary judgment.

Goldstein's Declaration was not timely served and should therefore be excluded under F.R.C.P. 37(c). After this Court denied Glidewell's motion to amend the scheduling order, Glidewell has continued to produce information and witnesses in violation of F.R.C.P. 37(c). In its motions for summary judgment, Glidewell has relied on several witnesses (including Dr. Goldstein) not noticed in a timely served initial disclosure.

Glidewell's actions are unacceptable and flagrantly disregard this Courts orders by attempting to go behind the Court's back to continue discovery and production—Glidewell produced new witnesses, in violation of the Federal Rules of Civil Procedure after an explicit proscription by this Court. F.R.C.P. 37(c) (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).

Therefore, Defendant respectfully requests that this Court exclude all of the Plaintiff's untimely information and witnesses because such evidence violates both the Court's orders and the Federal Rules of Civil Procedure.

## II. OBJECTIONS

**A.  Objections to the Declaration of Dr. Goldstein**

| Testimony | Objection |
|---|---|
| ¶ 12 | Lack of personal knowledge (as to the individual knowledge of the one to two thousand dentists with whom Goldstein interacts)<br>• "The vast majority of the one to two thousand dentists with whom I interact through my practice and at these conferences understands that BruxZir identifies Glidewell as a source of the solid zirconia crown products."<br><br>Lack of personal knowledge (as to whether those same one to two thousand dentists ever use certain terms in their vocabulary)<br>• "In addition, the vast majority of these same dentists do not use the term BruxZir or 'bruxer' to refer generally to a solid zirconia crown."<br><br>(*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") |
| ¶ 13 | Hearsay (Fed. R. Evid. 802) (as to the following statement, which relies on hearsay:<br>• "I never heard either the speaker or dentists in the audience with whom I spoke |

| Testimony | Objection |
|---|---|
| | one-on-one after the lecture use the terms BruxZir or 'bruxer' crown in a generic sense to refer to solid zirconia crowns." <br><br> Dr. Goldstein is essentially testifying to the content of his conversations with others and what those others did or did not say. <br><br> He is using this out of court statement to prove the truth of the matter asserted in that those specific dentists did not use certain terms in conversation. |
| ¶ 15 | Hearsay (Fed. R. Evid. 802) (as to the following statement: <br> • "In my numerous discussions and interactions with four prosthodontists in my dental practice, they have all expressed to me an understanding or acknowledgement that the BruxZir mark identifies the source of a solid zirconia crown or material used to make solid zirconia crowns as sourced from Glidewell." |
| ¶ 16 | Lack of personal knowledge (as to the recognition/knowledge of the BruxZir mark in the minds of dentists, dental labs, and others in the dental industry) <br> • "BruxZir is a well-known and widely recognized brand name |

-3-

| Testimony | Objection |
|---|---|
| | for solid zirconia crowns among dentists, dental labs, and others in the dental industry. . ." <br> 6:25-26 <br><br> Lack of personal knowledge (as to Glidewell's brand recognition in the minds of other dentists– no survey was performed, and no foundation was laid for such an opinion) <br> • "Glidewell's brand recognition for its BruxZir solid zirconia crowns is as strong as any other dental product I have seen." <br> 6: 28 – 7:2 <br><br> Lack of personal knowledge (as to the strength of Glidewell's brand recognition in the minds of other dentists– no survey was performed, and no foundation was laid for such an opinion) <br> • "BruxZir is like Coca-Cola to dentists as it is a source identifier for products offered by the predominant supplier of solid zirconia crowns and material used to make solid zirconia crowns, and product branded under the BruxZir mark has a large market share in the dental industry." <br> 7:2 – 7:5 <br><br> (*See* Fed. R. Evid. 602) (" A witness may not testify to matter less |

-4-

| | Testimony | Objection |
|---|---|---|
| | | evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") |
| | ¶ 19 | Impermissible conclusion (as to the statement that a single Glidewell publication demonstrates wide recognition of the BruxZir solid zirconia crown). 8:18-19<br><br>Lack of personal knowledge (as to whether one publication demonstrates prevalence and wide recognition of the BruxZir solid zirconia crown).<br><br>(*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") |
| | ¶ 23 | Inconsistent with Interrogatory Responses # 7 & 23<br><br>Hearsay (Fed. R. Evid. 802) (as to the conversation between Fallon, Carlisle, and Dr. Le). |
| | ¶ 24 | Impermissible legal conclusion (in that Dr. Goldstein testifies that the BruxZir mark is a strong source identifier – essentially saying that it is a strong trademark (note that, unlike other places in his report, Dr. Goldstein does *not* say that BruxZir strongly identifies a source: strong modifies mark rather than source identifier). Dr. Goldstein is not qualified to be opining as to trademark law and the legal strength |

| Testimony | Objection |
|---|---|
| | of a mark. |
| ¶ 26 | Impermissible legal conclusion (as to the following statement:<br>• The actual confusion caused by these similarities is sufficient to overcome the subtle differences in the two marks in the 'buyer's mind' when the buyer makes the decision to purchase Keating's dental crowns under the KDZ Bruxer mark than if products marketed under the two marks were offered side by side, as is clearly evidenced in the communications between Fallon, Carlisle, and Dr. Le aforementioned.<br><br>Dr. Goldstein is not qualified to opine as to trademark law. |
| ¶ 28 | Inconsistent with the evidence. While a Keating employee did explain to Dr. Tobin that "BruxZir" was a proprietary name, it was never referenced as being source identifying. Proprietary is not synonymous with source-identifying and Goldstein is not qualified to be testifying as to trademark law. |

## III. CONCLUSION

Based upon the objections that Keating has made with respect to the above-identified portions of the Declaration of Dr. Ronald Goldstein, Keating respectfully requests that the Court strike and not consider the identified declaration and portions thereof in deciding Glidewell's motions for partial summary judgment.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 26, 2012        By: /s/ Lynda J. Zadra-Symes
                                    Lynda J. Zadra-Symes
                                    Jeffrey L. Van Hoosear
                                    David G. Jankowski

                                Attorneys for Defendant,
                                KEATING DENTAL ARTS, INC.

14381300
112012