Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.iankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No.<br>SACV11-01309-DOC(ANx)<br><br>**KEATING'S OBJECTIONS TO EVIDENCE SUBMITTED BY GLIDEWELL'S EMPLOYEE WITNESSES IN SUPPORT OF ITS MOTIONS FOR PARTIAL SUMMARY JUDGMENT**<br><br>Honorable David O. Carter |

# I. INTRODUCTION

Defendant Keating Dental Arts, Inc. ("Keating") hereby objects to the declarations of Glidewell employees Nicole Fallon, Jim Shuck, Rudy Ramirez, Dr. Michael DiTolla, Robin Carden, Robin Bartolo, and Keith Allred [Doc. 90]. The declaration portions and exhibits objected to, as outlined below, are inadmissible, and Keating requests that they not be considered as part of the record in deciding Glidewell's motions for partial summary judgment.

# II. OBJECTIONS

**A.     Objections to the Declaration of Nicole Fallon**

| | Testimony | Objection |
|---|---|---|
| 1. | Fallon Decl. ¶¶ 4-7, 9-10, and Exhibits 1-2. | Failure to Disclose (Fed. R. Civ. P. 37(c)). (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added). Glidewell did not disclose Nicole Fallon as an individual likely to have discoverable information that Glidewell may use to support its claims and/or defenses. Glidewell mentioned Ms. Fallon only in its response to Keating's Interrogatory No. 7 which was also referenced in its Answer to Interrogatory No. 12. In these answers, Glidewell did not |

-1-

| Testimony | Objection |
|---|---|
|  | provide any of the asserted facts to which Ms. Fallon is currently asserting despite Interrogatory requests by Keating for "the complete factual bases" for Glidewell's contentions of actual confusion (Jankowski Decl. [Doc. 91] Ex. 1 at 7-8, 10 (Interrogatory No. 12).) and an Interrogatory specifically requesting "all factual information relating to the alleged instance of confusion involving Dr. Jade Le's Dental Offices mentioned in Glidewell's answer to Interrogatory No. 7." (Jankowski Decl. [Doc. 91] Ex. 2 at 7 (Interrogatory No. 23).) Glidewell's entire response to Interrogatory No. 23 was, "An employee of Plaintiff randomly called Dr. Le's office to offer a discount on BRUXZIR Crowns and was asked whether the discount could apply to a previous order that had actually been submitted to Defendant for a KDZ Bruxer Crown." |

| Testimony | Objection |
|---|---|
|  | Hearsay (FRE 801, 802). All comments allegedly made by Ms. Carlisle and Dr. Le to Ms. Fallon are out of court statements offered to prove the truth of the matter asserted. |
|  | Despite purportedly being part of Glidewell's business records in existence since April 2012, Glidewell did not produce Exhibits 1 and 2 referenced in Ms. Fallon's declaration until Friday, November 16, 2012, several weeks after the close of discovery and three days before Glidewell filed its motion. (2nd Jankowski, Ex. 154.) Keating has had no opportunity to examine Ms. Fallon or other witnesses about these documents. |
|  | Ms. Fallon's testimony contradicts Glidewell's interrogatory responses Nos. 7, 12 and 23. |

B. <u>Objections to the Declaration of Jim Shuck</u>

| | Testimony | Objection |
|---|---|---|
| 1. | Shuck Decl. ¶ 11<br>Entire paragraph discussing email from Catherine Bonser (Exhibit 6) and opining on its meaning. | Hearsay (FRE 801, 802). The email from Ms. Bonser is an out of court statement offered to prove the truth of the matter asserted. Mr. Shuck's comments of what Ms. Bonser told him are also hearsay.<br><br>Lack of personal knowledge (FRE 602). Mr. Shuck has no personal knowledge of the meaning of Ms. Bonser's message, the methods used by Ms. Bonser, or the underlying information used to support the email's statements.<br><br>Improper Opinion Testimony (FRE 701, 702). Mr. Shuck is not qualified as an expert nor did he submit an expert report in this matter. His opinions as to Ms. Bonser's research are inadmissible. |
| 2. | Shuck Decl. ¶ 12<br>Entire paragraph regarding "a zirconia suppliers' report." | Best Evidence (FRE 1002). The best evidence is the March 2012 zirconia supplier's report. |

| | Testimony | Objection |
|---|---|---|
| | | Lack of Authentication (FRE 901). Mr. Shuck cannot authenticate an unidentified zirconia suppliers' report.<br><br>Hearsay (FRE 801, 802). Mr. Shuck's testimony is relying on an out of court statement offered to prove the truth of the matter asserted. |
| 3. | Shuck Decl. ¶ 30<br>"In addition, the BruxZir brand and BruxZir brand products have attracted substantial third party recognition in the form of, for example, laudatory articles." | Improper Opinion Testimony (FRE 701, 702). Mr. Shuck's opinion that the attached articles are "laudatory" articles by a "third party" is an improper opinion and not supported by the evidence. |
| 4. | Shuck Decl. ¶ 31<br>The entire paragraph regarding "scientific validation from various studies." | Best Evidence (FRE 1002). The best evidence of each test or study listed is the actual report of the test or study.<br><br>Improper Opinion Testimony (FRE 701, 702). Mr. Shuck improperly provides opinion testimony alleging |

| Testimony | Objection |
|---|---|
|  | the listed articles provide a "scientific validation" type of recognition of BruxZir crowns. |

### C. Objections to the Declaration of Rudy Ramirez

|  | Testimony | Objection |
|---|---|---|
| 1. | Ramirez Decl. ¶ 7<br>"Because Glidewell's BruxZir brand zirconia crowns have helped dentists stay in business, dentists want to see how Glidewell produces its BruxZir brand zirconia crowns and bridges." | Lack of Personal Knowledge (FRE 602). Mr. Ramirez does not have personal knowledge of what has helped dentists stay in business.<br><br>Improper Opinion Testimony (FRE 701, 702). Mr. Ramirez improperly provides opinion testimony on what helps dentists stay in business. |
| 2. | Ramirez Decl. ¶ 8<br>Everything after the first sentence. | Hearsay (FRE 801, 802). What dentists have "expressed" to Mr. Ramirez are out of court statements which are being offered to prove the truth of the matter asserted.<br><br>Improper Opinion Testimony (FRE 701, 702). Mr. Ramirez improperly provides opinion testimony on the impressions of dentists that visit Glidewell's lab. |

-6-

| | Testimony | Objection |
|---|---|---|
| | | Lack of Personal Knowledge (FRE 602). Mr. Ramirez does not have personal knowledge of the thoughts and beliefs of dentists that visit Glidewell's lab. |
| 3. | Ramirez Decl. ¶ 9 "I reinforce the dentists' already expressed awareness that the BruxZir mark is a brand or trademark that signifies that Glidewell Labs is the source of zirconia crowns and bridges marketed under that trademark . . ." | Improper Opinion Testimony (FRE 701, 702). Mr. Ramirez improperly provides opinion testimony on the issue of whether the BruxZir mark signifies Glidewell Labs as the source of BruxZir brand zirconia crowns.<br><br>Lack of Personal Knowledge (FRE 602). Mr. Ramirez does not have personal knowledge of the awareness of dentists that visit Glidewell's lab.<br><br>Hearsay (FRE 801, 802). The "expressed awareness" of dentists are out of court statements which are being offered to prove the truth of the matter asserted. |

D. **Objections to the Declaration of Michael C. DiTolla**

| | Testimony | Objection |
|---|---|---|
| 1. | DiTolla Decl. ¶ 6<br>"The articles and advertisements in *Chairside* consistently and prominently display the BruxZir brand in association with the Glidewell Labs name." | Best Evidence (FRE 1002). The best evidence is actual copies of *Chairside* magazine. |
| 2. | DiTolla Decl. ¶ 11<br>"The vast majority of the two to three thousand dentists I have interacted with regarding BruxZir have made statements to me indicating that they understand that BruxZir identifies Glidewell as the source of the crown products." | Hearsay (FRE 801, 802). Comments made by dentists to Dr. DiTolla are out of court statements offered to prove the truth of the matter asserted.<br><br>Contrary to previous testimony. When asked whether people in the industry liked the name BruxZir, Dr. DiTolla testified at deposition that:<br>  "I really can't speak for the industry. Most of the people who I deal with are clients who are dentists at Glidewell.<br>  "I seem to recall people -- yeah, dentists commenting on it favorably, but I think more important to them was the material itself. I think we got a lot more comments -- in fact, looking for that e-mail, I just noticed |

-8-

| | **Testimony** | **Objection** |
|---|---|---|
| | | comments from a dentist that he sent in today about those crowns. "So I don't think dentists concern themselves a lot with the marketing, per se. They're more concerned how the material's going to perform in the mouth, and there's certainly been a lot of positive comments about that." (Jankowski Decl. [Doc. 91] Ex. 4 (DiTolla Dep. Tr.) at 89:18-90:9.) |
| 3. | DiTolla Decl. ¶ 11 ". . . which support my conclusion that dentists understand that BruxZir identifies Glidewell as the source of the crown products." And "Based on the above, it is my opinion that the BruxZir name has attained in the minds of dentists a strong identifying source with Glidewell." | Improper Opinion Evidence (FRE 701, 702); F.R.C.P. 37(c) (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added). Glidewell did not identify Dr. DiTolla as an expert witness under Fed. R. Evid. 702 until minutes before the close of discovery on October 29, 2012 and after Keating had already taken Dr. DiTolla's deposition. This is not in accordance |

| | Testimony | Objection |
|---|---|---|
| | | with Fed. R. Evid. 26(a) and (e) and therefore Dr. DiTolla should not be allowed to testify as an expert in this case. |
| | | Contrary to Previous Testimony. When asked whether people in the industry liked the name BruxZir, Dr. DiTolla testified at deposition that: <br> "I really can't speak for the industry. Most of the people who I deal with are clients who are dentists at Glidewell. <br> "I seem to recall people -- yeah, dentists commenting on it favorably, but I think more important to them was the material itself. I think we got a lot more comments -- in fact, looking for that e-mail, I just noticed comments from a dentist that he sent in today about those crowns. <br> "So I don't think dentists concern themselves a lot with the marketing, per se. They're more concerned how the material's going to perform in the mouth, and there's certainly been a lot |

-10-

| | **Testimony** | **Objection** |
|---|---|---|
| | | of positive comments about that." (Jankowski Decl. [Doc. 91] Ex. 4 (DiTolla Dep. Tr.) at 89:18-90:9.) |
| 4. | DiTolla Decl. ¶ 12 "It is my opinion that "bruxer" is not a commonly used term in the dental field for crowns." | Improper Opinion Evidence (FRE 701, 702); F.R.C.P. 37(c) (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).<br><br>Glidewell did not identify Dr. DiTolla as an expert witness under Fed. R. Evid. 702 until minutes before the close of discovery on October 29, 2012 and after Keating had already taken Dr. DiTolla's deposition. This is not in accordance with Fed. R. Evid. 26(a) and (e) and therefore Dr. DiTolla should not be allowed to testify as an expert in this case. |
| 5. | DiTolla Decl. ¶ 14 "I know from my frequent discussions with dentists, including | Hearsay (FRE 801, 802). Comments made by dentists to Dr. DiTolla are out of court statements offered to |

-11-

| | Testimony | Objection |
|---|---|---|
| | many Glidewell customers, however, that the vast majority of dentists do not limit their use of BruxZir brand crowns to patients with bruxism, but instead use them in a variety of situations when hard and durable crowns are needed, such as for patients who have chipped or broken other porcelain restorations, or teeth with short clinical crowns where less than one millimeter of reduction is possible." | prove the truth of the matter asserted. Improper Opinion Evidence (FRE 701, 702); F.R.C.P. 37(c) (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added). Glidewell did not identify Dr. DiTolla as an expert witness under Fed. R. Evid. 702 until minutes before the close of discovery on October 29, 2012 and after Keating had already taken Dr. DiTolla's deposition. This is not in accordance with Fed. R. Evid. 26(a) and (e) and therefore Dr. DiTolla should not be allowed to testify as an expert in this case. |
| 6. | DiTolla Decl. ¶ 20 Entire paragraph. | Improper Opinion Evidence (FRE 701, 702); F.R.C.P. 37(c) (If a party fails to provide information or identify a witness as required by Rule |

| | | Testimony | Objection |
|---|---|---|---|
| | | | 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added). |
| | | | Glidewell did not identify Dr. DiTolla as an expert witness under Fed. R. Evid. 702 until minutes before the close of discovery on October 29, 2012 and after Keating had already taken Dr. DiTolla's deposition. This is not in accordance with Fed. R. Evid. 26(a) and (e) and therefore Dr. DiTolla should not be allowed to testify as an expert in this case. |
| | 7. | DiTolla Decl. ¶ 21<br>Entire paragraph | Improper Opinion Evidence (FRE 701, 702); F.R.C.P. 37(c) (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).<br><br>Glidewell did not identify Dr. |

-13-

| | Testimony | Objection |
|---|---|---|
| | | DiTolla as an expert witness under Fed. R. Evid. 702 until minutes before the close of discovery on October 29, 2012 and after Keating had already taken Dr. DiTolla's deposition. This is not in accordance with Fed. R. Evid. 26(a) and (e) and therefore Dr. DiTolla should not be allowed to testify as an expert in this case. |

### E. Objections to the Declaration of Robin Carden

| | Testimony | Objection |
|---|---|---|
| 1. | Carden Decl. ¶¶ 4, 5, 6 Portions of Mr. Carden's testimony include "my verbal presentation," "I explained," and "I emphasized". | Hearsay (FRE 801, 802). These portions of the declaration testify of out of court statements offered to prove the truth of the matter asserted. |
| 2. | Carden Decl. ¶ 7 Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Carden improperly provides opinion testimony regarding understandings of dentists and dental lab representatives.<br><br>Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on |

| | Testimony | Objection |
|---|---|---|
| | | hearsay evidence. |
| 3. | Carden Decl. ¶ 8<br>Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Carden improperly provides opinion testimony regarding understandings of dentists and dental lab representatives.<br><br>Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on hearsay evidence. |
| 4. | Carden Decl. ¶ 9<br>Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Carden improperly provides opinion testimony regarding understandings of dentists and dental lab representatives.<br><br>Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on hearsay evidence. |
| 5. | Carden Decl. ¶ 10<br>Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Carden improperly provides opinion testimony regarding understandings of dentists and dental lab representatives. |

| Testimony | Objection |
|---|---|
| | Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on hearsay evidence. |

### F. Objections to the Declaration of Robin Bartolo

| | Testimony | Objection |
|---|---|---|
| 1. | Bartolo Decl. ¶ 5<br>Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Bartolo improperly provides opinion testimony regarding understandings of dentists and dental lab representatives.<br><br>Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on hearsay evidence. |
| 2. | Bartolo Decl. ¶ 6<br>Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Bartolo improperly provides opinion testimony regarding understandings of dentists and dental lab representatives.<br><br>Hearsay (FRE 801, 802). The statements contained in this |

| | Testimony | Objection |
|---|---|---|
| | | paragraph are based entirely on hearsay evidence. |
| 3. | Bartolo Decl. ¶ 7<br>Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Bartolo improperly provides opinion testimony regarding understandings of dentists and dental lab representatives.<br><br>Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on hearsay evidence. |
| 4. | Bartolo Decl. ¶ 8<br>Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Bartolo improperly provides opinion testimony regarding understandings of dentists and dental lab representatives.<br>Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on hearsay evidence. |

**G.** **Objections to the Declaration of Keith Allred**

| | Testimony | Objection |
|---|---|---|
| 1. | Allred Decl. ¶¶ 16-25<br>Characterization of marks being | Improper Opinion Testimony (FRE 701, 702). Mr. Allred improperly |

-17-

| | Testimony | Objection |
|---|---|---|
| | "confusingly similar." | provides opinion testimony regarding whether various marks are "confusingly similar" to Glidewell's mark. |
| 2. | Allred Decl. ¶ 33<br>"Further, I do not believe the BruxZir mark is generic—I believe it is a distinctive mark. Nor has anyone at Glidewell indicated to me a belief that the BruxZir mark is generic." | Improper Opinion Testimony (FRE 701, 702). Mr. Allred improperly provides opinion testimony regarding whether the BruxZir mark is generic or distinctive. |

-18-

## III. CONCLUSION

Based upon the objections that Keating has made with respect to the above-identified portions of the Declarations of Nicole Fallon, Jim Shuck, Rudy Ramirez, Dr. Michael DiTolla, Robin Carden, Robin Bartolo, and Keith Allred, and the above-identified exhibits to Nicole Fallon's Declaration, Keating respectfully requests that the Court strike and not consider the identified declaration portions and exhibits in deciding Glidewell's motion for partial summary judgment.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 26, 2012   By: /s/ Lynda J. Zadra-Symes
    Lynda J. Zadra-Symes
    Jeffrey L. Van Hoosear
    David G. Jankowski

Attorneys for Defendant,
KEATING DENTAL ARTS, INC.

14381492