Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.Jankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, <br><br> Plaintiff, <br><br> v. <br><br> KEATING DENTAL ARTS, INC. <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx) <br><br> **KEATING'S OBJECTIONS TO EVIDENCE SUBMITTED BY GLIDEWELL'S DENTIST WITNESSES IN SUPPORT OF ITS MOTIONS FOR PARTIAL SUMMARY JUDGMENT** <br><br> Honorable David O. Carter |

## I. INTRODUCTION

Defendant Keating Dental Arts, Inc. ("Keating") hereby objects to Glidewell's Exhibits A-F & Exhibit Q, the Declarations of Drs. Gregory Doneff, Stuart R. Newman, Howard S. Cohen, Spencer D. Luke, Thomas E. Bell, Kent Toca, and Terence J. Michiels. The declaration portions objected to are inadmissible, and Keating requests that they not be considered as part of the record in deciding Glidewell's motions for partial summary judgment. For the sake of brevity, as all of the dentists' declarations follow the same general structure and are subject to the same objections, they will be addressed substantially simultaneously.

After this court denied Glidewell's motion to amend the scheduling order [DOC #], Glidewell has continued to produce information and witnesses in violation of F.R.C.P. 37(c). In its motions for summary judgment, Glidewell has relied on several witnesses (including Drs. Bell, Cohen, Doneff, Luke, Michiels, Newman, Toca) not previously identified in a timely served initial disclosure or discovery response.

Glidewell's actions are unacceptable and flagrantly disregard this Court's Order by attempting to go behind the Court's back to continue discovery and production.  F.R.C.P. 37(c) (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).

Therefore, Defendant respectfully requests that this Court exclude all of the Plaintiff's untimely information and witnesses because such evidence violates both the Court's Order and the Federal Rules of Civil Procedure.

## II. OBJECTIONS

### A. Objections to the Declarations of Drs. Bell, Cohen, Doneff, Luke, and Michiels, Newman, and Toca Submitted By Glidewell

| Testimony | Objection |
|---|---|
| The entirety of each of the following:<br>• Exhibit A: Declaration of Dr. Gregory Doneff<br>• Exhibit B: Declaration of Dr. Stuart R. Newman<br>• Exhibit C: Declaration of Dr. Howard S. Cohen<br>• Exhibit D: Declaration of Dr. Spencer D. Luke<br>• Exhibit E: Declaration of Dr. Thomas E. Ball<br>• Exhibit F: Declaration of Dr. Kent Toca<br>• Exhibit Q: Declaration of Dr. Terence J. Michiels | Witnesses not previously identified during discovery.<br>Improper "new" evidence not included in Plaintiff's Initial Disclosures or a timely served Amended Initial Disclosure and submitted in violation of this Court's denial of Plaintiff's *Ex Parte* Motion to Amend the Scheduling Order and F.R.C.P. 37(c). |
| ¶ 3 | Irrelevant (Fed. R. Evid. 402) (as to the following:<br>• Bell's reference to regularly speaking with other dentists about the quality of Glidewell's "BruxZir" crowns and bridges;<br>• Cohen's reference to speaking with other dentists in his community about Glidewell's "BruxZir" crowns and bridges;<br>• Doneff's reference to speaking with other dentists about |

| | Testimony | Objection |
|---|---|---|
| | | Glidewell's "BruxZir" crowns and bridges;<br>• Luke's reference to speaking with other dentists, including his own dentist, about Glidewell's "BruxZir" crowns and bridges;<br>• Michiel's reference to speaking with other dentists, including his father (an orthodontist) and several colleagues, about Glidewell's "BruxZir" crowns and bridges. |
| | ¶ 3 (Cohen) | Lack of personal knowledge (as to whether Glidewell pioneered the use of zirconia crowns) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") |
| | ¶ 4 | Hearsay (Fed. R. Evid. 802) (as to the following statement, made by Bell, Cohen, Doneff, Luke, and Michiels, which relies on hearsay:<br>• "through my various communications with other dentists, I am aware that other dentists have known, that the "BruxZir" mark is a brand or trademark that signifies a single source of zirconia crowns and bridges and zirconia material from which those products are made;<br>,<br>and as to the following statement, made by each dentist, which relies on |

-3-

| | Testimony | Objection |
|---|---|---|
| | | hearsay:<br>• through my various communications with other dentists, I am aware that other dentists have known, that the BRUXZIR mark is a brand or trademark associated with Glidewell Labs.<br><br>Lack of personal knowledge (as to the knowledge of other dentists) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").<br><br>Improper opinion by a lay witness. Fed R. Evid. 701.<br><br>Speculation (*See* Fed. R. Evid. 602); Lacks Foundation (*See* Fed. R. Evid. 602) |
| | ¶ 5 | Hearsay (Fed. R. Evid. 802) (as to the following statement, made by Bell, Cohen, Doneff, Luke, and Michiels, which relies on hearsay:<br>• "through my various communications with other dentists, I am aware that other dentists have known, that the "BruxZir" mark is a brand or trademark that signifies that Glidewell Labs was the source of a zirconia crown or bridge marketed under that trademark<br><br>Lack of personal knowledge (as to |

-4-

| Testimony | Objection |
|---|---|
| | the knowledge of other dentists) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")<br><br>Improper opinion by a lay witness. Fed R. Evid. 701.<br><br>Speculation (*See* Fed. R. Evid. 602); Lacks Foundation (*See* Fed. R. Evid. 602) |
| ¶ 6 | Hearsay (Fed. R. Evid. 802) (as to the following statement, made by Bell, Cohen, Doneff, Luke, and Michiels, which relies on hearsay:<br>• through my various communications with other dentists, I am aware that other dentists have known, that the, "BruxZir" Mark is a brand or trademark that signifies that Glidewell Labs was/is the source of zirconia material (from which zirconia crowns and bridges are made) marketed under that trademark<br><br>Lack of personal knowledge (as to the knowledge of other dentists) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")<br><br>Improper opinion by a lay witness. |

| Testimony | Objection |
|---|---|
|  | Fed R. Evid. 701.<br><br>Speculation (*See* Fed. R. Evid. 602); Lacks Foundation (*See* Fed. R. Evid. 602) |
| ¶ 7 | Hearsay (Fed. R. Evid. 802) (as to the following statement, made by Bell, Cohen, Doneff, Luke, and Michiels, which relies on hearsay:<br>• and the other dentists with whom I regularly communicate, use the term "bruxer" exclusively to refer to a person who suffers from bruxism; i.e., habitual and destructive grinding of the teeth and clenching of the jaw.<br><br>Lack of personal knowledge (as to the knowledge of other dentists) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")<br><br>Speculation (*See* Fed. R. Evid. 602); Lacks Foundation (*See* Fed. R. Evid. 602) |
| ¶ 8 | Hearsay/Conclusion Based on Hearsay (Fed. R. Evid. 802) (as to the following statement, made Bell, Doneff, Luke, which relies on hearsay:<br>• the terms "bruxer," "bruxer crown," "bruxzir," and "bruxzir crown" are not terms |

| Testimony | Objection |
|---|---|
| | that I, nor the dentists I communicate with, use to refer to zirconia crowns and bridges as a type or category of product generally. , and the following statement, made by Cohen, which relies on hearsay: <br> • the terms "bruxer," "bruxer crown" are not terms that I, nor the dentists I communicate with, use to refer to zirconia crowns and bridges as a type or category of product generally. <br><br> Lack of personal knowledge (as to the knowledge of other dentists) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") <br><br> Speculation (*See* Fed. R. Evid. 602); Lacks Foundation (*See* Fed. R. Evid. 602) <br><br> Hearsay/Conclusion Based on Hearsay (Fed. R. Evid. 802) (as to the following statement, made by Bell, which relies on hearsay: <br> • the dentists that I communicate with, use the terms "zirconia crowns," "all zirconia crowns," "full zirconia crowns," or "solid zirconia crowns." , as to the following statement, made by Cohen, which relies on hearsay: |

-7-

| Testimony | Objection |
|---|---|
| | • ". . . the dentists that I communicate with, use the term "solid zirconia crowns." Moreover, I and the dentists with whom I regularly communicate, do not use the term "BRUXZIR" or "BRUXZIR crown" to identify zirconia crowns other than those produced by Glidewell Labs or produced under the authorization of Glidewell Labs." , as to the following statement, made by Doneff, Luke & Michiels, which relies on hearsay: <br>• ". . . the dentists that I communicate with, use the terms "zirconia crowns," "all zirconia crowns," "monolithic zirconia crowns," "full zirconia crowns," or "solid zirconia crowns." <br><br>Lack of personal knowledge (as to the perennial word selection other dentists) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") <br><br>Speculation (*See* Fed. R. Evid. 602); Lacks Foundation (*See* Fed. R. Evid. 602) |

-8-

### III. CONCLUSION

Based upon the objections that Keating has made with respect to the above-identified Declarations of Drs. Gregory Doneff, Stuart R. Newman, Howard S. Cohen, Spencer D. Luke, Thomas E. Bell, Kent Toca, and Terence J. Michiels and portions of the same, Keating respectfully requests that the Court strike and not consider the identified declarations and portions thereof in deciding Glidewell's motion for partial summary judgment.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 26, 2012   By: /s/ Lynda J. Zadra-Symes
   Lynda J. Zadra-Symes
   Jeffrey L. Van Hoosear
   David G. Jankowski

Attorneys for Defendant,
KEATING DENTAL ARTS, INC.

14381521
112012