Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.iankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, | ) Civil Action No. ) SACV11-01309-DOC(ANx) |
| Plaintiff, | ) **STATEMENT OF GENUINE** ) **DISPUTES OF MATERIAL** ) **FACT IN SUPPORT OF** |
| v. | ) **KEATING'S OPPOSITION** ) **TO GLIDEWELL'S MOTION** |
| KEATING DENTAL ARTS, INC. | ) **FOR PARTIAL SUMMARY** ) **JUDGMENT AS TO** |
| Defendant. | ) **KEATING'S INVALIDITY** ) **DEFENSE AND** ) **COUNTERCLAIM** |
| AND RELATED COUNTERCLAIMS. | ) ) Honorable David O. Carter |

Pursuant to Local Rule 56-2, defendant Keating Dental Arts, Inc. ("Keating") hereby submits the following Statement of Disputes of Material Fact in Support of its Opposition to Plaintiff James R. Glidewell Dental Ceramics, Inc. dba Glidewell Laboratories' ("Glidewell") Motion for Partial Summary Judgment as to Invalidity Defense and Counterclaim, setting forth material facts as to which there is a genuine issue necessary to be litigated.

## I. <u>KEATING'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT</u>

Keating submits that material facts preclude partial summary judgment regarding its invalidity defense and counterclaim. Keating incorporates by reference its Statements of Uncontroverted Facts in support of its Motion for Summary Judgment Canceling Glidewell's Trademark Registration (Docket No. 87).

## II. <u>KEATING'S RESPONSE TO GLIDEWELL'S ALLEGED "UNCONTROVERTED FACTS"</u>

| Glidewell's Alleged Undisputed Facts | Keating's Response |
| --- | --- |
| 1. The BruxZir mark is a registered mark. Declaration of Keith Allred In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Allred Decl. ") ¶¶ 3-5; Exhibit 59 to the Appendix of Evidence in Support of James R. Glidewell Dental Ceramics, Inc.'s Motions for Summary Judgment. | UNDISPUTED |
| 2. The BruxZir mark was registered on the Principal Register on January | UNDISPUTED |

-1-

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 19, 2010, as Reg. No. 3,739,663. Allred Decl., ¶¶ 3-5; Exhibit 59 to Appendix of Evidence. | |
| 3. The United States Patent and Trademark Office ("PTO") issued the mark without requiring any showing of secondary meaning. Allred Decl., ¶¶ 3-5; Exhibit 60 to Appendix of Evidence. | UNDISPUTED |
| 4. In Keating's Petition for Cancellation, Keating admitted that the BruxZir mark is at least "merely descriptive of the goods set, forth in [Glidewell's] Registration." Petition for Cancellation, Dkt#58-1, at ¶5. | DISPUTED<br>Keating's argument in the alternative that BruxZir is generic—and if not generic then merely descriptive lacking secondary meaning— is not considered an admission under FRCP 8(d)(2)-(3). Alternative arguments are acceptable and do not constitute admissions. *Maloney v. Scottsdale Ins. Co.*, 256 Fed. Appx. 29, 31 (9th Cir. 2007). |
| 5. Robert Brandon, Keating's General Manager, admitted at deposition that, as of May 2011, the BruxZir mark ( a) was known to be "a specific trade name of a product" and (b) identified a product "made by Glidewell." October 16, 2012 | DISPUTED<br>Mr. Brandon's comment was directed to Keating's policy after this suit was filed of calling dentists who wrote "bruxzir" on their prescription forms. It did not relate to any action by Keating in May 2011 as Glidewell is |

| | Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|---|
| 1 | Deposition of Robert D. Brandon ("Brandon Depo."); 45:5- 49:2, attached Exhibit 84 to Appendix of Evidence. | now claiming. Mangum Decl., Ex 53 (Brandon Dep. Tr.), at 48:17-20. |
| 2 3 4 5 | | |
| 6 7 8 9 10 11 12 13 14 15 | 6. Brandon, who has been with Keating since February of 2003, was the person authorized to verify Keating's interrogatory responses. Brandon Depo at 13: 1 0-14, attached Exhibit 84 to Appendix of Evidence; Defendant's Responses to Plaintiffs First Set of Interrogatories Nos. 1-25, attached as Exhibits 81-82 to Appendix of Evidence. | UNDISPUTED |
| 16 17 18 19 20 21 22 23 24 25 | 7. Brandon admitted that Keating should have called a doctor, who had submitted a prescription form to Keating requesting BruxZir, to "clarify" whether the doctor "wanted the BruxZir, with a z, or if he wanted-Keating Dental Arts to produce the KDZ Bruxer crown." Brandon Depo at 47:17-22, attached Exhibit 84 to Appendix of Evidence. | UNDISPUTED |
| 26 27 | 8. Shaun Keating, Keating's founder and CEO, admitted that BruxZir is | DISPUTED Glidewell has taken Mr. Keating's |
| 28 | | |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| "Glidewell's name for their monolithic crown" and that the word is not "used in any other way in the industry." Keating ("Keating Depo."), at 114:18-115:5, attached Exhibit 85 to Appendix of Evidence. | statement out of context. When looked at in context it can be seen that his response related to the entire line of questions, not just the one immediately preceding it. When taken in context, it can be seen that Mr. Keating states that BruxZir is not seen by dentists as referring to Glidewell but rather to a "full contoured monolithic zirconia crown for bruxers." (Supp. Jankowski Decl., Exhibit 3). |
| 9.  [Dentist name redacted] sent Keating a prescription form requesting a "#3 -Bruxzur crown." In response, a Keating employee called [Dentist name redacted] and "explained thast [sic] it was a prepriotory [sic] name and does he want a keqting [sic] Bruxer." Exhibit 15, KDA3355, 3358, to Appendix of Evidence. | UNDISPUTED |
| 10. On March 8, 2012, [Dentist name redacted] sent Keating a prescription form requesting a "BruxZir crown." Exhibit 15, KDA3446, to Appendix of Evidence. | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 11. A few days later, on March 12, a Keating employee called [Dentist name redacted] and "let her know that the product they specified is a tradename from another lab."  Exhibit 15, at KDA3444, to Appendix of Evidence | UNDISPUTED |
| 12. Practicing dentists located throughout the country have testified that the BruxZir mark is not generic. Declaration of Gregory Doneff, D.D.S, In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Doneff Decl."); Declaration of Thomas E. Bell, D.M.D., In Support Of James R. Glidewell Dental Ceramics, Inc. 's Motion For Summary Judgment ("Bell Decl."); Declaration of Stuart R. Newman, D.D.S, In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Newman Decl."); Declaration of Spencer D. Luke, D.M.D., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary | DISPUTED AND INADMISSIBLE<br><br>BruxZir and its phonetic equivalent "bruxer" are used in the dental industry as a generic identifier for all zirconia crowns.<br><br>Eggleston Decl., Eggleston Decl., Ex. 65-67; Belton Decl.; Brady Decl.; Campbell Decl.; Colleran Decl.; Jacquinot Decl.; Murphy Decl.; Myers Decl.; Nussear Decl.; Richardson Decl.; Scott Decl.; Stephens Decl.; Sweet Decl.; Tobin Decl.; Frattura Decl.; Ex. A.<br><br>Hearsay (Fed. R. Evid. 802), The dentist testimony is an out of court statement offered to prove the truth of |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| Judgment ("Luke Decl."); Declaration of Howard S. Cohen, D.D.S., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Cohen Decl."); Declaration of Terence J. Michiels, D.D.S., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Michiels Decl."); Declaration of Kent J, Toca, D.D.S., In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Toca Decl."). | the matter asserted; Lacks Factual Foundation (FRE 602)<br><br>The entirety of the evidence cited by Glidewell in support of SUF 12 is inadmissible as outlined in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary Judgment (objections to dentist declarations Doneff, Bell, Newman, Luke, Cohen, Michiels and Toca) (filed herewith). The evidence was untimely and therefore under FRCP 37(c) should be excluded. |
| 13. Dr. Doneff testifies: "[s]ince learning about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009 and through the date of this declaration, I have known, and through various communications with other dentists, I am aware that other dentists have known, that the BRUXZIR mark is a brand or trademark that signifies a single source of zirconia crowns and bridges and the zirconia material from which those | DISPUTED AND INADMISSIBLE<br><br>The BruxZir mark does not signify a single source of zirconia crowns and bridges and the zirconia material from which those products are made. Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl, Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 137; Jankowski Decl., Ex. 6 (Allred Dep. |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| products are made. Since learning about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009 and through the date of this declaration, I have known, and through my various communications with other dentists, I am aware that other dentists have known, that the BRUXZIR mark is a brand or trademark associated with Glidewell Labs." This testimony of Dr. Doneffs is representative of the testimonies of Dr. Bell, Dr. Newman, Dr. Luke, Dr. Cohen, Dr. Michiels, and Dr. Toca.  Doneff Decl.,¶ 4; Bell Decl., ¶ 4; Newman Decl., ¶ 4; Luke Decl., ¶ 4; Cohen Decl., ¶ 4; Michiels Decl., ¶ 4; Toca Del. ¶ 4. | Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19; Eggleston Decl., Ex. 67, at 3:7 – 5:15.<br><br>Hearsay (Fed. R. Evid. 802), Doneff's testimony as to the statements and knowledge of other dentists is an out of court statement offered to prove the truth of the matter asserted; Speculation (FRE 602); and Lacks Factual Foundation (FRE 602)<br><br>The entirety of the evidence cited by Glidewell in support of SUF 13 is inadmissible as outlined in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary Judgment (objections to dentist declarations Doneff, Bell, Newman, Luke, Cohen, Michiels and Toca) (filed herewith). The evidence was untimely and therefore under FRCP 37(c) should be excluded. |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 14. Dr. Doneff also testifies that: "Both before and after September 2010, I, and other dentists with whom I regularly communicate, use the term "bruxer" exclusively to refer to a person who suffers from bruxism; i.e., habitual and destructive grinding of the teeth and clenching of the jaw. Both before and after September 2010, the terms "bruxer," "bruxer crown," "bruxzir," and "bruxzir crown" are not terms that I, nor the dentists I communicate with, use to refer to zirconia crowns and bridges as a type or category of product. I have never used any of these terms to refer to zirconia crowns or bridges as a type or category of product, and I have never heard any other dentist use any of those terms for that purpose. Rather, both before and after I learned about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009, when referring to zirconia crowns and bridges as a type or category of product generally, I, and the dentists | DISPUTED AND INADMISSIBLE<br><br>Many dentists in the industry refer to all-zirconia crowns as a "BruxZir," "bruxzir," or variations thereon. Eggleston Decl., Ex. 65 at 16-18; Ex. 66 at 3-7.<br><br>Hearsay (Fed. R. Evid. 802), Doneff's testimony as to the statements and knowledge of other dentists is an out of court statement offered to prove the truth of the matter asserted; Speculation (FRE 602); and Lacks Factual Foundation (FRE 602)<br>The entirety of the evidence cited by Glidewell in support of SUF 14 is inadmissible as outlined in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary Judgment (objections to dentist declarations Doneff, Bell, Newman, Luke, Cohen, Michiels and Toca) (filed herewith). The evidence was untimely and therefore under FRCP 37(c) should be excluded. |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| that I communicate with, use the terms "zirconia crowns," "all zirconia crowns," "monolithic zirconia crowns," "full zirconia crowns," or "solid zirconia crowns." This testimony of Dr. Doneff is representative of the testimonies of Dr. Bell, Dr. Newman, Dr. Luke, Dr. Cohen, Dr. Michiels, and Dr. Toca. Doneff Decl, ¶¶ 7-8; Bell Decl., ¶¶ 7-8; Newman Decl., ¶¶ 7-8; Luke Decl., ¶¶7-8; Cohen Decl., ¶¶ 7-8; Michiels Decl., ¶¶ 7-8; Toca Decl., ¶¶ 7-8. | |
| 15. Jim Shuck, Glidewell's Vice President of Sales and Marketing, and a thirty-six year veteran of the dental industry, testifies that "[t]he generic terms for a BruxZir brand crown are 'crown,' 'crown for bruxers,' or 'all zirconia crown.' I have also heard a 'solid zirconia crown,' and a 'full contour zirconia crown.' The term 'bruxir' is not used by Glidewell- or, to my knowledge, widely or generally used by anyone else - to refer to solid | DISPUTED<br><br>Many dentists in the industry refer to all-zirconia crowns as a "BruxZir," "bruxzir," or variations thereon. Eggleston Decl., Ex. 65 at 16-18; Ex. 66 at 3-7.<br><br>Hearsay (Fed. R. Evid. 802), Shuck's testimony as to the statements of other dentists is an out of court statement offered to prove the truth of the matter |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| zirconia crowns." Declaration of James Shuck In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Shuck Decl.") ¶ 14 | asserted; Speculation (FRE 602); and Lacks Factual Foundation (FRE 602) |
| 16. Dr. Michel DiTolla, Glidewell's Director of Clinical Education & Research, and a practicing dentist since 1988, testifies that he directly interacts with two to three thousand dentists per year, the vast majority of which "have made statements ... indicating that they understand that BruxZir identifies Glidewell as the source of the crown products." Declaration of Dr. Michel C. DiTolla In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("DiTolla Decl. ") ¶ 11 | DISPUTED<br><br>The BruxZir mark does not signify a single source of zirconia crowns and bridges and the zirconia material from which those products are made. Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 137; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19; Eggleston Decl., Ex. 67, at 3:7 – 5:15.<br><br>Hearsay (Fed. R. Evid. 802), DiTolla's testimony as to the statements and knowledge of other dentists is an out of court statement offered to prove the truth of the matter asserted; |

-10-

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
|  | Speculation (FRE 602); and Lacks Factual Foundation (FRE 602) |
| 17. Dr. DiTolla testifies, "when referring generally to a zirconia crown, dentists refer to the crown as a zirconia crown." DiTolla Decl. ¶ 11. | DISPUTED<br><br>Many dentists in the industry refer to all-zirconia crowns as a "BruxZir," "bruxzir," or variations thereon. Eggleston Decl., Ex. 65 at 16-18; Ex. 66 at 3-7.<br><br>Hearsay (Fed. R. Evid. 802), DiTolla's testimony as to the statements and knowledge of other dentists is an out of court statement offered to prove the truth of the matter asserted; Speculation (FRE 602); and Lacks Factual Foundation (FRE 602) |
| 18. Dr. DiTolla further testifies that, in his 24 years as a dentist, he has never used the term "bruxer" to commonly refer to crowns, and that he has never heard any of the thousands of dentists he interacts with each year use the term "bruxer" to commonly refer to | DISPUTED<br><br>"Bruxer" is used in the dental industry to refer to crowns.   Boatright Decl., Ex. A ¶ 51; Boatright Decl., Ex. A ¶ 27 (First video link); Eggleston Decl., Ex. 65, at 17:3-8; Eggleston Decl., Ex. |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| crowns.  DiTolla Decl. ¶ 12. | 119;    Eggleston   Decl.,   Ex.   108; Eggleston Decl., Ex. 120. <br><br> Hearsay (Fed. R. Evid. 802), DiTolla's testimony as to the statements and knowledge of other dentists is an out of court statement offered to prove the truth of the matter asserted; Speculation (FRE 602); and Lacks Factual Foundation (FRE 602) |
| 19. Dr. DiTolla opines that "'bruxer' is not a commonly used term in the dental field for crowns. Instead, the term 'bruxer' refers to an individual who suffers from bruxism (i.e. grinds his or her teeth)." DiTolla Decl. ¶ 12. | "Bruxer" is used in the dental industry to refer to crowns.  Boatright Decl., Ex. A ¶ 51; Boatright Decl., Ex. A ¶ 27 (First video link); Eggleston Decl., Ex. 65, at 17:3-8; Eggleston Decl., Ex. 119;   Eggleston   Decl.,   Ex.   108; Eggleston Decl., Ex. 120. <br><br> Hearsay (Fed. R. Evid. 802), DiTolla's testimony as to the statements and knowledge of other dentists is an out of court statement offered to prove the truth of the matter asserted; Speculation (FRE 602); and Lacks Factual Foundation (FRE 602) |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 20. Rudy Ramirez, Glidewell's General Manager of the Fixed Prosthodontics, testifies that each of the more than 100 dentists that he has personally guided on tours of Glidewell's production facility have "expressed ... their awareness that Glidewell is the source for zirconia crowns and bridges produced and marketed under the BruxZir mark." Declaration of Rudy Ramirez In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Ramirez Decl.") ¶ 6. | DISPUTED AND INADMISSIBLE<br><br>The entirety of Glidewell SUF ¶ 20 relies on inadmissible hearsay (Fed. R. Evid. 802)—Ramirez's testimony as to the statements and knowledge of other dentists is an out of court statement offered to prove the truth of the matter asserted; Speculation (FRE 602); and Lacks Factual Foundation (FRE 602) |
| 21. Robin Bartolo, Sales Manager for Glidewell Direct, who has actively participated in seventeen trade shows - attended by many thousands of dentists in total- since January of 2009, testifies that: "through [his] various communications with dentists and dental lab representatives at trade shows, [he is] aware that dentists and dental lab representatives generally are aware that the BruxZir mark is a brand | DISPUTED<br><br>The BruxZir mark does not signify a single source of zirconia crowns and bridges and the zirconia material from which those products are made. Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 137; |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| or trademark that signifies a single source of zirconia crowns and bridges and the zirconia material from which those products are made." Declaration of Robin Bartolo In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Bartolo Decl. ") ¶ 5. | Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19; Eggleston Decl., Ex. 67, at 3:7 – 5:15.<br><br>Hearsay (Fed. R. Evid. 802), Bartolo's testimony as to the statements and knowledge of dentists and dental lab representatives is an out of court statement offered to prove the truth of the matter asserted; Speculation (FRE 602); and Lacks Factual Foundation (FRE 602) |
| 22. Dr. Ronald Goldstein opines that "dentists do not refer to solid zirconia crowns as 'bruxers' or 'bruxer crowns,'" and that "dentists do not understand the mark BruxZir to refer to solid zirconia crowns from any source, but rather ... dentists understand the mark BruxZir to identify the source of solid zirconia crowns and material to make solid zirconia crowns - the solid zirconia crowns supplied by | DISPUTED AND INADMISSIBLE<br><br>The entirety of the evidence cited by Glidewell in support of SUF 14 is inadmissible as outlined in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary Judgment (objections to Goldstein's declaration) (filed herewith). The evidence was untimely and therefore under FRCP 37(c) |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| Glidewell." Declaration of Dr. Ronald Goldstein In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Goldstein Decl.") ¶ 9. | should be excluded.<br><br>The BruxZir mark does not signify a single source of zirconia crowns and bridges and the zirconia material from which those products are made. Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 137; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19; Eggleston Decl., Ex. 67, at 3:7 – 5:15. |
| 23. Professor David Franklyn opines that "Glidewell's BruxZir mark is not generic but rather is a suggestive mark, and that, in any event, the BruxZir trade mark has strong brand recognition amongst United States dentists as a unique source identifier for full zirconia dental crowns made by Glidewell."   Declaration of David | DISPUTED AND INADMISSIBLE<br><br>The entirety of the evidence cited by Glidewell in support of SUF 23 is inadmissible as outlined in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary Judgment (objections to Franklyn's declaration) filed herewith. |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| Franklyn In Support Of James R. Glidewell Dental Ceramics, Inc.'s Motion For Summary Judgment ("Franklyn Decl.") ¶ 71. | BruxZir is not suggestive, but rather is generic or at least highly descriptive because "Brux" describes the intended user and "Zir" describes zirconia and both of these are understood by dentists as such. Glidewell selected this name because it is descriptive of the user and material.

Mangum Decl., Ex. 50 (Shuck Dep. Tr.) at 41:1-13; *see also* Mangum Decl., Ex. 52 (Friebauer Dep. Tr.) at 72:1-4.; Jankowski Decl., Ex. 18; Ex. 4 (DiTolla Dep. Tr.) at 85:15-87:5; Mangum Decl., Ex. 52 (Friebauer Dep. Tr.) at 72:1-4; Jankowski Decl., Ex. 3 at 6; Eggleston Decl., Ex. 65 at 16-18; Ex. 66 at 3-7 ; (Belton Decl., ¶¶ 9-11; Brady Decl., ¶¶ 9-11; Campbell Decl., ¶¶ 10-12; Colleran Decl. ¶¶ 10-12; Jacquinot Decl., ¶¶ 9-10; Murphy Decl., ¶¶ 9-11; Myers Decl., ¶¶ 9-10; Nussear Decl., ¶¶ 9-11; Richardson Decl., ¶ 10-12; Scott Decl., ¶¶ 9-11; Stephens Decl., ¶¶ 10-12; Sweet Decl., ¶¶ 8-10; Tobin Decl., ¶¶ 9-11.) |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| | (Frattura Decl., ¶¶ 7-9, 18; Ex. A.)<br><br>The BruxZir mark has not achieved widespread recognition among dentists in the U.S. rather it is used as a generic term for all zirconia crowns.<br>Eggleston Decl., Eggleston Decl., Ex. 65-67; Belton Decl.; Brady Decl.; Campbell Decl.; Colleran Decl.; Jacquinot Decl.; Murphy Decl.; Myers Decl.; Nussear Decl.; Richardson Decl.; Scott Decl.; Stephens Decl.; Sweet Decl.; Tobin Decl.; Frattura Decl.; Ex. A. |
| 24. The BruxZir mark is a combination of "brux" and "zir." "Brux" suggests to relevant consumers (dentists) that BruxZir brand products are strong and durable, and are suitable for use in applications requiring superior strength and durability, such as for treating patients with bruxism.  Shuck Decl., ¶ 9; DiTolla Decl., ¶ 14; Ramirez Decl., ¶ 4; Goldstein Decl., ¶ 17; Franklyn Decl. ¶ 42. | DISPUTED<br><br>BruxZir is not suggestive, but rather is generic or at least highly descriptive because "Brux" describes the intended user and "Zir" describes zirconia and both of these are understood by dentists as such. Glidewell selected this name because it is descriptive of the user and material.<br>Mangum Decl., Ex. 50 (Shuck Dep. |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| | Tr.) at 41:1-13; *see also* Mangum Decl., Ex. 52 (Friebauer Dep. Tr.) at 72:1-4.; Jankowski Decl., Ex. 18; Ex. 4 (DiTolla Dep. Tr.) at 85:15-87:5; Mangum Decl., Ex. 52 (Friebauer Dep. Tr.) at 72:1-4; Jankowski Decl., Ex. 3 at 6; Eggleston Decl., Ex. 65 at 16-18; Ex. 66 at 3-7 ; (Belton Decl., ¶¶ 9-11; Brady Decl., ¶¶ 9-11; Campbell Decl., ¶¶ 10-12; Colleran Decl. ¶¶ 10-12; Jacquinot Decl., ¶¶ 9-10; Murphy Decl., ¶¶ 9-11; Myers Decl., ¶¶ 9-10; Nussear Decl., ¶¶ 9-11; Richardson Decl., ¶ 10-12; Scott Decl., ¶¶ 9-11; Stephens Decl., ¶¶ 10-12; Sweet Decl., ¶¶ 8-10; Tobin Decl., ¶¶ 9-11.) (Frattura Decl., ¶¶ 7-9, 18; Ex. A.)<br><br>Glidewell's SUF 24 relies on the inadmissible declarations of Goldstein and Franklyn, as objected to in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary Judgment (objections to Goldstein's declaration) and (objections to Franklyn's |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| | declaration) (filed herewith). Goldstein's evidence was untimely and therefore under FRCP 37(c) should be excluded. |
| 25. "Zir" suggests that the products comprise zirconia, a hard and durable material successfully used in dental products. Shuck Decl., ¶ 9; DiTolla Decl., ¶ 14; Ramirez Decl., ¶ 4; Goldstein Decl., ¶ 17; Franklyn Decl. ¶ 42. | DISPUTED<br><br>BruxZir is not suggestive, but rather is generic or at least highly descriptive because "Brux" describes the intended user and "Zir" describes zirconia and both of these are understood by dentists as such. Glidewell selected this name because it is descriptive of the user and material.<br>Mangum Decl., Ex. 50 (Shuck Dep. Tr.) at 41:1-13; *see also* Mangum Decl., Ex. 52 (Friebauer Dep. Tr.) at 72:1-4.; Jankowski Decl., Ex. 18; Ex. 4 (DiTolla Dep. Tr.) at 85:15-87:5; Mangum Decl., Ex. 52 (Friebauer Dep. Tr.) at 72:1-4; Jankowski Decl., Ex. 3 at 6; Eggleston Decl., Ex. 65 at 16-18; Ex. 66 at 3-7 ; (Belton Decl., ¶¶ 9-11; Brady Decl., ¶¶ 9-11; Campbell Decl., ¶¶ 10-12; Colleran Decl. ¶¶ 10-12; Jacquinot Decl., ¶¶ 9-10; Murphy |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| | Decl., ¶¶ 9-11; Myers Decl., ¶¶ 9-10; Nussear Decl., ¶¶ 9-11; Richardson Decl., ¶ 10-12; Scott Decl., ¶¶ 9-11; Stephens Decl., ¶¶ 10-12; Sweet Decl., ¶¶ 8-10; Tobin Decl., ¶¶ 9-11.) (Frattura Decl., ¶¶ 7-9, 18; Ex. A.)<br><br>Glidewell's SUF 25 relies on the inadmissible declarations of Goldstein and Franklyn, as objected to in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary Judgment (objections to Goldstein's declaration) and (objections to Franklyn's declaration) (filed herewith). Goldstein's evidence was untimely and therefore under FRCP 37(c) should be excluded. |
| 26. Multiple medical and dental dictionaries provide no definition for "bruxzir" (or for "bruxer").  DiTolla Decl., ¶ 12; Exhibit 75 to Appendix of Evidence. | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 27.      Keating's      advertisement introducing the KDZ Bruxer brand product states, under a large color photograph of several zirconia crowns and bridges, "Introducing the All-New KDZ Bruxer. The Best Full-Contour Zirconia   Restorations   Available." Exhibit 20, (KDA000854) to Appendix of Evidence. | UNDISPUTED |
| 28. The advertisement goes on to say that "KDZ Bruxer is the ideal combination of strength and esthetics for your posterior crowns and bridges." Exhibit 20 (KDA000854) to Appendix of Evidence. | UNDISPUTED |
| 29.     Drake    Precision    Laboratory advertises its zirconia crown using the mark ZIR-CAST.  Exhibit 23 (KDA-002448) to Appendix of Evidence. | UNDISPUTED |
| 30. Drake describes its product with such terms as "all-ceramic," "solid zirconia," "high translucency zirconia," "monolithic,"      "nonmetallic,"      etc. Exhibit    23    (KDA-002448)    to Appendix of Evidence. | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 31.  Keating's advertising materials demonstrate that Keating can, and does, describe its products using a variety of alternative words and phrases such as "dental zirconia," "medical grade zirconia ... for posterior single units and bridges," "full contour zirconia," "alternative to full-cast gold," "full contour zirconia restoration," "for patients who grind or lack preparation space or porcelain," etc.  Exhibit 16 (KDA 00843, 00851-00854) to Appendix of Evidence. | UNDISPUTED |
| 32. Prior to Glidewell's introduction of its BruxZir brand products, neither "bruxzir" nor "bruxer" had previously been used for the same or similar products.    DiTolla  Decl.,  ¶  17; Goldstein  Decl.,  ¶¶  12-14; Doneff Decl, ¶ 8; Bell Decl., ¶ 8; Newman Decl., ¶ 8; Luke Decl., ¶ 8; Cohen Decl. ¶ 8; Michiels Decl. ¶ 8; Toca Decl. ¶ 8. | DISPUTED

Several marks similar to "bruxzir" or "bruxer" have been used prior to Glidewell's introduction of its BruxZir brand products, including but not necessarily limited to: BRUX-EZE (1990),  BRUXGARD  (1999), BRUXGUARD (1999), BRUX-GARD (1999), BRUXCARE (2000), Request for Judicial Notice., Ex. F, G, H.

Glidewell's  SUF  32  relies  on  the |

-22-

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| | inadmissible declarations of Goldstein Doneff, Bell, Newman, Luke, Cohen, Michiels, and Toca, as objected to in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary Judgment (objections to Goldstein's declaration) and (objections to dentist declarations) (filed herewith). The evidence was untimely and therefore under FRCP 37(c) should be excluded. |
| 33. Actual purchasers associate the BurxZir mark with Glidewell. These include Doctors Doneff, Bell, Newman, Luke, Cohen, Michiels, and Toca. Doneff Decl, ¶¶ 3-6, 9-10; Bell Decl., ¶¶ 3-6, 9-10; Newman Decl., ¶¶ 3-6, 9- 10; Luke Decl., ¶¶ 3-6, 9-10; Cohen Decl., ¶¶ 3-6, 9-10; Michiels Decl., ¶¶ 3-6, 9-10; Toca Decl., ¶¶ 3-6, 9-10. | INADMISSIBLE

Glidewell cites to no admissible evidence that its BruxZir dental restoration products have received wide recognition or acclaim. Rather, dentists do not associate the name BruxZir with a dental restoration associated with Glidewell.

Eggleston Decl., Eggleston Decl., Ex. 65-67; Belton Decl., ¶¶ 9-11; Brady Decl., ¶¶ 9-11; Campbell Decl., ¶¶ 10-12; Colleran Decl. ¶¶ 10-12; Jacquinot |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| | Decl., ¶¶ 9-10; Murphy Decl., ¶¶ 9-11; Myers Decl., ¶¶ 9-10; Nussear Decl., ¶¶ 9-11; Richardson Decl., ¶ 10-12; Scott Decl., ¶¶ 9-11; Stephens Decl., ¶¶ 10-12; Sweet Decl., ¶¶ 8-10; Tobin Decl., ¶¶ 9-11.<br><br>The entirety of the evidence cited by Glidewell in support of SUF 33 is inadmissible as outlined in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary Judgment (objections to dentist declarations Doneff, Bell, Newman, Luke, Cohen, Michiels and Toca) (filed herewith). The evidence was untimely and therefore under FRCP 37(c) should be excluded. |
| 34. Dr. Doneff states: "Since learning about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009 and through the date of this declaration, I have known, and through various communications with other dentists, I am aware that other dentists | DISPUTED AND INADMISSIBLE<br><br>The BruxZir mark does not signify a single source of zirconia crowns and bridges and the zirconia material from which those products are made. Eggleston Decl., Ex 67 at 4:22 – 5:15; |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| have known, that the BRUXZIR mark is a brand or trademark that signifies that Glidewell Labs is the source of zirconia crowns and bridges marketed under that trademark." This testimony of Dr. Doneff is representative of the testimonies of Dr. Bell, Dr. Newman, Dr. Luke, Dr. Cohen, Dr. Michiels, and Dr. Toca.  Doneff Decl., ¶ 5; Bell Decl., ¶ 5; Newman Decl., ¶ 5; Luke Decl., ¶ 5; Cohen Decl., ¶ 5; Michiels Decl., ¶ 5; Toca Decl., ¶ 5. | Eggleston Decl., Ex. 136; Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 137; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19; Eggleston Decl., Ex. 67, at 3:7 – 5:15.<br><br>Hearsay (Fed. R. Evid. 802), Doneff's testimony as to the statements and knowledge of dentists is an out of court statement offered to prove the truth of the matter asserted; Speculation (FRE 602); and Lacks Factual Foundation (FRE 602)<br><br>The entirety of the evidence cited by Glidewell in support of SUF 34 is inadmissible as outlined in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary Judgment (objections to dentist declarations Doneff, Bell, Newman, Luke, Cohen, Michiels and |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| | Toca) (filed herewith). The evidence was untimely and therefore under FRCP 37(c) should be excluded. |
| 35. Dr. Doneff also states: "Since learning about Glidewell Labs's BRUXZIR brand zirconia crowns and bridges in 2009 and through the date of this declaration, I have often used the term BRUXZIR to identify zirconia crowns and bridges manufactured by Glidewell Labs, because I understand that the BRUXZIR mark is a brand or trademark that signifies that Glidewell Labs is the source of zirconia crowns and bridges marketed under that trademark." This testimony of Dr. Doneff is representative of the testimonies of Dr. Bell, Dr. Newman, Dr. Luke, Dr. Cohen, Dr. Michiels, and Dr. Toca. Doneff Decl., ¶ 9; Bell Decl., ¶9; Newman Decl., ¶ 9; Luke Decl., ¶ 9; Cohen Decl., ¶ 9; Michiels Decl., ¶ 9; Toca Decl., ¶ 9. | DISPUTED AND INADMISSIBLE<br><br>The entirety of the evidence cited by Glidewell in support of SUF 35 is inadmissible as outlined in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary Judgment (objections to dentist declarations Doneff, Bell, Newman, Luke, Cohen, Michiels and Toca) (filed herewith). The evidence was untimely and therefore under FRCP 37(c) should be excluded.<br><br>The BruxZir mark does not signify a single source of zirconia crowns and bridges and the zirconia material from which those products are made. Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 137; |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
|  | Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19; Eggleston Decl., Ex. 67, at 3:7 – 5:15. |
| 36. Dr. DiTolla testifies that he directly interacts with two to three thousand dentists per year, the vast majority of which "have made statements ... indicating that they understand that BruxZir identifies Glidewell as the source of the crown products. DiTolla Decl., ¶ 11. | DISPUTED AND INADMISSIBLE<br><br>The entirety of Glidewell SUF ¶ 36 relies on inadmissible hearsay (Fed. R. Evid. 802)—DiTolla's testimony as to the statements and knowledge of other dentists is an out of court statement offered to prove the truth of the matter asserted; Speculation (FRE 602); and Lacks Factual Foundation (FRE 602)<br><br><br>The BruxZir mark does not signify a single source of zirconia crowns and bridges and the zirconia material from which those products are made. Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| | 136; Eggleston Decl., Ex. 137; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19; Eggleston Decl., Ex. 67, at 3:7 – 5:15. |
| 37. Rudy Ramirez testifies that each of the more than 100 dentists that he has personally guided on tours of Glidewell's production facility have "expressed ... their awareness that Glidewell is the source for zirconia crowns and bridges produced and marketed under the BruxZir mark. " Ramirez Decl., ¶7. | DISPUTED AND INADMISSIBLE<br><br>The entirety of Glidewell SUF ¶ 37 relies on inadmissible hearsay (Fed. R. Evid. 802)—Ramirez's testimony as to the statements and knowledge of dentists is an out of court statement offered to prove the truth of the matter asserted; Speculation (FRE 602); and Lacks Factual Foundation (FRE 602)<br><br><br>The BruxZir mark does not signify a single source of zirconia crowns and bridges and the zirconia material from which those products are made. Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| | 136; Eggleston Decl., Ex. 137; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19; Eggleston Decl., Ex. 67, at 3:7 – 5:15. |
| 38. Robin Bartolo, who has actively participated in seventeen trade shows - attended by many thousands of dentists in total- since January of 2009, testifies that: "through [his] various communications with dentists and dental lab representatives at trade shows, [he is] aware that dentists and dental lab representatives generally are aware that the BruxZir mark is a brand or trademark that signifies a single source of zirconia crowns and bridges and the zirconia material from which those products are made." Bartolo Decl., ¶ 5. | DISPUTED AND INADMISSIBLE

The entirety of Glidewell SUF ¶ 37 relies on inadmissible hearsay (Fed. R. Evid. 802)—Bartolo's testimony as to the statements and knowledge of dentists and dental lab representatives is an out of court statement offered to prove the truth of the matter asserted; Speculation (FRE 602); and Lacks Factual Foundation (FRE 602)

The BruxZir mark does not signify a single source of zirconia crowns and bridges and the zirconia material from which those products are made. Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| | 136; Eggleston Decl., Ex. 137; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19; Eggleston Decl., Ex. 67, at 3:7 – 5:15. |
| 39. As part of the initial launch, Glidewell sent direct mail pieces for dentists, mailed samples of BruxZir brand products to current customers, sent email blasts to 125,000 dentists through the American Dental Association's dentist listing, produced and posted educational videos online, and announced continuing education programs for the product.  Shuck Decl., ¶ 7. | UNDISPUTED |
| 40. Since the introduction of BruxZir brand products, Glidewell has consistently and regularly advertised the brand, in association with the Glidewell Labs name, in a wide variety of ways, including via the company's website (www.bruxzir.com) and blog, press releases, patient and doctor | DISPUTED

Keating does not dispute that the BruxZir mark has been widely advertised however the undisputed evidence establishes that it is not necessarily advertised in association with Glidewell Labs. Jankowski Decl., |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| education brochures, videos, advertisements in dental publications, direct mailers, email blasts, and trade shows.  Shuck Decl., ¶ 20; Exhibits 9-14, 17-19, 21-22, and 24-25 to the Appendix of Evidence. | Ex 11 at 3-6; Jankowski Decl., Ex. 10 at 1-32; Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 137; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19; Eggleston Decl., Ex. 67, at 3:7 – 5:15; Boatright Decl., Ex. A ¶¶ 27,51; Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 224:13 – 226:6; Eggleston Decl., Ex. 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19; |
| 41.      BruxZir.com received approximately 289,210 unique page views between October 2009 and November 2012, with 78% of this volume from U.S. traffic.      Shuck Decl., ¶ 21. | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 42. Glidewell regularly and consistently advertises the BruxZir brand product line in dental industry publications, including *ADA News, Chairside Magazine, Dental Economics, Dental Lab Reports, Dentaltown, Dental Tribune, Dentistry Today, Inclusive Magazine,* the *Journal of Dental Technology,* and *Lab Management Today.* Shuck Decl., ¶ 22; DiTolla Decl., ¶¶ 6-7; Exhibits 21-22 to the Appendix of Evidence. | UNDISPUTED |
| 43. Glidewell consistently sends out e-mail blasts approximately quarterly to U.S. dentists and dental laboratories, advertising Glidewell's BruxZir branded product line. Shuck Decl., ¶ 23. | UNDISPUTED |
| 44. These e-mail blasts are sent to Glidewell's internal e-mail list, which contains approximately 24,000 dentists, and to the American Dental Association's e-mail list, which has about 89,000 dentists. Shuck Decl., ¶ 23. | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 45. Glidewell consistently conducts quarterly direct mail advertising for BruxZir branded crowns. For this direct mail advertising, Glidewell uses a list, purchased from the American Dental Association, of approximately 125,000 dentists. Shuck Decl., ¶ 24. | UNDISPUTED |
| 46. Glidewell personnel regularly and consistently attend dozens of trade shows and conventions per year around the country. Shuck Decl., ¶ 26. | UNDISPUTED |
| 47. At these conventions and trade shows, which are attended by, in the aggregate, thousands of dentists, Glidewell consistently and prominently displays the BruxZir brand, in association with the Glidewell Labs name, in a wide variety of contexts, including on the booth, the signage, in brochures, takeaways, and product displays and demonstrations. Shuck Decl., ¶ 26. | UNDISPUTED |
| 48. As part of Glidewell's marketing efforts for the BruxZir brand, Glidewell's Director of Clinical | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| Education and Research, Dr. DiTolla, made a series of educational videos in 2009 and 2010, and he made a compendium of all videos with a new introduction in 2011.  Shuck Decl., ¶ 27; DiTolla Decl., ¶¶ 4-5; Exhibit 73 to the Evidence of Appendix. | |
| 49. The videos explain and illustrate various features and benefits of BruxZir brand products, and prominently feature the BruxZir brand in association with the Glidewell Labs name. Shuck Decl., ¶ 27. | DISPUTED<br><br>Keating disputes Glidewell's use of the word "prominently" as being vague.<br><br>This is improper fact witness opinion testimony. (FRE 701) |
| 50. The videos are publicly available on Glidewell's website and YouTube channel, and the video pages have had approximately 30,000 unique page views between October 2009 and November 2012. Shuck Decl., ¶ 27. | UNDISPUTED |
| 51. Glidewell personnel, including Dr. DiTolla and Robin Carden (Vice President of Research and Development) regularly publish articles and give presentations that | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| prominently feature the BurxZir brand in association with the Glidewell Labs name.  Shuck Decl., ¶¶ 28-29; DiTolla Decl., ¶¶ 4-10; Carden Decl., ¶¶ 3-6, 11-15; Exhibits 21-22, 24-25, 53-57, 67, and 73 to the Appendix of Evidence. | |
| 52. The BruxZir brand and BruxZir brand products have garnered substantial third party recognition in the form of, for example, awards and laudatory press coverage.  Shuck Decl., ¶¶ 30-36; Carden Decl., ¶ 15; Exhibits 26-38, and 41-45 to the Appendix of Evidence. | DISPUTED<br><br>While Keating recognizes that Glidewell has been recognized by third parties in the form of awards and press coverage, the use of "substantial" is vague and therefore disputed. |
| 53. Glidewell's total marketing expenses for the BruxZir brand product line from June 2009 through June 2012 are approximately [Sales data redacted], which represents approximately 12% of .Glidewell's overall marketing budget. Shuck Decl., ¶¶ 38-41; Exhibit 46 to the Appendix of Evidence. | UNDISPUTED |
| 54. Of this figure, approximately two thirds, or [Sales data redacted], was | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| directed to advertising and marketing BruxZir brand finished crowns and bridges.   Shuck Decl., ¶¶ 38-41; Exhibit 46 to the Appendix of Evidence. | |
| 55. Glidewell's extensive promotion of the BruxZir mark has been successful in cementing in the minds of dentists a strong association between the mark and Glidewell as the source of BruxZir brand dental restoration products.   Doneff Decl., ¶¶ 3-4, 10; Bell Decl., ¶¶ 3-4, 10; Newman Decl., ¶¶ 3-4, 10; Luke Decl., ¶¶3-4, 10; Cohen Decl., ¶¶ 3-4, 10; Michiels Decl., ¶¶ 3-4, 10; Toca Decl., ¶¶ 3-4, 10. | DISPUTED AND INADMISSIBLE

The entirety of the evidence cited by Glidewell in support of SUF 34 is inadmissible as outlined in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary Judgment (objections to dentist declarations Doneff, Bell, Newman, Luke, Cohen, Michiels and Toca) (filed herewith). The evidence was untimely and therefore under FRCP 37(c) should be excluded.

The BruxZir mark does not signify a single source of zirconia crowns and bridges and the zirconia material from which those products are made. Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| | Decl., Ex. 136; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 137; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19; Eggleston Decl., Ex. 67, at 3:7 – 5:15. |
| 56. Glidewell has consistently used the BruxZir mark for crowns and bridges for over three years, since the launch of the product line in 2009.   Shuck Decl., ¶¶ 19-29; Exhibits 8-14, 17-19,21-22, and 24-25 to the Evidence of Appendix. | UNDISPUTED |
| 57.    Glidewell    has    extensively promoted the mark in a wide variety of . communication channels.   Shuck Decl., ¶¶ 19-29; Exhibits, 8-14, 17-19,21-22, and 24-25 to the Evidence of Appendix . | UNDISPUTED |
| 58. Glidewell has ensured that the BruxZir mark is widely promoted in association with the Glidewell Labs name.   Shuck Decl., ¶¶ 13, 19-29; DiTolla, ¶¶ 4-10; Exhibits 7-14, 17- | DISPUTED<br><br>Keating does not dispute that the BruxZir mark has been widely advertised however the undisputed |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 19,21-22, 24-25, and 73 to the Evidence of Appendix. | evidence establishes that it is not necessarily advertised in association with Glidewell Labs.<br><br>The BruxZir mark does not signify a single source of zirconia crowns and bridges and the zirconia material from which those products are made. Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex 67 at 4:22 – 5:15; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 136; Eggleston Decl., Ex. 137; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 141:10 – 143:8; Jankowski Decl., Ex. 5 (Bartolo Dep. Tr.), at 178:11-22, 135:11 – 134:19; Eggleston Decl., Ex. 67, at 3:7 – 5:15. |
| 59.   This   sustained   activity   has effectively   reached   the   relevant consumers (dentists) and caused them to associate the BruxZir mark with the source of BruxZir products, Glidewell. Doneff Decl., ¶¶ 3-4, 10; Bell Decl., ¶¶ 3-4, 10; Newman Decl., ¶¶ 3-4, 10; Luke Decl., ¶¶ 3-4, 10; Cohen Decl., | DISPUTED AND INADMISSIBLE<br><br>The entirety of the evidence cited by Glidewell in support of SUF 59 is inadmissible as outlined in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary   Judgment   (objections   to |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| ¶¶ 3-4, 10; Michiels Decl., ¶¶ 3-4, 10; Toca Decl., ¶¶ 3-4, 10. | dentist declarations Doneff, Bell, Newman, Luke, Cohen, Michiels and Toca) (filed herewith). The evidence was untimely and therefore under FRCP 37(c) should be excluded. |
| | Glidewell has not submitted any admissible evidence regarding the effect of its advertising the BruxZir mark on the relevant consumers. Contrary to Glidewell's contention that its advertising has caused them to associate the mark BruxZir with Glidewell, the relevant consumers (dentists) use the term BruxZir generically for an all zirconia crown. BruxZir is used in the dental industry as a generic identifier for all zirconia crowns. Eggleston Decl., Eggleston Decl., Ex. 65-67; Belton Decl.; Brady Decl.; Campbell Decl.; Colleran Decl.; Jacquinot Decl.; Murphy Decl.; Myers Decl.; Nussear Decl.; Richardson Decl.; Scott Decl.; Stephens Decl.; Sweet Decl.; Tobin Decl.; Frattura Decl.; Ex. A. |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 60. As discussed in Professor Franklyn's declaration, the BruxZir mark does not exist in a crowded field of similar marks. Franklyn Decl., ¶ 46. | DISPUTED AND INADMISSIBLE<br><br>The BruxZir mark exists in a crowded field of similar marks. Eggleston Decl., Ex. 121, 114, 122, 124, 125, 126, 123, 129, 135, 130, 131, 127, 128, 132, 133, 134; Jankowski Ex. 99, 103, 109, 112, 119, 43, 101, 96, 93, 31, 28, 27.<br><br>The entirety of the evidence cited by Glidewell in support of SUF 60 is inadmissible as outlined in Keating's Objections To Evidence Submitted With Glidewell's Motions For Partial Summary Judgment (objections to Franklyn's declaration) filed herewith. |
| 61. It is Glidewell's policy and practice to actively protect its mark by, for example, sending cease and desist letters to competitors using confusingly similar marks. Allred Decl., ¶¶ 11-26; Exhibits 62-69 to the Appendix of Evidence. | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 62. Glidewell is a leading provider of dental restoration products to dentists. Shuck Decl., ¶ 4. | UNDISPUTED |
| 63. Among the products that Glidewell sells are dental crowns and bridges. Shuck Decl., ¶ 4. | UNDISPUTED |
| 64. A crown is a type of dental restoration product that completely caps a tooth. Shuck Decl., ¶ 4. | UNDISPUTED |
| 65. It is typically bonded to the tooth using dental cement or resin. Shuck Decl., ¶ 4. | UNDISPUTED |
| 66. In the past, crowns were principally fashioned either from gold (which has favorable tensile characteristics but is considered aesthetically unappealing by many people) or from porcelain veneers fused to a metal casting (which is aesthetically appealing but tends to crack when subjected to heavy pressure or grinding). Shuck Decl., ¶ 5. | UNDISPUTED |
| 67. More recently, dental laboratories began to fashion crowns made of a veneer fused or adhered to a hard | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| ceramic such as zirconia.  Shuck Decl., ¶ 5. | |
| 68. However, these crowns too tended to crack when subjected to heavy grinding.  Shuck Decl., ¶ 5. | UNDISPUTED |
| 69.  Beginning in 2005, Glidewell began developing a new type of crown, a solid zirconia crown.  Carden Decl., ¶ 2. | UNDISPUTED |
| 70.  The advantages of this new monolithic zirconia (or "full contour zirconia") crown were that it would be extremely hard - sufficiently hard to be used in applications requiring a material with high tensile and compressive' strength, including treating patients with "bruxism," a parafunctional activity in which a person repeatedly and habitually grinds his teeth - and that it could be milled from a block of zirconia based on a digital representation of the patient's mouth.  Shuck Decl., ¶ 9. | UNDISPUTED |
| 71. The disadvantage was that zirconia is an unattractive material, due to its | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| extreme whiteness and lack of translucency.  Shuck Decl., ¶ 10. | |
| 72.  Ultimately, Glidewell partially overcame the aesthetic challenges of the material, devising a process for fabricating a full contour zirconia crown that was sufficiently appealing that it could be used in a variety of applications.  Shuck Decl., ¶ 10. | UNDISPUTED |
| 73. In early 2009, Glidewell conceived the name for its new line of monolithic zirconia dental restoration products: BruxZir.  Shuck Decl., ¶3; September 25, 2012 Deposition of Jim Shuck ("Shuck Depo."); 15:21-16:8, attached Exhibit 83 to Appendix of Evidence. | UNDISPUTED |
| 74. The name was chosen in large part because it suggested the primary characteristics of the product: that it was sufficiently strong and durable to be used in a variety of applications, including treating patients with bruxism ("Brux"), and that the material from which the crown was fashioned is zirconia ("Zir").  Shuck Decl., ¶ 9. | DISPUTED<br><br>The evidence shows that the name BruxZir was chosen because it describes (rather than suggests) the intended user and its composition of zirconia. (Mangum Decl., Ex. 50 (Shuck Dep. Tr.) at 41:1-13; *see also* (Mangum Decl., Ex. 52 (Friebauer Dep. Tr.) at 72:1-4.), (Jankowski |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| | Decl., Ex. 18; Ex. 4 (DiTolla Dep. Tr.) at 85:15-87:5.) (Mangum Decl., Ex. 52 (Friebauer Dep. Tr.) at 72:1-4.) (Jankowski Decl., Ex. 3 at 6.) |
| 75. The product line was launched under the BruxZir mark in June 2009. Shuck Decl., ¶ 7; Shuck Depo. at 15:21-16:8, attached Exhibit 83 to Appendix of Evidence. | UNDISPUTED |
| 76. Since its introduction in 2009, the BruxZir line of restoration products (primarily dental crowns and bridges) has been phenomenally popular, generating nearly [Sales data redacted] in revenue from July 2009 through September 2012.  Shuck Decl., ¶¶ 40-41; Exhibit 46 to the Appendix of Evidence. | UNDISPUTED |
| 77.  Glidewell has promoted the product line heavily, investing nearly [Sales data redacted] in advertising its products under the BruxZir mark from June 2009 to June 2012.  Shuck Decl., ¶ 39. | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 78. Glidewell applied to register the BruxZir mark on June 7, 2009 for use in connection with dental bridges, dental caps, dental crowns, dental inlays, dental onlays, and dental prostheses.  Allred Decl., ¶ 3; Exhibits 59-60 to the Appendix of Evidence. | UNDISPUTED<br>However, Glidewell's statement regarding the filing date is incorrect. Glidewell filed to federally register a trademark in the mark BRUXZIR on June 17, 2009. Boatright Decl., Ex. B. |
| 79. The BruxZir mark was registered on the Principal Register on January 19, 2010, as Reg. No. 3,739,663. Allred Decl., ¶¶ 4-5; Exhibits 59-60 to the Appendix of Evidence. | UNDISPUTED |
| 80. As noted on the registration for the BruxZir mark, the class of goods and services is "Dental bridges; Dental caps; Dental crowns; Dental inlays; Dental onlays; Dental prostheses." Allred Decl., ¶¶ 3-5; Exhibit 59 to the Appendix of Evidence. | UNDISPUTED |
| 81. Glidewell also applied to register the BruxZir mark in connection with another class of goods – dental ceramics - on May 27, 2011; Keating filed an opposition to that application on December 7, 2011, and the case is currently suspended in the Trademark | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| Trial and Appeal Board pending the outcome of this action. Allred Decl., ¶¶ 7-8; Exhibit 61 to the Appendix of Evidence. | |
| 82. In May 2011, after nearly two years of massive advertising and promotional activity by Glidewell under its BruxZir mark, Keating began to offer competing full contour zirconia dental crowns and bridges under the brand "KDZ Bruxer." Shuck Decl., ¶ 15. | DISPUTED<br><br>While Keating does not dispute that Glidewell engaged in advertising efforts for its BruxZir products, the use of "massive" is vague in this context in relation to advertising and promotional activity. |
| 83. Keating's product competes directly with Glidewell's BruxZir product - the products are offered to the same universe of consumers (dentists) through the same marketing channels (e.g., Internet, direct mail, ads in dental industry journals) and at similar price points ($99 v. $139). Shuck Decl., ¶¶ 16, 19-29; Exhibits 8-14, 17-19,21-22, and 24-25 to the Evidence of Appendix. | DISPUTED<br><br>Keating's KDZ Bruxer crowns are sold at a price 40% higher than that of Glidewell's BruxZir crowns. This is not comparable. Glidewell SUF 83. |
| 84. In a sampling of 22 dentists identified by Keating as KDZ Bruxer customers, nine - i.e., 41%- were | UNDISPUTED |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| former Glidewell BruxZir customers. Ramirez Decl. ¶ 9; Defendant's Third Amended Initial Disclosures, attached as Exhibit 88 to the Appendix of Evidence. | |

## III.  KEATING'S RESPONSE TO GLIDEWELL'S CONCLUSIONS OF LAW

Keating objects to Glidewell's conclusions of law as argumentative and as misapplying the applicable Federal law as it relates to the scale of distinctiveness (i.e. generic, descriptive, suggestive, and arbitrary) and the considerations of genericness and descriptiveness at issue in this case.  The appropriate standards with the most pertinent supporting case law are identified by Keating in its Memorandum in Support of its pending Motion For Summary Judgment Cancelling Glidewell's Trademark Registration (Docket No. 85).

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: Nov. 26, 2012          By: /s/ David G. Jankowski
                                                  Lynda J. Zadra-Symes
                                                  Jeffrey L. Van Hoosear
                                                  David G. Jankowski

Attorneys for Plaintiff,
KEATING DENTAL ARTS, INC.

14379798

-47-