Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.iankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx)<br><br>**SECOND DECLARATION OF DAVID G. JANKOWSKI IN SUPPORT OF KEATING DENTAL ARTS, INC.'S OPPOSITIONS TO GLIDEWELL'S MOTIONS FOR SUMMARY JUDGMENT OF INFRINGEMENT**<br><br>Date: December 17, 2012<br>Time: 8:30 a.m.<br>Location: Courtroom 9D<br><br>Honorable David O. Carter |

I, David G. Jankowski, hereby declare as follows:

I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP and am counsel of record for Defendant Keating Dental Arts, Inc. ("Keating"). I have personal knowledge of the matters set forth herein. If called upon to testify, I could and would testify competently to them.

### A. Glidewell's Prescription Form

1. Attached as **Exhibit 138** is a true and correct copy of a two-page document produced in this case by Glidewell, entitled "Universal Rx."

### B. Glidewell's Initial Disclosures

2. Attached as **Exhibit 139** is a true and correct copy of Glidewell Laboratories ("Glidewell") Initial Disclosures, dated December 5, 2011, and executed by Glidewell's original litigation counsel, Leonard Tachner.

3. Attached as **Exhibit 140** is a true and correct copy of Glidewell Laboratories ("Glidewell") First Amended Initial Disclosures, dated October 29, 2012, and executed by Glidewell's new litigation counsel, Philip Graves.

### C. Glidewell's Response to Keating's Second Set of RFPs

4. Attached as **Exhibit 141** is a true and correct copy of an excerpt from Glidewell's Responses to Keating's Second Set of Requests for Production of Documents (Nos. 29–49), dated October 10, 2012.

### D. Keating's Attempt To Discover Ms. Bonser's "Brand Research"

5. Attached as **Exhibit 142** is a true and correct copy of a Notice of Subpoena for testimony directed to Catherine Bonser, dated September 28, 2012, including a copy of the subject subpoena. On Friday, October 19, 2012, I spoke with Mr. Shawn Leppo, an attorney at McNees Wallace & Nurick LLC, acting on behalf of Ms. Bonser in connection with the subpoena. During our conversation Mr. Leppo informed me that Ms. Bonser would not be voluntarily appearing to provide testimony for any party in connection with the present

-1-

lawsuit.

6. Attached as **Exhibit 143** is a true and correct copy of a Notice of Subpoena for documents directed to Dentsply International, dated September 28, 2012, including a copy of the subject subpoena and its associated requests for production. On Friday, October 19, 2012, I spoke with Mr. Leppo, acting on behalf of Dentsply International in connection with the subpoena. Mr. Leppo informed me that he had not yet investigated the existence of documents in the possession, custody, or control of Dentsply that would be responsive to the subpoena.

7. Attached as **Exhibit 144** is a true and correct copy of an electronic mail message that I received on Friday, October 19, 2012 from Mr. Leppo writing on behalf of his clients Dentsply International and Ms. Bonser.

**E.     Keating's Deposition Transcript**

8. Attached as **Exhibit 145** is a true and correct copy of an excerpt from the transcript of the deposition of Shaun Keating dated October 18, 2012.

**F.     Glidewell's Late Night Submissions The Night Of Discovery Cutoff**

9. Attached as **Exhibit 146** is a true and correct copy of an electronic mail message that I received from Christopher Pinzon of Snell & Wilmer, Glidewell's new litigation counsel, at 11:48 p.m. on Monday, October 29, 2012. The email included as an attachment a pdf copy of Glidewell's First Amended Disclosures (attached hereto as Exhibit 140).

10. Attached as **Exhibit 147** is a true and correct copy of an electronic mail message that I received from Mr. Pinzon of Snell & Wilmer at 11:51 p.m. on Monday, October 29, 2012. The email included as an attachment a pdf copy of an Expert Disclosure of Michael DiTolla.

11. Attached as **Exhibit 148** is a true and correct copy of an electronic mail message that I received from Mr. Pinzon of Snell & Wilmer at 11:53 p.m. on Monday, October 29, 2012. The email included as attachments pdf copies of

(1) a report from David Franklyn rebutting Dr. David Eggleston (attached hereto as Exhibit 150); (2) a report from David Franklyn rebutting Lori Boatright (attached hereto as Exhibit 151); and (3) a report from Dr. Ronald Goldstein (attached hereto as Exhibit 152).

### G. Expert Reports and Transcript

12. Attached as **Exhibit 149** is a true and correct copy of the Expert Report of David J. Franklyn dated September 17, 2012.

13. Attached as **Exhibit 150** is a true and correct copy of the (untimely) Rebuttal Report of David J. Franklyn in Response to Defendant's Expert Dr. David Eggleston, dated October 29, 2012.

14. Attached as **Exhibit 151** is a true and correct copy of the (untimely) Rebuttal Report of David J. Franklyn in Response to Defendant's Expert Lori Boatright, dated October 29, 2012.

15. Attached as **Exhibit 152** is a true and correct copy of the (untimely) Expert Report of Dr. Ronald Goldstein dated October 29, 2012.

16. Attached as **Exhibit 153** is a true and correct copy of the transcript of the deposition of David Franklyn dated October 12, 2012.

### H. Fallon "Corroboration" Document Produced After the Close of Discovery

17. Attached as **Exhibit 154** is a true and correct copy of an email I received from William Hsu of Snell & Wilmer on November 16, 2012, attaching a document bates numbered GDC00002444-2446. The attachment corresponds to the documents filed with the Court as Exhibits 1 and 2 to Glidewell's Appendix of Evidence.

### I. Exhibits to Bartolo Deposition

18. Attached as **Exhibit 155** is a true and correct copy of a document marked as Exhibit 93 at the deposition of Robin Bartolo on October 23, 2012.

19. Attached as **Exhibit 156** is a true and correct copy of a document

-3-

1  marked as Exhibit 97 at the deposition of Robin Bartolo on October 23, 2012.

2      20.    Attached as **Exhibit 157** is a true and correct copy of a document
3  marked as Exhibit 98 at the deposition of Robin Bartolo on October 23, 2012.

4      21.    Attached as **Exhibit 158** is a true and correct copy of a document
5  marked as Exhibit 99 at the deposition of Robin Bartolo on October 23, 2012.

**J.  Meet and Confer Letter**

22. Attached as **Exhibit 159** is a true and correct copy of a letter I received from Philip Graves, counsel for Glidewell, on November 6, 2012. This letter does not reference any intent by Glidewell to file a summary judgment dismissing Keating's affirmative defenses of estoppel, unclean hands and fair use. I do not recall any discussion of Glidewell challenging Keating's affirmative defenses during my meet and confer telephone call with Mr. Graves on November 8, 2012 on the topic of Glidewell's proposed motions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 26, 2012, in Irvine, California.

                                */s/ David G. Jankowski*
                                David G. Jankowski

14398990