LEONARD TACHNER, A PROFESSIONAL LAW CORPORATION
Leonard Tachner, Esq. (State Bar No. 058436)
17961 Sky Park Circle, Suite 38-E
Irvine, California 92614-6364
(949) 752-8525 Telephone
(949) 955-2415 Telefax

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. DBA GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>Defendant. | Case No. SACV11-01309-DOC(ANx)<br><br>**PLAINTIFF'S INITIAL DISCLOSURES UNDER F.R.C.P. RULE 26(a)(1)(A)** |

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Plaintiff hereby discloses that it may rely on the following witnesses who are likely to have discoverable information in regard to Plaintiff's claims in this Action:

Jim Shuck – Vice President Sales and Marketing (Glidewell Labs) regarding sales and marketing of the products bearing the trademark;

Michael Cash – Marketing (Glidewell Labs) regarding sales and marketing of the products bearing the trademark;

Rudy Ramirez – Restorations (Glidewell Labs) regarding strength of the trademark;

EXHIBIT 139
-7-

1. Dr. Michael DiTolla – D.D.S. (Glidewell Labs) regarding strength of the trademark;
2. Catherine Bonser – Business Unit Manager (Dentsply Intl) regarding industry recognition of the trademark;
3. Robin Carden – Senior Director Research & Development (Glidewell Labs) regarding industry recognition of the trademark;
4. Wolfgang Friebauer – Director Research & Development & Education (Glidewell Labs) regarding likelihood of public confusion and damages resulting from Defendant's infringement;
5. Robin Bartolo – (Glidewell Labs) regarding likelihood of public confusion and damages resulting from Defendant's infringement;
6. Various employees and officers of Defendant Keating Dental Arts based upon a disclosure of names and job functions to be discovered from information served by Defendant in this Action regarding infringement and selection of Defendant's trademark and the resulting damages to the Plaintiff.

In accordance with said Rule, Plaintiff may rely on the following documents to support its claims in this Action:

1) 2 pages of List of Semifinal Candidates for 2012 DrBicuspid Dental Excellence Awards BRUXZIR® material as Best New Material;

2) 2-page Article entitled "Anterior BruxZir® Solid zirconia Crown" dated September 13, 2011 by Michael D. DiTolla, D.D.S.;

3) 2-page Article entitled "Gordon Christensen on BruxZIR® – From Dental Economics dated April 13, 2011;

4) 2-page Ad from Acutech Dental Milling Center regarding BruxZir® Solid Zirconia restorations;

5) 3-page Ad from DAL Dental Arts Laboratory regarding BruxZir® Solid Zirconia restorations;

6) 1-page Article from Keller Laboratories regarding BruxZir® Zirconia Crowns;

7) 3-page Article/Ad from Somer Dental Labs regarding BruxZir® crowns;

8) 3-page Article regarding Anterior BruxZir® solid zirconia crowns by Michael DiTolla, D.D.S. from Dental Economics;

9) 2-page Article entitled "BruxZir® Vs. PFM: New Zirconia Vs. Old Tried And True";

10) 1-page Article entitled "Tosoh Recognizes BruxZIR®" dated February 2011 from Inside Dental Technology, Vol. 2, Issue 2;

11) 2-page Press Release from MobileTek Dental Labs regarding BruxZir® Solid Zirconia restorations;

12) 1-page Article regarding Whip Mix/Glidewell partnership for BruxZir® zirconia restorations;

13) 2-page Article entitled "Moving To Monolithic" from Inside Dental Technology January, 2011, Vol. 2, Issue 1;

14) 4-page Article from LabPages regarding CEREC® and noting BruxZir® Solid Zirconia;

15) 2-page Article from Substructures entitled "Glidewell Dental Lab Introduces BruxZir® Solid Zirconia Crowns and Bridges";

16) 3-page Article entitled "Crowns And Fixed Prostheses: State Of The Art";

17) 2-page List of Authorized BruxZir® Laboratories;

18) Various Glidewell BruxZir® advertisements and various Keating KDZ Bruxer advertisements;

19) 1-page graph of monthly sales of BruxZir® vs PFM by Glidewell from June '09 to October '11;

20) Communication from Catherine Bonser to Jim Shuck regarding: Recognition of BruxZir® Brand.

Plaintiff expressly reserves the right to rely on witnesses and documents and things not listed herein and which may become known through discovery during the course of this Action to supplement these disclosures pursuant to

F.R.C.P. Rule 26(e). Plaintiff does not currently have sufficient information to compute any categories of damages claimed in this Action.

The undersigned counsel certified under F.R.C.P. 26(g) that, after reasonably inquiry and to the best of his knowledge, the disclosures contained above are accurate and complete as of the present time.

Respectfully submitted,

/Leonard Tachner/
Leonard Tachner
Attorney for the Plaintiff
17961 Sky Park Circle
Suite 38-E
Irvine, California 92614

Dated: December 5, 2011

(949) 752-8525 Telephone
(949) 955-2415 Telefax