```
1  Lynda J. Zadra-Symes (SBN 156,511)
   Lynda.Zadra-Symes@kmob.com
2  Jeffrey L. Van Hoosear (SBN : 147,751)
   Jeffrey.VanHoosear@kmob.com
3  David G. Jankowski (SBN : 205,634)
   David.Jankowski@kmob.com
4  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street
5  Fourteenth Floor
   Irvine, CA 92614
6  Phone: (949) 760-0404
   Facsimile: (949) 760-9502
7
   Attorneys for Defendant/Counter-Plaintiff,
8  KEATING DENTAL ARTS, INC.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, | ) Civil Action No.<br>) SACV11-01309-DOC (ANx)<br>) |
|---|---|
| Plaintiff/Counter-defendant, | ) **KEATING DENTAL ARTS, INC.'S**<br>) **NOTICE OF SUBPOENA TO** |
| v. | ) **DENTSPLY INTERNATIONAL** |
| KEATING DENTAL ARTS, INC. | ) **INC. FOR PRODUCTION OF**<br>) **DOCUMENTS** |
| Defendant/Counter-Plaintiff. | ) |
| | ) Honorable David O. Carter |
| AND RELATED COUNTERCLAIM. | ) |

EXHIBIT 143
-45-

1  TO JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba
2  GLIDEWELL LABORATORIES AND TO ITS ATTORNEYS OF RECORD:
3  PLEASE TAKE NOTICE that, pursuant to Rules 34(c) and 45 of Federal
4  Rules of Civil Procedure, at Defendant Keating Dental Arts, Inc. hereby
5  demands by subpoena, a copy of which is attached hereto as Exhibit 1, the
6  production or inspection of documents from:
7  Dentsply International, Inc.
8  221 W. Philadephia Street
9  York, PA 17401
10  (800) 877-0020
11  The documents are to be produced on October 15, 2012, at Shinkowski
12  Investigations, 4511 Jonestown Rd., 2nd Floor, Harrisburg, PA 17109

14  KNOBBE, MARTENS, OLSON & BEAR, LLP

17  Dated: September 28, 2012  By: _____
        Lynda J. Zadra-Symes
18      Jeffrey L. Van Hoosear
        David G. Jankowski
19
        Attorneys for Plaintiff,
20      Keating Dental Arts, Inc.

- 1 -

EXHIBIT 143
-46-

# EXHIBIT 1

**EXHIBIT 143**
-47-

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.  SACV11-01309-DOC (ANx) |
| KEATING DENTAL ARTS, INC. ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Central District of California        ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Dentsply International, Inc., 221 W. Philadelphia Street, York, PA  17401, (800) 877-0020

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: Shinkowsky Investigations, 4511 Jonestown Rd., 2nd Floor, Harrisburg, PA 17109 | Date and Time: 10/15/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___09/28/2012___

| *CLERK OF COURT* | OR | *David G. Jankowski* |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Keating Dental Arts, Inc.
_____ , who issues or requests this subpoena, are:

David G. Jankowski, KNOBBE, MARTENS, OLSON & BEAR, LLP, 2040 Main Street, Fourteenth Floor, Irvine, CA 92614.  (949) 760-0404

**EXHIBIT 143**
-48-

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. SACV11-01309-DOC (ANx)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**EXHIBIT 143**
-49-

Case 8:11-cv-01309-DOC-AN   Document 125-6   Filed 11/26/12   Page 6 of 14   Page ID #:4942

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
  (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
  (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT 143**

-51-

# EXHIBIT A

**EXHIBIT 143**

# EXHIBIT A

Pursuant to Federal Rules of Civil Procedure 34 and 45, Keating Dental Arts, Inc. requests production of the documents and things identified below.

## DEFINITIONS

1.   The terms "You and "Your" shall mean DENTSPLY International and any principal, officer, director, employee, former employee, servant, agent, attorney, or other representative acting on its behalf, and shall include any predecessor in interest, successor, subsidiary, affiliate, or division thereof.

2.   The term "Glidewell" shall mean James R. Glidewell Dental Ceramics, Inc. d/b/a Glidewell Laboratories, and any present or former officer, director, member, employee, servant, agent, attorney or other representative acting on its behalf, and shall include any parent, subsidiary, division, predecessor, successor affiliate, and/or divisions thereof.

3.   The term "Litigation" refers to *James R. Glidewell Dental Ceramics, Inc. d/b/a Glidewell Laboratories v. Keating Dental Arts, Inc.*, Civil Action No. SACV11-01309 DOC (ANx) that is pending in the United States District Court for the Central District of California.

4.   The term "document" shall mean all writings, recordings, and photographs within the scope of Rule 1001 of the Federal Rules of Evidence or Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation

written, printed, typed, electronically stored, magnetically stored, optically stored, and visually or aurally reproduced material of any kind, whether or not privileged. The term "document" shall include both the original of a document and all distinct copies thereof, including without limitation copies that are distinct due to the presence of notes made on or attached to the document.

5.  The terms "relating to" or "relate to" mean concerning, referring to, describing, evidencing, comprising, constituting, supporting, or tending to negate.

## INSTRUCTIONS

1.  If You claim that any documents or things requested are privileged, produce all documents or things falling within the scope of the Request which are not privileged, and identify each document or thing, separately, with respect to which You claim a privilege, and state (a) the basis on which the privilege is claimed; (b) the author or creator of the document or thing; (c) each individual or other person to whom the document, copy thereof or thing was sent or otherwise disclosed; and (d) the date of the document.

2.  If appropriate, some or all of the documents produced in response to this subpoena may be designated as Confidential or Highly Confidential pursuant to the Confidentiality Order that has been entered in the Litigation. A copy of the Confidentiality Order entered by the Court in the Litigation is included as **Appendix 2** to these Requests for Production.

2

**EXHIBIT 143**

-53-

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All written communications between You and Glidewell from January 1, 2010 to the present that relate to Glidewell's BRUXZIR product, including but not limited to the electronic mail message dated November 18, 2011 from Catherine Bonser to Jim Shuck attached as **Appendix 1** to these Requests for Production.

### REQUEST FOR PRODUCTION NO. 2:

All brand research reports created by You, or on Your behalf, from January 1, 2010 to the present, that relate to fixed products brands with dentists and dental lab technicians, including but not limited to all written reports associated with the "9 fixed materials brands" research referenced by Ms. Bonser in the email attached as Appendix 1.

### REQUEST FOR PRODUCTION NO. 3:

All brand research data acquired by You, or on Your behalf, from January 2010 to the present, that relate to fixed products brands with dentists and dental lab technicians, including but not limited to all data associated with the "9 fixed materials brands" research referenced by Ms. Bonser in the email attached as Appendix 1.

## REQUEST FOR PRODUCTION NO. 4:

All written agreements between You and Glidewell from January 1, 2010 to the present, including but not limited to agreements relating to Glidewell's BRUXZIR product.

## REQUEST FOR PRODUCTION NO. 5:

All documents relating to the Litigation.

14059517

**EXHIBIT 143**

-55-

-55-

# APPENDIX 1

EXHIBIT 143
-56-

**Keith Allred**

| | |
|---|---|
| **From:** | Jim Shuck |
| **Sent:** | Monday, November 28, 2011 9:13 AM |
| **To:** | Keith Allred |
| **Subject:** | FW: Question for you... |

FYI...

-----Original Message-----
From: Bonser, Catherine [mailto:Catherine.Bonser@dentsply.com]
Sent: Saturday, November 26, 2011 11:59 AM
To: Jim Shuck
Subject: FW: Question for you...

Greetings Jim,

For some reason this email was in my spam folder. I went in to clean out the folder today and found your note, hence the delay in my response.

Here is some top line information for you. The brand research was fielded in June 2010 and reported in August 2010. We tested fixed products brands with Dentists and Dental Lab technicians.

Amongst a list of 9 fixed materials brands (porcelain, zirconia, and HSG materials)

Dental Labs:  13.7% of respondents stated they had ever used and 31.4% were familiar with the BruxZir Brand  (overall ranking 8th out of 9)
Dentists:     26.3% of respondents stated they had ever used and 66.4% were familiar with the BruxZir Brand (overall ranking was 4 out of 9)

I remember being impressed at the time that after essentially being in the market for 6+ months at the time the study was fielded you had achieved this level of recognition and particularly with the dentists vs. many other well established brands.  The lab rating at the time wasn't surprising because your focus was on dentists and not yet on the lab network you have now established.  With dentists the key attributes were strength and durability (#2) and Product gives me a distinctive advantage (#1).

Hope this helps.

Regards,

Cathy

Catherine  A. Bonser
Business Unit Manager, Digital Product Solutions DENTSPLY International 570 W. College Avenue York PA 17405-0872

Phone               1-717-849-4510
Cell phone          1-717-487-0011
E-mail:             catherine.bonser@dentsply.com

==========================================================================================
This message contains confidential information intended only for the use of the addressee(s) named above and may contain information that is legally privileged. If you are not the addressee, or the person responsible for delivering it to the addressee, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited. If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message immediately thereafter. Thank you.



GL 187
(page 1 of 1)

**EXHIBIT 143**

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California. I am readily familiar with the firm's business practices for the collection and processing of correspondence for mailing, and that mail so processed will be deposited the same day during the ordinary course of business.

On September 28, 2012, I caused the within KEATING DENTAL ARTS, INC.'S NOTICE OF SUBPOENA TO DENTSPLY INTERNATIONAL INC. FOR PRODUCTION OF DOCUMENTS to be served on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows:

***Via Electronic and First Class Mail:***

Leonard Tachner, Esq.
LEONARD TACHNER, A Professional Law Corp.
17961 Sky Park Circle, Suite 38-E
Irvine, CA 92614-6364
Email: ltachner@aol.com

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2012 at Irvine, California.

_____
Claire A. Stoneman

14061713
092812

**EXHIBIT 143**
-58-