Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.iankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx)<br><br>**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN SUPPORT OF KEATING'S OPPOSITION TO GLIDEWELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE TRADEMARK MISUSE, UNFAIR COMPETITION, UNCLEAN HANDS, FAIR USE, AND ESTOPPEL**<br><br>Honorable David O. Carter |

Pursuant to Local Rule 56-2, defendant Keating Dental Arts, Inc. ("Keating") hereby submits the following Statement of Disputes of Material Fact in Support of its Opposition to Plaintiff James R. Glidewell Dental Ceramics, Inc. dba Glidewell Laboratories' ("Glidewell") Motion for Partial Summary Judgment re Trademark Misuse, Unfair Competition, Unclean Hands, Fair Use and Estoppel, setting forth material facts as to which there is a genuine issue necessary to be litigated.

## I. KEATING'S RESPONSE TO GLIDEWELL'S ALLEGED "UNCONTROVERTED FACTS"

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 1. Total sales of BruxZir brand finished crowns and bridges from July 2009 through September 2012 equaled approximately $119,507,608.13. Declaration of Jim Shuck, Exhibit G to the Appendix of Evidence ("Shuck Decl.") ¶ 41 | UNDISPUTED |
| 2. Glidewell applied to register the BruxZir mark in June of 2009 in connection with "Dental Bridges; Dental Caps; Dental Crowns; Dental Inlays; Dental Onlays; [and] Dental Prostheses." Declaration of Keith Allred, Exhibit L to the Appendix of Evidence ("Allred Decl.") ¶ 3, Ex. 60 | UNDISPUTED |

-1-

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| 3. The registration of the BruxZir mark was granted in January of 2010. Allred Decl. ¶ 4, Exs. 59, 60. | UNDISPUTED |
| 4. Keating sells zirconia dental crowns and bridges to dentists. Keating's Second Amended Answer ("SAA") ¶¶ 42-43. | UNDISPUTED |
| 5. Glidewell has identified several marks using the terms "Brux" or "Bruxer" in connection with solid-zirconia dental restoration products as confusingly similar to the BruxZir mark, and sent several cease and desist letters to the companies offering products or services under those marks. Allred Decl. ¶ 12, 14-26, Exs. 48-51, 62-66, 68, 69. | DISPUTED  Glidewell's claim that it has identified several confusingly similar marks is an incorrect and improper legal conclusion and not a statement of fact. [Fed. R. Evid. 701] |
| 6. Glidewell's general policy is to request that the infringer change its mark to something not confusing with the BruxZir mark. Alternatively, the infringer can become an Authorized Lab and begin using the BruxZir mark instead of the potentially confusing mark. | DISPUTED  Glidewell's claim that it has identified infringers of its mark is an incorrect and improper legal conclusion and not a statement of fact. [Fed. R. Evid. 701] Infringement is a legal determination for the court, not for Glidewell.  Glidewell is using its cease and desist letters to coerce labs into becoming an "authorized" lab by selling Glidewell's |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| | product instead of their own competing product. (Jankowski Decl., Ex. 19.) |
| 7. To become an authorized BruxZir lab, the offending party must use the BruxZir mark, as opposed to the confusingly similar mark, and it must purchase BruxZir milling blanks to use in fabricating BruxZir dental crowns and bridges. Declaration of Robin Bartolo, Exhibit K to the Appendix of Evidence ("Bartolo Decl.") ¶ 11. | DISPUTED<br><br>Confusing similarity is a legal determination for the finder of fact. Therefore, to become an authorized lab the requirement is that one cease using the mark which *Glidewell itself* has decided to be unacceptable. Glidewell SUF ¶ 7. |
| 8. Glidewell has only enforced its BruxZir mark against companies offering solid zirconia dental restoration products—i.e. direct competitors of Glidewell. Allred Decl. ¶ 14, Exs. 48-51, 62-66, 68, 69. | UNDISPUTED |
| 9. Examples of marks that Glidewell has deemed infringing when used in connection with zirconia dental restoration products, and for which Glidewell sent cease and desist letters, are: BRUXZIR, FULL ZIRCONIA (BRUXZIR), ZIR-BRUXER CROWN, Z-BRUX , R-BRUX, | UNDISPUTED |

-3-

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| BRUXER ALL ZIRCONIA, BRUXER ALLZIRCONIA CROWN, BRUX CROWN, FULL SOLID BRUXER ZIRCONIA, and BRUXER. Allred Decl. ¶¶ 14-25, Exs. 48-51, 62-66, 68, 69. | |
| 10. In each of the above examples, Glidewell resolved the infringement claim short of litigation. Allred Decl. ¶ 11. | DISPUTED<br><br>In at least one case, Keating made the lab believe that litigation had been initiated in order to resolve the matter, however, Glidewell's assertions to the lab were untrue. Jankowski Decl., Ex. 24; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 217:14 – 225:16. |
| 11. Glidewell owns the BruxZir mark. Allred Decl. ¶ 6, Ex. 59-60. | DISPUTED<br>While Keating does not dispute that Glidewell owns a trademark registration for the BruxZir mark, Keating does not admit that it is a valid mark or registration. (Docket 87-1 ¶¶ 39-78.) |
| 12. Glidewell uses the BruxZir mark in connection with other products as well, including milling blanks and various pieces of lab equipment used in the manufacture of dental restoration products. The BruxZir mark is not registered in connection with these products. At the deposition of Keith Allred, Glidewell's in-house counsel, | UNDISPUTED |

-4-

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| Keating's attorney confronted Allred with two instances on Glidewell's website where Glidewell used the ® symbol in connection with milling blanks and lab equipment. Allred Decl. ¶¶ 7, 27, Exs. 70-71. | |
| 13. Glidewell has also located and produced to Keating a copy of an email blast that was sent to Glidewell customers that used the ® symbol in connection with a BruxZir brand milling system. Allred Decl. ¶ 28, Ex. 72. | UNDISPUTED |
| 14. The usages of the ® symbol in Exhibits 70 - 72 were inadvertent, and not consistent with Glidewell's policy, which is to only use the ® in connection with BruxZir brand dental restoration products within the class for which the BruxZir mark is registered; i.e., Dental Bridges; Dental Caps; Dental Crowns; Dental Inlays; Dental Onlays; Dental prostheses (International Class 10). Glidewell's policy is to use either the ™ symbol or no symbol when using the BruxZir | DISPUTED<br><br>Evidence shows much more widespread improper use of ®. There were multiple instances in the email blasts which Glidewell sent to 100,000 dentists as well as additional examples from Glidewell's website which were presented to Glidewell during the deposition of Mr. Bartolo. (Jankowski Decl., Ex. 7 at 16, 18 & 19; 2nd Jankowski Decl., Exs. 155-158.) |

-5-

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| mark in connection with goods for which it is not registered. Allred Decl. ¶ 29. | |
| 15. The two instances identified on Glidewell's website were corrected within one day of my becoming aware of them. Allred ¶ 29. | DISPUTED<br><br>More than two instances were identified on Glidewell's website. (2nd Jankowski Decl., Exs. 155-158.) |
| 16. The email blasts could not of course be recalled, but the company intends to reiterate its instructions to marketing personnel regarding the proper usage of the ® symbol on its marketing materials. Allred ¶ 29. | UNDISPUTED |
| 17. Glidewell has spent approximately three million of dollars to advertise and promote the BruxZir brand, in a wide variety of diverse channels, including print media, internet-based advertising, direct mailers, and videos. Allred Decl. ¶ 30; Shuck Decl. ¶¶ 38-39. | DISPUTED<br><br>Keating does not dispute that Glidewell has advertised in print media, internet-based advertising, direct mailers and videos, but objects to the use of the terms "wide" and "diverse" as being vague in this context. |
| 18. Due to the amount and diversity of Glidewell's advertising (including for products other than BruxZir brand | DISPUTED<br><br>Keating does not dispute that Glidewell's general counsel does not personally review all of the |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| products), Glidewell's general counsel cannot personally review all of the advertising that goes out to ensure legal compliance. Instead, Glidewell's general counsel has personally trained various members of the marketing department, including the Vice President of the marketing group, Jim Shuck, on the proper usage of the ® symbol. In turn, Mr. Shuck, or those employees that work directly under him, review the advertising for the proper usage of the ® symbol. Allred Decl. ¶ 30. | advertising. However, Keating objects to the use of the terms "amount" and "diversity" as vague and qualitative, and therefore Glidewell's excuse is rendered pretextual. |
| 19. Despite Glidewell generating voluminous amounts of advertising each year, only a small handful of improper (and inadvertent) uses of the ® symbol have been brought to Glidewell's attention. Allred Decl. ¶ 31. | DISPUTED<br><br>Glidewell's misuse of ® is greater than Glidewell has acknowledged in these briefs. (Jankowski Decl., Ex. 7 at 16, 18 & 19; 2nd Jankowski Decl., Exs. 155-158.) |
| 20. No court has adjudicated the BruxZir mark to be generic. Allred Decl. ¶ 33. | UNDISPUTED |
| 21. Glidewell has never given Keating Dental Arts, Inc. ("Keating") | DISPUTED<br><br>Glidewell's claim that KDZ Bruxer is |

| Glidewell's Alleged Undisputed Facts | Keating's Response |
|---|---|
| permission to use Glidewell's BruxZir trademark. Further, Glidewell has never given Keating permission to use the KDZ Bruxer mark, nor any other confusingly similar mark. Supplemental Declaration of Keith Allred in Support of James R. Glidewell Dental Ceramics, Inc.'s Motions for Summary Judgment ¶ 2. | confusingly similar to BruxZir is an incorrect and improper legal conclusion and not a statement of fact. [Fed. R. Evid. 701] |

## II. KEATING'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

Keating submits that material facts preclude partial summary judgment regarding its invalidity defense and counterclaim. In this regard, Keating incorporates by reference its Statements of Uncontroverted Facts in support of its Motion for Summary Judgment Canceling Glidewell's Trademark Registration (Docket No. 87) and in Support of its Motion for Summary Judgment of Noninfringement of Glidewell's Trademark (Docket No. 88).

Keating further submits the following facts:

1. Glidewell has widely used the ® symbol on its website in connection with the mark BruxZir in connection with products for which Glidewell does not have a registration, including "BruxZir® Mill," "BruxZir® Coloring Liquid Kit," "BruxZir® Milling Blanks," and "BruxZir® Processing Equipment." (2nd Jankowski Decl., Exs. 155-158.)

2. Glidewell has widely used the ® symbol in its email blasts to customers connection with products for which Glidewell does not have a

///

registration, including the "BruxZir® Milling System." (Jankowski Decl., Ex. 7 at 16.)

3. Glidewell has widely used the ® symbol in its email blasts to customers connection with products for which Glidewell does not have a registration, including Glidewell's recycling program for milling blanks: "It Pays to Recycle BruxZir® Solid Zirconia." (Jankowski Decl., Ex. 7 at 18.)

4. Glidewell also misuses the ® on stickers used to identify "authorized" labs which state, "Authorized BruxZir® Laboratory." (Jankowski Decl., Ex. 7 at 16, 19; Glidewell's Appendix of Evidence at Ex. 7.)

5. Keating's sales of its KDZ Bruxer product climbed steadily after it launched the product in May 2011 until shortly after Glidewell initiated this lawsuit, after which time its sales stagnated and declined. (Donich Decl. ¶ 4, Ex. A.)

6. Due to Glidewell's trademark enforcement practices, including this lawsuit, Keating scaled back its advertising of the KDZ Bruxer product to mitigate any liability for the product. (Donich Decl. ¶ 3.)

7. Keating has lost business from dentists who stopped ordering Keating's KDZ Bruxer product once they learned that Keating was defending a lawsuit brought against it based on the KDZ Bruxer product. (Brandon Decl. ¶¶ 9-10.)

## III. KEATING'S RESPONSE TO GLIDEWELL'S CONCLUSIONS OF LAW

Keating objects to Glidewell's conclusions of law as argumentative and as misapplying the applicable law as it relates to unfair competition and the other issues in Glidewell's motion. The appropriate standards and case law are

/ / /

/ / /

identified by Keating and discussed in its Memorandum in Opposition to Glidewell's Motion.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: Nov. 26, 2012

By: /s/ Lynda J. Zadra-Symes
Lynda J. Zadra-Symes
Jeffrey L. Van Hoosear
David G. Jankowski

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

14379671