Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.Jankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, <br><br> Plaintiff, <br><br> v. <br><br> KEATING DENTAL ARTS, INC. <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx) <br><br> **KEATING'S RESPONSE TO GLIDEWELL'S OBJECTIONS TO EVIDENCE SUBMITTED BY KEATING IN SUPPORT OF KEATING'S MOTIONS FOR SUMMARY JUDGMENT** <br><br> Date: December 17, 2012 <br> Time: 8:30 a.m. <br> Location: Courtroom 9D <br><br> Honorable David O. Carter |

Glidewell argues against admission of various web page printouts offered into evidence, disputing (1) authentication; (2) personal knowledge; (3) hearsay; and (4) relevance. (Glidewell's Statement of Objections to Evidence Submitted in Support of Keating's Motions for Summary Judgment ("Glidewell's Objections.") [Doc #115.]   As described in detail below, Glidewell misstates and misapplies the appropriate law.  According to the proper application of the law, the web pages can be properly authenticated by Dr. Eggleston, by Mr. Jankowski, indeed, by any competent witness with personal knowledge of the content of the webpage printouts.  Because Keating has competent witnesses testifying to the authenticity of the web page print outs, the Court should deem them admissible evidence for consideration in ruling on the parties' summary judgment motions.

Filed concurrently herewith are the Second Declaration of Rustin Mangum, the Second Declaration of Dr. David Eggleston, the Declaration of Nathan Wenk, and the Second Declaration of Lori Boatright.

## I.   Website Printouts Can Be Authenticated By The Proponent Attorney Declaring That He Accessed The Website And Printed The Documents.

In a summary judgment motion, the authentication requirement is satisfied when "'the trial judge determines that there is. . . evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Jarritos, Inc. v. Reyes*, 345 Fed. Appx. 215, 218 (9th Cir. 2009) (quoting *Orr v. Bank of America NT & SA*, 285 F.3d 764, 773, n.6 (9th Cir. 2002)).  With respect to authentication of websites printouts, the trial court practice is to allow authentication by declaration of the individual who accessed the website.

For example, the court in *Jarritos, Inc. v. Los Jarritos* held that a mere explanation by the plaintiff's counsel was sufficient to authenticate a website printout.  *Jarritos, Inc. v. Los Jarritos*, C05-02380 JSW, 2007 WL 1302506 at

1  *10 (N.D. Cal May 2, 2007) (overruled on appeal on other grounds, *Jarritos,*
2  *Inc.*, 345 Fed. Appx. 215).  On a motion for summary judgment, the plaintiff
3  offered a printout of the defendant's website to show that the defendant was
4  improperly using plaintiff's trademark.  The court found that the websites were
5  properly authenticated when the plaintiff's counsel explained that he personally
6  typed in the web address, accessed the website, and printed the page. The
7  explanation was provided in the plaintiff's response to the evidentiary
8  objections, and was sufficient to overcome the objection. Id. at *10.

9  Glidewell repeatedly asserts that there needs to be authentication by
10  "someone with knowledge," but provides an improper definition.  Glidewell
11  implies that "someone with knowledge" must be someone affiliated with the
12  website:

13  "Here neither Dr. Eggleston nor Jankowski purport to be
14  affiliated with any of the companies whose websites are offered
15  into evidence. Accordingly, Keating has failed to authenticate
16  the alleged website printouts…."

17  (Glidewell's Objections 3:21-22, internal citations omitted).

18

19  There is no foundation for Glidewell's assertion, and courts have rejected this
20  argument. For example, in *Rearden v. Rearden Commerce,* the court dismissed
21  this argument, remarking:

22  "Each of the denied objections is based upon the nonsensical
23  proposition that an attorney cannot authenticate a print-out from
24  a publicly accessible website. Plaintiffs repeatedly object that
25  [the attorney] 'has no personal knowledge of any of the
26  information contained' in the exhibits. [The attorney's]
27  declarations are not offered for the purposes of testifying to the
28  substance of the various news articles and documents—they are

1    offered to authenticate the source of those documents, i.e., that
2    they were actually downloaded from the internet addresses
3    indicated."

4    *Rearden LLC v. Rearden Commerce, Inc.*, 597 F. Supp. 2d 1006, 1027 (N.D.
5    Cal. 2009) (overruled on appeal on other grounds).

6        Other courts have agreed with the *Rearden* court.  For example, in *Perfect
7    10, Inc. v. Cybernet Ventures*, the court found that website printouts were
8    sufficiently authenticated simply where the proponent declared that they were
9    "true and correct copies of pages printed from the Internet that were printed by
10   [the proponent] or under his direction."  *Perfect 10, Inc. v. Cybernet Ventures,*
11   *Inc.*, 213 F. Supp. 2d 1146, 1153-54 (C.D. Cal. 2002) (citing *U.S. v. Tank*, 200
12   F.3d 627, 630 (9th Cir. 2000)) (holding followed by *Premier Nutrition, Inc. v.*
13   *Organic Food Bar, Inc.*, SACV 06-0827 AG(RNBx), 2008 WL 1913163 at *6
14   (C.D. Cal. March 27, 2008).  The court found it additionally persuasive that
15   "computer printouts [were] the only practical method by which the allegations
16   of the complaint [could] be brought before the Court," suggesting that requiring
17   anything more to authenticate the documents would be impracticable, especially
18   given the number of website pages produced.  *Id.* at 1154.

19       Similarly, in *Osborn v. Butler*, the court held that a website printout was
20   sufficiently authenticated where the attorney explained that he printed the
21   website, gave the website address, and represented that it had not been altered or
22   changed from the form maintained at the website address.  *Osborn v. Butler*,
23   712 F. Supp. 2d 1134, 1146 (D. Idaho 2010).

24       Each of these cases shows that trial court practices supports admitting
25   website printouts as evidence. Authentication of the printouts can be as simple
26   as a declaration from the attorney (made even in response to an objection) that
27   the attorney printed the page from the website address and did not alter the form
28   maintained at the website address.

**II.**     **Glidewell's Cases Are Distinguishable Because They Stand For Propositions Inapplicable To The Facts Of This Case.**

Case law consistently holds that authenticating webpage printouts takes nothing more than a declaration from the person printing out the pages. Glidewell points to several cases attempting to support its assertion that an employee of the website holder must authenticate the printouts, but fails to fully disclose the narrow circumstances to which each of these cases apply.

Glidewell's cases all fall within a narrow exception to the general rule, which does not apply here.  Specifically, those courts have held that when a party offers the website printout *as a statement of the other party*, then a higher showing of authentication is needed.  In each case, the proponent offered the website printouts effectively as evidence of statements made by the adverse party.

In *In re Homestore.com*, the plaintiffs tried to use earnings statements and press releases downloaded from the defendant's website as evidence for its claims of fraud in the defendant's accounting practices.  *In re Homestore.com, Inc. Sec. Litig.*,  347 F. Supp. 2d 769 (C.D. Cal. 2004).  The court concluded that such documents, which otherwise may be self-authenticating, could not be self-authenticating when downloaded from a website. *Id*., at 782-83.  Because the documents were offered as a communication made by the defendant to the public, the court required a heightened level of authentication that the statements in the document were in fact made by the defendant.  *Id.* at 782-83. The printouts were not being used merely to show that the earnings and press releases were on the website, but rather to prove the intricate details contained therein.

The same narrow circumstances apply in *Wady v. Provident Life*. *Wady v. Provident Life and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060 (C.D. Cal. 2002).  In *Wady*, the plaintiff sought to use printouts from the defendant's

-4-

website as the defendant's statements.  *Id.* at 1064.  The court required a heightened standard of authentication for the printouts when used for that purpose, because it had to be shown that the defendant actually authored the statements in the documents.  *Id.* at 1064.  The court did not deem the documents inadmissible merely because they were printouts from a website.

The court's opinion in *Internet Specialties West v. ISPWEST*, was factually bare.  *Internet Specialties West, Inc.  v. ISPWEST*, CV 05-3296 FMC AJWx, 2006 WL 4568796 (C.D. Cal. Sept. 19, 2006).  Nevertheless, the court relied exclusively on *Wady* and *In re Homestore.com*, which, as established above, are factually distinct from this case. The court did note that "[c]ertainly, a qualified expert may rely on information he obtained off the internet, even if hearsay, in forming his opinions." Id. at *1.

The final case relied on by Glidewell is likewise distinguishable. In *Costa v. Keppel Singmarine Dockyhard*, the plaintiff offered printouts from the defendant's website as evidence of the defendant's corporate structure, which was at issue in the case. *Costa v. Keppel Singmarine Dockyhard PTE, Ltd.*, 2003 WL 24242419 (C.D. Cal. 2003)).  The web pages were being used essentially as a statement and admission of the defendant regarding its corporate structure. *Id.* at *7, n. 74.  Accordingly, the court found that there needed to be some authentication that these were in fact statements of the defendant before holding the defendant liable to them, citing to *Wady. Id.* at n. 74.

In each of Glidewell's cases, a party sought to use website content against the other party as a statement made by that other party.  In each case, the court deemed it important to establish the identity of the author of the statements accessed on the website (which often required authentication by someone from the party's company).  That is not the case here. Keating is not using the website evidence to prove statements made by Glidewell, or to prove that any statements on the websites is true. Keating is using the website printouts to show the

*manner in which words are used*, including the BruxZir mark, within web pages presented by companies in the dental industry. The websites establish, for example, the existence of companies in the dental field using the BruxZir mark on their websites without attributing any connection to Glidewell.  It is the mere fact that these webpages exist that is relevant to Keating's arguments. *Rearden LLC*, 597 F. Supp. 2d at 1027.

For the website pages relied on by Keating, the standard rule for authenticating web printouts applies—the web documents may be authenticated by anyone with competent personal knowledge about the accuracy of the document as compared to the website pages.  This may be provided by declaration (such as those filed concurrently herewith).

### III.    Keating's Counsel and Dr. Eggleston Have the Personal Knowledge Necessary to Authenticate the Website Printouts Because They Personally Accessed the Websites.

As detailed in their declarations filed herewith, Keating's counsel, Mr. Rustin Mangum and Mr. Nathan Wenk, and Keating's expert witness, Dr. David Eggleston, have the personal knowledge necessary to authenticate the website printouts. It is well established that the individual who accesses the website and prints out the pages has the "personal knowledge" to authenticate the printouts. *Rearden LLC*, 597 F. Supp. 2d at 1027 (finding plaintiff's argument that an attorney cannot authenticate a publicly accessible website "nonsensical"); *see also Osborn*, 712 F. Supp. 2d at 1146; *Jarritos*, 2007 WL 1302506 at *10.

Mr. Mangum and Mr. Wenk personally accessed the web pages, personally printed them out, and have verified that they have not made any changes to the printouts.  They have additionally provided a detailed account of the web addresses of each of the website printouts as well as when the website was accessed and the printout created.  *See Osborn*, 712 F. Supp. 2d at 1146; *Jarritos*, 2007 WL 1302506 at *10; *Perfect 10*, 213 F. Supp. 2d at 1153-54.

Similarly, Dr. Eggleston has verified that he has visited each of the websites and confirmed that the webpage printouts are the same as the websites he accessed. He has provided a detailed account of the web addresses, the actions taken, and the dates he conducted them. Accordingly, the personal knowledge condition for authentication of the website printouts is satisfied.

## IV.  **Keating's Counsel and Dr. Eggleston Have Properly Authenticated the Website Printouts By Filing a Declaration in Support Thereof.**

Filed herewith are declarations from Mr. Mangum, Mr. Wenk, and Dr. Eggleston that includes the information necessary to authenticate the website printouts.  See *Jarritos*, 2007 WL 1302506 at *10 (finding that the plaintiff's counsel properly and timely authenticated the documents when his explanation was produced in response to the defendant's evidentiary objections).

## V.  **The Website Printouts and Prescription Forms Are NOT Hearsay Because They Are Not Being Offered To Prove The Truth Of The Matter Asserted**

Glidewell objects to the website printouts as hearsay.  To be considered hearsay, the party offering the evidence must be using it to "prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c)(2).  The third party website printouts introduced into evidence are being used to show the landscape of the dental field.  For example, the printouts (1) portray dental professionals' use of terms such as BruxZir, bruxer, brux, zir and zirconia; (2) show how dental professionals are promoting their marks and services; and (3) show instances where Glidewell's mark is being used without a "circle-R" to denote a registered trademark.

Glidewell admits that these are Keating's uses for the evidence. (Glidewell's Objections 5: 5-23).  Keating is not offering the website printouts to prove the truth of the statements on the website.  For example, many of the

websites include laudatory comments about commercial products. For Keating's purposes, it is irrelevant whether the dental professionals are being truthful in the services that they offer on their websites or in how they use words like BruxZir, bruxer, brux, zir or zirconium. It is only relevant that they are portraying themselves and their products to the public in that way. The website printouts are thus not inadmissible as hearsay.

Glidewell also makes hearsay objections to dental lab prescription forms that Keating has provided to the Court as evidence. Yet Keating is not offering the prescription forms to prove the truth of the matter asserted (that the dental labs really will fulfill orders for the products identified on the prescription form, or that a particular dentist was being truthful in filling out the form). It is irrelevant whether the content of the prescriptions forms is truthful. What is relevant is that the forms use certain terms, such as BruxZir, bruxer, brux, zir or zirconium.

Glidewell's objections are further baseless because it is well-established that an expert can rely on hearsay evidence to assist in forming opinions. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595, 113 S.Ct. 2786, 125 L.Ed. 2d 469 (1993); Fed. R. Evid. 703. Here, Keating's expert, Dr. Eggleston, is relying upon website printouts and dental lab prescription forms in forming his opinion. Experts may reasonably rely on third party websites when forming opinions relating to the use of trademarks. See Fed. R. Evid. 703. Accordingly, even if the documents were hearsay—which they are not—the documents would still be admissible as foundational documents for use by Dr. Eggleston.

## VI.   All Of Keating's Evidence Is Relevant To The Subject Of Genericness Because it Corroborates Evidence of Use of "BruxZir" Prior to May 2011.

Glidewell argues that much of Keating's evidence should be excluded based on relevance. Under Rule 401, evidence is relevant if it has any tendency

-8-

to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. "Any tendency" makes a finding of relevance very easy to meet, and Keating's evidence meets that standard.

Glidewell asserts that any information provided after April 2011 is irrelevant. (Glidewell's Objections 6:12-23.) Here, Glidewell is assuming that the only fact of consequence is whether there was generic use of BruxZir (or its phonetic equivalents) before April 2011. But that is wrong.

Keating's date of entry into the market with its all-zirconia product was May 10, 2011. Therefore, any evidence up to and including May 10, 2011 falls within the "crucial date" for determination of genericness.

Furthermore, evidence dated after the "crucial date" may still be relevant to the extent it corroborates prior evidence. For example, the evidence can show that after Keating's entry into the market and after start of this litigation, Glidewell has failed to properly police the use of its mark. This tends to show that Glidewell has consistently failed to monitor the use of its mark and that it has not changed any of its practices. The finder of fact can use this to support a finding that the BruxZir mark, or its phonetic equivalent, has been generic for so long that Glidewell has no ability to salvage the mark.

Establishing a comprehensive timeline of the use of the BruxZir name is also relevant to understanding the status of BruxZir at the time of Keating's entry. As detailed in Keating's concurrently-filed Reply Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment Cancelling Glidewell's Trademark Registration, evidence dated after the crucial genericness date is still relevant to the analysis. Expert surveys, for example, are necessarily dated after the onset of litigation (and therefore after the crucial date), but nevertheless are relied upon considerably in trademark cases. *Committee for Idaho's High Desert v. Yost*, 92 F.3d 814, 822 (9th Cir. 1996); *see also Nightlight Sys., Inc., v. Nitelites Franchise Sys., Inc.*, 2007 WL

4563873 (N.D. Ga. 2007) (finding that deficiencies in the timeliness of a does not necessarily bar its admissibility); see also *Burger King Corp. v. Pilgrim's Pride Corp.*, 705 F. Supp. 1522, 1525 (S.D. Fla. 1988) (holding that a survey taken after the crucial date may not have its validity challenged for that reason).

Glidewell also objects to Keating's evidence under Federal Rule of Evidence 403, arguing that the evidence would "confuse and mislead" the fact finder so substantially as to outweigh the probative value of the evidence. (Glidewell's Objections 7:27-28-8:1.)  Glidewell argues that a fact finder would find it difficult to organize the different dates, such that it would get so confused as to be unable to correctly apply the law. (Glidewell's Objections 7:27-28-8:1.) This argument has no merit. There are only two timeframes at issue—before Keating's entry and after Keating's entry. It is unlikely that anyone would find that confusing.

Glidewell also objects that the fact finder may establish genericness as to the incorrect time period. (Glidewell's Objections 7:27-28 - 8:1.)  However, once the Court determines the "crucial date" for determining genericness, the Court will communicate that to the fact finder, who could readily abide by that date.  Contrary to Glidewell's suggestion, organizing two time frames is not complicated beyond the abilities of the average person.

**VII.  Response To Glidewell's Evidentiary Objections**

A. Declaration of David Jankowski

| Exhibit | Response to Objection |
|---------|----------------------|
| 4 | Keating has relied on the following pages of Exhibit 4 and reserves the right to rely on any additional pages, if appropriate, to support its motions: 34-42, 52, 53, 61, 62, 73, 75, 76, 80, 81, 85-87, 98, 112, 122, 129, 135, 143, 170, 184-187, 211, 224-226, 233 |
| 5 | Keating has relied on the following pages of Exhibit 5 and reserves |

| | | |
|---|---|---|
| | | the right to rely on any additional pages, if appropriate, to support its motions: 17-18, 44-47, 58-59, 63-68, 71, 72, 76-78, 93, 134, 135, 178 |
| | 6 | Keating has relied on the following pages of the Exhibit and reserves the right to rely on any additional pages, if appropriate, to support its motions: 51, 111-113, 117, 126, 137, 141-143, 195, 196, 204, 213-264 |
| | 15 | Glidewell objects to this exhibit, but it is the same document as Glidewell's Exhibit 54 on which they rely (KDA-002222-2226).<br><br>This document was authenticated at deposition by Mr. Robin Carden, Glidewell's Vice President of Research & Development, who authored the article. (Mangum Decl. [Doc. #92], Ex. 51 at 170:19-171:8.) |
| | 16 | Glidewell objects to this exhibit, but it is the same document as Glidewell's Exhibit 56 on which they rely (KDA-002037-2039).<br><br>This document was authenticated at deposition by Mr. Robin Carden, Glidewell's Vice President of Research & Development, who authored the article. (Mangum Decl. [Doc. #92], Ex. 51 at 173:10-18.) |
| | 17 | This document was produced by Glidewell in this case and bears production number GL 124.<br><br>This document was authenticated at deposition by Mr. Robin Carden, Glidewell's Vice President of Research & Development, who authored the article. (Mangum Decl. [Doc. #92], Ex. 51 at |

| | | 177:14-178:7.) |
|---|---|---|
| 35 | | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>This exhibit is currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment of (1) No Infringement of Glidewell's Registered Trademark, (2) No Violation of Section 43(a) of the Lanham Act, and (3) No Unfair Competition under California Law.<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra*.) |
| 36 | | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |

| | | |
|---|---|---|
| | | It is not hearsay because it is not being offered to prove the truth of the matter asserted.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>This exhibit is currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment Canceling Glidewell's Trademark Registration.<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra*.) |
| | 37 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra*.) |
| | 38 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence |

| | | |
|---|---|---|
| | | or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra*.) |
| | 39 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra*.) |
| | 40 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of |

| | | |
|---|---|---|
| | | the matter asserted.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>This exhibit is currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment Canceling Glidewell's Trademark Registration.<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra*.) |
| | 41 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The document in this exhibit was referenced in Dr. Eggleston's First Supplemental Report (on page 3 as Deposition Exhibit 45). Because that Supplemental Report was filed before creation of these Exhibits, it does not reference the document as Exhibit 41.   This exhibit is also currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment Canceling Glidewell's Trademark Registration.<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted.  (FRE 801, 802) (*See* Section V *supra*.) |

| | | |
|---|---|---|
| | | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra*.) |
| | 42 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra*.) |
| | 43 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra*.) |

| 44 | The evidence is relevant to illustrate the type of results that the trademark examiner would have found had such a search been performed.  It is also probative to show the current conditions of the genericness of the mark and relevant to the extent that it shows such generic use was available in May 2011.

The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra.*) |
| 46 | It is not hearsay because it is not being offered to prove the truth of the matter asserted.  (FRE 801, 802) (*See* Section V *supra.*)

The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra.*) |
| 47 | It is not hearsay because it is not being offered to prove the truth of the matter asserted.  (FRE 801, 802) (*See* Section V *supra.*)

The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra.*) |
| 48 | It is not hearsay because it is not being offered to prove the truth of the matter asserted.  (FRE 801, 802) (*See* Section V *supra.*)

The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra.*) |
| 49 | It is not hearsay because it is not being offered to prove the truth of the matter asserted.  (FRE 801, 802) (*See* Section V *supra.*)

The exhibits are authenticated by the Declarations filed herewith. |

| | *See Jarritos,* 2007 WL 1302506 at *10. (*See* Sections I-IV *supra*.) |

B. Declaration of Dr. David W. Eggleston

| Exhibit | Response to Objection |
|---------|----------------------|
| 66 | Dr. Eggleston attached his reports to his declaration which was signed under penalty of perjury. In his declaration he stated, under penalty of perjury, that the attached reports are true and correct copies of his opinions. |
| 67 | Dr. Eggleston attached his reports to his declaration which was signed under penalty of perjury. In his declaration he stated, under penalty of perjury, that the attached reports are true and correct copies of his opinions. |
| 79 | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 80 | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 81 | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 82 | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has |

| | | |
|---|---|---|
| | | sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 83 | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.  Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 84 | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.  Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 85 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>This exhibit is currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment of (1) No Infringement of Glidewell's Registered Trademark, (2) No Violation of Section 43(a) of the Lanham Act, and (3) No Unfair Competition under California Law.<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted.  (FRE 801, 802) (*See* Section V *supra*.) |

| | | |
|---|---|---|
| | | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.  Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 86 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>This exhibit is currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment of (1) No Infringement of Glidewell's Registered Trademark, (2) No Violation of Section 43(a) of the Lanham Act, and (3) No Unfair Competition under California Law.<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.  Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |

| 87 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>This exhibit is currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment of (1) No Infringement of Glidewell's Registered Trademark, (2) No Violation of Section 43(a) of the Lanham Act, and (3) No Unfair Competition under California Law.<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 88 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, |

| | | |
|---|---|---|
| | | confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| | | This exhibit is currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment of (1) No Infringement of Glidewell's Registered Trademark, (2) No Violation of Section 43(a) of the Lanham Act, and (3) No Unfair Competition under California Law. |
| | | It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.) |
| | | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 89 | | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| | | It is not hearsay because it is not being offered to prove the truth of |

| | | |
|---|---|---|
| | | the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions. (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 90 | Glidewell objects to this exhibit, but it is the same as Glidewell's Exhibit 11 on which they rely.<br><br>The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market. (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted and is an admission of a party opponent. Regardless, experts may rely on hearsay statements in making their opinions. (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |

| | 91 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>This exhibit is currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment of (1) No Infringement of Glidewell's Registered Trademark, (2) No Violation of Section 43(a) of the Lanham Act, and (3) No Unfair Competition under California Law.<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 92 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, |

| | | |
|---|---|---|
| | | confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>This exhibit is currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment of (1) No Infringement of Glidewell's Registered Trademark, (2) No Violation of Section 43(a) of the Lanham Act, and (3) No Unfair Competition under California Law.<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 93 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of |

| | | |
|---|---|---|
| | | the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 94 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>I It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 95 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered |

| | | |
|---|---|---|
| | | the market.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>This exhibit is currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment of (1) No Infringement of Glidewell's Registered Trademark, (2) No Violation of Section 43(a) of the Lanham Act, and (3) No Unfair Competition under California Law.<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 96 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |

| | | |
|---|---|---|
| | | It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions. (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 97 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market. (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Exhibit 97 was referred to in Keating's Statements of Uncontroverted Facts, but was mistakenly cited as Exhibit 113 when it should have been cited as Exhibit 97. Exhibit 97 is the document that matches the description in the text of the document. This mistake occurs in the following documents: 1) ¶ 61 of Keating's Statement of Uncontroverted Facts in Support of Its Motion for Summary Judgment Canceling Glidewell's Trademark and 2) ¶ 51 Keating's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment of Noninfringement of Glidewell's BruxZir® Trademark. |

| | | |
|---|---|---|
| | | It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.  Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 98 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>This exhibit is currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment Canceling Glidewell's Trademark Registration.<br><br>The exhibits are authenticated by the Declarations filed herewith. |

| | | |
|---|---|---|
| | | *See Jarritos,* 2007 WL 1302506 at *10.  Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 99 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)  It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)  The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.  Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 100 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)  It is not hearsay because it is not being offered to prove the truth of |

| | | |
|---|---|---|
| | | the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions. (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 101 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market. (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions. (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 102 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered |

-31-

| | | |
|---|---|---|
| | | the market. (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions. (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 103 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market. (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions. (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has |

| | | |
|---|---|---|
| | | sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 104 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| | | It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.) |
| | | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.  Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 105 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| | | It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay |

| | | |
|---|---|---|
| | | statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.  Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 106 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.  Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 107 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, |

| | | |
|---|---|---|
| | | confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>This exhibit is currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment Canceling Glidewell's Trademark Registration.<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 108 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 109 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, |

| | | |
|---|---|---|
| | | confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 110 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 111 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has |

| | | |
|---|---|---|
| | | sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 112 | | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos*, 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 113 | | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos*, 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 114 | | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered |

| | | |
|---|---|---|
| | | the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| | | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 115 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| | | This exhibit is currently cited in the concurrently filed Reply Memorandum of Points and Authorities in Support of Keating's Motion for Summary Judgment of (1) No Infringement of Glidewell's Registered Trademark, (2) No Violation of Section 43(a) of the Lanham Act, and (3) No Unfair Competition under California Law. |
| | | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 116 | The evidence is relevant because it has a tendency to establish facts |

| | | |
|---|---|---|
| 1 | | of consequence to this action, such as corroborating the earlier use |
| 2 | | of the mark, and because May 2011 is the date that Keating entered |
| 3 | | the market.   (FRE 401) There is no danger of unfair prejudice, |
| 4 | | confusing the issues, wasting time, presenting cumulative evidence |
| 5 | | or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| 6 | | |
| 7 | | This exhibit is currently cited in the concurrently filed Reply |
| 8 | | Memorandum of Points and Authorities in Support of Keating's |
| 9 | | Motion for Summary Judgment of (1) No Infringement of |
| 10 | | Glidewell's Registered Trademark, (2) No Violation of Section |
| 11 | | 43(a) of the Lanham Act, and (3) No Unfair Competition under |
| 12 | | California Law. |
| 13 | | |
| 14 | | The exhibits are authenticated by the Declarations filed herewith. |
| 15 | | *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has |
| 16 | | sufficient personal knowledge to authenticate the exhibits. *See* |
| 17 | | *Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 18 | 117 | The evidence is relevant because it has a tendency to establish facts |
| 19 | | of consequence to this action, such as corroborating the earlier use |
| 20 | | of the mark, and because May 2011 is the date that Keating entered |
| 21 | | the market.   (FRE 401) There is no danger of unfair prejudice, |
| 22 | | confusing the issues, wasting time, presenting cumulative evidence |
| 23 | | or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| 24 | | |
| 25 | | The exhibits are authenticated by the Declarations filed herewith. |
| 26 | | *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has |
| 27 | | sufficient personal knowledge to authenticate the exhibits. *See* |
| 28 | | |

| | | |
|---|---|---|
| 1 | | *Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 2 | 118 | The evidence is relevant because it has a tendency to establish facts |
| 3 | | of consequence to this action, such as corroborating the earlier use |
| 4 | | of the mark, and because May 2011 is the date that Keating entered |
| 5 | | the market.   (FRE 401) There is no danger of unfair prejudice, |
| 6 | | confusing the issues, wasting time, presenting cumulative evidence |
| 7 | | or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| 8 | | |
| 9 | | The document in this exhibit was referenced and relied on in Dr. |
| 10 | | Eggleston's First Supplemental Report at 4:14-21. Because that |
| 11 | | Supplemental Report was filed before creation of these Exhibits, it |
| 12 | | does not reference the document as Exhibit 118. |
| 13 | | |
| 14 | | The exhibits are authenticated by the Declarations filed herewith. |
| 15 | | *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has |
| 16 | | sufficient personal knowledge to authenticate the exhibits. *See* |
| 17 | | *Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 18 | 119 | The evidence is relevant because it has a tendency to establish facts |
| 19 | | of consequence to this action, such as corroborating the earlier use |
| 20 | | of the mark, and because May 2011 is the date that Keating entered |
| 21 | | the market.   (FRE 401) There is no danger of unfair prejudice, |
| 22 | | confusing the issues, wasting time, presenting cumulative evidence |
| 23 | | or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| 24 | | |
| 25 | | The exhibits are authenticated by the Declarations filed herewith. |
| 26 | | *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has |
| 27 | | sufficient personal knowledge to authenticate the exhibits. *See* |
| 28 | | |

| | | |
|---|---|---|
| | | *Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 120 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 121 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 122 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, |

| | | |
|---|---|---|
| | | confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra.*) |
| | | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra.*) |
| 123 | | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra.*) |
| | | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra.*) |
| 124 | | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra.*) |
| | | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has |

| | | |
|---|---|---|
| | | sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 125 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 126 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 127 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered |

| | | |
|---|---|---|
| | | the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 128 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 129 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. |

| | | |
|---|---|---|
| | | *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 130 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 131 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 132 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use |

| | | |
|---|---|---|
| | | of the mark, and because May 2011 is the date that Keating entered the market. (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 133 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market. (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 134 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market. (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |

| | | |
|---|---|---|
| | | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 135 | | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market. (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 136 | | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market. (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions. (FRE 801, 802) (*See* Section V *supra*.) |

| | | |
|---|---|---|
| | | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 137 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market. (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Regardless, experts may rely on hearsay statements in making their opinions. (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10. Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |

C. Declaration of Rustin K. Mangum

| Exhibit | Response to Objection |
|---|---|
| 50 | Keating has relied on the following pages of the Exhibit and reserves the right to rely on any additional pages, if appropriate, to support its motions: 15, 16, 19-21, 33-35, 41-43, 52, 53, 72-74, 87, 88, 128, 138-141, 176-178, 195, 199, 200, 235 |

| 51 | Keating has relied on the following pages of the Exhibit and reserves the right to rely on any additional pages, if appropriate, to support its motions: 85, 86, 97, 102, 141, 142, 201, 202, 208, 209 |
| 52 | Keating has relied on the following pages of the Exhibit and reserves the right to rely on any additional pages, if appropriate, to support its motions: 19-21, 62-64, 50-52, 72 |
| 53 | Keating has relied on the following pages of the Exhibit and reserves the right to rely on any additional pages, if appropriate, to support its motions: 20, 26-28, 38, 47, 48,  56, 57, 60, 63, 64, 66, 68, 96, 97 |
| 54 | Keating has relied on the following pages of the Exhibit and reserves the right to rely on any additional pages, if appropriate, to support its motions: 20, 43- 47, 83, 86, |
| 55 | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 56 | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 57 | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 58 | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has |

| | | |
|---|---|---|
| | | sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 59 | | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) <br><br> It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.) <br><br> The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| 60 | | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |

| | | |
|---|---|---|
| | | It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra.*) |
| | | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra.*) |
| 61 | | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra.*) |
| | | It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra.*) |
| | | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has |

-51-

| | | |
|---|---|---|
| | | sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 62 | The evidence is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark, and because May 2011 is the date that Keating entered the market.   (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)<br><br>The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 63 | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
| | 64 | The exhibits are authenticated by the Declarations filed herewith. *See Jarritos,* 2007 WL 1302506 at *10.   Dr. Eggleston has sufficient personal knowledge to authenticate the exhibits. *See* |

| | *Rearden LLC*, 597 F. Supp. 2d at 1027. (*See* Sections I-IV *supra*.) |
|---|---|

## D. Declaration of Jeffrey Van Hoosear

| Exhibit | Response to Objection |
|---|---|
| V-4 | The evidence is relevant because it has a tendency to establish facts of consequence to this action.  The video illustrates both the phonetic equivalence of the terms "BruxZir" and "bruxer" as well as illustrate Glidewell's use of "BruxZir" as a noun which is probative of generic use.  While Glidewell alleges that Dr. DiTolla does not pronounce "bruxer" in this video, he does pronounce "BruxZir" in this video exactly the same as the way he pronounces "bruxer" in Ex. V-2. |

## E. Declaration of Lori Boatright

| Exhibit | Response to Objection |
|---|---|
| A | Lori Boatright attached her reports to her declaration which was signed under penalty of perjury. In her declaration she stated, under penalty of perjury, that the attached reports are true and correct copies of her opinions. |

## F. Declaration of Carol Frattura

| Paragraph | Response to Objection |
|---|---|
| 8 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE |

| | | |
|---|---|---|
| | | 403) (*See* Section VI *supra*.) |
| | | Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| | | Frattura's statement is drawn from her personal knowledge and experience in the dental field, therefore her opinion is based on sufficient personal knowledge and is not speculative. |
| | 18 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| | | Frattura's statement is drawn from her personal knowledge and experience in the dental field, therefore her opinion is based on sufficient personal knowledge and is not speculative. |
| **Exhibit** | | |
| A (portions of) | | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| | | Not specifying a date is not grounds for objection. (*See* Section VI |

| | |
|---|---|
| | *supra*.) |
| | It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant.  (FRE 801, 802) (*See* Section V *supra*.) |

G. Declaration of William Belton

| Paragraph | Response to Objection |
|---|---|
| 9 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| 10 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |

| Exhibit | |
|---------|---|
| A | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.) |

H. Declaration of Dr. Raymond Brady

| Paragraph | Response to Objection |
|-----------|----------------------|
| 9 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |

| | | |
|---|---|---|
| | | Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| | 10 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| **Exhibit** | | |
| | A | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.) |

I.  Declaration of Dr. Jonathan Campbell

| Paragraph | Response to Objection |
|---|---|
| 10 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| 11 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| **Exhibit** | |
| A | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |

| | |
|---|---|
| | It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.) |

J.   Declaration of Dr. Michael Colleran

| Paragraph | Response to Objection |
|---|---|
| 10 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) <br><br> Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| 11 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| 12 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There |

| | | |
|---|---|---|
| | | is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| **Exhibit** | | |
| A | | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.) |

K. Declaration of Dr. Joseph Jacquinot

| Paragraph | Response to Objection |
|---|---|
| 9 | Evidence from before and after May 2011 is relevant because it |

| | | |
|---|---|---|
| | | has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| | 10 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| | 11 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| **Exhibit** | | |
| | A | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There |

|  | is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.) |
|---|---|

L.  Declaration of Dr. Dennis Murphy

| Paragraph | Response to Objection |
|---|---|
| 9 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| 10 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, |

—

| | | |
|---|---|---|
| | | such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| | 11 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| **Exhibit** | | |
| | A | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the |

| | documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.) |
|---|---|

M. Declaration of Dr. Terry Myers

| Paragraph | Response to Objection |
|---|---|
| 8 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| 9 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| 10 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |

| | |
|---|---|
| | Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| **Exhibit** | |
| B | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.) |

N. Declaration of Dr. Thomas Nussear

| Paragraph | Response to Objection |
|---|---|
| 9 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting |

-65-

| | |
|---|---|
| | time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| 10 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| 11 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| **Exhibit** | |
| A | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |

Not specifying a date is not grounds for objection. (*See* Section VI *supra*.)

It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)

O. Declaration of Dr. Stan Richardson

| Paragraph | Response to Objection |
|---|---|
| 10 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| 11 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE |

| | | |
|---|---|---|
| | | 403) (*See* Section VI *supra*.) |
| | 12 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark. (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| **Exhibit** | | |
| | A | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark. (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) <br><br> Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) <br><br> It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions. (FRE 801, 802) (*See* Section V *supra*.) |

P.  Declaration of Dr. Richard Scott

| Paragraph | Response to Objection |
|---|---|

| 9 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| 10 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| 11 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| **Exhibit** | |
| A | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, |

| | |
|---|---|
| | such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.)<br><br>It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.) |

Q. Declaration of Dr. Schott Stephens

| Paragraph | Response to Objection |
|---|---|
| 10 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| 11 | Evidence from before and after May 2011 is relevant because it |

| | | |
|---|---|---|
| | | has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| | 12 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)

Not specifying a date is not grounds for objection. (*See* Section VI *supra*.)

Dr. Stephens specifically states, "From my dental training and experience," he knows the facts put forth in this paragraph. (Stephens Decl. ¶ 12.)  Dr. Stephens graduated from dental school in 1997 and has been working as a dentist for 11 years. (Stephens Decl., ¶ 1.)  Certainly this "dental training and experience" provide his basis for knowing how the term "bruxer" is pronounced in the dental industry. |
| **Exhibit** | | |
| | A | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting |

| | |
|---|---|
| | time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.) |

R. Declaration of Dr. Daniel Sweet

| Paragraph | Response to Objection |
|---|---|
| 8 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| 9 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There |

| | | |
|---|---|---|
| | | is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| | 10 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.)<br><br>The witness is testifying of what his own personal understanding is of a term used in the dental industry and how he came to that understanding.  There is no requirement for the witness to provide specific dates and recall a list of specific advertisements to substantiate his own personal understanding or make it relevant. |
| **Exhibit** | | |
| | A | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI |

| | |
|---|---|
| | *supra*.) |
| | It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.) |

//

//

S.  Declaration of Dr. Gary P. Tobin

| Paragraph | Response to Objection |
|---|---|
| 9 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.) |
| 10 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting |

| | | |
|---|---|---|
| | | time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.) |
| | 11 | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI *supra*.)<br><br>The witness is testifying of his personal recollection of what he has observed and of his personal understanding.   There is no requirement for the witness to provide specific dates and recall specific labs for testimony of his personal understanding to be relevant.   He is not providing testimony as an expert in the industry. |
| **Exhibit** | | |
| | A | Evidence from before and after May 2011 is relevant because it has a tendency to establish facts of consequence to this action, such as corroborating the earlier use of the mark.  (FRE 401) There is no danger of unfair prejudice, confusing the issues, wasting time, presenting cumulative evidence or misleading the jury. (FRE 403) (*See* Section VI *supra*.)<br><br>Not specifying a date is not grounds for objection. (*See* Section VI |

*supra*.)

It is not hearsay because it is not being offered to prove the truth of the matter asserted. Instead it is being used to show how dentists use the BruxZir mark. The truth of the statements made within the documents is irrelevant. Regardless, experts may rely on hearsay statements in making their opinions.  (FRE 801, 802) (*See* Section V *supra*.)

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 3, 2012         By: /s/ Lynda J. Zadra-Symes
                                     Lynda J. Zadra-Symes
                                     Jeffrey L. Van Hoosear
                                     David G. Jankowski

                                 Attorneys for Defendant/Counter-Plaintiff,
                                 KEATING DENTAL ARTS, INC.

14409474