SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KEATING DENTAL ARTS, INC., <br><br> Defendant. | Case No. SACV11-01309-DOC(ANx) <br><br> **DECLARATION OF GREER N. SHAW IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MOTIONS FOR SUMMARY JUDGMENT** |
| AND RELATED COUNTERCLAIMS. | Hearing <br><br> Date: December 17, 2012 <br> Time: 8:30 a.m. <br> Ctrm: 9D, Hon. David O. Carter <br><br> Pre-Trial Conf.: January 28, 2013 <br> Jury Trial: February 26, 2013 |

### HIGHLY CONFIDENTIAL - FILED UNDER SEAL

### (PURSUANT TO PROTECTIVE ORDER DATED JANUARY 30, 2012)

DECLARATION OF GREER N. SHAW
SACV11-01309-DOC (ANx)

I, Greer N. Shaw, declare as follows:

1.      I am a member in good standing of the State Bar of California and am licensed to practice before all courts in the state. I am a partner with the law firm of Snell & Wilmer LLP, and am one of the attorneys representing Plaintiff James R. Glidewell Dental Ceramics, Inc., d/b/a Glidewell Laboratories ("Glidewell"). Unless otherwise indicated, I have personal knowledge of the following facts, and if called to testify thereon, could and would do so.

2.      On November 30, 2012, I visited the United States Patent and Trademark Office's website, http://www.uspto.gov/trademarks/index.jsp. I clicked on the "Trademark Electronic Search System (TESS)" link in order to reach the Trademark Electronic Search System ("TESS") webpage. I then selected the "Word and/or Design Mark Search (Free Form)" link in order to reach the search form. I entered the search string "*brux*[bi,ti] not dead[ld]" into the TESS search window.

3.      The search string "*brux*[bi,ti] not dead[ld]" is one of the search strings that the Trademark Examiner used, on September 17, 2009, when he conducted searches in connection with his examination of the application for the BruxZir trademark. (Dkt. #90-15 at p. 36 of 47 (Ex. 60 at KDA-002820) (*see* search number 11)).

4.      In response to my search on the string "*brux*[bi,ti] not dead[ld]," TESS displayed a listing of 28 results. Attached as Exhibit 111 is a true and correct copy of a printout of this search result. I personally printed Exhibit 111 on November 30, 2012.

5.      From this listing of 28 results, I clicked on the link for result number 25, the BRUX-EZE trademark (Reg. No. 2,473,238), which referred me to the TESS record for this trademark. Attached as Exhibit 112 is a true and correct copy of a printout of the TESS record for the BRUX-EZE trademark. I personally printed Exhibit 112 on November 30, 2012.

- 2 -

DECLARATION OF GREER N. SHAW
SACV11-01309-DOC (ANx)

16239856.2

1        6.     Attached as Exhibit 113 is a true and correct copy of Judge David O.

2   Carter's November 16, 2012 Order, entitled "Order Denying Plaintiff's Ex Parte

3   Application For Court Appointment Of An Expert, Denying Motions At Dockets

4   125, 140, And 145, And Granting Motion To File Documents Under Seal," for

5   *Etagz, Inc. v. Quiksilver, Inc.*, No. SACV 10-300 DOC (MLGx) (C.D. Cal. Nov.

6   16, 2012), ECF No. 179.  Exhibit 113 was obtained under my direction from the

7   U.S. Court's Public Access to Court Electronic Records ("PACER") system on

8   November 30, 2012.

9        7.     Attached as Exhibit 114 is a true and correct copy of a March 21, 2012

10   Order regarding Defendants' Motion to Exclude the Unauthorized Supplemental

11   Rebuttal Expert Declaration and Report of Dr. Frederick Silver, Including the

12   Exhibits Thereto, for *ESM Techs., LLC v. Biova, LLC*, No. 10-3009-CV-S-RED

13   (W.D. Mo. Mar. 21, 2012), ECF No. 209.  Exhibit 114 was obtained under my

14   direction from the PACER system on November 30, 2012.

15        8.     Attached as Exhibit 115 is a true and correct copy of an November 16,

16   2012 email chain between Glidewell's counsel, Mr. Philip J. Graves, to Keating's

17   counsel, Mr. David Jankowski, to which I am cc'd on, informing Keating that

18   Glidewell would make witnesses under its control available for deposition, and

19   would not oppose any effort by Keating to depose those witnesses not under

20   Glidewell's control (i.e., Drs. Gregory Doneff, Thomas Bell, Stuart Newman,

21   Spencer Luke, Howard Cohen, Terence Michiels, and Kent Toca).  As shown in

22   Exhibit 115, by responsive email, of which I was a recipient, Keating's counsel

23   declined this offer.

24        9.     Attached as Exhibit 116 is a true and correct copy of a letter I received

25   from Keating's attorney, David G. Jankowski, dated November 5, 2012.  This letter

26   was sent to me via e-mail on November 5, 2012.  The letter lists the causes of

27   action for which Keating intended to move for summary judgment.  The letter does

28   not list "fair use" as a basis for any of Keating's motions.

- 3 -

DECLARATION OF GREER N. SHAW
SACV11-01309-DOC (ANx)

10.    Attached as Exhibit 117 is a true and correct copy of excerpts from Mr. Shaun Keating's Deposition Transcript, dated October 18, 2012.

11.    Snell & Wilmer L.L.P. was retained by Glidewell late in the day on October 25, 2012, and substituted in for Glidewell's previous counsel soon thereafter. [*See* Dkt. #69 (Ex Parte Application to Amend the Scheduling Order).] On the following day, and continuing over the weekend, my partner, Philip Graves, and I reviewed the available case materials and determined that additional disclosures were necessary in order to properly prosecute Glidewell's claims and defend against Keating's counterclaims. Between Sunday, October 28, and Monday, October 29, we identified additional necessary fact and expert witnesses whose testimony would support Glidewell, including experts Dr. Ronald Goldstein and Dr. Michael DiTolla, and about a dozen third party dentists. These witnesses were promptly disclosed to Keating by way of the following documents served on October 29, 2012: Plaintiff's First Amended Initial Disclosures Under F.R.C.P. 26(a)(1)(A); the Expert Report of Dr. Ronald Goldstein; and the Expert Disclosure (pursuant to Fed. R. Civ. P. 26(a)(2)(C)) of Dr. Michael DiTolla. [Dkts. #125-3, 125-15, and 125-10.]

12.    In addition, since our retention by Glidewell on October 25, 2012, we have identified additional responsive or otherwise relevant documents that we have promptly produced to Keating as required by Fed. R. Civ. P. 26(e). This includes the additional documents produced on November 16, 2012, which are attached as Exhibits 1 and 2 to Glidewell's Appendix of Evidence and referenced in the Declaration of Nicole Fallon. [Dkts. #125, ¶ 17 and 125-17.]

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on December 3, 2012, at Los Angeles, California.

_____
Greer N. Shaw

- 4 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

16239856.2

# Exhibit 111

Exhibit 111
-5-



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Nov 30 05:02:46 EST 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | IMAGE LIST | BOTTOM |
| HELP |

Logout  *Please logout when you are done to release system resources allocated for you.*

Start List At:     OR  Jump  to record:

# 28 Records(s) found (This page: 1 ~ 28)

**Refine Search** *brux*[bi,ti] not dead[ld]        Submit

**Current Search: S7: *brux*[bi,ti] not dead[ld] docs: 28 occ: 34**

|  | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead |
|---|---|---|---|---|---|
| 1 | 85538959 |  | BRUXO | TSDR | LIVE |
| 2 | 85636140 |  | BRUXTHETIX | TSDR | LIVE |
| 3 | 85073930 |  | 100% NATURAL CERVEZA PILSENER DESDE 1913 PURA CALIDAD ECUATORIANA 1974 MEDAILLE D DE LA QUALITE BIERE PILSENER BRUXELLES GRAN MARCA ECUATORIANA MARKETING HALL OF FAME 2005 | TSDR | LIVE |
| 4 | 85188329 | 4212274 | BRUXIE | TSDR | LIVE |
| 5 | 85363625 | 4203433 | BRUX | TSDR | LIVE |
| 6 | 85495577 | 4189929 | BRUXIE | TSDR | LIVE |
| 7 | 85221267 |  | BRUXIE THE MIX | TSDR | LIVE |
| 8 | 85095736 | 3950381 | BRUX WAFFLES | TSDR | LIVE |
| 9 | 85332886 |  | BRUXZIR | TSDR | LIVE |
| 10 | 85287029 |  | KDZ BRUXER | TSDR | LIVE |
| 11 | 85064148 | 4037179 | BRUX XXX | TSDR | LIVE |
| 12 | 85092819 | 3975978 | BRUXAP | TSDR | LIVE |
| 13 | 79006789 | 3071215 | PIERRE MARCOLINI CHOCOLATIER BRUXELLES | TSDR | LIVE |
| 14 | 79094710 | 4133646 | MANDARINE NAPOLEON GRANDE LIQUEUR IMPÉRIALE MANDARINE NAPOLÉON GRAND CUVÉE LIQUEUR GRANDE LIQUEUR IMPÉRIALE TRADITION DEPUIS 1892 | TSDR | LIVE |
| 15 | 79005123 | 3440826 | AUTOSOL METAL POLISH MADE IN GERMANY SEVERAL TIMES AWARDED WITH GOLD MEDALS ON AN INTERNATIONAL LEVEL MONDE SELECTION BRUXELLES SELECTION MONDIALE DE LA QUALITE 31E SELECTION MONDIALE DES PRODUITS D'ENTRETIEN PAINTURES ET VERNIS - MEDAILLE D'OR BRUXELLES - 18. SEPTEMBRE 1971 | TSDR | LIVE |
| 16 | 77761757 | 3739663 | BRUXZIR | TSDR | LIVE |
|  |  |  |  |  |  |

**Exhibit 111**
**-6-**

| 17 | 77930950 | 4192365 | LA CERVEZA NACIONAL DESDE 1916 SALVA VIDA SV | TSDR | LIVE |
|----|----------|---------|----------------------------------------------|------|------|
| 18 | 77905079 | 3828178 | BRUXIE GOURMET HANDHELD WAFFLES | TSDR | LIVE |
| 19 | 77966403 | 4024522 | BRUXITE | TSDR | LIVE |
| 20 | 77810993 | 3956476 | BRUX-CHECKER | TSDR | LIVE |
| 21 | 77847117 | 3941493 | BRUXCURE | TSDR | LIVE |
| 22 | 77520182 | 3582867 | CERVEZA LA TROPICAL EST. 1888 LA PRIMERA CERVEZA CUBANA PILSENER BEER, BRUXELLES 1 ER PREMIO 1897 MUNICH 1908 GRAND PRIX LONDRES GRAND PRIX 1898 ARTS-SCIENCE AUGEM AUSSTELLUNGEBRAUREREI AND WRISOHAFTSWSIN MUNCHEN DE 1906 FUR VERDIENSTVOLLI LEISTUNGEN | TSDR | LIVE |
| 23 | 77190356 | 3775126 | DR. BRUX | TSDR | LIVE |
| 24 | 76670951 | 3305252 | BLANCHE DE BRUXELLES | TSDR | LIVE |
| 25 | 75931489 | 2473238 | BRUX-EZE | TSDR | LIVE |
| 26 | 75635946 | 2319154 | BRUXTON | TSDR | LIVE |
| 27 | 75284579 | 2251807 | BRUXGUARD | TSDR | LIVE |
| 28 | 74112488 | 1700630 | BRUXTON | TSDR | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | IMAGE LIST | TOP
HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**Exhibit 111**
**-7-**

# Exhibit 112

Exhibit 112
-8-



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Nov 30 05:02:46 EST 2012*



Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: _____ OR  Jump  to record: _____   **Record 25 out of 28**

TSDR   ASSIGN Status   TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

### Typed Drawing

| | |
|---|---|
| **Word Mark** | BRUX-EZE |
| **Goods and Services** | IC 010. US 026 039 044. G & S: Dental appliances, namely removable occlusal overlays, fixation devices and the like, used for the treatment of bruxism and temporomandibular joint dysfunctions. FIRST USE: 19851114. FIRST USE IN COMMERCE: 19851201 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75931489 |
| **Filing Date** | February 26, 2000 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | May 8, 2001 |
| **Registration Number** | 2473238 |
| **Registration Date** | July 31, 2001 |
| **Owner** | (REGISTRANT) Sentage Corporation CORPORATION MINNESOTA 5775 Wayzata Boulevard, Suite 890 Minneapolis MINNESOTA 55416 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20110419. |
| **Renewal** | 1ST RENEWAL 20110419 |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST

Trademark Electronic Search System (TESS)

NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# Exhibit 113

Exhibit 113
-11-

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-300 DOC (MLGx)                    Date: November 16, 2012

Title: ETAGZ, INC. V. QUIKSILVER, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                              N/A
Courtroom Clerk                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS):  ORDER DENYING PLAINTIFF'S EX
PARTE APPLICATION FOR COURT
APPOINTMENT OF AN EXPERT,
DENYING MOTIONS AT DOCKETS 125,
140, AND 145, AND GRANTING MOTION
TO FILE DOCUMENTS UNDER SEAL**

Before the Court is an Ex Parte Application by Plaintiff Etagz (Plaintiff) for
Appointment of a Court Expert (docket 172). After considering the moving papers and
the Opposition filed by Defendant Quiksilver (Defendant), the Court hereby DENIES the
application, as it does not find a court-appointed expert necessary.[1]

Several other Motions remaining pending on the docket, and are dealt with below.
The Court notes at the outset that Plaintiff filed several motions based on the erroneous
premise that the expert discovery deadline was August 27, 2012. Plaintiff then filed its
own expert reports on October 15, 2012, as part of its opposition to summary judgment.
After that action, Plaintiff withdrew its argument that expert discovery ended August 27,
2012, abandoning that argument through a Notice of Errata (Docket 146). That Notice
stated that the expert discovery deadline was November 5, 2012, all along.

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; L. R. 7-15.

**Exhibit 113**
**-12-**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-0300 DOC (MLGx)                    Date: November 16, 2012
                                                   Page 2

---

1. The Motion For Extension Of Time To File Expert Reports, filed by Plaintiff (Dkt. 125), is DENIED AS MOOT, because it was based on the incorrect premise that expert discovery ended August 27, 2012. Plaintiff had until November 5, 2012.

2. Plaintiff's Motion To Strike Untimely Designation Of Goodrich As An Expert (Dkt. 140) is DENIED, because Plaintiff's argument is that Quiksilver failed to designate its expert before the close of expert discovery on August 27, 2012, a deadline date that Plaintiff then admitted was incorrect.

3. Defendant's Motion To Strike Etagz's Expert Reports (Dkt. 145) as untimely is DENIED. Defendant contends that eTAGZ violated a deadline listed in the Rule 26(f) report (Dkt. 63). That report proposed September 24, 2012, as the deadline for Opening Expert Reports, meaning reports for which the party bears the burden of proof, with separate deadlines for other experts, and for the close of expert discovery on November 5, 2012. The Minute Order from the scheduling conference sets only one date, November 5, 2012, as the expert discovery cutoff. The Court declines to find that the Minute Order also adopted all the sub-deadlines that were contained in the 26(f) Report, given that the Minute Order only includes the November 5, 2012, expert discovery cutoff date.

4. The Application in Docket 144 to file Documents Nos. 135-23 and 138-9 (Exhibit II) under seal is GRANTED.

   The Parties shall bear their own costs for all the motions resolved above.

   Finally, the Court notes that the Motion To Deem Etagz's Responses To Requests For Admissions As Timely (Dkt. 133) remains pending.

   The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                    Initials of Deputy Clerk: jcb

**Exhibit 113**
**-13-**

Exhibit 114

Exhibit 114
-14-

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

ESM TECHNOLOGIES, LLC,          )
                                )
                Plaintiff,      )
                                )
        v.                      )          Case No. 10-3009-CV-S-RED
                                )
BIOVA, LLC, et al.,             )
                                )
                Defendants.     )

## ORDER

Before the Court is Defendants' Motion to Exclude the Unauthorized Supplemental Rebuttal
Expert Declaration and Report of Dr. Frederick Silver, Including the Exhibits Thereto (Doc. 182).
Defendants first argue that the supplemental rebuttal expert declaration and report is untimely. The
timeliness of Plaintiff's supplemental rebuttal expert declaration and report is determined by Rule
26(a)(2)(E), Rule 26(e), Rule 26(a)(3)(B), and this Court's Scheduling Order (Doc. 50). Plaintiff's
supplemental rebuttal expert declaration and report was filed on November 3, 2011, which was the
deadline for pretrial discovery set forth in this Court's Scheduling Order. The filing of this
supplemental report was also well within the time set for the filing of pretrial disclosures under Rule
26(a)(3). For these reasons, the report was timely filed.

Defendants further argue that Dr. Ruff's additional testing, upon which Dr. Silver relied in
his supplemental rebuttal declaration and report, contradicted the results of his first testing and
report. If an expert's additional affidavit "is not merely supplemental but is actually inconsistent
with his previous testimony" the Court may strike the affidavit. *Popoalii v. Correctional Med.
Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). However, an additional affidavit which "elaborates on
information already conveyed" should be considered by the district court. *Popoalii*, 512 F.3d at 498.

Exhibit 114
-15-

Here, Dr. Ruff's additional testing did not contradict the results of his first set of testing. Instead, Dr. Ruff's additional testing performed analysis under different protocols; these different protocols, however, did not change Dr. Silver's conclusion that the methods disclosed in Watanabe and Horiike did not anticipate any of the independent claims of the '551 Patent and, did not change his ultimate conclusion that the '551 Patent is valid.

Defendants have requested in the alternative that they be given the opportunity to conduct additional discovery at the expense of Plaintiff. Defendants' request that Plaintiff bear the expense of additional discovery is **DENIED**. If Defendants feel the need to conduct additional discovery at Defendants' expense, Defendants shall file a request with the Court which includes the details, i.e. type, names of anyone to be deposed, and reasons for said additional discovery.

Accordingly, for the above stated reasons, the Court **DENIES** Defendants' Motion to Exclude the Unauthorized Supplemental Rebuttal Expert Declaration and Report of Dr. Frederick Silver, Including the Exhibits Thereto. The Court will consider any request for additional discovery filed by Defendants in accordance with the terms set forth above.

**IT IS SO ORDERED.**

DATED:    March 21, 2012          _____/s/ Richard E. Dorr_____
                                  RICHARD E. DORR, JUDGE
                                  UNITED STATES DISTRICT COURT

2

Exhibit 114
-16-

# Exhibit 115

Exhibit 115
-17-

**Shaw, Greer**

| | |
|---|---|
| **From:** | David.Jankowski <david.jankowski@knobbe.com> |
| **Sent:** | Friday, November 16, 2012 8:18 PM |
| **To:** | Graves, Philip |
| **Cc:** | Lynda.Zadra-Symes; Shaw, Greer; Mallgrave, Deb |
| **Subject:** | RE: Glidewell Dental Ceramics v. Keating Dental Arts |

Phil,

The expert disclosure document and amended initial disclosures that Snell & Wilmer emailed to us **shortly before Midnight on October 29, 2012** (Discovery Cut Off) were untimely disclosures in violation of the Court's Scheduling Order, which set forth a deadline for the exchange of expert reports (opening reports were due on October 15, 2012 and rebuttal reports were due on October 22, 2012) and a deadline for initiating depositions (October 22, 2012). Keating does not accept Glidewell's offer to make certain witnesses available for deposition weeks after Discovery Cut Off, as doing so would violate the Federal Rules of Civil Procedure and the express direction of the Court through its Scheduling Order and denial of Glidewell's *Ex Parte* Application seeking to re-open discovery.

We further note that Glidewell produced more than 2,000 pages of documents on November 15, 2012, more than two weeks after Discovery Cut Off. As you surely can appreciate, we have not had an opportunity to review these documents. Given the untimely expert disclosures, the untimely amended disclosures, and now the large and untimely document production, Glidewell appears to be proceeding as if it had prevailed on its *ex parte* application. Keating reserves its right to move to strike and/or make evidentiary objections to any evidence not properly and timely produced by Glidewell during discovery. This includes, but is not limited to, evidence that Glidewell may offer in support of its proposed motions for summary judgment or in opposition to Keating's proposed motions for summary judgment.

Regards,

-David

**David Jankowski**
Partner
David.Jankowski@knobbe.com
949-721-6334 **Direct**

**Knobbe | Martens**
INTELLECTUAL PROPERTY LAW
**five decades. one focus.**
2040 Main Street, 14th Floor
Irvine, CA 92614
www.knobbe.com/david-jankowski

**From:** Graves, Philip [mailto:pgraves@swlaw.com]
**Sent:** Friday, November 16, 2012 11:00 AM
**To:** David.Jankowski
**Cc:** Lynda.Zadra-Symes; Shaw, Greer; Mallgrave, Deb
**Subject:** Glidewell Dental Ceramics v. Keating Dental Arts

David,

In Keating's Opposition to Glidewell's Ex Parte Application to Amend the Scheduling Order, Keating noted that Glidewell had served a set of First Amended Disclosures, a rebuttal report of Prof. Franklyn to the opening report of Dr. Eggleston, a rebuttal report of Prof. Franklyn to the rebuttal report of Boatwright, an expert report from Dr. Goldstein, and an expert disclosure from Dr. DiTolla, and characterized several of these disclosures as untimely. We do not agree, in light of the fact that all of these disclosures were provided prior to the close of

1
**Exhibit 115**
**-18-**

discovery. In any event, we will make Prof. Franklyn, Dr. Goldstein and Dr. DiTolla available to be deposed regarding any subject matter contained in these reports, and will not oppose any depositions of witnesses newly-identified in Glidewell's First Amended Disclosures on the ground that the deposition was noticed or would take place following the close of discovery. In addition, we will not oppose any document discovery that Keating may wish to take as against those witnesses on the ground that the document request was served following the close of discovery. We believe that this proposal provides Keating with an opportunity to effectively and efficiently address any purported concerns that it may have regarding the "timeliness" of these disclosures, all of which were provided prior to the close of discovery.

Best,
Phil

Philip J. Graves, Esq.
Snell & Wilmer LLP
Two California Plaza
350 South Grand Ave.
Suite 2600
Los Angeles, CA 90071-3406
T/213-929-2542
F/213-929-2525
www.swlaw.com

This email is from a law firm. It may contain confidential information. If you are not the intended recipient, please delete this email and any attachments from your computer. Do not save, forward, print, copy or share this email (or any attachments) with anyone else. Any unauthorized copying or dissemination may result in civil liability. Attachments, opinions, conclusions and other information in this message that do not relate to the official business of this firm shall be understood as neither given nor endorsed by it. No attorney-client relationship can be created solely as a result of inquiry by email.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# Exhibit 116

Exhibit 116
-20-



INTELLECTUAL PROPERTY LAW

KNOBBE MARTENS OLSON & BEAR LLP                                    2040 Main St., 14th Fl., Irvine, CA 92614
                                                                             T (949) 760-0404

November 5, 2012
**VIA EMAIL**

Philip J. Graves (*pgraves@swlaw.com*)
Greer Shaw (ghsaw@swlaw.com)
Christopher B. Pinzon (*cpinzon@swlaw.com*)
Colin R. Higgins (*chiggins@swlaw.com*)
Snell & Wilmer LLP
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626

> Re:   *James R. Glidewell Dental Ceramics, Inc. vs. Keating Dental Arts, Inc.*
>       Civil Case No.: SACV11-01309 DOC (ANx)

Dear Counsel:

We request your participation in a telephonic conference of counsel pursuant to L.R. 7-3 to discuss the bases for two motions for summary judgment that Keating Dental Arts proposes to file with the district court in the above-referenced lawsuit. One proposed motion will request that the district court cancel Glidewell Laboratories' registered mark BRUXZIR as an invalid mark. Keating's other proposed motion will request judgments as a matter of law in favor of Keating on Glidewell's three causes of action in the Complaint, namely (i) no infringement of the Federally registered trademark; (2) no violation under Section 43(a) of the Lanham Act; and (3) no unfair competition under Cal. Bus. & Prof. Code §17200. The latter motion is based on the fact that a reasonable juror considering all of the evidence in a light most favorable to Glidewell could not find a likelihood of confusion between Keating's use in commerce of the mark KDZ Bruxer and Glidewell's mark BruxZir.

We propose that the meet-and-confer take place on **Wednesday, November 7, 2012 at 3:00 pm.** If that time does not work for you, please propose an alternative time on Wednesday or Thursday of this week.

Very truly yours,

*/s David G. Jankowski*

David G. Jankowski

14272767

**Exhibit 116**
**-21-**

# EXHIBIT 117
# FILED UNDER SEAL

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2012, I electronically filed the document described as **DECLARATION OF GREER N. SHAW IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MOTIONS FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA  92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel:  (949) 760-0404
Fax: (949) 760-9502

Jeffrey.vanhoosear@kmob.com
David.jankowski@kmob.com
Lynda.zadra-symes@kmob.com
litigation@kmob.com

Dated:  December 3, 2012          SNELL & WILMER L.L.P.


By: *s/Philip J. Graves*
     Philip J. Graves
     Greer N. Shaw

     Attorneys for Plaintiff
     James R. Glidewell Dental Ceramics, Inc.
     dba GLIDEWELL LABORATORIES

16139994.1

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071