Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.Jankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, <br><br> Plaintiff, <br><br> v. <br><br> KEATING DENTAL ARTS, INC. <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx) <br><br> **KEATING'S OBJECTIONS TO SUPPLEMENTAL EVIDENCE SUBMITTED BY GLIDEWELL EMPLOYEES IN SUPPORT OF GLIDEWELL'S OPPOSITION TO KEATING'S MOTIONS FOR SUMMARY JUDGMENT** <br><br> Date: December 17, 2012 <br> Time: 8:30 a.m. <br> Location: Courtroom 9D <br><br> Honorable David O. Carter |

# I.  INTRODUCTION

Glidewell has submitted supplemental declarations from many of their employee witnesses to create new issues of fact that contradicts testimony given at deposition and produced during discovery.  This is not permissible.  "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."  *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1111 (C.D. Cal. 2005); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).  The Court should give no consideration to such testimony.

Additionally, Glidewell attempts to introduce evidence through new declarations to replace evidence they failed to disclose during discovery.  This too is unacceptable.  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion."  Fed. R. Civ. P. 37(c) (emphasis added).   These are new attempts by Glidewell to circumvent the Court's Order Denying Glidewell's *Ex Parte* Application to Amend the Scheduling Order [Doc. #74] and should not be considered by the Court.

For the reasons stated above and the detailed explanations below, the Court should not consider any of the testimony objected to below.

# II.  OBJECTIONS

## A.    Objections to Supplemental Declaration of James Shuck [Doc. #116 Ex. R]

| | Testimony | Objection |
|---|---|---|
| 1. | Supp. Shuck Decl. ¶¶ 2-7, 10, 13-15.  Entire paragraphs. | Lack of personal knowledge (FRE 602).  Mr. Shuck has not presented evidence to show that he has personal |

| | | Testimony | Objection |
|---|---|---|---|
| | | | knowledge of the testimony he presents in these paragraphs. A single claim to being the Vice President of Sales and Marketing is not sufficient testimony to show that he has personal knowledge of the exact figures and statements made in these paragraphs. To the extent he relies on business records to produce this information, the business records needed to be produced during discovery. |
| 2. | | Supp. Shuck Decl. ¶¶ 2-7, 9, 13. Entire paragraphs. | Best Evidence (FRE 1002). The best evidence of the information of Glidewell's marketing numbers, sales figures and the contents of its IFUs are the actual documents. Additionally, the best evidence of the content of Glidewell's promotional and marketing materials is copies of those actual materials and not Mr. Shuck's characterization of those materials. |

| | | Testimony | Objection |
|---|---|---|---|
| | 3. | Supp. Shuck Decl. ¶¶ 2-7, 10, 13-15. | Failure to Disclose (Fed. R. Civ. P. 37(c)).  (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).  The entirety of these paragraphs contains advertising and marketing numbers, sales figures, and factual assertions based on documentary evidence that was not disclosed during discovery and therefore Glidewell should not be allowed to rely on this information.  Particularly telling is the fact that Glidewell has not cited to a single document to substantiate these claims. |
| | 4. | Supp. Shuck Decl. ¶¶ 3-4, 6 | Contrary to previous testimony.  "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1111 (C.D. Cal. 2005); |

|  | | Testimony | Objection |
|---|---|---|---|
|  | | | *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). At deposition as Glidewell's designated representative under Fed. R. Civ. P. 30(b)(6), Mr. Shuck testified that he did not have knowledge of the sales figures for Glidewell.  He is now claiming to have personal knowledge of these numbers and asks the Court to accept his claims.  Glidewell did not produce any documents during discovery to substantiate these claims. |
| 5. | | Supp. Shuck Decl. ¶ 8 "it is estimated that the majority of other dental labs spend no more than $150,000 per year in advertising costs for Dental Trade Magazine." | Lack of Personal Knowledge (FRE 602).  Mr. Shuck does not have personal knowledge of the advertising budgets of other dental labs.<br><br>Improper Opinion Testimony (FRE 701, 702).  Mr. Shuck's opinion on what other dental labs spend on advertising is an improper opinion and not supported by the evidence. |

**B.**   **Additional Objection to First Declaration of James Shuck [Doc. #90 Ex. G]**

|  | Testimony | Objection |
|---|---|---|
| 1. | Shuck Decl. ¶ 14<br><br>"The term 'bruxzir' is not used by Glidewell – or, to my knowledge, widely or generally used by anyone else – to refer to solid zirconia crowns." | Improper Opinion Testimony (FRE 701, 702). Mr. Shuck is not qualified as an expert nor did he submit an expert report in this matter.  His opinion as to how the term bruxzir is used by "anyone else" is inadmissible. |

**C.**   **Objections to Supplemental Declaration of Michael DiTolla [Doc. #116 Ex. S]**

|  | Testimony | Objection |
|---|---|---|
| 1. | Supp. DiTolla Decl. ¶ 2<br>Entire paragraph. | Contrary to previous testimony.  To the extent Dr. DiTolla's testimony attempts to infer an understanding of the dental industry outside of Glidewell's own clients, it is contradicted by his previous deposition testimony.  At deposition Dr. DiTolla testified, "I really can't speak for the industry. Most of the people who I deal with are clients who are dentists at Glidewell." (Jankowski, Ex. 4 at 89.)  "The general rule in the Ninth Circuit is |

| | Testimony | Objection |
|---|---|---|
| | | that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."  *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1111 (C.D. Cal. 2005); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). |

**D.**   **Objections to Supplemental Declaration of Robin Carden [Doc. #116 Ex. U]**

| | Testimony | Objection |
|---|---|---|
| 1. | Carden Decl. ¶ 3<br>Glidewell's R&D department will implement a certification process which includes an extensive validation process to ensure that the personnel of such dental labs are properly trained and equipped to make BruxZir solid zirconia crowns and bridges that are of the same quality as those made by Glidewell, using the BruxZir-brand zirconia milling blanks sold by Glidewell. | Contrary to previous testimony.<br>Mr. Carden is the Vice President for Research & Development ("R&D"). (Mangum Decl., Ex. 51 at 8:7-8.)  Mr. Bartolo is the Sales Manager for Glidewell Direct, a department under the operations department and which used to be under the advertising and marketing department. (Jankowski Decl. [Doc. # 91] Ex. 5 at 6:16-17; 26:7-28:19.) Thus, R&D and Glidewell Direct are two separate departments within Glidewell.<br>At deposition Mr. Carden, Vice President of R&D, was asked whether |

| | Testimony | Objection |
|---|---|---|
| | | it was his department that handled the certification process for authorized labs: "Q: Is that your department who does that? A: No. That's Glidewell Direct." (Mangum, Ex. 51 at 211:11-12.) Later, Mr. Carden is asked which department works with the labs "before the lab is actually operating with the [zirconia blanks so that] Glidewell has spent time with them to have a comfort level that it knows what it's doing with the blanks." Mr. Carden's response is "Glidewell Direct." (*Id.* at 212:11-19.) Mr. Carden is now trying to testify in his supplemental declaration that it is his R&D department rather than Glidewell Direct that implements the certification process. This testimony should not be admitted as it contradicts Mr. Carden's testimony at deposition. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Harris v.* |

| | | Testimony | Objection |
|---|---|---|---|
| | | | *Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1111 (C.D. Cal. 2005); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). |
| 2. | | Carden Decl. ¶¶ 4-6 Entire paragraphs | Lack of Personal Knowledge (FRE 602).  As discussed in objection #1 above, Mr. Carden testified at deposition that it is not his department that conducts the certification process and therefore he cannot rely on his statement that his R&D department conducts this certification process. Therefore, Mr. Carden has not presented sufficient evidence to prove he has personal knowledge of the testimony in these paragraphs.  Contrary to previous testimony. As mentioned in objection #1 above, Mr. Carden testified that Glidewell Direct was responsible for the certification process of "authorized" labs, not his R&D Department.  In addition, Mr. Bartolo, the Sales Manager of Glidewell Direct testified as follows regarding the "certification" |

| | | Testimony | Objection |
|---|---|---|---|
| | | | and quality control processes with "authorized" labs: |
| | | | "Q. What does a lab do to become an authorized lab of Glidewell? |
| | | | A. They need to buy BruxZir blocks on a regular basis, BruxZir coloring liquids on a regular basis, and that's how they get into the system. In order to stay, we need to see a steady flow of orders." |
| | | | (Jankowski, Ex. 5 at 58:21-59:5.) |
| | | | "Q. Do Glidewell personnel regularly inspect the premises of the facilities of the authorized labs? |
| | | | A. We do not. |
| | | | Q. And do Glidewell personnel review samples of full zirconia dental restorations made by the authorized labs using the BruxZir blocks? |
| | | | A. Occasionally, but that would be more of a technical question. They may ask if indeed this is looking the way it should or how can they improve the aesthetics, and we may help them like we talked about before. We want authorized labs to offer the same |

| | | Testimony | Objection |
|---|---|---|---|
| | | | product we do and offer the same translucency and same aesthetic benefits.  If they have questions about how to improve their output, we will certainly do our best to help them. But we don't have a monitoring system. Q. Right. So it's in response to them contacting Glidewell that this would happen? A. Yes." (Jankowski, Ex. 5 at 63:16-64:15.) "Q. Is there any kind of, like, level of quality that the authorized labs have to maintain to remain an authorized lab? A. No, beyond using the technique and the product. They should get similar results. Q. And how do you know if they're using the technique or not? A. For us, it's the use of blocks and the liquid. Those are the two main ingredients." (Id. at 64:22-65:4.) "Q. Does Glidewell Labs require its authorized lab to provide Glidewell with any data on the returns or product |

-10-

| | Testimony | Objection |
|---|---|---|
| | | defects associated with dental restorations that the authorized labs create with the BruxZir blocks? A. They're not required, no." (Id. at 69:9-14.) This testimony of Mr. Carden should not be admitted as it contradicts testimony Glidewell provided at deposition. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."  Harris v. Del Taco, Inc., 396 F. Supp. 2d 1107, 1111 (C.D. Cal. 2005); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). |
| | Carden Decl. ¶ 7-8 Entire paragraphs. | Lack of Personal Knowledge (FRE 602).  Mr. Carden states that he has worked only in the Research and Development department at Glidewell and has not provided any evidence that he has any responsibilities with filling orders for milling blanks placed by "authorized" labs.  Therefore, Mr. |

| | Testimony | Objection |
|---|---|---|
| | | Carden has not provided evidence that he has personal knowledge of the facts put forth in these paragraphs. |
| | Carden Decl. ¶ 8<br>Entire paragraph. | Lack of Personal Knowledge (FRE 602).  Mr. Carden states that he has worked only in the Research and Development department at Glidewell and has not provided any evidence that he has any responsibilities with communicating with customers by sending them "IFUs."  Therefore, Mr. Carden has not provided evidence that he has personal knowledge of the facts put forth in this paragraph. |
| | Carden Decl. ¶ 9<br>Entire paragraph. | Lack of Personal Knowledge (FRE 602).  Mr. Carden states that he has worked only in the Research and Development department at Glidewell. Mr. Carden has not provided evidence that he has personal knowledge of the facts put forth in this paragraph. |
| | Carden Decl. ¶ 11<br>Entire paragraph. | Lack of Personal Knowledge (FRE 602).  Mr. Carden states that he has worked only in the Research and Development department at Glidewell. He does not provide any testimony to |

| | Testimony | Objection |
|---|---|---|
| | | establish he has personal knowledge of the technical support provided to the "authorized" labs.  Mr. Carden has not provided evidence that he has personal knowledge of the facts put forth in this paragraph. |
| | Carden Decl. ¶¶ 11-12 Entire paragraphs. | Lack of Personal Knowledge (FRE 602).  Mr. Carden states that he has worked only in the Research and Development department at Glidewell.  He does not provide any testimony to establish he has personal knowledge of the summary and conclusory statements in these paragraphs.  Mr. Carden has not provided evidence that he has personal knowledge of the facts put forth in these paragraphs. Improper Opinion Testimony (FRE 701, 702).  Mr. Carden improperly provides opinion testimony on the level of training, support and instruction that is provided to the "authorized" labs as well as the effect of these efforts. |

E.    **Objections to Supplemental Declaration of Robin Bartolo [Doc. #116 Ex. V]**

| | | Testimony | Objection |
|---|---|---|---|
| | 2. | Bartolo Decl. ¶ 7<br><br>"Indeed, representatives from Authorized BruxZir Labs have told me that they are very happy and satisfied with this relationship." | Hearsay (FRE 801, 802). Statements made to Mr. Bartolo are out of court statements which are being offered to prove the truth of the matter asserted. |
| | 3. | Bartolo Decl. ¶ 13<br><br>"Glidewell provides extensive technical support for its Authorized BruxZir Labs if they encounter any quality issues in connection with the manufacture of BruxZir-brand crowns and bridges.  Typically, an Authorized BruxZir Lab sends the problematic BruxZir solid zirconia crown or bridge to Glidewell for analysis." | Contrary to previous testimony.<br>To the extent Glidewell is trying to infer this is a common practice, it is contrary to prior deposition testimony.  Mr. Bartolo previously testified:<br>"Q. And do Glidewell personnel review samples of full zirconia dental restorations made by the authorized labs using the BruxZir blocks?<br>A. Occasionally, but that would be more of a technical question. They may ask if indeed this is looking the way it should or how can they improve the aesthetics, and we may help them like we talked about before. We want authorized labs to offer the same product we do and |

-14-

| | | Testimony | Objection |
|---|---|---|---|
| | | | offer the same translucency and same aesthetic benefits.  If they have questions about how to improve their output, we will certainly do our best to help them. **But we don't have a monitoring system**.<br>Q. Right. So it's in response to them contacting Glidewell that this would happen?<br>A. Yes."<br>(Jankowski, Ex. 5 at 63:20-64:15.) |
| | Bartolo Decl. ¶¶ 20-21<br>Entire paragraphs. | | Improper Opinion Testimony (FRE 701, 702).  Mr. Bartolo improperly provides opinion testimony on the level of training, support and instruction that is provided to the "authorized" labs as well as the effect of these efforts.<br><br>Contrary to prior testimony.<br>To the extent Mr. Bartolo is claiming that Glidewell takes active steps to ensure quality other than monitoring the sales of the zirconia blanks and coloring liquid, this statement is contrary to his prior deposition |

| | | Testimony | Objection |
|---|---|---|---|
| | | | testimony.  He previously testified: "Q. Is there any kind of, like, level of quality that the authorized labs have to maintain to remain an authorized lab? A. No, beyond using the technique and the product. They should get similar results. Q. And how do you know if they're using the technique or not? A. For us, it's the use of blocks and the liquid. Those are the two main ingredients." (*Id.* at 64:22-65:4.) This testimony should not be admitted as it contradicts Mr. Carden's testimony at deposition. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1111 (C.D. Cal. 2005); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). |

## III. <u>CONCLUSION</u>

Based upon the objections that Keating has made with respect to the above-identified portions of the Declarations of Jim Shuck, Dr. Michael DiTolla, Robin Carden, and Robin Bartolo, Keating respectfully requests that the Court strike and not consider the identified declaration portions in deciding Glidewell's motion for partial summary judgment.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 3, 2012      By: /s/ Lynda J. Zadra-Symes
                                 Lynda J. Zadra-Symes
                                 Jeffrey L. Van Hoosear
                                 David G. Jankowski

                             Attorneys for Defendant/Counter-Plaintiff,
                             KEATING DENTAL ARTS, INC.