Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.Jankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, <br><br> Plaintiff, <br><br> v. <br><br> KEATING DENTAL ARTS, INC. <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx) <br><br> **KEATING'S OBJECTIONS TO EXPERT SUPPLEMENTAL DECLARATIONS OF DAVID FRANKLYN AND DR. RONALD GOLDSTEIN** <br><br> Date: December 17, 2012 <br> Time: 8:30 a.m. <br> Location: Courtroom 9D <br><br> Honorable David O. Carter |

# I.  <u>INTRODUCTION</u>

On November 26, 2012, James R Glidewell Dental Ceramics Inc. ("Glidewell") filed a Supplemental Appendix of Evidence in Support of James R. Glidewell Dental Ceramics, Inc.'s Oppositions to Keating's Motions for Summary Judgment [Dkt. 116] ("Glidewell's Supplemental Appendix"). Defendant Keating Dental Arts, Inc. ("Keating") hereby submits the following Objections to Expert Supplemental Declarations of David Franklyn and Dr. Ronald Goldstein, which object to Exhibits T and X to Glidewell's Supplemental Appendix.

# II.  <u>OBJECTIONS</u>

## A.  <u>Objections to Supplemental Declaration of David Franklyn</u>

### 1.  <u>The Supplemental Declaration of David Franklyn is Improper Because It Attempts to Supplant The Inadmissible Franklyn Rebuttal Reports</u>

Glidewell previously tried to introduce rebuttal reports to Keating's experts Lori Boatright and Dr. David Eggleston that were far past the discovery deadlines.  In response, Keating timely filed objections to the inclusion of that evidence as well as to Mr. Franklyn's fitness as an expert. [Doc 120]  Keating maintains those objections here.  Now again, Glidewell attempts to reintroduce that inadmissible evidence in this Supplemental Declaration.  The Supplemental Declaration is attempting to function like a rebuttal report of Keating's experts, trying to sneak in the evidence that was previously inadmissible. (Franklyn's Supp. Decl. [Doc 111] 2:7-19.)  Mr. Franklyn explicitly states that he is responding to (i.e. rebutting) Dr. Eggleston's Expert Report [Doc 93], First Supplemental Expert Report [Doc 93], and Rebuttal Expert Report [Doc 93] and to Lori Boatright's Rebuttal Report of David Franklyn [Doc 94]. (Franklyn's Supp. Decl. 2:18-19.)  This is the very content of Mr. Franklyn's untimely filed

Rebuttal Reports, and now is filed even later than before.  In fact, each paragraph is almost an exact word-for-word recital of those documents, short of non-substantive stylistic changes.   As previously discussed in Keating's Objections to Declaration and Expert Reports of David Franklyn Submitted in Support of Glidewell's Motions for Partial Summary Judgment [Doc 120] ("Keating's Objections to Franklyn's Reports"), the expert rebuttal reports were due October 15, 2012.  (See Rule 26(f) Joint Report filed with the Court (Doc No. 11).)  Glidewell first tried to serve these rebuttal reports two weeks late on October 29, 2012.  Now, Glidewell is attempting to insert the very same content only in different form in an unsavory attempt to runaround the rules.   On November 9, 2012 the court denied Glidewell's Ex Parte Application to Amend Scheduling Order and did not extend the discovery or expert disclosure deadlines. (Doc. 74.)  That ruling should be upheld here and the information contained in this Supplemental Declaration should be accordingly found inadmissible.

Keating additionally raises the following evidentiary objections to Franklyn's Supplemental Declaration:

| Paragraph | Objection |
|---|---|
| ¶ 3 | Improper expert opinion (FRE[1] 702), lack of personal knowledge (FRE 602), insufficient factual foundation (FRE 602) as to the use and purpose of BruxZir crowns. Franklyn is not a dental expert and has no dental industry expertise to be making statements about the use of BruxZir crowns. Franklyn does not have personal knowledge and lays no foundation for his assertions. |

[1] FRE refers to the Federal Rules of Evidence

| Paragraph | Objection |
|---|---|
| | Mischaracterizes the Evidence as to Dr. Eggleston's supposed acknowledgement that his opinion on the genericness of "bruxer" for crown may have to be revised.  Dr. Eggleston made no such acknowledgement. Instead, at his deposition, Mr. Eggleston was presented with a hypothetical situation (which was consistently objected to on the grounds of speculation, mischaracterizes previous testimony, and assumes facts not in evidence ) where he was presented with a completely transparent piece of material that Mr. Tachner represented as being zirconia.  Mr. Tachner then asked that if that level of translucency were available in zirconia, would Mr. Eggleston change his opinion that zirconia crowns are only useful for bruxers.  Mr. Eggleston consistently expressed that he has never seen, heard, or read about, any type or zirconia crown with that level of translucency, but that if one could achieve that level of translucency with zirconia, he would retract his statement that zirconia is not appropriate for anterior teeth. Dr. Eggleston never stated that his opinion on genericness for "bruxer" would be revised and Franklyn does not cite to any such statement.  Keating reserves all the objections made to that deposition. See Eggleston Depo. Tr. at 38-41. |
| ¶ 4 | Improper expert legal opinion as to whether Dr. Eggleston shows that "bruxer crown" is generic. Genericness is one of the final conclusions of law in this case and experts cannot make determinations of final conclusions of law. (See *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. |

| Paragraph | Objection |
|---|---|
| | 2008)(holding that experts may not testify as to any legal conclusions drawn from applying law to facts))(FRE 702).<br><br>Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to the sufficiency of Dr. Eggleston's analysis, supplanting the role of counsel. *Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1044 (D. Ariz. 2005) (granting motion to exclude several law professors' testimony, noting that expert reports "read[] more like a legal brief than an expert report"); *In re Rezulin Products Liab. Litig.*, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004) (experts should not be permitted to "supplant the role of counsel in making argument at trial"). |
| ¶ 5 | Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to the sufficiency of Dr. Eggleston's analysis, supplanting the role of counsel.  Franklyn offers no opinion or analysis relating to his area of supposed expertise. *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541.  Additionally, Franklyn is not a dental expert and therefore should not be providing opinion or analysis as to the content advanced in the dental articles.  (FRE 702) |
| ¶ 6 | Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to the sufficiency of Dr. Eggleston's analysis and evidence, supplanting the role of counsel.  Franklyn offers no opinion or analysis relating to his area of supposed |

| Paragraph | Objection |
|---|---|
| | expertise. *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541.<br><br>Improper legal conclusion as to whether the evidence supports a finding of genericness. (FRE 702) (*Nationwide Transp. Fin.*, 523 F.3d at 1058). |
| ¶ 7 | Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to the sufficiency of Dr. Eggleston's analysis and evidence, supplanting the role of counsel.  Franklyn offers no opinion, analysis, or explanation relating to his area of supposed expertise.  *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541.<br><br>Improper legal conclusion as to whether the evidence supports a finding of genericness. (FRE 702) (*Nationwide Transp. Fin.*, 523 F.3d at 1058).<br><br>Conclusory statement and lack of foundation as to whether the evidence proves genericness. (*Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("nothing. . .requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."))(FRE 602).<br><br>Internal inconsistency in argument and mischaracterization of evidence—Franklyn admits that Dr. Eggleston is using the evidence |

| Paragraph | Objection |
|-----------|-----------|
| | to "support the proposition," therefore acknowledging that it is not the sole basis for his expert opinion. But then Franklyn states that the evidence does not "prove that dentists or dental labs use the term. . . as a generic term" suggesting that Dr. Eggleston relied solely on that evidence to reach his conclusion.  This mischaracterizes Dr. Eggleston's analysis. |
| ¶ 8 | Lack of personal knowledge (FRE 602), insufficient factual foundation (FRE 602), improper expert opinion (FRE 702) and improper conclusory statement (*Gen. Elec. Co.*, 522 U.S. at 146), as to whether Keller and Crown Dental Studio are authorized Glidewell labs.  Franklyn does not have the personal knowledge or establish the proper factual basis for his findings. Furthermore, a determination of whether Keller and Crown Dental Studio are authorized Glidewell labs is not proper expert opinion that rests on Franklyn's area of expertise.

Improper speculation and insufficient factual foundation as to whether the labs are "likely referring to Glidewell's products and not using the term in a generic manner." (emphasis added).

Improper legal opinion as to whether the labs use the term generically, which is one of the legal conclusions of the case. (*Nationwide Transp. Fin.*, 523 F.3d at 1058) (FRE 702)

Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to the sufficiency of Dr. Eggleston's |

| Paragraph | Objection |
|---|---|
| | analysis and evidence, supplanting the role of counsel.  Franklyn makes evidentiary objections to Dr. Eggleston's evidence on the grounds of personal knowledge among other things, which is not proper expert opinion but rather is the role of Glidewell's counsel. Franklyn offers no opinion, analysis, or explanation relating to his area of supposed expertise.  *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541.<br><br>Internal inconsistency—Franklyn states "[Dr. Eggleston] does not speak from personal knowledge…."  Franklyn then continues to say that "he, himself, routinely refers to a full zirconia crown as a 'bruxer crown,'" which establishes that it *is* based on personal knowledge. |
| ¶ 9 | Insufficient factual foundation and improper speculation as to whether the speaker is saying "BruxZir" or "bruxer" given that they are phonetic equivalents. (FRE 602). Misleading evidence as to whether the speakers in videos are using "bruxer" generically. Given that "BruxZir" and "bruxer" are phonetic equivalents, it is impossible to distinguish when a speaker is referring to Glidewell's mark or the term "bruxer."<br><br>Improper legal opinion (FRE 702) and insufficient factual foundation (FRE 602) as to whether the video uses the term generically, which is one of the legal conclusions of the case. (*Nationwide Transp. Fin.*, 523 F.3d at 1058) |

| Paragraph | Objection |
|---|---|
|  | Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to the sufficiency of Dr. Eggleston's analysis and evidence, supplanting the role of counsel.  Franklyn offers no opinion, analysis, or explanation relating to his area of supposed expertise.  *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541. |
| ¶ 10 | Improper conclusory statement and lack of factual foundation as to whether the speaker uses BruxZir as a trademark. (FRE 602) (*Gen. Elec. Co.*, 522 U.S. at 146).<br><br>Misleading evidence (as to whether speakers in videos are using "bruxer" generically. Given that "BruxZir" and "bruxer" are phonetic equivalents, it is impossible to distinguish when a speaker is referring to Glidwell's mark or the term "bruxer.") |
| ¶ 11 | Improper legal conclusion as to whether the websites show that bruxer or BruxZir is generic. (FRE 702) Genericness is one of the final conclusions of the case and therefore inappropriate for expert testimony. (*Nationwide Transp. Fin.*, 523 F.3d at 1058).<br><br>Improper legal conclusion as to whether York Dental Lab used BruxZir generically or not. (FRE 702) (*Nationwide Transp. Fin.*, 523 F.3d at 1058).<br><br>Improper speculation as to whether York Dental Lab's use of "bruxer" to refer to the crown was a mistake or not. |

| Paragraph | Objection |
|---|---|
| | Improper legal conclusion as to whether Barth uses "bruxer crown" generically. (FRE 702) (*Nationwide Transp. Fin.*, 523 F.3d at 1058).<br><br>Improper legal conclusion as to whether Mascola's use of Xtremem Bruxer is descriptive or generic. Expert cannot make determinations of final conclusions of law. (FRE 702) (*Nationwide Transp. Fin.*, 523 F.3d at1058).<br><br>Insufficient factual foundation, lack of personal knowledge, and improper speculation (FRE 602) as to whether Showcase uses Zir-Bruxer or Full Contour Zirconia<br><br>Insufficient factual foundation, lack of personal knowledge, and improper speculation (FRE 602) as to whether R-Dent Dental Laboratory is a Glidewell authorized lab.<br><br>Internal inconsistency. Franklyn first states that "it is clear [the websites] do not show that bruxer … is a generic name for a type of solid zirconia dental crown" and then later admits that Infinity Dental Lab is not using "Bruxer" in a "trademark sense." If the latter is true, then it is not "clear" that bruxer is not being used generically.<br><br>Insufficient factual foundation and improper conclusory opinion as to whether Assured's use is descriptive. FRE 602; *Gen. Elec. Co.*, |

| Paragraph | Objection |
|---|---|
|  | 522 U.S. at 146. |
| ¶ 12 | Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to whether the lab orders show actual conclusion, supplanting the role of counsel.  Franklyn offers no opinion, analysis, or explanation relating to his area of supposed expertise.  *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541.<br><br>Improper speculation as to whether there's actual confusion. |
| ¶ 13 | Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to the weight of Eggleston's arguments and evidence, supplanting the role of counsel.  Franklyn offers no opinion, analysis, or explanation relating to his area of supposed expertise.  *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541.<br><br>Improper legal conclusion as to whether the evidence shows that "bruxer crown" is being used generically. Genericness is a final conclusion of the case. (FRE 702) (*Nationwide Transp. Fin.*, 523 F.3d at 1058). |
| ¶¶ 14-15 | Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to the weight of Eggleston's arguments and evidence, supplanting the role of counsel.  Franklyn offers no opinion, analysis, or explanation relating to his area of supposed expertise.  *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541. |

| Paragraph | Objection |
|---|---|
| | Improper legal conclusion as to whether the evidence shows that BruxZir or Bruxer is being used generically. Genericness is a final conclusion of the case. (FRE 702) (*Nationwide Transp. Fin.*, 523 F.3d at 1058). |
| | Franklyn asserts that Dr. Eggleston fails to disclose that "it is 'clear' that the participants were well aware that BruxZir is a Glidewell product and not a generic term..." However, the entire statement, unedited, includes the following statements: |
| | > "I would hope that my colleagues recognize this and when speaking about full contour Zi they would refrain from using the Trade name "Bruxzir" [sic] unless they are specifically referring to that product."<br><br>Rather, forum moderator specifically identified that the forum participants use the term "BruxZir" generically. The forum moderator clearly acknowledged that there is a gravitation "to utilizing those names [i.e, BruxZir] in an open forum when meaning to use the generic term."<br><br>Dentists as of 11-22-2010 were using the term BruxZir generically, in such a fashion, quantity, and quality that a forum moderator felt it necessary to mention the danger of genericide. |
| | Improper speculation and insufficient factual foundation as to Franklyn's assessment that it is "clear that the participants were |

-11-

| Paragraph | Objection |
|---|---|
| | well aware that BruxZir is a Glidewell product." Franklyn has not spoken with the participants to be able to make an assessment of whether or not they were aware that BruxZir is a Glidewell product. |
| ¶ 16 | Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to the weight of Eggleston's arguments and evidence, supplanting the role of counsel.  Franklyn offers no opinion, analysis, or explanation relating to his area of supposed expertise.  *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541. <br><br> Improper statement of legal standard as to the evidence needed to prevail and to the applicable legal standard.  *Nationwide Trans. Fin.*, 523 F.3d at 1058 (instructing as to applicable law is the "distinct and exclusive province of the court"). |
| ¶ 17 | Improper speculation, lack of personal knowledge and insufficient factual foundation as to when Keating entered the dental crown market.  (FRE 602) <br><br> Irrelevant (FRE 401, 402) as to Franklyn's note of the dates of the evidence which Dr. Eggleston relies on. Evidence from after May 2011 is important and relevant to Dr. Eggleston's analysis. See Keating's Response to Glidewell's Objections to Evidence Submitted by Keating in Support of Its Motion for Summary Judgment (Section VI) filed herewith. |
| ¶ 18 | Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to the weight of Eggleston's |

-12-

| Paragraph | Objection |
|---|---|
| | arguments and evidence, supplanting the role of counsel.  Franklyn offers no opinion, analysis, or explanation relating to his area of supposed expertise.  *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541. |
| ¶ 19 | Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to the credibility of Eggleston's arguments and evidence, supplanting the role of counsel.  Franklyn offers no opinion, analysis, or explanation relating to his area of supposed expertise.  *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541.<br><br>Improper expert testimony as to the credibility of the evidence, which is a determination for the trier of fact.<br>Mischaracterizes evidence as to whether Keating has shown evidence of generic use. Franklyn fails to recognize that as phonetic equivalents, it would be difficult if not impossible to discern when a speaker is referring to "bruxer" and when the spearker is referring to "BruxZir." |
| ¶ 20 | Improper legal expert opinion and statement of law of as to the standard regarding incidental generic uses of a mark.  *Nationwide Trans. Fin.*, 523 F.3d at 1058 (instructing as to applicable law is the "distinct and exclusive province of the court"; legal arguments meant for a brief are for counsel to provide). |
| ¶ 21 | Improper conclusory statement and insufficient factual foundation as to whether the evidence demonstrates that BruxZir and/or Bruxer are understood to be generic. Franklyn merely makes the statement |

| Paragraph | Objection |
|---|---|
| | without offering any analysis in support thereof. (FRE 602) (*Gen. Elec. Co.*, 522 U.S. at 146). |
| ¶ 22 | Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to the credibility of Eggleston's arguments and evidence, supplanting the role of counsel.  Franklyn offers no opinion, analysis, or explanation relating to his area of supposed expertise.  *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541.<br><br>Improper expert testimony as to the credibility or sufficiency of the evidence, which is a determination for the trier of fact. |
| ¶ 23 | Keating reserves any objections made to Paragraphs 54-68 of Franklyn's Declaration in support of Glidewell's Motions for Summary Judgment are reserved here. |
| ¶ 28 | Mischaracterization of evidence and legal standard as to the fact that Boatright did not make a conclusion that BruxZir is generic, because that is the ultimate determination of law for the trier of fact and making such a conclusion is inappropriate expert witness testimony.  *Nationwide Trans. Fin.*, 523 F.3d at 1058. |
| ¶ 29 | Improper expert legal opinion as to the legal standard for an infringement action. Instructions on the legal standard are for the judge not the expert.  *Nationwide Trans. Fin.*, 523 F.3d at 1058. |
| ¶ 30 | Improper expert legal opinion as to the legal protectability of generic and descriptive marks; instructions on the legal standard are for the judge. *Nationwide Trans. Fin.*, 523 F.3d at 1058. |

| Paragraph | Objection |
|---|---|
| ¶ 31 | Lack of personal knowledge.  Franklyn doe s not establish facts sufficient to show he has personal knowledge of any recognition of BruxZir products in the dental industry.  His only citation is to the Declaration of Mr. Shuck and therefore is not based on his own personal knowledge.<br><br>Testimony based on improper new evidence as to Franklyn's reliance on the dentist witnesses who were not properly disclosed during discovery. (FRCP[2] 37(c))  Keating has already objected to the inclusion of the evidence from the dentist interviews as not being properly admitted. See Keating's Objections to Franklyn's Report (Sections IV(A), IV(B), IV(C) and V). Inconsistent with prior testimony because Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists. |
| ¶ 32 | Mischaracterizes evidence and expert testimony.  Ms. Boatright does not say that it is because of the fame of the BruxZir mark that the name has become generic.  Franklyn is purporting that there is an inconsistency in Ms. Boatright's statements, where in fact there is none. It is both legally and logically possible for a mark to be generic and to *not* have acquired secondary meaning. Therefore, Franklyn's statement will be misleading to a trier of fact who may be tricked into believe that there is an inconsistency where none exists. |

---

[2] FRCP refers the Federal Rules of Civil Procedure

| Paragraph | Objection |
|---|---|
| ¶ 33 | Conclusory statement and lack of foundation (as to whether dentists see Glidewell as the market leader, no evidentiary support for such statement). |
| ¶ 34 | Improper new evidence as to Franklyn's reliance on the undisclosed dentist witnesses.  (FRCP 37(c)).  Inconsistent with prior testimony because Franklyn repeatedly mentioned in his deposition that he had not spoken to dentists.  This paragraph also relies on the declaration of Nicole Fallon, which Keating previously objected to in Keating's Objections to Evidence Submitted By Glidewell's Employee Witnesses in Support of its Motions for Partial Summary Judgment [Doc 122] ("Keating's Objections to Glidewell's Employee Witnesses").  Keating reserves those objections as to Franklyn's reliance on Fallon's Declaration.<br><br>Mischaracterization of evidence (Franklyn alleges that Ms. Boatright did not address the potential for actual confusion, however she did address the possibility and even offered an explanation for it: "If there is confusion, it is based on the unusual character of [the BruxZir] mark which is the phonetic equivalent of a common term in dentistry." (See Docket No. 94 (Boatright Decl.), Ex. A at ¶ 82) |
| ¶ 35 | Keating reserves any objections made to Paragraphs 54-68 of Franklyn's Declaration in support of Glidewell's Motions for Summary Judgment are reserved here. |

| Paragraph | Objection |
|---|---|
| ¶ 36 | Improper expert legal opinion as to the legal effect of a disclaimer; instructions on the legal standard are for the judge. (*Nationwide Trans. Fin.*, 523 F.3d at 1058). |
| ¶ 37 | Improper expert legal opinion (as to whether Keating qualifies for the descriptive fair use doctrine and the legal requirements for the doctrine; questions of law and final legal determinations are not proper expert opinions) (*Nationwide Trans. Fin.*, 523 F.3d at 1058). |
| ¶ 38 | Improper speculation and improper expert opinion as to whether Keating is free riding on good will; Franklyn has no personal knowledge and such a determination is not within the scope of his expertise) (*Simonelli v. Univ. of Cal. at Berkeley*, 338 Fed. Appx. 673 (9th Cir. 2009) (expert opinion excluded for going beyond permissible professional opinion). |
| ¶ 39 | Mischaracterizes the law and Keating's arguments. Franklyn argues that in order for the field to be crowded there must be exact uses of the BruxZir or Brux and Zir or Z, and that any other marks are irrelevant. However that contention is inaccurate. Keating can show that the field is crowded by marks that use significant portions of Glidewell's mark, such as "brux" or "zir." even if not using the entirety of the BruxZir mark.  Furthermore, Franklyn illogically applies a very narrow view of what a competing product is.<br><br>Improper expert opinion because Franklyn merely advances Glidewell's legal argument as to evidentiary objections (namely relevance) to Keating's evidence, supplanting the role of counsel. Franklyn offers no opinion, analysis, or explanation relating to his |

| Paragraph | Objection |
|---|---|
| | area of supposed expertise. *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541. |
| ¶ 40 | Improper speculation, lack of personal knowledge, improper factual foundation as to whether several labs have discontinued after receiving cease and desist letters, as to whether Continental Dental and Trachsel Dental were authorized labs and made a mistake. (FRE 602)<br><br>Improper expert opinion because Franklyn merely advances Glidewell's legal argument countering Keating's arguments and evidence, supplanting the role of counsel. Franklyn offers no opinion, analysis, or explanation relating to his area of supposed expertise. *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541. |
| ¶ 41 | Improper expert opinion because Franklyn merely advances Glidewell's legal argument countering Keating's arguments and evidence, supplanting the role of counsel. Franklyn offers no opinion, analysis, or explanation relating to his area of supposed expertise. *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541. |
| ¶ 42 | Improper expert opinion because Franklyn merely advances Glidewell's legal argument countering Keating's arguments and evidence, supplanting the role of counsel. Franklyn offers no opinion, analysis, or explanation relating to his area of supposed expertise. *Pinal Creek Group*, 352 F. Supp. 2d at 1044; *In re Rezulin*, 309 F. Supp. 2d at 541. |

| Paragraph | Objection |
|---|---|
| ¶ 43 | Irrelevant (401, 402). The fact that the one webpage Franklyn accessed does not list a product with the Z-Brux name does not mean that such a product is not being produced.<br><br>Failure to Disclose (Fed. R. Civ. P. 37(c)).  (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).  This evidence was not produced during discovery. |
| ¶ 44 | Irrelevant (401, 402). The fact that the one webpage Franklyn accessed does not list a product with the Brux name does not mean that such a product is not being produced.<br><br>Failure to Disclose (Fed. R. Civ. P. 37(c)).  (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).  This evidence was not produced during discovery. |
| ¶ 45 | Irrelevant (401, 402). The fact that the one webpage Franklyn accessed does not list a product with the Bruxer All Zirconia name does not mean that such a product is not being produced.<br><br>Failure to Disclose (Fed. R. Civ. P. 37(c)).  (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).  This evidence |

| Paragraph | Objection |
|---|---|
| | was not produced during discovery. |
| ¶ 46 | Irrelevant (401, 402). The fact that the one webpage Franklyn accessed does not list a product with the Full Zirconia for Bruxing Patients name does not mean that such a product is not being produced.<br><br>Failure to Disclose (Fed. R. Civ. P. 37(c)).  (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).  This evidence was not produced during discovery. |
| ¶ 47 | Irrelevant (401, 402). The fact that the one webpage Franklyn accessed does not list a product with the Bruxer Crown name does not mean that such a product is not being produced.<br><br>Failure to Disclose (Fed. R. Civ. P. 37(c)).  (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).  This evidence was not produced during discovery. |
| ¶ 48 | Irrelevant (401, 402). The fact that the one webpage Franklyn accessed does not list a product with the Full Contour Zir name does not mean that such a product is not being produced.<br><br>Failure to Disclose (Fed. R. Civ. P. 37(c)).  (If a party fails to provide information or identify a witness as required by Rule 26(a) |

| Paragraph | Objection |
|---|---|
|  | or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).  This evidence was not produced during discovery. |
| ¶ 49 | Irrelevant (401, 402). The fact that the one webpage Franklyn accessed does not list a product with the name All Zirconia Bruxer does not mean that such a product is not being produced.  Furthermore, had Franklyn performed a more thorough search of the website he would have seen the name used here:<br><br>Failure to Disclose (Fed. R. Civ. P. 37(c)).  (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).  This evidence was not produced during discovery. |
| ¶ 50 | Irrelevant (401, 402). The fact that the one webpage Franklyn accessed does not list a product with the name Bruxer does not mean that such a product is not being produced.<br><br>Failure to Disclose (Fed. R. Civ. P. 37(c)).  (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).  This evidence was not produced during discovery. |
| ¶ 51 | Irrelevant (401, 402). The fact that the one webpage Franklyn accessed does not list a product with the name Zir-Bruxer does not mean that such a product is not being produced. |

| Paragraph | Objection |
|-----------|-----------|
|           | Failure to Disclose (Fed. R. Civ. P. 37(c)).  (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).  This evidence was not produced during discovery. |

**B.**     **Objections to Supplemental Declaration of Dr. Ronald Goldstein**

Defendant Keating Dental Arts, Inc. ("Keating") hereby objects to the Supplemental Declaration of Dr. Ronald Goldstein in Support of James R. Glidewell Dental Ceramics, Inc.'s Opposition to Defendant's Motions for Summary Judgment (Doc. No. 116, Ex. X).  The declaration objected to is inadmissible in full and part, and Keating requests that it not be considered as part of the record in deciding Glidewell's motions for partial summary judgment.

Goldstein's Supplemental Declaration was not timely served and should therefore be excluded under F.R.C.P. 37(c).  After this Court denied Glidewell's motion to amend the scheduling order, Glidewell has continued to produce information and witnesses in violation of F.R.C.P. 37(c).  Glidewell attempts to rely on the testimony of Dr. Goldstein who was not noticed in a timely served initial disclosure.

Glidewell's actions are unacceptable and flagrantly disregard this Courts orders by attempting to go behind the Court's back to continue discovery and production—Glidewell produced new witnesses, in violation of the Federal Rules of Civil Procedure after an explicit proscription by this Court.  F.R.C.P. 37(c) (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness**

to supply evidence on a motion) (emphasis added).

Therefore, Defendant respectfully requests that this Court exclude all of the Plaintiff's untimely information and witnesses because such evidence violates both the Court's orders and the Federal Rules of Civil Procedure.

| | Testimony | Objection |
|---|---|---|
| | **¶ 3** | Dr. Eggleston acknowledged at his deposition that if that is true, his opinion on the genericness of the term "bruxer" for crown [sic] may have to be revised. |
| | **¶ 5** | Mischaracterization of the facts.<br><br>Goldstein objects to items of evidence 1-7 in his chart, which include:<br>1. "Nikolaos Tsiggos, D.D.S, Ph.D., et al.: Association between self-reported bruxism activity and occurrence of dental attrition, abfraction, and occlusal pits on natural teeth. *Journal of prosthetic dentistry*, Jul 2008.<br>2. Emily R. Tolley, D.D.S.: The Efficacy of the Bitestrip® in Determining Patients Awareness of Nocturnal Bruxism. Thesis submitted to the School of Dentistry, West Virginia University, 2007.<br>3. Robin A. Carden: A Changing Direction in Dentistry: Full-Contour Zirconia. *Journal of Dental Technology*, February 2011.<br>4. Takeshi Suganuma, D.D.S., Ph.D., et al.: The Effect of Bruxism On Periodontal Sensation in the Molar |

| | Testimony | Objection |
|---|---|---|
| | | Region: A Pilot Study. *The Journal of Prosthetic Dentistry*, July 2007 |
| | | 5. Christine Schneider, et al.: Maladaptive Coping Strategies in Patients with Bruxism Compared to Non-Bruxing Controls. *International Journal of Behavioral Medicine* 4: 257-61, 2007 |
| | | 6. Yasuhiro Ono, D.D.S., et al.: The Effects of Sleep Bruxism On Periodontal Sensation and Tooth Displacement in the Molar Region. *The Journal of Craniomandibular Practice*, Oct. 2008. |
| | | 7. Omar Franklin Molina D.D.S., M.S., et al.: A Clinical Study of Specific Signs and Symptoms of CMD in Bruxers Classified by the Degree of Severity. *The Journal of Craniomandibular Practive*, January 1999. |
| | | Goldstein States that "[n]one of these articles, however, state that there is such a thing as a 'bruxer crown.' They, therefore, do not support Dr. Eggleston's assertion. |
| | | Dr. Eggleston's discussion of these articles is included under the heading " A bruxer is a generic term used to describe a person with the condition of bruxism." Furthermore, Dr. Eggleston's ultimate conclusion with regard to these sources is that "It is my opinion that the term bruxer is a generic term to refer to patients with the condition of bruxism." (Eggleston Decl., Ex. 65 at 16:5-6) |

| | Testimony | Objection |
|---|---|---|
| | | It is manifestly clear from even the quickest glance that the referenced documents fully and obviously support Dr. Eggleston's assertion – that bruxer is a generic term used to describe a person with the condition of bruxism. |
| | ¶ 7 | Mischaracterization of the facts.<br><br>Goldstein objects based on his contention that Items 9-14 (on pages 15-16 of Eggleston's Expert Report) allegedly do "not prove that dentists or dental labs use the term "bruxer crown" as a generic term."<br><br>The paragraphs cited on pages 15-16 do not claim to prove that dentists or dental labs use the term "bruxer crown" as a generic term.  Rather, they are included under the heading "The indication for an all zirconia crown, or bruxer crown, is patients with bruxism" and support Dr. Eggleston's ultimate conclusion that "In [his] opinion the only indication for an all zirconia crown is bruxers. . . along with the rare patient with potential allergies to other restorative materials."  (Eggleston Decl., Ex. 65 at 16:5-7) |
| | ¶ 8 | Misstatement of the facts.<br><br>Contrary to Goldstein's objection, Dr. Eggleston does speak from personal knowledge.  On page 8 of his expert report, Dr. Eggleston explicitly states that "The |

| | Testimony | Objection |
|---|---|---|
| | | documents and references I considered in forming my opinions are listed below.  I also relied upon my **experience, education and the knowledge I have acquired in my 42 years of involvement in the dental industry**.” (Eggleston Decl., Ex. 65 at 8:16-18) |
| | **¶ 9** | Mischaracterization of the facts.<br><br>Goldstein quotes the video clip as saying “‘some laboratories call it the BruxZir crown; we call it the r-brux crown.’”  It is impossible to determine from watching and listening to this video whether the speaker says “some labs call it the BruxZir crown” or whether the speaker says “some labs call it the bruxer crown.” |
| | **¶ 10** | Mischaracterization of the facts.<br><br>Goldstein states that “Dr. Eggleston appears to cite [item 17] as an example of Glidewell using BruxZir and bruxer as phonetic equivalents.<br>Dr. Eggleston’s report does no such thing.  Rather, it states that “there is consistent use of the term bruxzir referring generically to a bruxzir crown, which sounds identical to a ‘bruxer crown,’ or a crown made to treat bruxers.” (Eggleston Decl., Ex. 65 at 17:19-21) |
| | **¶ 11** | Improper legal opinion. |

| | | Testimony | Objection |
|---|---|---|---|
| | | | Goldstein gives improper legal opinion in the following statements: |

- "The use of BruxZir on York's website is not a generic use."
- [The Barth website] does not use "bruxer crown" as a generic term."
- "Mascola's use of "Xtreme Bruxer" on an Rx form is descriptive use at most and not a generic use."
- "Infinity Dental Lab appears to be using the term "'Bruxer' crowns" in a descriptive rather than a generic sense."
- "Assured's use. . . may amount to descriptive use."

Genericness is one of the final conclusions of law in this case and experts cannot make determinations of final conclusions of law. (See *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)(holding that experts may not testify as to any legal conclusions drawn from applying law to facts))(FRE 701, 702).

Irrelevant (Fed. R. Evid. 402).

It is irrelevant that R-Dent Dental Laboratory is now a Glidewell authorized lab which consistently uses BruxZir because at the relevant time, it used its own material and marketed its crowns under the mark R-Brux.  Eggleston

-27-

| | Testimony | Objection |
|---|---|---|
| | | Decl., Ex. 117.  In fact, Glidewell sent a cease and desist letter to R-Dent demanding it cease use of its "R-Brux" mark.  Jankowski Decl., Ex. 24.  In the same vein, it is irrelevant that China Dental Outsourcing does not currently use the term bruxer crown, because at the relevant time, it used the term.  Jankowski Decl., Ex. 39; Eggleston Decl., Ex 115.  In fact, Glidewell sent a cease and desist letter to China Dental Outsourcing demanding it cease use of its "Bruxer All Zirconia" mark. Jankowski Decl., Ex. 29. |
| | ¶ 12 | Lack of Foundaion and Speculation.<br><br>Goldstein gives no rationale as to his conclusion that Item 19 (Keating Dental Arts Lab orders) are evidence of actual confusion, rather than being evidence that the term "BruxZir crown" is generic.   This is entirely unsubstantiated.<br><br>(*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") |
| | ¶ 1 | Mischaracterization of the evidence. |

| | | Testimony | Objection |
|---|---|---|---|
| 1 | | | |
| 2 | | | Goldstein cites several posts from a dental forum referenced in Dr. Eggleston's Rebuttal Report (Eggleston Decl., Ex 67) to claim that the forum posters were "well aware that BruxZir is a Glidewell product and not a generic term for a zirconia crown indicated for bruxers." |

However, Goldstein omitted the following crucial statement:

> "As for counterfeiting I know you are one of the few that actually has the glidewell [sic] product at PCDL, and you have a vested interest in maintaining the brand name. With that being said it is a mistake and illegal to use the name Bruxzi [sic] to refer to any other product other than a Bruxzi[sic] .
>
> What is talked about on these forums doesn't necessarily mean that guys are using the name Bruxzir on the invoice or not informing their clients that they are using a different product. Essentially its [sic] about communication. We all know that there is brand recognition in the market place and it is a slippery slope to gravitate to utilizing those names in an open forum when meaning to use the generic term.
>
> I would hope that my colleagues recognize this and when speaking about full contour Zi [sic] they would refrain from using the Trade name "Bruxzir" unless they are specifically referring to that product.
>
> Saves a lot of headaches and stomach lining.
>
> Again with the wealth of experience and knowledge you have in our industry it would be great to see you

-29-

| | Testimony | Objection |
|---|---|---|
| | | participate more here.<br><br>This statement by the forum moderator, which Goldstein selectively truncated, clearly indicates that there Bruxzir is, or at least was, being used generically.  If all the forum participants were "well aware that BruxZir is a Glidewell product and not a generic term for a zirconia crown indicated for bruxers," as Goldstein claims, there would have been no need for the moderator to clarify the poster's generic use of the term Bruxzir. |
| | ¶ 16 | Improper legal opinion.<br><br>Goldstein's statement that "much of the 'evidence,' on which Dr. Eggleston relies is legally not germane to the genericness issue in this case." is an improper legal opinion because genericness is one of the final conclusions of law in this case and experts cannot make determinations of final conclusions of law. (See *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)(holding that experts may not testify as to any legal conclusions drawn from applying law to facts))(FRE 701, 702). |
| | / / /<br>/ / /<br>/ / / | |

| | Testimony | Objection |
|---|---|---|
| | **¶ 17** | Misstatement of Fact.<br><br>Goldstein asserts his "understanding" that the KDZ Bruxer mark was first used in September 2010 but offers no factual support because this assertion is not supported in evidence.  Prior to May 2011, Keating sold all zirconia crowns to existing customers to beta test the new product. (2nd Mangum Decl., Ex. 160 at 8:14-9:3.)  There is no indication that Keating used the mark KDZ Bruxer at this time.<br><br>Goldstein states that "Dr. Eggleston relies almost entirely on excerpts from journals, articles, videos and the internet which either occurred after May, 2011 or which are not dated."  A quick review of the dates of the journal articles which Eggleston cites in both his Expert Report and his Declaration illustrates the extent of Goldstein's mischaracterization as **only one** of the articles is dated after May 2011—and that is an article written by Glidewell's Vice President of Research and Development.  (Eggleston Decl. [DOC #93] Ex. 65 at 8-9; ¶¶ 21-31.)<br><br>There is no support for the proposition that evidence of phonetic equivalence of two terms is restricted to any date. |

| | Testimony | Objection |
|---|---|---|
| | **¶ 18** | Improper legal opinion.<br><br>Goldstein's statement that "To the extent that Dr. Eggleston relies on evidence before Keating entered the market, it is not evidence of generic use of the term "bruxer" as a type of zirconia crown." because Goldstein is not qualified to opine as to what is or is not evidence of genericness which is a legal determination.   (See *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)(holding that experts may not testify as to any legal conclusions drawn from applying law to facts))(FRE 701, 702). |
| | **¶ 18** | Mischaracterization of Fact.<br><br>Goldstein states that Mr. Vu Le, in his website (photodontist.blogspot.com) uses the BruxZir name as a trademark.<br><br>Dr. Eggleston, and a reading of the blog, illustrate that Dr. Le's uses Bruxzir to identify the product, not the source of the product (although, as identified by both Goldstein and Dr. Eggleston, Dr. Le does recognize that Glidewell was the source of that particular BruxZir crown).  Dr. Le states, "I decided to ask my friends at Glidewell to make me two crowns: a PFM, the tried and true porcelain fused |

-32-

| | Testimony | Objection |
|---|---|---|
| | | to metal crown, and a new Bruxzir, the all-zirconia crown."  Dr. Eggleston is correct in pointing out that Dr. Le uses "Bruxzir" in parallel with PFM to identify the product (crowns of a certain material) rather than the source, Glidewell. |
| | ¶ 19 | Improper legal opinion.<br><br>Goldstein is not qualified to opine as to what is or is not credible evidence of genericness which is a legal determination.  (See *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)(holding that experts may not testify as to any legal conclusions drawn from applying law to facts))(FRE 701, 702). |
| | ¶ 20 | Improper legal opinion.<br><br>Goldstein is neither qualified to opine as to incidental generic use what is nor as to genericness, both of which are legal determinations.  Goldstein is a dentist – not an attorney: it is unclear why he insists on testifying as to legal topics.  (See *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)(holding that experts may not testify as to any legal conclusions drawn from applying law to facts))(FRE 701, 702). |

| | Testimony | Objection |
|---|---|---|
| | **¶ 21** | Improper legal opinion.<br><br>Goldstein is not qualified to determine the validity of Dr. Eggleston's evidence.  This statement is essentially an argument of fact, not anything on which Goldstein even may be qualified to testify.  (See *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)(holding that experts may not testify as to any legal conclusions drawn from applying law to facts))(FRE 701, 702). |
| | **¶ 22** | Improper legal opinion.<br><br>Goldstein is not qualified to testify as to the sufficiency of Dr. Eggleston's evidence.   Goldstein is neither an attorney nor a judge (nor is a law professor specializing in trademark law); therefore, he is not qualified to testify as to legal topics, including the sufficiency of evidence. (See *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)(holding that experts may not testify as to any legal conclusions drawn from applying law to facts))(FRE 701, 702). |
| | **¶ 23** | Misstatement of Fact<br><br>Goldstein's  Declaration  in  Support  of  Glidewell's Motions for Summary Judgment has only 28 paragraphs. |

|  | Testimony | Objection |
|---|---|---|
|  |  | Therefore, **paragraphs 54-68 as relied upon by Goldstein do not exist**. |
|  | **¶ 24** | Improper Opinion Testimony (FRE 701, 702).  Goldstein is not unqualified to make the bare assertions and conclusory statements in this paragraph.   Goldstein's knowledge, skill, experience, training, and education do not make him qualified in the fields of trademarks, marketing, or phonetics but he asserts opinions in each of these fields. |
|  | **¶25** | Improper Opinion Testimony (FRE 701, 702).  Goldstein's bare assertions and conclusory statements are not helpful to any trier of fact and are therefore inadmissible.   Goldstein's knowledge, skill, experience, training, or education  do not make him qualified to know what another dentist intended when filling a prescription order or whether they were confused before, during, or after placing an order for any product.<br><br>Lack of Personal Knowledge (FRE 602).  Asserting the fact that one reviewed prescription order forms is not sufficient to establish personal knowledge of the thoughts and intentions of the person who filled out the prescription form.<br><br>Ambiguous.  Goldstein bases his opinion "on the specific term" but does not identify what that term is so the basis |

| | Testimony | Objection |
|---|---|---|
| | | of his opinion is ambiguous. |
| | | Failure to Disclose (Fed. R. Civ. P. 37(c)).  (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).   To the extent Goldstein relies on the declaration of Nicole Fallon and the statements of Dr. Le found in Nicole Fallon's declaration, this evidence is inadmissible as not being produced during discovery. |
| | | Contrary to Evidence.  To the extent Goldstein relies on the declaration of Nicole Fallon and the statements of Dr. Le found in Nicole Fallon's declaration, this evidence is inadmissible as being contrary to evidence properly in the record as the story surrounding Nicole Fallon changed after the hiring of new counsel and the close of discovery. (*See* Reply Memorandum of Points and Authorities ISO Keating's Motion of No Infringement at 17-18.) |
| | | Speculation.   Goldstein is clearly speculating as to the thoughts, understandings and beliefs of other dentists with whom there is no evidence he has ever met. |

/ / /

/ / /

/ / /

-36-

### III. <u>CONCLUSION</u>

Based upon the foregoing objections, Keating respectfully requests that the Court strike and not consider the above-identified portions of Franklyn's Supplemental Declaration and Goldstein's Supplemental Declaration.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 3, 2012   By: /s/ Lynda J. Zadra-Symes
Lynda J. Zadra-Symes
Jeffrey L. Van Hoosear
David G. Jankowski

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

14444019

-37-