SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, California 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S STATEMENT OF OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF KEATING'S OPPOSITIONS TO GLIDEWELL'S MOTIONS FOR SUMMARY JUDGMENT**<br><br>Hearing<br><br>Date:   December 17, 2012<br>Time:   8:30 a.m.<br>Ctrm:   9D, Hon. David O. Carter<br><br>Pre-Trial Conf.:   January 28, 2013<br>Jury Trial:           February 26, 2013 |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

Plaintiff and counter-defendant James R. Glidewell Dental Ceramics, Inc., doing business as Glidewell Laboratories ("Glidewell") hereby objects to the following evidence presented by defendant and counter-claimant Keating Dental Arts, Inc. ("Keating") in support of its oppositions to Glidewell's motions for summary judgment set for hearing on December 17, 2012 before this Court:

## I.  LEGAL DISCUSSION

To avoid repetition, we incorporate the discussion of the admissibility of website printouts and Keating's genericness evidence from Glidewell's Statement of Objections to Evidence Submitted in Support of Keating's Motions for Summary Judgment [Dkt. 115] ("Objections [Dkt. 115]") herein by reference.

## II.    OBJECTIONS

**A.    Declaration of David Jankowski iso Keating's Motions for Summary Judgment**

| Exhibit | Objection |
|---------|-----------|
| 4 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on. FRE 901.  The deposition transcript is not properly authenticated.  No signature page is attached and the copy of the transcript is not a certified copy. |
| 5 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on. FRE 901.  The deposition transcript is not properly authenticated.  No |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

| Exhibit | Objection |
|---------|-----------|
| | signature page is attached and the copy of the transcript is not a certified copy. |
| 6 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on. <br><br> FRE 901.  The deposition transcript is not properly authenticated.  No signature page is attached and the copy of the transcript is not a certified copy. |
| 7 | FRE 401, 402, 403.  With respect to Keating's Response to SUF 14 (Dkt. 126), Keating proffers this exhibit as evidence contrary to the fact that "The usages of the ® symbol in Exhibits 70-72 were inadvertent…." because there were additional examples.  This evidence is not probative that the instances in Exhibits 70-72 were not inadvertent.  With respect to Keating's Response to SUF 19 (Dkt. 126), this exhibit a collection of emails, and is not probative of greater misuse of ® beyond a handful of inadvertent uses.  With respect to SGI 2-4 (Dkt. 126), this exhibit is a collection of emails; this evidence does not establish that Glidewell "widely used" the ® symbol in its email blasts to customers. |
| 15 | FRE 901.  This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. |
| 16 | FRE 901.  This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. |
| 17 | FRE 901.  This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. |

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

| Exhibit | Objection |
|---------|-----------|
| 27 | FRE 401, 402, 403.  This document has no tendency to indicate the pronunciation of the term "Brux." |
| 28 | FRE 401, 402, 403.  This document has no tendency to indicate the pronunciation of the term "Z-Brux." |
| 31 | FRE 401, 402, 403.  This document has no tendency to indicate the pronunciation marks that sound similar to BruxZir, as the mark used in the exhibit is Glidewell's BruxZir mark. |
| 37 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxizir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), Objections [Dkt. 115]).<br><br>This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), Objections [Dkt. 115]).<br><br>This exhibit lacks authenticity because Jankowski does not testify that he has personal knowledge of the contents of the alleged website.  (*See* section I(A), Objections [Dkt. 115]). |
| 38 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxizir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), Objections [Dkt. 115]).<br><br>This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), Objections [Dkt. 115]).<br><br>This exhibit lacks authenticity because Jankowski does not testify that he has personal knowledge of the contents of the alleged website.  (*See* section I(A), Objections [Dkt. 115]). |
| 39 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show |

16224826

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---------|-----------|
| | how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), Objections [Dkt. 115]). This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), Objections [Dkt. 115]). This exhibit lacks authenticity because Jankowski does not testify that he has personal knowledge of the contents of the alleged website.  (*See* section I(A), Objections [Dkt. 115]). |
| 42 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), Objections [Dkt. 115]). This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), Objections [Dkt. 115]). This exhibit lacks authenticity because Jankowski does not testify that he has personal knowledge of the contents of the alleged forms.  (*See* section I(A), Objections [Dkt. 115]). |
| 43 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), Objections [Dkt. 115]).  Further objection on the basis that the term "Zirconia crown" is not used as a mark, and this website does not indicate the pronunciation of the term "zirconia crown." This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A), Objections [Dkt. 115]). This exhibit lacks authenticity because Jankowski does not testify that he |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

| Exhibit | Objection |
|---------|-----------|
|  | has personal knowledge of the contents of the alleged forms. (*See* section I(A), Objections [Dkt. 115]). |
| 46 | FRE 801, 802, 901. This exhibit is hearsay as it is an out of court statement by Keating offered for the truth of the matter asserted. This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. |
| 47 | FRE 801, 802, 901. This exhibit is hearsay as it is an out of court statement by Keating offered for the truth of the matter asserted. This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. |
| 49 | FRE 801, 802, 901. This exhibit is hearsay as it is an out of court statement by Keating offered for the truth of the matter asserted. This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. |

**B. Declaration of Dr. David W. Eggleston**

| Exhibit | Objection |
|---------|-----------|
| 66 | FRE 801, 802. The attached expert report is not signed under penalty of perjury. Accordingly, it is inadmissible hearsay. *Harris v. Extendicare Homes, Inc.*, 829 F. Supp. 2d 1023, 1027 (W.D. Wash. 2011) ("[C]ourts in this circuit have routinely held that . . . unsworn expert reports are not admissible to support or oppose summary judgment."); *King Tuna, Inc. v. Anova Food, Inc.*, 2009 WL 650732 (C.D. Cal. 2009) ("It is well-settled that under Fed.R.Civ.P. 56(e), unsworn expert reports are not admissible to support or oppose summary judgment."). |
| 67 | FRE 801, 802. The attached expert report is not signed under penalty of |

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---|---|
| | perjury.  Accordingly, it is inadmissible hearsay.  *Harris v. Extendicare Homes, Inc.*, 829 F. Supp. 2d 1023, 1027 (W.D. Wash. 2011) ("[C]ourts in this circuit have routinely held that . . . unsworn expert reports are not admissible to support or oppose summary judgment."); *King Tuna, Inc. v. Anova Food, Inc.*, 2009 WL 650732 (C.D. Cal. 2009) ("It is well-settled that under Fed.R.Civ.P. 56(e), unsworn expert reports are not admissible to support or oppose summary judgment."). |
| 79 | FRE 901.  Dr. Eggleston does not testify that he has personal knowledge of the contents of Glidewell's advertisements.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 80 | FRE 901.  Dr. Eggleston does not testify that he has personal knowledge of the contents of Glidewell's website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 81 | FRE 901.  Dr. Eggleston does not testify that he has personal knowledge of the contents of Glidewell's website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 82 | FRE 901.  Dr. Eggleston does not testify that he has personal knowledge of the contents of Glidewell's website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 83 | FRE 901.  Dr. Eggleston does not testify that he has personal knowledge of the contents of Glidewell's website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 84 | FRE 901.  Dr. Eggleston does not testify that he has personal knowledge of the contents of Glidewell's website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 93 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16224826

| Exhibit | Objection |
|---|---|
|  | how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). <br><br> Further objection on the basis that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "Full-Z." <br><br> This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), Objections [Dkt. 115]). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 94 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). <br><br> This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), Objections [Dkt. 115]). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 96 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |

16224826

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---------|-----------|
| | Further objection on the basis that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "Zir-cast." <br> This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), Objections [Dkt. 115]). <br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 99 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). <br> Further objection on the basis that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "Zir-Max." <br> This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), Objections [Dkt. 115]). <br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 100 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |

16224826

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer

—— L.L.P. ——

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---------|-----------|
| | This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), Objections [Dkt. 115]). This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 101 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). Further objection on the basis that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "Diazir." This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), Objections [Dkt. 115]). This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 102 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |

16224826

| Exhibit | Objection |
|---------|-----------|
| | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 103 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). <br><br> Further objection on the basis that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "ZirFit." <br><br> This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), Objections [Dkt. 115]). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 104 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). <br><br> This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), Objections [Dkt. 115]). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16224826

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---------|-----------|
| 105 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), Objections [Dkt. 115]). This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 106 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). This exhibit is hearsay because it is an out of court statement offered for the truth of the matter asserted.  (*See* section I(A) (foundation), Objections [Dkt. 115]). This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 108 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* |

GLIDEWELL'S EVIDENTIARY OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16224826

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---------|-----------|
|  | section I(A) (foundation), Objections [Dkt. 115]). |
| 109 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). <br><br> Further objection on the basis that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "ZerisBRUX." <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 110 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 111 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). <br><br> This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 112 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show |

16224826

| Exhibit | Objection |
|---|---|
| | how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>Further objection on the basis that the term "bruxing" is not used as a mark, and that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "bruxing."<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 113 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 114 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>Further, this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "BruxArt."<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* |

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

| Exhibit | Objection |
|---------|-----------|
| | section I(A) (foundation), Objections [Dkt. 115]). |
| 117 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 119 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  Further objection on the basis that Keating, in its Response to Glidewell's SUF 50 in Keating's Statement of Genuine Disputes of Material Fact in Support of Keating's Opposition to Glidewell's Motion for Partial Summary Judgment re Infringement uses this exhibit to show "bruxer" as an example of a mark that sounds similar to BruxZir ("Beyond this, there are more than five marks used in the U.S. that sound similar to BruxZir.")  Keating also cites this exhibit in support of its Response to Glidewell's SUF 18 in Keating's Statement of Genuine Disputes of Material Fact in Support of Keating's Opposition to Glidewell's Motion for Partial Summary Judgment As to Keating's Invalidity Defense for the proposition that "Bruxer" is used in the dental industry to refer to crowns.  "Bruxer" cannot both, on the one hand, refer to a mark and, on the other, refer to a generic term.<br><br>Further objection on the basis that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

16224826

| Exhibit | Objection |
|---------|-----------|
| | the term "bruxer."<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website. (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 120 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website. (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 121 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>Further objection on the basis that the term "bruxing" is not used as a mark in this website, and this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "bruxing."<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website. (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 122 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), Objections [Dkt. 115]). |

GLIDEWELL'S EVIDENTIARY OBJECTIONS<br>CASE NO. SACV11-01309 DOC (ANx)

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

| Exhibit | Objection |
|---------|-----------|
| | Further objection on the basis this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "Brux Checker."<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 123 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>Further objection on the basis that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "Dr. Brux."<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 124 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>Further objection on the basis this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "brux-eze."<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---|---|
| 125 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>Further objection on the basis that the term "BruxCare" is not used as a mark, and this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "BruxCare."<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 126 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>Further objection on this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "BRUXGUARD."<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 127 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>Further objection on the basis that this website has no tendency to show |

16224826

| Exhibit | Objection |
|---------|-----------|
|  | how the term is pronounced, as it does not indicate the pronunciation of the term "Zir-Cut." |
|  | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website. (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 128 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
|  | Further objection on the basis that this website does not establish the term's use as a mark, and has no tendency to show how the term is pronounced, as it does it indicate the pronunciation of the term "ZirBlock." |
|  | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website. (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 129 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
|  | Further objection on the basis that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "IPS e.max ZirCAD." |
|  | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website. (*See* section I(A) (foundation), Objections [Dkt. 115]). |

16224826

| Exhibit | Objection |
|---------|-----------|
| 130 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>Further objection on the basis that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "IPS e.max ZirPress."<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 131 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>Further objection on the basis that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "IPS e.max Ceram ZirLiner Kit."<br><br>This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 132 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).<br><br>Further objection on the basis that this website does not indicate that "Zirprime" is used as a mark, and that the website has no tendency to |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

| Exhibit | Objection |
|---------|-----------|
| | show how the term is pronounced, as it does it indicate the pronunciation of the term "Zirprime." |
| | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 133 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| | Further objection on the basis that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "ZIR.CARE." |
| | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 134 | FRE 401, 402, 403, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| | Further objection on the basis that this website has no tendency to show how the term is pronounced, as it does not indicate the pronunciation of the term "ZiReal." |
| | This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 135 | FRE 401, 402, 403, 901.  This document has no tendency to show how |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

Snell & Wilmer

——— L.L.P. ———

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---------|-----------|
| | the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). Further objection on the basis that this website does not indicate the pronunciation of the term "ZirColor." This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). |
| 136 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). This exhibit is hearsay because it is an out of court statements offered for the truth of the matter asserted.  (*See* section I(A) (foundation), Objections [Dkt. 115]). This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). Further objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| 137 | FRE 401, 402, 403, 802, 901.  This document has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |

16224826

| Exhibit | Objection |
|---|---|
|  | This exhibit is hearsay because it is an out of court statements offered for the truth of the matter asserted.  (*See* section I(A) (foundation), Objections [Dkt. 115]). This exhibit lacks authenticity, because Dr. Eggleston does not testify that he has personal knowledge of the contents of the mentioned website.  (*See* section I(A) (foundation), Objections [Dkt. 115]). Further objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |

## C.    Declaration of Rustin K. Magnum

| Exhibit | Objection |
|---|---|
| 50 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on.  Further objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| 51 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16224826

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---------|-----------|
|  | uncited portions of the transcript Keating may later rely on. Further objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| 52 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on.  Further objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| 53 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on.  Further objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| 54 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. |

16224826

| Exhibit | Objection |
|---|---|
|  | Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on.  Further objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| 55 | FRE 901.  This exhibit has not been authenticated by any declaration, nor does the deposition testimony cited by Keating authenticate the exhibit.  (*See* SOF 57, Doc No. 88-1).  Further objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| 56 | FRE 901.  This exhibit has not been authenticated by any declaration, nor does the deposition testimony cited by Keating authenticate the exhibit.  (*See* SOF 57, Doc No. 88-1).  Further objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| 57 | FRE 901.  This exhibit has not been authenticated by any declaration, nor does the deposition testimony cited by Keating authenticate the exhibit.  (*See* SOF 57, Doc No. 88-1).  Further objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| 58 | FRE 901.  This exhibit has not been authenticated by any declaration, nor does the deposition testimony cited by Keating authenticate the exhibit. |

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16224826

| Exhibit | Objection |
|---------|-----------|
| | (*See* SOF 57, Doc No. 88-1).  Further objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| 59 | FRE 401, 402, 403, 802, 901.  This exhibit is irrelevant and unduly prejudicial.  It has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), Objections [Dkt. 115]).  This exhibit is hearsay because it is a compilation of out of court statements offered for the truth of the matter asserted.  (*See* section I(A), Objections [Dkt. 115]).  This exhibit lacks authenticity because Mangum does not testify that he has personal knowledge of the contents of alleged documents.  (*See* section I(A), Objections [Dkt. 115]).  Further objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| 60 | FRE 401, 402, 403, 802, 901.  This exhibit is irrelevant and unduly prejudicial.  It has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B), Objections [Dkt. 115]).  This exhibit is hearsay because it is a compilation of out of court statements offered for the truth of the matter asserted.  (*See* section I(A), Objections [Dkt. 115]).  This exhibit lacks authenticity because Mangum does not testify that he |

GLIDEWELL' S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---------|-----------|
| | has personal knowledge of the contents of alleged documents. (*See* section I(A), Objections [Dkt. 115]). Further objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012. L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| 61 | FRE 401, 402, 403, 802, 901. This exhibit is irrelevant and unduly prejudicial. It has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B), Objections [Dkt. 115]). This exhibit is hearsay because it is a compilation of out of court statements offered for the truth of the matter asserted. (*See* section I(A), Objections [Dkt. 115]). This exhibit lacks authenticity because Mangum does not testify that he has personal knowledge of the contents of alleged documents. (*See* section I(A), Objections [Dkt. 115]). |
| 62 | FRE 401, 402, 403, 802, 901. This exhibit is irrelevant and unduly prejudicial. It has no tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B), Objections [Dkt. 115]). This exhibit is hearsay because it is a compilation of out of court statements offered for the truth of the matter asserted. (*See* section I(A), Objections [Dkt. 115]). This exhibit lacks authenticity because Mangum does not testify that he has personal knowledge of the contents of alleged documents. (*See* section I(A), Objections [Dkt. 115]). |

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---|---|
| 63 | FRE 901.  This exhibit has not been authenticated by any declaration, nor does the deposition testimony cited by Keating authenticate the exhibit. (*See* SOF 57, Doc No. 88-1). |
| 64 | FRE 901.  This exhibit has not been authenticated by any declaration, nor does the deposition testimony cited by Keating authenticate the exhibit. (*See* SOF 57, Doc No. 88-1). |

**D.    Declaration of Jeffrey Van Hoosear**

| Exhibit | Objection |
|---|---|
| V-1 | Objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| V-2 | Objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| V-3 | Objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| V-4 | FRE 401, 402.  This document is offered to show that "bruxer" and "BruxZir" are pronounced the same (SOF 48), but in Exhibit V-4 Dr. DiTolla never pronounces the word "bruxer," and thus the video is irrelevant for purposes of comparison.  Further objection on the basis that this exhibit was untimely served, as it was served by messenger on |

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL' S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16224826

| Exhibit | Objection |
|---------|-----------|
|  | November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |
| V-5 | Objection on the basis that this exhibit was untimely served, as it was served by messenger on November 20, 2012.  L.R. 6-1 (evidence in support of moving brief served later than 28 days prior to motion hearing). |

### E.    Declaration of Lori Boatright

| Exhibit | Objection |
|---------|-----------|
| A | FRE 801, 802.  The attached expert report is not signed under penalty of perjury.  Accordingly, it is inadmissible hearsay.  *Harris v. Extendicare Homes, Inc.*, 829 F. Supp. 2d 1023, 1027 (W.D. Wash. 2011) ("[C]ourts in this circuit have routinely held that . . . unsworn expert reports are not admissible to support or oppose summary judgment."); *King Tuna, Inc. v. Anova Food, Inc.*, 2009 WL 650732 (C.D. Cal. 2009) ("It is well-settled that under Fed.R.Civ.P. 56(e), unsworn expert reports are not admissible to support or oppose summary judgment."). |

### F.    Objections to Declaration of Carol Frattura

| Paragraph | Objection |
|-----------|-----------|
| 8 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when she regarded "bruxzir," "bruxer," or "bruxir" as meaning an "all-zirconia crown," and at most indicates |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | | |
|---|---|---|
| | | a time reference as of the date of the prescription forms attached to her declaration as Exhibit A, which either post-date April 2011 (KDA-004853-61, KDA 004863, KDA-004868, and KDA-004870), are undated (KDA-004869), or show that dentists use terms other than "bruxzir" or "bruxer" (KDA-004862 (May 2011)("Brux Zirconia"), KDA-004864 (October 2010) ("Full Ceram Crown"), KDA-004865 (March 2011) ("zinostar"), KDA-004866 (October 2010) ("BRUX zirconia"), KDA-004867 (September 2010) ("zirconia crown"). Further, the witness's statement of what dentists could have been referring to when using the term "bruxer" is speculative. |
| | 18 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to the time period following January 2012. (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness is also speculating as what others dentists mean when using the terms "bruxzir crown" and "bruxer crown." |
| | **Exhibit** | |
| | Portions of Ex. A: KDA-004853-61, KDA 004863, KDA-004868, | FRE 401, 402, 403, 802.  The attached documents do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). The prescription forms in Exhibit A either post-date April 2011 (KDA-004853-61, KDA 004863, KDA-004868, and KDA-004870), or are undated (KDA-004869). The attached documents are also inadmissible hearsay.  FRE 801, |

16224826

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| KDA-004869, and KDA-004870, | 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

### G.   Declaration of Dr. William Belton

| Paragraph | Objection |
| --- | --- |
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he regarded "BruxZir" as meaning an "all zirconia crown, commonly used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated November 2011, March 2012, and May 2012. |
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in November 2011, March 2012, and May 2012.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached documents do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he regarded "BruxZir" as meaning |

16224826

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| | an "all zirconia crown, commonly used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated November 2011, March 2012, and May 2012.<br><br>The attached documents are also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

### H.     Declaration of Dr. Raymond Brady

| Paragraph | Objection |
|---|---|
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he regarded "Bruxir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated July 2012. |
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in July 2012.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |

16224826

| | |
|---|---|
| | The witness fails to specify when he regarded "Bruxir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated July 2012.<br><br>The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

## I.   Declaration of Dr. Jonathan Campbell

| Paragraph | Objection |
|---|---|
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated October 2011. |
| 11 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in October 2011.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| 12 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he began using the term "bruxzir" |

Snell & Wilmer<br>L.L.P.<br>LAW OFFICES<br>350 South Grand Avenue, Suite 2600, Two California Plaza<br>Los Angeles, California 90071<br>(213) 929-2500

16224826

| | |
|---|---|
| | to "specify the type of crown [he] wanted for a patient and to distinguish from other types of crowns such as PFMs and full cast gold crowns." |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated October 2011. |
| | The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

### J.    Declaration of Dr. Michael Colleran

| Paragraph | Objection |
|---|---|
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated August 2012. |
| 11 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| | the public as of April 2011, the critical date for determining genericness, but refer to conduct in August 2012. (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| 12 | FRE 401, 402, 403, 702. The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when "he has seen the term 'bruxzir' with various spellings," how he knows the use of the term "bruxir" was used "to refer to an all zirconia crown," or how he knows "they are all pronounced the same." |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802. The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated August 2012. The attached document is also inadmissible hearsay. FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

## K.    Declaration of Dr. Joseph Jacquinot

| Paragraph | Objection |
|---|---|
| 9 | FRE 401, 402, 403. The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by |

16224826

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| | the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he regarded "brux-zir" as meaning an "all zirconia crown which is often used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated October 2011. |
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in October 2011.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| 11 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he began to use "'brux-zir' to specify [an all zirconia crown]" or when or how he has "heard and pronounced 'bruxzir' the same way as 'bruxer.'" |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached documents do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he regarded "brux-zir" as meaning an "all zirconia crown which is often used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated October 2011. |

| | |
|---|---|
| | The attached documents are also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

**L.      Declaration of Dr. Dennis Murphy**

| Paragraph | Objection |
|---|---|
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he regarded "bruxzir" and "bruxir" as meaning an "all zirconia crown which is often used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated November 2011 and May 2012. |
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in November 2011 and May 2012.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| 11 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he has seen "advertisements for all zirconia crowns that use the term "bruxzir," or a similar spelling, to identify [an all zirconia] crown."  At most, the witness refers to his understanding as of November 2011 and May 2012 "when [he] |

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | | |
|---|---|---|
| | | submitted the orders attached in Exhibit A." |
| | **Exhibit** | |
| | A | FRE 401, 402, 403, 802.  The attached documents do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he regarded "bruxzir" and "bruxir" as meaning an "all zirconia crown which is often used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated November 2011 and May 2012. |
| | | The attached documents are also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

## M.    Declaration of Dr. Terry Myers

| Paragraph | Objection |
|---|---|
| 8 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit B, dated November 2011. |
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

| | | |
|---|---|---|
| | | genericness, but refer to conduct in November 2011. (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| | 10 | FRE 401, 402, 403, 702. The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he has seen advertisements for a "bruxzir" crown or which dental laboratories were providing these advertisements. The witness also fails to identify when he understood the term "bruxzir" crown to mean "a full contour zirconia crown." |
| | **Exhibit** | |
| | B | FRE 401, 402, 403, 802. The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit B, dated November 2011. The attached document is also inadmissible hearsay. FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

### N. Declaration of Dr. Thomas Nussear

| Paragraph | Objection |
|---|---|
| 9 | FRE 401, 402, 403. The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by |

16224826

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | | |
|---|---|---|
| | | the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated May 2011. |
| | 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in May 2011.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| | 11 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he "came to understand the terms 'bruxzir' and 'bruxer' to by synonymous" or that "each is pronounced the same" or that "both terms are commonly used to refer to all zirconia crowns which are commonly used for bruxers." |
| | **Exhibit** | |
| | A | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he regarded "bruxzir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his |

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | declaration as Exhibit A, dated May 2011. |
| | The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

## O.    Declaration of Dr. Stan Richardson

| Paragraph | Objection |
|---|---|
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he regarded "bruxzir" and "bruxer" as meaning an "all zirconia crown which is commonly used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated November 2011 and May 2012. |
| 11 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in November 2011 and May 2012. (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| 12 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but again refer to conduct in November 2011 and May 2012.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached documents do not have any |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he regarded "bruxzir" and "bruxzer" as meaning an "all zirconia crown which is commonly used for bruxers," and at most indicates a time reference as of the date of the prescription forms attached to his declaration as Exhibit A, dated November 2011 and May 2012.

The attached documents are also inadmissible hearsay. FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002).

## P.   Declaration of Dr. Richard Scott

| Paragraph | Objection |
|-----------|-----------|
| 9 | FRE 401, 402, 403. The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he regarded "bruxir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated August 2012. |
| 10 | FRE 401, 402, 403. The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in August 2012. (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| 11 | FRE 401, 402, 403, 702. The witness's statements do not have any |

16224826

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| | tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he came to the understanding that "bruxer" crown, "bruxzir" crown, and "bruxir" crown all carry the same meaning and that they are pronounced the same. |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he regarded "bruxir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated August 2012. The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

## Q.    Declaration of Dr. Scott Stephens

| Paragraph | Objection |
|---|---|
| 10 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he regarded "brux-zir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

| | | declaration as Exhibit A, dated October 2011. |
|---|---|---|
| | 11 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in October 2011.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| | 12 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he understood "bruxzir" as a reference to a crown used for bruxism patients made of zirconia.  The witness also does not indicate when or how he knows that when he hears the term "bruxzir" pronounced, it is the same as "bruxer." |
| **Exhibit** | | |
| | A | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he regarded "brux-zir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated October 2011.<br>The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

Snell & Wilmer
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

**R.      Declaration of Dr. Daniel Sweet**

| Paragraph | Objection |
|---|---|
| 8 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he regarded "brux-zir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated August 2012. |
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in August 2012.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| 10 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he understood "bruxzir" as a reference to a crown used for bruxism patients made of zirconia.  The witness also does not indicate when or how he knows that when he hears the term "bruxzir" pronounced, it is the same as "bruxer." |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802.  The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

| | |
|---|---|
| | The witness fails to specify when he regarded "brux-zir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated August 2012. |
| | The attached document is also inadmissible hearsay.  FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

S.      Declaration of Dr. Gary P. Tobin

| Paragraph | Objection |
|---|---|
| 8 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he regarded "brux-zir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated October 2012. |
| 9 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness, but refer to conduct in October 2012.  (*See* section I(B) (relevance), Objections [Dkt. 115]). |
| 10 | FRE 401, 402, 403, 702.  The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness.  (*See* section I(B) (relevance), Objections [Dkt. 115]).  The witness fails to specify when he understood "bruxzir" as a |

GLIDEWELL'S EVIDENTIARY
OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16224826

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| | reference to a crown used for bruxism patients made of zirconia. The witness also does not indicate when or how he knows that when he hears the term "bruxzir" pronounced, it is the same as "bruxer." |
| 11 | FRE 401, 402, 403, 702. The witness's statements do not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he understood "bruxzir" as a reference to a crown used for bruxism patients made of zirconia. The witness also does not indicate when or how he knows that when he hears the term "bruxzir" pronounced, it is the same as "bruxer." |
| **Exhibit** | |
| A | FRE 401, 402, 403, 802. The attached document does not have any tendency to show how the terms "Bruxer" or "Bruxzir" were used by the public as of April 2011, the critical date for determining genericness. (*See* section I(B) (relevance), Objections [Dkt. 115]). The witness fails to specify when he regarded "brux-zir" as meaning a "full contour zirconia crown for bruxers," and at most indicates a time reference as of the date of the prescription form attached to his declaration as Exhibit A, dated October 2011. The attached document is also inadmissible hearsay. FRE 801, 802; *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002). |

## T.    Declaration of Robert Brandon

| Paragraph | Objection |
|---|---|
| 5 | FRE 801, 802. The out of court statements of dentists are offered for the truth of the matter asserted and do not fall within an exception. |

16224826

| | |
|---|---|
| 9 | FRE 401, 402, 403.  With respect to SGI 6 and 7 (Dkt. 126), the witness's statements do not have any tendency to show how that the orders for "KDZ Bruxer" ceased once the dentists learned that Keating was defending a lawsuit.  The orders could have stopped for any number of reasons, including that the dentist intended to order Glidewell's BruxZir product. |
| 10 | FRE 401, 402, 403.  With respect to SGI 6 and 7 (Dkt. 126), the witness's statements do not have any tendency to show how that the orders for "KDZ Bruxer" ceased once the dentists learned that Keating was defending a lawsuit.  The orders could have stopped for any number of reasons, including that the dentist intended to order Glidewell's BruxZir product. |

## U.    Declaration of Diane Mallos Donich

| Paragraph | Objection |
|---|---|
| 3 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show a correlation between the initiation of the lawsuit and the product sales; instead the witness's testimony tends to support correlation between the product sales and the advertising of the product, which Keating voluntarily decreased.  Further objection for relevance on the basis that Keating could have decreased its advertising for any number of reasons. |
| 4 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show a correlation between the initiation of the lawsuit and the product sales; instead the witness's testimony tends to show a correlation between the product sales and the advertising of the product, which Keating voluntarily decreased.  Exhibit A further |

16224826

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| | |
|---|---|
| | shows that the product sales did not stagnate and decline, on the contrary, the sales in May 2012 and subsequent are equal to greater than sales of any month prior to December 2011. |
| **Exhibit** | |
| A | FRE 401, 402, 403. The attached document does not have any tendency to support the witness's statements, as it does not contain marketing and advertising figures. Further, Exhibit A further shows that the product sales did not stagnate and decline, on the contrary, the sales in May 2012 and subsequent are equal to greater than sales of any month prior to December 2011. |

## V. Declaration of David Jankowski iso Keating's Oppositions to Glidewell's Motions for Summary Judgment (Dkt. No. 125)

| Exhibit | Objection |
|---|---|
| 138 | FRE 901. This exhibit has not been authenticated by any declaration, nor has Keating cited any deposition testimony to authenticate it. It also is not bates-stamped by either party. |
| 153 | This exhibit is a full deposition transcript, most of which Keating does not cite in its papers. Glidewell has not reviewed the entire transcript to determine what is admissible and what is not, nor is it obligated to. Instead, Glidewell hereby reserves its right to raise objections to any uncited portions of the transcript Keating may later rely on. Further objection on the ground that the deposition transcript is not properly authenticated. No signature page is attached and the copy of the transcript is not a certified copy. |
| 155 | FRE 401, 402, 403. With respect to Keating's Response to SUF 14 (Dkt. 126), Keating proffers this exhibit as evidence contrary to the fact that "The usages of the ® symbol in Exhibits 70-72 were inadvertent…." |

16224826

| Exhibit | Objection |
|---|---|
| | because there were additional examples from Glidewell's website.  This evidence is not probative that the instances in Exhibits 70-72 were not inadvertent.  Further, this exhibit does not support Keating's assertion that "There were multiple email blasts which Glidewell sent to over 100,000 dentists" as this exhibit is a website printout. With respect to Keating's Response to SUF 15 (Dkt. 126), Keating proffers this exhibit as evidence that "two instances identified on Glidewell's website were corrected within one day of my becoming aware of them" is disputed because more than two instances were identified on Glidewell's website. However, the two instances referenced were those of Exhibits 70-72, not of Exhibits 155-158.  Thus, Exhibits 155-158 are not probative of whether the instances within Exhibits 70-72 were corrected within a day of becoming aware of them.  Further, Exhibits 155-158 all appear to have been printed on the same day, October 22, 2012, and are not probative of whether the website was corrected within one day of October 22, 2012. With respect to Keating's Response to SUF 19 (Dkt. 126), this exhibit is a single website page, and is not probative of greater misuse of ® beyond a handful of inadvertent uses.  With respect to SGI 1 (Dkt. 126), this exhibit is one of three examples given; this evidence does not establish that Glidewell "widely used" the ® symbol. |
| 156 | FRE 401, 402, 403.  With respect to Keating's Response to SUF 14 (Dkt. 126), Keating proffers this exhibit as evidence contrary to the fact that "The usages of the ® symbol in Exhibits 70-72 were inadvertent…." because there were additional examples from Glidewell's website.  This evidence is not probative that the instances in Exhibits 70-72 were not inadvertent.  Further, this exhibit does not support Keating's assertion |

GLIDEWELL'S EVIDENTIARY OBJECTIONS
CASE NO. SACV11-01309 DOC (ANx)

16224826

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---------|-----------|
| | that "There were multiple email blasts which Glidewell sent to over 100,000 dentists" as this exhibit is a website printout.  With respect to Keating's Response to SUF 15 (Dkt. 126), Keating proffers this exhibit as evidence that "two instances identified on Glidewell's website were corrected within one day of my becoming aware of them" is disputed because more than two instances were identified on Glidewell's website.  However, the two instances referenced were those of Exhibits 70-72, not of Exhibits 155-158.  Thus, Exhibits 155-158 are not probative of whether the instances within Exhibits 70-72 were corrected within a day of becoming aware of them.  Further, Exhibits 155-158 all appear to have been printed on the same day, October 22, 2012, and are not probative of whether the website was corrected within one day of October 22, 2012.  With respect to Keating's Response to SUF 19 (Dkt. 126), this exhibit is a single website page, and is not probative of greater misuse of ® beyond a handful of inadvertent uses.  With respect to SGI 1 (Dkt. 126), this exhibit is one of three examples given; this evidence does not establish that Glidewell "widely used" the ® symbol. |
| 157 | FRE 401, 402, 403.  With respect to Keating's Response to SUF 14 (Dkt. 126), Keating proffers this exhibit as evidence contrary to the fact that "The usages of the ® symbol in Exhibits 70-72 were inadvertent…." because there were additional examples from Glidewell's website.  This evidence is not probative that the instances in Exhibits 70-72 were not inadvertent.  Further, this exhibit does not support Keating's assertion that "There were multiple email blasts which Glidewell sent to over 100,000 dentists" as this exhibit is a website printout.  With respect to Keating's Response to SUF 15 (Dkt. 126), Keating proffers this exhibit as |

Snell & Wilmer

——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

| Exhibit | Objection |
|---|---|
| | evidence that "two instances identified on Glidewell's website were corrected within one day of my becoming aware of them" is disputed because more than two instances were identified on Glidewell's website. However, the two instances referenced were those of Exhibits 70-72, not of Exhibits 155-158.  Thus, Exhibits 155-158 are not probative of whether the instances within Exhibits 70-72 were corrected within a day of becoming aware of them.  Further, Exhibits 155-158 all appear to have been printed on the same day, October 22, 2012, and are not probative of whether the website was corrected within one day of October 22, 2012. With respect to Keating's Response to SUF 19 (Dkt. 126), this exhibit is a single website page, and is not probative of greater misuse of ® beyond a handful of inadvertent uses.  With respect to SGI 1 (Dkt. 126), this exhibit is one of three examples given; this evidence does not establish that Glidewell "widely used" the ® symbol. |
| 158 | FRE 401, 402, 403.  With respect to Keating's Response to SUF 14 (Dkt. 126), Keating proffers this exhibit as evidence contrary to the fact that "The usages of the ® symbol in Exhibits 70-72 were inadvertent…." because there were additional examples from Glidewell's website.  This evidence is not probative that the instances in Exhibits 70-72 were not inadvertent.  Further, this exhibit does not support Keating's assertion that "There were multiple email blasts which Glidewell sent to over 100,000 dentists" as this exhibit is a website printout.   With respect to Keating's Response to SUF 15 (Dkt. 126), Keating proffers this exhibit as evidence that "two instances identified on Glidewell's website were corrected within one day of my becoming aware of them" is disputed because more than two instances were identified on Glidewell's website. |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16224826

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

| Exhibit | Objection |
|---|---|
|  | However, the two instances referenced were those of Exhibits 70-72, not of Exhibits 155-158.  Thus, Exhibits 155-158 are not probative of whether the instances within Exhibits 70-72 were corrected within a day of becoming aware of them.  Further, Exhibits 155-158 all appear to have been printed on the same day, October 22, 2012, and are not probative of whether the website was corrected within one day of October 22, 2012.  With respect to Keating's Response to SUF 19 (Dkt. 126), this exhibit is a single website page, and is not probative of greater misuse of ® beyond a handful of inadvertent uses.  With respect to SGI 1 (Dkt. 126), this exhibit is one of three examples given; this evidence does not establish that Glidewell "widely used" the ® symbol. |

**W.   Declaration of Shaun Keating**

| Paragraph | Objection |
|---|---|
| 11 | FRE 401, 402, 403.  The witness's statements do not have any tendency to show the of the term "KDZ" and the term "Bruxer" in advertisements including the term "KDZ Bruxer," such that the relative prominence of the term "KDZ" and the term "Bruxer" can be established. |

Dated: December 3, 2012

SNELL & WILMER L.L.P.

By: *s/Philip J. Graves*

Philip J. Graves
Greer N. Shaw

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba
Glidewell Laboratories

16224826

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2012, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S STATEMENT OF OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF KEATING'S MOTIONS FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA  92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel:  (949) 760-0404
Fax: (949) 760-9502

Jeffrey.vanhoosear@kmob.com
David.jankowski@kmob.com
Lynda.zadra-symes@kmob.com
litigation@kmob.com

Dated:  December 3, 2012

SNELL & WILMER L.L.P.

By: *s/Philip J. Graves*
  Philip J. Graves
  Greer N. Shaw

  Attorneys for Plaintiff
  James R. Glidewell Dental Ceramics, Inc.
  dba GLIDEWELL LABORATORIES

16224826