SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, California 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**PLAINTIFF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S RESPONSE TO DEFENDANT KEATING DENTAL ARTS, INC.'S OBJECTIONS TO EVIDENCE SUBMITTED BY GLIDEWELL'S DENTIST WITNESSES IN SUPPORT OF ITS MOTIONS FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing<br><br>Date:  December 17, 2012<br>Time:  8:30 a.m.<br>Ctrm:  9D, Hon. David O. Carter<br><br>Pre-Trial Conf.:  January 28, 2013<br>Jury Trial:  February 26, 2013 |

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

## I.   **INTRODUCTION**

Plaintiff James R. Glidewell Dental Ceramics, Inc. dba Glidewell Laboratories ("Glidewell") hereby responds to the objections of Defendant Keating Dental Arts, Inc. ("Keating") to the Evidence Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial Summary Judgment.  In addition to the arguments discussed below, Glidewell responds to Keating's individual objections in a table format, attached as Exhibit A.

## II.   **THE COURT SHOULD OVERRULE KEATING'S TIMELINESS OBJECTION TO THE DENTIST WITNESSES**

### A.   **The Dentist Witnesses Were Timely Disclosed**

Keating asserts that the declarations of Drs. Doneff, Newman, Cohen, Luke, Bell, Toca, and Michiels ("Dentist Witnesses") should be excluded because these witnesses were "not previously identified in a timely served initial disclosure or discovery response."  (Dkt. #123 at 1:15-16)  Keating also says that Glidewell's use of these declarations is "an unacceptable and flagrant[] disregard [of] this Court's Order."  (Dkt. #123 at 1:17-18)  It is not clear which "Order" Keating thinks was violated.  If Keating is referring to the Court's denial of Glidewell's *Ex Parte* Application to Amend the Scheduling Order, (Dkt. #74), that denial simply left the existing case schedule intact.  It did not preclude either party from submitting testimonial or other evidence in connection with summary judgment or other proceedings.  It is not evident how the Court's denial of the *ex parte* motion could possibly have been violated by Glidewell's compliance with the existing Scheduling Order or with Fed. R. Civ. P. 56.

In view of Keating's primary complaint – timeliness – Glidewell assumes that Keating means to contend that Glidewell violated the Scheduling Order.  The assertion is untrue.  The Scheduling Order requires that all discovery be completed by the discovery cut-off, October 29, 2012.  (Dkt. #15)  Glidewell identified each of the Dentist Witnesses in its First Amended Initial Disclosures, served on October

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

29, 2012.  (Dkt. #125-3)  The disclosure was within the discovery period and was, therefore, timely.  *See* Order, *Etagz, Inc. v. Quiksilver, Inc.*, No. SACV 10-300 DOC (MLGx) (C.D. Cal. Nov. 16, 2012), ECF No. 179 (denying motion to strike expert reports as untimely because report was served before discovery cut-off date)[1]; *see also Nuance Comms., Inc. v. ABBYY Software House*, C 08-02912 JSW MEJ, 2012 WL 2838431 (N.D. Cal. July 10, 2012) (denying motion to strike 25 witnesses disclosed on last day of discovery); *Russell v. Daiichi-Sankyo, Inc.*, CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) (holding that disclosure of fact witness made on day of discovery cut-off was timely)[2]; Order, *ESM Techs., LLC v. Biova, LLC*, No. 10-3009-CV-S-RED (W.D. Mo. Mar. 21, 2012), ECF No. 209 (holding expert declaration and report filed on last day of discovery to be timely); *3Com Corp. v. Realtek Semi. Corp.,* C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008) (denying motion in limine to preclude testimony from third-party witnesses first disclosed on the final day of fact discovery); *Cyntegra, Inc. v. Idexx Labs., Inc*., CV06-4170PSG(CTX), 2007 WL 5193736 (C.D. Cal. Sept. 21, 2007) (holding service of expert reports on the last day of discovery to be timely), *affirmed,* 322 F. App'x 569 (9th Cir. 2009); *Roe v. Nevada*, 621 F. Supp. 2d 1039, 1060 (D. Nev. 2007) (holding disclosure of fact witnesses on last day of discovery to be timely).

**B.**      **Even if Disclosure of the Dentist Witnesses Was Untimely, the Late Disclosure was Harmless and Substantially Justified**

Even if the Dentist Witnesses had been disclosed after the discovery cutoff – which they were not – this does not lead to the automatic exclusion of their testimony.  Under Rule 37, a party may still use late-disclosed evidence if the tardiness was "substantially justified" or "harmless."  Fed.R.Civ.P. 37(c)(1); *see also* Fed.R.Civ.P. 37(c)(1) committee notes 1993 ("[L]imiting the automatic

---

[1] Dkt #142., Ex. 113.
[2] Dkt #142., Ex. 114.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO DECL. OF GLIDEWELL DENTIST WITNESSES SUBMITTED ISO GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

sanction to violations without substantial justification, coupled with the exception for violations that are harmless, is needed to avoid unduly harsh penalties in a variety of situations.") (internal quotations omitted).

In determining whether to exclude evidence pursuant to FRCP 37, courts consider (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; (4) the importance of the evidence; and (5) bad faith or willfulness involved in not timely disclosing the evidence. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010); *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011); *Dey, L.P v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005) (applying factors and declining to preclude late produced evidence); *Katz v. Cont'l Airlines, Inc. (In re Katz Interactive Call Processing Patent Litig.)*, 2009 U.S. Dist. LEXIS 129933 (C.D. Cal. July 2, 2009).  Consideration of these factors here – which Keating conspicuously fails to do – should lead the Court to overrule Keating's objections.

## 1.   There is No Surprise or Prejudice to Keating.

The burden of dealing with additional information or witnesses alone is not prejudice. *E.g.*, *Tuna Processors, Inc.*, *supra*, No. Civ. 05-517 BMK, 2007 WL 433547, *2 (D.Haw. Feb.5, 2007) ("The failure to properly disclose is harmless where there is no prejudice to the opposing party.  There is generally no prejudice where the untimely evidence does not raise any new issues in the case.").

Courts regularly reject requests to exclude late-disclosed evidence absent a compelling showing of prejudice.  *E.g.*, *Estate of Gonzalez v. Hickman*, 05-00660 MMM (RCX), 2007 WL 3237635 (C.D. Cal. June 28, 2007) (late expert reports not excluded absent prejudice); *Semtech Corp. v. Royal Ins. Co. of Am.,* CV 03-2460-GAF PJWX, 2005 WL 6192906 (C.D. Cal. Sept. 8, 2005)(late disclosed supplemental expert report not excluded because the "harm would not warrant the extreme sanction of exclusion" and any potential harm could be cured by allowing a

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

deposition of the expert); *Galentine v. Holland Am. Line-Westours, Inc.*, 333 F. Supp. 2d 991, 994 (W.D. Wash. 2004)(refusing to exclude expert report served eleven days past the deadline because "the potential prejudice that Defendant claims it will suffer is not so severe as to warrant exclusion, especially given the possibility of ameliorating that prejudice [through limited discovery and a deposition of the expert]"); *Crosspointe, LLC v. Integrated Computing, Inc*., 2004 WL 5487401, at *1 (M.D. Fla. Aug. 18, 2004) (court allowed belated disclosure of supplemental expert report because the opposing party did not show "with sufficient specificity how they are prejudiced").

Here, Keating does not even argue, much less substantiate, that admission of the Dentist Witnesses' testimony will cause any prejudice or surprise.  Nor could it. Keating was informed on October 29, 2012 by way of Glidewell's First Amended Initial Disclosures that Glidewell might call the Dentist Witnesses to provide testimony on "[u]se of the terms 'bruxer' and 'bruxer crown' in the dental industry; facts indicating non-genericness of the BRUXZIR mark; facts indicating the strength of the BRUXZIR mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BRUXZIR mark and 'KDZ Bruxer.'"  (Dkt. #125-3)  Keating could not have been surprised when this same subject matter, or a subset of it, appeared in the Dentist Witnesses' declarations submitted in support of Glidewell's summary judgment motions three weeks later, on November 19.  (Dkt. #90, Exs. A-F, Q)  In connection with its oppositions to these motions, Keating had the opportunity to submit any additional evidence if it desired.  Keating has not been prejudiced, and the Court should not exclude the Dentist Witnesses' testimony on this bases.

      2.   <u>Keating Had Ample Opportunity to Cure any Surprise or Prejudice</u>.

Even assuming that disclosure of the Dentist Witnesses was untimely and surprising or prejudicial to Keating – it was neither – Keating had at least two

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

opportunities to cure any surprise and thereby avoid any prejudice.

First, Keating could have sought to depose the Dentist Witnesses.  Glidewell told Keating that it would not oppose any depositions of witnesses newly identified in Glidewell's First Amended Disclosures on the ground that the depositions were noticed or would take place after October 29.  (Dkt #142., ¶ 8, Ex. 115)  Keating declined to depose the Dentist Witnesses, preferring instead to stand on its position that their disclosure had been untimely.  *Id.*

Second, given that the Dentist Witnesses are third parties, not employed by Glidewell and not represented by Glidewell's counsel, Keating could have contacted the Dentist Witnesses directly and inquired as to any information they might have relating to the subjects in the First Amended Disclosures.  As noted, Keating had three weeks between the disclosure of the Dentist Witnesses and the date for filing summary judgment motions in which do this.  Perhaps Keating did so and did not hear helpful information, which might explain why Keating decided to forgo depositions.

In any event, if Keating were truly prejudiced by disclosure of the Dentist Witnesses on October 29, it is prejudice that Keating manufactured.  Excluding Glidewell's witnesses would be particularly inappropriate under these circumstances.  *See Garvey v. Kmart Corp.*, 2012 U.S. Dist. LEXIS 160006, at *3 (N.D. Cal. 2012) (denying a motion to exclude fact witness disclosed after the discovery deadline, noting that movant had declined to depose the witness); *3Com Corp. v. Realtek Semiconductor Corp.*, C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008) (denying motion in limine to exclude third-party witnesses disclosed on last day of fact discovery because movant never sought agreement or leave of court to subpoena witnesses after discovery cut-off); *cf. Roe v. Nevada*, 621 F. Supp. 2d 1039, 1060 (D. Nev. 2007) (rejecting defendant's argument that disclosure of fact witnesses on last day of discovery was untimely, and noting that "Defendants have sat on their rights to bring any motion to reopen discovery on

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

account of Plaintiffs' last-minute disclosure…. [A]ny prejudice is caused by Defendants' own dilatory conduct."); *San Francisco Baykeeper*, 791 F. Supp. 2d at 734 (declining to exclude declarations of fact witnesses not disclosed until summary judgment, noting that "Plaintiff states that it made all of its standing witnesses available for deposition before Defendant's opposition was due, yet Defendant has taken none of these witnesses' depositions." )

### 3. The Dentist Declarations Will Not Disrupt the Trial

The third factor is whether admission of the evidence will disrupt the trial. Once again, Keating does not even argue, much less substantiate, that the trial will be disrupted. Nor could it. Trial is three months away, scheduled to commence on February 26, 2013, and the case is now at the summary judgment stage. Admitting the Dentist Witnesses' testimony on summary judgment will not disrupt the trial. *Cf. Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group., Inc.*, 2:09-CV-01278, 2011 WL 320909 (S.D. W.Va. Jan. 28, 2011) (third factor inapplicable where supplemental expert report served after expert disclosure deadline but still four months before trial).

### 4. The Dentists' Testimony Is Important

In a trademark case such as this, the perceptions of relevant consumers as to, for example, whether a mark is generic, whether a mark is descriptive or suggestive, whether a mark is associated with a single source, and whether a competing mark is confusingly similar, are central issues. Here, dentists are the relevant consumers, and the Dentist Witnesses' testimony is central to these issues. For example, a key disputed issue is whether "bruxzir" or "bruxer" were, as of April 2011, generic terms used by dentists for zirconia dental restoration products. Another key disputed issue is whether the BruxZir mark has attained secondary meaning among dentists; i.e., whether it serves primarily to identify for dentists a single source of goods rather than the goods themselves. Not surprisingly, the parties vigorously dispute these issues. Keating has submitted testimony from both

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

a dentist expert (Dr. Eggleston) and from thirteen third-party dentists on these points. To prove its case, Glidewell relies upon, among other things, the Dentist Witnesses' testimony.

The Dentist Witnesses testify, for example, that the terms "bruxer" and "bruxer crown" are not terms that they (or others they communicate with) use to refer to zirconia crowns and bridges generally, that they associate the BruxZir mark exclusively with Glidewell, and that Glidewell's promotional materials for BruxZir have been effective. [Dkt. #90-1, Ex. A (Doneff Decl., ¶¶ 7-8); Ex. B (Newman Decl., ¶¶ 7-8); Ex. C (Cohen Decl., ¶¶ 7-8); Ex. D (Luke Decl., ¶¶ 7-8); Ex. E ((Bell Decl., ¶¶ 7-8); Ex. F (Toca Decl., ¶¶ 7-8); Ex. Q (Michiels Decl., ¶¶ 7-8)]. They also attest that they associate the BruxZir mark with Glidewell's zirconia crowns and bridges and zirconia material because they have observed Glidewell's extensive promotional efforts to market its brand, and, further, that they use the term BruxZir only to identify crowns and bridges that come from Glidewell and not generically to refer to solid zirconia crowns. [Dkt. #90-1, Ex. A (Doneff Decl., ¶¶ 3-6, 9-10); Ex. B (Newman Decl., ¶¶ 3-6, 9-10); Ex. C (Cohen Decl., ¶¶ 3-6, 9-10); Ex. D (Luke Decl., ¶¶ 3-6, 9-10); Ex. E ((Bell Decl., ¶¶ 3-6, 9-10); Ex. F (Toca Decl., ¶¶ 3-6, 9-10); Ex. Q (Michiels Decl., ¶¶ 3-6, 9-10)]. This testimony is relevant not only to genericness and secondary meaning, but also to Glidewell's infringement claim, because it supports Glidewell's position that the BruxZir mark has accomplished substantial market penetration and wide recognition among dentists. *E.g.*, *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1207 (9th Cir. 2000) ("The strength of a mark for the purpose of evaluating likelihood of confusion is evaluated in terms of its conceptual strength and its commercial strength …. A strong trademark is entitled to a greater degree of protection than a weak mark.").

The importance of the Dentist Witnesses' testimony to central issues in the case strongly counsels against exclusion. *E.g.*, *Dey*, 233 F.R.D. at 572 (declining to

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   exclude evidence that was "important" to party's defense of counterclaim and

2   "highly relevant" to issues in case)

3           5.   There Was No Bad Faith Here

4           The final factor is whether any tardiness in disclosure is attributable to bad

5   faith. *Lanard Toys*, 375 Fed. Appx. at 713; *Dey*, 233 F.R.D. at 571.  As with the

6   other factors, Keating does not argue that there was any bad faith (other than

7   perhaps the bald characterization of Glidewell's submission of the Dentist

8   Witnesses' testimony as being "unacceptable and [a] flagrant[] disregard [of] this

9   Court's Order").  Keating has presented no evidence of bad faith, because none

10  exists.  As the Court is aware, Snell & Wilmer L.L.P. was engaged in this matter on

11  the eve of the discovery cut-off.  In particular, this firm was retained by Glidewell

12  late in the day on October 25, 2012, and substituted in for Glidewell's previous

13  counsel soon thereafter.  (*See* Dkt. #69 (Ex Parte Application to Amend the

14  Scheduling Order))  On the following day, October 26, and continuing over the

15  weekend, Snell & Wilmer attorneys diligently reviewed the available case materials

16  and determined that additional disclosures and evidence were necessary in order to

17  effectively prosecute Glidewell's claims and defend against Keating's

18  counterclaims.  Between Sunday, October 28, and Monday, October 29, Snell &

19  Wilmer attorneys identified additional necessary fact and expert witnesses whose

20  testimony would support Glidewell, including the Dentist Witnesses.  As noted

21  above, these witnesses – including the Dentist Witnesses – were disclosed to

22  Keating on October 29, 2012, promptly after their identification by Snell &

23  Wilmer.  This is not a case of ambush.

24                    *    *    *    *    *

25          In sum, none of the five factors considered under Rule 37 favor exclusion

26  here.  Most importantly, Keating does not argue any prejudice, and the Court

27  should not imagine prejudice that even Keating does not claim.  The Court should

28  overrule Keating's timeliness objection to the Dentist Witnesses' testimony.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

**III.** **CONCLUSION**

For the foregoing reasons, Glidewell respectfully requests that the Court overrule Keating's objections and admit the testimony of Drs. Gregory Doneff, Stuart R. Newman, Howard S. Cohen, Spencer D. Luke, Thomas E. Bell, Kent Toca, and Terence J. Michiels, in their entireties for all purposes, including in ruling upon the parties' motions for summary judgment.

Dated: December 3, 2012          SNELL & WILMER L.L.P.


By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba
Glidewell Laboratories

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

# EXHIBIT A

| Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|
| The entirety of each of the following:<br><br>• Exhibit A: Declaration of Dr. Gregory Doneff<br><br>• Exhibit B: Declaration of Dr. Stuart R. Newman<br><br>• Exhibit C: Declaration of Dr. Howard S. Cohen<br><br>• Exhibit D: Declaration of Dr. Spencer D. Luke<br><br>• Exhibit E: Declaration of Dr. Thomas E. Ball<br><br>• Exhibit F: Declaration of Dr. Kent Toca<br><br>• Exhibit Q: Declaration of Dr. Terence J. | Witnesses not previously identified during discovery.<br><br>Improper "new" evidence not included in Plaintiff's Initial Disclosures or a timely served Amended Initial Disclosure and submitted in violation of this Court's denial of Plaintiff's *Ex Parte* Motion to Amend the Scheduling Order and F.R.C.P. 37(c). | Glidewell's dentist witnesses were timely disclosed in an amended disclosure on October 29, 2012, in compliance with the Court's original Scheduling Order.  [Dkt. #15; Dkt. #125-3; *see*, *supra*, section I.] |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | Michiels | | |
| | ¶ 3 | Irrelevant (Fed. R. Evid. 402) (as to the following: <ul><li>Bell's reference to regularly speaking with other dentists about the quality of Glidewell's "BruxZir" crowns and bridges;</li><li>Cohen's reference to speaking with other dentists in his community about Glidewell's "BruxZir" crowns and bridges;</li><li>Doneff's reference to speaking with other dentists about Glidewell's "BruxZir" crowns and bridges;</li><li>Luke's reference to speaking with other dentists, including his own dentist, about Glidewell's "BruxZir" crowns and bridges;</li></ul> | The dentist's statements are relevant to demonstrate the recognition and strength of the BruxZir mark among the relevant consumers, and the use of the term BruxZir among dentists.  Fed. R. Evid. 402. |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | • Michiel's reference to speaking with other dentists, including his father (an orthodontist) and several colleagues, about Glidewell's "BruxZir" crowns and bridges. | |
| | ¶ 3 (Cohen) | Lack of personal knowledge (as to whether Glidewell pioneered the use of zirconia crowns) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") | Dr. Cohen has personal knowledge of the statement based on his experience in the dental industry, specifically including his experience restoring teeth with various types of crowns and bridges, since 1969.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony.") |
| | ¶ 4 | Hearsay (Fed. R. Evid. 802) (as to the following statement, made by Bell, Cohen, Doneff, Luke, and Michiels, which relies on hearsay: <br> • "through my various | The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but to demonstrate the recognition and strength of the BruxZir mark in the marketplace, and the use of |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | communications with other dentists, I am aware that other dentists have known, that the "BruxZir" mark is a brand or trademark that signifies a single source of zirconia crowns and bridges and zirconia material from which those products are made; and as to the following statement, made by each dentist, which relies on hearsay: <br> • through my various communications with other dentists, I am aware that other dentists have known, that the BRUXZIR mark is a brand or trademark associated with Glidewell Labs. <br> Lack of personal knowledge (as to the | the term BruxZir among dentists.  Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted**,** such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay). <br> The dentists have personal knowledge of their statements based on their own conversations with dentists as identified in paragraph 3 of their declarations.  Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony.")  The statements are therefore not speculative and the witnesses have provided a proper foundation for their testimony. The dentists' statements are not opinion |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | knowledge of other dentists) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Improper opinion by a lay witness. Fed R. Evid. 701. Speculation (*See* Fed. R. Evid. 602); Lacks Foundation (*See* Fed. R. Evid. 602) | testimony, but rather consist of facts learned through their conversations with other dentists.  To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge. Fed. R. Evid. 701. |
| | ¶ 5 | Hearsay (Fed. R. Evid. 802) (as to the following statement, made by Bell, Cohen, Doneff, Luke, and Michiels, which relies on hearsay: <ul><li>"through my various communications with other dentists, I am aware that other dentists have known, that the</li></ul> | The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but to demonstrate the recognition and strength of the BruxZir mark in the marketplace, and the use of the term BruxZir among dentists.  Fed. R. Evid. 801; *Kirk*, 844 F. 2d at 663. The dentists have personal knowledge of |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | "BruxZir" mark is a brand or trademark that signifies that Glidewell Labs was the source of a zirconia crown or bridge marketed under that trademark<br><br>Lack of personal knowledge (as to the knowledge of other dentists) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")<br><br>Improper opinion by a lay witness. Fed R. Evid. 701.<br><br>Speculation (*See* Fed. R. Evid. 602); Lacks Foundation (*See* Fed. R. Evid. 602) | their statements based on their own conversations with dentists as identified in paragraph 3 of their declarations. Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony.")  The statements are therefore not speculative and the witnesses have provided a proper foundation for their testimony. The dentists' statements are not opinion testimony, but rather consist of facts learned through their conversations with other dentists.  To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge. Fed. R. Evid. 701. |

Exhibit A, Page16

|  | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
|  | ¶ 6 | Hearsay (Fed. R. Evid. 802) (as to the following statement, made by Bell, Cohen, Doneff, Luke, and Michiels, which relies on hearsay:<br><br>• through my various communications with other dentists, I am aware that other dentists have known, that the, "BruxZir" Mark is a brand or trademark that signifies that Glidewell Labs was/is the source of zirconia material (from which zirconia crowns and bridges are made) marketed under that trademark<br><br>Lack of personal knowledge (as to the knowledge of other dentists) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is | The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but to demonstrate the recognition and strength of the BruxZir mark in the marketplace, and the use of the term BruxZir among dentists.  Fed. R. Evid. 801; *Kirk*, 844 F. 2d at 663. The dentists have personal knowledge of their statements based on their own conversations with dentists as identified in paragraph 3 of their declarations. Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony.")  The statements are therefore not speculative and the witnesses have provided a proper foundation for their testimony. The dentists' statements are not opinion testimony, but rather consist of facts |

Exhibit A, Page17

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | introduced sufficient to support a finding that the witness has personal knowledge of the matter.") Improper opinion by a lay witness. Fed R. Evid. 701. Speculation (*See* Fed. R. Evid. 602); Lacks Foundation (*See* Fed. R. Evid. 602) | learned through their conversations with other dentists.  To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge. Fed. R. Evid. 701. |
| | ¶ 7 | Hearsay (Fed. R. Evid. 802) (as to the following statement, made by Bell, Cohen, Doneff, Luke, and Michiels, which relies on hearsay:<br>• and the other dentists with whom I regularly communicate, use the term "bruxer" exclusively to refer to a person who suffers from bruxism; i.e., habitual and destructive grinding of the teeth and clenching of the jaw. | The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but to demonstrate the recognition and strength of the BruxZir mark in the marketplace, and the use of the terms "BruxZir" and "bruxer" among dentists.  Fed. R. Evid. 801; *Kirk*, 844 F. 2d at 663. The dentists have personal knowledge of their statements based on their own conversations with dentists as identified |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | Lack of personal knowledge (as to the knowledge of other dentists) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") Speculation (*See* Fed. R. Evid. 602); Lacks Foundation (*See* Fed. R. Evid. 602) | in paragraph 3 of their declarations. Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony.")  The statements are therefore not speculative and the witnesses have provided a proper foundation for their testimony. |
| | ¶ 8 | Hearsay/Conclusion Based on Hearsay (Fed. R. Evid. 802) (as to the following statement, made Bell, Doneff, Luke, which relies on hearsay:<br>• the terms "bruxer," "bruxer crown," "bruxzir," and "bruxzir crown" are not terms that I, nor the dentists I communicate with, use to refer to zirconia crowns and | The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but to demonstrate the recognition and strength of the BruxZir mark in the marketplace, and the use of various terms among dentists.  Fed. R. Evid. 801; *Kirk*, 844 F. 2d at 663. The dentists have personal knowledge of their statements based on their own |

Exhibit A, Page19

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | bridges as a type or category of product generally. , and the following statement, made by Cohen, which relies on hearsay: <br>• the terms "bruxer," "bruxer crown" are not terms that I, nor the dentists I communicate with, use to refer to zirconia crowns and bridges as a type or category of product generally. <br>Lack of personal knowledge (as to the knowledge of other dentists) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") <br>Speculation (*See* Fed. R. Evid. 602); | conversations with dentists as identified in paragraph 3 of their declarations. Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony.")  The statements are therefore not speculative and the witnesses have provided a proper foundation for their testimony. The dentists' statements are not opinion testimony, but rather consist of facts learned through their conversations with other dentists.  To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge. Fed. R. Evid. 701. |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | Lacks Foundation (*See* Fed. R. Evid. 602) Hearsay/Conclusion Based on Hearsay (Fed. R. Evid. 802) (as to the following statement, made by Bell, which relies on hearsay:<br><br>• the dentists that I communicate with, use the terms "zirconia crowns," "all zirconia crowns," "full zirconia crowns," or "solid zirconia crowns."<br><br>, as to the following statement, made by Cohen, which relies on hearsay:<br><br>• ". . . the dentists that I communicate with, use the term "solid zirconia crowns." Moreover, I and the dentists with whom I regularly communicate, do not use | |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | the term "BRUXZIR" or "BRUXZIR crown" to identify zirconia crowns other than those produced by Glidewell Labs or produced under the authorization of Glidewell Labs." as to the following statement, made by Doneff, Luke & Michiels, which relies on hearsay: <br> • ". . . the dentists that I communicate with, use the terms "zirconia crowns," "all zirconia crowns," "monolithic zirconia crowns," "full zirconia crowns," or "solid zirconia crowns." Lack of personal knowledge (as to the perennial word selection other dentists) (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less | |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") Speculation (*See* Fed. R. Evid. 602); Lacks Foundation (*See* Fed. R. Evid. 602) | |

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2012, I electronically filed the document described as **PLAINTIFF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S RESPONSE TO DEFENDANT KEATING DENTAL ARTS, INC.'S OBJECTIONS TO EVIDENCE SUBMITTED BY GLIDEWELL'S DENTIST WITNESSES IN SUPPORT OF ITS MOTIONS FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA  92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel:  (949) 760-0404
Fax: (949) 760-9502

Jeffrey.vanhoosear@kmob.com
David.jankowski@kmob.com
Lynda.zadra-symes@kmob.com
litigation@kmob.com


Dated:  December 3, 2012          SNELL & WILMER L.L.P.


By: *s/Philip J. Graves*
Philip J. Graves
Greer N. Shaw

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba GLIDEWELL LABORATORIES

16139994.1