1  SNELL & WILMER L.L.P.
   Philip J. Graves (SBN 153441)
2  pgraves@swlaw.com
   Greer N. Shaw (SBN 197960)
3  gshaw@swlaw.com
   350 South Grand Avenue, Suite 2600
4  Two California Plaza
   Los Angeles, California 90071
5  Telephone: (213) 929-2500
   Facsimile: (213) 929-2525
6
   Attorneys for Plaintiff
7  James R. Glidewell Dental Ceramics, Inc.
   d/b/a Glidewell Laboratories
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11               SOUTHERN DIVISION

12  JAMES R. GLIDEWELL DENTAL          Case No. SACV11-01309-DOC(ANx)
    CERAMICS, INC. dba GLIDEWELL
13  LABORATORIES, a California         **PLAINTIFF JAMES R. GLIDEWELL
    corporation,                       DENTAL CERAMICS, INC.'S
14                                      RESPONSE TO DEFENDANT
                   Plaintiff,           KEATING DENTAL ARTS, INC.'S
15                                      OBJECTIONS TO EVIDENCE
    vs.                                 SUBMITTED BY GLIDEWELL'S
16                                      EXPERT DR. RONALD GOLDSTEIN
    KEATING DENTAL ARTS, INC., a        IN SUPPORT OF ITS MOTIONS
17  California corporation              FOR PARTIAL SUMMARY
                                        JUDGMENT**
18                 Defendant.

19                                      Hearing

20  AND RELATED                         Date:  December 17, 2012
    COUNTERCLAIMS.                      Time:  8:30 a.m.
21                                      Ctrm:  9D, Hon. David O. Carter

22                                      Pre-Trial Conf.:  January 28, 2013
                                        Jury Trial:       February 26, 2013
23

24

25

26

27

28

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1    Plaintiff James R. Glidewell Dental Ceramics, Inc. dba Glidewell

2    Laboratories ("Glidewell") hereby responds to the objections of Defendant Keating

3    Dental Arts, Inc. ("Keating") to the Declaration of Dr. Ronal Goldstein in Support

4    of Glidewell's Motions for Partial Summary Judgment.  In addition to the

5    arguments discussed below, Glidewell responds to Keating's individual objections

6    in a table format, attached as Exhibit A.

7    **I.     ARGUMENT**

8        **A.     Dr. Goldstein's Expert Report was Timely Disclosed**

9        Keating asserts that the Declaration of Dr. Ronald Goldstein should be

10   excluded in its entirety as it was not "timely served."  (Dkt. # 121, p. 2)  This is

11   false.  Dr. Goldstein's declaration was timely served, concurrently with Glidewell's

12   Motions for Summary Judgment, on November 19, 2012.  (Dkt. #90-1, Ex. O)

13       Keating also asserts that Dr. Goldstein was not "noticed in a timely served

14   initial disclosure."  While it is true that Dr. Goldstein was not identified in any

15   "initial disclosure," he was identified and the subject matter of his testimony

16   explicated in a timely-served expert report.  (Dkt. # 121, p. 2)  (Declaration of

17   Greer N. Shaw in Support of James R. Glidewell Dental Ceramics, Inc.'s Motions

18   for Summary Judgment ("Shaw Decl."), ¶ 11)  That is all that is required.

19       Keating also asserts that Glidewell's actions "flagrantly disregard this

20   Court's orders" because Glidewell "produced new witnesses, in violation of the

21   Federal Rules of Civil Procedure after an explicit proscription by this Court."

22   Glidewell is not certain as to what Keating is referring here.  Glidewell has not

23   produced <u>any</u> new witnesses after <u>any</u> "explicit proscription" by this Court.  If

24   Keating means that Glidewell disclosed Dr. Goldstein's expert report after entry of

25   the Court's order denying Glidewell's *Ex Parte* Application to Amend the

26   Scheduling Order on November 9, 2012 (Dkt. #74), then the premise is mistaken on

27   two counts: Glidewell provided Dr. Goldstein's expert report on October 29, 2012,

28   nearly two weeks <u>prior</u> to the Court's November 9, 2012 Order; and (2) the Court's

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DR. RONALD GOLDSTEIN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

November 9 Order contains no proscription against any conduct on the part of either party; it merely states "DENIED" on the caption page and at the Judge's signature line.

Turning to Keating's assertion that Glidewell disclosed Dr. Goldstein in violation of the Federal Rules of Civil Procedure, this assertion too is incorrect. Rule 26(a)(2)(D) provides in relevant part that a party must disclose the required information concerning its experts at least 90 days before the date set for trial. Glidewell disclosed Dr. Goldstein's expert report well in advance of that deadline: the October 29, 2012 disclosure occurred more than 90 days prior to the date set for trial (February 26, 2013). A court order setting an earlier disclosure date trumps the default set out in Rule 26, but here again Glidewell disclosed Dr. Goldstein's report in compliance with the Scheduling Order entered in this case. The Court's Scheduling Order sets forth the following four deadlines:

| | |
|---|---|
| Discovery Cut-Off Date | October 29, 2012 |
| Motion Cut-Off Date | December 17, 2012 |
| Setting Final Pretrial Conference | January 28, 2013 |
| Setting Jury Trial Date | February 26, 2013 |

(Dkt. #15; *see also* Dkt. #14) The Scheduling Order contains no separate deadlines for expert reports. (Dkt. # 15) Instead, the Scheduling Order states that "expert discovery must also be completed by the discovery cut-off date." (Dkt. #15, p. 2:5-6) Keating's argument that Dr. Goldstein's expert report was untimely appears to be based on the parties' *proposed* deadlines for exchange of reports. In particular, in their Joint Rule 26(f) Report, the parties proposed September 15, 2012 as the deadline for opening expert reports and October 15, 2012 for rebuttal reports. (Dkt. #11, p. 13) The Court, however, did <u>not</u> adopt these dates and they are not in the Scheduling Order. (Dkt. #15) Dr. Goldstein's report was not subject to either "deadline" because these were not applicable deadlines at all. *See Order, Etagz, Inc. v. Quiksilver, Inc.*, No-10-300-CV-DOC (C.D. Cal. Nov. 16, 2012), ECF No.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

179 (denying defendant's motion to strike expert reports as untimely, because report was served before the discovery cut-off date and the expert reports deadlines proposed in the parties' Rule 26(f) Report had not been incorporated into the Court's scheduling order). Glidewell served Dr. Goldstein's report on October 29, on the discovery cut-off date and within the discovery period. The report was timely.

In support of its objections, Keating has not pointed to a single case where, absent a court-ordered deadline, an expert report was considered late where it was served before the close of discovery. Keating's cited authorities are easily distinguishable because in each, the proffered expert report was served *after* a court-ordered deadline. *See Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1058 (9th Cir. 2005) (expert reports excluded as untimely because court ordered counsel to disclose the names of any experts they proposed to offer at trial "not later than 45 days before the close of discovery"); *Jarritos, Inc. v. Reyes*, 345 F. App'x 215, 217 (9th Cir. 2009) (expert reports excluded as untimely pursuant to specific court order setting deadline to disclose expert witnesses).

Accordingly, the deadline for the parties to disclose expert reports, along with all other discovery material, was October 29, 2012. Since discovery closed on October 29, the disclosure was timely. *Roe v. Nevada*, 621 F. Supp. 2d 1039, 1060 (D. Nev. 2007) (rejecting defendant's argument that plaintiff's disclosure of various fact witnesses on last day of discovery was untimely because defendant's never sought to re-open discovery and "defendants, until now, gave no indication of their desire to depose these witnesses, and therefore any prejudice is caused by Defendants' own dilatory conduct"); *Cyntegra, Inc. v. Idexx Laboratories, Inc.*, CV06-4170PSG(CTX), 2007 WL 5193736 (C.D. Cal. Sept. 21, 2007) *aff'd, Cyntegra, Inc. v. IDEXX Laboratories, Inc.*, 322 F. App'x 569 (9th Cir. 2009) (finding defendant's service of two expert reports on the last day of discovery timely); *Nuance Communications, Inc. v. ABBYY Software House*, C 08-02912 JSW

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   MEJ, 2012 WL 2838431 (N.D. Cal. July 10, 2012) (denying motion to strike 25

2   witnesses disclosed after the close of business on the last day of discovery); *ESM*

3   *Techs., LLC v. Biova, LLC*, No. 10-3009-CV-S-RED (W.D. Mo. Mar. 21, 2012),

4   ECF No. 209 (holding expert declaration and report filed on last day of discovery to

5   be timely); *3Com Corp. v. Realtek Semiconductor Corp.,* C 03-2177 VRW, 2008

6   WL 783383 (N.D. Cal. Mar. 24, 2008) (denying motion in limine to preclude

7   defendant from proffering witnesses first disclosed on the final day of fact

8   discovery because plaintiff never requested defendant's agreement or leave of court

9   to subpoena the third-party witnesses past the discovery cut-off); *Russell v. Daiichi-*

10  *Sankyo, Inc.,* CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012)

11  (holding disclosure of fact witness made on day of discovery cut-off to be timely);

12  *cf.* Fed. R. Civ. Proc. 26(a)(2)(B) (absent court order or stipulation, expert

13  disclosures due 90 days before trial).

### B.   Even if Dr. Goldstein's Disclosure Had Been Untimely, Which It Was Not, Any Delay was Harmless and Substantially Justified

16       Even if Dr. Goldstein had been disclosed after the discovery cutoff (which he

17  was not), this would not automatically give rise to the exclusion of his testimony.

18  Rather, under Rule 37, a party may still use the information or witness if the late

19  disclosure was "substantially justified" or "harmless." Fed.R.Civ.P. 37(c)(1); *see*

20  *also* Fed.R.Civ.P. 37(c)(1) committee notes 1993 ("[L]imiting the automatic

21  sanction to violations without substantial justification, coupled with the exception

22  for violations that are harmless, is needed to avoid unduly harsh penalties in a

23  variety of situations.") (internal quotations omitted).

24       In determining whether to exclude evidence pursuant to FRCP 37, courts

25  consider (1) prejudice or surprise to the party against whom the evidence is offered;

26  (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of

27  the trial; (4) the importance of the evidence; and (5) bad faith or willfulness

28  involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.,*

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DR. RONALD GOLDSTEIN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

375 Fed. Appx. 705, 713 (9th Cir. 2010); *Dey, L.P v. Ivax Pharm., Inc*., 233 F.R.D. 567, 571 (C.D.Cal.2005) (applying factors and declining to preclude late produced evidence); *Katz v. Cont'l Airlines, Inc. (In re Katz Interactive Call Processing Patent Litig.)*, 2009 U.S. Dist. LEXIS 129933 (C.D. Cal. July 2, 2009) (denying motions to strike); *San Francisco Baykeeper v. W. Bay Sanitary Dist*., 791 F. Supp. 2d 719, 732 (N.D. Cal. 2011).  Considering the totality of the circumstances, even had Glidewell's disclosure of Dr. Goldstein been untimely (which it was not), the Court should overrule Keating's objection to Dr. Goldstein's declaration for the reasons set forth below.

### 1.    **Keating has Articulated No Prejudice**

Prejudice does not exist simply because a party has the burden of dealing with additional information or witnesses.  *See Garvey v. Kmart Corp*., 2012 U.S. Dist. LEXIS 160006, at *3 (N.D. Cal. Nov. 6, 2012) (denying a motion to exclude the defendant's fact witness from testifying even though the witness was disclosed after the discovery deadline because the plaintiff declined the opportunity to depose the witness).  Keating contends that Glidewell produced "new witnesses," but has articulated no reason to believe that it has suffered any prejudice as a result.  Dr. Goldstein's expert report was produced to Keating three weeks prior to the deadline for filing summary judgment motions, so Keating had ample time in which to analyze the report and develop any response that it might seek to make in its motion papers.  Keating engaged and provided an expert report from an industry-focused expert, so it was not prejudiced with respect to its ability to prosecute its case through expert opinion testimony.  Since Keating failed to articulate any prejudice, this factor weighs against exclusion.

### 2.    **Keating had the Opportunity to Cure any Purported Prejudice but Declined to Do So**

The one type of prejudice that Keating could arguably claim is that it lacked the ability to depose Dr. Goldstein prior to the discovery cutoff.  However, Keating

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
LOS ANGELES, CALIFORNIA 90071

had (and still has) an opportunity to cure any prejudice resulting from its inability to depose Dr. Goldstein prior to the discovery cutoff.  Glidewell offered to make Dr. Goldstein available for deposition by Keating despite the fact that discovery had closed.  (Shaw Decl., ¶ 8, Ex. 115)  Keating declined the offer.  (Id.)  This offer remains open.  Thus, even if Keating had articulated some cognizable prejudice in connection with the date that Glidewell served Dr. Golstein's expert report, it is at this point prejudice that Keating has fostered and nurtured for tactical purposes. This is not the type of prejudice that will justify exclusion of relevant expert testimony.  *Galentine v. Holland Am. Line-Westours, Inc.*, 333 F. Supp. 2d 991, 994 (W.D. Wash. 2004) (refusing to exclude expert report served eleven days past the deadline because "the potential prejudice that Defendant claims it will suffer is not so severe as to warrant exclusion, especially given the possibility of ameliorating that prejudice [through limited discovery and a deposition of the expert]"); *Roe v. Nevada*, 621 F. Supp. 2d 1039, 1060 (D. Nev. 2007) (rejecting defendant's argument that disclosure of fact witnesses on last day of discovery was untimely, and noting that "Defendants have sat on their rights to bring any motion to reopen discovery on account of Plaintiffs' last-minute disclosure…. [A]ny prejudice is caused by Defendants' own dilatory conduct."); *Semtech Corp. v. Royal Ins. Co. of Am.*, CV 03-2460-GAF PJWX, 2005 WL 6192906 (C.D. Cal. Sept. 8, 2005) (late disclosed supplemental expert report not excluded under Rule 37 because the "harm would not warrant the extreme sanction of exclusion" and any potential harm could be cured by allowing a deposition of the expert); *Garvey v. Kmart Corp.*, 2012 U.S. Dist. LEXIS 160006, at *3 (N.D. Cal. 2012) (denying a motion to exclude fact witness disclosed after the discovery deadline, noting that movant had declined to depose the witness); *3Com Corp. v. Realtek Semiconductor Corp.*, C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008) (denying motion in limine to exclude third-party witnesses disclosed on last day of fact discovery because movant never sought agreement or leave of court to subpoena witnesses after

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

discovery cut-off).  Accordingly, this factor weighs against exclusion.

3.     **Admission of Dr. Goldstein's Declaration Will Not Disrupt the Summary Judgment Proceedings or the Trial**

Admission of the Goldstein declaration in connection with the parties' cross-motions for summary judgment has not disrupted, and will not disrupt, the resolution of the motions, and Keating does not suggest that it would.  In addition, allowing Dr. Goldstein to proffer testimony now or at trial based on his expert report will not disrupt the trial, as the trial is not set to commence until February 26, 2013, nearly four months from the date on which his expert report was produced and three months from the date the motions were filed.  Here too, Keating proffers no argument or evidence suggesting otherwise.  Thus, this factor too favors admission of Dr. Goldstein's declaration.  *Dey, L.P. v. Ivax Pharmaceuticals, Inc*., 233 F.R.D. 567, 572 (C.D. Cal. 2005) (court found that third factor weighed against preclusion of evidence at pre-trial stage because the evidence went to issues set forth in defendant's counterclaim and likely would be relevant and probative); *Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group., Inc*., 2:09-CV-01278, 2011 WL 320909 (S.D.W. Va. Jan. 28, 2011) (third factor inapplicable where supplemental expert report served after expert disclosure deadline but still four months before trial).  Accordingly, this factor weighs against exclusion.

4.     **Dr. Goldstein's Testimony is Highly Relevant and Important**

Dr. Goldstein's testimony is important.  He offers his analysis and opinion testimony concerning:

- Whether "Bruxer," "Bruxer Crown" or BruxZir are generic terms for solid zirconia crowns.  This testimony bears directly on Keating's primary defense in this case, which is that the BruxZir mark is generic and therefore invalid.  Dr. Goldstein brings to bear his 55 years of experience as a practicing dentist as well as his

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

experience as a frequent participant in dental industry conferences that brings him into contact with thousands of dentists every year. His opinion, as explained in his declaration, is that none of these terms is a generic term for any type of crown, much less an all-zirconia crown.  (Dkt. #90-1 [Ex. O, Goldstein Decl. ¶¶9-14]).

- Whether BruxZir is a strong mark.  This testimony bears on the first of the *Sleekcraft* factors that the Court must examine in order to evaluate the likelihood of confusion resulting from Keating's use of the KDZ Bruxer brand on its competing crowns and bridges.  Dr. Goldstein examines the evidence pertinent to both the conceptual and commercial strength of the mark, and again applies his personal experience as well as his knowledge based on his extensive interactions with other dentists in arriving at the conclusion that the BruxZir mark strongly identifies a source for solid zirconia crowns. (Dkt. #90-1 [Ex. O, Goldstein Decl. ¶¶15-21]).

- Whether dentists, their assistants and front office personnel are likely to be confused by Keating's use of the KDZ Bruxer brand in connection with the promotion of its competing crowns and bridges.  Dr. Goldstein's analysis here is focused on his knowledge regarding instances of actual confusion, the fact that Glidewell's BruxZir brand crowns and Keating's KDZ Bruxer crowns are directly competitive and are marketing through similar channels, and on his evaluation of the similarity of the marks as a practicing dentist, all of which are factors included in the *Sleekcraft* analysis. (Dkt. #90-1 [Ex. O, Goldstein Decl. ¶¶22-28]).

These issues are not new; they have been central to the case from at least the

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

filing of Keating's initial Answer. (Dkt. ## 1, 9) *See Tuna Processors, Inc. v. Haw. Int'l Seafood, Inc*., No. Civ. 05-517 BMK, 2007 WL 433547, *2 (D.Haw. Feb.5, 2007) ("The failure to properly disclose is harmless where there is no prejudice to the opposing party. There is generally no prejudice where the untimely evidence does not raise any new issues in the case"). This factor weighs against exclusion.

### 5. <u>Glidewell's Disclosure of Dr. Goldstein was Not in Bad Faith</u>

As the Court is aware, Snell & Wilmer L.L.P. was only recently engaged in this matter (on October 25, 2012). (*See* Dkt. #69 [Ex Parte Application to Amend the Scheduling Order]) Glidewell produced Dr. Goldstein's expert report just <u>four days later</u>, as soon as Glidewell's counsel had reviewed the case file and determined that this additional witness testimony would be important to Glidewell's ability to present its case. (Shaw Decl., ¶ 11) The disclosure of Dr. Goldstein on the last day of discovery did not occur due to some effort to obtain tactical advantage on Glidewell's part. Rather, Dr. Goldstein was disclosed on October 29, rather than at some earlier time, because Glidewell's prior counsel failed to exercise reasonable diligence in prosecuting this action. Prior counsel's nonfeasance should not be laid at the feet of Glidewell, particularly in light of the fact that prior counsel did not even discuss with Glidewell's in-house counsel the advisability of engaging an industry-focused expert such as Dr. Goldstein. Glidewell's current counsel moved quickly to remedy the situation after becoming involved in the suit and aware of the need for an industry-focused expert such as Dr. Goldstein. This factor too weighs in favor of overruling Keating's objection to Dr. Goldstein's testimony.

Thus, a review of the factors above demonstrates that even if the Court were to conclude that Glidewell's disclosure of Dr. Goldstein's expert report on the last day of discovery was untimely – which it should not – the disclosure was harmless. Any prejudice resulting from the timing of the disclosure could easily be cured by a

deposition of Dr. Goldstein.  That Keating has declined Glidewell's invitation to take advantage of that opportunity demonstrates that the evidence should be admitted, not that it should be excluded.  *Estate of Gonzalez v. Hickman*, 05-00660 MMM (RCX), 2007 WL 3237635 (C.D. Cal. June 28, 2007) (untimely disclosure of three expert reports harmless and not excluded); *Crosspointe, LLC v. Integrated Computing, Inc*., 2004 WL 5487401, at *1 (M.D. Fla. Aug. 18, 2004) (court allowed belated disclosure of supplemental expert report because the opposing party did not show "with sufficient specificity how they are prejudiced" ).  The Court should overrule Keating's evidentiary objections to Dr. Goldstein's declaration.

## II.   <u>CONCLUSION</u>

Based upon Glidewell's responses to Keating's objections with respect to the above-identified portions of the Declaration of Dr. Ronald Goldstein, Glidewell respectfully requests that the Court overrule Keating's evidentiary objections and consider the identified declaration in its entirety in deciding Glidewell's motions for partial summary judgment.

Dated: December 3, 2012          SNELL & WILMER L.L.P.


By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba
Glidewell Laboratories

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DR. RONALD GOLDSTEIN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 10 -

# EXHIBIT A

## I.   RESPONSES TO SPECIFIC OBJECTIONS

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| ¶ 12 | Lack of personal knowledge (as to the individual knowledge of the one to two thousand dentists with whom Goldstein interacts)<br><br>• "The vast majority of the one to two thousand dentists with whom I interact through my practice and at these conferences understands that BruxZir identifies Glidewell as a source of the solid zirconia crown products."<br><br>Lack of personal knowledge (as to whether those same one to two thousand dentists ever use certain terms in their vocabulary)<br><br>• "In addition, the vast majority of these same dentists do not use the term BruxZir or 'bruxer' to refer generally to a solid zirconia crown."<br><br>(*See* Fed. R. Evid. 602) ("A witness may not | Dr. Goldstein has personal knowledge based on his extensive personal interaction with dentists, which is supported by his 55 years of experience in dental practice, research, research reports, scientific articles, chapters in textbooks, and numerous conferences that Dr. Goldstein has attended and at which he has lectured as a speaker or keynote speaker, and discussions with other dentists.  (Dkt. # 90, Ex. O ¶¶ 1-5, 12)  This personal knowledge is sufficient to support his statements regarding the understanding of other dentists and their use of dental terms.  Fed. R. Evid. 602, Adv. Comm. Notes (1972) (testimony is based on what was actually perceived or observed).  Furthermore, Dr. Goldstein is an expert witness and is not limited to his personal knowledge as the basis for his opinions.  Fed. R. Evid. 703. |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DR. RONALD GOLDSTEIN
SUBMITTED ISO GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | | |
|---|---|---|
| | testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") | |
| ¶ 13 | Hearsay (Fed. R. Evid. 802) (as to the following statement, which relies on hearsay:<br><br>• "I never heard either the speaker or dentists in the audience with whom I spoke one-on-one after the lecture use the terms BruxZir or 'bruxer' crown in a generic sense to refer to solid zirconia crowns."<br><br>Dr. Goldstein is essentially testifying to the content of his conversations with others and what those others did or did not say.<br><br>He is using this out of court statement to prove the truth of the matter asserted in that those specific dentists did not use certain terms in conversation. | Dr. Goldstein is not proffering a statement for the truth of the matter asserted.  In this case, the dentist's silence is not hearsay.  *United States v. Wilson*, 665 F.2d 825, 830 (8th Cir. 1981) (officer's testimony that he had heard no intimidating statements during witness interview not hearsay because testimony did not recount an out-of-court statement).  Paragraph 13 does not contain an out of court statement, but instead is based on Dr. Goldstein's personal knowledge and perception from attending and speaking at numerous conferences.  Dr. Goldstein may rely on dentist statements, even if those statements were inadmissible (which they are not), to support his opinions, because a statement regarding dental terms is the type of evidence that an expert would reasonably rely on.  Fed. R. |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DR. RONALD GOLDSTEIN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

Exhibit A, Page 13

| | | |
|---|---|---|
| | | Evid. 703; *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000)(reliability based on training, experience, and personal knowledge). Further, Dr. Goldstein does not offer the dentists' statements for the truth of the matters asserted, but rather to elucidate the bases for his opinions.  Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). |
| ¶ 15 | Hearsay (Fed. R. Evid. 802) (as to the following statement:  <ul><li>"In my numerous discussions and interactions with four prosthodontists in my dental practice, they have all expressed to me an understanding or acknowledgement that the BruxZir mark identifies the source of a solid zirconia crown or material used to make solid zirconia crowns as sourced from Glidewell."</li></ul> | Dr. Goldstein may rely on statements, even if those statements were inadmissible (which they are not), to support his opinions, because a statement regarding dental terms is the type of evidence that an expert would reasonably rely on. Fed. R. Evid. 703; *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000)(reliability based on training, experience, and personal knowledge).  Further, Dr. Goldstein does not offer the statements for the truth of the matters asserted, but rather to elucidate the bases |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DR. RONALD GOLDSTEIN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | | |
|---|---|---|
| | | for his opinions.  Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). Dr. Goldstein does not offer an out of court statement for the truth of the matter asserted, instead he merely offers the understandings he has perceived from the partners in his dental practice.  Furthermore, even if the statements are considered hearsay, they are statements of mental state falling within the exception in Rule 803. |
| ¶ 16 | Lack of personal knowledge (as to the recognition/knowledge of the BruxZir mark in the minds of dentists, dental labs, and others in the dental industry)<br>• "BruxZir is a well-known and widely recognized brand name for solid zirconia crowns among dentists, dental labs, and others in the dental industry. . ."<br>6:25-26<br>Lack of personal knowledge (as to Glidewell's | Dr. Goldstein has personal knowledge based on his extensive personal interaction with dentists, which is supported by his 55 years of experience in dental practice, research, research reports, scientific articles, chapters in textbooks, and numerous conferences that Dr. Goldstein has attended and at which he has lectured as a speaker or keynote speaker, and discussions with other dentists.  (Dkt. # 90, Ex. O ¶¶ 1-5, 12)<br>This personal knowledge is sufficient to support |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DR. RONALD GOLDSTEIN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

Exhibit A, Page 15

| | | |
|---|---|---|
| | brand recognition in the minds of other dentists– no survey was performed, and no foundation was laid for such an opinion) <br><br> • "Glidewell's brand recognition for its BruxZir solid zirconia crowns is as strong as any other dental product I have seen." <br><br> 6: 28 – 7:2 <br><br> Lack of personal knowledge (as to the strength of Glidewell's brand recognition in the minds of other dentists– no survey was performed, and no foundation was laid for such an opinion) <br><br> • "BruxZir is like Coca-Cola to dentists as it is a source identifier for products offered by the predominant supplier of solid zirconia crowns and material used to make solid zirconia crowns, and product branded under the BruxZir mark has a large market share in the dental industry." <br><br> 7:2 – 7:5 | his statements regarding the understanding of other dentists and their use of dental terms.  R. Evid. 602, Adv. Comm. Notes (1972) (testimony is based on what was actually perceived or observed).  Furthermore, Dr. Goldstein is an expert witness and is not limited to his personal knowledge as the basis for his opinions.  Fed. R. Evid. 703. |

| | | |
|---|---|---|
| | (*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") | |
| ¶ 19 | Impermissible conclusion (as to the statement that a single Glidewell publication demonstrates wide recognition of the BruxZir solid zirconia crown). 8:18-19<br><br>Lack of personal knowledge (as to whether one publication demonstrates prevalence and wide recognition of the BruxZir solid zirconia crown).<br><br>(*See* Fed. R. Evid. 602) ("A witness may not testify to matter less evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") | Dr. Goldstein has personal knowledge based on his extensive personal interaction with dentists, which is supported by his 55 years of experience in dental practice, research, research reports, scientific articles, chapters in textbooks, and numerous conferences that Dr. Goldstein has attended and at which he has lectured as a speaker or keynote speaker, and discussions with other dentists.  (Dkt. # 90, Ex. O ¶¶ 1-5, 12)<br><br>This personal knowledge is sufficient to support his statements regarding the understanding of other dentists and their use of dental terms.  R. Evid. 602, Adv. Comm. Notes (1972) (testimony is based on what was actually perceived or observed).  Furthermore, Dr. Goldstein is an expert witness and is not limited to his personal |

| | | |
|---|---|---|
| | | knowledge as the basis for his opinions.  Fed. R. Evid. 703.<br><br>His conclusion is permissible expert opinion testimony based on his personal knowledge and experience in the dental field. |
| ¶ 23 | Inconsistent with Interrogatory Responses # 7 & 23<br><br>Hearsay (Fed. R. Evid. 802) (as to the conversation between Fallon, Carlisle, and Dr. Le). | Keating contends that Dr. Goldstein's subsequent declaration contradicts Glidewell's prior interrogatory responses.  This is only true with respect to a single fact: who initiated the first call, Ms. Fallon or Ms. Carlisle.  Other than this immaterial detail, Ms. Fallon's declaration is perfectly consistent with Glidewell's prior interrogatory responses.<br><br>Moreover, even if the Court were to (incorrectly) conclude that there are any material inconsistencies between Ms. Fallon's declaration and Glidewell's prior interrogatory response, any such inconsistency goes to the weight, not admissibility, of the evidence.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DR. RONALD GOLDSTEIN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

Exhibit A, Page 18

("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict"); *see Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("a court's role in deciding a summary judgment motion is not to make credibility determinations or weigh conflicting evidence"); *Messick v. Horizon Industries, Inc.* 62 F.3d 1227, 1231 (9th Cir. 1995) (minor inconsistencies between deposition testimony and summary judgment affidavit resulting from honest discrepancy or mistake no basis for excluding affidavit); *Kennedy v. Allied Mut. Ins. Co*., 952 F.2d 262, 267 (9th Cir. 1991) (only "sham" testimony that flatly contradicts earlier testimony in an attempt to "create" an issue of fact and avoid summary judgment should be excluded).  Therefore, if any

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DR. RONALD GOLDSTEIN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

Exhibit A, Page 19

| | | |
|---|---|---|
| | | inconsistencies are found, they are not a basis to exclude Dr. Goldstein's declaration. |
| | | Dr. Goldstein may rely on statements, even if those statements were inadmissible (which they are not), to support his opinions, because a statement regarding dental terms is the type of evidence that an expert would reasonably rely on.  Fed. R. Evid. 703; *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000)(reliability based on training, experience, and personal knowledge).  Further, Dr. Goldstein does not offer the statements for the truth of the matters asserted, but rather to elucidate the bases for his opinions.  Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). |
| ¶ 24 | Impermissible legal conclusion (in that Dr. Goldstein testifies that the BruxZir mark is a strong source identifier – essentially saying that it is a strong trademark (note that, unlike other places in his report, Dr. Goldstein does *not* say | Dr. Goldstein has personal knowledge based on his extensive personal interaction with dentists and his knowledge and experience in the dental industry. His conclusion is permissible expert opinion testimony based on his personal |

| | | |
|---|---|---|
| | that BruxZir strongly identifies a source: strong modifies mark rather than source identifier). Dr. Goldstein is not qualified to be opining as to trademark law and the legal strength of a mark. | knowledge and experience in the dental field. (Dkt. # 90, Ex. O ¶¶ 1-5, 12)  This is not a legal conclusion, it is an opinion regarding a factual matter that is proper under Rule 703 or 704. |
| ¶ 26 | Impermissible legal conclusion (as to the following statement:<br><br>• The actual confusion caused by these similarities is sufficient to overcome the subtle differences in the two marks in the 'buyer's mind' when the buyer makes the decision to purchase Keating's dental crowns under the KDZ Bruxer mark than if products marketed under the two marks were offered side by side, as is clearly evidenced in the communications between Fallon, Carlisle, and Dr. Le aforementioned.<br><br>Dr. Goldstein is not qualified to opine as to trademark law. | Dr. Goldstein has personal knowledge based on his extensive personal interaction with dentists and his knowledge and experience in the dental industry. His conclusion is permissible expert opinion testimony based on his personal knowledge and experience in the dental field. (Dkt. # 90, Ex. O ¶¶ 1-5, 12)  This is not a legal conclusion, it is an opinion regarding a factual matter that is proper under Rule 703 or 704. |
| ¶ 28 | Inconsistent with the evidence. While a Keating | To the extent there are any inconsistencies with |

| | |
|---|---|
| employee did explain to Dr. Tobin that "BruxZir" was a proprietary name, it was never referenced as being source identifying. Proprietary is not synonymous with source-identifying and Goldstein is not qualified to be testifying as to trademark law. | the evidence, such inconsistencies go to weight of the evidence, not admissibility. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict"); *see Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("a court's role in deciding a summary judgment motion is not to make credibility determinations or weigh conflicting evidence"); *Messick v. Horizon Industries, Inc.* 62 F.3d 1227, 1231 (9th Cir. 1995) (minor inconsistencies between deposition testimony and summary judgment affidavit resulting from honest discrepancy or mistake no basis for excluding affidavit); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 267 (9th Cir. 1991) (only "sham" testimony that flatly contradicts |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DR. RONALD GOLDSTEIN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

Exhibit A, Page 22

|  |  | earlier testimony in an attempt to "create" an issue of fact and avoid summary judgment should be excluded). |
|---|---|---|

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DR. RONALD GOLDSTEIN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

### CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2012, I electronically filed the document described as **PLAINTIFF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S RESPONSE TO DEFENDANT KEATING DENTAL ARTS, INC.'S OBJECTION TO EVIDENCE SUBMITTED BY GLIDEWELL'S EXPERT DR. RONALD GOLDSTEIN SUBMITTED IN SUPPORT OF ITS MOTIONS FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA  92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel:  (949) 760-0404
Fax: (949) 760-9502

Jeffrey.vanhoosear@kmob.com
David.jankowski@kmob.com
Lynda.zadra-symes@kmob.com
litigation@kmob.com


Dated:  December 3, 2012          SNELL & WILMER L.L.P.



By: *s/Philip J. Graves*
      Philip J. Graves
      Greer N. Shaw

      Attorneys for Plaintiff
      James R. Glidewell Dental Ceramics, Inc.
      dba GLIDEWELL LABORATORIES

16139994.1