SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, California 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation<br><br>Defendant.<br><hr>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**PLAINTIFF JAMES R. GLIDEWELL DENTAL CERAMICS, INC. DBA GLIDEWELL LABORATORIES' RESPONSE TO DEFENDANT KEATING DENTAL ARTS, INC.'S OBJECTIONS TO DECLARATION AND EXPERT REPORTS OF DAVID FRANKLYN SUBMITTED IN SUPPORT OF GLIDEWELL'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing<br><br>Date: December 17, 2012<br>Time: 8:30 a.m.<br>Ctrm: 9D, Hon. David O. Carter<br><br>Pre-Trial Conf.: January 28, 2013<br>Jury Trial: February 26, 2013 |

MALLGRD\SWDMS\16209438
DRAFT 12/03/12 9:12PM

1

**TABLE OF CONTENTS**

2

Page

3    I.    INTRODUCTION .................................................................................. 1

4        A.    The Court Should Overrule Keating's Objections to Franklyn's Rebuttal Reports – Reports That Glidewell Did Not Even Submit as Evidence in Support of its Motion .................................... 1

5

6        B.    Glidewell Timely Served Franklyn's Declaration and the Content of Franklyn's Rebuttal Reports Was Timely Disclosed Pursuant to the Court's Scheduling Order ............................... 4

7

8        C.    Franklyn's Rebuttal to Boatright's Report is not a Sur-Rebuttal Nor Procedurally Improper .......................................................... 6

9        D.    Even if the Content of Franklyn's Rebuttal Report was Untimely Disclosed, Which It Was Not, Any Delay Was Harmless and Franklyn's Testimony Should Not Be Excluded ........................... 8

10

11             1.    There is No Real Prejudice or Surprise to Keating and Keating had the Opportunity to Cure any Purported Prejudice or Surprise .................................................. 9

12             2.    The Content of Franklyn's Rebuttal Reports Will Not Disrupt the Trial ............................................................ 10

13

14             3.    The Disputed Portion of Franklyn's Testimony is Important ......................................................................... 11

15             4.    Glidewell Timely Served Franklyn's Rebuttal Reports in Response to Boatright's and Dr. Eggleston's Reports ............. 12

16             5.    Glidewell Timely Served Franklyn's Rebuttal Report in Response to Boatright's Report ........................................ 12

17        E.    Franklyn's Testimony is Proper .................................................. 13

18             1.    Franklyn Does Not Offer Improper Legal Opinions ................ 13

19             2.    That Franklyn Is a Law Professor, Not a Trademark Practitioner, Is Irrelevant .............................................. 15

20             3.    Franklyn Relies on Proper Methodologies and Analysis to Support His Expert Opinions ............................................ 16

21    II.    CONCLUSION ...................................................................................... 18

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*3Com Corp. v. Realtek Semi. Corp.*,
  C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008)................5, 7, 13

*A.J. Canfield Co. v. Honickman*,
  808 F.2d 291 (3d Cir. 1986) .............................................................22

*Adobe Sys. Inc. v. One Stop Micro, Inc.*,
  84 F. Supp. 2d 1086 (N.D. Cal. 2000)................................................20

*B & B Hardware, Inc. v. Hargis Industries, Inc.*,
  252 F.3d 1010 (8th Cir. 2001) ..........................................................17

*Brandwynne v. Combe Int'l Ltd.*,
  74 F. Supp. 2d 364 (S.D.N.Y. 1999) ..................................................21

*Brooktree Corp. v. Advanced Micro Devices, Inc.*,
  757 F. Supp. 1088 (S.D. Cal. 1990) ......................................................9

*Charter Nat. Bank & Trust v. Charter One Fin., Inc., 01 C*,
  0905, 2001 WL 1035721 (N.D. Ill. Sept. 4, 2001)................................20

*Crosspointe, LLC v. Integrated Computing, Inc.*,
  2004 WL 5487401 (M.D. Fla. Aug. 18, 2004) .............................15, 16

*Dey, L.P v. Ivax Pharm., Inc.*,
  233 F.R.D. 567 (C.D. Cal. 2005)................................................10, 12, 13

*Estate of Gonzalez v. Hickman*,
  05-00660 MMM (RCX), 2007 WL 3237635 (C.D. Cal. June 28,
  2007) ...........................................................................................15

*Fancaster, Inc. v. Comcast Corp.*,
  832 F. Supp. 2d 380 (D.N.J. 2011).................................................20, 23

*Fresh Market v. Marsh Supermarkets, Inc.*,
  2005 WL 2154677 (N.D. Ind. Sept. 7, 2005) ........................................17

*Galentine v. Holland Am. Line-Westours, Inc.*,
  333 F. Supp. 2d 991 (W.D. Wash. 2004) ..............................................12

*Gander Mountain Co. v. Cabela's, Inc.*,
  540 F.3d 827 (8th Cir. 2008) ............................................................17

*Genesee Brewing Co. v. Stroh Brewing Co.*,
  124 F.3d 137 (2d Cir. 1997) .............................................................22

*Globalaw Ltd. v. Carmon & Carmon Law Office & Globalaw*,
  Inc., 452 F. Supp. 2d 1 (D.D.C. 2006) ..............................................22

*Hutchinson v. Essence Communications, Inc.*,

**TABLE OF AUTHORITIES**
(continued)

**Page**

769 F. Supp. 541 (S.D.N.Y. 1991) ........................................................ 23

*In re Fleming Cos., Inc., Contract Litigation,*
2000 WL 35612913 (W.D. Mo. Nov. 30, 2000) ................................. 8

*Jarritos, Inc. v. Reyes,*
345 F. App'x 215 (9th Cir. 2009) ........................................................ 6

*Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group., Inc.,*
2:09-CV-01278, 2011 WL 320909 (S.D.W. Va. Jan. 28, 2011) ....................... 13

*Nora Beverages, Inc. v. Perrier Group of Am., Inc.,*
269 F.3d 114 (2d Cir. 2001) ........................................................ 23

*Nuance Comms., Inc. v. ABBYY Software House, C ,*
08-02912 JSW MEJ, 2012 WL 2838431 (N.D. Cal. July 10, 2012) ............... 5, 6

*Religious Tech. Ctr. v. Netcom On-Line Commc'n Services, Inc., C-95,*
-20091 RMW, 1997 WL 34605244 (N.D. Cal. Jan. 6, 1997) ...................... 18

*Roe v. Nevada,*
621 F. Supp. 2d 1039 (D. Nev. 2007) ......................................... 5, 7, 13

*Russell v. Daiichi-Sankyo, Inc.,*
CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) ............ 5, 7

*Semtech Corp. v. Royal Ins. Co. of Am., CV,*
03-2460-GAF PJWX, 2005 WL 6192906 (C.D. Cal. Sept. 8, 2005) ............... 12

*Tenneco Auto. Operating Co., Inc. v. Kingdom Auto Parts,*
2010 WL 4365580  (6th Cir. Oct. 28, 2010) ........................................... 18

*Ticketmaster Corp. v. Tickets.com, Inc.,*
CV 99-07654HLH (VBKX), 2003 WL 25781901 (C.D. Cal. Feb.
10, 2003) ........................................................................................... 18

*Tuna Processors, Inc. v. Haw. Int'l Seafood, Inc.,*
No. Civ. 05-517 BMK, 2007 WL 433547 (D.Haw. Feb. 5, 2007) ........14, 15, 16

*UGG Holdings, Inc. v. Severn,*
CV04-1137-JFW FMOX, 2005 WL 5887187 (C.D. Cal. Feb.  23,
2005) .................................................................................................. 23

*United States v. Kirk,*
844 F.2d 660 (9th Cir. 1988) ............................................................... 2

*United States v. McCollum,*
732 F.2d 1419 (9th Cir. 1984) ............................................................. 9

*Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.,*
516 F.3d 853 , (10th Cir. 2008) ........................................................ 16

*Volkswagen Astiengesellschaft v. Uptown Motors,*

-ii-

# TABLE OF AUTHORITIES
(continued)

**Page**

91 CIV. 3447(DLC), 1995 WL 605605 (S.D.N.Y.  May 11, 1995) .................24

*Waco Intl, Inc. v. KHK Scaffolding Houston Inc.*,
278 F.3d 523 (5th Cir. 2002) ...........................................................17

*Wong v. Regents of Univ. of California*,
410 F.3d 1052 (9th Cir. 2005) ...........................................................6

*Xtreme Lashes, LLC v. Xtended*,
Lashes, LLC, 576 F.3d 221 (5th Cir. 2009) .........................................17

**FEDERAL STATUTES**

15 U.S.C. § 1052(d) ...........................................................................22

**FEDERAL RULES**

Fed. R. Civ. P. 37(c)(1) ......................................................................10

Fed. R. Civ. P. 56(e) ..........................................................................19

Fed. R. Civ. Proc. 26(a)(2)(D)(ii) ....................................................8, 15

Fed. R. Evid. 402 ................................................................................2

Fed. R. Evid. 801(c) ............................................................................2

FRCP 16 ...........................................................................................14

FRCP 37 ......................................................................................10, 12

Rule 26 ..............................................................................................8

Rule 26(a)(2)(C)(ii) ...........................................................................8, 9

**FEDERAL REGULATIONS**

37 C.F.R. § 2.32(a)(6) ........................................................................22

**OTHER AUTHORITIES**

Cardizem CD Antitrust Litig., 2000 U.S. Dist. LEXIS 18839, at *6
(E.D. Mich. Oct. 25, 2000) .................................................................8

Children's Med. Center v. Columbia Hosp., No. 3-04-2436-BD, 2006
U.S. Dist. LEXIS 9752, at *5 (N.D. Tex. March 10, 2006) ...................21

For example, in Nietech Corp. v. CBS Data Servs., 2004 U.S. Dist.
LEXIS 30318, at *41 (N.D. Cal. Mar. 1, 2004) ..................................22

Garvey v. Kmart Corp., 2012 U.S. Dist. LEXIS 160006, at *3 (N.D.
Cal. 2012) ........................................................................................12

**TABLE OF AUTHORITIES**
(continued)

Page

Garvey v. Kmart Corp., 2012 U.S. Dist. LEXIS 160006, at *3 (N.D. Cal. Nov. 6, 2012)............................................................................................11

Jonathan Browning, Inc. v. Venetian Casino Resort LLC, 2009 U.S. Dist. LEXIS 57665, at *2 (N.D. Cal. June 18, 2009)..........................................18

Katz v. Cont'l Airlines, Inc. (In re Katz Interactive Call Processing Patent Litig.), 2009 U.S. Dist. LEXIS 129933 (C.D. Cal. July 2, 2009) ............................................................................................................10

TiVo Inc. v. EchoStar Communs. Corp., 2006 U.S. Dist. LEXIS 97135, at *4 (E.D. Tex. April 3, 2006)................................................................9

I.   **INTRODUCTION**

Plaintiff James R. Glidewell Dental Ceramics, Inc. dba Glidewell Laboratories ("Glidewell") hereby responds to the objections of Defendant Keating Dental Arts, Inc. ("Keating") to the Declaration and Expert Reports of David Franklyn Submitted in Support of Glidewell's Motions for Partial Summary Judgment ("Objections"). In addition to the arguments discussed below, Glidewell responds to Keating's individual objections in a table format, attached as Exhibit A.

A.   <u>The Court Should Overrule Keating's Objections to Franklyn's Rebuttal Reports – Reports That Glidewell Did Not Even Submit as Evidence in Support of its Motion</u>

Glidewell submitted a single declaration of David Franklyn in support of its Motions for Summary Judgment ("Franklyn Declaration"). (Dkt. #90-1, Ex. N.) Franklyn attaches one exhibit to his declaration – his CV. (Dkt. #90-18, Ex. 47.) Glidewell did not submit Franklyn's initial expert report, nor his two rebuttal reports (one to Keating's expert Lori Boatright and one to Keating's expert Dr. David Eggleston), as evidence in support of Glidewell's Motions for Summary Judgment. Nevertheless, Keating submitted the two rebuttal reports in connection with its opposition papers (Dkt. ##125-13 and 125-14, Exs. 150 and 151) and then devotes the majority of its Objections to seeking exclusion of the very reports that Keating – not Glidewell – submitted. Keating, in other words, filed Franklyn's rebuttal reports for the sole purpose of objecting to them.

The Court should reject Keating's blatant attempt to preview its motions *in limine* in connection with Glidewell's Motions for Summary Judgment. Nevertheless, and the irrelevance of Keating's objections to Franklyn's rebuttal reports notwithstanding, the objections Keating lodges against Franklyn's rebuttal reports fail for the following reasons, among others:

- Many of Keating's objections to the form of statements in Franklyn's rebuttal reports that are not repeated in his declaration (for example, lack

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

of foundation, lack of personal knowledge and conclusory statements) make no sense. (*See* Dkt. #120 at 11:12-13:8) These statements were not proffered as evidence. They are part of an expert rebuttal report and need not be in evidentiary form.

- Keating's multiple inconsistent-with-prior-testimony objections are baseless. Keating complains that those portions of Franklyn's rebuttal reports recounting Franklyn's interviews with dentists conflicts with his deposition testimony because Franklyn testified that he had not spoken to any dentists. There is nothing, however, contradictory about the testimony; Franklyn interviewed the dentists identified in his rebuttal reports after his deposition was taken.

- Keating's hearsay objections are fatally flawed for two reasons. First, Glidewell does not introduce the reports as evidence; there is no testimony to which the hearsay rule could even apply. Fed. R. Evid. 402. Second, even if the statements in the rebuttal reports were testimony, Franklyn does not offer the statements of the dentists he interviewed for the truth of the matters asserted, but rather to elucidate the bases for his opinions. Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988).

- Franklyn's statements in his rebuttal reports are not based on improper new evidence. The dentists Franklyn interviewed were disclosed in Franklyn's rebuttal reports, and in Glidewell's First Amended Initial Disclosures served on October 29, 2012, before the discovery period closed under the Court's Scheduling Order. For the reasons discussed at length below (Section I.B) and in Plaintiff James R. Glidewell Dental Ceramics, Inc.'s Response to Defendant Keating Dental Arts, Inc.'s Objections to Evidence Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial Summary Judgment, Keating's

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1    timeliness objections should be overruled.

2    • Keating's numerous "legal conclusion" objections lack merit.  As set forth

3      in detail below (*See* Section I.F), utilizing attorney experts, including law

4      professors like Franklyn, to proffer opinion testimony concerning such

5      matters as the strength of a mark, similarity between marks, the potential

6      for customer confusion, and other specialized issues pertinent to a

7      trademark case is a commonly accepted practice.  And, if the Court deems

8      these objections persuasive enough to exclude Prof. Franklyn, it should

9      exclude Keating's expert, Lori Boatright, for the same reasons.

10   Again, the Court does not need to consider Keating's specific objections to

11   Franklyn's rebuttal reports because the reports are not proffered as evidence in

12   support of Glidewell's motions.  Instead, the Court's focus should properly be on

13   the specific objections that Keating makes to the cited portions of Franklyn's

14   Declaration[1] – the actual evidence that Glidewell submitted in support of its

15   motions.

16   **B. Glidewell Timely Served Franklyn's Declaration and the Content**

17   **of Franklyn's Rebuttal Reports Was Timely Disclosed Pursuant to**

18

19   [1] The first ten pages of Keating's Objection generally outlines the factual and legal
     reasons Keating claims portions of Franklyn's Declaration should be excluded from
20   the record on Glidewell's Motion for Summary Judgment.  In this introductory
     portion of the Objection, Keating does not specifically identify the evidence to
21   which it objects.  Keating only does so starting on page 26 of the Objection.
     Glidewell responds to the specific objections to the cited portions of Franklyn's
22   Declaration.  It is not for Glidewell nor the Court to guess what other portions of
     Franklyn's Declaration might be subject to Keating's generalized objections. *See*
23   *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001)
     ("[R]equiring the district court to search the entire record, even though the adverse
24   party's response does not set out the specific facts or disclose where in the record
     the evidence for them can be found, is unfair. . . . If a district court must examine
25   reams or file cabinets full of paper looking for genuine issues of fact, as though the
     judge were the adverse party's lawyer, an enormous amount of time is taken away
26   from other litigants."); *Duke v. Atria, Inc.*, 2:03-CV-00934-DRB, 2005 WL
     1514149, at *2 (M.D. Ala. June 27, 2005) (noting that "[s]ince [Defendant] does
27   not particularize any objectionable 'evidence' in these pages of discussion, the
     Court declines appropriately to undertake the lawyer's task of specifying disputed
28   evidence and the basis for any objection").

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 3 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

**the Court's Scheduling Order**

Keating argues that those portions of Franklyn's Declaration that rely on the content of Franklyn's rebuttal reports to Boatright and Dr. Eggleston (*i.e.*, Paragraphs 55-71) should be excluded because the rebuttal reports were not timely disclosed, but were disclosed in violation of the Court's denial of Glidewell's motion to amend the scheduling order, or perhaps the scheduling order itself. (Dkt. #120, p.1) This is false. Franklyn's Declaration was timely served in connection with Glidewell's Motions for Summary Judgment on November 19, 2012. (Dkt. #90-1, Ex. N.) Furthermore, the details of Franklyn's rebuttal reports were properly and timely disclosed on October 29, 2012, the last day to complete discovery. *See Etagz, Inc. v. Quiksilver, Inc.*, No-10-300-CV-DOC (C.D. Cal. Nov. 16, 2012), ECF No. 179 (denying motion to strike expert reports as untimely because report was served before discovery cut-off date); *see also Nuance Comms., Inc. v. ABBYY Software House*, C 08-02912 JSW MEJ, 2012 WL 2838431 (N.D. Cal. July 10, 2012) (denying motion to strike 25 witnesses disclosed on last day of discovery); *Russell v. Daiichi-Sankyo, Inc.*, CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) (holding that disclosure of fact witness made on day of discovery cut-off was timely); *ESM Techs., LLC v. Biova, LLC*, No. 10-3009-CV-S-RED (W.D. Mo. Mar. 21, 2012), ECF No. 209 (holding expert declaration and report filed on last day of discovery to be timely); *3Com Corp. v. Realtek Semi. Corp.*, C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008) (denying motion in limine to preclude testimony from third-party witnesses first disclosed on the final day of fact discovery); *Cyntegra, Inc. v. Idexx Labs., Inc.*, CV06-4170PSG (CTX), 2007 WL 5193736 (C.D. Cal. Sept. 21, 2007) (holding service of expert reports on the last day of discovery to be timely), *affirmed,* 322 F. App'x 569 (9th Cir. 2009); *Roe v. Nevada*, 621 F. Supp. 2d 1039, 1060 (D. Nev. 2007) (holding disclosure of fact witnesses on last day of discovery to be timely).

Keating argues that Franklyn's rebuttal reports should have been served on

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 4 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1    October 15, 2012.  Although the parties, in their Rule 26(f) report, had proposed

2    October 15 as the deadline for rebuttal expert reports, this date was not adopted by

3    the Court and is not in the Scheduling Order.  *Cf.* Order, *Etagz, Inc. v. Quiksilver,*

4    *Inc.*, No. SACV 10-300 DOC (MLGx) (C.D. Cal. Nov. 16, 2012), ECF No. 179

5    ("The Minute Order from the scheduling conference sets only one date, November

6    5, 2012, as the expert discovery cutoff.  The Court declines to find that the Minute

7    Order also adopted all the sub-deadlines that were contained in the 26(f) Report,

8    given that the Minute Order only includes the November 5, 2012, expert discovery

9    cutoff date.") (Dkt. #142, ¶ 6, Ex. 113).

10        In support of its objections, Keating has not pointed to a single case where,

11   absent a court ordered deadline, an expert report was considered late where it was

12   served before, or even on the last day of discovery.  Keating's cited authorities are

13   easily distinguishable because in each, the proffered expert report was served *after*

14   a court-ordered deadline.  *See Wong v. Regents of Univ. of California*, 410 F.3d

15   1052, 1058 (9th Cir. 2005) (expert reports excluded as untimely because court

16   ordered counsel to disclose the names of any experts they proposed to offer at trial

17   "not later than 45 days before the close of discovery"); *Jarritos, Inc. v. Reyes*, 345

18   F. App'x 215, 217 (9th Cir. 2009) (expert reports excluded as untimely pursuant to

19   specific court order setting deadline to disclose expert witnesses).

20        That the Court denied Glidewell's *Ex Parte* Application to Amend the

21   Scheduling Order on November 9, 2012 (Dkt. #74), is irrelevant to whether

22   Glidewell complied with the Court's original Scheduling Order.  The issue is

23   whether Glidewell made its disclosures on or before the close of discovery.   Since

24   discovery closed on October 29, the disclosures were timely.  *See Nuance*

25   *Communications, Inc. v. ABBYY Software House*, C 08-02912 JSW MEJ, 2012 WL

26   2838431 (N.D. Cal. July 10, 2012) (denying motion to strike 25 witnesses disclosed

27   after the close of business on the last day of discovery); *3Com Corp. v. Realtek*

28   *Semiconductor Corp.*, C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24,

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 5 -

1    2008) (denying motion in limine to preclude defendant from proffering witnesses

2    first disclosed on the final day of fact discovery because plaintiff never requested

3    defendant's agreement or leave of court to subpoena the third-party witnesses past

4    the discovery cut-off); *Cyntegra, Inc. v. Idexx Laboratories, Inc.*, CV06-

5    4170PSG(CTX), 2007 WL 5193736 (C.D. Cal. Sept. 21, 2007) *aff'd, Cyntegra, Inc.*

6    *v. IDEXX Laboratories, Inc.*, 322 F. App'x 569 (9th Cir. 2009) (finding defendant's

7    service of two expert reports on the last day of discovery timely); *Roe v. Nevada*,

8    621 F. Supp. 2d 1039, 1060 (D. Nev. 2007) (rejecting defendant's argument that

9    plaintiff's disclosure of various fact witnesses on last day of discovery was

10   untimely because defendant's never sought to re-open discovery and "defendants,

11   until now, gave no indication of their desire to depose these witnesses, and

12   therefore any prejudice is caused by Defendants' own dilatory conduct"); *Russell v.*

13   *Daiichi-Sankyo, Inc.,* CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17,

14   2012) (holding disclosure of fact witness made on day of discovery cut-off to be

15   timely).

16           **C. Franklyn's Rebuttal to Boatright's Report is not a Sur-Rebuttal**

17               **Nor Procedurally Improper**[2]

18           Boatright's October 15, 2012 report (Dkt. #94, Ex. A) cannot credibly be

19   characterized as a rebuttal report to Franklyn's initial September 15, 2012 report.

20   Boatright does not address Franklyn's initial report until the twenty-second page of

21   her report (Paragraph 61). In the first twenty-two pages of her report, Boatright,

22   among other things, opines on the procedure to be followed in the examination of

23   trademark applications, describes her review of the file history for the BRUXZIR

24   mark, opines on what she thinks the Trademark Examining Attorney should have

25   done in this matter, and describes at length her independent internet research.

26   Boatright's report is not so much a rebuttal to Franklyn's report as it is Boatright's

27   _____

28   [2] Keating does not contend that Franklyn's rebuttal report to Eggleston is a sur-
     rebuttal report.

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 6 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

initial report that sets forth her opinions regarding genericness and likelihood of confusion while criticizing the Trademark Examining Attorney. Boatright's report is not "intended *solely* to contradict or rebut" Franklyn's initial report. Fed. R. Civ. Proc. 26(a)(2)(D)(ii) (emphasis added). Rather, it is a thinly-veiled opening expert report, served at a point at which Keating (incorrectly) contends such reports were untimely. Franklyn's rebuttal report is therefore proper under Rule 26(a)(2)(D)(ii).

Even if Franklyn's rebuttal report could properly be characterized as a "sur-rebuttal," sur-rebuttal reports are not procedurally improper. The Scheduling Order entered here does not preclude them. Rule 26(a)(2)(C)(ii) is silent on the propriety of sur-rebuttal reports. Many courts allow sur-rebuttal reports, and some even *insist* that parties file such reports. *See In re Fleming Cos., Inc., Contract Litigation*, 2000 WL 35612913, at *1 (W.D. Mo. Nov. 30, 2000) (agreeing that Rule 26 permits sur-rebuttal reports); *In re Cardizem CD Antitrust Litig.*, 2000 U.S. Dist. LEXIS 18839, at *6 (E.D. Mich. Oct. 25, 2000) (granting request to submit sur-rebuttal expert report); *TiVo Inc. v. EchoStar Communs. Corp.*, 2006 U.S. Dist. LEXIS 97135, at *4 (E.D. Tex. April 3, 2006) (holding that even if the scheduling order did not provide for the service of sur-rebuttal reports, plaintiff should have filed one in accordance with Rule 26(a)(2)(C)(ii)). Keating nevertheless claims that sur-rebuttals are "procedurally disfavored." But in the two cases Keating cites to support its proposition, the sur-rebuttal testimony was excluded because it was *cumulative* and repeated the initial testimony, not because of procedural impropriety. *See United States v. McCollum*, 732 F.2d 1419,1426 (9th Cir. 1984) (determining that, in a criminal conviction of attempted bank robbery, the district court acted within its discretion by excluding expert on sur-rebuttal because "the testimony would have been cumulative" and "the same" as the initial testimony); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1088, 1096 (S.D. Cal. 1990) (excluding defendant's sur-rebuttal testimony because it "was simply seeking to repeat testimony already presented in [defendant's] case in chief.").

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO DECL. OF DAVID FRANKLYN SUBMITTED ISO GLIDEWELL'S MOTIONS FOR PSJ CASE NO. SACV11-01309 DOC (ANx)

- 7 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1    Unlike *McCollum* and *Brooktree Corp.*, Franklyn's rebuttal report to Boatright is

2    neither cumulative nor a repeat of his initial report, but a direct response to the

3    numerous new issues and evidence contained in Boatright's report.

4    **D. Even if the Content of Franklyn's Rebuttal Report was Untimely**

5    **Disclosed, Which It Was Not, Any Delay Was Harmless and**

6    **Franklyn's Testimony Should Not Be Excluded**

7    Even if Franklyn's rebuttal reports had been disclosed after the discovery

8    cutoff (which they were not), this does not automatically give rise to the exclusion

9    of Franklyn's testimony that is based on his rebuttal reports.[3]  Rather, under Rule

10   37, a party may still use the information or witness if the late disclosure was

11   "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1); *see also* Fed. R.

12   Civ. P. 37(c)(1) committee notes 1993 ("[L]imiting the automatic sanction to

13   violations without substantial justification, coupled with the exception for

14   violations that are harmless, is needed to avoid unduly harsh penalties in a variety

15   of situations.") (internal quotations omitted).

16   In determining whether to preclude introduction of evidence pursuant to

17   FRCP 37, courts consider "(1) the surprise to the party against whom the evidence

18   would be offered; (2) the ability of that party to cure the surprise; (3) the extent to

19   which allowing the evidence would disrupt the trial; (4) the importance of the

20   evidence, and (5) the nondisclosing party's explanation for its failure to disclose the

21   evidence." *Dey, L.P v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005)

22   (applying factors and declining to preclude late produced evidence); *Katz v. Cont'l*

23   *Airlines, Inc. (In re Katz Interactive Call Processing Patent Litig.)*, 2009 U.S. Dist.

24   LEXIS 129933 (C.D. Cal. July 2, 2009).  Considering the totality of the

25   circumstances, even assuming Glidewell's disclosure of the Franklyn rebuttal

26   reports was untimely, the Court should overrule Keating's objections that it exclude

27

28   [3] It bears repeating that Keating's timeliness objection, to which Glidewell contests,
     only applies to Paragraphs 55-71 of Franklyn's Declaration.

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

certain portions of Franklyn's Declaration that rely on the rebuttal reports for the reasons set forth below.

### 1. There is No Real Prejudice or Surprise to Keating and Keating had the Opportunity to Cure any Purported Prejudice or Surprise

Prejudice does not exist simply because a party has the burden of dealing with additional information or witnesses. *See Garvey v. Kmart Corp.*, 2012 U.S. Dist. LEXIS 160006, at *3 (N.D. Cal. Nov. 6, 2012) (denying a motion to exclude the defendant's fact witness from testifying even though the witness was disclosed after the discovery deadline because the plaintiff declined the opportunity to depose the witness).

While a delay, without more, cannot qualify as prejudicial, Keating has not articulated the basis for any perceived prejudice it has suffered as a result of shorter notice of Franklyn's interview with the dentist witnesses. Keating does not even argue that it had insufficient time to digest the content of Franklyn's rebuttal reports or Franklyn's Declaration. Nor could it; the declaration was timely served with Glidewell's motions for partial summary judgment on November 19, 2012 (Dkt.# 90, Ex. O), and Keating was able to prepare its oppositions to the motions as well as objections to the declaration and timely file them on November 26, 2012. (Dkt.# 123.)

Even assuming Franklyn's rebuttal reports were untimely and surprised Keating, Keating could have tried to take a further deposition of Franklyn. After its disclosure, Glidewell offered Franklyn again for deposition. (Dkt. #142, ¶ 8, Ex. 115) Keating declined the offer. (*Id.*) Ironically, Glidewell itself sought to extend the discovery cut-off to allow for further discovery and, rather than agree so that Keating itself could get the additional discovery it wanted, Keating opposed the request. (Dkt# 71.) Keating had three weeks between Franklyn's rebuttal reports and the date for filing summary judgment motions in which to depose Franklyn,

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO DECL. OF DAVID FRANKLYN SUBMITTED ISO GLIDEWELL'S MOTIONS FOR PSJ CASE NO. SACV11-01309 DOC (ANx)

- 9 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   which it refused.

2       If Keating is in fact prejudiced by Franklyn's rebuttal reports served on the

3   last day of discovery, it is prejudice that Keating manufactured.  *Semtech Corp. v.*

4   *Royal Ins. Co. of Am.*, CV 03-2460-GAF PJWX, 2005 WL 6192906 (C.D. Cal.

5   Sept. 8, 2005) (late disclosed supplemental expert report not excluded under Rule

6   37 because the "harm would not warrant the extreme sanction of exclusion" and

7   any potential harm could be cured by allowing a deposition of the expert);

8   *Galentine v. Holland Am. Line-Westours, Inc.*, 333 F. Supp. 2d 991, 994 (W.D.

9   Wash. 2004) (refusing to exclude expert report served eleven days past the deadline

10   because "the potential prejudice that Defendant claims it will suffer is not so severe

11   as to warrant exclusion, especially given the possibility of ameliorating that

12   prejudice [through limited discovery and a deposition of the expert]"); *see Garvey*

13   *v. Kmart Corp.*, 2012 U.S. Dist. LEXIS 160006, at *3 (N.D. Cal. 2012) (denying a

14   motion to exclude fact witness disclosed after the discovery deadline, noting that

15   movant had declined to depose the witness); *3Com Corp. v. Realtek Semiconductor*

16   *Corp.*, C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008) (denying

17   motion in limine to exclude third-party witnesses disclosed on last day of fact

18   discovery because movant never sought agreement or leave of court to subpoena

19   witnesses after discovery cut-off); *cf. Roe v. Nevada*, 621 F. Supp. 2d 1039, 1060

20   (D. Nev. 2007) (rejecting defendant's argument that disclosure of fact witnesses on

21   last day of discovery was untimely, and noting that "Defendants have sat on their

22   rights to bring any motion to reopen discovery on account of Plaintiffs' last-minute

23   disclosure…. [A]ny prejudice is caused by Defendants' own dilatory conduct.").

24       **2.  The Content of Franklyn's Rebuttal Reports Will Not**

25           **Disrupt the Trial**

26       The third factor, disruption to the trial, also weighs in favor of Glidewell.

27   Allowing Franklyn to proffer testimony related to his rebuttal reports on summary

28   judgment will not disrupt the trial, as it is approximately three months away, and it

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 10 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   will not disrupt the summary judgment proceedings. *Kanawha-Gauley Coal &*

2   *Coke Co. v. Pittston Minerals Group., Inc.*, 2:09-CV-01278, 2011 WL 320909

3   (S.D.W. Va. Jan. 28, 2011) (third factor inapplicable where supplemental expert

4   report served after expert disclosure deadline but still four months before trial); *see*

5   *Dey, L.P. v. Ivax Pharmaceuticals, Inc.*, 233 F.R.D. 567, 572 (C.D. Cal. 2005)

6   (court found that third factor weighed against preclusion of evidence at pre-trial

7   stage because the evidence went to issues set forth in defendant's counterclaim and

8   likely would be relevant and probative).  As mentioned above, Keating was able to

9   review and respond to the declaration for its response to Glidewell's motions for

10  partial summary judgment, and has still more time to strategize regarding its

11  response to this evidence before trial.  The parties need not even meet for their

12  FRCP 16 meeting of counsel (before the pre-trial conference) until December 19,

13  2012.  (C.D. Local Rule 16-2)

14              **3.  The Disputed Portion of Franklyn's Testimony is Important**

15              The disputed portions of Franklyn's testimony (Paragraphs 55-71) is

16  important.  Franklyn testifies how his interviews with the dentist witnesses

17  corroborate his opinions as to the generic terms for solid zirconia crowns, the

18  strength of Glidewell's BruxZir mark, and the overlap in markets and likelihood of

19  confusion between Glidewell's BruxZir mark and Keating's KDZ Bruxer mark.

20  Franklyn's testimony relates to issues of genericness and confusion.  The issues and

21  topics to which Franklyn provides testimony are not new to the parties.  *See Tuna*

22  *Processors, Inc. v. Haw. Int'l Seafood, Inc.*, No. Civ. 05-517 BMK, 2007 WL

23  433547, *2 (D.Haw. Feb. 5, 2007) ("The failure to properly disclose is harmless

24  where there is no prejudice to the opposing party. There is generally no prejudice

25  where the untimely evidence does not raise any new issues in the case").

26              **4.  Glidewell Timely Served Franklyn's Rebuttal Reports in**

27                  **Response to Boatright's and Dr. Eggleston's Reports**

28              Glidewell served Franklyn's rebuttal to Dr. Eggleston's report and

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL.  OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 11 -

1  Boatright's so-called rebuttal report within the deadline permitted under Rule
2  26(a)(2)(D)(ii) and, in any event, only two weeks after receiving the reports.

3        A review of the factors above demonstrates that any late disclosure by
4  Glidewell of Dr. Goldstein was harmless. Late disclosed evidence that is harmless
5  should not be excluded. *Estate of Gonzalez v. Hickman*, 05-00660 MMM (RCX),
6  2007 WL 3237635 (C.D. Cal. June 28, 2007) (untimely disclosure of three expert
7  reports justified and harmless and not excluded); *Tuna Processors, Inc.*, *supra*, No.
8  Civ. 05-517 BMK, 2007 WL 433547, *2 (D.Haw. Feb. 5, 2007) ("The failure to
9  properly disclose is harmless where there is no prejudice to the opposing party.
10  There is generally no prejudice where the untimely evidence does not raise any new
11  issues in the case"); *Crosspointe, LLC v. Integrated Computing, Inc.*, 2004 WL
12  5487401, at *1 (M.D. Fla. Aug. 18, 2004) (court allowed belated disclosure of
13  supplemental expert report because the opposing party did not show "with
14  sufficient specificity how they are prejudiced" ).

15      **5. Glidewell Timely Served Franklyn's Rebuttal Report in**
16         **Response to Boatright's Report**

17        The content of Franklyn's rebuttal report was not disclosed late. But even if
18  the Court concludes that it was untimely, a review of the factors above
19  demonstrates that any late disclosure by Glidewell of the content of Franklyn's
20  testimony was harmless. Late disclosed evidence that is harmless should not be
21  excluded. *Estate of Gonzalez v. Hickman*, 05-00660 MMM (RCX), 2007 WL
22  3237635 (C.D. Cal. June 28, 2007) (untimely disclosure of three expert reports
23  justified and harmless and not excluded); *Tuna Processors, Inc.*, *supra*, No. Civ.
24  05-517 BMK, 2007 WL 433547, *2 (D. Haw. , 2007) ("The failure to properly
25  disclose is harmless where there is no prejudice to the opposing party. There is
26  generally no prejudice where the untimely evidence does not raise any new issues
27  in the case."); *Crosspointe, LLC v. Integrated Computing, Inc.*, 2004 WL 5487401,
28  at *1 (M.D. Fla. Aug. 18, 2004) (court allowed belated disclosure of supplemental

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

1   expert report because the opposing party did not show "with sufficient specificity

2   how they are prejudiced").

3                    **E. Franklyn's Testimony is Proper**

4                    **1. Franklyn Does Not Offer Improper Legal Opinions**

5          Citing three cases involving *copyright law*, and pointing out the fact that

6   Franklyn is not a dental expert (indeed, Franklyn does not profess to be a dental

7   expert), Keating argues that Franklyn's testimony regarding genericness of the

8   BruxZir mark, the strength of the BruxZir mark and the risk of consumer confusion

9   constitutes improper legal opinion.  This is not so.

10         Engaging experts (usually attorneys) to proffer opinion testimony concerning

11  such matters as the strength of a mark, similarity between marks, the potential for

12  customer confusion, and other specialized issues pertinent to a trademark case is a

13  commonly accepted practice.  *See, e.g., Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.*, 516

14  F.3d 853, 861-63, (10th Cir. 2008) (attorney/adjunct professor in trademark and

15  unfair competition practice provided expert testimony as to: strength of a service

16  mark, similarity between service marks, possibility of consumer confusion,

17  evidence of intent to utilize or trade on the reputation of a company through use of

18  a similar service mark, and whether the companies were in competition with one

19  another); *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 252 F.3d 1010, 1012 (8th

20  Cir. 2001) (attorney expert testified as to the distinction of a suggestive mark versus

21  a descriptive mark, and gave his opinion that the mark in question was merely

22  descriptive); *Waco Intl, Inc. v. KHK Scaffolding Houston Inc.*, 278 F.3d 523, 533

23  (5th Cir. 2002) (holding that district court did not err by permitting attorney to

24  testify despite arguments that attorney was testifying as to matters of law); *Gander*

25  *Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 832 (8th Cir. 2008) (allowing expert

26  testimony from both parties regarding customary content of perpetual trademark

27  licenses); *Xtreme Lashes, LLC v. Xtended Lashes, LLC*, 576 F.3d 221, 232 (5th Cir.

28  2009) (expert testimony considered in determining whether EXTEND YOUR

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1  BEAUTY was descriptive or suggestive mark); *The Fresh Market v. Marsh*

2  *Supermarkets, Inc.*, 2005 WL 2154677 at *3 (N.D. Ind. Sept. 7, 2005) (plaintiff

3  moved to strike expert testimony because it opined on legal question as to

4  likelihood of confusion; district court denied because professor was qualified to

5  testify about consumer habits); *Tenneco Auto. Operating Co., Inc. v. Kingdom Auto*

6  *Parts*, 2010 WL 4365580 at *10-12 (6th Cir. Oct. 28, 2010) (finding trademark

7  attorney's opinion as an expert persuasive as to whether product numbers were

8  protectable marks).

9      Thus, Keating's legal conclusion objections are meritless as they involve

10  proper expert testimony. Indeed, each of the cases that Keating cites is inapplicable

11  because it disallowed expert testimony on "pure issues of law – that is whether a

12  particular item is copyrightable." *See Ticketmaster Corp. v. Tickets.com, Inc.*, CV

13  99-07654HLH (VBKX), 2003 WL 25781901, at *1 (C.D. Cal. Feb. 10, 2003) (only

14  excluded the expert's legal conclusions that were "within the sole province of the

15  court" and items "solely directed toward the dismissed claims," but admitted a law

16  professor's testimony on the possibility of confusion because the professor's "years

17  of background and experience with the internet qualify him to describe the

18  workings of the items at issue in this case"); *Jonathan Browning, Inc. v. Venetian*

19  *Casino Resort LLC*, 2009 U.S. Dist. LEXIS 57665, at *2 (N.D. Cal. June 18, 2009);

20  *Religious Tech. Ctr. v. Netcom On-Line Commc'n Services, Inc.*, C-95-20091

21  RMW, 1997 WL 34605244 (N.D. Cal. Jan. 6, 1997) (excluding inadmissible

22  declarations that were only "reciting case law and legal conclusions")

23      Finally, it bears noting that Keating itself submits a declaration from

24  Boatright that attaches her so-called rebuttal report wherein Boatright opines that,

25  among other things, the BruxZir mark is generic and weak and that the mark should

26

27

28

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 14 -

1   have been denied registration by the PTO. (Dkt. #94, Ex. A.)[4]  Certainly if portions

2   of Franklyn's testimony are excluded as improper legal conclusions, so too should

3   Boatright's testimony.  However, the correct outcome here is to reject Keating's

4   objection that Prof. Franklyn's testimony constitutes an improper legal conclusion.

## 2.  That Franklyn Is a Law Professor, Not a Trademark Practitioner, Is Irrelevant

7       Keating makes much of the fact that Professor Franklyn is not a trademark

8   practitioner.  Why this should matter is not clear.  This is not a TTAB proceeding,

9   and the registration of the mark is not at issue.  Keating relies on *Charter National*

10  *Bank & Trust* for the proposition that a trademark law professor, lacking practical

11  experience defending or prosecuting trademarks, is an improper expert.  However,

12  in that case, the expert at issue was not a professor in trademark law, had never

13  published any material on trademark law, lacked practical work experience

14  regarding trademark registrations, and had never drafted, defended or prosecuted a

15  trademark registration application.  *Charter Nat. Bank & Trust v. Charter One Fin.,*

16  *Inc.*, 01 C 0905, 2001 WL 1035721 (N.D. Ill. Sept. 4, 2001).  The court found, that

17  "[g]iven that none of his published work involves trademark law and that trademark

18  law only comprises a small subset of larger topics which he teaches, we cannot find

19  Professor Lichtman qualified as an expert." *Id.*  The court went on to explain that

20  the professor was not currently qualified to testify as an expert on trademark law,

21  leaving open the possibility that he could later become qualified, especially given

22  the fact that he was, at the time of the case, researching a project with a focus in

23  trademark law. *Id.*  The court did not, as Keating suggests, unequivocally state that

---

[4] It should be noted that Keating's attempt to introduce Boatright's expert report into evidence should be rejected.  The attached expert report is not signed under penalty of perjury.  Accordingly, it is inadmissible hearsay.  FRE 801, 802; *Harris v. Extendicare Homes, Inc.*, 829 F. Supp. 2d 1023, 1027 (W.D. Wash. 2011) ("[C]ourts in this circuit have routinely held that . . . unsworn expert reports are not admissible to support or oppose summary judgment."); *King Tuna, Inc. v. Anova Food, Inc.*, 2009 WL 650732 (C.D. Cal. 2009) ("It is well-settled that under Fed. R. Civ. P. 56(e), unsworn expert reports are not admissible to support or oppose summary judgment.").

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 15 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

an expert must have practical experience, such as drafting an application,
defending, or prosecuting a trademark. *Id.* Nor did the court imply that teaching,
publishing, and being well-read in the field, is insufficient, only that it was
insufficient for the expert at issue because he was not a trademark law professor.
*Id.*

Indeed, federal courts allow law professors to serve as experts in trademark
infringement issues. *See e.g., Adobe Sys. Inc. v. One Stop Micro, Inc.*, 84 F. Supp.
2d 1086, 1091 (N.D. Cal. 2000) (Raymond T. Nimmer, a professor of law at the
University of Houston, serves as an expert in a suit involving copyright and
trademark infringement); *Fancaster, Inc. v. Comcast Corp.*, 832 F. Supp. 2d 380,
408 (D.N.J. 2011) (law professor allowed to testify on "the system of Internet
domain names" in a trademark dispute); *Children's Med. Center v. Columbia
Hosp.*, No. 3-04-2436-BD, 2006 U.S. Dist. LEXIS 9752, at *5 (N.D. Tex. March
10, 2006) (denying challenge to trademark law professor's opinion on the strength
of a mark based on the results of a trademark search report obtained by the
plaintiffs because "[a]n expert may base an opinion on facts or data of a type
reasonably relied upon by experts in the particular field in forming opinions or
inferences upon the subject" and the expert stated that search reports are "generally
relied upon by trademark practitioners when advising clients as to the availability of
marks for use and registration").

### 3. Franklyn Relies on Proper Methodologies and Analysis to Support His Expert Opinions

Keating's claim that Franklyn's methodology is unreliable and incorrect is
two-fold: (1) Keating attacks Franklyn's PTO search regarding genericness; and (2)
Keating attacks Franklyn's dentist interviews on the ground that it constitutes
improper survey evidence. Keating is wrong on both points.

First, the types of evidence upon which the Court may look to evaluate
Keating's allegation that the BruxZir mark is generic are not as limited as Keating

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   implies.  They include: "(1) dictionary definitions; (2) generic use of the term by

2   competitors and other persons in the trade; (3) plaintiff's own generic use; (4)

3   generic use in the media; and (5) consumer surveys."  *See Brandwynne v. Combe*

4   *Int'l Ltd.*, 74 F. Supp. 2d 364, 381 (S.D.N.Y. 1999).  "In addition to these factors, it

5   is necessary to determine whether there are commonly used alternative means to

6   describe the product or service."  *Genesee Brewing Co. v. Stroh Brewing Co.*, 124

7   F.3d 137, 144 (2d Cir. 1997); *A.J. Canfield Co. v. Honickman*, 808 F.2d 291, 305-

8   06 (3d Cir. 1986).  More specifically, courts can rely on the type of PTO searches

9   conducted by Franklyn and to which he testifies in his declaration.  For example, in

10  *Nietech Corp. v. CBS Data Servs.*, 2004 U.S. Dist. LEXIS 30318, at *41 (N.D. Cal.

11  Mar. 1, 2004), the United States District Court for the Northern District of

12  California denied plaintiffs motion for preliminary injunction.  In evaluating the

13  strength of plaintiff's mark, the Court specifically relied on the "numerous

14  instances of the use of [the mark] in the PTO's Trademark Electronic Search

15  System ('TESS') database as well as numerous listings on the Internet of programs

16  with [similar marks at issue]."  *See also Globalaw Ltd. v. Carmon & Carmon Law*

17  *Office & Globalaw, Inc.*, 452 F. Supp. 2d 1, 36 (D.D.C. 2006) (allowing defendant

18  to use TESS search to argue that the mark was not generic).  Further, a trademark

19  applicant must specifically identify the goods and services relevant to the

20  applicant's potential mark to enable the USPTO to properly classify the goods and

21  services and to properly evaluate likelihood of confusion.  15 U.S.C. § 1052(d); 37

22  C.F.R. § 2.32(a)(6).  Consequently, the absence of an alleged generic term in the

23  goods and services description in the TESS database is relevant to whether a mark

24  is generic.

25      Second, Glidewell does not contend Franklyn is a survey expert or that the

26  interview that he conducted constitutes survey evidence.  Rather, the interviews

27  conducted and detailed in Franklyn's Declaration provide relevant anecdotal

28  evidence that underlies Franklyn's opinions regarding the strength of the BruxZir

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 17 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

mark and the risk of consumer confusion.  Indeed, such anecdotal evidence is routinely evaluated in considering both genericness and infringement.  *See e.g., Hutchinson v. Essence Communications*, Inc., 769 F. Supp. 541, 554 (S.D.N.Y. 1991) ("Typically, an infringement plaintiff undertakes to prove actual confusion between its and the defendant's product or services in two ways: anecdotal evidence of particular incidents and market research surveys."); *Fancaster, Inc. v. Comcast Corp.*, 832 F. Supp. 2d 380, 419-20 (D.N.J. 2011) (allowing expert to utilize interviews and press conferences separately from surveys to opine on the strength of the mark at issue); *UGG Holdings, Inc. v. Severn*, CV04-1137-JFW FMOX, 2005 WL 5887187, at *4 (C.D. Cal. Feb.  23, 2005) (assessing anecdotal evidence to determine whether the term "ug boots" has been used generically); *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 269 F.3d 114, 123-24 (2d Cir. 2001) (noting that "anecdotal evidence is admissible to establish actual consumer confusion"); *Volkswagen Astiengesellschaft v. Uptown Motors*, 91 CIV. 3447(DLC), 1995 WL 605605, at *2 (S.D.N.Y.  May 11, 1995) ("Typically, actual confusion is proven either through anecdotal evidence or surveys.").

## III.   **CONCLUSION**

For the foregoing reasons, Glidewell respectfully requests that the Court overrule Keating's objections and admit the Franklyn testimony in its entirety for all purposes, including ruling upon the parties' motions for summary judgment.

Dated: December 3, 2012               SNELL & WILMER L.L.P.

By: *s/Philip J. Graves*
Philip J.  Graves
Greer N.  Shaw

Attorneys for Plaintiff
James R.  Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL.  OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 18 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

# EXHIBIT A

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| ¶ 12-31 | Irrelevant (as to conducting word searches of the goods and services descriptions because absence of a word in the goods and services description cannot be used to determine whether a word is generic) (FRE 402)<br><br>Improper Expert Methods (as to Franklyn's use of the goods and services searches in determining whether "BruxZir" or "bruxer" are generic terms) (FRE 702) | Franklyn's testimony regarding the secondary TESS searches he conducted is neither irrelevant nor improper.  Keating cites no authority to support its objections.  Nor could it.  Courts may rely on the type of TESS searches conducted by Franklyn that are described in Paragraph 12 through 31 of his declaration.  *See Nietech Corp. v. CBS Data Servs.*, 2004 U.S. Dist. LEXIS 30318, at *41 (N.D. Cal. Mar. 1, 2004) (specifically relying on the "numerous instances of the use of [the mark] in the PTO's Trademark Electronic Search System ('TESS') database as well as numerous listings on the Internet of programs with [similar marks at issue])"; *Globalaw Ltd. v. Carmon & Carmon Law Office & Globalaw, Inc.*, 452 F. Supp. 2d 1, 36 (D.D.C. 2006) (allowing defendant to use TESS search to argue that the mark was not generic.); 15 U.S.C. §1052(d), 37 C.F.R. §2.32(a)(6) (requiring that |

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | the trademark applicant must identify the goods and services specifically to provide public notice and to enable the USPTO to classify the goods and services properly and to reach informed judgments concerning likelihood of confusion). |
| ¶ 36 | Improper expert opinion, (as to whether BruxZir is generic in the dentistry field, because Franklyn is not an expert in dentistry) (FRE 702). Improper methods for expert analysis (FRE 702) and Insufficient factual foundation (FRE 602) (as to whether BruxZir has become a generic name in the dentistry field because a TESS search of goods and services and an online search for "bruxor/bruxer/bruxzir crowns" are insufficient to reach an opinion that the term is not generic). | Franklyn need not be a dental expert to opine on the genericness of the BruxZir mark.  Utilizing attorney experts, including law professors, to opine on the specialized field of trademarks, trademark terms of art and trademark agreements is a commonly accepted practice.  *See, e.g., Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.*, 516 F.3d 853, 861-63 (10th Cir. 2008) (attorney/adjunct professor in trademark and unfair competition practice provided expert testimony as to: strength of a service mark, similarity between service marks, possibility of consumer confusion, evidence of intent to utilize or trade on the reputation of a company through use of a |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 21 -

| Testimony | Keating's Objection | Glidewell's Response |
|-----------|---------------------|----------------------|
|           |                     | similar service mark, and whether the companies were in competition with one another); *Children's Med. Center v. Columbia Hosp.*, No. 3-04-2436-BD, 2006 U.S. Dist. LEXIS 9752, at *5 (N.D. Tex. March 10, 2006).  Franklyn may also base his opinion, in part, on the TESS searches he conducted and for which he established an adequate factual foundation at Paragraph 5 of his Declaration. *See Nietech Corp. v. CBS Data Servs., 2004 U.S. Dist. LEXIS 30318, at *41 (N.D. Cal. Mar. 1, 2004)* (specifically relying on the "numerous instances of the use of [the mark] in the PTO's Trademark Electronic Search System ('TESS') database as well as numerous listings on the Internet of programs with [similar marks at issue])"; *Globalaw Ltd. v. Carmon & Carmon Law Office & Globalaw, Inc.*, 452 F. Supp. 2d 1, 36 (D.D.C. 2006) (allowing defendant to use TESS search to |

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
|  |  | argue that the mark was not generic.); 15 U.S.C. §1052(d), 37 C.F.R. §2.32(a)(6) (requiring that the trademark applicant must identify the goods and services specifically to provide public notice and to enable the USPTO to classify the goods and services properly and to reach informed judgments concerning likelihood of confusion). |
| ¶ 43 | Improper speculation (FRE 602 a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") and Improper Expert Legal Opinion (*Brodie*, 858 F.2d at 497) (as to whether the only individuals who are attempting to refer to an all-zirconia crown or bridge are those that have a vested interest in free riding or are selling BruxZir-made materials) Improper speculation and improper expert | Franklyn's testimony is based on internet searches and TESS searches that he conducted and that he details in his declaration at Paragraphs 5 through 35. Franklyn has personal knowledge about the matters to which he testified. Fed. R. Evid. 602. Further, Franklyn does not offer any legal conclusions in this statement. Keating's final objection as to improper speculation and improper expert opinion is incomplete. Glidewell has no way of knowing what testimony the objection specifically targets, nor the basis for the |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | opinion (as to whether | objection, and therefore does not respond to the partial objection. |
| ¶ 47 | Irrelevant (FRE 402) (as to whether Google mark is strong) Insufficient factual foundation (as to whether dentists and dental labs know Glidewell's products through its BruxZir trademarks) (FRE 602).<br><br>Lack of personal knowledge (as to amount Glidewell has spent on advertising, as to Glidewell's dominance in relevant markets, as to whether BruxZir is well known by dentists) (FRE 602). | Franklyn's statement regarding Google supports his position that a mark's strength is based, in part, on recognition by consumers in a particular market. It is relevant. Fed. R. Evid. 402. Keating's foundational objection is baseless. Franklyn's opinion is based on a myriad of evidence, all of which is set forth throughout his declaration, Paragraphs 4, 5, 43, 44, and 55-69 in particular.<br><br>Keating's personal knowledge objection is puzzling. Franklyn does not profess to have personal knowledge of Glidewell's advertising expenditures. Rather, he bases his statement on discovery responses and conversations with Jim Shuck, Glidewell's Vice President of Sales and Marketing. Franklyn may rely on discovery responses and Shuck's statements to support his |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 24 -

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | opinions, because a statement regarding advertising expenditures is the type of evidence that an expert would reasonably rely on.  Fed. R. Evid. 703; *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (reliability based on training, experience, and personal knowledge). |
| ¶ 48 | Information not helpful to jury (as to whether Franklyn believes the goods to be in the same market; jury does not need expert for that) | An expert such as Franklyn can competently testify that the parties to a trademark action sell goods and services in the same or highly overlapping markets.  *See, e.g., Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.*, 516 F.3d 853, 861-63 (10th Cir. 2008) (attorney/adjunct professor in trademark and unfair competition practice provided expert testimony as to, among other things: strength of a service mark, similarity between service marks, possibility of consumer confusion, evidence of intent to utilize or trade on the reputation of a company through use of a similar service mark, and whether the companies |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL.  OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 25 -

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | were in competition with one another). |
| ¶ 49 | Insufficient factual foundation (as to whether dentists know the product as a BruxZir brand crown, because no evidence cited and Franklyn is not an expert within the dental field) (FRE 602). Improper expert opinion (FRE 702), improper speculation (FRE 602), and irrelevance (FRE 402) (as to whether one would have thought that Keating would call its product KDA Bruxer). Improper new evidence (as to discussions with dentists, because such witnesses were not disclosed during discovery period) (FRCP 37(c)). Conclusion supported by inadmissible evidence (as to whether there is a significant risk that Keating will be able to trade on Glidewell's good will and fame, because its support stems from inadmissible witness interviews). Insufficient factual foundation (as to whether there is a significant risk that Keating will be able | Keating's foundational objection is baseless. Franklyn's opinion is based on a myriad of evidence, all of which is set forth throughout his declaration, Paragraphs 4, 5, 43, 44, and 55-69 in particular. Franklyn's statement regarding Keating's choice to call its product KDZ Bruxer versus KDA Bruxer is relevant and the subject of appropriate expert testimony as it directly relates to likelihood of confusion. *See, e.g., Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.*, 516 F.3d 853, 861-63 (10th Cir. 2008) (attorney/adjunct professor in trademark and unfair competition practice provided expert testimony as to, among other things: strength of a service mark, similarity between service marks, possibility of consumer confusion, evidence of intent to utilize or trade on the reputation of a company through use of a |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | to trade on good will and fame of Glidewell) (FRE 602). | similar service mark, and whether the companies were in competition with one another). Franklyn's testimony is not based on improper new evidence. The dentists Franklyn interviewed were disclosed in Franklyn's rebuttal report to Boatright, which was timely served under FeD. R. Civ. Proc. 26(a)(2)(C)(ii) and before the discovery period closed under the Court's Scheduling Order. [Dkt. #15; *see also* Dkt. #14 (Minute Order).] Franklyn may rely on these dentist interviews, for which he has established an adequate factual foundation, even if the dentist interviews were inadmissible (which they are not), to support his opinions, because a statement regarding Glidewell's recognition and good will in the market is the type of evidence that an expert would reasonably rely on. Fed. R. Evid. 703; *See United States v. Hankey*, 203 F.3d 1160, |

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | 1169 (9th Cir. 2000) (reliability based on training, experience, and personal knowledge). |
| ¶ 50 | Irrelevant (as to whether major competitors use Bruxer for crowns or for material to make the crowns) (FRE 402). Improper speculation (FRE 602) and insufficient factual foundation (as to whether there is no need for Keating to use BruxZir to compete because Franklyn is not an expert in dentistry and has not submitted admissible survey evidence from those in the dental field to support this conclusion). | Franklyn's statement that the other major competitors in this field do not use bruxer or any variation of the word "brux" as part of their marks for solid zirconia crowns or for material used to make such crowns is relevant to determine whether the BruxZir mark is generic. Fed. R. Evid. 402. Keating's foundational objection is baseless. Franklyn's opinion is based on a myriad of evidence, all of which is set forth throughout his declaration, Paragraphs 4, 5, 43, 44, and 55-69 in particular. Franklyn's statement is not speculation, but an opinion rationally based on the documents he reviewed, the internet searches and PTO searches he conducted, and the individuals he spoke with in connection with his engagement. |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| ¶ 51 | Improper legal conclusion (as to legal standard of counterclaim) (FRE 702, and *Nationwide Trans. Fin.*, 523 F.3d at 1058 (instructing as to applicable law is the "distinct and exclusive province of the court") (citations omitted). | Franklyn can opine on issues of genericness in an infringement action.  His statements are not improper legal conclusions.  *See, e.g., Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.*, 516 F.3d 853, 861-63, (10th Cir. 2008) (attorney/adjunct professor in trademark and unfair competition practice provided expert testimony as to: strength of a service mark, similarity between service marks, possibility of consumer confusion, evidence of intent to utilize or trade on the reputation of a company through use of a similar service mark, and whether the companies were in competition with one another); *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 252 F.3d 1010, 1012 (8th Cir. 2001) (attorney expert testified as to the distinction of a suggestive mark versus a descriptive mark, and gave his opinion that the mark in question was merely descriptive). |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL.  OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 29 -

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| ¶ 52 | Lack of personal knowledge and improper speculation (as to when Keating entered the dental crown market) (FRE 602)<br><br>Insufficient factual foundation (Franklyn does not provide what evidence he relies on in support of his "understanding" of when Keating entered the market) (FRE 602). | Keating's personal knowledge objection is puzzling. Franklyn does not profess to have personal knowledge of when Glidewell entered the market. Rather, he bases his statement on discovery responses and conversations with Glidewell employees. Franklyn may rely on discovery responses and Shuck's statements to support his opinions, because a statement regarding entry into the market is the type of evidence that an expert would reasonably rely on. Fed. R. Evid. 703; *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (reliability based on training, experience, and personal knowledge). |
| ¶ 53 | Improper legal conclusion (FRE 702) (as to whether evidence is proper or not) | Franklyn can opine on issues of genericness in an infringement action. His statements are not improper legal conclusions. *See, e.g., Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.*, 516 F.3d 853, 861-63, (10th Cir. 2008) (attorney/adjunct |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|-----------|---------------------|----------------------|
| | | professor in trademark and unfair competition practice provided expert testimony as to: strength of a service mark, similarity between service marks, possibility of consumer confusion, evidence of intent to utilize or trade on the reputation of a company through use of a similar service mark, and whether the companies were in competition with one another); *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 252 F.3d 1010, 1012 (8th Cir. 2001) (attorney expert testified as to the distinction of a suggestive mark versus a descriptive mark, and gave his opinion that the mark in question was merely descriptive). |
| ¶ 55 | Improper new evidence (as to interviews with dentists, the conclusions resulting therefrom, and as to Dr. DiTolla's credentials, because such witnesses and the interview evidence were not disclosed during discovery period) (FRCP 37(c)) | Franklyn's testimony is not based on improper new evidence. The dentists Franklyn interviewed were disclosed in Franklyn's rebuttal reports, and in an amended disclosure on October 29, 2012, before the discovery period |

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | Inadmissible Hearsay (FRE 802) (Franklyn offers DiTolla's statements for its truth)<br><br>Lack of Personal Knowledge (FRE 602) (as to whether "bruxer" is widely used in the dental industry) | closed under the Court's Scheduling Order.  The rebuttal reports were timely under Fed. R. Civ. Proc. 26(a)(2)(C)(ii) and the Court's Scheduling Order.  [Dkt. #15; *see also* Dkt. #14 (Minute Order).]  The amended disclosure was timely and, even if it was not, caused no prejudice as set forth at length Plaintiff James R. Glidewell Dental Ceramics, Inc.'s Response to Defendant Keating Dental Arts, Inc.'s Objections to Evidence Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial Summary Judgment.<br>Franklyn may rely on these dentist interviews, even if the dentist interviews were inadmissible, to support his opinions, because a statement regarding dental terms is the type of evidence that an expert would reasonably rely on.  Fed. R. Evid. 703; *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (reliability based on |

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | training, experience, and personal knowledge). Franklyn does not offer the Dr. DiTolla's statements for the truth of the matters asserted, but rather to elucidate the bases for his opinions. Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). Keating's personal knowledge objection makes no sense. Franklyn merely repeats Dr. DiTolla's statement regarding the lack of wide use of the term "bruxer"; and not for the truth of the matter asserted, but to elucidate the bases for his opinions. |
| ¶ 56 | Improper new evidence (as to all information related to Dr. Christianson and any conclusions resulting therefrom because not disclosed during discovery period) (FRCP 37(c)). | Franklyn's testimony is not based on improper new evidence. The dentists Franklyn interviewed were disclosed in Franklyn's rebuttal reports, and in an amended disclosure on October 29, 2012, before the discovery period closed under the Court's Scheduling Order. The rebuttal reports were timely under Fed. R. Civ. |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 33 -

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | Proc. 26(a)(2)(C)(ii) and the Court's Scheduling Order. [Dkt. #15; *see also* Dkt. #14 (Minute Order).] The amended disclosure was timely and, even if it was not, caused no prejudice as set forth at length Plaintiff James R. Glidewell Dental Ceramics, Inc.'s Response to Defendant Keating Dental Arts, Inc.'s Objections to Evidence Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial Summary Judgment. |
| ¶ 57 | Inadmissible Hearsay (Franklyn improperly Dr. Christianson's statements for its truth) (FRE 802) Lack of Personal Knowledge (Franklyn relies on Dr. Christianson's statements as to whether "BruxZir" is well known and widely recognized, as to the past and present generic names for zirconia crowns, and as to the use, qualities and characteristics of BruxZir zirconium crowns) (FRE 602). | Franklyn does not offer the Dr. Christianson's statements for the truth of the matters asserted, but rather to elucidate the bases for his opinions. Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). Franklyn may rely on these dentist interviews, even if the dentist interviews were inadmissible, to support his opinions, because a statement regarding the recognition of a particular mark in |

| Testimony | Keating's Objection | Glidewell's Response |
|-----------|---------------------|----------------------|
| | Improper legal conclusion (as to whether BruxZir is generic) (FRE 702)<br><br>Improper expert testimony (Franklyn is not an expert in the dental field) (FRE 702) | the industry is the type of evidence that an expert would reasonably rely on.  Fed. R. Evid. 703; *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (reliability based on training, experience, and personal knowledge).  Keating's personal knowledge objection makes no sense.  Franklyn merely repeats Dr. DiTolla's statement regarding the lack of wide use of the term "bruxer"; and not for the truth of the matter asserted, but to elucidate the bases for his opinions. |
| ¶ 58 | Inadmissible Hearsay (as to Dr.  Christianson's statements) (FRE 802)<br><br>Improper legal conclusion (as to whether there is "an invasion" of Glidewell's mark, as to whether there is a likelihood of confusion)(FRE 702)<br><br>Lack of personal knowledge (FRE 602) and Improper lay witness opinion (FRE 701) (as to whether Glidewell initiated the wide use of full | Franklyn does not offer the Dr. Christianson's statements for the truth of the matters asserted, but rather to elucidate the bases for his opinions. Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988).  Keating's legal conclusion, personal knowledge, lay witness opinion and speculation objections make no sense.  Franklyn merely repeats Dr. |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL.  OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | zirconia crowns and as to whether it is well known for its product). <br><br> Improper speculation (FRE 602) (as to whether there is "an invasion" of the Glidewell mark, as to likelihood of confusion, as to whether other companies feel the need to do "this", as to the risk of counterfeit products; as to whether Glidewell initiated the wide use of full zirconia crowns and is well known under the BruxZir name). <br><br> Lacks foundation (FRE 602) (as to the entire paragraph) | Christianson's statements regarding the relationship between Glidewell's mark and the KDZ Bruxer mark; and not for the truth of the matter asserted, but to elucidate the bases for his opinions. |
| ¶ 59 | Improper new evidence (as to Dr.   Goldstein) (FRCP 37(c)) <br><br> Inadmissible Hearsay (as to Dr.   Goldstein's statements) (FRE 802) <br><br> Improper speculation and lacks foundation (as to whether BruxZir is the most popular general crown) (FRE 602). | Franklyn's testimony is not based on improper new evidence.  The dentists Franklyn interviewed were disclosed in Franklyn's rebuttal reports, and in an amended disclosure on October 29, 2012, before the discovery period closed under the Court's Scheduling Order.  The rebuttal reports were timely under Fed. R. Civ. |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
|  | Lack of Personal Knowledge (Franklyn relies entirely on Dr. Goldstein's statements) (FRE 602) | Proc. 26(a)(2)(C)(ii) and the Court's Scheduling Order. [Dkt. #15; *see also* Dkt. #14 (Minute Order).]  The amended disclosure was timely and, even if it was not, caused no prejudice as set forth at length Plaintiff James R. Glidewell Dental Ceramics, Inc.'s Response to Defendant Keating Dental Arts, Inc.'s Objections to Evidence Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial Summary Judgment. Franklyn does not offer the Dr. Goldstein's statements for the truth of the matters asserted, but rather to elucidate the bases for his opinions. Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). Keating's speculation, foundation and personal knowledge objections make no sense.  Franklyn merely repeats Dr. Goldstein's statements regarding Glidewell's products; and not for the |

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | truth of the matter asserted, but to elucidate the bases for his opinions. |
| ¶ 60 | Improper new evidence (as to Dr. Goldstein's assertions) (FRCP 37(c))<br><br>Inadmissible Hearsay (as to Dr. Goldstein's statements) (FRE 802)<br><br>Lack of Personal Knowledge (Franklyn relies entirely on Dr. Goldstein's statements) (FRE 602) | Franklyn's testimony is not based on improper new evidence. The dentists Franklyn interviewed were disclosed in Franklyn's rebuttal reports, and in an amended disclosure on October 29, 2012, before the discovery period closed under the Court's Scheduling Order. The rebuttal reports were timely under Fed. R. Civ. Proc. 26(a)(2)(C)(ii) and the Court's Scheduling Order. [Dkt. #15; *see also* Dkt. #14 (Minute Order).] The amended disclosure was timely and, even if it was not, caused no prejudice as set forth at length Plaintiff James R. Glidewell Dental Ceramics, Inc.'s Response to Defendant Keating Dental Arts, Inc.'s Objections to Evidence Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial Summary Judgment. |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | Franklyn does not offer the Dr. Goldstein's statements for the truth of the matters asserted, but rather to elucidate the bases for his opinions. Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). Keating's personal knowledge objection makes no sense. Franklyn merely repeats Dr. Goldstein's statements regarding Glidewell's mark; and not for the truth of the matter asserted, but to elucidate the bases for his opinions. |
| ¶ 61 | Improper new evidence (as to Dr. Goldstein's statements) (FRCP 37(c)) Inadmissible Hearsay (as to Dr. Goldstein's statements) (FRE 802) Lack of Personal Knowledge (Franklyn relies entirely on Dr. Goldstein's statements) (FRE 602) | Franklyn's testimony is not based on improper new evidence. The dentists Franklyn interviewed were disclosed in Franklyn's rebuttal reports, and in an amended disclosure on October 29, 2012, before the discovery period closed under the Court's Scheduling Order. The rebuttal reports were timely under Fed. R. Civ. Proc. 26(a)(2)(C)(ii) and the Court's Scheduling Order. [Dkt. #15; *see also* Dkt. #14 (Minute |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|-----------|---------------------|----------------------|
|  |  | Order).]  The amended disclosure was timely and, even if it was not, caused no prejudice as set forth at length Plaintiff James R. Glidewell Dental Ceramics, Inc.'s Response to Defendant Keating Dental Arts, Inc.'s Objections to Evidence Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial Summary Judgment. Franklyn does not offer the Dr. Goldstein's statements for the truth of the matters asserted, but rather to elucidate the bases for his opinions. Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). Keating's personal knowledge objection makes no sense.  Franklyn merely repeats Dr. Goldstein's statements regarding certain dental terms; and not for the truth of the matter asserted, but to elucidate the bases for his opinions. |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL.  OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| ¶ 62 | Improper new evidence (as to Dr. Goldstein's statements and credentials) (FRCP 37(1))<br><br>Inadmissible Hearsay (as to Dr. Goldstein's statements) (FRE 802)<br><br>Improper Speculation (as to whether Dr. Goldstein would have heard the term "bruxer") (FRE 602)<br><br>Lack of Personal Knowledge (Franklyn relies entirely on Dr. Goldstein's statements) (FRE 602) | Franklyn's testimony is not based on improper new evidence. The dentists Franklyn interviewed were disclosed in Franklyn's rebuttal reports, and in an amended disclosure on October 29, 2012, before the discovery period closed under the Court's Scheduling Order. The rebuttal reports were timely under Fed. R. Civ. Proc. 26(a)(2)(C)(ii) and the Court's Scheduling Order. [Dkt. #15; *see also* Dkt. #14 (Minute Order).] The amended disclosure was timely and, even if it was not, caused no prejudice as set forth at length Plaintiff James R. Glidewell Dental Ceramics, Inc.'s Response to Defendant Keating Dental Arts, Inc.'s Objections to Evidence Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial Summary Judgment.<br><br>Franklyn does not offer the Dr. Goldstein's statements for the truth of the matters asserted, |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO DECL. OF DAVID FRANKLYN SUBMITTED ISO GLIDEWELL'S MOTIONS FOR PSJ CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | but rather to elucidate the bases for his opinions. Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). Keating's speculation and personal knowledge objections make no sense. Franklyn merely repeats Dr. Goldstein's statements regarding certain dental terms; and not for the truth of the matter asserted, but to elucidate the bases for his opinions. |
| ¶ 63 | Improper new evidence (as to the identity of Drs. Fanning, Cianciulli, Michaels, and McNicholas and as to the interviews conducted with the dentists because the witnesses and the interview evidence were not disclosed during discovery period) (FRCP 37(1)) | Franklyn's testimony is not based on improper new evidence. The dentists Franklyn interviewed were disclosed in Franklyn's rebuttal reports, and in an amended disclosure on October 29, 2012, before the discovery period closed under the Court's Scheduling Order. The rebuttal reports were timely under Fed. R. Civ. Proc. 26(a)(2)(C)(ii) and the Court's Scheduling Order. [Dkt. #15; *see also* Dkt. #14 (Minute Order).] The amended disclosure was timely |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | and, even if it was not, caused no prejudice as set forth at length Plaintiff James R. Glidewell Dental Ceramics, Inc.'s Response to Defendant Keating Dental Arts, Inc.'s Objections to Evidence Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial Summary Judgment. |
| ¶ 64 | Improper new evidence (as to the opinions, assertions of fact and conclusions of these dentists) (FRCP 37(1))<br>Inadmissible Hearsay (as to the statements and conclusions made by these dentists) (FRE 802)<br>Lack of Personal Knowledge (Franklyn relies entirely on the statements from the dentists) (FRE 602)<br>Improper expert testimony (as to the generic terms for full zirconia crown, because Franklyn is not an expert in dentistry) (FRE 702) | Franklyn's testimony is not based on improper new evidence. The dentists Franklyn interviewed were disclosed in Franklyn's rebuttal reports, and in an amended disclosure on October 29, 2012, before the discovery period closed under the Court's Scheduling Order. The rebuttal reports were timely under Fed. R. Civ. Proc. 26(a)(2)(C)(ii) and the Court's Scheduling Order. [Dkt. #15; *see also* Dkt. #14 (Minute Order).] The amended disclosure was timely and, even if it was not, caused no prejudice as set forth at length Plaintiff James R. Glidewell |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | Dental Ceramics, Inc.'s Response to Defendant Keating Dental Arts, Inc.'s Objections to Evidence Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial Summary Judgment. Franklyn does not offer the dentists' statements for the truth of the matters asserted, but rather to elucidate the bases for his opinions.  Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). Keating's personal knowledge objection make no sense.  Franklyn merely summarizes statements made by the dentists Franklyn interviewed; and not for the truth of the matter asserted, but to elucidate the bases for his opinions. Franklyn need not be a dental expert to opine on the generic terms for full zirconia crown. Utilizing attorney experts, including law |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL.  OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 44 -

| Testimony | Keating's Objection | Glidewell's Response |
|-----------|---------------------|----------------------|
|           |                     | professors, to proffer opinion testimony concerning such matters as the strength of a mark, similarity between marks, the potential for customer confusion, and other specialized issues pertinent to a trademark case is a commonly accepted practice. *See, e.g., Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.*, 516 F.3d 853, 861-63, (10th Cir. 2008) (attorney/adjunct professor in trademark and unfair competition practice provided expert testimony as to: strength of a service mark, similarity between service marks, possibility of consumer confusion, evidence of intent to utilize or trade on the reputation of a company through use of a similar service mark, and whether the companies were in competition with one another); *Children's Med. Center v. Columbia Hosp.*, No. 3-04-2436-BD, 2006 U.S. Dist. LEXIS 9752, at *5 (N.D. Tex. March 10, 2006). |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| ¶ 65 | Improper new evidence (as to the opinions, assertions of fact and conclusions of the dentists) (FRCP 37(1))<br><br>Inadmissible Hearsay (as to the dentists' statements and conclusions) (FRE 802)<br><br>Lack of Personal Knowledge (Franklyn relies entirely on the dentists' statements) (FRE 602) | Franklyn's testimony is not based on improper new evidence.  The dentists Franklyn interviewed were disclosed in Franklyn's rebuttal reports, and in an amended disclosure on October 29, 2012, before the discovery period closed under the Court's Scheduling Order.  The rebuttal reports were timely under Fed. R. Civ. Proc. 26(a)(2)(C)(ii) and the Court's Scheduling Order.  [Dkt. #15; *see also* Dkt. #14 (Minute Order).]  The amended disclosure was timely and, even if it was not, caused no prejudice as set forth at length Plaintiff James R. Glidewell Dental Ceramics, Inc.'s Response to Defendant Keating Dental Arts, Inc.'s Objections to Evidence Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial Summary Judgment.<br><br>Franklyn does not offer the dentists' statements for the truth of the matters asserted, but rather to |

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | elucidate the bases for his opinions. Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). Keating's personal knowledge objection make no sense. Franklyn merely summarizes statements made by the dentists Franklyn interviewed; and not for the truth of the matter asserted, but to elucidate the bases for his opinions. |
| ¶ 66 | Improper new evidence (as to the dentists' opinions, assertions of fact and conclusions) (FRCP 37(1)) Inadmissible Hearsay (as to the dentists' statements and conclusions) (FRE 802) Lack of Personal Knowledge (Franklyn relies entirely on the dentists' statements) (FRE 602) Improper speculation (as to whether the dentists would mistakenly believe that a mark with "bruxer" would be affiliated with or sponsored by | Franklyn's testimony is not based on improper new evidence. The dentists Franklyn interviewed were disclosed in Franklyn's rebuttal reports, and in an amended disclosure on October 29, 2012, before the discovery period closed under the Court's Scheduling Order. The rebuttal reports were timely under Fed. R. Civ. Proc. 26(a)(2)(C)(ii) and the Court's Scheduling Order. [Dkt. #15; *see also* Dkt. #14 (Minute Order).] The amended disclosure was timely |

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | Glidewell.) (FRE 602) | and, even if it was not, caused no prejudice as set forth at length Plaintiff James R. Glidewell Dental Ceramics, Inc.'s Response to Defendant Keating Dental Arts, Inc.'s Objections to Evidence Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial Summary Judgment. Franklyn does not offer the dentists' statements for the truth of the matters asserted, but rather to elucidate the bases for his opinions.  Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). Keating's speculation and personal knowledge objections make no sense.  Franklyn merely repeats the dentists' statements regarding the term "bruxer"; and not for the truth of the matter asserted, but to elucidate the bases for his opinions. |
| ¶ 67 | Inadmissible lay witness testimony (as to whether | Franklyn can testify as to whether BruxZir, |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | BruxZir, Bruxer or "bruxer" has become generic for a type of dental crown) (FRE 701) Conclusion supported by inadmissible evidence (as to whether BruxZir, Bruxer or "bruxer" has become generic, because it relies on the corroboration of the dentists' inadmissible evidence) (FRCP 56(c)(2); 37(c)(1)). | Bruxer or "bruxer" has become generic for a type of dental crown. Utilizing attorney experts, including law professors, to proffer opinion testimony concerning such matters as the strength of a mark, similarity between marks, the potential for customer confusion, and other specialized issues pertinent to a trademark case is a commonly accepted practice. *See, e.g., Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.*, 516 F.3d 853, 861-63, (10th Cir. 2008) (attorney/adjunct professor in trademark and unfair competition practice provided expert testimony as to: strength of a service mark, similarity between service marks, possibility of consumer confusion, evidence of intent to utilize or trade on the reputation of a company through use of a similar service mark, and whether the companies were in competition with one another); *Children's Med. Center v. Columbia Hosp.*, No. |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|-----------|---------------------|----------------------|
| | | 3-04-2436-BD, 2006 U.S. Dist. LEXIS 9752, at *5 (N.D. Tex. March 10, 2006). Franklyn may rely in part on the dentist interviews he conducted, even if the dentist interviews were inadmissible, to support his opinions, because a statement regarding dental terms is the type of evidence that an expert would reasonably rely on.  Fed. R. Evid. 703; *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (reliability based on training, experience, and personal knowledge). |
| ¶ 68 | Improper expert testimony (as to whether BruxZir or "bruxer" is predominantly seen as generic, because Franklyn is not a dentistry expert) (FRE 702) | Franklyn can testify as to whether BruxZir, Bruxer or "bruxer" has become generic for a type of dental crown.  Utilizing attorney experts, including law professors, to proffer opinion testimony concerning such matters as the strength of a mark, similarity between marks, the potential for customer confusion, and other specialized issues pertinent to a trademark case |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL.  OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | is a commonly accepted practice. *See, e.g., Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.*, 516 F.3d 853, 861-63, (10th Cir. 2008) (attorney/adjunct professor in trademark and unfair competition practice provided expert testimony as to: strength of a service mark, similarity between service marks, possibility of consumer confusion, evidence of intent to utilize or trade on the reputation of a company through use of a similar service mark, and whether the companies were in competition with one another); *Children's Med. Center v. Columbia Hosp.*, No. 3-04-2436-BD, 2006 U.S. Dist. LEXIS 9752, at *5 (N.D. Tex. March 10, 2006). |
| ¶ 69 | Improper legal opinion (as to whether Keating is exempt from liability, and as to how Keating should use its mark) (FRE 702) Improper factual foundation (FRE 602) (as to how Keating uses its mark on websites and | Franklyn's testimony regarding Keating's use of the term "Bruxer" is appropriate and admissible. *See, e.g., Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.*, 516 F.3d 853, 861-63, (10th Cir. 2008) (attorney/adjunct professor in trademark and |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | marketing material) | unfair competition practice provided expert testimony as to: strength of a service mark, similarity between service marks, possibility of consumer confusion, evidence of intent to utilize or trade on the reputation of a company through use of a similar service mark, and whether the companies were in competition with one another); *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 252 F.3d 1010, 1012 (8th Cir. 2001) (attorney expert testified as to the distinction of a suggestive mark versus a descriptive mark, and gave his opinion that the mark in question was merely descriptive); *Waco Intl, Inc. v. KHK Scaffolding Houston Inc.*, 278 F.3d 523, 533 (5th Cir. 2002) (holding that district court did not err by permitting attorney to testify despite arguments that attorney was testifying as to matters of law); *Xtreme Lashes, LLC v. Xtended Lashes, LLC*, 576 F.3d 221, 232 |

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
|  |  | (5th Cir. 2009) (expert testimony considered in determining whether EXTEND YOUR BEAUTY was descriptive or suggestive mark); *The Fresh Market v. Marsh Supermarkets, Inc.*, 2005 WL 2154677 at *3 (N.D. Ind. Sept. 7, 2005) (plaintiff moved to strike expert testimony because it opined on legal question as to likelihood of confusion, district court denied because professor was qualified to testify about consumer habits); *Tenneco Auto. Operating Co., Inc. v. Kingdom Auto Parts*, 2010 WL 4365580 at * 10-12 (6th Cir. Oct. 28, 2010) (finding trademark attorney's opinion as an expert persuasive as to whether product numbers were protectable marks). Keating's foundational objection is baseless. Franklyn's opinion is based on a myriad of evidence, all of which is set forth throughout his declaration, Paragraphs 4, 5, 43, 44, and 55-69 in |

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | particular. |
| ¶ 70 | Improper legal opinion (as to whether BruxZir is distinctive) (FRE 702) | Franklyn's testimony regarding distinctiveness is appropriate and admissible. *See, e.g., Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.*, 516 F.3d 853, 861-63, (10th Cir. 2008) (attorney/adjunct professor in trademark and unfair competition practice provided expert testimony as to: strength of a service mark, similarity between service marks, possibility of consumer confusion, evidence of intent to utilize or trade on the reputation of a company through use of a similar service mark, and whether the companies were in competition with one another); *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 252 F.3d 1010, 1012 (8th Cir. 2001) (attorney expert testified as to the distinction of a suggestive mark versus a descriptive mark, and gave his opinion that the mark in question was merely descriptive); *Waco Intl, Inc. v. KHK Scaffolding* |

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | *Houston Inc.*, 278 F.3d 523, 533 (5th Cir. 2002) (holding that district court did not err by permitting attorney to testify despite arguments that attorney was testifying as to matters of law); *Xtreme Lashes, LLC v. Xtended Lashes, LLC*, 576 F.3d 221, 232 (5th Cir. 2009) (expert testimony considered in determining whether EXTEND YOUR BEAUTY was descriptive or suggestive mark); *The Fresh Market v. Marsh Supermarkets, Inc.*, 2005 WL 2154677 at *3 (N.D. Ind. Sept. 7, 2005) (plaintiff moved to strike expert testimony because it opined on legal question as to likelihood of confusion, district court denied because professor was qualified to testify about consumer habits); *Tenneco Auto. Operating Co., Inc. v. Kingdom Auto Parts*, 2010 WL 4365580 at * 10-12 (6th Cir. Oct. 28, 2010) (finding trademark attorney's opinion as an expert persuasive as to whether |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
| | | product numbers were protectable marks). |
| ¶ 71 | Improper new evidence (as to the opinions, assertions of fact and conclusions of the dentists) (FRCP 37(c))<br><br>Improper expert testimony (as to Franklyn's opinion that BruxZir crown or bruxer crown is not generic and as to whether BruxZir has strong brand recognition among dentists, because Franklyn is not a dentistry expert) (FRE 702)<br><br>Conclusion supported by inadmissible evidence (Franklyn relies on inadmissible statements by the dentists to conclude that the mark was strong for use on zirconia crowns)(FRCP 56(c)(2); 37(c)) | Franklyn's testimony is not based on improper new evidence.  The dentists Franklyn interviewed were disclosed in Franklyn's rebuttal reports, and in an amended disclosure on October 29, 2012, before the discovery period closed under the Court's Scheduling Order.  The rebuttal reports were timely under Fed. R. Civ. Proc. 26(a)(2)(C)(ii) and the Court's Scheduling Order.  [Dkt. #15; *see also* Dkt. #14 (Minute Order).]  The amended disclosure was timely and, even if it was not, caused no prejudice as set forth at length Plaintiff James R. Glidewell Dental Ceramics, Inc.'s Response to Defendant Keating Dental Arts, Inc.'s Objections to Evidence Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial Summary Judgment.<br><br>Franklyn can testify as to whether BruxZir, |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO<br>DECL.  OF DAVID FRANKLYN SUBMITTED ISO<br>GLIDEWELL'S MOTIONS FOR PSJ<br>CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
|  |  | Bruxer or "bruxer" has become generic for a type of dental crown.  Utilizing attorney experts, including law professors, to proffer opinion testimony concerning such matters as the strength of a mark, similarity between marks, the potential for customer confusion, and other specialized issues pertinent to a trademark case is a commonly accepted practice.  *See, e.g., Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.*, 516 F.3d 853, 861-63, (10th Cir. 2008) (attorney/adjunct professor in trademark and unfair competition practice provided expert testimony as to: strength of a service mark, similarity between service marks, possibility of consumer confusion, evidence of intent to utilize or trade on the reputation of a company through use of a similar service mark, and whether the companies were in competition with one another); *Children's Med. Center v. Columbia Hosp.,* No. |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL.  OF DAVID FRANKLYN SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Response |
|---|---|---|
|  |  | 3-04-2436-BD, 2006 U.S. Dist. LEXIS 9752, at *5 (N.D. Tex. March 10, 2006). Franklyn may rely in part on the dentist interviews he conducted, even if the dentist interviews were inadmissible, to support his opinions, because a statement regarding the strength of the BruxZir mark is the type of evidence that an expert would reasonably rely on.  Fed. R. Evid. 703; *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (reliability based on training, experience, and personal knowledge). |

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 3, 2012, I electronically filed the document described as **PLAINTIFF JAMES R. GLIDEWELL DENTAL CERAMICS, INC. DBA GLIDEWELL LABORATORIES' RESPONSE TO DEFENDANT KEATING DENTAL ARTS, INC.'S OBJECTIONS TO DECLARATION AND EXPERT REPORTS OF DAVID FRANKLYN SUBMITTED IN SUPPORT OF GLIDEWELL'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA 92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel: (949) 760-0404
Fax: (949) 760-9502

Jeffrey.vanhoosear@kmob.com
David.jankowski@kmob.com
Lynda.zadra-symes@kmob.com
litigation@kmob.com

Dated:  December 3, 2012

SNELL & WILMER L.L.P.

By: *s/Philip J. Graves*
Philip J. Graves
Greer N. Shaw

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba GLIDEWELL LABORATORIES

16139994.1

Certificate of Service
SACV11-01309-DOC (ANx)