1  SNELL & WILMER L.L.P.
   Philip J. Graves (SBN 153441)
2  pgraves@swlaw.com
   Greer N. Shaw (SBN 197960)
3  gshaw@swlaw.com
   350 South Grand Avenue, Suite 2600
4  Two California Plaza
   Los Angeles, California 90071
5  Telephone: (213) 929-2500
   Facsimile: (213) 929-2525
6
   Attorneys for Plaintiff
7  James R. Glidewell Dental Ceramics, Inc.
   d/b/a Glidewell Laboratories
8

9           UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11               SOUTHERN DIVISION

12  JAMES R. GLIDEWELL DENTAL          Case No. SACV11-01309-DOC(ANx)
    CERAMICS, INC. dba GLIDEWELL
13  LABORATORIES, a California         **PLAINTIFF JAMES R. GLIDEWELL
    corporation,                       DENTAL CERAMICS, INC.'S
14                                     RESPONSE TO DEFENDANT
              Plaintiff,               KEATING DENTAL ARTS, INC.'S
15                                     OBJECTIONS TO EVIDENCE
    vs.                                SUBMITTED BY GLIDEWELL
16                                     EMPLOYEE WITNESSES IN
    KEATING DENTAL ARTS, INC., a       SUPPORT ITS MOTIONS FOR
17  California corporation             PARTIAL SUMMARY JUDGMENT**

18            Defendant.

19                                     Hearing

20  AND RELATED                        Date:  December 17, 2012
    COUNTERCLAIMS.                     Time:  8:30 a.m.
21                                     Ctrm:  9D, Hon. David O. Carter

22                                     Pre-Trial Conf.:  January 28, 2013
                                       Jury Trial:       February 26, 2013
23

24

25

26

27

28

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

# TABLE OF CONTENTS

**Page**

I.    Introduction ...................................................................................... 1

II.   Nicole Fallon ................................................................................... 1

    A.   Ms. Fallon was Timely Disclosed .......................................... 1

    B.   Glidewell Provided Sufficient Information Concerning Ms. Fallon's Exchange with Dr. Le's Dental Office ............................. 2

    C.   Ms. Fallon's Declaration is Not Inadmissible Hearsay ....................... 4

    D.   There are No Material Inconsistences between Ms. Fallon's Declaration and Glidewell's Prior Interrogatory Responses ............... 5

    E.   Exhibits 1-2 are Admissible ................................................... 6

        i.   Even if Exhibits 1-2 Were Untimely, the Late Disclosure was Harmless and Substantially Justified .............................. 7

        ii.   Exhibits 1-2 are not Inadmissible Hearsay ............................ 9

III.  Dr. Michael DiTolla .......................................................................... 10

    A.   Glidewell Timely Served Dr. DiTolla's Declaration and Dr. DiTolla was Timely Disclosed as an Expert Witness Pursuant to the Court's Scheduling Order ................................... 10

    B.   Even if Dr. DiTolla's Disclosure Had Been Untimely, Which It Was Not, Any Delay was Harmless and Substantially Justified ........ 13

        i.   There is Minimal Prejudice or Surprise to Keating and Keating had the Opportunity to Cure any Purported Prejudice or Surprise .............................................. 14

        ii.   Dr. DiTolla's Declaration Will Not Disrupt the Trial .............. 15

        iii.  Dr. DiTolla's Testimony is Important ...................................... 16

        iv.  Glidewell Disclosed Dr. DiTolla as Soon as He Was Identified ............................................................ 17

    C.   Dr. DiTolla's Declaration May Properly Rely on Inadmissible Hearsay ............................................................ 17

IV.  Responses to Specific Objections ...................................................... 18

V.   CONCLUSION ............................................................................... 18

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*3Com Corp. v. Realtek Semiconductor Corp.,*
  C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008)............10, 16, 19

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 , 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ....................................7

*Bashkin v. San Diego County,*
  08-CV-1450-WQH WVG, 2011 WL 109229 (S.D. Cal. Jan. 13,
  2011) ...............................................................................................................3

*Batts v. County of Santa Clara,*
  C 08-00286 JW, 2010 WL 545847 (N.D. Cal. Feb. 11, 2010) .........................4

*Biegas v. Quickway Carriers, Inc.,*
  573 F.3d 365 (6th Cir. 2009) ......................................................................12

*Coleman v. Keebler Co.,*
  997 F. Supp. 1102 (N.D. Ind. 1998) .............................................................2

*Conversive, Inc. v. Conversagent, Inc.,*
  433 F. Supp. 2d 1079 (C.D. Cal. 2006) .........................................................6

*Crosspointe, LLC v. Integrated Computing, Inc.,*
  6:03-CV-558-ORL-19KR, 2004 WL 5487401 (M.D. Fla. Aug. 18,
  2004) .............................................................................................................22

*Dey, L.P. v. Ivax Pharm., Inc.,*
  233 F.R.D. 567, 571 (C.D. Cal. 2005).............................................9, 10,17, 20

*Donovan v. Crisostomo,*
  689 F.2d 869 (9th Cir. 1982) .........................................................................5

*Estate of Gonzalez v. Hickman,*
  05-00660 MMM (RCX), 2007 WL 3237635 (C.D. Cal. June 28,
  2007) .............................................................................................................21

*Fort Hall Landowners Alliance, Inc. v. Bureau of Indian Affairs,*
  CV-99-52-E-BLW, 2007 WL 2187256 (D. Idaho July 16, 2007) ......................5

*Galentine v. Holland Am. Line-Westours, Inc.,*
  333 F. Supp. 2d 991 (W.D. Wash. 2004) ......................................................19

*Garvey v. Kmart Corp.,*
  2012 U.S. Dist. LEXIS 160006, at *3 (N.D. Cal. 2012)..............................18, 19

*Katz v. Cont'l Airlines, Inc. (In re Katz Interactive Call Processing
  Patent Litig.),*
  2009 U.S. Dist. LEXIS 129933 (C.D. Cal. July 2, 2009) .............................9, 17

**TABLE OF AUTHORITIES**
(continued)

Page

*Harvey Barnett, Inc. v. Shidler,*
  338 F.3d 1125 n.4 (10th Cir. 2003) ................................................ 12

*IBP, Inc. v. Mercantile Bank of Topeka,*
  179 F.R.D. 316 (D. Kan. 1998) ...................................................... 4

*Jarritos, Inc. v. Reyes,*
  345 F. App'x 215 (9th Cir. 2009) ................................................ 15

*Johnson v. Couturier,*
  261 F.R.D. 188 (E.D. Cal. 2009) .................................................... 4

*Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group., Inc.,*
  2:09-CV-01278, 2011 WL 320909 (S.D.W. Va. Jan. 28, 2011) ........................ 20

*Kennedy v. Allied Mut. Ins. Co.,*
  952 F.2d 262 (9th Cir. 1991) ........................................................ 7

*Lahoti v. Vericheck, Inc.,*
  636 F.3d 501 (9th Cir. 2011) ........................................................ 5

*Lanard Toys Ltd. v. Novelty, Inc.,*
  375 F. App'x 705 (9th Cir. 2010) ............................................ 9, 17

*Lucero v. Valdez,*
  240 F.R.D. 591 (D.N.M. 2007) ...................................................... 4

*Lyons P'ship, L.P. v. Morris Costumes, Inc.,*
  243 F.3d 789 (4th Cir. 2001) ................................................ 6, 13

*Messick v. Horizon Indus. Inc.,*
  62 F.3d 1227 (9th Cir. 1995) ........................................................ 7

*Nuance Communications, Inc. v. ABBYY Software House, C,*
  08-02912 JSW MEJ, 2012 WL 2838431 (N.D. Cal. July 10, 2012) ................ 15

*Roe v. Nevada,*
  621 F. Supp. 2d 1039 (D. Nev. 2007) .......................................... 16

*Russell v. Daiichi-Sankyo, Inc.,*
  CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) .......... 16

*San Francisco Baykeeper v. W. Bay Sanitary Dist.,*
  791 F. Supp. 2d 719 (N.D. Cal. 2011) .................................. 10, 18

*Semtech Corp. v. Royal Ins. Co. of Am., CV,*
  03-2460-GAF PJWX, 2005 WL 6192906 (C.D. Cal. Sept. 8, 2005) .......... 19

GLIDEWELL'S RESPONE TO KEATING'S OBJECTIONS
TO DECL. OF GLIDEWELL EMPLOYEES, ETC.
CASE NO. SACV11-01309 DOC (ANx)

# TABLE OF AUTHORITIES
### (continued)

Page

*Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*,
   272 F.R.D. 350 (W.D.N.Y. 2011) ................................................... 8

*Tuna Processors, Inc. v. Hawaii Int'l Seafood, Inc.*,
   CIV. 05-00517BMK, 2007 WL 433547 (D. Haw. Feb. 5, 2007) ..................... 11

*United States v. Hankey*,
   203 F.3d 1160 (9th Cir. 2000) ................................................... 22

*United States v. Kirk*,
   844 F.2d 660 (9th Cir. 1988) .................................................... 12

*Van Asdale v. Int'l Game*,
   Tech., 577 F.3d 989 (9th Cir. 2009) ............................................. 7

*Victory Carriers, Inc. v. Stockton Stevedoring Co.*,
   388 F.2d 955 (9th Cir. 1968) .................................................... 5

*Wong v. Regents of Univ. of California*,
   410 F.3d 1052 (9th Cir. 2005) .................................................. 15

## FEDERAL RULES

Fed. R. Civ. P. 16 .................................................................. 20

Fed. R. Civ. P. 26(a)(2)(B) ......................................................... 16

Fed. R. Civ. P. 26(e) ............................................................... 8

Fed. R. Civ. P. 26(e)(1)(A) ......................................................... 2

Fed. R. Civ. P. 26(f) ........................................................... 14, 15

Fed. R. Civ. P. 37 .......................................................... 9, 17, 19

Fed. R. Civ. P. 37(c)(1) ..................................................... 8, 9, 17

Fed. R. Evid. 703 .................................................................. 22

Fed. R. Evid. 801 .................................................................. 12

Fed. R. Evid. 801(c) ............................................................... 23

Fed. R. Evid. 801(d)(2) ............................................................. 6

Fed. R. Evid. 803(1) ............................................................... 13

Fed. R. Evid. 803(3) ........................................................... 13, 22

Fed. R. Evid. 803(6) ............................................................... 13

I.   **Introduction**

Plaintiff James R. Glidewell Dental Ceramics, Inc. dba Glidewell Laboratories ("Glidewell") hereby responds to the objections of Defendant Keating Dental Arts, Inc. ("Keating") to the Evidence Submitted by Glidewell's Employee Witnesses in Support of Its Motions for Partial Summary Judgment.

We begin by briefing certain issues that permeate Keating's objections. Among other issues, we address Keating's arguments regarding the timeliness of the disclosures of employee Nicole Fallon and Dr. Michael DiTolla because this analysis requires the application of a five-factor test that is not suited to a limited response in table format.  We respond to Keating's individual objections in a table format, attached as Exhibit A.  Rather than repeat the briefing in the first section, in the table of objections we simply make shorthand reference to the briefing in sections (II) and (III).

II.   **Nicole Fallon**

Keating asserts that the Court should decline to consider the testimony of Ms. Fallon because (1) she was not timely disclosed as a potential witness, (2) insufficient factual detail was provided in response to a Keating interrogatory, and (3) her testimony is hearsay.  Keating also attempts to exclude Exhibits 1 and 2 of Ms. Fallon's declaration, claiming they were produced late.  None of these assertions has merit.

**A. Ms. Fallon was Timely Disclosed**

First, Keating asserts that Glidewell did not disclose Mr. Fallon as "an individual likely to have discoverable information that Glidewell may use to support its claims and/or defenses" but rather disclosed her in its responses to two interrogatories served by Keating.  (Dkt. # 122, Obj. 1)  This objection is frivolous. While it is true that that Glidewell did not reference Ms. Fallon in its Initial Disclosures, Glidewell *did* disclose her identity and testimony in interrogatory responses, which is adequate disclosure as a matter of law.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1    Glidewell did disclose Ms. Fallon and provide general facts concerning her

2    exchange with the dental office of Dr. Jade Le evidencing actual confusion on Dr.

3    Le's part, including that Dr. Le's office attempted to prove prior purchase of a

4    Glidewell crown by submitting a copy of an invoice for a Keating KDZ Bruxer

5    crown, in its responses to Keating's Interrogatories Nos. 7 and 12.  (Dkt # 91, Ex.

6    1)  This disclosure gave Keating notice of Ms. Fallon and the general subject of her

7    anticipated testimony.  It is, accordingly, immaterial that Glidewell did not further

8    supplement its initial disclosures to add a box providing the same information

9    regarding Ms. Fallon in a different format.  *See* Fed. R. Civ. Proc 26(e)(1)(A)

10   (supplemental disclosure is only required "if the additional or corrective

11   information has not otherwise been made known to the other parties during the

12   discovery process or in writing . . ."); *Coleman v. Keebler Co.*, 997 F. Supp. 1102,

13   1107 (N.D. Ind. 1998) (denying a motion to strike affidavits of two witnesses that

14   were not listed in initial disclosure or supplemental disclosure, because the names

15   were disclosed to opposing counsel in a deposition); *see also Huffman v. City of*

16   *Conroe*, U.S. Dist. LEXIS, at *2 (S.D. Tex. Sept. 26, 2008) (denying motion to

17   strike witness, since deposition had revealed the witness's relevant knowledge and

18   thus opposing party was not disadvantaged).  Keating had ample notice that Ms.

19   Fallon was a Glidewell employee and that she had information concerning the

20   instance of confusion with Dr. Le.  Indeed, Keating asked James Shuck,

21   Glidewell's Vice President of Sales and Marketing about this incident during his

22   deposition.  (Dkt. # 92, Ex. 50 at 179:1-181:4; 194:4-195:21)  Keating was free to

23   take Ms. Fallon's deposition, or seek additional discovery on the matter, but it

24   chose not to.  The fact that Ms. Fallon was not listed on the initial disclosures is no

25   basis to exclude the testimony.

26   **B.  Glidewell Provided Sufficient Information Concerning**

27   **Ms. Fallon's Exchange with Dr. Le's Dental Office**

28   Next, Keating asserts that in its responses to Keating's interrogatories,

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 2 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Glidewell "did not provide any of the asserted facts to which Ms. Fallon is currently asserting [sic]" despite Keating's request that it provide all factual information concerning the instance of confusion involving Dr. Le's office. This is false. In its response to Keating's Interrogatory No. 7, Glidewell responded: "On one occasion this April a Glidewell Laboratories employee (Nicole Fallon) was offering a $20.00 coupon to try BRUXZIR® restoration to Michelle Carlisle of Dr. Jade Le's dental Offices in Bonita Springs, Florida. Michelle asked if they could apply the $20.00 coupon to purchases they had previously made and sent a copy of an invoice to show the alleged earlier purchase. It was a Keating Dental Arts Inc.'s invoice for a KDZ Bruxer crown dated February 9, 2012." (Dkt. #91-1, pp.7-8 [Response to Interrogatory No. 7]). In response to Keating's Interrogatory No. 23, Glidewell further explained that "An employee of Plaintiff randomly called Dr. Le's office to offer a discount on BRUXZIR Crowns and was asked whether the discount could apply to a previous order that had actually been submitted to Defendant for a KDZ Bruxer Crown." (Dkt. #91-2, p.7 [Response to Interrogatory No. 23]).

Glidewell's responses to Keating's broad contention interrogatories were adequate and proper and provided Keating with the details necessary to inform it of the incident of confusion known to Ms. Fallon. Glidewell was not required to submit an interrogatory response that explained "every detail that could possible exist in the universe of facts." *Bashkin v. San Diego County*, 08-CV-1450-WQH WVG, 2011 WL 109229 (S.D. Cal. Jan. 13, 2011) ("In the written discovery process, parties are not entitled to each and every detail that could possibly exist in the universe of facts"); *Batts v. County of Santa Clara*, C 08-00286 JW, 2010 WL 545847 (N.D. Cal. Feb. 11, 2010) (contention interrogatory asking to state all facts about witnesses improper, deposition proper vehicle for such inquiry); *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (contention interrogatory requiring "each and every" fact and application of law to fact overly

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1    broad because the burden to answer outweighs the benefit to be gained. "Other

2    discovery procedures, such as depositions and production of documents, better

3    address whatever need there be for that kind of secondary detail.").

4         In her declaration, Ms. Fallon does describe the incident in more detail,

5    giving a brief narrative of the two phone calls comprising the incident (who said

6    what to whom), but this level of detail in not required in an interrogatory response.

7    *See Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D.Cal.2009) ("[I]t is not the

8    purpose of early interrogatory discovery to have one side or the other give a

9    complete rendition of each and every minute, factual detail which will surface at

10   trial."); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M.2007) ("Contention

11   interrogatories should not require a party to provide the equivalent of a narrative

12   account of its case, including every evidentiary fact, details of testimony of

13   supporting witnesses, and the contents of supporting documents");

14        Further, Glidewell's introduction of the factual details in Ms. Fallon's

15   declaration is proper because a party is not limited to the specific facts disclosed in

16   interrogatory responses. *Donovan v. Crisotomo,* 689 F.2d 869, 875 (9th Cir.1982)

17   (stating that "[i]nterrogatories do not supersede or supplement pleadings, nor do

18   they bind parties as an allegation or admission in a pleading or pre-trial order");

19   *Fort Hall Landowners Alliance, Inc. v. Bureau of Indian Affairs*, CV-99-52-E-

20   BLW, 2007 WL 2187256 (D. Idaho July 16, 2007) (answers to interrogatories "are

21   not binding as admissions in this Circuit") *citing Victory Carriers Inc. v. Stockton

22   Stevedoring Co.,* 388 F.2d 955, 959 (9th Cir.1968) (holding that answers to

23   interrogatories not given the same binding effect conferred on responses to requests

24   for admission).

### C. Ms. Fallon's Declaration is Not Inadmissible Hearsay

26        Keating also objects to Ms. Fallon's testimony as inadmissible hearsay as out

27   of court statements made by Ms. Carlisle and Dr. Le to Ms. Fallon offered to prove

28   the truth of the matter asserted.  The Court should overrule this objection.  The

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   statements fall within the state of mind exception of Rule 803(3), because they are

2   offered to show Dr. Le's and Michelle Carlisle's state of mind, i.e., their confusion

3   regarding the source of the KDZ Bruxer crown that Dr. Le had purchased.  In a

4   trademark case, out of court statements can be used in this exact way, to show

5   actual confusion.  *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 508 (9th Cir. 2011)

6   (evidence of actual confusion not hearsay under the state of mind exception); *see*

7   *Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F. 3d 789, 804 (4th Cir.

8   2001) (admitting evidence of actual confusion in the form of children's out court

9   statements to prove their belief that person wearing "Duffy" costume was

10  "Barney," not that costumed person was in fact Barney); *Conversive v.*

11  *Conversagent, Inc.*, 433 F. Supp. 2d 1079, 1091 (C.D. Cal. 2006) (evidence of

12  customer statements reflecting actual confusion not hearsay because not offered for

13  truth of the matter asserted and under the state of mind exception).

14      Additionally, Exhibit 2, the call notes, is a business record because it was

15  created immediately after the conclusion of Fallon's call with Dr. Le and Ms.

16  Carlisle, it accurately reflects the discussion, and it is kept in the course of

17  Glidewell's regularly conducted business activity.  (Dkt. #90, Ex. M [Fallon Decl.

18  at ¶¶ 8-10](laying foundation for business records), Ex. 2).  Exhibit 1 is not hearsay

19  at all, because it is a Keating document and therefore falls within Rule 801(d)(2).

20  Fed. R. Evid. 801(d)(2).

21      **D. <u>There are No Material Inconsistences between Ms. Fallon's</u>**

22      **<u>Declaration and Glidewell's Prior Interrogatory Responses</u>**

23      Keating also contends that Ms. Fallon's subsequent declaration contradicts

24  Glidewell's prior interrogatory responses.  This is only true with respect to a single

25  fact: who initiated the first call, Ms. Fallon or Ms. Carlisle.  Other than this

26  immaterial detail, Ms. Fallon's declaration is perfectly consistent with Glidewell's

27  prior interrogatory responses.

28      Moreover, even if the Court were to conclude that there are any material

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 5 -

1   inconsistencies between Ms. Fallon's declaration and Glidewell's prior

2   interrogatory response (which it should not), any such inconsistency goes to the

3   weight, not admissibility, of the evidence. *Anderson v. Liberty Lobby*, 477 U.S.

4   242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the

5   drawing of legitimate inferences from the facts are jury functions, not those of a

6   judge, whether he is ruling on a motion for summary judgment or for a directed

7   verdict"); *see Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009)

8   ("a court's role in deciding a summary judgment motion is not to make credibility

9   determinations or weigh conflicting evidence"); *Messick v. Horizon Industries, Inc.*

10   62 F.3d 1227, 1231 (9th Cir. 1995) (minor inconsistencies between deposition

11   testimony and summary judgment affidavit resulting from honest discrepancy or

12   mistake no basis for excluding affidavit); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d

13   262, 267 (9th Cir. 1991) (only "sham" testimony that flatly contradicts earlier

14   testimony in an attempt to "create" an issue of fact and avoid summary judgment

15   should be excluded).  Therefore, if any inconsistencies are found, they are not a

16   basis to exclude Ms. Fallon's declaration.

17   **E. Exhibits 1-2 are Admissible**

18       Additionally, Keating complains that Exhibits 1 and 2 referenced in Ms.

19   Fallon's declaration were not produced until Friday November 16, 2012.  (Dkt. #90,

20   Exs. 1-2)  Keating does not attempt to tie its complaint to any rule of evidence or

21   other authority, and Glidewell discerns none.  Glidewell produced these documents

22   as part of its on-going obligation to supplement discovery, and produced the

23   documents in good faith as soon as it realized they had not been produced.

24   (Declaration of Greer N. Shaw in Support of James R. Glidewell Dental Ceramics,

25   Inc.'s Motions for Summary Judgment ("Shaw Decl."), ¶12)   FRCP 26(e) requires

26   that, "if the party learns that in some material respect the disclosure or response is

27   incomplete or incorrect, and if the correct information has not otherwise been made

28   known to the other parties during the discovery process or in writing" the party

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA,
LOS ANGELES, CALIFORNIA 90071

1    "*must* supplement or correct its disclosure or response." Fed. R. Civ. P. 26(e)

2    (emphasis added).  The duty to supplement continues even after the close of

3    discovery. *See Star Direct Telecom, Inc. v. Global Crossing Bandwith, Inc.*, 272

4    F.R.D. 350, 358 (W.D. N.Y. 2011).  That is exactly what Glidewell did with respect

5    to Exhibits 1-2.

### i.  Even if Exhibits 1-2 Were Untimely, the Late Disclosure was Harmless and Substantially Justified

8         Even if Exhibits 1 and 2 were not timely produced, this does not

9    automatically lead to their exclusion.  Under Rule 37, a party may still use the

10   information if the late disclosure was "substantially justified" or "harmless."

11   Fed.R.Civ.P. 37(c)(1); *see also* Fed.R.Civ.P. 37(c)(1) committee notes 1993

12   ("[L]imiting the automatic sanction to violations without substantial justification,

13   coupled with the exception for violations that are harmless, is needed to avoid

14   unduly harsh penalties in a variety of situations.") (internal quotations omitted).

15        As set forth at length in Glidewell's concurrently filed response to the

16   objections of Defendant Keating Dental Arts, Inc. ("Keating") to the Evidence

17   Submitted by Glidewell's Dentist Witnesses in Support of its Motions for Partial

18   Summary Judgment, in determining whether to exclude evidence pursuant to FRCP

19   37, courts consider (1) prejudice or surprise to the party against whom the evidence

20   is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of

21   disruption of the trial; (4) the importance of the evidence; and (5) bad faith or

22   willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v.*

23   *Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010); *Dey, L.P v. Ivax Pharm.,*

24   *Inc.*, 233 F.R.D. 567, 571 (C.D.Cal.2005) (applying factors and declining to

25   preclude late produced evidence); *Katz v. Cont'l Airlines, Inc. (In re Katz*

26   *Interactive Call Processing Patent Litig.)*, 2009 U.S. Dist. LEXIS 129933 (C.D.

27   Cal. July 2, 2009) (denying motions to strike); *San Francisco Baykeeper v. W. Bay*

28   *Sanitary Dist.*, 791 F. Supp. 2d 719, 732 (N.D. Cal. 2011).  These factors have been

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   discussed at length in Glidewell's response to the evidentiary objections regarding

2   Dr. Goldstein and Glidewell's dentist witnesses, and those same arguments apply

3   equally to any claim by Keating that Exhibits 1 and 2 should be excluded. For the

4   sake of brevity, those arguments will not be fully repeated, but briefly reviewed.

5        First, while Keating may argue surprise to the existence of Exhibits 1 and 2,

6   the instance of actual confusion to which they relate was made known to Keating in

7   August 2012, when Glidewell responded to Keating's interrogatories (discussed

8   above). (Dkt. #91-1) Further, while a delay, without more, cannot qualify as

9   prejudicial, Keating has not articulated the basis for any perceived prejudice it has

10   suffered as a result of the late disclosure of Exhibits 1 and 2. In addition, Keating

11   has articulated no prejudice; its ability to prepare for trial or for these motions has

12   not been prejudiced.

13        Second, even assuming Keating suffered some prejudice, Keating could have

14   tried to alleviate the prejudice by requesting a deposition to cover the documents,

15   but it did not. *See 3Com Corp. v. Realtek Semiconductor Corp.*, C 03-2177 VRW,

16   2008 WL 783383 (N.D. Cal. Mar. 24, 2008) (denying motion in limine to exclude

17   third-party witnesses disclosed on last day of fact discovery because movant never

18   sought agreement or leave of court to subpoena witnesses after discovery cut-off).

19        Third, the admission of the Exhibits 1 and 2 will not disrupt the trial because

20   the issue to which they relate—the instance of actual confusion to which Ms. Fallon

21   will testify—will already be before the Court. Trial is also over still months away.

22   Keating has sufficient time to continue its review of the documents and strategize

23   concerning its further response to this evidence at trial.

24        Fourth, the documents themselves are important to the issues presented by

25   the summary judgment motions (and at trial). Exhibits 1 and 2 corroborate Ms.

26   Fallon's testimony concerning the actual confusion described to her by a Keating

27   customer between BruxZir and KDZ Bruxer. According to the documents, the

28   customer thought it was "pretty sneaky of [Keating] to advertise almost identical

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 8 -

1   product/name just spelled slightly different." (Dkt. #90, Ex. 2)

2       Fifth, as mentioned above, Glidewell's counsel produced the documents as

3   soon as it was made aware that the documents existed and had not been produced.

4   (Shaw Decl. ¶ 12)

5       A review of the factors above (in connection with the further arguments

6   made in Glidewell's response concerning Dr. Goldstein and Glidewell's dentist

7   declarations) demonstrates that any late disclosure by Glidewell of Exhibits 1 and 2

8   was harmless.  Late disclosed evidence that is harmless should not be excluded.

9   *See Tuna Processors, Inc.*, *supra*, No. Civ. 05-517 BMK, 2007 WL 433547, *2

10  (D.Haw. Feb.5, 2007) ("The failure to properly disclose is harmless where there is

11  no prejudice to the opposing party. There is generally no prejudice where the

12  untimely evidence does not raise any new issues in the case").  Accordingly, the

13  Court should not exclude Exhibits 1 and 2 as Glidwell produced the documents in

14  compliance with its obligation to supplement its disclosures and Keating has not

15  been prejudiced by the timing of this disclosure.

16       **ii.  Exhibits 1-2 are not Inadmissible Hearsay**

17       Keating also objects to Exhibits 1 and 2 as inadmissible hearsay as out of

18  court statements made by Ms. Carlisle and Dr. Le to Ms. Fallon offered to prove the

19  truth of the matter asserted.  As with the statements in Ms. Fallon's declaration,

20  however, the statements in the documents themselves are not hearsay.  They are not

21  offered to prove the truth of the matter asserted, but only to show that the

22  statements were made.  *See* Fed. R. Evid. 801; *Biegas v. Quickway Carriers, Inc.*,

23  573 F. 3d 365, 378-379 (6th Cir. 2009); *see also United States v. Kirk*, 844 F. 2d

24  660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth

25  of the matter asserted, such as when offered to demonstrate the effect the statement

26  had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*,

27  338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay

28  when offered to show existence of fact rather than its truth).  Here, the statements in

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   the documents have independent significance, regardless of whether they are true or

2   not, to show that Ms. Carlisle and Dr. Le believed that they had purchased a

3   BruxZir brand crown when in fact they had purchased a KDZ Bruxer crown.  In a

4   trademark case, out of court statements can be used in this exact way, to show

5   actual confusion.  *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 508 (9th Cir.

6   2011)(evidence of actual confusion not hearsay under the state of mind exception);

7   *see Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F. 3d 789, 804 (4th Cir.

8   2001) (admitting evidence of actual confusion in the form of children's out court

9   statements to prove their belief that person wearing "Duffy" costume was

10   "Barney," not that costumed person was in fact Barney).

11        In addition, to extent the documents themselves are hearsay, they are

12   admissible through certain exceptions to the hearsay rule.  As Ms. Fallon's notes of

13   her conversation with the customer made at or about the time of her call, made in

14   the regular course of Ms. Fallon's job duties, and kept by Glidewell in the regular

15   course of its business (Dkt. #90, Ex. M [Fallon Decl. at ¶¶ 8-10]), the documents

16   are "records of a regularly conducted activity" and admissible hearsay.  Fed. R.

17   Evid. 803(6).  Further, the customer statements reflected in the notes are admissible

18   under the state-of-mind exception to demonstrate the customer's confusion between

19   BruxZir and KDZ Bruxer.  FRE 803(3); *Lahoti v. Vericheck, Inc.*, 636 F.3d 501,

20   508 (9th Cir. 2011)(evidence of actual confusion not hearsay under the state of

21   mind exception).  Finally, as Ms. Fallon's notes describe the call itself, the

22   documents also constitute Ms. Fallon's "present sense impression" and are

23   admissible hearsay.  Fed. R. Evid. 803(1).

24   **III.   Dr. Michael DiTolla**

25        **A.   Glidewell Timely Served Dr. DiTolla's Declaration and Dr.**

26             **DiTolla was Timely Disclosed as an Expert Witness Pursuant to**

27             **the Court's Scheduling Order**

28        Keating argues that the Declaration of Dr. Michael DiTolla submitted in

1  support of Glidewell's motions for partial summary judgment should be excluded

2  because Dr. DiTolla was not timely disclosed in violation of the Court's denial of

3  Glidewell's motion to amend the scheduling order. (Dkt.#123 ("Objections"), p.2.)

4  Keating is wrong. Dr. DiTolla's declaration was timely served in connection with

5  Glidewell's Motions for Summary Judgment on November 19, 2012. (Dkt#90-1,

6  Ex. I.)

7      Keating also asserts that Dr. DiTolla was not timely disclosed in discovery.

8  (Dkt. #122, ¶ 3) This too is false. Dr. DiTolla's identity as an expert, and the

9  details of his expert testimony, were properly and timely disclosed before the close

10  of discovery.   (Declaration of Greer N. Shaw in Support of James R. Glidewell

11  Dental Ceramics, Inc.'s Motions for Summary Judgment ("Shaw Decl."), ¶ 11)

12  The Court's Scheduling Order sets forth the following four deadlines:

| | |
|---|---|
| Discovery Cut-Off Date | October 29, 2012 |
| Motion Cut-Off Date | December 17, 2012 |
| Setting Final Pretrial Conference | January 28, 2013 |
| Setting Jury Trial Date | February 26, 2013 |

17  (Dkt. #15; *see also* Dkt. #14) The Scheduling Order contains no separate deadlines

18  for expert reports. (Dkt. #15) Keating's argument that Dr. DiTolla's expert report

19  was untimely appears to be based on the parties' *proposed* deadlines for exchange

20  of reports.   In particular, in their Joint Rule 26(f) Report, the parties proposed

21  September 15, 2012 as the deadline for opening expert reports and October 15,

22  2012 for rebuttal reports. (Dkt. #11, p. 13) The Court, however, did not adopt

23  these dates and they are not in the Scheduling Order. (Dkt. #15) Dr. DiTolla's

24  report was not subject to either "deadline" because these were not applicable

25  deadlines at all. *See Etagz, Inc. v. Quiksilver, Inc.*, No-10-300-CV-DOC (C.D. Cal.

26  Nov. 16, 2012), ECF No. 179 (denying defendant's motion to strike expert reports

27  as untimely, because report was served before the discovery cut-off date and the

28  expert reports deadlines proposed in the parties' Rule 26(f) Report had not been

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

incorporated into the Court's scheduling order).  Glidewell served Dr. DiTolla's report on October 29, on the discovery cut-off date and within the discovery period. The report was timely.

In support of its objections, Keating has not pointed to a single case where, absent a court ordered deadline, an expert report was considered late where it was served before, or even on the last day of discovery.  Keating's cited authorities are easily distinguishable because in each, the proffered expert report was served *after* a court-ordered deadline. *See Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1058 (9th Cir. 2005) (expert reports excluded as untimely because court ordered counsel to disclose the names of any experts they proposed to offer at trial "not later than 45 days before the close of discovery"); *Jarritos, Inc. v. Reyes*, 345 F. App'x 215, 217 (9th Cir. 2009) (expert reports excluded as untimely pursuant to specific court order setting deadline to disclose expert witnesses).

That the Court denied Glidewell's *Ex Parte* Application to Amend the Scheduling Order on November 9, 2012 (Dkt. #74), is irrelevant to whether Glidwell complied with the Court's original Scheduling Order.  The issue is whether Glidewell made its disclosure on or before the close of discovery.  Since discovery closed on October 29, the disclosure was timely.  *See Nuance Communications, Inc. v. ABBYY Software House*, C 08-02912 JSW MEJ, 2012 WL 2838431 (N.D. Cal. July 10, 2012) (denying motion to strike 25 witnesses disclosed after the close of business on the last day of discovery); *ESM Techs., LLC v. Biova, LLC*, No. 10-3009-CV-S-RED (W.D. Mo. Mar. 21, 2012), ECF No. 209 (holding expert declaration and report filed on last day of discovery to be timely); *3Com Corp. v. Realtek Semiconductor Corp.*, C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008) (denying motion in limine to preclude defendant from proffering witnesses first disclosed on the final day of fact discovery because plaintiff never requested defendant's agreement or leave of court to subpoena the third-party witnesses past the discovery cut-off); *Cyntegra, Inc. v. Idexx*

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO GLIDEWELL'S MOTIONS FOR PSJ CASE NO. SACV11-01309 DOC (ANx)

- 12 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

*Laboratories, Inc.*, CV06-4170PSG(CTX), 2007 WL 5193736 (C.D. Cal. Sept. 21, 2007) *aff'd, Cyntegra, Inc. v. IDEXX Laboratories, Inc.*, 322 F. App'x 569 (9th Cir. 2009) (finding defendant's service of two expert reports on the last day of discovery timely); *Roe v. Nevada*, 621 F. Supp. 2d 1039, 1060 (D. Nev. 2007) (rejecting defendant's argument that plaintiff's disclosure of various fact witnesses on last day of discovery was untimely because defendant's never sought to re-open discovery and "defendants, until now, gave no indication of their desire to depose these witnesses, and therefore any prejudice is caused by Defendants' own dilatory conduct"); *Russell v. Daiichi-Sankyo, Inc.*, CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) (holding disclosure of fact witness made on day of discovery cut-off to be timely); *cf.* Fed. R. Civ. Proc. 26(a)(2)(B) (absent court order or stipulation, expert disclosures due 90 days before trial).

## B. Even if Dr. DiTolla's Disclosure Had Been Untimely, Which It Was Not, Any Delay was Harmless and Substantially Justified

Even if Dr. DiTolla had been disclosed after the discovery cutoff (which he was not), this does not automatically give rise to the exclusion of his testimony. Rather, under Rule 37, a party may still use the information or witness if the late disclosure was "substantially justified" or "harmless." Fed.R.Civ.P. 37(c)(1); *see also* Fed.R.Civ.P. 37(c)(1) committee notes 1993 ("[L]imiting the automatic sanction to violations without substantial justification, coupled with the exception for violations that are harmless, is needed to avoid unduly harsh penalties in a variety of situations.") (internal quotations omitted).

In determining whether to exclude evidence pursuant to FRCP 37, courts consider (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; (4) the importance of the evidence; and (5) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010); *Dey, L.P v. Ivax Pharm., Inc.*, 233 F.R.D.

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 13 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

567, 571 (C.D.Cal.2005) (applying factors and declining to preclude late produced evidence); *Katz v. Cont'l Airlines, Inc. (In re Katz Interactive Call Processing Patent Litig.)*, 2009 U.S. Dist. LEXIS 129933 (C.D. Cal. July 2, 2009) (denying motions to strike); *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 732 (N.D. Cal. 2011). Considering the totality of the circumstances, even assuming Glidewell's disclosure of Dr. DiTolla was untimely, the Court should overrule Keating's objections that it exclude Dr. DiTolla for the reasons set forth below.

### i. There is Minimal Prejudice or Surprise to Keating and Keating had the Opportunity to Cure any Purported Prejudice or Surprise

Prejudice does not exist simply because a party has the burden of dealing with additional information or witnesses. *See Garvey v. Kmart Corp.*, 2012 U.S. Dist. LEXIS 160006, at *3 (N.D. Cal. Nov. 6, 2012) (denying a motion to exclude the defendant's fact witness from testifying even though the witness was disclosed after the discovery deadline because the plaintiff declined the opportunity to depose the witness). A delay, without more, cannot qualify as prejudicial.

Beyond the prospect of delay, Keating has not articulated the basis for any perceived prejudice it has suffered as a result of shorter notice of the dentists as witnesses. Keating does not argue that it had insufficient time to digest the content of Dr. DiTolla's declaration. Nor could it; the declaration was timely served with Glidewell's motions for partial summary judgment on November 19, 2012 (Dkt. # 90, Ex. I), and Keating was able to prepare its oppositions to the motions as well as objections to the declaration and timely file them on November 26, 2012. (Dkt. # 122)

Even assuming Dr. DiTolla's disclosure was untimely and surprised Keating, Keating could have deposed Dr. DiTolla. After its disclosure, Glidewell offered Dr. DiTolla for deposition. (Shaw Decl., ¶ 8, Ex. 115) Keating declined the offer.

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO GLIDEWELL'S MOTIONS FOR PSJ CASE NO. SACV11-01309 DOC (ANx)

- 14 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

(*Id.*)  Ironically, Glidewell itself sought to extend the discovery cut-off to allow for further discovery and, rather than agree so that Keating itself could get the additional discovery it wanted, Keating opposed the request.  (Dkt# 71)  Keating had three weeks between Dr. DiTolla's disclosure and the date for filing summary judgment motions in which to depose Dr. DiTolla, which it refused.

To the extent Keating is prejudiced by the disclosure of Dr. DiTolla on the last day of discovery, therefore, Keating manufactured the prejudice.  See *Semtech Corp. v. Royal Ins. Co. of Am.*, CV 03-2460-GAF PJWX, 2005 WL 6192906 (C.D. Cal. Sept. 8, 2005) (late disclosed supplemental expert report not excluded under Rule 37 because the "harm would not warrant the extreme sanction of exclusion" and any potential harm could be cured by allowing a deposition of the expert); *Galentine v. Holland Am. Line-Westours, Inc.*, 333 F. Supp. 2d 991, 994 (W.D. Wash. 2004) (refusing to exclude expert report served eleven days past the deadline because "the potential prejudice that Defendant claims it will suffer is not so severe as to warrant exclusion, especially given the possibility of ameliorating that prejudice [through limited discovery and a deposition of the expert]"); *Garvey v. Kmart Corp.*, 2012 U.S. Dist. LEXIS 160006, at *3 (N.D. Cal. 2012) (denying a motion to exclude fact witness disclosed after the discovery deadline, noting that movant had declined to depose the witness); *3Com Corp. v. Realtek Semiconductor Corp.*, C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008) (denying motion in limine to exclude third-party witnesses disclosed on last day of fact discovery because movant never sought agreement or leave of court to subpoena witnesses after discovery cut-off); *Roe v. Nevada*, 621 F. Supp. 2d 1039, 1060 (D. Nev. 2007) (rejecting defendant's argument that disclosure of fact witnesses on last day of discovery was untimely, and noting that "Defendants have sat on their rights to bring any motion to reopen discovery on account of Plaintiffs' last-minute disclosure…. [A]ny prejudice is caused by Defendants' own dilatory conduct.").

### ii.   Dr. DiTolla's Declaration Will Not Disrupt the Trial

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 15 -

The third factor, disruption to the trial, also weighs in favor of Glidewell. Allowing Dr. DiTolla to proffer testimony on summary judgment will not disrupt the trial, as it is approximately three months away, and it will not disrupt the summary judgment proceedings. *Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group., Inc.*, 2:09-CV-01278, 2011 WL 320909 (S.D.W. Va. Jan. 28, 2011) (third factor inapplicable where supplemental expert report served after expert disclosure deadline but still four months before trial); *see Dey, L.P. v. Ivax Pharmaceuticals, Inc.*, 233 F.R.D. 567, 572 (C.D. Cal. 2005) (court found that third factor weighed against preclusion of evidence at pre-trial stage because the evidence went to issues set forth in defendant's counterclaim and likely would be relevant and probative). As mentioned above, Keating was able to review and respond to the declaration for its response to Glidewell's motions for partial summary judgment, and has still more time to strategize regarding its response to this evidence before trial. The parties need not even meet for their FRCP 16 meeting of counsel (before the pre-trial conference) until December 19, 2012. (C.D. Local Rule 16-2)

### iii.  <u>Dr. DiTolla's Testimony is Important</u>

Dr. DiTolla's testimony is important. He opines as to the association dentists form between BruxZir and Glidewell, use of the word "bruxer" in the dental industry, the various uses of all-zirconia crowns by dentists, the strength of Glidewell's BruxZir mark, the circumstances and care with which dentists choose an all-zirconia crown, and the advantages of all-zirconia crowns compared to other types of crowns. Dr. DiTolla's testimony relates to issues of genericness and confusion. While Dr. DiTolla was disclosed on October 29, 2012, the issues and topics to which he provides testimony are not new to the parties, and in fact have been at issue since the case began. *See Tuna Processors, Inc. v. Haw. Int'l Seafood, Inc.*, No. Civ. 05-517 BMK, 2007 WL 433547, *2 (D.Haw. Feb.5, 2007) ("The failure to properly disclose is harmless where there is no prejudice to the opposing

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

party. There is generally no prejudice where the untimely evidence does not raise any new issues in the case").

### iv.  Glidewell Disclosed Dr. DiTolla as Soon as He Was Identified

As the Court is aware, Snell & Wilmer L.L.P. was only recently engaged in this matter (on October 25, 2012).  (*See* Dkt. #69 [Ex Parte Application to Amend the Scheduling Order].)  Glidewell disclosed Dr. DiTolla as soon as Glidewell's counsel reviewed the case file and determined that this additional witness testimony would be helpful.  (Shaw Decl., ¶ 11)

A review of the factors above demonstrates that any late disclosure by Glidewell of Dr. DiTolla was harmless.  Late disclosed evidence that is harmless should not be excluded.  *Estate of Gonzalez v. Hickman*, 05-00660 MMM (RCX), 2007 WL 3237635 (C.D. Cal. June 28, 2007) (untimely disclosure of three expert reports justified and harmless and not excluded); *Tuna Processors, Inc.*, *supra*, No. Civ. 05-517 BMK, 2007 WL 433547, *2 (D.Haw. Feb.5, 2007) ("The failure to properly disclose is harmless where there is no prejudice to the opposing party. There is generally no prejudice where the untimely evidence does not raise any new issues in the case"); *Crosspointe, LLC v. Integrated Computing, Inc.*, 2004 WL 5487401, at *1 (M.D. Fla. Aug. 18, 2004) (court allowed belated disclosure of supplemental expert report because the opposing party did not show "with sufficient specificity how they are prejudiced").

Accordingly, the Court should overrule Keating's evidentiary objections to Dr. DiTolla's declaration as Glidewell's disclosure of was timely and Keating has not been prejudiced by the timing of the disclosure.

### C.  Dr. DiTolla's Declaration May Properly Rely on Inadmissible Hearsay

Keating contends that Dr. DiTolla's testimony contains inadmissible hearsay because in opining that dentists understand that BruxZir is associated with

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Glidewell, Dr. DiTolla relies on out of court statements made to him by the thousands of dentists he encounters each year in the course of his duties.  *See* DiTolla Decl. ¶¶ 11, 14.  His testimony is not hearsay.  The testimony is offered to demonstrate the state of mind of the dentists he encounters.   FRE 803(3).  Furthermore, even if the Court determines that any of the statements Dr. DiTolla relies on are inadmissible hearsay, experts are given wide latitude to base their opinions on reliable hearsay testimony.  Fed. R. Evid. 703; *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (reliability based on training, experience, and personal knowledge).   Further, Dr. DiTolla does not offer the statements for the truth of the matters asserted, but rather to elucidate the bases for his opinions.  Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988).  Thus the testimony is admissible.

## IV.   **CONCLUSION**

Based upon Glidewell's responses to Keating's objections with respect to the above-identified portions of the Declarations of Glidewell's Employees, Glidewell respectfully requests that the Court overrule Keating's evidentiary objections and consider the identified declarations in their entirety in deciding Glidewell's motions for partial summary judgment.

Dated: December 3, 2012          SNELL & WILMER L.L.P.


By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba
Glidewell Laboratories

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 18 -

EXHIBIT A

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| 1. | Fallon Decl. ¶¶ 4-7, 9-10, and Exhibits 1-2. | Failure to Disclose (Fed. R. Civ. P. 37(c)). (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).Glidewell did not disclose Nicole Fallon as an individual likely to have discoverable information that Glidewell may use to support its claims and/or defenses. Glidewell mentioned Ms. Fallon only in its response to Keating's Interrogatory No. 7 which was also referenced in its Answer to Interrogatory No. 12. In these answers, Glidewell did not provide any of the asserted facts to which Ms. Fallon is currently asserting | Ms. Fallon was properly disclosed in a discovery response. Fed. R. Civ. Proc 26(e)(1)(A) (a supplemental disclosure is only required "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…"). Documents discovered after an earlier document request for such documents must be disclosed.  Fed. R. Civ. Proc. 26(e)(2); *See United States v. Boyce*, 148 F.Supp.2d 1069, 1088 (S.D. Cal. 2001). Fallon's statements (both in her declaration and Exhibits 1 and 2) are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show that the statements were made. |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | despite Interrogatory requests by Keating for "the complete factual bases" for Glidewell's contentions of actual confusion (Jankowski Decl. [Doc. 91] Ex. 1 at 7-8, 10 (Interrogatory No. 12).) and an Interrogatory specifically requesting "all factual information relating to the alleged instance of confusion involving Dr. Jade Le's Dental Offices mentioned in Glidewell's answer to Interrogatory No. 7." (Jankowski Decl. [Doc. 91] Ex. 2 at 7 (Interrogatory No. 23).) Glidewell's entire response to Interrogatory No. 23 was, "An employee of Plaintiff randomly called Dr. Le's office to offer a discount on BRUXZIR Crowns and was asked whether the discount | Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth).  Here, the statements have independent significance, regardless of whether they are true or not, to show that Ms. Carlisle and Dr. Le believed that they had purchased a BruxZir brand crown when in fact they had purchased a KDZ Bruxer crown.  In a trademark case, out |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | could apply to a previous order that had actually been submitted to Defendant for a KDZ Bruxer Crown." Hearsay (FRE 801, 802). All comments allegedly made by Ms. Carlisle and Dr. Le to Ms. Fallon are out of court statements offered to prove the truth of the matter asserted. Despite purportedly being part of Glidewell's business records in existence since April 2012, Glidewell did not produce Exhibits 1 and 2 referenced in Ms. Fallon's declaration until Friday, November 16, 2012, several weeks after the close of discovery and three days before Glidewell filed its motion. (2nd Jankowski, Ex. 154.) Keating has had no opportunity to examine Ms. Fallon | of court statements can be used in this way to show actual confusion.  *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 508 (9th Cir. 2011)(evidence of actual confusion not hearsay under the state of mind exception); *see Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F. 3d 789, 804 (4th Cir. 2001) (admitting evidence of actual confusion in the form of children's out court statements to prove their belief that person wearing "Duffy" costume was "Barney," not that costumed person was in fact Barney). To extent the documents themselves are hearsay, they are admissible through certain exceptions to the hearsay rule. As Ms. Fallon's notes of her conversation with the customer made at or about the time of her call, made in |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 21 -

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | or other witnesses about these documents. Ms. Fallon's testimony contradicts Glidewell's interrogatory responses Nos. 7, 12 and 23. | the regular course of Ms. Fallon's job duties, and kept by Glidewell in the regular course of its business (Dkt. # 90, Ex. M [Fallon Decl., ¶¶ 8-10]), the documents are "records of a regularly conducted activity" and admissible hearsay.  Fed. R. Evid. 803(6).  As Ms. Fallon's notes describing the call itself, the documents also constitute Ms. Fallon's "present sense impression" and are admissible hearsay.  Fed. R. Evid. 803(1). Any purported inconsistencies between Ms. Fallon's declaration and Glidewell's Interrogatory Responses are minor and go to the weight, not admissibility, of the declaration.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("Credibility |

- 22 -

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict"); *see Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("a court's role in deciding a summary judgment motion is not to make credibility determinations or weigh conflicting evidence"); *Messick v. Horizon Industries, Inc.* 62 F.3d 1227, 1231 (9th Cir. 1995) (minor inconsistencies between deposition testimony and summary judgment affidavit resulting from honest discrepancy or mistake no basis for excluding affidavit); *Kennedy v. Allied* |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 23 -

|  | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
|  |  |  | *Mut. Ins. Co.*, 952 F.2d 262, 267 (9th Cir. 1991) (only "sham" testimony that flatly contradicts earlier testimony in an attempt to "create" an issue of fact and avoid summary judgment should be excluded). |
| **B.** | **Objections to the Declaration of Jim Shuck** | | |
| 1. | Shuck Decl. ¶ 11 Entire paragraph discussing email from Catherine Bonser (Exhibit 6) and opining on its meaning. | Hearsay (FRE 801, 802). The email from Ms. Bonser is an out of court statement offered to prove the truth of the matter asserted. Mr. Shuck's comments of what Ms. Bonser told him are also hearsay. Lack of personal knowledge (FRE 602). Mr. Shuck has no personal knowledge of the meaning of Ms. Bonser's message, the methods used | The email from Ms. Bonser is not hearsay as it is not offered to prove the truth of the matter asserted, but only to show that the statements were made. Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had |

|  | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
|  |  | by Ms. Bonser, or the underlying information used to support the email's statements.<br><br>**Improper Opinion Testimony (FRE 701, 702).** Mr. Shuck is not qualified as an expert nor did he submit an expert report in this matter. His opinions as to Ms. Bonser's research are inadmissible. | on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth). Here, the statements have independent significance, regardless of whether they are true or not, to show Ms. Bosner's impressions and perception as to the BruxZir brand name in the marketplace. Mr. Shuck's statements are not opinion testimony, but rather consist of facts he learned through his exchange with Ms. Bonser. To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | not based on specialized knowledge. Fed. R. Evid. 701. |
| 2. | Shuck Decl. ¶ 12<br><br>Entire paragraph regarding "a zirconia suppliers' report." | Best Evidence (FRE 1002). The best evidence is the March 2012 zirconia supplier's report.<br>Lack of Authentication (FRE 901). Mr. Shuck cannot authenticate an unidentified zirconia suppliers' report.<br>Hearsay (FRE 801, 802). Mr. Shuck's testimony is relying on an out of court statement offered to prove the truth of the matter asserted. | The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show the state of mind and effect on the listener, Shuck's own perception of the BruxZir mark.  Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth). |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | The best evidence rule does not apply because the contents of the reports are not sought to be proved.  Testimony only violates the best evidence rule if it is being offered to prove the content of a writing.  Fed. R. Evid. 1002, Adv. Comm. Notes; *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 598-599 (best evidence rule does not demand document production "to prove something besides the content," no requirement that document be produced simply because it "contains facts that are also testified to by a witness"); *Allstate Ins. Co. v. Swann*, 27 F. 3d 1539, 1543 (11th Cir. 1994). Mr. Shuck is conveying his understanding of the report.  He is not attempting to admit the report into |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 27 -

|   | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
|   |   |   | evidence or authenticate its contents. |
| 3. | Shuck Decl. ¶ 30 "In addition, the BruxZir brand and BruxZir brand products have attracted substantial third party recognition in the form of, for example, laudatory articles." | Improper Opinion Testimony (FRE 701, 702). Mr. Shuck's opinion that the attached articles are "laudatory" articles by a "third party" is an improper opinion and not supported by the evidence. | Mr. Shuck's opinion is proper because it is rationally based on his perception of the listed articles, is helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge. Fed. R. Evid. 701. This perception is the product of his personal experience in marketing and the dental profession. |
| 4. | Shuck Decl. ¶ 31 The entire paragraph regarding "scientific validation from various studies." | Best Evidence (FRE 1002). The best evidence of each test or study listed is the actual report of the test or study. Improper Opinion Testimony (FRE 701, 702). Mr. Shuck improperly provides opinion testimony alleging the listed articles provide a "scientific validation" type of recognition of BruxZir crowns. | The best evidence rule does not apply because the contents of the reports are not sought to be proved. The best evidence rule does not require that all proffered evidence be the "best" evidence. Testimony only violates the best evidence rule if it is being offered to prove the content of a writing. Fed. R. Evid. 1002, Adv. Comm. Notes; |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 598-599 (best evidence rule does not demand document production "to prove something besides the content," no requirement that document be produced simply because it "contains facts that are also testified to by a witness"); *Allstate Ins. Co. v. Swann*, 27 F. 3d 1539, 1543 (11th Cir. 1994). Mr. Shuck's opinion is proper because it is rationally based on his perception of the listed articles, is helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge. Fed. R. Evid. 701.  This perception is the product of his personal knowledge and experience in marketing and the |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 29 -

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | dental profession provide the basis for his statements stating that the articles provide scientific validation for BruxZir brand crowns. |
| **C.** | **Objections to the Declaration of Rudy Ramirez** | | |
| 1. | Ramirez Decl. ¶ 7 "Because Glidewell's BruxZir brand zirconia crowns have helped dentists stay in business, dentists want to see how Glidewell produces its BruxZir brand zirconia crowns and bridges." | Lack of Personal Knowledge (FRE 602). Mr. Ramirez does not have personal knowledge of what has helped dentists stay in business. Improper Opinion Testimony (FRE 701, 702). Mr. Ramirez improperly provides opinion testimony on what helps dentists stay in business. | Mr. Ramirez's statements are based on his personal knowledge gained by his more than 30 years in the dental industry.  (Dkt. # 90, Ex. H, ¶ 2)  Mr. Ramirez's opinion is proper because it is rationally based on his perception of dentists in the industry, is helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge. Fed. R. Evid. 701.  This perception is the product of his extensive knowledge of and experience in the dental industry. |
| 2. | Ramirez Decl. ¶ 8 | Hearsay (FRE 801, 802). What | The statements are not hearsay as they |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | Everything after the first sentence. | dentists have "expressed" to Mr. Ramirez are out of court statements which are being offered to prove the truth of the matter asserted. Improper Opinion Testimony (FRE 701, 702). Mr. Ramirez improperly provides opinion testimony on the impressions of dentists that visit Glidewell's lab. Lack of Personal Knowledge (FRE 602). Mr. Ramirez does not have personal knowledge of the thoughts and beliefs of dentists that visit Glidewell's lab. | are not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark. Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth). Mr. Ramirez's opinion is proper because it is rationally based on his |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 31 -

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | perception of dentists in the industry, is helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge.  Fed. R. Evid. 701.  This perception is the product of his extensive knowledge of and experience in the dental industry. Mr. Ramirez's statements are based on his personal knowledge gained by his more than 30 years in the dental industry, and his numerous interactions with dentists. (Dkt. # 90, Ex. H, ¶ 2) |
| 3. | Ramirez Decl. ¶ 9 "I reinforce the dentists' already expressed awareness that the BruxZir mark is a brand or | Improper Opinion Testimony (FRE 701, 702). Mr. Ramirez improperly provides opinion testimony on the issue of whether the BruxZir mark signifies Glidewell Labs as the source | Mr. Ramirez's opinion is proper because it is rationally based on his perception of dentists in the industry, is helpful to understanding the witnesses' testimony or to determining a fact in |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | trademark that signifies that Glidewell Labs is the source of zirconia crowns and bridges marketed under that trademark . . ." | of BruxZir brand zirconia crowns. Lack of Personal Knowledge (FRE 602). Mr. Ramirez does not have personal knowledge of the awareness of dentists that visit Glidewell's lab. Hearsay (FRE 801, 802). The "expressed awareness" of dentists are out of court statements which are being offered to prove the truth of the matter asserted. | issue, and is not based on specialized knowledge. Fed. R. Evid. 701. This perception is the product of his extensive knowledge of and experience in the dental industry. Mr. Ramirez's statements are based on his personal knowledge gained by his more than 30 years in the dental industry. (Dkt. # 90, Ex. H, ¶ 2) The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark. Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted, such as |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth). |
| **D.** | **Objections to the Declaration of Dr. Michael DiTolla** | | |
| 1. | DiTolla Decl. ¶ 6 "The articles and advertisements in *Chairside* consistently and prominently display the BruxZir brand in association with the Glidewell Labs name." | Best Evidence (FRE 1002). The best evidence is actual copies of *Chairside* magazine. | The best evidence rule does not apply because the contents of the reports are not sought to be proved. The best evidence rule does not apply because the contents of the reports are not sought to be proved. Testimony only violates the best evidence rule if it is being offered to prove the content of a writing. Fed. R. Evid. 1002, Adv. |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 34 -

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | Comm. Notes; *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 598-599 (best evidence rule does not demand document production "to prove something besides the content," no requirement that document be produced simply because it "contains facts that are also testified to by a witness"); *Allstate Ins. Co. v. Swann*, 27 F. 3d 1539, 1543 (11th Cir. 1994). This statement is based on Dr. DiTolla's personal knowledge of the magazines. (Dkt. # 90, Ex. I, ¶ 6) |
| 2. | DiTolla Decl. ¶ 11 "The vast majority of the two to three thousand dentists I have interacted with regarding BruxZir have made statements to | Hearsay (FRE 801, 802). Comments made by dentists to Dr. DiTolla are out of court statements offered to prove the truth of the matter asserted. Contrary to previous testimony. When asked whether people in the industry | The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark. Fed. R. |

- 35 -

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | me indicating that they understand that BruxZir identifies Glidewell as the source of the crown products." | liked the name BruxZir, Dr. DiTolla testified at deposition that:<br><br>"I really can't speak for the industry. Most of the people who I deal with are clients who are dentists at Glidewell.<br><br>"I seem to recall people -- yeah, dentists commenting on it favorably, but I think more important to them was the material itself. I think we got a lot more comments -- in fact, looking for that e-mail, I just noticed comments from a dentist that he sent in today about those crowns.<br><br>"So I don't think dentists concern themselves a lot with the marketing, per se. They're more concerned how the material's going to perform in the mouth, and there's | Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth). To the extent it is considered hearsay, it is admissible to show the dentists' state of mind as it relates to the BruxZir mark.  Fed. R. Evid. 803(3). Any purposed inconsistencies with prior testimony go to the weight, not admissibility, of the evidence.  *See Anderson v. Liberty Lobby*, 477 U.S. |

|  | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
|  |  | certainly been a lot of positive comments about that." (Jankowski Decl. [Doc. 91] Ex. 4 (DiTolla Dep. Tr.) at 89:18-90:9.) | 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict"); *see Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("a court's role in deciding a summary judgment motion is not to make credibility determinations or weigh conflicting evidence"); *Messick v. Horizon Industries, Inc.* 62 F.3d 1227, 1231 (9th Cir. 1995) (minor inconsistencies between deposition testimony and summary judgment affidavit resulting from honest discrepancy or mistake no basis for |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | excluding affidavit); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 267 (9th Cir. 1991) (only "sham" testimony that flatly contradicts earlier testimony in an attempt to "create" an issue of fact and avoid summary judgment should be excluded). Dr. DiTolla's opinion testimony is proper because he was disclosed as an expert prior to the discovery cut-off date in this case (October 29, 2012).  Absent some other court-ordered deadline, not found here, disclosure of an expert on the last day of discovery is timely.  *See* Order, *Etagz, Inc. v. Quiksilver, Inc.*, No. SACV 10-300 DOC (MLGx) (C.D. Cal. Nov. 16, 2012), ECF No. 179; *Russell v. Daiichi-Sankyo, Inc.,* CV 11-34-BLG-CSO, 2012 WL 1805038 (D. |

- 38 -

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | Mont. May 17, 2012) (holding disclosure of fact witness made on day of discovery cut-off to be timely); *ESM Techs., LLC v. Biova, LLC*, No. 10-3009-CV-S-RED (W.D. Missouri March 21, 2012), ECF No. 209 (holding supplemental rebuttal expert declaration and report filed on last day of discovery to be timely filed). |
| 3. | DiTolla Decl. ¶ 11 "... which support my conclusion that dentists understand that BruxZir identifies Glidewell as the source of the crown products." And "Based on the above, it is my opinion that the | Improper Opinion Evidence (FRE 701, 702); F.R.C.P. 37(c) (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added). Glidewell did not identify Dr. DiTolla | The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists. To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | BruxZir name has attained in the minds of dentists a strong identifying source with Glidewell." | as an expert witness under Fed. R. Evid. 702 until minutes before the close of discovery on October 29, 2012 and after Keating had already taken Dr. DiTolla's deposition. This is not in accordance with Fed. R. Evid. 26(a) and (e) and therefore Dr. DiTolla should not be allowed to testify as an expert in this case. Contrary to Previous Testimony. When asked whether people in the industry liked the name BruxZir, Dr. DiTolla testified at deposition that:<br><br>    "I really can't speak for the industry. Most of the people who I deal with are clients who are dentists at Glidewell.<br><br>    "I seem to recall people -- yeah, dentists commenting on it favorably, | knowledge.  Fed. R. Evid. 701. Dr. DiTolla's opinion testimony is proper because he was disclosed as an expert prior to the discovery cut-off date in this case (October 29, 2012).  Absent some other court-ordered deadline, not found here, disclosure of an expert on the last day of discovery is timely.  *See* Order, *Etagz, Inc. v. Quiksilver, Inc.*, No. SACV 10-300 DOC (MLGx) (C.D. Cal. Nov. 16, 2012), ECF No. 179; *Russell v. Daiichi-Sankyo, Inc.,* CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) (holding disclosure of fact witness made on day of discovery cut-off to be timely); *ESM Techs., LLC v. Biova, LLC*, No. 10-3009-CV-S-RED (W.D. Missouri March 21, 2012), ECF No. 209 (holding |

|   | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
|   |   | but I think more important to them was the material itself. I think we got a lot more comments -- in fact, looking for that e-mail, I just noticed comments from a dentist that he sent in today about those crowns.      "So I don't think dentists concern themselves a lot with the marketing, per se. They're more concerned how the material's going to perform in the mouth, and there's certainly been a lot of positive comments about that." (Jankowski Decl. [Doc. 91] Ex. 4 (DiTolla Dep. Tr.) at 89:18-90:9.) | supplemental rebuttal expert declaration and report filed on last day of discovery to be timely filed). |
| 4. | DiTolla Decl. ¶ 12 "It is my opinion that "bruxer" is not a commonly used term in the | Improper Opinion Evidence (FRE 701, 702); F.R.C.P. 37(c) (If a party fails to provide information or identify a witness as required by Rule 26(a) or | The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists.  To the extent an opinion is |

| Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|
| dental field for crowns." | (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added).<br><br>Glidewell did not identify Dr. DiTolla as an expert witness under Fed. R. Evid. 702 until minutes before the close of discovery on October 29, 2012 and after Keating had already taken Dr. DiTolla's deposition. This is not in accordance with Fed. R. Evid. 26(a) and (e) and therefore Dr. DiTolla should not be allowed to testify as an expert in this case. | involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge.  Fed. R. Evid. 701.<br><br>Dr. DiTolla's opinion testimony is proper because he was disclosed as an expert prior to the discovery cut-off date in this case (October 29, 2012).  Absent some other court-ordered deadline, not found here, disclosure of an expert on the last day of discovery is timely.  *See* Order, *Etagz, Inc. v. Quiksilver, Inc.,* No. SACV 10-300 DOC (MLGx) (C.D. Cal. Nov. 16, 2012), ECF No. 179; *Russell v. Daiichi-Sankyo, Inc.,* CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) (holding |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 42 -

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | disclosure of fact witness made on day of discovery cut-off to be timely); *ESM Techs., LLC v. Biova, LLC*, No. 10-3009-CV-S-RED (W.D. Missouri March 21, 2012), ECF No. 209 (holding supplemental rebuttal expert declaration and report filed on last day of discovery to be timely filed). |
| 5. | DiTolla Decl. ¶ 14 "I know from my frequent discussions with dentists, including many Glidewell customers, however, that the vast majority of dentists do not limit their use of BruxZir brand crowns to patients with | Hearsay (FRE 801, 802). Comments made by dentists to Dr. DiTolla are out of court statements offered to prove the truth of the matter asserted. Improper Opinion Evidence (FRE 701, 702); F.R.C.P. 37(c) (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use** | The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark.  Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for |

- 43 -

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|
| bruxism, but instead use them in a variety of situations when hard and durable crowns are needed, such as for patients who have chipped or broken other porcelain restorations, or teeth with short clinical crowns where less than one millimeter of reduction is possible." | **that information or witness** to supply evidence on a motion) (emphasis added). Glidewell did not identify Dr. DiTolla as an expert witness under Fed. R. Evid. 702 until minutes before the close of discovery on October 29, 2012 and after Keating had already taken Dr. DiTolla's deposition. This is not in accordance with Fed. R. Evid. 26(a) and (e) and therefore Dr. DiTolla should not be allowed to testify as an expert in this case. | the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth). To the extent it is considered hearsay, it is admissible to show the dentists' state of mind as it relates to the BruxZir mark.  Fed. R. Evid. 803(3). Dr. DiTolla may rely on dentist statements, even if those statements were inadmissible (which they are not), to support his opinions, because a statement regarding dental terms is the type of evidence that an expert would reasonably rely on.  Fed. R. Evid. 703; |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (reliability based on training, experience, and personal knowledge).  Further, Dr. DiTolla does not offer the dentists' statements for the truth of the matters asserted, but rather to elucidate the bases for his opinions.  Fed. R. Evid. 801(c); *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988). <br><br> Dr. DiTolla's opinion testimony is proper because he was disclosed as an expert prior to the discovery cut-off date in this case (October 29, 2012).  Absent some other court-ordered deadline, not found here, disclosure of an expert on the last day of discovery is timely.  *See* See Order, *Etagz, Inc. v. Quiksilver, Inc.*, No. SACV 10-300 DOC (MLGx) |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 45 -

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | (C.D. Cal. Nov. 16, 2012), ECF No. 179; *Russell v. Daiichi-Sankyo, Inc.,* CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) (holding disclosure of fact witness made on day of discovery cut-off to be timely); *ESM Techs., LLC v. Biova, LLC*, No. 10-3009-CV-S-RED (W.D. Missouri March 21, 2012), ECF No. 209 (holding supplemental rebuttal expert declaration and report filed on last day of discovery to be timely filed). |
| 6. | DiTolla Decl. ¶ 20 Entire paragraph. | Improper Opinion Evidence (FRE 701, 702); F.R.C.P. 37(c) (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use** | The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists.  To the extent an opinion is involved, it is rationally based on the |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | **that information or witness** to supply evidence on a motion) (emphasis added). Glidewell did not identify Dr. DiTolla as an expert witness under Fed. R. Evid. 702 until minutes before the close of discovery on October 29, 2012 and after Keating had already taken Dr. DiTolla's deposition. This is not in accordance with Fed. R. Evid. 26(a) and (e) and therefore Dr. DiTolla should not be allowed to testify as an expert in this case. | witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge.  Fed. R. Evid. 701. Dr. DiTolla's opinion testimony is proper because he was disclosed as an expert prior to the discovery cut-off date in this case (October 29, 2012).  Absent some other court-ordered deadline, not found here, disclosure of an expert on the last day of discovery is timely.  *See See* Order, *Etagz, Inc. v. Quiksilver, Inc.*, No. SACV 10-300 DOC (MLGx) (C.D. Cal. Nov. 16, 2012), ECF No. 179; *Russell v. Daiichi-Sankyo, Inc.,* CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) (holding disclosure of fact witness made on day |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | of discovery cut-off to be timely); *ESM Techs., LLC v. Biova, LLC*, No. 10-3009-CV-S-RED (W.D. Missouri March 21, 2012), ECF No. 209 (holding supplemental rebuttal expert declaration and report filed on last day of discovery to be timely filed). |
| 7. | DiTolla Decl. ¶ 21 Entire paragraph | Improper Opinion Evidence (FRE 701, 702); F.R.C.P. 37(c) (If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness** to supply evidence on a motion) (emphasis added). Glidewell did not identify Dr. DiTolla as an expert witness under Fed. R. | The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists.  To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge.  Fed. R. Evid. 701. |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | Evid. 702 until minutes before the close of discovery on October 29, 2012 and after Keating had already taken Dr. DiTolla's deposition. This is not in accordance with Fed. R. Evid. 26(a) and (e) and therefore Dr. DiTolla should not be allowed to testify as an expert in this case. | Dr. DiTolla's opinion testimony is proper because he was disclosed as an expert prior to the discovery cut-off date in this case (October 29, 2012). Absent some other court-ordered deadline, not found here, disclosure of an expert on the last day of discovery is timely. *See See* Order, *Etagz, Inc. v. Quiksilver, Inc.*, No. SACV 10-300 DOC (MLGx) (C.D. Cal. Nov. 16, 2012), ECF No. 179; *Russell v. Daiichi-Sankyo, Inc.,* CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) (holding disclosure of fact witness made on day of discovery cut-off to be timely); *ESM Techs., LLC v. Biova, LLC*, No. 10-3009-CV-S-RED (W.D. Missouri March 21, 2012), ECF No. 209 (holding supplemental rebuttal expert declaration |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 49 -

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | and report filed on last day of discovery to be timely filed). |
| **E.** | **Objections to the Declaration of Robin Carden** | | |
| 1. | Carden Decl. ¶¶ 4, 5, 6 Portions of Mr. Carden's testimony include "my verbal presentation," "I explained," and "I emphasized". | Hearsay (FRE 801, 802). These portions of the declaration testify of out of court statements offered to prove the truth of the matter asserted. | The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark.  Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted**,** such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 50 -

|  | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
|  |  |  | 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth).  To the extent it is considered hearsay, it is admissible to show the dentists' state of mind as it relates to the BruxZir mark.  Fed. R. Evid. 803(3). The referenced portions of Mr. Carden's declaration refer to statements he made, to which he has personal knowledge, and they are not hearsay.  (Dkt. #90, Ex. J, ¶¶ 2-6) |
| 2. | Carden Decl. ¶ 7 Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Carden improperly provides opinion testimony regarding understandings of dentists and dental lab representatives. Hearsay (FRE 801, 802). The statements contained in this paragraph | The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists.  To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | are based entirely on hearsay evidence. | or to determining a fact in issue, and is not based on specialized knowledge.  Fed. R. Evid. 701. Mr. Carden's opinion is proper because it is rationally based on his perception of the BruxZir mark in the industry. This perception is the product of his personal knowledge and experience in the dental profession provides the basis for his statements.  (Dkt. #90, Ex. J, ¶¶ 2-7) Mr. Carden does not offer an out of court statement to prove the truth of the matter asserted.  The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | mark. Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth). To the extent it is considered hearsay, it is admissible to show the dentists' state of mind as it relates to the BruxZir mark. Fed. R. Evid. 803(3). |
| 3. | Carden Decl. ¶ 8 Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Carden improperly | The statement is not opinion testimony, but rather consists of facts learned |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | provides opinion testimony regarding understandings of dentists and dental lab representatives. Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on hearsay evidence. | through his conversations with other dentists. To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge. Fed. R. Evid. 701. Mr. Carden's opinion is proper because it is rationally based on his perception of the BruxZir mark in the industry. This perception is the product of his personal knowledge and experience in the dental profession provides the basis for his statements. (Dkt. #90, Ex. J, ¶¶ 2-8) Mr. Carden does not offer an out of court statement to prove the truth of the matter asserted. The statements are not hearsay as they are not offered to prove |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark.  Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth).  To the extent it is considered hearsay, it is admissible to show the dentists' state of mind as it relates to the BruxZir mark. |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 55 -

|   | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
|   |   |   | Fed. R. Evid. 803(3). |
| 4. | Carden Decl. ¶ 9<br>Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Carden improperly provides opinion testimony regarding understandings of dentists and dental lab representatives.<br>Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on hearsay evidence. | The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists.  To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge.  Fed. R. Evid. 701. Mr. Carden's opinion is proper because it is rationally based on his perception of the BruxZir mark in the industry.  This perception is the product of his personal knowledge and experience in the dental profession provides the basis for his statements.  (Dkt. #90, Ex. J, ¶¶ 2-9) |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | Mr. Carden does not offer an out of court statement to prove the truth of the matter asserted.  Mr. Carden does not offer an out of court statement to prove the truth of the matter asserted.  The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark.  Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

|  | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
|  |  |  | 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth).  To the extent it is considered hearsay, it is admissible to show the dentists' state of mind as it relates to the BruxZir mark.  Fed. R. Evid. 803(3). |
| 5. | Carden Decl. ¶ 10 Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Carden improperly provides opinion testimony regarding understandings of dentists and dental lab representatives. Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on hearsay evidence. | The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists.  To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge.  Fed. R. Evid. 701.  Mr. Carden's opinion is proper because it is |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | rationally based on his perception of the BruxZir mark in the industry.  This perception is the product of his personal knowledge and experience in the dental profession provides the basis for his statements.  (Dkt. #90, Ex. J, ¶¶ 2-10)  Mr. Carden does not offer an out of court statement to prove the truth of the matter asserted.  Mr. Carden does not offer an out of court statement to prove the truth of the matter asserted.  The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark.  Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 59 -

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth).  To the extent it is considered hearsay, it is admissible to show the dentists' state of mind as it relates to the BruxZir mark.  Fed. R. Evid. 803(3). |
| **F.** | **Objections to the Declaration of Robin Bartolo** | | |
| 1. | Bartolo Decl. ¶ 5 Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Bartolo improperly provides opinion testimony regarding understandings of dentists and dental | The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists.  To the extent an opinion is |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

|  | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
|  |  | lab representatives. Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on hearsay evidence. | involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge.  Fed. R. Evid. 701. Mr. Bartolo's opinion is proper because it is rationally based on his perception of the BruxZir mark in the industry.  This perception is the product of his personal knowledge and experience in the dental profession provides the basis for his statements.  (Dkt. # 90, Ex. K, ¶¶ 2-5) Mr. Bartolo does not offer an out of court statement to prove the truth of the matter asserted.  Mr. Carden does not offer an out of court statement to prove the truth of the matter asserted.  The statements are not hearsay as they are |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 61 -

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark.  Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth).  To the extent it is considered hearsay, it is admissible to show the dentists' state of mind as it relates to the |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 62 -

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | BruxZir mark.  Fed. R. Evid. 803(3). |
| 2. | Bartolo Decl. ¶ 6<br>Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Bartolo improperly provides opinion testimony regarding understandings of dentists and dental lab representatives.<br>Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on hearsay evidence. | The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists.  To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge.  Fed. R. Evid. 701.  Mr. Bartolo's opinion is proper because it is rationally based on his perception of the BruxZir mark in the industry.  This perception is the product of his personal knowledge and experience in the dental profession provides the basis for his statements.  (Dkt. # 90, Ex. K, ¶¶ 2-6) |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 63 -

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | Mr. Bartolo does not offer an out of court statement to prove the truth of the matter asserted.  Mr. Carden does not offer an out of court statement to prove the truth of the matter asserted.  The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark.  Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, |

- 64 -

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth).  To the extent it is considered hearsay, it is admissible to show the dentists' state of mind as it relates to the BruxZir mark.  Fed. R. Evid. 803(3). |
| 3. | Bartolo Decl. ¶ 7 Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Bartolo improperly provides opinion testimony regarding understandings of dentists and dental lab representatives.<br>Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on hearsay evidence. | The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists.  To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge.  Fed. R. Evid. 701.  Mr. Bartolo's opinion is proper because it is |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 65 -

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | rationally based on his perception of the BruxZir mark in the industry.  This perception is the product of his personal knowledge and experience in the dental profession provides the basis for his statements.  (Dkt. # 90, Ex. K, ¶¶ 2-7) Mr. Bartolo does not offer an out of court statement to prove the truth of the matter asserted.  Mr. Carden does not offer an out of court statement to prove the truth of the matter asserted.  The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark.  Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

|   | Testimony | Keating's Objection | Glidewell's Responses |
|---|-----------|---------------------|------------------------|
|   |           |                     | that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth).  To the extent it is considered hearsay, it is admissible to show the dentists' state of mind as it relates to the BruxZir mark.  Fed. R. Evid. 803(3). |
| 4. | Bartolo Decl. ¶ 8  Entire paragraph. | Improper Opinion Testimony (FRE 701, 702). Mr. Bartolo improperly provides opinion testimony regarding understandings of dentists and dental lab representatives. | The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists.  To the extent an opinion is involved, it is rationally based on the |

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | Hearsay (FRE 801, 802). The statements contained in this paragraph are based entirely on hearsay evidence. | witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge.  Fed. R. Evid. 701.  Mr. Bartolo's opinion is proper because it is rationally based on his perception of the BruxZir mark in the industry.  This perception is the product of his personal knowledge and experience in the dental profession provides the basis for his statements.  (Dkt. # 90, Ex. K, ¶¶ 2-8)  Mr. Bartolo does not offer an out of court statement to prove the truth of the matter asserted.  Mr. Carden does not offer an out of court statement to prove the truth of the matter asserted.  The statements are not hearsay as they are not offered to prove the truth of the |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

| | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| | | | matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark.  Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth).  To the extent it is considered hearsay, it is admissible to show the dentists' state of mind as it relates to the BruxZir mark.  Fed. R. Evid. 803(3). |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 69 -

|  | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
|  |  |  |  |
| **G.** | **Objections to the Declaration of Keith Allred** | | |
| 1. | Allred Decl. ¶¶ 16-25 Characterization of marks being "confusingly similar." | Improper Opinion Testimony (FRE 701, 702). Mr. Allred improperly provides opinion testimony regarding whether various marks are "confusingly similar" to Glidewell's mark. | The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists. To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge. Fed. R. Evid. 701. Mr. Allred's opinion is proper because it is rationally based on his perception of the BruxZir mark in the industry. This perception is the product of his personal knowledge and experience in the dental profession provides the basis for his statements. (Dkt. #90, Ex. L, ¶¶ 10-12) |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

- 70 -

|   | Testimony | Keating's Objection | Glidewell's Responses |
|---|---|---|---|
| 2. | Allred Decl. ¶ 33 "Further, I do not believe the BruxZir mark is generic—I believe it is a distinctive mark. Nor has anyone at Glidewell indicated to me a belief that the BruxZir mark is generic." | Improper Opinion Testimony (FRE 701, 702). Mr. Allred improperly provides opinion testimony regarding whether the BruxZir mark is generic or distinctive. | The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists.  To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge.  Fed. R. Evid. 701.  Mr. Allred's opinion is proper because it is rationally based on his perception of the BruxZir mark in the industry.  This perception is the product of his personal knowledge and experience in the dental profession provides the basis for his statements.  (Dkt. #90, Ex. L, ¶ 10) |

GLIDEWELL'S RESPONSE TO KEATING'S OBJECTIONS TO
DECL. OF GLIDEWELL EMPLOYEES SUBMITTED ISO
GLIDEWELL'S MOTIONS FOR PSJ
CASE NO. SACV11-01309 DOC (ANx)

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on December 3, 2012, I electronically filed the document described as **PLAINTIFF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S RESPONSE TO DEFENDANT KEATING DENTAL ARTS, INC.'S OBJECTIONS TO EVIDENCE SUBMITTED BY GLIDEWELL EMPLOYEES IN SUPPORT OF ITS MOTIONS FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA  92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel: (949) 760-0404
Fax: (949) 760-9502

Jeffrey.vanhoosear@kmob.com
David.jankowski@kmob.com
Lynda.zadra-symes@kmob.com
litigation@kmob.com

Dated:  December 3, 2012

SNELL & WILMER L.L.P.

By: *s/Philip J. Graves*
    Philip J. Graves
    Greer N. Shaw

    Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
    dba GLIDEWELL LABORATORIES

16139994.1

SNELL & WILMER
———— L.L.P. ————
SUITE 2600
350 SOUTH GRAND AVENUE
TWO CALIFORNIA PLAZA,
LOS ANGELES, CALIFORNIA 90071