SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, California 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**NOTICE OF ERRATA RE APPENDIX OF EVIDENCE IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MOTION FOR SUMMARY JUDGMENT (Dkt #90)**<br><br>Hearing<br><br>Date: December 17, 2012<br>Time: 8:30 a.m.<br>Ctrm: 9D, Hon. David O. Carter<br><br>Pre-Trial Conf.: January 28, 2013<br>Jury Trial: February 26, 2013 |

Plaintiff James R. Glidewell Dental Ceramics, Inc., dba Glidewell Laboratories ("Glidewell"), respectfully submits this *Notice of Errata* to address an inadvertent error in Glidewell's Appendix of Evidence in Support of James R. Glidewell Dental Ceramics, Inc.'s Motion for Summary Judgment ("Appendix") filed on November 19, 2012, as Docket #90.

In Glidewell's Appendix, Exhibit 87 was inadvertently shown as being filed under seal and omitted from the Appendix. Exhibit 87 was not filed under seal. To rectify this inadvertent error, Glidewell submits Exhibit 87 attached as Exhibit A.

Glidewell apologizes for any confusion or inconvenience.

Respectfully submitted,

Dated: December 5, 2012

SNELL & WILMER L.L.P.

By: *s/Philip J. Graves*
Philip J. Graves
Greer N. Shaw

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba Glidewell Laboratories

# Exhibit 87

Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN : 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.iankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>    Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No.<br>SACV11-01309-DOC(ANx)<br><br>**KEATING DENTAL ARTS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-11)**<br><br>Honorable David O. Carter |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Keating Dental Arts, Inc. ("Keating") hereby provides to Plaintiff James R. Glidewell Dental Ceramics, Inc. d/b/a Glidewell Laboratories ("Glidewell") the following objections and responses to Glidewell's First Set of Requests for Admission (Nos. 1-11) served on September 21, 2012. Pursuant to Federal Rule of Civil Procedure 26(e), Keating reserves the right to supplement its responses to these requests.

**GENERAL RESPONSE AND OBJECTIONS**

1.   Keating objects to these Requests to the extent that they are untimely as they were served on Keating after the Court's cutoff for written discovery as stated in its Scheduling Order entered on December 16, 2011. In the Court's Order, the discovery cut-off date was set for October 29, 2012 with all written discovery to be served at least forty-five (45) days before the discovery cut-off date. These Requests were served by mail on September 21, 2012.

2.   Keating objects generally to these Requests for Admission to the extent they ask Keating to admit or deny facts or information not known to Keating and not in the possession, custody or control of Keating. These responses are based upon information currently available to Keating and its counsel and reflect the current state of Keating's knowledge, understanding and belief respecting the matters about which inquiry was made.

3.   Keating objects to the Definitions and to each of the Instructions set forth in Glidewell's Requests for Admission to the extent that they fail to comply with, or impose obligations in excess of the Federal Rules of Civil Procedure and the Court's local rules. Keating objects to the Requests for Admission to the extent they seek information that is irrelevant to the subject

1  matter of the pending action or is not reasonably calculated to lead to the
2  discovery of admissible evidence.
3      4.   Keating objects to Glidewell's Requests for Admission to the
4  extent they seek the disclosure of information protected by the attorney-client
5  privilege, the attorney work product doctrine, the common interest or joint
6  defense privilege, or any other applicable privilege, doctrine, or immunity. The
7  specific objections stated below on the grounds of attorney-client privilege,
8  work product privilege, or any other applicable privilege in no way limit the
9  generality of this objection. Nothing contained in these responses is intended to
10 be nor should be considered a waiver of any attorney-client privilege, work
11 product protection, the right of privacy or any other applicable privilege or
12 doctrine.
13     5.   Keating objects to these Requests for Admission to the extent that
14 they use terms that are vague and/or ambiguous.
15     6.   The words and terms in the following responses should be
16 construed in accordance with their normal meanings and connotations and
17 should not be interpreted as terms of art or statutorily defined terms.
18     7.   Keating objects to Glidewell's definition of the term "KDA" on the
19 grounds that it is overbroad and beyond the scope of Fed. R. Civ. P. Rule 36
20 insofar as it purports to include within that term persons and entities over whom
21 Keating has no control and/or who, as nonparties, are not properly subject to
22 Fed. R. Civ. P. Rule 36. These responses are made solely on behalf of Keating
23 Dental Arts, Inc.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

PLAINTIFF's BRUXZIR trademark is a strong mark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Denied.

**REQUEST FOR ADMISSION NO. 2:**

BRUXZIR and KDZ BRUXER are both used on dental restorations made of full contour zirconia and sold to dentists.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Keating objects to this Request for Admission as vague and ambiguous as to the meanings of "used on" and "made of full contour zirconia." Keating shall interpret "used on" to mean "used as a trademark for." Keating admits that it sells dental restorations made of monolithic zirconia using the trademark "KDZ Bruxer." Keating otherwise denies this request.

**REQUEST FOR ADMISSION NO. 3:**

There is no "Z" sound in bruxer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Keating objects to this Request for Admission as vague and ambiguous as to the meaning of "no 'Z' sound in bruxer." Keating shall interpret "no 'Z' sound in bruxer" to mean "when the word 'bruxer' is spoken using American English, the speaker does not pronounce the sound of the letter 'Z'." Keating denies this Request.

**REQUEST FOR ADMISSION NO. 4:**

There is no "ZIR" sound in bruxer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Keating objects to this Request for Admission as vague and ambiguous as to the meaning of "no 'ZIR' sound in bruxer." Keating shall interpret "no 'Zir' sound in bruxer" to mean "when the word 'bruxer' is spoken using American English, the speaker does not pronounce the sound of the first syllable of the word 'zirconia'." Keating denies this Request.

**REQUEST FOR ADMISSION NO. 5:**

DEFENDANT Keating uses the term KDZ BRUXER as a trademark for

1 | dental restorations sold to dentists.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Keating objects to this Request as vague and ambiguous in using the phrase "trademark for dental restorations sold to dentists." Keating admits that it uses "KDZ Bruxer" as a trade name on Keating's dental restorations made of monolithic zirconia that are sold to dentists. Keating otherwise denies this request.

**REQUEST FOR ADMISSION NO. 6:**

DEFENDANT Keating is attempting to register the trademark KDZ BRUXER in the United States Patent and Trademark Office.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Keating objects to this Request as vague and ambiguous in using the phrase "attempting to register." Keating admits that it has filed an application in the United States Patent and Trademark Office to register "KDZ Bruxer" as a trademark for use in connection with dental prostheses. Keating otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 7:**

DEFENDANT Keating has no knowledge of whether any particular KDZ BRUXER crown is used to repair a tooth damaged by bruxism.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Denied.

**REQUEST FOR ADMISSION NO. 8:**

KDZ BRUXER crowns are ordered by dentists using DEFENDANT Keating forms that do not mention bruxism except as part of the trademark "KDZ BRUXER."

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Keating objects to this Request as vague and ambiguous in using the phrase "forms that do not mention bruxism except as part of the trademark

-4-

'KDZ BRUXER.'" Keating admits that it provides dentists with preprinted prescription forms that allow the dentists to order Keating's monolithic zirconia dental restoration products by providing an indication adjacent to the trade name "KDZ Bruxer," and that the forms themselves do not include on them the preprinted word "bruxism." Keating otherwise denies this request.

**REQUEST FOR ADMISSION NO. 9:**

KDZ BRUXER crowns are sold to dentists who normally do not indicate the reason why the patient needs a crown.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Keating objects to the Request for Admission as vague and ambiguous as to the meaning of the term "normally" and as to the intended audience of the phrase "do not indicate." Keating admits that dentists who provide prescriptions to Keating for crowns offered under the KDZ Bruxer trade name customarily do not inform Keating on the prescription form of the reason why the patient is in need of a crown. Keating otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 10:**

DEFENDANT Keating does not determine whether its KDZ BRUXER crowns are being sold to dentists for patients who have teeth damaged by bruxism.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Keating objects to the Request for Admission as vague and ambiguous as to the meaning of the phrase "does not determine." Keating admits that it does not require confirmation from dentists that crowns sold by Keating under the KDZ Bruxer trademark are being sold to them for use on teeth damaged by bruxism. Keating otherwise denies this Request.

///
///
///

-5-

**REQUEST FOR ADMISSION NO. 11:**

DEFENDANT Keating personnel know of no other dental labs which currently sell a full contour zirconia crown using a trademark containing the term "brux" other than Glidewell Laboratories.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Keating denies this Request.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 25, 2012   By: /s/ Lynda J. Zadra-Symes
　　　　　　　　　　　　　　　Lynda J. Zadra-Symes
　　　　　　　　　　　　　　　Jeffrey L. Van Hoosear
　　　　　　　　　　　　　　　David G. Jankowski

Attorneys for Plaintiff,
KEATING DENTAL ARTS, INC.

**PROOF OF SERVICE**

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California. I am readily familiar with the firm's business practices for the collection and processing of correspondence for mailing, and that mail so processed will be deposited the same day during the ordinary course of business.

On October 25, 2012, I caused the within KEATING DENTAL ARTS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-11) to be served on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows:

*Via Electronic and First Class Mail:*

Leonard Tachner, Esq.
LEONARD TACHNER, A Professional Law Corp.
17961 Sky Park Circle, Suite 38-E
Irvine, CA 92614-6364
Email: ltachner@aol.com

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 25, 2012 at Irvine, California.

_Claire A. Stoneman_
Claire A. Stoneman

14220083
102512

-7-

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2012, I electronically filed the document described as **NOTICE OF ERRATA RE APPENDIX OF EVIDENCE IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MOTION FOR SUMMARY JUDGMENT (Dkt #90)** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.vanhoosear@kmob.com<br>David.jankowski@kmob.com<br>Lynda.zadra-symes@kmob.com<br>litigation@kmob.com |

Dated: December 5, 2012           SNELL & WILMER L.L.P.


                                  By: *s/Philip J. Graves*
                                      Philip J. Graves
                                      Greer N. Shaw

                                      Attorneys for Plaintiff
                                      James R. Glidewell Dental Ceramics, Inc.
                                      dba GLIDEWELL LABORATORIES

16139994.1