SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, California 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KEATING DENTAL ARTS, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx) <br><br> **PLAINTIFF'S *EX PARTE* APPLICATION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MOTIONS FOR SUMMARY JUDGMENT** <br><br> Ctrm: 9D, Hon. David O. Carter <br><br> Pre-Trial Conf.: January 28, 2013 <br> Jury Trial: February 26, 2013 |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff James R. Glidewell Dental Ceramics, Inc. ("Plaintiff"), by and through its respective counsel, will and does hereby apply to this Court *ex parte* for an Order to file the following documents under seal (collectively "Lodged Documents"):

1. James R. Glidewell Dental Ceramic, Inc.'s Notice of Motion and Motion for Partial Summary Judgment as to Keating's Invalidity Defense and Counterclaim;

2. James R. Glidewell Dental Ceramic, Inc.'s Notice of Motion and Motion for Partial Summary Judgment re Infringement of a Federally Registered Mark (First Cause of Action) and Dismissal of Defendant's Second Affirmative Defense and First Counterclaim;

3. [Proposed] Statement of Uncontroverted Facts and Conclusions of Law in Support of Glidewell's Motion Partial Summary Judgment as to Keating's Invalidity Defense and Counterclaim;

4. [Proposed] Statement of Uncontroverted Facts and Conclusions of Law in Support of Glidewell's Motion Partial Summary Judgment re Infringement of a Federally Registered Mark (First Cause of Action) and Dismissal of Defendant's Second Affirmative Defense and First Counterclaim; and

5. The following exhibits attached to the Appendix of Evidence in Support of James R. Glidewell's Dental Ceramics, Inc.'s Motions for Summary Judgment:

    Exhibit G:    Declaration of Jim Shuck

    Exhibit I:    Declaration of Dr. Michael DiTolla

    Exhibit K:    Declaration of Robin Bartolo

    Exhibit L:    Declaration of Keith Allred

    Exhibit M:    Declaration of Nicole Fallon

    Exhibit O:    Declaration of Dr. Ronald Goldstein

| | | |
|---|---|---|
| Exhibit 1: | April 2, 2012 fax transmittal to Nicole Fallon from Dr. Le's Dental Office (GDC00002445-2446) |
| Exhibit 2: | April 3, 2012 Glidewell call note report (GDC00002444) |
| Exhibit 13: | Glidewell Direct mailers and other information (GDC00000053-59) (contains sales/advertising numbers) |
| Exhibit 15: | Keating prescription order forms and lab notes |
| Exhibit 46: | Chart of monthly sales of BruxZir restorations compared to sales of porcelain fused to metal restorations that was compiled by Glidewell's marketing department. (GDC00000240) |
| Exhibit 73: | E-mails from dentists to Dr. DiTolla regarding DiTolla's videos discussing BruxZir crowns (GDC000002393, 2397-2399) |
| Exhibit 74: | E-mails from dentists to Dr. DiTolla supporting his conclusion that dentists understand that BruxZir identifies Glidewell as the source of the crown products (GDC000002396, 2397-2398, 2402, 2404.) |
| Exhibit 82: | Defendant/Counterclaim Plaintiff's Response to Plaintiff/Counterclaim Defendant's First Set of Interrogatories Nos. 1-25 (Attorney's Eyes Only Exhibits) |
| Exhibit 83: | Excerpts from Deposition of James Shuck |
| Exhibit 84: | Excerpts from Deposition of Robert Dale Brandon |
| Exhibit 85: | Excerpts from Deposition of Shaun Keating |
| Exhibit 86: | Excerpts from Deposition of Diane Mallos Donich |

To the extent possible, redacted versions of these documents will be filed publicly.

This *Ex Parte* Application is unopposed. Good cause exists for this *Ex Aarte* Application to file under seal the Lodged Documents. The Protective Order entered

1  in this case on January 30, 2012 ("Protective Order") provides that any party filing
2  or lodging any "document" with the Court that discloses material designated as
3  "Confidential" or "Attorney's Eyes Only" shall do so only after placing such
4  material in a sealed envelope or other sealed container pursuant to Fed. R. Civ. P.
5  26(c)(8) and Local Rule 79-5. Dkt. #19.
6      Local Rule 79-5.1 provides that, with the Court's approval, the original and
7  the judge's copy of the document requiring confidentiality protection shall be
8  sealed in separate envelopes with a copy of the title page attached to the front of
9  each envelope. In compliance with Local Rule 79-5.1, Plaintiff submits with this *Ex*
10 *Parte* Application the appropriately marked envelopes for the Lodged Documents.
11     According to Local Rules 7-19 and 7-19.1, Defendant Keating Dental Arts,
12 Inc.'s ("Defendant") counsel in this matter are the following: (1) Lynda J. Zadra-
13 Symes, Jeffrey L. Van Hoosear, David G. Jankowski, KNOBBE, MARTENS,
14 OLSON & BEAR, LLP, 2040 Main Street, Fourteenth Floor, Irvine, California
15 92614; telephone: 949.760.0404; emails: lynda.zadra-symes@kmob.com,
16 jeffrey.vanhoosear@kmob.com, david.jankowski@kmob.com.
17     Pursuant to Local Rule 7-19.1, Plaintiff's counsel, Mr. Seepan Parseghian,
18 informed Defendant's counsel, Ms. Lynda J. Zadra-Symes, of this *ex parte*
19 application by e-mail on November 19, 2012. (Parseghian Decl., ¶ 3). On
20 November 19, 2012, Defendant's counsel responded by electronic mail stating that
21 Defendant will not oppose this Ex Parte Application. (Parseghian Decl., ¶ 3).

Dated: November 19, 2012

SNELL & WILMER L.L.P.

By: /s/ Deborah S. Mulgrave for
Philip J. Graves
Greer N. Shaw
Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba
GLIDEWELL LABORATORIES

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF *EX PARTE* APPLICATION

Plaintiff applies *ex parte* to this Court for an Order permitting Plaintiff to file under seal the Lodged Documents pursuant to the Protective Order governing this case and Local Rule 79-5.1.

This *Ex Parte* Application is unopposed. Good cause exists for this *Ex Parte* Application. The Protective Order entered in this case on January 30, 2012 ("Protective Order") provides that any party filing or lodging any "document" with the Court that discloses material designated as "Confidential" or "Attorney's Eyes Only" shall do so only after placing such material in a sealed envelope or other sealed container pursuant to Fed. R. Civ. P. 26(c)(8) and Local Rule 79-5. Dkt. #19.

The Lodged Documents contain, reference, or incorporate discovery material designated either as "Confidential" or "Attorney's Eyes Only." (Declaration of Seepan Parseghian ("Parseghian Decl."), ¶ 4). Moreover, the Lodged Documents also contain highly confidential financial, trade secret, and personal patient information concerning Plaintiff's and/or Defendant's products. (Declaration of Gary Prichard, ¶ 4, Parseghian Decl., ¶ 5). This information, if disclosed to the public, would cause Plaintiff and/or Defendant irreparable harm. *Id*. The Lodged Documents are necessary to support (1) Plaintiff's Notice of Motion and Motion for Partial Summary Judgment as to Keating's Invalidity Defense and Counterclaim, and (2) Plaintiff's Notice of Motion and Motion for Partial Summary Judgment re Infringement of a Federally Registered Mark (First Cause of Action) and Dismissal of Defendant's Second Affirmative Defense and First Counterclaim. (Parseghian Decl., ¶ 6).

Plaintiff requires that the Lodged Documents be filed under seal because they disclose confidential information relating to Plaintiff's and Defendant's business development, marketing strategies, trade secrets, and other confidential and

proprietary information that, if disclosed to competitors, could cause Plaintiff and/or Defendant substantial harm. Also, because the Lodged Documents contain information relating to Plaintiff's and Defendant's business development, marketing strategies, trade secrets, and other confidential and proprietary information, disclosure could result in misuse by unscrupulous third parties and competitors by replicating valuable aspects of the BruxZir brand crown, and could compromise Plaintiff's and/or Defendant's bargaining position in future business negotiations.

Federal Rule of Civil Procedure 26(c) provides that a party may protect confidential information via a protective order. Such an order is in place in this matter. (Parseghian Decl., ¶ 4). Furthermore, the common law right of access to court documents can be overcome by showing sufficiently important countervailing interests. *Phillips ex. Rel. Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). In deciding whether such important countervailing interests exist, the Court may look to the public interest in understanding the judicial process and whether disclosure of the material could results in improper use of the material. *Id.* at 1213. Here, the sealing of the Lodged Documents will likely have little impact on the public interest in understanding the judicial process, given that the motions for summary judgment in this case and the oppositions thereto are based on well-settled trademark law and the application of such law to the particular facts at issue here. Conversely, disclosure of the information could have considerable impact upon Plaintiff and/or Defendant.

For the foregoing reasons, Plaintiff respectfully requests that the Lodged Documents be filed under seal. In the event that the Court finds no good cause to support the sealing of the Lodged Documents, Plaintiff respectfully requests that they be filed regardless.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: November 19, 2012 | SNELL & WILMER L.L.P. |
| 3 | | |
| 4 | | By: /s/ Deborah S. Mulgrew for |
| 5 | | Philip J. Graves<br>Greer N. Shaw |
| 6 | | |
| 7 | | Attorneys for Plaintiff<br>James R. Glidewell Dental Ceramics, Inc. dba |
| 8 | | GLIDEWELL LABORATORIES |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
U.S. District Court, Central District of California, Case No. SACV11-01309-DOC (ANx)

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

On November 19, 2012, I served, in the manner indicated below, the foregoing document(s) described as **PLAINTIFF'S EX PARTE APPLICATION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MOTIONS FOR SUMMARY JUDGMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

*Please see attached Service List*

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐ BY FACSIMILE: (C.C.P. § 1013(e)(f)).

☐ BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☒ BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

☐ BY ELECTRONIC MAIL: I caused such document(s) to be delivered electronically to the following email address(es): David G. Jankowski david.jankowski@kmob.com, Jeffrey L. Van Hoosear Jeffrey.vanhoosear@kmob.com, Lynda J. Zadra-Symes Lynda.zadra-symes@kmob.com, litigation@kmob.com; Thomas L. Gourde tgourdelaw@cox.net

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 19, 2012, at Costa Mesa, California.

Rosemary McKay

PROOF OF SERVICE

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
U.S. District Court, Central District of California, Case No. SACV11-01309-DOC (ANX)

## SERVICE LIST

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br><br>Tel: (949) 760-0404<br>Fax: (949) 760-9502<br><br>Email:<br>Jeffrey.vanhoosear@kmob.com<br>David.jankowski@kmob.com<br>Lynda.zadra-symes@kmob.com<br>litigation@kmob.com |

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

PROOF OF SERVICE