ORIGINAL
LODGED

SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Christopher B. Pinzon (SBN 254110)
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, California 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
NOV 26 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KEATING DENTAL ARTS, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx) <br><br> **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S *EX PARTE* APPLICATION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN SUPPORT OF ITS REPLIES TO MOTIONS FOR SUMMARY JUDGMENT** <br><br> Ctrm: 9D, Hon. David O. Carter <br><br> Pre-Trial Conf.: January 28, 2013 <br> Jury Trial: February 26, 2013 |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff James R. Glidewell Dental Ceramics, Inc. ("Plaintiff"), by and through its respective counsel, will and does hereby apply to this Court *ex parte* for an Order to file the following documents under seal (collectively "Lodged Documents"):

1. James R. Glidewell Dental Ceramics, Inc.'s Reply in support of Glidewell's Motion for Partial Summary Judgment as to Keating's Invalidity Defense and Counterclaim;

2. James R. Glidewell Dental Ceramics, Inc.'s Reply in Support of Glidewell's Motion for Partial Summary Judgment re Infringement of a Federally Registered Mark (First Cause of Action) and Dismissal of Defendant's Second Affirmative Defense and First Counterclaim;

3. Notice of Errata re Glidewell Laboratories' Oppositions to Keating's Motions for Summary Judgment; and

4. Exhibit 117 to the Declaration of Greer N. Shaw in Support of James R. Glidewell Dental Ceramics, Inc.'s Motions for Summary Judgment.

To the extent possible, redacted versions of these documents will be filed publicly.

This *Ex Parte* Application is unopposed. Good cause exists for this *Ex Aarte* Application to file under seal the Lodged Documents. The Protective Order entered in this case on January 30, 2012 ("Protective Order") provides that any party filing or lodging any "document" with the Court that discloses material designated as "Confidential" or "Attorney's Eyes Only" shall do so only after placing such material in a sealed envelope or other sealed container pursuant to Fed. R. Civ. P. 26(c)(8) and Local Rule 79-5. Dkt. #19.

Local Rule 79-5.1 provides that, with the Court's approval, the original and the judge's copy of the document requiring confidentiality protection shall be sealed in separate envelopes with a copy of the title page attached to the front of

each envelope. In compliance with Local Rule 79-5.1, Plaintiff submits with this *Ex Parte* Application the appropriately marked envelopes for the Lodged Documents.

According to Local Rules 7-19 and 7-19.1, Defendant Keating Dental Arts, Inc.'s ("Defendant") counsel in this matter are the following: (1) Lynda J. Zadra-Symes, Jeffrey L. Van Hoosear, David G. Jankowski, KNOBBE, MARTENS, OLSON & BEAR, LLP, 2040 Main Street, Fourteenth Floor, Irvine, California 92614; telephone: 949.760.0404; emails: lynda.zadra-symes@kmob.com, jeffrey.vanhoosear@kmob.com, david.jankowski@kmob.com.

Pursuant to Local Rule 7-19.1, Plaintiff's counsel, Mr. Christopher B. Pinzon, informed Defendant's counsel, Ms. Lynda J. Zadra-Symes, of this *ex parte* application by e-mail on December 3, 2012. (Declaration of Christopher B. Pinzon ("Pinzon Decl."), ¶ 3). On December 3, 2012, Defendant's counsel responded by electronic mail stating that Defendant will not oppose this Ex Parte Application. (Pinzon Decl., ¶ 3).

Dated: December 3, 2012

SNELL & WILMER L.L.P.

By: /s/ Christopher B. Pinzon
Philip J. Graves
Greer N. Shaw
Christopher B. Pinzon
Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba
GLIDEWELL LABORATORIES

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION

Plaintiff applies *ex parte* to this Court for an Order permitting Plaintiff to file under seal the Lodged Documents pursuant to the Protective Order governing this case and Local Rule 79-5.1.

This *Ex Parte* Application is unopposed. Good cause exists for this *Ex Parte* Application. The Protective Order entered in this case on January 30, 2012 ("Protective Order") provides that any party filing or lodging any "document" with the Court that discloses material designated as "Confidential" or "Attorney's Eyes Only" shall do so only after placing such material in a sealed envelope or other sealed container pursuant to Fed. R. Civ. P. 26(c)(8) and Local Rule 79-5. Dkt. #19.

The Lodged Documents contain, reference, or incorporate discovery material designated either as "Confidential" or "Attorney's Eyes Only." (Pinzon Decl., ¶ 4). Moreover, the Lodged Documents also contain highly confidential financial, trade secret, and personal patient information concerning Plaintiff's and/or Defendant's products. (Declaration of Gary Prichard, ¶ 3). This information, if disclosed to the public, would cause Plaintiff and/or Defendant irreparable harm. *Id.* The Lodged Documents are necessary to support (1) James R. Glidewell Dental Ceramics, Inc.'s Reply in support of Glidewell's Motion for Partial Summary Judgment as to Keating's Invalidity Defense and Counterclaim, and (2) James R. Glidewell Dental Ceramics, Inc.'s Reply in Support of Glidewell's Motion for Partial Summary Judgment re Infringement of a Federally Registered Mark (First Cause of Action) and Dismissal of Defendant's Second Affirmative Defense and First Counterclaim. (Pinzon Decl., ¶ 5).

Plaintiff requires that the Lodged Documents be filed under seal because they disclose confidential information relating to Plaintiff's and Defendant's business development, marketing strategies, trade secrets, and other confidential and

proprietary information that, if disclosed to competitors, could cause Plaintiff and/or Defendant substantial harm. Also, because the Lodged Documents contain information relating to Plaintiff's and Defendant's business development, marketing strategies, trade secrets, and other confidential and proprietary information, disclosure could result in misuse by unscrupulous third parties and competitors by replicating valuable aspects of the BruxZir brand crown, and could compromise Plaintiff's and/or Defendant's bargaining position in future business negotiations. (Pritchard Decl. ¶ 3).

Federal Rule of Civil Procedure 26(c) provides that a party may protect confidential information via a protective order. Such an order is in place in this matter. (Pinzon Decl., ¶ 4). Furthermore, the common law right of access to court documents can be overcome by showing sufficiently important countervailing interests. *Phillips ex. Rel. Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). In deciding whether such important countervailing interests exist, the Court may look to the public interest in understanding the judicial process and whether disclosure of the material could results in improper use of the material. *Id.* at 1213. Here, the sealing of the Lodged Documents will likely have little impact on the public interest in understanding the judicial process, given that the motions for summary judgment in this case and the oppositions thereto are based on well-settled trademark law and the application of such law to the particular facts at issue here. Conversely, disclosure of the information could have considerable impact upon Plaintiff and/or Defendant.

For the foregoing reasons, Plaintiff respectfully requests that the Lodged Documents be filed under seal. In the event that the Court finds no good cause to support the sealing of the Lodged Documents, Plaintiff respectfully requests that they be filed regardless.

Dated: December 3, 2012

SNELL & WILMER L.L.P.

By: /s/ *signature*
Philip J. Graves
Greer N. Shaw
Christopher B. Pinzon

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba
GLIDEWELL LABORATORIES

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
U.S. District Court, Central District of California, Case No. SACV11-01309-DOC (ANx)

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

On December 3, 2012, I served, in the manner indicated below, the foregoing document(s) described as **PLAINTIFF'S EX PARTE APPLICATION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S REPLIES TO MOTIONS FOR SUMMARY JUDGMENT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

*Please see attached Service List*

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐ BY FACSIMILE: (C.C.P. § 1013(e)(f)).

☐ BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☒ BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

☐ BY ELECTRONIC MAIL: I caused such document(s) to be delivered electronically to the following email address(es): david.jankowski@kmob.com, Jeffrey.vanhoosear@kmob.com , Lynda.zadra-symes@kmob.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 3, 2012, at Costa Mesa, California.

_____
Diane Williams

PROOF OF SERVICE

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
U.S. District Court, Central District of California, Case No. SACV11-01309-DOC (ANX)

## SERVICE LIST

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA  92614

**Attorneys for Defendant Keating Dental Arts, Inc.**

Tel:  (949) 760-0404
Fax: (949) 760-9502

Email:
Jeffrey.vanhoosear@kmob.com
David.jankowski@kmob.com
Lynda.zadra-symes@kmob.com

PROOF OF SERVICE