1   SNELL & WILMER L.L.P.
    Philip J. Graves (SBN 153441)
2   pgraves@swlaw.com
    Greer N. Shaw (SBN 197960)
3   gshaw@swlaw.com
    Deborah S. Mallgrave (SBN 198603)
4   dmallgrave@swlaw.com
    350 South Grand Avenue, Suite 2600
5   Two California Plaza
    Los Angeles, California  90071
6   Telephone: (213) 929-2500
    Facsimile:  (213) 929-2525
7
8   Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
9   d/b/a Glidewell Laboratories

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    SOUTHERN DIVISION

13   JAMES R. GLIDEWELL DENTAL          Case No. SACV11-01309-DOC (ANx)
     CERAMICS, INC. dba GLIDEWELL       Hon. David O. Carter, Ctrm. 9D
14   LABORATORIES, a California
     corporation,                       **JAMES R. GLIDEWELL DENTAL**
15                                       **CERAMICS, INC.'S**
                     Plaintiff,          **MEMORANDUM OF**
16                                       **CONTENTIONS OF FACT AND**
     vs.                                 **LAW**
17
     KEATING DENTAL ARTS, INC., a
18   California corporation,

19                    Defendant.

20

21   AND RELATED
     COUNTERCLAIMS.
22                                       Pre-Trial Conf.:   January 28, 2013
23                                       Jury Trial:        February 26, 2013

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California  90071
(213) 929-2500

**TABLE OF CONTENTS**

**Page**

I.   GLIDEWELL's CLAIMS ............................................................................ 1

   A.   Summary Statement of the Claims Glidewell has Pleaded and Plans to Pursue .................................................................................... 1

   B.   Elements Required to Establish Glidewell 's Claims ........................... 1

      1.   Glidewell's Claim 1:   Infringement of Federally Registered Trademark ......................................................... 1

      2.   Glidewell's Claim 2:   Violation of Lanham Act, Section 43(a) ............................................................................. 1

      3.   Glidewell's Claim 3:   Unfair Competition Under Cal. Bus. & Prof. Code .................................................................. 2

      4.   Glidewell's Claims 1-2:   Monetary Recovery ........................... 2

      5.   Glidewell's Claims 1-3:   Injunctive Relief ................................. 2

   C.   Brief Description of Key Evidence in Support of Glidewell 's Claim for Infringement of a Federally Registered Trademark ............. 3

      1.   Glidewell's Claim 1:  Infringement of Federally Registered Trademark ......................................................... 3

      2.   Glidewell's Claim 2:   False Designation of Origin Under Lanham Act, Section 43(a) ...................................... 16

      3.   Glidewell's Claim 3:   Unfair Competition Under Cal. Bus. & Prof. Code ................................................................ 29

II.   KEATING'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES ............................................................................................ 41

   A.   Summary Statement of the Counterclaims and Affirmative Defenses Keating has Pleaded and Plans to Pursue ........................... 41

   B.   Elements Required to Establish Keating's Counterclaims and Affirmative Defenses ....................................................................... 42

      1.   Keating's Counterclaim 1:  Declaratory Judgment of Non-Infringement ................................................................. 42

      2.   Keating's Counterclaim 2:  Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq ............... 43

      3.   Keating's Counterclaim 3:  Glidewell's Actions Constitute Misuse of Trademark ............................................. 43

      4.   Keating's Counterclaim 4:  Glidewell's Federally Registered Trademark No. 3,739,663 Should be Cancelled ............................................................................... 43

      5.   Keating's First Affirmative Defense:  Glidewell's Trademark is Invalid as it is Generic or Descriptive ............... 44

      6.   Keating's Second Affirmative Defense:  No Likelihood of Confusion .................................................................... 44

**TABLE OF CONTENTS**
(continued)

Page

7.   Keating's Third Affirmative Defense:  Glidewell is estopped from asserting that any rights that it may have in the trademark BruxZir are so broad as to cover or include competitors' use of the words Brux or Bruxer within those competitors' trademarks ........................................................ 44

8.   Keating's Fourth Affirmative Defense:  Misuse of Trademark/Unclean Hands/Unfair Competition ..................... 45

9.   Keating's Fifth Affirmative Defense:  Fair Use ...................... 45

C.   Brief Description of Key Evidence in Opposition to Keating's Counterclaims and Affirmative Defenses ............................................ 45

1.   Keating's Counterclaim 1:  Declaratory Judgment re Non-Infringement .............................................................. 45

2.   Keating's Counterclaim 2:  Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq ................ 58

3.   Keating's Counterclaim 3:  Glidewell's Actions Constitute Misuse of Trademark ................................. 59

4.   Keating's Counterclaim 4:  Glidewell's Federally Registered Trademark No. 3,739,663 Should be Cancelled .................................................................. 60

5.   Keating's First Affirmative Defense:  Glidewell's Trademark is Invalid as it is Generic or Descriptive ................ 67

6.   Keating's Second Affirmative Defense:  No Likelihood of Confusion ...................................................................... 69

7.   Keating's Third Affirmative Defense:  Glidewell is estopped from asserting that any rights that it may have in the trademark BruxZir are so broad as to cover or include competitors' use of the words Brux or Bruxer within those competitors' trademarks ......................................... 81

8.   Keating's Fourth Affirmative Defense:  Misuse of Trademark/Unclean Hands/Unfair Competition ...................... 82

9.   Keating's Fifth Affirmative Defense:  Fair Use ....................... 84

III.   EVIDENTIARY ISSUES ................................................................ 84

IV.   IDENTIFICATION OF LEGAL ISSUES ....................................... 91

V.   BIFURCATION OF ISSUES............................................................ 92

VI.   JURY TRIAL ................................................................................... 92

VII.   ATTORNEYS' FEES........................................................................ 94

VIII.   ABANDONMENT OF ISSUES ...................................................... 94

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Americana Trading Inc. v. Russ Berrie & Co.*,
  966 F.2d 1284 (9th Cir. 1992) .................................................................. 97, 98

*Avery Dennison Corp. v. Sumpton*,
  189 F.3d 868 (9th Cir.1999) ............................................................................. 98

*B & B Hardware, Inc. v. Hargis Industries, Inc.*,
  252 F.3d 1010, 1012 (8th Cir. 2001) ................................................................ 95

*Brookfield Communications, Inc. v. West Coast Entertainment Corp.*,
  174 F.3d 1036 (9th Cir. 1999) ............................................................... 1, 2, 42

*Coleman v. Keebler Co.*,
  997 F. Supp. 1102, 1107 (N.D. Ind. 1998) ...................................................... 95

*Conversive, Inc. v. Conversagent, Inc.*,
  433 F. Supp. 2d 1079, 1088 (C.D. Cal. 2006) ................................................. 98

*Cox v. Ocean View Hotel Corp.*,
  533 F.3d 1114 (9th Cir. 2008) .......................................................................... 45

*Cyntegra, Inc. v. Idexx Laboratories, Inc.*
  CV06-4170PSG(CTX), 2007 WL 5193736
  (C.D. Cal. Sept. 21, 2007) .......................................................................... 94, 96

*Cyntegra, Inc. v. IDEXX Laboratories, Inc.*,
  322 F. App'x 569 (9th Cir. 2009).   ............................................................ 94, 96

*Dairy Queen, Inc. v. Wood*,
  369 U.S. 469 (1962) .......................................................................................... 98

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993) .......................................................................................... 91

*Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*,
  890 F.2d 165 (9th Cir. 1989) ............................................................................ 45

*Earthquake Sound Corp. v. Bumper Indus.*,
  352 F.3d 1210 (9th Cir. 2003) .......................................................................... 99

*eBay Inc. v. MerExchange, L.L.C.*,
  547 U.S. 388 (2006) ............................................................................................ 3

*Fancaster, Inc. v. Comcast Corp.*,
  832 F. Supp. 2d 380, 419-20 (D.N.J. 2011) ..................................................... 95

*Gracie v. Gracie*,
  217 F.3d 1060 (9th Cir. 2000) .......................................................................... 98

# TABLE OF AUTHORITIES
(continued)

**Page**

*Hamilton v. State Farm Fire & Cas. Co.,*
270 F.3d 778 (9th Cir. 2001) ................................................................. 99

*Horphag Research Ltd. v. Pellegrini,*
337 F.3d 1036 (9th Cir. 2003) ............................................................... 98

*Hutchinson v. Essence Communications, Inc.,*
769 F. Supp. 541, 554 (S.D.N.Y. 1991) ............................................... 95

*In re Homestore.com, Inc. Sec. Litig.,*
347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ................................... 90

*In re Tech. Licensing Corp.,*
423 F.3d 1286 (Fed. Cir. 2005) ............................................................. 99

*Internet Specialties W., Inc. v. Milon-DiGiorgio Enterprises, Inc.,*
559 F.3d 985 (9th Cir. 2009) ................................................................. 98

*Juno Online Services v. Juno Lighting, Inc.,*
979 F.Supp. 684 (N.D. Ill. 1997) .................................................... 43, 97

*KEMA, Inc. v. Koperwhats,*
658 F.Supp.2d 1022 (N.D. Cal. 2009) ............................................ 45, 99

*Lahoti v. Vericheck, Inc.,*
636 F.3d 501, 509 (9th Cir. 2011) ........................................................ 96

*Nationwide Transp. Fin. v. Cass Info. Sys.,*
523 F.3d 1051, 1059–60 (9th Cir.2008) ............................................... 92

*Rearden LLC v. Rearden Commerice, Inc.,*
683 F.3d 1190 (9th Cir. 2012) .......................................................... 1, 42

*Roe v. Nevada,*
621 F. Supp. 2d 1039, 1060 (D. Nev. 2007) ................................... 94, 96

*Toyota Motor Sales, U.S.A., Inc. v. Tabari,*
610 F.3d 1171 (9th Cir. 2010) ............................................................... 99

*United States v. Hankey,*
203 F.3d 1160, 1169 (9th Cir. 2000) .................................................... 94

*United States v. Jackson,*
208 F.3d 633, 637 (7th Cir. 2000) ........................................................ 91

*United States v. Kirk,*
844 F.2d 660, 663 (9th Cir. 1988) ........................................................ 94

*Watec Co., Ltd. v. Liu,*
403 F.3d 645 (9th Cir. 2005) ................................................................. 99

# TABLE OF AUTHORITIES
(continued)

**Page**

*Vail Assoc., Inc. v. Vend-Tel-Co., Ltd.*,
516 F.3d 853, 861-63, (10th Cir. 2008)..............................................95

*Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*,
419 F.3d 925 (9th Cir. 2005)................................................90, 91, 92

## STATE CASES

*Hodge v. Superior Court*,
145 Cal. App. 4th 278 (2006).............................................................98

## FEDERAL STATUTES

15 U.S.C. § 1064(3) ........................................................................43, 44

15 U.S.C. § 1114...........................................................................1, 98

15 U.S.C. § 1117.................................................................................99

15 U.S.C. 1117(a) ...............................................................................99

15 U.S.C. § 1125...........................................................................1, 98

## STATE STATUTES

Cal. Bus. & Prof. Code § 17200 ..........................................1, 3, 42, 43, 58

Cal. Bus. & Prof. Code § 17203 .............................................................3

Cal. Bus. & Prof. Code § 17204 ........................................................2, 43

## FEDERAL RULES

Fed. Rules Civ. Proc. 37 .....................................................................92

Federal Rule of Evidence 402 .........................................................92, 93

Federal Rule of Evidence 403 .........................................................92, 93

Federal Rule of Evidence 408 ..............................................................93

Federal Rule of Evidence 702 ..............................................................91

Federal Rule of Evidence 703 .........................................................91, 94

Federal Rule of Evidence 801(c) ...........................................................94

Federal Rule of Evidence 803(3) ...........................................................96

Federal Rule of Evidence 803(6) ...........................................................96

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES
(continued)

**Page**

**<u>OTHER</u>**

Ninth Circuit Manual of Model Civil Jury Instructions No. 15.5 ............. 1, 2, 42, 44

Ninth Circuit Manual of Model Civil Jury Instructions Nos. 15.10 ................. 44, 98

Ninth Circuit Manual of Model Civil Jury Instructions Nos. 15.17 ...................... 44

Ninth Circuit Manual of Model Civil Jury Instructions Nos. 15.22 ...................... 45

Ninth Circuit Manual of Model Civil Jury Instructions Nos. 15.24-26 ................... 2

6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair
     Competition (4th ed. 2010) § 31:44. .......................................................... 43, 97

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

Pursuant to Local Rule 16-4. Plaintiff and counter-defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") hereby submits this Memorandum of Contentions of Fact and Law.

# I.     GLIDEWELL'S CLAIMS

## A.     Summary Statement of the Claims Glidewell has Pleaded and Plans to Pursue

Claim 1:   Keating has infringed and continues to infringe Glidewell's rights in its federally registered Trademark Reg. No. 3,739,663 in violation of section 32(a) of the Lanham Act, § 1114;

Claim 2:   Keating has infringed and continues to infringe Glidewell's rights in its unregistered BruxZir mark in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125;

Claim 3:   Keating has engaged and continues to engage in unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

## B.     Elements Required to Establish Glidewell 's Claims

### 1.     Glidewell's Claim 1:   Infringement of Federally Registered Trademark

a.     BruxZir is a valid, protectable trademark;

b.     Glidewell owns the BruxZir trademark; and

c.     Keating's use of KDZ Bruxer, without Glidewell's consent, is likely to cause consumer confusion.

*See* Ninth Circuit Manual of Model Civil Jury Instructions No. 15.5; *Rearden LLC v. Rearden Commerce, Inc.,* 683 F.3d 1190, 1202 (9th Cir. 2012); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.,*  174 F.3d 1036, 1046 (9th Cir. 1999).

### 2.     Glidewell's Claim 2:   Violation of Lanham Act, Section 43(a)

a.     BruxZir is a valid, protectable trademark;

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

b.      Glidewell owns the BruxZir trademark; and

c.      Keating's use of KDZ Bruxer, without Glidewell's consent, is likely to cause consumer confusion.

*See* Ninth Circuit Manual of Model Civil Jury Instructions No. 15.5; *Brookfield Communications, Inc. v. West Coast Entertainment Corp.,* 174 F.3d 1036, 1046, 1047 n.8 (9th Cir. 1999).

**3.      Glidewell's Claim 3:   Unfair Competition Under Cal. Bus. & Prof. Code**

a.      Keating's actions constitute an unlawful, unfair or fraudulent business act or practice, or unfair, deceptive, untrue or misleading advertising; and

b.      Glidewell has suffered injury in fact and lost money or property as a result of the unfair competition.

*See* Cal. Bus. & Prof. Code §§ 17200, 17204.

**4.      Glidewell's Claims 1-2:   Monetary Recovery**

a.      Keating had either statutory or actual notice that the Plaintiff's trademark was registered (Claim 1 only);

b.      Keating derived profits from sales of product under the KDZ Bruxer mark; and/or

c.      Glidewell suffered actual damages due to Keating's sales of product under the KDZ Bruxer mark.

*See* Ninth Circuit Manual of Model Civil Jury Instructions Nos. 15.24-26.

**5.      Glidewell's Claims 1-3:   Injunctive Relief**

a.      Glidewell will suffer irreparable injury from continued infringement;

b.      Remedies available at law are inadequate to compensate for that injury;

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

c.      Considering the balance of hardships between the Glidewell and Keating, a remedy in equity is warranted; and

d.      The public interest would not be disserved by a permanent injunction.

*See eBay Inc. v. MerExchange, L.L.C.*, 547 U.S. 388, 391 (2006); Cal. Bus. & Prof. Code § 17203 (injunction available for violation of section 17200).

**C.      Brief Description of Key Evidence in Support of Glidewell's Claim for Infringement of a Federally Registered Trademark**

Plaintiff identifies at least the following key evidence in support of its claims.  Plaintiff reserves the right to enlarge or otherwise modify this list.

**1.      Glidewell's Claim 1:  Infringement of Federally Registered Trademark**

• Testimony of James Shuck concerning creation of the BruxZir mark; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods.

• Testimony of Dr. Michael DiTolla concerning creation of the BruxZir mark; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

industry; generic terms for full contour zirconia crowns; treatments for patients with bruxism; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; pronunciation of the terms "BruxZir" and "bruxer" by dental practitioners; the commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods.  Expert testimony concerning distinctiveness (and nongenericness) of the BruxZir mark, including that the mark is suggestive; generic terms for full contour zirconia crowns; treatments for patients with bruxism.

- Testimony of Nicole Fallon concerning one or more instances of actual confusion.

- Testimony of Robin Bartolo concerning development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; and operation of Glidewell's Authorized Labs program, Glidewell Direct, and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Robin Carden concerning development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; Glidewell's interactions with Authorized BruxZir Labs and operation of Glidewell's

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Authorized Labs program; and commercial strength of the BruxZir mark, including technical and educational presentations concerning BruxZir brand product.

• Testimony of Rudy Ramirez concerning creation of the BruxZir mark; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the commercial strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Keith Allred concerning Glidewell's ownership of the BruxZir mark and Trademark Reg. No. 3,739,663, and Glidewell's enforcement of its rights in the BruxZir mark.

• Testimony of Glenn Sasaki concerning Glidewell's damages and Keating's profits.

• Testimony of Ronald Goldstein, D.D.S. concerning the validity (distinctiveness and nongenericness) of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, the degree of care typically used in selecting a particular brand of such goods, and the likelihood of confusion resulting from Keating's use of KDZ Bruxer; generic terms for full contour zirconia crowns; treatments for patients with bruxism

• Testimony of David Franklyn concerning the validity (distinctiveness and nongenericness) of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, the degree of care typically used in selecting a particular brand of such goods, and the likelihood

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1 of confusion resulting from Keating's use of KDZ Bruxer.

2  • Testimony of Gregory Doneff, D.D.S. concerning the validity of the
3 BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the
4 proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the
5 channels through which BruxZir and KDZ Bruxer brand goods are marketed, the
6 type of goods marketed under those marks, and the degree of care typically used in
7 selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer
8 crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;
9 facts indicating the strength of the BruxZir mark and its indication of Glidewell
10 Laboratories as a source of goods and services; facts relating to likelihood of
11 confusion between the BruxZir mark and "KDZ Bruxer."

12  • Testimony of Howard Cohen, D.D.S. concerning the validity of the
13 BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the
14 proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the
15 channels through which BruxZir and KDZ Bruxer brand goods are marketed, the
16 type of goods marketed under those marks, and the degree of care typically used in
17 selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer
18 crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;
19 facts indicating the strength of the BruxZir mark and its indication of Glidewell
20 Laboratories as a source of goods and services; facts relating to likelihood of
21 confusion between the BruxZir mark and "KDZ Bruxer."

22  • Testimony of Spencer Luke, D.M.D. concerning the validity of the
23 BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the
24 proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the
25 channels through which BruxZir and KDZ Bruxer brand goods are marketed, the
26 type of goods marketed under those marks, and the degree of care typically used in
27 selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer
28 crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1   facts indicating the strength of the BruxZir mark and its indication of Glidewell

2   Laboratories as a source of goods and services; facts relating to likelihood of

3   confusion between the BruxZir mark and "KDZ Bruxer."

4       •   Testimony of Stuart Newman, D.D.S. concerning the validity of the

5   BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

6   proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

7   channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

8   type of goods marketed under those marks, and the degree of care typically used in

9   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

10  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

11  facts indicating the strength of the BruxZir mark and its indication of Glidewell

12  Laboratories as a source of goods and services; facts relating to likelihood of

13  confusion between the BruxZir mark and "KDZ Bruxer."

14      •   Testimony of Thomas Bell, D.M.D. concerning the validity of the

15  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

16  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

17  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

18  type of goods marketed under those marks, and the degree of care typically used in

19  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

20  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

21  facts indicating the strength of the BruxZir mark and its indication of Glidewell

22  Laboratories as a source of goods and services; facts relating to likelihood of

23  confusion between the BruxZir mark and "KDZ Bruxer."

24      •   Testimony of Terence Michiels, D.D.S. concerning the validity of the

25  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

26  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

27  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

28  type of goods marketed under those marks, and the degree of care typically used in

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

•   Testimony of Kent Toca, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

•   Testimony of Dr. Michael Fanning concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

•   Testimony of Dr. Vincent S. Cianciulli concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

•   Testimony of Dr. Ilya Benjamin concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

•   Testimony of Dr. Dean Saiki concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

•   Testimony of Dr. Robert McNicholas concerning the validity of the

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

• Testimony of Dr. Benjamin An concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

• Testimony of Dr. Oscar Goren concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

confusion between the BruxZir mark and "KDZ Bruxer."

• Testimony of Dr. Dennis A. Gaishauser concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

• Testimony of Dr. Dr. Chester A. Bizga concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

• Testimony of Dr. Valentine Ferraris concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1   facts indicating the strength of the BruxZir mark and its indication of Glidewell

2   Laboratories as a source of goods and services; facts relating to likelihood of

3   confusion between the BruxZir mark and "KDZ Bruxer."

4       • Testimony of Dr. Paul Taylor concerning the validity of the BruxZir

5   mark, the conceptual and commercial strength of the BruxZir mark, the proximity

6   of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

7   through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

8   goods marketed under those marks, and the degree of care typically used in

9   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

10  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

11  facts indicating the strength of the BruxZir mark and its indication of Glidewell

12  Laboratories as a source of goods and services; facts relating to likelihood of

13  confusion between the BruxZir mark and "KDZ Bruxer."

14      • Testimony of Dr. Meredith S. Esposito concerning the validity of the

15  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

16  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

17  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

18  type of goods marketed under those marks, and the degree of care typically used in

19  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

20  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

21  facts indicating the strength of the BruxZir mark and its indication of Glidewell

22  Laboratories as a source of goods and services; facts relating to likelihood of

23  confusion between the BruxZir mark and "KDZ Bruxer."

24      • Testimony of Dr. John Griffith concerning the validity of the BruxZir

25  mark, the conceptual and commercial strength of the BruxZir mark, the proximity

26  of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

27  through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

28  goods marketed under those marks, and the degree of care typically used in

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Scott Bigler concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Glenn Yamamoto concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Jacob Trachsel concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Kareen Chamberlain concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Shaun Keating concerning or constituting admissions that the BruxZir mark is nongeneric; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark; the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand goods are marketed; Keating's intent in selecting the KDZ Bruxer mark; the type of

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

goods marketed under those marks; and the degree of care typically used in selecting a particular brand of such goods.

•   Testimony of Robert Brandon concerning or constituting admissions that the BruxZir mark is nongeneric; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark; the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand goods are marketed; Keating's intent in selecting the KDZ Bruxer mark; the type of goods marketed under those marks; and the degree of care typically used in selecting a particular brand of such goods.

•   Testimony of Diane Donich concerning Keating's sales of and profits from sales of product under the KDZ Bruxer mark.

•   Reports showing Keating marketing expenses and sales.  (Exs. 515, 943-46)

•   Documents showing Glidewell's expenses to promote and market the BruxZir mark and BruxZir-branded products.  (E.g., Exs. 1550, 1564-68)

•   Reports showing Glidewell website statistics.  (Exs. 1549, 1551-52)

•   Reports showing unit sales and revenues of BruxZir brand product.  (Exs. 599, 1531-32, 1560-61)

•   List of Authorized BruxZir Labs.  (Ex. 10)

•   Exemplars of the BruxZir and KDZ Bruxer marks as they appear in the marketplace.  (Exs. 559, 615, 948, 1171, 1176, 1488-91)

•   Call note report, and invoice and fax transmittal, regarding contact

GLIDEWELL'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1   with Dr. Le's office.  (Exs. 556-57)

2          •   Keating prescription forms and lab notes.  (Exs. 569, 1052, 1121,

3   1139, 1142, 1160)

4          •   Application for the BruxZir mark by Glidewell.  (Ex. 608)

5          •   Documents showing examination of the BruxZir mark by the U.S.

6   Patent and Trademark Office.  (Exs. 608, 1466, 1467)

7          •   Trademark Manual of Examining Procedure, 5th Ed. (excerpts).  (Ex.

8   1562)

9          •   Registration of the BruxZir mark by the U.S. Patent and Trademark

10  Office.  (Ex. 607)

11         •   Documents showing that the BruxZir mark does not exist in a crowded

12  field (E.g., Exs. 618, 619)

13         •   Dictionary excerpts.  (E.g., Ex. 614)

14         •   Advertising, marketing, and promotional material for the BruxZir

15  mark and BruxZir-branded products.  (E.g., Exs. 66-68, 562-568, 570, 575-576,

16  578-579, 610, 1055-1061)

17         •   Documents evidencing third party recognition of the BruxZir mark.

18  (E.g., Exs. 580-591, 594-598)

19         •   Keating advertising and marketing material for KDZ Bruxer mark and

20  BruxZir-branded products.  (E.g., Exs. 570, 574)

21         •   Third party advertising and marketing material for full contour

22  zirconia crowns.  (E.g., Exs. 560, 1452)

23         •   Documents evidencing Glidewell's efforts to protect the BruxZir mark.

24  (E.g., Exs. 141, 146-151)

25         •   Documents evidencing Keating's first use of the KDZ Bruxer mark in

26  the marketplace.  (E.g., Ex. 1342)

27         •   Documents evidencing that neither "bruxzir crown" nor "bruxer

28  crown" were generic terms for full contour zirconia crowns prior to April 2011.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

(E.g., Ex. 2140)

• Documents evidencing Glidewell's sales, revenues, and gross profit of KDZ Bruxer crowns.  (E.g., Exs. 1531, 1532, 1560, 1561, 1566, 1567, 1568)

• Documents evidencing Keating's sales, revenues, and gross profit of its KDZ Bruxer crowns.  (E.g., Ex. 1051)

## 2.   Glidewell's Claim 2:   False Designation of Origin Under Lanham Act, Section 43(a)

• Testimony of James Shuck concerning creation of the BruxZir mark; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods.

• Testimony of Dr. Michael DiTolla concerning creation of the BruxZir mark; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; generic terms for full contour zirconia crowns; treatments for patients with bruxism; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; pronunciation of the terms "BruxZir" and

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

"bruxer" by dental practitioners; the commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods.  Expert testimony concerning distinctiveness (and nongenericness) of the BruxZir mark, including that the mark is suggestive; generic terms for full contour zirconia crowns; treatments for patients with bruxism.

- Testimony of Nicole Fallon concerning one or more instances of actual confusion.

- Testimony of Robin Bartolo concerning development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; and operation of Glidewell's Authorized Labs program, Glidewell Direct, and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Robin Carden concerning development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; Glidewell's interactions with Authorized BruxZir Labs and operation of Glidewell's Authorized Labs program; and commercial strength of the BruxZir mark, including technical and educational presentations concerning BruxZir brand product.

- Testimony of Rudy Ramirez concerning creation of the BruxZir mark; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts

GLIDEWELL'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

indicating non-genericness of the BruxZir mark; facts indicating the commercial strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Keith Allred concerning Glidewell's ownership of the BruxZir mark and Trademark Reg. No. 3,739,663, and Glidewell's enforcement of its rights in the BruxZir mark.

• Testimony of Glenn Sasaki concerning Glidewell's damages and Keating's profits.

• Testimony of Ronald Goldstein, D.D.S. concerning the validity (distinctiveness and nongenericness) of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, the degree of care typically used in selecting a particular brand of such goods, and the likelihood of confusion resulting from Keating's use of KDZ Bruxer; generic terms for full contour zirconia crowns; treatments for patients with bruxism

• Testimony of David Franklyn concerning the validity (distinctiveness and nongenericness) of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, the degree of care typically used in selecting a particular brand of such goods, and the likelihood of confusion resulting from Keating's use of KDZ Bruxer.

• Testimony of Gregory Doneff, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

(zzmpTempTex

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1  type of goods marketed under those marks, and the degree of care typically used in

2  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

3  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

4  facts indicating the strength of the BruxZir mark and its indication of Glidewell

5  Laboratories as a source of goods and services; facts relating to likelihood of

6  confusion between the BruxZir mark and "KDZ Bruxer."

7  • Testimony of Howard Cohen, D.D.S. concerning the validity of the

8  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

9  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

10  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

11  type of goods marketed under those marks, and the degree of care typically used in

12  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

13  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

14  facts indicating the strength of the BruxZir mark and its indication of Glidewell

15  Laboratories as a source of goods and services; facts relating to likelihood of

16  confusion between the BruxZir mark and "KDZ Bruxer."

17  • Testimony of Spencer Luke, D.M.D. concerning the validity of the

18  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

19  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

20  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

21  type of goods marketed under those marks, and the degree of care typically used in

22  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

23  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

24  facts indicating the strength of the BruxZir mark and its indication of Glidewell

25  Laboratories as a source of goods and services; facts relating to likelihood of

26  confusion between the BruxZir mark and "KDZ Bruxer."

27  • Testimony of Stuart Newman, D.D.S. concerning the validity of the

28  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

type of goods marketed under those marks, and the degree of care typically used in

selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

facts indicating the strength of the BruxZir mark and its indication of Glidewell

Laboratories as a source of goods and services; facts relating to likelihood of

confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Thomas Bell, D.M.D. concerning the validity of the

BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

type of goods marketed under those marks, and the degree of care typically used in

selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

facts indicating the strength of the BruxZir mark and its indication of Glidewell

Laboratories as a source of goods and services; facts relating to likelihood of

confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Terence Michiels, D.D.S. concerning the validity of the

BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

type of goods marketed under those marks, and the degree of care typically used in

selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

facts indicating the strength of the BruxZir mark and its indication of Glidewell

Laboratories as a source of goods and services; facts relating to likelihood of

confusion between the BruxZir mark and "KDZ Bruxer."

(zzmpTempTex

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

- Testimony of Kent Toca, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Dr. Michael Fanning concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Dr. Vincent S. Cianciulli concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell

(zzmpTempTex

1    Laboratories as a source of goods and services; facts relating to likelihood of

2    confusion between the BruxZir mark and "KDZ Bruxer."

3         • Testimony of Dr. Ilya Benjamin concerning the validity of the BruxZir

4    mark, the conceptual and commercial strength of the BruxZir mark, the proximity

5    of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

6    through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

7    goods marketed under those marks, and the degree of care typically used in

8    selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

9    crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

10   facts indicating the strength of the BruxZir mark and its indication of Glidewell

11   Laboratories as a source of goods and services; facts relating to likelihood of

12   confusion between the BruxZir mark and "KDZ Bruxer."

13        • Testimony of Dr. Dean Saiki concerning the validity of the BruxZir

14   mark, the conceptual and commercial strength of the BruxZir mark, the proximity

15   of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

16   through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

17   goods marketed under those marks, and the degree of care typically used in

18   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

19   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

20   facts indicating the strength of the BruxZir mark and its indication of Glidewell

21   Laboratories as a source of goods and services; facts relating to likelihood of

22   confusion between the BruxZir mark and "KDZ Bruxer."

23        • Testimony of Dr. Robert McNicholas concerning the validity of the

24   BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

25   proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

26   channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

27   type of goods marketed under those marks, and the degree of care typically used in

28   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Dr. Benjamin An concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Dr. Oscar Goren concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Dr. Dennis A. Gaishauser concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

(zzmpTempTex

1    type of goods marketed under those marks, and the degree of care typically used in

2    selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

3    crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

4    facts indicating the strength of the BruxZir mark and its indication of Glidewell

5    Laboratories as a source of goods and services; facts relating to likelihood of

6    confusion between the BruxZir mark and "KDZ Bruxer."

7         •    Testimony of Dr. Dr. Chester A. Bizga concerning the validity of the

8    BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

9    proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

10   channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

11   type of goods marketed under those marks, and the degree of care typically used in

12   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

13   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

14   facts indicating the strength of the BruxZir mark and its indication of Glidewell

15   Laboratories as a source of goods and services; facts relating to likelihood of

16   confusion between the BruxZir mark and "KDZ Bruxer."

17        •    Testimony of Dr. Valentine Ferraris concerning the validity of the

18   BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

19   proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

20   channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

21   type of goods marketed under those marks, and the degree of care typically used in

22   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

23   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

24   facts indicating the strength of the BruxZir mark and its indication of Glidewell

25   Laboratories as a source of goods and services; facts relating to likelihood of

26   confusion between the BruxZir mark and "KDZ Bruxer."

27        •    Testimony of Dr. Paul Taylor concerning the validity of the BruxZir

28   mark, the conceptual and commercial strength of the BruxZir mark, the proximity

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1   of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

2   through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

3   goods marketed under those marks, and the degree of care typically used in

4   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

5   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

6   facts indicating the strength of the BruxZir mark and its indication of Glidewell

7   Laboratories as a source of goods and services; facts relating to likelihood of

8   confusion between the BruxZir mark and "KDZ Bruxer."

9   • Testimony of Dr. Meredith S. Esposito concerning the validity of the

10  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

11  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

12  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

13  type of goods marketed under those marks, and the degree of care typically used in

14  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

15  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

16  facts indicating the strength of the BruxZir mark and its indication of Glidewell

17  Laboratories as a source of goods and services; facts relating to likelihood of

18  confusion between the BruxZir mark and "KDZ Bruxer."

19  • Testimony of Dr. John Griffith concerning the validity of the BruxZir

20  mark, the conceptual and commercial strength of the BruxZir mark, the proximity

21  of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

22  through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

23  goods marketed under those marks, and the degree of care typically used in

24  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

25  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

26  facts indicating the strength of the BruxZir mark and its indication of Glidewell

27  Laboratories as a source of goods and services; facts relating to likelihood of

28  confusion between the BruxZir mark and "KDZ Bruxer."

(zzmpTempTex

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

- Testimony of Scott Bigler concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Glenn Yamamoto concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Jacob Trachsel concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Kareen Chamberlain concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Shaun Keating concerning or constituting admissions that the BruTestimony of Shaun Keating concerning or constituting admissions that the BruxZir mark is nongeneric; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark; the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand goods are marketed; Keating's intent in selecting the KDZ Bruxer mark; the type of goods marketed under those marks; and the degree of care typically used in selecting a particular brand of such goods.

- Testimony of Robert Brandon concerning or constituting admissions that the BruxZir mark is nongeneric; advertising and promotion of the BruxZir

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark; the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand goods are marketed; Keating's intent in selecting the KDZ Bruxer mark; the type of goods marketed under those marks; and the degree of care typically used in selecting a particular brand of such goods.

- Testimony of Diane Donich concerning Keating's sales of and profits from sales of product under the KDZ Bruxer mark.

- Reports showing Keating marketing expenses and sales.  (Exs. 515, 943-46)

- Documents showing Glidewell's expenses to promote and market the BruxZir mark and BruxZir-branded products.  (E.g., Exs. 1550, 1564-68)

- Reports showing Glidewell website statistics.  (Exs. 1549, 1551-52)

- Reports showing unit sales and revenues of BruxZir brand product. (Exs. 599, 1531-32, 1560-61)

- List of Authorized BruxZir Labs.  (Ex. 10)

- Exemplars of the BruxZir and KDZ Bruxer marks as they appear in the marketplace.  (Exs. 559, 615, 948, 1171, 1176, 1488-91)

- Call note report, and invoice and fax transmittal, regarding contact with Dr. Le's office.  (Exs. 556-57)

- Keating prescription forms and lab notes.  (Exs. 569, 1052, 1121, 1139, 1142, 1160)

- Application for the BruxZir mark by Glidewell.  (Ex. 608)

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

1        •   Documents showing examination of the BruxZir mark by the U.S.

2  Patent and Trademark Office.  (Exs. 608, 1466, 1467)

3        •   Trademark Manual of Examining Procedure, 5th Ed. (excerpts).  (Ex.

4  1562)

5        •   Registration of the BruxZir mark by the U.S. Patent and Trademark

6  Office.  (Ex. 607)

7        •   Documents showing that the BruxZir mark does not exist in a crowded

8  field (E.g., Exs. 618, 619)

9        •   Dictionary excerpts.  (E.g., Ex. 614)

10        •   Advertising, marketing, and promotional material for the BruxZir

11  mark and BruxZir-branded products.  (E.g., Exs. 66-68, 562-568, 570, 575-576,

12  578-579, 610, 1055-1061)

13        •   Documents evidencing third party recognition of the BruxZir mark.

14  (E.g., Exs. 580-591, 594-598)

15        •   Keating advertising and marketing material for KDZ Bruxer mark and

16  BruxZir-branded products.  (E.g., Exs. 570, 574)

17        •   Third party advertising and marketing material for full contour

18  zirconia crowns.  (E.g., Exs. 560, 1452)

19        •   Documents evidencing Glidewell's efforts to protect the BruxZir mark.

20  (E.g., Exs. 141, 146-151)

21        •   Documents evidencing Keating's first use of the KDZ Bruxer mark in

22  the marketplace.  (E.g., Ex. 1342)

23        •   Documents evidencing that neither "bruxzir crown" nor "bruxer

24  crown" were generic terms for full contour zirconia crowns prior to April 2011.

25  (E.G., Ex. 2140)

26        •   Documents evidencing Glidewell's sales, revenues, and gross profit of

27  KDZ Bruxer crowns.  (E.g., Exs. 1531, 1532, 1560, 1561, 1566, 1567, 1568)

28        •   Documents evidencing Keating's sales, revenues, and gross profit of

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

its KDZ Bruxer crowns.  (E.g., Ex. 1051)

### 3. Glidewell's Claim 3:   Unfair Competition Under Cal. Bus. & Prof. Code

• Testimony of James Shuck concerning creation of the BruxZir mark; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods.

• Testimony of Dr. Michael DiTolla concerning creation of the BruxZir mark; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; generic terms for full contour zirconia crowns; treatments for patients with bruxism; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; pronunciation of the terms "BruxZir" and "bruxer" by dental practitioners; the commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

1 selecting a particular brand of such goods.  Expert testimony concerning

2 distinctiveness (and nongenericness) of the BruxZir mark, including that the mark

3 is suggestive; generic terms for full contour zirconia crowns; treatments for patients

4 with bruxism.

5       •   Testimony of Nicole Fallon concerning one or more instances of actual

6 confusion.

7       •   Testimony of Robin Bartolo concerning development, features,

8 characteristics, and indicated uses of BruxZir-branded products; use of the terms

9 "bruxer" and "bruxer crown" in the dental industry; facts indicating non-

10 genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark

11 and its indication of Glidewell Laboratories as a source of goods and services; and

12 operation of Glidewell's Authorized Labs program, Glidewell Direct, and

13 Glidewell's interactions with Authorized BruxZir Labs.

14       •   Testimony of Robin Carden concerning development, features,

15 characteristics, and indicated uses of BruxZir-branded products; use of the terms

16 "bruxer" and "bruxer crown" in the dental industry; facts indicating non-

17 genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark

18 and its indication of Glidewell Laboratories as a source of goods and services;

19 Glidewell's interactions with Authorized BruxZir Labs and operation of Glidewell's

20 Authorized Labs program; and commercial strength of the BruxZir mark, including

21 technical and educational presentations concerning BruxZir brand product.

22       •   Testimony of Rudy Ramirez concerning creation of the BruxZir mark;

23 development, features, characteristics, and indicated uses of BruxZir-branded

24 products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts

25 indicating non-genericness of the BruxZir mark; facts indicating the commercial

26 strength of the BruxZir mark and its indication of Glidewell Laboratories as a

27 source of goods and services.

28       •   Testimony of Keith Allred concerning Glidewell's ownership of the

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1  BruxZir mark and Trademark Reg. No. 3,739,663, and Glidewell's enforcement of

2  its rights in the BruxZir mark.

3         • Testimony of Glenn Sasaki concerning Glidewell's damages and

4  Keating's profits.

5         • Testimony of Ronald Goldstein, D.D.S. concerning the validity

6  (distinctiveness and nongenericness) of the BruxZir mark, the conceptual and

7  commercial strength of the BruxZir mark, the proximity of the goods marketed

8  under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and

9  KDZ Bruxer brand goods are marketed, the type of goods marketed under those

10  marks, the degree of care typically used in selecting a particular brand of such

11  goods, and the likelihood of confusion resulting from Keating's use of KDZ

12  Bruxer; generic terms for full contour zirconia crowns; treatments for patients with

13  bruxism

14         • Testimony of David Franklyn concerning the validity (distinctiveness

15  and nongenericness) of the BruxZir mark, the conceptual and commercial strength

16  of the BruxZir mark, the proximity of the goods marketed under the BruxZir and

17  KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand

18  goods are marketed, the type of goods marketed under those marks, the degree of

19  care typically used in selecting a particular brand of such goods, and the likelihood

20  of confusion resulting from Keating's use of KDZ Bruxer.

21         • Testimony of Gregory Doneff, D.D.S. concerning the validity of the

22  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

23  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

24  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

25  type of goods marketed under those marks, and the degree of care typically used in

26  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

27  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

28  facts indicating the strength of the BruxZir mark and its indication of Glidewell

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1   Laboratories as a source of goods and services; facts relating to likelihood of

2   confusion between the BruxZir mark and "KDZ Bruxer."

3   • Testimony of Howard Cohen, D.D.S. concerning the validity of the

4   BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

5   proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

6   channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

7   type of goods marketed under those marks, and the degree of care typically used in

8   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

9   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

10  facts indicating the strength of the BruxZir mark and its indication of Glidewell

11  Laboratories as a source of goods and services; facts relating to likelihood of

12  confusion between the BruxZir mark and "KDZ Bruxer."

13  • Testimony of Spencer Luke, D.M.D. concerning the validity of the

14  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

15  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

16  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

17  type of goods marketed under those marks, and the degree of care typically used in

18  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

19  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

20  facts indicating the strength of the BruxZir mark and its indication of Glidewell

21  Laboratories as a source of goods and services; facts relating to likelihood of

22  confusion between the BruxZir mark and "KDZ Bruxer."

23  • Testimony of Stuart Newman, D.D.S. concerning the validity of the

24  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

25  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

26  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

27  type of goods marketed under those marks, and the degree of care typically used in

28  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Thomas Bell, D.M.D. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Terence Michiels, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Kent Toca, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1  type of goods marketed under those marks, and the degree of care typically used in

2  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

3  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

4  facts indicating the strength of the BruxZir mark and its indication of Glidewell

5  Laboratories as a source of goods and services; facts relating to likelihood of

6  confusion between the BruxZir mark and "KDZ Bruxer."

7       •   Testimony of Dr. Michael Fanning concerning the validity of the

8  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

9  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

10  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

11  type of goods marketed under those marks, and the degree of care typically used in

12  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

13  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

14  facts indicating the strength of the BruxZir mark and its indication of Glidewell

15  Laboratories as a source of goods and services; facts relating to likelihood of

16  confusion between the BruxZir mark and "KDZ Bruxer."

17       •   Testimony of Dr. Vincent S. Cianciulli concerning the validity of the

18  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

19  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

20  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

21  type of goods marketed under those marks, and the degree of care typically used in

22  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

23  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

24  facts indicating the strength of the BruxZir mark and its indication of Glidewell

25  Laboratories as a source of goods and services; facts relating to likelihood of

26  confusion between the BruxZir mark and "KDZ Bruxer."

27       •   Testimony of Dr. Ilya Benjamin concerning the validity of the BruxZir

28  mark, the conceptual and commercial strength of the BruxZir mark, the proximity

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1   of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

2   through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

3   goods marketed under those marks, and the degree of care typically used in

4   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

5   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

6   facts indicating the strength of the BruxZir mark and its indication of Glidewell

7   Laboratories as a source of goods and services; facts relating to likelihood of

8   confusion between the BruxZir mark and "KDZ Bruxer."

9   •   Testimony of Dr. Dean Saiki concerning the validity of the BruxZir

10   mark, the conceptual and commercial strength of the BruxZir mark, the proximity

11   of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

12   through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

13   goods marketed under those marks, and the degree of care typically used in

14   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

15   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

16   facts indicating the strength of the BruxZir mark and its indication of Glidewell

17   Laboratories as a source of goods and services; facts relating to likelihood of

18   confusion between the BruxZir mark and "KDZ Bruxer."

19   •   Testimony of Dr. Robert McNicholas concerning the validity of the

20   BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

21   proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

22   channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

23   type of goods marketed under those marks, and the degree of care typically used in

24   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

25   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

26   facts indicating the strength of the BruxZir mark and its indication of Glidewell

27   Laboratories as a source of goods and services; facts relating to likelihood of

28   confusion between the BruxZir mark and "KDZ Bruxer."

1  • Testimony of Dr. Benjamin An concerning the validity of the BruxZir

2  mark, the conceptual and commercial strength of the BruxZir mark, the proximity

3  of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

4  through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

5  goods marketed under those marks, and the degree of care typically used in

6  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

7  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

8  facts indicating the strength of the BruxZir mark and its indication of Glidewell

9  Laboratories as a source of goods and services; facts relating to likelihood of

10  confusion between the BruxZir mark and "KDZ Bruxer."

11  • Testimony of Dr. Oscar Goren concerning the validity of the BruxZir

12  mark, the conceptual and commercial strength of the BruxZir mark, the proximity

13  of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

14  through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

15  goods marketed under those marks, and the degree of care typically used in

16  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

17  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

18  facts indicating the strength of the BruxZir mark and its indication of Glidewell

19  Laboratories as a source of goods and services; facts relating to likelihood of

20  confusion between the BruxZir mark and "KDZ Bruxer."

21  • Testimony of Dr. Dennis A. Gaishauser concerning the validity of the

22  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

23  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

24  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

25  type of goods marketed under those marks, and the degree of care typically used in

26  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

27  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

28  facts indicating the strength of the BruxZir mark and its indication of Glidewell

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

Snell & Wilmer
— L.L.P. —
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1  Laboratories as a source of goods and services; facts relating to likelihood of

2  confusion between the BruxZir mark and "KDZ Bruxer."

3  • Testimony of Dr. Dr. Chester A. Bizga concerning the validity of the

4  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

5  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

6  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

7  type of goods marketed under those marks, and the degree of care typically used in

8  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

9  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

10  facts indicating the strength of the BruxZir mark and its indication of Glidewell

11  Laboratories as a source of goods and services; facts relating to likelihood of

12  confusion between the BruxZir mark and "KDZ Bruxer."

13  • Testimony of Dr. Valentine Ferraris concerning the validity of the

14  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

15  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

16  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

17  type of goods marketed under those marks, and the degree of care typically used in

18  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

19  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

20  facts indicating the strength of the BruxZir mark and its indication of Glidewell

21  Laboratories as a source of goods and services; facts relating to likelihood of

22  confusion between the BruxZir mark and "KDZ Bruxer."

23  • Testimony of Dr. Paul Taylor concerning the validity of the BruxZir

24  mark, the conceptual and commercial strength of the BruxZir mark, the proximity

25  of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

26  through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

27  goods marketed under those marks, and the degree of care typically used in

28  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

(zzmpTempTex

crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Dr. Meredith S. Esposito concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Dr. John Griffith concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Scott Bigler concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Glenn Yamamoto concerning the validity and

(zzmpTempTex

commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

 • Testimony of Jacob Trachsel concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

 • Testimony of Kareen Chamberlain concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

 • Testimony of Shaun Keating concerning or constituting admissions that the BruxZir mark is nongeneric; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark; the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand goods are marketed; Keating's intent in selecting the KDZ Bruxer mark; the type of goods marketed under those marks; and the degree of care typically used in selecting a particular brand of such goods.

 • Testimony of Robert Brandon concerning or constituting admissions that the BruxZir mark is nongeneric; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1   confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength

2   of the BruxZir mark; the proximity of the goods marketed under the BruxZir and

3   KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand

4   goods are marketed; Keating's intent in selecting the KDZ Bruxer mark; the type of

5   goods marketed under those marks; and the degree of care typically used in

6   selecting a particular brand of such goods.

7       • Testimony of Diane Donich concerning Keating's sales of and profits

8   from sales of product under the KDZ Bruxer mark.

9       • Reports showing Keating marketing expenses and sales.  (Exs. 515,

10  943-46)

11      • Documents showing Glidewell's expenses to promote and market the

12  BruxZir mark and BruxZir-branded products.  (E.g., Exs. 1550, 1564-68)

13      • Reports showing Glidewell website statistics.  (Exs. 1549, 1551-52)

14      • Reports showing unit sales and revenues of BruxZir brand product.

15  (Exs. 599, 1531-32, 1560-61)

16      • List of Authorized BruxZir Labs.  (Ex. 10)

17      • Exemplars of the BruxZir and KDZ Bruxer marks as they appear in the

18  marketplace.  (Exs. 559, 615, 948, 1171, 1176, 1488-91)

19      • Call note report, and invoice and fax transmittal, regarding contact

20  with Dr. Le's office.  (Exs. 556-57)

21      • Keating prescription forms and lab notes.  (Exs. 569, 1052, 1121,

22  1139, 1142, 1160)

23      • Application for the BruxZir mark by Glidewell.  (Ex. 608)

24      • Documents showing examination of the BruxZir mark by the U.S.

25  Patent and Trademark Office.  (Exs. 608, 1466, 1467)

26      • Trademark Manual of Examining Procedure, 5th Ed. (excerpts).  (Ex.

27  1562)

28      • Registration of the BruxZir mark by the U.S. Patent and Trademark

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1    Office.  (Ex. 607)

2        • Documents showing that the BruxZir mark does not exist in a crowded

3    field (E.g., Exs. 618, 619)

4        • Dictionary excerpts.  (E.g., Ex. 614)

5        • Advertising, marketing, and promotional material for the BruxZir

6    mark and BruxZir-branded products.  (E.g., Exs. 66-68, 562-568, 570, 575-576,

7    578-579, 610, 1055-1061)

8        • Documents evidencing third party recognition of the BruxZir mark.

9    (E.g., Exs. 580-591, 594-598)

10        • Keating advertising and marketing material for KDZ Bruxer mark and

11    BruxZir-branded products.  (E.g., Exs. 570, 574)

12        • Third party advertising and marketing material for full contour

13    zirconia crowns.  (E.g., Exs. 560, 1452)

14        • Documents evidencing Glidewell's efforts to protect the BruxZir mark.

15    (E.g., Exs. 141, 146-151)

16        • Documents evidencing Keating's first use of the KDZ Bruxer mark in

17    the marketplace.  (E.g., Ex. 1342)

18        • Documents evidencing that neither "bruxzir crown" nor "bruxer

19    crown" were generic terms for full contour zirconia crowns prior to April 2011.

20    (E.G., Ex. 2140)

21        • Documents evidencing Glidewell's sales, revenues, and gross profit of

22    KDZ Bruxer crowns.  (E.g., Exs. 1531, 1532, 1560, 1561, 1566, 1567, 1568)

23        • Documents evidencing Keating's sales, revenues, and gross profit of

24    its KDZ Bruxer crowns.  (E.g., Ex. 1051)

25    **II.    KEATING'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

26        A.    **Summary Statement of the Counterclaims and Affirmative**

27              **Defenses Keating has Pleaded and Plans to Pursue**

28    Counterclaim 1:  Declaratory judgment that KDZ Bruxer does not infringe

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Glidewell's BruxZir trademark.

Counterclaim 2:  Glidewell's actions constitute unfair competition in violation of Cal. Bus. & Prof. Code § 17200 et seq.

Counterclaim 3:  Glidewell's actions constitute misuse of trademark.

Counterclaim 4:  Glidewell's Trademark Reg. No. 3,739,663 should be cancelled.

First Affirmative Defense:  Glidewell's trademark is invalid or unenforceable because it is a generic or descriptive term.

Second Affirmative Defense:  There is no likelihood of confusion between Glidewell's BruxZir trademark and KDZ Bruxer.

Third Affirmative Defense:  Glidewell is estopped from asserting that any rights that it may have in the trademark BruxZir are so broad as to cover or include competitors' use of the words Brux or Bruxer within those competitors' trademarks.

Fourth Affirmative Defense:  Glidewell's attempts to enforce its BruxZir trademark constitute misuse of a trademark, unclean hands, and unfair competition.

Fifth Affirmative Defense:  Keating's use of the terms "bruxer" and/or "bruxzir" constitutes fair use.

**B.**     **Elements Required to Establish Keating's Counterclaims and Affirmative Defenses**

        **1.**     **Keating's Counterclaim 1:  Declaratory Judgment of Non-Infringement**

        a.     BruxZir is not a valid, protectable trademark; or

        b.     Glidewell does not own the BruxZir trademark; or

        c.     Keating's use of KDZ Bruxer, without Glidewell's consent, is not likely to cause consumer confusion.

*See* Ninth Circuit Manual of Model Civil Jury Instructions No. 15.5; *Rearden LLC v. Rearden Commerice, Inc.,* 683 F.3d 1190, 1202 (9th Cir. 2012); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.,*  174 F.3d 1036, 1046

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1   (9th Cir. 1999).

2      **2.      Keating's Counterclaim 2:  Unfair Competition in Violation**

3          **of Cal. Bus. & Prof. Code § 17200 *et seq.***

4          a.      Glidewell's actions constitute an unlawful, unfair or

5   fraudulent business act or practice, or unfair, deceptive, untrue or misleading

6   advertising; and

7          b.      Keating has suffered injury in fact and lost money or

8   property as a result of the unfair competition.

9       *See* Cal. Bus. & Prof. Code §§ 17200, 17204.

10      **3.      Keating's Counterclaim 3:  Glidewell's Actions Constitute**

11          **Misuse of Trademark**

12          a.      This is not a proper claim for affirmative relief and

13   elements to prove this claim do not exist.

14       *See Juno Online Services v. Juno Lighting, Inc.*, 979 F.Supp. 684 (N.D. Ill.

15   1997); 6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition

16   (4th ed. 2010) § 31:44.

17      **4.      Keating's Counterclaim 4:  Glidewell's Federally Registered**

18          **Trademark No. 3,739,663 Should be Cancelled**

19          a.      The registration for the BruxZir mark should be cancelled

20   because the primary significance of the registered BruxZir mark to the relevant

21   public is as the generic name for the goods or services for which it is registered.

22       *See* 15 U.S.C. § 1064(3); *See* Ninth Circuit Manual of Model Civil Jury

23   Instructions Nos. 15.9.

24          b.      The registration for the BruxZir mark should be cancelled

25   because the BruxZir mark, if descriptive, has not attained secondary meaning (i.e.,

26   the primary significance of the BruxZir mark in the minds of the prospective

27   consumers is to identify the product itself rather than to identify a single source,

28   regardless of whether consumers know who or what the source is).

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1   *See* Ninth Circuit Manual of Model Civil Jury Instructions Nos. 15.10, 15.17.

2   **5.      Keating's First Affirmative Defense:  Glidewell's**

3   **Trademark is Invalid as it is Generic or Descriptive**

4   a.      The registered BruxZir mark is invalid because the

5   primary significance of the registered BruxZir mark to the relevant public is as the

6   generic name for the goods or services for which it is registered.

7   *See* 15 U.S.C. § 1064(3); *See* Ninth Circuit Manual of Model Civil Jury

8   Instructions Nos. 15.9.

9   b.      The registered BruxZir mark is invalid because the

10   BruxZir mark, if descriptive, has not attained secondary meaning (i.e., the primary

11   significance of the BruxZir mark in the minds of the prospective consumers is to

12   identify the product itself rather than to identify a single source, regardless of

13   whether consumers know who or what the source is).

14   *See* Ninth Circuit Manual of Model Civil Jury Instructions Nos. 15.10, 15.17.

15   **6.      Keating's Second Affirmative Defense:  No Likelihood of**

16   **Confusion**

17   a.      Keating's use of KDZ Bruxer, without Glidewell's

18   consent, is not likely to cause consumer confusion.

19   *See* Ninth Circuit Manual of Model Civil Jury Instructions Nos. 15.5.

20   **7.      Keating's Third Affirmative Defense:  Glidewell is estopped**

21   **from asserting that any rights that it may have in the**

22   **trademark BruxZir are so broad as to cover or include**

23   **competitors' use of the words Brux or Bruxer within those**

24   **competitors' trademarks**

25   a.      Glidewell must be apprised of the facts;

26   b.      Glidewell must intend that its conduct shall be acted

27   upon, or  must so act that Keating has a right to believe it was so intended;

28   c.      Keating must be ignorant of the true state of facts; and

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1        d.     Keating must rely upon the conduct to his injury.

2    *See Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1123 (9th Cir. 2008).

3    **8.**    **Keating's Fourth Affirmative Defense:  Misuse of**

4    **Trademark/Unclean Hands/Unfair Competition**

5    a.     Glidewell has violated conscience, good faith, or other

6 equitable principles in its prior conduct, or has dirtied its hands in acquiring the

7 right presently asserted;

8    b.     Glidewell's misconduct relates directly to the transaction

9 concerning which the complaint is made.

10    *See Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 173

11 (9th Cir. 1989); *KEMA, Inc. v. Koperwhats*, 658 F.Supp.2d 1022, 1035-36 (N.D.

12 Cal. 2009) (defense of misuse of trademark is redundant with unclean hands).

13    **9.**    **Keating's Fifth Affirmative Defense:  Fair Use**

14    a.     Keating used the mark other than to distinguish Keating's

15 goods from Glidewell's and to indicate the source of Keating's goods;

16    b.     Keating used the BruxZir mark fairly and in good faith;

17 and

18    c.     Keating used the BruxZir mark only to describe Keating's

19 goods as those of Keating's and not at all to describe Glidewell's product.

20    *See* Ninth Circuit Manual of Model Civil Jury Instructions No. 15.22.

21    **C.**    **Brief Description of Key Evidence in Opposition to Keating's**

22    **Counterclaims and Affirmative Defenses**

23    Plaintiff identifies at least the following key evidence in opposition to

24 Keating's counterclaims and affirmative defenses.  Plaintiff reserves the right

25 to enlarge or otherwise modify this list.

26    **1.**    **Keating's Counterclaim 1:  Declaratory Judgment re Non-**

27    **Infringement**

28    •  Testimony of James Shuck concerning creation of the BruxZir mark;

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods.

• Testimony of Dr. Michael DiTolla concerning creation of the BruxZir mark; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; generic terms for full contour zirconia crowns; treatments for patients with bruxism; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; pronunciation of the terms "BruxZir" and "bruxer" by dental practitioners; the commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods.  Expert testimony concerning distinctiveness (and nongenericness) of the BruxZir mark, including that the mark is suggestive; generic terms for full contour zirconia crowns; treatments for patients with bruxism.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

- • Testimony of Nicole Fallon concerning one or more instances of actual confusion.

- • Testimony of Robin Bartolo concerning development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; and operation of Glidewell's Authorized Labs program, Glidewell Direct, and Glidewell's interactions with Authorized BruxZir Labs.

- • Testimony of Robin Carden concerning development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; Glidewell's interactions with Authorized BruxZir Labs and operation of Glidewell's Authorized Labs program; and commercial strength of the BruxZir mark, including technical and educational presentations concerning BruxZir brand product.

- • Testimony of Rudy Ramirez concerning creation of the BruxZir mark; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the commercial strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- • Testimony of Keith Allred concerning Glidewell's ownership of the BruxZir mark and Trademark Reg. No. 3,739,663, and Glidewell's enforcement of its rights in the BruxZir mark.

- • Testimony of Glenn Sasaki concerning Glidewell's damages and Keating's profits.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

- Testimony of Ronald Goldstein, D.D.S. concerning the validity (distinctiveness and nongenericness) of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, the degree of care typically used in selecting a particular brand of such goods, and the likelihood of confusion resulting from Keating's use of KDZ Bruxer; generic terms for full contour zirconia crowns; treatments for patients with bruxism

- Testimony of David Franklyn concerning the validity (distinctiveness and nongenericness) of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, the degree of care typically used in selecting a particular brand of such goods, and the likelihood of confusion resulting from Keating's use of KDZ Bruxer.

- Testimony of Gregory Doneff, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Howard Cohen, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

(zzmpTempTex

proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Spencer Luke, D.M.D. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Stuart Newman, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1    • Testimony of Thomas Bell, D.M.D. concerning the validity of the

2    BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

3    proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

4    channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

5    type of goods marketed under those marks, and the degree of care typically used in

6    selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

7    crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

8    facts indicating the strength of the BruxZir mark and its indication of Glidewell

9    Laboratories as a source of goods and services; facts relating to likelihood of

10   confusion between the BruxZir mark and "KDZ Bruxer."

11   • Testimony of Terence Michiels, D.D.S. concerning the validity of the

12   BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

13   proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

14   channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

15   type of goods marketed under those marks, and the degree of care typically used in

16   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

17   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

18   facts indicating the strength of the BruxZir mark and its indication of Glidewell

19   Laboratories as a source of goods and services; facts relating to likelihood of

20   confusion between the BruxZir mark and "KDZ Bruxer."

21   • Testimony of Kent Toca, D.D.S. concerning the validity of the

22   BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

23   proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

24   channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

25   type of goods marketed under those marks, and the degree of care typically used in

26   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

27   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

28   facts indicating the strength of the BruxZir mark and its indication of Glidewell

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1   Laboratories as a source of goods and services; facts relating to likelihood of

2   confusion between the BruxZir mark and "KDZ Bruxer."

3   • Testimony of Dr. Michael Fanning concerning the validity of the

4   BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

5   proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

6   channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

7   type of goods marketed under those marks, and the degree of care typically used in

8   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

9   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

10  facts indicating the strength of the BruxZir mark and its indication of Glidewell

11  Laboratories as a source of goods and services; facts relating to likelihood of

12  confusion between the BruxZir mark and "KDZ Bruxer."

13  • Testimony of Dr. Vincent S. Cianciulli concerning the validity of the

14  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

15  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

16  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

17  type of goods marketed under those marks, and the degree of care typically used in

18  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

19  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

20  facts indicating the strength of the BruxZir mark and its indication of Glidewell

21  Laboratories as a source of goods and services; facts relating to likelihood of

22  confusion between the BruxZir mark and "KDZ Bruxer."

23  • Testimony of Dr. Ilya Benjamin concerning the validity of the BruxZir

24  mark, the conceptual and commercial strength of the BruxZir mark, the proximity

25  of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

26  through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

27  goods marketed under those marks, and the degree of care typically used in

28  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

• Testimony of Dr. Dean Saiki concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

• Testimony of Dr. Robert McNicholas concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

• Testimony of Dr. Benjamin An concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

1  goods marketed under those marks, and the degree of care typically used in

2  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

3  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

4  facts indicating the strength of the BruxZir mark and its indication of Glidewell

5  Laboratories as a source of goods and services; facts relating to likelihood of

6  confusion between the BruxZir mark and "KDZ Bruxer."

7          •   Testimony of Dr. Oscar Goren concerning the validity of the BruxZir

8  mark, the conceptual and commercial strength of the BruxZir mark, the proximity

9  of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

10  through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

11  goods marketed under those marks, and the degree of care typically used in

12  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

13  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

14  facts indicating the strength of the BruxZir mark and its indication of Glidewell

15  Laboratories as a source of goods and services; facts relating to likelihood of

16  confusion between the BruxZir mark and "KDZ Bruxer."

17          •   Testimony of Dr. Dennis A. Gaishauser concerning the validity of the

18  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

19  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

20  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

21  type of goods marketed under those marks, and the degree of care typically used in

22  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

23  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

24  facts indicating the strength of the BruxZir mark and its indication of Glidewell

25  Laboratories as a source of goods and services; facts relating to likelihood of

26  confusion between the BruxZir mark and "KDZ Bruxer."

27          •   Testimony of Dr. Dr. Chester A. Bizga concerning the validity of the

28  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

Snell & Wilmer
L.L.P.
——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

1   proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

2   channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

3   type of goods marketed under those marks, and the degree of care typically used in

4   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

5   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

6   facts indicating the strength of the BruxZir mark and its indication of Glidewell

7   Laboratories as a source of goods and services; facts relating to likelihood of

8   confusion between the BruxZir mark and "KDZ Bruxer."

9          •   Testimony of Dr. Valentine Ferraris concerning the validity of the

10  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

11  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

12  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

13  type of goods marketed under those marks, and the degree of care typically used in

14  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

15  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

16  facts indicating the strength of the BruxZir mark and its indication of Glidewell

17  Laboratories as a source of goods and services; facts relating to likelihood of

18  confusion between the BruxZir mark and "KDZ Bruxer."

19         •   Testimony of Dr. Paul Taylor concerning the validity of the BruxZir

20  mark, the conceptual and commercial strength of the BruxZir mark, the proximity

21  of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

22  through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

23  goods marketed under those marks, and the degree of care typically used in

24  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

25  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

26  facts indicating the strength of the BruxZir mark and its indication of Glidewell

27  Laboratories as a source of goods and services; facts relating to likelihood of

28  confusion between the BruxZir mark and "KDZ Bruxer."

**Snell & Wilmer**
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

1    • Testimony of Dr. Meredith S. Esposito concerning the validity of the

2    BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

3    proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

4    channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

5    type of goods marketed under those marks, and the degree of care typically used in

6    selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

7    crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

8    facts indicating the strength of the BruxZir mark and its indication of Glidewell

9    Laboratories as a source of goods and services; facts relating to likelihood of

10   confusion between the BruxZir mark and "KDZ Bruxer."

11   • Testimony of Dr. John Griffith concerning the validity of the BruxZir

12   mark, the conceptual and commercial strength of the BruxZir mark, the proximity

13   of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

14   through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

15   goods marketed under those marks, and the degree of care typically used in

16   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

17   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

18   facts indicating the strength of the BruxZir mark and its indication of Glidewell

19   Laboratories as a source of goods and services; facts relating to likelihood of

20   confusion between the BruxZir mark and "KDZ Bruxer."

21   • Testimony of Scott Bigler concerning the validity and commercial

22   strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions

23   with Authorized BruxZir Labs.

24   • Testimony of Glenn Yamamoto concerning the validity and

25   commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's

26   interactions with Authorized BruxZir Labs.

27   • Testimony of Jacob Trachsel concerning the validity and commercial

28   strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions

Snell & Wilmer
————— L.L.P. —————
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1   with Authorized BruxZir Labs.

2   • Testimony of Kareen Chamberlain concerning the validity and

3   commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's

4   interactions with Authorized BruxZir Labs.

5   • Testimony of Shaun Keating concerning or constituting admissions

6   that the BruxZir mark is nongeneric; advertising and promotion of the BruxZir

7   mark and BruxZir-branded products; development, features, characteristics, and

8   indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer

9   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

10  facts indicating the strength of the BruxZir mark and its indication of Glidewell

11  Laboratories as a source of goods and services; facts relating to likelihood of

12  confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength

13  of the BruxZir mark; the proximity of the goods marketed under the BruxZir and

14  KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand

15  goods are marketed; Keating's intent in selecting the KDZ Bruxer mark; the type of

16  goods marketed under those marks; and the degree of care typically used in

17  selecting a particular brand of such goods.

18  • Testimony of Robert Brandon concerning or constituting admissions

19  that the BruxZir mark is nongeneric; advertising and promotion of the BruxZir

20  mark and BruxZir-branded products; development, features, characteristics, and

21  indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer

22  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

23  facts indicating the strength of the BruxZir mark and its indication of Glidewell

24  Laboratories as a source of goods and services; facts relating to likelihood of

25  confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength

26  of the BruxZir mark; the proximity of the goods marketed under the BruxZir and

27  KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand

28  goods are marketed; Keating's intent in selecting the KDZ Bruxer mark; the type of

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1  goods marketed under those marks; and the degree of care typically used in

2  selecting a particular brand of such goods.

3          • Testimony of Diane Donich concerning Keating's sales of and profits

4  from sales of product under the KDZ Bruxer mark.

5          • Reports showing Keating marketing expenses and sales.  (Exs. 515,

6  943-46)

7          • Documents showing Glidewell's expenses to promote and market the

8  BruxZir mark and BruxZir-branded products.  (E.g., Exs. 1550, 1564-68)

9          • Reports showing Glidewell website statistics.  (Exs. 1549, 1551-52)

10         • Reports showing unit sales and revenues of BruxZir brand product.

11  (Exs. 599, 1531-32, 1560-61)

12         • List of Authorized BruxZir Labs.  (Ex. 10)

13         • Exemplars of the BruxZir and KDZ Bruxer marks as they appear in the

14  marketplace.  (Exs. 559, 615, 948, 1171, 1176, 1488-91)

15         • Call note report, and invoice and fax transmittal, regarding contact

16  with Dr. Le's office.  (Exs. 556-57)

17         • Keating prescription forms and lab notes.  (Exs. 569, 1052, 1121,

18  1139, 1142, 1160)

19         • Application for the BruxZir mark by Glidewell.  (Ex. 608)

20         • Documents showing examination of the BruxZir mark by the U.S.

21  Patent and Trademark Office.  (Exs. 608, 1466, 1467)

22         • Trademark Manual of Examining Procedure, 5th Ed. (excerpts).  (Ex.

23  1562)

24         • Registration of the BruxZir mark by the U.S. Patent and Trademark

25  Office.  (Ex. 607)

26         • Documents showing that the BruxZir mark does not exist in a crowded

27  field (E.g., Exs. 618, 619)

28         • Dictionary excerpts.  (E.g., Ex. 614)

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1   • Advertising, marketing, and promotional material for the BruxZir

2   mark and BruxZir-branded products.  (E.g., Exs. 66-68, 562-568, 570, 575-576,

3   578-579, 610, 1055-1061)

4   • Documents evidencing third party recognition of the BruxZir mark.

5   (E.g., Exs. 580-591, 594-598)

6   • Keating advertising and marketing material for KDZ Bruxer mark and

7   BruxZir-branded products.  (E.g., Exs. 570, 574)

8   • Third party advertising and marketing material for full contour

9   zirconia crowns.  (E.g., Exs. 560, 1452)

10   • Documents evidencing Glidewell's efforts to protect the BruxZir mark.

11   (E.g., Exs. 141, 146-151)

12   • Documents evidencing Keating's first use of the KDZ Bruxer mark in

13   the marketplace.  (E.g., Ex. 1342)

14   • Documents evidencing that neither "bruxzir crown" nor "bruxer

15   crown" were generic terms for full contour zirconia crowns prior to April 2011.

16   (E.G., Ex. 2140)

17   **2.   Keating's Counterclaim 2:  Unfair Competition in Violation**

18   **of Cal. Bus. & Prof. Code § 17200 _et seq._**

19   • Testimony from Keith Allred regarding Glidewell's use of the ®

20   symbol in connection with various product offerings; Glidewell's registration of the

21   BruxZir mark; and Glidewell's enforcement of the BruxZir mark.

22   • Testimony from Robin Bartolo regarding communications with

23   Keating regarding Keating's use of KDZ Bruxer; and the BruxZir Authorized Lab

24   program.

25   • Testimony from Jim Shuck regarding Glidewell's marketing of

26   products under the BruxZir brand.

27   • Emails between Glidewell and R-Dent Laboratories regarding

28   enforcement of the "BruxZir" mark.  (Ex. 600)

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1    • Emails between Authentic Dental Lab and Glidewell regarding
2    enforcement of the "BruxZir" mark.  (Ex. 601)

3    • Emails between Pittman Dental Laboratory and Glidewell regarding
4    enforcement of the "BruxZir" mark.  (Ex. 602)

5    • Emails between Assured Dental Lab and Glidewell regarding
6    enforcement of the "BruxZir" mark.  (Ex. 603)

7    • United States Trademark Registration for BruxZir, Registration No.
8    3,739,663 dated 01/19/10.  (Ex. 607)

9    • File History for US Trademark Registration No. 3,739,663 for BruxZir
10   (Class 10) various dates.  (Ex. 608)

11   • Emails between Advanced Dental Laboratory and Glidewell regarding
12   enforcement of the "BruxZir" mark.  (Ex. 148)

13   • Emails between Dentopia Dental Lab and Glidwell regarding
14   enforcement of the "BruxZir" mark.  (Ex. 150)

15   • Emails between Showcase Dental Laboratories and Glidwell regarding
16   enforcement of the "BruxZir" mark.  (Ex. 147)

17   • Emails between Barth Dental Laboratory and Glidewell regarding
18   enforcement of the "BruxZir" mark.  (Ex. 151)

19   • Emails between China Dental Outsourcing and Glidewell regarding
20   enforcement of the "BruxZir" mark.  (Ex. 146)

21   • Emails between Fusion Dental Laboratory Solutions and Glidewell
22   regarding enforcement of the "BruxZir" mark.  (Ex. 141)

23   • Emails between Old Dominion and Glidewell regarding enforcement
24   of the "BruxZir" mark.  (Ex. 149)

25   **3.    Keating's Counterclaim 3:  Glidewell's Actions Constitute**
26   **Misuse of Trademark**

27   • Since this is not a proper claim for affirmative relief, it is not necessary
28   to identify evidence to oppose this nonexistent claim.

**4.**     **Keating's Counterclaim 4:  Glidewell's Federally Registered Trademark No. 3,739,663 Should be Cancelled**

- Testimony of James Shuck concerning creation of the BruxZir mark; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- Testimony of Dr. Michael DiTolla concerning creation of the BruxZir mark; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; generic terms for full contour zirconia crowns; treatments for patients with bruxism; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; pronunciation of the terms "BruxZir" and "bruxer" by dental practitioners.  Expert testimony concerning distinctiveness (and nongenericness) of the BruxZir mark, including that the mark is suggestive; generic terms for full contour zirconia crowns; treatments for patients with bruxism.

- Testimony of Robin Bartolo concerning development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; and operation of Glidewell's Authorized Labs program, Glidewell Direct, and Glidewell's interactions with Authorized BruxZir Labs.

GLIDEWELL'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1      • Testimony of Robin Carden concerning development, features,

2  characteristics, and indicated uses of BruxZir-branded products; use of the terms

3  "bruxer" and "bruxer crown" in the dental industry; facts indicating non-

4  genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark

5  and its indication of Glidewell Laboratories as a source of goods and services;

6  Glidewell's interactions with Authorized BruxZir Labs and operation of Glidewell's

7  Authorized Labs program; and commercial strength of the BruxZir mark, including

8  technical and educational presentations concerning BruxZir brand product.

9      • Testimony of Rudy Ramirez concerning creation of the BruxZir mark;

10  development, features, characteristics, and indicated uses of BruxZir-branded

11  products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts

12  indicating non-genericness of the BruxZir mark; facts indicating the commercial

13  strength of the BruxZir mark and its indication of Glidewell Laboratories as a

14  source of goods and services.

15      • Testimony of Keith Allred concerning Glidewell's ownership of the

16  BruxZir mark and Trademark Reg. No. 3,739,663, and Glidewell's enforcement of

17  its rights in the BruxZir mark.

18      • Testimony of Ronald Goldstein, D.D.S. concerning the validity

19  (distinctiveness and nongenericness) of the BruxZir mark, the conceptual and

20  commercial strength of the BruxZir mark; generic terms for full contour zirconia

21  crowns; treatments for patients with bruxism.

22      • Testimony of David Franklyn concerning the validity (distinctiveness

23  and nongenericness) of the BruxZir mark, the conceptual and commercial strength

24  of the BruxZir mark.

25      • Testimony of Gregory Doneff, D.D.S. concerning the validity of the

26  BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of

27  the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-

28  genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

and its indication of Glidewell Laboratories as a source of goods and services.

- Testimony of Howard Cohen, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- Testimony of Spencer Luke, D.M.D. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- Testimony of Stuart Newman, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- Testimony of Thomas Bell, D.M.D. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- Testimony of Terence Michiels, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- Testimony of Kent Toca, D.D.S. concerning the validity of the

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Dr. Michael Fanning concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Dr. Vincent S. Cianciulli concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Dr. Ilya Benjamin concerning the validity of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Dr. Dean Saiki concerning the validity of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Dr. Robert McNicholas concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark

and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Dr. Benjamin An concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Dr. Oscar Goren concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Dr. Dennis A. Gaishauser concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Dr. Dr. Chester A. Bizga concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Dr. Valentine Ferraris concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Dr. Paul Taylor concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- Testimony of Dr. Meredith S. Esposito concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- Testimony of Dr. John Griffith concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- Testimony of Scott Bigler concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Glenn Yamamoto concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Jacob Trachsel concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Kareen Chamberlain concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Shaun Keating concerning or constituting admissions that the BruxZir mark is nongeneric.

- Testimony of Bob Brandon concerning or constituting admissions that

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1    the BruxZir mark is nongeneric.

2         • Reports showing Keating marketing expenses and sales. (Exs. 515,

3    943-46)

4         • Documents showing Glidewell's expenses to promote and market the

5    BruxZir mark and BruxZir-branded products. (E.g., Exs. 1550, 1564-68)

6         • Reports showing Glidewell website statistics. (Exs. 1549, 1551-52)

7         • Reports showing unit sales and revenues of BruxZir brand product.

8    (Exs. 599, 1531-32, 1560-61)

9         • List of Authorized BruxZir Labs. (Ex. 10)

10        • Exemplars of the BruxZir and KDZ Bruxer marks as they appear in the

11   marketplace. (Exs. 559, 615, 948, 1171, 1176, 1488-91)

12        • Keating prescription forms and lab notes. (Exs. 569, 1052, 1121,

13   1139, 1142, 1160)

14        • Application for the BruxZir mark by Glidewell. (Ex. 608)

15        • Documents showing examination of the BruxZir mark by the U.S.

16   Patent and Trademark Office. (Exs. 608, 1466, 1467)

17        • Trademark Manual of Examining Procedure, 5th Ed. (excerpts). (Ex.

18   1562)

19        • Registration of the BruxZir mark by the U.S. Patent and Trademark

20   Office. (Ex. 607)

21        • Documents showing that the BruxZir mark does not exist in a crowded

22   field (E.g., Exs. 618, 619)

23        • Dictionary excerpts. (E.g., Ex. 614)

24        • Advertising, marketing, and promotional material for the BruxZir

25   mark and BruxZir-branded products. (E.g., Exs. 66-68, 562-568, 570, 575-576,

26   578-579, 610, 1055-1061)

27        • Documents evidencing third party recognition of the BruxZir mark.

28   (E.g., Exs. 580-591, 594-598)

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1   • Keating advertising and marketing material for KDZ Bruxer mark and

2   BruxZir-branded products.  (E.g., Exs. 570, 574)

3   • Third party advertising and marketing material for full contour

4   zirconia crowns.  (E.g., Exs. 560, 1452)

5   • Documents evidencing Glidewell's efforts to protect the BruxZir mark.

6   (E.g., Exs. 141, 146-151)

7   • Documents evidencing Keating's first use of the KDZ Bruxer mark in

8   the marketplace.  (E.g., Ex. 1342)

9   • Documents evidencing that neither "bruxzir crown" nor "bruxer

10   crown" were generic terms for full contour zirconia crowns prior to April 2011.

11   (E.g., Ex. 2140)

12   **5.   Keating's First Affirmative Defense:  Glidewell's**

13   **Trademark is Invalid as it is Generic or Descriptive**

14   • Testimony of James Shuck concerning creation of the BruxZir mark;

15   advertising and promotion of the BruxZir mark and BruxZir-branded products;

16   development, features, characteristics, and indicated uses of BruxZir-branded

17   products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts

18   indicating non-genericness of the BruxZir mark; facts indicating the strength of the

19   BruxZir mark and its indication of Glidewell Laboratories as a source of goods and

20   services.

21   • Testimony of Dr. Michael DiTolla concerning creation of the BruxZir

22   mark; advertising and promotion of the BruxZir mark and BruxZir-branded

23   products; development, features, characteristics, and indicated uses of BruxZir-

24   branded products; use of the terms "bruxer" and "bruxer crown" in the dental

25   industry; generic terms for full contour zirconia crowns; treatments for patients with

26   bruxism; facts indicating non-genericness of the BruxZir mark; facts indicating the

27   strength of the BruxZir mark and its indication of Glidewell Laboratories as a

28   source of goods and services; facts relating to likelihood of confusion between the

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

- 67 -

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

BruxZir mark and "KDZ Bruxer"; pronunciation of the terms "BruxZir" and "bruxer" by dental practitioners.  Expert testimony concerning distinctiveness (and nongenericness) of the BruxZir mark, including that the mark is suggestive; generic terms for full contour zirconia crowns; treatments for patients with bruxism.

- Testimony of Robin Bartolo concerning development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; and operation of Glidewell's Authorized Labs program, Glidewell Direct, and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Robin Carden concerning development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; Glidewell's interactions with Authorized BruxZir Labs and operation of Glidewell's Authorized Labs program; and commercial strength of the BruxZir mark, including technical and educational presentations concerning BruxZir brand product.

- Testimony of Rudy Ramirez concerning creation of the BruxZir mark; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the commercial strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- Testimony of Keith Allred concerning Glidewell's ownership of the BruxZir mark and Trademark Reg. No. 3,739,663, and Glidewell's enforcement of its rights in the BruxZir mark.

(zzmpTempTex

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

- Testimony of Ronald Goldstein, D.D.S. concerning the validity (distinctiveness and nongenericness) of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; generic terms for full contour zirconia crowns; treatments for patients with bruxism.

- Testimony of David Franklyn concerning the validity (distinctiveness and nongenericness) of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark.

- Testimony of Gregory Doneff, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Howard Cohen, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Spencer Luke, D.M.D. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Stuart Newman, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Thomas Bell, D.M.D. concerning the validity of the

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

BruxZir mark, the conceptual and commercial strength of the BruxZir mark; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Terence Michiels, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Kent Toca, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Dr. Michael Fanning concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Dr. Vincent S. Cianciulli concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Dr. Ilya Benjamin concerning the validity of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the

(zzmpTempTex

BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

    • Testimony of Dr. Dean Saiki concerning the validity of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

    • Testimony of Dr. Robert McNicholas concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

    • Testimony of Dr. Benjamin An concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

    • Testimony of Dr. Oscar Goren concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

    • Testimony of Dr. Dennis A. Gaishauser concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

    • Testimony of Dr. Dr. Chester A. Bizga concerning the validity of the

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Dr. Valentine Ferraris concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Dr. Paul Taylor concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Dr. Meredith S. Esposito concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Dr. John Griffith concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services."

- Testimony of Scott Bigler concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Glenn Yamamoto concerning the validity and

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

• Testimony of Jacob Trachsel concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

• Testimony of Kareen Chamberlain concerning the validity and commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs.

• Testimony of Shaun Keating concerning or constituting admissions that the BruxZir mark is nongeneric.

• Testimony of Bob Brandon concerning or constituting admissions that the BruxZir mark is nongeneric.

• Reports showing Keating marketing expenses and sales.  (Exs. 515, 943-46)

• Documents showing Glidewell's expenses to promote and market the BruxZir mark and BruxZir-branded products.  (E.g., Exs. 1550, 1564-68)

• Reports showing Glidewell website statistics.  (Exs. 1549, 1551-52)

• Reports showing unit sales and revenues of BruxZir brand product.  (Exs. 599, 1531-32, 1560-61)

• List of Authorized BruxZir Labs.  (Ex. 10)

• Exemplars of the BruxZir and KDZ Bruxer marks as they appear in the marketplace.  (Exs. 559, 615, 948, 1171, 1176, 1488-91)

• Keating prescription forms and lab notes.  (Exs. 569, 1052, 1121, 1139, 1142, 1160)

• Application for the BruxZir mark by Glidewell.  (Ex. 608)

• Documents showing examination of the BruxZir mark by the U.S. Patent and Trademark Office.  (Exs. 608, 1466, 1467)

• Trademark Manual of Examining Procedure, 5th Ed. (excerpts).  (Ex.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

1    1562)

2          •  Registration of the BruxZir mark by the U.S. Patent and Trademark

3    Office.  (Ex. 607)

4          •  Documents showing that the BruxZir mark does not exist in a crowded

5    field (E.g., Exs. 618, 619)

6          •  Dictionary excerpts.  (E.g., Ex. 614)

7          •  Advertising, marketing, and promotional material for the BruxZir

8    mark and BruxZir-branded products.  (E.g., Exs. 66-68, 562-568, 570, 575-576,

9    578-579, 610, 1055-1061)

10          •  Documents evidencing third party recognition of the BruxZir mark.

11    (E.g., Exs. 580-591, 594-598)

12          •  Keating advertising and marketing material for KDZ Bruxer mark and

13    BruxZir-branded products.  (E.g., Exs. 570, 574)

14          •  Third party advertising and marketing material for full contour

15    zirconia crowns.  (E.g., Exs. 560, 1452)

16          •  Documents evidencing Glidewell's efforts to protect the BruxZir mark.

17    (E.g., Exs. 141, 146-151)

18          •  Documents evidencing Keating's first use of the KDZ Bruxer mark in

19    the marketplace.  (E.g., Ex. 1342)

20          •  Documents evidencing that neither "bruxzir crown" nor "bruxer

21    crown" were generic terms for full contour zirconia crowns prior to April 2011.

22    (E.g., Ex. 2140)

23          **6.      Keating's Second Affirmative Defense:  No Likelihood of**

24                **Confusion**

25          •  Testimony of James Shuck concerning creation of the BruxZir mark;

26    advertising and promotion of the BruxZir mark and BruxZir-branded products;

27    development, features, characteristics, and indicated uses of BruxZir-branded

28    products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods.

•   Testimony of Dr. Michael DiTolla concerning creation of the BruxZir mark; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; generic terms for full contour zirconia crowns; treatments for patients with bruxism; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; pronunciation of the terms "BruxZir" and "bruxer" by dental practitioners; the commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods.  Expert testimony concerning distinctiveness (and nongenericness) of the BruxZir mark, including that the mark is suggestive; generic terms for full contour zirconia crowns; treatments for patients with bruxism.

•   Testimony of Nicole Fallon concerning one or more instances of actual confusion.

•   Testimony of Robin Bartolo concerning development, features,

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; and operation of Glidewell's Authorized Labs program, Glidewell Direct, and Glidewell's interactions with Authorized BruxZir Labs.

• Testimony of Robin Carden concerning development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; Glidewell's interactions with Authorized BruxZir Labs and operation of Glidewell's Authorized Labs program; and commercial strength of the BruxZir mark, including technical and educational presentations concerning BruxZir brand product.

• Testimony of Rudy Ramirez concerning creation of the BruxZir mark; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the commercial strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

• Testimony of Keith Allred concerning Glidewell's ownership of the BruxZir mark and Trademark Reg. No. 3,739,663, and Glidewell's enforcement of its rights in the BruxZir mark.

• Testimony of Glenn Sasaki concerning Glidewell's damages and Keating's profits.

• Testimony of Ronald Goldstein, D.D.S. concerning the validity (distinctiveness and nongenericness) of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, the degree of care typically used in selecting a particular brand of such goods, and the likelihood of confusion resulting from Keating's use of KDZ Bruxer; generic terms for full contour zirconia crowns; treatments for patients with bruxism

• Testimony of David Franklyn concerning the validity (distinctiveness and nongenericness) of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, the degree of care typically used in selecting a particular brand of such goods, and the likelihood of confusion resulting from Keating's use of KDZ Bruxer.

• Testimony of Gregory Doneff, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

• Testimony of Howard Cohen, D.D.S. concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1    selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

2    crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

3    facts indicating the strength of the BruxZir mark and its indication of Glidewell

4    Laboratories as a source of goods and services; facts relating to likelihood of

5    confusion between the BruxZir mark and "KDZ Bruxer."

6            •   Testimony of Spencer Luke, D.M.D. concerning the validity of the

7    BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

8    proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

9    channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

10   type of goods marketed under those marks, and the degree of care typically used in

11   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

12   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

13   facts indicating the strength of the BruxZir mark and its indication of Glidewell

14   Laboratories as a source of goods and services; facts relating to likelihood of

15   confusion between the BruxZir mark and "KDZ Bruxer."

16           •   Testimony of Stuart Newman, D.D.S. concerning the validity of the

17   BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

18   proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

19   channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

20   type of goods marketed under those marks, and the degree of care typically used in

21   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

22   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

23   facts indicating the strength of the BruxZir mark and its indication of Glidewell

24   Laboratories as a source of goods and services; facts relating to likelihood of

25   confusion between the BruxZir mark and "KDZ Bruxer."

26           •   Testimony of Thomas Bell, D.M.D. concerning the validity of the

27   BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

28   proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

2  type of goods marketed under those marks, and the degree of care typically used in

3  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

4  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

5  facts indicating the strength of the BruxZir mark and its indication of Glidewell

6  Laboratories as a source of goods and services; facts relating to likelihood of

7  confusion between the BruxZir mark and "KDZ Bruxer."

8      •   Testimony of Terence Michiels, D.D.S. concerning the validity of the

9  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

10  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

11  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

12  type of goods marketed under those marks, and the degree of care typically used in

13  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

14  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

15  facts indicating the strength of the BruxZir mark and its indication of Glidewell

16  Laboratories as a source of goods and services; facts relating to likelihood of

17  confusion between the BruxZir mark and "KDZ Bruxer."

18      •   Testimony of Kent Toca, D.D.S. concerning the validity of the

19  BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

20  proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

21  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

22  type of goods marketed under those marks, and the degree of care typically used in

23  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

24  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

25  facts indicating the strength of the BruxZir mark and its indication of Glidewell

26  Laboratories as a source of goods and services; facts relating to likelihood of

27  confusion between the BruxZir mark and "KDZ Bruxer."

28      •   Testimony of Dr. Michael Fanning concerning the validity of the

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

• Testimony of Dr. Vincent S. Cianciulli concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

• Testimony of Dr. Ilya Benjamin concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of

Snell & Wilmer
⎯ L.L.P. ⎯
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Dr. Dean Saiki concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Dr. Robert McNicholas concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Dr. Benjamin An concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Dr. Oscar Goren concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Dr. Dennis A. Gaishauser concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer."

- Testimony of Dr. Dr. Chester A. Bizga concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels through which BruxZir and KDZ Bruxer brand goods are marketed, the type of goods marketed under those marks, and the degree of care typically used in

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1    selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

2    crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

3    facts indicating the strength of the BruxZir mark and its indication of Glidewell

4    Laboratories as a source of goods and services; facts relating to likelihood of

5    confusion between the BruxZir mark and "KDZ Bruxer."

6    • Testimony of Dr. Valentine Ferraris concerning the validity of the

7    BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

8    proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

9    channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

10   type of goods marketed under those marks, and the degree of care typically used in

11   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

12   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

13   facts indicating the strength of the BruxZir mark and its indication of Glidewell

14   Laboratories as a source of goods and services; facts relating to likelihood of

15   confusion between the BruxZir mark and "KDZ Bruxer."

16   • Testimony of Dr. Paul Taylor concerning the validity of the BruxZir

17   mark, the conceptual and commercial strength of the BruxZir mark, the proximity

18   of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

19   through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

20   goods marketed under those marks, and the degree of care typically used in

21   selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

22   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

23   facts indicating the strength of the BruxZir mark and its indication of Glidewell

24   Laboratories as a source of goods and services; facts relating to likelihood of

25   confusion between the BruxZir mark and "KDZ Bruxer."

26   • Testimony of Dr. Meredith S. Esposito concerning the validity of the

27   BruxZir mark, the conceptual and commercial strength of the BruxZir mark, the

28   proximity of the goods marketed under the BruxZir and KDZ Bruxer marks, the

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1  channels through which BruxZir and KDZ Bruxer brand goods are marketed, the

2  type of goods marketed under those marks, and the degree of care typically used in

3  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

4  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

5  facts indicating the strength of the BruxZir mark and its indication of Glidewell

6  Laboratories as a source of goods and services; facts relating to likelihood of

7  confusion between the BruxZir mark and "KDZ Bruxer."

8       •   Testimony of Dr. John Griffith concerning the validity of the BruxZir

9  mark, the conceptual and commercial strength of the BruxZir mark, the proximity

10  of the goods marketed under the BruxZir and KDZ Bruxer marks, the channels

11  through which BruxZir and KDZ Bruxer brand goods are marketed, the type of

12  goods marketed under those marks, and the degree of care typically used in

13  selecting a particular brand of such goods; use of the terms "bruxer" and "bruxer

14  crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

15  facts indicating the strength of the BruxZir mark and its indication of Glidewell

16  Laboratories as a source of goods and services; facts relating to likelihood of

17  confusion between the BruxZir mark and "KDZ Bruxer."

18       •   Testimony of Scott Bigler concerning the validity and commercial

19  strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions

20  with Authorized BruxZir Labs.

21       •   Testimony of Glenn Yamamoto concerning the validity and

22  commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's

23  interactions with Authorized BruxZir Labs.

24       •   Testimony of Jacob Trachsel concerning the validity and commercial

25  strength of the BruxZir mark, and Glidewell Direct and Glidewell's interactions

26  with Authorized BruxZir Labs.

27       •   Testimony of Kareen Chamberlain concerning the validity and

28  commercial strength of the BruxZir mark, and Glidewell Direct and Glidewell's

(zzmpTempTex

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

interactions with Authorized BruxZir Labs.

• Testimony of Shaun Keating concerning or constituting admissions that the BruxZir mark is nongeneric; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark; the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand goods are marketed; Keating's intent in selecting the KDZ Bruxer mark; the type of goods marketed under those marks; and the degree of care typically used in selecting a particular brand of such goods.

• Testimony of Robert Brandon concerning or constituting admissions that the BruxZir mark is nongeneric; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark; the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand goods are marketed; Keating's intent in selecting the KDZ Bruxer mark; the type of goods marketed under those marks; and the degree of care typically used in selecting a particular brand of such goods.

• Testimony of Diane Donich concerning Keating's sales of and profits

(zzmpTempTex

1    from sales of product under the KDZ Bruxer mark.

2           • Reports showing Keating marketing expenses and sales.  (Exs. 515,

3    943-46)

4           • Documents showing Glidewell's expenses to promote and market the

5    BruxZir mark and BruxZir-branded products.  (E.g., Exs. 1550, 1564-68)

6           • Reports showing Glidewell website statistics.  (Exs. 1549, 1551-52)

7           • Reports showing unit sales and revenues of BruxZir brand product.

8    (Exs. 599, 1531-32, 1560-61)

9           • List of Authorized BruxZir Labs.  (Ex. 10)

10          • Exemplars of the BruxZir and KDZ Bruxer marks as they appear in the

11   marketplace.  (Exs. 559, 615, 948, 1171, 1176, 1488-91)

12          • Call note report, and invoice and fax transmittal, regarding contact

13   with Dr. Le's office.  (Exs. 556-57)

14          • Keating prescription forms and lab notes.  (Exs. 569, 1052, 1121,

15   1139, 1142, 1160)

16          • Application for the BruxZir mark by Glidewell.  (Ex. 608)

17          • Documents showing examination of the BruxZir mark by the U.S.

18   Patent and Trademark Office.  (Exs. 608, 1466, 1467)

19          • Trademark Manual of Examining Procedure, 5th Ed. (excerpts).  (Ex.

20   1562)

21          • Registration of the BruxZir mark by the U.S. Patent and Trademark

22   Office.  (Ex. 607)

23          • Documents showing that the BruxZir mark does not exist in a crowded

24   field (E.g., Exs. 618, 619)

25          • Dictionary excerpts.  (E.g., Ex. 614)

26          • Advertising, marketing, and promotional material for the BruxZir

27   mark and BruxZir-branded products.  (E.g., Exs. 66-68, 562-568, 570, 575-576,

28   578-579, 610, 1055-1061)

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

- Documents evidencing third party recognition of the BruxZir mark. (E.g., Exs. 580-591, 594-598)

- Keating advertising and marketing material for KDZ Bruxer mark and BruxZir-branded products.  (E.g., Exs. 570, 574)

- Third party advertising and marketing material for full contour zirconia crowns.  (E.g., Exs. 560, 1452)

- Documents evidencing Glidewell's efforts to protect the BruxZir mark. (E.g., Exs. 141, 146-151)

- Documents evidencing Keating's first use of the KDZ Bruxer mark in the marketplace.  (E.g., Ex. 1342)

- Documents evidencing that neither "bruxzir crown" nor "bruxer crown" were generic terms for full contour zirconia crowns prior to April 2011. (E.G., Ex. 2140)

7. **Keating's Third Affirmative Defense:  Glidewell is estopped from asserting that any rights that it may have in the trademark BruxZir are so broad as to cover or include competitors' use of the words Brux or Bruxer within those competitors' trademarks**

- Testimony from Keith Allred regarding Glidewell's use of the ® symbol in connection with various product offerings; Glidewell's registration of the BruxZir mark; and Glidewell's enforcement of the BruxZir mark.

- Testimony from Robin Bartolo regarding communications with Keating regarding Keating's use of KDZ Bruxer; and the BruxZir Authorized Lab program.

- Testimony from Jim Shuck regarding Glidewell's marketing of products under the BruxZir brand.

- Emails between Glidewell and R-Dent Laboratories regarding enforcement of the "BruxZir" mark.  (Ex. 600)

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

- Emails between Authentic Dental Lab and Glidewell regarding enforcement of the "BruxZir" mark.  (Ex. 601)

- Emails between Pittman Dental Laboratory and Glidewell regarding enforcement of the "BruxZir" mark.  (Ex. 602)

- Emails between Assured Dental Lab and Glidewell regarding enforcement of the "BruxZir" mark.  (Ex. 603)

- Letter from Glidewell to Keating regarding use of BruxZir trademark.  (Ex. 29)

- United States Trademark Registration for BruxZir, Registration No. 3,739,663 dated 01/19/10.  (Ex. 607)

- File History for US Trademark Registration No. 3,739,663 for BruxZir (Class 10) various dates.  (Ex. 608)

- Emails between Advanced Dental Laboratory and Glidewell regarding enforcement of the "BruxZir" mark.  (Ex. 148)

- Emails between Dentopia Dental Lab and Glidwell regarding enforcement of the "BruxZir" mark.  (Ex. 150)

- Emails between Showcase Dental Laboratories and Glidwell regarding enforcement of the "BruxZir" mark.  (Ex. 147)

- Emails between Barth Dental Laboratory and Glidewell regarding enforcement of the "BruxZir" mark.  (Ex. 151)

- Emails between China Dental Outsourcing and Glidewell regarding enforcement of the "BruxZir" mark.  (Ex. 146)

- Emails between Fusion Dental Laboratory Solutions and Glidewell regarding enforcement of the "BruxZir" mark.  (Ex. 141)

- Emails between Old Dominion and Glidewell regarding enforcement of the "BruxZir" mark.  (Ex. 149)

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

### 8.    Keating's Fourth Affirmative Defense:  Misuse of Trademark/Unclean Hands/Unfair Competition

- Testimony from Keith Allred regarding Glidewell's use of the ® symbol in connection with various product offerings; Glidewell's registration of the BruxZir mark; and Glidewell's enforcement of the BruxZir mark.

- Testimony from Robin Bartolo regarding communications with Keating regarding Keating's use of KDZ Bruxer; and the BruxZir Authorized Lab program.

- Testimony from Jim Shuck regarding Glidewell's marketing of products under the BruxZir brand.

- Emails between Glidewell and R-Dent Laboratories regarding enforcement of the "BruxZir" mark.  (Ex. 600)

- Emails between Authentic Dental Lab and Glidewell regarding enforcement of the "BruxZir" mark.  (Ex. 601)

- Emails between Pittman Dental Laboratory and Glidewell regarding enforcement of the "BruxZir" mark.  (Ex. 602)

- Emails between Assured Dental Lab and Glidewell regarding enforcement of the "BruxZir" mark.  (Ex. 603)

- United States Trademark Registration for BruxZir, Registration No. 3,739,663 dated 01/19/10.  (Ex. 607)

- File History for US Trademark Registration No. 3,739,663 for BruxZir (Class 10) various dates.  (Ex. 608)

- Emails between Advanced Dental Laboratory and Glidewell regarding enforcement of the "BruxZir" mark.  (Ex. 148)

- Emails between Dentopia Dental Lab and Glidwell regarding enforcement of the "BruxZir" mark.  (Ex. 150)

- Emails between Showcase Dental Laboratories and Glidwell regarding enforcement of the "BruxZir" mark.  (Ex. 147)

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

1    • Emails between Barth Dental Laboratory and Glidewell regarding

2    enforcement of the "BruxZir" mark.  (Ex. 151)

3    • Emails between China Dental Outsourcing and Glidewell regarding

4    enforcement of the "BruxZir" mark.  (Ex. 146)

5    • Emails between Fusion Dental Laboratory Solutions and Glidewell

6    regarding enforcement of the "BruxZir" mark.  (Ex. 141)

7    • Emails between Old Dominion and Glidewell regarding enforcement

8    of the "BruxZir" mark.  (Ex. 149)

9        **9.     Keating's Fifth Affirmative Defense:  Fair Use.**

10   • Testimony of Keith Allred regarding Glidewell's registration of the

11   "BruxZir" mark.

12   • Testimony of Robin Bartolo regarding the BruxZir Authorized Lab

13   program.

14   • Testimony of David Franklyn concerning Keating's use of KDZ

15   Bruxer as a trademark rather than solely to describe its goods.

16   • Testimony from Shaun Keating regarding Keating's use of KDZ

17   Bruxer as a trademark; Keating's efforts to register KDZ Bruxer as a trademark.

18   • Testimony of Robert Brandon regarding Keating's use of KDZ Bruxer

19   as a trademark; Keating's efforts to register KDZ Bruxer as a trademark.

20   • U.S. Patent and Trademark Office file history of Registration No.

21   85/287,029 for KDZ Bruxer.  (Ex. 2063)

22   • Keating Dental Arts, Inc. Second Amended Answer, Affirmative

23   Defenses, and Counterclaims: Demand for Jury Trial dated 10/26/12. (Ex. 1342)

24   • Documentary evidence and testimony concerning Keating's use of the

25   term KDZ Bruxer, including on its website and in advertising

26   **III.   EVIDENTIARY ISSUES.**

27   Glidewell expects the following evidentiary issues will arise by motion *in*

28   *limine*.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

**Plaintiff's Motions in Limine:**

**Motion in Limine No. 1:**  Motion to exclude evidence or argument regarding the purported generic use of BruxZir or bruxer for full contour zirconia crowns after April 2011.  The date for determining genericness is the date that Keating entered the market—in this case, April of 2011.  *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005).  Usages after that date are irrelevant and should be excluded pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

**Motion in Limine No. 2:**  Motion to exclude evidence or argument regarding webpages from a source other than the parties and Authorized BruxZir Labs, on the grounds that they are not properly authenticated and constitute inadmissible hearsay. To properly authenticate a website, a person with personal knowledge of the contents of the website must testify.  *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004).  Keating's witnesses cannot such testimony, and thus the websites should be excluded.  Further, the websites contain hearsay and do not fall within the scope of any exception, and so should be excluded on that ground as wel.  *See United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000).

**Motion in Limine No. 3:**  Motion to exclude to exclude testimony from Keating's expert Dr. David Eggelston as his opinions on issues relating to genericness do not need meet the requirements of Federal Rule of Evidence 702, and to exclude Eggelston from offering new opinions on issues relating to likelihood of confusion.  By this motion, Glidewell seeks an order precluding Keating from introducing testimony from Dr. Eggleston that the terms "Bruxzir" or "bruxer" are generic terms for all zirconia dental crowns, on the grounds that Dr. Eggleston's testimony is neither relevant nor reliable under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  Dr. Eggleston does not opine as to whether the terms "Bruxzir" or "bruxer"

(zzmpTempTex

1   were generic terms in the dental industry for all zirconia crowns as of April 2011 –

2   the crucial date for determining genericness. *Yellow Cab Co. of Sacramento v.*

3   *Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005). Nor could he.

4   The vast majority of the materials that he relies upon are unreliable, unauthenticated

5   hearsay websites that are either post-dated April 2011 or are undated.  Fed. R. Evid.

6   702 (expert opinion must be reliable and be based on "sufficient facts or data").

7      **Motion in Limine No. 4:**  Motion to exclude testimony from Keating's

8   expert Lori Boatright as her opinions on issues relating to genericness do not need

9   meet the requirements of Federal Rule of Evidence 702, and to exclude Boatright

10   from offering new opinions on issues relating to likelihood of confusion.  By this

11   motion, Glidewell seeks an order precluding Keating from introducing testimony

12   from Boatright that the terms "Bruxzir" or "bruxer" are generic terms for all

13   zirconia dental crowns, on the grounds that Ms. Boatright's testimony is neither

14   relevant nor reliable under Federal Rule of Evidence 702 and *Daubert v. Merrell*

15   *Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).  Ms. Boatright does not opine as

16   to whether the terms "Bruxzir" or "bruxer" were generic terms in the dental

17   industry for all zirconia crowns as of April 2011 – the crucial date for determining

18   genericness.  *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419

19   F.3d 925, 928 (9th Cir. 2005).  Her opinion also constitutes impermissible legal

20   conclusions and should be excluded as a consequence.  *Nationwide Transp. Fin. v.*

21   *Cass Info. Sys.,* 523 F.3d 1051, 1059–60 (9th Cir.2008).

22      **Motion in Limine No. 5:**  Motion to exclude any evidence or argument

23   regarding Keating's petition to cancel the BruxZir registration and its opposition to

24   Glidewell's application to register BruxZir for the Glidewell milling blanks, on the

25   ground that these proceedings are irrelevant to the claims or defenses of the parties

26   and are likely to confuse the issues, mislead the jury and waste time.  Fed. R. Evid.

27   402, 403.

28      **Motion in Limine No. 6:**  Motion to exclude evidence or argument

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1 regarding any purported consultation with counsel, or the content of any advice of

2 counsel that Keating may have received, regarding its use of the name "KDZ

3 Bruxer."  Keating has failed to waive the attorney client privilege or to disclose the

4 content of such advice of counsel.  The probative value of any such evidence or

5 argument is substantially outweighed by the danger of unfair prejudice to Glidewell

6 and/or misleading the jury.  Fed. R. Evid. 403; Fed. R. Civ. P. 37.

7      **Motion in Limine No. 7:**  Motion to exclude testimony or argument that

8 Keating is purportedly being bullied by Glidewell or otherwise attempting to excite

9 sympathy based on Keating's relative size.  Such argument has no relevance to any

10 claim or defense of the parties.  Fed. R. Evid. 402.  Even if the Court were to find

11 such argument relevant, its probative value is substantially outweighed by unfair

12 prejudice to Glidewell because it has an undue tendency to suggest a decision based

13 on an improper, emotional basis.  Fed. R. Evid. 403.

14      **Motion in Limine No. 8:**  Motion to exclude testimony or argument that

15 Glidewell is trying to destroy competition in the market for dental crowns and

16 bridges.  Such argument has no relevance to any legally cognizable claim or

17 defense of the parties.  Fed. R. Evid. 402.  Moreover, even if the Court finds such

18 argument relevant, its probative value is substantially outweighed by unfair

19 prejudice to Glidewell.  Fed. R. Evid. 403.

20      **Motion in Limine No. 9:**  Motion to exclude any evidence or argument

21 relating solely to any counterclaims or affirmative defenses that Keating or the

22 Court may dismiss prior to trial.  Any evidence or argument relating solely to such

23 dismissed counterclaims or affirmative defenses is irrelevant to the remaining

24 issues in this action and will only serve to confuse the jury, unnecessarily prolong

25 the trial, and prejudice Glidewell.  Fed. R. Evid. 402, 403.

26      **Motion in Limine No. 10:**  Motion to exclude evidence or argument

27 regarding any statements or rulings by the Court on any party's motions, including

28 summary judgment motions, on the ground that such matters are irrelevant to the

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

(zzmpTempTex

claims or defenses of the parties and are likely to confuse the issues, mislead the jury and waste time.  Fed. R. Evid. 402, 403.

**Motion in Limine No. 11:**  Motion to exclude evidence or argument regarding any offers to compromise.  Fed. R. Evid. 408.

**Motion in Limine No. 12:**  Motion to exclude any evidence or argument regarding allegations of illegal conduct by Glidewell unrelated to this action, on the ground that such matters are irrelevant to the claims or defenses of the parties and are likely to induce unfair prejudice against Glidewell, confuse the issues, mislead the jury and waste time.  Fed. R. Evid. 402, 403.

### **Defendant's Motions in Limine:**

**Motion in Limine No. 1:**  Motion to exclude any testimony from plaintiff's expert Dr. Ronald Goldstein on the grounds that he was not timely disclosed and he proffers an improper legal opinion.  Glidewell will oppose this motion.

First, Dr. Goldstein should not be excluded because he was timely disclosed as an expert on October 29, 2012 (the last day to disclose experts) and Keating has not been prejudiced by his disclosure on this date.  *See Roe v. Nevada*, 621 F. Supp. 2d 1039, 1060 (D. Nev. 2007); *Cyntegra, Inc. v. Idexx Laboratories, Inc.*, CV06-4170PSG(CTX), 2007 WL 5193736 (C.D. Cal. Sept. 21, 2007) *aff'd, Cyntegra, Inc. v. IDEXX Laboratories, Inc.*, 322 F. App'x 569 (9th Cir. 2009).   In addition, Glidewell offered to make Dr. Goldstein available for deposition following the discovery cutoff; Keating refused.

Second, as set forth in Glidewell's Response to Keating's Objections to Evidence Submitted by Glidewell's Expert Dr. Ronald Goldstein in Support of Its Motions for Partial Summary Judgment [Dkt. 153], Dr. Goldstein's testimony is proper.  For his opinions, Dr. Goldstein properly relies on, among other things, his personal knowledge and his experience in the dental field.  Fed. R. Evid. 703; See United States v. Hankey, 203 F.3d 1160, 1169 (9th Cir. 2000)(reliability based on

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(zzmpTempTex

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

Snell & Wilmer

——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1   training, experience, and personal knowledge).  Dr. Goldstein also properly relies

2   on statements from dentists to elucidate the bases for his opinions.  Fed. R. Evid.

3   801(c*); United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988).

4       **Motion in Limine No. 2:**  Motion to exclude any testimony from plaintiff's

5   expert David Franklyn on the grounds that his rebuttal opinions were untimely, his

6   opinions improperly rely on hearsay, and his opinions are not useful.  Glidewell

7   will oppose this motion.

8       First, Franklyn should not be excluded because his rebuttal opinions were

9   timely disclosed on October 29, 2012 (the last day to disclose experts) and Keating

10   has not been prejudiced by his disclosure on this date.  *See Roe v. Nevada*, 621 F.

11   Supp. 2d 1039, 1060 (D. Nev. 2007); *Cyntegra, Inc. v. Idexx Laboratories, Inc.*,

12   CV06-4170PSG(CTX), 2007 WL 5193736 (C.D. Cal. Sept. 21, 2007) *aff'd,*

13   *Cyntegra, Inc. v. IDEXX Laboratories, Inc.*, 322 F. App'x 569 (9th Cir. 2009).   In

14   addition, Glidewell offered to make Franklyn available for further deposition

15   regarding these reports following the discovery cutoff; Keating refused.

16       Second, Franklyn's testimony does not improperly rely on hearsay.  To the

17   contrary,  Franklyn relies in part on interviews conducted with dentists to provide

18   relevant evidence that underlies his opinions regarding the strength of the BruxZir

19   mark and the risk of consumer confusion.  Such anecdotal evidence is routinely

20   evaluated in considering both genericness and infringement.  *See e.g., Hutchinson*

21   *v. Essence Communications, Inc.*, 769 F. Supp. 541, 554 (S.D.N.Y. 1991);

22   *Fancaster, Inc. v. Comcast Corp.*, 832 F. Supp. 2d 380, 419-20 (D.N.J. 2011).

23       Third, Franklyn's opinions concerning genericness of the BruxZir mark, the

24   strength of the BruxZir mark and the risk of consumer confusion constitute proper

25   legal opinions.  Engaging experts (usually attorneys) to proffer opinion testimony

26   concerning such matters as the strength of a mark, similarity between marks, the

27   potential for customer confusion, and other specialized issues pertinent to a

28   trademark case is a commonly accepted practice.  *See, e.g., Vail Assoc., Inc. v.*

1  *Vend-Tel-Co., Ltd.*, 516 F.3d 853, 861-63, (10th Cir. 2008); *B & B Hardware, Inc.*
2  *v. Hargis Industries, Inc.*, 252 F.3d 1010, 1012 (8th Cir. 2001).

3  **Motion in Limine No. 3:** Motion to exclude testimony Glidewell employee
4  Nicole Fallon as untimely disclosed and inconsistent with that which was timely
5  disclosed during discovery. Glidewell will oppose the motion. Glidewell disclosed
6  Ms. Fallon's identity and the subject matter of her knowledge in interrogatory
7  responses, which is adequate disclosure as a matter of law. *See Coleman v. Keebler*
8  *Co.*, 997 F. Supp. 1102, 1107 (N.D. Ind. 1998).

9  **Motion in Limine No. 4:** Motion to exclude testimony from Glidewell
10  employees James Shuck, Robin Bartolo, and Robin Carden to the extent their
11  testimony is improper hearsay. Glidewell will oppose this motion. This motion
12  constitutes nothing more than a request for an advisory opinion, and should
13  therefore be denied. The Court may address any objections that Keating may
14  choose to make to the specific testimony of these witnesses at trial.

15  **Motion in Limine No. 5:** Motion to exclude testimony from Glidewell's
16  "dentist witnesses" on the ground that the witnesses were untimely disclosed.
17  Glidewell will oppose this motion. As Glidewell understands it, Keating's motion
18  is directed to the anticipated testimony of [list the dentists that we disclosed in our
19  First Amended Disclosures]. These witnesses were disclosed in Glidewell's First
20  Amended Disclosures, which were served on October 29, 2012. The disclosure was
21  within the discovery period and was, therefore, timely. In addition, Keating has not
22  been prejudiced by the timing of disclosure of these witnesses; therefore, exclusion
23  would be improper. *See Roe v. Nevada*, 621 F. Supp. 2d 1039, 1060 (D. Nev.
24  2007); *Cyntegra, Inc. v. Idexx Laboratories, Inc.*, CV06-4170PSG(CTX), 2007 WL
25  5193736 (C.D. Cal. Sept. 21, 2007) *aff'd, Cyntegra, Inc. v. IDEXX Laboratories,*
26  *Inc.*, 322 F. App'x 569 (9th Cir. 2009).

27  **Motion in Limine No. 6:** Motion to exclude Glidewell from relying on
28  Exhibit 15 filed in support of Glidewell's motions for partial summary judgment as

evidence of actual confusion, on the ground that it constitutes hearsay. Glidewell will oppose this motion. This summary judgment exhibit (and its analogues on the Joint Exhibit List) contains two categories of evidence. The first, consisting of call log notes created by Keating employees and produced by Keating, are not hearsay pursuant to Rule 801(d)(2) of the Federal Rules of Evidence. The second, consisting of prescription forms completed by dentists (or their assistants) and submitted to Keating, all of which were produced by Keating, either do not constitute hearsay because they are not offered for the truth of the matter asserted, or because they fall within the state of mind or business records exceptions to the hearsay rule. Fed. R. Evid. 803(3), (6); *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 509 (9th Cir. 2011).

**Motion in Limine No. 7:** Motion to exclude reference to Shaun Keating's previous employment with Glidewell, including accusations of his sexual harassment and reason for his termination. Glidewell will oppose this motion. Glidewell will provide the bases for its opposition after Keating has explained the basis for its motion.

**Motion in Limine No. 8:** Motion to exclude any reference to the fact that Robert Brandon was terminated from Glidewell. Glidewell will oppose this motion. Glidewell will provide the bases for its opposition after Keating has explained the basis for its motion.

**Motion in Limine No. 9:** Motion to exclude Internet pages submitted with Declaration of Deborah Mallgrave with Glidewell's reply in support of its motions for partial summary judgment. Glidewell will oppose this motion. As best Glidewell understands Keating's argument, it is that these pages were produced after the close of discovery. However, Glidewell has a duty under Rule 26(e) of the Federal Rules of Civil Procedure to supplement its disclosures, and Keating cannot demonstrate that it was prejudiced by this disclosure

(zzmpTempTex

## IV.   <u>IDENTIFICATION OF LEGAL ISSUES</u>

Based on issues known to date, Glidewell expects the following issues of law will arise:

1.   Whether Keating's Third Counterclaim for Misuse of Trademark states a legally cognizable claim.  Glidewell's position, as detailed in Glidewell's Motion for Partial Summary Judgment re Trademark Misuse, Unfair Competition, Unclean Hands, Fair Use, and Estoppel [Dkt. #79-1], is that misuse of trademark is not a legally cognizable claim.  *See*, *e.g.*, *Juno Online Services v. Juno Lighting, Inc.*, 979 F.Supp. 684 (N.D. Ill. 1997); 6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition (4th ed. 2010) § 31:44.

2.   Whether Glidewell's registered BruxZir trademark  is entitled to a presumption of secondary meaning.   Glidewell's position, as detailed in Glidewell's Reply in Support of its Motion for Partial Summary Judgment as to Keating's Invalidity Defense and Counterclaim [Dkt. #183], is that Glidewell's registered BruxZir trademark is entitled to a presumption of secondary meaning by virtue of its registration.  *See Americana Trading Inc. v. Russ Berrie & Co.*, 966 F.2d 1284, 1287 (9th Cir. 1992) ("[R]egistration carries a presumption of secondary meaning.  [Defendant] therefore had the burden to prove that secondary meaning had not attached if it wished to argue that [plaintiff's] mark was weak."); *see also Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 876 (9th Cir.1999); *Conversive, Inc. v. Conversagent, Inc.*, 433 F. Supp. 2d 1079, 1088 (C.D. Cal. 2006); Ninth Cir. Model Jury Instr. 15.10, cmt. (incorporating *Americana Trading* in a model instruction "approved 11/2010," after *Zobmondo*).

## V.   <u>BIFURCATION OF ISSUES</u>

None.

## VI.   <u>JURY TRIAL</u>

Glidewell timely demanded a jury trial on all jury claims.

<u>The following issues are triable to the jury:</u>

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1    • Glidewell's claim and Keating's counterclaim and defenses regarding

2  infringement of Glidewell's federally registered Trademark Reg. No. 3,739,663 in

3  violation of section 32(a) of the Lanham Act, § 1114.  *See Dairy Queen, Inc. v.*

4  *Wood*, 369 U.S. 469, 477 (1962).

5    • Glidewell's claim and Keating's counterclaim and defenses regarding

6  infringement of Glidewell's rights in its unregistered BruxZir mark in violation of

7  section 43(a) of the Lanham Act, 15 U.S.C. § 1125.  *See Internet Specialties W.,*

8  *Inc. v. Milon-DiGiorgio Enterprises, Inc.*, 559 F.3d 985, 988 (9th Cir. 2009); *see*

9  *also Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962).

10    • Keating's counterclaim for cancellation of the BruxZir mark and

11  defense for invalidity.  *See Gracie v. Gracie,* 217 F.3d 1060, 1065 (9th Cir. 2000).

12    • Keating's defense of fair use of the BruxZir mark.  *See Horphag*

13  *Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1041 (9th Cir. 2003).

14    <u>The following issues are triable to the Court</u>:

15    • The Parties' unfair competition claims under section 17200 of the

16  California Business & Professions Code.  *See Hodge v. Superior Court,* 145 Cal.

17  App. 4th 278, 284 (2006).

18    • Keating's defense of estoppel.  *See Hamilton v. State Farm Fire &*

19  *Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001).

20    • Glidewell's and Keating's requests for injunctive relief.  *See In re*

21  *Tech. Licensing Corp.*, 423 F.3d 1286, 1289 (Fed. Cir. 2005).

22    • Whether the case is exceptional pursuant to 15 U.S.C. § 1117.  *See*

23  *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 656 (9th Cir. 2005) (vacating and remanding

24  fee award under 15 U.S.C. 1117(a) to district court because district court based

25  exceptional determination on jury finding when it is for the court to decide

26  exceptionality); 15 U.S.C. 1117(a) ("*The court* in exceptional cases may award

27  reasonable attorney fees to the prevailing party") (emphasis added).

28    • Keating's defense for misuse of a trademark and unclean hands.  *See*

GLIDEWELL'S MEMORANDUM OF CONTENTIONS
OF FACT AND LAW
CASE NO. SACV11-01309 DOC (ANx)

- 99 -

(zzmpTempTex

*Toyota Motor Sales, U.S.A., Inc. v. Tabari,* 610 F.3d 1171, 1184 (9th Cir. 2010);

*KEMA, Inc. v. Koperwhats*, 658 F.Supp.2d 1022, 1035-36 (N.D. Cal. 2009)

(defense of misuse of trademark is redundant with unclean hands).

## VII.   ATTORNEYS' FEES

If Glidewell prevails on the merits of its infringement claim, Glidewell will seek to recover its attorneys' fees on the grounds that this case is exceptional within the meaning of 15 U.S.C. § 1117(a).  *See Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216-17 (9th Cir. 2003) (awarding attorneys' fees to plaintiff in exceptional case and noting that **"**a case is exceptional within the meaning of 15 U.S.C. § 1117(a) where the infringement is willful, deliberate, knowing or malicious").

## VIII.   ABANDONMENT OF ISSUES

Glidewell has not abandoned any claims.  Keating has abandoned its Second Counterclaim for common law unfair competition.

Dated: January 7, 2013                    SNELL & WILMER L.L.P.


By: *s/Philip J. Graves*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave


Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba
Glidewell Laboratories

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949)833-8550<br>Fax: (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: January 7, 2013          SNELL & WILMER L.L.P.


By: *s/Deborah S. Mallgrave*
    Philip J. Graves
    Greer N. Shaw
    Deborah S. Mallgrave

    Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
    dba GLIDEWELL LABORATORIES

16139994.1

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071