Darrell L. Olson (SBN 77,633)
Darrell.Olson@kmob.com
Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.Jankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR
2040 Main Street, Fourteenth Floor
Irvine, California 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

David A. Robinson (SBN 107,613)
drobinson@enterprisecounsel.com
James S. Azadian (SBN 225,864)
jazadian@enterprisecounsel.com
ENTERPRISE COUNSEL GROUP ALC
Three Park Plaza, Suite 1400
Irvine, California 92614
Phone: (949) 833-8550
Facsimile: (949) 833-8540

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx)<br><br>Honorable David O. Carter<br><br>**DEFENDANT AND COUNTER-PLAINTIFF KEATING DENTAL ARTS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DAVID J. FRANKLYN (MOTION IN LIMINE NO. 1)**<br><br>Trial Date: February 26, 2013<br>Time: 8:30 a.m.<br>Location: Courtroom 9D |

# **TABLE OF CONTENTS**

**Page No.**

I.      INTRODUCTION ...................................................................... 2

II.     RELEVANT BACKGROUND.................................................. 3

III.    FRANKLYN'S TESTIMONY SHOULD BE EXCLUDED
        ENTIRELY .............................................................................. 5

        A.    Not a Qualified Trademark Practitioner or Dental Expert .............. 6

        B.    Franklyn's Methodology iIs Not The Product Of Reliable
              Principles And Methods ................................................. 8

        C.    Franklyn's Testimony Is Plagued With Inadmissible
              Legal Conclusions ....................................................... 10

IV.     IN THE ALTERNATIVE, THE EVIDENCE INTRODUCED
        IN FRANKLYN'S REBUTTAL REPORTS AND
        DECLARATION IS UNTIMELY AND SHOULD BE
        EXCLUDED PURSUANT TO F.R.C.P. 37(C)(1)................. 12

V.      CONCLUSION ...................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page No(s).**

*Brooktree Corp. v. Advanced Micro Devices, Inc.*,
    757 F. Supp. 1088 (S.D. Cal. 1990) ........................................................ 14

*Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*,
    No. 01 C 0905, 2001 WL 1035721 (N.D. Ill. Sept. 4, 2001) ...................... 7

*Clicks Billiards, Inc. v. Sixshooters Inc.*,
    251 F.3d 1252 (9th Cir. 2001) ................................................................... 9

*Estate of Brutsche v. City of Federal Way*,
    300 Fed. Appx. 552 (9th Cir. 2008) ......................................................... 11

*Gable v. Nat'l Broad. Co., Inc.*,
    438 F. Appx 587 (9th Cir. 2011) ............................................................... 7

*Gen. Signal Corp. v. MCI Telecomms. Corp.*,
    66 F.3d 1500 (9th Cir. 1995) ................................................................... 11

*Hodgdon Powder Co. v. Alliant Techsystems, Inc.*,
    512 F. Supp. 2d 1178 (D. Kan. 2007) ...................................................... 10

*In re Rezulin Prods. Liab. Litig.*,
    309 F. Supp. 2d 531 (S.D.N.Y. 2004) ...................................................... 11

*Jarritos, Inc. v. Reyes*,
    345 Fed. Appx. 215 (9th Cir. 2009) .................................................... 13, 14

*Jonathan Browning, Inc. v. Venetian Casino Resort LLC*,
    No. C 07-03983 JSW, 2009 U.S. Dist. LEXIS 57665 (N.D. Cal.
    June 18, 2009)........................................................................................ 10

*M2 Software, Inc. v. Madacy Entm't*,
    421 F.3d 1073 (9th Cir. 2005) ................................................................... 9

*Mukhtar v. California State Univ., Hayward*,
    299 F.3d 1053 (9th Cir. 2002)................................................................... 10

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
    523 F.3d 1051 (9th Cir. 2008)............................................................ 10, 11

# TABLE OF AUTHORITIES
### (cont'd)

Page No(s).

*Pickern v. Pier 1 Imports (U.S.), Inc.,*
    457 F.3d 963 (9th Cir. 2006).................................................................14

*Pinal Creek Group v. Newmont Mining Corp.,*
    352 F. Supp. 2d 1037 (D. Ariz. 2005) ....................................................11

*Sanchez v. Dupnik,*
    362 F. Appx 679 (9th Cir. 2010) ......................................................13, 14

*Ticketmaster Corp. v. Tickets.com, Inc.,*
    No. CV 99-07654 HLH (VBKx), 2003 WL 25781901 (C.D. Cal.
    Feb. 10, 2003) .......................................................................................10

*United States v. Brodie,*
    858 F.2d 492 (9th Cir. 1988)..................................................................10

*United States v. McCollum,*
    732 F.2d 1419 (9th Cir. 1984).................................................................14

*United States v. Sayre,*
    434 F. Appx 622 (9th Cir. 2011) cert. denied, 132 S. Ct. 353,
    181 L. Ed. 2d 223 (2011) ........................................................................6

*Wong v. Regents of the Univ. of Cal.,*
    410 F.3d 1052 (9th Cir. 2005)..........................................................13, 14

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.,*
    259 F.3d 1101 (9th Cir. 2001)................................................................13

## OTHER AUTHORITIES

F.R.C.P. 26 ........................................................................................3, 12

F.R.C.P. 37 .......................................................................2, 12, 13, 14, 15

F.R.E. 403........................................................................................2, 8, 12

F.R.E 701 ...............................................................................................6, 8

F.R.E. 702....................................................................................2, 5, 6, 7, 8

- iii -

# TABLE OF AUTHORITIES
### (*cont'd*)

**Page No(s).**

F.R.E. 704 ................................................................................................ 10

F.R.E. 801 ................................................................................................ 4

F.R.E. 802 ................................................................................................ 4

6 McCarthy on Trademarks and Unfair Competition § 32:158 at 32-341
(4th ed.) ............................................................................................... 9

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 26, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable David O. Carter of the United States District Court for the Central District of California, Southern Division, at 411 West Fourth Street, Courtroom 9D, Santa Ana, CA, 92701, Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") will move and hereby does move for an order excluding from trial testimony from Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc.'s ("Glidewell") expert witness David J. Franklyn ("Franklyn") in its entirety, or, in the alternative, an order excluding from trial any evidence or argument relating to, or introduced by, Franklyn's untimely Report in Response to Defendant's Rebuttal Expert Lori Boatright (Docket No. 125-14); (2) Report in Response to Defendant's Dental Industry Expert Dr. David Eggleston (Docket No. 125-13);   and (3) Franklyn's Declaration in Support of Glidewell's Summary Judgment Motion (Docket No. 90-1, Exhibit N at pp. 111-131).

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers, and records on file in this action, all matters of which the Court may take judicial notice, and such further written and oral argument as may be presented to the Court.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013        By: /s/ David G. Jankowski
                                   Darrell L. Olson
                                   Lynda J. Zadra-Symes
                                   Jeffrey L. Van Hoosear
                                   David G. Jankowski

                               ENTERPRISE COUNSEL GROUP ALC
                                   David A. Robinson
                                   James S. Azadian
                               Attorneys for Defendant and Counter-Plaintiff
                               KEATING DENTAL ARTS, INC.

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") hereby moves for an order *in limine* to exclude from trial any testimony from Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc.'s ("Glidewell") expert witness David J. Franklyn ("Franklyn"). As he admitted in his deposition, Franklyn is not a qualified expert on trademark practices.   Even if he were a qualified expert, his opinions are based on unreliable principles and methods.  Furthermore, Franklyn's legal opinions are inadmissible under well-settled law.   Thus, Franklyn's testimony should be excluded as improper expert testimony pursuant to Federal Rule of Evidence ("F.R.E.") 702.   Moreover, Franklyn's unqualified opinion testimony should also be excluded pursuant to F.R.E. 403 because it is a waste of the Court's time and unfairly prejudices Keating.

However, if the Court declines to exclude Franklyn's testimony in its entirety, then Keating moves, in the alternative, for an order excluding any evidence or argument relating to the testimony of Franklyn that Glidewell introduced after the discovery cut-off date, including, but not limited to, (1) Franklyn's Report in response to Defendant's Rebuttal Expert Lori Boatright ("Franklyn's Rebuttal to Boatright"); (2) Franklyn's Rebuttal Report in response to Defendant's Dental Industry Expert Dr. David Eggleston ("Franklyn's Rebuttal to Eggleston") (collectively, the "Franklyn Rebuttal Reports");  and (3) Franklyn's Declaration in Support of Glidewell's Motions for Summary Judgment ("Franklyn Declaration") (Docket No. 90, Ex. N.).   The Franklyn Rebuttal Reports and the Franklyn Declaration were untimely served.    Thus, any evidence or argument relating to, or introduced by, the Franklyn Rebuttal Reports or the Franklyn Declaration should be excluded from trial pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 37(c)(1).

## II.  **RELEVANT BACKGROUND**

Pursuant to the Rule 26(f) Joint Report filed with the Court (Docket No. 11), the date for exchange of opening expert reports was September 15, 2012 and the date for exchange of rebuttal expert reports was October 15, 2012.

On or about September 15, 2012, the parties exchanged their expert reports.  Specifically, Glidewell submitted the expert report of Franklyn ("Franklyn's Expert Report") (Docket No. 125-12.) and Keating submitted the expert reports of Lori Boatright and Dr. David Eggleston.  Franklyn's Expert Report was the only expert report timely served by Glidewell.  In his report, Franklyn claims he was retained by Glidewell to render opinions as to whether: "(1) Plaintiff's registered mark BruxZir is predominantly seen as the generic name for the service of making solid zirconia dental crowns and bridges, or for the material from which those crowns and/or bridges are made, by relevant consumers in the relevant markets or submarkets in the United States; (2) whether Plaintiff's registered trademark BruxZir is a strong mark in the relevant markets in which Plaintiff uses it; (3) whether there is a close overlap between the markets in which Plaintiff uses its BruxZir mark and the markets in which the Defendant uses its KDZ Bruxer mark; (4) whether the Defendant's mark, KDZ Bruxer, is likely to cause relevant consumers in the relevant markets to be confused as to its possible affiliation with Plaintiff's registered mark BruxZir." (*Id.* ¶3.)

Keating took Franklyn's deposition on October 12, 2012.  (Docket No. 125-16.)  In his deposition, Franklyn stated his experience in the trademark field was limited to academia and consulting work. (*Id.* at 13:1-8; 14-23:20; 25:1-5.)

Thereafter, on the discovery cut-off date, October 29, 2012, shortly before midnight, Glidewell served the Franklyn Rebuttal Reports on Keating's counsel. The date for exchange of expert rebuttal reports was October 15, 2012, as stated in the Rule 26(f) Joint Report filed with the Court (Docket No. 11).  In other

- 3 -

words, the Franklyn Rebuttal Reports were two weeks late, and after the Court-ordered cutoff date for commencing depositions.

On October 29, 2012, Glidewell filed an "*Ex Parte* Application to Amend Scheduling Order" to extend discovery deadlines.  (Docket No. 69.)  However, the Court denied Glidewell's *Ex Parte* Application to Amend Scheduling Order on November 9, 2012 and refused to extend the discovery or expert disclosure deadlines.  (Docket No. 74.)

Nevertheless, on November 19, 2012, Glidewell submitted the Franklyn Declaration in support of its summary judgment motions filed that same day. (Docket No. 90-1, Exhibit N at pp. 111-131.)   The Franklyn Declaration improperly relied on the content of Franklyn's untimely Rebuttal Reports.

In his Rebuttal Reports and Declaration, Franklyn claims to have interviewed ten new dentist witnesses[1] regarding their perception of the BruxZir mark.  (*Id.* at ¶¶ 55-67.)  Glidewell did not disclose any of those witnesses or evidence during the discovery period.  Franklyn did not disclose any of those witnesses or evidence in his initial expert report served September 15, 2012, or in his deposition on October 12, 2012.  Indeed, during his deposition, *Franklyn repeatedly testified that he had never spoken to a dentist for this case*.  By way of example, he testified:

> A:  We've already established, Ms. Symes [*sic*], that I have not spoken to any dentists about anything other than my own teeth and my own bruxer crown."

(Docket No. 125-16 at 133:6-8.)

On November 26, 2012, Glidewell filed a Supplemental Appendix of Evidence in Support of its Oppositions to Keating's Motions for Summary Judgment (Docket No. 116), containing a Supplemental Declaration of Franklyn

---

[1]   The alleged statements of these dentists are inadmissible hearsay pursuant to F.R.E. 801 and 802.

that seeks to reintroduce the same evidence first proffered in Franklyn's untimely Rebuttal Reports and Declaration. (*Id.*, Exhibit T.) Thus, the information contained in the Franklyn Supplemental Declaration is likewise inadmissible.

Overall, Franklyn's testimony is entirely improper and should be excluded. Not only is it introduced as "surprise" evidence, well beyond the deadlines set by the Court, it is directly contrary to Franklyn's prior testimony.

### III. FRANKLYN'S TESTIMONY SHOULD BE EXCLUDED ENTIRELY

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case."

F.R.E. 702.

Franklyn is not qualified as "an expert by knowledge, skill, experience, training, or education." Accordingly, his expert testimony should be excluded from trial in its entirety. Moreover, even if he was a qualified expert (and he is not), his testimony is not the product of "reliable principles and methods." Furthermore, his testimony is plagued with improper legal opinions. Each of

/ / /

/ / /

/ / /

/ / /

these failings is a sufficient independent ground to exclude Franklyn's testimony in its entirety pursuant to F.R.E 701[2] and 702.

## A.    Not a Qualified Trademark Practitioner or Dental Expert

A trademark lawyer is admissible as an expert only to discuss questions of fact, such as the practical issues regarding trademark prosecution.  Franklyn is not a trademark practitioner.  (Docket No. 125-16 (Franklyn Dep. Tr.) 44:3-5.)  Franklyn admitted he doesn't file trademarks, although he "may have filed a trademark application" in one case.  (*Id.* at 43:14-17.)  He has never litigated or prosecuted a trademark.  (*Id.* at 43:10-11, 12:18-13:4.)  When asked whether he routinely conducts trademark searches, Franklyn evaded a direct answer, finally stating, "I said that they are routinely conducted. I didn't say they are conducted by me."  (*Id.* at 55:16, 21-22.)  He ultimately admitted he does not conduct trademark searches regularly.  (*Id.* at 56:1-22; 57:1.)  Franklyn's experience in the trademark field is limited to academia and consulting work.  (*Id.* at 13:1-8; 14-23:20; 25:1-5.)

Under F.R.E 702, only qualified experts may submit testimony to assist the trier of fact.  Given Franklyn's insufficient experience as a trademark practitioner, he is not a qualified expert on trademark practices, and his testimony should be excluded in its entirety.  *See United States v. Sayre*, 434 F. Appx 622, 624 (9th Cir. 2011) cert. denied, 132 S. Ct. 353, 181 L. Ed. 2d 223 (2011) (affirming trial court's exclusion of testimony from a party's expert witness because the "expert told the court that he based his testimony on his "experience as a teacher and as someone working in this field" and "[w]hen the court asked whether the expert had relied upon any empirical data or any methodology, he repeated that he was 'relying on [his] knowledge and

---

[2]    If a witness is not testifying as an expert, opinion testimony must be "rationally based on the witness' perception."  Fed. R. Evid. 701.  Here, Franklyn is not a qualified expert, thus his lay opinion is improper in that it is not "rationally based on [his] perception," but on his independent research and readings.

experience.' The district court correctly applied Federal Rule of Evidence 702 in excluding [the] testimony . . . ." (second alteration in original)); *see also Gable v. Nat'l Broad. Co., Inc.*, 438 F. Appx 587, 589 (9th Cir. 2011) (affirming trial court's exclusion of "expert testimony from David Nimmer and Eric Sherman" in a copyright infringement suit because "[s]ome of Nimmer's testimony contained inadmissible legal conclusions" and "although each were recognized to have a separate area of expertise, both Nimmer and Sherman also failed to establish that they had 'knowledge, skill, experience, training, or education' *relevant to the evidence at issue*" (quoting F.R.E. 702) (emphasis added)); *Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 01 C 0905, 2001 WL 1035721 at *6 (N.D. Ill. Sept. 4, 2001) (disqualifying trademark "expert" finding that practical experience such as drafting an application, and defending or prosecuting a trademark are relevant experiences, but teaching, academia, and being well read in the field are insufficient).

Franklyn also offers opinion statements about dental industry norms and practices. (Docket No. 125-12 (Franklyn Expert Report) ¶ 16; Docket No. 125-14 (Franklyn's Rebuttal to Boatright) ¶ 23; Docket No. 125-13 (Franklyn's Rebuttal to Eggleston) ¶ 43; and Docket No. 125-16 (Franklyn Dep. Tr.) 44:19.) He opines as to the perspectives of "people in the relevant market." However, he has admitted that he has no experience whatsoever in the dental field (Docket No. 125-16 (Franklyn Dep. Tr.) 11:11-12:17) and that he hasn't consulted with dental professionals. (*Id.* at 9:15-22, 10:1, 133:6-8.) His only experience with dental crowns is his "personal experience" as a dental patient, his conversations, and his Internet reading in preparation for this case. (*Id.* at 27:21-28:15.) This is patently insufficient to qualify him as a dental expert. *See* F.R.E. 702. Therefore, Franklyn's statements relating to the dental industry lack foundation and should be excluded.

/ / /

Likewise, Franklyn cannot be admitted as a trademark survey expert.  He admitted he had not spoken with or surveyed any dental professionals and that he did not have any such survey reports conducted by Glidewell. ((Docket No. 125-16 (Franklyn Dep. Tr.)  133:6-8, 16-21.)  Furthermore, Glidewell has not laid any foundation establishing Franklyn as a proper survey expert.

Accordingly, this Court should exclude Franklyn's testimony in its entirety, not only under F.R.E. 701 and 702 as improper expert testimony/lay opinion, but also under F.R.E. 403[3] as unfairly prejudicial to Keating and as a waste of the Court's time.

## B.  Franklyn's Methodology Is Not The Product Of Reliable Principles And Methods

Even if Franklyn is considered a proper expert (and he is not), his testimony would run afoul of F.R.E. 702 for using unreliable principles and methods.  Franklyn is not a professional survey expert.  He offers no such qualifications in his declaration, reports or curriculum vitae.  Franklyn even contradicts the validity of his own methodology.  In his deposition, Franklyn confirmed that, to be considered generic, a term does not need to appear in the lists of goods of third party marks revealed in PTO application and registration searches.  (Docket No. 125-16 (Franklyn Dep. Tr.) 42:9-12.)  But in his Expert Report, Franklyn relied solely on a PTO search and a brief online search to make a determination that BruxZir is not generic.   (Docket No. 125-12 (Franklyn Expert Report) ¶¶ 6-7.)  The basis for his determination was that if "'bruxzir' had become generic for zirconia crown or bridge, one would expect for the term 'bruxing' to be observed in the goods and services description…" of a PTO search.  (*Id.* ¶ 6(d)(3).)  This methodology is analytically incorrect.  A

---

[3] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403.

1   finding of generic-ness has nothing to do with being included in a trademark
2   goods and services description.  The word must be assessed as it is understood
3   by the relevant consumer—dentists. There is no foundation for Franklyn's
4   statement in trademark law, and Franklyn himself admitted in his deposition that
5   there is no basis for his statement.  (Docket No. 125-16.)

6          Additionally, Franklyn uses severely unreliable methods in conducting
7   the dentist witness interviews he relies upon in the Franklyn Rebuttal Reports
8   and Declaration.  In addition to being untimely disclosed, this survey evidence
9   was improperly obtained.   To be admissible, the survey must be conducted
10  according to accepted principles.  *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251
11  F.3d 1252, 1263, (9th Cir. 2001) (citations omitted).  The questions posed by
12  Franklyn, and the circumstances under which he posed them, were so suggestive
13  as to render the entire survey so severely flawed and unreliable that it should be
14  excluded.

15         Franklyn consulted only dentists affiliated with Glidewell.  (Docket No.
16  125-14 (Franklyn Rebuttal to Boatright) ¶¶ 12-19 and Docket No. 125-13
17  (Franklyn Rebuttal to Eggleston) ¶¶ 30-41.)  His questions were also improperly
18  eliciting legal opinions from lay witnesses.  (Docket No. 125-14 (Franklyn
19  Rebuttal to Boatright) ¶¶ 14, 17, 19-21; Docket No. 125-13 (Franklyn's Rebuttal
20  to Eggleston) ¶¶ 32, 37, 39-41.)  One dentist surveyed stated, "BruxZir is not a
21  generic name."  (Docket No. 125-14 (Franklyn Rebuttal to Boatright) ¶ 14 and
22  Docket No. 125-13 (Franklyn's Rebuttal to Eggleston) ¶ 32.)   That is a legal
23  question at issue in the case, and inappropriate as a survey question.  Franklyn
24  does not qualify as a survey expert.

25         Moreover, the  survey  was  so  informal  that  it  fails  key  tests  of
26  professionalism and reliability, and it should be excluded from evidence.  *See* 6
27  McCarthy on Trademarks and Unfair Competition § 32:158 at 32-341 (4th ed.)
28  (citing *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1087 (9th Cir.

2005) ("Both district judges properly rejected the M2 Software's survey because the survey's creator 'did not qualify as an expert on designing or analyzing consumer surveys.'"); *Hodgdon Powder Co. v. Alliant Techsystems, Inc.*, 512 F. Supp. 2d 1178, 1182 (D. Kan. 2007) (deeming "untrustworthy and inadmissible" a survey distributed by plaintiff's employees from their booth at a trade show and designed without input of a professional survey person). Accordingly, Franklyn's testimony should be excluded on this ground alone.

## C.   Franklyn's Testimony Is Plagued With Inadmissible Legal Conclusions

Bona fide experts may not offer legal opinions or arguments. *United States v. Brodie*, 858 F.2d 492, 497 (9th Cir. 1988). "Resolving doubtful questions of law is the distinct and exclusive province of the trial judge." *Id.* at 497 (affirming trial court's exclusion of expert testimony regarding the law of trusts), overruled on other grounds. As a result, legal opinion evidence falls outside the parameters of permissible expert testimony. *See Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002) ("an expert witness cannot give an opinion as to her legal conclusion"); *see also* F.R.E. 704(a). Similarly, an expert may not testify as to any legal conclusions drawn from applying law to facts. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).

Relying on these black-letter principles, courts in this Circuit have rejected attempts to offer "experts" in the related field of copyright law. *See Ticketmaster Corp. v. Tickets.com, Inc.*, No. CV 99-07654 HLH (VBKx), 2003 WL 25781901, at *1 (C.D. Cal. Feb. 10, 2003) (granting motion to exclude law professor's expert testimony on whether website content was subject to copyright protection and whether copying of that content constituted "fair use"); *Jonathan Browning, Inc. v. Venetian Casino Resort LLC*, No. C 07-03983 JSW, 2009 U.S. Dist. LEXIS 57665, *3-4 (N.D. Cal. June 18, 2009) (precluding

expert from testifying regarding copyrightability of light fixtures alleged to have been infringed).

The testimony Franklyn has provided thus far falls within the category of inadmissible and excludable legal opinion testimony. Franklyn's Expert Report, Rebuttal Reports, and Declaration improperly opines on principles of trademark law and liability. For example, Franklyn inappropriately makes conclusions of law as to what constitutes infringing conduct (Docket No. 125-12 (Franklyn Expert Report) ¶ 14; Docket No. 90-1, Ex. N (Franklyn Declaration) ¶ 43) and what facts must be shown for a finding of generic-ness (Docket No. 125-12 (Franklyn Expert Report) ¶ 18; Docket No. 90, Ex. N (Franklyn Declaration) ¶¶ 51, 53, 57, 58, 69). *See Nationwide Trans. Fin.*, 523 F.3d at 1058 (affirming exclusion of expert opinion that characterized defendant's conduct as "wrongful" or "intentional" under the law).

Additionally, Franklyn's Rebuttal Reports improperly advance Glidewell's legal arguments, rather than responding to Keating's expert reports. (Docket No. 125-14 (Franklyn Rebuttal to Boatright) ¶¶ 3-11, 24-26; Docket No. 125-13 (Franklyn Rebuttal to Eggleston) ¶¶ 3-18, 20, 22, 28.) *Estate of Brutsche v. City of Federal Way*, 300 Fed. Appx. 552 (9th Cir. 2008) (citing *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1509-11 (9th Cir. 1995) (rebuttal evidence may be offered to challenge the evidence or theory of the opponent, but not to establish the case in chief)); *Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1044 (D. Ariz. 2005) (granting motion to exclude several law professors' testimony, noting that expert reports "read[] more like a legal brief than an expert report"); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004) (experts should not be permitted to "supplant the role of counsel in making argument at trial"). Accordingly, Franklyn's legal conclusions are not admissible and should be excluded from trial.

# IV.  IN THE ALTERNATIVE, THE EVIDENCE INTRODUCED IN FRANKLYN'S REBUTTAL REPORTS AND DECLARATION IS UNTIMELY AND SHOULD BE EXCLUDED PURSUANT TO F.R.C.P. 37(C)(1)

Should the court decline to exclude Franklyn's testimony in its entirety, Keating also moves to exclude all evidence and argument relating to, or introduced by, Franklyn's untimely Rebuttal Reports and Declaration.

Under F.R.C.P. 26(a)(2) (A), a party must disclose to the other parties the identity of any expert witness it may use at trial.  A party's expert witness disclosure must be accompanied by a written report prepared by the expert witness containing, among other things, all the opinions the witness will express at trial and the basis for those opinions.  F.R.C.P. 26(a)(2)(B).  Moreover, these disclosures must be made at the time and in the sequence that the court orders. F.R.C.P. 26(a)(2)(D).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  F.R.C.P. 37(c)(1).[4]

Here, Glidewell violated F.R.C.P. 26(a)(2) by failing to provide Franklyn's Rebuttal Report within the deadline for rebuttal reports.  Franklyn's Rebuttal Reports, and Franklyn's Declaration repeating the information contained in those Rebuttal Reports, introduced evidence that was not disclosed during discovery, in Franklyn's Expert Report, or during Franklyn's Deposition. Thus, pursuant to F.R.C.P. 37(c)(1), the evidence introduced in Franklyn's Rebuttal Reports and Declaration must be excluded from trial unless Glidewell can show a "substantial justification" for its violation, or show that its violation

---

[4]  Because of Glidewell's untimely disclosure of Franklyn's Rebuttal Reports and Declaration, Keating had no opportunity to depose Franklyn on the evidence and information provided in those documents.  Thus, this untimely evidence should also be excluded pursuant to F.R.E. 403 as unfairly prejudicial to Keating.

1    was harmless.  *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,

2    1106 (9th Cir. 2001).

3            Admitting evidence past the discovery dates is a disfavored practice, and

4    the burden rests entirely on Glidewell to establish that it was substantially

5    justified in failing to timely serve the Franklyn Rebuttal Reports or that the

6    failure to timely serve was harmless.  *See Wong v. Regents of the Univ. of Cal.*,

7    410 F.3d 1052, 1062 (9th Cir. 2005) (holding that proponent could not establish

8    that the failure to produce expert reports in a timely manner was not harmless

9    where deadlines for disclosing experts and conducting expert discovery had

10   passed, and the court would have had to reopen discovery and extend the period

11   for submitting rebuttal reports); *see also Jarritos, Inc. v. Reyes*, 345 Fed. Appx.

12   215, 217 (9th Cir. 2009) (holding that the district court properly excluded expert

13   witness reports that were produced after the discovery deadline, even though the

14   reports were central to the party's case and its exclusion was highly prejudicial

15   to proponent).

16           Glidewell has not offered any justification for its failure to timely provide

17   the Franklyn Rebuttal Reports.  Glidewell never brought to Keating's attention

18   that it intended to serve such rebuttal reports, nor provided any extenuating

19   circumstances justifying a need to delay the filing of the Franklyn Rebuttal

20   Reports.  The only explanation given by Glidewell in its *Ex Parte* Application

21   (which the court denied) was that Glidewell's prior counsel had not been

22   diligent.  (Docket No. 69, page 1.)  Lack of diligence is not a proper excuse for

23   ignoring the court's scheduling orders.  *Wong*, 410 F.3d at 1062; *see also*

24   *Sanchez v. Dupnik*, 362 F. Appx 679, 681 (9th Cir. 2010) ("The fact that

25   [plaintiff]'s prior counsel was dilatory in identifying a new expert does not show

26   substantial justification [under Rule 37]. We cannot say that the district court

27   abused its discretion in adhering to the deadlines in place.").

28   / / /

Furthermore, given that the Franklyn Rebuttal Reports were submitted so long after the cut-off date and after Franklyn was deposed, the prejudice to Keating increases significantly.  In light of this increased prejudice, the burden on Glidewell of showing a "substantial justification" should also be increased. Here, too, Glidewell's argument that its prior counsel "failed" or was not diligent, is not sufficient to meet this burden.  *Id.*[5]

The question is: Whether Glidewell's belated submissions is harmless?  It is well settled that serving expert reports after the case cut-off dates is considered not harmless.  *E.g.*, *Pickern v. Pier 1 Imports* (*U.S.*), *Inc.*, 457 F.3d 963, 969 & n. 5 (9th Cir. 2006) (affirming trial court's refusal to consider an expert report because plaintiff had failed to comply with the trial court's Scheduling Order); *Jarritos*, 345 F. Appx at 217 ("The district court acted within its discretion in excluding Jarritos' late-filed expert reports.").  In order for Glidewell's untimely reports to be admitted, the court would have to reopen discovery and extend expert disclosure deadlines. The court expressly denied Glidewell's request for such extensions. *See Wong*, 410 F.3d at 1062. Additionally, and significantly, Keating made its decisions regarding its own experts and defense strategy based on what Glidewell had provided before the cut-offs.   Accordingly, Glidewell has not met its high burden to justify the admission of the evidence or argument relating to, or introduced by, the

/ / /

---

[5]  Moreover, the Franklyn Rebuttal to Boatright was served in response to the Defendant's Expert Lori Boatright's Rebuttal Report to the Report of David J. Franklyn ("Def.'s Rebuttal to Franklyn"). Ms. Boatright's Rebuttal Report was timely submitted on October 15, 2012.   Franklyn's untimely Rebuttal to Boatright, is actually a sur-rebuttal.   This sur-rebuttal is improper because Boatright's Rebuttal to Franklyn did not introduce new evidence for Franklyn to respond to.  *See United States v. McCollum*, 732 F.2d 1419 (9th Cir. 1984) (overruled on another point of law); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1088, 1096 (S.D. Cal. 1990).

1    untimely Franklyn Rebuttal Reports and the Franklyn Declaration.  The belated

2    information should be excluded at trial pursuant to F.R.C.P. 37(c)(1).

3                              V.  **CONCLUSION**

4            For the foregoing reasons, Keating requests an order excluding from trial

5    all testimony from David J. Franklyn, or, in the alternative, an order excluding

6    from trial all evidence or argument relating to, or introduced by, the untimely

7    Franklyn Rebuttal Reports and the Franklyn Declaration.

8                                Respectfully submitted,

9                                KNOBBE, MARTENS, OLSON & BEAR, LLP

10

11
     Dated: January 17, 2013      By: /s/ David G. Jankowski
12                                      Darrell L. Olson
                                        Lynda J. Zadra-Symes
13                                      Jeffrey L. Van Hoosear
                                        David G. Jankowski
14
                                   ENTERPRISE COUNSEL GROUP ALC
15                                      David A. Robinson
                                        James S. Azadian
16
                                   Attorneys for Defendant and Counter-Plaintiff
17                                 KEATING DENTAL ARTS, INC.

18

19

20

21

22

23

24

25

26

27

28

                                       - 15 -