Darrell L. Olson (SBN 77,633)
Darrell.Olson@kmob.com
Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.Jankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR
2040 Main Street, Fourteenth Floor
Irvine, California 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

David A. Robinson (SBN 107,613)
drobinson@enterprisecounsel.com
James S. Azadian (SBN 225,864)
jazadian@enterprisecounsel.com
ENTERPRISE COUNSEL GROUP ALC
Three Park Plaza, Suite 1400
Irvine, California 92614
Phone: (949) 833-8550
Facsimile: (949) 833-8540

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>                    Plaintiff,<br><br>        v.<br><br>KEATING DENTAL ARTS, INC.<br><br>                    Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx)<br><br>Honorable David O. Carter<br><br>**DEFENDANT AND COUNTER-PLAINTIFF KEATING DENTAL ARTS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. RONALD GOLDSTEIN (MOTION IN LIMINE NO. 2)**<br><br>Trial Date:  February 26, 2013<br>Time:  8:30 a.m.<br>Location: Courtroom 9D |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 26, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable David O. Carter of the United States District Court for the Central District of California, Southern Division, at 411 West Fourth Street, Courtroom 9D, Santa Ana, CA, 92701, Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") will move and hereby does move for an order excluding from trial all testimony, reports, and declarations from Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc.'s ("Glidewell") expert witness Dr. Ronald Goldstein ("Goldstein").  Goldstein's Expert Report and Supplemental Declaration were untimely and should be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1).

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers, and records on file in this action, all matters of which the Court may take judicial notice, and such further written and oral argument as may be presented to the Court.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013     By: /s/ David G. Jankowski
            Darrell L. Olson
            Lynda J. Zadra-Symes
            Jeffrey L. Van Hoosear
            David G. Jankowski

ENTERPRISE COUNSEL GROUP ALC
    David A. Robinson
    James S. Azadian

Attorneys for Defendant and Counter-Plaintiff
KEATING DENTAL ARTS, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") hereby moves for an order *in limine* to exclude from trial any testimony from Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc.'s ("Glidewell") expert witness Dr. Ronald Goldstein ("Goldstein"), and any argument relating thereto.   Goldstein was not timely named as an expert during discovery.   The Goldstein Expert Report, Declaration, and Supplemental Declaration[1] were untimely and presented after the deadlines for exchanging opening expert reports and rebuttal expert reports and after the Court-ordered deadline for commencing depositions.   Accordingly, any evidence or argument relating to, or introduced by, the Goldstein Expert Report, Declaration, and Supplemental Declaration should be excluded from trial pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 37(c)(1).

### II.      RELEVANT BACKGROUND

As stated in the Rule 26(f) Joint Report filed with the Court (Docket No. 11), the date for exchange of opening expert reports was September 15, 2012 and the date for exchange of rebuttal expert reports was October 15, 2012. As stated in the Court's Scheduling Order (Docket No. 15), discovery cut-off was set for October 29, 2012, with all depositions scheduled to commence by at least October 22, 2012.

On or about September 15, 2012, the parties exchanged their expert reports. The only expert report Glidewell submitted by the September 15, 2012 deadline was the expert report of Davis J. Franklyn (Docket No. 125-12), which is the subject of Keating's motion *in limine* no. 1.   Glidewell did not submit any rebuttal expert reports by the October 15, 2012 deadline.

However, on the discovery cut-off date, October 29, 2012, shortly before midnight, Glidewell served Goldstein's Expert Report ("Goldstein Expert Report").

---

[1]   Goldstein's Supplemental Declaration is essentially a rebuttal report.

1   (Docket No. 125-15.)  Thus, the Goldstein Expert Report was untimely served six
2   weeks after the deadline for exchange of opening expert reports, two weeks after
3   the deadline for exchange of rebuttal expert reports, and after the Court-ordered
4   date for commencing depositions.  (Docket Nos. 11 & 15.)  This was the first date
5   Glidewell disclosed Goldstein as an expert witness.

6   Incidentally, also on October 29, 2012, Glidewell filed an *Ex Parte*
7   Application to Amend Scheduling Order to extend discovery deadlines.  (Docket
8   No. 69.)   However, the Court denied Glidewell's *Ex Parte* Application on
9   November 9, 2012 and refused to extend the discovery or expert disclosure
10  deadlines.  (Docket No. 74.)

11  On November 19, 2012, Glidewell filed Goldstein's Declaration in Support
12  of Glidewell's Motions for Summary Judgment ("Goldstein Declaration").  (Docket
13  No. 90, Ex. O.)  The Goldstein Declaration is virtually identical to the untimely
14  Goldstein Expert Report.  Five weeks after the October 15, 2012 deadline to
15  exchange rebuttal expert reports, the Goldstein Declaration improperly attempts to
16  rebut the timely expert reports of Dr. Eggleston.

17  On November 26, 2012, Glidewell filed a Supplemental Appendix of
18  Evidence in Support of its Oppositions to Keating's Motions for Summary
19  Judgment (Docket No. 116), containing Goldstein's Supplemental Declaration
20  ("Goldstein Supplemental Declaration").   (*Id.*, Ex. X.).   The Goldstein
21  Supplemental Declaration improperly attempts to rebut the timely expert reports of
22  Keating's dental industry expert, Dr. David Eggleston, six weeks after the October
23  15, 2012 deadline to exchange rebuttal expert reports had passed.

24  **III.   GOLDSTEIN'S EXPERT TESTIMONY IS UNTIMELY AND**
25  **SHOULD BE EXCLUDED PURSUANT TO F.R.C.P. 37(C)(1)**

26  Under F.R.C.P. 26(a)(2) (A), a party must disclose to the other parties the
27  identity of any expert witness it may use at trial.  A party's expert witness
28  disclosure must be accompanied by a written report prepared by the expert witness

containing, among other things, all the opinions the witness will express at trial and the basis for those opinions.   F.R.C.P. 26(a)(2)(B).  Moreover, these disclosures must be made at the time, and in the sequence, that the court orders. F.R.C.P. 26(a)(2)(D).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." F.R.C.P. 37(c)(1).

Here, Glidewell violated F.R.C.P. 26(a)(2) by failing to provide (1) the Goldstein Expert Report and Goldstein Declaration by the September 15, 2012 deadline for exchanging opening expert reports, and (2)  the Goldstein Supplemental Declaration (essentially a rebuttal report in response to the expert reports of  Dr. David Eggleston) by the October 15, 2012 deadline for exchanging rebuttal expert reports.    The Goldstein Expert Report, Declaration, and Supplemental Declaration introduced evidence that was not disclosed during discovery.

Moreover, due to the untimely nature of Goldstein's submissions, Keating never had the opportunity to depose Goldstein and question him regarding his Expert Report, Declaration, and Supplemental Declaration.   Thus, pursuant to F.R.C.P. 37(c)(1), the evidence introduced in these submissions must be excluded from trial unless Glidewell can show a "substantial justification" for its violation of F.R.C.P. 26(a)(2), or show that its violation was harmless.  *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Admitting evidence past the discovery dates is a disfavored practice, and the burden rests entirely on Glidewell to establish that it was substantially justified in failing to timely serve the Goldstein Expert Report, Declaration, and Supplemental Declaration, or that the failure to timely serve was harmless.  *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (holding that proponent could not establish that the failure to produce expert reports in a timely manner was

not harmless where deadlines for disclosing experts and conducting expert discovery had passed, and the court would have had to reopen discovery and extend the period for submitting rebuttal reports); *see also Jarritos, Inc. v. Reyes*, 345 Fed. Appx. 215, 217 (9th Cir. 2009) (holding that the district court properly excluded expert witness reports that were produced after the discovery deadline, even though the reports were central to the party's case and its exclusion was highly prejudicial to proponent).

Glidewell has not offered any proper justification for its failure to timely provide the Goldstein Expert Report, Declaration, and Supplemental Declaration. Glidewell never brought to Keating's attention that it intended to serve such reports, nor provided any extenuating circumstances justifying a need to delay the filing of the Goldstein Expert Report, Declaration, and Supplemental Declaration.

The only explanation given by Glidewell in its *Ex Parte* Application (which the court denied) was that Glidewell's prior counsel had not been diligent.  (Docket No. 69, page 1.)  Lack of diligence, however, is not a proper excuse for ignoring the Court's scheduling orders.  *Wong*, 410 F.3d at 1062.  Furthermore, given that the Goldstein Expert Report, Declaration, and Supplemental Declaration were submitted long after the deadline for exchanging expert reports, the prejudice to Keating increased significantly because Keating did not have the opportunity to depose Goldstein.  In light of this increased prejudice, the burden on Glidewell of showing a "substantial justification" should be further increased.

It is also well settled that serving expert reports after the case cut-off dates is considered not harmless.  *E.g.*, *Pickern v. Pier 1 Imports* (*U.S.*), *Inc.*, 457 F.3d 963, 969 & n. 5 (9th Cir. 2006) (affirming trial court's refusal to consider an expert report because plaintiff had failed to comply with the trial court's Scheduling Order); *Jarritos*, 345 F. Appx at 217 ("The district court acted within its discretion in excluding Jarritos' late-filed expert reports.").  In order for Glidewell's untimely reports to be admitted, the Court would have to reopen discovery and extend expert

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

disclosure deadlines.  The court expressly denied Glidewell's request for such extensions.  *See Wong*, 410 F.3d at 1062.  Additionally, and significantly, Keating made its decisions regarding its own experts and defense strategy based on what Glidewell had provided before the cut-offs.  Accordingly, Glidewell has not met its high burden to justify the admission of any evidence or argument relating to, or introduced by, the untimely Goldstein Expert Report, Declaration, and Supplemental Declaration.  The belated information should be excluded at trial pursuant to F.R.C.P. 37(c)(1).

## IV.   CONCLUSION

For the foregoing reasons, the Court should exclude from trial all testimony, reports, and declarations by Dr. Ronald Goldstein, and any argument relating thereto.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013         By: /s/ David G. Jankowski
                                Darrell L. Olson
                                Lynda J. Zadra-Symes
                                Jeffrey L. Van Hoosear
                                David G. Jankowski

ENTERPRISE COUNSEL GROUP ALC
                                David A. Robinson
                                James S. Azadian

Attorneys for Defendant and Counter-Plaintiff
KEATING DENTAL ARTS, INC.

-6-