Darrell L. Olson (SBN 77,633)
Darrell.Olson@kmob.com
Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.jankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR
2040 Main Street, Fourteenth Floor
Irvine, California 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

David A. Robinson (SBN 107,613)
drobinson@enterprisecounsel.com
James S. Azadian (SBN 225,864)
jazadian@enterprisecounsel.com
ENTERPRISE COUNSEL GROUP ALC
Three Park Plaza, Suite 1400
Irvine, California 92614
Phone: (949) 833-8550
Facsimile: (949) 833-8540

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DISTRICT

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx)<br><br>Honorable David O. Carter<br><br>**DEFENDANT AND COUNTER-PLAINTIFF KEATING DENTAL ARTS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE UNTIMELY TESTIMONY OF NICOLE FALLON (MOTION IN LIMINE NO. 3)**<br><br>Trial Date: February 26, 2013<br>Time: 8:30 a.m.<br>Location: Courtroom 9D |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 26, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable David O. Carter of the United States District Court for the Central District of California, Southern Division, at 411 West Fourth Street, Courtroom 9D, Santa Ana, CA, 92701, Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") will move and hereby does move for an order excluding from trial any testimony from Nicole Fallon ("Fallon"). Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") did not timely disclose Fallon as a potential witness and did not timely supplement its discovery responses regarding Fallon's interaction with Dr. Jade Le's Dental Offices. Accordingly, Fallon's trial testimony should be excluded due to Glidewell's failure to list Fallon in Glidewell's Rule 26 initial disclosures. In addition, any evidence or argument introduced for the first time in Fallon's untimely declaration should be excluded pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 37(c)(1).

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers, and records on file in this action, all matters of which the Court may take judicial notice, and such further written and oral argument as may be presented to the Court.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013   By: /s/ David G. Jankowski
 Darrell L. Olson
 Lynda J. Zadra-Symes
 Jeffrey L. Van Hoosear
 David G. Jankowski

ENTERPRISE COUNSEL GROUP ALC
 David A. Robinson
 James S. Azadian

Attorneys for Defendant and Counter-Plaintiff
KEATING DENTAL ARTS, INC.

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") hereby moves for an order *in limine* to exclude from trial any testimony from Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc.'s ("Glidewell") employee Nicole Fallon ("Fallon"). Glidewell did not timely disclose Fallon as a potential witness and did not timely supplement its discovery responses regarding Fallon's interaction with Dr. Jade Le's Dental Offices. Accordingly, the testimony of Nicole Fallon and any evidence or argument introduced for the first time in Fallon's untimely declaration should be excluded pursuant to F.R.C.P 37(c)(1).

## II. RELEVANT BACKGROUND

### A. Fallon Is Not Listed As A Witness In Glidewell's Initial Disclosures

As stated in the Court's Scheduling Order (Docket No. 15), the discovery cut-off was October 29, 2012. Glidewell served its Initial Disclosures Under F.R.C.P. 26(a)(1)(A) on December 5, 2011. In its Initial Disclosures, Glidewell identified only two individuals as having knowledge relating to the likelihood of public confusion, both of whom are Glidewell employees: Robin Bartolo (Sales Manager for Glidewell Direct) and Wolfgang Friebauer (Glidewell's Director of R&D). (Docket No. 125-2.) When deposed, however, neither witness had personal knowledge of actual confusion between the parties' marks or products. (Docket No. 91-5 at 76:19–78:13; Docket No. 92-1, Ex. 52 at 72:15–74:5.)

### B. Glidewell Provides Initial Account of Fallon's Interaction With Dr. Jade Le's Dental Offices During Discovery

During discovery, Keating served Glidewell with two interrogatories (Nos. 7 and 12) seeking information regarding incidents of actual confusion

///

between the parties' marks and products. (Docket No. 91-1.) The entirety of Glidewell's August 20, 2012 response as it related to Fallon is the following:

> On one occasion this April a Glidewell Laboratories employee (Nicole Fallon) was offering a $20.00 coupon to try BRUXZIR® restoration to Michelle Carlisle of Dr. Jade Le's dental Offices in Bonita Springs, Florida. Michelle asked if they could apply the $20.00 coupon to purchases they had previously made and sent a copy of an invoice to show the alleged earlier purchase. It was a Keating Dental Arts Inc.'s invoice for a KDZ Bruxer crown dated February 9, 2012.

(*Id.* at 7–10 (response Nos. 7 & 12).) Keating served a follow-up interrogatory asking for "all factual information" relating to the incident with Fallon, including how and why contact was initiated and any resolution that resulted. Glidewell's October 10, 2012 response was the following:

> An employee of Plaintiff randomly called Dr. Le's office to offer a discount on BRUXZIR Crowns and was asked whether the discount could apply to a previous order that had actually been submitted to Defendant for a KDZ Bruxer Crown.

(Docket No. 91-2 at 7 (response to No. 23).)

Keating also served a follow-up request for production that requested "[a]ll documents and things referring or relating to Dr. Jade Le's Dental Offices in Bonita Springs, Florida regarding an order or purchase of a BURXZIR [*sic*] or a KDZ BRUXER." Glidewell's October 10, 2012 response was a single word, "None." (Docket No. 125-4.)

Based on the above exchange, Glidewell admitted during discovery that Fallon initiated the communication with Dr. Le's office through a random contact to offer a discount coupon. Glidewell also admitted that Fallon offered a discount coupon to Michelle Carlisle over the telephone, not to Dr. Jade Le. Glidewell further admitted (through silence in its interrogatory responses) that Fallon did not communicate directly with Dr. Jade Le regarding this incident. Glidewell further admitted that it had no documents relating to the communications between Fallon and Dr. Le's dental office.

Even if the Court were to allow Glidewell to rely on Fallon's hearsay statements[1] attributable to Ms. Carlisle, the only "confusion" that is apparent from Glidewell's original account is that Dr. Le's employee, Ms. Carlisle, was confused as to which product the coupon applied; not as to the difference between Glidewell and Keating's products.

### C. Fallon Changes Her Account Of Her Interaction With Dr. Jade Le's Dental Offices After The Close Of Discovery

After the October 29, 2012 discovery cut-off date, Ms. Fallon's account of the discussion with Dr. Le's dental lab changed in the following material ways:

- Ms. Carlisle now became the person who initiated the contact. (Docket No. 90-1, Ex. M at ¶ 4 ("Ms. Michelle Carlisle . . . called me to request a Glidewell discount. . . ."));
- Now she begins speaking directly with Dr. Jade Le in addition to speaking with Ms. Carlisle. (*Id.* at ¶ 5 ("Dr. Le joined the phone conversation . . . .");
- Now she states Dr. Le makes an express statement of confusion between the parties' marks. (*Id*. ¶ 5 ("Dr. Le . . . said that she thought 'BruxZir' and 'Bruxer,' from Keating, 'were the same thing.'"));
- Now Fallon has a fax containing a copy of the Keating invoice from Dr. Le. (*Id*. ¶ 4; Docket No. 90-2, Ex. 1.); and
- Now Fallon memorialized her conversation with Ms. Carlisle and Dr. Le in a "note report" that "accurately reflects" her conversation and "was maintained in the ordinary course of Glidewell's business." (*Id*. ¶¶ 9-10; Docket No. 90-2, Ex. 2.).

Despite purportedly being part of Glidewell's business records in existence since April 2012, Glidewell did not produce Exhibits 1 and 2 referenced in Fallon's declaration (Docket No. 90-2, Ex. M) until November 16, 2012, several weeks after

---

[1] Fallon's testimony regarding the out-of-court statements allegedly made by Ms. Carlisle is inadmissible hearsay pursuant to Fed. R.Evid. 801 and 802.

-4-

the close of discovery. Keating has had no opportunity to examine Fallon or other witnesses about these documents.

### III. FALLON'S UNTIMELY DECLARATION AND TESTIMONY SHOULD BE EXCLUDED PURSUANT TO F.R.C.P. 37(C)(1)

Under F.R.C.P. 26(a)(1) (A), a party must disclose to the other parties the identity of each individual likely to have discoverable information, along with the subjects of that information. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference. F.R.C.P. 26(a)(1)(C). Moreover, a party "is not excused from making its initial disclosures because it has not fully investigated the case." F.R.C.P. 26(a)(1)(E).

Under F.R.C.P. 26(e), a party "who has responded to an interrogatory, request for production, or request for admission … must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." F.R.C.P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." F.R.C.P. 37(c)(1).

Here, Glidewell violated F.R.C.P. 26(a)(1) (A) by failing to disclose Fallon in its Initial Disclosures as an individual likely to have discoverable information that Glidewell may use to support its claims and/or defenses. Fallon was first identified as an individual possessing discoverable information in Glidewell's interrogatory responses served August 20, 2012, nine months after Glidewell's Initial Disclosures. (Docket No. 91-1.)

Additionally, Glidewell violated F.R.C.P. 26(e)(1) by failing to timely supplement its initial responses to Keating's interrogatories and document requests regarding the testimony of Fallon. Glidewell cannot inform Keating during discovery that it has no documents corroborating Fallon's incident, and then rely on

documents produced after the discovery cut-off for that express purpose. Nor can Glidewell set forth one account of Fallon's incident during discovery and then rely upon a version of the incident proffered after the discovery cut-off that contradicts its earlier account.

Due to Glidewell's untimely disclosure and failure to supplement, Keating never had the opportunity to examine Nicole Fallon regarding her untimely served declaration. Accordingly, pursuant to F.R.C.P. 37(c)(1), the untimely testimony of Ms. Fallon must be excluded from trial unless Glidewell can show a "substantial justification" for its violation of F.R.C.P. 26(e)(1), or show that its violation was harmless. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Glidewell has not offered sufficient justification for its failure to timely supplement its discovery responses. The only explanation given by Glidewell in its *Ex Parte* Application (which the court denied) for its numerous untimely filings was that Glidewell's prior counsel had not been diligent. (Docket No. 69 at 1.) Lack of diligence, however, is not an excuse for ignoring the court's scheduling orders. *Wong v. Regent of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005).

Furthermore, the prejudice to Keating has increased significantly because Keating did not have the opportunity to examine Fallon regarding her untimely declaration. In light of this increased prejudice, the burden on Glidewell of showing a "substantial justification" is concomitantly increased.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, Fallon's trial testimony, and any argument relating thereto, should be excluded due to Glidewell's failure to list Fallon in Glidewell's initial disclosures and, moreover, any evidence introduced for the first time in Fallon's untimely declaration, and any argument relating thereto, should be excluded.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013
By: /s/ David G. Jankowski
Darrell L. Olson
Lynda J. Zadra-Symes
Jeffrey L. Van Hoosear
David G. Jankowski

ENTERPRISE COUNSEL GROUP ALC
David A. Robinson
James S. Azadian

Attorneys for Defendant and Counter-Plaintiff
KEATING DENTAL ARTS, INC.