1  Darrell L. Olson (SBN 77,633)
   Darrell.Olson@kmob.com
2  Lynda J. Zadra-Symes (SBN 156,511)
   Lynda.Zadra-Symes@kmob.com
3  Jeffrey L. Van Hoosear (SBN 147,751)
   Jeffrey.VanHoosear@kmob.com
4  David G. Jankowski (SBN 205,634)
   David.jankowski@kmob.com
5  KNOBBE, MARTENS, OLSON & BEAR
   2040 Main Street, Fourteenth Floor
6  Irvine, California 92614
   Phone: (949) 760-0404
7  Facsimile: (949) 760-9502

8  David A. Robinson (SBN 107,613)
   drobinson@enterprisecounsel.com
9  James S. Azadian (SBN 225,864)
   jazadian@enterprisecounsel.com
10 ENTERPRISE COUNSEL GROUP ALC
   Three Park Plaza, Suite 1400
11 Irvine, California 92614
   Phone: (949) 833-8550
12 Facsimile: (949) 833-8540

13 Attorneys for Defendant/Counter-Plaintiff,
   KEATING DENTAL ARTS, INC.
14

15                IN THE UNITED STATES DISTRICT COURT

16              FOR THE CENTRAL DISTRICT OF CALIFORNIA

17                         SOUTHERN DIVISION

18

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No.<br>SACV11-01309-DOC(ANx)<br><br>Honorable David O. Carter<br><br>**DEFENDANT AND COUNTER-PLAINTIFF KEATING DENTAL ARTS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE TESTIMONY OF SEVEN DENTISTS (MOTION IN LIMINE NO. 4)**<br><br>Trial Date: February 26, 2013<br>Time: 8:30 a.m.<br>Location: Courtroom 9D |

DEFENDANT/COUNTER-PLAINTIFF KEATING DENTAL ARTS, INC.'S
MOTION IN LIMINE NO. 2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 26, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable David O. Carter of the United States District Court for the Central District of California, Southern Division, at 411 West Fourth Street, Courtroom 9D, Santa Ana, CA, 92701, Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") will move and hereby does move for an order excluding from trial the declarations and testimony of Drs. Gregory Doneff, Stuart R. Newman, Howard S. Cohen, Spencer D. Luke, Thomas E. Bell, Kent Toca, and Terence J. Michiels (collectively "Seven Dentists"). Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") first noticed the Seven Dentists as witnesses twelve minutes before midnight on October 29, 2012, the discovery cutoff date. Accordingly, Glidewell's notice was untimely and the trial testimony of the Seven Dentists should be excluded pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 37(c)(1). Furthermore, the offered testimony of the Seven Dentists is of low probative value because the Seven Dentists are customers of Glidewell selected by Glidewell on short notice (upon the appearance of Glidewell's new litigation counsel) to provide testimony in this case. Thus, the low probative value of the Seven Dentists' testimony is outweighed by the unfair prejudice to Keating as a result of the untimely disclosure. Accordingly, the proposed testimony of the Seven Dentists, and any argument relating thereto, should also be excluded pursuant to Federal Rule of Evidence ("F.R.E.") 403.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers, and records on file in this action, all matters of which the Court may take judicial notice, and such further written and oral argument as may be presented to the Court.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013

By: /s/ David G. Jankowski
Darrell L. Olson
Lynda J. Zadra-Symes
Jeffrey L. Van Hoosear
David G. Jankowski

ENTERPRISE COUNSEL GROUP ALC
David A. Robinson
James S. Azadian

Attorneys for Defendant and Counter-Plaintiff
KEATING DENTAL ARTS, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") hereby moves for an order *in limine* to exclude from trial any testimony from:

Dr. Gregory Doneff;

Dr. Stuart R. Newman;

Dr. Howard S. Cohen;

Dr. Spencer D. Luke;

Dr. Thomas E. Bell;

Dr. Kent Toca; and

Dr. Terence J. Michiels (collectively "Seven Dentists").

Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") first notified Keating of the Seven Dentists as trial witnesses twelve minutes before midnight on October 29, 2012, the discovery cutoff date. Accordingly, all trial testimony from the Seven Dentists should be excluded pursuant to F.R.C.P. 37(c)(1).

Furthermore, the proposed testimony of the Seven Dentists is of low probative value because the Seven Dentists are customers of Glidewell. The low probative value of the Seven Dentists' testimony is outweighed by the unfair prejudice to Keating as a result of the untimely disclosure. Accordingly, the testimony of the Seven Dentists' should also be excluded pursuant to F.R.E. 403.

### II. RELEVANT BACKGROUND

As stated in the Court's Scheduling Order (Docket No. 15), the discovery cutoff date was October 29, 2012. Glidewell served its Initial Disclosures Under F.R.C.P. 26(a)(1)(A) on December 5, 2011.

However, on the discovery cut-off date, October 29, 2012, at 11:48 p.m., Glidewell's counsel sent an email to Keating's counsel (Docket No. 125-9),

attaching Glidewell's First Amended Initial Disclosures Under F.R.C.P. 26(a)(1)(A). In Glidewell's First Amended Initial Disclosures, Glidewell named the Seven Dentists as witnesses for the first time.

On October 29, 2012, Glidewell also filed an *Ex Parte* Application to Amend Scheduling Order to extend discovery deadlines. (Docket No. 69.) However, the Court denied Glidewell's *Ex Parte* Application to Amend Scheduling Order on November 9, 2012 and refused to extend the discovery or expert disclosure deadlines. (Docket No. 74.)

Nevertheless, on November 19, 2012, Glidewell filed substantially similar declarations for each of the Seven Dentists in support of Glidewell's motions for summary judgment. (Docket No. 90-1, Exhibits A-F, Q.) These declarations revealed the Seven Dentists were customers of Glidewell. (*Id.*)

### III. GLIDEWELL'S NOTIFICATION THAT IT INTENDED TO CALL THE SEVEN DENTISTS AS TRIAL WITNESSES WAS UNTIMELY AND THE TESTIMONY OF SEVEN DENTISTS SHOULD BE EXCLUDED PURSUANT TO F.R.C.P 37(C)(1)

Under F.R.C.P. 26(a)(1) (A), a party must disclose to the other parties the identity of each individual likely to have discoverable information, along with the subjects of that information. A party must make the initial disclosures at or within 14 days after the parties Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C). Moreover, a party "is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, Glidewell violated F.R.C.P. 26(a)(1) by failing to timely disclose the Seven Dentists in either its Initial Disclosures or written discovery responses. The

first time Glidewell identified the Seven Dentists was in the Amended Initial Disclosures, e-mailed to Keating's counsel twelve minutes before midnight on October 29, 2012, the discovery cutoff date. Fed. R. Civ. P. 26(a)(1)(C). In other words, these Amended Initial Disclosures were served *eleven months after* the Joint 26(f) Report filed on November 28, 2011. (Docket No. 11.)

Due to Glidewell's untimely disclosure, Keating did not have the opportunity to depose any one of the Seven Dentists. Thus, Keating never had the opportunity to question the Seven Dentists regarding the declarations they signed in support of Glidewell's summary judgment motions. Accordingly, pursuant to F.R.C.P. 37(c)(1), the testimony of the Seven Dentists must be excluded from trial unless Glidewell can show a "substantial justification" for its violation of F.R.C.P. 26(a)(1), or show that its violation was harmless. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Glidewell has not offered any sufficient justification for its failure to timely disclose the Seven Dentists. The only explanation given by Glidewell in its *Ex Parte* Application (which the court denied) was that Glidewell's prior counsel had not been diligent. (Docket No. 69, page 1.) Lack of diligence is not an excuse for ignoring the court's scheduling orders. Fed. R. Civ. P. 26(a)(1)(E) ("a party is not excused from making its disclosures because it has not fully investigated the case"); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). Furthermore, as noted above, the prejudice to Keating increased significantly because Keating did not have the opportunity to depose any of the Seven Dentists. In light of this increased prejudice, the burden on Glidewell of showing a "substantial justification" should also be increased.

In order for the testimony of the Seven Dentists to be admitted at trial, the Court would have to reopen discovery to permit Keating to depose the Seven Dentists. However, the Court expressly denied Glidewell's request for such extensions, and rightfully so. (Docket No. 74.) Accordingly, any evidence or

argument relating to, or introduced by, the Seven Dentists should be excluded at trial pursuant to F.R.C.P. 37(c)(1).

## IV. THE TRIAL TESTIMONY OF THE SEVEN DENTISTS IS NOT PROBATIVE AND SHOULD BE EXCLUDED PURSUANT TO F.R.E. 403

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403.

"Evidence of secondary meaning from a partial source possesses very limited probative value." *Filipino Yellow Pages, Inc. v. Asian Journal Publs., Inc.*, 198 F.3d 1143, 1151-1152 (9th Cir. 1999) (citing *Norm Thompson Outfitters*, 448 F.2d 1293, 1297 (9th Cir. 1971) (finding that testimony from persons closely associated with the plaintiff as to secondary meaning of mark does not adequately reflect the view of the buying public); *see also Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 910 (9th Cir. 1995) (declarations from a trademark plaintiff's employees and wholesalers had "little probative value regarding the assessment of consumer perception" because "[t]rademark law is skeptical of the ability of an associate of a trademark holder to transcend personal biases to give an impartial account of the value of the holder's mark").

Here, the Seven Dentists are customers of Glidewell. (Docket No. 90-1, Exhibits A-F, Q.) Thus, any testimony they could provide regarding the public perception of Glidewell's mark is impartial and of limited probative value. In light of the untimely disclosure of the Seven Dentists as witnesses, and Keating's lack of opportunity to depose the Seven Dentists and to prepare Keating's defense accordingly, the limited probative value of the Seven Dentists' testimony is outweighed by the prejudice to Keating. Accordingly, the testimony of the Seven Dentists should be excluded from trial pursuant to F.R.E. 403.

///

## V. CONCLUSION

For the foregoing reasons, the Court should exclude from trial all declarations and testimony by Drs. Gregory Doneff, Stuart R. Newman, Howard S. Cohen, Spencer D. Luke, Thomas E. Bell, Kent Toca, and Terence J. Michiels, and any argument relating thereto.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013         By: /s/ David G. Jankowski
                                    Darrell L. Olson
                                    Lynda J. Zadra-Symes
                                    Jeffrey L. Van Hoosear
                                    David G. Jankowski

ENTERPRISE COUNSEL GROUP ALC
    David A. Robinson
    James S. Azadian

Attorneys for Defendant and Counter-Plaintiff
KEATING DENTAL ARTS, INC.