Darrell L. Olson (SBN 77,633)
Darrell.Olson@kmob.com
Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.Jankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR
2040 Main Street, Fourteenth Floor
Irvine, California 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

David A. Robinson (SBN 107,613)
drobinson@enterprisecounsel.com
James S. Azadian (SBN 225,864)
jazadian@enterprisecounsel.com
ENTERPRISE COUNSEL GROUP ALC
Three Park Plaza, Suite 1400
Irvine, California 92614
Phone: (949) 833-8550
Facsimile: (949) 833-8540

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No.<br>SACV11-01309-DOC(ANx)<br><br>Honorable David O. Carter<br><br>**DEFENDANT AND COUNTER-PLAINTIFF KEATING DENTAL ARTS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE UNTIMELY WEB PAGE EVIDENCE (MOTION IN LIMINE NO. 5)**<br><br>Trial Date: February 26, 2013<br>Time: 8:30 a.m.<br>Location: Courtroom 9D |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 26, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable David O. Carter of the United States District Court for the Central District of California, Southern Division, at 411 West Fourth Street, Courtroom 9D, Santa Ana, CA, 92701, Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") will move and hereby does move for an order excluding from trial evidence of third party web pages introduced by Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc. after the discovery cut-off. Such evidence is untimely and should be excluded pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 37(c)(1).

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers, and records on file in this action, all matters of which the Court may take judicial notice, and such further written and oral argument as may be presented to the Court.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013      By: /s/ David G. Jankowski
                                 Darrell L. Olson
                                 Lynda J. Zadra-Symes
                                 Jeffrey L. Van Hoosear
                                 David G. Jankowski

                             ENTERPRISE COUNSEL GROUP ALC
                                 David A. Robinson
                                 James S. Azadian

                             Attorneys for Defendant and Counter-Plaintiff
                             KEATING DENTAL ARTS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") hereby moves for an order *in limine* to exclude from trial evidence of third party web pages introduced after the discovery cut-off. Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") introduced third party web page evidence through the Declaration of Deborah S. Mallgrave ("Mallgrave") in Support of Glidewell's Oppositions to Keating's Motions for Summary Judgment. (Docket. No. 116-1, Ex. Y.) Mallgrave's Declaration was filed a month after discovery had closed. Thus, Glidewell's third party web page evidence is untimely and should be excluded pursuant to F.R.C.P. 37(c)(1).

## II. RELEVANT BACKGROUND

As stated in the Court's Scheduling Order (Docket No. 15), the discovery cut-off date was October 29, 2012. On October 29, 2012, Glidewell filed an *Ex Parte* Application to Amend Scheduling Order to extend discovery deadlines. (Docket No. 69.) The Court denied Glidewell's *Ex Parte* Application on November 9, 2012 and refused to extend the discovery or expert disclosure deadlines. (Docket No. 74.) Despite the Court's order, Glidewell continued to produce new information and witnesses in violation of F.R.C.P. 37(c). In its motions for summary judgment and oppositions to Keating's motions for summary judgment, Glidewell relied on several witnesses and documents not produced prior to the close of discovery.

Specifically, on November 26, 2012, a month after the discovery cut-off, Glidewell filed the Declaration of Mallgrave, attorney for Glidewell, in Support of Glidewell's Oppositions to Keating's Motions for Summary Judgment. (Docket. No., 116 Ex. Y.) Mallgrave's Declaration introduced previously undisclosed documents of third party web pages. Glidewell's untimely production of web page documents was an improper attempt to continue discovery after discovery had

closed, and after the Court had refused to extend discovery deadlines. (Docket No. 74.)

### III. THE THIRD PARTY WEB PAGE EVIDENCE IS UNTIMELY AND SHOULD BE EXCLUDED PURSUANT TO F.R.C.P 37(C)(1)

A party has a duty to "supplement or correct its disclosure or response" in a timely fashion if the party's initial responses are incomplete or incorrect. Fed. R. Civ. P. 26(e). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." F.R.C.P. 37(c)(1).

Here, all the third party web page documents referenced in Mallgrave's declaration were generated for the first time on November 26, 2012, almost a month after the discovery cutoff deadline of October 29, 2012. Accordingly, pursuant to F.R.C.P. 37(c)(1), the evidence of the third party web pages must be excluded from trial unless Glidewell can show a "substantial justification" for its failure to timely disclose the third party web page documents, or show that its violation was harmless. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Glidewell has not offered sufficient justification for its failure to timely disclose the third party web page documents referenced in Mallgrave's Declaration. The only explanation given by Glidewell in its *Ex Parte* Application (which the Court denied) for its numerous untimely litigation and discovery maneuvers was that Glidewell's prior counsel had not been diligent. (Docket No. 69 at 1.) However, lack of diligence is not an excuse for ignoring the Court's scheduling orders. *Wong v. Regent of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). Accordingly, Glidewell's untimely third party web page evidence should be excluded pursuant to F.R.C.P. 37(c)(1).

/ / /

## IV. CONCLUSION

For the foregoing reasons, Keating requests an order excluding from trial all evidence of third party web pages introduced by Glidewell after discovery closed.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013     By: /s/ David G. Jankowski
                               Darrell L. Olson
                               Lynda J. Zadra-Symes
                               Jeffrey L. Van Hoosear
                               David G. Jankowski

ENTERPRISE COUNSEL GROUP ALC
   David A. Robinson
   James S. Azadian

Attorneys for Defendant and Counter-Plaintiff
KEATING DENTAL ARTS, INC.