Darrell L. Olson (SBN 77,633)
Darrell.Olson@kmob.com
Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.Jankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR
2040 Main Street, Fourteenth Floor
Irvine, California 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

David A. Robinson (SBN 107,613)
drobinson@enterprisecounsel.com
James S. Azadian (SBN 225,864)
jazadian@enterprisecounsel.com
ENTERPRISE COUNSEL GROUP ALC
Three Park Plaza, Suite 1400
Irvine, California 92614
Phone: (949) 833-8550
Facsimile: (949) 833-8540

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No.<br>SACV11-01309-DOC(ANx)<br><br>Honorable David O. Carter<br><br>**DEFENDANT AND COUNTER-PLAINTIFF KEATING DENTAL ARTS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE HEARSAY AND OPINION TESTIMONY OF GLIDEWELL EMPLOYEES (MOTION IN LIMINE NO. 6)**<br><br>Trial Date: February 26, 2013<br>Time: 8:30 a.m.<br>Location: Courtroom 9D |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 26, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable David O. Carter of the United States District Court for the Central District of California, Southern Division, at 411 West Fourth Street, Courtroom 9D, Santa Ana, CA, 92701, Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") will move and hereby does move for an order excluding from trial the declarations of Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") employees Jim Shuck, Rudy Ramirez, Dr. Michael DiTolla, Robin Carden, Robin Bartolo, and Keith Allred, and any testimony regarding the improper hearsay and opinion in those declarations, pursuant to Federal Rules of Evidence 403, 701, 702, 801, and 802.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers, and records on file in this action, all matters of which the Court may take judicial notice, and such further written and oral argument as may be presented to the Court.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013
By: /s/ David G. Jankowski
Darrell L. Olson
Lynda J. Zadra-Symes
Jeffrey L. Van Hoosear
David G. Jankowski

ENTERPRISE COUNSEL GROUP ALC
David A. Robinson
James S. Azadian

Attorneys for Defendant and Counter-Plaintiff
KEATING DENTAL ARTS, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") hereby moves for an order *in limine* to exclude from trial improper hearsay and opinion testimony from Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") employees Jim Shuck, Rudy Ramirez, Dr. Michael DiTolla, Robin Carden, Robin Bartolo, and Keith Allred (collectively "Glidewell Employee"). Glidewell filed declarations for each of the Glidewell Employees in support of its summary judgment motions. (Docket No. 90-1, Exhibits G-L.) Those declarations are plagued with inadmissible hearsay and improper opinion testimony. Thus, the declarations of the Glidewell Employees, and any testimony regarding the improper hearsay and opinion statements made in those declarations, should be excluded from trial pursuant to Federal Rules of Evidence ("F.R.E.") 701, 702, 801, and 802.

Furthermore, the proposed testimony is of low probative value for the simple reason that Jim Shuck, Rudy Ramirez, Dr. Michael DiTolla, Robin Carden, Robin Bartolo, and Keith Allred are employees of Glidewell. Accordingly, the testimony of the Glidewell Employees should also be excluded pursuant to F.R.E. 403.

## II. RELEVANT BACKGROUND

On November 19, 2012, Glidewell filed declarations for each of the Glidewell Employees in support of Glidewell's motions for summary judgment. (Docket No. 90-1, Exhibits G-L.) None of the Glidewell Employees was designated an expert. Each of the declarations of the Glidewell Employees contains improper hearsay and opinion testimony. For example:

- Jim Shuck provides hearsay testimony regarding the contents of an email from Catherine Bonser and the out-of-court statements Ms. Bonser made to him (Docket No. 90-1, Exhibit G at ¶ 11);

- Rudy Ramirez claims dentists told him that they knew Glidewell was the source of zirconia crowns and bridges marketed under the BruxZir mark. (*Id.*, Exhibit H at ¶ 8.) Mr. Ramirez also improperly provides opinion testimony on the issue of whether the BruxZir mark signifies Glidewell Labs as the source of BruxZir brand zirconia crowns (*Id.*, Exhibit H at ¶ 9);

- Dr. Michael DiTolla claims numerous dentists have made statements to him indicating they understood that BruxZir identifies Glidewell as the source of crown products. (*Id.*, Exhibit I at ¶ 11.) Dr. DiTolla also provides improper opinion testimony to the effect that the BruxZir mark has attained a strong identifying source with Glidewell in the minds of dentists. (*Id.*, Exhibit I at ¶ 11.) Similarly, Dr. DiTolla also improperly voices his opinion that "bruxer" is not a commonly used term in the dental field for crowns (*Id.*, Exhibit I at ¶ 12);

- Robin Carden improperly provides opinion testimony regarding understandings of dentists and dental lab representatives (*Id.*, Exhibit J at ¶¶ 7-10);

- Similarly, Robin Bartolo also improperly provides opinion testimony regarding understandings of dentists and dental lab representatives based on hearsay statements of unspecified dentists (*Id.*, Exhibit J at ¶¶ 5-8); and

- Keith Allred improperly provides opinion testimony regarding whether various marks are "confusingly similar" to Glidewell's mark and whether the BruxZir mark is generic or distinctive. (*Id.*, Exhibit K at ¶¶ 16-25, 33)

Keating filed detailed objections to the declarations of the Glidewell Employees on November 26, 2012. (Docket No. 122.) On the same day, Glidewell served supplemental declarations of James Shuck, Dr. Michael DiTolla, Robin

Carden, and Robin Bartolo. (Docket No. 116-1, Exhibits R, S, U, V.) Once again, the supplemental declarations contained improper opinion and hearsay. (See, *e.g.*, Docket No. 116-1, Exhibit V at ¶¶ 7, 20-21 (hearsay statements from authorized BruxZir Labs and Bartolo's improper opinion of level of training at BruxZir Labs).) Keating filed objections to the Glidewell Employee's improper supplemental declarations on December 3, 2012. (Docket No. 149.)

### III. THE DECLARATION TESTIMONY OF THE GLIDEWELL EMPLOYEES SHOULD BE EXCLUDEDPURSUANT TO F.R.E. 701, 702, 801, AND 802

If a witness is not testifying as an expert, opinion testimony must be "rationally based on the witness's perception," "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and "not based on scientific, technical, or other knowledge within the scope of Rule 702." F.R.E. 701.

Hearsay is an out-of-court statement offered in evidence to provide the truth of the matter asserted. F.R.E. 801. Hearsay evidence is generally not admissible. F.R.E. 802.

As described more specifically in Keating's Objections (Docket Nos. 122 and 149), the declarations and supplemental declarations of the Glidewell Employees are plagued with hearsay and improper opinion testimony. Accordingly, the declarations of the Glidewell Employees and the testimony identified in Keating's Objections (Docket Nos. 122 and 149) should be excluded from trial pursuant to F.R.E. 701, 702, 801, and 802.

### IV. THE TRIAL TESTIMONY OF THE GLIDEWELL EMPLOYEES IS NOT PROBATIVE AND SHOULD BE EXCLUDED PURSUANT TO F.R.E. 403

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

///

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"Evidence of secondary meaning from a partial source possesses very limited probative value." *Filipino Yellow Pages, Inc. v. Asian Journal Publs., Inc.*, 198 F.3d 1143, 1151-1152 (9th Cir. 1999) (citing *Norm Thompson Outfitters*, 448 F.2d 1293, 1297 (9th Cir. 1971) (noting that testimony from persons closely associated with the plaintiff as to secondary meaning of mark does not adequately reflect the view of the buying public); *see also Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 910 (9th Cir. 1995) (reasoning that declarations from a trademark plaintiff's employees and wholesalers had "little probative value regarding the assessment of consumer perception" because "[t]rademark law is skeptical of the ability of an associate of a trademark holder to transcend personal biases to give an impartial account of the value of the holder's mark").

Here, Jim Shuck, Rudy Ramirez, Dr. Michael DiTolla, Robin Carden, Robin Bartolo, and Keith Allred are Glidewell Employees. (Docket No. 90-1, Exhibits G-L.) Thus, any testimony they could provide regarding the public perception of Glidewell's mark is not impartial and of limited probative value. Accordingly, the testimony of the Glidewell Employees should be excluded from trial pursuant to F.R.E. 403.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## V. CONCLUSION

For the foregoing reasons, Keating requests an order excluding from trial the declarations and proposed testimony of Glidewell Employees Jim Shuck, Rudy Ramirez, Dr. Michael DiTolla, Robin Carden, Robin Bartolo, and Keith Allred.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013         By: /s/ David G. Jankowski
                                    Darrell L. Olson
                                    Lynda J. Zadra-Symes
                                    Jeffrey L. Van Hoosear
                                    David G. Jankowski

                                ENTERPRISE COUNSEL GROUP ALC
                                    David A. Robinson
                                    James S. Azadian

                                Attorneys for Defendant and Counter-Plaintiff
                                KEATING DENTAL ARTS, INC.