Darrell L. Olson (SBN 77,633)
Darrell.Olson@kmob.com
Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.Jankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR
2040 Main Street, Fourteenth Floor
Irvine, California 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

David A. Robinson (SBN 107,613)
drobinson@enterprisecounsel.com
James S. Azadian (SBN 225,864)
jazadian@enterprisecounsel.com
ENTERPRISE COUNSEL GROUP ALC
Three Park Plaza, Suite 1400
Irvine, California 92614
Phone: (949) 833-8550
Facsimile: (949) 833-8540

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No.<br>SACV11-01309-DOC(ANx)<br><br>Honorable David O. Carter<br><br>**DEFENDANT AND COUNTER-PLAINTIFF KEATING DENTAL ARTS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE HEARSAY TESTIMONY REGARDING GLIDEWELL'S EXHIBIT 15 (MOTION IN LIMINE NO. 7)**<br><br>Trial Date: February 26, 2013<br>Time: 8:30 a.m.<br>Location: Courtroom 9D |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 26, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable David O. Carter of the United States District Court for the Central District of California, Southern Division, at 411 West Fourth Street, Courtroom 9D, Santa Ana, CA, 92701, Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") will move and hereby does move for an order excluding from trial hearsay testimony regarding Exhibit 15 (Docket No. 90-4, Exhibit 15 (Filed under seal as Docket No. 179)) of Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc.'s Appendix of Evidence filed in support of its Partial Summary Judgment Motion.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers, and records on file in this action, all matters of which the Court may take judicial notice, and such further written and oral argument as may be presented to the Court.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013     By: /s/ David G. Jankowski
                                Darrell L. Olson
                                Lynda J. Zadra-Symes
                                Jeffrey L. Van Hoosear
                                David G. Jankowski

                            ENTERPRISE COUNSEL GROUP ALC
                                David A. Robinson
                                James S. Azadian

                            Attorneys for Defendant and Counter-Plaintiff
                            KEATING DENTAL ARTS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") seeks an order *in limine* to exclude from trial Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc.'s ("Glidewell") hearsay testimony, or argument from Glidewell, regarding Exhibit 15 of Glidewell's Appendix of Evidence ("Exhibit 15") filed in support of its Partial Summary Judgment Motion constituting evidence of actual confusion. (Docket No. 90-4, Exhibit 15. (Filed under seal as Docket No. 179)) Glidewell's improper reliance on Exhibit 15 to show actual confusion is hearsay and should be excluded pursuant to Federal Rule of Evidence ("F.R.E") 802.

## II. RELEVANT BACKGROUND

On November 19, 2012, Glidewell filed an Appendix of Evidence in support of its Partial Summary Judgment Motion. (Docket No. 90.) Exhibit 15 of Glidewell's Appendix of Evidence was comprised of (1) prescription forms filled out by third party dentists for Keating products, and (2) Keating's work orders associated with those prescription forms. (Docket No. 90-4, Exhibit 15. (Field under seal as Docket No. 179))[1] In Exhibit 15, the third party dentists wrote the word "bruxzir," or a variant thereof, on the prescription forms addressed to Keating. Glidewell cites these prescription forms, and the association work orders, as evidence of actual source confusion in the marketplace regarding Glidewell and Keating's dental products. (Docket No. 81-1 at 18:7-21:3. (Filed under seal as Docket No. 175))

/ / /

/ / /

/ / /

/ / /

---

[1] These prescriptions and work orders are also part of the Joint Exhibit List as Exhibits 1080-1166.

### III. GLIDEWELL'S ATTEMPT TO INFER ACTUAL CONFUSION BY REFERENCE TO EXHIBIT 15 IS INADMISSIBLE HEARSAY PURSUANT TO F.R.E. 802

Hearsay is an out-of-court statement offered in evidence to provide the truth of the matter asserted. F.R.E. 801. Hearsay evidence is generally not admissible unless it falls within a hearsay exception. F.R.E. 802.

Exhibit 15 is a classic example of inadmissible hearsay. Glidewell attempts to introduce Exhibit 15 to provide the truth of its claim that there was actual confusion in the marketplace. Specifically, Glidewell claims the dentists identified in Exhibit 15 were confused as to the source of the requested dental product. (Docket No. 81-1 at 18:7-21:3. (Filed under seal as Docket No. 175)) However, Glidewell never examined any of the dentists identified in Exhibit 15 (despite ample opportunity) to determine if they were actually confused as to the origin of the dental products they had prescribed. Indeed, Glidewell never attempted to develop the evidence in Exhibit 15 in any way.

Glidewell's position that Exhibit 15 demonstrates actual confusion is based wholly on its attorney argument that the documents reflect confusion on the part of the dentists filling out the orders, and that their confusion was evidenced by the use of the term "bruxzir" in their prescriptions to Keating. Yet the documents do not, in and of themselves, demonstrate confusion. They reveal only that the dentists wrote "bruxzir," or a variation thereof, on their prescription forms. Glidewell wants to use the forms to prove the truth of these out of court statements, that these dentists were confused.

The documents do not reveal <u>why</u> the dentists wrote the term. The question of why the dentists wrote the term may only be answered by the dentists themselves. In fact, Keating sought to contact the dentists to answer this question, and in every instance that Keating received an answer to this question, the dentist stated that he was not confused in any way, and that he did not write "bruxzir," or a

variation thereof, to indicate a desire for a product affiliated in anyway with Glidewell. Keating provided the Court with declarations from these dentists. (*See* Docket Nos. 97–109.)

Accordingly, Glidewell's attempted use of Exhibit 15 as evidence of confusion by the dentists is inadmissible hearsay.

## IV. CONCLUSION

For the foregoing reasons, Keating requests an order excluding from trial hearsay testimony from Glidewell, or argument from Glidewell relating thereto, relying upon Exhibit 15 (Joint Trial Exhibits 1080-1166) as alleged evidence of actual confusion.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013    By: /s/ David G. Jankowski
　　　　　　　　　　　　　　　Darrell L. Olson
　　　　　　　　　　　　　　　Lynda J. Zadra-Symes
　　　　　　　　　　　　　　　Jeffrey L. Van Hoosear
　　　　　　　　　　　　　　　David G. Jankowski

ENTERPRISE COUNSEL GROUP ALC
　David A. Robinson
　James S. Azadian

Attorneys for Defendant and Counter-Plaintiff
KEATING DENTAL ARTS, INC.