Darrell L. Olson (SBN 77,633)
Darrell.Olson@kmob.com
Lynda J. Zadra-Symes (SBN 156,511)
Lynda.Zadra-Symes@kmob.com
Jeffrey L. Van Hoosear (SBN 147,751)
Jeffrey.VanHoosear@kmob.com
David G. Jankowski (SBN 205,634)
David.jankowski@kmob.com
KNOBBE, MARTENS, OLSON & BEAR
2040 Main Street, Fourteenth Floor
Irvine, California 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

David A. Robinson (SBN 107,613)
drobinson@enterprisecounsel.com
James S. Azadian (SBN 225,864)
jazadian@enterprisecounsel.com
ENTERPRISE COUNSEL GROUP ALC
Three Park Plaza, Suite 1400
Irvine, California 92614
Phone: (949) 833-8550
Facsimile: (949) 833-8540

Attorneys for Defendant/Counter-Plaintiff,
KEATING DENTAL ARTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES,<br><br>Plaintiff,<br><br>v.<br><br>KEATING DENTAL ARTS, INC.<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. SACV11-01309-DOC(ANx)<br><br>Honorable David O. Carter<br><br>**DEFENDANT AND COUNTER-PLAINTIFF KEATING DENTAL ARTS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE DOCUMENTS PRODUCED AFTER DISCOVERY CUT-OFF DATE (MOTION IN LIMINE NO. 9)**<br><br>Trial Date:  February 26, 2013<br>Time:  8:30 a.m.<br>Location:  Courtroom 9D |

DEFENDANT/COUNTER-PLAINTIFF KEATING DENTAL ARTS, INC.'S
MOTION IN LIMINE NO. 9

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 26, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard by the Honorable David O. Carter of the United States District Court for the Central District of California, Southern Division, at 411 West Fourth Street, Courtroom 9D, Santa Ana, CA, 92701, Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") will move and hereby does move for an order excluding from trial any documents produced by Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") between November 9, 2012 through January 8, 2013. Glidewell produced these documents after October 29, 2012, the discovery cut-off date. Accordingly, the documents are untimely and should be excluded pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 37(c)(1).

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers, and records on file in this action, all matters of which the Court may take judicial notice, and such further written and oral argument as may be presented to the Court.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013  By: /s/ David G. Jankowski
  Darrell L. Olson
  Lynda J. Zadra-Symes
  Jeffrey L. Van Hoosear
  David G. Jankowski

ENTERPRISE COUNSEL GROUP ALC
  David A. Robinson
  James S. Azadian

Attorneys for Defendant and Counter-Plaintiff
KEATING DENTAL ARTS, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant and Counter-Plaintiff Keating Dental Arts, Inc. ("Keating" or "Defendant") hereby moves for an order *in limine* to exclude from trial any documents produced by Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") between November 9, 2012 through January 8, 2013. Glidewell produced these documents after October 29, 2012, the discovery cut-off date. Accordingly, the documents are untimely and should be excluded pursuant to F.R.C.P. 37(c)(1).

## II. RELEVANT BACKGROUND

As stated in the Court's Scheduling Order (Docket No. 15), the discovery cut-off date was October 29, 2012. Glidewell served its Initial Disclosures Under F.R.C.P. 26(a)(1)(A) on December 5, 2011.

On October 29, 2012, Glidewell filed an "*Ex Parte* Application to Amend Scheduling Order" to extend discovery deadlines. (Docket No. 69.) However, the Court denied Glidewell's *Ex Parte* Application on November 9, 2012 and refused to extend the October 29, 2012 discovery cut-off date.

Nevertheless, Glidewell's counsel belatedly produced the following 9,804 pages of documents in ten (10) separate waves:

(1) on November 9, 2012, documents with production numbers GDC0000001 through GDC00000383;

(2) on November 15, documents with production numbers GDC00000384 through GDC00002443;

(3) on November 16, 2012, documents with production numbers GDC00002444 through GDC00002446;

(4) on November 18, 2012, documents with production numbers GDC00002447 through GDC00002483;

(5) on November 21, 2012, a document with production number GDC00002484;

(6) on December 28, 2012, documents with production numbers GDC00002485 through GDC00002490;

(7) on January 2, 2013, documents with production numbers GDC00002491 through GDC00005757;

(8) on January 3, 2013, documents with production numbers GDC00005758 through GDC00005795;

(9) on January 4, 2013, documents with production numbers GDC00005796 through GDC00006391; and

(10) on January 8, 2013, documents with production numbers GDC00006392 through GDC00009007 and FRANKLYN0001 through FRANKLYN000797.

In light of Keating's collective summary judgment preparation, trial preparation, and submission of pretrial filings with the Court, neither Keating nor its counsel has had the opportunity to perform a document review of the 9,804-page untimely production between November 9, 2012 through January 8, 2013. It appears that most of the documents produced by Glidewell are almost entirely new documents that were not produced by Glidewell during discovery.[1]

### III. THE DOCUMENTS ARE UNTIMELY AND SHOULD BE EXCLUDED PURSUANT TO F.R.C.P 37(C)(1)

Under F.R.C.P. 26(a)(1)(A)(ii), a party must disclose to the other parties a copy or description of "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claim or defenses." A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference. F.R.C.P. 26(a)(1)(C). Moreover, a party "is not excused from making its disclosures because it has not fully investigated the case." F.R.C.P. 26(a)(1)(E).

---

[1] It may be that Glidewell has not finished producing documents beyond the October 29th cut-off, in which case Keating reserves the right to challenge any such subsequent (and presently unknown) production.

-3-

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." F.R.C.P. 37(c)(1). The party making the late production "bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Here, Glidewell violated Rule 26(a)(1) by failing to timely disclose a copy or description of all documents until after the October 29, 2012 discovery cut-off date. Accordingly, pursuant Rule 37(c)(1), the 10 waves of documents Glidewell produced between November 9, 2012 through January 8, 2013 must be excluded from trial unless Glidewell can show a "substantial justification" for its violation of F.R.C.P. 26(a)(1), or show its violation was harmless. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Glidewell has not offered any justification for its failure to timely produce the documents. Lack of diligence or changing lawyers mid-stream in the litigation is not a proper excuse for ignoring the Court's scheduling orders. Fed. R. Civ. P. 26(a)(1)(E) ("A party is not excused from making its initial disclosures because it has not fully investigated the case . . . ."); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("[Plaintiff]'s failure to [produce discovery] on a more timely basis was, in the eyes of the district court, and in the words of Rule 37, 'without substantial justification'" and "[n]or . . . did the district court believe that the tardy identification was harmless, even though the ultimate trial date was still some months away.").

Furthermore, the prejudice to Keating has increased significantly because neither Keating nor its counsel has had the time or opportunity to perform a document review of the approximately 10,000 pages Glidewell produced between November 9, 2012 and January 8, 2013. Since the close of discovery, Keating and

its counsel have been fully steeped in the demanding summary judgment preparation, trial preparation, and submission of pretrial filings with the Court. Knowing this, Glidewell seized the opportunity to dump 10 document productions totaling just shy of 10,000 pages. Any argument from Glidewell that its prior counsel "failed" or was not diligent, is not sufficient to substantially justify Glidewell's failure to disclose the documents before discovery cut-off. *Sanchez v. Dupnik*, 362 F. Appx 679, 681 (9th Cir. 2010) ("The fact that [plaintiff]'s prior counsel was dilatory in identifying a new expert does not show substantial justification [under Rule 37]. We cannot say that the district court abused its discretion in adhering to the deadlines in place."). Accordingly, any evidence or argument relating to the documents produced by Glidewell between November 9, 2012 through January 8, 2013 should be excluded at trial pursuant to Rule 37(c)(1).

### IV. CONCLUSION

For the foregoing reasons, Keating requests an order excluding from trial all documents produced after the October 29, 2012 discovery cut-off.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 17, 2013  By: /s/ David G. Jankowski
    Darrell L. Olson
    Lynda J. Zadra-Symes
    Jeffrey L. Van Hoosear
    David G. Jankowski

ENTERPRISE COUNSEL GROUP ALC
    David A. Robinson
    James S. Azadian

Attorneys for Defendant and Counter-Plaintiff
KEATING DENTAL ARTS, INC.