SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA  90071
Telephone: (213) 929-2500
Facsimile:  (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>     Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MOTION IN LIMINE #1 TO EXCLUDE EVIDENCE OF GENERICNESS AFTER THE "CRUCIAL DATE"**<br><br>Hearing<br><br>Date: January 28, 2013<br>Time: 8:30 a.m.<br>Ctrm: 9D, Hon. David O. Carter<br><br>Pre-Trial Conf.: January 28, 2013<br>Jury Trial:   February 26, 2013 |

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

**TO THE DISTRICT COURT AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, by submission to the Honorable David O. Carter of the United States District Court for the Central District of California, Plaintiff James R. Glidewell Dental Ceramics, Inc. d/b/a Glidewell Laboratories ("Glidewell"), hereby moves the Court *in limine* for an order excluding (a) purported evidence that the terms "bruxzir" and "bruxer" are or were generic for zirconia dental restorations as of any period after April 2011, the date that Keating Dental Arts, Inc. ("Keating") entered the market with the disputed KDZ Bruxer mark, and (b) argument that post-April 2011 evidence, or undated evidence, is probative of genericness as of April 2011.  The evidence subject to this motion includes, but is not limited to:

    1.  The website printouts listed in Exhibit A, attached to this motion;

    2.  The testimony of Carol Frattura and the prescription forms purportedly submitted to Showcase Dental (Dkt. # 96; Tr. Ex. # 2140), attached to the Frattura declaration;

    3.  The testimony of third-party dentists, including but not limited to William Belton (Dkt. # 97), Raymond Brady (Dkt. # 98), Jonathan Campbell (Dkt. # 99), Michael Colleran (Dkt. # 100), Joseph Jacquinot (Dkt. # 101), Dennis Murphy (Dkt. # 102), Terry Myers (Dkt. # 103), Thomas Nussear (Dkt. # 104), Stan Richardson (Dkt. # 105), Richard Scott (Dkt. # 106), Scott Stephens (Dkt. # 107), Daniel Sweet (Dkt. # 108), and Gary Tobin (Dkt. # 109); and

    4.  Attorney argument that prescription forms submitted to Keating that post-date April 2011 are probative of genericness of the terms "bruxzir" and "bruxer" (Dkt. # 90-4 (Exhibit 15); Tr. Ex. # 569).

This motion is made on the grounds, detailed in the accompanying memorandum, that the Ninth Circuit has determined that the "crucial date" for determining genericness is the date that the junior user of the mark, Keating, entered the market with the disputed mark.  *Yellow Cab Co. of Sacramento v.*

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

*Yellow Cab Co. of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005). Keating has admitted that it "adopted and began using" its KDZ Bruxer mark "[i]n approximately April 2011." (Dkt. #67 at 13:11-12). Purported evidence of genericness after that date is irrelevant. Fed. R. Evid. 402. Further, any conceivable probative value is substantially outweighed by the danger of unfair prejudice, misleading of the jury, and confusion of the issues. Fed. R. Evid. 403.

This motion is made following the Local Rule 16-2 Meeting of Counsel Before Final Pretrial Conference and the discussion of evidentiary matters pursuant to Local Rule 16-2.6, which took place on December 19, 2012 (in-person meeting) and Local Rule 7-3 Conference of Counsel Prior to Filing of Motions, which took place on December 31, 2012 (telephonically) and continued on January 2, 2013 (telephonically). The parties' counsel discussed the issues presented by this Motion, but could not reach agreement.

This motion is based on this notice of motion and the attached memorandum of points and authorities, the pleadings and records on file with the court in this action, and on such other and further argument and evidence as the court may properly receive.

Dated: January 17, 2013          SNELL & WILMER L.L.P.


By: *s/Greer N. Shaw*
    Philip J. Graves
    Greer N. Shaw
    Deborah S. Mallgrave

    Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
    dba Glidewell Laboratories

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

16436502.1

GLIDEWELL'S MIL NO. 1
CASE NO. SACV11-01309 DOC (ANx)

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

In *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005), the Ninth Circuit held that the "crucial date" for determining genericness of a trademark is the date that the junior user entered the market.  This motion seeks to exclude any evidence of genericness after the "crucial date" when Keating entered the market, which was in April of 2011, and any attorney argument regarding genericness based on post-April 2011 evidence.

In this case James R. Glidewell Dental Ceramics, Inc. ("Glidewell") contends that Keating Dental Arts, Inc.'s ("Keating") use of "KDZ Bruxer" infringes Glidewell's trademark for "BruxZir," which is registered in connection with dental restoration products such as crowns and bridges.  Keating claims that Glidewell's "BruxZir" mark is generic.  To support its argument, Keating has proffered the following evidence that is either undated, or dated after the "crucial date" for determining genericness, which, in this case, is April of 2011 (collectively referred to as the "post-April 2011 evidence").  First, Keating proffers printouts of various websites to prove that third parties purportedly used "bruxer" or variations of "brux" and "zir" as part of a trademark in connection with all-zirconia crowns.  Second, Keating proffers the testimony from Carol Frattura, an employee of Showcase Dental, a competitor lab, along with various prescription forms submitted to Showcase Dental, which purport to show that dentists have ordered "bruxzir" or "bruxer" crowns from Showcase.  Third, Keating proffers the testimony of about a dozen dentist customers of Keating who will assert that they regard "BruxZir" to be a generic term.  Finally, Keating proffers prescription forms, submitted to Keating by its dentist customers, with variations of "BruxZir" written on them.[1]  This

---

[1] Keating also proffers the testimony of two experts, Dr. Eggleston and Ms. Boatright, who opine that "bruxzir" and "bruxer" were generic as of October 2012 (the date of their reports).  Glidwell addresses this testimony in separate

1  evidence should be excluded because it is irrelevant and, to the extent it has any

2  marginal relevance, the relevance is outweighed by the danger of undue prejudice,

3  confusion of the issues, and misleading of the jury.

## II.  ARGUMENT

**A.  KEATING'S EVIDENCE OF PURPORTED GENERICNESS SHOULD BE EXCLUDED BECAUSE IT IS NOT PROBATIVE OF GENERICNESS AS OF THE RELEVANT TIME**

### 1.  The "Crucial Date" for Determining Genericness is April 2011, When Keating Entered the Market with its KDZ Bruxer Mark

The Ninth Circuit has held that "[t]he crucial date for the determination of genericness is the date on which the alleged infringer entered the market with the disputed mark or term." *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005); *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 744 (2d Cir. 1998) (holding that the relevant date for judging genericness is the date upon which Perrier, the competitor, introduced its competing product into the market); *Classic Foods Intern. Corp. v. Kettle Foods, Inc.* (C.D. Cal. 2007) 468 F.Supp.2d 1181, 1188 n.9 ("If [the contested mark] had become generic by [the time the junior user entered the market], or at any time *prior*, it is not a valid, protectible mark."  Emphasis added.); *see also* 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 12:17.50, pp. 12-61 (2012) (hereinafter, "2 McCarthy") ("The Second and Ninth Circuits have held that the crucial date for the determination of genericness is the date on which the alleged infringer entered the market with the disputed mark or term.").  To prevail on its claim of genericness, therefore, Keating must prove the "BruxZir" mark was generic at the time Keating entered the market.  Here, Keating admits that it "adopted and began using" its KDZ Bruxer mark "[i]n approximately April 2011."

motions in *limine* (Nos. 3 and 4).

16436502.1

GLIDEWELL'S MIL NO. 1
CASE NO. SACV11-01309 DOC (ANx)

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

(Dkt. #67 at 13:11-12).  Evidence of dentists' understanding now, or at other points after April 2011, is irrelevant.

### 2.  Third Party Websites That Are Undated or That Post-Date April 2011 Are Not Probative of Genericness as of April 2011

Keating is expected to offer into evidence numerous third-party websites purporting to show the use of "brux," "zir," "bruxer," or "BruxZir."  All of the websites, however, are either undated, or dated well after April of 2011.  As such, they are irrelevant.  The exhibits in this category include, but are not limited to, the proposed trial exhibits listed in Exhibit A, attached to this motion.

### 3.  The Testimony of Carol Frattura, and the Prescription Forms from Showcase Dental, Are Not Probative of Genericness as of April 2011

Keating is expected to offer the testimony of Carol Frattura of Showcase Dental, which, according to Keating, "also receives (and fills) orders from dentist-customers who write 'BruxZir' on prescription forms as a generic reference to an all-zirconia crown."  (Dkt. #118 at 8:23-26)  Keating is also expected to offer into evidence various prescription forms from Showcase Dental, some of which order all-zirconia crowns using the terms "bruxzir" or "bruxer."  (Dkt. # 96)  But the prescription forms from Showcase Dental, and Ms. Frattura's testimony in connection therewith, are not probative of genericness.  All of the prescriptions purporting to order "bruxzir" or "bruxer" either post-date April 2011, or, in one case, is undated.  In addition, although Ms. Frattura states, "I understand a bruxer crown to be a crown for bruxers," (Dkt. #96 at ¶ 8), she does not state that she had this understanding as of April 2011.  Thus, neither the exhibits nor testimony are probative of proving genericness as of the relevant time period, and they should be excluded for that reason.

GLIDEWELL'S MIL NO. 1
CASE NO. SACV11-01309 DOC (ANx)

16436502.1

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

4.      **The Thirteen Dentists' Testimony is Not Probative of Genericness as of April 2011**

Keating is expected to offer the testimony of thirteen dentists who are customers of Keating and who sent prescription forms to Keating asking for "BruxZir" or variations thereon.  Each dentist testified by declaration at summary judgment that they regard "BruxZir" as a generic term for an all-zirconia crown. These are William Belton (Dkt. # 97), Raymond Brady (Dkt. # 98), Jonathan Campbell (Dkt. # 99), Michael Colleran (Dkt. # 100), Joseph Jacquinot (Dkt. # 101), Dennis Murphy (Dkt. # 102), Terry Myers (Dkt. # 103), Thomas Nussear (Dkt. # 104), Stan Richardson (Dkt. # 105), Richard Scott (Dkt. # 106), Scott Stephens (Dkt. # 107), Daniel Sweet (Dkt. # 108), and Gary Tobin (Dkt. # 109). Given that these same dentists are listed on Keating's trial witness list (Dkt. #193), Glidewell expects that it will bring them to trial to deliver the same testimony as appears in their declarations.  But none of the dentists attest to whether "BruxZir" was generic in April of 2011, the crucial date for determining genericness.  Their testimony is not probative of genericness as of the relevant time period, and it should be excluded as irrelevant.[2]

5.      **The Prescription Forms Submitted to Keating Are Not Probative of Genericness as of April 2011**

Finally, the parties intend to offer into evidence numerous prescription forms submitted to Keating, requesting "bruxzir" or some variation thereon.  (See Dkt. # 90-4 (Exhibit 15); (Dkt. #195, Tr. Ex. # 569))  All of these forms post-date April

---

[2] Glidewell raised this same objection on November 26, 2012, in connection with its opposition to Keating's motion for summary judgment of genericness.  (Dkt. #115)  Keating could have remedied the problem by submitting supplemental declarations from these dentists with its reply brief, filed on December 3, 2012. Keating did not do so, presumably because none of the thirteen dentists were prepared to testify under oath that they regarded "bruxzir" and "bruxer" to be generic terms for zirconia crowns as of April 2011.

16436502.1

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 1
CASE NO. SACV11-01309 DOC (ANx)

2011.  Thus, although they may be probative (and admissible) as evidence of confusion, as Glidewell contends, they are not probative of genericness.  The Court should, therefore, preclude Keating from proffering evidence or argument to the effect that these prescription forms evidence genericness of the BruxZir mark.

**B.    Keating's "Genericness" Evidence Should Be Excluded Under Rule 403**

When Glidewell made essentially all of the above-stated arguments at summary judgment (Dkt. #115), Keating responded that evidence of genericness after the crucial date may be relevant (i) to "[e]stablish a comprehensive timeline of the use of the BruxZir name"…"to understand the status of BruxZir at the time of Keating's entry," and (ii) to "corroborate[] prior evidence."  (Dkt. #141 at 9:11-21.) These arguments make no sense in light of *Yellow Cab* or the evidence.  Keating has developed *no* admissible evidence that BruxZir (or bruxer) was generic prior to April 2011.  (Dkt #137 at II.A.3.)  Accordingly, purported evidence of how "BruxZir" (or "bruxer") may have come to be used *after* this "crucial date" cannot possibly "establish a comprehensive timeline" that includes April 2011 or earlier periods.  Nor can such evidence "corroborate[] prior evidence," given that there is nothing to corroborate.

At the summary judgment stage, Keating also cited two cases from Georgia and Florida – *Nightlight Sys., Inc. v. Nitelites Franchise Sys., Inc.,* 2007 WL 4563873 (N.D. Ga. 2007) and *Burger King Corp. v. Pilgrim's Pride Corp.*, 705 F.Supp. 1522, 1525 (S.D. Fla. 1988) – indicating that surveys conducted after the alleged infringer entered the market could be probative of genericness, with the timing of the survey going to weight rather than admissibility.  (Dkt. # 141).  But these district court opinions are not controlling and are inapposite here.  Georgia and Florida are in the Eleventh Circuit rather than the Ninth Circuit, and the "crucial date" principle is unique to the Second and Ninth Circuits.  2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 12:17.50, pp. 12-61 (2012) (hereinafter, "2 McCarthy") ("The Second and Ninth Circuits have held that

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 1
CASE NO. SACV11-01309 DOC (ANx)

1   the crucial date for the determination of genericness is the date on which the alleged

2   infringer entered the market with the disputed mark or term.").  Neither case

3   purports to apply the Ninth Circuit's *Yellow Cab* rule regarding the "crucial date"

4   for determining genericness, and neither case articulates any basis for an exception

5   here.[3]  Even if there were a survey exception, it would not be available because

6   Keating has not produced a survey, and its post-April 2011 evidence is not a

7   survey.

8          Nor can the post-April 2011 evidence be admitted by virtue of Keating's

9   experts' reliance upon it.  As Glidewell argues in its Motions in Limine Nos. 3 and

10  4, Keating's experts' testimony is inadmissible.  But even if the court admits the

11  testimony, as a general rule, inadmissible evidence relied on by the expert cannot be

12  disclosed to the jury.  Federal Rule of Evidence 703 permits experts to rely on

13  inadmissible evidence, but states, "if the facts or data would otherwise be

14  inadmissible, the proponent of the opinion may disclose them to the jury only if

15  their probative value in helping the jury evaluate the opinion *substantially*

16  *outweighs* their prejudicial effect."  (Emphasis added).  As the notes to the 2000

17  amendment to Rule 703 explain, "The amendment provides a presumption against

18  disclosure to the jury of information used as the basis of an expert's opinion and not

19  admissible for any substantive purpose, when that information is offered by the

20  proponent of the expert."  See also *Turner v. Burlington N. Santa Fe R.R. Co.*, 338

21  F.3d 1058, 1061 (9th Cir. 2003) (upholding the trial court's exclusion of

22  inadmissible hearsay used as the basis of opinion where the probative value was

23

24  [3] The *Nightlight Systems* court, citing McCarthy, noted that "there are three
    possibilities for the critical date when genericness is to be tested:  (1) the date when

25  the proponent of the trademark rights first began the alleged trademark use, (2) just
    before the date when the accused infringer first entered the market, and (3) the

26  current date of the litigation."  2007 WL 4563873, at *9.  Citing *Burger King*, the

27  *Nightlight* court elected the third option.  *Id.*  This is clearly contrary to the *Yellow*

28  *Cab* rule – essentially, option two – applicable in the Ninth Circuit.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 1
CASE NO. SACV11-01309 DOC (ANx)

16436502.1

1   minimal and the prejudice from admission substantial under Rule 703).  Here, any

2   probative value of the post-April 2011 evidence on the genericness question is

3   insufficient to overcome its deficiencies.

4       In particular, evidence that is relevant may still be excluded when "its

5   probative value is substantially outweighed by a danger of … unfair prejudice,

6   confusing the issues, [and] misleading the jury."  Fed. R. Civ. P. 403; *Monotype*

7   *Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 449 (9th Cir. 1994) (affirming

8   district court's exclusion of evidence under Rule 403 because even if evidence was

9   relevant, "it would be prejudicial and confuse the jury."); *Lifshitz v. Walter Drake*

10  *& Sons, Inc.*, 806 F.2d 1426, 1432 (9th Cir. 1986)(district court's exclusion of

11  evidence proper where probative value of the evidence was outweighed by the

12  considerable amount of time its admission would consume and the confusion it

13  would cause the jury).

14      "Unfair prejudice" in the context of Rule 403 means an undue tendency to

15  suggest decisions on an improper basis.  Fed R. Evid. 403 ad. com. notes.  Improper

16  bases include unsupported inferences.  *See United States v. Kaplan*, 490 F.3d 110,

17  122 (2d Cir. 2007) (concluding that risk of unfair prejudice substantially

18  outweighed probative value because the "jury was required to draw a series of

19  inferences, unsupported by other evidence…"); *United States v. Ravich*, 421 F.2d

20  1196, 1204 n.10 (2d Cir. 1970) ("The length of the chain of inferences necessary to

21  connect the evidence with the ultimate fact to be proved necessarily lessens the

22  probative value of the evidence, and may therefore render it more susceptible to

23  exclusion as unduly confusing, prejudicial, or time-consuming ...").

24      Here, exposing the jury to evidence of purported genericness of  "BruxZir"

25  (and bruxer) *now*, and allowing Keating to argue that such evidence is probative of

26  the terms' primary significance as of April 2011 and earlier, poses a substantial risk

27  of unfair prejudice and misleading of the jury.  Simply put, the jury would be asked

28  to, or inevitably misled to, determine genericness as of a time period other than the

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 1
CASE NO. SACV11-01309 DOC (ANx)

16436502.1

period that the Ninth Circuit has said is "crucial."  It would do this by drawing unsupported inferences about the primary significance of "bruxzir" (or "bruxer") in April 2011 based on Keating's evidence and argument as to these terms' meaning in February 2013 (the time of trial).  This is the epitome of unfair prejudice within the meaning of Rule 403.

Exposing the jury to evidence of purported genericness of  "BruxZir" (and bruxer) *now* would also pose a substantial risk of confusing the issues.  The jury very likely would be confused as whether it should determine genericness as of when Glidewell introduced the BruxZir mark, as of when Keating entered the market with KDZ Bruxer, as of the dates of particular evidence (e.g., the prescription forms), as of trial, or as of some combination or all of these periods.  The jury also would likely be confused as to how evidence of a later period can, according to Keating, "corroborate" non-existent evidence of an earlier period.  Such confusion is particularly likely given that Keating has *no evidence* of genericness as of April 2011.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, the Court should exclude (a) purported evidence that the terms "bruxzir" and "bruxer" are or were generic for zirconia dental restorations as of any period after April 2011, and (b) argument that post-April 2011 evidence, or undated evidence, is probative of genericness as of April 2011.  The Court's order of exclusion should include:  (a) the website printouts listed in Exhibit A, attached to this motion; (b) the testimony of Carol Frattura and the prescription forms purportedly submitted to Showcase Dental (Dkt. # 96; Tr. Ex. # 2140), attached to the Frattura declaration; (c) the testimony of third-party dentists, including but not limited to William Belton (Dkt. # 97), Raymond Brady (Dkt. # 98), Jonathan Campbell (Dkt. # 99), Michael Colleran (Dkt. # 100), Joseph Jacquinot (Dkt. # 101), Dennis Murphy (Dkt. # 102), Terry Myers (Dkt. # 103), Thomas Nussear (Dkt. # 104), Stan Richardson (Dkt. # 105), Richard Scott (Dkt. #

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 1
CASE NO. SACV11-01309 DOC (ANx)

16436502.1

106), Scott Stephens (Dkt. # 107), Daniel Sweet (Dkt. # 108), and Gary Tobin (Dkt. # 109); and (d) attorney argument that prescription forms submitted to Keating that post-date April 2011 are probative of genericness of the terms "bruxzir" and "bruxer" (Dkt. # 90-4 (Exhibit 15); Tr. Ex. # 569).


Dated: January 17, 2013               SNELL & WILMER L.L.P.


                                      By: *s/Greer N. Shaw*
                                      _____
                                          Philip J. Graves
                                          Greer N. Shaw
                                          Deborah S. Mallgrave

                                          Attorneys for Plaintiff
                                          James R. Glidewell Dental Ceramics, Inc.
                                          dba Glidewell Laboratories

16436502.1

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

# EXHIBIT A

Exhibit A

| MSJ Exh No. | Trial Exh No. | Description | Bates Range |
|---|---|---|---|
| | 2023 | Computer screenshot of the website/page at http://www.delcam.tv/delcamvideo.asp?VideoId=54 - Ex. K 02/13/212 Declaration of Alison Adnan | |
| | 2054 | Assemblage of Third Party Web Sites BOATRIGHT 000056 through BOATRIGHT 000082.  - Ex. 44 to the Declaration of David G. Jankowski in Support of Keatings Motions for Summary Judgment (http://www.gpsdental.com/crowns_products.htm; http://www.restorativearts.com/metalfree.html; http://www.restorativearts.com/featured.html; http://toothstudio.com/full-contour-zirconia.php; http://www.cosmetilab.com/products-services/Full%20Zirconia/index.html; http://www.mgill.co.uk/crowns.htm; http://cosmeticdentistryofsa.com/dental-implants/san-antonio-restorative-dentistry/dental-crowns/; http://opalitesmile.com/downloads/en/opalite_brochure.pdf; http://www.aurumgroup.com/files/July%202010/G251-Opalite%20C&B%20BdShtSpok_final3-5.pdf; http://www.bonadent.com/pages/products/ceramics/completez/; http://www.barthlab.com/dental-lab-productslz-brux-crown/z-brox-crown/; http://www.showcasedental.com/about/events.html; http://www.livestrong.com/article/4984-need-bruxism/; http://thecuriousdentist.com/case-study-replacing-an-rpd-on-a-bruxer/; ) | BOATRIGHT 000056-82 |

Exhibit A, Page11

| | 2081 | a webpage of Axis Dental Milling titled "Axis Dental Milling: Bruxzir Full Contour Dental Milling" which is available at http://www.axisdentalmilling.com/bruxzir.html , Exhibit 85 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002174 through KDA-002175 |
|---|---|---|---|
| | 2085 | a webpage of Dentistry Today titled "Top 100 Products 2011" which is available at http://www.dentistrytoday.com/top100-2011-g1 , Exhibit 89 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002286 through KDA-002288 |
| | 2086 | a webpage of PRWeb titled "Glidewell Dental Lab Introduces BruxZir® Solid Zirconia Crowns and Bridges" which is available at http://www.prweb.com/releases/glidewell-dental-lab/bruxzir-dental-zirconia/prweb3622494.htm , Exhibit 90 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002295 through KDA-002296 |
| | 2089 | a webpage of Expertec Dental Laboratory, Inc., titled "Full-Z – strength, value and Michigan made" which is available at http://www.expertecdental.com/fullz.asp , Exhibit 93 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002348 |
| | 2090 | a webpage of Sun Dental Labs titled "Suntech Full Zirconia" which is available at http://www.sundentallabs.com/suntech_full_zirconia.aspx , Exhibit 94 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002381 through KDA-002382 |
| | 2091 | a webpage of Thompson Suburban Dental Laboratory titled "BruxZir Solid Zirconia" which is available at http://www.thompsonsuburban.com/bruxzir_solid_zirconia.html , Exhibit 95 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002383 |

16473690

Exhibit A, Page12

| | | |
|---|---|---|
| 2093 | a webpage of Dental Product Shopper titled "Zir-Cast BruxZir" which is available at http://www.dentalproductsshopper.com/zir-cast-bruxzir , Exhibit 97 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-004802 through KDA-004803 |
| 2094 | a webpage of Artiste Dentistry LLC titled "Artiste Dentistry LLC – Cosmetic Dentistry – Sterling, VA" which is available at http://www. Artistedentistry.com/Cosmetic-Dentistry.html , Exhibit 98 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002738 through KDA-002748 |
| 2095 | a webpage from the April 2011 edition of Inside Dentistry titled "Zir-Max® The monolithic zirconia that meets the needs of today's dentistry."  It is available at http://www.dentalaegis.com/id/2011/04/zir-max-burbank-dental-laboratory-inc , Exhibit 99 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002893 through KDA-2895 |
| 2096 | a webpage from Kastle Mills titled "NEW 3D Full Contour ZirCrown Now Available at Kastle Mills" available at http://kastlemillscorp.blogspot.com/2011/01/3d-full-contour-zircrown-now-available.html , Exhibit 100 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-003128 through KDA-3131 |
| 2097 | an informational brochure from Diadem Precision Technology titled "Diazir Full Contour Zirconia" available at http://www.diademprecision.com/products-diazir.php , Exhibit 101 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002952 through KDA-2967 |

| | 2098 | an advertisement for a continuing education course discussing Zahn Dental's "Zirlux FC Full Contour Zirconia system." It is available at http://www.henryschein.com/us-en/images/zahn/12-1020NY-Zirlux_092412.pdf , Exhibit 102 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-003016 |
|---|---|---|---|
| | 2099 | a webpage from California Dental Arts titled "Zirfit Solid Zirconia" available at http://www.caldentalarts.com/all-ceramic/zirfit-solid-zirconia.html , Exhibit 103 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-004808 |
| | 2100 | a webpage from Somer Dental Laboratories titled "Full Contour Zir" available at http://www.somer.com/products-and-materials/attachment/ips-e-max-zircad/ , Exhibit 104 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-003242 |
| | 2101 | a webpage from Technics Dental Laboratory titled "Tech/Zir FC Full Contour Zirconia Built to Last a Lifetime" available at http://www.technicsdental.com/#!techzir-fc/czls , Exhibit 105 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-003256 |
| | 2102 | a prescription order form from Pittman Dental Laboratory in Gainesville, Georgia offering a "ZirCAM All-Zirconia Crown" available at http://www.pittmandental.com/PDFs/ScriptStand.pdf , Exhibit 106 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-003212 |
| 108 | 2104 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://www.infinitylaboratory.com/5073/5094.html) | KDA-002341 |

| 109 | 2105 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://cdllab.com/products_ZerisBRUX.php) | KDA-003294 throgh KDA-003295 |
|---|---|---|---|
| 110 | 2106 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://mascoladentallab.com/wp-content/themes/mascola/pdf/GreenRX_ME_Fixed_distributed.pdf) | KDA-002444 |
| 114 | 2110 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://www.gpsdental.com/crowns_products.htm) | KDA-003007 |
| 115 | 2111 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://www.hellotrade.com/china-dental-outsourcing-incorporated/bruxers-all-zirconia-dental-product.html) | KDA-002318 through KDA-002320 |
| 116 | 2112 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (www.mouvement.tv /story.php?title=bruxer-crown-%7C-solid-zirconia-crown) | KDA-002349 |
| 118 | 2114 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://dentalimplant.informe.com/forum/announcement-f5/what-is-bruxer-crown-t10.html) | KDA-002759 through KDA-002760 |
| 119 | 2115 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://cosmeticdentistryofsa.com/dental-implants/san-antonio-restorative-dentistry/dental-crowns/) | KDA-002761 through KDA-002764 |
| 120 | 2116 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://twitter.com/pittmanlab/status/9266696359514112) | KDA-002804 |
| 121 | 2117 | The use of "Brux" to identify products used to treat bruxism (http://www.archtekinc.com/Bruxing-Splints/) | KDA-002871 |

Exhibit A, Page15

| 122 | 2118 | The use of "Brux" to identify products used to treat bruxism (http://www.greatlakesortho.com/commerce/detail/?nPID=1766) | KDA-002891 |
|---|---|---|---|
| 123 | 2119 | The use of "Brux" to identify products used to treat bruxism (http://www.dental-mart.com/drbrnish.html) | KDA-004833 through KDA-004836 |
| 124 | 2120 | The use of "Brux" to identify products used to treat bruxism (http://www.dentalservices.net/products/occlusal-therapy/brux-ezer-a-rem-e-dezer-bruxism-splints.html) | KDA-004849 through KDA-004850 |
| 125 | 2121 | The use of "Brux" to identify products used to treat bruxism (http://devlin-design.com/projects_bruxcare.htm) | KDA-004798 |
| 127 | 2123 | The use of "Zir" to identify products made from zirconia (http://www.axisdental.com/getdoc/3ba048f1-23dd-4143-b545-f70691363374/Zirconia-Polisher.aspx) | KDA-004787 through KDA-004788 |
| 128 | 2124 | The use of "Zir" to identify products made from zirconia (http://www.cadveneers.com/ssl/zirblock.php) | KDA-004809 |
| 129 | 2125 | The use of "Zir" to identify products made from zirconia (http://www.ivoclarvivadent.com/en/products/all-ceramics/ips-emax-technicians/ips-emax-zircad) | KDA-003038 |
| 130 | 2126 | The use of "Zir" to identify products made from zirconia (http://www.ivoclarvivadent.com/en/products/all-ceramics/ips-emax-technicians/ips-emax-zirpress) | KDA-003127 |
| 131 | 2127 | The use of "Zir" to identify products made from zirconia (https://us.shop.ivoclarvivadent.com/en-us/p/shop/products/all-ceramics/ips-e_max/ips-e_max-ceram/ceram-kits/ips-e_max-ceram-zirliner-kit) | KDA-003045 |

| 132 | 2128 | The use of "Zir" to identify products made from zirconia (http://www.kuraraynoritake.com/wd/cad-cam/zirprime/) | KDA-003179 through KDA-003180 |
| 133 | 2129 | The use of "Zir" to identify products made from zirconia (http://www.smileline.ch/en/products/zircare) | KDA-003241 |
| 134 | 2130 | The use of "Zir" to identify products made from zirconia (http://biomet3i.com/Pdf/ART741D_Zireal_Brochure.pdf) | KDA-003300 through KDA-003303 |
| 135 | 2131 | The use of "Zir" to identify products made from zirconia (http://www.origincadcam.com/drtanaka.html) | KDA-003253 through KDA-003255 |
|  | 2166 | "Axis Dental Milling: Bruxzir Full Contour Dental Milling" available at https://www.axisdentalmilling.com/bruxzir.html | KDA-002174 through KDA-002175 |
|  | 2167 | "All Ceramic: All Zirconia for Bruxers" available at http://www.chinadentaloutsourcing.com/p-ceramic-bruxer.html | KDA-002237- through KDA-00224 |
|  | 2169 | "Infinity Dental Laboratory: Help your dental lab grow!" available at http://www.infinitylaboratory.com/5073/5094.html | KDA-002341 |
|  | 2171 | "Showcase Dental Laboratories: News" available at http://www.showcasedenta1.comlabout/events/html | KDA-002361 |
|  | 2173 | "Bruxer" available at http://yorkdentallab.com/fixedlbruxzer | KDA-002445 |
|  | 2174 | "Z-Brux Crowns: Bruxzir: Solid Zirconia - Barth Dental Lab" available at http://www.barthlab.com/dental-Iab-products/z-brux-crown/ | KDA-002446 through KDA-002447 |
|  | 2202 | Document relied upon by Dr. Eggleston regarding Diadem Precision Technology use of Diazir (http://www.diademprecision.com/marketing/diazir_white_paper.pdf) | KDA-002951-2973 |

16473690

Exhibit A, Page 17

| | 2203 | Document relied upon by Dr. Eggleston showing use of Zir-Cut for diamond burs (https://www.safcodental.com/catalog/burs-and-diamonds/diamond-instruments-multi-use/nti-zir-cut-diamonds) | KDA-003232 |
|---|---|---|---|
| | 2204 | Document relied upon by Dr. Eggleston showing use of Zir-Cut for diamond burs (http://www.dentalcity.com/eSource/ecom/eSource/Zir-Cut_Diamond_FG_1_Z801-018/i_0_0_377/_70-Z801018) | KDA-002943 |
| | 2205 | Document relied upon by Dr. Eggleston showing use of Zir block for presintered zirconia material (http://factory.dhgate.com/dental-supplies/upcera-hiped-zirconia-post-p38299495.html) | KDA-003251 |

16473690

Exhibit A, Page18

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

### CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MOTION IN LIMINE #1 TO EXCLUDE EVIDENCE OF GENERICNESS AFTER THE "CRUCIAL DATE"** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Darrell L. Olson
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA 92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel: (949) 760-0404
Fax: (949) 760-9502

Jeffrey.VanHoosear@kmob.com
David.Jankowski@kmob.com
Lynda.Zadra-symes@kmob.com
Darrell.Olson@knobbe.com
litigation@kmob.com

David A. Robinson
James Azadian
Enterprise Counsel Group
Three Park Plaza, Suite 1400
Irvine, CA 92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel: (949)833-8550
Fax: (949) 833-8540

drobinson@enterprisecounsel.com
jazadian@enterprisecounsel.com

Dated: January 17, 2013                SNELL & WILMER L.L.P.


By: *s/Greer N. Shaw*

Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071