SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA  90071
Telephone: (213) 929-2500
Facsimile:  (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #4 TO EXCLUDE THE PROPOSED EXPERT TESTIMONY OF KEATING DENTAL ARTS, INC.'S EXPERT LORI BOATRIGHT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><u>Hearing</u><br><br>Date:   January 28, 2013<br>Time:  8:30 a.m.<br>Ctrm:  9D, Hon. David O. Carter<br><br>Pre-Trial Conf.:   January 28, 2013<br>Jury Trial:       February 26, 2013 |

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2 | **PLEASE TAKE NOTICE** that on January 28, 2013, at 8:30 a.m., in the

3 | courtroom of the Honorable David O. Carter of the above-entitled Court, Plaintiff

4 | and Counterdefendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") will

5 | and hereby does move *in limine* pursuant to Federal Rule of Evidence Rules 702

6 | and 403, for an order precluding Defendant and Counterclaimant Keating Dental

7 | Arts, Inc. ("Keating") from introducing testimony from its expert, Lori Boatright,

8 | that the terms "Bruxzir" or "bruxer" are generic terms for certain types of dental

9 | crowns. Glidewell believes that Keating will likely proffer such testimony at trial

10 | because Boatright made such assertions in her rebuttal expert report and in her

11 | declarations submitted in connection with the parties' cross-motions for summary

12 | adjudication. Boatright's opinions regarding genericness are speculative, and

13 | otherwise fail to meet the standards for admissibility under Federal Rule of

14 | Evidence 702 and under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S.

15 | 579 (1993). For this reason the Court should reject Ms. Boatright's testimony on

16 | the issue of the validity of the BruxZir mark, including that the mark is generic or

17 | descriptive without secondary meaning. Glidewell also moves *in limine* to exclude

18 | Boatright from offering any new opinions on issues relating to likelihood of

19 | confusion between Glidewell's registered BruxZir mark and Keating's KDZ Bruxer

20 | mark. Boatright's testimony should be limited to the likelihood of confusion

21 | opinions she proffered in her expert report.

22 | This motion is made following the Local Rule 16-2 Meeting of Counsel

23 | Before Final Pretrial Conference and the discussion of evidentiary matters pursuant

24 | to Local Rule 16-2.6, which took place on December 19, 2012 (in-person meeting)

25 | and Local Rule 7-3 Conference of Counsel Prior to Filing of Motions, which took

26 | place on December 31, 2012 (telephonically) and continued on January 2, 2013

27 | (telephonically). The parties' counsel discussed the issues presented by this

28 | Motion, but could not reach agreement.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 4
CASE NO. SACV11-01309 DOC (ANx)

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and all exhibits thereto, the pleadings, records, and papers on file with the Court, all matters upon which the Court may take judicial notice, and such oral arguments as the Court may receive.

Dated: January 17, 2013

SNELL & WILMER L.L.P.

By: *s/Greer N. Shaw*
        Philip J. Graves
        Greer N. Shaw
        Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

# TABLE OF AUTHORITIES

Page

I.      INTRODUCTION ...............................................................................1

II.     STATEMENT OF FACTS ..................................................................2

III.    ARGUMENT........................................................................................3

        A.      The Legal Standard ................................................................3

        B.      Boatright Misapplies the Relevant TMEP Standards ...........4

        C.      Boatright's Opinion As To What The Trademark Examiner
                Should Have Done Is Pure Speculation .................................6

        D.      Boatright's Genericness Opinions Are Irrelevant Because She
                Ignores the Crucial Date for Determining Genericness.......8

        E.      The Probative Value of Boatright's Testimony is Outweighed by
                Its Prejudicial Effect............................................................11

        F.      The Court Should Preclude Boatright From Rendering Any
                Opinions Not Included In Her Expert Report .....................13

IV.     CONCLUSION ................................................................................13

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.,*
No. C 92–20643 RMW,1995 U.S. Dist. LEXIS 22335 , 1995 WL 261407
(N.D.Cal., Apr. 25, 1995) ...................................................................7

*Allison v. McGhan Medical Corp.,*
184 F.3d 1300 (11th Cir.1999) ....................................................4, 12

*Apple, Inc. v. Amazon.com Inc.,*
C 11-1327 PJH, 2011 WL 2638191 (N.D. Cal. July 6, 2011) .............9

*Bausch & Lomb, Inc. v. Alcon Laboratories, Inc.,*
79 F. Supp. 2d 252 (W.D.N.Y. 2000)...............................................7, 8

*Bourjaily v. United States,*
483 U.S. 171 (1987)..............................................................................4

*Burger King Corp. v. Pilgrim's Pride Corp.,*
705 F.Supp. 1522 (S.D. Fla. 1988) ..............................................10, 11

*Byrne v. Wood, Herron & Evans, LLP,* 2:08-102-DCR,
2010 WL 3394678 (E.D. Ky. Aug. 26, 2010)
*vacated,* 450 F. App'x 956 (Fed. Cir. 2011) ......................................8

*Classic Foods Intern. Corp. v. Kettle Foods, Inc.,*
468 F. Supp. 2d 1181 n.10 (C.D. Cal. 2007) ......................................9

*Colony Holdings, Inc. v. Texaco Ref. & Mktg., Inc.,*
SACV00217DOC(MLGX), 2001 WL 1398403
(C.D. Cal. Oct. 29, 2001).................................................................13

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,*
509 U.S. 579 (1993)....................................................................3, 4, 12

*Domingo ex rel. Domingo v. T.K.,*
289 F.3d 600 (9th Cir. 2002) ..............................................................6

*DSU Med. Corp. v. JMS Co., Ltd.,*
296 F. Supp. 2d 1140 (N.D. Cal. 2003)................................................6

*Hebert v. Lisle Corp.,*
99 F.3d 1109 (Fed. Cir. 1996) ............................................................6

*In re Paoli R.R. Yard PCB Litig.,*
35 F.3d 717 (3d Cir.1994) ...................................................................4

*King-Seely Thermos Co. v. Aladdin Industries, Inc.,*
321 F.2d 577 (2d Cir. 1963) ................................................................9

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

**TABLE OF AUTHORITIES**
(Continued)

Page

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.,*
408 F.3d 596 (9th Cir. 2005) ..................................................................8

*Kumho Tire Co. v. Carmichael,*
526 U.S. 137 (1999)..........................................................................3, 4

*Leverette v. Louisville Ladder Co.,*
183 F.3d 339 (5th Cir. 1999) ..............................................................6

*Lifshitz v. Walter Drake & Sons, Inc.,*
806 F.2d 1426 (9th Cir. 1986) ..........................................................11

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.,*
81 F.3d 881 (9th Cir. 1996) ...............................................................9

*Monotype Corp. PLC v. Int'l Typeface Corp.,*
43 F.3d 443 (9th Cir. 1994) ..............................................................11

*Nightlight Sys., Inc. v. Nitelites Franchise Sys., Inc.,*
2007 WL 4563873 (N.D. Ga. 2007) ............................................10, 11

*Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.,*
164 F.3d 736 (2nd. Cir. 1998) ............................................................9

*Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.,*
469 U.S. 189 (1985)............................................................................8

*Retail Servs., Inc. v. Freebies,*
Publ'g, 364 F.3d 535 (4th Cir. 2004) ...............................................7

*Semiconductor Energy Lab. Co., Ltd. v. Samsung Electronics Co., Ltd.,*
204 F.3d 1368 (Fed. Cir. 2000) ..........................................................8

*Steinberg v. Sunbelt Transformer Co.,*
CV0704226MMMAJWX, 2008 WL 5429587 (C.D. Cal. June 6, 2008) ..........13

*Sundance Image Tech., Inc. v. Cone Editions Press, Ltd., No. CV,*
02–2258 JM (AJB), 2007 WL 935703 (S.D. Cal. Mar. 7, 2007).....................3

*Turner v. Burlington N. Santa Fe R.R. Co.,*
338 F.3d 1058 (9th Cir. 2003) ............................................................4

*United States v. Hankey,*
203 F.3d 1160 (9th Cir. 2000) ............................................................4

*United States v. Kaplan,*
490 F.3d 110, 122 (2d Cir. 2007) .....................................................12

*United States v. Prime,*
431 F.3d 1147 (9th Cir. 2005) ............................................................3

Snell & Wilmer
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

**TABLE OF AUTHORITIES**
**(Continued)**

Page

*United States v. Ravich,*
   421 F.2d 1196 (2d Cir. 1970) ................................................................. 12

*Viterbo v. Dow Chemical Co.,*
   826 F.2d 420 (5th Cir. 1987) ..................................................................... 4

*Walker v. Contra Costa County, No. C ,*
   03–3723 TEH, 2006 WL 3371438 (N.D. Cal. Nov. 21, 2006) ......................... 4

*Yellow Cab Co. of Sacramento v. Yellow Cab Co. of Elk Grove, Inc.,*
   419 F.3d 925 (9th Cir. 2005) ...........................................................1, 8, 9, 11

*Zobmondo Enter., LLC v. Falls Media, LLC,*
   602 F.3d 1108 (9th Cir. 2010) ................................................................ 7, 8

**FEDERAL STATUTES**

15 U.S.C. § 1064(3) ................................................................................... 9

**FEDERAL RULES**

Fed. R. Civ. P. 403 ................................................................................... 11

Fed. R. Evid. 403 ................................................................................. 4, 12

Fed. R. Evid. 702 ................................................................................. 3, 10

Fed. R. Evid. 702(a) ............................................................................. 7, 10

Fed. R. Evid. 703 ...................................................................................... 4

**OTHER**

2 J. Thomas McCarthy, *McCarthy on Trademarks and
   Unfair Competition* § 12:6 (2012) ........................................................... 9

 2 J. Thomas McCarthy, *McCarthy on Trademarks and
   Unfair Competition* § 12:17.50 (2012) ................................................. 9, 10

TMEP §710.01(b) ...................................................................................... 5

TMEP § 814 ............................................................................................... 5

TMEP § 1209.02 ........................................................................................ 5

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

The Court should exclude testimony from Keating's expert Lori Boatright regarding whether Glidewell's registered trademark, "BruxZir" – or the purportedly phonetically equivalent term, "bruxer" – are generic terms for dental crowns.  The Court also should preclude Boatright from offering any new opinions that were not previously included in her expert report, including any opinions or testimony regarding likelihood of confusion between Glidewell's "BruxZir" mark and Keating's "KDZ Bruxer" mark.

Glidewell contends that Keating's use of "KDZ Bruxer" infringes Glidewell's trademark for "BruxZir," which is registered in connection with dental restoration products, such as crowns and bridges.  Keating contends that Glidewell's "BruxZir" mark is a generic term for such products.  "The crucial date for the determination of genericness is the date on which the alleged infringer entered the market with the disputed mark or term."  *Yellow Cab Co. of Sacramento v. Yellow Cab Co. of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005).  Here, Keating admits that it "adopted and began using" its KDZ Bruxer mark "[i]n approximately April 2011."  (Dkt. #67 at 13:11-12).

To support its argument, Keating proffers the testimony of Lori Boatright.  Boatright opines that Glidewell's BruxZir mark is generic and not entitled to registration as a trademark.  Boatright fails to address in her report and her declarations whether "BruxZir" (or "bruxer") were generic *as of April 2011*, the "crucial date" under Ninth Circuit law.  In addition, informing her opinions, Boatright posits an incorrect statement of the relevant procedures of the U.S. Patent and Trademark Office (PTO), and then speculates as to what the Examiner would have found if he had followed the incorrect practice and procedure, and then further speculates as to what the Examiner should have done with those hypothetical, speculative results.

Boatright's report and testimony should be excluded because Boatright's opinions constitute improper legal conclusions, are largely based on pure speculation, and are therefore unreliable. Boatright's opinions are also not probative of genericness because, among other things, she completely fails to address genericness as of April 2011. Her opinions would be unhelpful and confusing to the jury, and they should be excluded on that basis.

## II. STATEMENT OF FACTS

Keating retained Boatright, a lawyer at Blakely Sokoloff Taylor & Zafman, LLP in Los Angeles, as an expert witness to purportedly rebut the report of one of Glidewell's experts, David J. Franklyn. (Dkt #94-1[Defendant's Expert Lori Boatright's Rebuttal Report to the Report of David J. Franklyn] at ¶ 16.) Boatright, however, does not address Franklyn's initial report until the twenty-second page of her report (Paragraph 61). In the first twenty-two pages of her report, Boatright, among other things, opines on what a Trademark Examiner is required to do under the Trademark Manual of Examining Procedure ("TMEP"), opines on what she thinks the Trademark Examining Attorney should have done in this matter, and then opines on what the Trademark Examiner would have found if he did what Boatright things he should have done (e.g., Paragraphs 39-52). Ultimately, Boatright opines, among other things, that "Glidewell's alleged mark is generic and/or highly descriptive and is therefore not entitled to registration as a trademark." (Id. at ¶ 18.)

In this action, Boatright has submitted the so-called rebuttal report dated October 15, 2012 and declarations dated November 16, 2012 and December 3, 2012. (Dkt ##94 and 130). Nowhere in her report or her declarations does Boatright offer an opinion regarding the genericness of the terms "Bruxzir" or "bruxer" as of April 2011. Nor does Boatright offer an opinion regarding genericness as of May 10, 2011, the date Keating contends that it first sold crowns under the KDZ Bruxer mark.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

# III. ARGUMENT

**A.**   **The Legal Standard.**

Expert testimony is only admissible if it is both relevant (*i.e.*, will assist the trier of fact to understand the evidence or to determine a fact in issue) and reliable. Fed. R. Evid. 702; *Daubert*, 509 U.S. at 590.  Under the Federal Rules of Evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

This Rule imposes a "gatekeeper" role on the trial judge to ensure that unreliable testimony is excluded. *Daubert*, 509 U.S. at 589.  Although *Daubert* sets forth several factors (peer review, publication, potential error rate, etc.) regarding reliability, they are not a definitive checklist or test. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999); *United States v. Prime*, 431 F.3d 1147, 1152 (9th Cir. 2005) (noting that the factors set forth in *Daubert* are not exhaustive).

Ultimately, "[t]he party offering the expert bears the burden of establishing that Rule 702 is satisfied." *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.,* No. CV 02–2258 JM (AJB), 2007 WL 935703, *4 (S.D. Cal. Mar. 7, 2007),

GLIDEWELL'S MIL NO. 4
CASE NO. SACV11-01309 DOC (ANx)

*citing Allison v. McGhan Medical Corp.,* 184 F.3d 1300, 1306 (11th Cir.1999), *in turn citing Daubert,* 509 U.S. at 592 n. 10)); see also *Walker v. Contra Costa County,* No. C 03–3723 TEH, 2006 WL 3371438, *1 (N.D. Cal. Nov. 21, 2006) (same, citing *Bourjaily v. United States,* 483 U.S. 171, 172 (1987), and *In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 744 (3d Cir.1994)).

Federal Rule of Evidence 403 also allows the trial court to exclude evidence when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403; *United States v. Hankey,* 203 F.3d 1160, 1168 (9th Cir. 2000); *see also Viterbo v. Dow Chemical Co.,* 826 F.2d 420, 422 (5th Cir. 1987) ("lack of reliable support [for expert opinion] may render it more prejudicial than probative, making it inadmissible under Fed. R. Evid. 403").

Similarly, Federal Rule of Evidence 703 prohibits experts from disclosing to the jury facts or data that are otherwise inadmissible "if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703 advisory committee's note (2000) (noting that there is a presumption against disclosure to the jury of inadmissible information used as the basis for expert's opinion); *see Turner v. Burlington N. Santa Fe R.R. Co.,* 338 F.3d 1058, 1061 (9th Cir. 2003) (upholding the trial court's exclusion of inadmissible hearsay used as the basis of opinion where the probative value was minimal and the prejudice from admission substantial under Rule 703).

**B.    Boatright Misapplies the Relevant TMEP Standards.**

Boatright purports to describe the relevant practices and procedures of the PTO when registering a trademark. But in doing so, Boatright misapplies these procedures. Boatright states, or strongly suggests, that the TMEP required the Examiner to do certain things (for example, perform Internet searches) and Glidewell to do certain things (for example, disclose (a) that BruxZir was or might be phonetically similar to "bruxer," (b) that "bruxer" is a dental term for people

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

with bruxism; (c) that "bruxers" were among the intended users of BruxZir brand products; and (d) that BruxZir has a suggestive meaning).  (Dkt #94-1 at ¶¶ 38-52.)  The TMEP, however, does not require any of these things.

First, Boatright states that the Examiner did not do a routine Internet search.  (Dkt. #94-1 at ¶ 39.)  But Boatright identifies no requirement for such a search, nor any evidence that one is "routine."  Rather than requiring an Internet search, the pertinent TMEP provision, § 710.01(b), cautions an Examiner about refusing a registration (or requiring amendments) based upon Internet evidence without adequate precaution.[1]  For example, it states that "the weight given to this evidence must be carefully evaluated, because the source may be unknown," and that "[a] list of Internet search results has little probative value."  TMEP § 710.01(b).  Boatright simply imagines that an Internet search is required, much less "routine."

Second, Boatright argues that the Examiner "should have inquired as to whether BRUXZIR had any meaning in the relevant trade…"  (Dkt #94-1 at ¶ 39.)  Boatright again attempts to impose a non-existent requirement; neither TMEP section requires such an inquiry.  Section 814 states that "sometimes" it is necessary for the examining attorney to request additional information from an applicant, and, if so, the Examiner "may" do so.  Section 1209.02 similarly provides that the Examiner "may" request additional explanation to clarify the nature of the goods.  Such requests are optional, not required.

---

[1] Glidewell applied for the BruxZir mark on June 17, 2009.  (Dkt. #90-19 [Ex. 59].)  The application was assigned to Examiner Corwin on September 16, approved for publication on September 17, published in the *Trademark Official Gazette* on November 5, and registered on January 19, 2010.  (Dkt. #90-19 [Ex. 60, at KDA-002811-002813]).  The version of the TMEP that was applicable during the entire course of examination was the 5th edition, published on September 30, 2007.  *See* http://tess2.uspto.gov/tmdb/tmep_5ed/ (visited Nov. 30, 2012).  The 5th edition was replaced by a 6th, published on May 21, 2010.  *See* http://tess2.uspto.gov/tmdb/tmep_6ed/ (visited November 30, 2012).  References herein to the TMEP are to the 5th edition unless otherwise indicated.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   Third, Boatright suggests that Glidewell hoodwinked the Examiner because

2   Glidewell "did not disclose," and "did not voluntarily offer," the suggestive

3   meaning of "BruxZir." (Dkt. #94-1 at ¶ 39)  Tellingly, Boatright cites no TMEP

4   provision or other obligation requiring such disclosure.  Indeed, Keating has

5   admitted that "a trademark applicant has no affirmative duty to disclose a mark's

6   meaning to the trademark examiner." (Dkt. #127 at 13:15-16.)

7   Boatright's reliance upon incorrect statements of law and PTO procedures

8   render her opinions inherently unreliable and unhelpful, and therefore inadmissible.

9   *E.g.*, *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) ("We encourage

10  exercise of the trial court's gatekeeper authority when parties proffer, through

11  purported experts, not only unproven science, but markedly incorrect law.

12  Incorrect statements of law are no more admissible through 'experts' than are

13  falsifiable scientific theories."); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339,

14  341 (5th Cir. 1999) (excluding expert opinions that were based on wrong legal test).

15  **C.    Boatright's Opinion As To What The Trademark Examiner Should**

16  **Have Done Is Pure Speculation.**

17  An expert's testimony should be excluded where it is based on subjective

18  beliefs or unsupported speculation. *Domingo ex rel. Domingo v. T.K.*, 289 F.3d

19  600, 607 (9th Cir. 2002) (affirming the exclusion of the *ipse dixit* testimony of

20  plaintiff's expert that was not based upon objective, verifiable evidence); *DSU Med.*

21  *Corp. v. JMS Co., Ltd.*, 296 F. Supp. 2d 1140, 1158 (N.D. Cal. 2003) (excluding

22  expert testimony where expert's "analytic process. . .lapses into speculation.").  Yet

23  Boatright devotes the majority of her expert report to criticizing the Trademark

24  Examiner and describing what she would have done if she was the Examiner.  (Dkt.

25  # 94-1 at ¶¶ 39-51.)  For example:

26      •   "The PTO should have inquired as to whether BRUXZIR had any

27          meaning in the relevant trade" (*Id.* at ¶ 38.)

28      •   "[A] proper web search for meaning by the Examining Attorney

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

would have disclosed "bruxer" as having meaning as the intended

user of Glidewell's dental crowns" (*Id.*)

- "A search similar to 'crowns designed for bruxers' should have been performed by the Examining Attorney handling the BRUXZIR application." (*Id.* at ¶ 42.)

- "In examining the original application for BRUXZIR, the Examining Attorney should have asked if the mark had any particular meaning in relation to the goods or the relevant trade or industry – and he or she should have requested additional information about the mark and the goods." (*Id.*at ¶ 44.)

Such an argument, however, is pure speculation.  We know what the Examiner did and what he was required to do under the TMEP.  He did his job, the BruxZir mark is registered, and the mark enjoys a "strong presumption of validity" as a consequence.  *Zobmondo Enter., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1121 (9th Cir. 2010), *quoting Retail Servs., Inc. v. Freebies Publ'g*, 364 F.3d 535, 542 (4th Cir. 2004).

Boatright's testimony about what should or could have happened does not "help the trier of fact to understand the evidence or to determine a fact in issue", Fed. R. Evid. 702(a).  It is speculative at best and should be excluded.  Courts in this Circuit and others have excluded similar attempts to offer experts to opine on what a PTO examiner was thinking or should have done in the related field of patents.  *See Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. C 92–20643 RMW, 1995 U.S. Dist. LEXIS 22335, at *8, 1995 WL 261407 (N.D.Cal., Apr. 25, 1995) (precluding testimony by former patent examiner and member of the Patent Office Board of Patent Appeals and Interferences regarding "what the examiner would have done if [the expert] were the examiner, or if the examiner had different information," as such testimony "would be irrelevant speculation"); *Bausch & Lomb, Inc. v. Alcon Laboratories, Inc.*, 79 F.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 4
CASE NO. SACV11-01309 DOC (ANx)

1    Supp. 2d 252, 255 (W.D.N.Y. 2000) (excluding proposed expert testimony

2    explaining the time constraints under which Examiners in the PTO must operate as

3    speculative of possible defects, errors, or omissions in the application process that

4    led to the issuance of the patent-in-suit); *Byrne v. Wood, Herron & Evans, LLP*,

5    2:08-102-DCR, 2010 WL 3394678 (E.D. Ky. Aug. 26, 2010) *vacated*, 450 F.

6    App'x 956 (Fed. Cir. 2011) (excluding expert testimony in a patent suit as to what

7    the examiner would have done or what the examiner was thinking); *see also*

8    *Semiconductor Energy Lab. Co., Ltd. v. Samsung Electronics Co., Ltd.*, 204 F.3d

9    1368, 1377 (Fed. Cir. 2000) (patent examiner presumed to have done his job

10   correctly).

**D.    Boatright's Genericness Opinions Are Irrelevant Because She Ignores the Crucial Date for Determining Genericness**

13   To be valid and protectable, a mark must be "distinctive." *Zobmondo Enter.,*

14   *LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010). "Distinctiveness

15   measures 'the primary significance of the mark to the purchasing public.'" *Id.*

16   There are five categories of trademarks: (1) generic; (2) descriptive; (3) suggestive;

17   (4) arbitrary; and (5) fanciful. *E.g.*, *Yellow Cab Co. of Sacramento*, 419 F.3d at

18   927. "The latter three categories are deemed inherently distinctive and are

19   automatically entitled to protection because they naturally 'serve[] to identify a

20   particular source of a product ....'" *Id.* (quoting *KP Permanent Make-Up, Inc. v.*

21   *Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005)). A generic mark

22   carries no protection, while a descriptive mark, although not inherently distinctive,

23   can receive protection if it has acquired distinctiveness by establishing "secondary

24   meaning" in the marketplace. *See id.*

25   "Marks that constitute a common descriptive name are referred to as generic.

26   A generic term is one that refers to the genus of which the particular product is a

27   species." *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985).

28   "'To determine whether a term has become generic, we look to whether consumers

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

understand the word to refer only to a particular producer's goods or whether the consumer understands the word to refer to the goods themselves.'" *Yellow Cab*, 419 F.3d at 929 (citation omitted). If a buyer understands the term as being identified with a particular producer's goods or services, it is not generic. *Id.* This so even if consumers do not know the identity of the source. *E.g.*, *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 887 (9th Cir. 1996) (mark may be distinctive even if source is anonymous).

"The *primary significance* of the registered mark to the relevant public … shall be the test for determining whether the registered mark has become the generic name of goods or services on or in connection with which it has been used." 15 U.S.C. § 1064(3) (emphasis added). The test for genericness is not whether some portion of the relevant public views a term as generic, but whether the term's primary significance to a *substantial majority* of the relevant public is as a generic term. *See King-Seely Thermos Co. v. Aladdin Indus., Inc.*, 321 F.2d 577, 581 (2d Cir. 1963); *Apple, Inc. v. Amazon.com Inc.*, C 11-1327 PJH, 2011 WL 2638191 (N.D. Cal. July 6, 2011) ("Put another way, generic terms are common names that a substantial majority of the relevant public understand primarily as describing the genus of goods or services at issue."); *see also* 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 12:6 (2012).

"The ***crucial date*** for the determination of genericness is the date on which the alleged infringer entered the market with the disputed mark or term." *Yellow Cab Co. of Sacramento*, 419 F.3d at 928 (emphasis added); *see also Classic Foods Intern. Corp. v. Kettle Foods, Inc.*, 468 F. Supp. 2d 1181, 1188 n.10 (C.D. Cal. 2007) ("The crucial date for the determination of genericness in this case is 1999, the date [the junior user] first entered the market with the disputed mark."); *see also Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 744 (2nd. Cir. 1998); 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 12:17.50, p. 12-61 (2012) ("The Second and Ninth Circuits have held that the

GLIDEWELL'S MIL NO. 4
CASE NO. SACV11-01309 DOC (ANx)

1    crucial date for the determination of genericness is the date on which the alleged

2    infringer entered the market with the disputed mark or term.")

3        Boatright does not opine as to whether the terms "Bruxzir" or "bruxer" were

4    generic terms in the dental industry for all zirconia crowns as of the "crucial date"

5    of April 2011. Boatright's testimony that BruxZir (or bruxer) are generic terms for

6    zirconia crowns *now* does not "help the trier of fact to understand the evidence or to

7    determine a fact in issue," Fed. R. Evid. 702(a), given that the pertinent "fact in

8    issue" is whether BruxZir was generic as of nearly two years ago. The proposed

9    testimony is irrelevant and should be excluded under Rule 702.

10       In an effort to cobble together some reason why post-"crucial date" evidence

11   of genericness is relevant, Keating has claimed, without any supporting authority,

12   that evidence dated after the crucial date may nevertheless be relevant: (i) to

13   "[e]stablish a comprehensive timeline of the use of the BruxZir name"…"to

14   understand the status of BruxZir at the time of Keating's entry"; and (ii) to

15   "corroborate[] prior evidence." (Dkt. #141 at 9:11-21.) These arguments make no

16   sense in light of *Yellow Cab* or the evidence. Keating has developed *no* admissible

17   evidence that BruxZir (or bruxer) was generic prior to April 2011. (Dkt #137 at

18   II.A.3.) Accordingly, purported evidence of how "BruxZir" (or "bruxer") may have

19   come to be used *after* this "crucial date" cannot possibly "establish a

20   comprehensive timeline" that includes April 2011 or earlier periods. Nor can such

21   evidence "corroborate[] prior evidence," given that there is nothing to corroborate.

22   In any event, Ms. Boatright does not opine as to the purported generic meaning of

23   the term BruxZir "over time." Instead, to the extent she addresses it at all, she

24   opines on the use of the term as of the date of her expert report, prepared in October

25   2012, over a year and a half after the "crucial date."

26       At the summary judgment stage, Keating cited two cases from Georgia and

27   Florida – *Nightlight Sys., Inc. v. Nitelites Franchise Sys., Inc.,* 2007 WL 4563873

28   (N.D. Ga. 2007) and *Burger King Corp. v. Pilgrim's Pride Corp.*, 705 F.Supp.

GLIDEWELL'S MIL NO. 4
CASE NO. SACV11-01309 DOC (ANx)

1522, 1525 (S.D. Fla. 1988) – indicating that surveys conducted after the alleged infringer entered the market could be probative of genericness, with the timing of the survey going to weight rather than admissibility. (Dkt. #141 at 9:11-10:4) But these district court opinions are not controlling and are inapposite here. Georgia and Florida are, of course, in the Eleventh Circuit rather than the Ninth Circuit. Neither case purports to apply the Ninth Circuit's *Yellow Cab* rule regarding the "crucial date" for determining genericness, and neither case articulates any basis for an exception to *Yellow Cab* here.[2] In any event, Boatright's report is not a survey, and Boatright does not purport to be a survey expert. As is apparent from her report and declaration, she did not even consult any dentists in forming her opinions. Keating's non-controlling survey cases from district courts in Georgia and Florida do not salvage Boatright's irrelevant opinions.

## E.      The Probative Value of Boatright's Testimony is Outweighed by Its Prejudicial Effect.

Even if Boatright's proposed testimony were at all probative of genericness as of April 2011 – which it is not – the testimony still should be excluded because "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Civ. P. 403. *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 449 (9th Cir. 1994) (affirming district court's exclusion of evidence under Rule 403 because even if evidence was relevant, "it would be prejudicial and confuse the jury."); *Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1432 (9th Cir. 1986)(district court's exclusion of

---

[2] The *Nightlight Systems* court, citing McCarthy, noted that "there are three possibilities for the critical date when genericness is to be tested:  (1) the date when the proponent of the trademark rights first began the alleged trademark use, (2) just before the date when the accused infringer first entered the market, and (3) the current date of the litigation."  2007 WL 4563873, at *9.  Citing *Burger King*, the *Nightlight* court elected the third option. *Id.*  This is clearly contrary to the *Yellow Cab* rule – essentially, option two – applicable in the Ninth Circuit.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   evidence proper where probative value of the evidence was outweighed by the

2   considerable amount of time its admission would consume and the confusion it

3   would cause the jury).

4       "Unfair prejudice" in the context of Rule 403 means an undue tendency to

5   suggest decisions on an improper basis.  Fed R. Evid. 403 ad. com. notes.  Improper

6   bases include unsupported inferences.  *See United States v. Kaplan*, 490 F.3d 110,

7   122 (2d Cir. 2007) (concluding that risk of unfair prejudice substantially

8   outweighed probative value because the "jury was required to draw a series of

9   inferences, unsupported by other evidence…"); *United States v. Ravich*, 421 F.2d

10  1196, 1204 n.10 (2d Cir. 1970) ("The length of the chain of inferences necessary to

11  connect the evidence with the ultimate fact to be proved necessarily lessens the

12  probative value of the evidence, and may therefore render it more susceptible to

13  exclusion as unduly confusing, prejudicial, or time-consuming …").

14      The Supreme Court recognized in *Daubert* the role of Rule 403 in

15  determining the admissibility of expert testimony when it noted that expert

16  testimony could be "both powerful and quite misleading because of the difficulty in

17  evaluating it."  *Daubert*, 509 U.S. at 595; *see also Allison v. McGhan Med. Corp.*,

18  184 F.3d 1300, 1301 (11th Cir. 1999).

19      Here, allowing the jury to hear Boatright's opinions regarding the purported

20  genericness of  "BruxZir" (and bruxer) *now*, and allowing Keating to argue that

21  such evidence is probative of the term's primary significance as of April 2011 and

22  earlier, poses a substantial risk of unfair prejudice and misleading of the jury.

23  Simply put, the jury would be asked to, or inevitably misled to, determine

24  genericness as of a time period other than the period that the Ninth Circuit has said

25  is "crucial."  It would do this by drawing unsupported inferences about the primary

26  significance of "bruxzir" (or "bruxer") in April 2011 based on Boatright's

27  testimony about these terms' meaning in February 2013 (the time of trial).  This is

28  the epitome of unfair prejudice within the meaning of Rule 403.

GLIDEWELL'S MIL NO. 4
CASE NO. SACV11-01309 DOC (ANx)

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1    Allowing the jury to hear Boatright's opinions would also pose a substantial

2    risk of confusing the issues.  The jury very likely would be confused as whether it

3    should determine genericness as of when Glidewell introduced the BruxZir mark,

4    as of when Keating entered the market with KDZ Bruxer, as of when Boatright

5    formed her opinions, as of trial, or as of some combination or all of these periods.

6    The jury also would likely be confused as to how evidence of a later period can

7    "corroborate" non-existent evidence of an earlier period.

8    **F.    The Court Should Preclude Boatright From Rendering Any Opinions**

9    **Not Included In Her Expert Report.**

10    The Court should limit Boatright's opinions with respect to likelihood of

11    confusion to those limited opinions disclosed in her expert report.  (Dkt # 94-1 at ¶¶

12    18, 53-60, 79-82.)  An expert opinion that is not disclosed in an expert report

13    should be excluded from testimony at trial.  *See Steinberg v. Sunbelt Transformer*

14    *Co.*, CV0704226MMMAJWX, 2008 WL 5429587 (C.D. Cal. June 6, 2008)

15    (limiting expert testimony to opinions expressed in original report); *Colony*

16    *Holdings, Inc. v. Texaco Ref. & Mktg., Inc.*, SACV00217DOC(MLGX), 2001 WL

17    1398403 (C.D. Cal. Oct. 29, 2001)(granting motion to exclude expert opinions after

18    court limited expert's testimony to provided report and materials).

19    ## IV.  CONCLUSION

20    For the foregoing reasons, Glidewell respectfully requests that the Court

21    grant this Motion and issue an order (i) precluding Keating from introducing

22    testimony from Lori Boatright that the Trademark Examiner did not properly

23    examine the BruxZir mark and would have denied registration had different

24    procedures been followed, (ii) precluding Keating from introducing testimony from

25    Boatright that the terms "Bruxzir" or "bruxer" were or are generic terms for

26    zirconia restoration products, and (iii) precluding Keating from introducing opinion

27    testimony from Boatright, including but not limited to opinions regarding the

28    presence or absence of likelihood of confusion between BruxZir and KDZ Bruxer,

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 4
CASE NO. SACV11-01309 DOC (ANx)

beyond that which were included in her expert report.

Dated: January 17, 2013         SNELL & WILMER L.L.P.


By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

GLIDEWELL'S MIL NO. 4
CASE NO. SACV11-01309 DOC (ANx)

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #4 TO EXCLUDE THE PROPOSED EXPERT TESTIMONY OF KEATING DENTAL ARTS, INC.'S EXPERT LORI BOATRIGHT; MEMORANDUM OF POINTS AND AUTHORITIES** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949)833-8550<br>Fax:  (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: January 17, 2013

SNELL & WILMER L.L.P.

By: *s/Greer N. Shaw*

    Philip J. Graves
    Greer N. Shaw
    Deborah S. Mallgrave
    Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
    d/b/a Glidewell Laboratories

16397056.4

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071