SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>Defendant. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #6 TO EXCLUDE ANY ADVICE OF COUNSEL DEFENSE BY KEATING DENTAL ARTS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of William Wong In Support of Glidewell's Motion In Limine #6, including Exhibits 1-5 attached, filed concurrently herewith] |
| AND RELATED COUNTERCLAIMS. | <u>Hearing</u><br><br>Date:   January 28, 2013<br>Time:   8:30 a.m.<br>Ctrm:   9D, Hon. David O. Carter<br><br>Pre-Trial Conf.:   January 28, 2013<br>Jury Trial:   February 26, 2013 |

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

16387963

1    PLEASE TAKE NOTICE that, by submission to the Honorable David O.

2    Carter of the United States District Court for the Central District of California,

3    Plaintiff James R. Glidewell Dental Ceramics, Inc. d/b/a Glidewell Laboratories

4    ("Glidewell"), hereby moves the Court *in limine* for an order excluding any advice

5    of counsel defense by Defendant Keating Dental Arts, Inc. ("Keating"), including

6    any evidence and argument (a) as to the substance of any advice of counsel that

7    Keating obtained prior to adopting "KDZ Bruxer" regarding the likelihood of

8    confusion between "KDZ Bruxer" and "BruxZir," (b) that Keating sought any such

9    advice of counsel, and (c) that Keating relied on any such advice in adopting the

10   "KDZ Bruxer" mark.

11   As detailed in the accompanying memorandum, the Court should exclude,

12   pursuant to Fed. R. Civ. P. 37(c)(1), any "advice of counsel" evidence given that

13   Keating failed to disclose any such advice, and related documents, during the

14   discovery period. That failure was neither substantially justified nor harmless.

15   Moreover, Keating should be precluded under Fed. R. Evid. 403 from informing the

16   jury of the purported fact that Keating consulted counsel before adopting "KDZ

17   Bruxer." Otherwise, the jury would be invited to speculate that Keating obtained

18   exculpatory advice to the effect that Glidewell's BruxZir mark is invalid

19   (notwithstanding its strong presumption of validity) or that there is no likelihood of

20   confusion between "KDZ Bruxer" and "BruxZir." Glidewell, in turn, would be

21   highly prejudiced, because it was deprived of the opportunity to discover whether

22   Keating actually obtained advice of counsel, the substance of that advice, and

23   whether it was reliable. Glidewell would, therefore, have little or no meaningful

24   opportunity at trial to challenge Keating's advice of counsel defense.

25   This motion is made following the Local Rule 16-2 Meeting of Counsel

26   Before Final Pretrial Conference and the discussion of evidentiary matters pursuant

27   to Local Rule 16-2.6, which took place on December 19, 2012 (in-person meeting)

28   and Local Rule 7-3 Conference of Counsel Prior to Filing of Motions, which took

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

1   place on December 31, 2012 (telephonically) and continued on January 2, 2013

2   (telephonically).  The parties' counsel discussed the issues presented by this

3   Motion, but could not reach agreement.

4        This motion is based on this notice of motion, the accompanying

5   Memorandum of Points and Authorities, the Declaration of William Wong In

6   Support Of Glidewell's Motion In Limine No. 6, the pleadings and records on file

7   with the court in this action, and on such other and further argument and evidence

8   as the Court may properly receive.

9   Dated: January 17, 2013                SNELL & WILMER L.L.P.

10

11                                         By: /s/Greer N. Shaw

12                                         Philip J. Graves
                                           Greer N. Shaw
13                                         Deborah S. Mallgrave

14                                          Attorneys for Plaintiff
15                                         James R. Glidewell Dental Ceramics, Inc.
                                           dba Glidewell Laboratories

16

17

18

19

20

21

22

23

24

25

26

27

28

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

**TABLE OF AUTHORITIES**

**Page**

I.   INTRODUCTION ................................................................................ 1

II.   STATEMENT OF FACTS ................................................................. 1

    A.   Keating's Initial Disclosures Pursuant to Rule 26(a)(1)(A) ................ 1

    B.   Keating's Responses to Glidewell's Rules 33 and 34 Discovery Requests ................................................................................. 2

    C.   Keating's Deposition Testimony. ......................................................... 4

    D.   Keating's Summary Judgment Arguments and Evidence ................... 4

    E.   Keating's Trial Witness and Exhibit Lists, and the Joint Proposed Final Pre-Trial Conference Order ........................................ 6

III.   ARGUMENT ...................................................................................... 7

    A.   Keating's Intent in Adopting the KDZ Bruxer Mark is Relevant to the Parties' Claims and Defenses ................................................... 7

    B.   The Court Should Preclude Keating From Proffering Any Advice of Counsel Defense, or Evidence or Argument In Support Thereof .................................................................................. 7

        1.   Keating Failed to Provide Information and Identify Witnesses as Required by Rule 26(a) or (e) ............................... 8

        2.   Keating's Failure to Disclose Its "Advice of Counsel" Defense and Evidence Was Not "Substantially Justified" and Is Not "Harmless." ...................................................... 10

    C.   The Court Should Preclude Keating From Proffering Any Evidence to Establish That Keating Sought Advice of Counsel ........ 14

IV.   CONCLUSION ................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*adidas-Am., Inc. v. Payless Shoesource, Inc.*,
546 F. Supp. 2d 1029 (D. Or. 2008) ............................................................. 7, 11

*Am. Soc'y For Prevention of Cruelty To Animals v. Ringling Bros. & Barnum & Bailey Circus*,
233 F.R.D. 209 (D.D.C. 2006) ...................................................................... 9, 12

*AMF Inc. v. Sleekcraft Boats*,
599 F.2d 341 (9th Cir. 1979) ............................................................................. 7

*Bovarie v. Schwarzenegger*,
2011 WL 719206 (S.D. Cal. Feb. 22, 2011) ............................................... 10, 12

*Chiron Corp. v. Genentech, Inc.*,
268 F. Supp. 2d 1117 (E.D. Cal. 2002) ............................................................ 11

*Hoffman v. Constr. Protective Servs., Inc.*,
541 F.3d 1175 (9th Cir. 2008) .............................................................. 8, 12, 14

*Katz v. Cont'l Airlines, Inc.* (In re Katz Interactive Call Processing Patent Litig.), 2009 U.S. Dist. LEXIS 129933 (C.D. Cal. July 2, 2009) ...................... 11

*Lanard Toys Ltd. v. Novelty, Inc.*,
375 Fed. App'x. 705 (9th Cir. 2010) ................................................................ 11

*Lindy Pen Co. v. Bic Pen Corp.*,
982 F.2d 1400 (9th Cir. 1993) .......................................................................... 7

*M2 Software, Inc. v. Madacy Entertainment*,
421 F.3d 1073 (9th Cir. 2005) ........................................................................... 5

*Melczer v. Unum Life Ins. Co. of Am.*,
259 F.R.D. 433 (D. Ariz. 2009) ....................................................................... 12

*Oracle USA, Inc. v. SAP AG*,
264 F.R.D. 541 (N.D. Cal. 2009) ..................................................................... 12

*San Francisco Baykeeper v. W. Bay Sanitary Dist.*,
791 F. Supp. 2d 719 (N.D. Cal. 2011) .............................................................. 11

*Torres v. City of Los Angeles*,
548 F.3d 1197 (9th Cir. 2008) ......................................................................... 11

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*,
982 F.2d 363 (9th Cir. 1992) ............................................................................. 8

*United States v. Kaplan*,
490 F.3d 110 (2d Cir. 2007) ............................................................................ 14

## TABLE OF AUTHORITIES
(continued)

**Page**

*United States v. Ravich,*
    421 F.2d 1196 n.10 (2d Cir. 1970) .................................................................. 14

*Von Brimer v. Whirlpool Corp.,*
    536 F.2d 838 (9th Cir. 1976) ........................................................................... 8

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,*
    259 F.3d 1101 (9th Cir. 2001) ......................................................................... 8

## <u>FEDERAL RULES</u>

Fed. R. Civ. P. 26(a) .................................................................... 7, 8, 10, 13

Fed. R. Civ. P. 26(e) ............................................................................ 7, 8, 13

Fed. R. Civ. P. 26(a)(1)(A) ............................................................. 1, 2, 9, 10

Fed. R. Civ. P. 26(a)(1)(A)(i) ............................................................... 2, 8, 9

Fed. R. Civ. P. 26(a)(1)(A)(ii) ................................................................. 2, 9

Fed. R. Civ. P. 26(e)(1)(A) .......................................................................... 10

Fed. R. Civ. P. 33 ......................................................................................... 9

Fed. R. Civ. P. 34 ......................................................................................... 9

Fed. R. Civ. P. 37 ..................................................................................... 7, 8

Fed. R. Civ. P. 37(c)(1) ............................................................ 7, 10, 11, 13

Fed. R. Civ. P. 56(c)(1)(A) ........................................................................... 5

Fed. R. Evid. 403 ....................................................................................... 14

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should preclude Keating from presenting any advice of counsel defense, and should exclude any evidence and argument in support of such a defense. During discovery, Keating failed to disclose any such advice, and all pertinent documents, despite being required to do so. Keating's intent in adopting and using "KDZ Bruxer" as its mark is relevant to at least two issues: infringement and damages. If Keating intended to rely on an advice of counsel defense, it was obligated to disclose the pertinent witnesses and documents long ago, pursuant to Fed. R. Civ. P. 26(a)(1)(A) and in response to Glidewell's discovery requests. Keating did not do so. Keating's failure to disclose the details of any advice of counsel defense was intentional and not substantially justified. Permitting Keating to spring "advice of counsel" evidence at trial would severely prejudice Glidewell.

Moreover, Keating should be precluded from informing the jury of the purported fact that Keating consulted counsel before adopting "KDZ Bruxer." Otherwise, the jury would be left to speculate that Keating obtained exculpatory advice to the effect that Glidewell's BruxZir mark is invalid (notwithstanding its strong presumption of validity) or that confusion between "KDZ Bruxer" and "BruxZir" is unlikely. Glidewell, in turn, would be highly prejudiced, because it was deprived of the opportunity to discover whether Keating actually obtained advice of counsel, the substance of that advice, whether it was reliable, and whether Keating actually relied upon it. Keating made its choice long ago: it decided not to reveal the content of its advice of counsel, and it decided not to produce pertinent documents. Keating must now live with this choice; the Court should exclude "advice of counsel" evidence and argument at trial.

## II. STATEMENT OF FACTS

### A. Keating's Initial Disclosures Pursuant to Rule 26(a)(1)(A).

At the outset of the case, Fed. R. Civ. P. 26(a)(1)(A) required Keating, if it

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

1    intended to present an advice of counsel defense, to identify "each individual likely

2    to have discoverable information – along with the subjects of that information –

3    that [Keating] may use to support" that defense.  Fed. R. Civ. P. 26(a)(1)(A)(i).

4    Thus, whether or not Keating intended to present its outside counsel (Thomas

5    Gourde) as a witness, Keating was obligated to disclose him in its Initial

6    Disclosures if Keating intended to present an advice of counsel defense.  Keating

7    did not do this:  no iteration of Keating's Initial Disclosures lists Mr. Gourde, and

8    none of them include advice of counsel as a "subject" of "discoverable

9    information" for any listed person, including Shaun Keating.  (Wong Decl. ¶¶ 3-5,

10   Exs. 1-3)   The final iteration, Keating's Third Amended Initial Disclosures – dated

11   October 19, 2012, ten days before discovery closed – does not list Mr. Gourde in

12   the "individuals likely to have discoverable information" section.  (Wong Decl. ¶ 5,

13   Ex. 3)  Nor does it include receipt and reliance upon advice of counsel as an

14   identified "subject of likely discoverable information" for any listed person.  (Wong

15   Decl. ¶ 5, Ex. 3)

16       Rule 26(a)(1)(A) also required Keating – again, if it intended to present an

17   advice of counsel defense – to provide "a copy – or description by category and

18   location – of all documents" that Keating "may use to support" its defense.  Fed. R.

19   Civ. P. 26(a)(1)(A)(ii).  But Keating's Initial Disclosures do not identify any

20   documents – such as a formal or informal opinion letter, trademark search results,

21   or communications with counsel – in the "documents that may be used to support

22   claims and defenses" section.  (Wong Decl. ¶¶ 3-5, Exs. 1-3)  And, Keating never

23   produced any such documents to Glidewell, nor listed them on a privilege log.

24   (Wong Decl. ¶ 6)

25   **B.      Keating's Responses to Glidewell's Rules 33 and 34 Discovery Requests.**

26       In addition to its obligations under Rule 26(a)(1)(A), Keating was required to

27   produce "advice of counsel" information and documents in response to Glidewell's

28   discovery requests.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

1    First, Glidewell asked Keating to produce "[a]ll DOCUMENTS and

2    THINGS having any opinions RELATING TO the availability of use of the

3    designation KDZ BRUXER by the DEFENDANT." (Dkt. #90-15, Ex. 39, at 15

4    (Request No. 20))  Glidewell also requested "[a]ll DOCUMENTS and THINGS

5    RELATING TO any trademark search conducted by the DEFENDANT

6    RELATING TO the designation KDZ BRUXER." (Dkt. #90-15, Ex. 39, at 18

7    (Request No. 28))  In response to these requests, Keating stated that, subject to its

8    boilerplate objections, "and to the extent that any such non-privileged documents

9    and/or things exist and can be located through reasonable efforts, responsive

10   documents and/or things will be produced." (Dkt. #90-15, Ex. 39, at 15, 18)  But

11   Keating never produced responsive documents dating to the period when Keating

12   purportedly "conferred with" Mr. Gourde concerning potential adoption of the KDZ

13   Bruxer mark. (Wong Decl. ¶ 7)  Nor did Keating provide a privilege log. (Wong

14   Decl. ¶ 8)

15       Glidewell also sought "advice of counsel" information by interrogatory.  For

16   example, Glidewell asked Keating to identify "all persons, who [Keating] believes

17   to be knowledgeable of any fact(s) relevant to this Action, including, without

18   limitation, … attorneys." (Dkt. #90-30, Ex. 81 at 5(Interrogatory No. 1))  Keating's

19   response did not identify Mr. Gourde or any other attorney. (Dkt. #90-30, Ex. 81 at

20   5(Interrogatory No. 1))  Glidewell also asked Keating to "describe any and all

21   trademark searches performed by [Keating] prior to its adoption and use of the

22   designation KDZ BRUXER." (Dkt. #90-30, Ex. 81 at 12-13 (Interrogatory No.

23   20))  Keating responded by objecting to the interrogatory as "call[ing] for

24   information that is attorney-client and/or work product privileged," and then stated

25   simply:  "(a) Bruxer; (b) KDZ." (Dkt. #90-30, Ex. 81 at 12-13 (Response to

26   Interrogatory No. 20))  Keating did not describe who performed these searches,

27   when they were done, how they were done, what the results were, or to whom they

28   were communicated.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

C.     **Keating's Deposition Testimony.**[1]

Keating's General Manager, Robert Brandon, was asked at deposition "whether or not any kind of search was done to determine whether or not [the KDZ Bruxer] mark was available to use." (Dkt. #189, Ex. 53 (Brandon Depo., at 93:4-6)) Mr. Brandon acknowledged that "our attorney did that" and that Brandon saw "results from that search" "at one point in time." (Dkt. #189, Ex. 53 (Brandon Depo., at 93:7-11)) At his deposition two days later, Shaun Keating was asked: "What about selecting 'Bruxer,' how did you choose that one?" (Dkt. #189, Ex. 54 (Keating Depo., at 43:15-16)) Mr. Keating responded: "We kind of sent it out, let lawyers look at it to see what they came up with, if the name could be used and this and that. And with the information I got, felt good with it, and I went ahead and proceeded with using that." (Dkt. #189, Ex. 54 (Keating Depo., at 44:4-8)) Mr. Keating did not disclose what "information" the "lawyers" told him about whether "the name could be used."

By letter dated November 13, 2012 (after discovery had closed on October 29), Glidewell's counsel asked Keating to identify and produce the "search results documents" referenced in Mr. Brandon's deposition. (Wong Decl. ¶ 9, Ex. 4) Keating's responded that it had "searched for, but not located, the search result documents referenced by Mr. Brandon during his deposition." (Wong Decl. ¶ 10, Ex. 5) There was no indication that Keating sought to obtain the documents from Mr. Gourde.

D.     **Keating's Summary Judgment Arguments and Evidence.**

The parties cross-moved for summary judgment as to likelihood of confusion. (Dkt. #81, 81-1, 84, 86) Glidewell argued, among other things, that the jury could infer from the evidence that Keating intended to deceive the public and

---

[1] Although Keating has designated the depositions of Brandon and Keating as "Attorneys' Eyes Only," it has already publicly filed the particular substance of the deposition portions referenced. (Dkt. #95 at 2:14-18; Dkt. #117 at 25:5-7)

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1 trade on Glidewell's goodwill by adopting a confusingly similar mark. (Dkt. 81-1

2 at 23:11-24:23) In its own opening brief, Keating argued that "Mr. Keating

3 checked with intellectual property counsel to clear the mark KDZ Bruxer before he

4 decided to go public with the name. Only after getting the green light from counsel

5 did Mr. Keating use the new mark in Keating's advertising." (Dkt. #86 at 21:24-

6 27) Keating cited no record support for this "green light" characterization,

7 notwithstanding Rule 56(c)(1)(A)'s requirement that a party must support its factual

8 assertions by "citing to particular parts of materials in the record, including

9 depositions, documents, … affidavits or declarations, … or other materials." Fed.

10 R. Civ. P. 56(c)(1)(A).

11     A week later, in opposing Glidewell's summary judgment motion, Keating

12 argued that its "retention of counsel to conduct a trademark search" "shows

13 Keating's good faith in striving to use a name that would not infringe other's

14 rights." (Dkt. #117 at 24:25-28) Keating cited *M2 Software, Inc. v. Madacy*

15 *Entertainment*, 421 F.3d 1073, 1085 (9th Cir. 2005) for the proposition that the

16 *Sleekcraft* "intent factor favors [a] defendant relying on counsel even though a

17 trademark search was performed that uncovered plaintiff's mark." (Dkt. #117 at

18 24:28-25:2) Keating cited no evidence for the proposition that it relied upon advice

19 of counsel. And, again without citing any record support, Keating asserted that,

20 "while Keating did discuss the results of a search performed by its counsel, it did

21 not receive a copy of search results, and thus it has no document to produce." (Dkt.

22 #117 at 25:5-7)

23     In support of its opposition brief, Keating submitted a November 19, 2012

24 declaration from Shaun Keating. There, Mr. Keating states: "Prior to adopting

25 'KDZ Bruxer,'… I conferred with my trademark attorney, Thomas Gourde, about

26 Keating Dental Arts possible use of the name 'KDZ Bruxer' for its new full contour

27 zirconia crown. I conferred with Mr. Gourde because I did not want to use a name

28 that would result in liability for Keating Dental Arts." (Dkt. #95 at 2:14-18) Mr.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

Keating does not attest as to what advice, if any, Mr. Gourde provided.  Mr. Keating says nothing to substantiate the "green light" characterization.  Mr. Keating does not say that he relied upon Mr. Gourde's advice in electing to proceed with "KDZ Bruxer," or even that he concluded in good faith that "KDZ Bruxer" was unlikely to be confused with BruxZir or any other mark.

Finally, in Keating's summary judgment reply brief, Keating's lawyers state: "Mr. Keating relied upon the advice of his trademark counsel on this issue, not on his own review of search results.  Even had Mr. Keating reviewed search results showing Glidewell's mark, which is not the case here, that would be insufficient by itself to support a finding of bad intent."  (Dkt. #131 at 21:12-16)  But again, Keating cites no evidence to support the assertion that Mr. Keating "relied upon the advice of his trademark counsel."  Keating's November 19 declaration does not substantiate this assertion, and Keating submitted no other evidence on this point, such as a declaration or documents from Keating's attorney, Mr. Gourde.

**E.**     **Keating's Trial Witness and Exhibit Lists, and the Joint Proposed Final Pre-Trial Conference Order.**

Keating submitted its Memorandum of Contentions of Fact and Law on January 7, 2013.  Under the heading "Evidence in Support of Defendant's Second Affirmative Defense (No Likelihood of Confusion)," in a section titled "Defendant's Intent," Keating stated:  "Mr. Keating sought the advice of counsel, Mr. Gourde, who performed a trademark search to ensure Keating's use of the name would not cause problems."  (Dkt. #192 at 23:1-4)  In support, Keating cited only the Keating deposition testimony and summary judgment declaration, discussed above.  Keating provides the same information in its portion of the Proposed Final Pre-Trial Conference Order.  (*See* [Proposed] Final Pre-Trial Conference Order at 48:2-5.)

Keating's trial witness list, also filed on January 7, 2013, does not include Thomas Gourde or any other "trademark counsel" with whom Keating purportedly

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

1  conferred in connection with selecting the KDZ Bruxer name. (Dkt. #193)  The

2  submission does not include receipt and reliance upon advice of counsel within the

3  "description of testimony" column for Mr. Keating or anyone else. And, Keating

4  did not include on the parties' Joint Exhibit List, filed on January 7, any "advice of

5  counsel" evidence, such as correspondence with Mr. Gourde or any search reports

6  created by or for Keating in connection with selecting the KDZ Bruxer name. (Dkt.

7  #195)

## III.  ARGUMENT

### A.  Keating's Intent in Adopting the KDZ Bruxer Mark is Relevant to the Parties' Claims and Defenses.

Keating's intent in adopting the KDZ Bruxer mark is relevant to two key issues in the case. First, defendant's intent is one of the *Sleekcraft* factors that is considered in assessing likelihood of confusion. *E.g.*, *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). Second, Keating's intent is relevant to willful infringement and, therefore, damages. *See Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1405 (9th Cir. 1993) ("The intent of the infringer is relevant evidence on the issue of awarding profits and damages and the amount."); *adidas-Am., Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1047 (D. Or. 2008) ("A defendant's reliance on the advice of counsel is relevant to the question of willfulness."). Given that intent has been an issue from the outset, and it was incumbent upon Keating, if it intended to rely upon an advice of counsel defense, to make that clear and to produce the evidence during discovery.

### B.  The Court Should Preclude Keating From Proffering Any Advice of Counsel Defense, or Evidence or Argument In Support Thereof.

Rule 37 provides, in pertinent part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see*

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

*also Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (affirming exclusion of late-disclosed damages evidence); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56." Fed. R. Civ. P. 37, Advisory Comm. Note (1993 Amendment). The Court need not find that Keating acted willfully or in bad faith before excluding Keating's "advice of counsel" arguments and evidence. *See Hoffman*, 541 F.3d at 1179.

In addition, the Ninth Circuit has recognized that a district court's inherent powers include the "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial. Within this discretion lies the power ... to exclude testimony of witnesses whose use at trial ... would unfairly prejudice an opposing party." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992); *see also Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 843 (9th Cir. 1976) (noting that district court properly excluded documents that were not produced until the day before trial).

1.   **Keating Failed to Provide Information and Identify Witnesses as Required by Rule 26(a) or (e).**

Keating repeatedly failed to provide full disclosure as required by Rule 26(a) and (e) as to any advice of counsel defense, or even make clear whether it intended to present such a defense.

*First*, Rule 26(a)(1)(A)(i) required Keating to identify "each individual likely to have discoverable information – along with the subjects of that information – that [Keating] may use to support" that defense. If Keating intended to rely upon an advice of counsel defense premised upon the advice it purportedly received from Mr. Gourde, then Keating should have disclosed this to Glidewell. Keating never did this in any of its initial disclosures. Indeed, Keating did not identify its

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

16387963

purported receipt of, and reliance upon, advice of counsel as one of the subjects of information possessed by anyone.

*Second*, Rule 26(a)(1)(A)(ii) required Keating to produce, or at least describe, all documents that Keating "may use to support" its advice of counsel defense. Fed. R. Civ. P. 26(a)(1)(A)(ii). But Keating never produced, nor identified in its Rule 26(a)(1)(A) disclosures, any opinions of counsel, any communications from Gourde, any trademark search results, or any other documents evidencing exculpatory advice of counsel or Keating's purported reliance thereon.

*Third*, Rule 33 required Keating to provide full and complete responses to Glidewell's interrogatories. Glidewell asked Keating to identify all persons, including attorneys, with information pertinent to the lawsuit. In response, Keating did not disclose Mr. Gourde. Glidewell asked Keating to describe and all trademark searches performed prior to Keating's adoption and use of "KDZ Bruxer." Keating provided no detail indicating or even suggesting a trademark searched performed in connection with obtaining an opinion of counsel.

*Fourth*, Rule 34 required Keating to produce all responsive documents in its possession, custody, or control. Glidewell asked Keating to produce all "advice of counsel" documents. Keating produced none and did not identify any on a privilege log. Although Mr. Brandon testified that he saw search results, Keating later claimed that it had searched for, but could not locate, "the search result documents referenced by Mr. Brandon during his deposition." Later, after discovery had closed, Keating claimed that "it did not receive a copy of search results, and thus it has no document to produce." But, "[b]ecause a client has the right, and the ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control." *Am. Soc'y For Prevention of Cruelty To Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006); *see*

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

*also Bovarie v. Schwarzenegger*, 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011) ("A 'party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control.'" (citation omitted)).  Keating was obligated to collect responsive documents in the possession of Mr. Gourde. Evidently, Keating neglected to do this.

*Finally*, "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission— must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Rule 26(e)(1)(A).  Here, Keating never updated its Rule 26(a)(1)(A) disclosures to identify or suggest "advice of counsel" witnesses or documents.  Keating's Third Amended Initial Disclosures, served just ten days before discovery closed, are silent on this.  Nor did Keating ever supplement its responses to Glidewell's interrogatories and requests for production with "advice of counsel" information or documents.

Given Keating's failure disclose information about its purported reliance upon advice of counsel, given its failure to identify witnesses with information pertinent to this subject, and given its failure to produce the search results or any other pertinent documents, Rule 37(c)(1) prohibits Keating from using "advice of counsel" evidence a trial unless the failure to disclose it earlier was "substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Neither exception applies here.

## 2.    Keating's Failure Disclose Its "Advice of Counsel" Defense and Evidence Was Not "Substantially Justified" and Is Not "Harmless."

To avoid the Rule 37(c)(1) exclusion, Keating must show that its failure to disclose its advice of counsel defense and evidence was "substantially justified" or

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

1    is "harmless." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

2    In determining whether to exclude evidence pursuant to Rule 37(c)(1), courts

3    consider (1) prejudice or surprise to the party against whom the evidence is offered;

4    (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of

5    the trial; (4) the importance of the evidence; and (5) bad faith or willfulness

6    involved in not timely disclosing the evidence. *Lanard Toys Ltd. v. Novelty, Inc.*,

7    375 Fed. App'x. 705, 713 (9th Cir. 2010); *San Francisco Baykeeper v. W. Bay*

8    *Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011); *Katz v. Cont'l Airlines,*

9    *Inc. (In re Katz Interactive Call Processing Patent Litig.)*, 2009 U.S. Dist. LEXIS

10   129933 (C.D. Cal. July 2, 2009).  Each of these factors counsels in favor of

11   precluding Keating from pursing its advice of counsel defense with argument and

12   evidence at trial.

13        *First*, permitting Keating to spring an advice of counsel defense at trial, long

14   after discovery has closed, and after Keating had remained silent for so long, would

15   be both surprising and prejudicial to Glidewell.  "Whether advice is competent, and

16   whether it was reasonable to rely on the advice, depends on several factors,

17   including:  (1) the background research performed by the attorney; (2) whether the

18   opinions were written or oral; (3) the objectivity of the opinions; (4) whether the

19   attorneys rendering the opinions were trademark lawyers; (5) whether the opinions

20   were detailed or merely conclusory; and (6) whether material information was

21   withheld from the attorney." *adidas-Am.*, 546 F. Supp. 2d at 1048 (citing *Chiron*

22   *Corp. v. Genentech*, Inc. 268 F. Supp. 2d 1117, 1121 (E.D. Cal. 2002)).  Here,

23   Keating repeatedly failed to disclose its advice of counsel defense, and any

24   evidence supporting it, during the discovery period.  Glidewell reasonably

25   concluded that Keating did not have evidence of, and did not intend to present, any

26   such defense.  Glidewell therefore did not fully explore, because Keating revealed

27   no reason for it to explore, such issues as whether Gourde performed any

28   background research, whether Gourde's purported opinions were written or oral,

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

whether Gourde's purported opinions were objective, whether Gourde had pertinent trademark expertise or experience, whether Gourde's purported opinions were detailed or merely conclusory, and whether Keating provided all, or withheld any, material information.  Glidewell will be prejudiced because, among other it things, it will have no meaningful opportunity to cross-examine Shaun Keating, or other Keating witnesses, at trial if they testify concerning Gourde's purported advice and Keating's reliance thereon.  This is unfair prejudice to Glidewell.  *C.f.*, *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 549 (N.D. Cal. 2009) (precluding party from presenting belated damages theory not revealed during discovery, because adverse party would not have sufficient opportunity to analyze and respond to it).

*Second*, Glidewell has no ability to cure this prejudice.  Discovery is closed.  Glidewell cannot notice Gourde's deposition or obtain his documents by subpoena in advance of trial.  Glidewell has no ability to explore whether, for example, Keating ever complied with its obligation to obtain responsive documents in Gourde's possession.  *Am. Soc'y For Prevention of Cruelty To Animals*, 233 F.R.D. at 212; *Bovarie*, 2011 WL 719206, at *4.  Nor can Glidewell test whether Keating has properly withheld any responsive documents on the basis of privilege, given Keating's failure to provide a privilege log.  Fundamentally, Glidewell cannot develop evidence for cross-examination at trial.  Given Glidewell's inability to cure the prejudice cause by Keating's late disclosure, the appropriate remedy is for the Court to preclude Keating from pursuing this defense at trial with argument and evidence.  *See Oracle USA*, 264 F.R.D. at  549.

*Third*, permitting Keating to proceed with its advice of counsel defense risks disrupting the trial, because the only effective way to cure the prejudice to Glidewell would be to reopen discovery.  The need to reopen discovery warrants exclusion.  *See Hoffman*, 541 F.3d at 1180; *see also Melczer v. Unum Life Ins. Co. of Am.*, 259 F.R.D. 433, 437 (D. Ariz. 2009) (noting that reopening discovery would result in increased expense and delay, and that party "was entitled to assume

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

1   that Rule 37(c)(1) means what it says and that the untimely disclosed documents

2   would be excluded from evidence at trial").

3      *Fourth*, evidence of Keating's purported reliance upon advice of counsel – if

4   any such evidence even exists[2] – is important.  As noted above, it is relevant to at

5   least two issues in the case:  infringement and damages.   Its importance

6   underscores the need for Keating to have disclosed its advice of counsel defense,

7   and any supporting evidence, long ago and in compliance with Rule 26(a) and (e).

8   It also bolsters the prejudice that Glidewell would suffer absent exclusion.

9      *Finally*, the Court may infer bad faith or willfulness on Keating's part.

10  Keating knew that the "advice of counsel" defense and evidence was directly

11  relevant to key issues in the case.  Yet, Keating repeatedly failed to state and

12  substantiate the defense during discovery – including through three iterations of its

13  Initial Disclosures, the last of which was served just ten days before discovery

14  closed – thereby inducing Glidewell not to pursue full discovery.  Keating revealed

15  its "advice of counsel" defense for the first time in its summary judgment papers,

16  after discovery had closed.  But even then, Keating did not disclose the substance of

17  the purported advice, and Keating presented no evidence of reliance upon it.

18  Keating left it to its lawyers to fill these evidentiary gaps with unsubstantiated

19  argument (e.g., the "green light" characterization).  And, whereas Brandon testified

20  at deposition that he saw the purported trademark search results at "one point in

21  time," Keating later asserted first that it could not "locate" the results and then that

22  Keating "did not receive a copy" of them.  (Dkt. #189, Ex. 53 (Brandon Depo., at

23  93:4-9); Dkt. #117 at 25:5-7)  These actions, taken together, amply support finding

24  _____

25  [2]   As noted above, Keating's lawyers at summary judgment characterized
        Gourde's advice as providing a "green light," and they also asserted that Keating
26      "relied" in good faith upon Gourde's advice in proceeding with "KDZ Bruxer."
        But neither the deposition testimony nor the declaration of Shaun Keating
27      substantiate these assertions.  And, Keating did not include Mr. Gourde in any of
        its initial disclosures or its trial witness list.
28

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL NO. 6
CASE NO. SACV11-01309 DOC (ANx)

16387963

1  that Keating, in bad faith, willfully concealed its advice of counsel defense and

2  evidence, thereby depriving Glidewell of a motive and opportunity to explore it in

3  discovery.  In any event, the Court need not find bad faith or willfulness in order to

4  grant this motion.  *See Hoffman*, 541 F.3d at 1179.

5        In sum, Keating cannot carry its burden to show that the failure to disclose

6  the advice of counsel defense and evidence was "substantially justified" or is

7  "harmless."  The Court should exclude it from trial.

8  **C.**   **The Court Should Preclude Keating From Proffering Any Evidence to**

9       **Establish That Keating Sought Advice of Counsel.**

10        Relevant evidence should be excluded if its probative value is substantially

11  outweighed by the dangers of unfair prejudice and misleading the jury.  Fed. R.

12  Evid. 403.  "Unfair prejudice" means an undue tendency to suggest decision on an

13  improper basis.  Fed R. Evid. 403 ad. com. notes.  Improper bases include

14  unsupported inferences.  *See United States v. Kaplan*, 490 F.3d 110, 122 (2d Cir.

15  2007) (concluding that risk of unfair prejudice substantially outweighed probative

16  value because the "jury was required to draw a series of inferences, unsupported by

17  other evidence…"); *United States v. Ravich*, 421 F.2d 1196, 1204 n.10 (2d Cir.

18  1970) ("The length of the chain of inferences necessary to connect the evidence

19  with the ultimate fact to be proved necessarily lessens the probative value of the

20  evidence, and may therefore render it more susceptible to exclusion as unduly

21  confusing, prejudicial, or time-consuming …").

22        At summary judgment, Keating relied heavily on the bare, purported fact that

23  it consulted counsel before adopting the "KDZ Bruxer" mark, although Keating

24  neither revealed nor substantiated what Gourde did (e.g., search efforts, analysis,

25  etc.), what advice he gave to Keating, and whether or how Keating relied upon it.

26  If implemented at trial, this strategy will invite the jury to speculate on these issues

27  and to draw unsupported inferences identical to Keating's unsupported summary

28  judgment assertions that Gourde gave a "green light" upon which Keating "relied."

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

- 14 -

16387963

1   Keating, of course, would leverage the speculation and unsupported inferences to

2   argue that it had no bad intent, and, consequently, that the jury should find no

3   infringement or no willfulness.  This substantial danger of unfair prejudice to

4   Glidewell strongly counsels in favor of excluding evidence and argument that

5   Keating sought advice of counsel prior to adopting the "KDZ Bruxer" mark.

6   ### IV.  **CONCLUSION**

7       For the foregoing reasons, the Court should preclude Keating from proffering

8   evidence and argument in support of its late-disclosed "advice of counsel" defense,

9   including evidence and argument that Keating sought advice of counsel prior to

10  adopting the "KDZ Bruxer" mark, as well as evidence and argument as to the

11  content of any purported advice and the circumstances of Keating's purported

12  reliance thereon.

13  Dated: January 17, 2013

SNELL & WILMER L.L.P.

15  By: */s/Greer N. Shaw*
    _____
    Philip J. Graves
16  Greer N. Shaw
17  Deborah S. Mallgrave

18   Attorneys for Plaintiff
19  James R. Glidewell Dental Ceramics, Inc.
    dba Glidewell Laboratories

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

16387963

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #6 TO EXCLUDE ANY ADVICE OF COUNSEL DEFENSE BY KEATING DENTAL ARTS, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949) 833-8550<br>Fax:  (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: January 17, 2013          SNELL & WILMER L.L.P.


By: *s/Greer N. Shaw*
    Philip J. Graves
    Greer N. Shaw
    Deborah S. Mallgrave

    Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
    dba GLIDEWELL LABORATORIES

16139994

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071