SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA  90071
Telephone: (213) 929-2500
Facsimile:  (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>Defendant. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #7 TO PRECLUDE KEATING DENTAL ARTS, INC. FROM PRESENTING ANY ARGUMENT OR TESTIMONY LIKELY TO EXCITE SYMPATHY FOR KEATING BASED ON THE PARTIES' RELATIVE SIZE AND FINANCIAL RESOURCES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><u>Hearing</u> |
| AND RELATED COUNTERCLAIMS. | Date:  January 28, 2013<br>Time:  8:30 a.m.<br>Ctrm:  9D, Hon. David O. Carter<br>Pre-Trial Conf.:  January 28, 2013<br>Jury Trial:  February 26, 2013 |

GLIDEWELL'S MIL NO. 7
CASE NO. SACV11-01309 DOC (ANx)

16409774.2

**TO THE DISTRICT COURT AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, by submission to the Honorable David O. Carter of the United States District Court for the Central District of California, Plaintiff James R. Glidewell Dental Ceramics, Inc. d/b/a Glidewell Laboratories ("Glidewell"), hereby moves the Court *in limine* for an order precluding Defendant Keating Dental Arts, Inc. ("Keating") from presenting any argument, statement, suggestion or testimony that it is being bullied by Glidewell, or is relatively disadvantaged in this litigation due to Glidewell's greater size and financial resources, or that Glidewell is deserving of the jury's disfavor due to its larger size or resources, or that otherwise appears calculated or likely to excite sympathy for Keating based on the parties' relative size and financial resources.

This motion is made on the grounds that any such argument or testimony is irrelevant to any claim or defense of either party, and that the probative value of such irrelevant material is substantially outweighed by the dangers of unfair prejudice, confusing the issues, wasting time, and misleading the jury. Fed. R. Evid. 401-403; *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (a district court's inherent powers include the "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial.")

This motion is made following the Local Rule 16-2 Meeting of Counsel Before Final Pretrial Conference and the discussion of evidentiary matters pursuant to Local Rule 16-2.6, which took place on December 19, 2012 (in-person meeting) and Local Rule 7-3 Conference of Counsel Prior to Filing of Motions, which took place on December 31, 2012 (telephonically) and continued on January 2, 2013 (telephonically). The parties' counsel discussed the issues presented by this Motion, but could not reach agreement.

This motion is based on this notice of motion and the attached memorandum of points and authorities, the pleadings and records on file with the court in this

action, and on such other and further argument and evidence as the court may properly receive.

Dated: January 17, 2013                SNELL & WILMER L.L.P.


By: */s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Glidewell expects that Keating will attempt at trial to portray this litigation as a "David versus Goliath" battle, with Keating cast in the role of "David" and Glidewell as "Goliath." Keating has repeatedly drummed this theme in its submissions to the Court. But "David versus Goliath" arguments based on the parties' disparate sizes and relative financial resources have no relevance and no probative value to any claims or defenses in this case. Their only purpose would be to garner sympathy for Keating and to foment enmity toward Glidewell as an unreasonable bully, thereby inducing the jury to act on emotion rather than a rational assessment of the evidence. Therefore, the Court should preclude Keating from presenting any argument or testimony that it is being bullied by Glidewell, or is relatively disadvantaged in this litigation due to Glidewell's greater size and financial resources, or that Glidewell is deserving of the jury's disfavor due to its larger size or resources, or that otherwise appears calculated or likely to excite sympathy for Keating based on the parties' relative size and financial resources.

Notably, Glidewell does not seek by this motion to exclude any evidence concerning the sales, marketing expenditures, size or financial condition of either party. Rather, Glidewell seeks an order precluding Keating from making an impermissible argument or offering testimony to the jury based on this evidence that Glidewell is somehow deserving of the jury's censure or disfavor due merely to its larger size or resources.

## II. STATEMENT OF FACTS

In various submissions in this case, Keating has cited Glidewell's relatively larger size in an effort to engender sympathy for Keating or hostility toward Glidewell as an unreasonable bully. For example, in its Second Amended Answer, Affirmative Defenses, and Counterclaims ("SAA"), Keating alleged that Glidewell, "the largest dental laboratory in the world," and "substantially larger than most, if

not all, of its competitors," "has been misusing its relative economic size and muscle by attempting to exclude its competitors from using the generic term BRUX . . . ." (Dkt. #67, at 6:23-27) In earlier summary judgment briefing, Keating contended that Glidewell, the "largest dental laboratory in the world," has "unlawfully" "used its market dominance and economic power." (Dkt. #26-2 at 7:27-28) In later briefing, Keating contended that Glidewell, "the largest dental lab" in the United States (Dkt. #85 at 3:8-9; Dkt. #86 at 3:23-24; Dkt. #87-1 at 2:28-3:2; Dkt. #88-1 at 2:22-24; Dkt. #127 at 5:10, 8:8), "knows that other dental laboratories lack the resources to bear the litigation costs associated with contesting a trademark infringement claim in federal court" (Dkt. #127 at 8:11-13).

### III. ARGUMENT

#### A. "David Versus Goliath" Portrayals Should Be Excluded As Irrelevant.

The Ninth Circuit has recognized that a district court's inherent powers include the "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed R. Evid. 402.

Courts have commonly held that "David versus Goliath" arguments and evidence are not relevant and risk inflaming the jury, and should therefore be excluded. *E.g.*, *Wielgus v. Ryobi Techs., Inc.*, 2012 U.S. Dist. LEXIS 70079, at *17-18 (N.D. Ill. May 21, 2012) (noting that "the danger of its probative value being outweighed by its unfairly prejudicial impact is particularly high where a plaintiff references a defendant's financial status for the purpose of invoking the jury's sympathy by conjuring a David versus Goliath scenario….. Accordingly, this court agrees that what little probative value the evidence of the defendants' bottom-line financial status has is substantially outweighed by the danger of unfair

- 2 -

prejudice it might cause in coloring the jury's perception of the relevant issues."); *Utility Trailer of Kansas City, Inc. v. MAC Trailer Mfg., Inc.*, 2010 U.S. Dist. LEXIS 48089, at *4-5 (D. Kan. May 14, 2010) ("Both plaintiff and defendants seek to exclude evidence and comment about each ones size and general financial condition or net worth (what the parties refer to as 'David and Goliath evidence'), other than evidence addressing damages claims. These requests are granted …."); *Borders v. Arch Aluminum & Glass Co., Inc.*, 2008 U.S. Dist. LEXIS 105360, at *6 (D. Kan. Dec. 30, 2008) ("Defendant requests the court exclude, as irrelevant and unduly prejudicial, evidence of defendant's size or wealth, comparing the wealth or size of defendant to that of plaintiff, including any comments or references that characterize this case as one involving an individual against a large corporation, as well as direct or indirect references to defendant's ability to pay a judgment, ability to afford counsel, the number of attorneys appearing on behalf of defendant, costs of defense, the number of attorneys or offices of defense counsel, the clothes or jewelry worn by counsel, staff and witnesses, the nature or number of trial exhibits, demonstrative exhibits and other evidence, witness fees, or any other matter promoting an inference that this case presents a 'David and Goliath' situation. Applying the standard of relevance set out in Fed. R. Evid. 401, the court finds the so-called 'David and Goliath' evidence is irrelevant to the claims in this case."); *Cooper Tire & Rubber Co. v. Farese*, 2008 WL 5382416, at *3 (N.D. Miss. Dec. 19, 2008) (holding that references to a party as a "wealthy, thriving, large company" and references to a company's finances and size were irrelevant and excludable).

 Just as in these cases, here, "David versus Goliath" arguments and testimony have no probative value to any of the parties' claims or defenses. The fact that Glidewell is larger and has greater financial resources than Keating is not relevant to Keating's defenses that the BruxZir mark is invalid as generic, or as merely descriptive and without secondary meaning. (Dkt. #82-1, 85, 114, 118, 132, 137)

At issue there is the meaning of "BruxZir" to the relevant consumers (dentists); i.e., whether they understand the term to refer to a genus of products or, instead, to refer to a particular producer's products. Simply stated, whether Glidewell is larger than Keating or is purportedly bullying Keating does not make a trademark more or less valid.

Nor would such arguments or testimony be relevant to Glidewell's infringement claims or Keating's non-infringement defense. (Dkt. #81-1, 86, 113, 117, 131, 136) The Ninth Circuit applies eight factors, known as the *Sleekcraft* factors, in determining whether a likelihood of confusion exists in a case for trademark infringement: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *See Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1209 (9th Cir. 2012); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). While Glidewell's expenditures on marketing and promoting goods under the BruxZir mark and the volume of sales of product under the mark are relevant to the commercial strength of the mark, the mere fact that Glidewell is larger than Keating is not. Any suggestion or testimony that Keating is being bullied by Glidewell, based on the parties' relative size and financial resources, is not relevant to any *Sleekcraft* factor.

For similar reasons, "David and Goliath"-style arguments and testimony premised on the parties' relative size and financial resources are also not relevant to Keating's other counterclaims and defenses. (Dkt. #127) Keating's garden variety defenses of trademark misuse, unfair competition under California's Unfair Competition Law ("UCL"), unclean hands, fair use, and estoppel do not turn on Glidewell's larger size or purported bullying of Keating. (Dkt. #127; Dkt #79-1; Dkt. #134) While Keating noted Glidewell's relative size in its opposition to

- 4 -

Glidewell's motion for partial summary judgment as to Keating's counterclaims and affirmative defenses, Keating notably failed to even attempt to articulate any basis on which the parties' disparate size and financial resources might be relevant to these counterclaims and defenses. (Dkt. #127, at 5:9-19, 8:8, 10:19-15:5) For example, in opposition to Glidewell's showing that Keating's counterclaim for unfair competition should be dismissed, Keating argued that Glidewell's actions "harm competition" by improperly enforcing its trademark registration. (Dkt. #127, at 11:10-12:4) Putting aside the frivolous nature of that assertion (as detailed in Glidewell's reply brief, at Dkt. #134 at 4-10), the important point is that Keating points to Glidewell's specific actions, not to its relative size or resources or to any "David and Goliath" aspect of this contest, to support its bogus claims.

In sum, any argument or testimony that Keating is being bullied by Glidewell, or that otherwise appears calculated or likely to excite sympathy for Keating based on the parties' relative size and financial resources, is irrelevant and should be excluded.

### B. "David Versus Goliath" Portrayals Should Be Excluded As Unfairly Prejudicial, Confusing, Misleading, And Wastes Of Time.

Relevant evidence should be excluded if its probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 ad. com. notes. Here too, the Court has inherent authority to exclude arguments, statements, suggestions, and testimony that has no probative value and that would excite unfair prejudice, confuse the issues, or waste the Court's time. *Unigard Sec. Ins. Co.*, 982 F.2d at 368; *Papadopoulos*, 2006 WL 3249194, at *2; *Cooper Tire & Rubber Co.*, 2008 WL 5382416, at *3; *Abbott Laboratories*, 743 F. Supp. 2d at 789.

Courts routinely exclude "David and Goliath"-style arguments and evidence

under Rule 403 and the Court's inherent powers. *Grand Acadian, Inc. v. Fluor Corp.*, 2010 WL 1267888 (W.D. La. Mar. 29, 2010) (excluding any reference to or mention of the parties' "relative wealth, size, financial condition, or ability to pay" based on lack of relevance and danger of unfair prejudice and potential to mislead or confuse the jury.); *Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 926, 931 (N.D. Cal. 2009) (noting that "the danger of prejudice, unfair confusion, and misleading the jury from introducing [a party's] 'supracompetitive' profit evidence was high" because it could foment "David versus Goliath" sympathies); *Cooper Tire*, 2008 WL 5382416, at *3 (excluding, as irrelevant and prejudicial, arguments that plaintiff is a "wealthy, thriving, large company, and that [defendants] are merely 'Davids' in a David and Goliath story"); *Borders*, 2008 U.S. Dist. LEXIS 105360, at *6 ("Defendant requests the court exclude, as irrelevant and unduly prejudicial, evidence of defendant's size or wealth, comparing the wealth or size of defendant to that of plaintiff, including any comments or references that characterize this case as one involving an individual against a large corporation, as well as direct or indirect references to defendant's ability to pay a judgment, ability to afford counsel, the number of attorneys appearing on behalf of defendant, costs of defense, the number of attorneys or offices of defense counsel, the clothes or jewelry worn by counsel, staff and witnesses, the nature or number of trial exhibits, demonstrative exhibits and other evidence, witness fees, or any other matter promoting an inference that this case presents a 'David and Goliath' situation. Applying the standard of relevance set out in Fed. R. Evid. 401, the court finds the so-called 'David and Goliath' evidence is irrelevant to the claims in this case."); *Loussier v. Universal Music Group, LLC*, 2005 U.S. Dist. LEXIS 37545, at * (S.D.N.Y. July 14, 2005) ("Any probative value that evidence of the corporate Defendants' wealth, financial condition, and unrelated revenues may have during the *liability* phase of the trial is substantially outweighed by the danger of unfair prejudice that might result from jurors basing their conclusions on the relative

wealth of the parties."); *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1084 (E.D. Cal. 2011) ("Referring to big versus little. Referring to have versus have not, powerful versus weak, David v Goliath. Those are all classic hyperbolic type arguments that are recognized in the cases and involve improper argument.")

Here, Keating's effort to paint Glidewell as a "Goliath"-style bully and Keating as the plucky underdog, reflected in Keating's briefing and anticipated at trial, presents a textbook case of the dangers of inciting unfair prejudice and confusing the jury. The only purpose of employing such rhetorical tactics would be to induce sympathy for Keating and enmity toward Glidewell as an unreasonable bully. This would be unfairly prejudicial to Glidewell. It would also confuse the issues, mislead the jury, and waste everyone's time. For these reasons, the Court should exclude such argument and testimony. Keating has more than sufficient means by which to make its point without seeking to unfairly bias the jury against Glidewell by recourse to irrelevancies.

## IV. CONCLUSION

For the foregoing reasons, the Court should preclude Keating from presenting any argument, statement, suggestion or testimony that it is being bullied by Glidewell, or is relatively disadvantaged in this litigation due to Glidewell's greater size and financial resources, or that Glidewell is deserving of the jury's disfavor due to its larger size or resources, or that otherwise appears calculated or likely to excite sympathy for Keating based on the parties' relative size and financial resources.

| | |
|---|---|
| Dated: January 17, 2013 | SNELL & WILMER L.L.P. |
| | |
| | By: *s/Greer N. Shaw* |
| | Philip J. Graves |
| | Greer N. Shaw |
| | Deborah S. Mallgrave |
| | |
| | Attorneys for Plaintiff |
| | James R. Glidewell Dental Ceramics, Inc. |
| | dba Glidewell Laboratories |

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

16409774.2

- 8 -

GLIDEWELL'S MIL NO. 7
CASE NO. SACV11-01309 DOC (ANx)

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #7 TO PRECLUDE KEATING DENTAL ARTS, INC. FROM PRESENTING ANY ARGUMENT OR TESTIMONY LIKELY TO EXCITE SYMPATHY FOR KEATING BASED ON THE PARTIES' RELATIVE SIZE AND FINANCIAL RESOURCES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949)833-8550<br>Fax: (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: January 17, 2013

SNELL & WILMER L.L.P.

By: *s/Greer N. Shaw*
    Philip J. Graves
    Greer N. Shaw
    Deborah S. Mallgrave
    Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
    d/b/a Glidewell Laboratories