SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #9 TO EXCLUDE TESTIMONY AND EVIDENCE RELATED TO SETTLEMENT COMMUNICATIONS AND OFFERS TO COMPROMISE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing<br>Date: January 28, 2013<br>Time: 8:30 a.m.<br>Ctrm: 9D, Hon. David O. Carter<br><br>Pre-Trial Conf.: January 28, 2013<br>Jury Trial: February 26, 2013 |

PLEASE TAKE NOTICE that on January 28, 2013 at 8:30 a.m. in the courtroom of the Honorable David O. Carter of the above-entitled Court, Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") will and hereby does move in limine pursuant to Federal Rules of Evidence 401, 403, and 408 for an order precluding Defendant and Counterclaimant Keating Dental Arts, Inc. ("Keating") from introducing evidence, testimony, or argument related to any settlement communications or offers to compromise.

As detailed in the accompanying memorandum, any references to evidence relating to settlement negotiations or offers to compromise are prohibited under Federal Rule of Evidence 408 to prove or disprove the validity or amount of a disputed claim, or to impeach. In this case there is no legitimate, permissible reason for Keating to seek to enter the settlement negotiations or offers to compromise into evidence. Further, any probative value of settlement communications evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. Thus, the Court should exclude any evidence, testimony, or argument related to settlement communications or offers to compromise.

This motion is made following the Local Rule 16-2 Meeting of Counsel Before Final Pretrial Conference and the discussion of evidentiary matters pursuant to Local Rule 16-2.6, which took place on December 19, 2012 (in-person meeting) and Local Rule 7-3 Conference of Counsel Prior to Filing of Motions, which took place on December 31, 2012 (telephonically) and continued on January 2, 2013 (telephonically). The parties' counsel discussed the issues presented by this Motion, but could not reach agreement.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the concurrently-filed declaration of Philip J. Graves, the pleadings, records, and papers on file with this Court, all matters upon which the Court may take judicial notice, and such oral

1 arguments as the Court may receive.

3 Dated: January 17, 2013

SNELL & WILMER L.L.P.

By: */s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

- ii -

GLIDEWELL'S MIL NO. 9
CASE NO. SACV11-01309 DOC (ANx)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

James R. Glidewell Ceramics, Inc. ("Glidewell") anticipates that Keating Dental Arts, Inc. ("Keating") may attempt at trial to introduce evidence, testimony, and arguments relating to the parties' settlement negotiations and offers to compromise. As discussed below, at various times during this litigation, the parties had confidential communications regarding settlement offers, potential mediations, and the like ("Settlement Communications"). These were intended to facilitate the parties' settlement negotiations, and evidence of them should be excluded at trial under Federal Rule of Evidence 408. Moreover, any probative value of Settlement Communications evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. Therefore, the Court should exclude it under Federal Rule of Evidence 403.

## II. STATEMENT OF FACTS

On November 17, 2011, Keating's counsel sent Glidewell's counsel an email, with the headings "SETTLEMENT COMMUNICATION" and "ALL EVIDENTIARY PRIVILEGES APPLY," in which possible settlement was discussed. [*Id.* at ¶ 2.]

On February 2, 2012, the Court issued Its Settlement Conference Order, which required the parties to engage in settlement discussions and prepare a confidential settlement statement to be lodged with the Court for purposes of the Settlement Conference only. [Docket No. 24.] By letter to Keating's counsel dated February 7, 2012, Glidewell's counsel presented an offer to settle. [Graves Decl. ¶ 3.] By letter dated February 13, 2012, Keating's counsel presented Keating's counter-offer. [*Id.* at ¶ 4.] On February 15, 2012, Glidewell's counsel sent Keating's counsel Glidewell's counter-offer. [*Id.* at ¶ 5.]

On March 30, 2012, Glidewell lodged its Confidential Settlement Statement with the Court for purposes of the Settlement Conference only and marked it

"Confidential." [*Id.* at ¶ 6.]

On December 27, 2012, Glidewell's counsel sent Keating's counsel a letter with the heading "Confidential Settlement Communication – Inadmissible under Federal Rule of Evidence 408," in which Glidewell made an offer to compromise to Keating. [*Id.* at ¶ 7.]

### III. ARGUMENT

**A.     The Settlement Communications are Inadmissible Evidence at Trial**

It is axiomatic that evidence of settlement offers and settlement negotiations – i.e., evidence of "compromising or attempting to compromise" a claim – is not admissible at trial "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a); *see also, e.g.*, *Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 979-80 (9th Cir. 2009) (holding that the district court should have excluded a letter under Federal Rules of Evidence 401, 403, and 408 because it was part of settlement negotiations and did not tend to prove any fact of consequence at issue in the action); *Barrett v. Negrete*, No. 02-CV-2210-L (CAB), 2010 WL 2106235, at *8 (S.D. Cal. May 25, 2010) (excluding settlement discussions); *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL (CWx), 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (noting that "evidence of settlement communications is inadmissible under Federal Rule of Evidence 408").

Here, the Settlement Communications referenced were for the purpose of compromising or attempting to compromise the parties' disputed claims in this action, including Glidewell's trademark infringement claims and Keating's related counterclaims. As such, evidence of the Settlement Communications must be excluded under Rule 408(a).

**B.     Even if the Settlement Communications are Somehow Admissible, They Should be Excluded as Unfairly Prejudicial**

It is true that Rule 408 provides for certain exceptions: "[t]he court may

1 admit this evidence for another purpose, such as proving a witness's bias or
2 prejudice, negating a contention of undue delay, or proving an effort to obstruct a
3 criminal investigation or prosecution." Fed. R. Evid. 408(b). None of these have
4 any conceivable application here. Even if it were otherwise, evidence of the
5 Settlement Communications still should be excluded because any probative value is
6 "substantially outweighed by the danger of one or more of the following: unfair
7 prejudice, confusing the issues, misleading the jury, … and wasting time …." Fed.
8 R. Evid. 403.

9 First, "unfair prejudice" means an undue tendency to suggest decision on an
10 improper basis. Fed R. Evid. 403 advisory committee's note. Improper bases
11 include unsupported inferences. *See United States v. Kaplan*, 490 F.3d 110, 122
12 (2d Cir. 2007) (concluding that risk of unfair prejudice substantially outweighed
13 probative value because the "jury was required to draw a series of inferences,
14 unsupported by other evidence…"); *United States v. Ravich*, 421 F.2d 1196, 1204
15 n.10 (2d Cir. 1970) ("The length of the chain of inferences necessary to connect the
16 evidence with the ultimate fact to be proved necessarily lessens the probative value
17 of the evidence, and may therefore render it more susceptible to exclusion as
18 unduly confusing, prejudicial, or time-consuming ..."). Here, admission of the
19 Settlement Communications would invite the jury to draw unsupported inferences
20 and to decide the issues not on the substantive evidence, but rather on speculation
21 as to the parties' settlement motivations. *See Almonte v. Nat'l Union Fire Ins. Co.*,
22 705 F.2d 566, 569 (1st Cr. 1983) (holding that testimony concerning settlement
23 negotiations should have been excluded under Rule 408 and 403 because such
24 testimony is clearly prejudicial).

25 Second, and for similar reasons, admission of the Settlement
26 Communications would confuse the issues and mislead the jury. Pertinent to
27 Glidewell's claim of trademark infringement are : (1) strength of the BruxZir mark;
28 (2) proximity of the goods sold under the parties' competing marks; (3) the

- 3 -

similarity of the marks; (4) evidence of actual confusion; (5) the marketing channels used; (6) the type of goods and the degree of care likely to be exercised by the purchaser; (7) Keating's intent in selecting the mark; and (8) the likelihood of expansion of the product lines. *See Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1209 (9th Cir. 2012); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). The fact that the parties exchanged Settlement Communications, and the content of those communications, are not among the *Sleekcraft* factors and are not relevant to infringement. Nor are they relevant to Keating's defenses that the BruxZir mark is invalid as generic, or as merely descriptive and without secondary meaning. At issue there is the meaning of "BruxZir" to the relevant consumers (dentists); i.e., whether dentists understand the term to refer to a genus of products or, instead, to refer to a particular producer's products. The Settlement Communications bear no relevance to these issues. Given their irrelevance to the central issues in the case, admitting evidence of the Settlement Communications would only serve to confuse the issues and mislead the jury into focusing on peripheral issues. *See U.S. v. Park*, No. CR 08-00220 MMM, 2008 WL 2338298, at *7 (C.D. Cal. May 27, 2008) (excluding a settlement statement under Rule 403 because it was only indirectly probative of the issues and thus likely to result in distraction and jury confusion).

      Finally, admitting evidence of the Settlement Communications would waste significant time at trial. Rather than focusing on the central issues in the case – including the infringement and validity issues discussed above, as well as damages – the parties would need to divert time and attention to explaining the reasoning and motivation underlying their various settlement initiatives, and explaining why the efforts were unsuccessful. Given the Court's interest in a concise and efficient trial, any meager relevance of the Settlement Communications is substantially outweighed by the danger of wasted time.

## IV. CONCLUSION

For the foregoing reasons, the Court should exclude any evidence and argument regarding the parties' Settlement Communications, including but not limited to: (a) the November 17, 2011 email from Keating's counsel to Glidewell's counsel; (b) the February 2, 2012 Settlement Conference Order; (c) the February 7, 2012 letter from Glidewell's counsel to Keating's counsel; (d) the February 13, 2012 letter from Keating's counsel to Glidewell's counsel; (e) the February 15, 2012 communication from Glidewell's counsel to Keating's counsel; (f) Glidewell's March 30, 2012 Confidential Settlement Statement; and (g) the December 27, 2012 letter from Glidewell's counsel to Keating's counsel.

Dated: January 17, 2013     SNELL & WILMER L.L.P.


By: */s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #9 TO EXCLUDE TESTIMONY AND EVIDENCE RELATED TO SETTLEMENT COMMUNICATIONS AND OFFERS TO COMPROMISE; MEMORANDUM OF POINTS AND AUTHORITIES** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949)833-8550<br>Fax: (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: January 17, 2013    SNELL & WILMER L.L.P.

By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

16445361