SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA  90071
Telephone: (213) 929-2500
Facsimile:  (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #5 TO EXCLUDE EVIDENCE OF CERTAIN TRADEMARK OFFICE PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing<br><br>Date:  January 28, 2013<br>Time:  8:30 a.m.<br>Ctrm:  9D, Hon. David O. Carter<br><br>Pre-Trial Conf.:  January 28, 2013<br>Jury Trial:          February 26, 2013 |

**TO THE DISTRICT COURT AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, by submission to the Honorable David O. Carter of the United States District Court for the Central District of California, Plaintiff James R. Glidewell Dental Ceramics, Inc. ("Glidewell"), hereby moves the court *in limine* for an order to exclude evidence of, and argument regarding, the parties' filings and the U.S. Patent and Trademark Office's ("PTO") actions in Proceeding No. 92056050 and Proceeding No. 91202891, including, but not limited to (a) Defendant Keating Dental Arts, Inc.'s ("Keating" or "Defendant") Petition for Cancellation of Glidewell's registered BruxZir trademark, (b) Keating's Opposition to Glidewell's application to register the BruxZir mark for dental ceramics, and (c) the PTO's suspensions of both proceedings pending the outcome of the instant action (collectively, "PTO Proceedings"). As detailed in the accompanying memorandum, the PTO Proceedings, *as evidence*, are irrelevant to any issues to be tried to the jury. *See* Fed. R. Evid. 401, 402. Even if the PTO Proceedings had some probative value *as evidence* – which they do not – their probative value would be "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. For this additional reason, the Court should preclude Keating from proffering to the jury evidence or argument as to the PTO Proceedings.

This motion is made following the Local Rule 16-2 Meeting of Counsel Before Final Pretrial Conference and the discussion of evidentiary matters pursuant to Local Rule 16-2.6, which took place on December 19, 2012 (in-person meeting) and Local Rule 7-3 Conference of Counsel Prior to Filing of Motions, which took place on December 31, 2012 (telephonically) and continued on January 2, 2013 (telephonically). The parties' counsel discussed the issues presented by this Motion, but could not reach agreement.

This motion is based on this notice of motion and the attached memorandum

- i -

GLIDEWELL'S MIL NO. 5
CASE NO. SACV11-01309 DOC (ANx)

1 of points and authorities, the pleadings and records on file with the Court in this
2 action, and on such other and further argument and evidence as the Court may
3 properly receive.

Dated: January 17, 2013        SNELL & WILMER L.L.P.

                               By: *s/Greer N. Shaw*
                               Philip J. Graves
                               Greer N. Shaw
                               Deborah S. Mallgrave

                                Attorneys for Plaintiff
                               James R. Glidewell Dental Ceramics, Inc.
                               dba Glidewell Laboratories

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should exclude from evidence at trial the parties' filings with, and actions taken by, the U.S. Patent and Trademark Office ("PTO") in connection with Glidewell's BruxZir mark. In particular, the Court should exclude Keating's Petition for Cancellation, filed with respect to Glidewell's registered BruxZir mark (registered for certain dental restoration products, such as crowns and bridges). The Court also should exclude evidence of the Opposition that Keating filed in an attempt to prevent Glidewell's registration of the BruxZir mark for a different class of products, dental ceramics. Documentary and testimonial evidence of the Petition for Cancellation and the Opposition, and any attorney argument premised thereon, should be excluded from evidence because they are irrelevant to the parties' claims and defenses at issue in this case. Even if the Petition for Cancellation and the Opposition might be relevant, they should still be excluded because the risk of unfair prejudice and jury confusion substantially outweighs any probative value.

Moreover, the Court should exclude evidence of the PTO's decisions to suspend proceedings on Keating's Petition for Cancellation and Opposition (collectively, "PTO Proceedings"), pending the outcome of this litigation. These actions, and others in the PTO Proceedings, say nothing about the validity of the BruxZir mark or the merits of Keating's purported defenses. Exposing the jury to irrelevant evidence of collateral administrative proceedings carries a substantial risk of prejudice and confusion because, among other things, the jury may wrongly conclude that its decision will be second guessed –or corrected if erroneous – by the PTO.

## II. STATEMENT OF FACTS

On June 17, 2009, Glidewell applied for a registration of its BruxZir mark for dental bridges; dental caps; dental crowns; dental inlays; dental onlays; dental prostheses, and the PTO issued the registration on January 19, 2010. (Dkt. #90-1,

Ex. L (Allred Decl., ¶¶ 4-5); Dkt. 90-19, Exs. 59-60)

On May 27, 2011, Glidewell applied to register the BruxZir mark for a different class of products, dental ceramics. (Dkt. #90-19, Ex. 61) Keating filed Trademark Opposition No. 91202891 on December 7, 2011 to contest Glidewell's trademark registration application to include dental ceramics in the class of goods covered by the registered BruxZir mark. On February 3, 2012, the PTO granted Keating's motion to suspend Opposition No. 91202891 pending final determination of the instant case.

On August 17, 2012, Keating filed a Petition for Cancellation, Proceeding No. 92056050, with the PTO to cancel Glidewell's registered BruxZir mark. (Dkt. #58-1, Ex. A) On October 26, 2012, the PTO granted Keating's motion to suspend the Proceeding No. 92056050 pending the determination of the instant action.

Despite their lack of relevancy, Keating has sought to inject the Petition for Cancellation and the Opposition into this litigation at various stages. In the Declaration of Rustin Mangum in support of Motion and Motion for an Order to File Answer, Affirmative Defenses and Second Amended Counterclaims, Keating proffered its Petition for Cancellation to argue that Glidewell's BruxZir mark is generic, and that relevant consumers were unlikely to be confused between BruxZir and Keating's KDZ Bruxer mark. (Dkt. #58 at 2:1-3) Keating also used Opposition No. 91202891 and the PTO's suspension of those proceedings as an exhibit in its deposition of Glidewell's General Counsel Keith Allred on October 25, 2012, and has offered the same as Exhibit 128 in the joint exhibit list submitted by the parties prior to trial. (Dkt. #195)

### III. ARGUMENT

**A. Evidence of the PTO Proceedings is Irrelevant.**

Glidewell anticipates that Keating may attempt to proffer the Petition for Cancellation, the Opposition, and other items from the PTO Proceedings as evidence, and argument premised thereon, at trial. These items are irrelevant and

should be excluded.

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

Courts have determined, pursuant to FRE 401 and 402, that PTO decisions and pending proceedings are of limited or no relevance to trademark infringement actions. *See, e.g.*, *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, 2011 WL 3809933, at \*13-14 (C.D. Cal. Aug. 25, 2011). In *Desert European*, the Court granted Plaintiff's Motion to Strike Defendant's phrase in its Answer and Counterclaim regarding its intent to file a petition to cancel Plaintiff's trademark. In doing so, the Court reasoned that the phrase was "immaterial, as Defendant's petition to cancel . . . has now been stayed pending the outcome in this present Action." *Desert European*, 2011 WL 3809933, at \*14.

In *Coryn Group*, also a trademark infringement case, the Court granted Plaintiff's motion *in limine* to exclude evidence of the PTO's decision to grant Defendant's petition for cancellation of Plaintiff's registered trademark. *Coryn Group II, LLC v. O.C. Seacrets, Inc.*, 2011 WL 862729, at \*1 (D. Md. Mar. 10, 2011). In doing so, the Court reasoned in part, based on FRE 401, 402, and 403, that the relevance of the PTO's decision is "limited because the standards governing likelihood of confusion in registration, cancellation, or opposition proceedings before the PTO can be different than the likelihood of confusion standard applicable in trademark infringement actions in a district court." *Coryn Group*, 2011 WL 862729, at \*2 (citing *Levy v. Kosher Overseers Ass'n,* 104 F.3d 38, 41 (2d Cir. 1997)) (quotation marks omitted).

The evidence sought to be excluded here is even less relevant, and less compelling, than that excluded in *Coryn Group*. Here, unlike in *Coryn*, there has been no PTO decision to cancel the BruxZir mark or deny it registration. There is

only Keating's requests that it do so, and the PTO's administrative decision to suspend action. Moreover, the pending and incomplete PTO Proceedings will be decided upon legal standards that are different than those applied by this Court and according to precedents that are not controlling here (i.e., PTO decisions rather than Ninth Circuit law). As did the court in *Coryn*, the Court should exclude evidence of the PTO proceedings.

In analogous contexts, courts handling patent infringement cases commonly exclude evidence of pending patent reexamination proceedings in the PTO, on grounds that such evidence is irrelevant and has no probative value under FRE 401 and 402. The PTO's decision to reexamine a patent is made after the PTO has found that a "substantial new question of patentability" has been raised as to an issued patent. 35 U.S.C. § 304; *see also Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1075 (C.D. Cal. 2010) (reasoning that statute requires the "PTO director to issue a reexamination order upon finding a substantial new question of patentability.") (internal quotations omitted). The PTO arrives at this decision after considering a detailed submission by the reexamination requester, including a brief and prior art. 35 U.S.C. §§ 302-303. Thus, a pending reexamination is at least some evidence that a competent authority (the PTO) has questioned validity. Nevertheless, evidence of reexamination proceedings is commonly excluded as irrelevant in district court litigation involving the same patent. *See, e.g.*, *Presidio Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 3822694, at *2 (S.D. Cal. Nov. 13, 2009) (granting Plaintiff's motion to exclude from trial all evidence regarding the PTO's grant of Defendant's request for reexamination because such evidence is "irrelevant to this case" and "is not probative of unpatentability.") (citing *Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996)); *i4i Ltd. Partnership v. Microsoft Corp.*, 670 F. Supp. 2d 568, 588 (E.D. Tex. 2009) (denying Defendant's motion for a new trial on grounds that the Court erroneously excluded evidence regarding the PTO's granting of reexamination for

the "simple fact that a reexamination decision . . . is not evidence probative of any element regarding any claim of invalidity.") (citing *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848 (Fed. Cir. 2008)); *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 597 F. Supp. 2d 897, 904-908 (N.D. Iowa 2009) (granting Defendant's motion *in limine* to preclude evidence of pending patent reexamination, reasoning that "evidence of incomplete patent reexamination proceedings is not admissible to prove invalidity of a patent, because it has no probative value on that issue . . . .").

      Here, Keating's PTO Proceedings are even less plausibly relevant than the kind of evidence excluded in these patent cases. Neither a Petition for Cancellation of a registered trademark, nor an Opposition to a trademark application, carries even a faint aroma of official action. They are actions by adversely-interested third parties, not the government. Here, they say nothing about the validity or registerability of Glidewell's BruxZir mark, which carries a strong presumption of validity by virtue of its registration (as to dental restorations). *Zobomondo Enter., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010) (holding that a "federal registration . . . entitles the plaintiff to a '*strong presumption*' that the mark is a protectable mark.") (emphasis added); *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1135 (9th Cir. 2006) ("[R]egistered marks are endowed with a strong presumption of validity . . ."). As for the PTO's decisions to suspend proceedings, again, these actions says nothing substantive about the validity of Glidewell's registered BruxZir mark or whether its second application for a BruxZir registration (for dental ceramics) should issue. They were purely administrative actions made to avoid duplication of efforts (by the PTO and the Court) and potential conflicted decision making between two government bodies.

      In sum, the Court should exclude evidence and argument regarding the Petition for Cancellation, the Opposition, and other items from the related PTO Proceedings because they are irrelevant to and are not probative of any claims or

defenses made by either party in this case.

## B. Any Probative Value of the PTO Proceedings is Substantially Outweighed by the Danger of Unfair Prejudice and Jury Confusion.

This Court has broad discretion pursuant to FRE 403 to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403; *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 449 (9th Cir. 1994) (affirming district court's exclusion of evidence under Rule 403 because even if evidence was relevant, "it would be prejudicial and confuse the jury."); *Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1432 (9th Cir. 1986)(district court's exclusion of evidence proper where probative value of the evidence was outweighed by the considerable amount of time its admission would consume and the confusion it would cause the jury).

"Unfair prejudice" in the context of Rule 403 means an undue tendency to suggest decisions on an improper basis. Fed R. Evid. 403 ad. com. notes. Improper bases include unsupported inferences. *See United States v. Kaplan*, 490 F.3d 110, 122 (2d Cir. 2007) (concluding that risk of unfair prejudice substantially outweighed probative value because the "jury was required to draw a series of inferences, unsupported by other evidence…"); *United States v. Ravich*, 421 F.2d 1196, 1204 n.10 (2d Cir. 1970) ("The length of the chain of inferences necessary to connect the evidence with the ultimate fact to be proved necessarily lessens the probative value of the evidence, and may therefore render it more susceptible to exclusion as unduly confusing, prejudicial, or time-consuming ...").

Courts have consistently found that, even if pending and incomplete PTO proceedings have some relevance, they should nonetheless be excluded pursuant to FRE 403 because they are "likely to confuse the jury and encourage a decision on an improper basis." *Coryn Group*, 2011 WL 862729, at *2; *cf. Callaway Golf Co v. Achushnet Co.*, 576 F.3d 1331, 1342-1343 (Fed. Cir. 2009) (affirming lower court's

1 decision to refuse to allow evidence of claim rejection in a parallel *inter partes* reexamination before the jury on the question of obviousness, finding that the prejudicial nature of the evidence outweighed its probative value).

As the *Coryn* court noted, admitting evidence of a pending PTO proceeding "will likely cause the jury to deliberate on the correctness of the previous fact finding, rather than retaining the open-minded, first impression approach to the issues our system prefers." *Coryn Group*, 2011 WL 862729 at *2 (citing *Rambus, Inc. v. Infineon Techs. AG*, 222 F.R.D. 101, 110 (E.D. Va. 2004) (internal quotation marks omitted); *cf. i4i Ltd. v. Microsoft*, 670 F. Supp. 2d at 588-89 (reasoning that, even if the PTO's decision to grant reexamination was relevant, "its probative value is substantially outweighed by its prejudicial effect in suggesting to the jury that it is entitled to ignore both the presumption of validity and the defendant's clear and convincing burden at trial."); *Pharmastem Therapeutics, Inc. v. Viacell, Inc.*, 2003 WL 22244704, at *3 (D. Del. Sept. 30, 2003) (finding that an opinion or action from a quasi-judicial or administrative body increases the likelihood that a jury will give its conclusions deference).

Here, as explained above, there has not been any substantive PTO decision on the validity or registerability of the BruxZir mark, other than allowance of the registration for a class of goods. This decision is presumed to be correct, and the jury should not be invited to speculate that Keating's Petition for Cancellation, or its Opposition, have any legal or other tendency to undermine validity or registerability.

In addition to the danger of confusing and misleading the jury, courts have consistently found evidence of pending PTO proceedings to be unfairly prejudicial. *Presidio Components*, 2009 WL 3822694, at *2. In *Transamerica*, a patent infringement action, the Court granted Defendant's motion *in limine* to preclude evidence of the pending reexamination of the patent in question. Reasoning that "even if the evidence [of incomplete reexamination proceedings] has some

marginal probative value, that probative value is outweighed by its potential for . . . prejudice[,]" the Court concluded that "there is simply no good purpose here for which such evidence could be offered, so that no proper limiting instruction could be given." *Transamerica*, 597 F. Supp. 2d at 907.

In the instant case, even if evidence regarding the PTO Proceedings has some minimal relevance or probative value, which it does not, such evidence should nevertheless be excluded because the danger of unfair prejudice and confusion of the jury as to the issues substantially outweighs any probative value. Similar to the PTO proceedings described in the cases above, which the courts excluded from evidence for being unfairly prejudicial and confusing to the jury pursuant to FRE 403, the PTO Proceedings here are in their earliest stages, incomplete, and pending in the PTO, a quasi-judicial body. Therefore, if this Court finds the PTO Proceedings to be relevant at all, it should nevertheless exclude evidence regarding them because such evidence would be unfairly prejudicial and confusing to the jury, substantially outweighing any probative value as to the issues of validity, infringement, and damages.

Keating's sole purposes in admitting evidence of the PTO Proceedings would be to convey to the jury that the validity of the BruxZir mark is somehow undermined or weakened merely because Keating has sought its cancellation in the PTO. There is a substantial risk that the jury would be confused as to the legal import, if any, of Keating's PTO filings, and will draw unwarranted inferences about the significance of these filings. In addition, or alternatively, the jury would be invited to conclude that it need not take its job seriously, because the PTO will ultimately set things right or overrule the jury's decisions. Either outcome would be unfairly prejudicial.

For similar reasons, admission of the PTO Proceedings as evidence also would confuse the issues and mislead the jury. As noted above, the PTO Proceedings have no evidentiary value to the infringement and validity issues in the

case. Given their irrelevance, admitting evidence of the PTO Proceedings would only serve to confuse the issues and mislead the jury into focusing on collateral administrative proceedings, speculating about the legal significance of these proceedings, and possibly concluding that the PTO ultimately will overrule or correct the jury's decisions, rather than on deciding the issues based upon the jury's own assessment of the documentary and testimonial evidence.

### C. Evidence of the PTO Proceedings is Hearsay.

Pursuant to FRE 801 and 802, this Court should exclude the Petition for Cancellation, the Opposition, and other items from the related PTO Proceedings, because they are hearsay. Hearsay is a statement that: "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. Statements in the Petition for Cancellation, the Opposition, and other items from the related PTO Proceedings, if offered for their truth, are hearsay and they do not satisfy any of the hearsay exceptions enumerated in the Federal Rules of Evidence. The Petition for Cancellation, the Opposition, and other items from the related PTO Proceedings should be excluded from evidence on this additional ground.

### IV. CONCLUSION

For the foregoing reasons, the Court should exclude from evidence the Petition for Cancellation, the Opposition, and all other filings and PTO actions in PTO Proceedings Nos. 91202891 and 92056050. The Court also should preclude any argument premised upon this material.

Dated: January 17, 2013

SNELL & WILMER L.L.P.

By: */s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #5 TO EXCLUDE EVIDENCE OF CERTAIN TRADEMARK OFFICE PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949)833-8550<br>Fax: (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: January 17, 2013

SNELL & WILMER L.L.P.

By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba GLIDEWELL LABORATORIES