SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #8 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING STATEMENTS OR RULINGS BY THE COURT ON EITHER PARTY'S PRIOR MOTIONS, INCLUDING SUMMARY JUDGMENT MOTIONS**<br><br>Hearing<br><br>Date:  January 28, 2013<br>Time:  8:30 a.m.<br>Ctrm:  9D, Hon. David O. Carter<br><br>Pre-Trial Conf.:  January 28, 2013<br>Jury Trial:  February 26, 2013 |

**TO THE DISTRICT COURT AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, by submission to the Honorable David O. Carter of the United States District Court for the Central District of California, Plaintiff James R. Glidewell Dental Ceramics, Inc. ("Glidewell"), hereby moves the Court *in Limine* for an order precluding Defendant Keating Dental Arts, Inc. ("Keating") from proffering to the jury evidence or argument as to the Court's prior statements, orders, and rulings on: (a) Keating's Motion for Summary Judgment (Dkt. 48); (b) Keating's Motion for Reconsideration (Dkt. 52); (c) Keating's Motion for Leave to File Second Amended Answer (Dkt. 65); and (d) the parties' cross-motions for summary judgment, heard by the Court on December 21, 2012, including the Court's verbally-delivered tentative ruling as to some of those motions (collectively, "Prior Statements and Rulings"). The Court's Prior Statements and Rulings, *as evidence*, are irrelevant to the issues to be tried to the jury. *See* Fed. R. Evid. 401, 402. Even if they were relevant *as evidence*, which they are not, their probative value would be "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. For this additional reason, the Court should preclude Keating from proffering to the jury evidence or argument as to the Prior Statements and Rulings.

This motion is made following the Local Rule 16-2 Meeting of Counsel Before Final Pretrial Conference and the discussion of evidentiary matters pursuant to Local Rule 16-2.6, which took place on December 19, 2012 (in-person meeting) and Local Rule 7-3 Conference of Counsel Prior to Filing of Motions, which took place on December 31, 2012 (telephonically) and continued on January 2, 2013 (telephonically). The parties' counsel discussed the issues presented by this Motion, but could not reach agreement.

This motion is based on this notice of motion and the attached memorandum of points and authorities, the pleadings and records on file with the court in this action, and on such other and further argument and evidence as the court may properly receive.

Dated: January 17, 2013

SNELL & WILMER L.L.P.

By: */s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should exclude from evidence, and preclude Keating from proffering to the jury evidence or argument as to, the Court's prior statements, orders, and rulings on: (a) Defendant Keating Dental Arts, Inc.'s ("Keating" or "Defendant") Motion for Summary Judgment (Dkt. 48); (b) Keating's Motion for Reconsideration (Dkt. 52); (c) Keating's Motion for Leave to File Second Amended Answer (Dkt. 65); and (d) the parties' cross-motions for summary judgment, heard by the Court on December 21, 2012, including the Court's verbally-delivered tentative ruling as to some of those motions (collectively, "Prior Statements and Rulings"). The Court's Prior Statements and Rulings, *as evidence*, are irrelevant to the issues to be tried to the jury. See Fed. R. Evid. 401, 402. Even if they were relevant *as evidence*, which they are not, their probative value would be "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. For this additional reason, the Court should preclude Keating from proffering to the jury evidence or argument as to the Prior Statements and Rulings.

## II. STATEMENT OF FACTS

On March 26, 2012, the Court issued an order denying Keating's motion for summary judgment. (Dkt. #48) As the Court noted in that order, Keating's "motion comes at a very early stage of litigation, there are few relevant facts at issue." (Dkt. #48 at 2:1-2) The Court also stated, among other things: "To be clear, the Court is not holding that the facts of this case preclude summary judgment for Defendant. The Court is merely holding that Defendant's failure to cite to relevant law – that is, cases analyzing an infringement claim where plaintiff alleges that its composite mark is infringed by defendant's composite mark and the marks share only a portion of letters – prevents this Court from granting summary

judgment." (Dkt. #48 at 11:19-23)

Keating sought reconsideration, which the Court denied in an order dated May 1, 2012. (Dkt. #52) There, the Court commented: "[T]he Court will provide Defendant with another opportunity to move for summary judgment in the future. The Court provides Defendant with a second opportunity because this is a straight-forward trademark infringement case. As such, it is highly unlikely that there will be any genuine issues of material fact and it is entirely possible that Defendant could show in its second motion that it wins as a matter of law – if Defendant would just cite analogous cases finding no infringement of a plaintiff's composite mark by a defendant's composite mark where the marks share only a portion of letters." (Dkt. #52 at 1-2)

On October 10, 2012, the Court granted Keating's motion for leave to file a second amended answer, affirmative defenses, and counterclaims. (Dkt. #65) The Court granted such leave over Glidewell's arguments that allowing leave to amend would be "highly prejudicial" to Glidewell, because it would leave "[l]ess than two weeks of discovery … in regard to an entirely new issue not previously asserted by Defendant in this Action, the alleged genericness of Plaintiff's registered mark BRUXZIR®." (Dkt. #60 at 2:3-6)

Finally, at the December 21, 2012 hearing on the parties' summary judgment motions, and before the parties had presented arguments, the Court verbally conveyed its tentative conclusion that there was no likelihood of confusion between Glidewell's registered BruxZir mark and Keating's KDZ Bruxer mark. *See* Parseghian Decl., ¶ 3, Ex. 1.

### III. ARGUMENT

**A.  Evidence of the Prior Rulings is Irrelevant.**

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

1  "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

2  Here, the Prior Statements and Rulings, *as evidence*, do not tend to make any fact at issue regarding infringement, validity, or damages any more or less probable. Pertinent to Glidewell's claim of trademark infringement are : (1) strength of the BruxZir mark; (2) proximity of the goods sold under the parties' competing marks; (3) the similarity of the marks; (4) evidence of actual confusion; (5) the marketing channels used; (6) the type of goods and the degree of care likely to be exercised by the purchaser; (7) Keating's intent in selecting the mark; and (8) the likelihood of expansion of the product lines. *See Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1209 (9th Cir. 2012); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). The Court's Prior Statements and Rulings are not factual evidence as to any of these *Sleekcraft* factors and are not relevant to infringement. Nor are they *evidence* that is relevant to Keating's defenses that the BruxZir mark is invalid as generic, or as merely descriptive and without secondary meaning. At issue there is the meaning of "BruxZir" to the relevant consumers (dentists); i.e., whether they understand the term to refer to a genus of products or, instead, to refer to a particular producer's products. The Court's Prior Statements and Rulings bear no relevance to these issues. Given their irrelevance as evidence, the Court's Prior Statements and Rulings are not admissible as such and should not be made known to the jury. Fed. R. Evid. 402.

**B.  Any Probative Value of the Court's Prior Statements and Rulings is Substantially Outweighed by the Danger of Unfair Prejudice, Confusion of the Issues, and Misleading the Jury.**

The Court has broad discretion pursuant to FRE 403 to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, [or] misleading the jury." Fed. R. Evid. 403. Evidence of prior proceedings is properly excluded because the "very purpose of elaborate pretrial proceedings is to allow parties to test their theories, and if their

theories fail these tests, they can abandon those theories without suffering an adverse influence." *Eolas Techs., Inc. v. Microsoft Corp.*, 270 F. Supp. 2d 997, 1004 (N.D. Ill. 2003) (excluding evidence of prior reissue proceedings before the U.S. Patent and Trademark Office because such evidence risked leading the jury to assign undue importance to the outcome of those proceedings); *see also*, *DePaepe v. General Motors Corp.*, 141 F.3d 715, 719 (7th Cir. 1998) (affirming trial court's decision under Rule 403 to exclude discovery history and "put the plaintiff's litigation tactics on trial").

"Unfair prejudice" in the context of Rule 403 means an undue tendency to suggest decisions on an improper basis. Fed R. Evid. 403 ad. com. notes. Improper bases include unsupported inferences. *See United States v. Kaplan*, 490 F.3d 110, 122 (2d Cir. 2007) (concluding that risk of unfair prejudice substantially outweighed probative value because the "jury was required to draw a series of inferences, unsupported by other evidence…"); *United States v. Ravich*, 421 F.2d 1196, 1204 n.10 (2d Cir. 1970) ("The length of the chain of inferences necessary to connect the evidence with the ultimate fact to be proved necessarily lessens the probative value of the evidence, and may therefore render it more susceptible to exclusion as unduly confusing, prejudicial, or time-consuming ...").

Here, Keating's sole purpose in admitting the Court's Prior Statements and Rulings would be to convey to the jury that the Court has, in effect, already decided the issues, and the jury need only formalize the Court's tentative conclusions. In addition, or alternatively, the jury would be invited to draw unsupported inferences and to decide the issues not on the substantive evidence, but rather on speculation as to the Court's motivations behind earlier rulings that were either procedural or only preliminary, and in any event dependent almost entirely upon legal principals rather than factual findings. There is a substantial risk that the jury would be greatly, and improperly, influenced by its perception of the Court's views as to the merits of the parties' claims and defenses. Either outcome would be unfairly

prejudicial.

For similar reasons, admission of the Prior Statements and Rulings as evidence also would confuse the issues and mislead the jury. As noted above, the Prior Statements and Rulings have no evidentiary value to the infringement and validity issues in the case. Given their irrelevance to the central issues in the case, admitting evidence of the Prior Statements and Rulings would only serve to confuse the issues and mislead the jury into focusing on procedural matters and attempting to devine the Court's own views as to the strengths and weaknesses of the parties' positions, rather than on deciding the issues based upon the jury's own assessment of the documentary and testimonial evidence.

## IV. CONCLUSION

For the foregoing reasons, the Court should exclude from evidence, and preclude Keating from proffering to the jury evidence or argument as to, the Court's prior statements, orders, and rulings on: (a) Keating's Motion for Summary Judgment (Dkt. 48); (b) Keating's Motion for Reconsideration (Dkt. 52); (c) Keating's Motion for Leave to File Second Amended Answer (Dkt. 65); and (d) the parties' cross-motions for summary judgment, heard by the Court on December 21, 2012, including the Court's verbally-delivered tentative ruling as to some of those motions.

Dated: January 17, 2013

SNELL & WILMER L.L.P.

By: */s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

### CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE #8 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING STATEMENTS OR RULINGS BY THE COURT ON EITHER PARTY'S PRIOR MOTIONS, INCLUDING SUMMARY JUDGMENT MOTIONS** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Darrell L. Olson
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA 92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel: (949) 760-0404
Fax: (949) 760-9502

Jeffrey.VanHoosear@kmob.com
David.Jankowski@kmob.com
Lynda.Zadra-symes@kmob.com
Darrell.Olson@knobbe.com
litigation@kmob.com

David A. Robinson
James Azadian
Enterprise Counsel Group
Three Park Plaza, Suite 1400
Irvine, CA 92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel: (949)833-8550
Fax: (949) 833-8540

drobinson@enterprisecounsel.com
jazadian@enterprisecounsel.com