SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA  90071
Telephone: (213) 929-2500
Facsimile:  (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>                    Defendant. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MOTION IN LIMINE #2 TO EXCLUDE WEBPAGES THAT ARE UNAUTHENTICATED OR CONTAIN HEARSAY, AND ATTORNEY ARGUMENT BASED THEREON; MEMORANDUM OF POINTS AND AUTHORITIES** |
| AND RELATED COUNTERCLAIMS. | Hearing<br><br>Date:   January 28, 2013<br>Time:  8:30 a.m.<br>Ctrm:  9D, Hon. David O. Carter<br><br>Pre-Trial Conf.:    January 28, 2013<br>Jury Trial:            February 26, 2013 |

**TO THE DISTRICT COURT AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, by submission to the Honorable David O. Carter of the United States District Court for the Central District of California, Plaintiff James R. Glidewell Dental Ceramics, Inc. d/b/a Glidewell Laboratories ("Glidewell"), hereby moves the Court *in limine* for an order to exclude webpage printouts that are unauthenticated or contain hearsay, including, but not limited to, the documents listed in Exhibit A to this motion, and attorney argument based thereon. As more fully explained in the accompanying memorandum, this motion is made on the grounds that Keating has not proffered evidence, such as competent witness testimony, sufficient to authenticate these third-party webpages. This motion is made on the further ground that the third-party webpages contain hearsay offered for the truth of the matter asserted.

This motion is made following the Local Rule 16-2 Meeting of Counsel Before Final Pretrial Conference and the discussion of evidentiary matters pursuant to Local Rule 16-2.6, which took place on December 19, 2012 (in-person meeting) and Local Rule 7-3 Conference of Counsel Prior to Filing of Motions, which took place on December 31, 2012 (telephonically) and continued on January 2, 2013 (telephonically). The parties' counsel discussed the issues presented by this Motion, but could not reach agreement.

This motion is based on this notice of motion and the accompanying memorandum of points and authorities, the pleadings and records on file with the court in this action, and on such other and further argument and evidence as the court may properly receive.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

16379076.3

1

2
Dated: January 17, 2013

3

4

5

6

7

8

SNELL & WILMER L.L.P.

By: */s/Greer N. Shaw*
    Philip J. Graves
    Greer N. Shaw
    Deborah S. Mallgrave

    Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
    d/b/a Glidewell Laboratories

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This motion seeks to exclude any third party webpage printouts offered by Keating that lack authentication or contain hearsay, and attorney argument based thereon.

In this case James R. Glidewell Dental Ceramics, Inc. ("Glidewell") contends that Keating Dental Arts, Inc.'s ("Keating") use of "KDZ Bruxer" infringes Glidewell's trademark for "BruxZir," which is registered in connection with dental restoration products, such as crowns and bridges.  Keating contends that Glidewell's "BruxZir" mark is generic.  To support its argument, Keating has proffered printouts of various webpages, purportedly to prove that third parties allegedly utilize "bruxer" or variations of "brux" and "zir" as part of a trademark in connection with all-zirconia crowns.  Keating has identified no witnesses from the owners of those websites as witnesses to testify regarding their authenticity.  Instead, in support of its summary judgment motion, Keating attached its various webpage printouts to the declarations of expert witnesses Dr. David Eggleston (Dkt. # 135) and Dr. Lori Boatright (Dkt. # 133), as well as attorneys Nathan Wenk (Dkt. # 138) and Rustin Magnum (Dkt. # 139).

Those webpages should be excluded, for at least two reasons.  First, as Glidewell argues in its companion Motion in Limine No. 1, any evidence of "bruxzir" or "bruxer" usage after April of 2011 is irrelevant as a matter of law because the critical date for determining genericness is when Keating began using the KDZ Bruxer mark, in April 2011.  The second basis for exclusion is the subject of this motion, which is that none of the webpage printouts have been or can be authenticated, and they all contain hearsay.  Attached as Exhibit A is a nonexhaustive list of proposed trial exhibits within the scope of this motion.  Glidewell reserves the right to raise the same objections to additional documents that Keating may attempt to admit into evidence at trial.

16379076.3

## II.  ARGUMENT

**A.    Keating's Webpage Printouts are Inadmissible Because They Cannot Be Authenticated**

### 1.    Keating Has No Witness to Authenticate the Third Party Webpages

To properly authenticate a printout from a website, a person with first-hand knowledge of the accuracy of the material on the website must testify.  *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004); *Internet Specialties W., Inc. v. ISPWest*, 2006 WL 4568796, *1-*2 (C.D. Cal. 2006) ("To be authenticated, someone with knowledge of the accuracy of the contents of the internet print-outs must testify.").  The reason for this is that the internet is inherently unreliable:

> Anyone can put anything on the internet.  No website is monitored for accuracy and nothing contained therein is under oath or even subject to independent verification absent underlying documentation … hackers can adulterate the content on any web-site from any location at any time.  For these reasons, any evidence procured off the Internet is adequate for almost nothing ….

*Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1064. (C.D. Cal.2002).

In *Wady*, plaintiff sued to recover insurance benefits, and in plaintiff's opposition to a summary judgment motion, plaintiff relied on alleged printouts from the insurer's website.  Plaintiff attached the alleged printouts to the declaration of someone unaffiliated with the company, who testified that he obtained the copies from the insurer's website on a certain date.  *Id.* at 1064.  The court sustained the insurer's objection on the basis of lack of authentication.  *Id.*  Citing *United States v. Jackson*, 208 F.3d 633, 638 (7th Cir. 2000), the court held that, "evidence taken

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

from the Internet lack[s] authentication where the proponent [is] unable to show that the information had been posted by the organizations to which [the declarant] attributed it." *Id.*; *see also Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (applying same authenticity standards for summary judgment as are used at trial).

The court in *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769 (C.D. Cal. 2004) similarly sustained objections to alleged printouts of a website. There, plaintiffs brought a securities action against, inter alia, the CEO of Homestore.com, Inc. The CEO moved for summary judgment, and plaintiff opposed, relying on press releases printed from Homestore.com's website. The court sustained an objection on the basis of lack of authenticity, because plaintiffs attached the printouts to the declaration of someone without personal knowledge of the website from which they were obtained:

> Although the documents bear the URL address and date stamp, they are improperly authenticated by Plaintiffs' declaration. Printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under Fed.R.Evid. 902. To be authenticated, some statement or affidavit from someone with knowledge is required; for example, Homestore's web master or someone else with personal knowledge would be sufficient. The Court finds that these exhibits are not properly authenticated and are inadmissible for purposes of summary judgment.

*In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004); *see also Internet Specialties W., Inc. v. ISPWest*, 2006 WL 4568796, *1-*2 (C.D. Cal. 2006) (granting a motion in limine and excluding printouts of a third-party website, and holding that a person cannot authenticate a webpage printout by

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL No. 2
CASE NO. SACV11-01309 DOC (ANx)

visiting the website and printing a copy, but instead the print-outs must be authenticated by "someone with knowledge of the accuracy of the contents of the internet print-outs . . ."); *Costa v. Keppel Singmarine Dockyard PTE, Ltd.*, 2003 WL 24242419 *7 n.74 (C.D. Cal. 2003) (sustaining an objection to printout from Keppel Corporation's website because "[the proponent] [did] not proffer the testimony of a Keppel Corporation representative attesting that the information on the website was placed there by the corporation …").

Glidewell raised these same objections at summary judgment (Dkt. #115), and Keating responded in two ways (Dkt. #141), neither of which is meritorious.

*First*, Keating relied on two cases, both of which were reversed on appeal, that admitted webpage printouts based on an attorney declaration.  The first is *Jarritos, Inc. v. Los Jarritos*, C05-02380 JSW, 2007 WL 1302506 (N.D. Cal May 2, 2007) (reversed at 345 Fed. Appx. 215 (9th Cir. 2009)), an unpublished opinion in which the court, without discussing any of the authorities cited above, simply admitted the webpage evidence with little discussion.  The second is *Rearden LLC v. Rearden Commerce, Inc.*, 597 F. Supp. 2d 1006, 1027 (N.D. Cal. 2009) (vacated and remanded by *Rearden LLC v. Rearden Commerce, Inc.*, (9th Cir. 2012) 683 F.3d 1190).  *Rearden* similarly does not discuss the authorities cited above or address the concerns that those cases raise.[1]

*Jarritos* and *Rearden* are not persuasive authority.  Neither case addresses the serious concern that third party websites, in addition to being hacked or adulterated, can simply be scams or otherwise nonexistent entities.  As *Wady* observed,

---

[1] Keating also cited *Perfect 10, Inc. v. Cybernet Ventures, Inc.* (C.D. Cal. 2002) 213 F. Supp. 2d 1146 (C.D. Cal. 2002).  (Dkt. #141 at 3:6-28)  In *Perfect 10*, the court admited webpage printouts based on an attorney declaration at a preliminary injunction hearing, noting that there is "generally a reduced evidentiary standard in preliminary injunction motions." *Id.* at 1154.  *Perfect 10* is distinguishable and inapposite on at least the basis that it involved a preliminary injunction hearing, not a jury trial.

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

"[a]nyone can put anything on the internet." *Wady*, 216 F. Supp. 2d. at 1064. The fact that a webpage purports to show that a third party offers to sell zirconia crowns using certain words or trademarks, therefore, is insufficient foundation to establish that the purported entity *actually* exists and *actually* sells zirconia crowns, and has do so for any appreciable amount of time.

*Second*, Keating tried to distinguish *Wady* and *Homestore.com*, but based on an artificial distinction that has no basis in the cases themselves. (Dkt. #141 at 4-6) In particular, Keating contended that *Wady* and *Homestore.com* are distinguishable in that they establish a heightened authentication standard where the website belongs to the other party-litigant and is being offered as a statement of that party. This argument fails for a couple of reasons. First, the cases following *Wady* and *Homestore.com* are not so limited. *E.g.*, *Internet Specialties W., Inc. v. ISPWest*, 2006 WL 4568796, *1-*2 (C.D. Cal. 2006) (granting a motion in limine and excluding printouts of a third-party website, and holding that a person cannot authenticate a website printout by visiting the website and printing a copy, but instead the print-outs must be authenticated by "someone with knowledge of the accuracy of the contents of the internet print-outs …"). But in addition, *Wady* and *Homstore.com* nowhere discuss that concern as a basis for their holding. Rather, those cases point to the inherent unreliability of the internet as the basis for their rulings. Further, Keating's argument is unpersuasive on the merits. Where printouts of the other *party-litigant's* website is being offered, the authenticity concern is, if anything, diminished, because the other party-litigant can correct any misstatements or adulterations, or easily admit authenticity if appropriate. By contrast, where, as here, Keating offers third party webpages without any witness with personal knowledge of the contents of the websites, the authenticity concern is heightened because there is no way to verify the contents of the website or "get behind" the webpages and determine whether they were put up by a real company, selling a real product to real customers, over any appreciable (and pertinent) period

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

16379076.3

of time.

Here, Keating has not included any witnesses on its witness list who have personal knowledge of the contents of the various webpages Keating proffers and the websites from which they were drawn.  Keating could have taken third party discovery to obtain such evidence, but it elected not to do so.  Because it does not have competent evidence of authenticity, Keating cannot authenticate the alleged webpage printouts and they should be excluded.

**2.**   **Keating's Experts and Attorneys Cannot Authenticate The Webpage Printouts**

At summary judgment, Keating attempting to remedy the authenticiation problems by submitting declarations from its experts and attorneys, attesting to how they personally printed the webpages, and when.  (Dkt. #133 (Lori Boatright), 134 Dr. David Eggleston), 138 (Nathan Wenk), 139 (Rustin Mangum).  This effort does not solve the problem for Keating.

First, none of Keating's experts or attorneys have the requisite personal knowledge of the contents of the webpages or the websites from which they were printed.  Thus, the proffered testimony does not satisfy *Wady*, *Homestore.com*, and the other authorities cited above.  Personal knowledge that a given webpage was printed from a specified URL on a specified date is not equal to personal knowledge that the website from which the page was printed was put up by a real company selling a real product to real customers, over any appreciable (and pertinent) period of time.

Second, Keating cannot have its attorneys authenticate any webpages because it did not include the attorneys on its witness and, in any event, "[t]he advocate-witness rule prohibits an attorney from appearing as both a witness and an advocate in the same litigation.  This venerable rule is a necessary corollary to the more fundamental tenet of our adversarial system that juries are to ground their decisions on the facts of a case and not on the integrity or credibility of the

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

advocates.  Accordingly, adherence to this time-honored rule is more than just an ethical obligation of individual counsel; enforcement of the rule is a matter of institutional concern implicating the basic foundations of our system of justice." *United States v. Prantil*, 764 F.2d 548, 552-53 (9th Cir. 1985); *see also* California Rules of Professional Conduct, Rule 5-210 (prohibiting state bar members from acting as a witness and an advocate before a jury absent informed, written consent from the client).  Thus, even if Keating's attorneys could testify in an attempt to authenticate some of the webpage exhibits at the summary judgment stage, that is not the case at trial.

Because Keating does has no competent witnesses to authenticate the third-party webpages at trial, including, but not limited to, the exhibits listed in Exhibit A to this motion, this evidence must excluded.

**B.**     **The Webpage Printouts Are Hearsay**

Printouts of internet webpages are inadmissible to prove the truth of the matter asserted in the website.  *United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) ("The web postings were not statements made by declarants testifying at trial, and they were being offered to prove the truth of the matter asserted.  That means they were hearsay."); *Williamson v. Prince George's County, Md.*, 2011 WL 280961 (D. Md. 2011) (sustaining objection to "five printouts of internet webpages" with the "glaring" deficiency that "the internet articles are unauthenticated hearsay.…  Such articles are analogous to the newspaper articles that courts in this circuit have frequently recognized as hearsay.").  In *Jackson*, for example, the defendant tried to submit website postings in which certain groups took credit for the crime defendant was accused of.  The court excluded the website postings as hearsay being offered for the truth of the matter asserted.

Here, the webpage printouts Keating proffers are being offered to show the purported truth of the matters contained therein.  For example, Keating relies upon them to prove (a) that third party dental labs offer "all-zirconia crowns" under

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S MIL No. 2
CASE NO. SACV11-01309 DOC (ANx)

various marks (Dkt. #87-1 at ¶ 61); (b) that third party dental labs "promote their all-zirconia crowns for use by bruxers" (Dkt. #87-1 at ¶ 62); and (c) that "Glidewell [Authorized] Labs do not identify Glidewell as a source (Dkt. #87-1 at ¶¶ 66-67; Eggleston Decl. Exs. 136, 137; Keating's SOF re: cancellation 65).  Keating has contended that these webpages are not being offered for the truth of the matter asserted (Dkt. #141), but they plainly are.  Keating is not simply offering random statements made on the internet for their own sake, but instead purporting to prove that certain third parties do in fact promote all-zirconia crowns using certain words or marks.  In other words, Keating seeks to use the webpages to establish that the website operators are doing what the webpages say they are doing.  They are hearsay, and they should be excluded.

### III.  CONCLUSION

For the foregoing reasons, the Court should exclude all third party webpage printouts offered by Keating that lack authentication or contain hearsay, including, but not limited to, the documents identified on Exhibit A to this motion, and attorney argument based thereon.

Dated: January 17, 2013        SNELL & WILMER L.L.P.

By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

# EXHIBIT A

Exhibit A

| MSJ Exh No. | Trial Exh No. | Description | Bates Range |
|---|---|---|---|
| | 2023 | Computer screenshot of the website/page at http://www.delcam.tv/delcamvideo.asp?VideoId=54 - Ex. K 02/13/212 Declaration of Alison Adnan | |
| | 2054 | Assemblage of Third Party Web Sites BOATRIGHT 000056 through BOATRIGHT 000082. - Ex. 44 to the Declaration of David G. Jankowski in Support of Keatings Motions for Summary Judgment (http://www.gpsdental.com/crowns_products.htm; http://www.restorativearts.com/metalfree.html; http://www.restorativearts.com/featured.html; http://toothstudio.com/full-contour-zirconia.php; http://www.cosmetilab.com/products-services/Full%20Zirconia/index.html; http://www.mgill.co.uk/crowns.htm; http://cosmeticdentistryofsa.com/dental-implants/san-antonio-restorative-dentistry/dental-crowns/; http://opalitesmile.com/downloads/en/opalite_brochure.pdf; http://www.aurumgroup.com/files/July%202010/G251-Opalite%20C&B%20BdShtSpok_final3-5.pdf; http://www.bonadent.com/pages/products/ceramics/completez/; http://www.barthlab.com/dental-lab-productslz-brux-crown/z-brox-crown/; http://www.showcasedental.com/about/events.html; http://www.livestrong.com/article/4984-need-bruxism/; http://thecuriousdentist.com/case-study-replacing-an-rpd-on-a-bruxer/; ) | BOATRIGHT 000056-82 |

Exhibit A, Page 10

| | 2081 | a webpage of Axis Dental Milling titled "Axis Dental Milling: Bruxzir Full Contour Dental Milling" which is available at http://www.axisdentalmilling.com/bruxzir.html , Exhibit 85 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002174 through KDA-002175 |
|---|---|---|---|
| | 2085 | a webpage of Dentistry Today titled "Top 100 Products 2011" which is available at http://www.dentistrytoday.com/top100-2011-g1 , Exhibit 89 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002286 through KDA-002288 |
| | 2086 | a webpage of PRWeb titled "Glidewell Dental Lab Introduces BruxZir® Solid Zirconia Crowns and Bridges" which is available at http://www.prweb.com/releases/glidewell-dental-lab/bruxzir-dental-zirconia/prweb3622494.htm , Exhibit 90 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002295 through KDA-002296 |
| | 2089 | a webpage of Expertec Dental Laboratory, Inc., titled "Full-Z – strength, value and Michigan made" which is available at http://www.expertecdental.com/fullz.asp , Exhibit 93 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002348 |
| | 2090 | a webpage of Sun Dental Labs titled "Suntech Full Zirconia" which is available at http://www.sundentallabs.com/suntech_full_zirconia.aspx , Exhibit 94 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002381 through KDA-002382 |
| | 2091 | a webpage of Thompson Suburban Dental Laboratory titled "BruxZir Solid Zirconia" which is available at http://www.thompsonsuburban.com/bruxzir_solid_zirconia.html , Exhibit 95 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002383 |

| | | |
|---|---|---|
| 2093 | a webpage of Dental Product Shopper titled "Zir-Cast BruxZir" which is available at http://www.dentalproductshopper.com/zir-cast-bruxzir , Exhibit 97 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-004802 through KDA-004803 |
| 2094 | a webpage of Artiste Dentistry LLC titled "Artiste Dentistry LLC – Cosmetic Dentistry – Sterling, VA" which is available at http://www. Artistedentistry.com/Cosmetic-Dentistry.html , Exhibit 98 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002738 through KDA-002748 |
| 2095 | a webpage from the April 2011 edition of Inside Dentistry titled "Zir-Max® The monolithic zirconia that meets the needs of today's dentistry."  It is available at http://www.dentalaegis.com/id/2011/04/zir-max-burbank-dental-laboratory-inc , Exhibit 99 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002893 through KDA-2895 |
| 2096 | a webpage from Kastle Mills titled "NEW 3D Full Contour ZirCrown Now Available at Kastle Mills" available at http://kastlemillscorp.blogspot.com/2011/01/3d-full-contour-zircrown-now-available.html , Exhibit 100 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-003128 through KDA-3131 |
| 2097 | an informational brochure from Diadem Precision Technology titled "Diazir Full Contour Zirconia" available at http://www.diademprecision.com/products-diazir.php , Exhibit 101 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-002952 through KDA-2967 |

| | 2098 | an advertisement for a continuing education course discussing Zahn Dental's "Zirlux FC Full Contour Zirconia system." It is available at http://www.henryschein.com/us-en/images/zahn/12-1020NY-Zirlux_092412.pdf , Exhibit 102 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-003016 |
|---|---|---|---|
| | 2099 | a webpage from California Dental Arts titled "Zirfit Solid Zirconia" available at http://www.caldentalarts.com/all-ceramic/zirfit-solid-zirconia.html , Exhibit 103 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-004808 |
| | 2100 | a webpage from Somer Dental Laboratories titled "Full Contour Zir" available at http://www.somer.com/products-and-materials/attachment/ips-e-max-zircad/ , Exhibit 104 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-003242 |
| | 2101 | a webpage from Technics Dental Laboratory titled "Tech/Zir FC Full Contour Zirconia Built to Last a Lifetime" available at http://www.technicsdental.com/#!techzir-fc/czls , Exhibit 105 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-003256 |
| | 2102 | a prescription order form from Pittman Dental Laboratory in Gainesville, Georgia offering a "ZirCAM All-Zirconia Crown" available at http://www.pittmandental.com/PDFs/ScriptStand.pdf , Exhibit 106 to the November 19, 2012 Declaration of Dr. David W. Eggleston | KDA-003212 |
| 108 | 2104 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://www.infinitylaboratory.com/5073/5094.html) | KDA-002341 |

Exhibit A, Page 13

| 109 | 2105 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://cdllab.com/products_ZerisBRUX.php) | KDA-003294 throgh KDA-003295 |
|---|---|---|---|
| 110 | 2106 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://mascoladentallab.com/wp-content/themes/mascola/pdf/GreenRX_ME_Fixed_distributed.pdf) | KDA-002444 |
| 114 | 2110 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://www.gpsdental.com/crowns_products.htm) | KDA-003007 |
| 115 | 2111 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://www.hellotrade.com/china-dental-outsourcing-incorporated/bruxers-all-zirconia-dental-product.html) | KDA-002318 through KDA-002320 |
| 116 | 2112 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (www.mouvement.tv /story.php?title=bruxer-crown-%7C-solid-zirconia-crown) | KDA-002349 |
| 118 | 2114 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://dentalimplant.informe.com/forum/announcement-f5/what-is-bruxer-crown-t10.html) | KDA-002759 through KDA-002760 |
| 119 | 2115 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://cosmeticdentistryofsa.com/dental-implants/san-antonio-restorative-dentistry/dental-crowns/) | KDA-002761 through KDA-002764 |
| 120 | 2116 | The use of "Brux" or "Bruxer" to identify crowns for bruxers (http://twitter.com/pittmanlab/status/9266696359514112) | KDA-002804 |
| 121 | 2117 | The use of "Brux" to identify products used to treat bruxism (http://www.archtekinc.com/Bruxing-Splints/) | KDA-002871 |

| 122 | 2118 | The use of "Brux" to identify products used to treat bruxism (http://www.greatlakesortho.com/commerce/detail/?nPID=1766) | KDA-002891 |
|---|---|---|---|
| 123 | 2119 | The use of "Brux" to identify products used to treat bruxism (http://www.dental-mart.com/drbrnish.html) | KDA-004833 through KDA-004836 |
| 124 | 2120 | The use of "Brux" to identify products used to treat bruxism (http://www.dentalservices.net/products/occlusal-therapy/brux-ezer-a-rem-e-dezer-bruxism-splints.html) | KDA-004849 through KDA-004850 |
| 125 | 2121 | The use of "Brux" to identify products used to treat bruxism (http://devlin-design.com/projects_bruxcare.htm) | KDA-004798 |
| 127 | 2123 | The use of "Zir" to identify products made from zirconia (http://www.axisdental.com/getdoc/3ba048f1-23dd-4143-b545-f70691363374/Zirconia-Polisher.aspx) | KDA-004787 through KDA-004788 |
| 128 | 2124 | The use of "Zir" to identify products made from zirconia (http://www.cadveneers.com/ssl/zirblock.php) | KDA-004809 |
| 129 | 2125 | The use of "Zir" to identify products made from zirconia (http://www.ivoclarvivadent.com/en/products/all-ceramics/ips-emax-technicians/ips-emax-zircad) | KDA-003038 |
| 130 | 2126 | The use of "Zir" to identify products made from zirconia (http://www.ivoclarvivadent.com/en/products/all-ceramics/ips-emax-technicians/ips-emax-zirpress) | KDA-003127 |
| 131 | 2127 | The use of "Zir" to identify products made from zirconia (https://us.shop.ivoclarvivadent.com/en-us/p/shop/products/all-ceramics/ips-e_max/ips-e_max-ceram/ceram-kits/ips-e_max-ceram-zirliner-kit) | KDA-003045 |

| 132 | 2128 | The use of "Zir" to identify products made from zirconia (http://www.kuraraynoritake.com/wd/cad-cam/zirprime/) | KDA-003179 through KDA-003180 |
|---|---|---|---|
| 133 | 2129 | The use of "Zir" to identify products made from zirconia (http://www.smileline.ch/en/products/zircare) | KDA-003241 |
| 134 | 2130 | The use of "Zir" to identify products made from zirconia (http://biomet3i.com/Pdf/ART741D_Zireal_Brochure.pdf) | KDA-003300 through KDA-003303 |
| 135 | 2131 | The use of "Zir" to identify products made from zirconia (http://www.origincadcam.com/drtanaka.html) | KDA-003253 through KDA-003255 |
| | 2166 | "Axis Dental Milling: Bruxzir Full Contour Dental Milling" available at https://www.axisdentalmilling.com/bruxzir.html | KDA-002174 through KDA-002175 |
| | 2167 | "All Ceramic: All Zirconia for Bruxers" available at http://www.chinadentaloutsourcing.com/p-ceramic-bruxer.html | KDA-002237-through KDA-00224 |
| | 2169 | "Infinity Dental Laboratory: Help your dental lab grow!" available at http://www.infinitylaboratory.com/5073/5094.html | KDA-002341 |
| | 2171 | "Showcase Dental Laboratories: News" available at http://www.showcasedenta1.comlabout/events/html | KDA-002361 |
| | 2173 | "Bruxer" available at http://yorkdentallab.com/fixedlbruxzer | KDA-002445 |
| | 2174 | "Z-Brux Crowns: Bruxzir: Solid Zirconia - Barth Dental Lab" available at http://www.barthlab.com/dental-Iab-products/z-brux-crown/ | KDA-002446 through KDA-002447 |
| | 2202 | Document relied upon by Dr. Eggleston regarding Diadem Precision Technology use of Diazir (http://www.diademprecision.com/marketing/diazir_white_paper.pdf) | KDA-002951-2973 |

| | | |
|---|---|---|
| 2203 | Document relied upon by Dr. Eggleston showing use of Zir-Cut for diamond burs (https://www.safcodental.com/catalog/burs-and-diamonds/diamond-instruments-multi-use/nti-zir-cut-diamonds) | KDA-003232 |
| 2204 | Document relied upon by Dr. Eggleston showing use of Zir-Cut for diamond burs (http://www.dentalcity.com/eSource/ecom/eSource/Zir-Cut_Diamond_FG_1_Z801-018/i_0_0_377/_70-Z801018) | KDA-002943 |
| 2205 | Document relied upon by Dr. Eggleston showing use of Zir block for presintered zirconia material (http://factory.dhgate.com/dental-supplies/upcera-hiped-zirconia-post-p38299495.html) | KDA-003251 |

Exhibit A, Page 17

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 17, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S MOTION IN LIMINE #2 TO EXCLUDE WEBPAGES THAT ARE UNAUTHENTICATED OR CONTAIN HEARSAY, AND ATTORNEY ARGUMENT BASED THEREON; MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949)833-8550<br>Fax:  (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: January 17, 2013                    SNELL & WILMER L.L.P.

By: *s/Greer N. Shaw*
_____
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave
Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

- 9 -

GLIDEWELLS MIL No. 2
CASE NO. SACV11-01309 DOC (ANx)

16379076.3