SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, California 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>                              Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>                              Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC (ANx)<br>Hon. David O. Carter, Ctrm. 9D<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>Pre-Trial Conf:      January 28, 2013<br>Jury Trial:             February 26, 2013 |

# TABLE OF CONTENTS

**Page**

1.   Parties And Pleadings........................................................................1

2.   Federal Jurisdiction and Venue ....................................................1

3.   Trial Estimated ................................................................................2

4.   Jury Trial Requested .......................................................................2

5.   Admitted Facts ................................................................................2

6.   Stipulated Facts ..............................................................................3

7.   Claims, Counterclaims and Affirmative Defenses...........................3

Plaintiff .....................................................................................................3

Defendant.................................................................................................14

8.   In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:.................................................................................51

9.   Discovery Complete .......................................................................52

10.  Disclosures under Fed. R. Civ. P. 26(a)(3) ..................................52

11.  Witness Lists ..................................................................................52

12.  Law and Motion matters and motions in limine .............................53

13.  The parties do not request bifurcation of any issues for trial..........54

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Accuride Int'l, Inc. v. Accuride Corp.,*
    871 F.2d 1531 (9th Cir. 1989) ..................................................................... 48, 49

*Advertise.com v. AOL Advertising, Inc.,*
    616 F.3d 974 (9th Cir. 2010) ....................................................................... 21, 23

*AMF Inc. v. Sleekcraft Boats,*
    599 F.2d 341 (9th Cir. 1979) ....................................................................... 27, 45

*Brookfield Communications, Inc. v. West Coast Entertainment Corp.,*
    174 F.3d 1036 (9th Cir. 1999) ......................................................................... 3, 4

*Cel-Tech Commc'ns Inc. v. Los Angeles Cellular Telephone Co.,*
    20 Cal. 4th 163 (1999) ........................................................................................ 17

*Cairns v. Franklin Mint Co.,*
    292 F.3d 1139 (9th Cir. 2002) ............................................................................ 30

*Coalition for ICANN Transparency, Inc. v. VeriSign, Inc.,*
    611 F.3d 495 (9th Cir. 2010) ........................................................................ 19, 29

*Coca-Cola Co. v. Overland, Inc.,*
    692 F.2d 1250 n.10 (9th Cir. 1982) .................................................................... 18

*Cox v. Ocean View Hotel Corp.,*
    533 F.3d 1114 (9th Cir. 2008) ............................................................................ 28

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.,*
    890 F.2d 165 (9th Cir.1989) ......................................................................... 29, 30

*Filipino Yellow Pages, Inc. v. Asian Journal Publs., Inc.,*
    198 F.3d 1143 (9th Cir. 1999) ................................................................ 19, 20, 22

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.,*
    826 F.2d 837 (ith Cir. 1987) .............................................................................. 29

*Helene Curtis Indus., Inc. v. Church & Dwight Co., Inc.,*
    560 F.2d 1325 (7th Cir. 1977) ...................................................................... 18, 28

*In re Bayer Aktiengesellschaft,*
    488 F.3d 960 (Fed. Cir. 2007) ...................................................................... 20, 22

*In re The Chamber of Commerce of the United States,*
    675 F.3d 1297 (Fed. Cir. 2012) .............................................................. 20, 21, 23

*Inwood Labs., Inc. v. Ives Labs., Inc.,*
    456 U.S. 844 (1982) ........................................................................................... 23

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Japan Telecom, Inc. v. Japan Telecom Am., Inc.,*
   287 F.3d 866 (9th Cir. 2002) ................................................................. 21, 23, 29

*Juno Online Services v. Juno Lighting, Inc.,*
   979 F.Supp. 684 (N.D. Ill. 1997) ................................................................. 19

*Kellogg Co. v. National Biscuit Co.,*
   305 U.S. 11 (1938) ................................................................................ 20, 22

*KEMA, Inc. v. Koperwhats,*
   658 F.Supp.2d 1022 (N.D. Cal. 2009) ................................................................ 30

*Kierulff v. Metro. Stevedore Co.,*
   315 F.2d 839 (9th Cir. 1963) ................................................................. 27

*Levi Strauss & Co. v. Blue Bell, Inc.,*
   778 F.2d 1352(9th Cir. 1985) (................................................................. 21

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH,*
   & Go., 571 F.3d 873 (9th Cir. 2009) ................................................................. 4

*Nat. Ass'n of Realtors v. Champions Real Estate Services Inc.,*
   812 F. Supp. 2d 1251 (W.D. Wash. 2011) ................................................................. 28

*Rearden LLC v. Rearden Commerice, Inc.,*
   683 F.3d 1190 (9th Cir. 2012) ................................................................. 3

*Republic Molding Corp. v. B.W. Photo Utils.,*
   319 F.2d 347 (9th Cir.1963) ................................................................. 29

*Rudolph Int'l, Inc. v. Realys, Inc.,*
   482 F.3d 1195 (9th Cir. 2007) ................................................................. 21, 23

*Two Pesos, Inc. v. Taco Cabana, Inc.,*
   505 U.S. 763 (1992) ................................................................. 23

*Weinberger v. Romero-Barcelo,*
   456 U.S. 305 (1982) ................................................................. 4

*Wells Fargo & Co. v. Stagecoach Props., Inc.,*
   685 F.2d 302 (9th Cir.1982) ................................................................. 29

*Yellow Cab Co. of Sacramento v. Yello Cab of Elk Grov, Inc.,*
   419 F.3d 925 (9th Cir. 2005) ................................................................. 21

## FEDERAL STATUTES

15 U.S.C. § 2 ................................................................. 19

15 U.S.C. § 1051 ................................................................. 15

15 U.S.C. § 1052(e)(1) ................................................................. 20, 23

# TABLE OF AUTHORITIES
(continued)

**Page**

15 U.S.C. § 1064(3) ................................................................... 22, 24

15 U.S.C. § 1114 ................................................................................ 3

15 U.S.C. § 1114(1) ......................................................................... 16

15 U.S.C. § 1114(1)(a) .................................................................... 18

15 U.S.C § 1115(b)(7) ............................................................... 18, 28

28 U.S.C. § 1331 ................................................................................ 1

28 U.S.C. § 1338(a) ........................................................................... 1

28 U.S.C. § 1367 ............................................................................... 2

28 U.S.C. § 1391(b) .......................................................................... 2

28 U.S.C. § 1391(c) ........................................................................... 2

28 U.S.C. § 2201(a) ......................................................................... 16

46 U.S.C. § 1064(3) ................................................................... 20, 22

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 .......................................... 17, 18, 37

Cal. Bus. & Prof. Code § 17204 ...................................................... 18

**FEDERAL RULES**

Federal Rule of Civil Procedure 16 ................................................... 1

**OTHER AUTHORITIES**

Ninth Circuit Manual of Model Civil Jury Instructions No. 15.5 ....................... 3, 17

Ninth Circuit Manual of Model Civil Jury Instructions No. 15.9 ..................... 22, 24

Ninth Circuit Manual of Model Civil Jury Instructions No. 15.10 ....................... 24

Ninth Circuit Manual of Model Civil Jury Instructions No. 15.16 ....................... 27

Ninth Circuit Manual of Model Civil Jury Instructions No. 15.17 ....................... 24

Ninth Circuit Manual of Model Civil Jury Instructions No. 15.22 ....................... 30

Ninth Circuit Manual of Model Civil Jury Instructions No. 15.24-26 ..................... 4

6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair
Competition (4th ed. 2010) § 31:44. ............................................... 19

Following pretrial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-7, **IT IS ORDERED**:

1. The parties are:

   a. Plaintiff and Counterdefendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell")

   b. Defendant and Counterclaimant Keating Dental Arts, Inc. ("Keating").

Each of these parties has been served and has appeared.

The pleadings which raise the issues are:

   a. Glidewell's Complaint for (1) Infringement of a Federally Registered Trademark, (2) False Designation of Origin Under Lanham Act Section 43(a), and (3) Unfair Competition Under California Business and Professions Code and Demand for Jury Trial, filed August 30, 2011 [Dkt. #1];

   b. Keating's Second Amended Answer, Affirmative Defenses, and Counterclaims, Demand for Jury Trial, filed October 26, 2012 [Dkt. #67], as modified by Keating's abandonment of its second counterclaim for unfair competition under California common law; and

   c. Glidewell's Answer to Counterclaims of Defendant/Counter-Plaintiff Keating's Second Amended Answer to Complaint, filed October 26, 2012 [Dkt. #66].

2. Federal jurisdiction and venue are invoked upon the grounds that the claims in this action arise under the laws of the United States and both parties reside in this district. The claims at issue arise under federal trademark law, and the Court has subject matter jurisdiction over these claims under 28 U.S.C. § 1331 and 1338(a). Keating also asserts a claim and defense under California state law, for which the Court has supplemental jurisdiction under 28 U.S.C. § 1367. Venue is

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

proper in this district, and this Court has personal jurisdiction over Keating, because

defendant Keating has its principal place of business in this District.  28 U.S.C. §§

1391(b) and 1391(c).  The facts requisite to federal jurisdiction are admitted.

3.      The trial is estimated to take eight days.

4.      The trial is to be a jury trial, with certain claims and requests for relief

to be tried by the Court.  At least seven (7) days prior to the trial date

the parties shall lodge and serve by e-mail, fax, or personal delivery:

(a) proposed jury instructions as required by L.R. 51-1 and (b) any

special questions requested to be asked on voir dire.

5.      The following facts are admitted and require no proof:

a.      James R. Glidewell Dental Ceramics, Inc. ("Glidewell") is a

California corporation, with its principal place of business in

Newport Beach, California.

b.      Keating Dental Arts, Inc. ("Keating") is a California

corporation, with its principal place of business in Irvine,

California.

c.      Glidewell is a leading provider of dental restoration products to

dentists.

d.      Glidewell began marketing full contour zirconia crowns and

bridges under the BruxZir mark in June 2009.

e.      Glidewell's BruxZir mark was registered on the Principal

Register for use in connection with dental bridges, dental caps,

dental crowns, dental inlays, dental onlays, and dental

prostheses on January 19, 2010 as Reg. No. 3,739,663.

f.      Glidewell owns U.S. Trademark Reg. No. 3,739,663, and has

continuously owned U.S. Trademark Reg. No. 3,739,663 from

January 19, 2010 to the present.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

g.      Keating began marketing full contour zirconia dental crowns and bridges under the KDZ Bruxer mark on or about April 1, 2011.

6.      The following facts, though stipulated, shall be without prejudice to any evidentiary objection:  None.

7.      Claims, Counterclaims and Affirmative Defenses

**Plaintiff:**

a.      Glidewell plans to pursue the following claim against Keating:

1.      Claim 1:   Keating has infringed and continues to infringe Glidewell's rights in its federally registered Trademark Reg. No. 3,739,663 in violation of section 32(a) of the Lanham Act, § 1114;

b.      The elements required to establish Glidewell's claim are:

1.      Glidewell's Claim 1:   Infringement of Federally Registered Trademark

(a)      BruxZir is a valid, protectable trademark;

(b)      Glidewell owns the BruxZir trademark; and

(c)      Keating's use of KDZ Bruxer, without Glidewell's consent, is likely to cause consumer confusion.

*See* Ninth Circuit Manual of Model Civil Jury Instructions No. 15.5; *Rearden LLC v. Rearden Commerice, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*,  174 F.3d 1036, 1046 (9th Cir. 1999).

2.      Glidewell's Claim for Monetary Recovery

(a)      Keating had either statutory or actual notice that Glidewell's trademark was registered (Claim 1 only);

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

(b)     Keating derived profits from sales of product under the KDZ Bruxer mark; and/or

(c)     Glidewell suffered actual damages due to Keating's sales of product under the KDZ Bruxer mark.

*See* Ninth Circuit Manual of Model Civil Jury Instructions Nos. 15.24-26.

3.     Glidewell's Claim for Injunctive Relief

(a)     Glidewell will suffer irreparable injury from continued infringement;

(b)     Remedies available at law are inadequate to compensate for that injury;

(c)     Considering the balance of hardships between the Glidewell and Keating, a remedy in equity is warranted; and

(d)     The public interest would not be disserved by a permanent injunction.

*See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-313 (1982); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Go.*, 571 F.3d 873 (9th Cir. 2009); *Brookfield Communications, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036 (9th Cir. 1999).

c.     In brief, the key evidence Glidewell relies on for its claim is:

1.     Glidewell's Claim 1:  Infringement of Federally Registered Trademark

(a)     BruxZir is a valid, protectable trademark.

•     Testimony of James Shuck concerning creation of the BruxZir mark; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- Testimony of Dr. Michael DiTolla concerning creation of the BruxZir mark; advertising and promotion of the BruxZir mark and BruxZir-branded products; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; generic terms for full contour zirconia crowns; treatments for patients with bruxism; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; pronunciation of the terms "BruxZir" and "bruxer" by dental practitioners. Expert testimony concerning distinctiveness (and nongenericness) of the BruxZir mark, including that the mark is suggestive; generic terms for full contour zirconia crowns; treatments for patients with bruxism.

- Testimony of Robin Bartolo concerning use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; and operation of Glidewell's Authorized Labs program, Glidewell Direct, and Glidewell's interactions with Authorized BruxZir Labs.

- Testimony of Robin Carden concerning development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; and Glidewell's interactions with Authorized BruxZir Labs and operation of Glidewell's Authorized Labs program.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

- • Testimony of Rudy Ramirez concerning creation of the BruxZir mark; development, features, characteristics, and indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the commercial strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- • Testimony of Keith Allred concerning Glidewell's enforcement of its rights in the BruxZir mark.

- • Testimony of Ronald Goldstein, D.D.S. concerning the validity (distinctiveness and nongenericness) of the BruxZir mark; the conceptual and commercial strength of the BruxZir mark; and generic terms for full contour zirconia crowns; treatments for patients with bruxism.

- • Testimony of David Franklyn concerning the validity (distinctiveness and nongenericness) of the BruxZir mark, and the conceptual and commercial strength of the BruxZir mark.

- • Testimony of one or more of Gregory Doneff, D.D.S., Howard Cohen, D.D.S., Spencer Luke, D.M.D. , Stuart Newman, D.D.S., Thomas Bell, D.M.D., Terence Michiels, D.D.S., Kent Toca, D.D.S. , Dr. Michael Fanning, Dr. Vincent S. Cianciulli, Dr. Ilya Benjamin, Dr. Dean Saiki, Dr. Robert McNicholas, Dr. Benjamin An, Dr. Oscar Goren, Dr. Dennis A. Gaishauser, Dr. Chester A. Bizga, Dr. Valentine Ferraris, Dr. Paul Taylor, Dr. Meredith S. Esposito, or Dr. John Griffith concerning the validity of the BruxZir mark, the conceptual and commercial strength of the BruxZir mark; use of the terms "bruxer" and "bruxer crown" in the dental industry; facts indicating non-genericness of the BruxZir mark; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

- • Testimony of one or more of Scott Bigler, Glenn Yamamoto, Jacob Trachsel, or Kareen Chamberlain concerning the validity and commercial strength

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

1   of the BruxZir mark; and Glidewell Direct and Glidewell's interactions with

2   Authorized BruxZir Labs.

3   •   Testimony of Shaun Keating concerning or constituting admissions

4   that the BruxZir mark is nongeneric; advertising and promotion of the BruxZir

5   mark and BruxZir-branded products; development, features, characteristics, and

6   indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer

7   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

8   facts indicating the strength of the BruxZir mark and its indication of Glidewell

9   Laboratories as a source of goods and services.

10   •   Testimony of Robert Brandon concerning or constituting admissions

11   that the BruxZir mark is nongeneric; advertising and promotion of the BruxZir

12   mark and BruxZir-branded products; development, features, characteristics, and

13   indicated uses of BruxZir-branded products; use of the terms "bruxer" and "bruxer

14   crown" in the dental industry; facts indicating non-genericness of the BruxZir mark;

15   facts indicating the strength of the BruxZir mark and its indication of Glidewell

16   Laboratories as a source of goods and services.

17   •   Reports showing Keating marketing expenses and sales.  (Exs. 515,

18   943-46)

19   •   Documents showing Glidewell's expenses to promote and market the

20   BruxZir mark and BruxZir-branded products.  (E.g., Exs. 1550, 1564-68)

21   •   Reports showing Glidewell website statistics.  (Exs. 1549, 1551-52)

22   •   Reports showing unit sales and revenues of BruxZir brand product.

23   (Exs. 599, 1531-32, 1560-61)

24   •   List of Authorized BruxZir Labs.  (Ex. 10)

25   •   Exemplars of the BruxZir and KDZ Bruxer marks as they appear in the

26   marketplace.  (Exs. 559, 615, 948, 1171, 1176, 1488-91)

27   •   Application for the BruxZir mark by Glidewell.  (Ex. 608)

28

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

- • Documents showing examination of the BruxZir mark by the U.S. Patent and Trademark Office.  (Exs. 608, 1466, 1467)

- • Trademark Manual of Examining Procedure, 5th Ed. (excerpts).  (Ex. 1562)

- • Documents showing that the BruxZir mark does not exist in a crowded field (E.g., Exs. 618, 619)

- • Dictionary excerpts.  (E.g., Ex. 614)

- • Advertising, marketing, and promotional material for the BruxZir mark and BruxZir-branded products.  (E.g., Exs. 66-68, 562-568, 570, 575-576, 578-579, 610, 1055-1061)

- • Documents evidencing third party recognition of the BruxZir mark. (E.g., Exs. 580-591, 594-598)

- • Third party advertising and marketing material for full contour zirconia crowns.  (E.g., Exs. 560, 1452)

- • Documents evidencing Glidewell's efforts to protect the BruxZir mark. (E.g., Exs. 141, 146-151)

- • Documents evidencing Keating's first use of the KDZ Bruxer mark in the marketplace.  (E.g., Ex. 1342)

- • Documents evidencing that neither "bruxzir crown" nor "bruxer crown" were generic terms for full contour zirconia crowns prior to April 2011. (E.g., Ex. 2140)

- • Documents evidencing Glidewell's sales, revenues, and gross profit of BruxZir crowns.  (E.g., Exs. 1531, 1532, 1560, 1561, 1566, 1567, 1568)

(b)     Glidewell owns the BruxZir trademark.

- • Testimony of Keith Allred concerning Glidewell's ownership of the BruxZir mark and Trademark Reg. No. 3,739,663.

- • Registration of the BruxZir mark by the U.S. Patent and Trademark Office.  (Ex. 607).

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

1               (c)      Keating's use of KDZ Bruxer, without Glidewell's

2            consent, is likely to cause consumer confusion.

3        •     Testimony of James Shuck concerning creation of the BruxZir mark;

4    advertising and promotion of the BruxZir mark and BruxZir-branded products;

5    development, features, characteristics, and indicated uses of BruxZir-branded

6    products; facts indicating the strength of the BruxZir mark and its indication of

7    Glidewell Laboratories as a source of goods and services; facts relating to

8    likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the

9    commercial strength of the BruxZir mark; the proximity of the goods marketed

10   under the BruxZir and KDZ Bruxer marks; the channels through which BruxZir and

11   KDZ Bruxer brand goods are marketed; the type of goods marketed under those

12   marks; and the degree of care typically used in selecting a particular brand of such

13   goods.

14       •     Testimony of Dr. Michael DiTolla concerning creation of the BruxZir

15   mark; advertising and promotion of the BruxZir mark and BruxZir-branded

16   products; facts indicating the strength of the BruxZir mark and its indication of

17   Glidewell Laboratories as a source of goods and services; facts relating to

18   likelihood of confusion between the BruxZir mark and "KDZ Bruxer";

19   pronunciation of the terms "BruxZir" and "bruxer" by dental practitioners; the

20   commercial strength of the BruxZir mark; the proximity of the goods marketed

21   under the BruxZir and KDZ Bruxer marks; the channels through which BruxZir and

22   KDZ Bruxer brand goods are marketed; the type of goods marketed under those

23   marks; and the degree of care typically used in selecting a particular brand of such

24   goods.  Expert testimony concerning distinctiveness of the BruxZir mark, including

25   that the mark is suggestive.

26       •     Testimony of Nicole Fallon concerning one or more instances of actual

27   confusion.

28

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

1    •    Testimony of Robin Bartolo concerning development, features, characteristics, and indicated uses of BruxZir-branded products; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; and operation of Glidewell's Authorized Labs program, Glidewell Direct, and Glidewell's interactions with Authorized BruxZir Labs.

•    Testimony of Robin Carden concerning development, features, characteristics, and indicated uses of BruxZir-branded products; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; Glidewell's interactions with Authorized BruxZir Labs and operation of Glidewell's Authorized Labs program; and commercial strength of the BruxZir mark, including technical and educational presentations concerning BruxZir brand product.

•    Testimony of Rudy Ramirez concerning creation of the BruxZir mark; development, features, characteristics, and indicated uses of BruxZir-branded products; facts indicating the commercial strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services.

•    Testimony of Keith Allred concerning Glidewell's enforcement of its rights in the BruxZir mark.

•    Testimony of Ronald Goldstein, D.D.S. concerning the conceptual and commercial strength of the BruxZir mark; the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand goods are marketed; the type of goods marketed under those marks; the degree of care typically used in selecting a particular brand of such goods; and the likelihood of confusion resulting from Keating's use of KDZ Bruxer.

•    Testimony of David Franklyn concerning the conceptual and commercial strength of the BruxZir mark; the proximity of the goods marketed

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

under the BruxZir and KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand goods are marketed; the type of goods marketed under those marks; the degree of care typically used in selecting a particular brand of such goods; and the likelihood of confusion resulting from Keating's use of KDZ Bruxer.

- Testimony of one or more of Gregory Doneff, D.D.S., Howard Cohen, D.D.S., Spencer Luke, D.M.D., Stuart Newman, D.D.S., Thomas Bell, D.M.D., Terence Michiels, D.D.S., Kent Toca, D.D.S. , Dr. Michael Fanning, Dr. Vincent S. Cianciulli, Dr. Ilya Benjamin, Dr. Dean Saiki, Dr. Robert McNicholas, Dr. Benjamin An, Dr. Oscar Goren, Dr. Dennis A. Gaishauser, Dr. Chester A. Bizga, Dr. Valentine Ferraris, Dr. Paul Taylor, Dr. Meredith S. Esposito, or Dr. John Griffith

- Testimony of one or more of Scott Bigler, Glenn Yamamoto, Jacob Trachsel, or Kareen Chamberlain concerning Glidewell Direct and Glidewell's interactions with Authorized BruxZir Labs; and concerning dentists' interactions with Authorized BruxZir Labs.

- Testimony of Shaun Keating concerning advertising and promotion of the KDZ Bruxer mark and KDZ Bruxer-branded products; development, features, characteristics, and indicated uses of KDZ Bruxer-branded products; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark; the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand goods are marketed; Keating's intent in selecting the KDZ Bruxer mark; the type of goods marketed under those marks; and the degree of care typically used in selecting a particular brand of such goods.

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

- Testimony of Robert Brandon concerning advertising and promotion of the KDZ Bruxer mark and KDZ Bruxer-branded products; development, features, characteristics, and indicated uses of KDZ Bruxer-branded products; facts indicating the strength of the BruxZir mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BruxZir mark and "KDZ Bruxer"; the commercial strength of the BruxZir mark; the proximity of the goods marketed under the BruxZir and KDZ Bruxer marks; the channels through which BruxZir and KDZ Bruxer brand goods are marketed; Keating's intent in selecting the KDZ Bruxer mark; the type of goods marketed under those marks; and the degree of care typically used in selecting a particular brand of such goods.

- Reports showing Keating marketing expenses and sales.  (Exs. 515, 943-46)

- Documents showing Glidewell's expenses to promote and market the BruxZir mark and BruxZir-branded products.  (E.g., Exs. 1550, 1564-68)

- Reports showing Glidewell website statistics.  (Exs. 1549, 1551-52)

- Reports showing unit sales and revenues of BruxZir brand product. (Exs. 599, 1531-32, 1560-61)

- List of Authorized BruxZir Labs.  (Ex. 10)

- Exemplars of the BruxZir and KDZ Bruxer marks as they appear in the marketplace.  (Exs. 559, 615, 948, 1171, 1176, 1488-91)

- Call note report, and invoice and fax transmittal, regarding contact with Dr. Le's office.  (Exs. 556-57)

- Keating prescription forms and lab notes.  (Exs. 569, 1052, 1121, 1139, 1142, 1160)

- Application for the BruxZir mark by Glidewell.  (Ex. 608)

- Documents showing examination of the BruxZir mark by the U.S. Patent and Trademark Office.  (Exs. 608, 1466, 1467)

16340301.9

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1       •       Trademark Manual of Examining Procedure, 5th Ed. (excerpts).  (Ex.
2       1562)

3       •       Registration of the BruxZir mark by the U.S. Patent and Trademark
4       Office.  (Ex. 607)

5       •       Documents showing that the BruxZir mark does not exist in a crowded
6       field (E.g., Exs. 618, 619)

7       •       Dictionary excerpts.  (E.g., Ex. 614)

8       •       Advertising, marketing, and promotional material for the BruxZir
9       mark and BruxZir-branded products.  (E.g., Exs. 66-68, 562-568, 570, 575-576,
10      578-579, 610, 1055-1061)

11      •       Documents evidencing third party recognition of the BruxZir mark.
12      (E.g., Exs. 580-591, 594-598)

13      •       Keating advertising and marketing material for KDZ Bruxer mark and
14      BruxZir-branded products.  (E.g., Exs. 570, 574)

15      •       Third party advertising and marketing material for full contour
16      zirconia crowns.  (E.g., Exs. 560, 1452)

17      •       Documents evidencing Glidewell's efforts to protect the BruxZir mark.
18      (E.g., Exs. 141, 146-151)

19      •       Documents evidencing Keating's first use of the KDZ Bruxer mark in
20      the marketplace.  (E.g., Ex. 1342)

21      •       Documents evidencing that neither "bruxzir crown" nor "bruxer
22      crown" were generic terms for full contour zirconia crowns prior to April 2011.
23      (E.g., Ex. 2140)

24      •       Documents evidencing Glidewell's sales, revenues, and gross profit of
25      BruxZir crowns.  (E.g., Exs. 1531, 1532, 1560, 1561, 1566, 1567, 1568)

26      •       Documents evidencing Keating's sales, revenues, and gross profit of
27      its KDZ Bruxer crowns.  (E.g., Ex. 1051)

28

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

1    In addition, out of an abundance of caution, Glidewell lists some of the key

2  evidence that it relies on in support of the remedies that it requests, including an

3  award of damages, an award of Keating's profits, and an injunction.

4    •    Testimony of Glenn Sasaki concerning Glidewell's damages and

5  Keating's profits.

6    •    Testimony of Diane Donich concerning Keating's sales of and profits

7  from sales of product under the KDZ Bruxer mark.

8    •    Testimony of James Shuck concerning irreparable harm suffered by

9  Glidewell as a result of Keating's ongoing infringement.

10    •    Testimony of Dr. Michael DiTolla concerning irreparable harm

11  suffered by Glidewell as a result of Keating's ongoing infringement.

12    •    Documents evidencing Glidewell's sales, revenues, and gross profit of

13  BruxZir crowns.  (E.g., Exs. 1531, 1532, 1560, 1561, 1566, 1567, 1568)

14    •    Documents evidencing Keating's sales, revenues, and gross profit of

15  its KDZ Bruxer crowns.  (E.g., Ex. 1051)

16    d.    **Defendant:**

17         Keating plans to pursue the following counterclaims and

18         affirmative defenses against Glidewell:

19         1.    Counterclaim 1:   Defendant seeks declaratory judgment

20              from this Court that its trademark KDZ BRUXER (both

21              in plain text and stylized logo) does not infringe on any

22              protectable rights of Plaintiff, including under 15 U.S.C. §

23              1051 *et seq*;

24         2.    Counterclaim 2:   Plaintiffs' efforts to preclude Defendant

25              and other competitors from using BRUX or any BRUX-

26              based term as part of a trademark for zirconia dental

27              crowns and other dental restorations constitute unfair

28              competition in violation of California Business &

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Professions Code §17200 *et seq.*, and the common law of California;

3.   Counterclaim 3:   Plaintiff's present litigation against Defendant and Plaintiff's attempts to prevent Defendant and others from using the generic terms BRUX and/or BRUXER in the marketplace constitute a misuse of trademark; and

4.   Counterclaim 4:   Due to the generic-ness and/or commonly descriptive nature of the terms "bruxer" and "bruxzir," Trademark Registration No. 3,739,663 (Plaintiff's BRUXZIR trademark) is invalid and must be cancelled.

5.   Affirmative Defense 1: Bruxer is a generic and/or descriptive term within the dental industry and Plaintiff cannot preclude Defendant from using it.  Additionally, BRUXZIR is phonetically equivalent with the generic term BRUXER and is therefore invalid and/or unenforceable;

6.   Affirmative Defense 2:  Defendant's trademarks "KDZ BRUXER" and are  not confusingly similar to Plaintiff's alleged BRUXZIR trademark.

7.   Affirmative Defense 3:  Plaintiff is estopped from asserting that any rights that it may have in the trademark BRUXZIR are so broad as to cover or include competitors' use of the words BRUX or BRUXER within those competitors' trademarks because Plaintiff intentionally chose to adopt, use, and register the

- 15 -

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

1    trademark BRUXZIR, and NOT the words BRUX or

2    BRUXER.

3    8.    Affirmative Defense 4:  Plaintiff's efforts to prevent

4    competitors from using the generic term BRUX (and

5    related terms such as BRUXER) constitute unfair

6    competition, restraint of trade, and/or misuse of a

7    trademark, and result in Plaintiff coming to this Court

8    with unclean hands.

9    9.    Affirmative Defense 5:  Defendant's use of the terms

10    "Bruxer" and/or "Bruxzir" constitutes fair use.

11    e.    The elements required to establish Keating's counterclaims and

12    affirmative defenses are:

13    1.    Keating's Counterclaim 1: Declaration that Defendant did

14    not violate 15 U.S.C. § 1114(1) of the Lanham Act:

15    (a)    To be awarded declaratory relief, Defendant must

16    establish there is "a case of actual controversy"

17    within this Court's jurisdiction.  28 U.S.C. §

18    2201(a).

19    (b)    To establish Defendant did not infringe on

20    Plaintiff's BRUXZIR trademark, Defendant must

21    show that Plaintiff's BRUXZIR mark does not

22    satisfy one or more of the following elements of

23    Plaintiff's claim for trademark infringement under

24    the Lanham Act: (1) BRUXZIR® is a valid

25    protectable trademark; (2) Plaintiff owns

26    BRUXZIR® as trademark; and (3) Defendant used

27    a mark similar to BRUXZIR® without the consent

28    of the plaintiff in a manner that is likely to cause

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.  *See* Ninth Cir. Manual of Model Civil Jury Instructions § 15.5 (2010).

DISPUTED:   Glidewell disputes that Defendant must use a mark similar to BruxZir in any particular "manner" in order to violate 15 U.S.C. § 1114(1)(a), which is the provision at issue in this suit.  The statute merely requires that Defendant's use be "likely to cause confusion, or to cause mistake, or to deceive." In addition, Glidewell disputes that Defendant must use its mark so as to cause confusion as to "the source, sponsorship, affiliation, or approval of the goods." Section 1114(1)(a) includes no such requirement.

  2. Keating's Counterclaim 2:  Violation of California Business and Professions Code § 17200 *et seq*. are the same Elements Required to Establish Defendant's Counterclaims 3 (Trademark Misuse) and 4 (Invalidity of Plaintiff's Trademark)

   (a) "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable."  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999).

   (b) Thus, the analysis and elements for Defendant's counterclaim of unfair competition under California Business and Professions Code § 17200 *et seq*. are the same as the analysis and elements for Defendant's Counterclaims 3 and 4.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

DISPUTED:   Glidewell disputes that the elements from Keating's Counterclaim 2 are limited to those of its Counterclaims 3 and 4.  In addition to the elements of Counterclaims 3 and 4, Counterclaim 2, requires as an element of the cause of action that Keating show that it has suffered injury in fact and lost money or property as a result of the unfair competition.  *See* Cal. Bus. & Prof. Code §§ 17200, 17204.

        3.      Keating's Counterclaim 3:  Misuse of Trademark

        (a)     A claim of trademark misuse is made applicable by section 33(b)(7) of the Lanham Act (15 U.S.C § 1115(b)(7)), which provides that the certificate of trademark registration shall be conclusive evidence of the registrant's exclusive right to use the trademark except when "the mark has been or is being used to violate the antitrust laws of the United States."  *Helene Curtis Indus., Inc. v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1336 (7th Cir. 1977) (en banc).[1]

        (b)     Here, Plaintiff has used, and is using, its BRUXZIR registration in an unlawful attempt to prevent Defendant and others from using the generic terms BRUX and/or BRUXER in the marketplace.  By its actions, Plaintiff has been, and is attempting to, unfairly compete by asserting an invalid and/or unenforceable trademark in an attempt to

---

[1] The Seventh Circuit's en banc decision in *Helene Curtis* is cited because there is no relevant decision issued by the Ninth Circuit and *Helene Curtis* is widely regarded as the seminal case authority on the elements of trademark misuse.  The Ninth Circuit and the federal trial courts under its jurisdiction have regularly cited the *Helene Curtis* decision on similar and other grounds.  *E.g.*, *Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250, 1254 n.10 (9th Cir. 1982).

Snell & Wilmer

—— L.L.P. ——

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1    unlawfully monopolize the market for zirconia

2    dental crowns.  To establish a claim of

3    monopolization in violation of antitrust laws,

4    Defendant must prove: (1) "that [Plaintiff] has

5    engaged in predatory or anticompetitive conduct";

6    (2) with a specific intent to monopolize; and (3)

7    dangerous probability of achieving monopoly

8    power.  *Coalition for ICANN Transparency, Inc. v.*

9    *VeriSign, Inc.*, 611 F.3d 495, 506 (9th Cir. 2010);

10   Sherman Act § 2 *et seq.* (15 U.S.C. § 2).

11    DISPUTED:   Trademark misuse is not a recognized or cognizable cause of

12   action; accordingly, elements to prove this claim do not exist.  *See, e.g., Juno*

13   *Online Services v. Juno Lighting, Inc.*, 979 F.Supp. 684 (N.D. Ill. 1997); 6 J.

14   Thomas McCarthy, McCarthy on Trademarks and Unfair Competition (4th ed.

15   2010) § 31:44.

16    In addition, Defendant fails to clearly articulate the elements of any cause of

17   action for trademark misuse.  [Dkt. # 199 ("Defendant/Counter-Plaintiff Keating

18   Dental Arts, Inc.'s Memorandum of Contentions of Fact and Law") pp. 10-11.]

19            4.    Keating's Counterclaim 4:  Cancellation of Plaintiff's

20                  BRUXZIR Trademark as Invalid

21            (a)    To establish that Plaintiff's BRUXZIR trademark is

22                  invalid due to generic-ness, Defendant must

23                  establish that "the primary significance of the

24                  [BRUXZIR] trademark [to the prospective

25                  purchaser] is to describe the type of product rather

26                  than the producer."  *Filipino Yellow Pages, Inc. v.*

27                  *Asian Journal Publs., Inc.*, 198 F.3d 1143, 1147

28

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

1    (9th Cir. 1999) (citation omitted); *see also Kellogg*

2    *Co. v. National Biscuit Co.*, 305 U.S. 111, 118-119

3    (1938); *accord* 46 U.S.C. § 1064(3).

4    (b)    To establish that the Plaintiff's BRUXZIR

5    trademark is invalid due to the commonly

6    descriptive nature of the terms "bruxer" and

7    "bruxzir," Defendant must establish the terms

8    "bruxer" and "bruxzir" "immediately convey []

9    knowledge of a quality, feature, function or

10   characteristic of the goods or services with which

11   [they are] used." *In re Bayer Aktiengesellschaft*,

12   488 F.3d 960, 963 (Fed. Cir. 2007) (emphasis

13   omitted); *accord* 15 U.S.C. § 1052(e)(1) ("No

14   trademark by which the goods of the applicant may

15   be distinguished from the goods of others shall be

16   refused registration on the principal register on

17   account of its nature unless it--Consists of a mark

18   which (1) when used on or in connection with the

19   goods of the applicant is merely descriptive or

20   deceptively misdescriptive of them[.]").

21   (c)    To be determined merely descriptive and not

22   entitled to registration, it is sufficient to find that

23   the mark "immediately conveys information about

24   one feature or characteristic of at least one of the

25   designated" goods or services within the applicant's

26   trademark applications.  *In re The Chamber of*

27   *Commerce of the United States*, 675 F.3d 1297,

28   1298-1301 (Fed. Cir. 2012) (affirming TTAB

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1  decision that the term "National Chamber" was

2  merely descriptive); *Advertise.com*, 616 F.3d at

3  982; *Japan Telecom, Inc. v. Japan Telecom Am.,*

4  *Inc.*, 287 F.3d 866 (9th Cir. 2002).

5  (d)  Defendant mush also establish that BRUXZIR has

6  not acquired "secondary meaning. *Rudolph Int'l,*

7  *Inc. v. Realys, Inc.*, 482 F.3d 1195, 1196-98 (9th

8  Cir. 2007) ("Descriptive terms 'generally do not

9  enjoy trademark protection' but may be protected if

10  they acquire 'secondary meaning' in the minds of

11  consumers, *i.e.*, [they] become distinctive of the

12  trademark applicant's goods in commerce.")  The

13  Ninth Circuit has enunciated a four-element test the

14  finder of fact may consider to determine whether a

15  mark has obtained secondary meaning, including:

16  "(1) whether actual purchasers of the product

17  bearing the claimed trademark associate the

18  trademark with the producer, (2) the degree and

19  manner of advertising under the claimed trademark,

20  (3) the length and manner of use of the claimed

21  trademark, and (4) whether use of the claimed

22  trademark has been exclusive." *Yellow Cab Co. of*

23  *Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419

24  F.3d 925, 930 (9th Cir. 2005) (citing *Levi Strauss*

25  *& Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1358 (9th

26  Cir. 1985) (en banc)).

27

28

16340301.9

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1    DISPUTED:   To establish that the BruxZir mark is generic, Keating must

2    overcome the mark's strong presumption of validity.  *Zobmondo Enter., LLC v.*

3    *Falls Media, LLC,* 602 F.3d 1108, 1113, 1121 (9th Cir. 2010).  Keating must prove

4    that "'consumers understand the word to refer only to a particular producer's

5    goods [rather than] to refer to the goods themselves.'"  *Yellow Cab Co. of*

6    *Sacramento v. Yellow Cab Co. of Elk Grove, Inc.,* 419 F.3d 925, 929 (9th Cir.

7    2005).  If a buyer understands the term to be identified with a particular producer's

8    goods, it is not generic.  *Id.*  This so even if the source is anonymous to consumers.

9    *See* 15 U.S.C. § 1127; *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81

10   F.3d 881, 887 (9th Cir. 1996); 2 McCarthy on Trademarks & Unfair Comp., § 15:8

11   (4th ed.).  "A registered mark shall not be deemed to be the generic name of goods

12   or services solely because such mark is also used as a name of or to identify a

13   unique product or service.  The primary significance of the registered mark to the

14   relevant public rather than purchaser motivation shall be the test for determining

15   whether the registered mark has become the generic name of goods or services on

16   or in connection with which it has been used."  15 U.S.C. § 1064(3); *see also*

17   Ninth Circuit Manual of Model Civil Jury Instructions Nos. 15.9.  "The crucial

18   date for the determination of genericness is the date on which the alleged infringer

19   entered the market with the disputed mark or term."  *Yellow Cab, Inc.*, 419 F.3d at

20   928; *see also Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 744

21   (2d Cir. 1998); McCarthy § 12:17.50.

22       To establish that the BruxZir mark is descriptive and lacks secondary

23   meaning, Keating must prove that no mental leap is required to understand the

24   mark's relationship to the product.  *Zobmondo*, 602 F.3d at 1116.  The mental leap

25   must be almost instantaneous.  *Self-Realization Fellowship Church* v. *Ananda*

26   *Church of Self-Realization*, 59 F.3d 902, 911 (9th Cir. 1995).  Glidewell agrees

27   that Keating must prove that the BurxZir mark has not acquired "secondary

28   meaning."  *See* Ninth Circuit Manual of Model Civil Jury Instructions Nos. 15.10,

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

15.17.  Determining whether a descriptive mark has secondary meaning requires consideration of ( 1) whether actual purchasers of the product bearing the mark associate the mark with the producer; (2) the degree and manner of advertising under the mark; (3) the length and manner of use of the mark; and ( 4) whether the use of the mark has been exclusive.  *Yellow Cab*, 419 F.3d at 930.  Additional pertinent factors include the mark holder's amount of sales and number of customers, and intentional copying by the infringer.  *Filipino Yellow Pages, Inc. v. Asian Journal Pub'ns, Inc.,* 198 F.3d 1143, 1151 (9th Cir. 1999).

5.   Keating's Affirmative Defense 1:  BRUXER is generic and/or commonly descriptive term; BRUXZIR trademark is invalid due to generic-ness

(a)   To establish that BRUXER is generic such that Plaintiff may not preclude Defendant from using it, Defendant must establish that "the primary significance of the [BRUXZIR] trademark [to the prospective purchaser] is to describe the type of product rather than the producer."  *Filipino Yellow Pages*, 198 F.3d at 1147 (citation omitted); see also *Kellogg*, 305 U.S. at 118-119; 46 U.S.C. § 1064(3).

(b)   To establish that BRUXOR is merely descriptive such that Plaintiff may not preclude Defendant from using it, Defendant must establish the terms "bruxer" and "bruxzir" "immediately convey [] knowledge of a quality, feature, function or characteristic of the goods or services with which [they are] used."  *In re Bayer Aktiengesellschaft*, 488 F.3d at 963 (emphasis omitted); accord 15 U.S.C. § 1052(e)(1).  To be determined merely

Snell & Wilmer
———— L.L.P. ————
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1   descriptive and not entitled to registration, it is

2   sufficient to find that the mark "immediately

3   conveys information about one feature or

4   characteristic of at least one of the designated"

5   goods or services within the applicant's trademark

6   applications. *In re The Chamber of Commerce of*

7   *the United States*, 675 F.3d at 1298-1301 (affirming

8   *TTAB* decision that the term "National Chamber"

9   was merely descriptive); *Advertise.com, Inc. v.*

10  *AOL Advertising, Inc.*, 616 F.3d 974, 982 (9th Cir.

11  2010); *Japan Telecom*, 287 F.3d at 866.  Defendant

12  must also establish that BRUXZIR has not acquired

13  "secondary meaning.  *Rudolph Int'l*, 482 F.3d at

14  1196-98 ("Descriptive terms 'generally do not

15  enjoy trademark protection' but may be protected if

16  they acquire 'secondary meaning' in the minds of

17  consumers, i.e., [they] become distinctive of the

18  trademark applicant's goods in commerce.")  "To

19  establish secondary meaning, a manufacturer must

20  show that, in the minds of the public, the primary

21  significance of a product feature or term is to

22  identify the source of the product rather than the

23  product itself." *Two Pesos, Inc. v. Taco Cabana,*

24  *Inc.*, 505 U.S. 763, 766 (1992) (citing *Inwood*

25  *Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844 (1982)).

26  (c)   Because Plaintiff's BRUXZIR is phonetically

27          equivalent to BRUXER, Defendant can establish

28          that Plaintiff's BRUXZIR trademark is invalid

- 24 -

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1    and/or unenforceable by also establishing

2    BRUXER is a generic and/or merely descriptive

3    term.

4        DISPUTED:   To establish that the BruxZir mark is generic, Keating must

5    overcome the mark's strong presumption of validity. *Zobmondo Enter., LLC v.*

6    *Falls Media, LLC,* 602 F.3d 1108, 1113, 1121 (9th Cir. 2010).  Keating must prove

7    that "'consumers understand the word to refer only to a particular producer's

8    goods [rather than] to refer to the goods themselves.'" *Yellow Cab Co. of*

9    *Sacramento v. Yellow Cab Co. of Elk Grove, Inc.,* 419 F.3d 925, 929 (9th Cir.

10   2005).  If a buyer understands the term to be identified with a particular producer's

11   goods, it is not generic. *Id.*  This so even if the source is anonymous to consumers.

12   *See* 15 U.S.C. § 1127; *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81

13   F.3d 881, 887 (9th Cir. 1996); 2 McCarthy on Trademarks & Unfair Comp., § 15:8

14   (4th ed.).  "A registered mark shall not be deemed to be the generic name of goods

15   or services solely because such mark is also used as a name of or to identify a

16   unique product or service.  The primary significance of the registered mark to the

17   relevant public rather than purchaser motivation shall be the test for determining

18   whether the registered mark has become the generic name of goods or services on

19   or in connection with which it has been used."  15 U.S.C. § 1064(3); *see also*

20   Ninth Circuit Manual of Model Civil Jury Instructions Nos. 15.9.  "The crucial

21   date for the determination of genericness is the date on which the alleged infringer

22   entered the market with the disputed mark or term." *Yellow Cab, Inc.*, 419 F.3d at

23   928; *see also Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 744

24   (2d Cir. 1998); McCarthy § 12:17.50.

25       To establish that the BruxZir mark is descriptive and lacks secondary

26   meaning, Keating must prove that no mental leap is required to understand the

27   mark's relationship to the product. *Zobmondo*, 602 F.3d at 1116.  The mental leap

28   must be almost instantaneous. *Self-Realization Fellowship Church* v. *Ananda*

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

*Church of Self-Realization,* 59 F.3d 902, 911 (9th Cir. 1995).  Glidewell agrees that Keating must prove that the BurxZir mark has not acquired "secondary meaning."  *See* Ninth Circuit Manual of Model Civil Jury Instructions Nos. 15.10, 15.17.  Determining whether a descriptive mark has secondary meaning requires consideration of ( 1) whether actual purchasers of the product bearing the mark associate the mark with the producer; (2) the degree and manner of advertising under the mark; (3) the length and manner of use of the mark; and (4) whether the use of the mark has been exclusive.  *Yellow Cab*, 419 F.3d at 930.  Additional pertinent factors include the mark holder's amount of sales and number of customers, and intentional copying by the infringer.  *Filipino Yellow Pages, Inc. v. Asian Journal Pub'ns, Inc.,* 198 F.3d 1143, 1151 (9th Cir. 1999).

Glidewell disputes that BruxZir is phonetically equivalent to Bruxer, and that Defendant can establish that Glidewell's BruxZir trademark is invalid and/or unenforceable if BRUXER is a generic and/or merely descriptive term.

      6.      Keating's Affirmative Defense 2: No Likelihood of Confusion

      (a)      To establish that Defendant's use of the KDZ BRUXER mark does not cause a likelihood of confusion as to the source of Defendant's or Plaintiff's goods, Defendant must generally demonstrate that the following non-exclusive factors of the Sleekcraft test weigh in Defendant's favor:

      (b)      <u>Strength or Weakness of the Plaintiff's Mark</u>.  The more the consuming public recognizes the plaintiff's trademark as an indication of origin of the plaintiff's goods, the more likely it is that consumers would be confused about the source of

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

the defendant's goods if the defendant uses a
similar mark.

(c) <u>Defendant's Use of the Mark</u>.  If the defendant and
plaintiff use their trademarks on the same, related,
or complementary kinds of goods, there may be a
greater likelihood of confusion about the source of
the goods than otherwise.

(d) <u>Similarity of Plaintiff's and Defendant's Marks</u>.  If
the overall impression created by the plaintiff's
trademark in the marketplace is similar to that
created by the defendant's trademark in
appearance, sound, or meaning, there is a greater
chance that the relevant consumers are likely to be
confused by defendant's use of a mark.

(e) <u>Actual Confusion</u>.  If use by the defendant of the
plaintiff's trademark has led to instances of actual
confusion, this strongly suggests a likelihood of
confusion.  However actual confusion is not
required for a finding of likelihood of confusion.
Even if actual confusion did not occur, the
defendant's use of the trademark may still be likely
to cause confusion.  As the Court considers whether
the trademark used by the defendant creates for
consumers a likelihood of confusion with the
plaintiff's trademark, the Court should weigh any
instances of actual confusion against the
opportunities for such confusion. If the instances of
actual confusion have been relatively frequent, the

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

Court may find that there has been substantial actual confusion. If, by contrast, there is a very large volume of sales, but only a few instances of actual confusion, the Court may find that there has not been substantial actual confusion.

(f)   <u>Defendant's Intent</u>.  Knowing use by defendant of the plaintiff's trademark to identify similar goods may strongly show an intent to derive benefit from the reputation of the plaintiff's mark, suggesting an intent to cause a likelihood of confusion.  On the other hand, even in the absence of proof that the defendant acted knowingly, the use of plaintiff's trademark to identify similar goods may indicate a likelihood of confusion.

(g)   <u>Marketing/Advertising Channels</u>.  If the plaintiff's and defendant's goods are likely to be sold in the same or similar stores or outlets, or advertised in similar media, this may increase the likelihood of confusion.

(h)   <u>Consumer's Degree of Care</u>.  The more sophisticated the potential buyers of the goods or the more costly the goods, the more careful and discriminating the reasonably prudent purchaser exercising ordinary caution may be.  They may be less likely to be confused by similarities in the plaintiff's and defendant's trademarks.

(i)   <u>Product Line Expansion</u>.  When the parties' products differ, the Court may consider how likely

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1    the plaintiff is to begin selling the products for

2    which the defendant is using the plaintiff's

3    trademark.  If there is a strong possibility of

4    expanding into the other party's market, there is a

5    greater likelihood of confusion.

6    (j)    *See* Ninth Cir. Manual of Model Civil Jury

7    Instructions § 15.16 (2010);  *AMF Inc. v. Sleekcraft*

8    *Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

9    DISPUTED:   The Sleekcraft factors (items (b) to (j) above) are not elements

10   of the cause of action for infringement of a registered mark, but rather are merely

11   factors that the courts look to for guidance in determining whether the alleged

12   infringer's use of the accused mark is likely to cause confusion.  The elements of a

13   claim for infringement of a registered mark are set forth above at page 3, section

14   7(b).

15   7.    Keating's Affirmative Defense 3: Estoppel

16   (a)    There are four elements for the affirmative defense

17   of estoppel: (1) Plaintiff communicated something

18   in a misleading way, either by words, conduct or

19   silence; (2) Defendant relied upon that

20   communication; (3) Defendant was ignorant of the

21   matter asserted by Plaintiff; and (4) Defendant

22   would be harmed materially if the other party is

23   permitted to assert any claim inconsistent with his

24   earlier conduct. *See Kierulff v. Metro. Stevedore*

25   *Co.*, 315 F.2d 839, 842 (9th Cir. 1963).

26   DISPUTED:   The elements of the affirmative defense of estoppel are:

27   a.    Glidewell must be apprised of the facts;

28

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

Snell & Wilmer
_____
L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

b.    Glidewell must intend that its conduct shall be acted upon, or  must so act that Keating has a right to believe it was so intended;

c.    Keating must be ignorant of the true state of facts; and

d.    Keating must justifiably rely upon the conduct to its injury.

*See Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1123 (9th Cir. 2008); *Nat. Ass'n of Realtors v. Champions Real Estate Services Inc.*, 812 F. Supp. 2d 1251, 1262 (W.D. Wash. 2011).

8.    Keating's Affirmative Defense 4: Misuse of Trademark/Unclean Hands/Unfair Competition

(a)    The affirmative defense of trademark misuse is made applicable by section 33(b)(7) of the Lanham Act (15 U.S.C. § 1115(b)(7)), which provides that the certificate of trademark registration shall be conclusive evidence of the registrant's exclusive right to use the trademark except when "[t]hat the mark has been or is being used to violate the antitrust laws of the United States." *Helene Curtis Indus.*, 560 F.2d at 1336.

(b)    Here, Plaintiff has used and is using its BRUXZIR registration in an unlawful attempt to prevent Defendant and others from using the generic terms BRUX and/or BRUXER in the marketplace.  By its actions, Plaintiff has been and is attempting to unfairly compete by asserting an invalid and/or unenforceable trademark in an attempt to unlawfully monopolize the market for zirconia

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

1   dental crowns.  To establish a claim of

2   monopolization in violation of the Sherman

3   Antitrust Act, Defendant must prove: (1) "that

4   [Plaintiff] has engaged in predatory or

5   anticompetitive conduct"; (2) with a specific intent

6   to monopolize; and (3) dangerous probability of

7   achieving monopoly power.  *Coalition for ICANN*

8   *Transparency*, 611 F.3d at 506; Sherman Act § 2 *et*

9   *seq*. (15 U.S.C. § 2).

10   (c)   "To make out an unclean hands defense, a

11   trademark defendant 'must demonstrate that the

12   plaintiff's conduct is inequitable and that the

13   conduct relates to the subject matter of its claims.'

14   *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826

15   F.2d 837, 847 (9th Cir. 1987).  To show that a

16   trademark plaintiff's conduct is inequitable,

17   defendant must show that plaintiff used the

18   trademark to deceive consumers, *see Dollar Sys.,*

19   *Inc. v. Avcar Leasing Sys., Inc.,* 890 F.2d 165, 173

20   (9th Cir.1989) ("Bad intent is the essence of the

21   defense of unclean hands.") (citing *Wells Fargo &*

22   *Co. v. Stagecoach Props., Inc.,* 685 F.2d 302, 308

23   (9th Cir.1982)); *Republic Molding Corp. v. B.W.*

24   *Photo Utils.,* 319 F.2d 347, 350 (9th Cir.1963)."

25   *Japan Telecom*, 287 F.3d at 870-71.

26   DISPUTED:   Keating must prove the following *by clear and convincing*

27   *evidence*:

28

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

a. Glidewell has committed egregious conduct that violates conscience, good faith, or other equitable principles in its prior conduct, or has dirtied its hands in acquiring the right presently asserted; and

b. Glidewell's misconduct relates directly to the transaction concerning which the complaint is made.

*See PomWonderful LLC v. Welch Foods, Inc.*, 737 F. Supp. 2d 1105, 1113 (C.D. Cal. 2010); *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 173 (9th Cir. 1989); *KEMA, Inc. v. Koperwhats*, 658 F.Supp.2d 1022, 1035-36 (N.D. Cal. 2009) (defense of misuse of trademark is redundant with unclean hands).

9. Keating's Affirmative Defense 5: Fair Use

(a) To establish "classic" fair use, Defendant must show its use of "Bruxer" is (1) not a use "as a trademark or service mark"; (2) done "fairly and in good faith"; and (3) "[o]nly to describe its goods or services." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150-51 (9th Cir. 2002); Ninth Cir. Manual of Model Civil Jury Instructions § 15.22 (2010).

f. In brief, the key evidence Keating relies on for each counterclaim and affirmative defense is:

1. Keating's Counterclaim 1: Declaration of Non-infringement:

- Plaintiff's BRUXZIR mark is not entitled to trademark protection because the term "BruxZir" is generic and/or commonly descriptive:
  - "BruxZir" and the generic term "bruxer" are pronounced identically. (Mangum Decl., Ex. 50 (Shuck Dep. Tr.) at 73:16-74:18; 128:9-20; Eggleston Decl., Ex. 65 at 16; Van Hoosear Decl., Ex. V-4; Boatright Decl., Ex. A ¶ 27 (Glidewell

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

promotional video where Glidewell's Director of Clinical Education and Research, Dr. DiTolla, pronounces BRUXZIR and "bruxer" identically)); [2]

- Glidewell itself uses "BruxZir" generically. In their videotaped depositions in this case, Glidewell's witnesses pronounced "BruxZir" and "bruxer" identically. (Van Hoosear Decl., Exs. V-1, V-2, V-3);

- The many labs that Glidewell has authorized to make and sell crowns made from its "BruxZir" material (including at least one who previously received cease-and-desist letters) do not identify Glidewell as the source. (Eggleston Decl., Exs. 136 & 137);

- Dentists and dental labs use and understand the term "BruxZir" as a generic term to identify a crown for "bruxers" (individuals who grind their teeth). (Boatright Decl., Ex. A ¶ 27 (First video link); Eggleston Decl., Ex. 65, at 17:3-8; Eggleston Decl. ¶ 17, Ex. 65, at 16:10–17:12; Jankowski Decl., Ex. 4 (DiTolla Dep. Tr.), at 35:15-22, 80:10–81:10, 224:13–226:6; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at 195:22–196:1; Mangum Decl., Ex. 50 (Shuck Dep. Tr.), at 33:13–34:17, 235:3-10; Van Hoosear Decl., Exs. V-1 (Shuck Dep. Video Clips), V-2 (DiTolla Dep. Video Clips), V-3 (Carden Dep. Video Clips), V-4 (Compendium Clips) ("this Bruxzir is 100% zirconia" and "one question I get about Bruxzirs is . . ." and "We do 15,000, say, BruxZirs a week."));

---

[2] The declarations referenced in this section (I.C(a)(1)) are the declarations filed in support of Defendant's Motion for Summary Judgment Cancelling Glidewell's Trademark Registration [Dkt. No. 85] and referenced in Defendant's Statement of Uncontroverted Facts and Conclusions of Law in Support that Motion.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

- In addition to Glidewell and Keating, many other dental laboratories have been offering all-zirconia crowns under a variety of names, including names with "Brux," "Zir," or some variation thereof.  Examples include:
  - Advanced Dental Lab - BruxZir (Jankowski Decl. Ex. 31)
  - Assured Dental Lab - Z-Brux (Jankowski Decl. Ex. 28)
  - Authentic Dental Lab - Brux (Jankowski Decl. Ex. 27)
  - Barth Dental Lab - Z-Brux (Jankowski Decl. Exs. 34 & 37)
  - Burbank Dental - Zir-Max (Eggleston Decl. Ex. 99)
  - California Dental Arts - ZirFit (Eggleston Decl. Ex. 103)
  - CDLLab - ZerisBRUX (Eggleston Decl. Ex. 109)
  - China Dental Outsourcing - "Bruxer All Zirconia" (Jankowski Ex. 29)
  - China Dental Outsourcing - All Zirconia for Bruxers (Jankowski Ex. 39)
  - Continental Dental - Full Zirconia for Bruxing Patients (Eggleston Decl. Ex. 112)
  - Cosmetic Dentistry of SA - Bruxer Crown (Eggleston Decl. Ex. 119)
  - Dani Dental - Full Zirconia (Bruxer) (Jankowski Ex. 43)
  - Diadem Precision Technology - Diazir (Eggleston Decl., Ex. 101)
  - Drake Dental - Zir-Cast (Eggleston Decl. Ex. 96)
  - Expertec - Full-Z (Eggleston Decl. Ex. 93)
  - Fusion Dental Lab - "Full Solid Bruxer Zirconia" (Jankowski Ex. 24)
  - GPS Dental Lab - GPS BruxArt (Eggleston Decl. Ex.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

114)

o Infinity Dental Lab - Bruxer Crowns (Eggleston Decl. Ex. 108)

o Kastle Mills - ZirCrown (Eggleston Decl. Ex. 100)

o Mascola Esthetics - Xtreme Bruxer (Eggleston Decl. Ex. 110)

o Old Dominion Milling Corp. - Bruxzer (Jankowski Ex. 32)

o Pittman Dental - ZirCAM All-Zirconia (Eggleston Decl. Ex. 106)

o Pittman Dental - Bruxer Crown (Eggleston Decl. Ex. 120)

o R-dent Dental Laboratory - R-Brux (Eggleston Decl. Ex. 117)

o Showcase Dental Lab - Zir-Bruxer (Jankowski Exs. 30 & 38)

o Somer Dental Labs - Full Contour Zir (Eggleston Decl. Ex. 104)

o Summers Dental Lab - BruxThetix (Eggleston Decl. Ex. 113)

o Sun Dental Labs - Suntech Full Zirconia (Eggleston Decl. Ex. 94)

o Technics Dental Lab - Tech/ZIR FC (Eggleston Decl. Ex. 105)

o Trachsel Dental - All Zirconia Bruxer (Jankowski Ex. 42)

o York Dental Lab - Bruxer (Eggleston Decl., Ex. 111)

- Many dental laboratories prominently promote their all-zirconia crowns for use by bruxers:

o Barth Dental Labs - "ideal for bruxers" (Jankowski Ex.

16340301.9

1   37)

2   o  California Dental Arts - "Perfect for bruxers" (Eggleston

3   Decl. Ex. 103)

4   o  China Dental Outsourcing - "primarily for bruxers and

5   heavy biters" (Jankowski Ex. 39)

6   o  Drake Dental - "Recommended for Bruxers and Grinders"

7   (Eggleston Decl. Ex. 96)

8   o  Expertec - "ideal for patients who brux" (Eggleston Decl.

9   Ex. 93)

10   o  Infinity Dental Lab - "Bruxer Crowns" (Eggleston Decl.

11   Ex. 108)

12   o  Sun Dental Labs - for "bruxers and grinders" (Eggleston

13   Decl. Ex. 94)

14   o  York Dental Lab - "ideal restoration for bruxers"

15   (Eggleston Decl. Ex. 111)

16   •  Dentists have repeatedly written the word "Bruxzir" on

17   prescription forms to refer to Defendant's KDZ BRUXER all-

18   zirconia crown or to a generic reference to an all-zirconia

19   crown, not to identify Plaintiff Glidewell as a source.

20   (Mangum Decl. Ex. 53 (Brandon Dep. Tr.) at 56:23-57:6 &

21   Exs. 59, 61, 62; Belton Decl. ¶¶ 9-11; Brady Decl. ¶¶ 9-11;

22   Campbell Decl. ¶¶ 10-12; Colleran Decl. ¶¶ 10-12; Jacquinot

23   Decl. ¶¶ 9-10; Murphy Decl. ¶¶ 9-11; Myers Decl. ¶¶ 9-10;

24   Nussear Decl. ¶¶ 9-11; Richardson Decl. ¶ 10-12; Scott Decl.

25   ¶¶ 9-11; Stephens Decl. ¶¶ 10-12; Sweet Decl. ¶¶ 8-10; Tobin

26   Decl. ¶¶ 9-11)

27   •  Showcase Dental Laboratory, a dental lab unaffiliated with

28   Plaintiff Glidewell or Defendant Keating, has also received

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

prescription forms from dentists ordering all-zirconia crowns that generically describe an all-zirconia crown as a "BruxZir," "bruxzir," or some variation thereof.  (Eggleston Decl. Ex. 65 at 16-18 & Ex. 66 at 3-7.)

- Plaintiff owns BRUXZIR® as trademark.

- Defendant did not use its KDZ BRUXER mark in a manner likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

  - Plaintiff's BRUXZIR mark is extremely weak because the term "BruxZir" is generic and/or commonly descriptive.  (*See* evidence listed above in Section I.C.(a)(1).)

  - Declarations from thirteen dentists (identified in the following list) stating that they wrote "BruxZir," "bruxzir," or variations thereof on their prescription forms as a generic reference to an all-zirconia crown, not because they wanted a crown from Glidewell and not because they were otherwise confused that Glidewell and Keating were affiliated:

Belton Decl. ¶¶ 9-11, Ex. A;          Brady Decl. ¶¶ 9-11, Ex. A;

Campbell Decl. ¶¶ 10-12, Ex. A;       Colleran Decl. ¶¶ 10-12, Ex. A;

Jacquinot Decl. ¶¶ 9-10, Ex. A;       Murphy Decl. ¶¶ 9-11, Ex. A;

Myers Decl. ¶¶ 9-10, Ex. B;           Nussear Decl. ¶¶ 9-11, Ex. A;

Richardson Decl. ¶¶10-12, Ex. A;      Scott Decl. ¶¶ 9-11, Ex. A;

Stephens Decl. ¶¶ 10-12, Ex. A;       Sweet Decl. ¶¶ 8-10, Ex. A; and

Tobin Decl. ¶¶ 9-11, Ex. A.

  - Plaintiff's mark, as used in commerce, includes two separate words: "KDZ Bruxer" or "KDZ BRUXER."   In contrast, Glidewell's mark is presented in commerce as a single word

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

comprising a mixture of capital and small letters and two
different fonts: Brux*Zir*.

- Furthermore, in Glidewell's mark, the "Zir" portion cuts off
  the edge of the "x" giving the appearance that the "Zir" letters
  appear forward of the word "Brux."



In contrast, Keating's mark uses block letters side-by-side, often
presented as part of a design that includes the name within an
oval:

These additional elements help distinguish the parties' marks as
used in commerce.

- The second part of Keating's mark is pronounced identically
  as Glidewell's mark in its entirety.  (*See* evidence listed
  immediately above in Section III.C.(1).)  The first part of
  Keating's mark, "KDZ," has no similarly sounding counterpart
  in Glidewell's mark

- The purchasing public (dentists) interpret Glidewell's mark
  and the *second part* of Keating's mark as a reference to the
  product itself: an all-zirconia dental restoration crown strong
  enough for bruxers.  Dentists interpret the first part of
  Keating's mark, "KDZ," to mean "Keating Dental Zirconia,"
  thus identifying the source of the goods: Keating Dental Arts,

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

16340301.9

Inc.  (Keating Decl. ¶ 11; Stephens Decl. ¶ 10; Campbell Decl. ¶ 6.)[3]

    2.      Keating's Counterclaim 2: Violation of California Business and Professions Code § 17200 *et seq.*

- Because California Business and Profession Code § 17200 *et seq.* is a borrowing statute, the analysis for Counterclaim 2 is identical to the analysis of Counterclaims 3 and 4.  Likewise, the evidence in support of Counterclaim 2 is the same evidence in support of Counterclaims 3 and 4.

    3.      Keating's Counterclaim 3:  Misuse of Trademark

- <u>Plaintiff has engaged in predatory or anticompetitive conduct:</u> Plaintiff has relied on the registration of its BRUXZIR mark as grounds for threatening trademark infringement suits against any other dental laboratory using "Brux" or "Bruxer" in a mark for an all-zirconia crown.  (Jankowski Decl., Ex. 6 (Allred Dep. Tr.) at 213:19-264:13 & Exs. 24-34.)[4]  Specifically, Plaintiff sent cease-and-desist letters to at least the following dental labs:

  - Assured Dental Lab - "Z-Brux" (Jankowski Decl. Ex. 28)
  - Authentic Dental Lab - "Brux" (Jankowski Decl. Ex. 27)
  - China Dental Outsourcing - "Bruxer All Zirconia" (Jankowski Decl. Ex. 29)
  - Fusion Dental Lab - "Full Solid Bruxer Zirconia" (Jankowski Decl. Ex. 24)

---

[3] The declarations referenced in this section (II.C.(a)(3)) are the declarations filed in support of Keating Dental Arts, Inc.'s Motion for Summary Judgment of Noninfringement of Glidewell's BRUXZIR® Trademark [Dkt. No. 86] and referenced in Defendant's Statement of Uncontroverted Facts and Conclusions of Law in Support of that Motion.

[4] The declarations referenced in this section (II.C(c)(1)) are the declarations filed in support of Defendant's Motion for Summary Judgment Cancelling Glidewell's Trademark Registration [Dkt. No. 85] and referenced in Defendant's Statement of Uncontroverted Facts and Conclusions of Law in Support that Motion.

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

- Old Dominion Milling Corp. - "Bruxzer" (Jankowski Decl. Ex. 32)
- Pittman Dental - "Bruxer All-Zirconia Crown" (Jankowski Decl. Ex. 25)
- R-dent Dental Laboratory - "R-Brux" (Jankowski Decl. Ex. 26)
- Showcase Dental Lab - "Zir-Bruxer") (Jankowski Decl. Ex. 30)

In each instance, the dental laboratory chose to change its name rather than face the risk of a lawsuit in Federal court versus Plaintiff.  (*Id*.; Jankowski Decl. Ex. 6 (Allred Dep. Tr.) at 213:19-264:13.)

- <u>Plaintiff had a specific intent to monopolize for all-zirconian bruxer</u>: Please see the evidence cited in the previous section (II.C(c)(1)).
- <u>There is a dangerous probability Plaintiff could achieve monopoly power</u>:

Please see the evidence cited above in section II.C(c)(1).  Furthermore, Plaintiff Glidewell Laboratories, founded in 1970, is already the largest dental laboratory in the U.S.  (Jankowski Decl., Ex. 6 (Allred Dep. Tr.) at 51).

4.      Keating's Counterclaim 4: Cancellation of Trademark

- Plaintiff's BRUXZIR trademark is invalid due to generic-ness and because the terms "bruxzir" is commonly descriptive:

Please see the evidence cited above in Section 7(Defendant)(c)(1).

- <u>Plaintiff's BRUXZIR mark has not acquired "secondary meaning"</u>:

In addition to describing the intended user of the product—a bruxer—the evidence establishes that dentists and dental labs understand the term BRUXZIR to denote or at least describe full zirconia crown products that are ideal for bruxers. Plaintiff's witnesses testified to such descriptive attributes of the "brux" and "zir" elements of the mark.  (*See* evidence cited above in Section I.C(a)(3).)  Plaintiff has failed to submit any survey evidence or other evidence showing an association of its BRUXZIR mark in the minds of the relevant consumers.  Additionally, Plaintiff has failed to submit any evidence that its advertising was effective in establishing

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

secondary meaning in the minds of the relevant consumers

          5.      Keating's Affirmative Defense 1: Invalidity of Plaintiff's Trademark due to Generic-ness

- Plaintiff's BRUXZIR mark is not entitled to trademark protection because the term "BruxZir" is generic and/or commonly descriptive:
  - "BruxZir" and the generic term "bruxer" are pronounced identically. (Mangum Decl., Ex. 50 (Shuck Dep. Tr.) at 73:16-74:18; 128:9-20; Eggleston Decl., Ex. 65 at 16; Van Hoosear Decl., Ex. V-4; Boatright Decl., Ex. A ¶ 27 (Glidewell promotional video where Glidewell's Director of Clinical Education and Research, Dr. DiTolla, pronounces BRUXZIR and "bruxer" identically)); [5]
  - Glidewell itself uses "BruxZir" generically.  In their videotaped depositions in this case, Glidewell's witnesses pronounced "BruxZir" and "bruxer" identically.  (Van Hoosear Decl., Exs. V-1, V-2, V-3);
  - The many labs that Glidewell has authorized to make and sell crowns made from its "BruxZir" material (including at least one who previously received cease-and-desist letters) do not identify Glidewell as the source.  (Eggleston Decl., Exs. 136 & 137);
  - Dentists and dental labs use and understand the term "BruxZir" as a generic term to identify a crown for "bruxers" (individuals who grind their teeth).  (Boatright Decl., Ex. A ¶ 27 (First video link); Eggleston Decl., Ex. 65, at 17:3-8;

---

[5] The declarations referenced in this section (I.C(a)(1)) are the declarations filed in support of Defendant's Motion for Summary Judgment Cancelling Glidewell's Trademark Registration [Dkt. No. 85] and referenced in Defendant's Statement of Uncontroverted Facts and Conclusions of Law in Support that Motion.

Snell & Wilmer
— L.L.P. —
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

1    Eggleston Decl. ¶ 17, Ex. 65, at 16:10–17:12; Jankowski

2    Decl., Ex. 4 (DiTolla Dep. Tr.), at 35:15-22, 80:10–81:10,

3    224:13–226:6; Jankowski Decl., Ex. 6 (Allred Dep. Tr.), at

4    195:22–196:1; Mangum Decl., Ex. 50 (Shuck Dep. Tr.), at

5    33:13–34:17, 235:3-10; Van Hoosear Decl., Exs. V-1 (Shuck

6    Dep. Video Clips), V-2 (DiTolla Dep. Video Clips), V-3

7    (Carden Dep. Video Clips), V-4 (Compendium Clips) ("this

8    Bruxzir is 100% zirconia" and "one question I get about

9    Bruxzirs is . . ." and "We do 15,000, say, BruxZirs a week."));

10   • In addition to Glidewell and Keating, many other dental

11       laboratories have been offering all-zirconia crowns under a

12       variety of names, including names with "Brux," "Zir," or some

13       variation thereof.  Examples include:

14           o Advanced Dental Lab - BruxZir (Jankowski Decl. Ex. 31)

15           o Assured Dental Lab - Z-Brux (Jankowski Decl. Ex. 28)

16           o Authentic Dental Lab - Brux (Jankowski Decl. Ex. 27)

17           o Barth Dental Lab - Z-Brux (Jankowski Decl. Exs. 34 &

18               37)

19           o Burbank Dental - Zir-Max (Eggleston Decl. Ex. 99)

20           o California Dental Arts - ZirFit (Eggleston Decl. Ex. 103)

21           o CDLLab - ZerisBRUX (Eggleston Decl. Ex. 109)

22           o China Dental Outsourcing - "Bruxer All Zirconia"

23               (Jankowski Ex. 29)

24           o China Dental Outsourcing - All Zirconia for Bruxers

25               (Jankowski Ex. 39)

26           o Continental Dental - Full Zirconia for Bruxing Patients

27               (Eggleston Decl. Ex. 112)

28           o Cosmetic Dentistry of SA - Bruxer Crown (Eggleston

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Decl. Ex. 119)

o   Dani Dental - Full Zirconia (Bruxer) (Jankowski Ex. 43)

o   Diadem Precision Technology - Diazir (Eggleston Decl., Ex. 101)

o   Drake Dental - Zir-Cast (Eggleston Decl. Ex. 96)

o   Expertec - Full-Z (Eggleston Decl. Ex. 93)

o   Fusion Dental Lab - "Full Solid Bruxer Zirconia" (Jankowski Ex. 24)

o   GPS Dental Lab - GPS BruxArt (Eggleston Decl. Ex. 114)

o   Infinity Dental Lab - Bruxer Crowns (Eggleston Decl. Ex. 108)

o   Kastle Mills - ZirCrown (Eggleston Decl. Ex. 100)

o   Mascola Esthetics - Xtreme Bruxer (Eggleston Decl. Ex. 110)

o   Old Dominion Milling Corp. - Bruxzer (Jankowski Ex. 32)

o   Pittman Dental - ZirCAM All-Zirconia (Eggleston Decl. Ex. 106)

o   Pittman Dental - Bruxer Crown (Eggleston Decl. Ex. 120)

o   R-dent Dental Laboratory - R-Brux (Eggleston Decl. Ex. 117)

o   Showcase Dental Lab - Zir-Bruxer (Jankowski Exs. 30 & 38)

o   Somer Dental Labs - Full Contour Zir (Eggleston Decl. Ex. 104)

o   Summers Dental Lab - BruxThetix (Eggleston Decl. Ex. 113)

16340301.9

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

- o Sun Dental Labs - Suntech Full Zirconia (Eggleston Decl. Ex. 94)
- o Technics Dental Lab - Tech/ZIR FC (Eggleston Decl. Ex. 105)
- o Trachsel Dental - All Zirconia Bruxer (Jankowski Ex. 42)
- o York Dental Lab - Bruxer (Eggleston Decl., Ex. 111)
- Many dental laboratories prominently promote their all-zirconia crowns for use by bruxers:
  - o Barth Dental Labs - "ideal for bruxers" (Jankowski Ex. 37)
  - o California Dental Arts - "Perfect for bruxers" (Eggleston Decl. Ex. 103)
  - o China Dental Outsourcing - "primarily for bruxers and heavy biters" (Jankowski Ex. 39)
  - o Drake Dental - "Recommended for Bruxers and Grinders" (Eggleston Decl. Ex. 96)
  - o Expertec - "ideal for patients who brux" (Eggleston Decl. Ex. 93)
  - o Infinity Dental Lab - "Bruxer Crowns" (Eggleston Decl. Ex. 108)
  - o Sun Dental Labs - for "bruxers and grinders" (Eggleston Decl. Ex. 94)
  - o York Dental Lab - "ideal restoration for bruxers" (Eggleston Decl. Ex. 111)
- Dentists have repeatedly written the word "Bruxzir" on prescription forms to refer to Defendant's KDZ BRUXER all-zirconia crown or to a generic reference to an all-zirconia crown, not to identify Plaintiff Glidewell as a source.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

Snell & Wilmer

L.L.P.

LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

(Mangum Decl. Ex. 53 (Brandon Dep. Tr.) at 56:23-57:6 & Exs. 59, 61, 62; Belton Decl. ¶¶ 9-11; Brady Decl. ¶¶ 9-11; Campbell Decl. ¶¶ 10-12; Colleran Decl. ¶¶ 10-12; Jacquinot Decl. ¶¶ 9-10; Murphy Decl. ¶¶ 9-11; Myers Decl. ¶¶ 9-10; Nussear Decl. ¶¶ 9-11; Richardson Decl. ¶ 10-12; Scott Decl. ¶¶ 9-11; Stephens Decl. ¶¶ 10-12; Sweet Decl. ¶¶ 8-10; Tobin Decl. ¶¶ 9-11)

- Showcase Dental Laboratory, a dental lab unaffiliated with Plaintiff Glidewell or Defendant Keating, has also received prescription forms from dentists ordering all-zirconia crowns that generically describe an all-zirconia crown as a "BruxZir," "bruxzir," or some variation thereof. (Eggleston Decl. Ex. 65 at 16-18 & Ex. 66 at 3-7.)

- <u>Plaintiff owns BRUXZIR® as trademark.</u>

- <u>Defendant did not use its KDZ BRUXER mark in a manner likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.</u>

  - Plaintiff's BRUXZIR mark is extremely weak because the term "BruxZir" is generic and/or commonly descriptive. (*See* evidence listed above in Section I.C.(a)(1).)

  - Declarations from thirteen dentists (identified in the following list) stating that they wrote "BruxZir," "bruxzir," or variations thereof on their prescription forms as a generic reference to an all-zirconia crown, not because they wanted a crown from Glidewell and not because they were otherwise confused that Glidewell and Keating were affiliated:

Belton Decl. ¶¶ 9-11, Ex. A;            Brady Decl. ¶¶ 9-11, Ex. A;

Campbell Decl. ¶¶ 10-12, Ex. A;         Colleran Decl. ¶¶ 10-12, Ex. A;

Snell & Wilmer
— L.L.P. —
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Jacquinot Decl. ¶¶ 9-10, Ex. A;   Murphy Decl. ¶¶ 9-11, Ex. A;

Myers Decl. ¶¶ 9-10, Ex. B;   Nussear Decl. ¶¶ 9-11, Ex. A;

Richardson Decl. ¶¶10-12, Ex. A;   Scott Decl. ¶¶ 9-11, Ex. A;

Stephens Decl. ¶¶ 10-12, Ex. A;   Sweet Decl. ¶¶ 8-10, Ex. A; and

Tobin Decl. ¶¶ 9-11, Ex. A.

- Plaintiff's mark, as used in commerce, includes two separate words: "KDZ Bruxer" or "KDZ BRUXER."   In contrast, Glidewell's mark is presented in commerce as a single word comprising a mixture of capital and small letters and two different fonts: Brux*Zir*.

- Furthermore, in Glidewell's mark, the "Zir" portion cuts off the edge of the "x" giving the appearance that the "Zir" letters appear forward of the word "Brux."



In contrast, Keating's mark uses block letters side-by-side, often presented as part of a design that includes the name within an oval:

These additional elements help distinguish the parties' marks as used in commerce.

- The second part of Keating's mark is pronounced identically as Glidewell's mark in its entirety.  (*See* evidence listed immediately above in Section III.C.(1).)  The first part of Keating's mark, "KDZ," has no similarly sounding counterpart in Glidewell's mark

- The purchasing public (dentists) interpret Glidewell's mark and the *second part* of Keating's mark as a reference to the product itself: an all-zirconia dental restoration crown strong enough for bruxers. Dentists interpret the first part of Keating's mark, "KDZ," to mean "Keating Dental Zirconia," thus identifying the source of the goods: Keating Dental Arts, Inc. (Keating Decl. ¶ 11; Stephens Decl. ¶ 10; Campbell Decl. ¶ 6.)[6]

    6.   Keating's Affirmative Defense 2: No Likelihood of Confusion

*Sleekcraft* factors:

- Weakness of the Plaintiff's Mark. Plaintiff's BRUXZIR mark is extremely weak because the term "BruxZir" is generic and/or commonly descriptive. (*See* evidence listed above in Section I.C.(a).)

    o Proximity of Goods. Here, there is no dispute that the products offered for sale by Plaintiff under the mark BRUXZIR and by Defendant under the mark "KDZ Bruxer" are identical; all-zirconia dental restorations.

    o Similarity of Plaintiff's and Defendant's Marks.

- ***Sight***: Defendant's mark, as used in commerce, includes two separate words: "KDZ Bruxer" or "KDZ BRUXER." In contrast, Plaintiff's mark is presented in commerce as a single word comprising a mixture of capital and small letters and two different fonts: Brux*Zir*. Furthermore, in Plaintiff's mark, the "Zir" portion cuts off the edge of the "x" giving the appearance that the "Zir" letters appear forward of the word "Brux."

---

[6] The declarations referenced in this section (II.C.(a)(3)) are the declarations filed in support of Keating Dental Arts, Inc.'s Motion for Summary Judgment of Noninfringement of Glidewell's BRUXZIR® Trademark [Dkt. No. 86] and referenced in Defendant's Statement of Uncontroverted Facts and Conclusions of Law in Support of that Motion.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

**BruxZir®**

- In contrast, Keating's mark uses block letters side-by-side, often presented as part of a design that includes the name within an oval:



- These additional elements help distinguish the parties' marks as used in commerce.

- **_Sound_**:  The second part of Keating's mark is pronounced identically with Glidewell's mark in its entirety.  The first part of Keating's mark, "KDZ," has no similarly sounding counterpart in Glidewell's mark.

- **_Meaning_**:  The purchasing public (all are dentists) interpret Glidewell's mark and the *second part* of Keating's mark as a reference to the product itself: an all-zirconia dental restoration strong enough for bruxers.  Dentists interpret the first part of Keating's mark, "KDZ," to mean "Keating Dental Zirconia," thus identifying the source of the goods: Keating Dental Arts, Inc.  (Keating Decl. ¶ 11; Stephens Decl. ¶ 10; Campbell Decl. ¶ 6.)[7]

- The only commonality between the marks is that they include the well-known dental term "brux" and the letter "z."  The appearance of "z" and "brux" are both fully explainable wholly aside from issues of identifying source, because both identify characteristics shared by the parties' products; they are all-zirconia crowns for *brux*ers.

---

[7]  The declarations referenced in sections III.C.(b)(3-4) and III.C(e) are the declarations filed in support of Keating's Motion for Summary Judgment of Noninfringement of Glidewell's **BRUXZIR®** **Trademark** [Dkt. No. 86] and referenced in Defendant's Statement of Uncontroverted Facts and Conclusions of Law in Support of that Motion.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

○ <u>Actual Confusion</u>.  Plaintiff cannot provide sufficient evidence of actual confusion.  Dentists who wrote "BruxZir," "bruxzir," or variations thereof on the Keating Rx forms are not evidence of confusion between the marks.  Those dentists were using variations of "bruxzir" as a generic term meaning all-zirconia crown for bruxers.  (Mangum Decl. Ex. 53 (Brandon Dep. Tr.) at 56:23-57:6 & Exs. 59, 61, 62; Belton Decl. ¶¶ 9-11; Brady Decl. ¶¶ 9-11; Campbell Decl. ¶¶ 10-12; Colleran Decl. ¶¶ 10-12; Jacquinot Decl. ¶¶ 9-10; Murphy Decl. ¶¶ 9-11; Myers Decl. ¶¶ 9-10; Nussear Decl. ¶¶ 9-11; Richardson Decl. ¶ 10-12; Scott Decl. ¶¶ 9-11; Stephens Decl. ¶ 10-12; Sweet Decl. ¶¶ 8-10; Tobin Decl. ¶¶ 9-11; Eggleston Decl. Ex. 65 at 16-18 & Ex. 66 at 3-7.)

○ <u>Defendant's Intent</u>.  Based on the perceived demand of its dentist customers for all-zirconia crowns, Keating decided to formally add an all-zirconia crown to its KDZ line of products (which had been introduced in 2006). (Mangum Decl., Ex. 54 (Keating Dep. Tr.) at 43:15 – 45:12).[8]  Because the new all-zirconia crown was specifically designed to replace gold crowns for bruxer patients, Mr. Keating wanted to call the new crown the "KDZ Bruxer."  (*Id*.).  On March 31, 2011, Keating sent a letter to all of its dentist customers referencing the increase in the cost of gold and offering a KDZ family of products consisting of:

• KDZ Bruxer ("Solid Zirconia for bruxer & grinder patients");

• KDZ Ultra (a rebranding of the existing KDZ Zirconia product) (Keating Decl. ¶ 12); and

---

[8] The declarations referenced in this section (III.C(b)(5)) are the declarations filed in support of Defendant's Motion for Summary Judgment Cancelling Glidewell's Trademark Registration [Dkt. No. 85] and referenced in Defendant's Statement of Uncontroverted Facts and Conclusions of Law in Support that Motion.

16340301.9

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

- •     KDZ Max (a ceramic pressed onto a zirconia base).
- • (Keating Decl. Ex. F).  Mr. Keating sought the advice of counsel, Mr. Gourde, who performed a trademark search, to ensure Keating's use of the name would not cause problems.  (Mangum Decl., Ex. 54 (Keating Dep. Tr.) at 43:15-45:12; Keating Decl. ¶ 10).

  o <u>Marketing/Advertising Channels</u>.  Plaintiff and Defendant each market their products through Internet websites, magazine advertisements, mailings to dentists, and trade shows.  Here, there is no dispute that the marketing channels used by Glidewell and Keating overlap.

- • <u>Consumer's Degree of Care</u>.  The relevant consumers in this case are dentists who are highly educated and specially trained professionals.  The products in this case are dental restorations, regulated medical products that impact the well-being of patients if not designed, manufactured, or affixed properly. Dentists necessarily put great care into the treatment of their patients, and they correspondingly put great care into the selection of a dental laboratory to manufacture dental restorations for their patients.  *See Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1537 (9th Cir. 1989) (holding factor weighed heavily against a finding of likelihood of confusion where purchasers were highly specialized professionals expected to exercise a high degree of care.)

- • <u>Product Line Expansion</u>.  Here, the subject products already compete in the same market and are advertised in overlapping marketing channels.  Thus, this factor is not relevant.

### 7.     Keating's Affirmative Defense 3: Estoppel

- • Plaintiff intentionally chose to adopt, use, and register the trademark BRUXZIR, and NOT the words BRUX or BRUXER.  On information and belief, Defendant coined its BRUXZIR mark as a corruption of the generic term BRUXER and the material that is now commonly used to

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1   fabricate such bruxer devices, zirconia.  Because of the phonetic

2   similarity of the last syllable of BRUXER and the first syllable of

3   ZIRCONIA, Plaintiff collapsed the two (by replacing BRUXER's

4   second syllable with ZIRCONIA's first syllable) to form a single word

5   BRUXZIR.  Having intentionally selected and used a trademark that

6   adds three distinct letters "ZIR" (an abbreviation for "zirconia", the

7   material from which those products are made) to the end of the

8   generic/descriptive word BRUX (thus BRUX+ZIR = BRUXZIR),

9   Glidewell cannot now ask the Court to treat Glidewell's trademark as

10  if it consisted ONLY of that generic/descriptive word BRUX or

11  BRUXER (and ignore the three letters ZIR that Glidewell added to

12  create its alleged trademark).

13        8.      Keating's Affirmative Defense 4: Trademark

14                Misuse/Unclean Hands/Unfair Competition

15    • Plaintiff has engaged in predatory or anticompetitive conduct:

16  Plaintiff has relied on the registration of its BRUXZIR mark as grounds for

17  threatening trademark infringement suits against any other dental laboratory using

18  "Brux" or "Bruxer" in a mark for an all-zirconia crown.  (Jankowski Decl., Ex. 6

19  (Allred Dep. Tr.) at 213:19-264:13 & Exs. 24-34.)[9]  Specifically, Plaintiff sent

20  cease-and-desist letters to at least the following dental labs:

21        • Assured Dental Lab - "Z-Brux" (Jankowski Decl. Ex. 28)

22        • Authentic Dental Lab - "Brux" (Jankowski Decl. Ex. 27)

23        • China Dental Outsourcing - "Bruxer All Zirconia" (Jankowski

24          Decl. Ex. 29)

25        • Fusion Dental Lab - "Full Solid Bruxer Zirconia" (Jankowski Decl.

26  _____

[9] The declarations referenced in this section (II.C(c)(1)) are the declarations filed in
27  support of Defendant's Motion for Summary Judgment Cancelling Glidewell's
    Trademark Registration [Dkt. No. 85] and referenced in Defendant's Statement of
28  Uncontroverted Facts and Conclusions of Law in Support that Motion.

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

Ex. 24)

- Old Dominion Milling Corp. - "Bruxzer" (Jankowski Decl. Ex. 32)
- Pittman Dental - "Bruxer All-Zirconia Crown" (Jankowski Decl. Ex. 25)
- R-dent Dental Laboratory - "R-Brux" (Jankowski Decl. Ex. 26)
- Showcase Dental Lab - "Zir-Bruxer") (Jankowski Decl. Ex. 30)

In each instance, the dental laboratory chose to change its name rather than face the risk of a lawsuit in Federal court versus Plaintiff. (*Id*.; Jankowski Decl. Ex. 6 (Allred Dep. Tr.) at 213:19-264:13.)

- Plaintiff had a specific intent to monopolize for all-zirconian bruxer:

Please see the evidence cited in the previous section (II.C(c)(1)).

- There is a dangerous probability Plaintiff could achieve monopoly power:

Please see the evidence cited above in section II.C(c)(1). Furthermore, Plaintiff Glidewell Laboratories, founded in 1970, is already the largest dental laboratory in the U.S. (Jankowski Decl., Ex. 6 (Allred Dep. Tr.) at 51).

9. Keating's Counterclaim 4: Cancellation of Trademark

- Plaintiff's BRUXZIR trademark is invalid due to generic-ness and because the terms "bruxzir" is commonly descriptive:

Please see the evidence cited above in Section 7(Defendant)(c)(1).

- Plaintiff's BRUXZIR mark has not acquired "secondary meaning":

In addition to describing the intended user of the product—a bruxer—the evidence establishes that dentists and dental labs understand the term BRUXZIR to denote or at least describe full zirconia crown products that are ideal for bruxers. Plaintiff's witnesses testified to such descriptive attributes of the "brux" and "zir" elements of the mark. (*See* evidence cited above in Section I.C(a)(3).) Plaintiff has failed to submit any survey evidence or other evidence showing an association of its BRUXZIR mark in the minds of the relevant consumers. Additionally, Plaintiff has

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

failed to submit any evidence that its advertising was effective in establishing secondary meaning in the minds of the relevant consumers

5.      Keating's Affirmative Defense 5: Fair Use

- Defendant does not use BRUXER in its mark to indicate source, but rather to describe the goods to which the mark is applied.  (Mangum Decl., Ex. 54 (Keating Dep. Tr.) at 83:11-15.)[10]

- Defendant used its KDZ BRUXER marks "fairly and in good faith." (Please see evidence recited in Section III.C(b)(5), above.)

- Defendant used the term "BRUXER" "[o]nly to describe its goods." (Mangum Decl., Ex. 54 (Keating Dep. Tr.) at 83:11-15; *see also* evidence recited in Section  I.C(a)(1), above.)

8.      In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

a.      Whether BruxZir is a valid, protectable trademark.

b.      Whether Keating's use of KDZ Bruxer, without Glidewell's consent, is likely to cause consumer confusion.

c.      The amount and elements of Glidewell's remedy for Keating's infringement.

9.      All discovery is complete.

10.      All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed in the attached objections to the exhibits.

Glidewell's objections to the exhibits are attached as Exhibit A and

---

[10] *See* fn. 5 (*supra*).

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

1  incorporated herein by reference.

2       Keating objects to the following exhibits: 3, 5, 40-42, 48-49, 57-58, 69, 71,

3  72, 503-506, 510-514, 523-524, 530-538, 556-558, 560, 562-569, 572-573, 575-

4  576, 578-591, 593-606, 610-613, 616, 658-659, 661-706, 708-711, 713-729, 731-

5  941, 961-976, 980-985, 988-992, 994, 996-997, 1000-1004, 1006-1028, 1034-1037,

6  1044-1045, 1047, 1049-1050, 1052, 1054-1168, 1170-1172, 1174-1171, 1194-

7  1195, 1197-1198, 1200-1201, 1203-1204, 1206-1209, 1211-1216, 1219-1226,

8  1228-1239, 1241-1242, 1244-1247, 1249-1251, 1253, 1256-1320, 1322-1341,

9  1343-1468, 1470-1473, 1475-1476, 1482-1488, 1491-1586.

10      Keating's objections to the exhibits are attached as Exhibit B.

11      11.    Witness Lists of the parties have been filed with the Court.

12      Only the witnesses identified in the lists will be permitted to testify (other

13  than solely for impeachment).

14      The parties do not intend to present evidence by way of deposition testimony.

15  No depositions will be lodged with the Clerk for this purpose.

16      12.    The following law and motion matters and motions in limine, and no

17             others, are pending or contemplated:

18        a.    Glidewell's Motion to exclude evidence or argument regarding

19               purported generic use of BruxZir or bruxer for full contour

20               zirconia crowns after April 2011.

21        b.    Glidewell's Motion to exclude evidence or argument regarding

22               webpages from a source other than the parties and Authorized

23               BruxZir Labs.

24        c.    Glidewell's Motion to exclude to exclude testimony from

25               Keating's expert Dr. David Eggelston relating to genericness,

26               and to exclude any testimony from Dr. Eggleston relating to

27               likelihood of confusion.

28

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

d.    Glidewell's Motion to exclude testimony from Keating's expert Lori Boatright relating to genericness, and to exclude any testimony from Boatwright relating to likelihood of confusion.

e.    Glidewell's Motion to exclude evidence or argument regarding Keating's petition to cancel the BruxZir registration and its opposition to Glidewell's application to register BruxZir for the Glidewell milling blanks.

f.    Glidewell's Motion to exclude evidence or argument regarding content of advice of counsel regarding whether KDZ Bruxer was free to use.

g.    Glidewell's Motion to exclude evidence or argument that Keating is purportedly being bullied by Glidewell or otherwise attempting to excite sympathy based on Keating's relative size.

h.    Glidewell's Motion to exclude evidence or argument regarding any statements or rulings by the Court on any party's motions, including summary judgment motions.

i.    Glidewell's Motion to exclude evidence or argument regarding any offers to compromise.

j.    Keating's Motion to exclude testimony of David J. Franklyn.

k.    Keating's Motion to exclude testimony of Dr. Ronald Goldstein.

l.    Keating's Motion to exclude untimely testimony of Nicole Fallon.

m.    Keating's Motion to exclude testimony of Seven Dentists.

n.    Keating's Motion to exclude untimely webpage evidence.

o.    Keating's Motion to exclude hearsay and opinion testimony of Glidewell employees.

p.    Keating's Motion to exclude hearsay testimony regarding Glidewell's Exhibit 15.

1          q.      Keating's Motion to exclude evidence of past terminations, past

2                 restitution payments, and past allegations of harassment.

3          r.      Keating's Motion to exclude documents produced after

4                 discovery cut-off date.

5     13.     The parties do not request bifurcation of any issues for trial.

6     14.     The foregoing admissions having been made by the parties, and the

7 parties having specified the foregoing issues remaining to be litigated, this Final

8 Pretrial Conference Order shall supersede the pleadings and govern the course of

9 the trial of this cause, unless modified to prevent manifest injustice.

10

11 Dated: _____      _____

12                        UNITED STATES DISTRICT JUDGE

13

14 Approved as to form and content.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

Snell & Wilmer
— L.L.P. —
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16340301.9

1

2 Dated: January 17, 2013          SNELL & WILMER L.L.P.

3

4                                  By: */s/ Greer N. Shaw*

5                                  Philip J. Graves
                                   Greer N. Shaw
6                                  Deborah S. Mallgrave

7
                                   Attorneys for Plaintiff
8                                  James R. Glidewell Dental Ceramics, Inc. dba
                                   Glidewell Laboratories
9

10

11 Dated: January 17, 2013         KNOBBE MARTENS OLSON & BEAR LLP
                                   David G. Jankowski
12                                 Jeffrey L. Van Hoosear
                                   Lynda J Zadra-Symes
13                                 Darrell L. Olson

14                                 ENTERPRISE COUNSEL GROUP
                                   David A. Robinson
15                                 James Azadian

16

17                                 By: */s/James Azadian*

18                                 David G. Jankowski
                                   Jeffrey L. Van Hoosear
19                                 Lynda J Zadra-Symes
                                   Darrell L. Olson
20                                 David A. Robinson
                                   James Azadian

21                                 Attorneys for Defendant
22                                 Keating Dental Arts, Inc.

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. SACV11-01309 DOC (ANx)

16340301.9