SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S OPPOSITION TO KEATING DENTAL ARTS, INC.'S MOTION IN LIMINE #7**<br><br>Hearing<br>Date: January 28, 2013<br>Time: 8:30 a.m.<br>Ctrm: 9D, Hon. David O. Carter<br><br>Pre-Trial Conf.: January 28, 2013<br>Jury Trial: February 26, 2013 |

## I. INTRODUCTION

Keating has produced prescription forms submitted to Keating by Keating's dentist customers in which, on at least 86 separate occasions, the dentist tried to order a "BruxZir," or some variation on "BruxZir," from Keating. (Dkt. # 90-4 (Exhibit 15); Tr. Ex. # 569) These prescription forms demonstrate that Keating's "KDZ Bruxer" mark has created actual confusion on behalf of the relevant consumer population, dentists. Keating, however, seeks to preclude any such argument on the basis of hearsay. The Court should deny Keating's motion and overrule its hearsay objection because the prescription forms and associated Keating-generated work orders are not hearsay, and even if they were, they are admissible under the state of mind exception of Rule 803(3).

## II. ARGUMENT

### A. Keating Fails to Clearly Indicate the Subject Matter that it Seeks to Exclude

Keating's Motion in Limine #7 requests that the Court exclude "hearsay testimony regarding Exhibit 15" filed in support of Glidewell's summary judgment motions ("MSJ Exhibit 15"). This creates some difficulty, in that MSJ Exhibit 15 was 192 pages long and the contents of MSJ Exhibit 15 are spread across the Joint Exhibit List ("JEL") as numerous separate exhibits. The confusion is compounded by the fact that MSJ Exhibit 15 contained two different categories of documents – completed prescription forms submitted to Keating by dentists, and work orders prepared by Keating employees in connection with the orders placed by the dentists – and Keating only makes an argument that appears to be relevant to the prescription forms.

In light of the fact that the parties filed the JEL on January 7, it is unclear why Keating chose to request exclusion of testimony regarding an exhibit that was used in connection with the summary judgment briefing filed two months ago rather than clearly identifying the exhibits that it seeks to exclude by reference to

- 1 -

the JEL, which lists the exhibits that will actually be used at trial. The Court should deny Keating's motion, for failure to clearly articulate the relief that it seeks. *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800 (C.D. Cal. May 19, 2010) (denying motions in limine, and stating, "motions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible.").

**B.     Keating's Motion is Frivolous on the Merits**

**1.     The Prescription Forms**

MSJ Exhibit 15 contains 86 prescription forms on which dentists requested that Keating make a "BruxZir" crown or some close variant thereof. Keating contends that these prescription forms constitute inadmissible hearsay. The Ninth Circuit says otherwise.

First, hearsay is an out of court statement offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). In other words, hearsay must be an *assertion* of some *fact*. The prescription forms at issue are simply orders from dentists for a "BruxZir" (or some variation thereon). They are not statements being offered for the truth of any matter asserted in the prescription forms; indeed, the prescription forms do not contain any assertions at all. Fed. R. Evid. 801(a) (defining a "statement," for hearsay purposes, as an "assertion"); *United States v. Lewis*, 902 F.2d 1176, 1179 (5th Cir. 1990) ("While 'assertion' is not defined in the rule, the term has the connotation of a positive declaration."); *United States v. Thomas*, 451 F.3d 543, 548 (8th Cir.2006) (overruling a double-hearsay objection to a "conversation log" between a bank and one of its customers in which the customer requested information about a particular loan and gave instructions to the bank, and stating, "Questions and commands generally are not intended as assertions, and therefore cannot constitute hearsay." (citations omitted)). Thus, they do not contain or constitute hearsay.

Second, even if the prescription forms could plausibly be said to contain

assertions and were being offered to prove the truth of those assertions, they fall within the scope of the state of mind exception to the hearsay rule. *Lahoti v. Vericheck, Inc.*, 636 F.3d 501 (9th Cir. 2011), is squarely on point. In *Lahoti*, the plaintiff alleged that the defendant's use of the website www.vericheck.com infringed plaintiff's VERICHECK mark. At trial, the plaintiff submitted proof of actual confusion in the form two witnesses who testified that plaintiff's sales offices "receive a substantial number of telephone calls from confused customers who could not find information about Vericheck on www.vericheck.com." *Id.* at 509. On appeal, the defendant claimed such evidence was hearsay. The Ninth Circuit disgreed, holding that the testimony fell within the state-of-mind exception to the hearsay rule: "Though the customers' statements were clearly offered for the truth of the matter, they are permissible under the 'state of mind' exception to the hearsay rule. See Fed.R.Evid. 803(3)." *Id.* at 509.

Notably, *Lahoti* cited to another case that is directly on point, *Conversive, Inc. v. Conversagent, Inc.*, 433 F.Supp.2d 1079, 1091 (C.D. Cal. 2006), in support of its conclusion that the confusion evidence at issue in that case did not constitute hearsay. In *Conversive*, the plaintiff sued for trademark infringement and moved for summary judgment. In support of its motion, the plaintiff submitted evidence of actual confusion in the form of testimony from its sales agents regarding conversations they had had with potential purchasers. According to the plaintiff's sales agents, the potential purchasers had stated they were already using plaintiff's product, when, in fact, they had purchased the defendant's product. *Conversive*, 433 F.Supp.2d at 1087. The defendant objected to this evidence as hearsay. After carefully considering extensive precedent from other circuits (the Ninth Circuit did not weigh in until *Lahoti* in 2011), the court overruled the objection because the testimony regarding the purchaser statements was "not offered to show the truth of the matter asserted and [was] offered to show the state of mind of the declarant." *Id.* at 1091.

One of the cases *Conversive* relied on was *Fun–Damental Too, Ltd. v. Gemmy Industries Corp.*, 111 F.3d 993 1003–04 (2d Cir.1997). There, the plaintiff submitted testimony from its sales manager that some of plaintiff's retail customers had complained that plaintiff's product was being sold at a lower price to other retailers, when in fact it was defendant's product being sold to the other retailers. The defendant objected on hearsay grounds, but the court overruled the objection both because the statement was being offered to show confusion, not for the truth of the matter asserted, and because the state-of-mind exception applied:

> There is no hearsay problem. Hearsay is an out-of-court statement admitted for the truth of the matter asserted. See Fed.R.Evid. 801. The testimony in question was not offered to prove that [plaintiff] was actually selling to some retailers at lower prices, but was probative of the declarant's confusion. Further, Federal Rule of Evidence 803(3) allows statements, otherwise excluded as hearsay, to be received to show the declarant's then-existing state of mind.

*Id.* at 1003-04. See also 4 McCarthy on Trademarks and Unfair Competition § 23:15 (4th ed.) (collecting cases and noting that the majority of circuits have permitted such evidence over a hearsay objection, and opining that this is the better rule).

These cases are conclusive, and compel rejection of Keating's motion. The prescription forms at issue here, similar to the testimony concerning the confused customers and purchasers in *Lahoti* and *Conversive*, are offered to show the state of mind of the customers at issue – here, the dentists who submitted an order for a "BruxZir" crown to Keating. These prescription forms evince confusion on the part of the prescribing dentists concerning the source or characteristics of the crowns

1  that they were ordering – either initial interest confusion, *Brookfield*
2  *Communications, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1062 (9th Cir.
3  1999), or point of sale confusion. They are thus offered to show the state of mind
4  of the dentists who submitted them to Keating. Accordingly, even if the
5  prescription forms constituted hearsay in the first place (which they do not), they
6  fall within the state of mind exception of Rule 803(3) and are therefore admissible.

7      Keating does not cite a single case in its motion and has no response to these
8  cases. Keating's silence is particularly telling since Glidewell previously cited
9  *Lahoti* in response to Keating's hearsay objection and made the same argument
10 offered in this opposition. (Dkt. # 155 at p. 10) Instead of responding to these
11 authorities, Keating offers what amounts to a jury argument for why a factfinder
12 should not regard the prescription forms as establishing actual confusion. And that
13 is exactly where Keating should direct its argument – to the jury, not to the Court
14 on a motion to exclude clearly admissible evidence. Certainly a jury could infer
15 actual confusion among dentists from the 86 instances of a dentist submitting a
16 prescription to Keating for "BruxZir," as reflected in Trial Exhibit 569 (Dkt. # 90-4
17 (Exhibit 15)). While Keating has produced declarations for a small subset of these
18 dentists – thirteen in total – who claim they were not confused when they submitted
19 prescriptions, Keating fails to explain how the fact that it has secured contrary
20 evidence concerning a subset of the prescription forms renders those or any other
21 prescription forms inadmissible. This is particularly true since these dentists are
22 Keating's customers, and Keating did *not* submit declarations from the vast
23 majority of these customers.

24     **2.    The Work Orders**

25     As noted above, MSJ Exhibit 15 includes Keating-created work orders as
26 well as prescription forms. It is unclear whether Keating seeks an order excluding
27 the work orders as hearsay; certainly, Keating proffers no argument that they
28 constitute hearsay. The uncertainty is compounded by the fact that each of the

work orders contains slightly different content, which may raise different concerns or issues pertinent to a potential hearsay objection. Accordingly, the Court should reject Keating's motion to the extent that it could be read to extend to the work orders on that ground alone.

In any event, the work orders are not inadmissible hearsay for a number of reasons. First, these work orders reflect notes taken by Keating employees regarding follow up communications with the dentist who submitted the prescription, and in particular regarding whether the dentist was willing to proceed with a "KDZ Bruxer" rather than a "BruxZir" crown. This is clear not only from the contents of the work orders themselves, but also from Keating's admissions in this case, in which Keating stated that the work orders were created by its employees. (Dkt. #92, ¶¶ 11-12, Ex. 53 (Brandon Depo. at 16:8-18:5; 49:3-11)) The work orders themselves and the statements of the Keating employees contained therein therefore do not constitute hearsay if proffered by Glidewell, because they are statements of employees of a party opponent. Fed. R. Evid. 801(d)(2)(D).

Second, with respect to those work orders that contain content reflecting statements made to the Keating employee who created the work order entry by the dentist or dental office assistant to whom the employee was speaking, the recorded statements of the dentists and assistants do not constitute hearsay. Customer requests and instructions reflected in business records, such as the instructions of the dentists referenced in some of the work orders, are not hearsay. *United States v. Thomas*, 451 F.3d 543, 548 (8th Cir.2006) (overruling a double-hearsay objection to a "conversation log" between a bank and one of its customers in which the customer requested information about a particular loan and gave instructions to the bank, and stating, "Questions and commands generally are not intended as assertions, and therefore cannot constitute hearsay." (citations omitted)). Further, as shown above, statements offered to show the state of mind of the person making the statement either do not constitute hearsay at all or fall within the "state of mind"

exception of Rule 803(3). *E.g., Lahoti*, 636 F.3d at 509; *Conversive*, 433 F.Supp.2d at 1091. That is exactly the case with respect to the recorded statements of the dentists and their assistants that are contained in the work orders; Glidewell will offer them as evidence that these dentists were confused regarding the source or characteristics of the product that they were ordering from Keating, i.e., evidence of their state of mind. According, the work orders are not hearsay and would be admissible under Rule 803(3) even if they were. Keating's motion is frivolous.

### III. CONCLUSION

The Court should deny Keating's Motion in Limine #7 and overrule Keating's hearsay objection.

Dated: January 18, 2013     SNELL & WILMER L.L.P.


By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

16476975.1

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S OPPOSITION TO KEATING DENTAL ARTS, INC.'S MOTION IN LIMINE #7** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949)833-8550<br>Fax: (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: January 18, 2013      SNELL & WILMER L.L.P.


By: *s/Greer N. Shaw*
         Philip J. Graves
         Greer N. Shaw
         Deborah S. Mallgrave

         Attorneys for Plaintiff
         James R. Glidewell Dental Ceramics, Inc.
         dba GLIDEWELL LABORATORIES

16139994