SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

Snell & Wilmer L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>Defendant. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S OPPOSITION TO KEATING DENTAL ARTS, INC.'S MOTION IN LIMINE # 2** |
| AND RELATED COUNTERCLAIMS. | <u>Hearing</u><br><br>Date: January 28, 2013<br>Time: 8:30 a.m.<br>Ctrm: 9D, Hon. David O. Carter<br><br>Pre-Trial Conf.: January 28, 2013<br>Jury Trial: February 26, 2013 |

## TABLE OF CONTENTS


Page

I. INTRODUCTION ........ 1
II. ARGUMENT ........ 2
  A. Dr. Goldstein's Expert Reports was Timely Disclosed ........ 2
  B. Dr. Goldstein's Declarations ........ 4
  C. Even if Dr. Goldstein's Disclosure Had Been Untimely, Which It Was Not, Any Delay was Harmless and Substantially Justified ........ 5
    1. Keating has Articulated No Cognizable Prejudice ........ 6
    2. Keating had the Opportunity to Cure any Purported Prejudice but Declined to Do So ........ 7
    3. Allowing Dr. Goldstein to Proffer Testimony Will Not Disrupt the Trial ........ 9
    4. Dr. Goldstein's Testimony is Highly Relevant and Important ........ 10
    5. Glidewell's Disclosure of Dr. Goldstein was Not in Bad Faith ........ 11
III. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*3Com Corp. v. Realtek Semiconductor Corp.*, C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008)...................... 4, 9

*Crosspointe, LLC v. Integrated Computing, Inc.*, 2004 WL 5487401 (M.D. Fla. Aug. 18, 2004)................................................ 12

*Cyntegra, Inc. v. Idexx Laboratories, Inc.*, CV06-4170PSG(CTX), 2007 WL 5193736 (C.D. Cal. Sept. 21, 2007).............. 4

*Dey, L.P v. Ivax Pharm., Inc.*, 233 F.R.D. 567 (C.D.Cal.2005) ...................................................... 6, 9

*ESM Techs., LLC v. Biova, LLC*, No. 10-3009-CV-S-RED (W.D. Mo. Mar. 21, 2012) ......................................... 4

*Estate of Gonzales v. Hickman*, 05-00660 MMM (RCx), 2007 WL 3237635 (C.D. Cal. June 28, 2007).................................................................... 12

*Etagz, Inc. v. Quiksilver, Inc.*, No-10-300-CV-DOC (C.D. Cal. Nov. 16, 2012)................................................ 3

*Galentine v. Holland Am. Line-Westours, Inc.*, 333 F. Supp. 2d 991 (W.D. Wash. 2004)......................................................... 8

*Garvey v. Kmart Corp.*, 2012 U.S. Dist. LEXIS 160006 (N.D. Cal. Nov. 6, 2012).............................. 6, 9

*Jarritos, Inc. v. Reyes*, 345 F. App'x 215 (9th Cir. 2009)............................................................... 3

*Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group., Inc.*, 2:09-CV-01278, 2011 WL 320909 (S.D.W. Va. Jan. 28, 2011).......................... 9

*Katz v. Cont'l Airlines, Inc.* (In re Katz Interactive Call Processing Patent Litig.), 2009 U.S. Dist. LEXIS 129933 (C.D. Cal. July 2, 2009) ....................... 6

*Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705 (9th Cir. 2010) ..................................................... 6

*Nuance Communications, Inc. v. ABBYY Software House, C* , 08-02912 JSW MEJ, 2012 WL 2838431 (N.D. Cal. July 10, 2012) ..................................................................... 4

*Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, n.5 (9th Cir. 2006)............................................................. 3

*Roe v. Nevada*, 621 F. Supp. 2d 1039 (D. Nev. 2007) ............................................................ 3, 8

## TABLE OF AUTHORITIES
## (Continued)

**Page**

*Russell v. Daiichi-Sankyo, Inc.*, CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) .................. 4

*San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719 (N.D. Cal. 2011) .................. 6

*Semtech Corp. v. Royal Ins. Co. of Am., CV*, 03-2460-GAF PJWX, 2005 WL 6192906 (C.D. Cal. Sept. 8, 2005) .................. 8

*Tuna Processors, Inc. v. Haw. Int'l Seafood, Inc.*, No. Civ. 05-517 BMK, 2007 WL 433547 (D. Haw. Feb. 5, 2007) .................. 11

*Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025 (N.D. Cal. 2011) .................. 5

*Wong v. Regents of Univ. of California*, 410 F.3d 1052 (9th Cir. 2005) .................. 3

**FEDERAL RULES**

Fed. R Civ. P. 26 .................. 5

Fed. R. Civ. P. 26(f) .................. 3

Fed. R. Civ. P. 26(a)(2) .................. 2

Fed. R. Civ. P. 26(a)(2)(B) .................. 4

Fed. R. Civ. P. 37 .................. 6, 8

Fed. R. Civ. P. 37(c)(1) .................. 6

Snell & Wilmer L.L.P. LAW OFFICES 350 South Grand Avenue, Suite 2600, Two California Plaza Los Angeles, California 90071

## I. INTRODUCTION

Keating asserts that the Court should exclude the expert testimony of Dr. Ronald Goldstein on the purported grounds that (i) Dr. Goldstein's expert report was not timely disclosed, and (ii) Glidewell submitted two declarations from Dr. Goldstein in support of its summary judgment papers. With respect to Dr. Goldstein's expert report, the premise is false: Dr. Goldstein's report was timely served on Keating's counsel. In its Scheduling Order, the Court entered one date by which all discovery, including expert discovery, must be completed – the discovery cut-off date of October 29, 2012. (Dkt. # 15, p. 1) Contrary to Keating's suggestion, the Court did not enter any prior date for the disclosure of experts or expert reports. Glidewell disclosed Dr. Goldstein, and served his expert report, on October 29, prior to the close of discovery. Thus, Dr. Goldstein's expert report was timely disclosed.

With respect to the declarations, Keating's complaint is not altogether clear. Glidewell served Dr. Goldstein's declarations in support of its summary judgment motions on the date the relevant summary judgment briefs were filed. While Keating was free to (and did) object to Dr. Goldstein's declarations on various grounds in connection with the summary judgment briefing, Keating fails to explain how the filing of these declarations might render Dr. Goldstein's testimony inadmissible.

In any event, even had Dr. Goldstein's expert report not been timely disclosed (which it was), Keating entirely fails to justify the remedy of exclusion. Late-disclosed discovery material is admissible if the late disclosure was harmless. All of the factors applicable to the determination of this issue counsel against exclusion: (1) Keating was not prejudiced by any aspect of Dr. Goldstein's disclosures; (2) Keating could easily have remedied any purported prejudice but has chosen not to do so; (3) allowing Dr. Goldstein to testify will not delay the trial; (4) Dr. Goldstein's testimony is directly pertinent to the central issues in the case; and

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071

(5) the timing of his disclosures did not result from any bad faith. Tellingly, although Keating claims that it was denied an opportunity to depose Dr. Goldstein, this is categorically false – Glidewell made Dr. Goldstein available for deposition, but Keating declined to depose him. Thus, whether Dr. Goldstein's expert report was timely (as Glidewell contends) or untimely (as Keating contends), the fact is that any alleged "prejudice" suffered by Keating is self-inflicted, so the extreme remedy of exclusion is not appropriate. The Court should deny Keating's Motion in Limine #2.

## II. ARGUMENT

### A. Dr. Goldstein's Expert Report was Timely Disclosed

Keating asserts that Glidewell violated Fed. R. Civ. P. 26(a)(2) by failing to provide (1) the Goldstein Expert Report and Goldstein Declaration by "the September 15, 2012 deadline for exchanging opening expert reports," and (2) the Goldstein Supplemental Declaration by "the October 15, 2012 deadline for exchanging rebuttal expert reports." The premises underlying these assertions are incorrect.

While Keating correctly identifies that Dr. Goldstein and his Expert Report must be disclosed by the deadline ordered by the Court, Keating incorrectly identifies the deadline. The Court's Scheduling Order set forth the following four dates:

| | |
|---|---|
| Discovery Cut-Off Date | October 29, 2012 |
| Motion Cut-Off Date | December 17, 2012 |
| Setting Final Pretrial Conference | January 28, 2013 |
| Setting Jury Trial Date | February 26, 2013 |

(Dkt. #15; see also Dkt. #14) The Scheduling Order contains no separate deadlines for expert reports. (Dkt. # 15) Instead, the Scheduling Order states that "expert discovery must also be completed by the discovery cut-off date." (Dkt. #15, p. 2:5-6) Keating's argument that the disclosure of Dr. Goldstein and his expert report

were untimely appears to be based on the parties' proposed deadlines for exchange of reports. In their Joint Rule 26(f) Report, the parties proposed September 15, 2012 as the deadline for opening expert reports and October 15, 2012 for rebuttal reports. (Dkt. #11, p. 13) The Court, however, did not adopt these dates and they are not in the Scheduling Order. (Dkt. #15) Dr. Goldstein's report was not subject to either "deadline" because these were not applicable deadlines at all. See Order, *Etagz, Inc. v. Quiksilver, Inc.*, No-10-300-CV-DOC (C.D. Cal. Nov. 16, 2012), ECF No. 179 (denying defendant's motion to strike expert reports as untimely, because report was served before the discovery cut-off date and the expert report deadlines proposed in the parties' Rule 26(f) Report had not been incorporated into the Court's scheduling order).

In support of its objections, Keating has not pointed to a single case where, absent an order setting earlier dates for the exchange of expert reports, an expert report was considered late where it was served by the close of discovery. Keating's cited authorities are easily distinguishable because in each, the proffered expert report was served after a court-ordered deadline. *See Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1058 (9th Cir. 2005) (expert reports excluded as untimely because court ordered counsel to disclose the names of any experts they proposed to offer at trial "not later than 45 days before the close of discovery"); *Jarritos, Inc. v. Reyes*, 345 F. App'x 215, 217 (9th Cir. 2009) (expert reports excluded as untimely pursuant to specific court order setting deadline to disclose expert witnesses); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, n.5 (9th Cir. 2006)(expert report was not served by deadline set forth in scheduling order).

Accordingly, the deadline for the parties to disclose expert reports, along with all other discovery material, was October 29, 2012. This should be the end of the matter. As it is undisputed that Dr. Goldstein's expert report was provided to Keating's counsel on October 29, 2012, the report was timely disclosed. *Roe v. Nevada*, 621 F. Supp. 2d 1039, 1060 (D. Nev. 2007) (rejecting defendant's

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071

argument that plaintiff's disclosure of various fact witnesses on last day of discovery was untimely because defendant's never sought to re-open discovery and "defendants, until now, gave no indication of their desire to depose these witnesses, and therefore any prejudice is caused by Defendants' own dilatory conduct"); *Cyntegra, Inc. v. Idexx Laboratories, Inc.*, CV06-4170PSG(CTX), 2007 WL 5193736 (C.D. Cal. Sept. 21, 2007) *aff'd*, *Cyntegra, Inc. v. IDEXX Laboratories, Inc.*, 322 F. App'x 569 (9th Cir. 2009) (finding defendant's service of two expert reports on the last day of discovery timely); *Nuance Communications, Inc. v. ABBYY Software House*, C 08-02912 JSW MEJ, 2012 WL 2838431 (N.D. Cal. July 10, 2012) (denying motion to strike 25 witnesses disclosed after the close of business on the last day of discovery); *ESM Techs., LLC v. Biova, LLC*, No. 10-3009-CV-S-RED (W.D. Mo. Mar. 21, 2012), ECF No. 209 (holding expert declaration and report filed on last day of discovery to be timely); *3Com Corp. v. Realtek Semiconductor Corp.*, C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008) (denying motion in limine to preclude defendant from proffering witnesses first disclosed on the final day of fact discovery because plaintiff never requested defendant's agreement or leave of court to subpoena the third-party witnesses past the discovery cut-off); *Russell v. Daiichi-Sankyo, Inc.*, CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) (holding disclosure of fact witness made on day of discovery cut-off to be timely); cf. Fed. R. Civ. Proc. 26(a)(2)(B) (absent court order or stipulation, expert disclosures due 90 days before trial).

**B. <u>Dr. Goldstein's Declarations</u>**

Keating also appears to complain that two declarations from Dr. Goldstein that were served and filed with Glidewell's summary judgment papers were not "timely." Unfortunately, Keating fails to explain how the fact that these declarations were served with Glidewell's summary judgment papers, rather than prior to the filing of the summary judgment papers, might support its request for

Snell & Wilmer L.L.P. LAW OFFICES 350 South Grand Avenue, Suite 2600, Two California Plaza Los Angeles, California 90071

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071

wholesale exclusion of Dr. Goldstein's testimony at trial. Keating at no point explains why the summary judgment declarations would be considered "discovery" that must be timely disclosed pursuant to Rule 26. Nor does Keating explain how these declarations might somehow trump Dr. Goldstein's timely-served expert report, rendering it a nullity and his testimony excludable. Keating also fails to explain how, or even suggest that, the declarations add any opinions or content that was not fairly reflected in Dr. Goldstein's expert report. To the contrary, Keating admits that the Goldstein declaration served on November 19 is "virtually identical" to the timely disclosed expert report. (Dkt. # 208, p.3) With respect to the supplemental Goldstein declaration served with Glidewell's summary judgment opposition papers on November 26, Keating conclusorily complains that it is an improper rebuttal report without any further explanation. Dr. Goldstein's supplemental declaration was entirely proper given the circumstances – Keating included, as support for its summary judgment motion, the entirety of Dr. Eggleston's expert reports, (Dkt. # 93-1, 93-2, 93-3) to which Dr. Goldstein responded. L.R. 7-6; *Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1040 (N.D. Cal. 2011) (finding opposition expert declaration admissible where opinions were submitted to rebut specific opinions expressed by defendants' experts in support of their summary judgment motions). Moreover, the content of Dr. Goldstein's November 26 declaration is consistent with the content of his timely served expert report, and Keating fails to even attempt to suggest otherwise.

**C. <u>Even if Dr. Goldstein's Disclosure Had Been Untimely, Which It Was Not, Any Delay was Harmless and Substantially Justified</u>**

Even if Dr. Goldstein's report had been disclosed after the discovery cutoff (which it was not), and even if this Court were to conclude that the two declarations filed in connection with the summary judgment papers in some manner constituted late-served expert reports, this would not automatically give rise to the exclusion of

his testimony at trial. Rather, under Rule 37, a party may still use the information or witness if the late disclosure was "substantially justified" or "harmless." Fed.R.Civ.P. 37(c)(1); see also Fed.R.Civ.P. 37(c)(1) committee notes 1993 ("[L]imiting the automatic sanction to violations without substantial justification, coupled with the exception for violations that are harmless, is needed to avoid unduly harsh penalties in a variety of situations.") (internal quotations omitted).

In determining whether to exclude evidence pursuant to Rule 37, courts consider (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; (4) the importance of the evidence; and (5) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010); *Dey, L.P v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D.Cal.2005) (applying factors and declining to preclude late produced evidence); *Katz v. Cont'l Airlines, Inc.* (In re Katz Interactive Call Processing Patent Litig.), 2009 U.S. Dist. LEXIS 129933 (C.D. Cal. July 2, 2009) (denying motions to strike); *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 732 (N.D. Cal. 2011). All of these factors militate against exclusion. Thus, even had Glidewell's disclosure of Dr. Goldstein been untimely (which it was not), there would still be no ground for exclusion of Dr. Goldstein's testimony.

**1. Keating has Articulated No Cognizable Prejudice**

Prejudice does not exist simply because a party has the burden of dealing with additional information or witnesses. *See Garvey v. Kmart Corp.*, 2012 U.S. Dist. LEXIS 160006, at *3 (N.D. Cal. Nov. 6, 2012) (denying a motion to exclude the defendant's witness from testifying even though the witness was disclosed after the discovery deadline because the plaintiff declined the opportunity to depose the witness). Keating contends that it was prejudiced because it did not have an opportunity to depose Dr. Goldstein. This is false; as explained below, Keating's complaint that it failed to depose Goldstein is a problem of Keating's own creation.

Snell & Wilmer L.L.P. LAW OFFICES 350 South Grand Avenue, Suite 2600, Two California Plaza Los Angeles, California 90071

Keating also contends that it made "decisions" regarding its own experts and defense strategy based on what Glidewell had provided before the "cut-off," here apparently referring to the expert report exchange dates proposed by the parties but never adopted by the Court. This fails for at least two reasons. First, this vague complaint falls far short of a showing of cognizable prejudice – for example, Keating fails to explain what those "decisions" were and why it would be prejudiced by having to revisit those decisions in light of Dr. Goldstein's report and declarations. In truth, this complaint is bootless. Dr. Goldstein's expert report was produced to Keating more than two and a half months ago, prior to the close of discovery. Dr. Goldstein's declarations were provided with the summary judgment briefing almost two months ago. Keating has had ample time in which to analyze the report and develop any response that it might seek to make at trial. Keating engaged and provided an expert report from an industry-focused expert, so it was not prejudiced with respect to its ability to prosecute its case through expert opinion testimony. Second, if Keating really did make important decisions based on expert report dates that were never adopted by the Court, Keating alone should bear the consequences of such reckless behavior. Since Keating failed to articulate any cognizable prejudice, this factor weighs against exclusion.

**2. <u>Keating had the Opportunity to Cure any Purported Prejudice but Declined to Do So</u>**

Keating complains that it was prejudiced by its inability to depose Dr. Goldstein. However, Keating had in October (and still has today) an opportunity to cure any prejudice resulting from its inability to depose Dr. Goldstein prior to the discovery cutoff. Glidewell offered to make Dr. Goldstein available for deposition by Keating despite the fact that discovery had closed – not once, but at least three times. First, on November 16, 2012 Glidewell's counsel informed Keating that it would make Dr. Goldstein available for deposition and would not oppose any document request served on Dr. Goldstein on the ground that it was served after the

Snell & Wilmer L.L.P. LAW OFFICES 350 South Grand Avenue, Suite 2600, Two California Plaza Los Angeles, California 90071

close of discovery. (Graves Decl., ¶3, Ex. 2) Keating declined the offer. (Graves Decl., ¶4, Ex. 3) This offer remained open during the summary judgment briefing, and was articulated again in response to Keating's objections to Dr. Goldstein's declarations on December 3, 2012. (Dkt. # 153, p.6) Keating failed to respond. Yet again, Glidewell's counsel notified the Court and Keating's counsel at the December 21, 2012 hearing on the parties' summary judgment motions that the offer to permit deposition and document discovery upon Dr. Goldstein still remained open; once again, Keating chose stand pat rather than take the opportunity. (Graves Decl., ¶2, Ex. 1 at p. 70) This offer remains open even today, yet Keating resolutely turns away.

Thus, even if Keating had articulated some cognizable prejudice in connection with the date that Glidewell served Dr. Goldstein's expert report or the two Goldstein declarations, it is at this point prejudice that Keating has fostered and nurtured for tactical purposes. This is not the type of prejudice that will justify exclusion of relevant expert testimony. *Galentine v. Holland Am. Line-Westours, Inc.*, 333 F. Supp. 2d 991, 994 (W.D. Wash. 2004) (refusing to exclude expert report served eleven days past the deadline because "the potential prejudice that Defendant claims it will suffer is not so severe as to warrant exclusion, especially given the possibility of ameliorating that prejudice [through limited discovery and a deposition of the expert]"); *Roe v. Nevada*, 621 F. Supp. 2d 1039, 1060 (D. Nev. 2007) (rejecting defendant's argument that disclosure of fact witnesses on last day of discovery was untimely, and noting that "Defendants have sat on their rights to bring any motion to reopen discovery on account of Plaintiffs' last-minute disclosure…. [A]ny prejudice is caused by Defendants' own dilatory conduct."); *Semtech Corp. v. Royal Ins. Co. of Am.*, CV 03-2460-GAF PJWX, 2005 WL 6192906 (C.D. Cal. Sept. 8, 2005) (late disclosed supplemental expert report not excluded under Rule 37 because the "harm would not warrant the extreme sanction of exclusion" and any potential harm could be cured by allowing a deposition of the

Snell & Wilmer L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071

expert); *Garvey v. Kmart Corp.*, 2012 U.S. Dist. LEXIS 160006, at *3 (N.D. Cal. 2012) (denying a motion to exclude fact witness disclosed after the discovery deadline, noting that movant had declined to depose the witness); *3Com Corp. v. Realtek Semiconductor Corp.*, C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008) (denying motion in limine to exclude third-party witnesses disclosed on last day of fact discovery because movant never sought agreement or leave of court to subpoena witnesses after discovery cut-off). Accordingly, this factor weighs against exclusion.

**3. Allowing Dr. Goldstein to Proffer Testimony Will Not Disrupt the Trial**

Allowing Dr. Goldstein to proffer testimony now or at trial will not disrupt the trial, as the trial is not set to commence until February 26, 2013, nearly four months from the date on which his expert report was produced and three months from when his declarations were served on Keating. Keating asserts that the Court would have to reopen discovery and extend expert disclosure deadlines to allow the testimony. This is simply not true. Keating has had sufficient opportunity to review Dr. Goldstein's opinions, depose him (had it wished to do so), and prepare its expert to respond. Keating offers no explanation as to why the trial would need to be delayed; in truth, there is none. Thus, this factor too favors admission of Dr. Goldstein's declaration. *Dey, L.P. v. Ivax Pharmaceuticals, Inc.*, 233 F.R.D. 567, 572 (C.D. Cal. 2005) (court found that third factor weighed against exclusion of evidence because the evidence went to issues set forth in defendant's counterclaim and likely would be relevant and probative); *Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group., Inc.*, 2:09-CV-01278, 2011 WL 320909 (S.D.W. Va. Jan. 28, 2011) (third factor inapplicable where supplemental expert report served after expert disclosure deadline but still four months before trial). Accordingly, this factor weighs against exclusion.

Snell & Wilmer L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071

**4. Dr. Goldstein's Testimony is Highly Relevant and Important**

Dr. Goldstein's testimony is important. He will offer his analysis and opinion testimony concerning, among other things:

- Whether "Bruxer," "Bruxer Crown," or BruxZir are generic terms for solid zirconia crowns. This testimony bears directly on Keating's primary defense in this case, which is that the BruxZir mark is generic and therefore invalid. Dr. Goldstein brings to bear his 55 years of experience as a practicing dentist as well as his experience as a frequent participant in dental industry conferences that brings him into contact with thousands of dentists every year.
- Whether BruxZir is a strong mark. This testimony bears on the first of the *Sleekcraft* factors that the Court must examine in order to evaluate the likelihood of confusion resulting from Keating's use of the KDZ Bruxer brand on its competing crowns and bridges. Dr. Goldstein examines the evidence pertinent to both the conceptual and commercial strength of the mark, and again applies his personal experience as well as his knowledge based on his extensive interactions with other dentists in arriving at the conclusion that the BruxZir mark strongly identifies a source for solid zirconia crowns.
- Whether dentists, their assistants and front office personnel are likely to be confused by Keating's use of the KDZ Bruxer brand in connection with the promotion of its competing crowns and bridges. Dr. Goldstein's analysis here is focused on his knowledge regarding instances of actual confusion, the fact that Glidewell's BruxZir brand crowns and Keating's KDZ Bruxer crowns are directly competitive and are marketing through similar channels, and on his evaluation of the similarity of the marks as a practicing dentist, all of which are factors included in the *Sleekcraft* analysis.

These issues are not new; they have been central to the case from at least the filing of Keating's initial Answer. (Dkt. ## 1, 9) *See Tuna Processors, Inc. v. Haw. Int'l Seafood, Inc.*, No. Civ. 05-517 BMK, 2007 WL 433547, *2 (D. Haw. Feb. 5, 2007) ("The failure to properly disclose is harmless where there is no prejudice to the opposing party. There is generally no prejudice where the untimely evidence does not raise any new issues in the case"). This factor weighs against exclusion.

**5. <u>Glidewell's Disclosure of Dr. Goldstein was Not in Bad Faith</u>**

Snell & Wilmer L.L.P. was only recently engaged in this matter (on October 25, 2012). (*See* Dkt. # 69 [ Ex Parte Application to Amend Scheduling Order]) Glidewell produced Dr. Goldstein's expert report just <u>four</u> days later, as soon as Glidewell's counsel had reviewed the case file and determined that this additional witness testimony would be important to Glidewell's ability to present its case. (Dkt. # 142, [Shaw Decl., ¶ 11]) Thus, the disclosure of Dr. Goldstein on October 29, 2012 did not occur due to some effort to obtain tactical advantage on Glidewell's part. Rather, Dr. Goldstein was disclosed at that time, rather than some earlier time, because Glidewell's prior counsel failed to exercise reasonable diligence in prosecuting this action. The identical observation applies to the declarations of Dr. Goldstein, both of which were served less than one month later and the first of which even Keating admits was virtually identical to Dr. Goldstein's earlier-served report. Prior counsel's nonfeasance should not be laid at the feet of Glidewell, particularly in light of the fact that prior counsel did not even discuss with Glidewell's in-house counsel the advisability of engaging an industry-focused expert such as Dr. Goldstein. Glidewell's current counsel moved quickly to remedy the situation after becoming involved in the suit and aware of the need for an industry-focused expert such as Dr. Goldstein. This factor too weighs in favor of denying Keating's motion.

Thus, a review of the factors above demonstrates that even if the Court were

Snell & Wilmer L.L.P. LAW OFFICES 350 South Grand Avenue, Suite 2600, Two California Plaza Los Angeles, California 90071

Snell & Wilmer L.L.P. LAW OFFICES 350 South Grand Avenue, Suite 2600, Two California Plaza Los Angeles, California 90071

to conclude that Glidewell's disclosure of Dr. Goldstein's expert report on the last day of discovery was untimely – which it should not – the disclosure was harmless. The same analysis applies to Dr. Goldstein's two summary judgment declarations, were the Court to find them to be pertinent to this motion in some way. Any prejudice resulting from the timing of these disclosures could easily be cured by a deposition of Dr. Goldstein. That Keating has declined to take Glidewell's invitation to take advantage of that opportunity demonstrates that Dr. Goldstein should be allowed to testify, not that he should be excluded. *Estate of Gonzales v. Hickman*, 05-00660 MMM (RCx), 2007 WL 3237635 (C.D. Cal. June 28, 2007) (untimely disclosure of three expert reports harmless and not excluded); *Crosspointe, LLC v. Integrated Computing, Inc.*, 2004 WL 5487401, *1 (M.D. Fla. Aug. 18, 2004) (court allowed belated disclosure of supplemental expert report because the opposing party did not show "with sufficient specificity how they are prejudiced").

## III. CONCLUSION

For the reasons set forth above, the Court should deny Keating's Motion in Limine # 2.

Dated: January 18, 2013

SNELL & WILMER L.L.P.

By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba Glidewell Laboratories

***Glidewell Laboratories v. Keating Dental Arts, Inc.***
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S OPPOSITION TO KEATING DENTAL ARTS, INC.'S MOTION IN LIMINE #2** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949)833-8550<br>Fax: (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: January 18, 2013

SNELL & WILMER L.L.P.

By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba GLIDEWELL LABORATORIES

16139994



SNELL & WILMER L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071