SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**DECLARATION OF PHILIP J. GRAVES IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S OPPOSITION TO KEATING DENTAL ARTS, INC.'S MOTION IN LIMINE #2**<br><br>Hearing<br><br>Date: January 28, 2013<br>Time: 8:30 a.m.<br>Ctrm: 9D, Hon. David O. Carter<br><br>Pre-Trial Conf.: January 28, 2013<br>Jury Trial: February 26, 2013 |

DECL. OF GRAVES ISO
GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE # 2

I, Philip J. Graves, declare:

1. I am an attorney licensed to practice law in the State of California and am a partner in the law firm of Snell & Wilmer L.L.P., counsel for Plaintiff James R. Glidewell Dental Ceramics, Inc. ("Plaintiff") in the above-entitled action. I have first-hand, personal knowledge of the facts stated herein and, if called to testify, could and would competently testify to those facts.

2. Attached hereto as Exhibit 1 is a true and correct copy of excerpts of the transcript of the December 21, 2012 motion hearing in the above-titled action.

3. Attached hereto as Exhibit 2 is a true and correct copy of an email I sent to David Jankowski dated November 16, 2012.

4. Attached hereto as Exhibit 3 is a true and correct copy of an email I received from David Jankowski dated November 16, 2012.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 18, 2013, at Los Angeles, California.

Philip J. Graves

16485707.1

DECL. OF GRAVES ISO
GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE # 2

# EXHIBIT 1

1

```
                   UNITED STATES DISTRICT COURT

                  CENTRAL DISTRICT OF CALIFORNIA

                        SOUTHERN DIVISION

                             - - -

        THE HONORABLE DAVID O. CARTER, JUDGE PRESIDING


        JAMES R. GLIDEWELL DENTAL
        CERAMICS, INC.,
                        Plaintiff,

        vs.                              SACV-11-1309-DOC

        KEATING DENTAL ARTS, INC.,
                        Defendant.
        ------------------------------


            REPORTER'S TRANSCRIPT OF PROCEEDINGS

                      Hearing on Motions

                      Santa Ana, California

                   Friday, December 21, 2012



                    SHARON A. SEFFENS, RPR
                    United States District Courthouse
                    411 West 4th Street, Suite 1-1053
                    Santa Ana, CA
                    (714) 543-0870
```

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

Exhibit 1, Page 3

```
                                                              2
 1   APPEARANCES OF COUNSEL:
 2   FOR THE PLAINTIFF:
 3   PHILIP J. GRAVES
 4   GREER SHAW
 5   FOR THE DEFENDANT:
 6   LYNDA J. ZADRA-SYMES
 7   DAVID JANKOWSKI
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

3

```
 1   SANTA ANA, CALIFORNIA; FRIDAY, DECEMBER 21, 2012; 4:30 P.M.
 2              THE COURT:  Counsel, let me start off because I
 3   started off inartfully before.  Here are some initial
 4   feelings and concerns about Docket No. 84.  Docket 84 is
 5   Defendant's Motion for Summary Judgment as to No
 6   Infringement of Glidewell's Registered Trademark.  Is that
 7   correct?  Why don't you check your docket numbers and make
 8   certain.
 9              MR. GRAVES:  That's correct.
10              THE COURT:  Tentatively, I'm prepared concerning
11   Defendant's Motion for Summary Judgment as to no
12   infringement to grant that motion.
13              I think that the defendant has shown that the
14   plaintiff has failed to establish at least one element of
15   the trademark infringement, namely, that there is a
16   likelihood of confusion between the parties' marks.
17              The Court is well-aware that the Ninth Circuit
18   considers eight factors to determine the likelihood of
19   confusion between the parties' marks:  (1) strength of the
20   plaintiff's mark; (2) proximity of the goods; (3) similarity
21   of the marks; (4) evidence of actual confusion; (5)
22   marketing channels used; (6) type of goods and the degree of
23   care likely to be exercised by the purchaser; (7)
24   defendant's intent in selecting the mark; and (8) likelihood
25   of expansion of the product lines.
```

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

1  declaration indicated that he will prescribe a full contour
2  zirconia crown such as BruxZir or a KDZ Bruxer regardless of
3  whether his patients suffer from bruxism.
4      So the purported tight link between these two
5  brands of a full contour zirconia crown and bruxism is
6  simply -- it's overly hyped by Keating.  Yes, bruxism is one
7  indication or one pathology for which these full contour
8  zirconia crowns are indicated, but there are many others.
9  For some of these dentists, such as Dr. Cohen and Dr. Bell,
10 the vast majority of the uses don't involve bruxism at all.
11     Mr. Jankowski suggested his client is using Bruxer
12 in a descriptive capacity.  However, that's belied by the
13 fact that Keating filed a trademark application on KDZ
14 Bruxer and alleged in its second amended answer and
15 counterclaim that it is using KDZ Bruxer as a trademark.  In
16 order to constitute fair use, the mark must be used only,
17 solely, in a descriptive capacity.  That's clearly not the
18 case here from Keating's own admissions.
19     Mr. Jankowski tells the Court that the dentists
20 from whom Glidewell submitted declarations and Dr. Goldstein
21 were all disclosed after the close of discovery.  That's
22 simply factually incorrect.  Discovery closed in this case
23 under the Court's scheduling order on October 29.  All of
24 these dentists were identified in an amended disclosure on
25 October 29.  Dr. Goldstein's expert report was provided on

1 | October 29.
2 |      Now, Your Honor, if present counsel had been
3 | involved in the case, these witnesses very likely would have
4 | been disclosed earlier than they were. However, the fact
5 | remains that they were disclosed prior to the close of
6 | discovery, and there was nothing in the scheduling order
7 | requiring that expert reports be provided earlier than the
8 | close of discovery. In fact, the scheduling order
9 | specifically said all discovery, including expert discovery,
10 | will close on the discovery cutoff, which was October 29.
11 |      So these witnesses were disclosed prior to the
12 | close of discovery, and, in addition, Glidewell -- we -- I
13 | offered to permit Keating's counsel to depose these people.
14 | We offered to make Dr. Goldstein available for deposition.
15 | We offered to make Dr. De Tolla available for another
16 | deposition. We offered not to oppose any efforts that they
17 | might make to take the depositions of the dentists that we
18 | disclosed after the close of discovery. That offer was
19 | rejected.
20 |      Rule 37(c) requires that in order for evidence to
21 | be excluded it's not sufficient just that it be disclosed
22 | after a discovery cutoff, which in this case it wasn't, but
23 | there in addition must be a showing of prejudice. Here
24 | there is no prejudice. Keating has articulated no
25 | prejudice, and any prejudice that could possibly exist is

70

1 only from its effort to take tactical advantage of the date
2 of disclosure of these witnesses. The offer to permit them
3 to be deposed remains open. Keating could cure any
4 prejudice anytime it wanted.
5       With respect to Ms. Fallon, there aren't two
6 versions. What happened is certain information regarding
7 Ms. Fallon's conversation with Ms. Carlyle of Dr. Lee's
8 office was disclosed in interrogatory responses. Ms. Fallon
9 was disclosed as a potential witness weeks, if not months,
10 prior to the close of discovery. Keating could have deposed
11 her. They chose not to. Subsequently, additional specific
12 factual detail was developed and was provided to Keating as
13 soon as it was developed. The two documents, Exhibits 1 and
14 2, were provided to Keating, produced to Keating, within one
15 day of when counsel obtained them. We made every effort as
16 soon as we got involved to produce as much information as we
17 possibly could regarding this case that had not already been
18 produced. Again, there was no prejudice here, none
19 whatsoever.
20       Now, Mr. Jankowski -- it's notable regardless of
21 whether we are talking about 86 instances of confusion
22 reflected in the prescription forms or 57 different dentists
23 who were involved in those instances of confusion, that
24 Keating only submitted declarations from 13. Keating had
25 months in which to develop that evidence. Yet they could

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

Exhibit 1, Page 8

```
                                                              118

 1
 2
 3
 4
 5                       CERTIFICATE
 6
 7        I hereby certify that pursuant to Section 753,
 8   Title 28, United States Code, the foregoing is a true and
 9   correct transcript of the stenographically reported
10   proceedings held in the above-entitled matter and that the
11   transcript page format is in conformance with the
12   regulations of the Judicial Conference of the United States.
13
14   Date:  January 12, 2012
15
16
17                       /S/ Sharon A. Seffens  1/12/12
                         _____
18                       SHARON A. SEFFENS, U.S. COURT REPORTER
19
20
21
22
23
24
25
```

# EXHIBIT 2

**Witter, Marjorie**

| | |
|---|---|
| **From:** | Graves, Philip |
| **Sent:** | Friday, November 16, 2012 11:00 AM |
| **To:** | 'David.Jankowski' |
| **Cc:** | 'Lynda.Zadra-Symes'; Shaw, Greer; Mallgrave, Deb |
| **Subject:** | Glidewell Dental Ceramics v. Keating Dental Arts |

David,

In Keating's Opposition to Glidewell's Ex Parte Application to Amend the Scheduling Order, Keating noted that Glidewell had served a set of First Amended Disclosures, a rebuttal report of Prof. Franklyn to the opening report of Dr. Eggleston, a rebuttal report of Prof. Franklyn to the rebuttal report of Boatwright, an expert report from Dr. Goldstein, and an expert disclosure from Dr. DiTolla, and characterized several of these disclosures as untimely. We do not agree, in light of the fact that all of these disclosures were provided prior to the close of discovery. In any event, we will make Prof. Franklyn, Dr. Goldstein and Dr. DiTolla available to be deposed regarding any subject matter contained in these reports, and will not oppose any depositions of witnesses newly-identified in Glidewell's First Amended Disclosures on the ground that the deposition was noticed or would take place following the close of discovery. In addition, we will not oppose any document discovery that Keating may wish to take as against those witnesses on the ground that the document request was served following the close of discovery. We believe that this proposal provides Keating with an opportunity to effectively and efficiently address any purported concerns that it may have regarding the "timeliness" of these disclosures, all of which were provided prior to the close of discovery.

Best,
Phil

Philip J. Graves, Esq.
Snell & Wilmer LLP
Two California Plaza
350 South Grand Ave.
Suite 2600
Los Angeles, CA 90071-3406
T/213-929-2542
F/213-929-2525
www.swlaw.com

This email is from a law firm. It may contain confidential information. If you are not the intended recipient, please delete this email and any attachments from your computer. Do not save, forward, print, copy or share this email (or any attachments) with anyone else. Any unauthorized copying or dissemination may result in civil liability. Attachments, opinions, conclusions and other information in this message that do not relate to the official business of this firm shall be understood as neither given nor endorsed by it. No attorney-client relationship can be created solely as a result of inquiry by email.

# EXHIBIT 3

**Witter, Marjorie**

| | |
|---|---|
| **From:** | David.Jankowski <david.jankowski@knobbe.com> |
| **Sent:** | Friday, November 16, 2012 8:18 PM |
| **To:** | Graves, Philip |
| **Cc:** | Lynda.Zadra-Symes; Shaw, Greer; Mallgrave, Deb |
| **Subject:** | RE: Glidewell Dental Ceramics v. Keating Dental Arts |

Phil,

The expert disclosure document and amended initial disclosures that Snell & Wilmer emailed to us **shortly before Midnight on October 29, 2012** (Discovery Cut Off) were untimely disclosures in violation of the Court's Scheduling Order, which set forth a deadline for the exchange of expert reports (opening reports were due on October 15, 2012 and rebuttal reports were due on October 22, 2012) and a deadline for initiating depositions (October 22, 2012).  Keating does not accept Glidewell's offer to make certain witnesses available for deposition weeks after Discovery Cut Off, as doing so would violate the Federal Rules of Civil Procedure and the express direction of the Court through its Scheduling Order and denial of Glidewell's *Ex Parte* Application seeking to re-open discovery.

We further note that Glidewell produced more than 2,000 pages of documents on November 15, 2012, more than two weeks after Discovery Cut Off.  As you surely can appreciate, we have not had an opportunity to review these documents.  Given the untimely expert disclosures, the untimely amended disclosures, and now the large and untimely document production, Glidewell appears to be proceeding as if it had prevailed on its *ex parte* application.  Keating reserves its right to move to strike and/or make evidentiary objections to any evidence not properly and timely produced by Glidewell during discovery.  This includes, but is not limited to, evidence that Glidewell may offer in support of its proposed motions for summary judgment or in opposition to Keating's proposed motions for summary judgment.

Regards,

-David

**David Jankowski**
Partner
David.Jankowski@knobbe.com

949-721-6334 **Direct**

**Knobbe | Martens**
INTELLECTUAL PROPERTY LAW

**five decades. one focus.**
2040 Main Street, 14th Floor
Irvine, CA 92614
www.knobbe.com/david-jankowski

---

**From:** Graves, Philip [mailto:pgraves@swlaw.com]
**Sent:** Friday, November 16, 2012 11:00 AM
**To:** David.Jankowski
**Cc:** Lynda.Zadra-Symes; Shaw, Greer; Mallgrave, Deb
**Subject:** Glidewell Dental Ceramics v. Keating Dental Arts

David,

In Keating's Opposition to Glidewell's Ex Parte Application to Amend the Scheduling Order, Keating noted that Glidewell had served a set of First Amended Disclosures, a rebuttal report of Prof. Franklyn to the opening report of Dr. Eggleston, a rebuttal report of Prof. Franklyn to the rebuttal report of Boatwright, an expert report from Dr. Goldstein, and an expert disclosure from Dr. DiTolla, and characterized several of these disclosures as untimely.  We do not agree, in light of the fact that all of these disclosures were provided prior to the close of

discovery. In any event, we will make Prof. Franklyn, Dr. Goldstein and Dr. DiTolla available to be deposed regarding any subject matter contained in these reports, and will not oppose any depositions of witnesses newly-identified in Glidewell's First Amended Disclosures on the ground that the deposition was noticed or would take place following the close of discovery. In addition, we will not oppose any document discovery that Keating may wish to take as against those witnesses on the ground that the document request was served following the close of discovery. We believe that this proposal provides Keating with an opportunity to effectively and efficiently address any purported concerns that it may have regarding the "timeliness" of these disclosures, all of which were provided prior to the close of discovery.

Best,
Phil

Philip J. Graves, Esq.
Snell & Wilmer LLP
Two California Plaza
350 South Grand Ave.
Suite 2600
Los Angeles, CA 90071-3406
T/213-929-2542
F/213-929-2525
www.swlaw.com

This email is from a law firm. It may contain confidential information. If you are not the intended recipient, please delete this email and any attachments from your computer. Do not save, forward, print, copy or share this email (or any attachments) with anyone else. Any unauthorized copying or dissemination may result in civil liability. Attachments, opinions, conclusions and other information in this message that do not relate to the official business of this firm shall be understood as neither given nor endorsed by it. No attorney-client relationship can be created solely as a result of inquiry by email.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2013, I electronically filed the document described as **DECLARATION OF PHILIP J. GRAVES IN SUPPORT OF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S OPPOSITION TO KEATING DENTAL ARTS, INC.'S MOTION IN LIMINE #2** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949)833-8550<br>Fax:  (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: January 18, 2013          SNELL & WILMER L.L.P.


By: *s/Greer N. Shaw*
    Philip J. Graves
    Greer N. Shaw
    Deborah S. Mallgrave

    Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
    dba GLIDEWELL LABORATORIES

16139994