SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S OPPOSITION TO KEATING DENTAL ARTS, INC.'S MOTION IN LIMINE #4**<br><br>Hearing<br>Date: January 28, 2013<br>Time: 8:30 a.m.<br>Ctrm: 9D, Hon. David O. Carter<br><br>Pre-Trial Conf.: January 28, 2013<br>Jury Trial: February 26, 2013 |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 1
I. INTRODUCTION ........................................................................... 1
II. STATEMENT OF FACTS ............................................................... 1
III. ARGUMENT .................................................................................. 2
    A. The Dentist Witnesses Were Timely Disclosed ................................. 2
    B. Glidewell Complied With Rule 26 of the Federal Rules of Civil Procedure ........................................................................................ 3
    C. Glidewell's Dentist Witnesses Should Not be Excluded, Because Any Lateness of Disclosure was Harmless ........................... 4
        1. There is no Surprise or Prejudice to Keating ............................. 5
        2. Keating had Ample Opportunity to Cure any Surprise or Prejudice ................................................................................ 7
        3. The Dentist Witnesses Will not Disrupt the Trial ..................... 8
        4. The Dentists' Testimony is Important ....................................... 8
        5. There was No Bad Faith Here .................................................. 10
    D. Any Purported Partiality or Bias of The Dentist Witnesses Goes To Weight, Not Admissibility ............................................................ 11
IV. CONCLUSION ............................................................................. 12

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*3Com Corp. v. Realtek Semi. Corp.*,
  C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 2008) ..................... 3, 7

*Am. Prop. Const. Co. v. Sprenger Lang Found.*,
  274 F.R.D. 1, 8 (D.D.C. 2011) .................................................................... 10

*Atkins v. Fischer*,
  232 F.R.D. 116 (D.D.C.2005) ..................................................................... 10

*Crosspointe, LLC v. Integrated Computing, Inc.*,
  2004 WL 5487401 (M.D. Fla. Aug. 18, 2004) ............................................... 6

*Cyntegra, Inc. v. Idexx Labs., Inc.*,
  CV06-4170PSG(CTX), 2007 WL 5193736 (C.D. Cal. Sept. 21, 2007) ......... 3

*Dey, L.P v. Ivax Pharm., Inc.*,
  233 F.R.D. 567 (C.D. Cal. 2005) ............................................................. 5, 10

*ESM Techs., LLC v. Biova, LLC*,
  No. 10-3009-CV-S-RED (W.D. Mo. Mar. 21, 2012) .................................... 3

*Estate of Gonzalez v. Hickman*,
  05-00660 MMM (RCX), 2007 WL 3237635 (C.D. Cal. June 28, 2007) ....... 5

*Etagz, Inc. v. Quiksilver, Inc.*,
  No. SACV 10-300 DOC (MLGx) (C.D. Cal. Nov. 16, 2012) ........................ 3

*Filipino Yellow Pages, Inc. v. Asian Journal Publs., Inc.*,
  198 F.3d 1143 (9th Cir. 1999) ..................................................................... 11

*Galentine v. Holland Am. Line-Westours, Inc.*,
  333 F. Supp. 2d 991 (W.D. Wash. 2004) ....................................................... 5

*Garvey v. Kmart Corp.*,
  2012 U.S. Dist. LEXIS 160006, at *3 (N.D. Cal. 2012) ................................ 7

*GoTo.com, Inc. v. Walt Disney Co.*,
  202 F.3d 1199 (9th Cir. 2000) ....................................................................... 9

*Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group., Inc.*,
  2:09-CV-01278, 2011 WL 320909 (S.D. W.Va. Jan. 28, 2011) .................... 8

*In re Katz Interactive Call Processing Patent Litig.*,
  2009 U.S. Dist. LEXIS 129933 (C.D. Cal. July 2, 2009) .............................. 5

*Lanard Toys Ltd. v. Novelty, Inc.*,
  375 Fed. Appx. 705 (9th Cir. 2010) ......................................................... 5, 10

# TABLE OF AUTHORITIES
(continued)

**Page**

*Lang v. Cullen*,
   725 F. Supp. 2d 925 (C.D. Cal. 2010) .................................................................. 11

*Norm Thompson Outfitters, Inc. v. GM Corp.*,
   448 F.2d 1293 (9th Cir. 1971) ............................................................................... 11

*Roe v. Nevada*,
   621 F. Supp. 2d 1039 (D. Nev. 2007) ............................................................ 3, 7, 8

*Russell v. Daiichi-Sankyo, Inc.*,
   CV 11-34-BLG-CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) ..................... 3

*San Francisco Baykeeper v. W. Bay Sanitary Dist.*,
   791 F. Supp. 2d 719 (N.D. Cal. 2011) .................................................................... 5

*Self-Realization Fellowship Church v. Ananda Church of Self-Realization*,
   59 F.3d 902 (9th Cir. 1995) ................................................................................... 11

*Semtech Corp. v. Royal Ins. Co. of Am., CV*,
   03-2460-GAF PJWX, 2005 WL 6192906 (C.D. Cal. Sept. 8, 2005) ..................... 5

*Tuna Processors, Inc. v. Hawaii Int'l Seafood, Inc.*,
   No. Civ. 05-517 BMK, 2007 WL 433547 (D.Haw. Feb.5, 2007) ......................... 5

*U.S. v. Moore*,
   580 F.2d 360 (9th Cir. 1978) ................................................................................. 11

*Venezia v. Bentley Motors, Inc.*,
   No. CV 07-1511-PHX-SMM, 2008 WL 2901617 ,
   (D. Ariz. July 24, 2008) ......................................................................................... 11

**FEDERAL RULES**

Fed. R. Civ. P. Rule 26 ................................................................................................ 3

Fed. R. Civ. P. Rule 26(a) ........................................................................................... 4

Fed. R. Civ. P. Rule 26(a)(1) ...................................................................................... 4

Fed. R. Civ. P. Rule 26(e) ........................................................................................... 4

Fed. R. Civ. P. 37 ........................................................................................................ 4

Fed. R. Civ. P. 37(c)(1) ............................................................................................... 4

Fed. R. Evid. 403 ....................................................................................................... 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and Counterclaimant Keating Dental Arts, Inc.'s ("Keating") motion in limine to preclude Plaintiff and Counter-Defendant James R. Glidewell Dental Ceramics, Inc. ("Glidewell") from offering testimony from Doctors Gregory Doneff, Stuart R. Newman, Howard S. Cohen, Spencer D. Luke, Thomas E. Bell, Kent Toca, and Terence J. Michiels (collectively, "Dentist Witnesses") is based on two falsities. First, the Dentist Witnesses were timely disclosed before the discovery cut-off date, which Keating admits in its motion. Second, to ease any perceived prejudice to Keating, Glidewell informed Keating that Glidewell would not object to the depositions of any of the Dentist Witnesses noticed after the discovery cut-off date. Thus, contrary to Keating's assertions, it had the opportunity to depose the Dentist Witnesses. It simply chose not to. Therefore, Keating's motion is left without support.

Further, even if the Dentist Witnesses were untimely disclosed, which they were not, any untimely disclosure was harmless. Not surprisingly, Keating wholly ignores the factors for determining whether exclusion is proper. These factors unequivocally show exclusion is not proper.

Because Glidewell timely disclosed the Dentist Witnesses before the discovery cut-off and offered Keating the opportunity to depose the Dentist Witnesses, Keating had proper notice of the Dentist Witnesses and is not prejudiced. The Court should allow them to testify at trial.

## II. STATEMENT OF FACTS

The Court's Scheduling Order requires that all discovery be completed by the discovery cut-off, October 29, 2012. (Dkt. #15) Up until that date the parties conducted discovery. Keating even served its third amended disclosures just ten days before the discovery cut-off. (Dkt. #218-1, Ex. 3)

Snell & Wilmer L.L.P. was engaged in this matter on the eve of the

discovery cut-off. (Dkt. #142, ¶ 11) In particular, this firm was retained by Glidewell late in the day on October 25, 2012, and substituted in for Glidewell's previous counsel soon thereafter. (*See* Dkt. #69 (Ex Parte Application to Amend the Scheduling Order)) On the following day, October 26, and continuing over the weekend, Snell & Wilmer attorneys diligently reviewed the available case materials and determined that additional disclosures and evidence were necessary in order to effectively prosecute Glidewell's claims and defend against Keating's counterclaims. (Dkt. #142, ¶ 11) Between Sunday, October 28, and Monday, October 29, Snell & Wilmer attorneys identified additional necessary fact and expert witnesses whose testimony would support Glidewell, including the Dentist Witnesses. (*Id.*)

Accordingly, Glidewell identified each of the Dentist Witnesses in its First Amended Initial Disclosures, served on October 29, 2012. (Dkt. #125-3) Glidewell indicated that it might call the Dentist Witnesses to provide testimony on "[u]se of the terms 'bruxer' and 'bruxer crown' in the dental industry; facts indicating non-genericness of the BRUXZIR mark; facts indicating the strength of the BRUXZIR mark and its indication of Glidewell Laboratories as a source of goods and services; facts relating to likelihood of confusion between the BRUXZIR mark and 'KDZ Bruxer.'" (*Id.*)

To accommodate any perceived prejudice to Keating, Glidewell told Keating that it would not oppose any depositions of witnesses newly identified in Glidewell's First Amended Disclosures on the ground that the depositions were noticed or would take place after October 29, 2012. (Dkt #142, ¶ 8, Ex. 115) Keating declined to depose the Dentist Witnesses, preferring instead to stand on its position that their disclosure had been untimely. (*Id.*)

### III. ARGUMENT

**A.  The Dentist Witnesses Were Timely Disclosed**

Keating argues that Glidewell failed to timely disclose the Dentist Witnesses

1  and thus they should be excluded. (Dkt. #210 at 4:27-5:13) This argument lacks
2  merit because Keating's own motion shows that Glidewell timely disclosed the
3  Dentist Witnesses before the discovery cut-off. Keating acknowledges that the
4  discovery cut-off was October 29, 2012, and that Glidewell disclosed the Dentist
5  Witnesses on that day. (Dkt. #210 at 3:24-4:3) The disclosure was within the
6  discovery period and was, therefore, timely. *See* Order, *Etagz, Inc. v. Quiksilver,*
7  *Inc.*, No. SACV 10-300 DOC (MLGx) (C.D. Cal. Nov. 16, 2012), ECF No. 179
8  (denying motion to strike expert reports as untimely because report was served
9  before discovery cut-off date)[1]; *Russell v. Daiichi-Sankyo, Inc.*, CV 11-34-BLG-
10 CSO, 2012 WL 1805038 (D. Mont. May 17, 2012) (holding that disclosure of fact
11 witness made on day of discovery cut-off was timely)[2]; Order, *ESM Techs., LLC v.*
12 *Biova, LLC*, No. 10-3009-CV-S-RED (W.D. Mo. Mar. 21, 2012), ECF No. 209
13 (holding expert declaration and report filed on last day of discovery to be timely);
14 *3Com Corp. v. Realtek Semi. Corp.,* C 03-2177 VRW, 2008 WL 783383 (N.D. Cal.
15 Mar. 24, 2008) (denying motion in limine to preclude testimony from third-party
16 witnesses first disclosed on the final day of fact discovery); *Cyntegra, Inc. v. Idexx*
17 *Labs., Inc*., CV06-4170PSG(CTX), 2007 WL 5193736 (C.D. Cal. Sept. 21, 2007)
18 (holding service of expert reports on the last day of discovery to be timely),
19 *affirmed,* 322 F. App'x 569 (9th Cir. 2009); *Roe v. Nevada*, 621 F. Supp. 2d 1039,
20 1060 (D. Nev. 2007) (holding disclosure of fact witnesses on last day of discovery
21 to be timely).

22 **B.  Glidewell Complied With Rule 26 of the Federal Rules of Civil**
23      **Procedure**

24 Keating asserts that the Dentist Witnesses should be excluded because
25 Glidewell violated Rule 26 of the Federal Rules of Civil Procedure. (Dkt. #210 at

---

[1] Dkt #142, Ex. 113.
[2] Dkt #142, Ex. 114.

1  4:27-5:5) Under Rule 26(e), a party who has made a disclosure under Rule 26(a)
2  must supplement its disclosure in a timely manner. Fed. R. Civ. P. 26(e).
3  Glidewell did this. On October 29, 2012, Glidewell amended its initial disclosures
4  promptly upon development of new information, including third party dentists that
5  Glidewell determined to call as witnesses. (Dkt. #142, ¶ 11) Accordingly,
6  Glidewell did not violate Rule 26 and the Dentist Witnesses should not be excluded
7  on that ground.

Keating also argues that, despite Glidewell's service of its First Amended Disclosures prior to the discovery cut-off, the disclosure was somehow untimely because it came eleven months after the parties filed their Joint 26(f) report. (Dkt. #210 at 5:3-5) But Keating cites no authority for this. Further, Keating's rhetoric does not match its behavior; Keating itself served a third iteration of its Rule 26(a)(1) initial disclosures just ten days before the discovery cut-off. (Dkt. #218, Ex. 3) In any event, Keating's argument fails to take into account that Rule 26(e) requires litigants to amend or supplement their disclosures with additional or corrective information as may be appropriate. Glidewell did exactly that here. It should not be penalized for complying with the rules.

**C.     Glidewell's Dentist Witnesses Should Not be Excluded, Because Any Lateness of Disclosure was Harmless**

Even if the Court determines that disclosure of the Dentist Witnesses was untimely, which it was not, tardiness alone does not lead to automatic exclusion. Under Rule 37, a party may still use late-disclosed evidence if the tardiness was harmless. Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 37(c)(1) committee notes 1993 ("[L]imiting the automatic sanction to violations without substantial justification, coupled with the exception for violations that are harmless, is needed to avoid unduly harsh penalties in a variety of situations.") (internal quotations omitted).

In determining whether to exclude evidence pursuant to FRCP 37, courts

consider: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; (4) the importance of the evidence; and (5) bad faith or willfulness involved in not timely disclosing the evidence. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010); *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011); *Dey, L.P v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005) (applying factors and declining to preclude late produced evidence); *Katz v. Cont'l Airlines, Inc. (In re Katz Interactive Call Processing Patent Litig.)*, 2009 U.S. Dist. LEXIS 129933 (C.D. Cal. July 2, 2009). Consideration of these factors here should lead the Court to deny Keating's motion in limine.

### 1. There is no Surprise or Prejudice to Keating

When no new issues are presented, the burden of dealing with additional information or witnesses alone is not prejudice. *E.g.*, *Tuna Processors, Inc. v. Hawaii Int'l Seafood, Inc.*, No. Civ. 05-517 BMK, 2007 WL 433547, *2 (D. Haw. Feb. 5, 2007) ("The failure to properly disclose is harmless where there is no prejudice to the opposing party. There is generally no prejudice where the untimely evidence does not raise any new issues in the case.") (internal citations omitted).

Courts regularly reject requests to exclude late-disclosed evidence absent a compelling showing of prejudice. *E.g.*, *Estate of Gonzalez v. Hickman*, 05-00660 MMM (RCX), 2007 WL 3237635 (C.D. Cal. June 28, 2007) (late expert reports not excluded absent prejudice); *Semtech Corp. v. Royal Ins. Co. of Am.,* CV 03-2460-GAF PJWX, 2005 WL 6192906 (C.D. Cal. Sept. 8, 2005) (late disclosed supplemental expert report not excluded because the "harm would not warrant the extreme sanction of exclusion" and any potential harm could be cured by allowing a deposition of the expert); *Galentine v. Holland Am. Line-Westours, Inc.*, 333 F. Supp. 2d 991, 994 (W.D. Wash. 2004) (refusing to exclude expert report served eleven days past the deadline because "the potential prejudice that Defendant

1 claims it will suffer is not so severe as to warrant exclusion, especially given the
2 possibility of ameliorating that prejudice [through limited discovery and a
3 deposition of the expert]"); *Crosspointe, LLC v. Integrated Computing, Inc.*, 2004
4 WL 5487401, at *1 (M.D. Fla. Aug. 18, 2004) (court allowed belated disclosure of
5 supplemental expert report because the opposing party did not show "with
6 sufficient specificity how they are prejudiced").

7 Here, admission of the Dentist Witnesses' testimony will not cause any
8 prejudice or surprise. Keating was informed on October 29, 2012 by way of
9 Glidewell's First Amended Initial Disclosures that Glidewell might call the Dentist
10 Witnesses to provide testimony on "[u]se of the terms 'bruxer' and 'bruxer crown'
11 in the dental industry; facts indicating non-genericness of the BRUXZIR mark;
12 facts indicating the strength of the BRUXZIR mark and its indication of Glidewell
13 Laboratories as a source of goods and services; facts relating to likelihood of
14 confusion between the BRUXZIR mark and 'KDZ Bruxer.'" (Dkt. #125-3) Thus,
15 Keating cannot be surprised that Glidewell intends to call the Dentist Witnesses to
16 testify at trial.

17 The only prejudice that Keating mentions in its motion is its purported
18 inability to depose the Dentist Witnesses. (Dkt. #210 at 5:6-13) Yet, Keating had
19 the opportunity to depose them. First, Glidewell told Keating that it would not
20 oppose any depositions of witnesses newly identified in Glidewell's First Amended
21 Disclosures on the ground that the depositions were noticed or would take place
22 after October 29, 2012. (Dkt #142., ¶ 8, Ex. 115) Keating declined to depose the
23 Dentist Witnesses, preferring instead to stand on its position that their disclosure
24 had been untimely. (*Id.*) Second, given that the Dentist Witnesses are third parties,
25 not employed by Glidewell and not represented by Glidewell's counsel, Keating
26 could have contacted the Dentist Witnesses directly and inquired as to any
27 information they might have relating to the subjects in the First Amended
28 Disclosures. Keating has had more than two months since the time of disclosure to

1 do this. Perhaps Keating did so and did not hear helpful information, which might 2 explain why Keating decided to forgo depositions and now seeks to exclude these 3 witnesses.

4 If Keating were truly prejudiced by disclosure of the Dentist Witnesses on 5 October 29, 2012, it is prejudice that Keating manufactured. Excluding Glidewell's 6 witnesses would be particularly inappropriate under these circumstances. *See* 7 *Garvey v. Kmart Corp.*, 2012 U.S. Dist. LEXIS 160006, at \*3 (N.D. Cal. 2012) 8 (denying a motion to exclude fact witness disclosed after the discovery deadline, 9 noting that movant had declined to depose the witness); *3Com Corp. v. Realtek* 10 *Semiconductor Corp.*, C 03-2177 VRW, 2008 WL 783383 (N.D. Cal. Mar. 24, 11 2008) (denying motion in limine to exclude third-party witnesses disclosed on last 12 day of fact discovery because movant never sought agreement or leave of court to 13 subpoena witnesses after discovery cut-off); *cf. Roe v. Nevada*, 621 F. Supp. 2d 14 1039, 1060 (D. Nev. 2007) (rejecting defendant's argument that disclosure of fact 15 witnesses on last day of discovery was untimely, and noting that "Defendants have 16 sat on their rights to bring any motion to reopen discovery on account of Plaintiffs' 17 last-minute disclosure…. [A]ny prejudice is caused by Defendants' own dilatory 18 conduct.").

19 **2. Keating had Ample Opportunity to Cure any Surprise or**
20 **Prejudice**

21 As shown above, Keating had the opportunity to cure any surprise or 22 prejudice by deposing the Dentist Witnesses. Keating chose not to. As a result, it 23 cannot now argue that it will be prejudiced when it turned down the opportunity to 24 depose the Dentist Witnesses. *Garvey*, 2012 U.S. Dist. LEXIS 160006, at \*3 25 (denying a motion to exclude fact witness disclosed after the discovery deadline, 26 noting that movant had declined to depose the witness); *3Com Corp.*, C 03-2177 27 VRW, 2008 WL 783383 (denying motion in limine to exclude third-party witnesses 28 disclosed on last day of fact discovery because movant never sought agreement or

leave of court to subpoena witnesses after discovery cut-off); *cf. Roe*, 621 F. Supp. 2d at 1060 (rejecting defendant's argument that disclosure of fact witnesses on last day of discovery was untimely, and noting that "Defendants have sat on their rights to bring any motion to reopen discovery on account of Plaintiffs' last-minute disclosure…. [A]ny prejudice is caused by Defendants' own dilatory conduct.").

### 3. The Dentist Witnesses Will not Disrupt the Trial

The third factor is whether admission of the evidence will disrupt the trial. Keating does not even argue, much less substantiate, that the trial will be disrupted. Nor could it. Trial is still a month away and Keating has known about these witnesses for nearly three months. Keating has had ample time to prepare for cross-examination of the Dentist Witnesses, and Keating has its own phalanx of thirteen dentists who will, presumably, deliver the testimony contained in their summary judgment declarations. (Dkt. #97-109) Admitting the Dentist Witnesses' testimony will not disrupt the trial. *Cf. Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group., Inc.*, 2:09-CV-01278, 2011 WL 320909 (S.D. W.Va. Jan. 28, 2011) (third factor inapplicable where supplemental expert report served after expert disclosure deadline but still four months before trial).

### 4. The Dentists' Testimony is Important

In a trademark case such as this, the perceptions of relevant consumers as to, for example, whether a mark is generic, whether a mark is descriptive or suggestive, whether a mark is associated with a single source, and whether a competing mark is confusingly similar, are central issues. Here, dentists are the relevant consumers, and the Dentist Witnesses' testimony is central to these issues. For example, a key disputed issue is whether "bruxzir" or "bruxer" were, as of April 2011, generic terms used by dentists for zirconia dental restoration products. Another key disputed issue is whether the BruxZir mark has attained secondary meaning among dentists; i.e., whether it serves primarily to identify for dentists a single source of goods rather than the goods themselves. Not surprisingly, the

1  parties vigorously dispute these issues.  Keating has indicated that it will introduce
2  testimony from both a dentist expert (Dr. Eggleston) and from thirteen third-party
3  dentists on these points.  (Dkt. #193)  To prove its case, Glidewell intends to rely
4  upon, among other things, the Dentist Witnesses' testimony.  (Dkt. #194)

5       At trial, the Dentist Witnesses are expected to testify, for example, that the
6  terms "bruxer" and "bruxer crown" are not terms that they (or others they
7  communicate with) use to refer to zirconia crowns and bridges generally, that they
8  associate the BruxZir mark exclusively with Glidewell, and that Glidewell's
9  promotional materials for BruxZir have been effective.  [Dkt. #90-1, Ex. A (Doneff
10  Decl., ¶¶ 7-8); Ex. B (Newman Decl., ¶¶ 7-8); Ex. C (Cohen Decl., ¶¶ 7-8); Ex. D
11  (Luke Decl., ¶¶ 7-8); Ex. E (Bell Decl., ¶¶ 7-8); Ex. F (Toca Decl., ¶¶ 7-8); Ex. Q
12  (Michiels Decl., ¶¶ 7-8)].  They also are expected to attest that they associate the
13  BruxZir mark with Glidewell's zirconia crowns and bridges and zirconia material
14  because they have observed Glidewell's extensive promotional efforts to market its
15  brand, and, further, that they use the term BruxZir only to identify crowns and
16  bridges that come from Glidewell and not generically to refer to solid zirconia
17  crowns.  [Dkt. #90-1, Ex. A (Doneff Decl., ¶¶ 3-6, 9-10); Ex. B (Newman Decl.,
18  ¶¶ 3-6, 9-10); Ex. C (Cohen Decl., ¶¶ 3-6, 9-10); Ex. D (Luke Decl., ¶¶ 3-6, 9-10);
19  Ex. E (Bell Decl., ¶¶ 3-6, 9-10); Ex. F (Toca Decl., ¶¶ 3-6, 9-10); Ex. Q (Michiels
20  Decl., ¶¶ 3-6, 9-10)].  This expected testimony is relevant not only to genericness
21  and secondary meaning, but also to Glidewell's infringement claim, because it
22  supports Glidewell's position that the BruxZir mark has accomplished substantial
23  market penetration and wide recognition among dentists.  *E.g.*, *GoTo.com, Inc. v.*
24  *Walt Disney Co.*, 202 F.3d 1199, 1207 (9th Cir. 2000) ("The strength of a mark for
25  the purpose of evaluating likelihood of confusion is evaluated in terms of its
26  conceptual strength and its commercial strength ….  A strong trademark is entitled
27  to a greater degree of protection than a weak mark.").
28       The importance of the Dentist Witnesses' expected testimony to central

1  issues in the case strongly counsels against exclusion. *E.g.*, *Dey*, 233 F.R.D. at 572
2  (declining to exclude evidence that was "important" to party's defense of
3  counterclaim and "highly relevant" to issues in case).

### 5. There was No Bad Faith Here

The final factor is whether any tardiness in disclosure is attributable to bad faith. *Lanard Toys*, 375 Fed. Appx. at 713; *Dey*, 233 F.R.D. at 571. As with the other factors, Keating does not argue that there was any bad faith. Keating has presented no evidence of bad faith, because none exists. As the Court is aware, Snell & Wilmer L.L.P. was engaged in this matter on the eve of the discovery cut-off. In particular, this firm was retained by Glidewell late in the day on October 25, 2012, and substituted in for Glidewell's previous counsel soon thereafter. (*See* Dkt. #69 (Ex Parte Application to Amend the Scheduling Order)) On the following day, October 26, and continuing over the weekend, Snell & Wilmer attorneys diligently reviewed the available case materials and determined that additional disclosures and evidence were necessary in order to effectively prosecute Glidewell's claims and defend against Keating's counterclaims. (Dkt. #142, ¶ 11) Between Sunday, October 28, and Monday, October 29, Snell & Wilmer attorneys identified additional necessary fact and expert witnesses whose testimony would support Glidewell, including the Dentist Witnesses. (*Id.*) As noted above, these witnesses – including the Dentist Witnesses – were disclosed to Keating on October 29, 2012, promptly after their identification by Snell & Wilmer. This is not a case of ambush. *Am. Prop. Const. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1, 8 (D.D.C. 2011) (holding that the fact witness was not precluded from testifying because "the delay in production was due to an inadvertent oversight and that the documents were promptly produced upon discovering the error" (citing *Atkins v. Fischer*, 232 F.R.D. 116, 128 (D.D.C.2005) ("[T]he sins of an attorney should not be visited upon an innocent client."))).

### D. Any Purported Partiality or Bias of The Dentist Witnesses Goes To Weight, Not Admissibility

Keating points out that the Dentists Witnesses "are customers of Glidewell" and it suggests that this somehow renders them somehow biased or partial to Glidewell. (Dkt. #210 at 6:20-27) Keating apparently believes that bias and partiality are bases to exclude testimony under Rule 403. (Dkt. #210 at 6:5-27) The argument lacks merit. It also lacks legal support; none of these cases Keating cites excluded testimony based on a witness's perceived bias. *See Filipino Yellow Pages, Inc. v. Asian Journal Publs., Inc.*, 198 F.3d 1143, 1151-52 (9th Cir. 1999); *Norm Thompson Outfitters, Inc. v. GM Corp.*, 448 F.2d 1293, 1297 (9th Cir. 1971); *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 910 (9th Cir. 1995).

The reasons for excluding evidence stated in Rule 403 are unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence. Fed. R. Evid. 403. Bias and partiality are not among them. It is well-established that bias goes toward determining the weight of the testimony, not its admissibility. *See U.S. v. Moore*, 580 F.2d 360, 364 (9th Cir. 1978) (holding that any possible bias of the witness went to the weight of the testimony, not its admissibility, and that "whether [the testimony] was convincing was for the jury to decide"); *Venezia v. Bentley Motors, Inc.*, No. CV 07-1511-PHX-SMM, 2008 WL 2901617, at *5, (D. Ariz. July 24, 2008) (denying a motion to strike a declaration because "to the extent [the declarant's] relationship with [the defendant] suggests bias on [the defendant's] part, such bias goes to the weight of the testimony, not the admissibility"); *cf. Lang v. Cullen*, 725 F. Supp. 2d 925, 954 (C.D. Cal. 2010) ("An expert witness's bias goes to the weight, not the admissibility of the testimony, and should be brought out on cross-examination.").

All witnesses – including Keating's employee-witnesses such as Shaun Keating and Bob Brandon – are in some way biased or partial, often, not

surprisingly, in favor of the entity that sends them pay checks. Bias or partiality of any sort can be fully explored through cross examination. Bias is a question for the trier of fact, not for the Court. It would be wholly inappropriate for the Court to presume that the Dentist Witnesses, merely by virtue of their being "customers of Glidewell," are so biased and so partial that their testimony should be excluded entirely.

## IV. CONCLUSION

Based on the foregoing, Glidewell respectfully requests that the Court deny Keating's MIL #4 in its entirety.

Dated: January 18, 2013    SNELL & WILMER L.L.P.


By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S OPPOSITION TO KEATING DENTAL ARTS, INC.'S MOTION IN LIMINE #4** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949)833-8550<br>Fax: (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: January 18, 2013        SNELL & WILMER L.L.P.


By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba GLIDEWELL LABORATORIES

16139994

SNELL & WILMER L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071