SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S OPPOSITION TO KEATING DENTAL ARTS, INC.'S MOTION IN LIMINE #6**<br><br>Hearing<br>Date:  January 28, 2013<br>Time:  8:30 a.m.<br>Ctrm:  9D, Hon. David O. Carter<br><br>Pre-Trial Conf.:  January 28, 2013<br>Jury Trial:         February 26, 2013 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Keating seeks an order "excluding from trial the declarations and proposed testimony of Glidewell Employees Jim Shuck, Rudy Ramirez, Dr. Michael DiTolla, Robin Carden, Robin Bartolo, and Keith Allred." (Dkt. #212 at 6:2-4) Glidewell does not oppose the motion to the extent of the request to exclude the summary judgment declarations from these individuals. Glidewell intends to present live testimony from these witnesses at trial, and does not intend to present their testimony by declaration. As for the remainder of Keating's motion, Keating's objections are premature and request, in effect, an advisory opinion. When and if Glidewell presents testimony at trial that Keating regards as hearsay, the appropriate step would be for Keating to object, and for the Court to rule, on a case-by-case basis. The same goes for Keating's argument about potential "improper opinion testimony." Rule 701 permits opinion testimony from lay witnesses under certain circumstances. Keating has made no particularized and substantiated showing at this stage that any purported "opinion testimony" of the Glidewell employees would not qualify under Rule 701. Again, the appropriate way to handle this would be for Keating object, and for the Court to rule, on a case-by-case basis when and if appropriate at trial.

In addition, Keating also incorrectly asserts that "[n]one of the Glidewell employees was designated an expert." (Dkt. #212 at 2:23-24) In fact, Glidewell timely disclosed Dr. DiTolla as an expert, pursuant to Fed. R. Civ. P. 26(a)(2)(C). As an expert, Dr. DiTolla can provide opinions, and those opinions can be based on, among other things, otherwise inadmissible evidence, including hearsay. *See* Fed. R. Evid. 703.

Finally, Keating's argument that the Glidewell employees' testimony should be excluded under Rule 403 because it is "not impartial" (Dkt. #212 at 5:18) borders on being frivolous. Rule 403 does not list partiality or bias as a basis to

- 1 -

GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE #6
CASE NO. SACV11-01309 DOC (ANx)

16466248

1  exclude witness testimony.  And for good reason:  assessing partiality and bias are
2  fundamental responsibilities of the fact finder (here, the jury).  It is not for the Court
3  to assume partiality and bias on the part of witnesses, whom it has never seen nor
4  heard, merely because of their status as employees of a party.  By Keating's
5  argument, no employee of a party could ever testify, because such person could
6  always be labeled as "not partial."  Of course, this is not the rule, and Keating cites
7  no authority that it is.

## II. ARGUMENT

### A. The Court Should Deny Keating's Motion To The Extent of Messrs. Ramirez and Allred, and Dr. DiTolla, Because Keating Failed to Comply with Local Rule 7-3

Keating's motion targets certain summary judgment declaration testimony of Rudy Ramirez, Dr. Michael DiTolla, and Keith Allred.  (Dkt. #212 at 3:1-14, 22-25)  The Court should deny Keating's motion as to these witnesses on the basis that Keating failed to comply with Local Rule 7-3.  This rule requires a conference of counsel prior to filing a motion in limine, to "discuss thoroughly … the substance of the contemplated motion."

Here, the parties met and conferred on the subjects of their proposed motions in limine on December 31, 2012, and January 2, 2013.  (Decl. of Philip J. Graves ISO Glidewell's Opp. to Keating's Motion In Limine #6 ("Graves Decl."), at ¶ 4)  At one or more of these meetings, Keating indicated an intention to move to exclude certain testimony of Messrs. Shuck, Carden, and Bartolo on the substantially the grounds stated in Keating's Motion in Limine No. 6.  (*Id.*)  However, Keating did not express any intention to move to exclude any testimony of Messrs. Ramirez or Allred, or Dr. DiTolla on such grounds.  (*Id.*)

Because Keating failed to meet and confer concerning a motion in limine related to Dr. DiTolla, Rudy Ramirez, or Keith Allred, the portions of Keating's motion relating to these employees should be denied on this basis alone. *Cf. Singer*

*v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC (MLGx), 2012 U.S. Dist. LEXIS 5196 (C.D. Cal. Jan. 13, 2012) (J. Carter) (holding that the defendant's motion for summary judgment was denied because the defendant failed to prove that a substantive conference of counsel took place in accordance with Local Rule 7-3); *SEC v. Richie*, No. EDCV 06-63-VAP (SGLx), 2006 U.S. Dist. LEXIS 57258 (C.D. Cal. Aug. 14, 2006) (denying defendants' motion for reconsideration because defendant failed to comply with Local Rule 7-3).

### B. Keating's Requested Relief Is Premature and Unwarranted

Keating argues that "the declarations and supplemental declarations of the Glidewell Employees are plagued with hearsay and improper opinion testimony. Accordingly, the declarations of the Glidewell Employees and the testimony identified in Keating's Objections (Docket Nos. 122 and 149) should be excluded from trial pursuant to F.R.E. 701, 702, 801, and 802." (Dkt. #212 at 4:18-22) Glidewell does not oppose Keating's motions to the extent of these declarations, because Glidewell has no intention of offering the declarations, as such, as evidence at trial.

However, Glidewell does intend to present live testimony from these witnesses at trial. When and if Glidewell presents testimony at trial that Keating regards as hearsay, the appropriate step would be for Keating to object, and for the Court to rule, on a case-by-case basis. But to issue a sweeping exclusion order now would be premature and unwarranted. *See Redwood Christian Schools v. County of Alameda*, No. C-01-4282 SC, 2007 WL 214317, at *1 (N.D. Cal. Jan. 26, 2007) (denying a motion in limine because "the parties should make hearsay objections on an individualized basis during trial"); *Quarles v. Cusumano*, Civil No. 05-00630 KSC, 2007 WL 4699062, at *2 (D. Haw. June 8, 2007) (denying a motion in limine to preclude anticipated hearsay because the request was too broad); *Barrett v. Negrete*, Civil No. 02-cv-2210-L (CAB), 2010 WL 2106235, at * (S.D. Cal. May 25, 2000) (denying a motion in limine to exclude hearsay evidence because the

GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE #6
CASE NO. SACV11-01309 DOC (ANx)

16466248

1  court did not have enough specifics to issue anything more than an advisory
2  opinion).

3    The same goes for Keating's argument about potential "improper opinion
4  testimony." Rule 701 permits a lay witness to testimony in the form of an opinion
5  if the opinion is rationally based on the witness's perception, helpful to clearly
6  understanding the witness's testimony or to determining a fact in issue, and is not
7  based on scientific, technical, or other specialized knowledge within the scope of
8  Rule 702. Fed. R. Evid. 701. Keating has made no particularized and substantiated
9  showing at this stage that any purported "opinion testimony" of the specified
10 Glidewell employees would not qualify under Rule 701. Nor could it; the
11 declarations of these witnesses, submitted for purposes of summary judgment,
12 detail the bases of their statements and their perceptions underlying any testimony
13 that might be regarded as "opinion." (Dkt. #90-1, Exs. G-L)

14    In any event, again, rather than issuing a sweeping exclusion order now, it
15 would be more appropriate for the Court to rule, on a case-by-case basis when and
16 if appropriate at trial, on individual objections that Keating may raise. If the Court
17 determines at trial that the requirements of Rule 701 have been or cannot be met in
18 the circumstances of a particular witness and particular (proposed) testimony, then
19 the Court can exclude such testimony at that point. But to exclude it now would be
20 premature and speculative.

21    Moreover, Keating's complaints lack merit. In its introduction, Keating
22 identifies certain testimony from the Glidewell Employees that it considers to be
23 inadmissible hearsay or opinion statements. (Dkt. #212 at 2:26-3:25) Keating does
24 not offer any specific argument to support these beliefs, but instead merely cross-
25 references its summary judgment submissions with the expectation that Glidewell
26 and the Court will wade through that material. (*Id.*) Although Keating has not
27 properly articulated its arguments in its motion, Glidewell will address Keating's
28 specific objections as Glidewell understands them based on Keating's motion.

### 1. Shuck's Testimony in Docket No. 90-1, Exhibit G ¶ 11

The email from Ms. Bonser is not hearsay as it is not offered to prove the truth of the matter asserted, but only to show that the statements were made. Fed. R. Evid. 801; *United States v. Kirk*, 844 F. 2d 660, 663 (9th Cir. 1988) (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth). Here, the statements have independent significance, regardless of whether they are true or not, to show Ms. Bonser's impressions and perception as to the BruxZir brand name in the marketplace.

Shuck's statements are not opinion testimony, but rather consist of facts he learned through his exchange with Ms. Bonser. To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge. Fed. R. Evid. 701.

### 2. Ramirez's Testimony in Docket No. 90-1, Exhibit H ¶ 8-9

The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark. Fed. R. Evid. 801; *Kirk*, 844 F. 2d at 663 (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett*, 338 F. 3d at 1130 n.4 (out of court statement is not hearsay when offered to show existence of fact rather than its truth).

Mr. Ramirez's opinion is proper because it is rationally based on his perception of dentists in the industry, is helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized

knowledge. Fed. R. Evid. 701. This perception is the product of his extensive knowledge of and experience in the dental industry. Mr. Ramirez's statements are based on his personal knowledge gained by his more than 30 years in the dental industry, and his numerous interactions with dentists. (Dkt. # 90, Ex. H, ¶ 2)

### 3. Ramirez's Testimony in Docket No. 90-1, Exhibit H ¶ 9

Mr. Ramirez's opinion is proper because it is rationally based on his perception of dentists in the industry, is helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge. Fed. R. Evid. 701. This perception is the product of his extensive knowledge of and experience in the dental industry. Mr. Ramirez's statements are based on his personal knowledge gained by his more than 30 years in the dental industry. (Dkt. # 90, Ex. H, ¶ 2)

The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark. Fed. R. Evid. 801; *Kirk*, 844 F. 2d at 663 (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett*, 338 F. 3d at 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth).

### 4. Dr. DiTolla's Testimony in Docket No. 90-1, Exhibit I ¶ 11-12

It is debatable whether the DiTolla declaration testimony that Keating cites in its brief is opinion testimony, rather than facts learned through Dr. DiTolla's conversations with other dentists. To the extent that a lay opinion is involved, it is rationally based on Dr. DiTolla's own perceptions, helpful to understanding the Dr. DiTolla's testimony or to determining a fact in issue, and is not based on specialized knowledge. Fed. R. Evid. 701.

Moreover, Keating incorrectly asserts that "[n]one of the Glidewell

GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE #6
CASE NO. SACV11-01309 DOC (ANx)

16466248

1 employees was designated an expert." (Dkt. #212 at 2:23-24) In fact, Glidewell
2 timely disclosed Dr. DiTolla as an expert, pursuant to Fed. R. Civ. P. 26(a)(2)(C).
3 (Graves Decl., Ex. 1; Dkt. #155 at 10:24-18:12) As an expert, Dr. DiTolla can
4 provide opinions, and those opinions can be based on, among other things,
5 otherwise inadmissible evidence, including hearsay. *See* Fed. R. Evid. 703.

### 5. <u>Carden's Testimony in Docket No. 90-1, Exhibit J ¶¶ 7-10</u>

The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists. To the extent an opinion is involved, it is rationally based on the witnesses' own perception, helpful to understanding the witnesses' testimony or to determining a fact in issue, and is not based on specialized knowledge. Fed. R. Evid. 701. Mr. Carden's opinion is proper because it is rationally based on his perception of the BruxZir mark in the industry. This perception is the product of his personal knowledge and experience in the dental profession provides the basis for his statements. (Dkt. #90, Ex. J, ¶¶ 2-7)

Mr. Carden does not offer an out of court statement to prove the truth of the matter asserted. The statements are not hearsay as they are not offered to prove the truth of the matter asserted, but only to show that the statements were made, as the facts relate to market recognition, strength, and use of the BruxZir mark. Fed. R. Evid. 801; *Kirk*, 844 F. 2d at 663 (holding that when statements are not offered for the truth of the matter asserted, such as when offered to demonstrate the effect the statement had on the hearer, such statement is not hearsay); *Harvey Barnett*, 338 F. 3d at 1130 n.4 (out of court statement is not hearsay when offered to show existence of fact rather than its truth). To the extent it is considered hearsay, it is admissible to show the dentists' state of mind as it relates to the BruxZir mark. Fed. R. Evid. 803(3).

### 6. <u>Bartolo's Testimony in Docket No. 90-1, Exhibit K ¶¶ 5-8</u>

The statement is not opinion testimony, but rather consists of facts learned through his conversations with other dentists. To the extent an opinion is involved,

1 it is rationally based on the witnesses' own perception, helpful to understanding the
2 witnesses' testimony or to determining a fact in issue, and is not based on
3 specialized knowledge. Fed. R. Evid. 701. Mr. Bartolo's opinion is proper because
4 it is rationally based on his perception of the BruxZir mark in the industry. This
5 perception is the product of his personal knowledge and experience in the dental
6 profession provides the basis for his statements. (Dkt. # 90, Ex. K, ¶¶ 2-5)

7     Mr. Bartolo does not offer an out of court statement to prove the truth of the
8 matter asserted. Mr. Carden does not offer an out of court statement to prove the
9 truth of the matter asserted. The statements are not hearsay as they are not offered
10 to prove the truth of the matter asserted, but only to show that the statements were
11 made, as the facts relate to market recognition, strength, and use of the BruxZir
12 mark. Fed. R. Evid. 801; *Kirk*, 844 F. 2d at 663 (holding that when statements are
13 not offered for the truth of the matter asserted, such as when offered to demonstrate
14 the effect the statement had on the hearer, such statement is not hearsay); *Harvey*
15 *Barnett*, 338 F. 3d at 1130 n.4 (out of court statement is not hearsay when offered
16 to show existence of fact rather than its truth). To the extent it is considered
17 hearsay, it is admissible to show the dentists' state of mind as it relates to the
18 BruxZir mark. Fed. R. Evid. 803(3).

19     **7.**     <u>**Allred's Testimony in Docket No. 90-1, Exhibit L ¶¶ 16-25, 33**</u>

20     The statement is not opinion testimony, but rather consists of facts learned
21 through his conversations with other dentists. To the extent an opinion is involved,
22 it is rationally based on the witnesses' own perception, helpful to understanding the
23 witnesses' testimony or to determining a fact in issue, and is not based on
24 specialized knowledge. Fed. R. Evid. 701. Mr. Allred's opinion is proper because
25 it is rationally based on his perception of the BruxZir mark in the industry. This
26 perception is the product of his personal knowledge and experience in the dental
27 profession provides the basis for his statements. (Dkt. #90, Ex. L, ¶¶ 10-12)

28

## C. **Glidewell Employees' Testimony Should Not be Excluded Under Federal Rule of Evidence 403**

Finally, Keating's argument that the Glidewell employees' testimony should be excluded under Rule 403 because it is "not impartial" (Dkt. #212 at 5:18) borders on being frivolous. Rule 403 does not list partiality or bias as a basis to exclude witness testimony. And for good reason: assessing partiality and bias are fundamental responsibilities of the fact finder (here, the jury). *U.S. v. Moore*, 580 F.2d 360, 364 (9th Cir. 1978) (holding that any possible bias of the witness went to the weight of the testimony, not its admissibility, and that "whether [the testimony] was convincing was for the jury to decide"); *Venezia v. Bentley Motors, Inc.*, No. CV 07-1511-PHX-SMM, 2008 WL 2901617, *5 (D. Ariz. July 24, 2008) (denying a motion to strike a declaration because "to the extent [the declarant's] relationship with [the defendant] suggests bias on [the defendant's] part, such bias goes to the weight of the testimony, not the admissibility"); *Degelman Industries Ltd. v. Pro-Tech Welding and Fabrication, Inc.*, No. 06-CV-6346T, 2011 WL 6752565, *5 (W.D.N.Y. Dec. 23, 2011) (credibility of statements go to weight, not admissibility). All witnesses are in some way biased and this is properly brought out during cross examination, not by excluding the witness. *Lang v. Cullen*, 725 F. Supp. 2d 925, 954 (C.D. Cal. 2010) ("An expert witness's bias goes to the weight, not the admissibility of the testimony, and should be brought out on cross-examination."). It is not for the Court to assume partiality and bias on the part of witnesses, whom the Court has never seen nor heard, merely because of their status as employees of a party. By Keating's argument, no employee of a party could ever testify, because such person could always be labeled as "not partial." Of course, this is not the rule, and Keating cites no authority that it is. In neither of the cases that Keating cites was testimony excluded on the basis of witness bias or impartiality. *See Filipino Yellow Pages, Inc. v. Asian Journal Publs., Inc.*, 198 F.3d 1143, 1151-52 (9th Cir. 1999); *Norm Thompson Outfitters, Inc. v. GM Corp.*, 448

1  F.2d 1293, 1297 (9th Cir. 1971); *Self-Realization Fellowship Church v. Ananda*
2  *Church of Self-Realization*, 59 F.3d 902, 910.

## III. <u>CONCLUSION</u>

Based on the foregoing, Glidewell respectfully requests that the Court deny Keating's MIL #6 in its entirety.

Dated: January 18, 2013    SNELL & WILMER L.L.P.

By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S OPPOSITION TO KEATING DENTAL ARTS, INC.'S MOTION IN LIMINE #6** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949)833-8550<br>Fax:  (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: January 18, 2013    SNELL & WILMER L.L.P.

By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba GLIDEWELL LABORATORIES

16139994

Certificate of Service
SACV11-01309-DOC (ANx)