SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, CA 90071
Telephone: (213) 929-2500
Facsimile: (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC(ANx)<br><br>**JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S OPPOSITION TO KEATING DENTAL ARTS, INC.'S MOTION IN LIMINE #5**<br><br>Hearing<br><br>Date: January 28, 2013<br>Time: 8:30 a.m.<br>Ctrm: 9D, Hon. David O. Carter<br><br>Pre-Trial Conf.: January 28, 2013<br>Jury Trial: February 26, 2013 |

# I. INTRODUCTION

Keating's sole basis excluding the webpage evidence attached to the Mallgrave Declaration (Dkt. #116-1, Ex. Y; Dkt. #116-2, Exs. 98-110) is that it was, according to Keating, untimely because it was disclosed after October 29, 2012, the discovery cut-off. But as Keating admits, the targeted evidence was "generated for the first time on November 26, 2012." (Dkt. #211 at 3:12) Logically, it could not have been produced on or before October 29. In addition, as Keating acknowledges, Rule 26(e) requires a party to "supplement" its disclosures "in a timely manner" with "additional" information that has not otherwise been made known to the adverse party. Fed. R. Civ. P. 26(e)(1)(A). Here, the subject evidence was "generated for the first time" on November 26, 2012, and it was promptly disclosed to Keating that same day (as exhibits to the Mallgrave Declaration, Dkt. #116-1, Ex. Y; Dkt. #116-2, Exs. 98-110). Accordingly, the timing of the disclosure was substantially justified, it should not be excluded as untimely, and Glidewell should not suffer because it followed the rules. Even if disclosure of the webpages had been untimely, which it was not, exclusion still would not be warranted because the tardiness was harmless. The Court should deny Keating's motion.

# II. STATEMENT OF FACTS

On November 19, 2012, Keating filed its Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment of Noninfringement of Glidewell's BruxZir® Trademark. (Dkt. #88-1) Keating's Proposed Statement of Uncontroverted Fact ("PSUF") No. 50 was: "[i]n addition to Glidewell and Keating, many other companies have been using "Brux" to refer to dental products for use with bruxers and "Z" or "Zir" to refer to dental products associated with zirconia[,]" followed by a list of such product names. (Dkt. #88-1, ¶ 50)

On November 26, 2012, a Glidewell attorney, Deborah Mallgrave, visited

- 1 -

GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE #5
CASE NO. SACV11-01309 DOC (ANx)

SNELL & WILMER L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

16481757

1  certain Internet websites and printed select pages.  (Dkt. #116-1, Ex. Y)  The
2  printed webpages were attached as Exhibits 98-110 to a declaration from Mallgrave
3  that was submitted in support of Glidewell's Oppositions to Keating's Motions for
4  Summary Judgment.  (Dkt. #116-1, Ex. Y; Dkt. #116-2, Exs. 98-110)  As is evident
5  on the face of those webpage printouts, and as Keating concedes, the evidence was
6  generated on November 26, 2012.  Glidewell proffered, and cited to, the webpages
7  in disputing Keating's PSUF No. 50.  (Dkt. #113-1, at 22:10-23:20)  As Glidewell
8  contended, these webpages are probative of the fact that many companies do *not*
9  use the terms "Brux," "Zir," or "Z" for their dental products, contrary to Keating's
10 proposed "undisputed" fact.

## III. ARGUMENT

### A.     The Timing of Glidewell's Disclosure Was Substantially Justified.

Keating's motion relies on Rule 37(c)(1).  Under that rule, a party may use late-disclosed evidence if the tardiness in disclosure was "substantially justified."  Fed. R. Civ. P. 37(c)(1).  Here, the timing of Glidewell's disclosure was substantially justified.  Indeed, as Keating admits, the targeted evidence was "generated for the first time on November 26, 2012."  (Dkt. #211 at 3:12)  Glidewell developed this evidence in response to Keating's summary judgment motion, filed on November 19, 2012.  This is not a situation in which Glidewell concealed or otherwise sat on evidence, only to spring it on Keating after the close of discovery.  Given that the evidence was "generated for the first time on November 26, 2012," it could not have been produced to Keating earlier.

In addition, as Keating acknowledges, Rule 26(e) requires a party to "supplement" its disclosures "in a timely manner" with "additional" information that has not otherwise been made known to the adverse party.  Fed. R. Civ. P. 26(e)(1)(A).  Here, the subject evidence was "generated for the first time" on November 26, 2012, and it was promptly disclosed to Keating that same day (as exhibits to the Mallgrave Declaration, Dkt. #116-1, Ex. Y; Dkt. #116-2, Exs. 98-

- 2 -

GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE #5
CASE NO. SACV11-01309 DOC (ANx)

16481757

110). Accordingly, disclosure of the evidence was in accordance with Rule 26(e), and its timing was substantially justified by the circumstances of its creation.

### B. The Timing of Glidewell's Disclosure Was Harmless.

Rule 37 also permits a party to use late-disclosed evidence if the tardiness in disclosure was "harmless." Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 37(c)(1) committee notes 1993 ("[L]imiting the automatic sanction to violations without substantial justification, coupled with the exception for violations that are harmless, is needed to avoid unduly harsh penalties in a variety of situations.") (internal quotations omitted). In determining whether to exclude evidence pursuant to Rule 37, courts consider: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; (4) the importance of the evidence; and (5) any bad faith or willfulness involved in not timely disclosing the evidence. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010); *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011); *Dey, L.P v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005) (applying factors and declining to preclude late produced evidence); *Katz v. Cont'l Airlines, Inc. (In re Katz Interactive Call Processing Patent Litig.)*, 2009 U.S. Dist. LEXIS 129933 (C.D. Cal. July 2, 2009). Consideration of these factors here should lead the Court to deny Keating's motion.

#### 1. There is No Surprise or Prejudice to Keating.

First, there was no surprise or prejudice to Keating. Absent creation of new issues, the burden of dealing with additional information or witnesses alone is not prejudice. *E.g.*, *Tuna Processors, Inc.*, *supra*, No. Civ. 05-517 BMK, 2007 WL 433547, *2 (D. Haw. Feb. 5, 2007) ("The failure to properly disclose is harmless where there is no prejudice to the opposing party. There is generally no prejudice where the untimely evidence does not raise any new issues in the case."). Here, the targeted webpages did not create any issues new to Keating; rather, they were

1  submitted in response to, and in rebuttal to, an issue and argument that Keating
2  made in its summary judgment papers.

3  In any event, courts regularly reject requests to exclude late-disclosed
4  evidence absent a compelling showing of prejudice. *E.g.*, *Estate of Gonzalez v.
5  Hickman*, 05-00660MMM (RCX), 2007 WL 3237635 (C.D. Cal. June 28, 2007)
6  (late expert reports not excluded absent prejudice); *Semtech Corp. v. Royal Ins. Co.
7  of Am.*, CV 03-2460- GAF PJWX, 2005 WL 6192906 (C.D. Cal. Sept. 8, 2005)
8  (late disclosed supplemental expert report not excluded because the "harm would
9  not warrant the extreme sanction of exclusion" and any potential harm could be
10 cured by allowing a deposition of the expert); *Galentine v. Holland Am. Line-
11 Westours, Inc.*, 333 F. Supp. 2d 991, 994 (W.D. Wash. 2004) (refusing to exclude
12 expert report served eleven days past the deadline because "the potential prejudice
13 that Defendant claims it will suffer is not so severe as to warrant exclusion,
14 especially given the possibility of ameliorating that prejudice [through limited
15 discovery and a deposition of the expert]"); *Crosspointe, LLC v. Integrated
16 Computing, Inc.*, 2004 WL 5487401, at *1 (M.D. Fla. Aug. 18, 2004) (court
17 allowed belated disclosure of supplemental expert report because the opposing
18 party did not show "with sufficient specificity how they are prejudiced").

19 Here, Keating does not even argue, much less substantiate, that admission of
20 the webpages will cause any prejudice or surprise. Nor could it. As noted above,
21 Glidewell did not raise any new issue in the case by introducing the webpages, but
22 instead used them to rebut an issue that *Keating* raised regarding the quantity of
23 dental companies that purportedly use the terms "Brux," "Zir," or "Z" for their
24 dental products. (Dkt. 88-1, ¶ 50) Keating could not have been surprised or
25 prejudiced by contrary evidence that, in fact, many companies do not use these
26 terms. Moreover, the webpages are publicly available, as freely available to
27 Keating as they were to Glidewell. Keating could not have been surprised to see
28 rebuttal evidence that it easily could have discovered for itself during the

exceptionally thorough Internet search effort undertaken by its experts and attorneys in the course of developing evidence for Keating's case. (Dkt. 133, 135, 138, 139)

### 2. **Keating Had Ample Opportunity to Cure any Surprise or Prejudice.**

Even assuming that disclosure of the Webpages was surprising or prejudicial to Keating, which it was not, Keating had ample opportunity to cure any surprise and thereby avoid any prejudice. For example, Keating was provided with the evidence on November 26, 2013. Keating still had another opportunity to submit evidence and argument with its summary judgment reply briefs, filed on December 3. Indeed, Keating did submit evidence with those briefs, including supplemental declarations from its experts, Dr. Eggleston and Lori Boatright. (Dkt. #133, 135) Keating could have had its experts address Glidewell's webpage evidence then if it desired. Keating also could have performed additional Internet searches, including analysis of the websites associated with the pages Glidewell submitted.

### 3. **The Webpages Will Not Disrupt the Trial.**

The third factor is whether admission of the evidence will disrupt the trial. Once again, Keating does not even argue, much less substantiate, that the trial will be disrupted. Nor could it. When the webpages were produced to Keating on November 26, 2012, trial was still three months away. Keating has had ample time to consider this evidence and tailor its trial presentation, including its expert testimony, accordingly. There is no need to re-open discovery, and Keating does not contend otherwise. Admitting the webpages will not disrupt the trial. *Cf. Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group., Inc.*, 2:09-CV-01278, 2011 WL 320909 (S.D. W.Va. Jan. 28, 2011) (third factor inapplicable where supplemental expert report served after expert disclosure deadline but still four months before trial).

### 4. The Webpages Are Important.

In a trademark case such as this, the meaning of a mark among, and its use by, relevant consumers is a central issue in determining the strength of the mark. According to Keating, use of the terms "Brux," "Zir," or "Z" by dental companies for dental restoration products is pertinent to determining the strength and validity of Glidewell's BruxZir mark. The webpages are important evidence for Glidewell to rebut Keating's argument that many dental companies use "Brux," "Zir," or "Z" for their dental products.

### 5. There Was No Bad Faith Here.

The final factor is whether any tardiness in disclosure is attributable to bad faith. *Lanard Toys*, 375 Fed. Appx. at 713; *Dey*, 233 F.R.D. at 571. Keating has presented no evidence of bad faith, because none exists. As discussed above, Glidewell produced the webpages to Keating on the very same day that they were generated. This is not a case of ambush.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Keating's Motion in Limine #5 in its entirety.

Dated: January 18, 2013                SNELL & WILMER L.L.P.

By: *s/Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba Glidewell Laboratories

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S OPPOSITION TO KEATING DENTAL ARTS, INC.'S MOTION IN LIMINE #5** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA  92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel:  (949)833-8550<br>Fax:  (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: January 18, 2013            SNELL & WILMER L.L.P.

By: *s/Greer N. Shaw*
　　Philip J. Graves
　　Greer N. Shaw
　　Deborah S. Mallgrave

　Attorneys for Plaintiff
　James R. Glidewell Dental Ceramics, Inc.
　dba GLIDEWELL LABORATORIES

16139994

Certificate of Service
SACV11-01309-DOC (ANx)