1  SNELL & WILMER L.L.P.
2  Philip J. Graves (SBN 153441)
   pgraves@swlaw.com
3  Greer N. Shaw (SBN 197960)
   gshaw@swlaw.com
4  Deborah S. Mallgrave (SBN 198603)
   dmallgrave@swlaw.com
5
6  350 South Grand Avenue, Suite 2600
   Two California Plaza
7  Los Angeles, CA  90071
   Telephone: (213) 929-2500
8  Facsimile:  (213) 929-2525
9
10 Attorneys for Plaintiff
   James R. Glidewell Dental Ceramics, Inc.
11 d/b/a Glidewell Laboratories
12
                UNITED STATES DISTRICT COURT
13
              CENTRAL DISTRICT OF CALIFORNIA
14
                    SOUTHERN DIVISION
15
16 JAMES R. GLIDEWELL DENTAL          Case No. SACV11-01309-DOC(ANx)
   CERAMICS, INC. dba GLIDEWELL
17 LABORATORIES, a California          **JAMES R. GLIDEWELL DENTAL
   corporation,                        CERAMICS, INC.'S OPPOSITION
18                                     TO KEATING DENTAL ARTS,
                     Plaintiff,        INC.'S MOTION IN LIMINE #3**
19
   vs.
20
   KEATING DENTAL ARTS, INC.,
21
                     Defendant.
22 _____     Hearing
23 AND RELATED
   COUNTERCLAIMS.                      Date:  January 28, 2013
24                                     Time:  8:30 a.m.
                                       Ctrm:  9D, Hon. David O. Carter
25
                                       Pre-Trial Conf.:   January 28, 2013
26                                     Jury Trial:        February 26, 2013
27
28
                                       GLIDEWELL'S OPPOSITION TO KEATING'S
                                                      MOTION IN LIMINE #3
                                            CASE NO. SACV11-01309 DOC (ANx)

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................1

II.   ARGUMENT ...............................................................................................2

    A.   The Court Should Not Exclude The Testimony Of Nicole Fallon .......2

        1.   Fallon Was Timely Disclosed........................................................2

        2.   Glidewell's Disclosure of Additional Details Was Proper.........3

        3.   There Are No Material Inconsistences Between Ms.
            Fallon's Testimony And Glidewell's Prior Interrogatory
            Responses......................................................................................6

        4.   Even If Glidewell's Disclosure of Ms. Fallon's Exchange
            With Dr. Le's Office Had Been Late, It Would Still Be
            Admissible Under Rule 37(c), and Keating Makes No
            Showing to the Contrary ...............................................................8

            a.   Ms. Fallon's Testimony and the Two Documents
                Do Not Prejudice or Surprise Keating............................9

            b.   Keating Could Have Cured Any Purported
                Prejudice.........................................................................10

            c.   The Trial Will Not Be Disrupted By Ms.
                 Fallon's Testimony .........................................................10

            d.   Ms. Fallon's Testimony Regarding Her Exchange
                with Dr. Le's Office, and the Associated Call
                Log Report and Fax, Are Directly Relevant to
                Actual Confusion............................................................11

            e.   The Additional Facts Concerning Ms. Fallon's
                Exchange with Dr. Le's Office and the Two
                Associated Documents Were Produced in
                Good Faith .......................................................................11

        5.   Ms. Fallon's Testimony and the Associated Call Log
            Report and Fax Are Not Inadmissible Hearsay .........................13

III.  CONCLUSION ..........................................................................................15

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*3Com Corp. v. Realtek Semiconductor Corp.,*
2008 WL 783383 (N.D. Cal. Mar. 24, 2008) ...................................................9, 10

*AMF Inc. v. Sleekcraft Boats,*
599 F.2d 341 (9th Cir. 1979) ...................................................10, 11

*Atkins v. Fischer,*
232 F.R.D. 116 (D.D.C.2005) ...................................................12

*Bashkin v. San Diego County,*
2011 WL 109229 (S.D. Cal. Jan. 13, 2011) ...................................................4

*Batts v. County of Santa Clara,*
2010 WL 545847 (N.D. Cal. Feb. 11, 2010) ...................................................4

*Biegas v. Quickway Carriers, Inc.,*
573 F.3d 365 (6th Cir. 2009) ...................................................15

*Coleman v. Keebler Co.,*
997 F. Supp. 1102 (N.D. Ind. 1998) ...................................................3

*Am. Prop. Const. Co. v. Sprenger Lang Found.,*
274 F.R.D. 1 (D.D.C. 2011) ...................................................12

*Conversive v. Conversagent, Inc.,*
433 F. Supp. 2d 1079 (C.D. Cal. 2006) ...................................................13

*Dey, L.P v. Ivax Pharm., Inc.,*
233 F.R.D. 567 (C.D. Cal. 2005) ...................................................8

*Donovan v. Crisotomo,*
689 F.2d 869 (9th Cir.1982) ...................................................5, 7

*Fort Hall Landowners Alliance, Inc. v. Bureau of Indian Affairs,*
2007 WL 2187256  (D. Idaho July 16, 2007) ...................................................6

*Harding v. Cianbro Corp.,*
436 F. Supp. 2d 153 n.19 (D. Me. 2006) ...................................................3, 5

*Harvey Barnett, Inc. v. Shidler,*
338 F.3d 1125 n.4 (10th Cir. 2003) ...................................................15

*Hendricks v. CBE Grp., Inc.,*
2012 U.S. Dist. LEXIS 49827 (N.D. Ill. Apr. 10, 2012) ...................................................7

*Huffman v. City of Conroe,*
2008 U.S. Dist. LEXIS 74311, (S.D. Tex. Sept. 26, 2008) ...................................................3

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE #3
CASE NO. SACV11-01309 DOC (ANx)

**TABLE OF AUTHORITIES**
(continued)

**Page**

*IBP, Inc. v. Mercantile Bank of Topeka,*
179 F.R.D. 316 (D. Kan. 1998) ................................................................. 5

*Johnson v. Couturier,*
261 F .R.D. 188 (E.D. Cal. 2009) ............................................................. 5

*Katz v. Cant 'l Airlines, Inc.* (In re Katz Interactive Call Processing Patent
Litig.), 2009 U.S. Dist. LEXIS 129933 (C.D. Cal. July 2, 2009) ................ 8

*Kennedy v. Allied Mut. Ins. Co.,*
952 F.2d 262 (9th Cir. 1991) ................................................................... 8

*Lahoti v. Vericheck, Inc.,*
636 F.3d 501 (9th Cir. 2011) ........................................................... 13, 14

*Lake Union Drydock Co., Inc. v. United States,*
2007 WL 2572291 (W.D. Wash. Sept. 4, 2007) ..................................... 2, 3

*Lanard Toys Ltd. v. Novelty, Inc.,*
375 Fed. App'x 705 (9th Cir. 2010) ......................................................... 8

*Lucero v. Valdez,*
240 F.R.D. 591 (D.N.M. 2007) ................................................................ 5

*Lyons Partnership, L.P. v. Morris Costumes, Inc.,*
243 F. 3d 789 (4th Cir. 2001) ......................................................... 13, 14

*Messick v. Horizon Industries, Inc.,*
62 F.3d 1227 (9th Cir. 1995) ................................................................... 7

*San Francisco Bay keeper v. W. Bay Sanitary Dist.,*
791 F. Supp. 2d 719 (N.D. Cal. 2011) ................................................... 8, 9

*Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*
272 F.R.D. 350 (W.D.N.Y. 2011) ........................................................ 4, 12

*Tuna Processors, Inc. v. Haw. Int'l Seafood, Inc.,*
2007 WL 433547  (D. Haw. Feb. 5, 2007) .......................................... 10, 13

*United States v. Gil,*
58 F.3d 1414 (9th Cir. 1995) .................................................................. 14

*United States v. Kirk,*
844 F.2d 660 (9th Cir. 1988) .................................................................. 15

**TABLE OF AUTHORITIES**
(continued)

*Victory Carriers Inc. v. Stockton Stevedoring Co.,*
    388 F.2d 955 (9th Cir.1968) ........................................................ 6

*Wong v. Regent of University of California,*
    410 F.3d 1052 (9th Cir. 2005) .................................................... 12

**FEDERAL RULES**

Fed. R. Civ. P. 26 .......................................................................... 4

Fed. R. Civ. P. 26(a)(1) .............................................................. 2, 3

Fed. R. Civ. P. 26(a)(1)(A) ............................................................ 2

Fed. R. Civ. P. 26(e)(1) ....................................................... 3, 4, 13

Fed. R. Civ. P. 26(e) ............................................................... 4, 12

Fed. R. Civ. P. 26(e)(l)(A) ........................................................... 2

Fed. R. Civ. P. 37 .......................................................................... 8

Fed. R. Civ. P. 37(c)(1) ................................................................. 8

Fed. R. Evid. 801 ........................................................................ 15

Fed. R. Evid. 803(1) .................................................................... 14

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

# I. __INTRODUCTION__

In its moving papers, Keating asserts that Glidewell did not timely disclose Nicole Fallon and did not timely supplement its discovery responses regarding Fallon's interaction with Dr. Jade Le's dental office. This is false. Glidewell disclosed the basic facts concerning Fallon's exchange with Dr. Le's office – including that Dr. Le's office had attempted to obtain a Glidewell discount by submitting an order for a *KDZ Bruxer* crown, which evidenced actual confusion on Dr. Le's part – in August 2012. This disclosure put Keating on notice regarding Fallon's salience to the case, yet Keating chose not to depose Fallon. Subsequently, after the close of discovery, Glidewell located a call log report that Fallon had completed concerning her call with Dr. Le that provided additional detail concerning the exchange and a fax from Dr. Le's office submitting the KDZ Bruxer invoice for the discount; Glidewell produced these documents to Keating's counsel almost immediately after locating them. A few days later, Glidewell submitted a declaration from Fallon in connection with its summary judgment motion, supplementing the prior disclosures consistent with the details recorded in the call log report. Contra Keating, Fallon did not "change her story," but rather merely provided additional detail to the disclosures that were provided to Keating during discovery.

Accordingly, there is no basis on which to exclude either Fallon's testimony or the call log report and fax from Dr. Le, because (1) Fallon and the basic facts concerning her exchange with Dr. Le's office were timely disclosed, and (2) the disclosure of the two documents and additional detail in Fallon's summary judgment declaration was harmless.

//

//

//

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

## II. ARGUMENT

**A.   The Court Should Not Exclude The Testimony Of Nicole Fallon**

   **1.   Fallon Was Timely Disclosed**

First, Keating asserts that "Glidewell violated F.R.C.P. 26(a)(1)(A) by failing to disclose Fallon in its Initial Disclosures as an individual likely to have discoverable information that Glidewell may use to support its claims and/or defenses." This assertion is frivolous. While it is true that that Glidewell did not reference Ms. Fallon in its initial disclosures, Glidewell did disclose her identity and testimony in interrogatory responses as early as August 2012, which is adequate disclosure as a matter of law. Fed. R. Civ. P. 26(e)(l)(A) (supplemental disclosure is only required "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing ..."); *Lake Union Drydock Co., Inc. v. United States*, 2007 WL 2572291, at *2 (W.D. Wash. Sept. 4, 2007) (denying motion *in limine* to exclude testimony of fact witnesses "not disclosed in plaintiff's Rule 26(a)(1) initial disclosures" because "these individuals were identified and made known to defendant in writing during the discovery process. . . in response to defendant's first set of interrogatories.")

Glidewell disclosed Ms. Fallon and provided general facts concerning her exchange with the dental office of Dr. Jade Le evidencing actual confusion on Dr. Le's part, including that Dr. Le's office attempted to prove prior purchase of a Glidewell crown by submitting a copy of an invoice for a Keating KDZ Bruxer crown, in its responses to Keating's Interrogatories Nos. 7 and 12, which were served on August 20, 2012. (Dkt. #91-1, Ex. 1, at 7-8, 10) This disclosure gave Keating notice of Ms. Fallon, the knowledge that she might have and her potential salience to the suit. It is, accordingly, immaterial that Glidewell did not further supplement its initial disclosures to add a box providing the same information regarding Ms. Fallon in a different format. *See* Fed. R. Civ. P. 26(e)(l)(A) (supplemental disclosure is only required "if the additional or corrective

GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE #3
CASE NO. SACV11-01309 DOC (ANx)

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   information has not otherwise been made known to the other parties during the

2   discovery process or in writing ..."); *Lake Union Drydock Co.*, 2007 WL 2572291,

3   at *2 (denying motion *in limine* to exclude testimony of fact witnesses "not

4   disclosed in plaintiff's Rule 26(a)(1) initial disclosures" because "these individuals

5   were identified and made known to defendant in writing during the discovery

6   process. . . in response to defendant's first set of interrogatories."); *Harding v.*

7   *Cianbro Corp.*, 436 F. Supp. 2d 153, 164 n.19 (D. Me. 2006) (denying motion to

8   strike declaration from a witness not disclosed in the initial disclosures or

9   interrogatories answers because the "identity of and material information relating to

10  [the witness]…was made known…during the course of discovery,

11  including…depositions"); *Coleman v. Keebler Co.*, 997 F. Supp. 1102, 1107 (N.D.

12  Ind. 1998) (denying a motion to strike affidavits of two witnesses that were not

13  listed in initial disclosure or supplemental disclosure, because identities were

14  disclosed to opposing counsel in a deposition); *see also Huffman v. City of Conroe*,

15  2008 U.S. Dist. LEXIS 74311, at *3-7 (S.D. Tex. Sept. 26, 2008) (denying motion

16  to strike witness, since deposition had revealed the witness's relevant knowledge

17  and thus opposing party was not disadvantaged).

18       Keating had ample notice that Ms. Fallon was a Glidewell employee and that

19  she had information concerning the instance of confusion with Dr. Le. Indeed,

20  Keating asked James Shuck, Glidewell's Vice President of Sales and Marketing

21  about this incident during his deposition. (Dkt. #189, Ex. 50 at 179:1-181:4; 194:4-

22  195:21)  Keating was free to take Ms. Fallon's deposition, or seek additional

23  discovery on the matter, but it chose not to.  Thus, the fact that Ms. Fallon was not

24  listed on the initial disclosures is no basis to exclude the testimony.

25       **2.    Glidewell's Disclosure of Additional Details Was Proper**

26       Next, Keating asserts that "Glidewell violated F.R.C.P. 26(e)(1) by failing to

27  timely supplement its initial responses to Keating's interrogatories and document

28  requests regarding the testimony of Fallon."  Here, Keating appears to be

GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE #3
CASE NO. SACV11-01309 DOC (ANx)

1   complaining about the fact that Glidewell produced two documents – a call log

2   report completed by Ms. Fallon, and a copy of the faxed invoice submitted by Dr.

3   Le's office – on November [date] as well as additional details regarding the

4   exchange in a declaration that was filed with Glildewell's summary judgment

5   papers on November 19, 2012.

6       Keating's assertion that Glidewell violated Rule 26 is false.  Glidewell

7   produced the documents referenced in Ms. Fallon's declaration (Dkt. #90-1, Ex. M;

8   Dkt. #90-2, Exs. 1-2) as part of its on-going obligation to supplement discovery

9   pursuant to Fed. R. Civ. P. 26(e)(1), and produced these documents in good faith as

10  soon as it located the materials and realized they had not been produced.  (Dkt.

11  #185 (Shaw Decl., ¶ 12)).  Fed. R. Civ. P. 26(e) requires that, "if the party learns

12  that in some material respect the disclosure or response is incomplete or incorrect,

13  and if the correct information has not otherwise been made known to the other

14  parties during the discovery process or in writing" the party "*must* supplement or

15  correct its disclosure or response."  Fed. R. Civ. P. 26(e) (emphasis added).  The

16  duty to supplement continues even after the close of discovery.  *See Star Direct*

17  *Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y.

18  2011). That is exactly what Glidewell did with respect to these documents and the

19  information contained in Ms. Fallon's declaration.

20      Additionally, Glidewell's responses to Keating's broad contention

21  interrogatories were adequate and proper, and provided Keating with the details

22  necessary to inform it of the incident of confusion known to Ms. Fallon.  Glidewell

23  was not required to submit an interrogatory response that explained "every detail

24  that could possible exist in the universe of facts." *Bashkin v. San Diego County*,

25  2011 WL 109229, at *2 (S.D. Cal. Jan. 13, 2011) ("In the written discovery

26  process, parties are not entitled to each and every detail that could possibly exist in

27  the universe of facts"); *Batts v. County of Santa Clara*, 2010 WL 545847, at *4

28  (N.D. Cal. Feb. 11, 2010) (contention interrogatory asking to state all facts about

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

- 4 -

1   witnesses improper, deposition proper vehicle for such inquiry); *IBP, Inc. v.*

2   *Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (contention

3   interrogatory requiring "each and every" fact and application of law to fact overly

4   broad because the burden to answer outweighs the benefit to be gained. "Other

5   discovery procedures, such as depositions and production of documents, better

6   address whatever need there be for that kind of secondary detail."). Thus, it is

7   simply immaterial that Glidewell did not serve a supplemental interrogatory

8   response providing additional details concerning the exchange between Ms. Fallon

9   and Dr. Le's office; the interrogatory response served in August 2012 was sufficient

10  to put Keating on notice as to Mr. Fallon's knowledge and potential importance to

11  the case.

12      In her declaration, Ms. Fallon does describe the incident in more detail,

13  giving a brief narrative of the two phone calls comprising the incident (who said

14  what to whom), but this level of detail in simply not required in an interrogatory

15  response. *See Johnson v. Couturier*, 261 F .R.D. 188, 192 (E.D. Cal. 2009) ("[I]t is

16  not the purpose of early interrogatory discovery to have one side or the other give a

17  complete rendition of each and every minute, factual detail which will surface at

18  trial."); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention

19  interrogatories should not require a party to provide the equivalent of a narrative

20  account of its case, including every evidentiary fact, details of testimony of

21  supporting witnesses, and the contents of supporting documents"); *Harding*, 436 F.

22  Supp. 2d at 164 n.19 (the "Defendant was not required to supplement its initial

23  disclosures or answers to interrogatories" because the "identity of and material

24  information relating to [the witness]…was made known…during the course of

25  discovery, including…depositions"). Further, Glidewell's introduction of the

26  factual details in Ms. Fallon's testimony is proper because a party is not limited to

27  the specific facts disclosed in interrogatory responses. *Donovan v. Crisotomo*, 689

28  F.2d 869, 875 (9th Cir.1982) (stating that "[i]nterrogatories do not supersede or

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE #3
CASE NO. SACV11-01309 DOC (ANx)

1   supplement pleadings, nor do they bind parties as an allegation or admission in a

2   pleading or pre-trial order"); *Fort Hall Landowners Alliance, Inc. v. Bureau of*

3   *Indian Affairs*, 2007 WL 2187256 , at *2 (D. Idaho July 16, 2007) (answers to

4   interrogatories "are not binding as admissions in this Circuit") *citing Victory*

5   *Carriers Inc. v. Stockton Stevedoring Co.*, 388 F.2d 955, 959 (9th Cir.1968)

6   (holding that answers to interrogatories not given the same binding effect conferred

7   on responses to requests for admission).

8        3.    **There Are No Material Inconsistences Between Ms. Fallon's**

9           **Testimony And Glidewell's Prior Interrogatory Responses**

10       Keating asserts that the Court should exclude the testimony of Ms. Fallon

11  because it purportedly contradicts Glidewell's interrogatory responses.  (Dkt. #209

12  at 6:1-4)  However, upon examination the "contradictions" collapse to a question of

13  who initiated the call, Fallon or Carlisle.  Other than this immaterial detail, Ms.

14  Fallon's declaration is perfectly consistent with Glidewell's prior interrogatory

15  responses.  (Dkt. #90-1, Ex. M; Dkt. #91-1, Ex. 1 at 7-8, 10; Dkt. #91-2, Ex. 2 at 7)

16  Apart from the issue of whether Fallon or Carlisle initiated the call, Keating

17  proffers the following four "contradictions":

18        •  "Now she begins speaking directly with Dr. Jade Le in addition to

19          speaking with Ms. Carlisle."  (Dkt. #209 at 4:13-15; *see also* 3:23-26)

20        •  "Now she states Dr. Le makes an express statement of confusion

21          between the parties' marks."  (Dkt. #209 at 4:16-18)

22        •  "Now Fallon has a fax containing a copy of the Keating invoice from

23          Dr. Le."  (Dkt. #209 at 4:19-20)

24        •  "Now Fallon memorialized her conversation with Ms. Carlisle and Dr.

25          Le in a "note report" that "accurately reflects" her conversation and

26          "was maintained in the ordinary course of Glidewell's business."

27          (Dkt. #209 at 4:21-24)

28  The problem for Keating is that none of these observations actually reflect a

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   contradiction.  Rather, they quite clearly reflect nothing more nefarious than Ms.

2   Fallon providing additional details regarding the exchange that were not set forth in

3   the prior interrogatory responses.  As shown above, this is entirely proper, and no

4   grounds to exclude Ms. Fallon's testimony, particularly in light of the fact that she

5   and the basic facts of her knowledge had previously been disclosed to Keating,

6   which declined to take her deposition.

7        In an effort to overcome these shortcomings, Keating asserts that Glidewell's

8   "silence in its interrogatory responses" served as an admission.  Keating provides

9   no authority for this proposition, because there is none.  To the contrary, it is well

10  established that "[i]nterrogatories do not supersede or supplement pleadings, nor do

11  they bind parties as an allegation or admission in a pleading or pre-trial order."

12  *Donovan v. Crisotomo*, 689 F.2d 869, 875 (9th Cir.1982).  Moreover, Keating cites

13  no authority for the proposition that a party is precluded from proffering evidence

14  that provides details lacking in its prior interrogatory responses; if that were the

15  rule, the interrogatory process would become unworkable.  Absent violation of a

16  court order or an actual material contradiction, courts routinely permit parties to

17  supplement pre-trial disclosures with additional detail in declarations submitted in

18  connection with summary judgment briefing.  *Donovan*, 689 F.2d at 875; *Hendricks*

19  *v. CBE Grp., Inc.*, 2012 U.S. Dist. LEXIS 49827, at *13 (N.D. Ill. Apr. 10, 2012)

20  (holding declarant's deposition admissible even though it differed from a response

21  in a previous interrogatory).  There is no basis to exclude either Ms. Fallon's

22  testimony or the two related documents.

23       Moreover, even if the Court were to conclude that there were any material

24  inconsistencies between Ms. Fallon's declaration and Glidewell's prior

25  interrogatory response, any such inconsistencies would go to the weight, not

26  admissibility, of the evidence.  Indeed, this is precisely the jury's function.  *Messick*

27  *v. Horizon Industries, Inc.*, 62 F.3d 1227, 1231 (9th Cir. 1995) (minor

28  inconsistencies between deposition testimony and summary judgment affidavit

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE #3
CASE NO. SACV11-01309 DOC (ANx)

1   resulting from honest discrepancy or mistake no basis for excluding affidavit);

2   *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 267 (9th Cir. 1991) (only "sham"

3   testimony that flatly contradicts earlier testimony in an attempt to "create" an issue

4   of fact and avoid summary judgment should be excluded).  Therefore, even if there

5   were some true material inconsistencies between Ms. Fallon's declaration and

6   Glidewell's prior interrogatory responses (which there are not), they would not

7   constitute a basis on which to exclude Ms. Fallon's testimony or the related

8   documents.

9      **4.     Even If Glidewell's Disclosure of Ms. Fallon's Exchange With Dr.**

10          **Le's Office Had Been Late, It Would Still Be Admissible Under**

11          **Rule 37(c), and Keating Makes No Showing to the Contrary**

12          Under Fed. R. Civ. P. 37, information disclosed after the close of discovery

13   may not be excluded if the late disclosure was "substantially justified" *or*

14   "harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added); *see also* Fed. R. Civ. P.

15   37(c)(1) committee notes 1993 ("[L]imiting the automatic sanction to violations

16   without substantial justification, coupled with the exception for violations that are

17   harmless, is needed to avoid unduly harsh penalties in a variety of situations.")

18   (internal quotations omitted).

19          In determining whether to exclude evidence pursuant to Fed. R. Civ. P. 37,

20   courts consider (1) prejudice or surprise to the party against whom the evidence is

21   offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of

22   disruption of the trial; (4) the importance of the evidence; and (5) bad faith or

23   willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v.*

24   *Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010); *Dey, L.P v. Ivax Pharm.,*

25   *Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005) (applying factors and declining to

26   preclude late produced evidence); *Katz v. Cant 'l Airlines, Inc. (In re Katz*

27   *Interactive Call Processing Patent Litig.)*, 2009 U.S. Dist. LEXIS 129933 (C.D.

28   Cal. July 2, 2009) (denying motions to strike); *San Francisco Bay keeper v. W. Bay*

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE #3
CASE NO. SACV11-01309 DOC (ANx)

1  *Sanitary Dist.*, 791 F. Supp. 2d 719, 732 (N.D. Cal. 2011).

2          **a.      Ms. Fallon's Testimony and the Two Documents Do Not**

3                   **Prejudice or Surprise Keating**

4          Notably, Keating does not assert that it was surprised by Ms. Fallon's

5  testimony.  Nor could it, since the instance of actual confusion to which Mr.

6  Fallon's testimony relates was made known to Keating in August 2012, when

7  Glidewell responded to Keating's interrogatories (discussed above) and Keating

8  inquired about this instance of actual confusion at the deposition. (Dkt. #91-1, Ex. 1

9  at 7-8, 10; Dkt. #189, Ex. 50 at 179:1-181:4; 194:4-195:21)  Since the absence of

10 surprise *or* prejudice cuts against exclusion, this factor weighs in Glidewell's favor.

11         Neither can Keating credibly contend that it was prejudiced.  Keating asserts

12 that it was prejudiced because it did not have the opportunity to examine Fallon

13 regarding her declaration.  This is a red herring, as Keating had every opportunity

14 to depose Ms. Fallon regarding the exchange with Dr. Le's office.  Keating was

15 provided basic information about the exchange with Dr. Le's office, including the

16 fact that Dr. Le's office submitted a Keating invoice for a KDZ Bruxer crown to

17 Glidewell as proof of purchase of a BruxZir crown.  This was sufficient to put

18 Keating on notice that Fallon had knowledge of facts pertinent to an incident of

19 actual confusion involving Dr. Le; Keating could have deposed her, but chose not

20 to.  *See 3Com Corp. v. Realtek Semiconductor Corp.*, 2008 WL 783383, at *6-7

21 (N.D. Cal. Mar. 24, 2008) (denying motion in limine to exclude third-party

22 witnesses disclosed on last day of fact discovery because movant never sought

23 agreement or leave of court to subpoena witnesses after discovery cut-off).  This

24 fact belies Keating's present protestations of prejudice.

25         Second, even putting aside Keating's decision to forego a deposition of Ms.

26 Fallon, Keating will have had over three months in which to prepare to cross-

27 examine Ms. Fallon at trial regarding her declaration and related documents.  The

28 declaration is not lengthy, and the documents are not voluminous – a one-page call

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1  log report and a two-page fax.  Thus, Keating has ample time to review these
2  documents and strategize its response to this evidence at trial.

3  Third, Keating suffers no prejudice because Ms. Fallon's testimony and these
4  documents do not raise any new issues.  *Tuna Processors, Inc. v. Haw. Int'l*
5  *Seafood, Inc.*, 2007 WL 433547 at *2 (D. Haw. Feb. 5, 2007) ("The failure to
6  properly disclose is harmless where there is no prejudice to the opposing party.
7  There is generally no prejudice where the untimely evidence does not raise any new
8  issues in the case").  Specifically, Ms. Fallon's testimony and these documents are
9  relevant to Glidewell's infringement claim, which is an issue present from the very
10  beginning of this case.  *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th
11  Cir. 1979); (Dkt. #1, 9).  Thus, this factor weighs against exclusion.

12  **b.    Keating Could Have Cured Any Purported Prejudice**

13  Keating could have requested an opportunity to depose Ms. Fallon regarding
14  the additional details provided in her declaration and the two documents that she
15  referenced, but never did so.  In fact, Keating has resolutely refused even to depose
16  those witnesses that Glidewell offered to make available for deposition, apparently
17  choosing instead to maximize the quantum of alleged "prejudice" to which it could
18  point.  This type of behavior is typically not indulged by the courts.  *3Com Corp.*,
19  2008 WL 783383 at *6-7 (denying motion in limine to exclude third-party
20  witnesses disclosed on last day of fact discovery because movant never sought
21  agreement or leave of court to subpoena witnesses after discovery cut-off).  Thus,
22  this factor weighs against exclusion.

23  **c.    The Trial Will Not Be Disrupted By Ms. Fallon's Testimony**

24  Allowing Ms. Fallon to testimony now or at trial will not disrupt the trial, as
25  the trial is not set to commence until February 26, 2013, nearly six months from the
26  date on which she was disclosed and nearly three months from when the documents
27  referenced in Ms. Fallon's declaration were produced to Keating.  Keating has had
28  sufficient opportunity to review the information provided by Ms. Fallon, and

GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE #3
CASE NO. SACV11-01309 DOC (ANx)

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   prepare to respond.  Indeed, Keating does not assert that Ms. Fallon's testimony

2   would disrupt trial.   In short, Ms. Fallon's testimony will not disrupt the trial

3   because the issue to which they relate - the instance of actual confusion to which

4   Ms. Fallon will testify - will already be before the Court.  This factor weighs

5   against exclusion.

6          **d.      Ms. Fallon's Testimony Regarding Her Exchange with Dr.**

7                **Le's Office, and the Associated Call Log Report and Fax,**

8                **Are Directly Relevant to Actual Confusion**

9          Ms. Fallon's testimony, and the associated call log report and fax, are

10   important because they reflect actual confusion on the part of a dentist between

11   BruxZir and KDZ Bruxer.  (Dkt. #90-2, Ex. 1; Dkt. #90-2, Ex. 2)  According to Ms.

12   Fallon, and as corroborated by the call log report, Dr. Le said that she thought it

13   was "pretty sneaky of [Keating] to advertise almost identical product/name just

14   spelled slightly different."  (Dkt. #90-2, Ex. 2)  This supports Glidewell's

15   infringement claim, as it is evidence of actual confusion.  *AMF Inc. v. Sleekcraft*

16   *Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

17          Keating contends that the exchange between Ms. Fallon and Dr. Le's office

18   does not reflect relevant confusion, because it only reflects confusion as to the

19   nature of the discount offer made by Glidewell.  This is absurd.  It reflects

20   confusion as to the source of the KDZ Bruxer crown that Dr. Le and her office

21   manager attempted to use as proof of prior purchase of a BruxZir crown; to suggest

22   otherwise simply flies in the face of what Dr. Le said and did.  Therefore, this factor

23   weighs against exclusion.

24          **e.      The Additional Facts Concerning Ms. Fallon's Exchange**

25                **with Dr. Le's Office and the Two Associated Documents**

26                **Were Produced In Good Faith**

27          Snell & Wilmer L.L.P. was only recently engaged in this matter (on October

28   25, 2012).  (*See* Dkt. # 69)  Glidewell's counsel produced the documents as soon as

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

it was made aware that the documents existed and had not been produced. Dkt. #185 (Shaw Decl. ¶ 12).  The production of these documents did not occur due to some effort to obtain tactical advantage on Glidewell's part.  Rather, these documents were produced on November 16, 2012, rather than some earlier time, because Glidewell's prior counsel failed to exercise reasonable diligence in prosecuting this action. *Am. Prop. Const. Co. v. Sprenger Lang Found.*, 274 F.R.D. 1, 8 (D.D.C. 2011) (fact witness not precluded from testifying because "the delay in production was due to an inadvertent oversight and that the documents were promptly produced upon discovering the error" (citing *Atkins v. Fischer*, 232 F.R.D. 116, 128 (D.D.C.2005) ("[T]he sins of an attorney should not be vested upon an innocent client."))) Prior counsel's nonfeasance should not be laid at the feet of Glidewell, particularly in light of the fact that these documents and Ms. Fallon's testimony are important to Glidewell's ability to present its case.

Keating cites to *Wong v. Regent of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) for the proposition that "[l]ack of diligence, however, is not an excuse for ignoring the court's scheduling orders."  This case is readily distinguishable.  In *Wong*, expert witnesses were disclosed *after* a Court-imposed deadline for identifying expert witnesses and thus, were excluded from testifying because the district court's pre-trial order stated that, "an expert witness not identified by the deadline would not be permitted to testify, and that an expert would not be permitted to testify as to 'any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.'" *Wong*, 410 F.3d at 1056, 1060.  Here, by contrast, Ms. Fallon is not a late disclosed *expert* witness, but a *fact* witness timely disclosed during discovery.  Moreover, Keating does not point to any order of the Court that forbids Glidewell from fulfilling its duty to supplement pursuant to Fed. R. Civ. P. 26(e).  *See Star Direct Telecom, Inc.,* 272 F.R.D. at 358 (the duty to supplement continues even after the close of discovery).  As mentioned above, Glidewell timely supplemented its discovery

1   responses pursuant to Fed. R. Civ. P. 26(e)(1), and produced these documents in

2   good faith as soon as it realized they had not been produced. Dkt. #185 (Shaw

3   Decl., ¶ 12). Therefore, this factor weighs against exclusion.

4       Thus, the applicable factors demonstrate that even had Glidewell disclosed

5   Ms. Fallon late (which it did not), such disclosure would have been harmless. Late

6   disclosure that is harmless does not justify exclusion of the late disclosed evidence.

7   *Tuna Processors, Inc.,* 2007 WL 433547 at *2 ("The failure to properly disclose is

8   harmless where there is no prejudice to the opposing party. There is generally no

9   prejudice where the untimely evidence does not raise any new issues in the case").

10  Accordingly, the Court should not exclude Ms. Fallon's testimony and the two

11  associated documents as <u>none</u> of the pertinent factors weigh in favor of exclusion.

12      **5.**    <u>**Ms. Fallon's Testimony and the Associated Call Log Report and**</u>

13          <u>**Fax Are Not Inadmissible Hearsay.**</u>

14      In a footnote, Keating asserts conclusorily that Ms. Fallon's testimony

15  regarding Ms. Carlisle's statements constitutes inadmissible hearsay. This assertion

16  is meritless. Ms. Carlisle's (and Dr. Le's) statements to Ms. Fallon fall within the

17  state of mind exception of Rule 803(3), because they are offered to show Dr. Le's

18  and Ms. Carlisle's state of mind, i.e., their confusion regarding the source or

19  characteristics of the KDZ Bruxer crown that Dr. Le had purchased. In a trademark

20  case, out of court statements can be used in this exact way, to show actual

21  confusion. *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 508 (9th Cir. 2011) (evidence

22  of actual confusion not hearsay under the state of mind exception); *see Lyons*

23  *Partnership, L.P. v. Morris Costumes, Inc.*, 243 F. 3d 789, 804 (4th Cir. 2001)

24  (admitting evidence of actual confusion in the form of children's out court

25  statements to prove their belief that person wearing "Duffy" costume was

26  "Barney," not that costumed person was in fact Barney); *Conversive v.*

27  *Conversagent, Inc.*, 433 F. Supp. 2d 1079, 1091 (C.D. Cal. 2006) (evidence of

28  customer statements reflecting actual confusion not hearsay because not offered for

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1   truth of the matter asserted and under the state of mind exception).

2       Keating does not assert that either Ms. Fallon's call log report or the fax from

3   Dr. Le's office constitutes inadmissible hearsay.  In any event, they are not.  First,

4   the call log report falls within the compass of the business records exception, Rule

5   803(6), since it was prepared by Ms. Fallon at or near the time of her discussions

6   with Dr. Le's office, the record was kept in the course of Glidewell's regularly

7   conducted activity, and making the record was a regular part of Ms. Fallon's work.

8   (Dkt. #90-1, Ex. M (Fallon Decl., ¶¶ 8-10))  Glidewell will, through either a

9   certification under Rule 902(11) or the testimony of Ms. Fallon, lay a foundation

10  for the application of the business records exception to the call log report prior to

11  moving its admission into evidence.  Moreover, the statements of Dr. Le contained

12  in the report are either not hearsay – such as her statement that what Keating did

13  was "sneaky," which will be offered not for the truth of whether Keating is in fact

14  sneaky but rather to show Dr. Le's state of mind, *Lyons Partnership, L.P. v. Morris*

15  *Costumes, Inc.*, 243 F.3d 789, 804 (4th Cir. 2001) (admitting evidence of actual

16  confusion in the form of children's out court statements to prove their belief that

17  person wearing "Duffy" costume was "Barney," not that costumed person was in

18  fact Barney) – or fall within the state of mind exception of Rule 803(3) – such as

19  Dr. Le's statement that she thought that BruxZir and KDZ Bruxer were the same

20  thing. *Lahoti*, 636 F.3d at 508 (evidence of actual confusion not inadmissible

21  hearsay under the state of mind exception).  Finally, as Ms. Fallon's notes describe

22  the call itself, the documents also constitute Ms. Fallon's "present sense

23  impression" and are admissible hearsay.  Fed. R. Evid. 803(1); *see United States v.*

24  *Gil*, 58 F.3d 1414, 1422 (9th Cir. 1995) (surveillance officers' observation notes

25  describing the "events at the same time they were witnessing them" was

26  "admissible under the present sense impression exception.")

27      Second, the fax from Dr. Le's office attaching the KDZ Bruxer invoice will

28  not be offered for the truth of any matter asserted in the document, but rather to

GLIDEWELL'S OPPOSITION TO KEATING'S
MOTION IN LIMINE #3
CASE NO. SACV11-01309 DOC (ANx)

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

show the existence of a fact – that Dr. Le ordered a KDZ Bruxer crown – and that she was confused regarding the source or characteristics of the crown.  These documents are therefore not hearsay. *See* Fed. R. Evid. 801; *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 378-379 (6th Cir. 2009); *see also United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988) (holding that statements are not hearsay when not offered for the truth of the matter asserted, but offered "to establish that the statement was made or to demonstrate the effect the statement had on the hearer"); *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1130 n.4 (10th Cir. 2003) (out of court statement is not hearsay when offered to show existence of fact rather than its truth).

### III.  **CONCLUSION**

For the foregoing reasons, the Court should deny Keating's Motion in Limine #3.

Dated: January 18, 2013                SNELL & WILMER L.L.P.


                                       By: */s/Greer N. Shaw*
                                       Philip J. Graves
                                       Greer N. Shaw
                                       Deborah S. Mallgrave

                                       Attorneys for Plaintiff
                                       James R. Glidewell Dental Ceramics, Inc.
                                       dba Glidewell Laboratories

16435654.1

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 18, 2013, I electronically filed the document described as **JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S OPPOSITION TO KEATING DENTAL ARTS, INC.'S MOTION IN LIMINE #3** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Darrell L. Olson
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA 92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel: (949) 760-0404
Fax: (949) 760-9502

Jeffrey.VanHoosear@kmob.com
David.Jankowski@kmob.com
Lynda.Zadra-symes@kmob.com
Darrell.Olson@knobbe.com
litigation@kmob.com

David A. Robinson
James Azadian
Enterprise Counsel Group
Three Park Plaza, Suite 1400
Irvine, CA 92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel: (949)833-8550
Fax: (949) 833-8540

drobinson@enterprisecounsel.com
jazadian@enterprisecounsel.com

Dated: January 18, 2013          SNELL & WILMER L.L.P.


By: *s/Greer N. Shaw*
_____
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba GLIDEWELL LABORATORIES

16139994

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071