SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, California  90071
Telephone: (213) 929-2500
Facsimile:  (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC (ANx)<br>Hon. David O. Carter, Ctrm. 9D<br><br>**JURY INSTRUCTIONS JOINTLY PROPOSED BY JAMES R. GLIDEWELL DENTAL CERAMICS, INC. AND KEATING DENTAL ARTS, INC.**<br><br><br><br><br><br>Pre-Trial Conf.:　February 26, 2013<br>Jury Trial:　　　February 26, 2013 |

*Snell & Wilmer*
—— L.L.P. ——
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

Attached are the jury instructions jointly proposed by plaintiff James R. Glidewell Dental Ceramics, Inc. ("Glidewell") and defendant Keating Dental Arts, Inc. ("Keating").  The parties dispute certain jury instructions, and therefore, pursuant to L.R. 51-1, each will be separately filing a proposed set intended to supplement this jointly proposed set.


Dated: February 19, 2013

SNELL & WILMER L.L.P.


By: *s/Deborah S. Mallgrave*

Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba
Glidewell Laboratories

Snell & Wilmer
— L.L.P.—
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

16644156.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **Preliminary Instructions**

16644089.1

**COURT'S INSTRUCTIONS NUMBER 1**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

- 2 -

16644089.1

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 1.1B.

16644089.1

**COURT'S INSTRUCTIONS NUMBER 4**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

- 4 -

16644089.1

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 1.3.

- 5 -

16644089.1

**COURT'S INSTRUCTIONS NUMBER 5**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

- 6 -

16644089.1

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 1.4.

- 7 -

**COURT'S INSTRUCTIONS NUMBER 6**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

- 8 -

16644089.1

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 1.6.

- 9 -

**COURT'S INSTRUCTIONS NUMBER 7**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, or may say at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

- 10 -

16644089.1

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 1.7.

16644089.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTIONS NUMBER 8**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

SNELL & WILMER

L.L.P.

600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 12 -

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 1.8.

SNELL & WILMER

L.L.P.

600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 13 -

**COURT'S INSTRUCTIONS NUMBER 9**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

- 14 -

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 1.9.

16644089.1

**COURT'S INSTRUCTIONS NUMBER 10**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

- 16 -

16644089.1

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 1.10.

- 17 -

16644089.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

### COURT'S INSTRUCTIONS NUMBER 11

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

- 18 -

16644089.1

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 1.11.

16644089.1

## COURT'S INSTRUCTIONS NUMBER 12

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.

But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

- 20 -

SNELL & WILMER

L.L.P.

600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

- 21 -

16644089.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 1.12.

- 22 -

1

**COURT'S INSTRUCTIONS NUMBER 13**

2

During deliberations, you will have to make your decision based on what you

3

recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay

4

close attention to the testimony as it is given.

5

If at any time you cannot hear or see the testimony, evidence, questions or

6

arguments, let me know so that I can correct the problem.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 23 -

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1 | **Source:**

2 | Ninth Circuit Model Jury Instructions Civil, No. 1.13.

16644089.1

**COURT'S INSTRUCTIONS NUMBER 14**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.

Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

- 25 -

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    **Source:**

2    Ninth Circuit Model Jury Instructions Civil, No. 1.14.

16644089.1

**COURT'S INSTRUCTIONS NUMBER 15**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

- 27 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 1.18.

SNELL & WILMER

L.L.P.

600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 28 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

## COURT'S INSTRUCTIONS NUMBER 16

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

Glidewell will then present evidence, and counsel for Keating may cross-examine.  Then Keating may present evidence, and counsel for Glidewell may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

- 29 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 1.19.

- 30 -

# COURT'S INSTRUCTIONS NUMBER 17

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.  These facts are:

a.      James R. Glidewell Dental Ceramics, Inc. ("Glidewell") is a California corporation, with its principal place of business in Newport Beach, California.

b.      Keating Dental Arts, Inc. ("Keating") is a California corporation, with its principal place of business in Irvine, California.

c.      Glidewell's BruxZir mark was registered on the Principal Register for use in connection with dental bridges, dental caps, dental crowns, dental inlays, dental onlays, and dental prostheses on January 19, 2010 as Reg. No. 3,739,663.

d.      Glidewell is listed as the owner of U.S. Trademark Reg. No. 3,739,663, and has been continuously so listed as the owner from January 19, 2010 to the present.

- 31 -

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 2.2.

- 32 -

**COURT'S INSTRUCTIONS NUMBER 18**

Evidence may be presented to you in the form of answers of one or both of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

- 33 -

16644089.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 2.10.

- 34 -

**COURT'S INSTRUCTIONS NUMBER 19**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

- 35 -

16644089.1

1    **Source:**

2    Ninth Circuit Model Jury Instructions Civil, No. 2.11.

16644089.1

**COURT'S INSTRUCTIONS NUMBER 20**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

16644089.1

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 2.12.

- 38 -

16644089.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTIONS NUMBER 21**

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 39 -

1

**Source:**

2

Ninth Circuit Model Jury Instructions Civil, No. 2.13.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 40 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Close of Evidence Instructions

16644089.1

**COURT'S INSTRUCTIONS NUMBER 22**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

- 42 -

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 1.1C.

- 43 -

16644089.1

**COURT'S INSTRUCTIONS NUMBER 23**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

- 44 -

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 3.1.

- 45 -

**COURT'S INSTRUCTIONS NUMBER 24**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

- 46 -

16644089.1

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 3.2.

- 47 -

1

## COURT'S INSTRUCTIONS NUMBER 25

2     A verdict form has been prepared for you.  [*Any explanation of the verdict*

3 *form may be given at this time*.] After you have reached unanimous agreement on a

4 verdict, your presiding juror will fill in the form that has been given to you, sign

5 and date it, and advise the court that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 **Source:**

2 Ninth Circuit Model Jury Instructions Civil, No. 3.3.

16644089.1

**COURT'S INSTRUCTIONS NUMBER 27**

A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods, even if that source is generally unknown.

The owner of a trademark has the right to exclude others from using that trademark in a manner that is likely to cause confusion among relevant consumers as to the source, sponsorship, affiliation, or approval of the goods.

- 50 -

16644089.1

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 15.1; 15 U.S.C. § 1127.

16644089.1

**COURT'S INSTRUCTIONS NUMBER 28**

The trademark laws balance three often-conflicting goals:  1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; 2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and 3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict.  Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In my instructions, I will identify types of facts you are to consider in deciding if Keating is liable to Glidewell for violating the trademark law.  These facts are relevant to whether Keating is liable for infringing Glidewell's registered trademark, by using a trademark in a manner likely to cause confusion among relevant consumers

- 52 -

1

**Source:**

2

Ninth Circuit Model Jury Instructions Civil, No. 15.4.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

16644089.1

**COURT'S INSTRUCTIONS NUMBER 30**

On Glidewell's claim for trademark infringement, Glidewell has the burden of proving each of the following elements by a preponderance of the evidence:

1.     BruxZir is a valid, protectable trademark;

2.     Glidewell owns BruxZir as a trademark; and

3.     Keating used KDZ Bruxer, a mark that Glidewell contends is similar to the BruxZir mark, without the consent of Glidewell and in a manner that is likely to cause confusion among relevant consumers as to the source, sponsorship, affiliation, or approval of the goods sold under the parties' marks.

If you find that each of the elements on which Glidewell has the burden of proof has been proved, your verdict should be for Glidewell.  If, on the other hand, Glidewell has failed to prove any of these elements, your verdict should be for Keating.

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 15.5; 15 U.S.C. § 1114(1)(a); *Rearden LLC v. Rearden Commerce, Inc*., 683 F.3d 1190, 1202 (9th Cir. 2012); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999).

16644089.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SNELL & WILMER
L.L.P.
600 ANTON BLVD., SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

### COURT'S INSTRUCTIONS NUMBER 31

I gave you instruction number [insert number of instruction regarding Trademark Elements and Burden of Proof, e.g., 15.5] that requires Glidewell to prove by a preponderance of the evidence that the BruxZir trademark is valid and protectable and that Glidewell owns the trademark. A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from the goods of others and to indicate the source of the goods, even if that source is generally unknown. A trademark becomes protectable after it is used in commerce.

One way for Glidewell to prove trademark validity is to show that the trademark is registered. An owner of a trademark may obtain a certificate of registration issued by the United States Patent and Trademark Office and may submit that certificate as evidence of the validity and protectability of the trademark and of the certificate holder's ownership of the trademark covered by that certificate.

Exhibit __ is a certificate of registration from the United States Patent and Trademark Office. It was submitted by Glidewell as proof of the validity of the trademark and that Glidewell owns the trademark.

The certificate of registration creates a presumption that Glidewell's BruxZir mark is valid and protectable. The presumption of validity created by Glidewell's registration can be overcome by sufficient evidence to the contrary. Specifically, if Keating proves by a preponderance of the evidence that Glidewell's registered BruxZir mark is invalid, then Glidewell's registration no longer creates a presumption of validity.

- 56 -

16644089.1

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 15.7.

- 57 -

16644089.1

**COURT'S INSTRUCTIONS NUMBER 35**

In order for Glidewell to recover damages, Glidewell has the burden of proving by a preponderance of the evidence that Keating had either statutory or actual notice that Glidewell's trademark was registered.

Keating had statutory notice if:

1.    Glidewell displayed with the trademark the words "Registered in U.S. Patent and Trademark Office"; or

2.    Glidewell displayed with the trademark the words "Reg. U.S. Pat. & Tm. Off."; or

3.    Glidewell displayed the trademark with the letter R enclosed within a circle, thus ®.

- 58 -

16644089.1

1   **Source:**

2   Ninth Circuit Model Jury Instructions Civil, No. 15.24.

16644089.1

## COURT'S INSTRUCTIONS NUMBER 36

If you find for Glidewell on Glidewell's infringement claim and find that Keating had statutory notice or actual notice of Glidewell's registered trademark, you must determine Glidewell's actual damages.

Glidewell has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate Glidewell for any injury and/or property damage you find was caused by Keating's infringement of Glidewell's registered BruxZir mark.

You should consider the following:

1. The injury to Glidewell's reputation;

2. The injury to plaintiff's goodwill, including injury to Glidewell's general business reputation;

3. The lost profits that Glidewell would have earned but for Keating's infringement. Profit is determined by deducting all expenses from gross revenue;

4. The expense of preventing consumers from being deceived;

5. The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement; and

When considering prospective costs (e.g., cost of future advertising, expense of preventing consumers from being deceived), you must not overcompensate. Accordingly, your award of such future costs should not exceed the actual damage to the value of Glidewell's mark at the time of the infringement by Keating.

- 60 -

16644089.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Source:**

Ninth Circuit Model Jury Instructions Civil, No.15.25.

SNELL & WILMER

L.L.P.

600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

16644089.1

**COURT'S INSTRUCTIONS NUMBER 37**

In addition to actual damages, Glidewell is entitled to any profits earned by Keating that are attributable to the infringement, which Glidewell proves by a preponderance of the evidence.  You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all of Keating's receipts from using the trademark in the sale of a product.  Glidewell has the burden of proving Keating's gross revenue by a preponderance of the evidence.

Expenses are all overhead and production costs incurred in producing the gross revenue.  Keating has the burden of proving the expenses and the portion of the profit attributable to factors other than use of the infringed trademark by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the Keating crowns and bridges using the KDZ Bruxer trademark is attributable to factors other than use of the trademark, you shall find that the total profit is attributable to the infringement.

- 62 -

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 15.26.

- 63 -

16644089.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTIONS NUMBER 38**

     If you find that Keating has infringed Glidewell's BruxZir trademark, you must also determine whether that infringement was intentional.

Snell & Wilmer
L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689

- 64 -

1

**Source:**

2

Ninth Circuit Model Jury Instructions Civil, No. 15.27.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 65 -

16644089.1

# COURT'S INSTRUCTIONS NUMBER 40

The owner of a trademark cannot exclude others from using the trademark if it has been abandoned.

Keating contends that Glidewell's BruxZir mark has become unenforceable because Glidewell abandoned it.  Keating has the burden of proving abandonment by a clear and convincing standard.

The owner of a trademark abandons the right to exclusive use of the trademark when the owner:

(1)     acts or fails to act so that the trademark's primary significance to relevant consumers has become the product itself and not the producer of the product; or

(2)     fails to exercise adequate quality control over the goods sold under the trademark by a licensee.

- 66 -

16644089.1

**Source:**

Ninth Circuit Model Jury Instructions Civil, No. 15.20; 15 U.S.C. § 1127; *Barcamerica Int'l USA Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 595-96 (9th Cir.2002).

- 67 -

16644089.1

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
**United States District Court, Central, Case No. SACV11-01309-DOC (ANx)**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2013, I electronically filed the document described as **JURY INSTRUCTIONS JOINTLY PROPOSED BY JAMES R. GLIDEWELL DENTAL CERAMICS, INC. AND KEATING DENTAL ARTS, INC.** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

David G. Jankowski
Jeffrey L. Van Hoosear
Lynda J Zadra-Symes
Darrell L. Olson
Knobbe Martens Olson and Bear LLP
2040 Main Street, 14th Floor
Irvine, CA 92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel: (949) 760-0404
Fax: (949) 760-9502

Jeffrey.VanHoosear@kmob.com
David.Jankowski@kmob.com
Lynda.Zadra-symes@kmob.com
Darrell.Olson@knobbe.com
litigation@kmob.com

David A. Robinson
James Azadian
Enterprise Counsel Group
Three Park Plaza, Suite 1400
Irvine, CA 92614

**Attorneys for Defendant Keating Dental Arts, Inc.**
Tel: (949)833-8550
Fax: (949) 833-8540

drobinson@enterprisecounsel.com
jazadian@enterprisecounsel.com

Dated: February 19, 2013    SNELL & WILMER L.L.P.

By: *s/Deborah S. Mallgrave*
_____
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
dba GLIDEWELL LABORATORIES

16139994.1

Certificate of Service
SACV11-01309-DOC (ANx)

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071