SNELL & WILMER L.L.P.
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
Greer N. Shaw (SBN 197960)
gshaw@swlaw.com
Deborah S. Mallgrave (SBN 198603)
dmallgrave@swlaw.com
350 South Grand Avenue, Suite 2600
Two California Plaza
Los Angeles, California  90071
Telephone: (213) 929-2500
Facsimile:  (213) 929-2525

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc.
d/b/a Glidewell Laboratories

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC. dba GLIDEWELL LABORATORIES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEATING DENTAL ARTS, INC., a California corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV11-01309-DOC (ANx)<br>Hon. David O. Carter, Ctrm. 9D<br><br>**PLAINTIFF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S EX PARTE APPLICATION FOR TESTIMONY IN OPEN COURT BY CONTEMPORANEOUS TRANSMISSION**<br><br>Pre-Trial Conf.:  February 26, 2013<br>Jury Trial:         February 26, 2013 |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff James R. Glidewell Dental Ceramics, Inc. ("Glidewell"), by and through its respective counsel, will and does hereby apply to this Court *ex parte* for an Order under Federal Rule of Civil Procedure 43(a), permitting its expert witness, Dr. Ronald Goldstein, to testify at the trial in this matter by live video transmission on the afternoon of March 5, 2013.

Good cause exists for this *Ex Parte* Application because Glidewell has only recently learned that its expert, Dr. Ronald Goldstein, suffers from degenerative arthritis in his back and knees. In the past couple of months, Dr. Goldstein's medical condition has deteriorated to the point where he cannot flying from his residence in Atlanta, Georgia, to California, without experiencing extreme pain while on the plane and for days after the flight. As a result of the degenerative arthritis, Dr. Goldstein is now wearing a back brace and undergoing evaluation for a second round of Supartz injections in his knees. The presentation of Dr. Goldstein's testimony through video will not prejudice defendant Keating Dental Arts, Inc. ("Keating") because adequate safeguards exist—Dr. Goldstein will still be testifying live in open court, under oath, and subject to cross-examination.

In addition, because of pre-arranged trip that cannot be cancelled, Glidewell requests permission to call Dr. Goldstein as witness out of order on the afternoon of March 5, 2013.

Since the trial is scheduled to begin on February 26, 2013, Glidewell lacks sufficient time to bring this motion as a regularly noticed motion prior to the start of the trial and the date on which Dr. Goldstein needs to testify.

As required by Local Rules 7-19, Keating's counsel in this matter are the following: (1) David A. Robinson and James S. Azadian, Enterprise Counsel Group ALC, Three Park Plaza, Suite 1400, Irvine, California 92614; telephone 949.833.8550; emails: drobinson@enterprisecounsel.com and jazadian@enterprisecounsel.com; and (2) Lynda J. Zadra-Symes, Jeffrey L. Van

1  Hoosear, and David G. Jankowski, KNOBBE, MARTENS, OLSON & BEAR,
2  LLP, 2040 Main Street, Fourteenth Floor, Irvine, California 92614; telephone:
3  949.760.0404; emails: lynda.zadra-symes@kmob.com,
4  jeffrey.vanhoosear@kmob.com, and david.jankowski@kmob.com.

Pursuant to Local Rule 7-19.1, Glidewell's counsel, Mr. Philip J. Graves, informed Keating's counsel, Mr. James Azadian, of this *Ex Parte* Application by e-mail on February 14, 2013. [Declaration of Deborah S. Mallgrave, filed concurrently herewith.] Glidewell's counsel further discussed the grounds for this application with Mr. Azadian by telephone on February 15, 2013. [*Id.*] Later that same day, Mr. Azadian informed Glidewell's counsel that Keating would object to Glidewell's *Ex Parte* Application. [*Id.*] Given Keating's objection, to support Glidewell's *Ex Parte* Application, Dr. Goldstein requested a letter concerning his condition from his doctor (who was out of town), and Glidewell filed its *Ex Parte* Application upon receipt of that letter.

This Ex Parte Application is supported by the attached memorandum of points and authorizes, the concurrently filed Declarations of Deborah S. Mallgrave and Dr. Ronald Goldstein, correspondence from Dr. Goldstein's orthopedist, Dr. Steven B. Wertheim, the concurrently filed [Proposed] Order, the pleadings and papers on file in this action, and such other and further arguments and evidence as the Court may properly receive.

Dated: February 21, 2013

SNELL & WILMER L.L.P.

By: *s/Deborah S. Mallgrave*

Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba Glidewell Laboratories

- 2 -

Glidewell's Ex Parte Application
CASE NO. SACV11-01309 DOC (ANx)

16658919.1

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF *EX PARTE* APPLICATION

Dr. Ronald Goldstein, one of Glidewell's expert witnesses, is 79 years old and suffers from degenerative arthritis of the back and knees. While Dr. Goldstein's age and arthritis existed at the time of his engagement by Glidewell, neither party could have anticipated that his arthritis would become so debilitating that travelling to California, from his home in Georgia, would be painful or nearly intolerable. Because of the current state of his arthritis, and his limited travel ability, Dr. Goldstein has cancelled other trips in the past couple of months, including a vacation to the Cayman Islands. While Dr. Goldstein would suffer if forced to travel to California to testify in person, Keating will not suffer—and will not be prejudiced—if the Court allows him to testify by contemporaneous transmission (video) because adequate safeguards still exist. Dr. Goldstein will still be testifying live in open court, under oath, and subject to cross-examination.

In addition, because of pre-arranged trip that cannot be cancelled, Glidewell requests permission to call Dr. Goldstein as witness out of order on the afternoon of March 5, 2013.

## I.
## GOOD CAUSE EXISTS FOR ALLOWING DR. GOLDSTEIN'S TESTIMONY BY CONTEMPORANEOUS TRANSMISSION

Under Federal Rule of Civil Procedure 43, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. Proc. 43(a). Here, good cause exists to allow testimony by contemporaneous transmission because Dr. Goldstein suffers from a severely debilitating case of degenerative arthritis in his back and knees, and cannot take a plane to California from Georgia without suffering through nearly intolerable conditions, and experiencing extreme pain both during and after the trip.

The Ninth Circuit has acknowledged that live testimony may be presented by contemporaneous transmission where a witness would need to fly a significant distance (across the country) to testify. *Beltran-Tirado v. Immigration and Naturalization Service*, 213 F.3d 1179, 1185-86 (9th Cir. 2000) (telephonic testimony of witness located in Missouri, for hearing in San Diego, did not violate due process rights); *see also Alderman v. SEC*, 104 F.3d 285, 288 n.4 (9th Cir. 1997) (permitting telephonic testimony). In addition, a variety of district courts have endorsed the practice and permitted live testimony by telephone or video where a witness could not conveniently travel to the venue of the trial. *E.g., Official Airline Guides, Inc. v. Churchfield Publications, Inc.*, 756 F.Supp. 1393, 1398-99 n.2 (D. Or. 1990), *aff'd*, 6 F.3d 1385 (9th Cir. 1993) (overruling objections to use of telephonic testimony for out-of-state witnesses as testimony was made in open court and under oath); *Federal Trade Commission v. Swedish Match North*, 197 F.R.D. 1, 1-2 (D. D.C. 2000) (allowing live-video testimony of witness living in Oklahoma for hearing in D.C. since no "material difference between live testimony and live video transmission").

Here, the circumstances justify permitting Dr. Goldstein to testify live by videoconference. Dr. Goldstein is 79 years old. [Declaration of Ronald Goldstein in Support of Plaintiff James R. Glidewell Dental Ceramics, Inc.'s Ex Parte Application for Testimony in Open Court by Contemporaneous Transmission, filed concurrently herewith, ¶ 3 ("Goldstein Decl.").] When Dr. Goldstein was engaged by Glidewell to serve as an expert witness in this case, he suffered from back pain and two bad knees, but could nevertheless walk and take a cross-country flight without substantial pain. However, in the past couple of months—after his engagement by Glidewell—these conditions have worsened to the point that Dr. Goldstein now wears a back brace and his doctor is considering a second round of Supartz injections to help with the pain and stiffness in his knees. [*Id.*] As stated by Dr. Goldstein's doctor, "Supartz injections are typically the last resort before

considering a total knee replacement." [*Id.*, ¶ 4, Ex. A.]

In Dr. Goldstein's current medical condition, flying long distances is not just uncomfortable, but extremely painful. [*Id.*, ¶¶ 3-4, Ex. A.] "Degenerative arthritis is a disease of the joint which causes the cartilage between the joints to deteriorate. . . . With a lack of cartilage between the bones, the joints often get stiff after long periods of inactivity, (sitting in a theatre, walking or long airplane rides) exacerbating the condition and causing extreme pain." [*Id.*, ¶ 4, Ex. A.] Because of his current condition and the pain involved with air travel, over the past couple of months, Dr. Goldstein he has cancelled or postponed several trips involving long airplane flights. [*Id.*] For example, this past December, Dr. Goldstein cancelled a vacation to the Cayman Islands because the flight was too long. [*Id.*] He also turned down a speaking engagement in California due primarily to the length of the flight. [*Id.*] While Dr. Goldstein does have an upcoming trip planned from February 22-March 4, 2013, that trip involves just a short flight (less than two hours) from Atlanta to Miami. [*Id.*]

Accordingly, good cause exists to allow Dr. Goldstein to testify by video testimony.

## II.
## APPROPRIATE SAFEGUARDS EXISTS FOR TESTIMONY PROVIDED BY LIVE VIDEO TRANSMISSION

In addition to good cause, appropriate safeguards exist with the use of live video transmission so as to eliminate any potential prejudice to Keating. "In assessing the safeguards of such contemporaneous transmissions, the courts focus on whether the testimony was made in open court, under oath, and whether the opportunity for cross examination was available." *Federal Trade Commission*, *supra*, 197 F.R.D. at 2. As explained in *Beltran-Tirado*, testimony by contemporaneous transmission is "fair" when the opposing party still has an adequate opportunity to cross-examine the witness. *Beltran-Tirado*, *supra*, 213

F.3d at 1186. Here, using live video transmission, Dr. Goldstein's testimony will be made in open court, under oath, and Keating will have the same opportunity to cross-examine Dr. Goldstein as it would if he were present in person.

Further, with the use of video testimony, the Court and jury are still able to assess the demeanor and credibility of the witness. As stated by at least one court, "there is no practical difference between live testimony and contemporaneous video transmission based on my experience in presiding over two hearings." *Federal Trade Commission*, *supra*, 197 F.R.D. at 2. "To prefer live testimony over testimony by contemporaneous video transmission is to prefer irrationally one means of securing the witness's testimony which is exactly equal to the other." *Id.* By allowing live video transmission, "the Court allows the jury to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration, and, thus, satisfies the goals of live, in-person testimony." *In re Vioxx Products Liability Litigation*, 439 F.Supp.2d 640, 644 (E.D. La. 2006) (internal citation omitted).

While Keating will not be prejudiced by the presentation of Dr. Goldstein's testimony by live video, Glidewell certainly will be prejudiced if Dr. Goldstein is not allowed to testify by live video transmission. As already stated, Dr. Goldstein is no longer available to travel to California to testify in person during the time of the trial. His testimony, however, is important. Dr. Goldstein is Glidewell's expert on issues relating to both trademark infringement and whether Glidewell's BruxZir mark is generic, including the strength of the mark, whether BruxZir or bruxer are generic terms for solid zirconia crowns, and whether dentists are likely to be confused by Keating's use of the KDZ Bruxer brand in connection with the promotion of its competing crowns and bridges.

Thus, since Dr. Goldstein's testimony will still be made in open court, under oath, and subject to cross-examination, appropriate safeguards exist such that Keating will not be prejudiced by the presentation of testimony by video

transmission.

## III.

## DR. GOLDSTEIN'S TESTIMONY SHOULD ALSO BE TAKEN OUT OF ORDER

In addition to Dr. Goldstein's medical condition, he also has a pre-arranged trip that cannot be cancelled for February 22-March 4, 2013, during which time he will be unavailable. [*Id.*, ¶ 2.] Glidewell, therefore, seeks to call Dr. Goldstein as a witness out of order. Doing so should not prejudice Keating or confuse the jury. This is a short trial and calling witnesses out of order is a routine procedure to accommodate the needs of witnesses. If necessary, the Court can instruct the jury and explain that a witness is being called out of order for no other reason than to accommodate the witness's schedule. For the purpose of testifying upon returning from his trip, Dr. Goldstein has arranged to testify by video transmission on the afternoon of March 5, 2013.

## IV.

## CONCLUSION

For the forgoing reasons, Glidewell respectfully requests that its expert, Dr. Ronald Goldstein, be permitted to testify at the trial in this matter by live video transmission on the afternoon of March 5, 2013.

Dated: February 21, 2013          SNELL & WILMER L.L.P.

By: *s/Deborah S. Mallgrave*
Philip J. Graves
Greer N. Shaw
Deborah S. Mallgrave

Attorneys for Plaintiff
James R. Glidewell Dental Ceramics, Inc. dba Glidewell Laboratories

- 4 -

Glidewell's Ex Parte Application
CASE NO. SACV11-01309 DOC (ANx)

16658919.1

*Glidewell Laboratories v. Keating Dental Arts, Inc.*
United States District Court, Central, Case No. SACV11-01309-DOC (ANx)

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2013, I electronically filed the document described as **PLAINTIFF JAMES R. GLIDEWELL DENTAL CERAMICS, INC.'S EX PARTE APPLICATION FOR TESTIMONY IN OPEN COURT BY CONTEMPORANEOUS TRANSMISSION** the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| David G. Jankowski<br>Jeffrey L. Van Hoosear<br>Lynda J Zadra-Symes<br>Darrell L. Olson<br>Knobbe Martens Olson and Bear LLP<br>2040 Main Street, 14th Floor<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949) 760-0404<br>Fax: (949) 760-9502<br><br>Jeffrey.VanHoosear@kmob.com<br>David.Jankowski@kmob.com<br>Lynda.Zadra-symes@kmob.com<br>Darrell.Olson@knobbe.com<br>litigation@kmob.com |
| David A. Robinson<br>James Azadian<br>Enterprise Counsel Group<br>Three Park Plaza, Suite 1400<br>Irvine, CA 92614 | **Attorneys for Defendant Keating Dental Arts, Inc.**<br>Tel: (949)833-8550<br>Fax: (949) 833-8540<br><br>drobinson@enterprisecounsel.com<br>jazadian@enterprisecounsel.com |

Dated: February 21, 2013    SNELL & WILMER L.L.P.


By: *s/Deborah S. Mallgrave*
    Philip J. Graves
    Greer N. Shaw
    Deborah S. Mallgrave

    Attorneys for Plaintiff
    James R. Glidewell Dental Ceramics, Inc.
    dba GLIDEWELL LABORATORIES

16139994.1

SNELL & WILMER L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071